IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| YUETING JIA, [1] ) | Case No.: 19-12220 (KBO) |
| ) | |
| Debtor. ) | |

**DEBTOR'S APPLICATION PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 2014-1 FOR AUTHORIZATION TO EMPLOY AND RETAIN PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

The debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case") files this application (the "Application") for entry of an order pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules" or "Del. Bankr. LR") authorizing the Debtor to retain and employ Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm") as general bankruptcy counsel for the Debtor *nunc pro tunc* to the Petition Date (as defined herein) (the "Application"). In support of the Application, the Debtor relies on (i) the *Statement Under Rule 2016 of the Federal Rules of Bankruptcy Procedure*, and (ii) the *Declaration of Richard Pachulski in Support of Debtor's Application Pursuant to Section 327(a) of the Bankruptcy*

---

[1] The last four digits of the Debtor's federal tax identification number is 8972. The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

*Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession Nunc Pro Tunc to the Petition Date* (the "Pachulski Declaration"), which are being submitted concurrently with the Application.  In support of this Application, the Debtor respectfully states the following:

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtor confirms his consent pursuant to Rule 9013-1(f) of the Local Rules (the "Local Rules") to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief sought herein are sections 327(a) of the Bankruptcy Code, as well as Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-1.  Compensation will be in accordance with sections 330 and 331 of the Bankruptcy Code.

**Background**

4.  On October 14, 2019 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues in the possession of his property and continues to manage his affairs as a debtor in possession pursuant to section 1107(a) of the Bankruptcy Code. No trustee, examiner or committee has been appointed in the Chapter 11 Case.

5.  The factual background regarding the Debtor is set forth in detail in the *Omnibus Declaration of Yueting Jia* in support of this Application and other applications filed concurrently herewith (the "Omnibus Declaration") and fully incorporated herein by reference.[2]

**Relief Requested**

6.  By this Application, the Debtor seeks to employ and retain PSZ&J as his general bankruptcy counsel with regard to the filing and prosecution of this Chapter 11 Case and all related proceedings. Accordingly, the Debtor respectfully requests that this Court enter an order pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1 authorizing him to employ and retain PSZ&J as his bankruptcy counsel under a general retainer to perform the legal services that will be necessary during this Chapter 11 Case pursuant to the terms set forth in the Application and the Pachulski Declaration, *nunc pro tunc* to the Petition Date.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Omnibus Declaration.

DOCS_LA:324920.2

7. The Debtor seeks to retain PSZ&J as counsel because of the Firm's extensive experience and knowledge in the field of debtors' and creditors' rights and reorganizations under chapter 11 of the Bankruptcy Code. In preparing for its representation of the Debtor, PSZ&J has become familiar with the Debtor's affairs and many of the potential legal issues which may arise in the context of this Chapter 11 Case.

8. The professional services that PSZ&J will provide include, but shall not be limited to:

   a. providing legal advice with respect to the Debtor's powers and duties as debtor in possession in the continued management of his property;

   b. preparing on behalf of the Debtor any necessary applications, motions, answers, orders, reports, and other legal papers;

   c. appearing in Court on behalf of the Debtor;

   d. pursuing confirmation of a plan and approval of a disclosure statement; and

   e. performing other legal services for the Debtor that may be necessary and proper in these proceedings.

9. Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to PSZ&J on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by PSZ&J. The current standard hourly rates of the Firm's attorneys and paraprofessionals are:

   a. Partners            $725.00 to $1,395.00

   b. Of Counsel          $650.00 to $1,095.00

   c. Associates          $575.00 to $695.00

   d. Paraprofessionals   $325.00 to $425.00

4

10. The hourly rates set forth above are PSZ&J's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate PSZ&J for the work of its attorneys and paraprofessionals, to cover fixed and routine overhead expenses, and are subject to periodic adjustments necessitated by market and other conditions. Beyond the rates listed above, it is PSZ&J's policy to charge for all other expenses incurred in connection with its clients' cases. These expenses include, among other things, conference call charges, mail and express mail charges, special or hand delivery charges, document retrieval charges, photocopying charges (including color copy charges), charges for mailing supplies (including, without limitation, envelopes and labels) provided by PSZ&J to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, and transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. PSZ&J will charge the Debtor for these expenses in a manner and at rates consistent with those charged to other PSZ&J clients and the rules and requirements of this Court. PSZ&J believes that it is fairer to charge these expenses to the clients incurring them than to increase its hourly rates and spread the expenses among all clients.

11. To the best of the Debtor's knowledge, except as otherwise disclosed in the Pachulski Declaration submitted concurrently herewith, PSZ&J has not represented the Debtor, his creditors, or any other parties in interest, or their respective attorneys, in any other matter relating to the Debtor or his estate. Further, to the best of the Debtor's knowledge, PSZ&J does not hold or represent any interest adverse to the Debtor's estate, PSZ&J is a

"disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code, and PSZ&J's employment is necessary and in the best interests of the Debtor and his estate.

12. PSZ&J has represented the Debtor since August 2019. In the one year preceding the Petition Date, PSZ&J has received payments from Pacific Technology Holding LLC ("PTH") on behalf of the Debtor, totaling $1 million,[3] which amount is inclusive of the Debtor's filing fees for this Chapter 11 Case. PSZ&J is current as of the Petition Date, but has not yet completed a final reconciliation of its prepetition fees and expenses. Upon final reconciliation of the amount actually expended prepetition, any balance remaining from the prepetition payments to the Firm will be credited to the Debtor and utilized as PSZ&J's retainer to apply to postpetition fees and expenses pursuant to the compensation procedures approved by this Court in accordance with the Bankruptcy Code.

13. The Debtor understands that PSZ&J hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of this Court for all services performed and expenses incurred after the Petition Date.

14. The Debtor, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and further orders of this Court, proposes to pay PSZ&J its customary hourly rates for services rendered that are in effect from time to time, as set forth

---

[3] The Debtor is a borrower under that certain Secured Promissory Note (as amended and restated) with PTH, pursuant to which, prior to the Petition Date, the Debtor caused certain proceeds of such loan to be paid directly to his insolvency professionals, including PSZ&J. PTH is indirectly owned by the Debtor.

above and in the Pachulski Declaration, and to reimburse PSZ&J according to its customary reimbursement policies, and submits that such rates are reasonable.

### Notice

15. The Debtor will provide notice of this Motion to the following parties, or their counsel, if known: (a) the U.S. Trustee for the District of Delaware; (b) the parties included on the Debtor's list of the twenty (20) largest unsecured creditors; and (c) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtor respectfully submits that no further notice of this Motion is required.

### No Prior Request

16. No prior request for the relief sought in this Application has been made to this Court or any other court.

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto, approving the retention of PSZ&J and granting such other and further relief as is just and proper.

Dated: October 16, 2019

_____
YUETING JIA

DOCS_LA:324920.2