**FILED & ENTERED**

**DEC 20 2019**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** johnson **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA -- LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>YUETING JIA,<br><br>    Debtor(s)-in-Possession. | Case No.  2:19-bk-24804-VZ<br><br>(*formerly 19-12220 KBO in the District of Delaware*)<br><br>Chapter 11<br><br>**ORDER:**<br><br>**(1) SETTING CONFERENCE ON STATUS OF REORGANIZATION CASE;**<br><br>**(2) REQUIRING DEBTORS-IN-POSSESSION TO APPEAR AT STATUS CONFERENCE AND FILE REPORT ON STATUS OF REORGANIZATION CASE, OR FACE POSSIBLE (A) CONVERSION OF CASE TO CHAPTER 7; (B) DISMISSAL OF CASE; OR (C) APPOINTMENT OF TRUSTEE;**<br><br>**(3) REQUIRING COMPLIANCE WITH STANDARDS RE EMPLOYMENT AND FEE APPLICATIONS;**<br><br>**(4) GIVING NOTICE OF PROBABLE USE OF COURT-APPOINTED EXPERT WITNESS FOR CONTESTED VALUATION REQUESTS;**<br><br>**(5) ESTABLISHING PROCEDURE FOR (A) MOTION FOR ORDER APPROVING ADEQUACY OF DISCLOSURE STATEMENT; AND (B) MOTION FOR ORDER CONFIRMING PLAN**<br><br>Chapter 11 Status Conference Date<br>Date:    **January 23, 2020**<br>Time:    9:30 a.m.<br>Place:    Courtroom 1368, Roybal Federal Building<br>             255 E. Temple Street, Los Angeles, CA 90012 |

On October 14, 2019, YUETING JIA ("Debtor" or "Debtor-in-Possession") filed a voluntary chapter 11 bankruptcy case (the "Case") in the District of Delaware. On November 13, 2019, a party filed a motion to dismiss case or in the alternative transfer venue ("Transfer Venue Motion", docket entry #89). On December 18, 2019, an order was entered granting the Transfer Venue Motion ("Transfer Venue Order", docket entry #178) and the Case was assigned to this court's docket.

Pursuant to 11 U.S.C. § 105(d) and to expedite the disposition of the Case, establish early and continuing control so that the Case will not be protracted because of lack of management and to discourage wasteful pre-confirmation activities, **I ORDER THE FOLLOWING:**

### I. STATUS REPORT

The Debtor must file with the court, serve a judge's copy to chambers, and serve on the United States Trustee, all secured creditors, the holders of the twenty (20) largest unsecured claims and all official committees by **January 9, 2020** a report on the status of this reorganization case (the "Status Report"). The Status Report must be supported by admissible evidence in the form of declarations and supporting documents and must:

A. Disclosure Statement and Plan: Provide an estimate of when you plan to file and serve a motion for order approving adequacy of disclosure statement ("Disclosure Statement Motion") and a motion for order confirming chapter 11 plan ("Confirmation Motion");

B. Proof of Claim; Objections to Claims: Provide a status update on the dates and deadlines set forth in the "Order Establishing Claims Bar Dates (docket entry #87), and indicate whether deadlines should be set for holding hearings on objections to claims and, if so, what these deadlines should be;

    C.  <u>Debtor's Duties</u>:  Disclose whether Debtors have performed all of its duties under 11 U.S.C. §§ 521, 1106 and 1107 and if not, why;

    D.  <u>Post-petition Operations</u>: Describe concisely the post-petition operations of the Debtors (including authority to use cash collateral), litigation in which the Debtors are involved and the status of the Debtors' efforts to reorganize; and

    E.  <u>Professionals</u>: Disclose whether Debtors have hired any professionals and, if so, whether the professional's employment has been approved by the Court.  If such employment has not been approved, then explain why; and provide a budget of estimated fees and expenses to be incurred by the professionals employed at the expense of the estate.  The budget should include all the information indicated in the "Instructions for the Professional Compensation and Fee Budget" located on this court's page of the court's website.  The address is <u>www.cacb.uscourts.gov</u>.

**(1) On Main Page—locate the red menu bar at the top, select JUDGES;**
**(2) Under "JUDGE CONTACT LIST", select HON. VINCENT P. ZURZOLO; and**
**(3) Under the tab marked INSTRUCTIONS/PROCEDURES,** download and print out the "Instructions for the Professional Compensation and Fee Budget".

## II. STATUS CONFERENCE

I will conduct a status conference ("Status Conference") on **January 23, 2020 at 9:30 a.m. at Ctrm 1368, Roybal Federal Building, 255 E. Temple Street, Los Angeles, CA 90012**.  If Debtors do not timely file and serve a Status Report and appear at the Status Conference, I may order: (1) the appointment of a trustee pursuant to 11 U.S.C. § 1104(a); (2) the conversion of the case to one under Chapter 7 pursuant to 11 U.S.C. § 105(a) and 11 U.S.C. § 1112(b); or (3) the dismissal of the case pursuant to 11 U.S.C. § 105(a) and 11 U.S.C. § 1112(b).

If Debtors timely file and serve a Status Report, including serving a judge's copy, and appears at the Status Conference, I will ordinarily: (1) set deadlines for filing proofs of claim and hearings on objections to claims; (2) set deadlines for entry of an order approving the Disclosure Statement Motion, and entry of an order approving the Confirmation Motion; and (3) set a hearing on a Disclosure Statement Motion and an order to show cause why this case should not be converted or dismissed if these deadlines are not met by the Debtors.

### III. STANDARDS FOR EMPLOYMENT AND FEE APPLICATIONS

I have promulgated standards that I will apply in considering employment applications under 11 U.S.C. § 327 and fee applications under 11 U.S.C. §§ 330 and 331.  The standards are set forth on the Court's website under "Notice of Amended Standards to be Employed in the Review of Applications for Authorization of Employment on Employment of Professionals" and "Notice of Standards to be Employed in the Review of Applications for the Allowance of Compensation and the Reimbursement of Expenses".  (See paragraph I.E. above for instructions on how to access these documents under the Instructions/Procedures tab.)  Please carefully read and follow them before preparing or filing any such applications.

### IV. VALUATION REQUESTS

If a request for a valuation of collateral pursuant to 11 U.S.C. § 506(a) and FRBP 3012 is made, and more than one party intends to provide admissible evidence regarding value, it is likely that the court will also require the testimony of a court-appointed expert witness pursuant to FRE 706(a). Cost of the expert witness will be shared equally by the parties and must be paid within 30 days of receipt of a fee statement from the expert witness.  LBR forms F 3012-1.MOTION.VALUATION and F 3012-1.ORDER.VALUATION are useful.

## V. DISCLOSURE STATEMENT AND PLAN CONFIRMATION PROCEDURE

A.  <u>All</u> chapter 11 plan proponents must request orders approving disclosure statements pursuant to 11 U.S.C. § 1125 and orders confirming a plan of reorganization pursuant to 11 U.S.C. § 1129 by motion within the meaning of Bankruptcy Rules 9013 and 9014. All motions must be supported by evidence admissible under the Federal Rules of Evidence and in compliance with Local Bankruptcy Rule 9013-1(i).

B.  After granting a Disclosure Statement Motion, I shall:
(1) Set a hearing on a Confirmation Motion.
(2) Set a deadline for serving the approved disclosure statement and the notice of hearing on the Confirmation Motion; and
(3) Set a deadline for creditors and equity security holders to transmit ballots and preliminary objections to the Confirmation Motion to the proponent of the plan and the proponent's attorney.

C.  Notice of (a) hearing on the Confirmation Motion, (b) the deadline for filing proofs of claim or interests, (c) the deadline for filing and serving objections to the Confirmation Motion, and (d) the deadline for voting on the plan, must be filed and served in accordance with Federal Rule of Bankruptcy Procedure 2002(b)-(d), (f)(11), (g)-(k), (p) and 3017-3020.

D.  The Confirmation Motion must be served upon the U.S. Trustee, any committee appointed under 11 U.S.C. § 1102, any party that has timely filed and served a preliminary objection to confirmation by the balloting deadline, and any party that has voted against the proposed plan. A judge's copy must also be served as provided for in Local Bankruptcy Rule 5005-2(d) and the Court Manual. The Confirmation Motion must meet at least the following criteria:
(1) The Confirmation Motion must be supported by evidence establishing that the plan is confirmable under 11 U.S.C. § 1129;

(2) The Confirmation Motion must be served at least 21 days before the confirmation hearing on the United States Trustee, any official committee, and all creditors and equity security holders who have filed and served on the plan proponent a preliminary objection to confirmation, and/or voted to reject the plan; and

(3) The plan proponent must serve with the Confirmation Motion a notice of the confirmation hearing date that contains, among other information, notice of requirement that any party opposing the Confirmation Motion must file and serve its written opposition at least 14 days before the confirmation hearing date, and the opposition must be supported by admissible evidence.

**IT IS FINALLY ORDERED** that failure to comply with any provision of this order may be deemed consent to the conversion or dismissal of this case, or the appointment of a trustee.

###

Date: December 20, 2019

Vincent P. Zurzolo
United States Bankruptcy Judge