CHRISTOPHER E. PRINCE (SBN 183553)
   cprince@lesnickprince.com
LESNICK PRINCE PAPPAS LLP
315 West Ninth Street, Suite 705
Los Angeles, California 90015
Telephone: (213) 291-8984
Facsimile: (213) 493-6596

DANIEL J. SAVAL *(pro hac vice* application pending)
   daniel.saval@kobrekim.com
DONG NI (DONNA) XU *(pro hac vice* application pending)
   donna.xu@kobrekim.com
KOBRE & KIM LLP
800 Third Ave, New York, NY 10022
Telephone: (212) 488-1200
Facsimile: (212) 488-1220

Attorneys for Creditor
Shanghai Lan Cai Asset Management Co, Ltd.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| In re:<br><br>YUETING JIA,<br><br>Debtor. | Case No. 2:19-BK-24804-VZ<br><br>**SHANGHAI LAN CAI ASSET MANAGEMENT CO, LTD.'S RESPONSE TO DEBTOR'S CHAPTER 11 STATUS REPORT**<br><br>Status Conference:<br>Date: January 23, 2020<br>Time: 9:30 a.m.<br>Place: Courtroom 1368<br>    Edward R. Roybal Federal Building<br>    255 East Temple Street<br>    Los Angeles, California 90012<br>Judge: Honorable Vincent P. Zurzolo |
|---|---|

**TO THE HONORABLE VINCENT P. ZURZOLO; THE DEBTOR; THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS; THE OFFICE OF THE UNITED STATES TRUSTEE; AND PARTIES REQUESTING SPECIAL NOTICE:**

KOBRE & KIM LLP
ATTORNEYS AT LAW

Creditor Shanghai Lan Cai Asset Management Co, Ltd. ("Shanghai Lan Cai")[1] respectfully submits this response (the "Response") in the Chapter 11 case of the above-captioned debtor, Jia Yueting ("Jia" or the "Debtor"), in response to the Debtor's Chapter 11 Status Report (the "Report") [Dkt. No. 199] submitted pursuant to this Court's *Order (1) Setting Status Conference on Status of Reorganization Case; (2) Requiring Debtor-In-Possession to Appear at Status Conference and File Report on Status of Reorganization Case, or Face Possible (A) Conversion of Case to Chapter 7; (B) Dismissal of Case; or (C) Appointment of Trustee; (3) Requiring Compliance With Standards Re Employment and Fee Applications; (4) Giving Notice of Probable Use of Court-Appointed Expert Witness for Contested Valuation Requests (5) Establishing Procedure for (A) Motion for Order Approving Adequacy of Disclosure Statements; and (B) Motion for Order Confirming Plan* (the "Order") [Dkt. No. 180].

The Debtor's Report omitted a significant threshold matter that remains pending in the case and forms part of the "the status of this reorganization case," Order at 2. Accordingly, Shanghai Lan Cai submits this Response as a supplement to the Report to correct that omission.

Specifically, on November 13, 2019, Shanghai Lan Cai moved to dismiss Mr. Jia's Chapter 11 case, and, alternatively, to transfer venue to this District.[2] Several creditors joined in the Motion.[3] In the Motion, Shanghai Lan Cai argued, *inter alia*, that this bankruptcy case should be dismissed under Sections 1112(b) and 305(a) of the Bankruptcy Code. As set forth in the

---

[1] Shanghai Lan Cai holds an approximately $11 million arbitral award against Mr. Jia and had been pursuing enforcement proceedings against him in this District before the petition date. *See Shanghai Lan Cai Asset Management Co, Ltd. v. Jia Yueting*, 2:18-CV-10255 SJO (MRWx) ("Enforcement Action"). That action was stayed by Mr. Jia's bankruptcy filing, which occurred three days before he was scheduled to appear for a debtor's examination on October 17 and 18, 2019 before Magistrate Judge Wilner, pursuant to Cal. C. Civ. Pro. § 708.110. *See* Joint Stipulation to Continue Judgment Debtor Examination of Respondent Jia Yueting, Enforcement Action [Dkt. No. 81], at 1.

[2] *See* Shanghai Lan Cai Asset Management Co, Ltd.'s Motion (I) To Dismiss the Debtor's Chapter 11 Case or, Alternatively, (II) to Transfer Venue to the Central District of California (the "Motion") [Dkt. No. 189].

[3] *See* Joinders in the Motion [Dkt. Nos. 110, 121, 136, 138] (Shanghai Qichengyueming Investment Partnership Enterprise (Limited Partnership), O-Film Global (HK) Trading Limited, Nanchang O-Film Photoelectric Technology Co., Ltd., Beijing Haidian Technology Financial Capital Holding Group Co., Ltd., and Jinan Rui Si Le Enterprise Management Consulting Partnership).

Motion, Mr. Jia is a Chinese national who fled to California from China in mid-2017 after various arms of the Chinese government censured his financial misconduct there, and he initiated this U.S. bankruptcy proceeding as the forum to resolve billions of dollars in debts he incurred in China, that are owed to China-based creditors, and that are governed by Chinese law. *See* Motion ¶¶ 41-58; Reply in Support of the Motion [Dkt. No. 148] ("Reply") ¶¶ 8-14. The Motion asserted that the case should be dismissed under principles of international comity. The Motion also requested dismissal on the ground that Mr. Jia did not file the case in good faith. *See* Motion ¶¶ 29-40; Reply ¶¶ 15-22.

The comity and good faith issues raised in the Motion were extensively briefed and thereafter argued at length during an approximately 3 hour hearing that took place on December 18, 2019, before Judge Owens of the U.S. Bankruptcy Court for the District of Delaware.[4] At the hearing and after oral argument, Judge Owens ruled from the bench that venue should be transferred to this District and that "all parties' rights are reserved to argue or seek relief from [this Court]." Hr'g Tr. 147:13-16.[5] Judge Owens declined to rule on dismissal on either comity or good faith grounds because "the question of whether this case was properly filed in this district [is] a threshold issue," *id.* at 144:24-145:1, and, accordingly, left it to this Court to determine whether dismissal would be appropriate, *see id.* at 56:6-14 (counsel for Shanghai Lan Cai noting that, if the transfer question is resolved first, the issues of dismissal would need to be decided by this Court).[6] The critical threshold question of whether to dismiss this case therefore remains pending.

Based on the foregoing, Shanghai Lan Cai respectfully submits that the portion of Shanghai Lan Cai's Motion seeking dismissal of the case should be decided at the earliest

---

[4] Mr. Jia had the opportunity to introduce evidence and to testify at the hearing to meet his affirmative burden of establishing his good faith, but did not do so.

[5] All portions of the transcript of the December 18 hearing to which this Response specifically cites are attached as **Exhibit A**. Shanghai Lan Cai would be pleased to provide the Court with a full transcript of the hearing.

[6] While the Motion also contended that improper venue warranted dismissal under 28 U.S.C. § 1406(a), Motion ¶ 27, the Court declined to do so and instead transferred the case. Hr'g Tr. 145:18-146:2. As discussed above, all other grounds for dismissal raised in the Motion remain unresolved.

practical opportunity. Shanghai Lan Cai therefore requests the opportunity to address scheduling for the hearing on that portion of the Motion at the status conference scheduled to take place on January 23, 2020.

Dated: January 15, 2020

LESNICK PRINCE PAPPAS LLP

- AND -

KOBRE & KIM LLP

BY: /s/Christopher E. Prince
Christopher E. Prince
*Attorneys for Creditor Shanghai Lan Cai Asset Management Co, Ltd.*

# EXHIBIT A

# In Re:
*YUETING JIA*
*Case No. 19-12220-KBO*

*December 18, 2019*

*eScribers, LLC*
*(973) 406-2250*
*operations@escribers.net*
*www.escribers.net*

*To purchase copies of this transcript, please contact us by phone or email*

**Min-U-Script® with Word Index**

1

```
 1
 2  UNITED STATES BANKRUPTCY COURT
 3  DISTRICT OF DELAWARE
 4  - - - - - - - - - - - - - - - - - - - - -x
 5  In the Matter of:
 6  YUETING JIA,                          Case No.
 7         Debtor.                        19-12220-KBO
 8  - - - - - - - - - - - - - - - - - - - - -x
 9
10
11              United States Bankruptcy Court
12              824 North Market Street
13              Wilmington, Delaware
14
15              December 18, 2019
16              11:44 AM
17
18
19  B E F O R E:
20  HON. KAREN B. OWENS
21  U.S. BANKRUPTCY JUDGE
22
23  ECR OPERATOR:  AL LUGANO
24
25
```

1   we've outlined, Your Honor, there's no basis to defer to what
2   the debtor wants to do.  And we'd also direct the Court to the
3   recent Highland Capital decision where Judge Sontchi rejected
4   the view that the debtor's choice of forum should be given
5   substantial deference.
6              But as I said before, Your Honor, we submit that
7   dismissal is and should be the first gating issue and should be
8   decided ahead of any venue inquiry, not only as a matter of
9   judicial economy but also because it's the right, and it's the
10  fair, thing to do.  We don't think the parties-in-interest, as
11  well as the bankruptcy court in the Central District of
12  California, should have to relitigate these issues of dismissal
13  again there, where there're multiple compelling bases to
14  dismiss the case now.
15             THE COURT:  But if case wasn't properly filed in my
16  jurisdiction, isn't it --
17             MR. SAVAL:  It --
18             THE COURT:  -- isn't it an interest of judicial
19  fairness that the proper court decide that issue?
20             MR. SAVAL:  Actually, Your Honor, if you look at
21  Section 1406 -- 28 U.S.C. 1406, the remedies for an improperly
22  filed case are dismissal or transfer.  So I think Congress made
23  very clear --
24             THE COURT:  But I could dismiss it because it was
25  improperly-filed venue.  But you're moving under different

1      We have the same debtor's Counsel.  They have offices
2 in Los Angeles.  Nothing changes except the judge and the
3 docket.
4           THE COURT:  Okay.
5           MR. BUCHBINDER:  But the bottom line is that this case
6 doesn't belong here, it belongs in the Central District of Los
7 Angeles (sic).
8           THE COURT:  All right.  Does anyone else wish to be
9 heard?
10          All right, I'm going to break till approximately 2
11 o'clock and I'll come back and make my ruling then.  Thank you.
12          UNIDENTIFIED SPEAKER:  Thank you, Your Honor.
13          THE COURT:  We'll stand adjourned.
14      (Recess at 1:34 p.m. until 2:22 p.m.)
15          THE CLERK:  All rise.
16          THE COURT:  Please be seated.  Thank you for your
17 patience.
18          Okay, so as I promised, here is my ruling on the very
19 extensive and thorough arguments of the parties that I greatly
20 appreciate, and I will try not to keep you here any longer than
21 you need to, given that I'm sure everyone is tired and hungry
22 and thirsty.
23          So SLC has urged this Court to dismiss this case for a
24 variety of reasons, and has urged me to do so today.  However,
25 I view the question of whether this case was properly filed in

1  this district as a threshold issue.  And as is clear, the
2  debtor in this case is an individual who resides in California,
3  therefore to establish proper venue here, Delaware must be the
4  location of the Delaware's (sic) principal assets, and the
5  dispute today centered on the debtor's alleged interest in two
6  Delaware entities.
7      However, the arguments today presented no clarity for
8  the Court as to these interests, and I would need a further
9  evidentiary hearing on it.  However, having another hearing on
10 this, in the Court's opinion, would not be in the best
11 interests of the parties, as debtor has argued that it is
12 critical that this proceeding reach confirmation in sixty to
13 ninety days.
14     While I do not have evidence of the facts underlying
15 that argument, I can say that the hope of achieving that
16 timeline would be diminished if the venue determination with
17 respect to the proper filing is held in abeyance.
18     Even if venue is or is not proper in Delaware, I find
19 that venue transfer to the Eastern (sic) District of California
20 would be in the interests of justice, under 1406 and is
21 warranted under Section 1412.
22     First, under 1406, I do not find that the interests of
23 justice would warrant dismissal rather than -- excuse me -- I
24 do find that the interests of justice would warrant transfer
25 rather than dismissal, because of, among other things, the

1  necessity to preserve the status quo and the stay for the
2  benefit of the debtors and all creditors.
3          Moreover, case law is clear that a debtor's selection
4  of forum is an important factor for the Court to weigh, but it
5  is rebuttable and not sacrosanct.  When I take a step back and
6  examine the totality of the facts and circumstances, I am of
7  the conclusion that the logical place for the debtor's
8  proceeding is in California.
9          Of course, he is a resident there, as I just
10 mentioned.  Also all the active U.S. litigation involving the
11 debtor that has since been stayed is located in California.
12 And moreover, and significant to the Court, the success of the
13 case and the creditors' willingness to accept the proposed
14 plan, centers on Faraday, which is located in California and
15 serves as the operating asset for the various holding companies
16 ahead of it in the corporate structure that may or may not tie
17 the debtor to Delaware.
18         Also, I do not find that there will be prejudice to
19 the parties here as a result of the transfer.  Many of the key
20 stakeholders are represented by lead counsel outside of
21 Delaware, and that can continue.  The parties have largely
22 agreed that consummating a plan is not a sure-gone conclusion,
23 but rather more like a hope and a prayer.
24         Transfer will be done rapidly and will not disrupt the
25 ongoing negotiations with and investigation of the creditors'

1  committee, and will not restart the proceedings.

2      The parties can proceed as they have always done.  The
3  court will change, surely, but this Court has had only one
4  hearing in the matter, this one.  So it will not be inefficient
5  for my counterpart in California to take over the proceedings,
6  and I am confident that the parties will be able to address
7  their disputes in a rapid fashion there.

8      Moreover, a lot has been said about flight times and
9  creditors' abilities to appear in Delaware, but it is not lost
10 on me that the meetings held with creditors and debtor's
11 representatives have been held in California, confirming to the
12 Court that the California is the proper venue.

13     So for the foregoing reasons, I will enter an order
14 transferring venue of these proceedings, and all parties'
15 rights are reserved to argue or seek relief from the Eastern
16 (sic) District of California, as they see fit.

17     UNIDENTIFIED SPEAKER:  Your Honor, I apologize, Your
18 Honor, but just to be clear, I think it's Central District.

19     THE COURT:  Oh, excuse me.  I apologize.

20     UNIDENTIFIED SPEAKER:  The Eastern District would
21 be -- would be inconvenient for everybody.

22     THE COURT:  I knew I was getting -- I knew I was
23 getting that wrong, and I apologize.

24     UNIDENTIFIED SPEAKER:  No problem, Your Honor.

25     THE COURT:  I was quickly writing this up.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: Lesnick Prince & Pappas LLP, 315 W. Ninth St., Suite 705, Los Angeles, CA 90015

A true and correct copy of the foregoing document entitled (*specify*): **SHANGHAI LAN CAI ASSET MANAGEMENT CO, LTD.'S RESPONSE TO DEBTOR'S CHAPTER 11 STATUS REPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 01/15/2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Tanya Behnam**   tbehnam@polsinelli.com, tanyabehnam@gmail.com
- **Jeffrey W Dulberg**   jdulberg@pszjlaw.com
- **David W. Meadows**   david@davidwmeadowslaw.com
- **Kelly L Morrison**   kelly.l.morrison@usdoj.gov
- **Malhar S Pagay**   mpagay@pszjlaw.com, bdassa@pszjlaw.com
- **Randye B Soref**   rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 01/15/2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

>    Honorable Vincent P. Zurzolo
>    United States Bankruptcy Court
>    255 E. Temple St., Suite 1360
>    Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/15/2020 | Janet A. Mack | /s/Janet A. Mack |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                                                                                                                **F 9013-3.1.PROOF.SERVICE**