CHRISTOPHER E. PRINCE (SBN 183553)
  cprince@lesnickprince.com
LESNICK PRINCE & PAPPAS LLP
315 West Ninth Street, Suite 705
Los Angeles, California 90015
Telephone: (213) 291-8984
Facsimile: (213) 493-6596

DANIEL J. SAVAL (*pro hac vice*)
  daniel.saval@kobrekim.com
DONG NI (DONNA) XU (*pro hac vice*)
  donna.xu@kobrekim.com
KOBRE & KIM LLP
800 Third Ave
New York, NY 10022
Telephone: (212) 488-1200
Facsimile: (212) 488-1220

Attorneys for Creditor
Shanghai Lan Cai Asset Management Co, Ltd.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>YUETING JIA,<br><br>               Debtor. | Case No. 2:19-BK-24804-VZ<br><br>**DECLARATION OF DANIEL J. SAVAL IN SUPPORT OF SHANGHAI LAN CAI ASSET MANAGEMENT CO, LTD.'S OBJECTION TO DEBTOR'S MOTION TO APPROVE DISCLOSURE STATEMENT**<br><br><u>Hearing:</u><br>Date: February 6, 2020<br>Time: 11:00 a.m.<br>Place: Courtroom 1368<br>      Edward R. Roybal Federal Building<br>      255 East Temple Street<br>      Los Angeles, California 90012<br>Judge: Honorable Vincent P. Zurzolo |

I, Daniel J. Saval, hereby declare under penalty of perjury that the following is true and correct:

1.      I am an attorney with the law firm Kobre & Kim LLP and am admitted to practice before this Court *pro hac vice* as counsel for Creditor Shanghai Lan Cai Asset Management Co, Ltd. ("Shanghai Lan Cai"). [Dkt. No. 238.] I submit this declaration in support of Shanghai Lan Cai's objection, filed concurrently with this declaration, to the Debtor's *Motion for an Order (I) Approving Disclosure Statement, (II) Approving Voting and Tabulation Procedures, (III) Setting Confirmation Hearing and Related Deadlines, (IV) Waiving Certain Local Rules and Procedures, and (V) Granting Related Relief* [Dkt. No. 222].

2.      Attached to this Declaration as **Exhibit 1** is a true and correct copy of the December 5, 2018 Injunction Order against FF Peak Holding Limited entered by the Eastern Caribbean Supreme Court of the British Virgin Islands.

3.      Attached to this Declaration as **Exhibit 2 is** a true and correct copy of the December 5, 2018 Injunction Order against FF Top Holding Limited entered by the Eastern Caribbean Supreme Court of the British Virgin Islands.


Executed this 30 day of January, 2020.
New York, New York

_____

Daniel J. Saval

DECLARATION OF DANIEL J. SAVAL

# EXHIBIT 1

IN THE EASTERN CARIBBEAN SUPREME COURT
IN THE HIGH COURT OF JUSTICE
VIRING ISLANDS
COMMERCIAL DIVISION



**Filed Date:27/11/2018 10:37**

**Effective Date:05/12/2018 15:39**

CLAIM NO. BVIHC (COM) 198 of 2018

IN THE MATTER OF THE ARBITRATION ACT 2013
AND IN THE MATTER OF AN APPLICATION TO ENFORCE AN
ARBITRAL AWARD MADE IN AN ARBITRATION    **Fees Paid:20.00**
ADMINISTERED BY THE BEIJING ARBITRATION COMMISSION

BETWEEN:

### SHANGHAI LAN CAI ASSET MANAGEMENT CO, LTD.

Applicant

- and -

### (1) JIA YUETING

Respondents

### (2) FF PEAK HOLDING LIMITED
### (3) FF TOP HOLDING LTD.

NCA Respondents

---

## ORDER
*Injunction against FF Peak Holding Limited*

---

### PENAL NOTICE

**IF YOU FAIL TO COMPLY WITH THE TERMS OF THIS ORDER YOU MAY BE HELD IN CONTEMPT OF COURT AND YOUR DIRECTORS AND OFFICERS MAY BE IMPRISONED, FINED OR HAVE THEIR ASSETS SEIZED**

**ANY OTHER PERSON WHO KNOWS OF THIS ORDER AND DOES ANYTHING WHICH HELPS OR PERMITS THE SECOND RESPONDENT TO BREACH THE TERMS OF THIS ORDER MAY ALSO BE HELD TO BE IN CONTEMPT OF COURT AND MAY BE IMPROSONED OR HAVE THEIR ASSETS SEIZED**

**THIS ORDER**

1.      This is a Freezing Injunction made against **FF PEAK HOLDINGS LTD** ("**FF PEAK**" or
the "**Second Respondent**")) on 5 December2018 by Justice Wallbank on the application
of **SHANGHAI LAN CAI ASSET MANAGEMENT CO, LTD.** (the "**Applicant**") The
Judge read the Affidavit listed in Schedule A and accepted the undertakings set out in
Schedule B at the end of this Order.

2.      This Order was made without notice to Second Respondent. The Second Respondent has
a right to apply to the court to vary or discharge this Order (see paragraph 13 below).

3.      There will be a further hearing in respect of this Order on 19 December 2018 at 10am with
a time estimate of 15 minutes for directions only (the "**Return Date**").

**FREEZING INJUNCTION**

4.      Until after the conclusion of the Return Date or further order of the Court, the Second
Respondent is, without the prior written consent of the Applicant's legal representatives:

    (a)      restrained (acting by and/or on the instruction of its directors, officers and/or
agents) from:

        (i)      in any way disposing of, dealing with or diminishing the value of the entire
issued share capital of FF Peak (the "**FF Peak Shares**"), whether they are in
or outside the BVI, whether they are jointly, beneficially, legally owned or
otherwise up to the same value;

        (ii)      registering or causing to be registered any change in the legal ownership of
the FF Peak Shares in any way, including but not limited to sale, exchange,
contribution, and/or transfer;

        (iii)      in any way recognising or causing to be recognised or recorded in FF Peak's
Register of Shares (the "**Register**") any such purported change in or transfer
of all or part of the legal ownership of the FF Peak Shares;

(iv)    in any way recognising or recording or causing to be recognised or recorded on the Register any change or transfer of the ownership of all or part of the equitable interest in the FF Peak Shares, including but not limited to by way of encumbrance, pledge, lien or charge over the FF Peak Shares;

(v)    removing or allowing or instructing or causing to be removed or instructing the removal of the share certificate(s) pertaining to the FF Peak Shares from the territory of the Virgin Islands;

(vi)    cancelling the FF Peak Shares and/or reissuing the FF Peak Shares, or causing or instructing the same; and

(vii)    effecting or allowing to be created or effected any changes, variations or amendments to any agreement, trust and/or any other similar arrangement in relation to which the FF Peak Shares are held;

(b)    restrained from in any way transferring, disposing of, pledging, charging diminishing the value of, encumbering or dealing with its assets up to the value of US$10,800,312.00 (the "**Relevant Assets**") whether they are inside or outside the Virgin Islands, without first providing the Applicant with at least 14 days written notice; and

(c)    for the purposes of this Order, the Relevant Assets are any assets of FF Peak whether or not they are in its own name and whether they are solely or jointly owned. For the purpose of this Order the Second Respondent's assets include any asset that it has the power, directly or indirectly, to dispose of or deal with as if it were its own. The Second Respondent is to be regarded as having such power if a third party holds or controls the asset in accordance with its direct or indirect instructions. The Relevant Assets include but are not limited to the following assets that may be held directly and indirectly by the Second Respondent:

(i)    any shares in FF Top Holding Limited (a company registered in the BVI with company number 1913133; and

(ii)     any shares in Smart King Limited (a company incorporated in the Cayman Islands) (the "**Smart King Shares**")

5.    The Applicant shall have the right to notify third parties outside the jurisdiction of the High Court of the existence of this Order, including (but not limited to):

    a.   Conyers Trust Company (BVI) Limited, as registered agent of FF Peak and FF Top;

    b.   Lian Bossert as legal owner of the FF Peak Shares;

    c.   FF Top as legal owner of the Smart King Shares;

    d.   Jia Yeutung as beneficial owner of the FF Peak, FF Top and Smart King Shares.

**PROVISION OF INFORMATION**

6.    Unless paragraph 7 applies, the Second Respondent must immediately and to the best of its ability inform the Applicant's Legal Practitioners of all its assets worldwide exceeding US$1000 in value whether in its own name or not and whether solely or jointly owned, giving the value, location and sufficient details of all such assets to enable the Applicant to identify them.

7.    If the provision of any of this information is likely to incriminate the Second Respondent, it may be entitled to refuse to provide it, but is recommended to take legal advice before refusing to provide the information. Wrongful refusal to provide the information is contempt of court and may render the Second Respondent liable to be fined or have its assets seized, or its directors or officers may be imprisoned.

8.    Unless paragraph 7 of this Order applies, within 5 working days after being served with this order, a director of the Second Respondent must personally swear and serve on the Applicant's Legal Practitioners an affidavit:

(a) setting out the information described in paragraph 6 above; and

(b) exhibiting copies of all documents which relate to the receipt, transfer of, or dealing with any monies or assets described in paragraph 4 of this Order including the FF Peak Shares and the Relevant Assets.

**EXCEPTIONS TO THIS ORDER**

9.    This Order will cease to have effect if the Respondent -

(a) provides security by paying the sum of US$10,800,312.00 into court, to be held to the Order of the court; or

(b) makes provision for security in that sum by another method agreed in writing with the Applicant's Legal Practitioners

10.    This Order does not prohibit the Second Respondent from spending a reasonable sum on legal advice and representation. But before spending any money the Second Respondent must tell the Applicant's legal representatives where the money is to come from including the bank account and the source of the funding.

11.    This Order does not prohibit the Second Respondent from dealing with or disposing of any of its assets in the ordinary and proper course of business.

12.    The Second Respondent may agree with the Applicant's legal representatives that this Order should be varied, but any agreement must be in writing.

**COSTS**

13.    The costs of this application are reserved to the Return Date.

## VARIATION OR DISCHARGE OF THIS ORDER

14.    Anyone served with or notified of this Order may apply to the court at any time to vary or discharge this Order (or so much of it as affects that person), but they must first inform the Applicant's legal representatives. If any evidence is to be relied upon in support of the application, the substance of it must be served on the Applicant's legal representatives no less than 48 hours' in advance.

## INTERPRETATION OF THIS ORDER

15.    A Respondent who is an individual who is ordered not to do something must not do it himself or in any other way. He must not do it through others acting on his behalf or on his instructions or with his encouragement.

16.    A Respondent which is not an individual which is ordered not to do something must not do it itself or by its directors, officers, partners, employees or agents or in any other way.

## PARTIES OTHER THAN THE APPLICANT AND RESPONDENT

17.    Effect of this Order:

It is a contempt of court for any person notified of this Order knowingly to assist in or permit a breach of this Order. Any person doing so may be imprisoned, fined or have their assets seized.

18.    Set off by banks:

This injunction does not prevent any bank from exercising any right of set off it may have in respect of any facility which it gave to the respondent before it was notified of this Order.

19.    Withdrawals by the Second Respondent:

No bank need enquire as to the application or proposed application of any money withdrawn by the Respondent if the withdrawal appears to be permitted by this Order.

20.    Persons outside the BVI:

(a)    Except as provided in paragraph (b) below, the terms of this Order do not affect or concern anyone outside the jurisdiction of this Court.

(b)    The terms of this Order will affect the following persons in a country or state outside the jurisdiction of this court:

    (i)    the Second Respondent or its officer or agent appointed by power of attorney;

    (ii)    any person who:

        (A)    is subject to the jurisdiction of this Court;

        (B)    has been given written notice of this Order at his residence or place of business within the jurisdiction of this Court; and

        (C)    is able to prevent acts or omissions outside the jurisdiction of this Court which constitute or assist in a breach of the terms of this Order; and

    (iii)    any other person, only to the extent that this Order is declared enforceable by or is enforced by a court in that country or state.

## ASSETS LOCATED OUTSIDE VIRGIN ISLANDS

21.    Nothing in this Order shall, in respect of assets located outside BVI, prevent any third party from complying with:

(a)    what it reasonably believes to be its obligations, contractual or otherwise, under the laws and obligations of the country or state in which those assets are situated or under the proper law of any contract between itself and the Respondent; and

(b)    any orders of the courts of that country or state, provided that reasonable notice of any application for such an order is given to the Applicant's solicitors.



DEPUTY REGISTRAR

**COMMUNICATIONS WITH THE COURT**

All communications to the Court about this Order should be sent to:-

The Court Office is located at the Registry of the High Court, 2nd Floor SAKAL Building, Wickham's Cay PO Box 418 Road Town Tortola, British Virgin Islands: Telephone +1 (284) 468 5001 or +1 (284) 468 4909. Email: commercialdivisionvi@gov.vg. The Court office is open between 8:30 am and 4:30 pm Monday to Friday except public holidays.

**NAME AND ADDRESS OF APPLICANT'S LEGAL REPRESENTATIVE**

The Applicant's legal representatives are Kobre & Kim (BVI) LP, Commerce House, Waterfront Drive, Road Town, Tortola, British Virgin Islands; Telephone: 284 852 1600, Email: peter.tyers-smith@kobrekim.com; Ref. 03787.001

## SCHEDULE A

**AFFIDAVITS**

The Applicant relied on the following affidavit—

| Name | No. of affidavit | Date sworn | Filed on behalf of |
|------|------------------|------------|--------------------|
| (1)  Kang Jian | 2 | 27 November 2018 | Applicant |

## SCHEDULE B

**UNDERTAKINGS GIVEN TO THE COURT BY THE APPLICANT**

(1)    If the Court later finds that this Order has caused loss to the Second Respondents and decides that it should be compensated for that loss, the Applicant will comply with any order that the Court may make up to the value of US$10,800,312.00.

(2)    Anyone notified of this Order will be given a copy of it by the Applicant's legal representatives.

(3)    The Applicant shall pay the reasonable costs of anyone other than the Second Respondent that have been incurred as a result of this Order including the costs of finding out whether that person holds any of such Respondent's assets and if the Court later finds that this Order has caused such person loss, and decides that such person should be compensated for that loss, the Applicant will comply with any order the Court may make.

(4)    If this Order ceases to have effect, the Applicant shall immediately take all reasonable steps to inform in writing anyone to whom it has given notice of this Order, or who it has reasonable grounds for supposing may act upon this Order that it has ceased to have effect.

**IN THE EASTERN CARIBBEAN SUPREME COURT**
**IN THE HIGH COURT OF JUSTICE**
**VIRING ISLANDS**
**COMMERCIAL DIVISION**

**CLAIM NO. BVIHC (COM) 198 of 2018**

**IN THE MATTER OF THE ARBITRATION ACT 2013**

**AND IN THE MATTER OF AN APPLICATION TO ENFORCE AN
ARBITRAL AWARD ADMINISTERED BY THE
BEIJING ARBITRATION COMMISSION**

**BETWEEN:**

**SHANGAHI LAN CAI ASSET MANAGEMENT CO, LTD.**

Applicant

- and -

**JIA YUETING (1)**

Respondents

**FF PEAK HOLDING LIMITED (2)**
**FF TOP HOLDING LTD. (3)**

NCA Respondents

---

**ORDER**
*Injunction Against FF Peak Holding Limited*

---

**Kobre & Kim (BVI) LP**
**Legal Practitioners for the Applicants**
Tel: 284 852 1600
Email: peter.tyers-smith@kobrekim.com
Ref. 03787.001

# EXHIBIT 2

**IN THE EASTERN CARIBBEAN SUPREME COURT**
**IN THE HIGH COURT OF JUSTICE**
**VIRING ISLANDS**
**COMMERCIAL DIVISION**



**FILED**
Registrar's Office
Eastern Caribbean
Supreme Court

Filed Date:27/11/2018 15:37

**CLAIM NO. BVIHC (COM) 198 of 2018**

Effective Date:05/12/2018 15:39

**IN THE MATTER OF THE ARBITRATION ACT 2013**
**AND IN THE MATTER OF AN APPLICATION TO ENFORCE AN**
**ARBITRAL AWARD MADE IN AN ARBITRATION**   Fees Paid:20.00
**ADMINISTERED BY THE BEIJING ARBITRATION COMMISSION**

**BETWEEN:**

**SHANGHAI LAN CAI ASSET MANAGEMENT CO, LTD.**

Applicant

- and -

**(1) JIA YUETING**

Respondents

**(2) FF PEAK HOLDING LIMITED**
**(3) FF TOP HOLDING LTD.**

NCA Respondents

---

**ORDER**
*Injunction Against FF Top Holding Ltd.*

---

**PENAL NOTICE**

**IF YOU FAIL TO COMPLY WITH THE TERMS OF THIS ORDER YOU MAY BE HELD IN CONTEMPT OF COURT AND YOUR DIRECTORS AND OFFICERS MAY BE IMPRISONED, FINED OR HAVE THEIR ASSETS SEIZED**

**ANY OTHER PERSON WHO KNOWS OF THIS ORDER AND DOES ANYTHING WHICH HELPS OR PERMITS THE THIRD RESPONDENT TO BREACH THE TERMS OF THIS ORDER MAY ALSO BE HELD TO BE IN CONTEMPT OF COURT AND MAY BE IMPROSONED OR HAVE THEIR ASSETS SEIZED**

**THIS ORDER**

1.    This is a Freezing Injunction made against **FF TOP HOLDINGS LTD.** ("**FF TOP**" or the "**Third Respondent**")) on 5 December 2018 by Justice Wallbank on the application of **SHANGHAI LAN CAI ASSET MANAGEMENT CO, LTD.** (the "**Applicant**") The Judge read the Affidavit listed in Schedule A and accepted the undertakings set out in Schedule B at the end of this Order.

2.    This Order was made without notice to Third Respondent. The Third Respondent has a right to apply to the court to vary or discharge this Order (see paragraph 13 below).

3.    There will be a further hearing in respect of this Order on 19 December 2018 at 10am with a time estimate of 15 minutes for directions only (the "**Return Date**").

**FREEZING INJUNCTION**

4.    Until after the conclusion of the Return Date or further order of the Court, the Third Respondent is, without the prior written consent of the Applicant's legal representatives:

    (a)    restrained (acting by and/or on the instruction of its directors, officers and/or agents) from:

        (i)    in any way disposing of, dealing with or diminishing the value of the entire issued share capital of FF Top (the "**FF Top Shares**"), whether they are in or outside the BVI, whether they are jointly, beneficially, legally owned or otherwise up to the same value;

        (ii)    registering or causing to be registered any change in the legal ownership of the FF Top Shares in any way, including but not limited to sale, exchange, contribution, and/or transfer;

        (iii)  in any way recognising or causing to be recognised or recorded in FF Top's Register of Shares (the "**Register**") any such purported change in or transfer of all or part of the legal ownership of the FF Top Shares;

(iv) in any way recognising or recording or causing to be recognised or recorded on the Register any change or transfer of the ownership of all or part of the equitable interest in the FF Top Shares, including but not limited to by way of encumbrance, pledge, lien or charge over the FF Top Shares;

(v) removing or allowing or instructing or causing to be removed or instructing the removal of the share certificate(s) pertaining to the FF Top Shares from the territory of the Virgin Islands;

(vi) cancelling the FF Top Shares and/or reissuing the FF Top Shares, or causing or instructing the same; and

(vii) effecting or allowing to be created or effected any changes, variations or amendments to any agreement, trust and/or any other similar arrangement in relation to which the FF Top Shares are held;

(b) restrained from in any way transferring, disposing of, pledging, charging diminishing the value of, encumbering or dealing with its assets up to the value of US$10,800,312.00 (the "**Relevant Assets**") whether they are inside or outside the Virgin Islands, without first providing the Applicant with at least 14 days written notice; and

(c) for the purposes of this Order, the Relevant Assets are any assets of FF Top whether or not they are in its own name and whether they are solely or jointly owned. For the purpose of this Order the Third Respondent's assets include any asset that it has the power, directly or indirectly, to dispose of or deal with as if it were its own. The Third Respondent is to be regarded as having such power if a third party holds or controls the asset in accordance with its direct or indirect instructions. The Relevant Assets include but are not limited to the following assets that may be held directly and indirectly by the Third Respondent:

(i) any shares in Smart King Limited (a company incorporated in the Cayman Islands) (the "**Smart King Shares**")

5. The Applicant shall have the right to notify third parties outside the jurisdiction of the High Court of the existence of this Order, including (but not limited to):

    a. Conyers Trust Company (BVI) Limited, as registered agent of FF Peak and FF Top;

    b. FF Peak as legal owner of the FF Top Shares;

    c. Smart King as issuer of the Smart King Shares;

    d. Jia Yueting as beneficial owner of FF Peak, the FF Top Shares, and the Smart King Shares.

**PROVISION OF INFORMATION**

6. Unless paragraph 7 applies, the Third Respondent must immediately and to the best of its ability inform the Applicant's Legal Practitioners of all its assets worldwide exceeding US$1000 in value whether in its own name or not and whether solely or jointly owned, giving the value, location and sufficient details of all such assets to enable the Applicant to identify them.

7. If the provision of any of this information is likely to incriminate the Third Respondent, it may be entitled to refuse to provide it, but is recommended to take legal advice before refusing to provide the information. Wrongful refusal to provide the information is contempt of court and may render the Third Respondent liable to be fined or have its assets seized, or its directors or officers may be imprisoned.

8.  Unless paragraph 7 of this Order applies, within 5 working days after being served with this order, a director of the Third Respondent must personally swear and serve on the Applicant's Legal Practitioners an affidavit:

(a) setting out the information described in paragraph 6 above; and

(b) exhibiting copies of all documents which relate to the receipt, transfer of, or dealing with any monies or assets described in paragraph 4 of this Order including the FF Top Shares and the Relevant Assets.

**EXCEPTIONS TO THIS ORDER**

9.  This Order will cease to have effect if the Respondent -

(a) provides security by paying the sum of US$10,800,312.00 into court, to be held to the Order of the court; or

(b) makes provision for security in that sum by another method agreed in writing with the Applicant's Legal Practitioners

10.  This Order does not prohibit the Third Respondent from spending a reasonable sum on legal advice and representation. But before spending any money the Third Respondent must tell the Applicant's legal representatives where the money is to come from including the bank account and the source of the funding.

11.  This Order does not prohibit the Third Respondent from dealing with or disposing of any of its assets in the ordinary and proper course of business.

12.  The Third Respondent may agree with the Applicant's legal representatives that this Order should be varied, but any agreement must be in writing.

**COSTS**

13.  The costs of this application are reserved to the Return Date.

## VARIATION OR DISCHARGE OF THIS ORDER

14.     Anyone served with or notified of this Order may apply to the court at any time to vary or discharge this Order (or so much of it as affects that person), but they must first inform the Applicant's legal representatives. If any evidence is to be relied upon in support of the application, the substance of it must be served on the Applicant's legal representatives no less than 48 hours' in advance.

## INTERPRETATION OF THIS ORDER

15.     A Respondent who is an individual who is ordered not to do something must not do it himself or in any other way. He must not do it through others acting on his behalf or on his instructions or with his encouragement.

16.     A Respondent which is not an individual which is ordered not to do something must not do it itself or by its directors, officers, partners, employees or agents or in any other way.

## PARTIES OTHER THAN THE APPLICANT AND RESPONDENT

17.     Effect of this Order:

It is a contempt of court for any person notified of this Order knowingly to assist in or permit a breach of this Order. Any person doing so may be imprisoned, fined or have their assets seized.

18.     Set off by banks:

This injunction does not prevent any bank from exercising any right of set off it may have in respect of any facility which it gave to the respondent before it was notified of this Order.

19.     Withdrawals by the Third Respondent:

No bank need enquire as to the application or proposed application of any money withdrawn by the Respondent if the withdrawal appears to be permitted by this Order.

20.     Persons outside the BVI:

(a)  Except as provided in paragraph (b) below, the terms of this Order do not affect or concern anyone outside the jurisdiction of this Court.

(b)  The terms of this Order will affect the following persons in a country or state outside the jurisdiction of this court:

    (i)  the Third Respondent or its officer or agent appointed by power of attorney;

    (ii)  any person who:

        (A)  is subject to the jurisdiction of this Court;

        (B)  has been given written notice of this Order at his residence or place of business within the jurisdiction of this Court; and

        (C)  is able to prevent acts or omissions outside the jurisdiction of this Court which constitute or assist in a breach of the terms of this Order; and

    (iii)  any other person, only to the extent that this Order is declared enforceable by or is enforced by a court in that country or state.

## ASSETS LOCATED OUTSIDE VIRGIN ISLANDS

21.  Nothing in this Order shall, in respect of assets located outside BVI, prevent any third party from complying with:

(a)  what it reasonably believes to be its obligations, contractual or otherwise, under the laws and obligations of the country or state in which those assets are situated or under the proper law of any contract between itself and the Respondent; and

(b)  any orders of the courts of that country or state, provided that reasonable notice of any application for such an order is given to the Applicant's solicitors.



DEPUTY REGISTRAR

**COMMUNICATIONS WITH THE COURT**

All communications to the Court about this Order should be sent to:-

The Court Office is located at the Registry of the High Court, 2nd Floor SAKAL Building, Wickham's Cay PO Box 418 Road Town Tortola, British Virgin Islands: Telephone +1 (284) 468 5001 or +I (284) 468 4909. Email: commercialdivisionvi@gov.vg. The Court office is open between 8:30 am and 4:30 pm Monday to Friday except public holidays.

**NAME AND ADDRESS OF APPLICANT'S LEGAL REPRESENTATIVE**

The Applicant's legal representatives are Kobre & Kim (BVI) LP, Commerce House, Waterfront Drive, Road Town, Tortola, British Virgin Islands; Telephone: 284 852 1600, Email: peter.tyers-smith@kobrekim.com; Ref. 03787.001

## SCHEDULE A

**AFFIDAVITS**

The Applicant relied on the following affidavit—

| Name | No. of affidavit | Date sworn | Filed on behalf of |
|------|------------------|------------|--------------------|
| (1)  Kang Jian | 2 | 27 November 2018 | Applicant |

## SCHEDULE B

**UNDERTAKINGS GIVEN TO THE COURT BY THE APPLICANT**

(1)     If the Court later finds that this Order has caused loss to the Third Respondent and decides that it should be compensated for that loss, the Applicant will comply with any order that the Court may make up to the value of US$ US$10,800,312.00.

(2)     Anyone notified of this Order will be given a copy of it by the Applicant's legal representatives.

(3)     The Applicant shall pay the reasonable costs of anyone other than the Third Respondent that have been incurred as a result of this Order including the costs of finding out whether that person holds any of such Respondent's assets and if the Court later finds that this Order has caused such person loss, and decides that such person should be compensated for that loss, the Applicant will comply with any order the Court may make.

(4)     If this Order ceases to have effect, the Applicant shall immediately take all reasonable steps to inform in writing anyone to whom it has given notice of this Order, or who it has reasonable grounds for supposing may act upon this Order that it has ceased to have effect.

**IN THE EASTERN CARIBBEAN SUPREME COURT
IN THE HIGH COURT OF JUSTICE
VIRING ISLANDS
COMMERCIAL DIVISION**

**CLAIM NO. BVIHC (COM) 198 of 2018**

**IN THE MATTER OF THE ARBITRATION ACT 2013**

**AND IN THE MATTER OF AN APPLICATION TO ENFORCE AN
ARBITRAL AWARD ADMINISTERED BY THE
BEIJING ARBITRATION COMMISSION**

**BETWEEN:**

**SHANGAHI LAN CAI ASSET MANAGEMENT CO, LTD.**

Applicant

- and -

**JIA YUETING (1)**

Respondents

**FF PEAK HOLDING LIMITED (2)
FF TOP HOLDING LTD. (3)**

NCA Respondents

---

**ORDER**
*Injunction Against FF Peak Holding Limited*

---

**Kobre & Kim (BVI) LP
Legal Practitioners for the Applicants**
Tel: 284 852 1600
Email: peter.tyers-smith@kobrekim.com
Ref. 03787.001

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Lesnick Prince & Pappas LLP, 315 W. Ninth St., Suite 705, Los Angeles, CA 90015

A true and correct copy of the foregoing document entitled (*specify*): **DECLARATION OF DANIEL J. SAVAL IN SUPPORT OF SHANGHAI LAN CAI ASSET MANAGEMENT CO, LTD.'S OBJECTION TO DEBTOR'S MOTION TO APPROVE DISCLOSURE STATEMENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 01/30/2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Tanya Behnam**    tbehnam@polsinelli.com, tanyabehnam@gmail.com
- **Jeffrey W Dulberg**    jdulberg@pszjlaw.com
- **Stephen D Finestone**    sfinestone@fhlawllp.com
- **Alexandra N Krasovec**    krasovec.alexandra@dorsey.com, claridge.vanessa@dorsey.com
- **David W. Meadows**    david@davidwmeadowslaw.com
- **Kelly L Morrison**    kelly.l.morrison@usdoj.gov
- **Malhar S Pagay**    mpagay@pszjlaw.com, bdassa@pszjlaw.com
- **Christopher E Prince**    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- **Randye B Soref**    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Emily Young**    pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 01/30/2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

> Honorable Vincent P. Zurzolo
> United States Bankruptcy Court
> 255 E. Temple St., Suite 1360
> Los Angeles, CA 90012

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**:
(state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/30/2020 | Janet A. Mack | /s/Janet A. Mack |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                                   **F 9013-3.1.PROOF.SERVICE**