ALEXANDRA KRASOVEC (SBN 279578)
DORSEY & WHITNEY LLP
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626-7655
Telephone: (714) 800-1400
Facsimile: (714) 800-1499
krasovec.alexandra@dorsey.com

ERIC LOPEZ SCHNABEL (*pro hac vice*)
ALESSANDRA GLORIOSO (*pro hac vice*)
DORSEY & WHITNEY LLP
51 West 52nd Street
New York, NY 10019
Telephone: (212) 415-9200
Facsimile: (212) 953-7201
schnabel.eric@dorsey.com
clorioso.alessandra@dorsey.com

Attorneys for Chongqing Strategic Emerging
Industry LeEco Cloud Specialty Equity
Investment Fund Partnership

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| YUETING JIA, | Case No. 2:19-bk-24804-VZ |
| Debtor. | **CHONGQING STRATEGIC EMERGING INDUSTRY LEECO CLOUD SPECIAL EQUITY INVESTMENT FUND PARTNERSHIP'S SUPPLEMENTAL OBJECTION AND RESERVATION OF RIGHTS TO DEBTOR'S MOTION FOR AN ORDER APPROVING DISCLOSURE STATEMENT** |
| | Judge: Hon. Vincent P. Zurzolo |
| | **Re: Docket Nos. 94, 109, 222, 262** |

///

///

///

4848-2993-6818\2

Chongqing Strategic Emerging Industry LeEco Cloud Specialty Equity Investment Fund Partnership ("Chongqing") hereby files this supplemental objection and reservation of rights (the "Supplemental Objection") to the motion for an order approving the disclosure statement [Docket No. 222] (the "Disclosure Statement Motion") filed by the above-captioned debtor, Yueting Jia (the "YT") in the above-captioned chapter 11 bankruptcy case. In support of this Supplemental Objection, Chongqing states as follows:

## BACKGROUND

## CHONGQING'S RELATIONSHIP WITH YT

1. Chongqing is creditor of YT in the approximate amount of USD$255 million. Chongqing's claim arises out of that certain guaranty by YT pursuant to a Shares Purchase and Guaranty Agreement (the "Guaranty Agreement") to which YT and Chongqing are parties. Pursuant to the Guaranty Agreement, YT guaranteed the obligation of LeTV Holdings (Beijing) Co., Ltd. ("LeTV") to purchase the shares of LeCloud Computing Co., Ltd. held by Chongqing and other obligations owed to Chongqing by LeTV pursuant to the Guaranty Agreement.

2. LeTV was required to fulfill its obligations under the Guaranty Agreement and a demand issued on April 26, 2018 by Chongqing on or before May 25, 2018. LeTV defaulted on its obligations to Chongqing. YT failed to provide any payment to Chongqing pursuant to his obligations under the Guaranty Agreement.

3. On March 29, 2019, the China International Economic and Trade Arbitration Commission ("CIETAC") issued an award (the "Arbitral Award") requiring YT to undertake joint and several liabilities for an award in favor of Chongqing against LeTV and YT.

4. On June 14, 2019, Chongqing commenced an action before the Third Intermediate People's Court in Beijing in the People's Republic of China by

-2-

submitting an application to enforce its claims, which were affirmed by CIETAC in the Arbitral Award, against LeTV and YT.

**YT'S BANKRUPTCY CASE**

5. On October 14, 2019, YT commenced the above-captioned case (the "Bankruptcy Case") by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On the same date, YT filed the Debtor's Prepackaged Plan of Reorganization [Docket No. 4].

6. On October 25, 2019, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in the Bankruptcy Case.

7. On December 4, 2019, YT filed the Debtor's Motion for an Order (I) Approving Disclosure Statement, (II) Approving Voting and Tabulation Procedures, (III) Setting Confirmation Hearing and Related Deadlines, and (IV) Granting Related Relief [Docket No. 109] (the "Original Disclosure Statement Motion"), which sought approval of an Amended Disclosure Statement [Docket No. 94] filed on November 15, 2019.

8. On December 13, 2019, Chongqing filed an objection [Docket No. 142] (the "Original Objection") in response to the Original Disclosure Statement Motion.

9. On December 18, 2019, the Delaware Bankruptcy Court entered an order [Docket No. 178] transferring this Bankruptcy Case to this Court.

10. On January 16, 2010, YT filed the Disclosure Statement Motion, wherein YT requests approval of the Amended Disclosure Statement. The Disclosure Statement Motion was noticed to be heard on February 6, 2020.

11. On January 27, 2020, YT filed the Debtor's First Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code [Docket No. 261] (the "Plan").

-3-

4848-2993-6818\2

12. On January 28, 2020, YT filed the Second Amended Disclosure Statement with Respect to Debtor's First Amended Plan of Reorganization under Chapter 11 of the Bankruptcy Code [Docket No. 262] (the "Disclosure Statement").[1] A notice of filing regarding the Disclosure Statement [Docekt No. 264] indicates the hearing for the Court to consider the Disclosure Statement Motion will be held on February 6, 2020, at 11:00 a.m. PT.

13. To date, YT has not extended the deadline for objections to the Amended Disclosure Statement set forth in the Disclosure Statement Motion – January 30, 2020, at 4:00 p.m. PT – or adjourned the February 6 hearing on the Disclosure Statement Motion.

## CHONGQING'S ORIGINAL OBJECTION

14. In the Original Objection to the Original Disclosure Statement Motion, Chongqing asserts that the Disclosure Statement lacks adequate information for Chongqing to evaluate its potential recovery under the Plan and whether to accept or reject the Plan. Chongqing's objections relate to:

- The nature and enforceability of YT's right to transfer his interest in West Coast to the Trust, including information regarding the agreement or other mechanism pursuant to which YT is entitled to direct that transfer;
- YT's status as a creditor of Smart King and its affiliates;
- YT's relationships with certain insiders identified in the Amended Disclosure Statement, including the purchaser of Success Pyramid, the Funding Source who will contribute/lend funds to be used for administration of the Trust, Smart King lender and equity holder Evergrande, FF's lender BL Mobility Fundco, LLC, and the Trustee of the Trust proposed by the Plan;
- YT's Call Option with respect to shares of Smart King held by Season Smart
- Information regarding Smart King and FF affiliates' corporate structure,

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed in the Original Objection or the Disclosure Statement, as applicable.

-4-

4848-2993-6818\2

- ownership, governance, operations and indebtedness;
- Analyses regarding dilution of Smart King shares by a number of mechanisms described in the Disclosure Statement, such as equity incentive plans, a Series B Equity Financing, and a Smart King IPO;
- Limitations and prohibitions on the Trust Assets, namely injunctions and freezing orders issued by foreign courts as to assets of holding companies within Smart King's corporate structure;
- Timing information regarding the FF Global Partnership Program, such as whether and when the related transactions became fully consummated;
- Explanations regarding the Plan's proposed releases;
- Information regarding causes of action that are not subject to releases under the Plan, including their value and why they will not be contributed to the Trust;
- Analyses regarding potential recoveries and a liquidation analysis;
- Information regarding demands made in or the status of YT's divorce proceedings pending in the People's Republic of China; and
- The need for the Amended Disclosure Statement and other important documents to be publicly accessible in Chinese, without any need to register through the claims agent's website.

15. Chongqing reserved its rights to supplement the Original Objection as necessary. Original Objection ¶ 38.

### **SUPPLEMENTAL OBECTION**

16. Some, but not all, of Chongqing's objections from the Original Objection have been obviated by changes made to the Disclosure Statement. The changes made in the Plan and Disclosure Statement raise new objections to the adequacy of the Disclosure Statement. Accordingly, Chongqing hereby supplements its Original Objection.

-5-

4848-2993-6818\2

**THE TRUST AGREEMENT AND IDENTITY OF THE TRUSTEE**

17. The Plan contemplates that the Trust Agreement and Trustee of the Trust will be disclosed in a Plan Supplement. Plan §§ 1.1.93, 6.2(e). The terms of the Trust Agreement and the identity of the Trustee should be disclosed in the Disclosure Statement or exhibits thereto.

18. The Trust Agreement impacts important terms in the Plan, such as:

    a. Qualifications for and compensation of the Trustee, *id.* § 6.2(e);

    b. The interest rate applicable to priority claims, *id.* § 6.2(j)(ii);

    c. The meaning of "the economic equivalent of such Assets" the Plan proposes for YT to be able to receive from the Trust, *id.* § 6.2(j)(ii); and

    d. The identity of the arbitrator to adjudicate turnover actions brought by the Trustee against YT, *id.* §11.9.

19. The Trustee holds control over creditor recoveries such that creditors ought to understand who the Trustee will be before voting on the Plan. For example, the Trustee:

    a. May elect to extend the term of the Trust, *id.* § 6.2(g);

    b. May delay or defer the distribution of Trust Assets, *id.* § 6.2(i);

    c. May consent to YT's receipt of awards under the Future Equity Incentive Plan that exceed the amounts stated in the Plan, *id.* § 6.2(k);

    d. May consent to YT's transfer of the Call Option, *id.* § 6.2(l); and

    e. May evaluate whether YT failed to disclose property that should be part of the bankruptcy estate, *id.* § 11.9

20. The identity of the Trustee is especially a concern considering that YT tends to select insiders to manage important affairs. For instance:

- Jiawei Wang, the managing partner of FF Global, is YT's nephew.
- Lian Bossert, the individual who currently holds all preferred membership units in Pacific Technology purportedly as YT's nominee, is the daughter of a FF Group employee, Deng Chaoying.
- Ms. Chaoying receives YT's bank statements at her home address.
- The purchaser of Success Pyramid Ltd, Shaojie Chu, is married to YT's nephew, Jia Ruokun.

These relationships were discussed at the initial 341 meeting of creditors. Creditors ought to be able to consider, before voting on the Plan, the qualifications for a Trustee set forth in the Trust Agreement and whether the person designated to serve as Trustee satisfies them.

21. Similarly, any plans for the Trust to obtain financing, from whom, in what amounts, and on what terms should be disclosed. "Trust Financing" is referenced twice in the Disclosures Statement with no definition or description in the Disclosure Statement or the Plan. Disclosure Statement §§ V.H, V.I. Yet, the Plan proposes for the first distributions from the Trust to repay the Trust Financing, if any. *Id.* § V.I.; Plan § 6.2(j).

**NEED FOR ADDITIONAL DOCUMENTS AND DISCLOSURES REGARDING PLAN TRANSACTIONS**

22. The recently amended Plan provides that the Trust will become a member of Pacific Technology pursuant to an amended PT LLCA. A draft of the amended PT LLCA should be made available to creditors in connection with solicitation of the Plan. Additionally, YT should disclose documents or information sufficient to assure that: (a) FF Global, the managing member of Pacific Technology, agrees to be bound by the Plan; and (b) Lian Bossert, the current holder of the preferred units in Pacific Technology, consents to transfer of all preferred membership units to the Trust.

23. Creditors like Chongqing should have access to other relevant

-7-

documents and agreements to understand whether they permit the transactions contemplated by the Plan. These include:

a. The current LLC agreement or other governing documents (e.g. articles, bylaws), as well as any LLC agreement, articles of incorporation, or other governing documents in effect during and after 2018, for
   i. West Coast LLC,
   ii. Global Partners LLC,
   iii. FF Peak Holding Limited,
   iv. FF Top Holding Ltd., and
   v. Smart King Ltd. (the entities stated in "i" through "v" hereof, along with Pacific Technology, the "Entities").
b. Documents disclosing the directors, officers, managers, and shareholders of each of the Entities from 2018 through present.
c. The restructuring agreement between Smart King and Season Smart dated December 31, 2018.
d. A copy of the proposed Future Equity Incentive Plan for Smart King, as well as documents establishing and/or implementing the following incentive plans, and evidence of any awards granted and outstanding to date under:
   i. The Short-Term Incentive Plan,
   ii. The 2018 Equity Plan, or
   iii. Any "other equity incentives or conversion of securities," as referenced in Section II.C.2.e of the Disclosure Statement.
e. A copy of any valuation reports regarding any of the Entities or YT's direct or indirect ownership interest in the Entities.

f.  Any injunctions, freezing orders, or documents providing for prohibitions or restrictions relating to the assets of any of the Entities.

g.  To the extent not provided for above, documentation that supports transfer of 10% of FF Top's equity interest in Smart King to the Trust

## INFORMATION EXPLAINING OR CLARIFYING CERTAIN TERMS OF THE PLAN IMPACTING DISTRIBUTIONS TO CREDITORS

24.  The Plan proposes certain treatment of claims that is not, but should be, explained or clarified in either the Disclosure Statement or the Plan itself.

### The "Allowed Debt Claim Allocation Amount"

25.  The definition of "Allowed Debt Claim Allocation Amount" must be explained or clarified. The Plan defines this term as "the Allowed amount of a Debt Claim together with any unpaid interest at the rate of four percent (4%) per annum from the time the underlying debt arose through the Petition Date." Plan § 1.1.4. It is unclear whether the four percent interest rate is intended to replace or add on to otherwise applicable interest rates on the principal amounts of Debt Claims. If a replacement, the Disclosure Statement must explain why YT has chosen to essentially disallow portions of claims with interest that accrued at higher rates, or conversely grant a windfall for claims with interest that accrued at lower rates or not at all. The Disclosure Statement should provide a legal justification for use of the Allowed Debt Claim Allocation Amount, which results in disparate treatment of similarly situated creditors, e.g. by treating their debts as though they were incurred at the same time and at the same interest rates, even though the debts were incurred at a variety of times and at a variety of interest rates.

-9-

### Proposed Distributions to YT

26.     The Disclosure Statement fails to and should explain why YT is proposed in the Plan's Distribution Waterfall to receive "5% of Trust Assets (or the economic equivalent of such Trust Assets as set forth in the Trust Agreement)" while holders of Allowed Debt Claims receive 95% of the remaining Trust Assets. Plan § 6.2(j)(ii).  Plus, the Distribution Waterfall contemplates that YT will receive Trust Assets once all Debt Claims are paid in full.  *Id.* § 6.2(j)(iv).  The Disclosure Statement and Plan indicate that the Future Equity Incentive Plan is meant to "reward YT for achieving FF's strategic goals."  Disclosure Statement § II.C.5; Plan § 6.2(k).  The Disclosure Statement should explain why YT should take any Trust Assets before holders of Debt Claims are paid in full, including in light of the other incentives provided through the Distribution Waterfall and Future Equity Incentive Plan.

### Releases

27.     The Plan's release section contains a new "Standstill Period" release applicable to holders of Allowed Debt Claims.  Plan § 11.4(c).   It provides that while the holder of an Allowed Debt Claim may not assert certain new Causes of Action against YT in non-U.S. jurisdictions for four years after the Effective Date, actions to "pursue Other Distributions through judicial authorities in the PRC to satisfy such holder's Debt Claim through a mechanism that will be mutually agreed to by the parties," is permitted.  *Id.*  Any "mechanism" for pursuing Other Distributions that YT will agree to, as well as through what means he would agree, should be disclosed in the Disclosure Statement.  Otherwise, Chongqing has no way of ascertaining whether it can pursue Other Distributions.

28.     Additionally, the Standstill Period provision provides that limitations periods applicable to Causes of Action that creditors refrain from asserting in non-U.S. jurisdictions "to the extent not previously expired, shall be tolled for the duration of the Standstill Period."  *Id.*  Neither the Plan nor

Disclosure Statement explains or assures whether non-U.S. jurisdictions in which creditors may assert claims will honor a tolling agreement.

**Occurrence of Discharge Date as Condition Precedent to Effective Date**

29. The Plan provides that the occurrence of the Discharge Date is a condition precedent to the Effective Date. Plan § 10.2(b). The "Discharge Date" is defined as "the date upon which the Court grants the Debtor a discharge upon the earlier of: (a) distribution of the Trust Interests to the holders of Allowed Debt Claims and (b) all Allowed Claims shall have been paid under the Plan." *Id.* § 1.1.33. Yet, the Effective Date marks the date of commencement of the initial term of the Trust, *id.* § 6.2(g), as well as the date that the PT LLCA is supposed to be amended. *Id.* § 6.2(a)(i).

30. Section 1141(d)(5) of the Bankruptcy Code requires that all payments under a plan be made before an individual debtor is granted a discharge "unless after notice and a hearing the court orders otherwise for cause." 11 U.S.C. § 1141(d)(5). Section 1141(d)(5) sets forth other conditions upon which the Court may grant a discharge which require a finding that the value of property distributed under a plan on the effective date on account of allowed unsecured claims is not less than the amount that would have been paid on such claims under a chapter 7 liquidation. *Id.* § 1141(d)(5)(B)(i).

31. YT fails to explain in the Disclosure Statement, the Disclosure Statement Motion, or anywhere else why the Discharge Date should occur before unsecured claims (Allowed Debt Claims) are paid in full. The Disclosure Statement also fails to explain how it is feasible for the Discharge Date to be a condition precedent to the effective date when distributions under the Plan are teed off the Effective Date.

4848-2993-6818\2

## CONCLUSION

32. For the reasons stated herein and in the Original Objection, Chongqing respectfully requests that the Court deny the Motion until such time as YT remedies the deficiencies identified herein and in the Original Objection.

## FURTHER RESERVATION OF RIGHTS

33. Chongqing has submitted this Supplemental Objection based on only two days' review of the Plan and Disclosure Statement, which were filed on January 27 and 28, respectively. YT filed the Plan and Disclosure Statement in the middle of Chinese New Year, which commenced on January 25 and spans about a week, during which time most businesses in China are closed. Accordingly, Chongqing reserves its rights to submit further supplement the Original Objection and this Supplemental Objection as necessary.

Dated: January 30, 2020

**DORSEY & WHITNEY LLP**

*/s/ Alexandra Krasovec*
Alexandra Krasovec (SBN 279578)
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626
Telephone: 714-800-1400
Email: krasovec.alexandra@dorsey.com

Eric Lopez Schnabel (*pro hac vice*)
Alessandra Glorioso (*pro hac vice*)
51 West 52 Street
New York, NY 10019
Telephone: (212) 415-9200
E-mail: schnabel.eric@dorsey.com
glorioso.alessandra@dorsey.com

*Attorneys for Chongqing Strategic Emerging Industry Leeco Cloud Special Equity Investment Fund Partnership*

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Dorsey & Whitney LLP
600 Anton Boulevard, Suite 2000, Costa Mesa, CA  92626

A true and correct copy of the foregoing document entitled (*specify*): Chongqing Strategic Emerging Industry LeEco Cloud Special Equity Investment Fund Partnership's Supplemental Objection and Reservation of Rights to Debtor's Motion for an Order Approving Disclosure Statement

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 01/30/2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Tanya Behnam - tbehnam@polsinelli.com; tanyabehnam@gmail.com
Jeffrey W. Dulberg - jdulberg@pszjlaw.com --- Malhar S. Pagay - mpagay@pszjlaw.com; bdassa@pszjlaw.com
David W. Meadows - david@davidwmeadowslaw.com
Kelly L. Morrison - kelly.l.morrison@usdoj.gov

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/30/2020 | Vanessa J. Claridge | *(signature)* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                              F 9013-3.1.PROOF.SERVICE

## TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):

- **Christopher E Prince**  cprince@lesnickprince.com; jmack@lesnickprince.com; cprince@ecf.courtdrive.com
- **Randye B Soref**  rsoref@polsinelli.com; ccripe@polsinelli.com; ladocketing@polsinelli.com
- **United States Trustee (LA)**  ustpregion16.la.ecf@usdoj.gov
- **Emily Young**  pacerteam@gardencitygroup.com; rjacobs@ecf.epiqsystems.com; ECFInbox@epiqsystems.com