| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| POLSINELLI LLP<br>Randye B. Soref (SBN 99146)<br>Tanya Behnam (SBN 322593)<br>2049 Century Park East, Suite 2900<br>Los Angeles, CA 90067<br>Telephone: 310.556.1801<br>Facsimile: 310.556.1802<br>Email: rsoref@polsinelli.com<br>Email: tbehnam@polsinelli.com | |
| ☐ *Movant(s) appearing without an attorney*<br>☒ *Attorney for Movant(s)* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>YEUTING JIA,<br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:19-bk-24804-VZ<br>CHAPTER: 11<br><br><br>**DECLARATION THAT NO PARTY**<br>**REQUESTED A HEARING ON MOTION**<br>**LBR 9013-1(o)(3)**<br><br><br>[No Hearing Required] |
|---|---|

1. I am the ☐ Movant(s) or ☒ attorney for Movant(s) or ☐ employed by attorney for Movant(s).

2. On (*date*): **01/14/2020**    Movant filed a motion or application (Motion) entitled: Application of the Official Committee of Unsecured Creditors to Employ Polsinelli LLP, Nunc Pro Tunc to December 28, 2019, as Co-Counsel for the Official Committee of Unsecured Creditors [docket 207] and Notice of Application of the Official Committee of Unsecured Creditors to Employ Polsinelli LLP, *Nunc Pro Tunc* to December 28, 2019, etc. [docket 208]

3. A copy of the Motion and notice of motion is attached to this declaration.

4. On (*date*): **01/14/2020**    Movant(s), served a copy of ☒ the notice of motion or ☒ the Motion and notice of motion on required parties using the method(s) identified on the Proof of Service of the notice of motion.

5. Pursuant to LBR 9013-1(o), the notice of motion provides that the deadline to file and serve a written response and request for a hearing is 14 days after the date of service of the notice of motion, plus 3 additional days if served by mail, or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

6. More than **17** days have passed after Movant(s) served the notice of motion.

7. I checked the docket for this bankruptcy case and/or adversary proceeding, and no response and request for hearing was timely filed.

8. No response and request for hearing was timely served on Movant(s) via Notice of Electronic Filing, or at the street address, email address, or facsimile number specified in the notice of motion.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

9.   Based on the foregoing, and pursuant to LBR 9013-1(o), a hearing is not required.

Movant(s) requests that the court grant the motion and enter an order without a hearing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: February 3, 2020          /s/ Tanya Behnam
                                Signature

                                TANYA BEHNAM
                                Printed name

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                        Page 2               F 9013-1.2.NO.REQUEST.HEARING.DEC

**POLSINELLI LLP**
Randye B. Soref (SBN 99146)
Tanya Behnam (SBN 322593)
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone:    310.556.1801
Facsimile:    310.556.1802
Email:    rsoref@polsinelli.com
Email:    tbehnam@polsinelli.com

*Proposed Co-Counsel for*
*The Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>Yeuting Jia<br><br>        Debtor, | Chapter 11<br><br>Case No.: 2:19-bk-24804-VZ<br><br>**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY POLSINELLI LLP, *NUNC PRO TUNC* TO DECEMBER 28, 2019, AS CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO 11 U.S.C. §1103, BANKRUPTCY RULE 2014, AND LOCAL RULE 2014-1**<br><br>[No Hearing Required Unless Requested – Local Bankruptcy Rule 2014-1(b)] |

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

1    The Official Committee of Unsecured Creditors (the "**Committee**") of Yeuting Jia, the

2    debtor and debtor-in-possession (the "**Debtor**"), hereby requests entry of an order pursuant to

3    section 1103 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014(a) of

4    the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2014-1 of the Local

5    Rules of the United States Bankruptcy Court for the Central District of California (the "**Local**

6    **Rules**"), and the Guidelines for Reviewing Applications for Compensation and Reimbursement

7    of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases (the "**U.S.**

8    **Trustee Guidelines**") authorizing the Committee to retain and employ Polsinelli LLP

9    ("**Polsinelli**"), *nunc pro tunc* to December 28, 2019, the date of the Committee's selection of

10   Polsinelli as co-counsel. In support of the application (the "**Application**"), the Committee relies

11   on the (i) Declaration of Randye B. Soref in Support of the Application of the Official

12   Committee of Unsecured Creditors to Polsinelli LLP, *Nunc Pro Tunc* to December 28, 2019, as

13   Counsel for the Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. § 1103,

14   Bankruptcy Rule 2014, and Local Rule 2014-1 (the "**Soref Declaration**"), which is attached

15   hereto as **Exhibit A**, and (ii) the Declaration of John Du, Chairperson of the Committee, in

16   support of this Application (the "**Du Declaration**"), attached hereto as **Exhibit B**. In further

17   support of this Application, the Committee respectfully represents as follows:

### I. Jurisdiction

19   1.    The Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334.

20   2.    This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court

22   may enter a final order consistent with Article III of the United States Constitution.

23   3.    Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

24   4.    The statutory predicate for the relief sought herein are sections 328(a) 1103 of the

25   Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules, and Rules 2014-1 of the Local Rules.

26   5.    Relief is also proper pursuant to Bankruptcy Rule 2014 and the Local Rule 2014-1.

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

6.      Polsinelli will seek Court authority to be paid from the Debtor's estate for any and all fees incurred and expenses advanced and recognizes that all such fees and expenses will be subject to Court order after notice and a hearing pursuant to 11 U.S.C. §§330 and 331.

**A.      General Background**

7.      On October 14, 2019 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware ("**Delaware Bankruptcy Court**"). [Case No.: 2:19-bk-24804-VZ (the "**Bankruptcy Case**"), Docket No. 1].

8.      No trustee or examiner has been appointed in the Chapter 11 Case.

9.      Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to manage his properties and operate his business as debtor-in-possession.

10.      On October 25, 2019, the Office of the United States Trustee ("**OUST**") for the District of Delaware appointed the Committee pursuant to § 1102(a)(1) of the Bankruptcy Code. [Docket No. 45].

11.      The Committee is comprised of five members: (i) Ping An Bank., Ltd. Beijing Branch; (ii) China Minsheng Trust Co., Ltd.; (iii) Shanghai Leyu Chuangye Investment Management Center LP; (iv) Jiangyin Hailan Investment Holding Co., Ltd., and (v) Shanghai Qichengyueming Investment Partnership Enterprise.

12.      On October 25, 2019, the Committee selected Lowenstein Sandler LLP ("**Lowenstein**") to serve as its lead counsel. The Committee subsequently selected Alvarez & Marsal North America, LLC ("**Alvarez & Marsal**") to serve as its financial advisor in the Chapter 11 Case.

13.      On December 12, 2019, the Delaware Bankruptcy Court approved the Committee's application to employ and retain Lowenstein as its lead counsel and Alvarez & Marsal as its financial advisor. [Docket Nos. 132-133].

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

1    14.    On December 19, 2019, the Delaware Bankruptcy Court entered an order

2   transferring the above-captioned Chapter 11 Case to the Central District of California, Los

3   Angeles Division. [Docket No. 178].

4    15.    On December 28, 2019, the Committee selected Polsinelli to serve as its local co-

5   counsel in the Chapter 11 Case.

6    16.    The factual background regarding the Debtor is set forth in detail in the *Omnibus*

7   *Declaration of Yeuting Jia*, filed on October 17, 2019. [Docket No. 18].

8                    **II. Employment of Co-Counsel for the Committee**

9    17.    Pursuant to section 1103(a) of the Bankruptcy Code and Bankruptcy Rule 2014, the

10   Committee requests entry of the proposed order attached hereto as **Exhibit C**, approving the

11   employment and retention of Polsinelli, *nunc pro tunc* to December 28, 2019, as its co-counsel in

12   connection with this Chapter 11 Case, on an hourly-rate basis, plus properly reimbursable

13   expenses and out-of-pocket costs as an expense of administration.

14        **A.    The Committee Requires Local Counsel and Has Selected Polsinelli**

15    18.    To assist a statutory committee with its rights and duties under section 1103(c) of

16   the Bankruptcy Code, a statutory committee may retain counsel. *See* 11 U.S.C. § 1103(a).

17   Specifically, § 1103(a) provides, in relevant part, that "[a]t a scheduled meeting of a committee

18   appointed under section 1102 of this title, at which a majority of the members of such committee

19   are present, and with the court's approval, such committee may select and authorize the

20   employment by such committee of one or more attorneys . . . to represent the committee." *Id.*

21    19.    Upon transfer of the Bankruptcy Case and as required by the Local Bankruptcy

22   Rules, the Committee determined it necessary to employ Polsinelli as co-counsel whose attorneys

23   are admitted to this Court to render the professional services described herein, and that without

24   such professional assistance, meaningful participation by the Committee in the Bankruptcy Case,

25   including the evaluation of the Debtor's assets and the negotiation, promulgation and evaluation of

26   any plan of reorganization would not be possible.

27

28

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY POLSINELLI LLP AS CO-
COUNSEL

20.     Since being selected as proposed co-counsel for the Committee, Polsinelli has undertaken a comprehensive search for conflicts and "connections" related to the many parties in interest in the Bankruptcy Case.

21.     In order to compensate Polsinelli for the important work performed prior to the submission of this Application, the Committee requests that this Court approve this Application *nunc pro tunc* to December 28, 2019, the date the Committee selected Polsinelli as co-counsel. This Court and courts in other districts routinely grant applications to employ professionals *nunc pro tunc* in complex chapter 11 cases such as this. *See, e.g., In re United Cos. Fin. Corp.*, 241 B.R. 521, 526 (Bankr. D. Del. 1999) (Walrath, J.) (noting that "the UST recognizes that in large chapter 11 cases, given the press of urgent matters to be determined in the early days of the chapter 11 proceeding, the preparation and filing of retention applications for all professionals may be delayed" and adding that if such applications are filed within 30 days, "the UST will not ordinarily object.").

22.     The Committee's selection of Polsinelli on December 28, 2019 necessitated that Polsinelli immediately commence work on time-sensitive matters and promptly devote substantial resources to the Debtor's Chapter 11 Case pending submission and approval of this Application.

**B.      Polsinelli's Eligibility for Employment as Co-Counsel for the Committee**

23.     To assist a statutory committee with its rights and duties under section 1103(c) of the Bankruptcy Code, a statutory committee may retain counsel. *See* 11 U.S.C. § 1103(a). Specifically, § 1103(a) provides, in relevant part, that "[a]t a scheduled meeting of a committee appointed under section 1102 of this title, at which a majority of the members of such committee are present, and with the court's approval, such committee may select and authorize the employment by such committee of one or more attorneys . . . to represent the committee." *Id.*

24.     Pursuant to section 1103(b) of the Bankruptcy Code, "an attorney . . . employed to represent a committee appointed under section 1102 of this title may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case. Representation of one or more creditors of the same class as represented by the committee shall

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY POLSINELLI LLP AS CO-COUNSEL

1    not per se constitute the representation of an adverse interest." 11 U.S.C. § 1103(b). Polsinelli has

2    advised the Committee that Polsinelli does not hold or represent any other entity having an adverse

3    interest in connection with the Chapter 11 Case, and does not have any connections with the

4    Bankruptcy Judge presiding over the Chapter 11 Case, the United States Trustee for Region 16 or

5    any person employed by the OUST, except as set forth in the Soref Declaration, submitted herewith

6    and setting forth Polsinelli's connections with the Debtor, its creditors and other parties-in-interest.

7        25.    The Committee selected Polsinelli because of the firm's extensive experience and

8    knowledge in the field of creditors' rights, business reorganizations and liquidations under Chapter

9    11 of the Bankruptcy Code, its knowledge of the Debtor's industry and its expertise and

10   experience representing official committees of unsecured creditors in numerous other chapter 11

11   bankruptcy cases, including, without limitation: Lead counsel to the Official Committee of

12   Unsecured Creditors of Don Rose Oil Co., Inc., Co- counsel to the Official Committee of

13   Unsecured Creditors of Astria Health, *et al.*; Co-counsel to the Official Committee of Unsecured

14   Creditors of EP Energy Corporation, *et al.*; Lead counsel to Official Committee of Unsecured

15   Creditors of L.K. Bennett U.S.A., Inc.; Lead counsel to Official Committee of Unsecured

16   Creditors of Cherry Bros., LLC d/b/a Cherrydale Farms, *et al.*; bankruptcy counsel and conflicts

17   counsel to the Official Committee of Vestis Retail Group, LLC and eight of its subsidiaries and

18   affiliated debtors; bankruptcy counsel and conflicts counsel to the Official Committee of

19   Golfsmith International Holdings, Inc. and its debtor affiliates; bankruptcy counsel and conflicts

20   counsel to the Official Committee of TCEH Unsecured Creditors of Energy Future Competitive

21   Holdings Company LLC, Texas Competitive Electric Holdings Company LLC, and their direct

22   and indirect subsidiaries; bankruptcy counsel and conflicts counsel to the Official Committee of

23   Unsecured Creditors of VGR Liquidating, LLC and its affiliated Debtors; bankruptcy counsel and

24   conflicts counsel to the Official Committee of Unsecured Creditors of Santa Fe Gold Corporation;

25   bankruptcy counsel and conflicts counsel to the Official Committee of Allied Nevada Gold Corp.;

26   Co-counsel to Official Committee of Student Creditors in Corinthian Colleges; Lead counsel to

27   Official Committee of Unsecured Creditors of H. Krevit Company, Inc., et al.; Lead counsel to

28

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY POLSINELLI LLP AS CO-
COUNSEL

1  Official Committee of Unsecured Creditors of Osage Exploration and Development, Inc.;

2  bankruptcy counsel to the Official Committee of Unsecured Creditors of The Standard Register

3  Company; Bankruptcy Counsel to Official Committee of Unsecured Creditors of Saab Cars North

4  America; bankruptcy counsel to Official Committee of Unsecured Creditors of Simplexity, LLC;

5  Lead counsel to Official Committee of Unsecured Creditors of Open Range Communications, Inc.;

6  Lead counsel to Official Committee of Unsecured Creditors of Ultimate Escapes, LLC; and Lead

7  counsel to Official Committee of Unsecured Creditors of Crossroads Wireless, among many other

8  engagements.

9      26.     Polsinelli is a national firm with twenty-one (21) offices in the United States,

10  including three in the state of California, with one of those offices located in Los Angeles.

11      27.     Randye B. Soref, the Polsinelli partner who will be responsible for Polsinelli's

12  representation of the Committee, has over thirty (30) years of experience representing creditors'

13  committees in bankruptcy cases. Ms. Soref is admitted to practice law and is a member in good

14  standing of the bar in the state of California.

15      28.     The Committee believes that the retention of Polsinelli is in the best interests of the

16  Debtor's estate and its creditors.

17      29.     Pursuant to section 1103(a) of the Bankruptcy Code, the Committee requests that

18  this Court approve the employment of Polsinelli as its local co-counsel to, among other things:

19          a)  advising the Committee with respect to its rights, duties, and powers in the Chapter

20              11 Case;

21          b)  assisting and advising the Committee in its consultations with the Debtor relative

22              to the administration of the Chapter 11 Case;

23          c)  assisting the Committee in analyzing the claims of the Debtor's creditors and in

24              negotiating with holders of claims;

25          d)  assisting the Committee in its investigation of the acts, conduct, assets, liabilities,

26              and financial condition of the Debtor;

27          e)  assisting the Committee in analyzing the plan and disclosure statement;

28

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY POLSINELLI LLP AS CO-
COUNSEL

f) assisting and advising the Committee regarding communications with unsecured creditors regarding significant matters in the Chapter 11 Case;

g) representing the Committee at hearings and other proceedings;

h) reviewing and analyzing applications, orders, statements of operations, and schedules filed with the Court and advising the Committee as to their propriety;

i) assisting the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives in the Chapter 11 Case, including without limitation, the preparation of retention papers and fee applications for the Committee's professionals, including Polsinelli;

j) preparing, on behalf of the Committee, any pleadings, including without limitation, motions, memoranda, complaints, adversary complaints, objections, or comments in connection with any of the foregoing;

k) advise the Committee on practice and procedure before the United States Bankruptcy Court for the Central District of California regarding the Local Rules and local practice;

l) act as conflicts counsel in matters where Committee co-counsel is unable to act; and

m) performing such other legal services as may be required or are otherwise deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules, or other applicable law.

### III. Interim Compensation

30.    Subject to Court approval and, in accordance with sections 330 and 331 of the Bankruptcy Code, Polsinelli has advised the Committee that it intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, U.S. Trustee Guidelines, and any administrative compensation order entered in this Chapter 11 Case. Polsinelli shall seek to be paid

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY POLSINELLI LLP AS CO-COUNSEL

1  on an hourly basis, plus reimbursement of its actual and necessary expenses incurred, in

2  connection with representing the Committee in this Chapter 11 Case from the Debtor's estate.

3  Polsinelli recognizes that the payment of its fees and expenses will be subject to Court order after

4  notice and a hearing pursuant to 11 U.S.C. §330. Polsinelli's compensation shall be in accordance

5  with the ordinary and customary rates which are in effect on the date the services are rendered.

6      31.    Polsinelli has not shared or agreed to share its compensation for representing the

7  Committee with any other person or entity, except among its members.

8      32.    Polsinelli will provide monthly billing statements to the Committee that will set

9  forth the amount of fees incurred and expenses advanced by Polsinelli during the previous month.

10     33.    Polsinelli understands the provisions of 11 U.S.C. §§ 328, 330 and 331 which

11 require, among other things, Court approval of the Committee's employment of Polsinelli as

12 Committee co-counsel and of all legal fees and reimbursement of expenses that Polsinelli will

13 receive from the Debtor and its bankruptcy estate.

14     34.    The proposed rates of compensation, subject to final Court approval, are the

15 customary hourly rates in effect when services are performed by the attorneys, paralegals, and staff

16 who provide services to the Committee. These hourly rates are subject to periodic adjustment and

17 the Committee has been advised of that fact.

18     35.    The current hourly rates of the Polsinelli professionals anticipated to be primarily

19 staffed on this matter are set forth in the chart below.

| Attorney | Status | Hourly Rate |
|---|---|---|
| Randye B. Soref | Partner | $796.50 |
| Bradley R. Gardner | Partner | $490.50 |
| Tanya Behnam | Associate | $382.50 |

24     36.    Copies of the individual profiles of the attorneys at Polsinelli who are currently

25 staffed on this matter are attached to the Soref Declaration as Exhibit 3. The hourly charges set

26 forth above are based upon the experience and expertise of the attorney or legal assistant involved.

27 The hourly rates of the shareholders that will be primarily responsible for Polsinelli's

28

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

9

1   representation of the Committee in this case range from $380 to $800. The hourly rates of the

2   associates that will be primarily responsible for Polsinelli's representation of the Committee in this

3   case range from $290 to $560.  The hourly rates of the paralegals that will be primarily responsible

4   for Polsinelli's representation of the Committee in this case range from $198 to $306. The hourly

5   rates are subject to periodic adjustments, which typically occur annually on or about September 1,

6   to reflect economic and other conditions. Polsinelli will advise the Committee, the Debtor and the

7   OUST of any increases in its hourly rates.

8       37.    As this case proceeds, additional Polsinelli partners, associates and paralegals may

9   be assigned to work on this case, and others currently assigned may complete their assigned tasks.

10  To the fullest extent possible, lawyers having the requisite expertise who already have knowledge

11  with respect to these areas and/or the matter involved will be assigned to this case so that

12  duplication of efforts is avoided. Consistent with the ranges of hourly rates described above, the

13  hourly rates of the other Polsinelli partners, associates and paralegals that hereafter act for the

14  Committee may be higher or lower than those of the persons presently assigned to this matter.

15      38.    Polsinelli will maintain detailed, contemporaneous records of time and any

16  necessary costs and expenses incurred in connection with rendering the legal services described

17  above.

18      39.    It is Polsinelli's policy to charge its clients in all areas of practice for all actual and

19  necessary expenses incurred in connection with each client's case. These customary items include,

20  among other things, photocopying, facsimiles[1], travel, business meals, computerized research,

21  postage, witness fees, and other fees related to trials and hearings. Internal costs or overhead cost

22  and document production services (including regular secretarial and word processing time), will

23  not be charged for separately. Polsinelli will charge the Debtor's estate for the expenses incurred

24  by Polsinelli on behalf of the Committee in a manner and at rates consistent with charges made

25  generally to Polsinelli's other clients and in a manner consistent with the Local Rules and the U.S.

26  Trustee Guidelines.

27  _____

28  [1] Polsinelli will not charge for incoming facsimile.

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY POLSINELLI LLP AS CO-
COUNSEL

40.    Polsinelli understands that Lowenstein and Polsinelli will allocate their delivery of services to the Committee so as to avoid any unnecessary duplication of services. Moreover, the Committee believes that the efficient allocation of responsibility for legal matters in this Bankruptcy Case between Lowenstein and Polsinelli will reduce the cost of monitoring this proceeding, as well as the time and expense associated with travel by Lowenstein with respect to matters that can be handled by Polsinelli as co-counsel. It is the carefully considered view of the Committee that, considering the size and complexity of these cases and the various interests involved, co-representation of the Committee by Polsinelli is necessary and in the best interests of the Committee.

41.    To the extent authorized under any order authorizing the Debtor to obtain post-petition financing and/or use cash collateral, Polsinelli may receive interim compensation payments in a manner comparable to Debtor's counsel and consistent with any future Order setting interim compensation procedures.

42.    Polsinelli is not a creditor, an equity security holder or an insider of the Debtor.

43.    To the best of its knowledge, Polsinelli does not have any previous connection with any insider of the Debtor or any insider of an insider of the Debtor. Polsinelli is not and was not an investment banker for any outstanding security of the Debtor. Polsinelli has not been within three years before the Petition Date an investment banker for a security of the Debtor, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtor.

44.    Neither Polsinelli nor any member of Polsinelli is, nor was, within two years before the Petition Date, a director, officer, or employee of the Debtor or of any investment banker for any security of the Debtor.

45.    As set forth in the Soref Declaration, filed contemporaneously herewith, to the best of Polsinelli's knowledge, (i) Polsinelli does not hold or represents any interest materially adverse to the interest of the Committee, the Debtor, the Debtor's bankruptcy estate, or any class of creditors or other party in interest by reason of any direct or indirect relationship to, connection

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY POLSINELLI LLP AS CO-COUNSEL

1   with, or interest in, the Debtor or an investment banker for any security of the Debtor, or for any

2   other reason, (ii) Polsinelli has no connection with the U.S. Trustee or any other person employed

3   in the OUST, and (iii) Polsinelli has not been paid any retainer against which to bill fees and

4   expenses. To the best of the Committee's knowledge, Polsinelli has no connection with creditors or

5   any other party in interest except as otherwise noted in the Soref Declaration.

6       46.    Pursuant to Bankruptcy Rule 2014, Polsinelli's "connections" with the Debtor, its

7   creditors and other parties in interest are set forth in the Soref Declaration. The names of the

8   entities searched for purposes of disclosing Polsinelli's connections are set forth on Exhibit 1 to

9   the Soref Declaration. As stated in the Soref Declaration, in order to check and clear potential

10  conflicts of interest in this Chapter 11 Case, Polsinelli researched its client database, to determine

11  whether Polsinelli had any relationships with the following entities:

12          a)  the Debtor and any affiliated entities;

13          b)  the Debtor's officers and directors;

14          c)  the Debtor's secured lenders and equity holders;

15          d)  the Debtor's largest unsecured creditors; and

16          e)  certain other parties in interest listed in Exhibit 1.

17      47.    Further, to the best of Polsinelli's and the Committee's knowledge, based upon a

18  review of the parties, as detailed in the Soref Declaration, Polsinelli and all of the attorneys

19  comprising or employed by it are believed to be "disinterested persons" as the Committee

20  understands this term to be defined, within the meaning of section 101(14) and 101(31) of the

21  Bankruptcy Code, as modified by section 1103(b) of the Bankruptcy Code. In addition, based

22  upon such review, insofar as the Committee has been able to ascertain, Polsinelli does not hold or

23  represent any entity in the Debtor's case having an adverse interest in connection with the matters

24  upon which Polsinelli is to be engaged, and does not have any material connection either with the

25  Debtor, its creditors, or any other party in interest in this case or with their respective attorneys or

26  accountants, other than as disclosed in the Soref Declaration.

27

28

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

12

1

### IV. Statement Regarding U.S. Trustee Guidelines

2      48.      In compliance with the U.S. Trustee Guidelines, Polsinelli shall apply for

3    compensation for professional services rendered and reimbursement of expenses incurred in

4    connection with the Debtor's Chapter 11 Case in compliance with sections 330 and 331 of the

5    Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other

6    applicable procedures and orders of the Court.

7      49.      Polsinelli also intends to make a reasonable effort to comply with the U.S.

8    Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee

9    Guidelines, both in connection with this application and the interim and final fee applications to be

10   filed by Polsinelli in this case.

11     50.      The following is provided in response to the request for additional information set

12   forth in Paragraph D.1. of the Revised UST Guidelines:

| | | |
|---|---|---|
| 13 14 | **Question:** | Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? |
| 15 16 | Response: | No, Polsinelli has not agreed to any variation from its customary billing arrangements. |
| 17 18 | **Question:** | Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? |
| 19 20 | Response: | No, Polsinelli's professionals included in this engagement have not varied their rate based on the geographic location of this Chapter 11 Case. |
| 21 22 23 | **Question:** | If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference. |
| 24 25 26 | Response: | Polsinelli did not represent the Committee in the 12 months prepetition. Polsinelli has in the past represented, currently represents, and may represent in the future certain Committee members and/or their affiliates in their capacities as official committee members in other chapter 11 cases. |
| 27 28 | **Question:** | Has your client approved your prospective budget and staffing plan, and, if so for what budget period? |

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

13

Response:    The Committee will be approving a prospective budget and staffing plan for Polsinelli's engagement as appropriate. In accordance with the 2013 UST Guidelines, the budget may be amended as necessary to reflect changed or unanticipated developments.

## V. Notice

51.    Notice of this Application has been given to the following parties or, in lieu thereof, to their counsel, if known: (i) the OUST; (ii) the Debtor; (iii) the Debtor's pre- and postpetition secured lender; and (iv) those persons who have requested notice pursuant to Bankruptcy Rule 2002. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## VI. No Prior Request

52.    No previous request for the relief sought in this Application has been made to this Court or any other Court.

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY POLSINELLI LLP AS CO-COUNSEL

**WHEREFORE,** the Committee hereby respectfully requests that it be authorized to retain and employ Polsinelli LLP as its local co-counsel *nunc pro tunc* to December 28, 2019 and that Polsinelli be paid such compensation as may be allowed by this Court, and for such other further relief as is deemed just and proper.

Dated: January 14, 2020.                    Respectfully submitted,

The Official Committee of Unsecured
Creditors of Yeuting Jia

By:
John Du, Committee Chair, solely in his capacity as authorized representative of Committee member Ping An Bank and not in his individual capacity.

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

15
APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY POLSINELLI LLP AS CO-COUNSEL
71934547.6

# EXHIBIT "A"

1    **POLSINELLI LLP**
2    Randye B. Soref (SBN 99146)
      Tanya Behnam(SBN 322593)
3    2049 Century Park East, Suite 2900
      Los Angeles, CA 90067
4    Telephone:    310.556.1801
      Facsimile:    310.556.1802
5    Email:    rsoref@polsinelli.com
6    Email:    tbehnam@polsinelli.com

7
8    *Proposed Co-Counsel for*
      *The Official Committee of Unsecured Creditors*

9
10              **UNITED STATES BANKRUPTCY COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12                    **LOS ANGELES DIVISION**

13    In re                                Chapter 11

14    Yeuting Jia

15              Debtor,            Case No.: 2:19-bk-24804-VZ

16                                **DECLARATION OF RANDYE B. SOREF
                                  IN SUPPORT OF APPLICATION OF
17                                THE OFFICIAL COMMITTEE OF
                                  UNSECURED CREDITORS TO
18                                EMPLOY POLSINELLI LLP, *NUNC PRO
                                  TUNC* TO DECEMBER 28, 2019, AS CO-
19                                COUNSEL FOR THE OFFICIAL
                                  COMMITTEE OF UNSECURED
20                                CREDITORS PURSUANT TO 11 U.S.C.
                                  §1103, BANKRUPTCY RULE 2014, AND
21                                LOCAL RULE 2014-1**

22
                                  [No Hearing Required Unless Requested -
23                                Local Bankruptcy Rule 2014-1(b)]

24
25
26
27
28

16
APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY POLSINELLI LLP AS CO-
COUNSEL

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

I, Randye B. Soref, hereby declare:

1.      I am a Principal of the firm of Polsinelli LLP ("**Polsinelli**"). I am an attorney duly admitted to practice in the State of California and the United States District Court for the Central District of California. I make this declaration pursuant to section 1103 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014 and 2016 of the Federal Rule of Bankruptcy Procedure (the "**Bankruptcy Rules**") in support of the accompanying application (the "**Application**") of the Official Committee of Unsecured Creditors (the "**Committee**") of Yeuting Jia, (the "**Debtor**") to Employ Polsinelli LLP, *Nunc Pro Tunc* To December 28, 2019, as Local Co-Counsel for the Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §1103, Bankruptcy Rule 2014, and Local Rule 2014-1.

2.      Polsinelli is an AmLaw 100 national full-service law firm with over 850 lawyers and 21 offices that is a recognized leader in the areas of health care, financial services (including all aspects of debt from origination through enforcement and bankruptcy), real estate, litigation, and business. Polsinelli has approximately 30 lawyers dedicated to its national bankruptcy and financial restructuring practice.

3.      Subject to this Court's approval, Polsinelli proposes to provide legal services to the Committee at the rates approved by the Court, in compliance with sections 504 and 1103 of the Bankruptcy Code, and to provide disclosure required under Bankruptcy Rules 2014(a) and 2016(a). Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein. To the extent any information disclosed herein requires amendment or modification upon Polsinelli's completion of further review or as additional party-in-interest information becomes available to it, a supplemental declaration will be submitted to the Court reflecting such amended or modified information.

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY POLSINELLI LLP AS CO-COUNSEL

53. The Committee selected Polsinelli because of the firm's extensive experience and knowledge in the field of creditors' rights, business reorganizations and liquidations under Chapter 11 of the Bankruptcy Code, its knowledge of the Debtor's industry and its expertise and experience representing official committees of unsecured creditors in numerous other chapter 11 bankruptcy cases, including, without limitation: Lead counsel to the Official Committee of Unsecured Creditors of Don Rose Oil Co., Inc., Co-counsel to the Official Committee of Unsecured Creditors of Astria Health, *et al.*; Co-counsel to the Official Committee of Unsecured Creditors of EP Energy Corporation, *et al.*; Lead counsel to Official Committee of Unsecured Creditors of L.K. Bennett U.S.A., Inc.; Lead counsel to Official Committee of Unsecured Creditors of Cherry Bros., LLC d/b/a Cherrydale Farms, *et al.*; bankruptcy counsel and conflicts counsel to the Official Committee of Vestis Retail Group, LLC and eight of its subsidiaries and affiliated debtors; bankruptcy counsel and conflicts counsel to the Official Committee of Golfsmith International Holdings, Inc. and its debtor affiliates; bankruptcy counsel and conflicts counsel to the Official Committee of TCEH Unsecured Creditors of Energy Future Competitive Holdings Company LLC, Texas Competitive Electric Holdings Company LLC, and their direct and indirect subsidiaries; bankruptcy counsel and conflicts counsel to the Official Committee of Unsecured Creditors of VGR Liquidating, LLC and its affiliated Debtors; bankruptcy counsel and conflicts counsel to the Official Committee of Unsecured Creditors of Santa Fe Gold Corporation; bankruptcy counsel and conflicts counsel to the Official Committee of Allied Nevada Gold Corp.; Co-counsel to Official Committee of Student Creditors in Corinthian Colleges; Lead counsel to Official Committee of Unsecured Creditors of H. Krevit Company, Inc., et al.; Lead counsel to Official Committee of Unsecured Creditors of Osage Exploration and Development, Inc.; bankruptcy counsel to the Official Committee of Unsecured Creditors of The Standard Register Company; Bankruptcy Counsel to Official Committee of Unsecured Creditors of Saab Cars North

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY POLSINELLI LLP AS CO-COUNSEL

America; bankruptcy counsel to Official Committee of Unsecured Creditors of Simplexity, LLC; Lead counsel to Official Committee of Unsecured Creditors of Open Range Communications, Inc.; Lead counsel to Official Committee of Unsecured Creditors of Ultimate Escapes, LLC; and Lead counsel to Official Committee of Unsecured Creditors of Crossroads Wireless, among many other engagements.

4.    I am a Principal in Polsinelli's Bankruptcy and Restructuring practice group and am a resident in Polsinelli's Los Angeles office. I will be leading Polsinelli's representation of the Committee based on my over thirty (30) years of experience representing creditors' committees in bankruptcy cases.

5.    I am familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules and shall comply with them.

6.    As set forth below, neither I, Polsinelli, nor any partner or associate thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtor and its estate in the matters upon which Polsinelli is to be engaged.

7.    The professional services that Polsinelli will provide to the Committee include, but are not limited to:

   a)   advising the Committee with respect to its rights, duties, and powers in the Chapter 11 Case;

   b)   assisting and advising the Committee in its consultations with the Debtor relative to the administration of the Chapter 11 Case;

   c)   assisting the Committee in analyzing the claims of the Debtor's creditors and in negotiating with holders of claims;

   d)   assisting the Committee in its investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtor;

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY POLSINELLI LLP AS CO-COUNSEL

e) assisting the Committee in analyzing the plan and disclosure statement;

f) assisting and advising the Committee regarding communications with unsecured creditors regarding significant matters in the Chapter 11 Case;

g) representing the Committee at hearings and other proceedings;

h) reviewing and analyzing applications, orders, statements of operations, and schedules filed with the Court and advising the Committee as to their propriety;

i) assisting the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives in the Chapter 11 Case, including without limitation, the preparation of retention papers and fee applications for the Committee's professionals, including Polsinelli;

j) preparing, on behalf of the Committee, any pleadings, including without limitation, motions, memoranda, complaints, adversary complaints, objections, or comments in connection with any of the foregoing;

k) advise the Committee on practice and procedure before the United States Bankruptcy Court for the Central District of California regarding the Local Rules and local practice;

l) act as conflicts counsel in matters where Committee co-counsel is unable to act; and

m) performing such other legal services as may be required or are otherwise deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules, or other applicable law.

8.    Subject to the Court's approval, and pursuant to sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and any

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY POLSINELLI LLP AS CO-COUNSEL

procedures which this Court may fix, Polsinelli shall seek to be paid on an hourly basis, plus reimbursement of its actual and necessary expenses incurred, in connection with representing the Committee in this Chapter 11 Case from the Debtor's estate. Polsinelli recognizes that the payment of its fees and expenses will be subject to Court order after notice and a hearing pursuant to 11 U.S.C. §330. Polsinelli's compensation shall be in accordance with the ordinary and customary rates which are in effect on the date the services are rendered.

9.    Polsinelli has not shared or agreed to share its compensation for representing the Committee with any other person or entity, except among its members.

10.    Polsinelli will provide monthly billing statements to the Committee that will set forth the amount of fees incurred and expenses advanced by Polsinelli during the previous month.

11.    Polsinelli understands the provisions of 11 U.S.C. §§ 328, 330 and 331 which require, among other things, Court approval of the Committee's employment of Polsinelli as Committee co-counsel and of all legal fees and reimbursement of expenses that Polsinelli will receive from the Debtor and its bankruptcy estate.

12.    Polsinelli intends to apply to this Court for compensation for professional services rendered in connection with this Chapter 11 Case and such application shall be in compliance with applicable provisions of the Bankruptcy Code, applicable Federal Rules of Bankruptcy Procedure, and any Order of this Court, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Polsinelli. The current hourly rates of the Polsinelli professionals anticipated to be primarily staffed on this matter are as follows:

| Attorney | Status | Hourly Rate |
|---|---|---|
| Randye B. Soref | Partner | $796.50 |
| Bradley R. Gardner | Partner | $490.50 |
| Tanya Behnam | Associate | $382.50 |

21

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

13.    True and correct copies of the individual profiles of the attorneys at Polsinelli who are currently staffed on this matter are attached hereto as Exhibit 3. The hourly charges set forth above are based upon the experience and expertise of the attorney or legal assistant involved. The hourly rates of the shareholders that will be primarily responsible for Polsinelli's representation of the Committee in this case range from $380 to $800. The hourly rates of the associates that will be primarily responsible for Polsinelli's representation of the Committee in this case range from $290 to $560.  The hourly rates of the paralegals that will be primarily responsible for Polsinelli's representation of the Committee in this case range from $198 to $306. The hourly rates are subject to periodic adjustments, which typically occur annually on or about September 1, to reflect economic and other conditions. Polsinelli will advise the Committee, the Debtor and the United States Trustee of any increases in its hourly rates.

14.    As this case proceeds, additional Polsinelli partners, associates and paralegals may be assigned to work on this case, and others currently assigned may complete their assigned tasks. To the fullest extent possible, lawyers having the requisite expertise who already have knowledge with respect to these areas and/or the matter involved will be assigned to this case so that duplication of efforts is avoided. Consistent with the ranges of hourly rates described above, the hourly rates of the other Polsinelli partners, associates and paralegals that hereafter act for the Committee may be higher or lower than those of the persons presently assigned to this matter.

15.    Polsinelli will maintain detailed, contemporaneous records of time and any necessary costs and expenses incurred in connection with rendering the legal services described above.

16.    It is Polsinelli's policy to charge its clients in all areas of practice for all actual and necessary expenses incurred in connection with each client's case. These customary items

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY POLSINELLI LLP AS CO-COUNSEL

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

include, among other things, photocopying, facsimiles[2], travel, business meals, computerized research, postage, witness fees, and other fees related to trials and hearings. Internal costs or overhead cost and document production services (including regular secretarial and word processing time), will not be charged for separately. Polsinelli will charge the Debtor's estate for the expenses incurred by Polsinelli on behalf of the Committee in a manner and at rates consistent with charges made generally to Polsinelli's other clients and in a manner consistent with the Local Rules and the U.S. Trustee Guidelines. Polsinelli charges the federal rate of reimbursement for mileage, at 57.5 cents per mile. Polsinelli charges 10 cents per black and white document reproduction, and 75 cents per page for color reproduction.

17.    Polsinelli understands that Lowenstein and Polsinelli will allocate their delivery of services to the Committee so as to avoid any unnecessary duplication of services. Moreover, the Committee believes that the efficient allocation of responsibility for legal matters in this Bankruptcy Case between Lowenstein and Polsinelli will reduce the cost of monitoring this proceeding, as well as the time and expense associated with travel by Lowenstein with respect to matters that can be handled by Polsinelli as co-counsel. It is the carefully considered view of the Committee that, considering the size and complexity of these cases and the various interests involved, co-representation of the Committee by Polsinelli is necessary and in the best interests of the Committee.

18.    To the extent authorized under any order authorizing the Debtor to obtain post-petition financing and/or use cash collateral, Polsinelli may receive interim compensation payments in a manner comparable to Debtor's counsel and consistent with any future Order setting interim compensation procedures.

---

[2] Polsinelli will not charge for incoming facsimile.

23

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY POLSINELLI LLP AS CO-COUNSEL

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

19.    Neither I, Polsinelli, nor any of its partners or associates, insofar as I have been able to ascertain:

- is a creditor, an equity security holder, or an insider of the Debtor;
- is or was, within two years before the date of the filing of the petition herein, a director, officer, or employee of the Debtor; or
- has an interest materially adverse to the interests of the estate or of any class of creditors or equity security holders, either by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

20.    Neither I, Polsinelli, nor any of its partners or associates, insofar as I have been able to ascertain:

- Has a pre-petition claim against the estate;
- Has or had any connection with any insider of the debtor or any insider of an insider of the debtor; and
- Has represented, is representing, or intends to represent any related debtor in a bankruptcy case in this or any other court.

21.    Polsinelli is not a creditor, an equity security holder or an insider of the Debtor.

22.    To the best of its knowledge, Polsinelli does not have any previous connection with any insider of the Debtor or any insider of an insider of the Debtor. Polsinelli is not and was not an investment banker for any outstanding security of the Debtor. Polsinelli has not been within three years before the Petition Date an investment banker for a security of the Debtor, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtor.

23.    Neither Polsinelli nor any member of Polsinelli is, nor was, within two years before the Petition Date, a director, officer, or employee of the Debtor or of any investment banker for any security of the Debtor.

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

24

24.    To the best of my knowledge, no attorney at Polsinelli holds a direct or indirect equity interest in the Debtor or has a right to acquire such an interest.

25.    No attorney at Polsinelli is or has served as an officer, director, or employee of the Debtor. No attorney at Polsinelli is in control of the Debtor or is a relative of a general partner, director, officer or person in control of the Debtor.

26.    No attorney at Polsinelli is a general or limited partner of a partnership in which the Debtor is also a general or limited partner.

27.    No attorney at Polsinelli is or has served as an officer, director, or employee of a financial advisor that has been engaged by the Debtor in connection with the offer, sale, or issuance of a security of the Debtor.

28.    No attorney at Polsinelli has represented a financial advisor of the Debtor in connection with the offer, sale, or issuance of a security of the Debtor.

29.    Neither Polsinelli nor I have any "connections," as contemplated within Bankruptcy Rule 2014(a), with the Debtor, the top 20 largest unsecured creditors listed by the Debtor pursuant to Bankruptcy Rule 1007(d), or any other party in interest, its respective attorneys and accountants, the U.S. Trustee, or any person employed in the Office of the United States Trustee ("**OUST**"), except as set forth in this Declaration. As far as I have been able to ascertain, based on the Debtor's list of equity security holders, neither Polsinelli nor any employee thereof own any equity securities in the Debtor.

30.    Polsinelli has not received any retainer for the services Polsinelli will perform in the Debtor's Chapter 11 Case.

31.    Polsinelli has not entered into any retainer or other agreement with the Committee in connection with its proposed retention by the Committee in this Chapter 11 Case.

32.    Based on the foregoing, to the best of my knowledge, Polsinelli is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14).

33.    In connection with its proposed retention by the Committee in this Chapter 11 Case, Polsinelli undertook to determine whether it had any contacts or other relationships that

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY POLSINELLI LLP AS CO-COUNSEL

1    might cause it not to be disinterested or to hold or represent an interest adverse to the Debtors'

2    estates and the interests of the Committee with respect to the matters on which it will be

3    engaged.

4        34.    Polsinelli obtained the names of individuals and entities that may be parties in

5    interest in this Chapter 11 Case and such parties are listed on Exhibit 1 attached hereto (the "**List**

6    **of Searched Parties**"). Polsinelli searched its electronic database for its connections to the

7    entities listed on the List of Searched Parties.

8        35.    Attached hereto as Exhibit 2 is a list of parties who appear on the List of Searched

9    Parties who Polsinelli may currently represent or may have represented in the past on matters

10    wholly unrelated to this Chapter 11 Case ("**Parties in Interest**").

11        36.    Based upon the above referenced search, to the best of my knowledge, none of the

12    entities from the List of Searched Parties that appear on the on the List of Searched Parties have

13    generated revenue for Polsinelli in an amount of one percent (1%) or more of Polsinelli's gross

14    revenue in calendar years 2018, 2019, or 2020 to-date.

15        37.    Except as disclosed on Exhibit 2 herein, neither I, Polsinelli, nor any member,

16    counsel, or associate thereof, insofar as I have been able to ascertain, have any connection with

17    the Debtors, their creditors, or any other parties in interest, their respective attorneys and

18    accountants, the OUST, any person employed in the OUST, or any Bankruptcy Judge currently

19    serving on the United States Bankruptcy Court for the Central District of California.

20

21        38.    Except as disclosed on Exhibit 2 herein, Polsinelli does not represent the Debtors,

22    or any of the Debtors' current officers and directors, identified on the List of Searched Parties (as

23    identified on Exhibit 1).

24        39.    To the best of my knowledge, after diligent inquiry, Polsinelli is a "disinterested

25    person" as that term is defined in section 101(14) of the Bankruptcy Code, as Polsinelli, its

26    partners, counsel, and associates: (a) are not creditors, or insiders of the Debtor; (b) are not and

27    were not, within two (2) years before the date of the filing of this Chapter 11 Case, a director,

28    officer, or employee of the Debtor; and (c) do not hold or represent any interest materially

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

1    adverse to the interests of the Committee, the Debtor, the Debtor's bankruptcy estate, or any

2    class of creditors or other party in interest by reason of any direct or indirect relationship to,

3    connection with, or interest in, the Debtor or an investment banker for any security of the Debtor,

4    or for any other reason.

5        40.    Polsinelli, which employs approximately 850 attorneys, has a large and

6    diversified legal practice that encompasses the representation of, and representations adverse to

7    many entities and individuals, some of which are or may consider themselves to be creditors or

8    parties in interest in the Chapter 11 Case, or otherwise to have interests in this case.

9        41.    In addition, Polsinelli likely represents, and may in the future represent, creditors

10   of the Debtor who have not yet been disclosed by the Debtor in matters unrelated to the Debtor,

11   or this Chapter 11 Case.

12       42.    Polsinelli, from time to time, may work with, represent, engage, and receive

13   referrals from the attorneys and financial advisors or consultants retained by the Debtor, the

14   various lenders, the Committee or creditors of the Debtor. Polsinelli currently works with, and

15   has in the past worked with the professionals engaged by the Debtors and the other professionals

16   retained by the Committee on matters unrelated to the Debtor and this Chapter 11 Case.

17       43.    Polsinelli will not represent any entity other than the Committee in matters related

18   to this Chapter 11 Case.

19       44.    No promises have been received by Polsinelli or any member, counsel, or

20   associate thereof as to payment or compensation in connection with this Chapter 11 Case other

21   than in accordance with the provisions of the Bankruptcy Code. Polsinelli has no agreement with

22   any other entity to share any compensation received by Polsinelli in connection with this Chapter

23

24   11 Case.

25       45.    Despite Polsinelli's efforts to identify and disclose Polsinelli's connections with

26   parties-in-interest in this Chapter 11 Case, Polsinelli is unable to state with certainty that every

27   relevant client connection has been disclosed due to the fact that the Debtor has many creditors

28

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

1    and other relationships. If Polsinelli discovers any additional connections, Polsinelli will file a

2    supplemental disclosure with the Court.

3        46.    In accordance with its billing practices in both bankruptcy and non-bankruptcy

4    matters, and as set forth in its engagement letter, Polsinelli will bill at its normal hourly rates,

5    plus properly reimbursable expenses and out-of-pocket costs, subject to the approval of the

6    Court.

7        47.    The foregoing constitutes the statement of Polsinelli pursuant to Bankruptcy Rule

8    2014.

9              **STATEMENT REGARDING U.S. TRUSTEE GUIDELINES**

10        48.    As this Court is aware, the Executive Office for United States Trustees

11    ("EOUST") has adopted the *Guidelines for Reviewing Applications for Compensation and*

12    *Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11*

13    *Cases* (the "**Appendix B Guidelines**"). By their terms, the Appendix B Guidelines "apply to the

14    USTP's review of applications for compensation filed by attorneys in larger chapter 11 cases,"

15    and are intended as an update to the original Guidelines (the "**Appendix A Guidelines**") adopted

16    by the EOUST in 1996.

17        49.    Among other things, the Appendix B Guidelines ask attorneys in larger chapter 11

18    cases to provide additional documentation and make significant new disclosures in connection

19    with their retention under section 327 and compensation under section 330 of the Bankruptcy

20    Code. As the Appendix B Guidelines themselves acknowledge, "the Guidelines do not supersede

21    local rules, court orders, or other controlling authority," and it remains to be seen how the

22    Appendix B Guidelines will be incorporated into larger chapter 11 cases.

23        50.    Polsinelli intends to make a reasonable effort to comply with the U.S. Trustee's

24    requests for information and additional disclosures as set forth in the Appendix B Guidelines

25    both in connection with this Application and the interim and final fee applications to be filed by

26    Polsinelli in the course of its engagement. It is Polsinelli's intention to work cooperatively with

27    the U.S. Trustee to address the concerns that prompted the EOUST to adopt the Appendix B

28

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

28

1   Guidelines; however, in doing so, Polsinelli reserves all rights as to the relevance and substantive

2   legal effect of the Appendix B Guidelines in respect of any application for employment or

3   compensation in these cases that falls within the ambit of the Appendix B Guidelines.

4   <u>**ATTORNEY STATEMENT PURSUANT TO APPENDIX B GUIDELINES**</u>

5       51.    The following is provided in response to the request for additional information set

6   forth in Paragraph D.1. of the Appendix B Guidelines.

7   | **Question:** | Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? |
8   
9   | Response: | No, Polsinelli has not agreed to any variation from its customary billing arrangements. |
10  
11  | **Question:** | Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? |
12  
13  | Response: | No, Polsinelli's professionals included in this engagement have not varied their rate based on the geographic location of this Chapter 11 Case. |
14  
15  | **Question:** | If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference. |
16  
17  
18  | Response: | Polsinelli did not represent the Committee in the 12 months prepetition. Polsinelli has in the past represented, currently represents, and may represent in the future certain Committee members and/or their affiliates in their capacities as official committee members in other chapter 11 cases. |
19  
20  
21  | **Question:** | Has your client approved your prospective budget and staffing plan, and, if so for what budget period? |
22  
23  | Response: | The Committee will be approving a prospective budget and staffing plan for Polsinelli's engagement as appropriate. In accordance with the 2013 UST Guidelines, the budget may be amended as necessary to reflect changed or unanticipated developments. |
24  
25  
26  
27  
28  

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

29
APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY POLSINELLI LLP AS CO-COUNSEL

52.     By reason of the foregoing, I believe that Polsinelli is eligible for employment and retention by the Committee pursuant to sections 330, 331 and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY POLSINELLI LLP AS CO-COUNSEL

1    I hereby declare under the penalty of perjury that the foregoing statements made by me

2    are true and correct to the best of my knowledge, information and belief.

3

4    Dated: January 14, 2020

5    Los Angeles, California

6

7                                                        */s/ Randye B. Soref*
8                                                        Randye B. Soref
9                                                        Polsinelli LLP

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY POLSINELLI LLP AS CO-
COUNSEL

# EXHIBIT "1"

67256526.1

<u>**Exhibit 1**</u>

<u>**List of Searched Parties**</u>

**<u>Committee Members</u>**
Ping An Bank Co., Ltd.
China Minsheng Trust Co., Ltd.
Shanghai Leyu Chuangye Investment Management Center LP
Jiangyin Hailan Investment Holding Co., Ltd.
Shanghai Qichengyueming Investment Partnership Enterprise

**<u>Creditors</u>**
Bank of Beijing Co., Ltd. (Xiangshuwan Branch)
Beijing Chuangjin Xingye Investment Center Limited Partnership
Beijing Haidian Technology Financial Capital Holding Group Co., Ltd.
Beijing Huaxing Mobile Asset Management Center LLP
Beijing Jiaxin Tengda Information Consulting Co., Ltd.
Beijing Siwei Equity Investment Management Center Limited Partnership
Beijing Yingda Capital Management Co., Ltd.
China Consumer Capital Partners II Limited
China Soft Growing Investment (Wuxi) Partnership
China Zheshang Bank Co., Ltd. Beijing Branch
Guotai Junan Securities Co., Ltd.
Honghu Da
Huitian Network Technology Co., Ltd.
Huizhou Speed & Second Curve Capital Management Partnership Limited Partnership
Jiangsu Hongtu Venture Capital Management Co., Ltd.
Jiaxing Haiwen Investment Partnership Limited Partnership
Jinan Rui Si Le Enterprise Management Co. Consulting Limited Partnership
Jinhua Zumo Network Technology Co., Ltd.
LeTV Film (Beijing) Co., Ltd.
Macrolink Group Holdings Co., Ltd.
Macrolink Holdings Co., Ltd.
Marvel Best Technology Limited
Nanjing Dejin Investment Management Co. Ltd.
Nanjing Kaen Industry and Trade Co., Ltd.
Ningbo Hangzhou Bay New Area Leran
Investment Management Partnership Limited Partnership
Orient Securities Co., Ltd.
Oriental Light Consulting Limited
QC Investment Ltd.
Qingdao Huanghai Pharmaceutical Football Club Co.
Quanzhou Ding's Investment Management Co., Ltd
Sanpower (Hong Kong) Company Limited
Shanghai Biaopu Investment Management Co., Ltd.
Shanghai Haiyue Investment Management Co., Ltd.
Shanghai Junying Asset Management Partnership Limited Partnership

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY POLSINELLI LLP AS CO-
COUNSEL

1    Shanghai Lan Cai Asset Management Co., Ltd.
     Shanghai Leyu Investment Center LP
2    Shenzhen Jincheng Commercial Factoring Co., Ltd.
     Shenzhen Leshi Xingen Vertical Integration
3    Ecology Fund Management Co., Ltd.
     Shenzhen Winzhongtong Non-Financing Guarantee Co., Ltd.
4    Swift Talent Investments Limited
     Tianjin Nord Investment Co., Ltd.
5    Weidong Zhu
6    Weihua Qiu
     Wuhan Credit Loan Co., Ltd.
7    Wuxi Leyike Electric Vehicle Investment Enterprise Limited Partnership
     Wuxi Puleyonghui Investment Enterprise LP
8    Xiamen Zejin Fangfu Investment Partnership Limited Partnership
     Xinyu Dingfeng Yingtong Investment Management Center Limited Partnership
9    Yuanxin Xu
10   Zhijian Dong
     Zhongtai Venture Capital (Shenzhen) Co.,Ltd.
11   Zhongying (Tianjin) Supply Chain Management Service Partnership (Limited Partnership)
     Changjiang Securities (Shanghai) Asset Management Ltd.
12   China CITIC Bank Co., Ltd.
13   China Merchants Bank Co., Ltd. Shanghai
     Chongqing Strategic Emerging Industry
14   LeEco Cloud Special Equity Investment
     Fund Partnership
15   E-Town International Holding (Hong Kong) Co., Ltd.
     Everbright Xinglong Trust Co., Ltd
16   Huafu Securities Co., Ltd.
17   Huarong Securities Co., Ltd.
     Huaxin International Trust Co., Ltd
18   Linfen Investment Group Co., Ltd.
     Ping An Securities Co., Ltd.
19   Shenzhen Yingda Capital Management Co., Ltd.
20   TWC Group Co., Ltd.
     Western Securities Co., Ltd.
21   Xizang Jinmeihua Investment Co., Ltd
     Zhejiang Zhongtai Chuangzhan Enterprise
22   Pacific Technology Holding, LLC

23

24

25

26

27

28

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

# EXHIBIT "2"

67256526.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Exhibit 2

## Parties in Interest


None.

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY POLSINELLI LLP AS CO-COUNSEL

# EXHIBIT "3"

67256526.1





real people,
real perspective.℠

**Tanya Behnam**
Associate
tbehnam@polsinelli.com
Los Angeles
310.556.6763

## Areas of Focus

- Bankruptcy and Restructuring
- Commercial Litigation

## Education

- J.D., Loyola Law School-Los Angeles, 2018
- B.A., *magna cum laude*, University of Southern California, 2013, Psychology

## Bar Jurisdictions

- California, 2018

## Court Admissions

- U.S. District Court, Central District of California, 2018

## Overview

Tanya Behnam is a bankruptcy and financial restructuring associate in Polsinelli's Los Angeles office. Tanya's practice focuses on corporate restructuring, bankruptcy litigation, distressed asset sales, and other insolvency matters. She represents debtors, lenders, and other parties in interest in a variety of chapter 11 cases. Tanya also represents corporations in their out-of-court restructuring efforts.

Prior to joining Polsinelli, Tanya served as a business and legal affairs intern at a national cable network.





**Randye B. Soref**
Principal
rsoref@polsinelli.com
Los Angeles
310.203.5367

## Areas of Focus

- Bankruptcy and Restructuring
- Bankruptcy Litigation
- Distressed Health Care
- Financial Services
- Insolvency
- Litigation and Dispute Resolution
- Financial Services Litigation

## Education

- J.D., California Western School of Law
- B.A., Hofstra University

## Bar Jurisdictions

- California

## Court Admissions

- United States Supreme Court
- U.S. Court of Appeals, Ninth Circuit
- U.S. District Court, Central District of California
- U.S. District Court, Eastern District of California
- U.S. District Court, Northern District of California
- U.S. District Court, Southern District of California

## Overview

Randye Soref focuses her practice on distressed companies approaching every matter from a practical and successful endgame view. She has a national practice representing clients in all aspects of bankruptcy proceedings and out of court restructurings, including, reorganizations, corporate workouts, creditor's rights, bankruptcy litigation and assignments for the benefit of creditors.

Randye routinely represents chapter 11 debtors, unsecured creditor and equity security holder committees, creditors, sellers, buyers liquidating trustees and advises on bankruptcy strategy, counseling, reorganization, enforcement of debt instruments and litigation. She has been lead attorney in nationally known distressed intellectual property, retail and apparel companies, including e-commerce companies. Randye has also been the lead attorney in numerous distressed healthcare matters involving large nationally based hospitals, health plans, health care providers, and skilled nursing facilities, as well as patient care ombudsman appointed by the U.S. Trustee who she counsels regarding privacy related issues. Randye's services include loan workouts, negotiating and documenting debtor-in-possession financing, plan confirmation, 363 sales, obtaining relief from the automatic stay, assignments for the benefit of creditors and successfully litigating multi-million dollar post-confirmation liquidating trust claims.

## Distinctions

- Ranked in *Chambers USA*, Bankruptcy/Restructuring, California (2011-2019)
- AV Preeminent rating by Martindale-Hubbell
- Selected for inclusion in *The Best Lawyers in America*® for Bankruptcy and Creditor Debtor Rights / Insolvency and Reorganization Law, 2013-2020
- Selected for inclusion in Southern California *Super Lawyers*, 2005-2019
- Selected as a Ninth Circuit Judicial Conference Lawyer Representative, 2017-present
- Named one of the 2019 Most Influential Women Lawyers by the *Los Angeles Business Journal*, 2019
- Honorable Mention Award Recipient, American Bankruptcy Institute Asset Sale Committee

## Memberships

- American Bankruptcy Institute
  - Member, 2010-present

- Co-Chair, Bankruptcy Battleground West - ABI Conference
- Executive Committee Member and Membership Relations Director, Asset Sales Committee
- Advisory Board, Bankruptcy Battleground West, 2014-present

- U.S. Court of Appeals for the Ninth Circuit Lawyer Representative, 2017-present

- Los Angeles Bankruptcy Forum
  - Board Member, 2016-present

- CARE, Credit Abuse Resistance Education
  - Board Member, Los Angeles Chapter

- State Bar of California
  - Vice-Chair, Financial Institutions Committee, 2012-2016

- Windward School Board of Trustees
  - Trustee 2011-2018

- State Bar Association

- California Bankruptcy Forum

- Financial Lawyers Conference

## Key Matters

- Lead counsel to landlord and licensor to Hoag Urgent Care-Tustin, Inc., et al in debtors' jointly administered chapter 11 bankruptcy cases.
- Lead counsel to Jet Midwest Group, LLC in its chapter 11 bankruptcy case.
- Lead bankruptcy and litigation counsel to Liquidating Trustee in JMO Wind Down, Inc. (f/k/a Jumio, Inc.) Liquidating Trust bankruptcy.
- Represented Student Committee and Student Trust Trustee in Corinthian Colleges bankruptcy.
- Represented buyer in asset purchase of multi-facility behavioral health chapter 11 debtor facility.
- Represented Assignor in telecom assignment for the benefit of creditors.
- Represented e-retailer in workout and assignment for the benefit of creditors.
- Lead counsel to the Official Committee of Unsecured Creditors of Don Rose Oil Co., Inc.
- Represented primary licensor in national retailer's bankruptcy case.
- Represented committee in an individual real estate developer's chapter 11 bankruptcy case involving complex tenant in common issues.
- Represented the largest unsecured creditor in multilevel real estate bankruptcy of parent, and related entities. Served as a chair of the committee of unsecured creditors.
- Represented secured lender in film financings in chapter 11 of a production company.
- Represented U.S. Trustee-appointed patient care ombudsman in hospital bankruptcy case.
- Represented motion picture studios in defense of avoidance actions and sales of film libraries.
- Represented lender/aircraft lessor in United Airlines chapter 11 filings.
- Represented lead lender and agent of syndicated financial group in secured creditor debtor in possession financing, use of cash collateral, plan valuation, and confirmation issues.

- Represented Chapter 7 trustee in well-known Ponzi scheme case, The assets were recovered and distributed to creditors.

## Intelligence

Barneys New York Secures a Larger Capital Infusion to Pay Bills, Reorganize

Quoted, Fortune.com
August 7, 2019

Polsinelli's Andrew J. Nazar and Randye B. Soref to Speak at the 2019 American Bankruptcy Institute's Annual Spring Meeting

April 2019

Polsinelli Shareholders Randye B. Soref and Christopher A. Ward to participate in ABI's Bankruptcy Battleground West

2018 ABI Battleground West
March 6, 2018

The Rights of Secured Creditors in a Commercial Fraud Case

ABI Annual Spring Meeting; Washington D.C.
April 21, 2017

2017 Bankruptcy Battleground West

Co-chair, American Bankruptcy Institute; Los Angeles, CA
March 21, 2017

New Trends and Developments In The DIP/Exit Financing Arena

A chapter from "Inside the Minds: Strategies For Debtor-In-Possession And Exit Financing"
July 2015

Distressed Asset Sales Both in Bankruptcy and Out-of-Court Alternatives

February 12, 2015

Claims Trading: Opportunity or Hazard?

March 11, 2014

Business Workout Manual

Co-Editor; annual publication by Thomson West
2010-present

Attorneys Discuss Credit-Bidding Effects

HotelNewsNow.com
Commentary
June 15, 2012

Secured Creditor's Right to Credit Bid Protected

Thompson Reuters News & Insight Bankruptcy Law;
Lender Alert; May 30, 2012
June 6, 2012

Supreme Court Rules in Favor of Right to Credit-Bid

The Deal Pipeline
May 29, 2012

No Whole Business Enterprise Exception to Single Asset Real Estate Provisions

Inside Counsel Litigation Series
March 8, 2012

Supreme Court to Decide if Secured Creditors May Credit Bid In Chapter 11 Asset Sales

Inside Counsel Litigation Series
February 23, 2012

Playing the Plan Confirmation Game

Inside Counsel Litigation Series
February 9, 2012

Assignment of Voting Rights Held Unenforceable

*Inside Counsel*
January 26, 2012

A Single-Asset Entity Can't File Bankruptcy and Stop Foreclosure

Inside Counsel Litigation Series
January 12, 2012

A Stern Gift That Keeps on Giving

Inside Counsel Litigation Series
November 29, 2011

Patient Care Ombudsman: A New Role in Health Care Bankruptcy Cases

Points & Authorities
Fall 2011

## Related News

Polsinelli's Randye Soref Selected as 2019 Women, Influence & Power in Law Honoree by
Corporate Counsel

September 5, 2019

Polsinelli Earns Top Rankings from Chambers USA

April 25, 2019

Polsinelli Awarded with the American Bankruptcy Institute's (ABI) Asset Sale of the Year
Honorable Mention Award

April 12, 2019





real people.
real perspective.™

**Bradley R. Gardner**
Shareholder
bgardner@polsinelli.com
Kansas City
816.360.4385

## Areas of Focus

- Financial Services Litigation

- Unmanned Aircraft Systems and Advanced Robotics

## Education

- J.D., *cum laude*, Georgetown University Law Center, 2010

- B.A., University of Kansas, 2006

## Bar Jurisdictions

- Missouri, 2012

- Kansas, 2011

- New York, 2011

## Court Admissions

- U.S. District Court, District of Kansas

- U.S. District Court, Western District of Missouri

- U.S. District Court, Southern District of New York

- U.S. Court of Appeals, Tenth Circuit

- U.S. District Court, Northern District of Illinois

*"I work hard to understand the core of clients' businesses so that our legal strategy is cohesive with business strategy, with an eye toward minimizing business disruption and maximizing results."*

## Overview

Brad Gardner's curiosity and desire to problem solve drives him to learn all he can about clients' businesses, as well as the businesses of his adversaries. He uses that knowledge to craft workable solutions to even the most difficult issues. Brad takes an aggressive but pragmatic approach to assisting in resolving clients' problems. He works hard to minimize any negative effects of legal issues, including litigation, on clients' businesses. Brad has experience working on highly contested litigation matters for clients in a variety of industries, including finance, transportation and manufacturing. He has represented clients in pre-litigation negotiations, trials, appeals, and in bankruptcy matters. Driving Brad's passion is the interesting and challenging nature of loan enforcement and creditors' rights, which touches numerous industries and areas of law.

EXHIBIT "B"

**POLSINELLI LLP**
Randye B. Soref (SBN 99146)
Tanya Behnam(SBN 322593)
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone:    310.556.1801
Facsimile:    310.556.1802
Email:    rsoref@polsinelli.com
Email:    tbehnam@polsinelli.com

*Proposed Co-Counsel for*
*The Official Committee of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| Yeuting Jia | Case No.: 2:19-bk-24804-VZ |
| Debtor, | **DECLARATION OF JOHN DU IN SUPPORT OF APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY POLSINELLI LLP,** *NUNC PRO TUNC* **TO DECEMBER 28, 2019, AS CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO 11 U.S.C. §1103, BANKRUPTCY RULE 2014, AND LOCAL RULE 2014-1** |
| | [No Hearing Required Unless Requested-Local Bankruptcy Rule 2014-1(b)] |

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

41

I, John Du, hereby declare:

1.      I am the Chair of the Official Committee of Unsecured Creditors (the "**Committee**") of Yeuting Jia (the "**Debtor**"). I submit this declaration in support of the *Application Of The Official Committee Of Unsecured Creditors To Employ Polsinelli LLP, Nunc Pro Tunc To December 28, 2019, As Co-Counsel For The Official Committee Of Unsecured Creditors Pursuant To 11 U.S.C. §1103, Bankruptcy Rule 2014, And Local Rule 2014-1* (the "**Application**").

2.      The Office of the United States Trustee ("**OUST**") for the District of Delaware (the "**U.S. Trustee**") appointed the Committee on October 25, 2019, and I was subsequently elected, solely in my capacity as authorized representative of Ping An Bank and not in my individual capacity, as Chair of the Committee.

3.      Under the Bylaws of the Official Committee of Yueting Jia (the "**Bylaws**"), the Chair of the Committee, by and through its representatives, has the authority to sign documents on behalf of, and to bind the Committee as appropriate to implement decisions of the Committee made in accordance with the Bylaws.

4.      As a member and chairperson of the Committee, on behalf of Ping An Bank, I was directly involved in the Committee's decision to retain Polsinelli as the Committee's local counsel in this Chapter 11 Case, and I actively participated in negotiating the terms of Polsinelli's employment together with the other members of the Committee.

5.      This Declaration is provided pursuant to ¶ D.2 of the Appendix B Guidelines.[3] I am informed by Committee counsel that the Appendix B Guidelines request that any application

---

[3] Capitalized terms not defined herein shall have their meanings ascribed to them in the Application.

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY POLSINELLI LLP AS CO-COUNSEL

71934547.6

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

for employment of an attorney under 11 U.S.C. §§ 327 or 1103 be accompanied by a verified statement from the client that addresses the following:

 a) The identity and position of the person making the verification.

 b) The steps taken by the client to ensure that the applicant's billing rates and material terms for the engagement are comparable to the applicant's billing rates and terms for other non-bankruptcy engagements and to the billing rates and terms of other comparably skilled professionals.

 c) The number of firms the client interviewed.

 d) If the billing rates are not comparable to the applicant's billing rates for other non-bankruptcy engagements and to the billing rates of other comparably skilled professionals, then the circumstances warranting the retention of that firm.

 e) The procedures the client has established to supervise the applicant's fees and expenses and to manage costs. If the procedure for the budgeting, review and approval of fees and expenses differ from those the client regularly employs in non-bankruptcy cases to supervise outside general counsel, explain how and why. In addition, describe any efforts to negotiate rates, including rates for routine matters, or in the alternative to delegate such matters to less expensive counsel.

## General Background

6. On October 14, 2019 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware ("**Delaware Bankruptcy Court**"). [Docket No. 1].

7. On October 25, 2019, the OUST for the District of Delaware appointed the Committee pursuant to § 1102(a)(1) of the Bankruptcy Code. [Docket No. 45].

8. The Committee is comprised of five members: (i) Ping An Bank., Ltd. Beijing Branch; (ii) China Minsheng Trust Co., Ltd.; (iii) Shanghai Leyu Chuangye Investment Management Center LP; (iv) Jiangyin Hailan Investment Holding Co., Ltd., and (v) Shanghai Qichengyueming Investment Partnership Enterprise.

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

43

9.      On December 28, 2019, the Committee selected Polsinelli to serve as its local co-counsel in the Chapter 11 Case.

### The Application

10.     The Committee interviewed five firms for the position of its local California counsel in the Chapter 11 Case in December, 2019. At the conclusion of the interviews, the Committee selected Polsinelli counsel in the Chapter 11 Case, subject to court approval. In connection with the interviews, the Committee evaluated the breadth of the firms' experience and particular areas of expertise, the firms' prior history of representing committees in chapter 11 cases, and the anticipated attorneys' fees to be billed in connection with this case.

11.     The Committee selected Polsinelli as its counsel because of the firm's extensive experience and knowledge in the field of creditors' rights, business reorganizations and liquidations under Chapter 11 of the Bankruptcy Code, its knowledge of the Debtor's industry and its expertise and experience representing creditors' committees before this Court.

12.     I have read and am familiar with the contents of the Application.

### Steps Taken to Ensure Comparability of Engagement Terms

13.     Polsinelli has informed the Committee that its currently hourly rates are its customary hourly rates for work of this nature. Polsinelli further informed the Committee that it operates in a national and regional marketplace for legal services in which rates are driven by multiple factors related to the individual lawyer, his or her area of specialty, the firm's expertise, performance and reputation, the nature of the work involved, and other factors. Polsinelli further informed the Committee that its hourly rates are subject to periodic adjustments to reflect economic and other conditions. Polsinelli confirmed that, while its billing rates vary from attorney to attorney based on such facts as the attorney's seniority and position with the firm (*e.g.*, partner, counsel, or associate), years of experience, and the demand for services in the attorney's

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY POLSINELLI LLP AS CO-COUNSEL

719345476

1    particular area of expertise, the billing rates quoted to the Committee are Polsinelli's customary

2    billing rates for representations of this type and do not vary as a function of whether the services

3    performed relate to a bankruptcy engagement or a non-bankruptcy engagement.

4        14.    The Committee will be approving a prospective budget and staffing plan for

5    Polsinelli's engagement as appropriate. In accordance with the 2013 UST Guidelines, the budget

6    may be amended as necessary to reflect changed or unanticipated developments.

7

8    **Procedures Established to Supervise Fees and Expenses and Manage Costs**

9        15.    The Committee recognizes that it is its responsibility to review the billing practices

10   of its counsel to ensure that the fees and expenses paid by the Debtor's estates remain consistent

11   with the Committee's expectations and the exigencies of the Chapter 11 Case.

12       16.    The Committee will review the invoices that Polsinelli submits and, together with

13   Polsinelli, as necessary, will periodically amend the budget and staffing plans as the Chapter 11

14   Case develops.

15       17.    The Committee further understands that Polsinelli's fees and expenses (a) will be

16   subject to review, comment, possible objections by parties in interest, and Court approval upon

17   application consistent with the Bankruptcy Code, applicable Federal Rules of Bankruptcy

18   Procedure, the Local Rules, the U.S. Trustee Guidelines, and any orders of the Court respecting

19   compensation of professionals, and (b) will be subject to periodic review on an interim and final

20   basis during the course of this Chapter 11 Case by the U.S. Trustee and the Debtor, as well as by

21   the Committee.

22

23   I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge

24   and belief.

25

26

27

28

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY POLSINELLI LLP AS CO-
COUNSEL

71934547.6

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: January 1 4, 2020.                    Respectfully submitted,

                                             **The Official Committee of Unsecured Creditors of Yeuting Jia**

                                             By: _____
                                             John Du, Committee Chair, solely in his capacity as authorized representative of Committee member Ping An Bank and not in his individual capacity.

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

46

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY POLSINELLI LLP AS CO-COUNSEL

71934547.6

EXHIBIT "C"

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**POLSINELLI LLP**
Randye B. Soref (SBN 99146)
Tanya Behnam(SBN 322593)
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone:    310.556.1801
Facsimile:    310.556.1802
Email:    rsoref@polsinelli.com
Email:    tbehnam@polsinelli.com

*Proposed Co-Counsel for*
*The Official Committee of Unsecured Creditors*

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| Yeuting Jia | Case No.: 2:19-bk-24804-VZ |
| Debtor, | **ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY POLSINELLI LLP, *NUNC PRO TUNC* TO DECEMBER 28, 2019, AS CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO 11 U.S.C. §1103, BANKRUPTCY RULE 2014, AND LOCAL RULE 2014-1** |
| | [No Hearing Required Unless Requested-Local Bankruptcy Rule 2014-1(b)] |

47
APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY POLSINELLI LLP AS CO-COUNSEL

71934547.6

Upon the Application of the Official Committee of Unsecured Creditors (the "**Committee**") of Yeuting Jia (the "**Debtor**") for authorization, pursuant to 11 U.S.C. §1103 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the Central District of California (the "**Local Rules**"), authorizing the Committee to retain and employ Polsinelli LLP ("**Polsinelli**"), *nunc pro tunc* to December 28, 2019, the date of the Committee's appointment and its selection of Polsinelli as local co-counsel, as more fully set forth in the Application and declaration of Randye B. Soref in support thereof; and the Court having jurisdiction to consider the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Application is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and the Committee having provided appropriate notice of the Application under the circumstances of this case and no other or further notice need to be provided; and the Court having considered the Application, all pleadings and papers filed in support of the Application, and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED** that:

1.    The Application is granted.

2.    In accordance with section 1103(a) of the Bankruptcy Code and Bankruptcy Rule 2014, the Committee is authorized to employ and to retain Polsinelli as its local co-counsel, *nunc pro tunc* to December 28, 2019, on the terms and conditions set forth in the Application and in the Soref Declaration.

3.    Polsinelli shall apply for and be compensated for professional services rendered and reimbursement of expenses in connection with the Chapter 11 Case in compliance with sections 330 and 331 of the Bankruptcy Code, applicable provisions of the Bankruptcy Rules, the

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

48

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

Local Rules, U.S. Trustee Guidelines, any applicable order entered by this Court in respect of compensation of professionals and any case-specific fee protocols approved by the Court, after notice and a hearing pursuant to any other applicable procedures and orders of the Court.

4. Polsinelli also intends to make a reasonable effort to comply with the U.S. Trustee's request for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 by attorneys in larger chapter 11 cases effective as of November 1, 2019 (the "**Revised UST Guidelines**"), both in connection with the Application and the interim and final fee applications to be filed by Polsinelli in this Chapter 11 Case.

5. Polsinelli is authorized to draw down on advances authorized in connection with any use of cash collateral or postpetition financing for the Committee as may be approved by the Court in the future pursuant to the procedures set forth in the United States Trustee's Guide to Applications for Retainer, and Professional and Insider Compensation for the Central District of California.

6. Polsinelli shall provide ten days' notice to the Debtor, the U.S. Trustee, and the Committee before any increases in the rates set forth in the Application or any agreement entered into in connection with the Committee's retention of Polsinelli are implemented and shall file such notice with the Court, *provided*, however, that in the event that the Polsinelli attorneys responsible for this matter do not have sufficient advance notice of such rate increases, Polsinelli shall provide notice to the Debtor, the U.S. Trustee, and the Committee as soon as practicable after the information regarding rate increase becomes available to the Polsinelli attorneys responsible for this matter. All parties-in-interest retain all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY POLSINELLI LLP AS CO-COUNSEL.

71934547.6

1    of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to

2    section 330 of the Bankruptcy Code.

3         7.    The Committee and Polsinelli are authorized to take all actions they deem

4    necessary and appropriate to effectuate the relief granted pursuant to this Order in accordance

5    with the Application.

6         8.    The terms and conditions of this Order shall be immediately effective and

7    enforceable upon its entry.

8

9         9.    This Court shall retain jurisdiction with respect to all matters arising from or

10   relating to the interpretation or implementation of this Order.

11

12                                                               # # #

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY POLSINELLI LLP AS CO-
COUNSEL

71934547.6

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
2049 Century Park East, Suite 2900, Los Angeles, CA 90067.

A true and correct copy of the foregoing document entitled (*specify*): **APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY POLSINELLI LLP,** *NUNC PRO TUNC* **TO DECEMBER 28, 2019, AS CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO 11 U.S.C. §1103, BANKRUPTCY RULE 2014, AND LOCAL RULE 2014-1** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On January 14, 2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On January 14, 2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on January 14, 2020, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

VIA PERSONAL DELIVERY BY FIRST LEGAL ON JANUARY 15, 2020
Hon. Vincent P. Zurzolo
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1360 / Courtroom 1368
Los Angeles, CA 90012

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 14, 2020 | Cindy Cripe | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
71975462.1

**F 9013-3.1.PROOF.SERVICE**

## ATTACHMENT TO SERVICE LIST

### 1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)

David W. Meadows    david@davidwmeadowslaw.com
Jeffrey W Dulberg on behalf of Debtor Yueting Jia jdulberg@pszjlaw.com
Kelly L Morrison on behalf of U.S. Trustee United States Trustee (LA)
kelly.l.morrison@usdoj.gov
Malhar S Pagay on behalf of Debtor Yueting Jia mpagay@pszjlaw.com, bdassa@pszjlaw.com
Randye B Soref (Proposed) on behalf of Official Committee of Unsecured Creditors
rsoref@polsinelli.com
Tanya Behnam (Proposed) on behalf of Official Committee of Unsecured Creditors tbehnam@polsinelli.com
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                 **F 9013-3.1.PROOF.SERVICE**
71975462.1

**POLSINELLI LLP**
Randye B. Soref (SBN 99146)
Tanya Behnam(SBN 322593)
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone:    310.556.1801
Facsimile:    310.556.1802
Email:        rsoref@polsinelli.com
Email:        tbehnam@polsinelli.com

*Proposed Co-Counsel for*
*The Official Committee of Unsecured Creditors*

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>Yeuting Jia<br><br>          Debtor, | Chapter 11<br><br>Case No.: 2:19-bk-24804-VZ<br><br>**NOTICE OF APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY POLSINELLI LLP, *NUNC PRO TUNC* TO DECEMBER 28, 2019, AS CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO 11 U.S.C. §1103, BANKRUPTCY RULE 2014, AND LOCAL RULE 2014-1**<br><br>[No Hearing Required Unless Requested -- Local Bankruptcy Rule 2014-1(b)] |

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

NOTICE OF APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY POLSINELLI LLP AS CO-COUNSEL

71940566.2

**PLEASE TAKE NOTICE** that The Official Committee of Unsecured Creditors (the "**Committee**") of Yeuting Jia, the debtor and debtor-in-possession (the "**Debtor**"), in the above-captioned Chapter 11 bankruptcy case, has filed an application (the "**Application**") for Court approval of its employment of the law firm of Polsinelli LLP ("**Polsinelli**") as its bankruptcy co-counsel in connection with this bankruptcy case, effective as of December 28, 2019, the date of date of the Committee's selection of Polsinelli as co-counsel, and upon the terms and conditions set forth in the Application.

**PLEASE TAKE FURTHER NOTICE** that Polsinelli will seek compensation of fees and reimbursement of expenses from the estate pursuant to sections 330 and 331 of Title 11 of the United States Code (the "**Bankruptcy Code**").

**PLEASE TAKE FURTHER NOTICE** that Polsinelli will bill its time for its representation of the Committee on an hourly basis in accordance with Polsinelli's customary hourly billing rates, and will seek reimbursement of its actual and necessary expenses incurred in connection with representing the Committee in this Chapter 11 Case from the Debtor's estate.

**PLEASE TAKE FURTHER NOTICE** that Polsinelli has not received any retainer for this engagement.

**PLEASE TAKE FURTHER NOTICE** that the principal attorneys expected to represent the Committee in this matter and their hourly rates for this engagement are: Randye B. Soref, a Polsinelli partner whose customary hourly rate is $796.50, Bradley R. Gardner, a Polsinelli partner whose customary hourly rate is $490.50, and Tanya Behnam, a Polsinelli associate whose customary hourly rate is $382.50.

**PLEASE TAKE FURTHER NOTICE** that, to the best of Polsinelli's knowledge and based upon the Declaration of Randye B. Soref submitted in support of the Application, Polsinelli and all attorneys associated with Polsinelli who expect to render services in the Debtor's case are "disinterested persons" as that term is defined in Section 101(14) of the Bankruptcy Code, do not hold or represent an interest adverse to the Debtor's estate, and do not have any connections with the Debtor, creditors of the Debtor, or any other party in interest in the Debtor's case, or each of

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

1  their respective attorneys or accountants, the United States Trustee or any person employed by the

2  United States Trustee.

3      **PLEASE TAKE FURTHER NOTICE** that any request for a copy of the Application

4  must be made in writing to Polsinelli LLP, 2049 Century Park East., Suite 2900, Los Angeles,

5  California 90067, Attention: Tanya Behnam, Tel: (310) 556-1801, Fax: (310) 556-1802, Email:

6  tbehnam@polsinelli.com.

7      **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 2014-

8  1(b)(3)(E), any objection to and request for a hearing on the Application, in the form required

9  by Local Bankruptcy Rule 9013-1(f)(1), must be filed and served on the Debtor, Polsinelli,

10  Lowenstein Sandler LLP (Attention: Jeremy D. Merkin, Email: jmerkin@lowenstein.com), and

11  the Office of the United States Trustee within fourteen (14) days after the date of service of this

12  Notice plus three (3) additional days if served by mail, electronically, or pursuant to Rule

13  5(b)(2)(D), (E), or (F) of the Federal Rules of Civil Procedure and Rule 9006 of the Federal

14  Rules of Bankruptcy Procedure.

15      **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 2014-

16  1(b)(4), if no objection and request for a hearing on the Application is timely filed and served,

17  Polsinelli will promptly lodge a proposed order approving the Application.

18

19

20  Dated: January 14, 2020.                         Polsinelli LLP

21

22                                                By:    _/s/ Randye B. Soref_____
                                                        Randye B. Soref

23                                                Proposed Counsel for the Official Committee
24                                                of Unsecured Creditors

25

26

27

28

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
2049 Century Park East, Suite 2900, Los Angeles, CA 90067.

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY POLSINELLI LLP, *NUNC PRO TUNC* TO DECEMBER 28, 2019, AS CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO 11 U.S.C. §1103, BANKRUPTCY RULE 2014, AND LOCAL RULE 2014-1** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On January 14, 2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On January 14, 2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on January 14, 2020, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

VIA PERSONAL DELIVERY BY FIRST LEGAL ON JANUARY 15, 2020
Hon. Vincent P. Zurzolo
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1360 / Courtroom 1368
Los Angeles, CA 90012

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 14, 2020 | Cindy Cripe | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

## ATTACHMENT TO SERVICE LIST

### 1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)

David W. Meadows     david@davidwmeadowslaw.com
Jeffrey W Dulberg on behalf of Debtor Yueting Jia jdulberg@pszjlaw.com
Kelly L Morrison on behalf of U.S. Trustee United States Trustee (LA)
kelly.l.morrison@usdoj.gov
Malhar S Pagay on behalf of Debtor Yueting Jia mpagay@pszjlaw.com, bdassa@pszjlaw.com
Randye B Soref (Proposed) on behalf of Official Committee of Unsecured Creditors
rsoref@polsinelli.com
Tanya Behnam (Proposed) on behalf of Official Committee of Unsecured Creditors tbehnam@polsinelli.com
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

### 2. SERVED BY UNITED STATES MAIL

| **Debtor**<br>Yueting Jia<br>91 Marguerite Drive<br>Rancho Palos Verdes, CA 90275 | | |
|---|---|---|

### 3. SERVED BY EMAIL

| Debtor's Attorney<br>Jeffrey W Dulberg on behalf of Debtor<br>Yueting Jia jdulberg@pszjlaw.com | Debtor's Attorney<br>Malhar S Pagay on behalf of Debtor<br>Yueting Jia<br>mpagay@pszjlaw.com | |
|---|---|---|
| United States Trustee<br>Kelly L Morrison on behalf of U.S.<br>Trustee United States Trustee<br>kelly.l.morrison@usdoj.gov | (Proposed) on behalf of Official<br>Committee of Unsecured Creditors<br>Lowenstein Sandler LLP<br>Andrew D. Behlmann<br>ABehlmann@lowenstein.com | (Proposed) on behalf of Official<br>Committee of Unsecured Creditors<br>Lowenstein Sandler LLP<br>Jeffrey D. Prol<br>jprol@lowenstein.com |
| (Proposed) on behalf of Official<br>Committee of Unsecured Creditors<br>Lowenstein Sandler LLP<br>Jeremy Merkin<br>JMerkin@lowenstein.com | (Proposed) on behalf of Official<br>Committee of Unsecured Creditors<br>Lowenstein Sandler LLP<br>Michael A. Kaplan<br>MKaplan@lowenstein.com | |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
2049 Century Park East, Suite 2900, Los Angeles, CA 90067.

A true and correct copy of the foregoing document entitled (*specify*): DECLARATION THAT NO PARTY
REQUESTED A HEARING ON MOTION will be served or was served **(a)** on the judge in chambers in the form and
manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On February
3, 2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On February 3, 2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or
adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class,
postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will
be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on February 3, 2020, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is
filed.

VIA PERSONAL DELIVERY BY FIRST LEGAL ON FEBRUARY 4, 2020
Hon. Vincent P. Zurzolo
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1360 / Courtroom 1368
Los Angeles, CA 90012

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 3, 2020 | Cindy Cripe | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
71975462.1

**F 9013-3.1.PROOF.SERVICE**

## ATTACHMENT TO SERVICE LIST

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

Tanya Behnam on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED CREDITORS
tbehnam@polsinelli.com, tanyabehnam@gmail.com

Jeffrey W Dulberg on behalf of Debtor Yueting Jia
jdulberg@pszjlaw.com

Stephen D Finestone on behalf of Creditor Han's San Jose Hospitality LLC
sfinestone@fhlawllp.com

Alexandra N Krasovec on behalf of Creditor Chongqing Strategic Emerging Industry Leeco Cloud Special
Equity Investment Fund Partnership
krasovec.alexandra@dorsey.com, claridge.vanessa@dorsey.com

David W. Meadows on behalf of Interested Party Courtesy NEF
david@davidwmeadowslaw.com

Kelly L Morrison on behalf of U.S. Trustee U.S. Trustee
kelly.l.morrison@usdoj.gov

Kelly L Morrison on behalf of U.S. Trustee United States Trustee (LA)
kelly.l.morrison@usdoj.gov

Malhar S Pagay on behalf of Debtor Yueting Jia
mpagay@pszjlaw.com, bdassa@pszjlaw.com

Christopher E Prince on behalf of Creditor Shanghai Lan Cai Asset Management Co, Ltd.
cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com

Randye B Soref on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED CREDITORS
rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com

United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

Emily Young on behalf of Other Professional Epiq Corporate Restructuring, LLC
pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com

2. **SERVED BY UNITED STATES MAIL**

| **Debtor**<br>Yueting Jia<br>91 Marguerite Drive<br>Rancho Palos Verdes, CA 90275 | | |
|---|---|---|

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
71975462.1                                                                              **F 9013-3.1.PROOF.SERVICE**