Richard M. Pachulski (CA Bar No. 90073)
Jeffrey W. Dulberg (CA Bar No. 181200)
Malhar S. Pagay (CA Bar No. 189289)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California  90067
Telephone: 310/277-6910
Facsimile:  310/201-0760
E-mail:  rpachulski@pszjlaw.com
          jdulberg@pszjlaw.com
          mpagay@pszjlaw.com

[Proposed] Attorneys for Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>YUETING JIA,[1]<br><br>                Debtor. | Case No.: 2:19-bk-24804-VZ<br>*(formerly 19-12220 (KBO) (Bankr. D. Del.))*<br><br>Chapter 11<br><br>**DEBTOR'S AMENDED MOTION TO RETAIN PQBDN LLC AS FINANCIAL ADVISOR *NUNC PRO TUNC* TO NOVEMBER 17, 2019[2]**<br><br>[Relates to Docket No. 104]<br><br>Date:      February 25, 2020<br>Time:     11:00 a.m.<br>Place:    Courtroom 1368<br>           Roybal Federal Building<br>           255 E. Temple Street<br>           Los Angeles, California 90012<br>Judge:   Hon. Vincent P. Zurzolo |

The above-captioned debtor and debtor in possession (the "Debtor") hereby files this

amended motion (the "Amended Motion") for the entry of an order approving that certain

---

[1] The last four digits of the Debtor's federal tax identification number are 8972.  The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA  90275.

[2] This Motion amends the *Debtor's Motion to (I) Retain PQBDN LLC to Provide the Debtor a Chief Restructuring Officer and (II) Designate Robert Moon as Chief Restructuring Officer for the Debtor Nunc Pro Tunc to November 17, 2019* [Docket No. 104] (the "Original Motion").

DOCS_LA:324928.12 46353/001

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    Consultancy Agreement (the "Consultancy Agreement"),[3] by and between the Debtor and PQBDN

2    LLC ("PQBDN"), *nunc pro tunc* to November 17, 2019.  Pursuant to this Amended Motion, the

3    Debtor seeks to modify the relief requested in his *Motion To (I) Retain PQBDN LLC To Provide The*

4    *Debtor A Chief Restructuring Officer and (II) Designate Robert Moon As Chief Restructuring*

5    *Officer for the Debtor Nunc Pro Tunc To November 17, 2019* [Docket No. 104] (the "Original

6    Motion"), to retain PQBDN as his financial advisor pursuant to 11 U.S.C. §§ 327(a), 328(a) and 330.

7    In support of this Amended Motion, the Debtor has filed concurrently herewith the Supplemental

8    Moon Declaration and further represents as follows:

9                                                  **I.**

10                                          **JURISDICTION**

11        The United States Bankruptcy Court for the Central District of California (the "Court") has

12   jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the General Order No. 13-05

13   from the United States District Court for the Central District of California, dated July 1, 2013. This

14   matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Debtor confirms his consent

15   pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure for the United

16   States Bankruptcy Court for the Central District of California (the "Local Rules") to the entry of a

17   final order by the Court in connection with this Motion to the extent that it is later determined that

18   the Court, absent consent of the parties, cannot enter final orders or judgments in connection

19   herewith consistent with Article III of the United States Constitution. Venue is proper before this

20   Court pursuant to 28 U.S.C. §§ 1408 and 1409.

21        The statutory bases for the relief sought herein are sections 327(a), 328(a) and 330 of the

22   Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1(b) and 2016-1.

23                                                 **II.**

24                                          **BACKGROUND**

25        On October 14, 2019 (the "Petition Date"), the Debtor commenced this case (the "Chapter 11

26   Case") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the

27

28   _____
     [3]  A true and correct copy of the Consultancy Agreement is attached as **Exhibit A** to the Supplemental Declaration of
     Robert Moon (the "Supplemental Moon Declaration"), filed concurrently herewith.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court").

2  The Debtor continues in possession of his property and manages his affairs as a debtor in possession

3  pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4          On October 25, 2019, the Office of the United States Trustee appointed an Official

5  Committee of Unsecured Creditors in this Chapter 11 Case (the "Committee") [Docket No. 45]. The

6  members of the Committee are: Ping An Bank, Ltd. Beijing Branch, China Minsheng Trust Co.,

7  Ltd., Shanghai Leyu Chuangye Investment Management Center LP, Jiangyin Hailan Investment

8  Holding Co., Ltd., and Shanghai Qichengyueming Investment Partnership Enterprise..

9          On December 18, 2019, Judge Karen B. Owens of the Delaware Bankruptcy Court

10  transferred the Chapter 11 Case to this Court.

11          On November 27, 2019, the Debtor filed the Original Motion.

12          Two objections were filed to the Original Motion: (1) *Shanghai Lan Cai Asset Management*

13  *Co., Ltd.'s Objections to (A) the Debtor's Motion to (I) Retain PQBDN LLC to Provide the Debtor a*

14  *Chief Restructuring Officer and (II) Designate Robert Moon as Chief Restructuring Officer for the*

15  *Debtor Nunc Pro Tunc to November 17, 2019 and (B) the Debtor's Motion for an Entry to an Order*

16  *Authorizing Robert Moon to Act as Foreign Representative Pursuant to Section 1505 of the*

17  *Bankruptcy Code* [Docket 129] (the "SLC Objection") and (2) the *United States Trustee's Objection*

18  *to Debtors Motions to Retain (I) PQBDN LLC to Provide the Debtor a Chief Restructuring Officer*

19  *and (II) Designate Robert Moon as Chief Restructuring Officer for the Debtor Nunc Pro Tunc to*

20  *November 17, 2019 (Motion, D.E. 104), and Debtors Motion for Entry of an Order Authorizing*

21  *Robert Moon to Act as Foreign Representative Pursuant to Section 1505 of the Bankruptcy Code*

22  *(D.E. 105, Foreign Representative Motion, collectively, the Motions)* [Docket No. 131] (the "UST

23  Objection").

24          Pursuant to discussions with the Office of the United States Trustee, the Debtor has agreed to

25  modify the relief requested in the Original Motion and now seeks to retain PQBDN as his financial

26  advisor pursuant to Bankruptcy Code Sections 327(a) and 328(a).

27

28

**III.**

**RELIEF REQUESTED**

By this Amended Motion, the Debtor seeks to employ PQBDN, effective as of November 17, 2019, to perform the financial advisory services set forth below pursuant to the terms and conditions in the Consultancy Agreement, as modified by this Amended Motion and the Approval Order (as defined hereafter).

Based on the complexities associated with administering this Chapter 11 Case, the Debtor has determined that he requires the assistance of a financial advisor with specialized experience in bankruptcy and financial advisory services. Accordingly, the Debtor seeks to retain PQBDN as his financial advisor because, among other things, the Debtor understands PQBDN and its manager, Robert Moon ("Moon") have substantial experience in providing financial consulting services in distressed scenarios and enjoys an excellent reputation for services he has rendered in complex chapter 11 cases on behalf of debtors and creditors.

The Debtor has determined that the retention of PQBDN as his financial advisor is necessary and appropriate, and is in the best interests of his estate due to PQBDN's and its manager's expertise and qualifications in performing the analyses required in this particular Chapter 11 Case and for the reasons enumerated herein. In selecting PQBDN as his financial advisor, the Debtor sought an advisor with experience in providing services in complex chapter 11 cases. In addition, Moon is conversant in Mandarin, making PQBDN well-suited to serve as the Debtor's financial advisor. As such, the Debtor believes that PQBDN is well qualified to assist the Debtor in a cost-effective, efficient and timely manner.

PQBDN began providing services to the Debtor under its Consultancy Agreement on November 17, 2019 and, therefore, seeks *nunc pro tunc* employment effective as of November 17, 2019. The Original Motion was filed in the Delaware Bankruptcy Court on November 27, 2019 – ten (10) days after PQBDN commenced work under the Consultancy Agreement. PQBDN has and will continue to coordinate with the other professionals retained in this Chapter 11 Case to avoid any duplication of effort.

DOCS_LA:324928.12 46353/001                    4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<div style="float:left">PACHULSKI STANG ZIEHL & JONES LLP<br>ATTORNEYS AT LAW<br>LOS ANGELES, CALIFORNIA</div>

## IV.

## ROBERT MOON'S QUALIFICATIONS

Mr. Moon has more than 25 years of financial consulting and management experience, including financial and operational restructuring, loan workouts, asset disposition, corporate, strategic, financing and M&A advisory, and business planning.  A copy of Mr. Moon's resume is attached to the Supplemental Moon Declaration as **Exhibit "B"**.  Moon has served as the chief restructuring officer ("CRO") for Suntech Group which includes Suntech America, Inc., Case No. 15-10054 (KBO) pending in the Delaware Bankruptcy Court ("Suntech") and currently serves as the Plan Administrator in the Suntech case.  Mr. Moon continues to serve as the CRO of Suntech Power Holdings, Co. Ltd. (the ultimate parent company of the Suntech Group of companies).  He has also been involved in a number of international insolvency proceedings.  Prior to serving as Suntech's CRO, Moon worked with various clients to provide financial and strategic advisory services.  He also served as CRO for Advantage Rent-a-Car in its chapter 11 proceeding and served as the chief financial officer for Global Lighting Technologies.

Mr. Moon has considerable experience working with senior management teams in the areas of financial and operational restructuring, loan workouts, insolvency recovery, asset disposition, business acquisition, and business planning.  In bankruptcy cases, he has created, directed and implemented insolvency recoveries, overseen restructurings, and overseen the Bankruptcy Code section 363 sale process.

Moon holds an M.B.A. in Finance/Accounting from Columbia University Business School and a B.A. in Economics from Brigham Young University.

## V.

## SCOPE OF SERVICES

Subject to approval by the Court, the Debtor proposes to retain PQBDN as financial advisor to the Debtor on the terms and conditions set forth in the Consultancy Agreement, except as otherwise explicitly by this Amended Motion or the Approval Order.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    PQBDN will provide services to the Debtor including, but not limited to the following.[4]

2    Such duties may include:

3    (a)    Assisting the Debtor in reviewing and negotiating any debtor in possession financing;

4

5    (b)    Reviewing the Debtor's statement of financial affairs and schedules of assets and liabilities and, if necessary, assisting with the preparation of any amendments to such statements and schedules;

6

7    (c)    Serving as the Debtor's foreign representative in any judicial or other proceedings in the British Virgin Islands or the Cayman Islands;

8    (d)    Assisting the Debtor with any reporting required by the U.S. Trustee's office, including monthly operating reports;

9

10    (e)    Investigating acts, conduct, assets, liabilities and financial condition of the Debtor, any other matter relevant to the Chapter 11 Case or to the formulation and confirmation of a plan;

11

12    (f)    Preparing a liquidation analysis in connection with any plan of reorganization proposed in the Chapter 11 Case. Such liquidation analysis may be used in a disclosure statement or referenced in any declarations and related matters.

13

14    (g)    As necessary, provide expert advice, analysis, evidence, and testimony (including valuation testimony) regarding financial matters related to the Chapter 11 Case;

15

16    (h)    Meeting with creditor groups, official constituencies, and other interested parties as the Debtor and PQBDN may mutually agree;

17    (i)    Providing such other financial advisory and restructuring services in connection with the Chapter 11 Case as PQBDN and the Debtor may mutually agree.

18

19

20    The Debtor submits that the foregoing services are necessary to enable him to maximize the

     value of his estate and creditors.

21

22    **VI.**

23    **PQBDN'S DISINTERESTEDNESS**

     As more fully set forth in the Moon Declaration, at the time of filing the Original Motion (the

24    "Original Moon Declaration"), PQBDN undertook efforts to determine whether it had any conflicts

25    or other relationships that might cause it not to be disinterested or to hold or represent an interest

26

27    ───────────────────

28    [4] The summaries of the Consultancy Agreement contained in this Amended Motion are provided for purposes of convenience only. Capitalized terms used in such summaries but not otherwise defined herein shall have the meanings set forth in the Consultancy Agreement.

1    adverse to the Debtor.  Contemporaneously with the filing of this Amended Motion, Moon has

2    executed the Supplemental Moon Declaration.  To the best of Moon's and PQBDN's knowledge,

3    information, and belief, other than as set forth in the Original Moon Declaration or the Supplemental

4    Moon Declaration, PQBDN and Moon:  (a) have no connection with the Debtor, his creditors, other

5    parties in interest, or the attorneys or accountants of any of the foregoing, or the United States

6    Trustee or any person employed in the Office of the United States Trustee; (b) does not hold any

7    interest adverse to the Debtor's estate; and (c) each believes it is a "disinterested person" as defined

8    by section 101(14) of the Bankruptcy Code.  Attached to the Supplemental Moon Declaration as

9    **Exhibit "D"** are the names of individuals and entities that may be parties-in-interest in this case.

10        In the ninety (90) days prior to the Petition Date, PQBDN received no payments for

11   professional services performed for the Debtor.  As set forth in the Debtor's Schedules, an affiliate

12   of PQBDN owned by Moon received a $20,000 retainer in anticipation of Moon's proposed

13   retention under the Original Motion.  However, such amount has been returned.

14        In addition, as set forth in the Moon Declarations, if any new material facts or relationships

15   are discovered or arise, PQBDN will provide the Court with a supplemental declaration.

16                                        **VII.**

17                              **TERMS OF RETENTION**

18        In accordance with the terms of the Consultancy Agreement, as modified by this Amended

19   Motion and the Approval Order  PQBDN's compensation is set forth in the Consultancy Agreement,

20   including, without limitation, the terms regarding PQBDN's Fees and Expenses set forth in Section 5

21   of the Consultancy Agreement, subject to the procedures set forth in this Amended Motion and the

22   Approval Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other

23   applicable orders of this Court.

24        The definition "Service Fee" shall be stricken from Section 1.1 of the Consultancy

25   Agreement.  Section 5.1 of the Consultancy Agreement shall be deleted and replaced with the

26   following:

27                    Notwithstanding anything to the contrary in this Consultancy
                     Agreement, PQBDN shall charge hourly rates for the services.  The
28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    hourly rate of Robert Moon is currently $950.00 subject to periodic
     adjustment.

2

3         PQBDN shall file fee applications for allowance of compensation for services and

4    reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the

5    Bankruptcy Code, the Bankruptcy Rules and the Local Rules.  The source of payments for approved

6    compensation and reimbursement of expenses shall be the Debtor's estate.

7         Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the

8    Local Rules, orders of this Court, or any guidelines regarding submission and approval of fee

9    applications, PQBDN and its professionals shall be excused from keeping time summaries for

10   services rendered in one-tenth (0.10) of an hour increments and instead PQBDN is hereby authorized

11   to keep reasonably detailed time records for services rendered postpetition in one hour (1.0)

12   increments and will submit, with any fee application, including time records with a narrative

13   summary, categorized by project, of services rendered and will identify each professional rendering

14   services, the category of services rendered and the amount of compensation requested.

15        The indemnification provisions set forth in the Consultancy Agreement are hereby approved,

16   subject to the following:

17        a.    PQBDN shall not be entitled to indemnification, contribution or
               reimbursement pursuant to the Consultancy Agreement for services, unless
18             such services and the indemnification, contribution or reimbursement
               therefore are approved by this Court.
19

20        b.    The Debtor shall have no obligation to indemnify PQBDN or provide
               contribution or reimbursement to PQBDN for any claim or expense to the
               extent it is either: (i) judicially determined (the determination having become
21             final and no longer subject to appeal) to have arisen from PQBDN 's gross
               negligence, willful misconduct, or bad faith; (ii) for a contractual dispute in
22             which the Debtor alleges breach of PQBDN 's contractual obligations, unless
               this Court determines that indemnification, contribution, or reimbursement
23             would be permissible pursuant to *In re United Artists Theatre Company*, 315
               F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to
24             the exclusions set forth in clauses (i) and (ii) above, but determined by this
               Court, after notice and a hearing pursuant to subparagraph (c) hereof to be a
25             claim or expense for which PQBDN  should not receive indemnity,
               contribution, or reimbursement under the terms of the Consultancy
26             Agreement, as modified by this Order.

27        c.    If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in
               this chapter 11 case (that order having become a final order no longer subject
28             to appeal) and (ii) the entry of an order closing this chapter 11 case, PQBDN
               believes that it is entitled to the payment of any amounts by the Debtor on

1

2

3

4

5

6

7

account of the Debtor's indemnification, contribution and/or reimbursement
obligations under the Consultancy Agreement (as modified by this Order),
including without limitation, the advancement of defense costs, PQBDN must
file an application therefor in this Court, and the Debtor may not pay any such
amounts to PQBDN before the entry of an order by this Court approving the
payment. This subparagraph (c) is intended only to specify the period of time
under which this Court shall have jurisdiction over any request for fees and
expenses by PQBDN for indemnification, contribution and/or reimbursement,
and not a provision limiting the duration of the Debtor's obligation to
indemnify, or make contributions or reimbursements to, PQBDN. All parties
in interest shall retain the right to object to any demand by PQBDN for
indemnification, contribution and/or reimbursement.

8    PQBDN is entitled to reimbursement of actual and necessary expenses, including legal fees

9  related to the Amended Motion and any fee applications as approved by the Court, provided, however,

10  that PQBDN shall not seek reimbursement of any fees incurred defending any objection to

11  PQBDN's fee applications in this Chapter 11 case.

12    During the pendency of this Chapter 11 Case, Section 7.6 of the Consultancy Agreement

13  shall not be applicable.

14    To the best of Debtor's knowledge, the compensation arrangement reflected in the

15  Consultancy Agreement is consistent with, and typical of, arrangements entered into by PQBDN and

16  other restructuring and consulting firms with respect to rendering similar services for clients such as

17  the Debtor.

18  **VIII.**

19  **BASIS FOR RELIEF REQUESTED**

20    The Debtor seeks authority to employ and retain PQBDN as his financial advisor under

21  section 327 of the Bankruptcy Code, which provides that a debtor is authorized to employ

22  professional persons "that do not hold or represent an interest adverse to the estate, and that are

23  disinterested persons, to represent or assist the debtor in carrying out their duties under this title." 11

24  U.S.C. § 327(a).  Section 1107(b) of the Bankruptcy Code elaborates upon sections 101(14) and

25  327(a) of the Bankruptcy Code in cases under chapter 11 of the Bankruptcy Code and provides that

26  "a person is not disqualified for employment under section 327 of [the Bankruptcy Code] by a debtor

27  in possession solely because of such person's employment by or representation of the debtor before

28  the commencement of the case." 11 U.S.C. § 1107(b).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    In addition, the Debtor seeks approval of the Consultancy Agreement (including the Fee and

2    Expense Structure as modified by this Amended Motion and the Approval Order) pursuant to section

3    328(a) of the Bankruptcy Code, which provides, in relevant part, that the Debtor "with the court's

4    approval, may employ or authorize the employment of a professional person under section 327. . . on

5    any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a

6    fixed or percentage fee basis, or on a contingent fee basis. . . " 11 U.S.C. § 328(a).  Section 328 of

7    the Bankruptcy Code permits the compensation of professionals, including financial advisors, on

8    more flexible terms that reflect the nature of their services and market conditions.  As the United

9    States Court of Appeals for the Fifth Circuit recognized in *Donaldson Lufkin & Jenrett Sec. Corp. v.*

10   *Nat'l Gypsum Co. (In re Nat'l Gypsum Co.)*, 123 F.3d 861 (5th Cir. 1997):

> Prior to 1978 the most able professionals were often unwilling to work
> for bankruptcy estates where their compensation would be subject to the
> uncertainties of what a judge thought the work was worth after it had
> been done.  That uncertainty continues under the present § 330 of the
> Bankruptcy Code, which provides that the court award to professional
> consultants "reasonable compensation" based on relevant factors of
> time and comparable costs, etc.  Under present § 328 the professional
> may avoid that uncertainty by obtaining court approval of compensation
> agreed to with the trustee (or debtor or committee).

16   *Id.* at 862 (citations omitted), *cited in Riker, Danzig, Scherer, Hyland & Perretti LLP v. Official*

17   *Comm. of Unsecured Creditors (In re Smart World Techs. LLC)*, 383 B.R. 869, 874

18   (S.D.N.Y. 2008).

19

20   The Consultancy Agreement appropriately reflects (i) the nature and scope of services to be

21   provided by PQBDN, (ii) PQBDN's substantial experience with respect to financial advisory

22   services and working with companies in financial distress, and (iii) the fee structures typically

23   utilized by PQBDN.

24   Notwithstanding approval of the Consultancy Agreement under section 328(a) of the

25   Bankruptcy Code, PQBDN will apply to the Court for allowance of compensation and

26   reimbursement of expenses in accordance with the procedures set forth in the applicable provisions

27   of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules, as those procedures

28   may be modified or supplemented by order of this Court.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:324928.12 46353/001                    10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**IX.**

**INDEMNIFICATION PROVISIONS**

As a material part of the consideration for which PQBDN has agreed to provide the Services described herein, the Debtors have agreed to the indemnification provisions of the Consultancy Agreement (the "Indemnification Provisions"). The Indemnification Provisions provide that the Debtors will indemnify and hold harmless PQBDN and its affiliates, related persons, and subcontractors under certain circumstances. All requests of PQBDN for the payment of indemnity pursuant to the Indemnification Provisions will be made by means of an application to, and shall be subject to review by, the Court to ensure that payment of such indemnity (a) conforms to the terms of the Consultancy Agreement and (b) is reasonable based upon the circumstances. The Debtor will not indemnify PQBDN for acts involving gross negligence or willful misconduct and will not hold PQBDN harmless against liabilities arising out of or in connection with its retention by the Debtors for losses, claims, damages or liabilities incurred by the Debtor that are finally judicially determined by a court of competent jurisdiction to have primarily resulted from gross negligence or willful misconduct of PQBDN.

The Debtor and PQBDN believe that the indemnification provisions contained in the Consultancy Agreement are customary and reasonable for financial advisory engagements, both in and out of court, and reflect the qualifications and limitations on indemnification provisions that are customary in this district and other jurisdictions.

**X.**

**REQUEST FOR APPROVAL OF RETENTION OF**

**PQBDN *NUNC PRO TUNC* AS OF THE NOVEMBER 17, 2019**

The Debtor requests that PQBDN's retention be made effective as of the November 17, 2019, in order to allow PQBDN to be compensated for the work performed for the Debtor prior to the Court's consideration and approval of this Application. The Debtor submits that under the circumstances, and to avoid irreparable harm to the Debtor's estate that may occur if PQBDN is not immediately retained, retroactive approval to the November 17, 2019 is warranted. *See In re Atkins*,

DOCS_LA:324928.12 46353/001                    11

1   69 F.3d 970 (9th Cir. 1995) (stating that bankruptcy courts "possess the equitable power to approve

2   retroactively a professional's valuable but unauthorized services" by granting nunc pro tunc relief).

3       Based upon the foregoing, the Debtor submits that the retention of PQBDN on the terms set

4   forth herein and in the Consultancy Agreement as modified by this Amended Motion and the

5   Approval Order are appropriate and in the best interest of the Debtor's estate, creditors, and other

6   parties in interest and should be granted in this Case.

7                                                **XI.**

8                   **PROFESSIONAL COMPENSATION AND FEE BUDGET**

9       As the Court is aware from the caveat included in the Court's "Instructions for the

10  Professional Compensation and Fee Budget," any budget for professionals is speculative and subject

11  to events beyond the control of the professionals. Nonetheless, PQBDN has estimated its fees and

12  expenses for this case. In accordance with the Court's "Instructions for the Professional

13  Compensation and Fee Budget," attached to the Supplemental Moon Declaration as **Exhibit "C"** is a

14  budget of estimated fees and expenses to be incurred by PQBDN.

15      WHEREFORE, the Debtor respectfully requests that the Court enter an Order to modify the

16  relief requested in the Original Motion and to retain PQBDN as his financial advisor pursuant to 11

17  U.S.C. §§ 327(a), 328(a) and 330.

18

19      Dated:    February 4, 2020              PACHULSKI STANG ZIEHL & JONES LLP

20                                      By      */s/ Malhar S. Pagay*
                                                Richard M. Pachulski
21                                              Jeffrey W. Dulberg
                                                Malhar S. Pagay
22
                                                [Proposed] Attorneys for Debtor and
23                                              Debtor in Possession

24

25

26

27

28

DOCS_LA:324928.12 46353/001                        12

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA  90067**

A true and correct copy of the foregoing document entitled (*specify):* **DEBTOR'S AMENDED MOTION TO RETAIN PQBDN LLC AS FINANCIAL ADVISOR *NUNC PRO TUNC* TO NOVEMBER 17, 2019** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **February 4, 2020,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **February 4, 2020,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA HAND DELIVERY**
The Honorable Vincent P. Zurzolo
United States Bankruptcy Court
Central District of California
255 East Temple Street, Suite 1360 / Courtroom 1368
Los Angeles, CA  90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 4, 2020 | Mary de Leon | /s/ *Mary de Leon* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

DOCS_LA:327417.1 46353/002

**SERVICE INFORMATION FOR CASE NO. 19-bk-24804-VZ**

   1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>

- Tanya Behnam     tbehnam@polsinelli.com, tanyabehnam@gmail.com
- Jeffrey W Dulberg     jdulberg@pszjlaw.com
- Stephen D Finestone     sfinestone@fhlawllp.com
- Alexandra N Krasovec     krasovec.alexandra@dorsey.com, claridge.vanessa@dorsey.com
- David W. Meadows     david@davidwmeadowslaw.com
- Kelly L Morrison     kelly.l.morrison@usdoj.gov
- Malhar S Pagay     mpagay@pszjlaw.com, bdassa@pszjlaw.com
- Christopher E Prince     cprince@lesnickprince.com,
  jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- Randye B Soref     rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- Benjamin Taylor     btaylor@taylorlawfirmpc.com
- United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov
- Emily Young     pacerteam@gardencitygroup.com,
  rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.