**FILED & ENTERED**

**FEB 06 2020**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY johnson   DEPUTY CLERK**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

In re:

YEUTING JIA,

Debtor(s).

Case No: 2:19-bk-24804-VZ
*(formerly 19-12220 KBO in the District of Delaware)*

Chapter: 11

**ORDER:**

**(1) DENYING MOTION FOR APPROVAL OF ADEQUACY OF AMENDED DISCLOSURE STATEMENT AND 2nd AMENDED DISCLOSURE STATEMENT; AND**

**(2) TO SHOW CAUSE WHY CHAPTER 11 CASE SHOULD NOT BE DISMISSED OR CONVERTED TO A CASE UNDER CHAPTER 7**

<u>Current Hearing Date:</u>
Date: February 6, 2020
Time: 11:00 a.m.

<u>Hearing on Order to Show Cause:</u>
Date: April 30, 2020
Time: 11:00 a.m.
Ctrm: 1368, Roybal Federal Building
    255 E. Temple St., Los Angeles, CA 90012

On October 14, 2019, Yeuting Gia ("Debtor") filed a Plan of Reorganization ("Plan", docket entry **#4**) and Disclosure Statement ("Disclosure Statement", docket entry **#5**).  On November 15, 2019, the Debtor filed an Amended Disclosure Statement ("Amended DS", docket entry **#94**) together with a

blackline version of the Amended DS (docket entry **#95**) and a notice of hearing on Amended DS (docket entry **#96**) that set a hearing on December 18, 2019 in the District of Delaware.

On December 4, 2019, the Debtor filed motion to approve adequacy of the amended disclosure statement ("Initial Motion to Approve Amended DS", docket entry **#109**) and, on December 13, 2019, filed a notice of continuance of the hearing until January 8, 2020 ("Notice of Continuance", docket **#147**)

Responses to the Initial Motion to Approve Amended DS (collectively, the "Responses to Amended DS") were timely filed on or before December 13, 2019 by the following parties: (1) Shanghai Lan Cai Asset Management Co, Ltd (docket entry **#139**); (2) O-Film Global (HK) Trading Limited and Nanchang O-Film Photoelectric Technology Co., Ltd (docket entry **#140**); and (3) Chongqing Strategic Emerging Industry Leeco Cloud Special Equity Investment Fund Partnership (docket entry **#142**).

The hearing was not conducted in the District of Delaware because, prior to the hearing, an order was entered to transfer venue of this bankruptcy case to the Central District of California ("Transfer Order", docket **#178**).

On January 16, 2020, the Debtor filed a notice of motion and motion to approve the Amended DS ("2nd Motion to Approve Amended DS", docket entry **#222**) and set a hearing for February 6, 2020. The notice of motion complied with LBR 9013-1(d) by indicating that responses filed under LBR 9013-1(f) must be filed no later than 14 days prior to the hearing; however, within the 2nd Motion to Approve Amended DS the Debtor requested a deviation from LBR 9013-1(f) to allow responses to be filed on or before January 30, 2020 at 4:00 p.m. PST ("**Proposed Objection Deadline**").  Neither the notice nor motion indicated a deadline for the Debtor to file a reply to objections.  In the motion the Debtor also requested to be relieved from using this court's forms for chapter 11 debtors who are individuals.

On January 23, 2020, the United States trustee filed an objection to the Amended DS ("UST Objection", docket entry **#246**).

On January 27, 2020, the Debtor filed an amended plan of reorganization ("Amended Plan", docket entry **#260**).  On January 27, 2020, the Debtor filed a notice of filing of blackline version of 2nd

amended disclosure statement (docket entry **#261**) and on January 28, 2020, the Debtor filed a 2nd amended disclosure statement ("2nd Amended DS", docket entry **#262**).

Responses to the 2nd Motion to Approve Amended DS – *and the 2nd Amended DS* -- (collectively with the UST Objection, the "Responses to 2nd Amended DS") were timely filed on the Proposed Objection Deadline by the following parties: (1) Shanghai Lan Cai Asset Management Co, Ltd (docket entry **#273**) which is supported by the declaration of Daniel J. Saval (docket entry **#274**); (2) Chongqing Strategic Emerging Industry Leeco Cloud Special Equity Investment Fund Partnership (docket entry **#275**); and (3) Official Committee of Unsecured Creditors (docket entry **#276**).

Having reviewed the Amended D/S, the 2nd Amended DS, the Amended Plan, the Initial Motion to Approve Amended DS, the 2nd Motion to Approve Amended DS, the Responses to the Amended DS, and the Responses to the 2nd Amended DS, I find and conclude that neither the Amended DS nor the 2nd Amended DS contain "adequate information" as required by 11 U.S.C. §1125. Pursuant to LBR 9013-1(j) I waived oral argument and appearances at the hearing.

Based on the concurrently filed Findings of Fact and Conclusions of Law in Support of Order (1) Denying Motion to Approve Adequacy of Amended Disclosure Statement and 2nd Amended Disclosure Statement; and (2) To Show Cause Why Chapter 11 Case Should not be Dismissed or Converted to a Case Under Chapter 7 ("FOF & COL"), **IT IS ORDERED:**

(1) The 2nd Motion to Approve Amended DS is **DENIED**;

(2) The request to be relieved of using this court's forms for chapter 11 debtors who are individuals is **GRANTED**;

(3) A hearing is set for **April 30, 2020 at 11:00 a.m.** to consider a motion to approve 3rd Amended Disclosure Statement. The Debtor may set a hearing on earlier date under the following conditions:

   a) The date selected is a Thursday at 11:00 a.m. that is available on the court's calendar;

   b) The 3rd Amended Disclosure Statement is filed at least 42 days before the hearing, including a red-lined version;

c) The date selected allows for 42 days of notice of hearing; and

d) The notice of hearing indicates that:

    1. A motion to approve 3rd amended disclosure statement will be filed at least 21 days before the hearing, pursuant to LBR 9013-1(d);

    2. The deadline to file responses to the motion is 14 days before the hearing, pursuant to LBR 9013-1(f); and

    3. The deadline for the Debtor to file a reply is 7 days before the hearing, pursuant to LBR 9013-1(g).

(4) A hearing is set for April 30, 2020 at 11:00 a.m. on an Order to Appear and File Written Explanation Why Chapter 11 Bankruptcy Case Should not be Dismissed or Converted to a case under chapter 7 ("OSC").

a) No later than April 16, 2020, the Debtor must file a response to the OSC which contains proof of service on the U.S. trustee, the Official Committee of Unsecured Creditors, the parties who filed Responses to the Amended DS, the parties who filed Responses to the 2nd Amended DS, and a judge's copy.

b) Cause is shown if the adequacy of an amended disclosure statement has been approved on or before this date.

###

Date: February 6, 2020

Vincent P. Zurzolo
United States Bankruptcy Judge

- 4 -