Richard M. Pachulski (CA Bar No. 90073)
Jeffrey W. Dulberg (CA Bar No. 181200)
Malhar S. Pagay (CA Bar No. 189289)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California  90067
Telephone: 310/277-6910
Facsimile:  310/201-0760
E-mail: rpachulski@pszjlaw.com
         jdulberg@pszjlaw.com
         mpagay@pszjlaw.com

[Proposed] Attorneys for Debtor and Debtor in Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>YUETING JIA,[1]<br><br>Debtor. | Case No.: 2:19-bk-24804-VZ<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION FOR AN ORDER GRANTING EXTENSION OF THE DEADLINE TO ASSUME, ASSUME AND ASSIGN, OR REJECT NONRESIDENTIAL REAL PROPERTY LEASES TO THE MAXIMUM NUMBER OF DAYS AUTHORIZED BY 11 U.S.C. § 365(D)(4)(B)(i); MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF YUETING JIA IN SUPPORT THEREOF**<br><br>[No Hearing Required] |

**TO THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES BANKRUPTCY JUDGE; OCEAN VIEW DRIVE, INC.; THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS; AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

**PLEASE TAKE NOTICE** that Yueting Jia, debtor and debtor in possession herein (the "Debtor") hereby moves (the "Motion"), pursuant to section 365(d)(4)(B)(i) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), for an order extending the statutory deadline (the "365(d)(4) Deadline") within which the Debtor may assume, assume and assign, or

---

[1] The last four digits of the Debtor's federal tax identification number are 8972. The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

DOCS_LA:327461.2 46353/002

reject any unexpired non-residential real property leases for an additional ninety (90) days through and including May 11, 2020, or through the date of entry of an order confirming a plan, whichever is earlier.

The Debtor leases (the "Lease")[2] from Ocean View Drive, Inc. (the "Landlord"), real property located at (i) 91 Marguerite Drive, Rancho Palos Verdes, CA 90275 ("91 Marguerite Drive"); (ii) 7 Marguerite Drive, Ranch Palos Verdes, CA 90275 ("7 Marguerite Drive"); (iii) 11 Marguerite Drive, Rancho Palos Verdes, CA 90275 ("11 Marguerite Drive"); (iv) 15 Marguerite Drive, Rancho Palos Verdes, CA 90275 ("15 Marguerite Drive"); and (v) 19 Marguerite Drive, Rancho Palos Verdes, CA 90275 ("19 Marguerite Drive," and together with 91 Marguerite Drive, 7 Marguerite Drive, 11 Marguerite Drive, and 15 Marguerite Drive, the "Leased Property"). The Debtor resides at 91 Marguerite Drive and subleases the remainder of the Leased Property.[3]

Although the Leased Property is located in a residential area and the structures built upon certain of such properties are residences, the Bankruptcy Code does not define the term 'nonresidential' as it relates to real property, resulting in some courts assessing the nature of the property leased and other courts assessing the lease itself. Thus, in an abundance of caution, the Debtor is filing this Motion to preserve his ability to assume or reject the Lease.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on the attached Memorandum of Points and Authorities and Declaration of Yueting Jia, and any other admissible evidence properly brought before the Court. In addition, the Debtor requests that the Court take judicial notice of all documents filed with the Court in this Case.

**PLEASE TAKE FURTHER NOTICE** that Local Bankruptcy Rule 9013-1(o)(1) requires that any response to the Motion and request for hearing must be filed with the Bankruptcy Court and served upon the United States Trustee and counsel for the Debtor at the address appearing on the upper-left hand corner of the caption page to this Motion within fourteen (14) days after the date of service of the Notice. Pursuant to Local Bankruptcy Rule 9013-1(h), the failure to timely file and

---

[2] Nothing herein shall be construed as a concession or admission that the Lease is a lease of nonresidential real property or that the Lease is an "executory contract" within the meaning of 11 U.S.C. § 365 and other applicable law. The Debtor expressly reserves all of his rights with respect to the Lease.

[3] Warm Time, Inc., subleases from the Debtor the properties located at 7 Marguerite Drive, 11 Marguerite Drive, 15 Marguerite Drive, and 19 Marguerite Drive.

serve written opposition may be deemed by the Court to be consent to the granting of the relief requested in the Motion without further notice or a hearing.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Order, among other things, (i) granting the Motion, (ii) extending the Section 365(d)(4) Deadline for an additional 90 days, through and including May 11, 2020, or the date of entry of an order confirming a plan, whichever is earlier, and (iii) stating that nothing contained in the order shall be deemed to authorize the assumption or rejection of the Lease.

Dated: February 11, 2020    PACHULSKI STANG ZIEHL & JONES LLP

By  /s/ *Malhar S. Pagay*
    Richard M. Pachulski
    Jeffrey W. Dulberg
    Malhar S. Pagay

    [Proposed] Attorneys for Debtor and Debtor in Possession

3

DOCS_LA:327461.2 46353/002

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## BACKGROUND

### A. Jurisdiction and Venue

The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue for proceedings on this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### B. General Background

On October 14, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor remains in possession of his property and manages his affairs as a debtor in possession.

The time period within which the Debtor may assume, assume and assign, or reject his unexpired nonresidential real property leases pursuant to section 365(d)(4) of the Bankruptcy Code currently expires on February 11, 2020.

### C. The Lease

Pursuant to the Lease, the Debtor is the lessee of the Leased Property and resides at 91 Marguerite Drive while subleasing the remaining Leased Property.[4] 7 Marguerite Drive and 19 Marguerite Drive are residences. 11 Marguerite Drive and 15 Marguerite Drive consist of unimproved land. The Debtor has pre-paid his rent due under the Lease through December 2021.

## II.

## ARGUMENT

Section 365(d) of the Bankruptcy Code provides that:

> (A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of -
>
> (i) the date that is 120 days after the date of the order for relief; or
>
> (ii) the date of the entry of an order confirming a plan.

---

[4] Warm Time, Inc. subleases from the Debtor the properties located at 7 Marguerite Drive, 11 Marguerite Drive, 15 Marguerite Drive, and 19 Marguerite Drive.

1

DOCS_LA:327461.2 46353/002

> (B) (i) *The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.*
>
> (ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

11 U.S.C. § 365(d)(4) (emphasis added). Thus, the Court can, for cause, order a 90-day extension of the period during which a debtor in possession must assume or reject nonresidential real property leases.

As to what constitutes "cause" under amended section 365(d)(4), prior cases remain informative. 3 *Collier on Bankruptcy* ¶ 365.04[4], at 365-48 (15th ed. rev.) ("Prior law interpreting section 365(d)(4) should continue to apply as to the remainder of the issues that arise in the context of assumption or rejection of a nonresidential real property lease."). Many courts have discussed what generally constitutes sufficient cause to extend the time period within which a debtor may assume, assume and assign, or reject an unexpired nonresidential lease. In *In re Wedtech Corp.*, 72 B.R. 464 (Bankr. S.D.N.Y. 1987), the Court cited the following factors, among others, to determine whether "cause" existed:

(i)   where the lease is an important asset of the estate, such that the decision to assume or reject it would be central to any plan;

(ii)  where the debtor has had insufficient time to intelligently appraise its financial situation and the potential value of the lease in terms of a potential plan; and

(iii) the existence of any other facts indicating the lack of reasonable time to decide whether to assume or assign a lease.

*Id.* at 471-72. The Bankruptcy Appellate Panel for the Ninth Circuit endorsed the foregoing multifaceted approach to requests for an extension under section 365(d)(4) of the Bankruptcy Code. *See In re Victoria Station Inc.*, 88 B.R. 231, 236 n.7 (Bankr. 9th Cir. 1988) ("There are numerous important factors in support of and against an extension of time. . . . These factors include, whether the leases are the primary assets of the debtor [and] whether the lessor continues to receive rental payments."), *aff'd*, 875 F.2d 1380 (9th Cir. 1989).

Cause for an extension, to the extent one is required, exists because the Lease is an important asset of the estate. Not only does the Debtor reside in part of the Leased Property but, via a sublease

2

DOCS_LA:327461.2 46353/002

of the remainder of the Leased Property, the Lease also provides a source of rental income to the Debtor.

Although section 365(d)(4) of the Bankruptcy Code is not applicable to residential real property -- and the Leased Property includes the Debtor's residence and two other residential structures located at 7 Marguerite Drive and 19 Marguerite Drive -- the Bankruptcy Code does not define the term 'nonresidential' as it relates to real property, resulting in some courts assessing the nature of the property leased and other courts assessing the lease itself.  Because 11 Marguerite Drive and 15 Marguerite Drive consist of unimproved land, there may be some ambiguity as to whether such properties constitute residential or nonresidential property.  *Compare Matter of Terrace Apts. Ltd.*, 107 B.R. 382 (Bank. N.D. Ga. 1989) (nature of property is the key factor in determining whether a property is residential) *and Alegre v. Michael H. Clement Corp. (In re Michael H. Clement Corp.)*, 446 B.R. 394 (N.D. Cal. 2011) (applying "nature of property test," which court believed was the majority view, to determine that property is residential) *with In re Condo. Admin. Servs., Inc.*, 55 B.R. 792 (Bankr. M.D. Fla.1985) (mobile home park lease was nonresidential based on the nature of the lease and not on the use of the property as a residence) *and In re Sonora Convalescent Hosp., Inc.*, 69 B.R. 134 (Bankr. E.D. Cal. 1986) (commercial intent of the lease is used to determine that property is nonresidential although patients reside on property).  Thus, in an abundance of caution and because of the importance of the Leased Property and the Lease both as a source of revenue and as the Debtor's residence, the Debtor files this Motion to preserve his ability to assume or reject the Lease.

The Debtor has pre-paid his rent due under the Lease through December 2021 and thus has fulfilled his monetary obligations under the Lease during the proposed extended period; thus, the Landlord will not suffer any prejudice if the extension is granted.  If the requested relief is not granted, the Debtor may be forced to prematurely assume or reject the Lease without sufficient information to make an informed decision, depending on the final form of the Debtor's plan.  A premature decision to reject or assume Lease could cause harm to the estate because it could saddle the estate with unnecessary administrative expenses.

DOCS_LA:327461.2 46353/002

Since filing his case, the Debtor's efforts have centered on communicating and negotiating with his creditors in an effort to formulate a consensual chapter 11 plan. The Debtor wishes to remain focused on achieving the goal of confirming such a plan and, accordingly, seeks an extension of the deadline imposed by section 365(d)(4), to the extent it may be applicable, to preserve a valuable asset, provide additional time within which to make decisions about the Lease and to continue to focus on the goal of plan confirmation.

The Landlord for the Lease will not be prejudiced by the granting of the Debtor's requested extension. The Debtor has prepaid his monetary obligations under the Lease through December 2021, beyond the extended period requested herein.

Based on the foregoing, the Debtor submits that good cause exists for the requested extension and such extension is in the best interest of the estate.

## IV.

## **CONCLUSION**

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Order, among other things, (i) granting the Motion, (ii) extending the Section 365(d)(4) Deadline for an additional 90 days, through and including May 11, 2020, or the date of entry of an order confirming a plan, whichever is earlier, and (iii) stating that nothing contained in the order shall be deemed to authorize the assumption or rejection of the Lease.

Dated: February 11, 2020       PACHULSKI STANG ZIEHL & JONES LLP

By /s/ *Malhar S. Pagay*
Richard M. Pachulski
Jeffrey W. Dulberg
Malhar S. Pagay

[Proposed] Attorneys for Debtor and Debtor in Possession

4

DOCS_LA:327461.2 46353/002

# DECLARATION OF YUETING JIA[1]

I, Yueting Jia, declare as follows:

1. I am the debtor and debtor in possession herein. Except as otherwise indicated, all statements in this Declaration are based upon my own personal knowledge, review of documents, and my opinion. If I were called to testify as a witness in this matter, I could and would competently testify to each of the facts set forth herein based upon my personal knowledge, review of documents, or opinion.

2. I make this Declaration in support of the *Motion for an Order Granting Extension of the Deadline to Assume, Assume and Assign, or Reject Nonresidential Real Property Leases to the Maximum Number of Days Authorized by 11 U.S.C. § 365(d)(4)(B)(I)* (the "Motion"). Capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Motion.

3. Pursuant to the Lease, I am the lessee of the Leased Property and reside at 91 Marguerite Drive while subleasing the remaining Leased Property.[2] 7 Marguerite Drive and 19 Marguerite Drive are residences. 11 Marguerite Drive and 15 Marguerite Drive consist of unimproved land. I have pre-paid my rent due under the Lease through December 2021.

4. The Lease is an important asset of my estate. Not only do I reside in the Leased Property, but also sublet a portion of the Leased Property which provides me with rental income. Since filing my case, my efforts have been devoted to communicating with creditors and negotiating a consensual plan of reorganization. The extension of time, to the extent it is required, will allow me additional time to make decisions with respect to the Lease and allow me to continue to focus on my goal of confirming a chapter 11 plan.

5. I believe that good cause exists for the requested extension and such extension is in the best interest of my estate.

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Motion.
[2] Warm Time, Inc. subleases from the Debtor the properties located at 7 Marguerite Drive, 11 Marguerite Drive, 15 Marguerite Drive, and 19 Marguerite Drive.

5

DOCS_LA:327461.5 46353/002

I declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the foregoing is true and correct to the best of my information, knowledge and belief.

Executed this 11th day of February, 2020, at Gardena, California.

_____
Yueting Jia

DOCS_LA:327461.4 46353/002

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA  90067**

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION FOR AN ORDER GRANTING  EXTENSION OF THE DEADLINE TO ASSUME, ASSUME AND ASSIGN, OR REJECT NONRESIDENTIAL REAL PROPERTY LEASES TO THE MAXIMUM NUMBER OF DAYS AUTHORIZED BY 11 U.S.C. § 365(D)(4)(B)(i); MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF YUETING JIA IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **February 11, 2020,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **February 11, 2020,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA HAND DELIVERY**
The Honorable Vincent P. Zurzolo
United States Bankruptcy Court
Central District of California
255 East Temple Street, Suite 1360 / Courtroom 1368
Los Angeles, CA  90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 11, 2020 | Mary de Leon | /s/ *Mary de Leon* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:327547.1 46353/002

**SERVICE INFORMATION FOR CASE NO. 19-bk-24804-VZ**

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>

- Tanya Behnam    tbehnam@polsinelli.com, tanyabehnam@gmail.com
- Jerrold L Bregman    ecf@bg.law, jbregman@bg.law
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Stephen D Finestone    sfinestone@fhlawllp.com
- Alexandra N Krasovec    krasovec.alexandra@dorsey.com, claridge.vanessa@dorsey.com
- Ben H Logan    blogan@omm.com
- David W. Meadows    david@davidwmeadowslaw.com
- Kelly L Morrison    kelly.l.morrison@usdoj.gov
- Malhar S Pagay    mpagay@pszjlaw.com, bdassa@pszjlaw.com
- Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- Randye B Soref    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- Benjamin Taylor    btaylor@taylorlawfirmpc.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Emily Young    pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                              **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:327547.1 46353/002