| Attorney or Party Name, Address, Telephone & FAX Nos. | FOR COURT USE ONLY |
|---|---|
| Richard M. Pachulski (CA Bar No. 90073)<br>Jeffrey W. Dulberg (CA Bar No. 181200)<br>Malhar S. Pagay (CA Bar No. 189289)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, California  90067<br>Telephone: 310/277-6910<br>Facsimile:  310/201-0760<br>E-mail: rpachulski@pszjlaw.com<br>        jdulberg@pszjlaw.com<br>        mpagay@pszjlaw.com<br><br>☐ *Movant(s) appearing without an attorney*<br>☒ *Attorney for Movant(s)* | |

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>YUETING JIA,[1]<br><br><br><br><br><br><br><br>                                    Debtor(s). | CASE NO.:  2:19-bk-24804-VZ<br><br>CHAPTER:  11<br><br>---<br><br>**DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION**<br><br>---<br><br>[No Hearing Required] |

1.  I am the ☐ Movant(s) or ☒ attorney for Movant(s) or ☐ employed by attorney for Movant(s).

2.  On (*date*):   10/17/19   Movant(s) filed a motion or application (Motion) entitled:  Debtor's Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession *Nunc Pro Tunc* to the Petition Date [Docket No. 18][2]

3.  A copy of the Motion and notice of motion is attached to this declaration.

4.  On (*date*): 10/25/19   Movant(s), served a copy of ☒ the notice of motion or ☐the Motion and notice of motion on required parties using the method(s) identified on the Proof of Service of the notice of motion.

---

[1] The last four digits of the Debtor's federal tax identification number are 8972. The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.
[2]The Application was filed with the United States Bankruptcy Court for the District of Delaware.  On December 18, 2019 the Delaware Bankruptcy Court entered an order [Docket No. 178] transferring the case to the Central District of California.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.


American LegalNet, Inc.
www.FormsWorkFlow.com

5.  The Notice of Application provides that the deadline to file and serve a written response or objection of the entry of an order with respect to the relief sought in the Application must be filed on or before November 8, 2019.  An opposition to the Application was filed by Shanghai Lan Cai Asset Management Co., Ltd. ("SLC"), but has since been resolved between the Debtor and SLC (*See* proposed Order attached hereto).

6.  More than  17   days have passed after Movant(s) served the notice of motion.

7.  I checked the docket for this bankruptcy case and/or adversary proceeding, and no further response and request for hearing was timely filed.

8.  No response and request for hearing was timely served on Movant(s) via Notice of Electronic Filing, or at the street address, email address, or facsimile number specified in the notice of motion.

9.  Based on the foregoing, and pursuant to LBR 9013-1(o), a hearing is not required.

Movant(s) requests that the court grant the motion and enter an order without a hearing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Date: 2/17/2020            */s/ Malhar S. Pagay* _____
                          Signature


                          Malhar S. Pagay _____
                          Printed name

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                      Page 2                F 9013-1.2.NO.REQUEST.HEARING.DEC
DOCS_LA:327594.2 46353/002

American LegalNet, Inc.
www.FormsWorkFlow.com

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YUETING JIA, [1] | ) | Case No.: 19-12220 (KBO) |
| | ) | |
| Debtor. | ) | |

## DEBTOR'S APPLICATION PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 2014-1 FOR AUTHORIZATION TO EMPLOY AND RETAIN PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE

The debtor and debtor in possession (the "Debtor") in the above-captioned

chapter 11 case (the "Chapter 11 Case") files this application (the "Application") for entry of an

order pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"),

Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule

2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy

Court for the District of Delaware (the "Local Rules" or "Del. Bankr. LR") authorizing the

Debtor to retain and employ Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm") as

general bankruptcy counsel for the Debtor *nunc pro tunc* to the Petition Date (as defined herein)

(the "Application"). In support of the Application, the Debtor relies on (i) the *Statement Under*

*Rule 2016 of the Federal Rules of Bankruptcy Procedure*, and (ii) the *Declaration of Richard*

*Pachulski in Support of Debtor's Application Pursuant to Section 327(a) of the Bankruptcy*

---

[1] The last four digits of the Debtor's federal tax identification number is 8972. The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

*Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for*

*Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the*

*Debtor and Debtor in Possession Nunc Pro Tunc to the Petition Date* (the "<u>Pachulski</u>

<u>Declaration</u>"), which are being submitted concurrently with the Application.  In support of this

Application, the Debtor respectfully states the following:

### <u>Jurisdiction and Venue</u>

1.      The United States Bankruptcy Court for the District of Delaware (the

"<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

*Amended Standing Order of Reference from the United States District Court for the District of*

*Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28

U.S.C. § 157(b)(2), and the Debtor confirms his consent pursuant to Rule 9013-1(f) of the Local

Rules (the "<u>Local Rules</u>") to the entry of a final order by the Court in connection with this

Application to the extent that it is later determined that the Court, absent consent of the parties,

cannot enter final orders or judgments in connection herewith consistent with Article III of the

United States Constitution.

2.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief sought herein are sections 327(a) of the

Bankruptcy Code, as well as Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and

2016-1.  Compensation will be in accordance with sections 330 and 331 of the Bankruptcy Code.

DOCS_LA:324920.2

Case 19-12220-KBO Doc 10-1 Filed 10/17/19 Page 5 of 17

**Background**

4.        On October 14, 2019 (the "Petition Date"), the Debtor commenced this

case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The

Debtor continues in the possession of his property and continues to manage his affairs as a debtor

in possession pursuant to section 1107(a) of the Bankruptcy Code. No trustee, examiner or

committee has been appointed in the Chapter 11 Case.

5.        The factual background regarding the Debtor is set forth in detail in the

*Omnibus Declaration of Yueting Jia* in support of this Application and other applications filed

concurrently herewith (the "Omnibus Declaration") and fully incorporated herein by reference.[2]

**Relief Requested**

6.        By this Application, the Debtor seeks to employ and retain PSZ&J as his

general bankruptcy counsel with regard to the filing and prosecution of this Chapter 11 Case and

all related proceedings. Accordingly, the Debtor respectfully requests that this Court enter an

order pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule

2014-1 authorizing him to employ and retain PSZ&J as his bankruptcy counsel under a general

retainer to perform the legal services that will be necessary during this Chapter 11 Case pursuant

to the terms set forth in the Application and the Pachulski Declaration, *nunc pro tunc* to the

Petition Date.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Omnibus Declaration.

Case 19-41222-KBO   Doc 18   Filed 10/17/19   Page 4 of 7

7.      The Debtor seeks to retain PSZ&J as counsel because of the Firm's

extensive experience and knowledge in the field of debtors' and creditors' rights and

reorganizations under chapter 11 of the Bankruptcy Code.  In preparing for its representation of

the Debtor, PSZ&J has become familiar with the Debtor's affairs and many of the potential legal

issues which may arise in the context of this Chapter 11 Case.

8.      The professional services that PSZ&J will provide include, but shall not be

limited to:

a.      providing legal advice with respect to the Debtor's powers and duties as
debtor in possession in the continued management of his property;

b.      preparing on behalf of the Debtor any necessary applications, motions,
answers, orders, reports, and other legal papers;

c.      appearing in Court on behalf of the Debtor;

d.      pursuing confirmation of a plan and approval of a disclosure statement;
and

e.      performing other legal services for the Debtor that may be necessary and
proper in these proceedings.

9.      Subject to Court approval in accordance with section 330(a) of the

Bankruptcy Code, compensation will be payable to PSZ&J on an hourly basis, plus

reimbursement of actual, necessary expenses and other charges incurred by PSZ&J.  The current

standard hourly rates of the Firm's attorneys and paraprofessionals are:

| | | |
|---|---|---|
| a. | Partners | $725.00 to $1,395.00 |
| b. | Of Counsel | $650.00 to $1,095.00 |
| c. | Associates | $575.00 to $695.00 |
| d. | Paraprofessionals | $325.00 to $425.00 |

4

10.     The hourly rates set forth above are PSZ&J's standard hourly rates for

work of this nature.  These rates are set at a level designed to fairly compensate PSZ&J for the

work of its attorneys and paraprofessionals, to cover fixed and routine overhead expenses, and

are subject to periodic adjustments necessitated by market and other conditions.  Beyond the

rates listed above, it is PSZ&J's policy to charge for all other expenses incurred in connection

with its clients' cases.  These expenses include, among other things, conference call charges,

mail and express mail charges, special or hand delivery charges, document retrieval charges,

photocopying charges (including color copy charges), charges for mailing supplies (including,

without limitation, envelopes and labels) provided by PSZ&J to outside copying services for use

in mass mailings, travel expenses, expenses for "working meals," computerized research, and

transcription costs, as well as non-ordinary overhead expenses such as secretarial and other

overtime.  PSZ&J will charge the Debtor for these expenses in a manner and at rates consistent

with those charged to other PSZ&J clients and the rules and requirements of this Court.  PSZ&J

believes that it is fairer to charge these expenses to the clients incurring them than to increase its

hourly rates and spread the expenses among all clients.

11.     To the best of the Debtor's knowledge, except as otherwise disclosed in

the Pachulski Declaration submitted concurrently herewith, PSZ&J has not represented the

Debtor, his creditors, or any other parties in interest, or their respective attorneys, in any other

matter relating to the Debtor or his estate.  Further, to the best of the Debtor's knowledge,

PSZ&J does not hold or represent any interest adverse to the Debtor's estate, PSZ&J is a

"disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code, and

PSZ&J's employment is necessary and in the best interests of the Debtor and his estate.

12. PSZ&J has represented the Debtor since August 2019. In the one year

preceding the Petition Date, PSZ&J has received payments from Pacific Technology Holding

LLC ("PTH") on behalf of the Debtor, totaling $1 million,[3] which amount is inclusive of the

Debtor's filing fees for this Chapter 11 Case. PSZ&J is current as of the Petition Date, but has

not yet completed a final reconciliation of its prepetition fees and expenses. Upon final

reconciliation of the amount actually expended prepetition, any balance remaining from the

prepetition payments to the Firm will be credited to the Debtor and utilized as PSZ&J's retainer

to apply to postpetition fees and expenses pursuant to the compensation procedures approved by

this Court in accordance with the Bankruptcy Code.

13. The Debtor understands that PSZ&J hereafter intends to apply to the Court

for allowances of compensation and reimbursement of expenses in accordance with the

applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders

of this Court for all services performed and expenses incurred after the Petition Date.

14. The Debtor, subject to the provisions of the Bankruptcy Code, the

Bankruptcy Rules, the Local Rules and further orders of this Court, proposes to pay PSZ&J its

customary hourly rates for services rendered that are in effect from time to time, as set forth

---

[3] The Debtor is a borrower under that certain Secured Promissory Note (as amended and restated) with PTH, pursuant to which, prior to the Petition Date, the Debtor caused certain proceeds of such loan to be paid directly to his insolvency professionals, including PSZ&J. PTH is indirectly owned by the Debtor.

above and in the Pachulski Declaration, and to reimburse PSZ&J according to its customary reimbursement policies, and submits that such rates are reasonable.

**Notice**

15.     The Debtor will provide notice of this Motion to the following parties, or their counsel, if known: (a) the U.S. Trustee for the District of Delaware; (b) the parties included on the Debtor's list of the twenty (20) largest unsecured creditors; and (c) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtor respectfully submits that no further notice of this Motion is required.

**No Prior Request**

16.     No prior request for the relief sought in this Application has been made to this Court or any other court.

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto, approving the retention of PSZ&J and granting such other and further relief as is just and proper.

Dated: October 16, 2019

_____
YUETING JIA

7

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YUETING JIA, | ) | Case No.: 19-12220 (KBO) |
| | ) | |
| Debtor. | ) | |

## STATEMENT UNDER RULE 2016 OF THE
## FEDERAL RULES OF BANKRUPTCY PROCEDURE

Pachulski Stang Ziehl & Jones LLP ("PSZ&J"), pursuant to Rule 2016 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 329 of chapter 11

of title 11 of the United States Code (the "Bankruptcy Code"), states that the undersigned is

proposed counsel to the above-captioned debtor and debtor in possession (the "Debtor") in this

case. It further states:[1]

1.      The Debtor has agreed to pay PSZ&J for the legal services that have been

or will be rendered by its various attorneys, paraprofessionals, and case management assistants in

connection with this case on the Debtor's behalf.  The Debtor has also agreed to reimburse

PSZ&J for its actual and necessary expenses incurred in connection with this case. PSZ&J has

represented the Debtor since August 2019.  In the one year preceding the Petition Date, PSZ&J

has received payments from Pacific Technology Holding LLC on behalf of the Debtor, totaling

$1 million (inclusive of the Debtor's filing fees for this Case), in connection with the preparation

---

[1]  Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the *Debtor's
Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy
Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as
Counsel for the Debtor and Debtor in Possession Nunc Pro Tunc to the Petition Date.*

of initial documents and its prepetition representation of the Debtor. PSZ&J is current as of the Petition Date, but has not yet completed a final reconciliation as of the Petition Date. Upon final reconciliation of the amount actually expended prepetition, any balance remaining from the payments to PSZ&J will be credited to the Debtor and utilized as PSZ&J's retainer to apply to postpetition fees and expenses pursuant to the compensation procedures approved by this Court.

2.     PSZ&J will seek approval for payment of compensation by filing the appropriate applications for allowance of final compensation pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of the United States Bankruptcy Court for the District of Delaware, and orders of this Court. The filing fees for the Debtor have been paid in full.

3.     The services to be rendered include all those services set forth in the *Debtor's Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession Nunc Pro Tunc to the Petition Date*, submitted concurrently herewith.

2

       4.      PSZ&J further states that it has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, of counsel, and associates of PSZ&J, nor (b) any compensation another person or party has received or may have received.

Dated:  October 16, 2019           PACHULSKI STANG ZIEHL & JONES LLP

                                */s/ James E. O'Neill*

                                  Richard M. Pachulski (CA Bar No. 90073)
                                  Jeffrey W. Dulberg (CA Bar No. 181200)
                                  Malhar S. Pagay (CA Bar No. 189289)
                                  James E. O'Neill (DE Bar No. 4042)
                                  919 N. Market Street, 17th Floor
                                  Wilmington, DE 91899
                                  Tel:      (302) 652-4100
                                  Fax:      (302) 652-4400
                                  E-mail:   rpachulski@pszjlaw.com
                                             jdulberg@pszjlaw.com
                                           mpagay@pszjlaw.com
                                           joneill@pszjlaw.com

                                Proposed Attorneys for Debtor
                                  and Debtor in Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| YUETING JIA, | ) Case No.: 19-12220 (KBO) |
| | ) |
| Debtor. | ) |

**DECLARATION OF RICHARD M. PACHULSKI IN SUPPORT OF DEBTOR'S
APPLICATION PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE,
RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND
LOCAL RULE 2014-1 FOR AUTHORIZATION TO EMPLOY AND RETAIN
PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL FOR THE DEBTOR
AND DEBTOR IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

I, Richard M. Pachulski, declare under penalty of perjury as follows:

1.      I am a partner in the law firm of Pachulski Stang Ziehl & Jones LLP

("PSZ&J" or the "Firm"), located at 10100 Santa Monica Blvd., 13th Floor, Los Angeles,

California 90067, and have been duly admitted to practice law in the State of California and the

United States District Court for the Central District of California.  This Declaration is submitted

in support of the *Debtor's Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule*

*2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to*

*Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in*

*Possession Nunc Pro Tunc to the Petition Date* (the "Application"), which is being submitted

concurrently herewith.[1]

---

[1]  Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the Application.

2.      Neither I, the Firm, nor any partner, of counsel, nor associate thereof, insofar as I have been able to ascertain, has any connection with the above-captioned debtor (the "Debtor"), his creditors, or any other parties in interest herein, or their respective attorneys, except as set forth below.

3.      The Debtor has and will retain various professionals during the pendency of this Chapter 11 Case, including O'Melveny & Myers LLP.  The Debtor may retain other professionals after October 14, 2019 (the "Petition Date").  PSZ&J has previously worked and will continue to work with these referenced professionals on various representations, at times representing the same parties and at other times representing parties with similar interests or parties with adverse interests.

4.      PSZ&J represents many committees whose members may be creditors in the Debtor's chapter 11 case.  However, PSZ&J is not representing any of those entities in this case and will not represent any members of the committees it currently represents in any claims that they may have collectively or individually against the Debtor.

5.      PSZ&J is a "disinterested person" as that term is defined in section 101(14) of title 11 of the United States Code (the "Bankruptcy Code") in that PSZ&J, its partners, of counsel, and associates:

            a.      are not creditors, equity security holders or insiders of the Debtor;

            b.      are not and were not, within 2 years before the date of the filing of the petition, a director, officer or employee of the Debtor; and

            c.      do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

2

6.      To the best of my knowledge, neither I, nor any partner, of counsel, nor associate of PSZ&J, insofar as I have been able to ascertain, has any connection with the U.S. Trustee or any person employed in the Office of the U.S. Trustee or any Bankruptcy Judge currently serving on the United States Bankruptcy Court for the District of Delaware.

7.      PSZ&J has received payments from the Debtor during the year prior to the Petition Date in the amount of $1 million, including the Debtor's filing fees for this case, in connection with the preparation of initial documents and the prepetition representation of the Debtor.  PSZ&J is current as of the Petition Date, but has not yet completed a final reconciliation as of the Petition Date.  Upon final reconciliation of the amount actually expended prepetition, any balance remaining from the payments to PSZ&J will be credited to the Debtor and utilized as PSZ&J's retainer to apply to postpetition fees and expenses pursuant to the compensation procedures approved by this Court.

8.      Bankruptcy Rule 2014 requires that an application for employment under section 327 disclose all connections with the Debtor, the estate, the professionals and the Office of the Trustee.  The Firm, therefore, discloses its known connections herein.

9.      PSZ&J and certain of its partners, of counsel and associates may have represented, may currently represent, or may in the future represent creditors of the Debtor in connection with matters unrelated to the Debtor and this case.  At this time, PSZ&J is not aware of any other adverse interest or other connection with the Debtor, its creditors, the U.S. Trustee or any party-in-interest herein in the matters upon which PSZ&J is to be retained.  PSZ&J, however, will be in a better position to identify with specificity any such persons or entities when

3

lists of all creditors of the Debtor have been reviewed and will make any further disclosures as may be appropriate at that time.

10.     The Firm has made the following investigation of disinterestedness prior to submitting this Declaration.  The Firm has undertaken a full and thorough review of its computer database, which contains the names of clients and other parties interested in particular matters.  The Firm requires all of its professionals, before accepting the representation of a new client, or the representation of an existing client in a new matter, to perform a conflicts check through the Firm's database and to enter conflict information regarding new clients or new matters into that database.  Thus, a review of said computerized database should reveal any and all actual or potential conflicts of interest with respect to any given representation.  In particular, an employee of the Firm, under my supervision, entered the names of:  (i) the Debtor, (ii) the Debtor's known secured creditors, (iii) the Debtor's restructuring and other related professionals, (iv) the general unsecured creditors of the Debtor as disclosed in filings with the Court, as well as, (v) other parties in interest (collectively, the "Potential Parties in Interest").  A list of the Potential Parties in Interest is attached hereto as **Exhibit 1**.

11.     While the Firm has undertaken, and continues to undertake, efforts to identify connections with the Debtor and other parties in interest, it is possible that connections with some parties in interest have not yet been identified.  Should the Firm, through its continuing efforts or as this case progresses, learn of any new connections of the nature described above, the Firm will promptly file supplemental declarations, as required by Bankruptcy Rule 2014(a).

4

12.     PSZ&J intends to apply for compensation for professional services rendered in connection with this Chapter 11 Case, subject to approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm.  The current standard hourly rates of the Firm's attorneys and paraprofessionals are:

| | | |
|---|---|---|
| a. | Partners | $725.00 to $1,395.00 |
| b. | Of Counsel | $650.00 to $1,095.00 |
| c. | Associates | $575.00 to $695.00 |
| d. | Paraprofessionals | $325.00 to $425.00 |

13.     The hourly rates set forth above are the Firm's standard hourly rates for work of this nature and are subject to periodic adjustment.  These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses.  It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the clients' cases.  The expenses charged to clients include, among other things, conference call and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval charges, photocopying charges (including color copies), charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime.  The Firm will charge the Debtor for these expenses in a manner and at rates consistent

5

Case 19-12220-KBO Doc 16 Filed 10/17/19 Page 0 of 8

with charges made generally to the Firm's other clients and in compliance with this Court's rules. The Firm believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

14. No promises have been received by the Firm or by any partner, of counsel or associate thereof as to compensation in connection with this Chapter 11 Case other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with this Chapter 11 Case, except among the partners, of counsel and associates of the Firm.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 16, 2019                                    */s/ Richard M. Pachulski*
                                                           Richard M. Pachulski

**Exhibit 1**

**Potential Parties in Interest**

Yueting Jia

| |
|---|
| Bank of Beijing Co., Ltd. (Xiangshuwan Branch) |
| Beijing Chuangjin Xingye Investment Center (Limited Partnership) |
| Beijing Haidian Technology Financial Capital Holding Group Co., Ltd. |
| BEIJING HUAXING MOBILE ASSET MANAGMENGT CENTER(LLP) |
| Beijing Jiaxin Tengda Information Consulting Co., Ltd. |
| Beijing Siwei Equity Investment Management Center (Limited Partnership) |
| Beijing Yingda Capital Management Co.,Ltd. |
| Changjiang Securities (Shanghai) Asset Management Ltd. |
| China CITIC Bank Co., Ltd. Head Office Sales Department |
| CHINA CONSUMER CAPITAL PARTNERS II LIMITED |
| China Merchants Bank Co., Ltd. Shanghai Chuanbei Branch |
| China Minsheng Trust Co., Ltd. |
| China SoftGrowing Investment (Wuxi) Partnership |
| CHINA ZHESHANG BANK CO., LTD.Beijing Branch |
| Chongqing Strategic Emerging Industry LeEco Cloud Special Equity Investment Fund Partnership (Limited Partnership) |
| E-TOWN INTERNATIONAL HOLDING(HONG KONG) CO.,LTD. |
| Everbright Xinglong Trust Co., Ltd. |
| Guotai Junan Securities Co., Ltd |
| Honghu Da |
| Huafu Securities Co., Ltd. |
| Huarong Securities Co., Ltd. |
| Huaxin International Trust Co., Ltd. |
| Huitian Network Technology Co., Ltd. |
| Huizhou Speed & Second Curve Capital Management Partnership (Limited Partnership) |
| Jiangsu Hongtu Venture Capital Management Co., Ltd. |
| Jiangyin Hailan Investment Holding Co., Ltd. |
| Jiaxing Haiwen Investment Partnership (Limited Partnership) |
| Jinan Rui Si Le Enterprise Management Consulting Limited Partnership |
| Jinhua Zumo Network Technology Co., Ltd. |
| LeTV Film (Beijing) Co., Ltd. |
| Macrolink Group Holdings Co., Ltd. |
| Macrolink Holdings Co., Ltd. |
| Marvel Best Technology Limited |
| Nanjing Dejin Investment Management CO., LTD |
| Nanjing Kaen Industry and Trade Co., Ltd. |

| |
|---|
| Ningbo Hangzhou Bay New Area Leran Investment Management Partnership (Limited Partnership) |
| Orient Securities Co., Ltd. |
| Oriental Light Consulting Limited |
| Ping An Bank Co., Ltd. Beijing Branch |
| Ping An Bank Co., Ltd. Shenzhen Branch |
| Ping An Securities Co., Ltd. |
| QC INVESTMENT LTD. |
| Qingdao Huanghai Pharmaceutical Football Club Co., |
| Quanzhou Ding's Investment Management Co., Ltd |
| SANPOWER (HONG KONG) COMPANY LIMITED |
| Shanghai Biaopu Investment Management Co., Ltd. |
| Shanghai Haiyue Investment Management Co., Ltd. |
| Shanghai Junying Asset Management Partnership (Limited Partnership) |
| Shanghai Lan Cai Asset Management Co., Ltd. |
| Shanghai Leyu Chuangye Investment Management Center (LP) |
| SHANGHAI LEYU INVESTMENT CENTER(LP) |
| Shenzhen Jincheng Commercial Factoring Co., Ltd. |
| SHENZHEN LESHI XINGEN VERTICAL INTEGRATION ECOLOGY FUND MANAGEMENT CO.,LTD |
| Shenzhen Winzhongtong Non-Financing Guarantee Co., Ltd. |
| Shenzhen Yingda Capital Management Co., Ltd. |
| Swift Talent Investments Limited |
| Tianjin Nord Investment Co., Ltd. |
| TWC Group Co., Ltd. |
| Weidong Zhu |
| Weihua Qiu |
| Western Securities Co., Ltd |
| Wuhan Credit Loan Co., Ltd. |
| Wuxi Leyike Electric Vehicle Investment Enterprise (Limited Partnership) |
| WUXI PULEYONGHUI INVESTMENT ENTERPRISE(LP) |
| Xiamen Zejin Fangfu Investment Partnership (Limited Partnership) |
| Xinyu Dingfeng Yingtong Investment Management Center (Limited Partnership)? |
| Xizang Jinmeihua Investment Co., Ltd. |
| Yuanxin Xu |
| Zhejiang Zhongtai Chuangzhan Enterprise Management Co., Ltd. |
| Zhijian Dong |
| Zhongtai Venture Capital (Shenzhen) Co., Ltd. |
| Zhongying (Tianjin) Supply Chain Management Service Partnership (Limited Partnership) |

2

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| YUETING JIA, | ) Case No.: 19-12220 (KBO) |
| | ) |
| Debtor. | ) |

**ORDER PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE,
RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
AND LOCAL RULE 2014-1 AUTHORIZING THE EMPLOYMENT AND RETENTION
OF PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL FOR THE DEBTOR
AND DEBTOR IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

Upon consideration of the *Debtor's Application Pursuant to Section 327(a) of the*

*Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule*

*2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel*

*for the Debtor and Debtor in Possession Nunc Pro Tunc to the Petition Date* (the

"Application")[1] of the above-captioned debtor and debtor in possession (the "Debtor"), seeking

authorization to employ and retain Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm")

as counsel for the Debtor; and upon (i) the *Statement Under Rule 2016 of the Federal Rules of*

*Bankruptcy Procedure* (the "Statement"), and (ii) the Pachulski Declaration, which were

submitted concurrently with the Application; and the Court being satisfied, based on the

representations made in the Application, the Statement and the Pachulski Declaration, that

PSZ&J does not represent or hold any interest adverse to the Debtor or the Debtor's estate with

respect to the matters upon which it is to be engaged, and is disinterested as that term is defined

---

[1] Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the Application.

under section 101(14) of the Bankruptcy Code, and as modified by section 1107(b) of the

Bankruptcy Code, and that the employment of PSZ&J is necessary and in the best interests of the

Debtor and the Debtor's estate; and this Court having jurisdiction over this matter under 28

U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States

District Court for the District of Delaware, dated February 29, 2012; and this Court having found

that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a

final order consistent with Article III of the United States Constitution; and this Court having

found that venue of this proceeding and the Application in this district is proper pursuant to 28

U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the

Application and opportunity for a hearing on the Application were appropriate and no other

notice need be provided; and this Court having reviewed the Application; and after due

deliberation and good and sufficient cause appearing; it is hereby:

ORDERED that the Application is GRANTED; and it is further

ORDERED that pursuant to section 327(a) of the Bankruptcy Code, the Debtor is

authorized to employ and retain the Firm as counsel, effective *nunc pro tunc* to the Petition Date,

on the terms set forth in the Application, the Statement and the Pachulski Declaration; and it is

further

ORDERED that the Firm shall apply for compensation for professional services

rendered and reimbursement of expenses incurred in connection with the Debtor's chapter 11

case in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions

2

of the Bankruptcy Rules, Local Bankruptcy Rules, and any other applicable procedures and

orders of the Court; and it is further

        ORDERED that the Court shall retain jurisdiction over any and all matters arising

from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2019

        _____

        The Honorable Karen B. Owens,
        United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YUETING JIA,[1] | ) | Case No.: 19-12220 (KBO) |
| | ) | |
| Debtor. | ) | **Re: Docket No. 18** |

Objection Deadline: November 8, 2019 at 4:00 p.m. (ET)
Hearing Date: November 15, 2019 at 10:00 a.m. (ET)

**NOTICE OF DEBTOR'S APPLICATION PURSUANT TO SECTION 327(a) OF THE
BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE AND LOCAL RULE 2014-1 FOR AUTHORIZATION TO EMPLOY
AND RETAIN PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL
FOR THE DEBTOR AND DEBTOR IN POSSESSION *NUNC
PRO TUNC* TO THE PETITION DATE**

TO: (a) the Office of the United States Trustee; (b) creditors holding the twenty largest unsecured claims against the Debtor; and (c) parties requesting notice pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE NOTICE** that on October 17, 2019, the above-captioned debtor and debtor in possession (the "Debtor"), filed the *Debtor's Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor In Possession Nunc Pro Tunc to the Petition Date* (the "Application") [Docket No. 18] with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801 (the "Bankruptcy Court"). A copy of the Application is attached hereto as Exhibit A.

---

[1] The last four digits of the Debtor's federal tax identification number is 8972. The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

PLEASE TAKE FURTHER NOTICE that any response or objection to the entry of an order with respect to the relief sought in the Application must be filed with the Bankruptcy Court on or before **November 8, 2019 at 4:00 p.m. prevailing Eastern Time**.

PLEASE TAKE FURTHER NOTICE that at the same time, you must also serve a copy of the response or objection upon: (a)  proposed counsel to the Debtor, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801), Attn: Richard M. Pachulski, Esq. (rpachulski@pszjlaw.com) and James E. O'Neill (joneill@pszjlaw.com), (b) the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: David L. Buchbinder (David.L.Buchbinder@usdoj.gov).

PLEASE TAKE FURTHER NOTICE THAT IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED BY THE APPLICATION WITHOUT FURTHER NOTICE OR HEARING.

PLEASE TAKE FURTHER NOTICE THAT A HEARING TO CONSIDER THE RELIEF SOUGHT IN THE APPLICATION WILL BE HELD ON **NOVEMBER 15, 2019 AT 10:00 A.M. PREVAILING EASTERN TIME** BEFORE THE HONORABLE KAREN B.

2

OWENS, UNITED STATES BANKRUPTCY COURT JUDGE, AT THE UNITED STATES

BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 MARKET STREET,

6TH FLOOR, COURTROOM NO. 1, WILMINGTON, DELAWARE 19801.

Dated: October 25, 2019                    PACHULSKI STANG ZIEHL & JONES LLP

                                           */s/ James E. O'Neill*
                                           Richard M. Pachulski (CA Bar No. 90073)
                                           Jeffrey W. Dulberg (CA Bar No. 181200)
                                           Malhar S. Pagay (CA Bar No. 189289)
                                           James E. O'Neill (DE Bar No. 4042)
                                           919 N. Market Street, 17th Floor
                                           P.O. Box 8705
                                           Wilmington, DE 19899-8705 (Courier 19801)
                                           Tel:    (302) 652-4100
                                           Fax:    (302) 652-4400
                                           Email: rpachulski@pszjlaw.com
                                                   jdulberg@pszjlaw.com
                                                   mpagay@pszjlaw.com
                                                   joneill@pszjlaw.com

                                           Proposed Attorneys for Debtor and Debtor in
                                           Possession

DOCS_DE:225977.1 46353/001

# Exhibit A

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| YUETING JIA, [1] | ) Case No.: 19-12220 (KBO) |
| | ) |
| Debtor. | ) |

**DEBTOR'S APPLICATION PURSUANT TO SECTION 327(a) OF THE
BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE AND LOCAL RULE 2014-1 FOR
AUTHORIZATION TO EMPLOY AND RETAIN PACHULSKI STANG
ZIEHL & JONES LLP AS COUNSEL FOR THE DEBTOR AND
DEBTOR IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

The debtor and debtor in possession (the "Debtor") in the above-captioned

chapter 11 case (the "Chapter 11 Case") files this application (the "Application") for entry of an

order pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"),

Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule

2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy

Court for the District of Delaware (the "Local Rules" or "Del. Bankr. LR") authorizing the

Debtor to retain and employ Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm") as

general bankruptcy counsel for the Debtor *nunc pro tunc* to the Petition Date (as defined herein)

(the "Application"). In support of the Application, the Debtor relies on (i) the *Statement Under

Rule 2016 of the Federal Rules of Bankruptcy Procedure*, and (ii) the *Declaration of Richard

Pachulski in Support of Debtor's Application Pursuant to Section 327(a) of the Bankruptcy*

---

[1] The last four digits of the Debtor's federal tax identification number is 8972. The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

*Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession Nunc Pro Tunc to the Petition Date* (the "Pachulski Declaration"), which are being submitted concurrently with the Application. In support of this Application, the Debtor respectfully states the following:

### Jurisdiction and Venue

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtor confirms his consent pursuant to Rule 9013-1(f) of the Local Rules (the "Local Rules") to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief sought herein are sections 327(a) of the Bankruptcy Code, as well as Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-1. Compensation will be in accordance with sections 330 and 331 of the Bankruptcy Code.

2

## Background

4.      On October 14, 2019 (the "Petition Date"), the Debtor commenced this

case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The

Debtor continues in the possession of his property and continues to manage his affairs as a debtor

in possession pursuant to section 1107(a) of the Bankruptcy Code.  No trustee, examiner or

committee has been appointed in the Chapter 11 Case.

5.      The factual background regarding the Debtor is set forth in detail in the

*Omnibus Declaration of Yueting Jia* in support of this Application and other applications filed

concurrently herewith (the "Omnibus Declaration") and fully incorporated herein by reference.[2]

## Relief Requested

6.      By this Application, the Debtor seeks to employ and retain PSZ&J as his

general bankruptcy counsel with regard to the filing and prosecution of this Chapter 11 Case and

all related proceedings.  Accordingly, the Debtor respectfully requests that this Court enter an

order pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule

2014-1 authorizing him to employ and retain PSZ&J as his bankruptcy counsel under a general

retainer to perform the legal services that will be necessary during this Chapter 11 Case pursuant

to the terms set forth in the Application and the Pachulski Declaration, *nunc pro tunc* to the

Petition Date.

---

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Omnibus
Declaration.

3

7.      The Debtor seeks to retain PSZ&J as counsel because of the Firm's

extensive experience and knowledge in the field of debtors' and creditors' rights and

reorganizations under chapter 11 of the Bankruptcy Code.  In preparing for its representation of

the Debtor, PSZ&J has become familiar with the Debtor's affairs and many of the potential legal

issues which may arise in the context of this Chapter 11 Case.

8.      The professional services that PSZ&J will provide include, but shall not be

limited to:

<blockquote>
a.      providing legal advice with respect to the Debtor's powers and duties as
        debtor in possession in the continued management of his property;

b.      preparing on behalf of the Debtor any necessary applications, motions,
        answers, orders, reports, and other legal papers;

c.      appearing in Court on behalf of the Debtor;

d.      pursuing confirmation of a plan and approval of a disclosure statement;
        and

e.      performing other legal services for the Debtor that may be necessary and
        proper in these proceedings.
</blockquote>

9.      Subject to Court approval in accordance with section 330(a) of the

Bankruptcy Code, compensation will be payable to PSZ&J on an hourly basis, plus

reimbursement of actual, necessary expenses and other charges incurred by PSZ&J.  The current

standard hourly rates of the Firm's attorneys and paraprofessionals are:

| | | |
|---|---|---|
| a. | Partners | $725.00 to $1,395.00 |
| b. | Of Counsel | $650.00 to $1,095.00 |
| c. | Associates | $575.00 to $695.00 |
| d. | Paraprofessionals | $325.00 to $425.00 |

4

     10.     The hourly rates set forth above are PSZ&J's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate PSZ&J for the work of its attorneys and paraprofessionals, to cover fixed and routine overhead expenses, and are subject to periodic adjustments necessitated by market and other conditions. Beyond the rates listed above, it is PSZ&J's policy to charge for all other expenses incurred in connection with its clients' cases. These expenses include, among other things, conference call charges, mail and express mail charges, special or hand delivery charges, document retrieval charges, photocopying charges (including color copy charges), charges for mailing supplies (including, without limitation, envelopes and labels) provided by PSZ&J to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, and transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. PSZ&J will charge the Debtor for these expenses in a manner and at rates consistent with those charged to other PSZ&J clients and the rules and requirements of this Court. PSZ&J believes that it is fairer to charge these expenses to the clients incurring them than to increase its hourly rates and spread the expenses among all clients.

     11.     To the best of the Debtor's knowledge, except as otherwise disclosed in the Pachulski Declaration submitted concurrently herewith, PSZ&J has not represented the Debtor, his creditors, or any other parties in interest, or their respective attorneys, in any other matter relating to the Debtor or his estate. Further, to the best of the Debtor's knowledge, PSZ&J does not hold or represent any interest adverse to the Debtor's estate, PSZ&J is a

DOCS_LA:324920.2

"disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code, and

PSZ&J's employment is necessary and in the best interests of the Debtor and his estate.

12.    PSZ&J has represented the Debtor since August 2019.  In the one year

preceding the Petition Date, PSZ&J has received payments from Pacific Technology Holding

LLC ("PTH") on behalf of the Debtor, totaling $1 million,[3] which amount is inclusive of the

Debtor's filing fees for this Chapter 11 Case.  PSZ&J is current as of the Petition Date, but has

not yet completed a final reconciliation of its prepetition fees and expenses.  Upon final

reconciliation of the amount actually expended prepetition, any balance remaining from the

prepetition payments to the Firm will be credited to the Debtor and utilized as PSZ&J's retainer

to apply to postpetition fees and expenses pursuant to the compensation procedures approved by

this Court in accordance with the Bankruptcy Code.

13.    The Debtor understands that PSZ&J hereafter intends to apply to the Court

for allowances of compensation and reimbursement of expenses in accordance with the

applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders

of this Court for all services performed and expenses incurred after the Petition Date.

14.    The Debtor, subject to the provisions of the Bankruptcy Code, the

Bankruptcy Rules, the Local Rules and further orders of this Court, proposes to pay PSZ&J its

customary hourly rates for services rendered that are in effect from time to time, as set forth

---

[3] The Debtor is a borrower under that certain Secured Promissory Note (as amended and restated) with PTH, pursuant to which, prior to the Petition Date, the Debtor caused certain proceeds of such loan to be paid directly to his insolvency professionals, including PSZ&J. PTH is indirectly owned by the Debtor.

6

above and in the Pachulski Declaration, and to reimburse PSZ&J according to its customary

reimbursement policies, and submits that such rates are reasonable.

### Notice

15.     The Debtor will provide notice of this Motion to the following parties, or

their counsel, if known: (a) the U.S. Trustee for the District of Delaware; (b) the parties included

on the Debtor's list of the twenty (20) largest unsecured creditors; and (c) all parties who have

filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.

In light of the nature of the relief requested, the Debtor respectfully submits that no further notice

of this Motion is required.

### No Prior Request

16.     No prior request for the relief sought in this Application has been made to

this Court or any other court.

WHEREFORE, the Debtor respectfully requests that the Court enter an order,

substantially in the form attached hereto, approving the retention of PSZ&J and granting such

other and further relief as is just and proper.

Dated: October 16, 2019

YUETING JIA

7

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YUETING JIA, | ) | Case No.: 19-12220 (KBO) |
| | ) | |
| Debtor. | ) | |

### STATEMENT UNDER RULE 2016 OF THE
### FEDERAL RULES OF BANKRUPTCY PROCEDURE

Pachulski Stang Ziehl & Jones LLP ("PSZ&J"), pursuant to Rule 2016 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 329 of chapter 11

of title 11 of the United States Code (the "Bankruptcy Code"), states that the undersigned is

proposed counsel to the above-captioned debtor and debtor in possession (the "Debtor") in this

case. It further states:[1]

      1.    The Debtor has agreed to pay PSZ&J for the legal services that have been

or will be rendered by its various attorneys, paraprofessionals, and case management assistants in

connection with this case on the Debtor's behalf. The Debtor has also agreed to reimburse

PSZ&J for its actual and necessary expenses incurred in connection with this case. PSZ&J has

represented the Debtor since August 2019. In the one year preceding the Petition Date, PSZ&J

has received payments from Pacific Technology Holding LLC on behalf of the Debtor, totaling

$1 million (inclusive of the Debtor's filing fees for this Case), in connection with the preparation

---

[1] Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the *Debtor's Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession Nunc Pro Tunc to the Petition Date.*

of initial documents and its prepetition representation of the Debtor. PSZ&J is current as of the Petition Date, but has not yet completed a final reconciliation as of the Petition Date. Upon final reconciliation of the amount actually expended prepetition, any balance remaining from the payments to PSZ&J will be credited to the Debtor and utilized as PSZ&J's retainer to apply to postpetition fees and expenses pursuant to the compensation procedures approved by this Court.

2.      PSZ&J will seek approval for payment of compensation by filing the appropriate applications for allowance of final compensation pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of the United States Bankruptcy Court for the District of Delaware, and orders of this Court. The filing fees for the Debtor have been paid in full.

3.      The services to be rendered include all those services set forth in the *Debtor's Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession Nunc Pro Tunc to the Petition Date,* submitted concurrently herewith.

2

4.      PSZ&J further states that it has neither shared nor agreed to share (a) any

compensation it has received or may receive with another party or person, other than with the

partners, of counsel, and associates of PSZ&J, nor (b) any compensation another person or party

has received or may have received.

Dated: October 16, 2019               PACHULSKI STANG ZIEHL & JONES LLP


                                      /s/ James E. O'Neill
                                      _____
                                      Richard M. Pachulski (CA Bar No. 90073)
                                      Jeffrey W. Dulberg (CA Bar No. 181200)
                                      Malhar S. Pagay (CA Bar No. 189289)
                                      James E. O'Neill (DE Bar No. 4042)
                                      919 N. Market Street, 17th Floor
                                      Wilmington, DE 91899
                                      Tel:     (302) 652-4100
                                      Fax:     (302) 652-4400
                                      E-mail:  rpachulski@pszjlaw.com
                                               jdulberg@pszjlaw.com
                                               mpagay@pszjlaw.com
                                               joneill@pszjlaw.com

                                      Proposed Attorneys for Debtor
                                      and Debtor in Possession

3

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YUETING JIA, | ) | Case No.: 19-12220 (KBO) |
| | ) | |
| Debtor. | ) | |

**DECLARATION OF RICHARD M. PACHULSKI IN SUPPORT OF DEBTOR'S
APPLICATION PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE,
RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND
LOCAL RULE 2014-1 FOR AUTHORIZATION TO EMPLOY AND RETAIN
PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL FOR THE DEBTOR
AND DEBTOR IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

I, Richard M. Pachulski, declare under penalty of perjury as follows:

1.      I am a partner in the law firm of Pachulski Stang Ziehl & Jones LLP

("PSZ&J" or the "Firm"), located at 10100 Santa Monica Blvd., 13th Floor, Los Angeles,

California 90067, and have been duly admitted to practice law in the State of California and the

United States District Court for the Central District of California. This Declaration is submitted

in support of the *Debtor's Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule*

*2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to*

*Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in*

*Possession Nunc Pro Tunc to the Petition Date* (the "Application"), which is being submitted

concurrently herewith.[1]

---
[1] Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the Application.

2.      Neither I, the Firm, nor any partner, of counsel, nor associate thereof, insofar as I have been able to ascertain, has any connection with the above-captioned debtor (the "Debtor"), his creditors, or any other parties in interest herein, or their respective attorneys, except as set forth below.

3.      The Debtor has and will retain various professionals during the pendency of this Chapter 11 Case, including O'Melveny & Myers LLP.  The Debtor may retain other professionals after October 14, 2019 (the "Petition Date").  PSZ&J has previously worked and will continue to work with these referenced professionals on various representations, at times representing the same parties and at other times representing parties with similar interests or parties with adverse interests.

4.      PSZ&J represents many committees whose members may be creditors in the Debtor's chapter 11 case.  However, PSZ&J is not representing any of those entities in this case and will not represent any members of the committees it currently represents in any claims that they may have collectively or individually against the Debtor.

5.      PSZ&J is a "disinterested person" as that term is defined in section 101(14) of title 11 of the United States Code (the "Bankruptcy Code") in that PSZ&J, its partners, of counsel, and associates:

    a.      are not creditors, equity security holders or insiders of the Debtor;

    b.      are not and were not, within 2 years before the date of the filing of the petition, a director, officer or employee of the Debtor; and

    c.      do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

2

6.      To the best of my knowledge, neither I, nor any partner, of counsel, nor associate of PSZ&J, insofar as I have been able to ascertain, has any connection with the U.S. Trustee or any person employed in the Office of the U.S. Trustee or any Bankruptcy Judge currently serving on the United States Bankruptcy Court for the District of Delaware.

7.      PSZ&J has received payments from the Debtor during the year prior to the Petition Date in the amount of $1 million, including the Debtor's filing fees for this case, in connection with the preparation of initial documents and the prepetition representation of the Debtor. PSZ&J is current as of the Petition Date, but has not yet completed a final reconciliation as of the Petition Date. Upon final reconciliation of the amount actually expended prepetition, any balance remaining from the payments to PSZ&J will be credited to the Debtor and utilized as PSZ&J's retainer to apply to postpetition fees and expenses pursuant to the compensation procedures approved by this Court.

8.      Bankruptcy Rule 2014 requires that an application for employment under section 327 disclose all connections with the Debtor, the estate, the professionals and the Office of the Trustee. The Firm, therefore, discloses its known connections herein.

9.      PSZ&J and certain of its partners, of counsel and associates may have represented, may currently represent, or may in the future represent creditors of the Debtor in connection with matters unrelated to the Debtor and this case. At this time, PSZ&J is not aware of any other adverse interest or other connection with the Debtor, its creditors, the U.S. Trustee or any party-in-interest herein in the matters upon which PSZ&J is to be retained. PSZ&J, however, will be in a better position to identify with specificity any such persons or entities when

3

lists of all creditors of the Debtor have been reviewed and will make any further disclosures as

may be appropriate at that time.

> 10.    The Firm has made the following investigation of disinterestedness prior

to submitting this Declaration. The Firm has undertaken a full and thorough review of its

computer database, which contains the names of clients and other parties interested in particular

matters. The Firm requires all of its professionals, before accepting the representation of a new

client, or the representation of an existing client in a new matter, to perform a conflicts check

through the Firm's database and to enter conflict information regarding new clients or new

matters into that database. Thus, a review of said computerized database should reveal any and

all actual or potential conflicts of interest with respect to any given representation. In particular,

an employee of the Firm, under my supervision, entered the names of: (i) the Debtor, (ii) the

Debtor's known secured creditors, (iii) the Debtor's restructuring and other related professionals,

(iv) the general unsecured creditors of the Debtor as disclosed in filings with the Court, as well

as, (v) other parties in interest (collectively, the "Potential Parties in Interest"). A list of the

Potential Parties in Interest is attached hereto as **Exhibit 1**.

> 11.    While the Firm has undertaken, and continues to undertake, efforts to

identify connections with the Debtor and other parties in interest, it is possible that connections

with some parties in interest have not yet been identified. Should the Firm, through its

continuing efforts or as this case progresses, learn of any new connections of the nature

described above, the Firm will promptly file supplemental declarations, as required by

Bankruptcy Rule 2014(a).

4

      12.     PSZ&J intends to apply for compensation for professional services

rendered in connection with this Chapter 11 Case, subject to approval of this Court and in

compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus

reimbursement of actual, necessary expenses and other charges incurred by the Firm. The

current standard hourly rates of the Firm's attorneys and paraprofessionals are:

|   |   |   |
|---|---|---|
| a. | Partners | $725.00 to $1,395.00 |
| b. | Of Counsel | $650.00 to $1,095.00 |
| c. | Associates | $575.00 to $695.00 |
| d. | Paraprofessionals | $325.00 to $425.00 |

      13.     The hourly rates set forth above are the Firm's standard hourly rates for

work of this nature and are subject to periodic adjustment. These rates are set at a level designed

to fairly compensate the Firm for the work of its attorneys and paraprofessionals and to cover

fixed and routine overhead expenses. It is the Firm's policy to charge its clients in all areas of

practice for all other expenses incurred in connection with the clients' cases. The expenses

charged to clients include, among other things, conference call and telecopier toll and other

charges, mail and express mail charges, special or hand delivery charges, document retrieval

charges, photocopying charges (including color copies), charges for mailing supplies (including,

without limitation, envelopes and labels) provided by the Firm to outside copying services for

use in mass mailings, travel expenses, expenses for "working meals," computerized research,

transcription costs, as well as non-ordinary overhead expenses such as secretarial and other

overtime. The Firm will charge the Debtor for these expenses in a manner and at rates consistent

with charges made generally to the Firm's other clients and in compliance with this Court's

rules. The Firm believes that it is fairer to charge these expenses to the clients incurring them

than to increase the hourly rates and spread the expenses among all clients.

        14.     No promises have been received by the Firm or by any partner, of

counsel or associate thereof as to compensation in connection with this Chapter 11 Case other

than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement

with any other entity to share with such entity any compensation received by the Firm in

connection with this Chapter 11 Case, except among the partners, of counsel and associates of

the Firm.

        Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

Dated: October 16, 2019               */s/ Richard M. Pachulski*
                                    Richard M. Pachulski

6

**Exhibit 1**

**Potential Parties in Interest**

Yueting Jia

| |
|---|
| Bank of Beijing Co., Ltd. (Xiangshuwan Branch) |
| Beijing Chuangjin Xingye Investment Center (Limited Partnership) |
| Beijing Haidian Technology Financial Capital Holding Group Co., Ltd. |
| BEIJING HUAXING MOBILE ASSET MANAGMENGT CENTER(LLP) |
| Beijing Jiaxin Tengda Information Consulting Co., Ltd. |
| Beijing Siwei Equity Investment Management Center (Limited Partnership) |
| Beijing Yingda Capital Management Co.,Ltd. |
| Changjiang Securities (Shanghai) Asset Management Ltd. |
| China CITIC Bank Co., Ltd. Head Office Sales Department |
| CHINA CONSUMER CAPITAL PARTNERS II LIMITED |
| China Merchants Bank Co., Ltd. Shanghai Chuanbei Branch |
| China Minsheng Trust Co., Ltd. |
| China SoftGrowing Investment (Wuxi) Partnership |
| CHINA ZHESHANG BANK CO., LTD.Beijing Branch |
| Chongqing Strategic Emerging Industry LeEco Cloud Special Equity Investment Fund Partnership (Limited Partnership) |
| E-TOWN INTERNATIONAL HOLDING(HONG KONG) CO.,LTD. |
| Everbright Xinglong Trust Co., Ltd. |
| Guotai Junan Securities Co., Ltd |
| Honghu Da |
| Huafu Securities Co., Ltd. |
| Huarong Securities Co., Ltd. |
| Huaxin International Trust Co., Ltd. |
| Huitian Network Technology Co., Ltd. |
| Huizhou Speed & Second Curve Capital Management Partnership (Limited Partnership) |
| Jiangsu Hongtu Venture Capital Management Co., Ltd. |
| Jiangyin Hailan Investment Holding Co., Ltd. |
| Jiaxing Haiwen Investment Partnership (Limited Partnership) |
| Jinan Rui Si Le Enterprise Management Consulting Limited Partnership |
| Jinhua Zumo Network Technology Co., Ltd. |
| LeTV Film (Beijing) Co., Ltd. |
| Macrolink Group Holdings Co., Ltd. |
| Macrolink Holdings Co., Ltd. |
| Marvel Best Technology Limited |
| Nanjing Dejin Investment Management CO., LTD |
| Nanjing Kaen Industry and Trade Co., Ltd. |

| |
|---|
| Ningbo Hangzhou Bay New Area Leran Investment Management Partnership (Limited Partnership) |
| Orient Securities Co., Ltd. |
| Oriental Light Consulting Limited |
| Ping An Bank Co., Ltd. Beijing Branch |
| Ping An Bank Co., Ltd. Shenzhen Branch |
| Ping An Securities Co., Ltd. |
| QC INVESTMENT LTD. |
| Qingdao Huanghai Pharmaceutical Football Club Co., |
| Quanzhou Ding's Investment Management Co., Ltd |
| SANPOWER (HONG KONG) COMPANY LIMITED |
| Shanghai Biaopu Investment Management Co., Ltd. |
| Shanghai Haiyue Investment Management Co., Ltd. |
| Shanghai Junying Asset Management Partnership (Limited Partnership) |
| Shanghai Lan Cai Asset Management Co., Ltd. |
| Shanghai Leyu Chuangye Investment Management Center (LP) |
| SHANGHAI LEYU INVESTMENT CENTER(LP) |
| Shenzhen Jincheng Commercial Factoring Co., Ltd. |
| SHENZHEN LESHI XINGEN VERTICAL INTEGRATION ECOLOGY FUND MANAGEMENT CO.,LTD |
| Shenzhen Winzhongtong Non-Financing Guarantee Co., Ltd. |
| Shenzhen Yingda Capital Management Co., Ltd. |
| Swift Talent Investments Limited |
| Tianjin Nord Investment Co., Ltd. |
| TWC Group Co., Ltd. |
| Weidong Zhu |
| Weihua Qiu |
| Western Securities Co., Ltd |
| Wuhan Credit Loan Co., Ltd. |
| Wuxi Leyike Electric Vehicle Investment Enterprise (Limited Partnership) |
| WUXI PULEYONGHUI INVESTMENT ENTERPRISE(LP) |
| Xiamen Zejin Fangfu Investment Partnership (Limited Partnership) |
| Xinyu Dingfeng Yingtong Investment Management Center (Limited Partnership)? |
| Xizang Jinmeihua Investment Co., Ltd. |
| Yuanxin Xu |
| Zhejiang Zhongtai Chuangzhan Enterprise Management Co., Ltd. |
| Zhijian Dong |
| Zhongtai Venture Capital (Shenzhen) Co., Ltd. |
| Zhongying (Tianjin) Supply Chain Management Service Partnership (Limited Partnership) |

2

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| YUETING JIA, | ) Case No.: 19-12220 (KBO) |
| | ) |
| Debtor. | ) |

**ORDER PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE,
RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
AND LOCAL RULE 2014-1 AUTHORIZING THE EMPLOYMENT AND RETENTION
OF PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL FOR THE DEBTOR
AND DEBTOR IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

Upon consideration of the *Debtor's Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession Nunc Pro Tunc to the Petition Date* (the "Application")[1] of the above-captioned debtor and debtor in possession (the "Debtor"), seeking authorization to employ and retain Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm") as counsel for the Debtor; and upon (i) the *Statement Under Rule 2016 of the Federal Rules of Bankruptcy Procedure* (the "Statement"), and (ii) the Pachulski Declaration, which were submitted concurrently with the Application; and the Court being satisfied, based on the representations made in the Application, the Statement and the Pachulski Declaration, that PSZ&J does not represent or hold any interest adverse to the Debtor or the Debtor's estate with respect to the matters upon which it is to be engaged, and is disinterested as that term is defined

---

[1] Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the Application.

under section 101(14) of the Bankruptcy Code, and as modified by section 1107(b) of the

Bankruptcy Code, and that the employment of PSZ&J is necessary and in the best interests of the

Debtor and the Debtor's estate; and this Court having jurisdiction over this matter under 28

U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States

District Court for the District of Delaware, dated February 29, 2012; and this Court having found

that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a

final order consistent with Article III of the United States Constitution; and this Court having

found that venue of this proceeding and the Application in this district is proper pursuant to 28

U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the

Application and opportunity for a hearing on the Application were appropriate and no other

notice need be provided; and this Court having reviewed the Application; and after due

deliberation and good and sufficient cause appearing; it is hereby:

ORDERED that the Application is GRANTED; and it is further

ORDERED that pursuant to section 327(a) of the Bankruptcy Code, the Debtor is

authorized to employ and retain the Firm as counsel, effective *nunc pro tunc* to the Petition Date,

on the terms set forth in the Application, the Statement and the Pachulski Declaration; and it is

further

ORDERED that the Firm shall apply for compensation for professional services

rendered and reimbursement of expenses incurred in connection with the Debtor's chapter 11

case in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions

2

DOCS_LA:324920.2

of the Bankruptcy Rules, Local Bankruptcy Rules, and any other applicable procedures and

orders of the Court; and it is further

      ORDERED that the Court shall retain jurisdiction over any and all matters arising

from or related to the implementation, interpretation, or enforcement of this Order.


Dated: _____, 2019

                                                    _____
                                                    The Honorable Karen B. Owens,
                                                    United States Bankruptcy Judge

DOCS_LA:324920.2

1   Richard M. Pachulski (CA Bar No. 90073)
    Jeffrey W. Dulberg (CA Bar No. 181200)
2   Malhar S. Pagay (CA Bar No. 189289)
    PACHULSKI STANG ZIEHL & JONES LLP
3   10100 Santa Monica Blvd., 13th Floor
    Los Angeles, California  90067
4   Telephone:  310/277-6910
    Facsimile:  310/201-0760
5   E-mail: rpachulski@pszjlaw.com
             jdulberg@pszjlaw.com
6            mpagay@pszjlaw.com

7   [Proposed] Attorneys for Debtor and Debtor in Possession

8                    **UNITED STATES BANKRUPTCY COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                        **LOS ANGELES DIVISION**

11  In re:                                Case No.: 2:19-bk-24804-VZ

12  YUETING JIA,[1]                       Chapter 11

13                    Debtor.             **ORDER AUTHORIZING AND APPROVING
                                          THE EMPLOYMENT OF PACHULSKI**
14                                        **STANG ZIEHL & JONES LLP AS COUNSEL
                                          FOR THE DEBTOR *NUNC PRO TUNC* TO**
15                                        **THE PETITION DATE**

16                                        [Relates to Docket Nos. 18, 128, 141, and 292]

17                                        Date:      February 25, 2020
                                          Time:      11:00 a.m.
18                                        Place:     Courtroom 1368
                                                     Roybal Federal Building
19                                                   255 E. Temple Street
                                                     Los Angeles, California 90012
20                                        Judge:     Hon. Vincent P. Zurzolo

21          The Court, having considered the Debtor's *Application for Authorization to Employ and*

22  *Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession*

23  *Nunc Pro Tunc to the Petition Date* [Docket No. 18] (the "Application"),[2] Shanghai Lan Cai Asset

24  Management Co. Ltd.'s ("SLC") objection to the Application [Docket No. 128], the Debtor's reply

25  to SLC's objection to the Application [Docket No. 141], and the Supplemental Declaration of

26  Richard M. Pachulski in further support of the Application [Docket No. 292], and based upon the

27  _____

28  [1] The last four digits of the Debtor's federal tax identification number are 8972. The Debtor's mailing
    address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.
    [2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  record before the Court, it appearing that Pachulski Stang Ziehl & Jones LLP ("PSZJ") does not hold

2  or represent an interest adverse to the estate, that PSZJ is a disinterested person, and that its

3  employment is in the best interest of the estate, it is hereby

4        **ORDERED** that the Debtor is authorized to employ PSZJ as his bankruptcy counsel herein,

5  effective as of the Petition Date, on the terms and conditions set forth more fully in the Application;

6  and it is hereby

7        **ORDERED** that, notwithstanding the foregoing, SLC shall retain all rights and arguments,

8  and PSZJ reserves all of its rights to respond to any such arguments, related to the source of funding

9  of PSZJ's retainer and fees in this matter.

10

11

12                                              # # #

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

2

DOCS_LA:327592.1 46353/002

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10100 Santa Monica Boulevard, Suite 1300, Los Angeles, CA  90067

A true and correct copy of the foregoing document entitled: **DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On *(date)*
___2/17/2020___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On *(date)* _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ___2/17/2020___, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY**
United States Bankruptcy Court
Central District of California
Attn:  Hon. Vincent Zurzolo
Edward R. Roybal Federal Bldg./Courthouse
255 East Temple Street, Suite 1360
 Los Angeles, CA  90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 2/17/2020 | Nancy H. Brown | /s/ Nancy H. Brown |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

American LegalNet, Inc.
www.FormsWorkFlow.com

**SERVICE INFORMATION FOR CASE NO. 19-bk-24804-VZ**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

- Tanya Behnam    tbehnam@polsinelli.com, tanyabehnam@gmail.com
- Jerrold L Bregman    ecf@bg.law, jbregman@bg.law
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Stephen D Finestone    sfinestone@fhlawllp.com
- Alexandra N Krasovec    krasovec.alexandra@dorsey.com, claridge.vanessa@dorsey.com
- Ben H Logan    blogan@omm.com
- David W. Meadows    david@davidwmeadowslaw.com
- Kelly L Morrison    kelly.l.morrison@usdoj.gov
- Malhar S Pagay    mpagay@pszjlaw.com, bdassa@pszjlaw.com
- Christopher E Prince    cprince@lesnickprince.com,
  jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- Randye B Soref    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- Benjamin Taylor    btaylor@taylorlawfirmpc.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Emily Young    pacerteam@gardencitygroup.com,
  rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

DOCS_LA:327594.2 46353/002