Richard M. Pachulski (CA Bar No. 90073)
Jeffrey W. Dulberg (CA Bar No. 181200)
Malhar S. Pagay (CA Bar No. 189289)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email:     rpachulski@pszjlaw.com
           jdulberg@pszjlaw.com
           mpagay@pszjlaw.com

Attorneys for Yueting Jia, Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>YUETING JIA,[1]<br><br>　　　　　　Debtor. | Case No.: 2:19-bk-24804-VZ<br><br>Chapter 11<br><br>**EXHIBIT F TO RENEWED MOTION FOR AN ORDER (I) APPROVING THIRD AMENDED DISCLOSURE STATEMENT, (II) APPROVING VOTING AND TABULATION PROCEDURES, (III) SETTING CONFIRMATION HEARING AND RELATED DEADLINES, (IV) WAIVING CERTAIN LOCAL RULES AND PROCEDURES, AND (V) GRANTING RELATED RELIEF**<br><br>[Relates to Docket No. 401]<br><br><u>Disclosure Statement Approval Hearing</u><br>Date:　　　TBD<br>Time:　　　TBD<br>Place:　　　Courtroom 1368<br>　　　　　　Roybal Federal Building<br>　　　　　　255 E. Temple Street<br>　　　　　　Los Angeles, California 90012<br>Judge:　　　Hon. Vincent P. Zurzolo |

---

[1] The last four digits of the Debtor's federal tax identification number are 8972. The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

DOCS_LA:328061.1 46353/002

Attached hereto is the *Chart of Revisions to the Disclosure Statement and Plan*, which is **Exhibit F** to the *Motion for An Order (I) Approving Third amended Disclosure Statement, (II) Approving Voting and Tabulation Procedures, (III) Setting Confirmation Hearing and Related Deadlines, (IV) Waiving Certain Local Rules and Procedures, and (V) Granting Related Relief.* [Docket No. 401].

Dated: March 2, 2020

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Malhar S. Pagay*_____
Richard M. Pachulski (CA Bar No. 90073)
Jeffrey W. Dulberg (CA Bar No. 181200)
Malhar S. Pagay (CA Bar No. 189289)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email:    rpachulski@pszjlaw.com
          jdulberg@pszjlaw.com
          mpagay@pszjlaw.com

2

DOCS_LA:328061.1 46353/002

**Exhibit F**

**Chart of Revisions to the Disclosure Statement and Plan[1]**

---

[1] Capitalized terms not defined herein have the meaning ascribed to them in the Second Amended Plan.

|   | **Court Comments** | **Disclosure Statement/Plan Reference** |
|---|---|---|
| 1.a | Identification and qualifications of individuals who participated in preparation of the Second Amended Plan, Third Amended Disclosure Statement, and accompanying exhibits. | *See* LBR 9013-1(i) Declaration filed concurrently with the Third Amended Disclosure Statement. |
| 1.b | Debtor's ownership or beneficial interest in any of the Marguerite properties, including Debtor's financial or other interest in Ocean View, Inc. | *See* Article II.E.2 of the Third Amended Disclosure Statement at 42–44. |
| 1.c | Lack of disposable income; projected income for the next five years. *See also the United States Trustee's Objection to Debtor's Amended Disclosure Statement* [Docket No. 246] (the "UST Objection") at 3:10–12. | *See* Exhibit G to the Third Amended Disclosure Statement. |
| 1.d | The divorce action filed by the Debtor's spouse, including jurisdiction of the divorce filing, the Debtor's response to the filing, actual and potential domestic support obligations, the debtor's opinion as to the legitimacy of the alleged $571,000,000 claim, and other impacts of the potential divorce on the status of this bankruptcy case. | *See* Article IV.D of the Third Amended Disclosure Statement at 52–54; Article IV.M.3 of the Third Amended Disclosure Statement at 75–77. |
| 1.e | The Debtor's past 2 years of personal financial history, including financial statements; *See also* UST Objection at 3:6–9 ("The Amended Disclosure Statement does not contain adequate financial disclosures that are relevant to the Debtor as opposed to the Company."). | *See* Exhibit H to the Third Amended Disclosure Statement. |
| 1.f | The Debtor's financial and other interests in the FF Group entities, the holding entities, and the entities that control the holding entities. | *See* Article II.C.9 of the Third Amended Disclosure at 39; Exhibit E to the Third Amended Disclosure Statement. |
| 1.g | Outstanding amounts of claims held by creditors in the PRC after the Debtor paid approximately $3 billion in debts. | *See* Article II.B of the Third Amended Disclosure Statement at 16. |
| 1.h | The Debtor's potential role in obtaining Series B Equity Financing. | *See* Article II.C.1 of the Third Amended Disclosure Statement at 18–19. |
| 1.i | The Debtor's potential role in an IPO involving Smart King. | *See* Article II.C.1 of the Third Amended Disclosure Statement at 18–19. |

|  | **Court Comments** | **Disclosure Statement/Plan Reference** |
|---|---|---|
| 1.j | Valuation of Smart King. | *See* Article II.C.2.c of the Third Amended Disclosure Statement at 24–25. |
| 2. | Citation of legal authority for being granted a discharge on the Effective Date. *See also* UST Objection at 3:10–12; *Chongqing Strategic Emerging Industry LeEco Cloud Special Equity Investment Fund Partnership's Supplemental Objection and Reservation of Rights to Debtor's Motion for an Order Approving Disclosure Statement* [Docket No. 275] (the "Supplemental Chongqing Objection") at 11:4–25. | *See* Article VII.C.3.b of the Third Amended Disclosure Statement at 145–47. |
| 3. | Additional information is needed regarding what specific facts trigger a liquidation event, including clarification of whether a liquidation event has occurred if one of the proposed events has merely been commenced, or if a post-commencement stage of the proceeding must have occurred. | *See* Article 1.1 of the Second Amended Plan at 9; Article V of the Third Amended Disclosure Statement at 81. |
| 4. | Liquidation analysis should be provided. *See also* Supplemental Chongqing Objection at 5:14. | *See* Exhibit G to the Third Amended Disclosure Statement. |
| 5. | Disclose the source and approximate amount of payments to be made on or before the Effective Date, including domestic support obligations. *See also* UST Objection at 3:17–20; *Chongqing Strategic Emerging Industry LeEco Cloud Special Equity Investment Fund Partnership's Objection to Debtor's Motion for an Order (I) Approving Disclosure Statement, (II) Approving Voting and Tabulation Procedures, (III) Setting Confirmation Hearing and Related Deadlines and (IV) Granting Related Relief* [Docket No. 142] (the "Chongqing Objection") ¶ 35. | *See* Article 6.4 of the Second Amended Plan at 32; Article IV.F of the Third Amended Disclosure Statement at 55; and Exhibit F to the Third Amended Disclosure Statement. |
| 6.a | Disclose the identity of the proposed trustee, including qualifications and insider status. *See also* Supplemental Chongqing Objection at 6:2–5. | The Debtor and the Creditors' Committee are in the process of finalizing the selection of the initial Trustee (who will be a non-insider) and will disclose the identity of the initial Trustee at or before the hearing to consider approval of the Third Amended Disclosure Statement and will include the name of such Trustee in the final Disclosure Statement. |
| 6.b | Disclose whether any assets of the Debtor are excluded from being assets of the Trust. | *See* Article 6.2(b) of the Second Amend Plan at 24–25; Article I.A of the Third Amended Disclosure Statement at 6–7. |

3

|  | **Court Comments** | **Disclosure Statement/Plan Reference** |
|---|---|---|
| 6.c | Clarify the distinction – if any – between Smart King's redemption rights and the Debtor's Call Option rights; also explain any limitations on transfer of the Debtor's Call Option rights. | *See* Article II.C.2.a of the Third Amended Disclosure Statement at 21–24. |
| 6.d | Disclose the likelihood of success of lifting the freezing injunctions on assets held by FF Peak and FF Top in the British Virgin Islands ("BVI"). At a minimum, disclosures should include the information provided in the Debtor's motion to appoint Robert Moon as foreign representative, including legal hurdles set forth in the international law that was applied by BVI authorities to issue the freezing injunctions. *See also* Supplemental Chongqing Objection at 9:1–3. | *See* Article II.C.3 of the Third Amended Disclosure Statement at 29–30. |
| 6.e | Cite legal authority, and/or provisions in any agreements, that may restrict the Debtor's right to transfer to the trust any specified shares or interests in specified entities. | *See* Article II.C.3 of the Third Amended Disclosure Statement at 28–30. |
| 6.f | Cite legal authority for the court to impose the standstill provisions. | The standstill provisions are on a consensual basis. The holders of Allowed Debt Claims who do not comply with the standstill provisions may continue to pursue any claims that they have against the Debtor in non-U.S. jurisdictions, however, such holder will not receive any Trust Distributions until they comply with the standstill provisions. The holder of an Allowed Debt Claim is only deemed to release the Debtor from personal liability in non-U.S. jurisdictions if such holder receives a 20% recovery on its claim from either Trust Distributions or Other Distributions. Until that threshold is reached, the holder of an Allowed Debt Claim retains all rights and claims against the Debtor in non-U.S. jurisdictions. |
| 6.g | Clarify whether there is an outside limit on the term of the trust or allowed extensions. | *See* Article 6.2(g) of the Second Amended Plan at 27; Article V.G of the Third Amended Disclosure Statement at 86–87. |
| 7. | Disclose the identities of all holders of U.S. Secured Claims, including the amount of each claim, the collateral securing each claim, and the value of such collateral. | *See* Article II.B of the Third Amended Disclosure Statement at 16–17. |
| 8. | Disclose whether there are non-U.S. secured claims against the Debtor and, if so, the identity of the holders and amounts, nature and | *See* Article 4.3 of the Second Amended Plan at 20–21; Article II.B of the Third Amended Disclosure Statement at 16. |

| | **Court Comments** | **Disclosure Statement/Plan Reference** |
|---|---|---|
| | priority of the claims; also disclose the proposed treatment of these claims. *See also* Chongqing Objection ¶ 30; *Shanghai Lan Cai Asset Management Co, Ltd.'s Objection to Debtor's Motion to Approve Disclosure Statement* [Docket No. 273] at 4:1–2. | |
| 9. | Disclose whether there are any executory contracts or unexpired leases of the Debtor and, if so, the potential resolution of those contracts or leases. | *See* Article 9.1 of the Second Amended Plan at 43–44; Schedule D to the Second Amended Plan; and Article IV.L of the Third Amended Disclosure Statement at 59–60. |
| 10. | The Debtor's Spouse filed a proof of claim; however, such claim is not on the claims register. Debtor must provide information about the amount, nature and priorities of this alleged claim, including the impact on treatment of claims similarly classified or classified as domestic support obligations. *See also* Chongqing Objection ¶ 35. | *See* Articles 2.4 and 6.6 of the Second Amended Plan at 18 and 33–35 and Article IV.M.3 of the Third Amended Disclosure Statement at 75–77. |
| 11. | Disclose the Debtor's role – if any – in negotiating the restructuring agreement between Smart King and Season Smart, including how the Debtor became a party to the agreement and obtained a "Call Option", and what is the potential impact on FF Group entities or holding group entities of exercising the Call Option. | *See* Article II.C.2.a of the Third Amended Disclosure Statement at 20–23. |
| 12. | Disclose proposed treatment of claims of claim holders in the PRC. | *See* Article 4.3 of the Second Amended Plan at 20–21 and Article I.A of the Third Amended Disclosure Statement at 4–5. |
| 13. | Identify who prepared the range of projections for recovery on Allowed Debt Claims based on a successful IPO, including factors that led to the projections. Chongqing Objection ¶ 34. | *See* Exhibit F to the Third Amended Disclosure Statement. |
| 14. | Cite legal authority that would require jurisdictions to honor the proposed tolling indicated in the description of the standstill period. Disclose risks involved if any jurisdiction does not honor the proposed tolling. | The tolling of statutes of limitations is a consensual agreement between the Debtor and the holders of Allowed Debt Claims for the benefit of the holders of Allowed Debt Claims so that the standstill period will not adversely affect such holders' ability to assert certain causes of action against the Debtor in the event that they do not receive a recovery of at least 20% on their claim. If the holder of an Allowed Debt Claim does not agree to the standstill period then there is no tolling of such holder's claims. |

| | **Court Comments** | **Disclosure Statement/Plan Reference** |
|---|---|---|
| 15. | Disclose the outstanding balance owed and/or outstanding transfers of interest—if any—in connection with the Debtor's $900 million loan to Smart King. | *See* Article II.C.3 of the Third Amended Disclosure Statement at 30–31 and Exhibit C of the Third Amended Disclosure Statement. |
| 16. | Clarify the assertion that future earnings of the Debtor are not needed to implement the Plan. | *See* Article VII.C.3 of the Third Amended Disclosure Statement at 143–44. |
| 17. | Identify specific claims proposed to be released, including claims against the Debtor, against the Debtor's spouse, against other Releasing Parties, and against professionals employed by the estate. | *See* Article IV.M.2.a of the Third Amended Disclosure Statement at 65–69. |
| 18. | Disclose a summary of the actions being litigated in other forums by or against the Debtor, including relief sought, potential impact on treatment of claims under the Plan, and potential impact of any or all of these actions being removed to this court. *See also* UST Objection at 3:16; Chongqing Objection ¶ 33. | *See* Articles 8.3 and 11.9 of the Second Amended Plan at 42–43 and 60–61, Schedule A of the Second Amended Plan, and Article IV.I of the Third Amended Disclosure Statement at 56–57. |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA  90067**

A true and correct copy of the foregoing document entitled (*specify*):  **EXHIBIT F TO RENEWED MOTION FOR AN ORDER (I) APPROVING THIRD AMENDED DISCLOSURE STATEMENT, (II) APPROVING VOTING AND TABULATION PROCEDURES, (III) SETTING CONFIRMATION HEARING AND RELATED DEADLINES, (IV) WAIVING CERTAIN LOCAL RULES AND PROCEDURES, AND (V) GRANTING RELATED RELIEF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **March 2, 2020,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **March 2, 2020,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **March 2, 2020,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY**
United States Bankruptcy Court
Central District of California
Attn:  Hon. Vincent Zurzolo
Edward R. Roybal Federal Bldg./Courthouse
255 East Temple Street, Suite 1360
Los Angeles, CA  90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 2, 2020 | Nancy H. Brown | /s/ *Nancy H. Brown* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:327335.1 46353/002

**SERVICE INFORMATION FOR CASE NO. 2:19-bk-24804-VZ**

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

- Tanya Behnam    tbehnam@polsinelli.com, tanyabehnam@gmail.com
- Jerrold L Bregman    ecf@bg.law, jbregman@bg.law
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Stephen D Finestone    sfinestone@fhlawllp.com
- Alexandra N Krasovec    krasovec.alexandra@dorsey.com, claridge.vanessa@dorsey.com
- Ben H Logan    blogan@omm.com
- David W. Meadows    david@davidwmeadowslaw.com
- John A Moe    john.moe@dentons.com, glenda.spratt@dentons.com
- Kelly L Morrison    kelly.l.morrison@usdoj.gov
- Malhar S Pagay    mpagay@pszjlaw.com, bdassa@pszjlaw.com
- Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- Randye B Soref    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- Benjamin Taylor    btaylor@taylorlawfirmpc.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Emily Young    pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                                **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:327335.1 46353/002