**POLSINELLI LLP**
Randye B. Soref (SBN 99146)
Tanya Behnam (SBN 322593)
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone:  310.556.1801
Facsimile:  310.556.1802
Email:  rsoref@polsinelli.com
Email:  tbehnam@polsinelli.com

*Co-Counsel for*
*The Official Committee of Unsecured Creditors*

**LOWENSTEIN SANDLER LLP**
Jeffrey D. Prol (pro hac vice)
Andrew D. Behlmann (pro hac vice)
Michael A. Kaplan (pro hac vice)
Jeremy D. Merkin (pro hac vice)
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone:  973.597.2500
Facsimile:  973.597.2400
Email:  jprol@lowenstein.com
Email:  abehlmann@lowenstein.com
Email:  mkaplan@lowenstein.com
Email:  jmerkin@lowenstein.com

*Co-Counsel for*
*The Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>Yeuting Jia<br><br>Debtor, | Chapter 11<br><br>Case No.: 2:19-bk-24804-VZ<br><br>**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OPPOSITION TO THE MOTION TO DISMISS THE DEBTOR'S CHAPTER 11 CASE FILED BY SHANGHAI LAN CAI ASSET MANAGEMENT CO, LTD.** |

**Hearing Date:**
Date: March 19, 2020
Time: 9:30 a.m.
Place: Courtroom 1368
       255 E. Temple Street, Suite 1360
       Los Angeles, CA 90012

The Official Committee of Unsecured Creditors (the "Committee") objects to the *Motion to Dismiss the Debtor's Chapter 11 Case* (this "Motion") [Docket No. 358] filed by Shanghai Lan Cai Asset Management Co, Ltd.'s ("SLC") and respectfully requests that the Motion be denied.

## BACKGROUND

1. On October 14, 2019 (the "Petition Date"), Yueting Jia ("the Debtor") commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court").

2. On November 13, 2019, SLC filed a *Motion to (1) dismiss the above-referenced Chapter 11 case filed by Yueting Jia pursuant to 11 U.S.C. §§ 1112 and 305 and 28 U.S.C. § 1406 or, alternatively, (2) transfer venue of the case to the Central District of California, pursuant to 28 U.S.C. § 1412* [Docket No. 89].

3. On December 18, 2019, Judge Karen B. Owens of the Delaware Bankruptcy Court entered an *Order Transferring Venue to the Central District of California* (this "Court") [Docket No. 178].

4. On January 6, 2020 and January 7, 2020, Committee's counsel conducted informal interviews with several third parties. The Debtor's willingness to act as a conduit in facilitating these interviews was instrumental in them taking place with as little expense and time expended by Committee's counsel as possible.

5. On January 16, 2020, the Debtor filed a *Motion for an Order (I) Approving Disclosure Statement, (II) Approving Voting and Tabulation Procedures, (III) Setting Confirmation Hearing and Related Deadlines, (IV) Waiving Certain Local Rules and Procedures, and (V) Granting Related Relief* [Docket No. 222].

6. On January 17, 2020 and January 18, 2020, the Debtor voluntarily sat for a two-day deposition conducted by Committee's counsel and counsel for committee member, Shanghai Qichengyueming Investment Partnership Enterprise (Limited Partnership) ("SQ").

7. On January 23, 2020, this Court held a status conference and, *inter alia*, so ordered that the Debtor, the Committee, and certain creditors, including SLC, participate in mediation (collectively, the "Mediating Parties") and scheduled a further status conference for March 19, 2020 [Docket No. 308].

8. On January 27, 2020, the Debtor filed *Debtor's First Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 260] and, a day later, also filed a *Second Amended Disclosure Statement with Respect to Debtor's First Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 263].

9. On February 4, 2020, the Honorable Mitchell R. Goldberg (ret.) ("Judge Goldberg") served as mediator and facilitated a mediation session between the Committee and the Debtor and on February 6, 2020, Judge Goldberg facilitated a global mediation session for the Mediating Parties. These mediation sessions were exceedingly helpful in bridging many of the gaps that were preventing the Committee from supporting a plan of reorganization.

10. Also on February 6, 2020, this Court entered *an Order: (1) Denying motion for approval of adequacy of amended disclosure statement and 2nd amended disclosure statement; and (2) To show cause why Chapter 11 case should not be dismissed or converted to a case under*

*Chapter 7* [Docket No. 304] as well as the findings of fact and conclusions of law in support of said order [Docket No. 305].

11.    On February 21, 2020, SLC filed this Motion [Docket No. 358] and the Court approved a stipulation on consent of the parties to hear this on March 19, 2019 [Docket No. 372].

12.    On February 27, 2020, the Debtor filed a *Motion for Order (A) Authorizing Debtor In Possession to (I) Obtain Post-Petition Financing Pursuant to 11 U.S.C. §§105, 362, and 364, and (II) Granting Liens and Superpriority Claims to Post-Petition Lender Pursuant to 11 U.S.C. §364; and (B) Modifying Automatic Stay Pursuant to 11 U.S.C. §§361, 362, and 364* [Docket No. 384] (the "DIP Motion"). The DIP Motion is also set to be heard on March 19, 2020.

13.    On March 2, 2020, the Debtor filed his *Third Amended Disclosure Statement With Respect to Debtor's Second Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 397], *Debtor's Second Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 398] (the "Plan"), a *Renewed Motion for an Order (I) Approving Third Amended Disclosure Statement, (II) Approving Voting and Tabulation Procedures, (III) Setting Confirmation Hearing and Related Deadlines, (IV) Waiving Certain Local Rules and Procedures, and (V) Granting Related Relief* (the "Renewed Disclosure Statement Motion") [Docket No. 401] and an *Application for Order Setting Hearing on Shortened Notice* regarding Debtor's abovementioned renewed motion for March 19, 2020, which was granted by this Court [Docket No. 404].

14.    The Plan, from its onset, proposes to create and provide pro rata interests in a creditor trust that would hold the Debtor's sole disclosed asset, an indirect interest in an electric vehicle company founded by the Debtor, Faraday&Future, Inc. ("Faraday"). The Debtor holds indirect equity interests in Faraday through a chain of domestic and foreign entities, including Pacific Technology Holding LLC, West Coast LLC, and Smart King Limited. Pursuant to the Plan,

4

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OPPOSITION TO THE MOTION TO DISMISS THE DEBTOR'S CHAPTER 11 CASE FILED BY SHANGHAI LAN CAI ASSET MANAGEMENT CO, LTD.

72541783.1

unsecured creditors would receive interests in a creditor trust that would hold the Debtor's indirect economic interests in Faraday. Creditors would then receive value from the trust upon the occurrence of an initial public offering (or other liquidity event, such as a sale) by Faraday. It cannot be understated the amount of work and progress made between counsel for the Debtor and the Committee toward a Plan that the Committee now supports and will recommend to the unsecured creditor body.

## OBJECTION TO SLC'S MOTION

15. The Committee objects to SLC's request for dismissal of this chapter 11 case.

16. The basis for SLC's Motion relies on two misguided assertions. First, that the Debtor's chapter 11 case was filed in bad faith, with an intent to hinder SLC's enforcement proceedings against him by avoiding an examination and second, that a chapter 11 case before this Court is patently unfair to an overwhelmingly Chinese creditor body.

17. SLC's first argument ignores Debtor's ongoing cooperation with the Committee's investigation and his active participation in this chapter 11 case. Notably, the Debtor hosted the Committee and a number of creditors for an information gathering session at Faraday's headquarters on November 22, 2019 and November 25, 2019. In addition, the Debtor voluntarily sat for a two-day deposition conducted by counsel for the Committee and SQ, has made a good faith effort to cooperate with the Committee's discovery requests, assisted the Committee in facilitating third party interviews, appeared twice at the meeting of the creditors, pursuant to 11 U.S.C § 341(a), promptly complied with Court-ordered mediation with the Mediating Parties, has expeditiously sought to have a confirmation hearing on his Plan, and for months now, in and out of mediation, has had extensive good faith negotiations with the Committee's counsel to reach terms that the Committee now supports.

18. As a result of these good faith negotiations, the Debtor's Renewed Disclosure Statement Motion was filed and will be heard on March 19, 2020, the same day as this Motion.

19. Clearly, these are not the actions taken by a bad faith filer. The Debtor's cooperation with the Committee's investigation and his active participation with the Court and the considerable time and resources he and his professionals have expended demonstrate that this chapter 11 case was filed with the sole intent to confirm a plan of reorganization. Should the Debtor's case ultimately be dismissed or converted to chapter 7, it should be on the merits of his Third Amended Disclosure Statement and the Plan and not due to SLC's self-serving interest.

20. SLC's second argument is pure conjecture. SLC attempts to step into the mind of China and the Chinese creditor body by speculating, without any meaningful evidence or precedence related to China, that the orders of this Court will be disregarded or unenforced and that Chinese creditors would be better served if their claims were addressed in China. To the contrary, the Committee asserts that the best, and perhaps only, chance for the unsecured creditor body to receive a meaningful payout is through a successful chapter 11 plan of reorganization.

21. SLC's argument also ignores the reality that the Chinese creditor body has actively participated in this chapter 11 case through the filing of dozens of claims, attending the aforementioned information gathering sessions, participating in two meetings of the creditors, and filing a number of joinders and other pleadings throughout the duration of this case. This Court should allow that participation to continue by permitting the creditors to vote on the Debtor's Plan.

22. It must not be lost on this Court that SLC's Motion was filed purely out of self-interest. Whereas a chapter 11 plan of reorganization would ensure equality of distribution among similarly situated creditors, dismissal would allow SLC to jump ahead of all other creditors and satisfy its arbitral award of approximately $11 million from the Debtor's assets, to the exclusion of all other creditors. This arbitral award, which may be avoidable in bankruptcy under the estate's

avoidance powers, is only a fraction of a percent of the billions of dollars of claims against the Debtor. The self-interest of SLC cannot outweigh the interest of the creditor body at large.

## CONCLUSION

23. The Court should deny SLC's Motion and proceed with the hearing on the merits of the Debtor's DIP Motion and Renewed Disclosure Statement Motion and, if granted, a confirmation hearing. With the considerable work undertaken by the Debtor and the Committee and the practical reality that this case, should Debtor's Renewed Disclosure Statement Motion be granted, is at the cusp of a confirmation hearing, dismissal or conversion to chapter 7 at this point would be premature. Many of the issues raised by SLC would be more appropriately addressed at confirmation and granting the relief SLC seeks through this Motion would destroy the odds of any meaningful recovery by any of the Debtor's unsecured creditors other than SLC.

Dated: March 3, 2020

Respectfully submitted,

**POLSINELLI LLP**

*/s/Randye B. Soref*
Randye B. Soref
*Co-Counsel to the Official Committee of Unsecured Creditors*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
2049 Century Park East, Suite 2900, Los Angeles, CA 90067.

A true and correct copy of the foregoing document entitled (*specify*): **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OPPOSITION TO THE MOTION TO DISMISS THE DEBTOR'S CHAPTER 11 CASE FILED BY SHANGHAI LAN CAI ASSET MANAGEMENT CO, LTD** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On March 3, 2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On March 3, 2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on March 3, 2020, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

VIA PERSONAL DELIVERY BY FIRST LEGAL ON March 4, 2020
Hon. Vincent P. Zurzolo
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1360 / Courtroom 1368
Los Angeles, CA 90012

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 3, 2020 | Cindy Cripe | *(signed)* Cindy Cripe |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012
71975462.1

F 9013-3.1.PROOF.SERVICE

## ATTACHMENT TO SERVICE LIST

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

Tanya Behnam on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED CREDITORS
tbehnam@polsinelli.com, tanyabehnam@gmail.com

Jerrold L Bregman on behalf of Creditor Liuhuan Shan
ecf@bg.law, jbregman@bg.law

Jeffrey W Dulberg on behalf of Debtor Yueting Jia
jdulberg@pszjlaw.com

Stephen D Finestone on behalf of Creditor Han's San Jose Hospitality LLC
sfinestone@fhlawllp.com

Alexandra N Krasovec on behalf of Creditor Chongqing Strategic Emerging Industry Leeco Cloud Special Equity Investment Fund Partnership
krasovec.alexandra@dorsey.com, claridge.vanessa@dorsey.com

Ben H Logan on behalf of Debtor Yueting Jia
blogan@omm.com

David W. Meadows on behalf of Interested Party Courtesy NEF
david@davidwmeadowslaw.com

John A Moe, II on behalf of Creditor Shanghai Qichengyueming Investment Partnership Enterprise (Limited Partnership)
john.moe@dentons.com, glenda.spratt@dentons.com

Kelly L Morrison on behalf of U.S. Trustee U.S. Trustee
kelly.l.morrison@usdoj.gov

Kelly L Morrison on behalf of U.S. Trustee United States Trustee (LA)
kelly.l.morrison@usdoj.gov

Malhar S Pagay on behalf of Debtor Yueting Jia
mpagay@pszjlaw.com, bdassa@pszjlaw.com

Christopher E Prince on behalf of Creditor Shanghai Lan Cai Asset Management Co, Ltd.
cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com

Randye B Soref on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED CREDITORS
rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com

Benjamin Taylor on behalf of Plaintiff Hong Liu
btaylor@taylorlawfirmpc.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012
71975462.1

F 9013-3.1.PROOF.SERVICE

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Emily Young on behalf of Other Professional Epiq Corporate Restructuring, LLC
pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com

**2. SERVED BY UNITED STATES MAIL**

| **Debtor**<br>Yueting Jia<br>91 Marguerite Drive<br>Rancho Palos Verdes, CA 90275 | | |
|---|---|---|

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.