Richard M. Pachulski (CA Bar No. 90073)
Jeffrey W. Dulberg (CA Bar No. 181200)
Malhar S. Pagay (CA Bar No. 189289)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone: 310/277-6910
Facsimile:  310/201-0760
E-mail: rpachulski@pszjlaw.com
        jdulberg@pszjlaw.com
        mpagay@pszjlaw.com

Attorneys for Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>YUETING JIA,[1]<br><br>            Debtor. | Case No.: 2:19-bk-24804-VZ<br>Chapter 11<br><br>**EVIDENTIARY OBJECTIONS AND MOTION TO STRIKE RE: DECLARATION OF DONG NI (DONNA) XU IN SUPPORT OF MOTION BY CREDITOR SHANGHAI LAN CAI ASSET MANAGEMENT CO., LTD. TO DISMISS THE DEBTOR'S CHAPTER 11 CASE**<br><br>Hearing:<br>Date:     March 19, 2020<br>Time:     9:30 a.m.<br>Place:    Courtroom 1368<br>          Edward R. Roybal Federal Building<br>          255 East Temple Street<br>          Los Angeles, California 90012<br>Judge:    Honorable Vincent P. Zurzolo |

Yueting Jia, debtor herein (the "Debtor"), by and through his attorneys, Pachulski Stang Ziehl & Jones LLP, hereby submits his evidentiary objections to the *Declaration of Dong Ni (Donna) Xu in Support of Motion By Creditor Shanghai Lan Cai Asset Management Co., Ltd. to Dismiss the Debtor's Chapter 11 Case* (the "Xu Declaration") [Docket No. 360], filed in support of the *Motion By Creditor Shanghai Lan Cai Asset Management Co., Ltd. to Dismiss the Debtor's*

---

[1] The last four digits of the Debtor's federal tax identification number are 8972. The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

DOCS_LA:328006.3 46353/002

*Chapter 11 Case* [Docket Nos. 358 and 359] (the "Motion"), filed by Shanghai Lan Cai Asset Management Co., Ltd. ("SLC").

In addition, the Debtor moves to strike certain portions of the Motion on the basis that they are based entirely on inadmissible statements subject to objection below.

| Paragraph Number | Objectionable Statement | Evidentiary Objection |
|---|---|---|
| ¶2 | A true and correct copy of the July 6, 2017 article by Li Yuan entitled "Reality Bytes: A Highflying Chinese Tech Entrepreneur Falls Back to Earth" published in *The Wall Street Journal* is attached to this Declaration as **Exhibit 1**. | Objections:<br><br>**Hearsay (FRE 802).**<br>SLC cites to this article as a source of certain alleged factual information regarding the Debtor.  However, statements in newspaper articles and other publications are almost always inadmissible hearsay. *See, e.g., Larez v. City of Los Angeles*, 946 F.2d 630, 641 (9 Cir. 1991) (statements in three newspapers erroneously admitted hearsay; "As the reporters never testified nor were subjected to cross-examination, their transcriptions of Gates's statements involve a serious hearsay problem."); *Horta v. Sullivan*, 4 F.2d 2 (1st Cir. 1993) (no admission of newspaper article where "[n]o affidavits or depositions from the … reporters … submitted to the court.");*Cody v. Harris*, 409 F.3d 853 (7th Cir. 2005) (declining to admit newspaper article where plaintiff failed to offer any evidence related to the reporter, his method of reporting, or other assurances of trustworthiness); *McAllister v. New York City Police Dep't*, 49 F. Supp. 2d 688, 705 (S.D.N.Y. 1999) ("Newspaper articles are hearsay . . . and . . . are not admissible evidence."); *Holmes v. Gaynor*, 313 F. Supp. 2d 345, 358 (S.D.N.Y. 2004) (holding newspaper article inadmissible on hearsay grounds). |

| Paragraph Number | Objectionable Statement | Evidentiary Objection |
|---|---|---|
|  |  | **Relevance (FRE 402).**<br>A 2017 article has no relevance whatsoever to a Motion alleging a 2019 "bad faith" bankruptcy filing predicated on (i) the timing and impact of its filing on a putative secured creditor's 2019 judgment enforcement efforts, (ii) reorganization purpose relating to Faraday Future and (iii) the interests of the Debtor's current creditors.<br><br>Strike: Motion, 3, ll. 2-16.<br><br>The Debtor respectfully requests that the Court strike the identified portions of the Motion that correspond to the referenced inadmissible evidence. |
| ¶3 | A true and correct copy of the November 2, 2017 article by Daniel Ren, Xue Yu, and Summer Chen entitled "Former Leshi IPO committee members detained over troubled video content firm's 2010 fundraising" published in the *South China Morning Post* is attached to this Declaration as **Exhibit 2.** | Objections:<br><br>**Hearsay (FRE 802).**<br>SLC cites to this article as a source of certain alleged factual information regarding the Debtor. However, statements in newspaper articles and other publications are almost always inadmissible hearsay. *See, e.g., Larez v. City of Los Angeles*, 946 F.2d 630, 641 (9 Cir. 1991) (statements in three newspapers erroneously admitted hearsay; "As the reporters never testified nor were subjected to cross-examination, their transcriptions of Gates's statements involve a serious hearsay problem."); *Horta v. Sullivan*, 4 F.2d 2 (1st Cir. 1993) (no admission of newspaper article where "[n]o affidavits or depositions from the … reporters … submitted to the court."); *Cody v. Harris*, 409 F.3d 853 (7th Cir. 2005) (declining to admit newspaper article where plaintiff failed to offer any evidence related to the reporter, his method of reporting, or other assurances of trustworthiness); *McAllister v. New* |

| Paragraph Number | Objectionable Statement | Evidentiary Objection |
|---|---|---|
| | | *York City Police Dep't*, 49 F. Supp. 2d 688, 705 (S.D.N.Y. 1999) ("Newspaper articles are hearsay . . . and . . . are not admissible evidence."); *Holmes v. Gaynor*, 313 F. Supp. 2d 345, 358 (S.D.N.Y. 2004) (holding newspaper article inadmissible on hearsay grounds).<br><br>**Relevance (FRE 402).**<br>A 2017 article has no relevance whatsoever to a Motion alleging a 2019 "bad faith" bankruptcy filing predicated on (i) the timing and impact of its filing on a putative secured creditor's 2019 judgment enforcement efforts, (ii) reorganization purpose relating to Faraday Future and (iii) the interests of the Debtor's current creditors.<br><br>Strike: Motion, 3:l.17- 4:l. 2.<br><br>The Debtor respectfully requests that the Court strike the identified portions of the Motion that correspond to the referenced inadmissible evidence. |
| ¶4 | A true and correct copy of the July 6, 2017 article entitled "Exclusive: Cash-Strapped LeEco Sees Assets Frozen" is attached to this Declaration as **Exhibit 3.** This article was published in *TMT Post*, a Chinese news outlet. | Objections:<br><br>**Hearsay (FRE 802).**<br>SLC cites to this article as a source of certain alleged factual information regarding the Debtor.  However, statements in newspaper articles and other publications are almost always inadmissible hearsay. *See, e.g., Larez v. City of Los Angeles*, 946 F.2d 630, 641 (9 Cir. 1991) (statements in three newspapers erroneously admitted hearsay; "As the reporters never testified nor were subjected to cross-examination, their transcriptions of Gates's statements involve a serious hearsay problem."); *Horta v. Sullivan*, 4 F.2d 2 (1st Cir. 1993) (no admission of |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4

| Paragraph Number | **Objectionable Statement** | **Evidentiary Objection** |
|---|---|---|
| | | newspaper article where "[n]o affidavits or depositions from the … reporters … submitted to the court."); *Cody v. Harris*, 409 F.3d 853 (7th Cir. 2005) (declining to admit newspaper article where plaintiff failed to offer any evidence related to the reporter, his method of reporting, or other assurances of trustworthiness); *McAllister v. New York City Police Dep't*, 49 F. Supp. 2d 688, 705 (S.D.N.Y. 1999) ("Newspaper articles are hearsay . . . and . . . are not admissible evidence."); *Holmes v. Gaynor*, 313 F. Supp. 2d 345, 358 (S.D.N.Y. 2004) (holding newspaper article inadmissible on hearsay grounds).<br><br>**Relevance (FRE 402).**<br>A 2017 article has no relevance whatsoever to a Motion alleging a 2019 "bad faith" bankruptcy filing predicated on (i) the timing and impact of its filing on a putative secured creditor's 2019 judgment enforcement efforts, (ii) reorganization purpose relating to Faraday Future and (iii) the interests of the Debtor's current creditors.<br><br>Strike: Motion, 4, ll.7- 12.<br><br>The Debtor respectfully requests that the Court strike the identified portions of the Motion that correspond to the referenced inadmissible evidence. |
| ¶5 | A true and correct copy of the November 7, 2017 article by Danwei Wang entitled Lengjing's Exclusive 150-Minute Conversation with Jia Yueting: What I've Been Thinking About in My Four Months in the U.S. (title translated from Chinese), together with a certified English translation, is attached to this Declaration as **Exhibit 4**. This article was published in *Tencent* | Objections:<br><br>**Hearsay (FRE 802).**<br>SLC cites to this article as a source of certain alleged factual information regarding the Debtor. However, statements in newspaper articles and other publications are almost always inadmissible hearsay. *See, e.g., Larez v. City of Los Angeles*, 946 F.2d 630, 641 |

| **Paragraph Number** | **Objectionable Statement** | **Evidentiary Objection** |
|---|---|---|
| | *News*, a Chinese news outlet. | (9 Cir. 1991) (statements in three newspapers erroneously admitted hearsay; "As the reporters never testified nor were subjected to cross-examination, their transcriptions of Gates's statements involve a serious hearsay problem."); *Horta v. Sullivan*, 4 F.2d 2 (1st Cir. 1993) (no admission of newspaper article where "[n]o affidavits or depositions from the … reporters … submitted to the court."); *Cody v. Harris*, 409 F.3d 853 (7th Cir. 2005) (declining to admit newspaper article where plaintiff failed to offer any evidence related to the reporter, his method of reporting, or other assurances of trustworthiness); *McAllister v. New York City Police Dep't*, 49 F. Supp. 2d 688, 705 (S.D.N.Y. 1999) ("Newspaper articles are hearsay . . . and . . . are not admissible evidence."); *Holmes v. Gaynor*, 313 F. Supp. 2d 345, 358 (S.D.N.Y. 2004) (holding newspaper article inadmissible on hearsay grounds).<br><br>**Relevance (FRE 402).**<br>A 2017 article has no relevance whatsoever to a Motion alleging a 2019 "bad faith" bankruptcy filing predicated on (i) the timing and impact of its filing on a putative secured creditor's 2019 judgment enforcement efforts, (ii) reorganization purpose relating to Faraday Future and (iii) the interests of the Debtor's current creditors.<br><br>Strike: Motion, 4, ll.13 - 17.<br><br>The Debtor respectfully requests that the Court strike the identified portions of the Motion that correspond to the referenced inadmissible evidence. |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| **Paragraph Number** | **Objectionable Statement** | **Evidentiary Objection** |
|---|---|---|
| | | **Authentication of Translation (Rule 901(a))**<br>To satisfy the requirement of authenticating a document, the proponent "must produce evidence sufficient to support a finding that the item is what the proponent claims it is". FRE 901(a). At a minimum, the translator should certify under oath his or her qualifications to faithfully translate a document and that the proffered translation is true and accurate.<br><br>Here, although the translator states his qualifications, and that he "translated" the subject document, he does not state, let alone swear, that the translation is true and accurate. Therefore, the proffered translation should not be admitted into evidence. |
| ¶6 | A true and correct copy of the December 25, 2017 Beijing Securities Regulatory Bureau Announcement Regarding Orders for Jia Yueting to Return to China to Fulfill Obligations, together with a certified English translation, is attached to this Declaration as **Exhibit 5.** | Objections:<br><br>**Hearsay (FRE 802).**<br>SLC seeks to utilize the statements in the announcement to prove the truth of the matters asserted, which constitutes inadmissible hearsay.<br><br>**Relevance (FRE 402).**<br>A 2017 document has no relevance whatsoever to a Motion alleging a 2019 "bad faith" bankruptcy filing predicated on (i) the timing and impact of its filing on a putative secured creditor's 2019 judgment enforcement efforts, (ii) reorganization purpose relating to Faraday Future and (iii) the interests of the Debtor's current creditors.<br><br>Strike: Motion, 4:l. 18 – 5:1l. 1; 19:ll. 10-13. |

7

| **Paragraph Number** | **Objectionable Statement** | **Evidentiary Objection** |
|---|---|---|
| | | The Debtor respectfully requests that the Court strike the identified portions of the Motion that correspond to the referenced inadmissible evidence. **Authentication of Translation (Rule 901(a))** To satisfy the requirement of authenticating a document, the proponent "must produce evidence sufficient to support a finding that the item is what the proponent claims it is". FRE 901(a).  At a minimum, the translator should certify under oath his or her qualifications to faithfully translate a document and that the proffered translation is true and accurate. Here, although the translator states his qualifications, and that he "translated" the subject document, he does not state, let alone swear, that the translation is true and accurate.  Therefore, the proffered translation should not be admitted into evidence. |
| ¶7 | A true and correct copy of the October 30, 2019 article by Sean O'Kane entitled "Faraday Cage:  Can an electric car startup save itself from its founder?" published in *The Verge* is attached to this Declaration as **Exhibit 6.** | Objections: **Hearsay (FRE 802).** SLC cites to this article as a source of certain alleged factual information regarding the Debtor.  However, statements in newspaper articles and other publications are almost always inadmissible hearsay.  *See, e.g., Larez v. City of Los Angeles*, 946 F.2d 630, 641 (9 Cir. 1991) (statements in three newspapers erroneously admitted hearsay; "As the reporters never testified nor were subjected to cross-examination, their transcriptions of Gates's statements involve a serious hearsay problem."); *Horta v. Sullivan*, 4 F.2d 2 (1st Cir. 1993) (no admission of |

| Paragraph Number | Objectionable Statement | Evidentiary Objection |
|---|---|---|
| | | newspaper article where "[n]o affidavits or depositions from the … reporters … submitted to the court."); *Cody v. Harris*, 409 F.3d 853 (7th Cir. 2005) (declining to admit newspaper article where plaintiff failed to offer any evidence related to the reporter, his method of reporting, or other assurances of trustworthiness); *McAllister v. New York City Police Dep't*, 49 F. Supp. 2d 688, 705 (S.D.N.Y. 1999) ("Newspaper articles are hearsay . . . and . . . are not admissible evidence."); *Holmes v. Gaynor*, 313 F. Supp. 2d 345, 358 (S.D.N.Y. 2004) (holding newspaper article inadmissible on hearsay grounds).<br><br>**Relevance (FRE 402).**<br>The statement regarding the Debtor's visa status in support of which the article is cited has no relevance whatsoever to a Motion alleging a "bad faith" bankruptcy filing predicated on (i) the timing and impact of its filing on a putative secured creditor's judgment enforcement efforts, (ii) reorganization purpose relating to Faraday Future and (iii) the interests of the Debtor's current creditors.<br><br>Strike: Motion, 5:ll. 4, 10-12.<br><br>The Debtor respectfully requests that the Court strike the identified portions of the Motion that correspond to the referenced inadmissible evidence. |
| ¶11 | A true and correct copy of the November 26, 2019 article entitled Jia Yueting's Debt Project Team: Jia Yueting May Return to China to Run FF Upon Approval of Restructuring Plan (title translated from Chinese), together with a certified English translation, is attached to this | Objections:<br><br>**Hearsay (FRE 802).**<br>SLC cites to this article as a source of certain alleged factual information regarding the Debtor. However, statements in newspaper articles and other publications are almost always |

9

| **Paragraph Number** | **Objectionable Statement** | **Evidentiary Objection** |
|---|---|---|
| | Declaration as **Exhibit 10**. This article was published in *Sohu,* a Chinese news outlet. | inadmissible hearsay. *See, e.g., Larez v. City of Los Angeles*, 946 F.2d 630, 641 (9 Cir. 1991) (statements in three newspapers erroneously admitted hearsay; "As the reporters never testified nor were subjected to cross-examination, their transcriptions of Gates's statements involve a serious hearsay problem."); *Horta v. Sullivan*, 4 F.2d 2 (1st Cir. 1993) (no admission of newspaper article where "[n]o affidavits or depositions from the … reporters … submitted to the court.")*;Cody v. Harris*, 409 F.3d 853 (7th Cir. 2005) (declining to admit newspaper article where plaintiff failed to offer any evidence related to the reporter, his method of reporting, or other assurances of trustworthiness); *McAllister v. New York City Police Dep't*, 49 F. Supp. 2d 688, 705 (S.D.N.Y. 1999) ("Newspaper articles are hearsay . . . and . . . are not admissible evidence."); *Holmes v. Gaynor*, 313 F. Supp. 2d 345, 358 (S.D.N.Y. 2004) (holding newspaper article inadmissible on hearsay grounds).<br><br>Strike:  Motion, 19:ll. 13-16.<br><br>The Debtor respectfully requests that the Court strike the identified portions of the Motion that correspond to the referenced inadmissible evidence.<br><br>**Authentication of Translation (Rule 901(a))**<br>To satisfy the requirement of authenticating a document, the proponent "must produce evidence sufficient to support a finding that the item is what the proponent claims it is". FRE 901(a).  At a minimum, the |

| **Paragraph Number** | **Objectionable Statement** | **Evidentiary Objection** |
|---|---|---|
| | | translator should certify under oath his or her qualifications to faithfully translate a document and that the proffered translation is true and accurate. <br><br> Here the translator does not set forth his qualifications to translate the proffered document and cryptically states only that the "document is, to the best of my knowledge and belief and within the given parameters, a true and accurate translation from Chinese (Simplified to English)." The attempted authentication is therefore lacking and the proffered translation should not be admitted into evidence. |

Dated:   March 3, 2020                                   PACHULSKI STANG ZIEHL & JONES LLP

                                                         By   */s/ Malhar S. Pagay*
                                                              Richard M. Pachulski
                                                              Jeffrey W. Dulberg
                                                              Malhar S. Pagay

                                                              Attorneys for Debtor and Debtor in Possession

11

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA  90067**

A true and correct copy of the foregoing document entitled (*specify*): ***EVIDENTIARY OBJECTIONS AND MOTION TO STRIKE RE: DECLARATION OF DONG NI (DONNA) XU IN SUPPORT OF MOTION BY CREDITOR SHANGHAI LAN CAI ASSET MANAGEMENT CO., LTD. TO DISMISS THE DEBTOR'S CHAPTER 11 CASE*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **March 3, 2020,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____**,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **March 3, 2020,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY**
United States Bankruptcy Court
Central District of California
Attn:  Hon. Vincent Zurzolo
Edward R. Roybal Federal Bldg./Courthouse
255 East Temple Street, Suite 1360
Los Angeles, CA  90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 3, 2020 | Sophia L. Lee | /s/ *Sophia L. Lee* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE

DOCS_LA:327335.1 46353/002

**SERVICE INFORMATION FOR CASE NO. 2:19-bk-24804-VZ**

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>

- *Tanya Behnam    tbehnam@polsinelli.com, tanyabehnam@gmail.com*
- *Jerrold L Bregman    ecf@bg.law, jbregman@bg.law*
- *Jeffrey W Dulberg    jdulberg@pszjlaw.com*
- *Stephen D Finestone    sfinestone@fhlawllp.com*
- *Alexandra N Krasovec    krasovec.alexandra@dorsey.com, claridge.vanessa@dorsey.com*
- *Ben H Logan    blogan@omm.com*
- *David W. Meadows    david@davidwmeadowslaw.com*
- *John A Moe    john.moe@dentons.com, glenda.spratt@dentons.com*
- *Kelly L Morrison    kelly.l.morrison@usdoj.gov*
- *Malhar S Pagay    mpagay@pszjlaw.com, bdassa@pszjlaw.com*
- *Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com*
- *Randye B Soref    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com*
- *Benjamin Taylor    btaylor@taylorlawfirmpc.com*
- *United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov*
- *Emily Young    pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:327335.1 46353/002