CHRISTOPHER E. PRINCE (SBN 183553)
cprince@lesnickprince.com
LESNICK PRINCE & PAPPAS LLP
315 West Ninth Street, Suite 705
Los Angeles, California 90015
Telephone:  (213) 291-8984
Facsimile:  (213) 493-6596

DANIEL J. SAVAL (*pro hac vice*)
daniel.saval@kobrekim.com
DONG NI (DONNA) XU (*pro hac vice*)
donna.xu@kobrekim.com
KOBRE & KIM LLP
800 Third Ave
New York, NY 10022
Telephone:  (212) 488-1200
Facsimile:  (212) 488-1220

Attorneys for Creditor
Shanghai Lan Cai Asset Management Co, Ltd.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>YUETING JIA,<br><br>                    Debtor. | Case No. 2:19-bk-24804-VZ<br><br>**SHANGHAI LAN CAI ASSET MANAGEMENT CO, LTD.'S OBJECTION TO DEBTOR'S MOTION FOR ORDER (A) AUTHORIZING DEBTOR IN POSSESSION TO (I) OBTAIN POST-PETITION FINANCING PURSUANT TO 11 U.S.C. §§105, 362, AND 364, AND (II) GRANTING LIENS AND SUPERPRIORITY CLAIMS TO POST-PETITION LENDER PURSUANT TO 11 U.S.C. §364; AND (B) MODIFYING AUTOMATIC STAY PURSUANT TO 11 U.S.C. §§361, 362, AND 364**<br><br>Hearing:<br>Date:  March 19, 2020<br>Time: 9:30 a.m.<br>Place: Courtroom 1368<br>            Edward R. Roybal Federal Building<br>            255 East Temple Street<br>            Los Angeles, California 90012<br>Judge: Honorable Vincent P. Zurzolo |

**TO THE HONORABLE VINCENT P. ZURZOLO; THE DEBTOR; THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS; THE OFFICE OF THE UNITED STATES TRUSTEE; AND PARTIES REQUESTING SPECIAL NOTICE**

Creditor Shanghai Lan Cai Asset Management Co, Ltd. ("Shanghai Lan Cai") submits this objection to Yueting Jia's ("Jia" or the "Debtor") Motion for Order (A) Authorizing Debtor in Possession to (I) Obtain Post-Petition Financing Pursuant to 11 U.S.C. §§ 105, 362, and 364, and (II) Granting Liens and Superpriority Claims to Post-Petition Lender Pursuant to 11 U.S.C. § 364; and (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. §§ 361, 362, and 364 [Dkt. No. 384] (the "DIP Motion"), and respectfully states as follows:

**I.   The DIP Motion Should Be Denied Because The Proposed DIP Transaction Would Violate An Existing Federal Court Order**

The DIP Motion should be denied because the terms of the Debtor's proposed DIP financing violate an existing federal court order issued by the Honorable S. James Otero of the District Court in this District that remains in effect today.

Significantly, after finding that the Debtor had a demonstrated history of evading his debt obligations, Judge Otero issued an injunction order in favor of Shanghai Lan Cai in its prepetition enforcement proceeding to enforce its arbitration award of over $11 million against the Debtor. *See* Amended Civil Minutes Order, DIP Motion, at 50 (hereinafter, the "District Court Injunction Order")[1]; *see also id.* at 53 (noting prior violation of another court order and the Debtor's inclusion on the official Chinese list of debt defaulters). That order expressly enjoined Jia from "transfer[ring]," "encumber[ing]" or "otherwise mak[ing] unavailable—either personally or through instructions to another—any non-exempt assets[2] up to the value of the Court's judgment" of over $11 million.[3]  *Id.* at 54.

---

[1]   For ease of reference, all page references herein for citations to the DIP Motion in particular refer to the ECF page numbers contained in the header of the DIP Motion, because all exhibits to the DIP Motion were filed at a single docket entry.

[2]   Assets that are considered "exempt" under California state law include only modest sums, such as, for example, a homestead exemption up to the amount of $175,000 depending on the circumstances, *see* Cal. C. Civ. Proc. § 704.730(a), or up to $2,300 in the aggregate equity in motor vehicles, *see id.* § 704.010(a).

[3]   *See* Final Judgment, *Shanghai Lan Cai Asset Management Co., Ltd. v. Jia Yueting*, Case No. 2:18-cv-10255-SJO-MRW (C.D. Cal.) [Dkt. No. 35] (judgment awarding over 83 million RMB to Shanghai Lan Cai). As of August 30, 2019, the date of the Judgment, the exchange rate was .1397 RMB (or "CNY") to 1 USD. See *CNY to USD*

Prior to the Debtor's bankruptcy filing, Pacific Technology Holding LLC ("Pacific Technology") issued a loan to the Debtor to fund his pre-petition professional expenses relating to this Chapter 11 case, *see* DIP Motion, at 13:5-9, and was granted a security interest in "*all*" of the Debtor's personal assets, *see* Shanghai Lan Cai Asset Management Co, Ltd.'s Objection to the Debtor's Application to Retain Pachulski Stang Ziehl & Jones LLP [Dkt. No. 128], at 2. The DIP note for which the Debtor now seeks authorization to enter into involves the same purported lender, with a nearly identical security grant. *See* DIP Motion, at 13:13-16. Specifically, the note grants Pacific Technology "a valid, continuing first priority security interest in *all* of [the Debtor's] interests in" an exhaustive list of personal property. *Id.* at 41 (emphasis added). However, the grant of the lien itself under the DIP note is the very sort of "encumb[rance]" and "transfer" barred by the District Court Injunction Order. *See* 11 U.S.C. § 101(54) (defining "transfer" to include "the creation of a lien").[4] The security interest Jia granted to Pacific Technology before the bankruptcy filing, and the security interest he now proposes to grant Pacific Technology in connection with the DIP loan, violate the District Court Injunction Order. The DIP Motion should be denied for this reason alone.

Importantly, the Debtor has not shown—let alone sought to explain—how the filing of his bankruptcy petition dissolved the injunction or rendered it ineffective. To the contrary, "[v]arious courts have held that bankruptcy does not protect a debtor from liability for ongoing violations of a pre-petition injunction." *In re Plumberex Specialty Prod.*, Inc., 311 B.R. 551, 564–65 (Bankr. C.D. Cal. 2004) (citations omitted) (emphasis added); *see also David v. Hooker, Ltd.*, 560 F.2d 412, 417–18 (9th Cir. 1977) (holding that prepetition order that "does not involve a determination of the ultimate obligation of the bankrupt nor . . . represent a ploy by a creditor to harass him" remains enforceable through contempt proceedings after petition is filed); *In re Hohol*, 141 B.R. 293, 296 (M.D. Pa. 1992) (lifting the stay to permit a state court action in which a preliminary injunction had been entered to proceed to final judgment); *In re Rudaw/Empirical Software*

---

*Exchange Rate,* BLOOMBERG MARKETS, https://www.bloomberg.com/quote/CNYUSD:CUR (last accessed March 3, 2020). Accordingly, the USD judgment amount exceeded $11 million at the time Judge Otero issued the judgment.

[4]    Moreover, the future transfer of the DIP loan proceeds totaling approximately $6.4 million by Jia to his professionals, in turn, would plainly amount to a "transfer" of his assets barred by the District Court Injunction Order prohibiting such transfers less than Shanghai Lan Cai's judgment amount.

*Prods., Ltd.*, 83 B.R. 241, 247 (Bankr. S.D.N.Y. 1988) (holding that where the terms of the order are specific and unambiguous, such order may be enforced by a contempt proceeding notwithstanding the fact that the contemnor is a debtor in bankruptcy).  Thus, the provisions of the District Court Injunction Order continue to remain in effect.

In tacit recognition that the DIP loan terms run afoul of the District Court Injunction Order, the Debtor attempts to cure his violations by purportedly making the security grant "subject to" the terms of that order.  *See* DIP Motion, at 11.  However, he cannot both *violate* an order through a contract term and seek, in turn, to *immunize* that conduct through that very same term.  *Cf. Bank of U.S. v. Owens*, 27 U.S. 527, 530 (1829) ("[W]e hold it to be an universal rule, that it is unlawful to contract to do that which it is unlawful to do.").

Because the lien proposed to be granted to Pacific Technology pursuant to the DIP loan would violate the terms of Judge Otero's injunction order, the DIP Motion should be denied.

II. **The DIP Motion Should Also Be Denied Because The Debtor Has Not Shown That The DIP Transaction is "Entirely Fair"**

Moreover, the DIP Motion should also be denied because the Debtor has failed to satisfy his burden to demonstrate that the transaction is "entirely fair."  In particular, the disclosures contained in the DIP Motion obscure the true source of funding for the DIP loan.  While the nominal DIP lender is Pacific Technology—an entity that the Debtor manages, *see* Third Amended Disclosure Statement [Dkt. No. 397], at 38:12-13, and holds a significant indirect interest in, *see* DIP Motion, at 15:3-4—the individuals from whom the loan proceeds purportedly originate, tellingly, are left unnamed.

A. **The Debtor Has The Burden Of Meeting The "Entire Fairness" Standard**

The proposed DIP financing is an insider transaction that must, as the Debtor himself notes, be subject to the high standard of "entire fairness." *See* DIP Motion, at 22:23-15:6 ("Transactions between a debtor in possession and an affiliate are subject to a heightened 'inherent fairness' standard of review." (citations omitted)).  Critically, the "entire fairness" standard demands "*rigorous* scrutiny.  *See id.* at 33:25-28 (citing *Citicorp Venture Capital, Ltd. v. Comm. of Creditors Holding Unsecured Claims (In re Papercraft Corp.)*, 211 B.R. 813, 823

(W.D. Pa. 1997)) (emphasis added). And, "when challenged, the burden is on the *insider*" both (a) "to prove the good faith of a transaction" and (b) "also to show the inherent fairness" of the transaction. *See In re Papercraft Corp.*, 211 at 823 (emphasis added); *see also In re Bangerter*, 106 B.R. 649, 652 (Bankr. C.D. Cal. 1989) (noting an independent good faith requirement of inherent fairness standard). Here, that scrutiny not only reveals, as described above, that the terms of the proposed DIP note would violate an existing court order, but also it raises serious questions concerning the true source of the proceeds under that note. The Debtor has therefore failed to sustain his burden for approval of the DIP transaction.

>       **B.**    **The Source Of The Funding Demonstrates That The DIP Transaction Is Not An Arms' Length Transaction And Therefore Cannot Satisfy The "Entire Fairness" Requirements**

"In applying heightened scrutiny, courts are concerned with the *integrity* and entire fairness of the transaction at issue[.]" *In re Innkeepers USA Trust*, 442 B.R. 227, 231 (Bankr. S.D.N.Y. 2010) (emphasis added). The DIP Motion's lack of disclosure regarding the DIP lender and the source of funds of the DIP loan—and in particular the lack of disclosure regarding their connections to the Debtor himself—belies the Debtor's claim that the proposed DIP financing represents an "arm's length" transaction. *See* DIP Motion, at 10:8-9.

Here, while the Debtor claims that it is the "members of FF Global [Partners LLC]"—which owns 80% of Pacific Technology—that have provided the funding for the DIP loan, tellingly, he provides no explanation whatsoever of why FF Global Partners LLC ("FF Global") itself is not the DIP lender. *See* DIP Motion, at 12:18-20; *id.* at 13:7-8; *see also* Aydt Decl., DIP Motion at 32:18-20. Moreover, interests in Pacific Technology are the very assets that the Debtor seeks to transfer to the proposed creditor trust under the most recently-filed plan documents, evidencing his control over the DIP lender. *See* Plan Term Sheet, DIP Motion, at 57; Debtor's Third Amended Disclosure Statement [Dkt. No. 397], at 82:10-24; Debtor's Second Amended Plan of Reorganization [Dkt. No. 398], at 24. And the Debtor's own nephew, Jiawei Wang—who, upon information and belief, often serves as the Debtor's nominee to hold the Debtor's assets, *see* Shanghai Lan Cai Asset Management Co, Ltd.'s Memorandum of Law in Support of

Motion to Dismiss the Debtor's Chapter 11 Case [Dkt. No. 359], at 6:1-6—is currently the "managing Partner" of FF Global. *See* Third Amended Disclosure Statement [Dkt. No. 397], at 27:16-18.  Finally, despite the fact the DIP lender is Pacific Technology, it was with the *Debtor*—rather than Pacific Technology—that all parties negotiated the DIP facility.  *See* Decl. of Robert Moon, DIP Motion, at 34:4-7 ("All parties to the case have *negotiated with the Debtor* . . . . knowing that the only source of financing for the chapter 11 case would from [Pacific Technology]." (emphasis added)).

The above demonstrates that the proposed DIP financing is an improper insider transaction that clearly does not, as it must, "carry all the earmarks of an arms' length bargain." *In re Bangerter*, 106 B.R. 649, 652 (Bankr. C.D. Cal. 1989).  In light of the defects with the proposed DIP financing and the Debtor's history of inadequate disclosures to his creditors, *see generally* Findings of Fact and Conclusions of Law [Dkt. No. 305], Shanghai Lan Cai respectfully requests that the Court deny the DIP Motion.  For the same reasons, even if the DIP Motion is approved, Pacific Technology should not be entitled to a finding that it extended credit to the Debtor "in good faith" pursuant to Section 364(e) of the Bankruptcy Code.  *See* 11 U.S.C. § 364(e) (shielding from appellate reversal or modification an authorization to obtain credit only as to lenders who acted "in good faith").

Dated: March 5, 2020                            LESNICK PRINCE & PAPPAS LLP

– AND –

KOBRE & KIM LLP


By: /s/Christopher E. Prince
 Christopher E. Prince
 *Attorneys for Creditor Shanghai Lan Cai Asset Management Co, Ltd.*

KOBRE & KIM LLP
ATTORNEYS AT LAW

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
Lesnick Prince & Pappas LLP, 315 W. Ninth St., Suite 705, Los Angeles, CA 90015.

A true and correct copy of the foregoing document entitled (*specify*): **SHANGHAI LAN CAI ASSET MANAGEMENT CO, LTD.'S OBJECTION TO DEBTOR'S MOTION FOR ORDER (A) AUTHORIZING DEBTOR IN POSSESSION TO (I) OBTAIN POST-PETITION FINANCING PURSUANT TO 11 U.S.C. §§105, 362, AND 364, AND (II) GRANTING LIENS AND SUPERPRIORITY CLAIMS TO POST-PETITION LENDER PURSUANT TO 11 U.S.C. §364; AND (B) MODIFYING AUTOMATIC STAY PURSUANT TO 11 U.S.C. §§361, 362, AND 364** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 03/05/2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Tanya Behnam**    tbehnam@polsinelli.com, tanyabehnam@gmail.com
- **Jerrold L Bregman**    ecf@bg.law, jbregman@bg.law
- **Jeffrey W Dulberg**    jdulberg@pszjlaw.com
- **Stephen D Finestone**    sfinestone@fhlawllp.com
- **Alexandra N Krasovec**    krasovec.alexandra@dorsey.com, claridge.vanessa@dorsey.com
- **Ben H Logan**    blogan@omm.com
- **David W. Meadows**    david@davidwmeadowslaw.com
- **John A Moe**    john.moe@dentons.com, glenda.spratt@dentons.com
- **Kelly L Morrison**    kelly.l.morrison@usdoj.gov
- **Malhar S Pagay**    mpagay@pszjlaw.com, bdassa@pszjlaw.com
- **Christopher E Prince**    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- **Randye B Soref**    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- **Benjamin Taylor**    btaylor@taylorlawfirmpc.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Emily Young**    pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
- **David B Zolkin**    dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 03/05/2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

> Honorable Vincent P. Zurzolo
> United States Bankruptcy Court
> 255 E. Temple St., Suite 1360
> Los Angeles, CA 90012

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 03/05/2020 | Christopher E. Prince | /s/Christopher E. Prince |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                                                                                                                    **F 9013-3.1.PROOF.SERVICE**