Richard M. Pachulski (CA Bar No. 90073)
Jeffrey W. Dulberg (CA Bar No. 181200)
Malhar S. Pagay (CA Bar No. 189289)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California  90067
Telephone: 310/277-6910
Facsimile:  310/201-0760
E-mail: rpachulski@pszjlaw.com
        jdulberg@pszjlaw.com
        mpagay@pszjlaw.com

Attorneys for Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>YUETING JIA,[1]<br><br>Debtor. | Case No.: 2:19-bk-24804-VZ<br><br>Chapter 11<br><br>**REPLY TO SHANGHAI LAN CAI ASSET MANAGEMENT CO, LTD.'S OBJECTION TO DEBTOR'S MOTION FOR ORDER (A) AUTHORIZING DEBTOR IN POSSESSION TO (I) OBTAIN POST-PETITION FINANCING PURSUANT TO 11 U.S.C. §§105, 362, AND 364, AND (II) GRANTING LIENS AND SUPERPRIORITY CLAIMS TO POST-PETITION LENDER PURSUANT TO 11 U.S.C. §364; AND (B) MODIFYING AUTOMATIC STAY PURSUANT TO 11 U.S.C. §§361, 362, AND 364**<br><br>Date:      March 19, 2020<br>Time:      9:30 a.m.<br>Place:     United States Bankruptcy Court<br>           255 E. Temple Street,<br>           Los Angeles, CA  90012<br>Courtroom: 1368<br>Judge:     Hon. Vincent P. Zurzolo |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

---

[1] The last four digits of the Debtor's federal tax identification number are 8972. The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

Yueting Jia, the debtor and debtor and debtor in possession (the "Debtor") hereby replies to *Shanghai Lan Cai Asset Management Co, Ltd.'s Objection to Debtor's Motion for Order (A) Authorizing Debtor in Possession to (I) Obtain Post-Petition Financing Pursuant to 11 U.S.C. §§105, 362, and 364, and (II) Granting Liens and Superpriority Claims to Post-Petition Lender Pursuant to 11 U.S.C. §364; and (B) Modifying Automatic Stay Pursuant to 11 U.S.C. §§361, 362, and 364* [Docket No. 423] (the "Objection") filed by Shanghai Lan Cai Asset Management Co, Ltd. ("SLC"), in response to *Notice of Motion and Motion for Order (A) Authorizing Debtor in Possession to (I) Obtain Post-Petition Financing Pursuant to 11 U.S.C. §§105, 362, and 364, and (II) Granting Liens and Superpriority Claims to Post-Petition Lender Pursuant to 11 U.S.C. §364; and (B) Modifying Automatic Stay Pursuant to 11 U.S.C. §§361, 362, and 364* [Docket No. 384] (the "DIP Motion"), and respectfully states as follows:

## I.

## INTRODUCTION

The Objection makes two arguments:

1.      The DIP Motion should be denied because the terms of the proposed financing violate an existing federal court order that remains in effect (Objection, p. 2, lns. 12-14); and

2.      The DIP Motion should be denied because the Debtor has failed to satisfy his burden to demonstrate that the transaction is "entirely fair" because the DIP Motion "obscure[s] the true source of funding for the DIP loan." (Objection, p. 4, lns. 15-21).

These arguments do not provide a sufficient basis to deny the DIP Motion nor to fail to find that the DIP Lender, Pacific Technology Holding LLC ("PTH" or the "DIP Lender") has acted in good faith, respectively.  The Minute Order is not effective given the automatic stay of section 362 of the Bankruptcy Code.  Moreover, the Minute Order enjoined the Debtor from transferring value *from* his estate; it did not forbid him from borrowing *new* funds nor from encumbering his assets on a *subordinated* basis, nor from filing chapter 11, etc.  Indeed it is unclear how the DIP Note proceeds coming into the estate on a secured basis but subject to SLC's lien (to the extent it is not invalidated)[2] can be treated as a violation of the order.  The Minute Order itself simply does not

---

[2] As discussed below, the Court has already approved a stipulation whereby SLC agreed that its claim would be treated

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:328145.3 46353/002

prevent the financing sought by the Debtor in the DIP Motion – nor the prepetition loan which similarly was made expressly subject to the Minute Order.  As discussed more fully below, the cases cited by SLC in fact suggest that SLC should seek relief from stay to obtain a ruling as to whether the order would prevent the DIP financing.  However, it is clear that SLC does not believe that order would prevent either the prepetition loan or the DIP financing.  SLC has been aware for many months that the DIP Lender's prepetition loan has the same provision as the DIP Note regarding the obligation being subject to the Minute Order.  Yet, SLC has not gone to the District Court in an attempt to argue that the prepetition note violates that order.

With respect to SLC's argument about the "true source" of the DIP financing, the only disclosure the Debtor has not made is the identity of the individual FF executives who loaned money to FF Global, which in turn advanced those funds to the DIP Lender on account of its loan to the Debtor.  SLC makes no argument about how the identity of these FF executives would add to the analysis of the fairness of the loan terms.  The Debtor has elected not to disclose publicly the names of those individual executives as such disclosure likely would cause the investors to refuse to advance the funds or enable SLC to commence a campaign of harassment against those investors. Neither of these reasons justifies revealing the individual identities of the executives supporting this loan.

## II.

### THE DIP MOTION SHOULD BE GRANTED AND A GOOD FAITH FINDING SHOULD BE MADE

**A.    SLC Is Not Acting In Good Faith**

Among hundreds of creditors and other parties in interest in this case, SLC is the only one that has objected to the DIP Motion.  SLC's motivation is transparent: it would like this case dismissed so it can take advantage of the secured position it achieved just prior to the commencement of this case, ahead of virtually all other unsecured creditors.

On the eve of bankruptcy, SLC obtained a lien on the Debtor's domestic assets, putting SLC ahead of virtually all other unsecured creditors in the race to collect upon their claims.  Nonetheless,

as unsecured for all purposes in this case.

2

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

when faced with a complaint seeking to avoid this lien as a preference, and because its lien is indisputably avoidable, SLC stipulated that its claim shall be treated as unsecured for all purposes in this case.[3] SLC would like to see the Motion denied because it hopes to see the case dismissed and its lien reinstated to the detriment of the remaining unsecured creditor body.

The remainder of the creditor body disagrees. No other parties have objected and the Motion is supported by the Official Committee of Unsecured Creditors (the "Committee") as it provides the only available source of funding for administrative expenses in this case. The remainder of the creditor body and the Committee recognize that absent the critical funding the DIP Motion presents, the Debtor's case will likely convert and creditors will receive substantially less than they can expect to obtain under the terms of the Debtor's chapter 11 plan.

**B.    SLC Holds an Avoidable Lien**

On or about January 23, 2020, SLC filed a proof of claim (the "Claim"), asserting that its Claim was secured by the Debtor's personal property based on a lien obtained under § 708.110(d) of the California Code of Civil Procedure. However, SLC obtained its lien on or about August 15, 2019, i.e., within 90 days of the date the Debtor's bankruptcy case commenced, making the lien avoidable under section 547(b) of the Bankruptcy Code. SLC subsequently agreed, as set forth in the SLC Claim Stipulation, that the Claim is unsecured for all purposes in the chapter 11 case which is tantamount to acknowledging that it is avoidable. (SLC wanted to keep the lien "in place" for now in case it prevails on its motion to dismiss but the SLC Claim Stipulation acknowledges the lien is avoidable to the extent the case is not dismissed.) Given that its lien position is tenuous at best, SLC can only rely upon the Minute Order to bolster its argument that the DIP financing should be denied.

**C.    SLC's Minute Order Is Subject to the Automatic Stay**

SLC contends that the injunction is not "rendered ineffective" by the bankruptcy filing (Objection, p. 3, lns. 16-17). However, the Minute Order's injunction is stayed under section 362(a) because no exception applies, unless and until relief from stay is obtained. Aside from in fact being

---

[3] *See* Stipulation Resolving Status of Claim Held by Shanghai Lan Cai Asset Management Co., LTD. As General Unsecured Claim (the "SLC Claim Stipulation") (Dkt. #368) and order approving same (Dkt #378).

the central issue in each case cited by SLC, it is also prevailing law.  *See, e.g., In re Sonnax*, 907 F.2d 1280 (2d Cir. 1990).  In *Sonnax*, pre-bankruptcy, a state court injunction was issued prior to a final judgment on the merits. The injunction barred the debtor from selling product to any of the plaintiff's customers.  In particular, the Second Circuit stated:  "While the state-court injunction would prevent Sonnax from doing much of its usual business, the [automatic] stay permits both parties to compete."  *Id.* at 1286.  "Finally, Tri Component argues that the policies behind 28 U.S.C. § 1481 (1982 & Supp. V 1987), prohibit a bankruptcy court from enjoining another court.  The statute provided that '[a] bankruptcy court shall have the powers of a court of equity, law and admiralty, but may not enjoin another court.' 28 U.S.C. § 1481.  However, Congress repealed this provision in 1984, and, in any event, the automatic stay provision operates by act of Congress rather than specific action by the bankruptcy court."  *Id.* at 1287.

Thus, in the present case, absent obtaining relief from stay, which SLC cannot hope to obtain here (as it must know given that it has not sought such relief), SLC cannot rely upon the Minute Order to deny the DIP Motion.

**D.** **The Proposed Financing Does Not Violate The Minute Order Nor Is This The Proper Setting For Such A Determination**

While it is true that the cases SLC cites indicate that a bankruptcy filing does not "dissolve" a prepetition injunction, those courts do require that relief from stay be obtained in order to enforce a prepetition injunction during the bankruptcy case.  Indeed, SLC's own cases seem to stand for this proposition as they are all opinions in the relief from stay context.

For example, SLC incorrectly relies upon *Truebro, Inc. v. Plumberex Specialty Prods., Inc. (In re Plumberex Specialty Prods., Inc.)*, 311 B.R. 551 (Bankr. C.D. Ca. 2004) for the notion that the Minute Order is in effect and prevents the Debtor from borrowing under section 364 of the Bankruptcy Code.  In *Plumberex*, the issue was the debtor's postpetition sale of a product that a judgment creditor, Truebro, alleged violated a prepetition federal patent infringement injunction that it had obtained against the debtor.  Truebro sought relief from the automatic stay to pursue a "contempt proceeding" against Plumberex in the federal court where the patent litigation was pending.  Notably, citing *Sonnax*, the bankruptcy court denied relief from the automatic stay on the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

grounds that the contempt proceeding would involve burdensome new litigation as to whether, inter alia, infringement even actually was occurring (the product at issue was not actually the product that had been enjoined) and that would interfere with the debtor's reorganization.

Indeed, *Plumberex* shows precisely why the Debtor should prevail in the present case and that absent relief from stay, the Minute Order is of no import. Just as SLC has alleged in the present case, Truebro alleged that Plumberex filed its chapter 11 case in "bad faith" to avoid the force of an injunctive order issued by the district in the patent litigation. Id. at 554. The Bankruptcy Court rejected Truebro's request for relief from stay to seek to enforce the injunctive order, finding that the chapter 11 filing was not made in bad faith (*Id.* at 560-61), that the underlying federal action would "undeniably" interfere with Plumberex's chapter 11 case (*Id.* at 561), and that relief from stay was inappropriate where the underlying court had already issued a judgement and the only issue was collection (*Id.* at 560-61).

Absent relief from stay – which is likely to be denied in this case for reasons similar to those given by Judge Carroll in *Plumberex* – there is no justification for enforcing the Minute Order given that the Bankruptcy Court is charged with resolving literally exactly the issues covered by that order, i.e., marshalling the Debtor's assets for the purpose of satisfying creditors. However, in the Bankruptcy Court, to SLC's chagrin, these assets will be used to address billions of dollars of creditor claims, rather than just SLC's $12 million claim, alone.

If the Minute Order's injunction is given the scope that SLC contends should be ascribed to it, the Debtor effectively would be enjoined in favor of a minor judgment creditor from using estate assets as collateral to secure necessary loans to reorganize. None of SLC's cited cases support the Bankruptcy Court doing this, particularly not in order to aid collection of a prepetition judgment as opposed to preventing some sort of deleterious conduct like patent infringement, sanctionable discovery conduct, or attempts to skirt an enforceable non-compete agreement. (For example, *David v. Hooker, Ltd.*, 560 F.2d 412 (9th Cir. 1977), concerns whether an order entered postpetition holding the debtor liable for attorney's fees as a sanction for violating a discovery order in a prepetition action was a stay violation. Both *In re Hohol*, 141 B.R. 293 (M.D. Pa. 1992) and *In re Rudaw/Empirical Software Prods., Ltd.*, 83 B.R. 241 (Bankr. S.D.N.Y. 1988) involved whether a

1    non-compete provision in an injunction was being violated and whether stay relief was required to

2    seek contempt and sanctions for that violation.)

3        But beyond this point, even on its own terms, the Minute Order does not prohibit the

4    borrowing proposed here.  The Minute Order enjoined the Debtor from transferring value from his

5    estate; it did not forbid him from borrowing *new* funds nor from encumbering his assets on a

6    *subordinated* basis.  Indeed it is unclear how the DIP Note proceeds coming into the estate on a

7    secured basis but subject to SLC's lien (to the extent it is not invalidated) can be treated as a

8    violation of the order.  The order itself simply does not prohibit the financing sought by the Debtor

9    in the DIP Motion – nor does it prohibit the prepetition loan which also was made expressly subject

10   to the Minute Order.[4]  The cases cited by SLC suggest that while the district court order may or may

11   not "remain in effect" as SLC insists, SLC should seek relief from stay to obtain a ruling as to

12   whether the order would prevent the DIP Financing.  SLC has been aware for many months that the

13   prepetition loan has the same provision as the DIP Note. Yet, SLC not gone to the District Court to

14   try to argue that the prepetition note violates the Minute Order.

15   **E.**    **Disclosure of the Identities of the FF Executives is Unnecessary and Harmful**

16       Without offering any legitimate justification for its argument, SLC contends that the DIP

17   Motion should be denied – or at least no good faith finding should be made – because the Debtor has

18   not publicly disclosed the identities of those FF executives that, as members of FF Global,

19   participated in the loan at issue.  SLC cannot explain why these identities are necessary; instead, it

20   offers inapposite cases to support its argument.

21       Notably, SLC places much of its argument upon *Citicorp Venture Capital, Ltd. v. Comm. of*

22   *Creditors Holding Unsecured Claims (In re Papercraft Corp.)*, 211 B.R. 813 (W.D. Pa. 1997), a

23   case cited by the Debtor in the DIP Motion for the (non-controversial) principle that a transaction

24   involving an insider requires additional scrutiny.  The *Papercraft* case involves an affiliate of a

25   debtor purchasing millions of dollars' worth of claims at a discount without disclosing the purchases

26   to the debtor or the committee.  The committee and the debtor contended that the purchase of the

27

28   _____
     [4]    Allowance of the prepetition loan by PTH is not at issue.  The Motion does not include a
     "roll up" of the pre-petition loan by PTH into the post-petition DIP financing.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

claims created conflicts of interest and affected voting. The bankruptcy court held that there should

be a *per se* rule that when insiders purchase claims without disclosing their identity and relationship

with the debtor, the claims should be disallowed to the extent the claims exceed what was paid for

them. The bankruptcy court did not equitably subordinate the claims, but rather reduced the allowed

amount to the price paid.

On appeal, the District Court rejected the *"per se"* rule and remanded for findings relevant to

equitable subordination. Both the lower court and the District Court opinion have to do with the

allowance of claims purchased by insiders without notice, where the purchases caused harm to the

estate. *See, e.g., Papercraft* at pp. 819-820. The District Court opinion offers nothing novel or

controversial; the Debtor readily acknowledged there should be heightened scrutiny of insider

transactions.

In the present case, the insider status of PTH and its expected role as the DIP lender has been

long disclosed. For example, as early as the filing of the Debtor's initial disclosure statement on

October 14, 2019, the Debtor described the relationship between PTH and the Debtor and its lending

relationship. *See* Confidential Offering Memorandum, Disclosure Statement, and Consent

Solicitation Statement (Dkt. #5), pp. 16 and 96 of 109. There certainly is no unfair advantage taken

by PTH, nor profiteering as in *Papercraft* by an affiliate, nor undermining of the voting process.

The DIP Note is critical to the success of this chapter 11 case – it is nothing like behavior outlined in

*Papercraft*. Indeed, in the present case, the Debtor welcomes any party wishing to propose

alternative DIP financing on similar or better terms as those offered by PTH. Neither the Debtor nor

the Committee have been able to locate any viable alternative to the current financing proposal

whatsoever.

The only disclosure the Debtor has not made is the identity of the individual FF executives

who loaned money to FF, which in turn advanced those funds to PTH on account of its loan to the

Debtor. SLC makes no argument about how the identity of the FF executives would add to the

analysis of the fairness of the loan terms. It is unclear from the Objection what legitimate purpose

could be served by such disclosure. Instead, all the additional disclosure will do is cause the

investors to refuse to advance the funds or enable SLC to commence a campaign of harassment

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

against those investors.  This is not a sufficient ground to deny a good faith finding where the

testimony offered clearly shows that the estate, via the Committee and the Debtor, engaged in

extensive negotiations with the proposed DIP lender to obtain extremely generous lending terms.

### III.

### <u>CONCLUSION</u>

Here, PTH is the sole source of the funding necessary for the Debtor to confirm the chapter

11 plan currently under consideration.  Moreover, the Committee supports the proposed financing as

no viable alternative has presented itself.  The proposed financing does not violate the Minute Order,

which is presently subject to the automatic stay, and PTH has proceeded in good faith.

WHEREFORE, the Debtor requests that the Court overrule the Objection, grant the DIP

Motion and find that the DIP Lender is entitled to a good faith finding as contemplated by section

364(e) of the Bankruptcy Code.

Dated:  March 12, 2020

PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ Jeffrey W. Dulberg*
       Richard M. Pachulski
       Jeffrey W. Dulberg
       Malhar S. Pagay

       Attorneys for Debtor and
       Debtor in Possession

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

8

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA  90067**

A true and correct copy of the foregoing document entitled (*specify*): **REPLY TO SHANGHAI LAN CAI ASSET MANAGEMENT CO, LTD.'S OBJECTION TO DEBTOR'S MOTION FOR ORDER (A) AUTHORIZING DEBTOR IN POSSESSION TO (I) OBTAIN POST-PETITION FINANCING PURSUANT TO 11 U.S.C. §§105, 362, AND 364, AND (II) GRANTING LIENS AND SUPERPRIORITY CLAIMS TO POST-PETITION LENDER PURSUANT TO 11 U.S.C. §364; AND (B) MODIFYING AUTOMATIC STAY PURSUANT TO 11 U.S.C. §§361, 362, AND 364**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **March 12, 2020,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **March 12, 2020,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA HAND DELIVERY**
The Honorable Vincent P. Zurzolo
United States Bankruptcy Court
Central District of California
255 East Temple Street, Suite 1360 / Courtroom 1368
Los Angeles, CA  90012

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 12, 2020 | Mary de Leon | /s/ Mary de Leon |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                          **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:328294.1 46353/002

**SERVICE INFORMATION FOR CASE NO. 19-bk-24804-VZ**

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>

- Tanya Behnam     tbehnam@polsinelli.com, tanyabehnam@gmail.com
- Jerrold L Bregman     ecf@bg.law, jbregman@bg.law
- Jeffrey W Dulberg     jdulberg@pszjlaw.com
- Lei Lei Wang Ekvall     lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Stephen D Finestone     sfinestone@fhlawllp.com
- Richard H Golubow     rgolubow@wghlawyers.com, pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
- Alexandra N Krasovec     krasovec.alexandra@dorsey.com, claridge.vanessa@dorsey.com
- Ben H Logan     blogan@omm.com
- Robert S Marticello     Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- David W. Meadows     david@davidwmeadowslaw.com
- John A Moe     john.moe@dentons.com, glenda.spratt@dentons.com
- Kelly L Morrison     kelly.l.morrison@usdoj.gov
- Malhar S Pagay     mpagay@pszjlaw.com, bdassa@pszjlaw.com
- Christopher E Prince     cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- Victor A Sahn     vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com
- Randye B Soref     rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- Benjamin Taylor     btaylor@taylorlawfirmpc.com
- United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov
- Claire K Wu     ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com
- Emily Young     pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
- David B Zolkin     dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:328294.1 46353/002

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**

**<u>VIA OVERNIGHT MAIL AND EMAIL</u>**

Christopher E. Prince
LESNICK PRINCE & PAPPAS LLP
315 West Ninth Street, Suite 705
Los Angeles, CA  90015
Email:  cprince@lesnickprince.com

**<u>VIA OVERNIGHT MAIL AND EMAIL</u>**

Daniel J. Saval
Dong Ni (Donna) Xu
KOBRE & KIM LLP
800 Third Avenue
New York, NY  10022
Email:  daniel.saval@kobrekim.com
            donna.xu@kobrekim.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

DOCS_LA:328294.1 46353/002