Richard M. Pachulski (CA Bar No. 90073)
Jeffrey W. Dulberg (CA Bar No. 181200)
Malhar S. Pagay (CA Bar No. 189289)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: rpachulski@pszjlaw.com
       jdulberg@pszjlaw.com
       mpagay@pszjlaw.com
Counsel for Debtor and Debtor in Possession

Suzzanne Uhland (CA Bar No. 136852)
Diana M. Perez (admitted *pro hac vice*)
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036-6537
Telephone: 212/326-2000
Facsimile: 212/326-2061
Email: suhland@omm.com
       dperez@omm.com
Special Corporate, Litigation, and International Counsel for
Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>YUETING JIA,[1]<br><br>           Debtor. | Case No. 2:19-bk-24804-VZ<br><br>Chapter 11<br><br>**DEBTOR'S OMNIBUS REPLY TO RESPONSES TO THE THIRD AMENDED DISCLOSURE STATEMENT WITH RESPECT TO THE SECOND AMENDED PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**<br><br><u>Disclosure Statement Approval Hearing</u><br>Date:      March 19, 2020<br>Time:     9:30 a.m. (Pacific time)<br>Place:     Courtroom 1368<br>             Roybal Federal Building<br>             255 E. Temple Street<br>             Los Angeles, California 90012<br>Judge:    Hon. Vincent P. Zurzolo |

---

[1] The last four digits of the Debtor's federal tax identification number are 8972. The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

**TABLE OF CONTENTS**

**Page**

I. PRELIMINARY STATEMENT ................................................................................... 1

II. REPLY ........................................................................................................................ 2

    A. Objections to Adequacy of the Disclosure Statement Should be Overruled .......... 3

    B. The Plan Related Objections Are Premature and Should be Overruled ................. 6

III. CONCLUSION ......................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re American Capital Equip., LLC*,
  688 F.3d 145 (3d Cir. 2012) .................................................................................................. 6

*In re EXDS, Inc.*,
  No. C 05-0787PVT, 2005 WL 2216958 (N.D. Cal. July 25, 2005) ........................................ 7

*In re Silberkraus*,
  253 B.R. 890 (Bankr. C.D.Cal. 2000) .................................................................................... 6

*Texas Extrusion Corp. v. Lockheed Corp. (In re Texas Extrusion Corp.)*,
  844 F.2d 1142 (5th Cir. 1988) ................................................................................................ 3

*Zachary v. California Bank & Tr.*,
  811 F.3d 1191 (9th Cir. 2016) ................................................................................................ 8

**Statutes**

11 U.S.C. § 1123(b)(3)(B) .............................................................................................................. 9

11 U.S.C. § 1125 ............................................................................................................................. 3

11 U.S.C. § 1125(a)(1) .................................................................................................................... 3

11 U.S.C. § 1129(b)(2)(B)(ii) ......................................................................................................... 8

**Other Authorities**

7 Collier on Bankruptcy ¶ 1125.03 (16th ed. rev. 2019) ................................................................. 6

S. Rep. No. 95-989 (1978), reprinted in 1978 U.S.C.C.A.N. 5787 ............................................... 3

**Rules**

Fed. R. Bankr. P. 7001(1) ............................................................................................................... 9

# I.

## **PRELIMINARY STATEMENT**

Yueting Jia ("YT" or the "Debtor"), the debtor and debtor in possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), respectfully files this omnibus reply to the various responses to the *Renewed Motion for an Order (I) Approving Disclosure Statement, (II) Approving Voting and Tabulation Procedures, (III) Setting Confirmation Hearing and Related Deadlines, (IV) Waiving Certain Local Rules and Procedures, and (V) Granting Related Relief; Memorandum of Points and Authorities; Declaration of Robert Moon* [Docket No. 401] (the "Solicitation Motion") and in respect of the *Debtor's Third Amended Disclosure Statement with Respect to Debtor's Second Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 397] (as may be amended, modified, or supplemented, the "Disclosure Statement").[2]

Since the beginning of his Chapter 11 Case, the Debtor has worked tirelessly to effectuate a consensual restructuring with the goal of transferring all of his non-exempt assets to a liquidating trust for the benefit of his creditors (the "Trust"). Months of protracted negotiations with the Official Committee of Unsecured Creditors (the "Committee") has culminated in the *Debtor's Second Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 398] (as may be amended, modified, or supplemented, the "Plan"),[3] a joint effort by the Debtor and the Committee to ensure a prompt and fair resolution of the Chapter 11 Case, while providing all stakeholders with the greatest recovery possible. The Plan contemplates a corporate structure whereby Pacific Technology Holding LLC ("Pacific Technology") will amend its limited liability company agreement to: (a) provide that the Trust is a member of Pacific Technology and the holder of 100% of the preferred membership units of Pacific Technology; (b) issue new units of Pacific Technology to the Trust (the "New PT Units"), entitling the Trust to 100% of the economic value of 147,058,823 Class B shares of Smart King (the "Trust Smart King Shares"); and (c) grant the

---

[2] Capitalized terms used but not defined in this omnibus reply shall have the meanings used in the Disclosure Statement.

[3] The Debtor will be filing the *Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* and the *Debtor's Fourth Amended Disclosure Statement with Respect to Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code*, which reflect additional revisions to the Plan and Disclosure Statement in response to further discussions with creditors, after the filing of this omnibus reply.

Trust a fully paid-up warrant to receive the Trust Smart King Shares with no further action by the Debtor, exercisable upon the dissolution of certain preliminary injunctions, freezing orders, and/or similar orders (the "BVI Injunctions") from courts in the British Virgin Islands ("BVI").

As set forth in the Solicitation Motion, the Debtor believes that the Disclosure Statement contains more than adequate information under the facts and circumstances of his Chapter 11 Case to enable creditors to make an informed decision when voting on the Plan, and therefore, should be approved. The majority of the objections to the Disclosure Statement raise issues pertaining to confirmation of the Plan rather than the adequacy of the Disclosure Statement. Such objections are premature and should await adjudication by the Court at the confirmation hearing. Regardless, as discussed below, each of the objections are without merit. Since the filing of the Debtor's initial plan of reorganization at the outset of the Chapter 11 Case, the Debtor has made considerable revisions to the Plan based on discussions with the Committee, creditors, and other parties in interest. The Plan, as discussed in detail in the Disclosure Statement, reflects these discussions and is the Debtor's best and only chance to emerge from chapter 11 while maximizing creditor recoveries. Importantly, the Disclosure Statement has support from creditors holding scheduled unsecure claims in the approximate amount of $356,797,453.97. *See Statement of Creditors' Joinder in Approval of Debtor's Third Amended Disclosure Statement and Reservation of Rights Regarding Second Amended Plan of Reorganization* [Docket No. 457] at 2.

## II.

## REPLY

The following objections to the Solicitation Motion and the Disclosure Statement are pending before the Court:[4]

---

[4] Certain parties in interest, including the Office of the United States Trustee, Chongqing Strategic Emerging Industry LeEco Cloud Special Equity Investment Fund Partnership, O-Film Global (HK) Trading Limited, and Nanchang O-Film Photoelectric Technology Co., Ltd. filed objections to prior versions of the Disclosure Statement and Solicitation Motion. *See* Docket Nos. 140, 142, 246, 275. None of these parties filed an objection to the current Disclosure Statement or Solicitation Motion pending before this Court. The Debtor believes that each of these objections has been rendered moot due to the revisions made to the Plan and Disclosure Statement to address the concerns raised in these objections and the Court's *Findings of Fact and Conclusions of Law In Support of Order: (1) Denying Motion for Approval of Adequacy of Amended Disclosure Statement and 2nd Amended Disclosure Statement; and (2) to Show Cause Why Chapter 11 Case Should not be Dismissed or Converted to a Case Under Chapter 7* [Docket No. 305]. *See* Chart of Revisions to the Disclosure Statement and Plan [Docket No. 402], attached as Exhibit F to the Solicitation

- 2 -

1. *Shanghai Lan Cai Asset Management Co, Ltd.'s Objection to Debtor's Third Amended Disclosure Statement* [Docket No. 445] (the "SLC Objection");

2. *Swift Talent Investments Ltd.'s Reservation of Rights to Debtor's Motion for an Order Approving Disclosure Statement* [Docket No. 446] (the "Swift Objection"); and

3. *Han's San Jose Hospitality LLC's Limited Objection to Amended Disclosure Statement* [Docket No. 447] (the "Han's Objection" and together with the SLC Objection and Swift Objection, the "Objections").

The Debtor addresses each of the Objections in the section below.

**A.    Objections to Adequacy of the Disclosure Statement Should be Overruled**

Under section 1125 of the Bankruptcy Code, the proponent of a proposed chapter 11 plan must provide "adequate information" regarding that plan to holders of impaired claims and interests entitled to vote on the plan. 11 U.S.C. § 1125. "Adequate information" is a flexible standard, based on the facts and circumstances of each case. *See* 11 U.S.C. § 1125(a)(1); S. Rep. No. 95-989, at 121 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5907 (indicating that "the information required will necessarily be governed by the circumstances of the case"). The bankruptcy court, in its broad discretion, determines whether the information provided by the plan proponent is adequate under section 1125 of the Bankruptcy Code. *See, e.g.*, *Texas Extrusion Corp. v. Lockheed Corp. (In re Texas Extrusion Corp.)*, 844 F.2d 1142, 1157 (5th Cir. 1988).

The SLC Objection contends that the Disclosure Statement does not provide adequate information for the following reasons:

*1.    SLC alleges that the Debtor fails to disclose the risks posed by the BVI Injunctions to plan confirmation. See SLC Objection at 3:8–4:2. The BVI Injunctions prohibit FF Top Holding Limited ("FF Top") and FF Peak Holding Limited ("FF Peak") "from transferring or disposing their interests in Smart King." SLC Objection at 3:15–16.*

---

Motion. The Debtor reserves all rights to respond to any of these objections in the event that they are renewed with respect to the Disclosure Statement or Solicitation Motion prior to or at the disclosure statement hearing.

- 3 -

Contrary to SLC's assertions, the Disclosure Statement contains adequate information regarding the risks associated with the BVI Injunctions, given that dissolution of the BVI Injunctions is no longer necessary for the Plan to become effective. *See* Disclosure Statement at 30. Previously, the initial version of the Plan provided that the Trust Smart King Shares would be transferred to the Trust on the effective date. *See Debtor's Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 4] at 12. The Debtor has since amended the Plan to provide that Pacific Technology will amend its limited liability company agreement to issue the New PT Units, entitling the Trust to 100% of the economic value of the Trust Smart King Shares, and grant the Trust a fully paid-up warrant to receive the Trust Smart King Shares upon the dissolution of the BVI Injunctions. *See* Disclosure Statement at 93. Through the issuance of the New PT Units, the Trust will receive the economic benefits of the Trust Smart King Shares on the Effective Date without awaiting dissolution of the BVI Injunctions.[5]

Importantly, the corporate structure contemplated in the Plan does not run afoul of the BVI Injunctions. The orders issuing the BVI Injunctions dated December 5, 2018 (the "BVI Orders") only restrict the disposition or transfer of "issued share capital" of FF Top and FF Peak. *See* Ex. 1 and 2 to *Declaration of Daniel J. Saval in Support of Shanghai Lan Cai Asset Management Co, Ltd.'s Objection to Debtor's Motion to Approve Disclosure Statement* [Docket No. 274] ¶ (4)(a)(i) and ¶ (4)(a)(vii). Without effectuating such a disposition or transfer, the proposed corporate structure set forth in the Plan does not fall within the scope of the BVI Orders. Furthermore, it is inconceivable that a BVI court would exercise extraterritorial jurisdiction over Pacific Technology, a Delaware LLC, to enjoin the amendment of its limited liability company agreement or the issuance of the New PT Units to the Trust. Given the plain language in the BVI Orders, the Debtor deemed it unnecessary to update the Disclosure Statement in this aspect.

    2.    *SLC also alleges that while it is true that the BVI has passed legislation adopting the UNCITRAL Model Law on Cross-Border Insolvency (the "Model Law"), namely*

---

[5] Even though the dissolution of the BVI Injunctions is not required for confirmation of the Plan and the transfer of the New PT Units to the Trust, the Debtor will continue to use his best efforts to dissolve the BVI Injunctions as quickly as possible.

- 4 -

*Part XVIII of the Insolvency Act 2003, that Part has never been brought into force, nor is it anticipated to come into force in the foreseeable future. The Debtor falsely believes that he can challenge the BVI Injunctions through the Model Law. See SLC Objection at 6:9–16.*

The BVI Injunctions are subject to challenge under section 467, Part XIX of the Insolvency Act 2003 ("Section 467"), which has been brought into force and affords the BVI courts broad authority to grant relief to a foreign representative who acts in furtherance of a foreign insolvency proceeding. The Debtor, through Robert Moon, the foreign representative authorized by the Court, intends to apply in the BVI to set aside the BVI Injunctions under Section 467. Moreover, the Debtor believes that the BVI Injunctions can be dissolved under BVI law on numerous grounds, including: (a) the BVI proceedings have not been validly commenced; (b) the BVI proceedings and the BVI Injunctions have not been validly served on the Debtor. Accordingly, SLC does not have permission to enforce the Chinese arbitral award; (c) the BVI Injunctions are being improperly maintained in that, since they were obtained, SLC has not advanced its case in the BVI for over a year. Since the commencement of the Chapter 11 Case, grounds for permission to enforce the Chinese arbitral award and an arguable risk of dissipation have ceased to exist; and (d) SLC is abusing the BVI Injunctions, a provisional remedy which confers no security interest, to obtain an unfair advantage over other similarly situated creditors in this Chapter 11 Case.

3. *SLC alleges that "[t]he Disclosure Statement lacks any explanation of the Foreign Representative's standing or grounds to apply to discharge the BVI Injunction Orders." SLC Objection at 6:19–20.*

Under the *Order Granting Debtor's Motion Authorizing Robert Moon to Act as Foreign Representative Pursuant to Section 1505 of the Bankruptcy Code* [Docket No. 376] (the "Foreign Representative Order"), Robert Moon is authorized to act as the foreign representative of the Debtor in any judicial or other proceeding in the BVI and Cayman Islands, and may act in any way permitted by applicable foreign law, including, without limitation, (a) seeking recognition of the Chapter 11 Case in any BVI or Cayman Islands proceeding; (b) requesting that the BVI or Cayman Islands courts lend assistance to this Court in protecting the property of the Debtor's estate; and (c)

- 5 -

seeking any other appropriate relief from the BVI or Cayman Islands courts that Mr. Moon deems just and proper in furtherance of the protection of the Debtor's estate. *See* Foreign Representative Order ¶ 2. As the order makes clear, the foreign representative's standing derives from this Court's authorization to protect the property of the Debtor's estate.

As set forth above, the BVI Injunctions do not interfere with plan confirmation and the Disclosure Statement contains adequate information to address the BVI Injunctions. Nevertheless, the Debtor will be adding additional disclosures regarding the BVI Injunctions in Article II.C.3 of the *Debtor's Fourth Amended Disclosure Statement with Respect to Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code*, to be filed shortly after this omnibus reply. Accordingly, the SLC Objection has been rendered moot and should be overruled.

**B.    The Plan Related Objections Are Premature and Should be Overruled**

The majority of the Objections raise issues relating to confirmation of the Plan under section 1129(a) of the Bankruptcy Code, rather than adequacy of disclosure under section 1125(a). The disclosure statement hearing is not the proper time to evaluate the merits of the Plan. Instead, the Court should consider these objections at the confirmation hearing. "Ordinarily, confirmation issues are reserved for the confirmation hearing, and not addressed at the disclosure statement stage." *In re American Capital Equip., LLC*, 688 F.3d 145, 153–54 (3d Cir. 2012). "At disclosure statement hearings, courts should refuse to hear issues that are confirmation rather than disclosure issues . . . ." 7 Collier on Bankruptcy ¶ 1125.03 (16th ed. rev. 2019).

"[W]here a plan is on its face nonconfirmable, as a matter of law, it is appropriate for the court to deny approval of the disclosure statement describing the nonconfirmable plan." *In re Silberkraus*, 253 B.R. 890, 899 (Bankr. C.D.Cal. 2000). While none of the Objections raise issues demonstrating that the Plan is so fatally flawed that the Court must reject the Disclosure Statement, the Debtor addresses each of the confirmation related arguments below to eliminate any doubts regarding the confirmability of the Plan.

> 1.    *SLC objects to the Plan because "the Debtor fails to explain how his purported workaround either complies with the BVI [ ] Orders or otherwise will enable*

- 6 -

*creditors to ever realize the value of the Debtor's indirect interests [in] Faraday [& Future Inc.] held through FF Peak and FF Top." SLC Objection at 5:17–22.*

SLC's argument is a veiled attempt to challenge the feasibility of the Plan, a confirmation issue that need not be addressed at the disclosure statement hearing. To the contrary, the Plan is feasible. As set forth above, once the Plan becomes effective, the Trust will hold the economic rights to the Trust Smart King Shares through the New PT Units. As the holder of these economic rights, the Trust will receive distributions flowing through to Pacific Technology on account of such shares, without effectuating any disposition or transfer of issued share capital of FF Peak or FF Top. Additionally, the fully paid-up warrant to receive the Trust Smart King Shares is only exercisable upon the dissolution of the BVI Injunctions. Thus, neither the issuance of the New PT Units nor the issuance of the warrant violates the BVI Injunctions. Notwithstanding SLC's characterization of the corporate structure as a "purported workaround," such structure demonstrates a painstaking effort by the Debtor to remove hurdles to Plan confirmation for the benefit of the entire creditor body.

2. *Swift alleges that the Plan unilaterally caps all pre-petition interest on account of Allowed Debt Claims at four percent, irrespective of the rate in the governing documents. See Swift Objection at 2:16–19.*

In its objection, Swift Talent Investments Ltd. ("Swift") asserts that the four percent interest rate on the outstanding principal amount of the Allowed Debt Claims conflicts with "well-established law that '[p]repetition interest is generally allowable to the extent and at the rate permitted under the applicable nonbankruptcy law, including the law of contracts.'" *Id.* at 4:21–5:2 (citing *In re EXDS, Inc.*, No. C 05-0787PVT, 2005 WL 2216958, at *5 n.11 (N.D. Cal. July 25, 2005)). The Plan in fact does not limit the allowed claim amount of any holder. Instead, as part of each holder's treatment, the plan provides that its pro rata share of Trust Interests will be based on the principal amount of their Debt Claim plus four percent interest from the date of incurrence of the underlying debt. Because the Plan is not a "cramdown" plan, this allocation mechanism will only apply if the holders of Debt Claims vote in favor of the Plan and accept the treatment of their claims proposed in the Plan, including the allocation mechanism.

While the Debtor initially proposed to allocate Trust Interests based on principal only, after extensive negotiations between the Debtor and the Committee, the Debtor agreed that the allocation would be based on the outstanding principal amount of the holder's Debt Claim plus four percent interest per annum from the time the underlying debt arose through the petition date. *See* Second Amended Plan at 7. The four percent interest rate is a genuine proposal by both the Debtor and the Committee to provide equality of distribution to the holders of Debt Claims, recognizing those whose principal has remained outstanding for a longer period, without skewing distributions based on penalty interest unlikely to be recognized in the U.S.

> 3.  *Swift also alleges that the Second Amended Plan violates the absolute priority rule by allowing the Debtor to receive five percent of the remaining trust assets before Allowed Debt Claims receive full (or even partial) recovery. See Swift Objection at 5:7–15.*

Swift cites *Zachary v. California Bank & Tr.*, 811 F.3d 1191, 1196 (9th Cir. 2016) to support the proposition that "the absolute priority rule applies in individual chapter 11 cases." *See* Swift Objection at 5:17–19. The absolute priority rule is set forth in section 1129(b)(2)(B)(ii) of the Bankruptcy Code, which provides that a debtor may obtain confirmation of a plan over a dissenting class of unsecured creditors if the dissenting class is paid in full before any junior class receives or retains any property. 11 U.S.C. § 1129(b)(2)(B)(ii); *see also Zachary* 811 F.3d at 1194. Thus, the absolute priority rule only applies where a debtor is seeking to cram down a plan over a dissenting class of creditors. As discussed above, the Debtor is not seeking to cram down the Plan on holders of Allowed Debt Claims, making the absolute priority rule irrelevant to confirmation of the Plan. The Plan contains only one voting class (Debt Claims) and thus, to confirm the Plan, holders of Debt Claims must vote in favor of the Plan. Also, the Plan clearly states that the Debtor is not relying on the cramdown provision of section 1129(b)(2)(B) to confirm the Plan, and, therefore, the absolute priority rule does not apply here. *See* Plan at 27:4–11.

> 4.  *Han's alleges that as the plaintiff in a state court action (the "Han's Action") against YT and certain non-debtor entities, Han's San Jose Hospitality LLC ("Han's") objects to the inclusion of the Han's Action in one of the "Retained*

- 8 -

*Actions" over which YT, as the Reorganized Debtor, retains power to enforce, settle, or litigate. See Han's Objection at 2:5–11.*

As an initial matter, the Han's Objection does not purport to challenge adequacy of the Disclosure Statement. Instead, the Han's Objection disputes the Debtor's characterization of the Han's Action as property of the estate, an issue unsuitable for adjudication at the disclosure statement hearing. *See* Fed. R. Bankr. P. 7001(1) (providing that an adversary proceeding is required to recover money or property from a debtor).

By including the Han's Action in Schedule A to the Plan, the Debtor is simply reserving the right to assert any claims related to such action for the benefit of the Trust in accordance with section 1123(b)(3)(B) of the Bankruptcy Code, which provides that "a plan may . . . provide for . . . the retention and enforcement by the debtor, by the trustee, or by a representative of the estate appointed for such purpose, of any . . . claim or interest." 11 U.S.C. § 1123(b)(3)(B).

Furthermore, contrary to the contention that the Han's Action caused particularized injuries relating to a specific lease, Han's pleaded a generalized injury in the Han's Action by arguing that "Jia Yueting [ ] routinely shuffles money throughout his various corporate holdings in an effort to escape debts and obligations." Proof of Claim 5-1 filed by Han's at 7. However, the Debtor's alleged transfer of assets would cause injury to all creditors, not just Han's. Thus, the alter ego claims at the center of the Han's Action are likely to be general claims and constitute property of the Debtor's bankruptcy estate.

# III.

# **CONCLUSION**

For the reasons set forth above, the Court should overrule the Objections and grant the Solicitation Motion and approve the Disclosure Statement.

Dated: March 16, 2020
Los Angeles, California

PACHULSKI STANG ZIEHL & JONES LLP

/s/ *Malhar S. Pagay*
Richard M. Pachulski (CA Bar No. 90073)
Jeffrey W. Dulberg (CA Bar No. 181200)
Malhar S. Pagay (CA Bar No. 189289)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email:    rpachulski@pszjlaw.com
          jdulberg@pszjlaw.com
          mpagay@pszjlaw.com

O'MELVENY & MYERS LLP

Suzzanne Uhland (CA Bar No. 136852)
Diana M. Perez (admitted *pro hac vice*)
Times Square Tower
7 Times Square
New York, New York 10036-6537
Telephone:    +1 212 326 2000
Facsimile:    +1 212 326 2061
Email:        suhland@omm.com

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA 90067**

A true and correct copy of the foregoing document entitled (*specify*):
**DEBTOR'S OMNIBUS REPLY TO RESPONSES TO THE THIRD AMENDED DISCLOSURE STATEMENT WITH RESPECT TO THE SECOND AMENDED PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **March 16, 2020,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **March 16, 2020,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **March 16, 2020,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY**
United States Bankruptcy Court
Central District of California
Attn: Hon. Vincent Zurzolo
Edward R. Roybal Federal Bldg./Courthouse
255 East Temple Street, Suite 1360
Los Angeles, CA 90012

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 16, 2020 | Sophia L. Lee | /s/ *Sophia L. Lee* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012   **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:327335.1 46353/002

**SERVICE INFORMATION FOR CASE NO. 2:19-bk-24804-VZ**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

- Tanya Behnam    tbehnam@polsinelli.com, tanyabehnam@gmail.com
- Jerrold L Bregman    ecf@bg.law, jbregman@bg.law
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Stephen D Finestone    sfinestone@fhlawllp.com
- Alexandra N Krasovec    krasovec.alexandra@dorsey.com, claridge.vanessa@dorsey.com
- Ben H Logan    blogan@omm.com
- Robert S Marticello    Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- David W. Meadows    david@davidwmeadowslaw.com
- John A Moe    john.moe@dentons.com, glenda.spratt@dentons.com
- Kelly L Morrison    kelly.l.morrison@usdoj.gov
- Malhar S Pagay    mpagay@pszjlaw.com, bdassa@pszjlaw.com
- Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- Victor A Sahn    vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com
- Randye B Soref    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- Benjamin Taylor    btaylor@taylorlawfirmpc.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Claire K Wu    ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com
- Emily Young    pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
- David B Zolkin    dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
*BY EMAIL:*

DANIEL J. SAVAL
Email:  daniel.saval@kobrekim.com

DONG NI (DONNA) XU
Email: donna.xu@kobrekim.com

Luke A. Barefoot
*Email:  lbarefoot@cgsh.com*

Thomas S. Kessler
*Email:  tkessler@cgsh.com*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:327335.1 46353/002