1  Richard M. Pachulski (CA Bar No. 90073)
Jeffrey W. Dulberg (CA Bar No. 181200)
2  Malhar S. Pagay (CA Bar No. 189289)
PACHULSKI STANG ZIEHL & JONES LLP
3  10100 Santa Monica Blvd., 13th Floor
Los Angeles, California  90067
4  Telephone: 310/277-6910
Facsimile:  310/201-0760
5  E-mail:   rpachulski@pszjlaw.com
              jdulberg@pszjlaw.com
6              mpagay@pszjlaw.com

7  Attorneys for Debtor and Debtor in Possession

8

9

10

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

11

12  In re:

YUETING JIA,[1]

13                              Debtor.

14

15

16

17

Case No.: 2:19-bk-24804-VZ

Chapter 11

**THIRD STIPULATION TO EXTEND DEADLINE PURSUANT TO FED. R. BANKR. P. 4007(C) AS TO LIUHUAN SHAN**

[No Hearing Required]

18

19      This Stipulation (the "Stipulation"), is made by and between Yueting Jia, debtor and debtor

20  in possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"), and

21  Liuhuan Shan ("Liuhuan" and, together with the Debtor, the "Parties"), with reference to the

22  following facts.

23                              **RECITALS**

24      A.      On October 14, 2019, the Debtor filed a voluntary petition under chapter 11 of title 11

25  of the United States Code (the Bankruptcy Code") in the District of Delaware.

26      B.      The date first set for the Debtor's meeting of creditors pursuant to section 341(a) of

27

28  [1] The last four digits of the Debtor's federal tax identification number are 8972. The Debtor's mailing address is
91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    the Bankruptcy Code in the Chapter 11 Case was December 6, 2019.

2        C.    On December 19, 2019, the Chapter 11 Case was transferred to the United States

3    Bankruptcy Court for the Central District of California (the "Bankruptcy Court").

4        D.    Federal Rule of Bankruptcy Procedure 4007(c) states, in pertinent part, "…. a

5    complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60

6    days after the first date set for the meeting of creditors under § 341(a)."  Therefore, the initial

7    deadline to file a complaint to determine the dischargeability of a debt under Bankruptcy Code

8    section 523(c) in the Chapter 11 Case was February 4, 2020 (the "Rule 4007(c) Deadline").

9        E.    On February 4, 2020, the Parties entered into and filed a *Stipulation to Extend*

10   *Deadline Pursuant to Fed. R. Bankr. P. 4007(C) As to Liuhuan Shan* [Docket No. 294] (the "First

11   Stipulation"), which was approved by order entered on February 6, 2020 [Docket No. 307].  The

12   First Stipulation extended the Rule 4007(c) Deadline from February 4, 2020, to February 18, 2020.

13       F.    On February 14, 2020, the Parties entered into and filed a *Second Stipulation to*

14   *Extend Deadline Pursuant to Fed. R. Bankr. P. 4007(C) As to Liuhuan Shan* [Docket No. 332] (the

15   "Second Stipulation"), which was approved by order entered on February 18, 2020 [Docket No. 340]

16   (the "Second Stipulation Order").  The Second Stipulation further extended the Rule 4007(c)

17   Deadline from February 18, 2020, to March 19, 2020.  The Court, in its Second Stipulation Order,

18   ordered that "[a]ny subsequent requests for further extensions must contain a specifically outlined

19   cause and an explanation why the 2nd extension was insufficient."

20       G.    The Parties believe that sufficient cause exists for an additional extension of the Rule

21   4007(c) Deadline for another sixty (60) days beyond the extension granted pursuant to the Second Stipulation

22   Order, due to the following events since the filing of the Second Stipulation:

23           1.   The Parties' counsel have engaged in discussions regarding the basis of Liuhuan's claims

24               against the bankruptcy estate as well as questions regarding the progress of the Chapter

25               11 Case, the status of discussions between the Debtor and the Official Committee of

26               Unsecured Creditors (the "Committee") in respect of a consensual Plan, the Debtor's

27               proposed debtor in possession financing, and other issues.

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

2.   The Debtor's representatives have been in communication with Liuhuan's spouse to facilitate due diligence in the People's Republic of China ("PRC") regarding Liuhuan's claims.

3.   Liuhuan's counsel has been in contact with counsel for the Committee in order to ascertain the status of the Committee's due diligence in the Chapter 11 Case and to formulate Liuhuan's position regarding the Plan.

4.   Liuhuan's counsel has provided counsel for the Debtor with voluminous documentation in both English and Chinese in support of Liuhuan's claims.  The Debtor, his advisors and his professionals are beginning their review of such documentation.

5.   The outbreak of Coronavirus in the PRC, the United States and other parts of the world has delayed, and is likely to continue to delay, the ability of the Parties and their respective professionals to conclude their due diligence and discussions regarding Liuhuan's claims and any allegations of nondischargeability in respect of such claims.

6.   The Parties have agreed to continue discussions regarding the issues set forth herein in good faith.

H.      In light of the ongoing discussions to date and to allow for adequate time to address all remaining issues, the Parties have accordingly agreed to a further extension of the Rule 4007(c) Deadline on the terms set forth below.

**NOW, THEREFORE,** it is hereby agreed between the Parties, as follows:

1.      The Rule 4007(c) Deadline, only as to Liuhuan, shall be further extended from March 19, 2020, to May 18, 2020.

2.      Nothing in this Stipulation shall in any way be construed as or deemed to be evidence of or reflect an admission on behalf of any Party regarding any claim or right that such Party may have against any other Party unless such claim or right is specifically addressed in this Stipulation.

3.      This Stipulation may not be modified, amended, altered, changed, or waived except in a writing signed by all of the Parties.

4.      Each of the signatories hereto represents and warrants that s/he is authorized to enter into this Stipulation by each entity on whose behalf s/he is executing the Stipulation.

3

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

5.      The Parties agree that there are no third-party beneficiaries to this Stipulation.

6.      This Stipulation may be executed in multiple counterparts by facsimile or email signatures, each of which shall be deemed an original.  A facsimile or email signature delivered by portable data format (.pdf) shall be deemed an original.

7.      This Stipulation and the communications in connection with its negotiation will not be introduced into evidence in the trial of or in any deposition relating to any claims or causes of action between the Parties, or be used in any manner in any litigation or otherwise, except to enforce the terms of the Stipulation.

8.      The Bankruptcy Court shall retain exclusive jurisdiction to resolve any dispute arising from or related to the interpretation or enforcement of this Stipulation, to the fullest extent of the Bankruptcy Court's authority under applicable law.

Dated:  March 18, 2020          PACHULSKI STANG ZIEHL & JONES LLP

By      /s/ Malhar S. Pagay
        Richard M. Pachulski
        Jeffrey W. Dulberg
        Malhar S. Pagay

        Attorneys for Debtor and Debtor in
        Possession

Dated:  March 18, 2020          CURTIS, MALLET-PREVOST, COLT &
                                MOSLE LLP

By      _____

        Lynn P. Harrison III
        Peter Buenger

        Attorneys for Creditor, Liuhuan Shan

4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA  90067**

A true and correct copy of the foregoing document entitled (*specify):*
**THIRD STIPULATION TO EXTEND DEADLINE PURSUANT TO FED. R. BANKR. P. 4007(C) AS TO LIUHUAN SHAN**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date)* **March 18, 2020,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date)* **March 18, 2020,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date)* **March 18, 2020,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY**
United States Bankruptcy Court
Central District of California
Attn:  Hon. Vincent Zurzolo
Edward R. Roybal Federal Bldg./Courthouse
255 East Temple Street, Suite 1360
Los Angeles, CA  90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 18, 2020 | Sophia L. Lee | /s/ *Sophia L. Lee* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

DOCS_LA:328411.1 46353/002

## SERVICE INFORMATION FOR CASE NO. 2:19-bk-24804-VZ

**1.** **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

- Tanya Behnam    tbehnam@polsinelli.com, tanyabehnam@gmail.com
- Jerrold L Bregman    ecf@bg.law, jbregman@bg.law
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Stephen D Finestone    sfinestone@fhlawllp.com
- Alexandra N Krasovec    krasovec.alexandra@dorsey.com, claridge.vanessa@dorsey.com
- Ben H Logan    blogan@omm.com
- Robert S Marticello    Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- David W. Meadows    david@davidwmeadowslaw.com
- John A Moe    john.moe@dentons.com, glenda.spratt@dentons.com
- Kelly L Morrison    kelly.l.morrison@usdoj.gov
- Malhar S Pagay    mpagay@pszjlaw.com, bdassa@pszjlaw.com
- Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- Victor A Sahn    vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com
- Randye B Soref    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- Benjamin Taylor    btaylor@taylorlawfirmpc.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Claire K Wu    ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com
- Emily Young    pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
- David B Zolkin    dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:328411.1 46353/002