| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Richard M. Pachulski (CA Bar No. 90073)<br>Jeffrey W. Dulberg (CA Bar No. 181200)<br>Malhar S. Pagay (CA Bar No. 189289)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, California 90067<br>Telephone: 310/277-6910<br>Facsimile: 310/201-0760<br>E-mail: rpachulski@pszjlaw.com<br>       jdulberg@pszjlaw.com<br>       mpagay@pszjlaw.com | |
| ☐ Individual *appearing without an attorney*<br>☒ Attorney for: Movant(s) | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| In re:<br><br>YUETING JIA,[1]<br><br><br><br>Debtor(s) | CASE NO.: 2:19-bk-24804-VZ<br><br>CHAPTER: 11<br><br>**NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE:**<br><br>**ORDER (I) APPROVING FOURTH AMENDED DISCLOSURE STATEMENT, (II) APPROVING VOTING AND TABULATION PROCEDURES, (III) SETTING CONFIRMATION HEARING AND RELATED DEADLINES, (IV) WAIVING CERTAIN LOCAL RULES AND PROCEDURES, (V) VACATING ORDER TO SHOW CAUSE AND (VI) GRANTING RELATED RELIEF ("MOTION")**<br><br>[Relates to Docket No. 465] |
|---|---|

PLEASE TAKE NOTE that the order titled <u>Order (I) Approving Fourth Amended Disclosure Statement, (II) Approving Voting and Tabulation Procedures, (III) Setting Confirmation Hearing and Related Deadlines, (IV) Waiving Certain Local Rules and Procedures, (V) Vacating Order to Show Cause and (VI) Granting Related Relief</u> was lodged on (*date*) <u>March 19, 2020</u> and is attached. This order relates to the Motion which is docket number 465.

---

[1] The last four digits of the Debtor's federal tax identification number are 8972. The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

# EXHIBIT A

Richard M. Pachulski (CA Bar No. 90073)
Jeffrey W. Dulberg (CA Bar No. 181200)
Malhar S. Pagay (CA Bar No. 189289)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email:    rpachulski@pszjlaw.com
          jdulberg@pszjlaw.com
          mpagay@pszjlaw.com

Attorneys for Yueting Jia, Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No.: 2:19-bk-24804-VZ |
| YUETING JIA,[1] | Chapter 11 |
| Debtor. | **ORDER (I) APPROVING FOURTH AMENDED DISCLOSURE STATEMENT, (II) APPROVING VOTING AND TABULATION PROCEDURES, (III) SETTING CONFIRMATION HEARING AND RELATED DEADLINES, (IV) WAIVING CERTAIN LOCAL RULES AND PROCEDURES, (V) VACATING ORDER TO SHOW CAUSE AND (VI) GRANTING RELATED RELIEF** |
| | Date:  March 19, 2020<br>Time:  9:30 a.m.<br>Place:  United States Bankruptcy Court<br>         255 E. Temple Street<br>         Los Angeles, CA  90012<br>Courtroom: 1368<br>Judge:  Hon. Vincent P. Zurzolo |

---

[1] The last four digits of the Debtor's federal tax identification number are 8972. The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

Upon consideration of the Debtor's motion (the "Motion)[2] for entry of an order (i) approving the Fourth Amended Disclosure Statement; (ii) approving the Voting Procedures and Tabulation Procedures; (iii) setting the date and time for the Confirmation Hearing and related deadlines; (iv) waiving certain local rules and procedures related to the timing and approval of the Fourth Amended Disclosure Statement and confirmation of the Third Amended Plan; and (v) granting related relief, all as more fully set forth in the Motion; and due and sufficient notice of the Motion having been provided under the particular circumstances; and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and this Court's entry of a final order being consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing having been scheduled and, to the extent necessary, held to consider the relief requested in the Motion (the "Hearing"); and upon the record of the Hearing and all the proceedings had before the Court; and the Court having found and concluded that the Fourth Amended Disclosure Statement sufficiently describes, among other things, the Debtor, the Chapter 11 Case, and the Third Amended Plan, and that the Fourth Amended Disclosure Statement therefore (i) allows holders of Debt Claims in Class 4 to make an informed judgment about the Third Amended Plan and (ii) contains "adequate information" as that term is defined in section 1125(a) of the Bankruptcy Code; and the Court having found and determined the relief requested in the Motion to be in the best interests of the Debtor, his estate and creditors, and any parties in interest; and that the legal and factual bases set forth in the Motion and at the Hearing having established just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

   1.   The Motion is GRANTED, to the extent set forth herein.

---

[2] Capitalized terms not otherwise defined in this order shall have the meanings used in the Motion, or if not defined therein, in the Fourth Amended Disclosure Statement.

2. The Fourth Amended Disclosure Statement is approved as containing adequate information pursuant to section 1125 of the Bankruptcy Code, and the Debtor is authorized to use the Fourth Amended Disclosure Statement in connection with the solicitation of votes in respect of the Third Amended Plan.

3. The requirement that the Debtor use certain form pleadings in connection with the approval of a disclosure statement and confirmation of a plan of reorganization, including a form combined disclosure statement and plan of reorganization and a form motion to approve the adequacy of the disclosure statement is hereby waived.

4. The Confirmation Hearing shall be held on **May 21, 2020, at 9:30 a.m. (Pacific Time)**. The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtor of the adjourned date(s) at the Confirmation Hearing or any continued hearing or as indicated on any notice of matters scheduled for hearing filed with the Bankruptcy Court.

5. The deadline to file objections to the confirmation of the Third Amended Plan shall be **May 7, 2020, at 4:00 p.m. (Pacific Time)** (the "Plan Objection Deadline"). Any objection to confirmation of the Third Amended Plan must state with specificity the grounds for such objection and be filed with the Bankruptcy Court and served upon (a) counsel for the Debtor, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067 (Attn: Richard M. Pachulski, Esq., Jeffrey W. Dulberg, Esq. and Malhar S. Pagay, Esq.); (b) special counsel for the Debtor, O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036 (Attn: Suzzanne Uhland, Esq. and Diana M. Perez, Esq.); (c) counsel to the Creditors' Committee, Lowenstein Sandler LLP, One Lowenstein Drive, Roseland, NJ 07068 (Attn: Jeffrey D. Prol, Esq., Andrew D. Behlmann, Esq., and Jeremy D. Merkin, Esq.) and Polsinelli, 2049 Century Park East, 29th floor, Los Angeles, CA 90067 (Attn: Randye B. Soref, Esq.); and (d) the Office of the United States Trustee for the Central District of California, 915 Wilshire Blvd., Suite. 1850, Los Angeles, California 90017 (Attn: Kelly L. Morrison, Esq.).

6. The deadline to file the motion for confirmation of the Third Amended Plan is **April 23, 2020, at 4:00 p.m. (Pacific Time)**.

7. The deadline to file, if necessary, a reply to any timely objection to Confirmation of the Third Amended Plan filed on or before the Plan Objection Deadline is **May 15, 2020, at 4:00 p.m. (Pacific Time)**.

8. The form and manner of service of the Disclosure Statement Notice is hereby approved.

9. The form and manner of service of the Confirmation Hearing Notice, substantially in the form attached to the Motion as Exhibit B, is hereby approved.

10. The Voting Procedures are hereby approved.

11. The Voting Record Date shall be **March 19, 2020.** In addition, with respect to any transferred claim in Class 4, the transferee will be entitled to receive a Solicitation Package (to the extent set forth herein) and cast a Ballot on account of the transferred claim only if all actions necessary to effect the transfer of the claim pursuant to Bankruptcy Rule 3001(e) have been completed on or before the Voting Record Date. In the event a claim is transferred after the transferor has completed a Ballot, the transferee of such claim shall be bound by any vote made on the Ballot by the transferor.

12. The deadline for filing and serving any motion seeking to have a claim temporarily allowed for voting purposes shall be **April 16, 2020, at 4:00 p.m. (Pacific Time)**. The deadline for the Debtor or any other parties in interest to object to such a motion shall be **April 30, 2020, at 4:00 p.m. (Pacific Time)**.

13. Except as provided in paragraph 14 below, the Debtor shall mail or cause to be mailed to holders of Debt Claims in Class 4, so that such mailing commences no later than March 30, 2020 (the "Solicitation Mailing Date"), a solicitation package containing: (i) the Confirmation Hearing Notice; (ii) the form of Ballot; (iii) the Fourth Amended Disclosure Statement, the Third Amended Plan, and Disclosure Statement Order, which may (but shall not be required to) be in electronic format (either CD-ROM or flash drive); and (iv) such other information as the Court may direct or approve (collectively, the "Solicitation Package"). The Solicitation Package and the manner of service of the Solicitation Package satisfy the requirements of Bankruptcy Rule 3017(d).

14. The Notice of Non-Voting Status, substantially in the form attached to the Motion as Exhibit C, is hereby approved. Pursuant to Bankruptcy Rule 3017(d), the Debtor is not required to transmit a Solicitation Package to holders of unclassified claims or holders of claims in Class 1 (Priority Non-Tax Claims), Class 2 (U.S. Secured Claims), and Class 3 (China Secured Claims) (collectively, the "Non-Voting Parties"). The Debtor shall mail or cause to be mailed to each Non-Voting Party, so that such mailing commences no later than the Solicitation Mailing Date, the Notice of Non-Voting Status.

15. The Ballot, substantially in the form attached to the Motion as Exhibit D is hereby approved.

16. All Ballots must be properly executed, completed, and delivered to the Voting Agent in accordance with the following instructions on or before **April 30, 2020, at 4:00 p.m. (Beijing time)** (the "Voting Deadline"), unless extended or otherwise agreed by the Debtor. **If submitting your vote through the E-Balloting Portal**, the Voting Agent will accept Ballots if properly completed through the E-Balloting Portal. To submit your Ballot via the E-Balloting Portal, visit https://dm.epiq11.com/YT1, click on the "E-ballot portal" in the Case Action Section of the website, and follow the instructions to submit your Ballot. **If submitting your vote by First Class Mail, Overnight Courier, or Hand Delivery**, please use the following address: YUETING JIA - Ballot Processing, c/o Epiq Corporate Restructuring LLC, 10300 SW Allen Boulevard, Beaverton, OR 97005, United States of America. **If submitting a Ballot with your vote by Email**, please send it to tabultion@epiqglobal.com with a reference to "YT Vote" in the subject line. Ballots cast by fax will not be counted unless approved in advance by the Debtor in writing.

17. The following Tabulation Procedures are hereby approved:

   (a) Unless otherwise provided in these Tabulation Procedures, a claim will be deemed temporarily allowed for voting purposes only in an amount equal to: (i) the liquidated, non-contingent, undisputed amount of such claim as set forth in the Schedules if no proof of claim was filed by the Voting Record Date; (ii) the liquidated, non-contingent, undisputed amount of such claim as set forth on a proof of claim filed by the Voting Record Date; (iii) the amount of such claim as set forth in any stipulation allowing such claim or settlement agreement resolving disputes related to such claim filed with the Court before the Voting Deadline, whether or not the Court has approved the stipulation or agreement as of the Voting Deadline.

(b) If a claim for which no proof of claim has been filed by the Voting Record Date is listed in the Schedules but listed as contingent, unliquidated, or disputed, and the applicable bar date has not occurred, such claim will be entitled to vote only in the amount of $1.00 for voting purposes unless a stipulation allowing such claim or settlement agreement resolving disputes related to such claim has been filed, as set forth above.

(c) If a claim has been estimated or otherwise allowed for voting purposes by order of the Court, such claim will be temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, subject to the other Tabulation Procedures.

(d) If a claim for which a proof of claim has been filed by the Voting Record Date and has not been disallowed and is not subject to a pending objection or adversary proceeding as of the Voting Record Date, and is marked or otherwise referenced on its face as wholly contingent, unliquidated, or disputed, or if no claim amount is specified on such proof of claim, such claim will be temporarily allowed solely for voting purposes in the amount of $1.00, irrespective of how such claim may or may not be set forth in the Schedules; *provided*, *however*, that any undisputed, non-contingent, or liquidated portion of such claim will be deemed temporarily allowed for voting purposes, subject to the other Tabulation Procedures.

(e) If the Debtor has served an objection or request for estimation as to a claim by **April 2, 2020**, such claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the Voting Deadline.

(f) If any creditor seeks to challenge the allowance of its claim for voting purposes in accordance with the above procedures, the Debtor requests the Court direct such claimant to serve on counsel for the Debtor and file with the Court a 3018 Motion temporarily allowing such Claim in a different amount for purposes of voting to accept or reject the Third Amended Plan on or before **April 16, 2020, at 4:00 p.m. (Pacific Time)**.

(g) When serving the Solicitation Packages, the Voting Agent will include individualized Ballots for the holders of Debt Claims in Class 4 and identify the allowed amount of the claim held by such holder for voting purposes only pursuant to subsection (a) above.

(h) If a proof of claim has been amended by a later proof of claim that is filed on or prior to the Voting Record Date, the later filed amending claim shall be entitled to vote in a manner consistent with these Tabulation Procedures, and the earlier filed claim shall be disallowed for voting purposes, regardless of whether the Debtor has objected to such amended claim. Except as otherwise ordered by the Court, any amendments to proofs of claim filed after the Voting Record Date shall not be considered for purposes of these tabulation rules.

(i) Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate claims within Class 4 shall be provided with only one Solicitation Package and one ballot for voting a single claim, regardless of whether the Debtor has objected to such duplicate claims.

(j) The voter must complete each section of the Ballot, including, without limitation, certifying the amount of its claim, voting to accept or reject the Third Amended Plan, completing the requested identification information, and signing and dating the Ballot. If the party executing the Ballot is signing

        as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation, or is acting in a fiduciary or representative capacity, he or she must indicate that capacity when signing and, if required or requested by the Voting Agent, the Debtor, or the Bankruptcy Court, must submit evidence satisfactory to the requesting party to so act on behalf of the holder of the claim.

(k) Ballots received after the Voting Deadline will not be counted (except as permitted by the Debtor in his sole discretion). The voter may choose the method of delivery of its Ballot to the Voting Agent at its own risk. A Ballot will be deemed delivered only when the properly executed Ballot is actually received by the Voting Agent. Ballots delivered by fax will *not* be counted.

(l) The voter must vote all its Debt Claims to either to accept or reject the Third Amended Plan. Accordingly, a Ballot that partially rejects and partially accepts the Third Amended Plan will not be counted.

(m) If a claimant holds more than one Debt Claim in Class 4, that claimant must submit a separate Ballot for each such claim arising under a separate debt instrument and will be entitled to a separate vote for numerosity purposes in respect of each such claim.

(n) If multiple Ballots are received from the same voter with respect to the same claim before the Voting Deadline, the last properly executed Ballot timely received will be deemed to reflect the voter's intent and will supersede and revoke any prior Ballot received.

(o) The Debtor further proposes that, subject to any contrary order of the Court and except as otherwise set forth herein, he may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline, and any such waivers shall be documented in the voting report filed with this Court by the Voting Agent, the deadline for which is no later than seven days before the Confirmation Hearing. A defective or irregular Ballot will not be deemed delivered until such defect or irregularity has been cured or the Debtor has waived it. Neither the Debtor, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

(p) In addition, the following Ballots will not be counted in determining the acceptance or rejection of the Third Amended Plan:

    (i) any Ballot that is illegible or contains insufficient information to permit the identification of the holder;

    (ii) any Ballot that (x) does not indicate an acceptance or rejection of the Third Amended Plan, (y) indicates both an acceptance and rejection of the Third Amended Plan, or (z) partially accepts and partially rejects the Third Amended Plan;

    (iii) any Ballot cast by a person who does not hold, or does not represent a person who holds, a Debt Claim;

    (iv) any Ballot cast on account of a claim that has not been allowed for voting purposes as set forth in subparagraphs (a) through (d) above;

    (v) any Ballot sent to a person other than the Voting Agent; and

    (vi) any Ballot not bearing an original signature; *provided*, *however*, that any Ballot submitted via the Voting Agent's online balloting

        platform (as further described below), or via email, will be deemed to be an original signature.

18.    The Order to Show Cause and hearing thereon, scheduled for April 30, 2020, at 11:00 a.m., issued pursuant to paragraph (4) of the Court's *Order: (1) Denying Motion for Approval of Adequacy of Amended Disclosure Statement and 2nd Amended Disclosure Statement; and (2) to Show Cause Why Chapter 11 Case Should Not Be Dismissed or Converted to a Case Under Chapter 7* [Docket No. 304], entered on February 6, 2020, are hereby vacated because cause has been shown by the approval herein of the Fourth Amended Disclosure Statement.

19.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

20.    The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

21.    The Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

# # #

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled: **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **March 19, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **March 19, 2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 19, 2020 | Mary de Leon | /s/ Mary de Leon |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**SERVICE INFORMATION FOR CASE NO. 2:19-bk-24804-VZ**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

   - Tanya Behnam    tbehnam@polsinelli.com, tanyabehnam@gmail.com
   - Jerrold L Bregman    ecf@bg.law, jbregman@bg.law
   - Jeffrey W Dulberg    jdulberg@pszjlaw.com
   - Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
   - Stephen D Finestone    sfinestone@fhlawllp.com
   - Richard H Golubow    rgolubow@wghlawyers.com, pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
   - Alexandra N Krasovec    krasovec.alexandra@dorsey.com, claridge.vanessa@dorsey.com
   - Ben H Logan    blogan@omm.com
   - Robert S Marticello    Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
   - David W. Meadows    david@davidwmeadowslaw.com
   - John A Moe    john.moe@dentons.com, glenda.spratt@dentons.com
   - Kelly L Morrison    kelly.l.morrison@usdoj.gov
   - Malhar S Pagay    mpagay@pszjlaw.com, bdassa@pszjlaw.com
   - Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com
   - Victor A Sahn    vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com
   - Randye B Soref    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
   - Benjamin Taylor    btaylor@taylorlawfirmpc.com
   - United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
   - Felix T Woo    fwoo@ftwlawgroup.com, admin@ftwlawgroup.com
   - Claire K Wu    ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com
   - Emily Young    pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
   - David B Zolkin    dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

2. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):

Daniel J. Saval
Dong Ni (Donna) Xu
KOBRE & KIM LLP
800 Third Avenue
New York, NY  10022
Email: daniel.saval@kobrekim.com
    donna.xu@kobrekim.com