1  Richard M. Pachulski (CA Bar No. 90073)
   Jeffrey W. Dulberg (CA Bar No. 181200)
2  Malhar S. Pagay (CA Bar No. 189289)
   PACHULSKI STANG ZIEHL & JONES LLP
3  10100 Santa Monica Blvd., 13th Floor
   Los Angeles, CA  90067
4  Telephone: 310/277-6910
   Facsimile: 310/201-0760
5  Email:    rpachulski@pszjlaw.com
             jdulberg@pszjlaw.com
6             mpagay@pszjlaw.com

7  Attorneys for Debtor and Debtor in Possession

8

9              **UNITED STATES BANKRUPTCY COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11             **LOS ANGELES DIVISION**

12 | In re:                          | Case No.: 2:19-bk-24804-VZ |

13 YUETING JIA,[1]                    Chapter 11

14                    Debtor.         **DEBTOR'S NOTICE OF OBJECTION TO
                                      CLAIM 21 FILED BY CHONGQING
15                                    LETV COMMERCIAL FACTORING CO.;
                                      MEMORANDUM OF POINTS AND
16                                    AUTHORITIES AND DECLARATIONS
                                      OF LUETIAN SUN, XIANGXIANG ZUO
17                                    AND SHAN HE IN SUPPORT THEREOF**

18

19                                   Date:     May 7, 2020
                                     Time:     1:30 p.m.
20                                   Place:    Courtroom 1368
                                               Roybal Federal Building
21                                             255 E. Temple Street
                                               Los Angeles, California 90012
22
                                     Judge:    Hon. Vincent P. Zurzolo

23  

        **PLEASE TAKE NOTICE** that, on May 7, 2020, beginning at 1:30 p.m. (Pacific Time), or
24
   as soon thereafter as counsel  may be heard before the Hon. Vincent P. Zurzolo, in Courtroom 1368
25
   of the Edward R. Roybal Federal Building and Courthouse, located at 255 E. Temple Street, Los
26
   Angeles, California 90012, pursuant to the *Order (I) Approving the Fourth Amended Disclosure*
27

28 _____
   [1] The last four digits of the Debtor's federal tax identification number are 8972. The Debtor's mailing address is
   91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

*Statement; (II) Approving the Voting Procedures and Tabulation Procedures; (III) Setting the Date and Time for the Confirmation Hearing and Related Deadlines; (IV) Waiving Certain Local Rules and Procedures Related to the Timing and Approval of the Fourth Amended Disclosure Statement and Confirmation of the Third Amended Plan; and (V) Granting Related Relief* [Docket No. 485] (the "Disclosure Statement Order"), which provides, in pertinent part, that if the Debtor has served an objection or request for estimation as to a claim by April 2, 2020, such claim shall be temporarily disallowed for voting purposes only (and not for purposes of allowance or distribution), except to the extent and in the manner as may be set forth in such objection or request, or as ordered by the Court before the voting deadline, i.e., April 30, 2020 at 4:00 p.m. (Beijing Time),[2] Yueting Jia, the debtor and debtor in possession herein (the "Debtor" or "YT"), will object (the "Objection") to claim number 21, filed by Chongqing LeTV Commercial Factoring Co (the "Claim"), on the grounds that the Claim was transferred to LETV Investment Management (Beijing) Co., Ltd (the "Claim Transferee"), a third party who has not filed a proof of claim in this case, and that, consequently, the Claimant is not a creditor of the Debtor.

A true and correct copy of the Claim is attached to the *Notice of Objection to Claim*, which has been served on Claimant.

**PLEASE TAKE FURTHER NOTICE** that the Objection has been served upon Claimant and all parties entitled thereto and is based upon the supporting Memorandum of Points and Authorities and Declarations of Yueting Jia, Luetian Sun, Xiangxiang Zuo and Shan He, the statements, arguments and representations of counsel who appear at the hearing regarding the Objection, the files and records in the above-captioned case, any evidence properly before the court prior to or at the hearing regarding the Objection and all matters of which the court may properly take judicial notice.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(f), responses to the Objection must be filed with the Court and served upon the Debtor's counsel at the address in the upper left-hand corner of this Objection no later than fourteen (14) days prior to the hearing date.  Responses must contain a written statement of all reasons the Objection is opposed

---

[2] Disclosure Statement Order, 6 at ¶17(e).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    and must include declarations and copies of all documentary evidence on which the responding party

2    intends to rely.  Responses must be filed either electronically or at the following location:

3

4                          United States Bankruptcy Court

5                            Attention:  Clerk's Office
                             255 E. Temple Street
6                            Los Angeles, CA 90012

7          **PLEASE TAKE FURTHER NOTICE** that if a response is not timely filed and served, the

8    Debtor will request that the Court grant the relief requested in the Objection without further notice or

9    hearing.

10         **PLEASE TAKE FURTHER NOTICE** that if a response is timely filed and served upon the

11   Debtor's counsel, the Court, in its discretion, may treat the initial hearing as a status conference if it

12   determines that the Objection involves disputed factual issues or will require presentation of

13   substantial evidence or argument.

14         **WHEREFORE,** the Debtor respectfully requests that the Court enter an order (i)  sustaining

15   the Debtor's objection to the Claim; (ii) disallowing the Claim in its entirety; and (iii) granting the

16   Debtor such other and further relief as may appropriate under the circumstances.

17
     Dated:    April 2, 2020                  PACHULSKI STANG ZIEHL & JONES LLP
18

19                                  By    */s/ Malhar S. Pagay*

20                                         Richard M. Pachulski
                                           Jeffrey W. Dulberg
21                                         Malhar S. Pagay

22                                         Counsel for Debtor and Debtor in
                                           Possession
23

24

25

26

27

28

                                              3

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## JURISDICTION

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 102, 105 and 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), and Rules 3007 and 3018(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## II.

## BACKGROUND

**A.    Commencement of the Chapter 11 Case**

On October 14, 2019 (the "Petition Date"), the Debtor commenced this case (the "Chapter 11 Case") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"). The Debtor continues in possession of his property and manages his affairs as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On October 25, 2019, the U.S. Trustee appointed the Official Committee of Unsecured Creditors  pursuant to section 1102(a)(1) of the Bankruptcy Code (the "Committee") [Docket No. 45]. The Committee consists of the following members: (i) Ping An Bank., Ltd. Beijing Branch; (ii) China Minsheng Trust Co., Ltd; (iii) Shanghai Leyu Chuangye Investment Management Center LP; (iv) Jiangyin Hailan Investment Holding Co., Ltd; and (v) Shanghai Qichengyueming Investment Partnership Enterprise.

On November 13, 2019, the Court entered an order setting January 24, 2020, as the general deadline (the "Bar Date") for the filing of proofs of claim or proofs of interest against the Debtor's estate.  In accordance with the Court's Order establishing the Bar Date, notice of the Bar Date was given by mail to the Debtors' creditors and interest holders.

On December 18, 2019, Judge Karen B. Owens of the Delaware Bankruptcy Court transferred the Chapter 11 Case to this Court.

**B.      Approval of the Debtor's Disclosure Statement**

On March 20, 2020, the Court entered the Disclosure Statement Order, pursuant to which the Court approved the Debtor's *Fourth Amended Disclosure Statement with Respect to Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 465] in respect of the *Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 464] (the "Plan") (the "Plan"), and granted other relief.

The Disclosure Statement Order provides, in pertinent part, that if the Debtor has served an objection or request for estimation as to a claim by April 2, 2020, such claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the voting deadline, i.e., April 30, 2020 at 4:00 p.m. (Beijing Time).  Disclosure Statement Order, 6 at ¶17(e).

**C.      The Claim**

A true and correct copy of the Claim is attached hereto as **Exhibit "A"**.  The Claim was transferred to the Claim Transferee, as stated in the *Agreement on Transfer of Credit and Debt* (the "Deed of Assignment"), attached hereto as **Exhibit "B".**  Attached hereto as **Exhibit "C"** is an English translation of the Deed of Assignment.  The Claim Transferee is a third party who has not filed a proof of claim in this Chapter 11 Case.

**III.**

**ARGUMENT**

**A.      Procedural Requirements for Objections to Claims**

Bankruptcy Rule 3007 governs the procedure for objections to claims.  It provides as follows: "An objection to an allowance of a claim shall be in writing and filed.  A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant . . . at least thirty days prior to the hearing." Fed. R. Bankr. P. 3007.

Pursuant to Bankruptcy Rule 3007, a copy of the Objection will be mailed to Claimants at the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:328741.3 46353/002

addresses provided by Claimants in the Claims, and, where available and if different from the address provided on the proof of claim, on each Claimant's address registered with the National Enterprise Credit Information Publicity System (http://www.gsxt.gov.cn/index.html), a government-run, national, enterprise credit inquiry system in the People's Republic of China, at least thirty days prior to the hearing date for consideration of the Objection. Accordingly, by the time of the hearing hereon, the Trustee will have complied with Bankruptcy Rule 3007.

**B.** **The Court Must Determine the Allowance of a Claim Subject to Objection**

With certain exceptions, section 502(b) of the Bankruptcy Code requires, in relevant part, that if a party in interest objects to a claim, "the Court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that -- (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured …."

**C.** **Burden of Proof**

All allegations set forth in a properly filed proof of claim are taken as true and, if the allegations set forth all facts necessary to establish a claim and are not self-contradictory, the proof of claim constitutes *prima facie* evidence of the validity and amount of the claim. 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f). However, a claimant must attach copies of writings upon which claims are based in order to carry its burden of establishing a *prima facie* case against the debtor. *Hardin v. Gianni (In re King Investments Inc.)*, 219 B.R. 848, 858 (B.A.P. 9th Cir. 1998). Further, a claim should not be allowed if that claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law. 11 U.S.C. § 502(b)(1).

Once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991), then "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate burden of persuasion is always on the claimant." *Holm*, 931 F.2d at 623. In

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    considering an objection to a claim, a bankruptcy court may take judicial notice of the underlying

2    records in a bankruptcy case.  *O'Rourke v. Seaboard Surety Co., (In re ER Fergert, Inc.)*, 887 F.2d

3    955, 957-958 (9th Cir. 1998).

4    **D.**    **The  Claim Should Be Disallowed for Plan Voting Purposes**

5          Courts recognize that Bankruptcy Rule 3018(a) permits a party in interest to seek to disallow

6    a claim for voting purposes. Ultimately, the determination of whether to temporarily allow a claim

7    for voting purposes lies within the discretion of the bankruptcy court.  See *Armstrong v. Rushton (In*

8    *re Armstrong)*, 294 B.R. 344, 354 (B.A.P. 10th Cir. 2003) ("There is no guidance in the Bankruptcy

9    Code to courts as to determine whether to permit the temporary allowance of a claim; it is left to the

10    court's discretion.").  Indeed, courts have broad authority to determine whether to allow or disallow

11    a claim for purposes of voting under Bankruptcy Rule 3018(a). *See, e.g., In re Mangia Pizza Invs.,*

12    *L.P.,* 480 B.R. 669, 679 (Banker. W.D. Tex. 2012); *In re Zolner*, 174 B.R. 629, 633 (Bankr. N.D. Ill.

13    1994) (noting that a court must exercise its discretion to allow or disallow a claim under Bankruptcy

14    Rule 3018(a) based on reasoned analysis); *In re Goldstein,* 114 B.R. 430, 433 (Bankr. E.D. Pa. 1990);

15    Collier on Bankr.  ¶9-3018[5] (16th ed. rev. 2012) ("The court, however, regardless of the

16    circumstances, has the discretion to allow or disallow all or part of the claim for voting purposes.").

17          The Claimant is not the holder of the Claim.  To the best of the Debtor's knowledge, the

18    Claim Transferee has not filed a proof of claim in this Chapter 11 Case.  Accordingly, it should be

19    disallowed in its entirety.

20

21                                        **IV.**

22                        **GENERAL RESERVATION OF RIGHTS**

23          The Debtor expressly reserves the right to amend, modify or supplement this Objection, and

24    to file additional, other, or further objections to any proofs of claim filed in this Chapter 11 Case,

25    including, without limitation, objections as to the amounts asserted therein, or any other claims (filed

26    or not) against the Debtor, regardless of whether such claims are subject to this Objection.  Should

27    one or more of the grounds of objection stated in this Objection be denied, the Debtor reserves his

28    rights to object on other stated grounds or on any other grounds he discovers during the pendency of

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:328741.3 46353/002

this Chapter 11 Case.  In addition, the Debtor reserves the right to file counterclaims against the holders of any such claims.

**V.**

**NOTICE**

The Debtor will serve copies of this Objection on:  (a) the Claimant, (b) the Office of the United States Trustee, (c) counsel to the Committee, and (d) all parties who have requested notices in this Chapter 11 Case pursuant to Bankruptcy Rule 2002

**VI.**

**CONCLUSION**

WHEREFORE, the Debtor respectfully requests that the Court enter an order granting the relief requested herein and granting the Debtor such other and further relief as is just and proper.

Dated:    April __2__, 2020                PACHULSKI STANG ZIEHL & JONES LLP


                                          _/s/ Malhar S. Pagay_
                                          Richard M. Pachulski
                                          Jeffrey W. Dulberg
                                          Malhar S. Pagay

                                          *Attorneys for Debtor and Debtor in Possession*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**DECLARATION OF LUETIAN SUN**

I, Luetian Sun, declare as follows:

1.      I am one of Debtor's advisors who assist the Debtor with various financial and business matters.  I also have served as Faraday & Future, Inc.'s ("FF") Investor Relations Coordinator since January 2019.  Prior to joining FF, I received a bachelor's degree in civil engineering from Beijing University's School of Civil Engineering and Architecture and a Master of Business Administration degree from the University of California at Riverside.

2.      I am in regular communication with the Debtor's professionals, including legal counsel.

3.      I submit this Declaration (the "Declaration") in support of the Debtor's *Objection to Claim 21 Filed by Chongqing LeTV Commercial Factoring Co.* (the "Objection")[3].

4.      If I were called to testify as a witness in this matter, I could and would competently testify to each of the facts set forth herein.

5.      At the direction of the Debtor, I have reviewed and analyzed the Claim that is the subject of the Objection, and have discussed my findings with both the Debtor and his legal counsel. Based on my analysis, I have found that that, in accordance with the *Paper of Civil Mediation of Beijing High People's Court* (the "Deed of Assignment"), the Claim was transferred to LETV Investment Management (Beijing) Co., Ltd, a third party who has not filed a proof of claim in this case. The Claim should therefore be disallowed in its entirety for purposes of voting on the Plan.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this  2nd  day of April, 2020, at  Los Angeles _____, California.

Luetian Sun

Luetian Sun

---

[3] Capitalized terms not defined herein shall have the same meaning ascribed to them in the Objection.

DOCS_LA:328741.3 46353/002

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

### DECLARATION OF XIANGXIANG ZUO

I, Xiangxiang Zuo, declare as follows:

1.    I am an advisor to Yueting Jia (the "<u>Debtor</u>"), the debtor and debtor in possession herein.

2.    Except as otherwise stated, all facts contained within this declaration are based upon personal knowledge, my review of books and records of the Debtor, and the proofs of claim filed in this case in order to assist in the preparation of this declaration.  If called upon to testify, I would testify to the facts set forth in this Declaration. I am authorized to submit this declaration on behalf of the Debtor.

3.    I make this declaration in support of the *Objection to Claim 21 Filed by Chongqing LeTV Commercial Factoring Co.* (the "<u>Objection</u>")[4].  On March 9, 2020, I instructed Yan Cao to locate documents pertinent to the alleged claim of Chongqing LeTV Commercial Factoring Co. (the "<u>Claimant</u>") in the amount of $23,002,452.00 as indicated on Claim #21. On March 9, 2020, Yan Cao provided me with a copy of the deed of assignment (the "<u>Deed of Assignment</u>"), pursuant to which the Claimant transferred its debt to LETV Investment Management (Beijing) Co., Ltd, a third party who has not filed a proof of claim in this case. Cao Yan served as the Records Custodian of the finance department at LESHI Holding (Beijing) Co. Ltd. when the Deed of Assignment was executed.

4.    I have reviewed the Deed of Assignment with Miao Zhang, general legal consultant to the Debtor. Attached hereto as **Exhibit "B"** is a true and correct copy of the Deed of Assignment obtained from Cao Yan. Attached hereto as **Exhibit "C"** is an English translation of the Deed of Assignment.

---

[4] Capitalized terms not defined herein shall have the same meaning ascribed to them in the Objection.

DOCS_LA:328741.3 46353/002

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Execute this 2nd day of April, 2020, at _____Beijing_____, China.

Xiangxiang Zuo

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:328741.3 46353/002

### <u>DECLARATION OF SHAN HE</u>

I, Shan He, declare as follows:

1.      I am a Chinese translator, simultaneous interpreter and localization project manager employed since April 2017 by (a) Yueting Jia, the debtor and debtor in possession (the "<u>Debtor</u>"), that has filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") commencing the above-captioned bankruptcy case (the "<u>Chapter 11 Case</u>"), and (b) Faraday Future ("<u>FF</u>"), an entity in which the Debtor holds an indirect interest.

2.      I am a native speaker of Chinese (Mandarin) and maintain full professional fluency in English.  I hold a Bachelor of Science degree in English from Beijing Language and Culture University and a Master of Arts in Translation and Interpretation (Chinese – English) degree from the Monterey Institute of International Studies ("<u>MIIS</u>").  I am certified in Simultaneous and Consecutive Interpretation between English and Chinese by MIIS.  I currently provide translation services for the Debtor and his General Counsel.  Prior to my work with the Debtor and FF, I have provided interpretation and translation services for a variety of organizations, including the United Nations Institute for Training & Research (UNITAR), Syntes Language Group, and the Austrian Embassy.

3.      The Debtor is not fluent in English.  Accordingly, in the ordinary course of his business and personal affairs that require him to communicate in English either orally or in writing, he employs interpreters/translators like me who are fluent in both English and Chinese.

4.      I am in regular communication with the Debtor's professionals, including legal counsel.

5.      I submit this Declaration (the "<u>Declaration</u>") in support of the Debtor's *Objection to Claim 21 Filed by Chongqing LeTV Commercial Factoring Co.* (the "<u>Objection</u>")[5].

6.      If I were called to testify as a witness in this matter, I could and would competently testify to each of the facts set forth herein.

7.      At the direction of the Debtor, I have reviewed the Deed of Assignment attached hereto as **Exhibit "B"** and  **Exhibit "C,"** an English translation of the Deed of Assignment.

---

[5] Capitalized terms not defined herein shall have the same meaning ascribed to them in the Objection.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

8.      To the best of my knowledge, the English translation accurately reflects the contents and meaning of the original Deed of Assignment.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 2nd day of April, 2020, at ⎽⎽ Long Beach ⎽⎽, California.


⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽
*Shan He*
Shan He

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# EXHIBIT A

RECEIVED

JAN 2 0 2020

LEGAL SERVICES

**Fill in this information to identify the case:**

Debtor 1  YUETING JIA

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:  Central District of California

Case number  2:19-bk-24804-VZ

Filed: USBC - Central District of California
Yueting Jia   (B10)
19-24804 (VPZ)

YT1

0000000021

## Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

**Part 1:    Identify the Claim**

| | |
|---|---|
| 1. Who is the current creditor? | Chongqing LeTV Commercial Factoring Co., Ltd.<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor _____ |
| 2. Has this claim been acquired from someone else? | ☑ No<br>☐ Yes.  From whom? _____ |
| 3. Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Where should notices to the creditor be sent?<br><br>See attached Addendum.<br>Name<br><br>Number      Street<br><br>City                 State            ZIP Code<br><br>Contact phone _____<br><br>Contact email _____<br><br>Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br><br>_ _ _ _ — _ _ _ _ — _ _ _ _ — _ _ _ _ | Where should payments to the creditor be sent? (if different)<br><br>See attached Addendum.<br>Name<br><br>Number      Street<br><br>City                 State            ZIP Code<br><br>Contact phone _____<br><br>Contact email _____ |
| 4. Does this claim amend one already filed? | ☑ No<br>☐ Yes.  Claim number on court claims registry (if known) _____      Filed on ____ / ____ / _____<br>                                                                                                          MM   /  DD   /  YYYY |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No<br>☐ Yes.  Who made the earlier filing? _____ |

Official Form 410                              Proof of Claim                              page 1

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

| 6. | Do you have any number you use to identify the debtor? | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |
|---|---|---|

| 7. | How much is the claim? | $ __ No less than $23,002,452. Does this amount include interest or other charges?<br>See attached Addendum.<br>☐ No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
|---|---|---|

| 8. | What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Money loaned, unlimited several and joint liability guarantee; see also attached Addendum. |
|---|---|---|

| 9. | Is all or part of the claim secured? | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $_____<br>**Amount of the claim that is secured:** $_____<br><br>**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $_____<br><br>**Annual Interest Rate** (when case was filed)_____%<br>☐ Fixed<br>☐ Variable |
|---|---|---|

| 10. | Is this claim based on a lease? | ☑ No<br><br>☐ Yes. Amount necessary to cure any default as of the date of the petition.    $_____ |
|---|---|---|

| 11. | Is this claim subject to a right of setoff? | ☑ No<br><br>☐ Yes. Identify the property: _____ |
|---|---|---|

| | | Amount entitled to priority |
|---|---|---|
| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? <br><br> A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No <br> ☐ Yes. *Check one:* <br><br> ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  01 / 13 / 2020
              MM / DD / YYYY

_Signature_

Print the name of the person who is completing and signing this claim:

| Name | Zhe | | LIU |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Chief Financial Officer | | |
| Company | Chongqing LeTV Commercial Factoring Co., Ltd. | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 8/F, LeRong bldg, No.105, Yaojiayuan Rd. | | |
| | Number       Street | | |
| | Beijing, China | | 100025 |
| | City | State | ZIP Code |
| Contact phone | 0086-18511062786 | Email | liuzhe3@le.com |

## Statement Itemizing Interest

The Borrower (**LeTV Holdings (Beijing) Co., Ltd.**) borrowed one hundred and twenty-three million RMB Yuan (¥123,000,000) ("**Loan**") from the Lender (**Chongqing LeTV Commercial Factoring Co., Ltd.**) on June 26, 2017 and an interest accrued on the Loan, which is calculated from the date when the money is actually received by the Borrower (June 26, 2017) with an interest rate per year (i.e. 360 days) of 14%. YUETING JIA undertook unlimited several and joint liabilities for this Loan in his own name. The Loan period is from June 26, 2017 to September 5, 2017 however the Loan and the interest have not been repaid by the Borrower as of the date this Statement issued. YUETING JIA shall undertake his unlimited several and joint liabilities according to the Loan Agreement he signed and the accrued interest amount of the Loan is ¥39,627,333 calculated as of the date the case was filed.

In conclusion, the claim of the creditor (**Chongqing LeTV Commercial Factoring Co., Ltd.**) against YUETING JIA is ¥162,627,333 (including ¥123,000,000 principal and ¥39,627,333 interest due), which is equal to **$23,002,452** (including **$17,397,454** principal and **$5,604,998** due interest) converted based on the foreign exchange rate effective on October 14, 2019 published by People's Bank of China.

# 借款协议

# Loan Agreement

本《借款协议》（以下简称"本协议"）由以下双方（合称为"双方"）于 2017 年 6 月 25 日在北京签署：

The Loan Agreement (hereinafter referred to as this Agreement) was signed by and between the following two parties (collectively referred to as the Parties) on June 25, 2017 in Beijing:

出借方：重庆乐视商业保理有限公司

地址：

法定代表人：

**Lender: Chongqing LeTV Commercial Factoring Co., Ltd.**

Address:

Legal Representative:

借款方：乐视控股（北京）有限公司

住址：北京市朝阳区姚家园路 105 号 3 号楼 16 层

法定代表人：吴孟

**Borrower: LeTV Holdings (Beijing) Co., Ltd.**

**Address: F16, Building No.3, No.105 Yaojiayuan Road, Chaoyang District, Beijing**

Legal Representative: Wu Meng

担保方：贾跃亭

身份证信息：1426231973121508lX

签字：

**Guarantor: Jia Yueting**

ID Card No.: 1426231973121508lX

Signature:

鉴于:

Whereas,

借款人与出借人基于平等自愿原则，就有关借款事项达成如下协议，以兹信守。

Based on the principle of equality and voluntariness, the Borrower and the Lender have reached and agreed to abide by the following agreement.

## 1. 借款 Loan

1.1 借款方同意按本协议约定的条款及条件向出借方借款，且出借方同意根据本协议约定的条件及条款向借款方提供有偿借款。借款总额为壹亿贰仟叁佰万元（¥ 123,000,000）（"借款"）。

The Borrower agrees to borrow a loan from the Lender according to the terms and conditions stipulated herein, and the Lender agrees to lend a loan at interest to the Borrower according to the terms and conditions stipulated herein. The amount of the loan is one hundred and twenty-three million RMB Yuan (¥ 123,000,000) ("Loan").

## 2.    借款利率及还款期限 Interest Rate and Repayment Period

2.1 双方同意，本借款计收利息，自借款到账之日起按实际到账金额计算利息，借款利率为每年 14%（一年按 360 天计）。

The Parties agree that, an interest will accrue on the loan, which shall be calculated from the date when the money is actually received by the Borrower and on the basis of amount actually received by the Borrower with an interest rate per year (i.e. 360 days) of 14%.

2.2 借款方应按照到期一次性支付本息，出借方需提供借款利息发票或双方认可的有效计息凭证。

The Borrower shall repay the principal and the interest in lump sum upon the expiry of the Loan period. The Lender shall provide invoice or other effective receipt agreed by both Parties for the interest of the Loan.

2.3 借款期限自 2017 年 6 月 26 日起，至 2017 年 9 月 5 日止。

The Loan period shall be from June 26, 2017 to September 5, 2017.

7月 4 日还款叁仟伍佰伍拾万元（¥3550 万元），7 月 13 日还款壹仟柒佰伍拾万元（¥1750 万元），8 月 15 还款肆仟万元（¥4000 万元），9 月 5 日还款叁仟万元（¥3000 万元），利息最后一期同本金合并支付。

Thirty-five million five hundred thousand RMB Yuan (¥35,500,000) shall be repaid on July 4,

seventeen million five hundred thousand RMB Yuan (¥17,500,000) on July 13, forty million RMB Yuan (¥40,000,000) on August 15, and thirty million RMB Yuan (¥30,000,000) on September 5, and the interests shall be paid together with the last installment of principal.

但双方均同意，借款方有权提前偿还借款，出借方根据自己的业务发展，可以在提前通知借款方的情况下要求借款方偿还。

However, the Parties agree that, the Borrower has the right to repay the Loan in advance. The Lender may require the Borrower to repay the Loan by notifying the Borrower in advance according to its own business development.

2.4 双方均同意，借款方在本协议约定的借款期间内，可以主动提前偿还全部或部分借款本金及对应利息，并于借款期限届满之日还清本协议项下全部未偿还本金及对应利息（如有）。出借方指定的还款账户为：

The Parties agree that, within the Loan period stipulated herein, the Borrower may, at its own discretion, repay all or part of the principal and corresponding interest of the Loan in advance, and repay all outstanding principal and corresponding interest (if any) upon the expiry of the Loan period. The repayment account specified by the Lender is as follows:

开户银行：平安银行厦门分行营业部

账户名称：重庆乐视商业保理有限公司

账号：11016619833000



出借方有权在提前 3 个工作日通知乙方的情况下变更还款账户。

The Lender shall have the right to change the repayment account by notifying Party B three (3) working days in advance.

**3    双方陈述及保证 Representations and Warranties of the Parties**

3.1 出借方与借款方均为具有完全的、独立的法律地位的法人主体或其他经济组织，各方均具备签署及履行本协议的民事行为和民事权利能力，并无任何正在发生或预期可能发生的，足以影响本协议履行的任何诉争及其他法律事项；

Both the Lender and the Borrower are legal entities or other economic organizations with complete and independent legal status. The Parties have the capacity for civil conduct and civil rights to sign and perform

the Agreement, and there is no litigation or other legal matters that are occurring or are expected to occur, which may affect the performance of the Agreement.

3.2 双方亦履行了签署本借款协议所需要的公司章程或其他组织性文件所规定的必要批准程序；并进一步承诺签署本协议及履行本协议项下的义务不会违反任何法律、法规，其公司章程或其他组织性文件，亦不违反其签订或对其有约束力的任何合同和协议的规定。

The Parties have performed all necessary approval procedures required for signing the Agreement in accordance with the provisions of their respective Articles of Association or other organizational documents. The Parties further undertake that, the signing of the Agreement and the performance of the obligations hereunder will not violate any laws, regulations, their respective Articles of Association or other organizational documents, nor will it violate provisions of any contracts and agreements signed by or binding upon them.

## 4 保密 Confidentiality

4.1 双方理解并同意，双方就本次交易进行接触、磋商、谈判、合同/协议的起草、修改、签署、执行、任何合同/协议的条款及条件，以及任何一方向对方提供的与本次交易相关的任何信息，若无其他事先同意，任何一方均不得向公众公开或向任何第三方披露。若因法律法规、证券交易所规则规定或政府有权机构强制要求需要进行披露，拟披露方应（在其力所能及且相关法律或要求允许范围内）在做出此种披露之前合理时间内，与他方磋商并尽最大努力（与他方合作）获得对所披露资料进行保密化处理。

The Parties understand and agree that, without the prior written content of the other party, neither party shall make public or disclose to any third party any contact, negotiation or consultation in connection with this Transaction, drafting, modification, signing or execution of the contract/agreement and the terms and conditions therein as well as any information provided by either party to the other party in connection with this Transaction. In the event of disclosure according to laws, regulations, rules of stock exchange, or upon the mandatory request from governmental authorities, the disclosing party shall (to the extent within its capabilities and permitted by relevant laws or requirements), within a reasonable time period prior to such disclosure, negotiate with the other party and make the best efforts (by cooperating with the other party) to maintain confidentiality of the information disclosed.

4.2 本保密责任条款及其项下任何权利、义务、责任、负担、承诺或保证，除双方另有约定外，不因本协议的履行、终止、解除或被判无效或不予执行等任何情形而影响其法律约束力，且永久有效。

Unless otherwise specified by the Parties, the confidentiality clause and any rights, obligations, responsibilities, duties, commitments or guarantees under this clause shall be effective permanently, and its legal binding force shall not be affected by any circumstances, such as the performance, termination, cancellation, invalidation or non-enforcement of the Agreement.

## 5. 担保 Guaranty

担保方愿意以个人名义对该笔借款承担无限连带责任。
The Guarantor is willing to undertake unlimited several and joint liabilities for this Loan in his own name.

## 6. 违约及赔偿 Breach of Contract and Compensation

任一方违反本协议任何约定时，违约方一经守约方要求，应立即停止任何违反协议之行为，并采取一切合理手段消除由此引起的任何不利影响。如任一方违反本协议并给守约方造成任何损害，违约方应向受损方赔偿受损方因此遭受的一切损失。该等损失包括受损方因违约行为而遭致的一切直接经济损失及合理发生的费用（包括但不限于律师费用、诉讼及仲裁费用、申请执行费用及差旅费等）。

Where either party breaches any stipulations hereof, upon the request of the non-breaching party, the breaching party shall stop any behavior violating the Agreement immediately and take all reasonable actions to eliminate any adverse influences caused thereby. Where either party breaches this Agreement and causes any damages to the non-breaching party, the breaching party shall compensate the damaged party for all losses all losses thus suffered. Such losses shall include the damaged party's all direct economic losses and reasonable expenses (including, but not limited to, lawyer's fee, legal costs and arbitration fee, fee of application for enforcement, and travel expenses, etc.) arising from such breaching behaviors.

## 7.争议解决
### Dispute Resolution

有关本协议及其执行过程中所产生的一切争议均应首先努力通过友好协商解决。协商不成，任何一方可依法向出借方所在地人民法院提起诉讼。

All disputes in connection with this Agreement and its performance shall be resolved by the Parties through friendly negotiation first. If the negotiation fails, either party may bring a lawsuit to the People's Court where the Lender is located according to laws.

## 8. 协议的变更与解除 Change and Cancellation of Agreement

8.1  本协议非因不可抗力情况发生，任何一方当事人不得擅自变更或解除协议。一方发生不可抗力，应及时采用书面形式通知他方并提供证明。

Unless any force majeure event occurs, neither party shall change or cancel this Agreement at discretion. If any party encounters a force majeure event, it shall notify the other party in writing and provide relevant proof in time.

8.2  本协议经各方一致同意后方可变更或解除。

The Agreement may be changed or canceled upon agreement of all Parties.

## 9. 文本 Copies

本协议一式三份，双方各持壹份。每份均须经双方授权代表签署及加盖公章后生效，且每份均具有同等法律效力。

This Agreement is made in three (3) copies, with each party holding one (1) copy of them. Each copy shall be signed by an authorized representative and stamped with official seal of each party, and all copies shall have the same legal effect.

出借方：重庆乐视商业保理有限公司            借款方：乐视控股（北京）有限公司
盖章：                                        盖章：
授权代表（签字）：                            授权代表（签字）：
职位：                                        职位：
日期：                                        日期：

# 借款协议

本《借款协议》（以下简称"本协议"）由以下双方（合称为"双方"）于2017年6月25日在北京签署：

出　借　方：重庆乐视商业保理有限公司

地　　　址：

法定代表人：

借　款　方：乐视控股（北京）有限公司

住　　　址：北京市朝阳区姚家园路,105号3号楼16层

法定代表人：吴孟

担保方：贾跃亭

身份证信息：14262319731215081X

签字：

鉴于：

借款人与出借人基本平等自愿原则，就有关借款事项达成如下协议，以兹信守。

1.　　借款

1.1　　借款方同意按本协议约定的条款及条件向出借方借款，且出借方同意根据本协议约定的条件及条款向借款方提供有偿借款。借款总额为壹亿贰仟叁佰万元（￥ 123,000,000　）（"借款"）。

2.　　借款利率及还款期限

2.1　　双方同意，本借款计收利息，自借款到账之日起按实际到账金额计算利息，借款利率为每年 14 %（一年按360天计）。

2.2　　借款方应按照到期一次性支付本息，出借方需提供借款利息发票或双方认可的有效计息凭证。

2.3　　借款期限自 2017 年 6 月 26 日起，至 2017 年 9 月 5 日止。

7月4日还款 叁仟伍佰伍拾 万元（￥3550万元），7月13日还款壹仟柒佰伍拾 万元（￥1750万元），8月15 日还款 肆仟 万元（￥4000万元），9月5 日还款 叁仟 万元（￥3000万元），利息最后一期同本金合并支付。

但双方均同意，借款方有权提前偿还借款，出借方根据自己的业务发展，可以在提前通知借款方的情况下要求借款方偿还。

2.4　双方均同意，借款方在本协议约定的借款期间内，可以主动提前偿还全部或部分借款本金及对应利息，并于借款期限届满之日还清本协议项下全部未偿还本金及对应利息（如有）。出借方指定的还款账户为：

开户银行：平安银行厦门分行营业部

账户名称：重庆乐视商业保理有限公司

账号：11016619833000

出借方有权在提前3个工作日通知乙方的情况下变更还款账户。

**3.　双方陈述及保证**

3.1　出借方与借款方均为具有完全的、独立的法律地位的法人主体或其他经济组织，各方均具备签署及履行本协议的民事行为和民事权利能力，并无任何正在发生或预期可能发生的，足以影响本协议履行的任何诉争及其他法律事项；

3.2　双方亦履行了签署本借款协议所需要的公司章程或其他组织性文件所规定的必要批准程序，并进一步承诺签署本协议及履行本协议项下的义务不会违反任何法律、法规，其公司章程或其他组织性文件，亦不违反其签订或对其有约束力的任何合同和协议的规定。

**4.　保密**

4.1　双方理解并同意，双方就本次交易进行接触、磋商、谈判、合同/协议的起草、修改、签署、执行、任何合同/协议的条款及条件，以及任何一方向对方提供的与本次交易相关的任何信息，若无其他方事先同意，任何一方均不得向公众公开或向任何第三方披露。若因法律法规、证券交易所规则规定或政府有权机构强制要求需要进行披露，拟披露方应（在其力所能及且相关法律或要求允许范围内）在做出此种披露之前合理时间内，与他方磋商并尽最大努力（与他方合作）获得对所披露资料进行保密化处理。

4.2　本保密责任条款及其项下任何权利、义务、责任、负担、承诺或保证，除双方另有约定外，不因本协议的履行、终止、解除或被判无效或不予执行等任何情形而影响其法律约束力，且永久有效。

**5.　担保**

5.1   担保方愿意以个人名义对该笔借款承担无限连带责任。

6.   **违约及赔偿**

任一方违反本协议任何约定时，违约方一经守约方要求，应立即停止任何违反协议之行为，并采取一切合理手段消除由此引起的任何不利影响。如任一方违反本协议并给守约方造成任何损害，违约方应向受损方赔偿受损方因此遭受的一切损失。该等损失包括受损方因违约行为而遭致的一切直接经济损失及合理发生的费用（包括但不限于律师费用、诉讼及仲裁费用、申请执行费用及差旅费等）。

7.   **争议解决**

有关本协议及其执行过程中所产生的一切争议均应首先努力通过友好协商解决。协商不成，任何一方可依法向出借方所在地人民法院提起诉讼。

8.   **协议的变更与解除**

8.1   本协议非因不可抗力情况发生，任何一方当事人不得擅自变更或解除协议。一方发生不可抗力，应及时采用书面形式通知他方并提供证明。

8.2   本协议经各方一致同意后方可变更或解除。

9.   **文本**

本协议一式三份，双方各持壹份。每份均须经双方授权代表签署及加盖公章后生效，且每份均具有同等法律效力。

出借方：重庆乐视商业保理有限公司          借款方：乐视控股（北京）有限公司

盖章：                                  盖章：

授权代表（签字）：                        授权代表（签字）：

职位：                                  职位：

日期：                                  日期：



担保方：贾跃亭

签字：

担保方：贾跃亭
签字：

Lender: Chongqing LeTV Commercial Factoring Co., Ltd.
Seal:
Authorized representative (signature):
Title:
Date:

Borrower: LeTV Holdings (Beijing) Co., Ltd.
Seal:
Authorized representative (signature):
Title:
Date:

Guarantor: Jia Yueting
Signature:

## ADDENDUM TO PROOF OF CLAIM OF CHONGQING LETV COMMERCIAL FACTORING CO., LTD. ("CREDITOR")

### EXHIBIT A

Creditor hereby asserts, reserves, and preserves, any and all claims, causes of action, other rights or remedies or the like under contract, applicable law, and equity that Creditor has against the Debtor, his affiliates, successors, representatives, agents, assigns or any other related individual or entity, including, without limitation, an amount not less than $23,002,452 (¥162,627,333 converted as of October 14, 2019), as detailed on the attached statement itemizing interest which is incorporated herein and made a part hereof. Creditor hereby asserts, reserves, and preserves all rights of setoff and recoupment available to it. Creditor hereby asserts, reserves, and preserves all claims for additional interest, liquidated damages, attorneys' fees, and other amounts.

Creditor's claims are general unsecured claims, except as provided herein or under applicable law or equity, or as determined by a court or another adjudicative body of competent jurisdiction to constitute administrative, secured, trust, or priority claims. To the extent that this proof of claim is or includes secured, administrative, trust, or priority claims, including claims based on Creditor's right to setoff or recoupment, or similar rights, it shall be and is a secured, administrative, trust, or priority claim.

In addition to the statement itemizing interest, the documents upon which these claims are based, include, without limitation, those attached to this addendum to proof of claim (along with English translations which are attached).

This proof of claim is filed with (a) full reservation of rights, remedies, privileges and the like, including, without limitation, (i) the right to amend, modify or supplement the proof of claim, (ii) the right to assert additional, modified, supplementary and/or amended proofs of claim and (iii) the right to make requests for administrative expenses based on, *inter alia*, events, information and/or documents obtained from the Debtor or others through discovery or otherwise and with (b) full reservation of (i) Creditor's rights, remedies, privileges, claims and/or the like against any party other than the Debtor, and (ii) Creditor's interests in any property, including, without limitation, property of the estate. This proof of claim is filed without prejudice to any cause of action against the Debtor not constituting a "claim" under 11 U.S.C. § 101(5) or otherwise applicable law.

This proof of claim is not intended to be, and shall not be construed as: (i) an election of remedies; (ii) a waiver of any past, present or future defaults or events of default; (iii) a waiver, release or limitation of any rights, remedies, privileges, claims, interests or the like of Creditor, including, without limitation, the right to assert any claims against the Debtor or against any other party or property other than the Debtor and his estate, inclusive of the right to recover interest and attorneys' fees and costs; (iv) a waiver of the right to seek to have the reference withdrawn with respect to the subject matter of this claim, any objection or other proceedings commenced with respect thereto, or any other proceedings commenced in this case or involving Creditor; (v) a waiver of the right to mediation or arbitration; (vi) a consent to

jurisdiction in the United States, whether in the bankruptcy court or otherwise; (vii) a consent to the jurisdiction or Constitutional power of the bankruptcy court with respect to the subject matter of this proof of claim, any objection or other proceeding commenced with respect thereto, or any other proceeding commenced in this case against or otherwise involving Creditor; (viii) a waiver of the right to trial by jury in any proceedings so triable in this case, or any controversy or proceedings related to this case; (ix) a waiver or release of any right against any affiliate of the Debtor or other entity or person liable for all or part of any claim described herein; (x) a waiver of any right of subordination of indebtedness or liens held by other creditors of the Debtor; (xi) a waiver of any rights pursuant to section 506(b) of the Bankruptcy Code; or (xii) a waiver or release of any liens or security interests that Creditor may have with respect to the property of the Debtor or any affiliate of the Debtor.

Payments to Creditor should be sent to the following:

CHONGQING LETV COMMERCIAL FACTORING CO., LTD.
Attn: Jing SHAO
8/F, LeRong bldg, No.105, Yaojiayuan Rd.
Beijing 100025
China
Telephone:    0086-18601305861
Email:          675366066@qq.com

All notices concerning this proof of claim should be sent to each of the following:

CHONGQING LETV COMMERCIAL FACTORING CO., LTD.
Attn: Jing SHAO
8/F, LeRong bldg, No.105, Yaojiayuan Rd.
Beijing 100025
China
Telephone:    0086-18601305861
Email:          675366066@qq.com

And

Jincheng Tongda & Neal Law Firm
Attn: Stephan Peng & Yue Wang
10th Floor, China World Tower
No. 1 Jianguo Menwai Avenue
Beijing, 100004, China
Email:          pengjun@jtnfa.com
                  wangyue@jtnfa.com

And

Morris, Nichols, Arsht & Tunnell LLP
Attn: Eric D. Schwartz & Matthew B. Harvey

2

1201 North Market Street, 16th Floor
Wilmington, DE 19801
Telephone:       (302) 658-9200
Email:           eschwartz@mnat.com
                 mharvey@mnat.com

E

M

A

I

L

E

D

_____C Murray_____          _____1/20/2020_____

CASE MANAGER                            DATE

# EXHIBIT B

*20190326送达*

# 北京市高级人民法院
## 民事调解书

（2018）京民初 80 号

原告：乐视影业（北京）有限公司，住所地北京市怀柔区杨宋镇凤翔东大街 9 号 A 座 1002 室。

法定代表人：张昭，董事长。

委托诉讼代理人：李凡，北京初亭律师事务所律师。

委托诉讼代理人：姚杰，北京初亭（天津）律师事务所律师。

被告：贾跃亭，男，1973 年 12 月 15 日出生，汉族，住山西省临汾市尧都区解放西路 31 号。

委托诉讼代理人：邹义，北京中书律师事务所律师。

委托诉讼代理人：付玉琴，北京中书律师事务所律师。

被告：乐视控股（北京）有限公司，住所地北京市朝阳区姚家园路 105 号 3 号楼 10 层 1102。

法定代表人：吴孟，经理。

委托诉讼代理人：孟凡杰，北京中书律师事务所律师。

委托诉讼代理人：王小倩，北京中书律师事务所律师。

原告乐视影业（北京）有限公司（以下简称乐视影业公司）与被告贾跃亭、被告乐视控股公司（北京）有限公司（以下简称

1

乐视控股公司）质押合同纠纷一案，本院于 2018 年 5 月 21 日立案后，依法适用普通程序，公开开庭进行了审理。

原告乐视影业公司起诉称：2017 年 4 月 21 日，乐视影业公司与贾跃亭、乐视控股公司签署《借款协议》，约定乐视影业公司向乐视控股公司提供借款 3 亿元，借款期限自 2017 年 4 月 21 日至 2017 年 4 月 24 日止；贾跃亭承诺以其持有的 2031 万股乐视网信息技术（北京）股份有限公司（以下简称乐视网公司）股票质押给乐视影业公司，对乐视控股公司的还款义务承担担保责任。《借款协议》签署后，乐视影业公司按约定于 2017 年 4 月 21 日向乐视控股公司支付了全部款项。同日，乐视影业公司与贾跃亭签订了《股票质押合同》，约定质押担保的范围为主合同（即《借款协议》）项下的借款金额、违约金及损害赔偿金、债权人实现债权和担保权利的合理且必要的费用。2017 年 5 月 8 日，贾跃亭将其持有的乐视网公司 1631 万股股票及质押期间产生的派生权益出质予乐视影业公司。截至起诉之日，乐视控股公司未按《借款协议》约定归还借款，贾跃亭亦未与乐视影业公司协商对出质股权进行折价或者以拍卖、变卖方式承担担保责任。乐视影业公司认为贾跃亭作为债务担保人，其有义务按照《借款协议》及《股票质押合同》的约定承担担保责任。故乐视影业公司起诉请求：1. 依法判令将贾跃亭出质给乐视影业公司的 1631 万股股票及在质押期间因送股产生的1631 万股股票共计3262 万股（以及质押期间派生的股息、红利等孳息或其他权益等，如有）

2

予以拍卖或变卖；2.依法确认乐视影业公司就前述拍卖或变卖所得价款在贾跃亭的担保范围内优先受偿，贾跃亭的担保范围为乐视影业公司向乐视控股公司提供的借款本金3亿元、损害赔偿金9 787 500元（损害赔偿金为乐视影业公司的资金占用损失，金额以借款本金为基数，按4.35%年利率，从2017年4月25日计算至债务全部清偿之日止，现暂计至2018年1月25日）、违约金、乐视影业公司实现债权和担保权利的合理必要费用；3.依法判令本案诉讼费由贾跃亭承担。

本案审理过程中，各方当事人自行和解达成如下协议，并于2019年3月20日，请求人民法院确认：

第一条【债务确认】

1．乐视影业公司与乐视控股公司、贾跃亭于2017年4月21日签订的《借款协议》，以及贾跃亭与乐视影业公司于同日签订的《股权质押合同》均合法有效，乐视影业公司对贾跃亭的质权经登记已依法设立。

2．截至本协议（即本案和解协议）签署之日，乐视控股公司在上述《借款协议》项下，尚欠乐视影业公司的借款本金数额为人民币3亿元，该借款本金的还款期限已于2017年4月24日届满。

3．乐视影业公司对贾跃亭享有的质权标的为贾跃亭的质押股票，本协议所指质押股票具体为：贾跃亭名下的乐视网公司3262万股股票（股票代码：300104）及质押期间产生的派生权益（包括股息、红利等孳息或派生股票等其他权益，如有）。贾跃

3

亭应以其质押股票就《借款协议》项下3亿元借款本金向乐视影业公司承担质押担保责任。

第二条【债务清偿】

1. 就本协议第一条【债务确认】的借款本金，在本协议签署并经北京市高级人民法院确认且出具的《民事调解书》生效后，乐视控股公司承诺分期向乐视影业公司偿还：第一期于《民事调解书》生效后二日内偿还人民币1亿元；第二期于2019年7月25日前偿还人民币1亿元；第三期于2019年9月25日前偿还人民币1亿元。

2. 除本协议第一条所确认的借款本金外，乐视影业公司不再向乐视控股公司、贾跃亭主张该本金所产生的利息、损害赔偿金、资金占用费、违约金以及实现债权产生的费用等。

3. 乐视影业公司确认并承诺：放弃根据《中华人民共和国民事诉讼法》第二百五十三条规定加倍计算的迟延履行期间的债务利息。

第三条【优先受偿权】

1. 乐视影业公司对贾跃亭质押股票的处置价款享有优先受偿权。

2. 北京市高级人民法院就本案制作的《民事调解书》生效后，乐视影业公司有权立即向人民法院申请强制执行，在借款本金人民币3亿元范围内，立即对本协议第一条第3项项下的质押股

票行使质权，即乐视影业公司可以该股票折价或以拍卖、变卖该股票所得的价款优先受偿。

3．贾跃亭对乐视影业公司行使质权应给予配合及协助。

第四条【诉讼费用】

（2018）京民初80号案件受理费按照法院计算的实际数额减半收取后，由乐视影业公司承担。

第五条【替代】

本协议生效前以书面方式或非书面方式所作说明、承诺、证明、意向或者协议等（包括《借款协议》、《股权质押合同》），均被本协议所取代，相关内容以本协议为准。

第六条【保密】

各方均应对本协议的内容及本协议涉及业务的文件文本、信息资料承担保密责任，未经其他方书面许可，不得向任何第三方披露。但各方基于法律法规规定履行信息披露义务而作出的披露除外。

第七条【生效】

本协议经原告乐视影业公司加盖公章，二被告的委托代理人签署后生效，至本协议约定的义务履行完毕之日终止。

第八条【其他】

本协议一式四份，三方各持有一份，一份提交北京市高级人民法院办理司法确认及出具《民事调解书》等司法文书之用。

上述协议，不违反法律规定，本院予以确认。

　　案件受理费 1 590 738 元，减半收取即 795 369 元，按照上述各方当事人自行和解达成的协议的约定，由原告乐视影业（北京）有限公司负担（已交纳）。

　　本调解书经各方当事人签收后，即具有法律效力。



審　　判　　长　　　容　　红

審　　判　　员　　　夏林林

審　　判　　员　　　魏　　欣

二 ○ 一 九 年 　 三 　 月 　 二 十 二 　 日

书　记　员　　　岳　琳

6

# EXHIBIT C

*20190326 送达*

# 北京市高级人民法院

## 民事调解书

## Paper of Civil Mediation

## of

## Beijing High People's Court

(2018) JMC No. 80

原告：乐视影业（北京）有限公司，住所地北京市怀柔区杨宋镇凤翔东大街 9 号 A 座 1002 室。

Plaintiff: LETV Film (Beijing) Co., Ltd, with the address at Room 1002, Tower A, No.9, Fengxiang East Street, Yangsong Town, Huairou District, Beijing.

法定代表人：张昭，董事长。

Legal representative: ZHANG Zhao, the Chairman.

委托诉讼代理人：李凡，北京初亭律师事务所律师。

Authorized Representative: LI Fan, a lawyer of Beijing Chuting Law Firm.

委托诉讼代理人：姚杰，北京初亭（天津）律师事务所律师。

Authorized Representative: YAO Jie, a lawyer of Beijing Chuting Law Firm(Tianjin).

被告：贾跃亭，男，1973 年 12 月 15 日出生，汉族，住山西省临汾市尧都区解放西路 31 号。

1

Respondent: JIA Yueting, male, born on December 15, 1973, Han Nationality, living at No.31, Jiefang West Road, Yaodu District, Linfen City, Shanxi Province.

委托诉讼代理人：邹义，北京中书律师事务所律师。

Authorized Representative: ZOU Yi, a lawyer of Beijing Zhongshu Law Firm.

委托诉讼代理人：付玉琴，北京中书律师事务所律师。

Authorized Representative: FU Yuqin, a lawyer of Beijing Zhongshu Law Firm.

被告：乐视控股（北京）有限公司，住所地北京市朝阳区姚家园路 105 号 3 号楼 10 层 1102

Respondent: LETV Holdings (Beijing) Co., Ltd, with the address at Room 1102, 10/F, Building 3, No. 105 Yaojiayuan Road, Chaoyang District, Beijing

法定代表人：吴孟，经理。

Legal Representative: WU Meng, Manager

委托诉讼代理人：孟凡杰，北京中书律师事务所律师。Authorized Representative: MENG Fanjie, a lawyer of Beijing Zhongshu Law Firm.

委托诉讼代理人：王小倩，北京中书律师事务所律师。

Authorized Representative: WANG Xiaoqian, a lawyer of Beijing Zhongshu Law Firm.

原告乐视影业（北京）有限公司（以下简称乐视影业公司）与被告贾跃亭、被告乐视控股公司（北京）有限公司（以下简称乐视控股公司）质押合同纠纷一案，本院于 2018 年 5 月 21 日立案后，依法适用普通程序，公开开庭进行了审理。

The court held a public hearing after accepting on May 21, 2018 the case of dispute over pledge contract between the Plaintiff LETV Film

2

(Beijing) Co., Ltd ("LETV Film") and the Respondents JIA Yueting, LETV
Holdings (Beijing) Limited ("LETV Holdings") in accordance with the
general procedures.

原告乐视影业公司起诉称：2017 年 4 月 21 日，乐视影业公司与贾跃亭、乐视控股公司签署《借款协议》，约定乐视影业公司向乐视控股公司提供借款 3 亿元，借款期限自 2017 年 4 月 21 日至 2017 年 4 月 24 日止；贾跃亭承诺以其持有的 2031 万股乐视网信息技术（北京）股份有限公司（以下简称乐视网公司）股票质押给乐视影业公司，对乐视控股公司的还款义务承担担保责任。《借款协议》签署后，乐视影业公司按约定于 2017 年 4 月 21 日向乐视控股公司支付了全部款项。同日，乐视影业公司与贾跃亭签订了《股票质押合同》，约定质押担保的范围为主合同（即《借款协议》）项下的借款金额、违约金及损害赔偿金、债权人实现债权和担保权利的合理且必要的费用。2017 年 5 月 8 日，贾跃亭将其持有的乐视网公司 1631 万股股票及质押期间产生的派生权益出质予乐视影业公司。截至起诉之日，乐视控股公司未按《借款协议》约定归还借款，贾跃亭亦未与乐视影业公司协商对出质股权进行折价或者以拍卖、变卖方式承担担保责任。乐视影业公司认为贾跃亭作为债务担保人，其有义务按照《借款协议》及《股票质押合同》的约定承担担保责任。故乐视影业公司起诉请求：1. 依法判令将贾跃亭出质给乐视影业公司的 1631 万股股票及在质押期间因送股产生的 1631 万股股票共计 3262 万股（以及质押期间派生的股息、红利等孳息或其他权益等，如有）

3

予以拍卖或变卖；2. 依法确认乐视影业公司就前述拍卖或变卖所得价款在贾跃亭的担保范围内优先受偿，贾跃亭的担保范围为乐视影业公司向乐视控股公司提供的借款本金 3 亿元、损害赔偿金 9 787 500 元（损害赔偿金为乐视影业公司的资金占用损失，金额以借款本金为基数，按 4.35%年利率，从 2017 年 4 月 25 日计算至债务全部清偿之日止，现暂计至 2018 年 1 月 25 日）、违约金、乐视影业公司实现债权和担保权利的合理必要费用；3. 依法判令本案诉讼费由贾跃亭承担。

本案审理过程中，各方当事人自行和解达成如下协议，并于 2019 年 3 月 20 日，请求人民法院确认：

During the hearing of this case, the parties reached the following agreement through settlement, and applied to the court on March 20, 2019 for confirmation:

第一条【债务确认】

Article 1 [Debt Confirmation]

1.　　乐视影业公司与乐视控股公司、贾跃亭于 2017 年 4 月 21 日签订的《借款协议》，以及贾跃亭与乐视影业公司于同日签订的《股权质押合同》均合法有效，乐视影业公司对贾跃亭的质权经登记已依法设立。

1.　　The *Loan Agreement* signed by LETV Film, LETV Holdings and JIA Yueting on April 21, 2017, as well as the Equity Pledge Contract signed by JIA Yueting and LETV Film on the same day, are both legal and valid. The pledge right that LETV Film enjoys over JIA Yueting has been registered and established in accordance with law.

4

2.　　截至本协议（即本案和解协议）签署之日，乐视控股公司在上述《借款协议》项下，尚欠乐视影业公司的借款本金数额为人民币3亿元，该借款本金的还款期限已于2017年4月24日届满。

2.　　As of the date of this agreement (this Settlement Agreement), LETV Holdings still owes LETV Film the loan principal of RMB 300 million under the Loan Agreement, and the repayment term of the loan principal expired on April 24, 2017.

3.　　乐视影业公司对贾跃亭享有的质权标的为贾跃亭的质押股票，本协议所指质押股票具体为：贾跃亭名下的乐视网公司3262万股股票（股票代码：300104）及质押期间产生的派生权益（包括股息「红利等孳息或派生股票等其他权益，如有」）。贾跃亭应以其质押股票就《借款协议》项下3亿元借款本金向乐视影业公司承担质押担保责任。

3.　　The pledge right that LETV Film enjoys over JIA Yueting is based on the pledged shares of JIA Yueting, i.e. the 32.62 million shares (stock code: 300104) of LETV under the name of JIA Yueting and the derived rights and interests thereof generated during the pledge (including dividends and other interests such as derived stocks, if any). JIA Yueting shall bear the pledge guarantee liability to LETV Film for the loan principal of RMB 300 million under the Loan Agreement with its pledged shares.

第二条【债务清偿】

Article 2 [Debt Settlement]

1.    就本协议第一条【债务确认】的借款本金，在本协议签署并经北京市高级人民法院确认且出具的《民事调解书》生效后，乐视控股公司承诺分期向乐视影业公司偿还：第一期于《民事调解书》生效后二日内偿还人民币 1 亿元；第二期于 2019 年 7 月 25 日前偿还人民币 1 亿元；第三期于 2019 年 9 月 25 日前偿还人民币 1 亿元。

1.    LETV Holdings promises to repay LETV Film the loan principal under Article 1 [Debt Confirmation] in installments after the Agreement is signed and the *Paper of Civil Mediation* issued by the Beijing High People's Court takes effect. To be specific, the 1st installment of RMB 100 million shall be repaid within 2 days after the *Paper of Civil Mediation* takes effect, the 2nd installment of RMB 100 million shall be repaid before July 25, 2019, and the 3rd installment of RMB 100 million shall be repaid before September 25, 2019.

2.    除本协议第一条所确认的借款本金外，乐视影业公司不再向乐视控股公司、贾跃亭主张该本金所产生的利息、损害赔偿金、资金占用费、违约金以及实现债权产生的费用等。

2.    In addition to the loan principal mentioned in Article 1 hereof, LETV Film will no longer claim from LETV Holdings and JIA Yueting the interests, damages, capital occupation fees, liquidated damages and expenses incurred in realizing the creditor's rights on the principal.

3.    乐视影业公司确认并承诺：放弃根据《中华人民共和国民事诉讼法》第二百五十三条规定加倍计算的迟延履行期间的债务利息。

6

3.      LETV Film acknowledges and undertakes to waive the interests on its debts for the delayed performance period calculated at double rate in accordance with Article 253 of the *Civil Procedure Law of the People's Republic of China*.

第三条【优先受偿权】

Article 3 [Priority in Compensation]

1.      乐视影业公司对贾跃亭质押股票的处置价款享有优先受偿权。

1.      LETV Film has the priority to be compensated from the proceeds from the disposal of the pledged shares of JIA Yueting.

2.      北京市高级人民法院就本案制作的《民事调解书》生效后，乐视影业公司有权立即向人民法院申请强制执行，在借款本金人民币3亿元范围内，立即对本协议第一条第3项项下的质押股票行使质权，即乐视影业公司可以该股票折价或以拍卖、变卖该股票所得的价款优先受偿。

2.      LETV has the right to immediately apply to the People's Court for enforcement of the *Paper of Civil Mediation* issued by the Beijing High People's Court. LETV Film shall have the right to immediately exercise the pledge right over the pledged shares under Article 1.3 hereof within the scope of the loan principal of RMB 300 million. That is, LETV Film may have priority to be compensated with the proceeds from the discount sale, auction or disposal of the shares.

3.　　贾跃亭对乐视影业公司行使质权应给予配合及协助。

3.　　JIA Yueting shall cooperate and assist LETV Film in exercising the pledge right.

第四条【诉讼费用】

Article 4 [Litigation Fee]

(2018)京民初 80 号案件受理费按照法院计算的实际数额减半收取后，由乐视影业公司承担。

LETV Film will bear the fee of accepting the case numbered "(2018) JMC No.80" after the actual amount calculated by the Court is halved.

第五条【替代】

Article 5 Supersedes

本协议生效前以书面方式或非书面方式所作说明、承诺、证明、意向或者协议等(包括《借款协议》、《股权质押合同》)，均被本协议所取代，相关内容以本协议为准。

Any statement, commitment, certificate, intention or agreement (including the *Loan Agreement* and the *Equity Pledge Contract*) made in written or unwritten form before this Agreement takes effect shall be superseded by this Agreement, and the relevant contents shall be subject to this Agreement.

第六条【保密】

Article 6 Confidentiality

各方均应对本协议的内容及本协议涉及业务的文件文本、信息资料承担保密责任，未经其他方书面许可，不得向任何第三方披露。但各方基于法律法规规定履行信息披露义务而作出的披露除外。

Each party shall keep confidential the contents of this Agreement and the documents, texts and information related to the business hereunder, and shall not disclose them to any third party without the written consent of the other party, except for the disclosure made by each party for fulfilling the disclosure obligations under laws and regulations.

第七条【生效】

Article 7 Validity

本协议经原告乐视影业公司加盖公章，二被告的委托代理人签署后生效，至本协议约定的义务履行完毕之日终止。

This Agreement shall come into force upon being sealed by the plaintiff LETV and signed by the authorized representatives of the two defendants, and shall terminate on the date when the obligations hereunder are fulfilled.

第八条【其他】

Article 8 [Miscellaneous]

本协议一式四份，三方各持有一份，一份提交北京市高级人民法院办理司法确认及出具《民事调解书》等司法文书之用。

This Agreement is made in quadruplicate, with each party holding one copy and one copy being submitted to the Beijing High People's Court for judicial confirmation and the issuance of the *Paper of Civil Mediation* and other judicial documents.

上述协议，不违反法律规定，本院予以确认。

The court confirms that the above Agreement does not violate the law.

案件受理费 1590738 元，减半收取即 795369 元，按照上述各方当事人自行和解达成的协议的约定，由原告乐视影业（北京）有限公司负担（已交纳）。

The case acceptance fee of RMB 1,590,738, which is RMB 795,369 by half, shall be borne by the plaintiff LETV (already paid) in accordance with the agreement reached by the parties through their settlement.

本调解书经各方当事人签收后，即具有法律效力。

This Paper of Civil Mediation shall have legal effect after it is signed by the parties.

| | |
|---|---|
| 审判长 | 容红 |
| Chief Judge | RONG Hong |
| 审判员 | 夏林林 |
| Judge | XIA Linlin |
| 审判员 | 魏欣 |
| Judge | WEI Xin |

章：北京市高级人民法院

Seal: Beijing High People's Court

二〇一九年三月二十二日

March 22, 2019



本件与原文核对无异

**This document is identical with the original**

书记员                      岳            琳

Clerk                     Ｙ Ｕ Ｅ  Ｌ ｉ ｎ

11

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13ᵗʰ Floor, Los Angeles, CA  90067**

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S NOTICE OF OBJECTION TO CLAIM 21 FILED BY CHONGQING LETV COMMERCIAL FACTORING CO.; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF LUETIAN SUN, XIANGXIANG ZUO AND SHAN HE IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **April 2, 2020,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **April 2, 2020,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

United States Bankruptcy Court
Central District of California
Attn:  Hon. Vincent Zurzolo
Edward R. Roybal Federal Bldg./Courthouse
255 East Temple Street, Suite 1360
Los Angeles, CA  90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 2, 2020 | Nancy H. Brown | /s/ *Nancy H. Brown* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                 **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:328782.1 46353/002

## SERVICE INFORMATION FOR CASE NO. 2:19-bk-24804-VZ

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

- Tanya Behnam    tbehnam@polsinelli.com, tanyabehnam@gmail.com
- Jerrold L Bregman    ecf@bg.law, jbregman@bg.law
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Stephen D Finestone    sfinestone@fhlawllp.com
- Richard H Golubow    rgolubow@wghlawyers.com, pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
- Alexandra N Krasovec    krasovec.alexandra@dorsey.com, claridge.vanessa@dorsey.com
- Ben H Logan    blogan@omm.com
- Robert S Marticello    Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- David W. Meadows    david@davidwmeadowslaw.com
- John A Moe    john.moe@dentons.com, glenda.spratt@dentons.com
- Kelly L Morrison    kelly.l.morrison@usdoj.gov
- Malhar S Pagay    mpagay@pszjlaw.com, bdassa@pszjlaw.com
- Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- Victor A Sahn    vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com
- Randye B Soref    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- Benjamin Taylor    btaylor@taylorlawfirmpc.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Felix T Woo    fwoo@ftwlawgroup.com, admin@ftwlawgroup.com
- Claire K Wu    ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com
- Emily Young    pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
- David B Zolkin    dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

DOCS_LA:328782.1 46353/002