1  Richard M. Pachulski (CA Bar No. 90073)
   Jeffrey W. Dulberg (CA Bar No. 181200)
2  Malhar S. Pagay (CA Bar No. 189289)
   PACHULSKI STANG ZIEHL & JONES LLP
3  10100 Santa Monica Blvd., 13th Floor
   Los Angeles, CA  90067
4  Telephone: 310/277-6910
   Facsimile: 310/201-0760
5  Email:    rpachulski@pszjlaw.com
             jdulberg@pszjlaw.com
6             mpagay@pszjlaw.com

7
   Attorneys for Debtor and Debtor in Possession
8

9              UNITED STATES BANKRUPTCY COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                   LOS ANGELES DIVISION

12  In re:                              Case No.: 2:19-bk-24804-VZ
                                        Chapter 11
13  YUETING JIA,[1]

14                    Debtor.           **DEBTOR'S NOTICE OF OMNIBUS
                                        OBJECTION AND OMNIBUS
15                                      OBJECTION TO CLAIMS FILED BY
                                        TIANJIN JIARUI HUIXIN CORPORATE
16                                      MANAGEMENT CO., LTD.;
                                        MEMORANDUM OF POINTS AND
17                                      AUTHORITIES AND DECLARATIONS
                                        OF YUETING JIA AND SHAN HE IN
18                                      SUPPORT THEREOF**

19                                      **This Objection Affects The Following
                                        Claims:**
20                                      Tianjin Jiarui Huixin Corporate Management Co.,
                                        Ltd., Claim No. 43
21                                      Tianjin Jiarui Huixin Corporate Management Co.,
                                        Ltd., Claim No. 44
22                                      Tianjin Jiarui Huixin Corporate Management Co.,
                                        Ltd., Claim No. 45

23                                      Date:      May 7, 2020
                                        Time:      1:30 p.m.
24                                      Place:     Courtroom 1368
                                                   Roybal Federal Building
25                                                 255 E. Temple Street
                                                   Los Angeles, California 90012
26                                      Judge:     Hon. Vincent P. Zurzolo

27
   _____
28  [1] The last four digits of the Debtor's federal tax identification number are 8972. The Debtor's mailing address is
   91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**PLEASE TAKE NOTICE** that, on May 7, 2020, beginning at 1:30 p.m. (Pacific Time), or as soon thereafter as counsel may be heard before the Hon. Vincent P. Zurzolo, in Courtroom 1368 of the Edward R. Roybal Federal Building and Courthouse, located at 255 E. Temple Street, Los Angeles, California 90012, pursuant to the *Order (I) Approving the Fourth Amended Disclosure Statement; (II) Approving the Voting Procedures and Tabulation Procedures; (III) Setting the Date and Time for the Confirmation Hearing and Related Deadlines; (IV) Waiving Certain Local Rules and Procedures Related to the Timing and Approval of the Fourth Amended Disclosure Statement and Confirmation of the Third Amended Plan; and (V) Granting Related Relief* [Docket No. 485] (the "Disclosure Statement Order"), which provides, in pertinent part, that if the Debtor has served an objection or request for estimation as to a claim by April 2, 2020, such claim shall be temporarily disallowed for voting purposes only (and not for purposes of allowance or distribution), except to the extent and in the manner as may be set forth in such objection or request, or as ordered by the Court before the voting deadline, i.e., April 30, 2020 at 4:00 p.m. (Beijing Time),[2] Yueting Jia, the debtor and debtor in possession herein (the "Debtor" or "YT"), will object (the "Objection") to claim numbers 43, 44, and 45, filed by Tianjin Jiarui Huixin Corporate Management Co., Ltd. (the "Claims"), on the grounds that the Debtor is not liable for these debts.

True and correct copies of the Claims are attached to the Notices of Objection to Claims, which have been served on Claimant. The Objection seeks to disallow the Claims only in connection with voting on the *Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 464] (the "Plan") and does not impact the ultimate allowance of the Claims or distributions the Claimant may be entitled to receive on account of the Claims.

**PLEASE TAKE FURTHER NOTICE** that the Objection has been served upon Claimant and all parties entitled thereto and is based upon the supporting Memorandum of Points and Authorities and Declarations of Yueting Jia and Shan He, the statements, arguments and representations of counsel who appear at the hearing regarding the Objection, the files and records in the above-captioned case, any evidence properly before the court prior to or at the hearing regarding the Objection and all matters of which the court may properly take judicial notice.

---

[2] Disclosure Statement Order, 6 at ¶ 17(e).

DOCS_LA:328769.2 46353/002

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(f), responses to the Objection must be filed with the Court and served upon the Debtor's counsel at the address in the upper left-hand corner of this Objection no later than fourteen (14) days prior to the hearing date.  Responses must contain a written statement of all reasons the Objection is opposed and must include declarations and copies of all documentary evidence on which the responding party intends to rely.  Responses must be filed either electronically or at the following location:

United States Bankruptcy Court
Attention:  Clerk's Office
255 E. Temple Street
Los Angeles, CA 90012

**IF YOU DO NOT OPPOSE THE OBJECTION YOU DO NOT NEED TO FILE ANY PAPERS, SIGN ANY FURTHER AGREEMENTS OR TAKE ANY FURTHER ACTION.**

**PLEASE TAKE FURTHER NOTICE** that if a response is not timely filed and served, the Debtor will request that the court grant the relief requested in the Objection without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE** that if a response is timely filed and served upon the Debtor's counsel, the Court, in its discretion, may treat the initial hearing as a status conference if it determines that the Objection involves disputed factual issues or will require presentation of substantial evidence or argument.

**WHEREFORE,** the Debtor respectfully requests that the Court enter an order (i) sustaining the Objection; (ii) disallowing the Claims for voting purposes; and (iii) granting such other and further relief as may appropriate under the circumstances.

Dated:    April 2, 2020

PACHULSKI STANG ZIEHL & JONES LLP

By    */s/ Malhar S. Pagay*
Richard M. Pachulski
Jeffrey W. Dulberg
Malhar S. Pagay

Counsel for Debtor and Debtor in Possession

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## JURISDICTION

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 102, 105 and 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), and Rules 3007 and 3018(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## II.

## BACKGROUND

### A.   Commencement of the Chapter 11 Case

On October 14, 2019 (the "Petition Date"), the Debtor commenced this case (the "Chapter 11 Case") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"). The Debtor continues in possession of his property and manages his affairs as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On October 25, 2019, the U.S. Trustee appointed the Official Committee of Unsecured Creditors  pursuant to section 1102(a)(1) of the Bankruptcy Code (the "Committee") [Docket No. 45]. The Committee consists of the following members: (i) Ping An Bank., Ltd. Beijing Branch; (ii) China Minsheng Trust Co., Ltd; (iii) Shanghai Leyu Chuangye Investment Management Center LP; (iv) Jiangyin Hailan Investment Holding Co., Ltd; and (v) Shanghai Qichengyueming Investment Partnership Enterprise.

On November 13, 2019, the Court entered an order setting January 24, 2020, as the general deadline (the "Bar Date") for the filing of proofs of claim or proofs of interest against the Debtor's estate.  In accordance with the Court's Order establishing the Bar Date, notice of the Bar Date was given by mail to the Debtors' creditors and interest holders.

On December 18, 2019, Judge Karen B. Owens of the Delaware Bankruptcy Court transferred the Chapter 11 Case to this Court.

DOCS_LA:328769.2 46353/002

**B.    Approval of the Debtor's Disclosure Statement**

On March 20, 2020, the Court entered the Disclosure Statement Order, pursuant to which the Court approved the Debtor's *Fourth Amended Disclosure Statement with Respect to Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 465] in respect of the *Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 464] (the "Plan"), and granted other relief.

The Disclosure Statement Order provides, in pertinent part, that if the Debtor has served an objection or request for estimation as to a claim by April 2, 2020, such claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the voting deadline, i.e., April 30, 2020 at 4:00 p.m. (Beijing Time).  Disclosure Statement Order, 6 at ¶ 17(e).

**C.    The Claims**

The Claimant asserts approximately $224,808,065 in Claims, based on the Debtor's alleged breach of (i) that certain equity transfer agreement on 15.7102% equity of Lerong Zhixin Electronic Technology (Tianjin) Co., Ltd. dated January 13, 2017; (ii) that certain equity transfer agreement on 10.3964% equity of Lerong Zhixin Electronic Technology (Tianjin) Co., Ltd. dated January 13, 2017; and (iii) that certain capital increase agreement of Lerong Zhixin Electronic Technology (Tianjin) Co., Ltd. dated January 13, 2017 (the "Agreements") attached to proofs of claim numbered 43, 44, and 45, respectively.

The Agreements provided for the transfer of equity in Lerong Zhixin Electronic Technology (Tianjin) Co., Ltd. ("Target Company").  Under the provisions giving rise to the Debtor's alleged liability in the Agreements, the Debtor was to undertake to complete a declaration to the China Securities Regulatory Commission for incorporating the equity not held by a listed company in the Target Company into the listed company before December 31, 2019, and complete the incorporation of the equity not held by the listed company in the Target Company into the listed company before September 30, 2020.  As a result of the share transfers, the Claimant became the controlling shareholder of the Target Company.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:328769.2 46353/002

As evidenced by that certain announcement on the change of the scope of the consolidated Statements of LETV Information Technology (Beijing) Co., Ltd (the "<u>Announcement</u>"), dated December 19, 2018, which is available publicly at: http://www.szse.cn/disclosure/listed/bulletinDetail/index.html?dd38eb0a-0570-4f77-a7ff-5f4782f1a91a, the Debtor no longer had control over the Target Company after the shares of the Target Company were transferred pursuant to the Agreements. Attached hereto as **Exhibit "A"** is a true and correct copy of the Announcement. Attached hereto as **Exhibit "B"** is an English translation of the Announcement.

### III.

### <u>ARGUMENT</u>

**A.    <u>Procedural Requirements for Objections to Claims</u>**

Bankruptcy Rule 3007 governs the procedure for objections to claims. It provides as follows: "An objection to an allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant . . . at least thirty days prior to the hearing." Fed. R. Bankr. P. 3007.

Pursuant to Bankruptcy Rule 3007, a copy of the Objection will be mailed to Claimants at the addresses provided by Claimants in the Claims, and, where available and if different from the address provided on the proof of claim, on each Claimant's address registered with the National Enterprise Credit Information Publicity System (http://www.gsxt.gov.cn/index.html), a government-run, national, enterprise credit inquiry system in the People's Republic of China, at least thirty days prior to the hearing date for consideration of the Objection. Accordingly, by the time of the hearing hereon, the Trustee will have complied with Bankruptcy Rule 3007.

**B.    <u>The Court Must Determine the Allowance of a Claim Subject to Objection</u>**

With certain exceptions, section 502(b) of the Bankruptcy Code requires, in relevant part, that if a party in interest objects to a claim, "the Court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that -- (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

6

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  for a reason other than because such claim is contingent or unmatured ….”

2  **C.**     **Burden of Proof**

3         All allegations set forth in a properly filed proof of claim are taken as true and, if the

4  allegations set forth all facts necessary to establish a claim and are not self-contradictory, the proof

5  of claim constitutes *prima facie* evidence of the validity and amount of the claim.  11 U.S.C.

6  § 502(a); Fed. R. Bankr. P. 3001(f).  However, a claimant must attach copies of writings upon which

7  claims are based in order to carry its burden of establishing a *prima facie* case against the debtor.

8  *Hardin v. Gianni (In re King Investments Inc.)*, 219 B.R. 848, 858 (B.A.P. 9th Cir. 1998).  Further, a

9  claim should not be allowed if that claim is unenforceable against the debtor and property of the

10  debtor, under any agreement or applicable law.  11 U.S.C. § 502(b)(1).

11         Once the objector raises “facts tending to defeat the claim by probative force equal to that of

12  the allegations of the proofs of claim themselves,” *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623

13  (9th Cir. 1991), then “the burden reverts to the claimant to prove the validity of the claim by a

14  preponderance of the evidence.” *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated*

15  *Pioneer Mortgage)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), aff’d, 91 F.3d 151 (9th Cir. 1996).

16  “[T]he ultimate burden of persuasion is always on the claimant.” *Holm*, 931 F.2d at 623.  In

17  considering an objection to a claim, a bankruptcy court may take judicial notice of the underlying

18  records in a bankruptcy case.  *O’Rourke v. Seaboard Surety Co., (In re ER Fergert, Inc.)*, 887 F.2d

19  955, 957-958 (9th Cir. 1998).

20  **D.**     **The Claim Should Be Disallowed for Plan Voting Purposes**

21         Courts recognize that Bankruptcy Rule 3018(a) permits a party in interest to seek to disallow

22  a claim for voting purposes. Ultimately, the determination of whether to temporarily allow a claim

23  for voting purposes lies within the discretion of the bankruptcy court.  See *Armstrong v. Rushton (In*

24  *re Armstrong)*, 294 B.R. 344, 354 (B.A.P. 10th Cir. 2003) (“There is no guidance in the Bankruptcy

25  Code to courts as to determine whether to permit the temporary allowance of a claim; it is left to the

26  court’s discretion.”).  Indeed, courts have broad authority to determine whether to allow or disallow

27  a claim for purposes of voting under Bankruptcy Rule 3018(a). *See, e.g., In re Mangia Pizza Invs.,*

28  *L.P.,* 480 B.R. 669, 679 (Banker. W.D. Tex. 2012); *In re Zolner*, 174 B.R. 629, 633 (Bankr. N.D. Ill.

DOCS_LA:328769.2 46353/002

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   1994) (noting that a court must exercise its discretion to allow or disallow a claim under Bankruptcy

2   Rule 3018(a) based on reasoned analysis); *In re Goldstein,* 114 B.R. 430, 433 (Bankr. E.D. Pa.

3   1990); Collier on Bankr. ¶ 9-3018[5] (16th ed. rev. 2012) ("The court, however, regardless of the

4   circumstances, has the discretion to allow or disallow all or part of the claim for voting purposes.").

5       With respect to the Claims, the Debtor's loss of control over the Target Company made it

6   impossible for the Debtor to complete the declaration or procure the incorporation of the equity of

7   the Target Company into the listed company, as contemplated under the Agreements.  As such, the

8   Debtor does not have liability for the Claims. Therefore, the Claims should be disallowed for

9   purposes of voting on the Debtor's Plan.

10                              **IV.**

11                  **GENERAL RESERVATION OF RIGHTS**

12      The Debtor expressly reserves the right to amend, modify or supplement this Objection, and

13  to file additional, other, or further objections to any proofs of claim filed in this Chapter 11 Case,

14  including, without limitation, objections as to the amounts asserted therein, or any other claims (filed

15  or not) against the Debtor, regardless of whether such claims are subject to this Objection.  Should

16  one or more of the grounds of objection stated in this Objection be denied, the Debtor reserves his

17  rights to object on other stated grounds or on any other grounds he discovers during the pendency of

18  this Chapter 11 Case.  In addition, the Debtor reserves the right to file counterclaims against the

19  holders of any such claims.

20                              **V.**

21                          **NOTICE**

22      The Debtor will serve copies of this Objection on:  (a) the Claimant, (b) the Office of the

23  United States Trustee, (c) counsel to the Committee, and (d) all parties who have requested notices

24  in this Chapter 11 Case pursuant to Bankruptcy Rule 2002.

25

26

27

28

DOCS_LA:328769.2 46353/002

1

# VI.

2

## CONCLUSION

3    WHEREFORE, the Debtor respectfully requests that the Court enter an order granting the

4    relief requested herein and granting the Debtor such other and further relief as is just and proper.

5

6    Dated:      April 2, 2020                    PACHULSKI STANG ZIEHL & JONES LLP

7

8                                                */s/ Malhar S. Pagay*
                                                 Richard M. Pachulski
                                                 Jeffrey W. Dulberg
9                                                Malhar S. Pagay
                                                 Attorneys for Debtor and Debtor in Possession
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:328769.2 46353/002

## DECLARATION OF YUETING JIA

I, Yueting Jia, debtor herein, hereby declare that the following is true to the best of my knowledge, information and belief:

1.      I submit this declaration (the "Declaration") in support of the *Objection to Claims Filed by Tianjin Jiarui Huixin Corporate Management Co., Ltd.* (the "Objection")[3].  If I were called to testify as a witness in this matter, I could and would competently testify to each of the facts set forth herein.

2.      Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge, my review of books and records, relevant documents and other information prepared or collected by my employees, advisors and representatives, or my opinion based on my experience. In making my statements based on my review of books and records, relevant documents and other information prepared or collected by my professionals, advisors and employees, I have relied upon these professionals, advisors and employees accurately recoding, preparing or collecting such documentation and other information.

3.      I am not fluent in English. Accordingly, in the ordinary course of my business and personal affairs that require me to communicate in English either orally or in writing, I employ interpreters/translators who are fluent in both English and Chinese. I am utilizing such interpreters/translators in connection with matters that arise in connection with my Chapter 11 Case and intend to continue to do so. I have reviewed the Objection and Declaration, as necessary, with the assistance of such interpreters/translators.

4.      Tianjin Jiarui Huixin Corp Mgt Co Ltd. (the "Claimant") asserts approximately $224,808,065 in claims based on liquidated damages (Claim numbers 43, 44, and 45, collectively the "Claims") arising from my alleged breach of (a) that certain equity transfer agreement on 15.7102%

---

[3] Capitalized terms not defined in this declaration shall have the same meaning ascribed to them as set forth in the Objection.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

equity of Lerong Zhixin Electronic Technology (Tianjin) Co., Ltd. dated January 13, 2017; (b) that certain equity transfer agreement on 10.3964% equity of Lerong Zhixin Electronic Technology (Tianjin) Co., Ltd. dated January 13, 2017; and (c) that certain capital increase agreement of Lerong Zhixin Electronic Technology (Tianjin) Co., Ltd. dated January 13, 2017 (the "Agreements") attached to proofs of claim numbered 43, 44, and 45, respectively.

5.    The Agreements provided for the transfer of equity in Lerong Zhixin Electronic Technology (Tianjin) Co., Ltd. (the "Target Company"). Under the provisions giving rise to my alleged liability in those Agreements, I was to undertake to complete a declaration to the China Securities Regulatory Commission for incorporating the equity not held by a listed company in the Target Company into the listed company before December 31, 2019, and complete the incorporation of the equity not held by the listed company in the Target Company into the listed company before September 30, 2020.

6.    As a result of the share transfers, the Claimant became the controlling shareholder of the Target Company. Thus, the loss of control over the Target Company made it impossible for me to complete the declaration or procure the incorporation of the equity of the Target Company into the listed company. I believe that the impossibility of performance excuses my breach, if any, of the Agreements. As evidenced by that certain announcement on the change of the scope of the consolidated Statements of LETV Information Technology (Beijing) Co., Ltd (the "Announcement"), I no longer had control over the Target Company after the shares of the Target Company were transferred pursuant to the Agreements.

7.    Attached hereto as **Exhibit "A"** is a true and correct copy of the Announcement, , dated December 19, 2018, which is available publicly at:

http://www.szse.cn/disclosure/listed/bulletinDetail/index.html?dd38eb0a-0570-4f77-a7ff-5f4782f1a91a.  Attached hereto as **Exhibit "B"** is an English translation of the Announcement.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

2

3

4     I declare under penalty of perjury under the laws of the United States of America that the

5   foregoing is true and correct.

6     Executed this  2nd day of April, 2020, at  Los Angeles, California.

7

8                                                        _____
                                                        Yueting Jia

9

10

11

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOCS_LA:328769.2 46353/002

**DECLARATION OF SHAN HE**

I, Shan He, declare as follows:

1.      I am a Chinese translator, simultaneous interpreter and localization project manager employed since April 2017 by (a) Yueting Jia, the debtor and debtor in possession (the "Debtor"), that has filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing the above-captioned bankruptcy case (the "Chapter 11 Case"), and (b) Faraday Future ("FF"), an entity in which the Debtor holds an indirect interest.

2.      I am a native speaker of Chinese (Mandarin) and maintain full professional fluency in English.  I hold a Bachelor of Science degree in English from Beijing Language and Culture University and a Master of Arts in Translation and Interpretation (Chinese – English) degree from the Monterey Institute of International Studies ("MIIS").  I am certified in Simultaneous and Consecutive Interpretation between English and Chinese by MIIS.  I currently provide translation services for the Debtor and his General Counsel.  Prior to my work with the Debtor and FF, I have provided interpretation and translation services for a variety of organizations, including the United Nations Institute for Training & Research (UNITAR), Syntes Language Group, and the Austrian Embassy.

3.      The Debtor is not fluent in English.  Accordingly, in the ordinary course of his business and personal affairs that require him to communicate in English either orally or in writing, he employs interpreters/translators like me who are fluent in both English and Chinese.

4.      I am in regular communication with the Debtor's professionals, including legal counsel.

5.      At the direction of the Debtor, I have reviewed that certain announcement on the change of the scope of the consolidated Statements of LETV Information Technology (Beijing) Co., Ltd (the "Announcement"), attached hereto as **Exhibit "A"** and **Exhibit "B,"** an English translation of the Announcement.

6.      To the best of my knowledge, the English translation accurately reflects the contents and meaning of the original Announcement.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1       I declare under penalty of perjury under the laws of the United States of America that the

2 foregoing is true and correct.

3       Executed on this _2nd_ day of April, 2020, at _Long Beach_, California.

4

5

6                 *Shan He*

                Shan He

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# **EXHIBIT A**



| 证券代码：300104 | 证券简称：乐视网 | 公告编号：2018-204 |

## 乐视网信息技术（北京）股份有限公司

## 关于公司合并报表范围变更的公告

> **本公司及其董事会全体成员保证信息披露内容真实、准确和完整，没有虚假记载、误导性陈述或重大遗漏。**

乐视网信息技术（北京）股份有限公司（以下简称"乐视网"、"公司"）于公告披露日，不再将原控股子公司乐融致新电子科技（天津）有限公司（"乐融致新"）纳入公司财务报表合并范围。现将相关事项公告如下：

### 一、乐融致新不再纳入合并范围的原因

2018 年 12 月 6 日，公司公告了《关于控股子公司司法拍卖成交进展暨工商变更完成的公告》（公告编号：2018-197），天津嘉睿汇鑫企业管理有限公司（以下简称"天津嘉睿"）就其拍卖所得乐融致新的股权工商变更，持有乐融致新注册资本比例提升为 46.0504%，乐融致新第一大股东为天津嘉睿。

2018 年 12 月 19 日，乐融致新召开临时股东会，此次股东会由天津嘉睿提议召开并提交议案，议案主要内容为修改公司章程及董事会改组。根据乐融致新股东会决议，乐融致新选举产生了 4 名董事，其中天津嘉睿提名 2 名，乐视网提名 2 名。

截止公告披露日，公司持有乐融致新股权比例为 36.4046%，乐视网提名当选乐融致新董事会成员总数的二分之一，故乐视网对乐融致新的经营方针和决策、投资计划、公司内部管理和规章建立不再具有主导作用，不再构成对乐融致新的实际控制。

### 二、对上市公司的影响

公司存在无法偿还天津嘉睿 2017 年 11 月借款乐视网本金 12.9 亿元及剩余利息 0.55 亿元、融创房地产代乐视网垫付的中泰创盈贷款本金及利息共191,432.5 万元的风险。目前乐视网持有乐融致新注册资本中 80.05% 已质押给天津嘉睿和融创房地产，如若公司因无法按时偿还债务导致质押股权被质权人依法处置，公司持有乐融致新股权比例存在下降的风险。



　　根据公司披露的《2017 年年度报告》、《2018 年半年度报告》,公司营业收入、营业成本构成情况如下:

| 营业收入(单位:元) | 2017 年度 | | 2018 年 1-6 月 | |
|---|---|---|---|---|
| | 金额 | 占营业收入比重 | 金额 | 占营业收入比重 |
| 广告业务收入 | 501,737,415.90 | 7.14% | 108,335,937.12 | 11.01% |
| 终端业务收入 | 2,520,405,892.37 | 35.88% | 245,087,870.95 | 24.91% |
| **会员及发行业务收入** | 3,346,520,830.95 | 47.64% | 619,074,441.07 | 62.93% |
| 付费业务收入 | 2,128,348,491.41 | 30.30% | 382,859,951.46 | 38.92% |
| 版权业务收入 | 912,045,209.67 | 12.98% | 122,455,527.35 | 12.45% |
| 电视剧发行收入 | 306,127,129.87 | 4.36% | 113,758,962.26 | 11.56% |
| 技术服务收入 | 641,484,684.43 | 9.13% | 1,486,501.73 | 0.15% |
| 其他业务收入 | 15,066,978.57 | 0.21% | 9,790,262.79 | 1.00% |
| **合计** | **7,025,215,802.22** | **100.00%** | **983,775,013.66** | **100.00%** |

| 营业成本(单位:元) | 2017 年度 | | 2018 年 1-6 月 | |
|---|---|---|---|---|
| | 金额 | 占营业成本比重 | 金额 | 占营业成本比重 |
| cdn 及带宽费 | 1,473,594,971.49 | 15.18% | 122,472,196.61 | 8.32% |
| 工资及福利 | 524,286,306.22 | 5.40% | 116,426,809.35 | 7.91% |
| 交通及通讯费 | 7,846,239.17 | 0.08% | 2,542,015.77 | 0.17% |
| 摊提费用 | 3,100,237,387.97 | 31.94% | 859,254,276.57 | 58.35% |
| 业务招待费 | 5,658,026.47 | 0.06% | 1,789,376.39 | 0.12% |
| 办公费 | 9,697,689.42 | 0.10% | 229,854.58 | 0.02% |
| 其他 | 41,071,080.82 | 0.42% | 29,794,326.27 | 2.02% |
| 广告费用 | 424,307,302.72 | 4.37% | 9,416,571.65 | 0.64% |
| 终端成本 | 4,016,250,371.80 | 41.38% | 330,535,761.41 | 22.45% |
| 电视剧及衍生 | 103,760,649.53 | 1.07% | - | - |
| **合计** | **9,706,710,025.61** | **100.00%** | **1,472,461,188.60** | **100.00%** |

　　乐融致新出表后,上市公司原硬件相关业务收入将不再纳入合并报表范围。对于业务方面,结合目前双方经营状况及发展计划,不存在因出表而直接导致公司业务经营及公司与乐融致新的合作模式发生根本变化,但存在因乐视网持有乐融致新股权比例变更后,双方合作模式进一步调整的可能。丧失控制权日之后乐融致新产生的净利润及现金流量将不再纳入合并范围,上市公司仍存在经审计后 2018 年全年净资产为负的风险。

　　根据 2018 年前三季度上市公司合并范围与乐融致新各项财务数据指标显示:

| 项目 | 2018 年前三季度 | 2018 年前三季度 |
|---|---|---|
| | 上市公司合并报表范围 | 乐融致新 |
| 总资产(万元) | 1,637,194.72 | 686,037.73 |



| 总负债（万元） | 1,730,792.82 | 737,467.51 |
|---|---|---|
| 归属于母公司所有者权益（万元） | -36,479.10 | -51,349.00 |
| 营业总收入（万元） | 137,068.20 | 55,504.35 |
| 归属于母公司股东的净利润（万元） | -148,948.37 | -59,078.53 |

三、备案文件

《乐融致新股东会决议》


特此公告


乐视网信息技术（北京）股份有限公司

董事会

二〇一八年十二月十九日

3



# EXHIBIT B

证券代码：300104        证券简称：乐视网        公告编号：2018-204

Security Code: 300104        Security Name: Le Shi Wang        Announcement No. 2018-204

乐视网信息技术（北京）股份有限公司

关于公司合并报表范围变更的公告

**Announcement on the Change of the Scope of the Consolidated Statements of**

**LETV Information Technology (Beijing) Co., Ltd**

---

本公司及其董事会全体成员保证信息披露内容真实、准确和完整，没有虚假记载、误导性陈述或重大遗漏。

The Company and all members of the Board of Directors guarantee that the information disclosed is true, accurate, complete and free from false records, misleading statements or major omissions.

---

乐视网信息技术（北京）股份有限公司（以下简称"乐视网"、"公司"）于公告披露日，不再将原控股子公司乐融致新电子科技（天津）有限公司（"乐融致新"）纳入公司财务报表合并范围。现将相关事项公告如下：

LETV Information Technology (Beijing) Co., Ltd ("LETV" or the "Company") will no longer consolidate the financial statements of Lerong Zhixin Electronic Technology (Tianjin) Co., Ltd. ("Lerong Zhixin"), its previous holding subsidiary, as of the date of this announcement. Relevant matters are hereby announced as follows:

一、乐融致新不再纳入合并范围的原因

**1. The reason why the financial statements of Lerong Zhixin will no longer be consolidated**

2018 年 12 月 6 日，公司公告了《关于控股子公司司法拍卖成交进展暨工商变更完成的公告》（公告编号：2018-197），天津嘉睿汇鑫企业管理有限公司（以下简称"天津嘉睿"）就其拍卖所得乐融致新的股权工商变更，持有乐融致新注册资本比例提升至 46.0504%，乐融致新第一大股东为天津嘉睿。

On December 6, 2018, the Company released the *Announcement on the Progress of Judicial Auction of Holding Subsidiary and the Completion of the Industrial and*



*Commercial Registration of Change* (Announcement No.: 2018-197). It is stated therein that, after it acquires the shares of the Lerong Zhixin through auction and complete the industrial and commercial registration of change, Tianjin Jiarui Huixin Enterprise Management Co., Ltd ("Tianjin Jiarui") will hold 46.0504% of the registered capital of Lerong Zhixin and become the largest shareholder of Lerong Zhixing.

2018 年 12 月 19 日，乐融致新召开临时股东会，此次股东会由天津嘉睿提议召开并提交议案，议案主要内容为修改公司章程及董事会改组。根据乐融致新股东会决议，乐融致新选举产生了 4 名董事，其中天津嘉睿提名 2 名，乐视网提名2 名。

On December 19, 2018, Lerong Zhixin held an interim shareholders' meeting, which was proposed by Tianjin Jiarui with a proposal submitted. The main content of the proposal is to modify the articles of association of the company and the reorganization of the board of directors. According to the resolution of the shareholders' meeting of Lerong Zhixin, four directors were elected, two of whom was nominated by Tianjin Jiarui and the other two nominated by LETV.

截止公告披露日，公司持有乐融致新股权比例为 36.4046%，乐视网提名当选乐融致新董事会成员总数的二分之一，故乐视网对乐融致新的经营方针和决策、投资计划、公司内部管理和规章建立不再具有主导作用，不再构成对乐融致新的实际控制。

As of the date of this announcement, the Company holds 36.4046% of the shares of Lerong Zhixin, and the number of directors nominated by LETV accounts for one-half of the total number of members of the board of directors of Lerong Zhixin. Therefore, LETV no longer direct the operation policy, decision-making, investment plan, internal management and rules establishment of Lerong Zhixin, and no longer exercise an actual control over Lerong Zhixin.



二、对上市公司的影响

公司存在无法偿还天津嘉睿 2017 年 11 月借款乐视网本金 12.9 亿元及剩余利息 0.55 亿元、融创房地产代乐视网垫付的中泰创盈贷款本金及利息共 191,432.5 万元的风险。目前乐视网持有乐融致新注册资本中 80.05%已质押给天津嘉睿和融创房地产，如若公司因无法按时偿还债务导致质押股权被质权人依法处置，公司持有乐融致新股权比例存在下降的风险。



根据公司披露的《2017 年年度报告》、《2018 年半年度报告》，公司营业收入、营业成本构成情况如下：

| 营业收入（单位：元） | 2017 年度 | | 2018 年 1-6 月 | |
|---|---|---|---|---|
| | 金额 | 占营业收入比重 | 金额 | 占营业收入比重 |
| 广告业务收入 | 501,737,415.90 | 7.14% | 108,335,937.12 | 11.01% |
| 终端业务收入 | 2,520,405,892.37 | 35.88% | 245,087,870.95 | 24.91% |
| 会员及发行业务收入 | 3,346,520,830.95 | 47.64% | 619,074,441.07 | 62.93% |
| 付费业务收入 | 2,128,348,491.41 | 30.30% | 382,859,951.46 | 38.92% |
| 版权业务收入 | 912,045,209.67 | 12.98% | 122,455,527.35 | 12.45% |
| 电视剧发行收入 | 306,127,129.87 | 4.36% | 113,758,962.26 | 11.56% |
| 技术服务收入 | 641,484,684.43 | 9.13% | 1,486,501.73 | 0.15% |
| 其他业务收入 | 15,066,978.57 | 0.21% | 9,790,262.79 | 1.00% |
| 合计 | 7,025,215,802.22 | 100.00% | 983,775,013.66 | 100.00% |

| 营业成本（单位：元） | 2017 年度 | | 2018 年 1-6 月 | |
|---|---|---|---|---|
| | 金额 | 占营业成本比重 | 金额 | 占营业成本比重 |
| cdn 及带宽费 | 1,473,594,971.49 | 15.18% | 122,472,196.61 | 8.32% |
| 工资及福利 | 524,286,306.22 | 5.40% | 116,426,809.35 | 7.91% |
| 交通及通讯费 | 7,846,239.17 | 0.08% | 2,542,015.77 | 0.17% |
| 摊提费用 | 3,100,237,387.97 | 31.94% | 859,254,276.57 | 58.35% |
| 业务招待费 | 5,658,026.47 | 0.06% | 1,789,376.39 | 0.12% |
| 办公费 | 9,697,689.42 | 0.10% | 229,854.58 | 0.02% |
| 其他 | 41,071,080.82 | 0.42% | 29,794,326.27 | 2.02% |
| 广告费用 | 424,307,302.72 | 4.37% | 9,416,571.65 | 0.64% |
| 终端成本 | 4,016,250,371.80 | 41.38% | 330,535,761.41 | 22.45% |
| 电视剧及衍生 | 103,760,649.53 | 1.07% | - | - |
| 合计 | 9,706,710,025.61 | 100.00% | 1,472,461,188.60 | 100.00% |

乐融致新出表后，上市公司原硬件相关业务收入将不再纳入合并报表范围。对于业务方面，结合目前双方经营状况及发展计划，不存在因出表而直接导致公司业务经营及公司与乐融致新的合作模式发生根本变化，但存在因乐视网持有乐融致新股权比例变更后，双方合作模式进一步调整的可能。丧失控制权日之后乐融致新产生的净利润及现金流量将不再纳入合并范围，上市公司仍存在经审计后 2018 年全年净资产为负的风险。

根据 2018 年前三季度上市公司合并范围与乐融致新各项财务数据指标显示：

| 项目 | 2018 年前三季度 | 2018 年前三季度 |
|---|---|---|
| | 上市公司合并报表范围 | 乐融致新 |
| 总资产（万元） | 1,637,194.72 | 686,037.73 |



| 总负债（万元） | 1,730,792.82 | 737,467.51 |
| 归属于母公司所有者权益（万元） | -36,479.10 | -51,349.00 |
| 营业总收入（万元） | 137,068.20 | 55,504.35 |
| 归属于母公司股东的净利润（万元） | -148,948.37 | -59,078.53 |

## 三、备案文件

《乐融致新股东会决议》


特此公告


乐视网信息技术（北京）股份有限公司

董事会

二〇一八年十二月十九日



# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA  90067**

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S NOTICE OF OMNIBUS OBJECTION AND OMNIBUS OBJECTION TO CLAIMS FILED BY TIANJIN JIARUI HUIXIN CORPORATE MANAGEMENT CO., LTD.; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF YUETING JIA AND SHAN HE IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **April 2, 2020,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **April 2, 2020,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

United States Bankruptcy Court
Central District of California
Attn:  Hon. Vincent Zurzolo
Edward R. Roybal Federal Bldg./Courthouse
255 East Temple Street, Suite 1360
Los Angeles, CA  90012

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 2, 2020 | Nancy H. Brown | /s/ *Nancy H. Brown* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                       **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:328782.1 46353/002

## SERVICE INFORMATION FOR CASE NO. 2:19-bk-24804-VZ

### 1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)

- Tanya Behnam    tbehnam@polsinelli.com, tanyabehnam@gmail.com
- Jerrold L Bregman    ecf@bg.law, jbregman@bg.law
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com,
  lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Stephen D Finestone    sfinestone@fhlawllp.com
- Richard H Golubow    rgolubow@wghlawyers.com,
  pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
- Alexandra N Krasovec    krasovec.alexandra@dorsey.com, claridge.vanessa@dorsey.com
- Ben H Logan    blogan@omm.com
- Robert S Marticello    Rmarticello@swelawfirm.com,
  gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- David W. Meadows    david@davidwmeadowslaw.com
- John A Moe    john.moe@dentons.com, glenda.spratt@dentons.com
- Kelly L Morrison    kelly.l.morrison@usdoj.gov
- Malhar S Pagay    mpagay@pszjlaw.com, bdassa@pszjlaw.com
- Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- Victor A Sahn    vsahn@sulmeyerlaw.com,
  pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf
  .inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com
- Randye B Soref    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- Benjamin Taylor    btaylor@taylorlawfirmpc.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Felix T Woo    fwoo@ftwlawgroup.com, admin@ftwlawgroup.com
- Claire K Wu    ckwu@sulmeyerlaw.com,
  mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com
- Emily Young    pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
- David B Zolkin    dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                        **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:328782.1 46353/002