Richard M. Pachulski (CA Bar No. 90073)
Jeffrey W. Dulberg (CA Bar No. 181200)
Malhar S. Pagay (CA Bar No. 189289)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email:    rpachulski@pszjlaw.com
            jdulberg@pszjlaw.com
            mpagay@pszjlaw.com

Attorneys for Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No.: 2:19-bk-24804-VZ |
| YUETING JIA,[1] | Chapter 11 |
| Debtor. | **DEBTOR'S NOTICE OF OBJECTION AND OBJECTION TO CLAIMS THAT LACK SUPPORTING DOCUMENTATION; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF LUETIAN SUN IN SUPPORT THEREOF** |
| | **This Objection Affects The Following Claimants:** **Chengdu Houshi Advertising Co., Ltd.,** Claim 20000 **Coq Tengjun Investment (HZ )(LP),** Claim 20016 |
| | Date:      May 7, 2020 Time:      1:30 p.m. Place:     Courtroom 1368 Roybal Federal Building 255 E. Temple Street Los Angeles, California 90012 Judge:    Hon. Vincent P. Zurzolo |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

---

[1] The last four digits of the Debtor's federal tax identification number are 8972. The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**PLEASE TAKE NOTICE** that, on May 7, 2020, beginning at 1:30 p.m. (Pacific Time), or as soon thereafter as counsel may be heard before the Hon. Vincent P. Zurzolo, in Courtroom 1368 of the Edward R. Roybal Federal Building and Courthouse, located at 255 E. Temple Street, Los Angeles, California 90012, pursuant to the *Order (I) Approving the Fourth Amended Disclosure Statement; (II) Approving the Voting Procedures and Tabulation Procedures; (III) Setting the Date and Time for the Confirmation Hearing and Related Deadlines; (IV) Waiving Certain Local Rules and Procedures Related to the Timing and Approval of the Fourth Amended Disclosure Statement and Confirmation of the Third Amended Plan; and (V) Granting Related Relief* [Docket No. 485] (the "Disclosure Statement Order"), which provides, in pertinent part, that if the Debtor has served an objection or request for estimation as to a claim by April 2, 2020, such claim shall be temporarily disallowed for voting purposes only (and not for purposes of allowance or distribution), except to the extent and in the manner as may be set forth in such objection or request, or as ordered by the Court before the voting deadline, i.e., April 30, 2020 at 4:00 p.m. (Beijing Time),[2] Yueting Jia, the debtor and debtor in possession herein (the "Debtor" or "YT"), will object (the "Objection") to claim number 20000, filed by Chengdu Houshi Advertising Co., Ltd. ("Claim 20000"), and claim number 20016, filed by Coq Tengjun Investment (HZ)(LP) ("Claim 20016", and together with Claim 20000, the "Claims"), on the grounds that the Claims do not attach supporting documentation or other information to support the Claims.

True and correct copies of the Claims are attached to the *Notices of Objection to Claims*, which have been served on Chengdu Houshi Advertising Co., Ltd and Coq Tengjun Investment (HZ)(LP) (the "Claimants"), attaching their corresponding claim(s), and the Request for Judicial Notice ("RFJN"), filed concurrently herewith.

**PLEASE TAKE FURTHER NOTICE** that the Objection has been served upon Claimants and all parties entitled thereto and is based upon the supporting Memorandum of Points and Authorities and Declaration of Luetian Sun, the statements, arguments and representations of counsel who appear at the hearing regarding the Objection, the files and records in the above-captioned case, any evidence properly before the court prior to or at the hearing regarding the

---

[2] Disclosure Statement Order, 6 at ¶ 17(e).

Objection and all matters of which the court may properly take judicial notice.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(f), responses to the Objection must be filed with the Court and served upon the Debtor's counsel at the address in the upper left-hand corner of this Objection no later than fourteen (14) days prior to the hearing date.  Responses must contain a written statement of all reasons the Objection is opposed and must include declarations and copies of all documentary evidence on which the responding party intends to rely.  Responses must be filed either electronically or at the following location:

> United States Bankruptcy Court
> Attention:  Clerk's Office
> 255 E. Temple Street
> Los Angeles, CA 90012

**IF YOU DO NOT OPPOSE THE OBJECTION YOU DO NOT NEED TO FILE ANY PAPERS, SIGN ANY FURTHER AGREEMENTS OR TAKE ANY FURTHER ACTION.**

**PLEASE TAKE FURTHER NOTICE** that if a response is not timely filed and served, the Debtor will request that the court grant the relief requested in the Objection without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE** that if a response is timely filed and served upon the Debtor's counsel, the Court, in its discretion, may treat the initial hearing as a status conference if it determines that the Objection involves disputed factual issues or will require presentation of substantial evidence or argument.

**WHEREFORE,** the Debtor respectfully requests that the Court enter an order (i) sustaining the Objection; (ii) disallowing the Claims in their entirety for voting purposes only; and (iii) granting such other and further relief as may appropriate under the circumstances.

Dated:    April 2, 2020                    PACHULSKI STANG ZIEHL & JONES LLP

                                           By    */s/ Malhar S. Pagay*
                                                 Richard M. Pachulski
                                                 Jeffrey W. Dulberg
                                                 Malhar S. Pagay

                                                 Counsel for Debtor and Debtor in
                                                 Possession

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## JURISDICTION

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 102, 105 and 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), and Rules 3007 and 3018(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## II.

## BACKGROUND

### A.    Commencement of the Chapter 11 Case

On October 14, 2019 (the "Petition Date"), the Debtor commenced this case (the "Chapter 11 Case") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"). The Debtor continues in possession of his property and manages his affairs as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On October 25, 2019, the U.S. Trustee appointed the Official Committee of Unsecured Creditors  pursuant to section 1102(a)(1) of the Bankruptcy Code (the "Committee") [Docket No. 45]. The Committee consists of the following members: (i) Ping An Bank., Ltd. Beijing Branch; (ii) China Minsheng Trust Co., Ltd; (iii) Shanghai Leyu Chuangye Investment Management Center LP; (iv) Jiangyin Hailan Investment Holding Co., Ltd; and (v) Shanghai Qichengyueming Investment Partnership Enterprise.

On November 13, 2019, the Court entered an order setting January 24, 2020, as the general deadline (the "Bar Date") for the filing of proofs of claim or proofs of interest against the Debtor's estate.  In accordance with the Court's Order establishing the Bar Date, notice of the Bar Date was given by mail to the Debtors' creditors and interest holders.

On December 18, 2019, Judge Karen B. Owens of the Delaware Bankruptcy Court transferred the Chapter 11 Case to this Court.

**B.    Approval of the Debtor's Disclosure Statement**

On March 20, 2020, the Court entered the Disclosure Statement Order, pursuant to which the Court approved the Debtor's *Fourth Amended Disclosure Statement with Respect to Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 465] in respect of the *Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 464] (the "Plan"), and granted other relief.

The Disclosure Statement Order provides, in pertinent part, that if the Debtor has served an objection or request for estimation as to a claim by April 2, 2020, such claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the voting deadline, i.e., April 30, 2020 at 4:00 p.m. (Beijing Time).  Disclosure Statement Order, 6 at ¶ 17(e).

**C.    The Objection and Request for Relief**

True and correct copies of Claim 20000 and Claim 20016 are attached as **Exhibits "1"** and **"2,"** respectively, to the RFJN.

The Claims cannot be substantiated as the Claimants have provided no supporting documentation or other information to support the Claims. Therefore, the Claims should be disallowed for voting purposes.

**III.**

**ARGUMENT**

**A.    Procedural Requirements for Objections to Claims**

Bankruptcy Rule 3007 governs the procedure for objections to claims.  It provides as follows: "An objection to an allowance of a claim shall be in writing and filed.  A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant . . . at least thirty days prior to the hearing." Fed. R. Bankr. P. 3007.

Pursuant to Bankruptcy Rule 3007, a copy of the Objection will be mailed to Claimants at the addresses provided by Claimants in the Claims, and, where available and if different from the address provided on the proof of claim, on each Claimant's address registered with the National

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  Enterprise Credit Information Publicity System (http://www.gsxt.gov.cn/index.html), a government-

2  run, national, enterprise credit inquiry system in the People's Republic of China, at least thirty days

3  prior to the hearing date for consideration of the Objection.  Accordingly, by the time of the hearing

4  hereon, the Trustee will have complied with Bankruptcy Rule 3007.

5  **B.**    **The Court Must Determine the Allowance of a Claim Subject to Objection**

6      With certain exceptions, section 502(b) of the Bankruptcy Code requires, in relevant part,

7  that if a party in interest objects to a claim, "the Court, after notice and a hearing, shall determine the

8  amount of such claim in lawful currency of the United States as of the date of the filing of the

9  petition, and shall allow such claim in such amount, except to the extent that -- (1) such claim is

10  unenforceable against the debtor and property of the debtor, under any agreement or applicable law

11  for a reason other than because such claim is contingent or unmatured …."

12  **C.**    **Burden of Proof**

13      All allegations set forth in a properly filed proof of claim are taken as true and, if the

14  allegations set forth all facts necessary to establish a claim and are not self-contradictory, the proof

15  of claim constitutes *prima facie* evidence of the validity and amount of the claim.  11 U.S.C.

16  § 502(a); Fed. R. Bankr. P. 3001(f).  However, a claimant must attach copies of writings upon which

17  claims are based in order to carry its burden of establishing a *prima facie* case against the debtor.

18  *Hardin v. Gianni (In re King Investments Inc.)*, 219 B.R. 848, 858 (B.A.P. 9th Cir. 1998).  Further, a

19  claim should not be allowed if that claim is unenforceable against the debtor and property of the

20  debtor, under any agreement or applicable law.  11 U.S.C. § 502(b)(1).

21      Once the objector raises "facts tending to defeat the claim by probative force equal to that of

22  the allegations of the proofs of claim themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623

23  (9th Cir. 1991), then "the burden reverts to the claimant to prove the validity of the claim by a

24  preponderance of the evidence."  *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated*

25  *Pioneer Mortgage)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996).

26  "[T]he ultimate burden of persuasion is always on the claimant."  *Holm*, 931 F.2d at 623.  In

27  considering an objection to a claim, a bankruptcy court may take judicial notice of the underlying

28  records in a bankruptcy case.  *O'Rourke v. Seaboard Surety Co., (In re ER Fergert, Inc.)*, 887 F.2d

955, 957-958 (9th Cir. 1998).

### D.    The  Claim Should Be Disallowed for Plan Voting Purposes

Courts recognize that Bankruptcy Rule 3018(a) permits a party in interest to seek to disallow a claim for voting purposes. Ultimately, the determination of whether to temporarily allow a claim for voting purposes lies within the discretion of the bankruptcy court.  See *Armstrong v. Rushton (In re Armstrong)*, 294 B.R. 344, 354 (B.A.P. 10th Cir. 2003) ("There is no guidance in the Bankruptcy Code to courts as to determine whether to permit the temporary allowance of a claim; it is left to the court's discretion.").  Indeed, courts have broad authority to determine whether to allow or disallow a claim for purposes of voting under Bankruptcy Rule 3018(a). *See, e.g., In re Mangia Pizza Invs., L.P.,* 480 B.R. 669, 679 (Banker. W.D. Tex. 2012); *In re Zolner*, 174 B.R. 629, 633 (Bankr. N.D. Ill. 1994) (noting that a court must exercise its discretion to allow or disallow a claim under Bankruptcy Rule 3018(a) based on reasoned analysis); *In re Goldstein,* 114 B.R. 430, 433 (Bankr. E.D. Pa. 1990); Collier on Bankr. ¶ 9-3018[5] (16th ed. rev. 2012) ("The court, however, regardless of the circumstances, has the discretion to allow or disallow all or part of the claim for voting purposes.").

### E.    The Claims Lack Sufficient Documentation to Satisfy Rule 3001(a)

It is the initial burden of a claimant to allege facts sufficient to support its claim in order for the claim to be conferred prima facie validity under section 502 of the Bankruptcy Code.  *See In re Allegheny International, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992) ("[A] claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward"); *In re Smurfit-Stone Container Corp*., 444 B.R. 111, 117 (Bankr. D. Del. 2011).

Further, to comply with Rule 3001, a claim based on a writing must attach the writing forming the basis for the claim.  Bankruptcy Rule 3001(a).

> The Bankruptcy Code provides that "[a] creditor. . . may file a proof of claim." 11 U.S.C. § 501(a). Because the code does not define "proof of claim," we look to the Federal Rules of Bankruptcy Procedure. "A proof of claim is a written statement setting forth a creditor's claim. . . . [It] shall conform substantially to the appropriate Official Form." Fed. R. Bankr.P. 3001(a). The relevant form is Official Form 10, which requires a claimant to "[a]ttach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements." Fed. R. Bankr.P. Official Form

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

10. Form 10 also instructs a claimant that "[i]f the documents are not available, please explain." Id.  When a proof of claim is executed and filed in accordance with the provisions of Rule 3001 (including Official Form 10), it "constitutes prima facie evidence of the validity and amount of the claim." Fed. R. Bankr.P. 3001(f).

*In re Kirkland*, 572 F.3d 838, 840 (10th Cir. 2009).  In *Kirkland*, the United States Court of Appeals for the Tenth Circuit held that a claim lacking adequate documentation should be disallowed, since allowing a claim without adequate documentation would improperly place the burden on the objector to disprove an unsubstantiated claim.  *Id*. at 841.  "[T]he requirements of Rule 3001(c) and Official Form 10 are meaningless unless they require sufficient documentation that has some evidentiary import and establish something other than the same conclusory allegations set forth in the proof of claim form itself. [citation] The rules rightfully require creditors to attach minimal supporting documentation for their claims so that a debtor can evaluate their validity without discovery or extraordinary expense."  *In re Taylor*, 363 B.R. 303, 307-08 (Bankr. M.D. Fla. 2007) (citation omitted); *In re Crutchfield*, 492 B.R. 60, 74 (Bankr. M.D. Ga. 2013) (same).

Here, the Claimants have not provided any documentation to substantiate their claims and, as such, the Claims should be disallowed for purposes of voting on the Debtor's Plan.

**IV.**

**GENERAL RESERVATION OF RIGHTS**

The Debtor expressly reserves the right to amend, modify or supplement this Objection, and to file additional, other, or further objections to any proofs of claim filed in this Chapter 11 Case, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not) against the Debtor, regardless of whether such claims are subject to this Objection.  Should one or more of the grounds of objection stated in this Objection be denied, the Debtor reserves his rights to object on other stated grounds or on any other grounds he discovers during the pendency of this Chapter 11 Case.  In addition, the Debtor reserves the right to file counterclaims against the holders of any such claims.

**V.**

**NOTICE**

The Debtor will serve copies of this Objection on:  (a) the Claimants, (b) the Office of the

United States Trustee, (c) counsel to the Committee, and (d) all parties who have requested notices in this Chapter 11 Case pursuant to Bankruptcy Rule 2002.

## VI.

## <u>CONCLUSION</u>

WHEREFORE, the Debtor respectfully requests that the Court enter an order granting the relief requested herein and granting the Debtor such other and further relief as is just and proper.

Dated:    April _2_, 2020    PACHULSKI STANG ZIEHL & JONES LLP

_/s/ Malhar S. Pagay_____
Richard M. Pachulski
Jeffrey W. Dulberg
Malhar S. Pagay

*Attorneys for Debtor and Debtor in Possession*

**DECLARATION OF LUETIAN SUN**

I, Luetian Sun, declare as follows:

1.      I am one of Debtor's advisors who assist the Debtor with various financial and business matters.  I also have served as Faraday & Future, Inc.'s ("FF") Investor Relations Coordinator since January 2019.  Prior to joining FF, I received a bachelor's degree in civil engineering from Beijing University's School of Civil Engineering and Architecture and a Master of Business Administration degree from the University of California at Riverside.

2.      I am in regular communication with the Debtor's professionals, including legal counsel.

3.      I submit this Declaration (the "Declaration") in support of the Debtor's *Objection to Claims That Lack Supporting Documentation* (the "Objection").

4.      If I were called to testify as a witness in this matter, I could and would competently testify to each of the facts set forth herein.

5.      At the direction of the Debtor, I have reviewed and analyzed the Claims that are the subject of the Objection, and have discussed my findings with both the Debtor and his legal counsel. Based on my analysis, I have determined that the Claims cannot be substantiated as the Claimants have provided no supporting documentation or other information to support the Claims. The Claims should therefore be disallowed in their entirety.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 2nd day of April, 2020, at Los Angeles            , California.


Luetian Sun
Luetian Sun

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# EXHIBIT 1

| United States Bankruptcy Court for the District of Delaware | **For Court Use Only** | |
|---|---|---|
| | Claim Number: | 0000020000 |
| **Name of Debtor:** Yueting Jia | File Date: | |
| **Case Number:** 19-12220 | | 10/17/2019 14:25:53 |

# Proof of Claim (Official Form 410)

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**
**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.
A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.
**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

**04/19**

---

| Part 1: | Identify the Claim |
|---|---|

**1.    Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim):    成都厚石广告有限公司

Other names the creditor used with the debtor: _____

**2.    Has this claim been acquired from someone else?**    ☑ No   ☐ Yes.   From whom? _____

**3.    Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name    成都厚石广告有限公司 | Name _____ |
| Address    重庆市江北区观音桥红鼎国际C座26-18 | Address _____ |
| _____ | _____ |
| _____ | _____ |
| City    重庆市 | City _____ |
| State _____ ZIP Code    400020 | State _____ ZIP Code _____ |
| Country (if International):    P.R.CHINA | Country (if International): _____ |
| Phone:    0086 13608331388 | Phone: _____ |
| Email:    365005@qq.com | Email: _____ |

| 4. Does this claim amend one already filed? | 5. Do you know if anyone else has filed a proof of claim for this claim? |
|---|---|
| ☑ No | ☑ No |
| ☐ Yes. | ☐ Yes. |
| Claim number on court claims register (if known) _____ | Who made the earlier filing? |
| Filed on _____ | _____ |
| MM / DD / YYYY | |

**6.  Do you have any number you use to identify the debtor?**

☑ No

☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:

___  ___  ___  ___

**7.  How much is the claim?**

$ _51,440.72_____

**Does this amount include interest or other charges?**

☑ No

☐ Yes.  Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8.  What is the basis of the claim?**

Examples:  Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.  Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).  Limit disclosing information that is entitled to privacy, such as health care information.

Contract/Executory Contract
_____

---

**9.  Is all or part of the claim secured?**

☑ No

☐ Yes.    The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other.  Describe:
_____

**Basis for perfection:**

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                              $_____

Amount of the claim that is secured:     $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**     $_____

**Annual Interest Rate** (when case was filed) _____%
                              ☐ Fixed  ☐ Variable

**10.  Is this claim based on a lease?**

☑ No

☐ Yes.  **Amount necessary to cure any default as of the date of petition.**

$_____

**11.  Is this claim subject to a right of setoff?**

☑ No

☐ Yes.  Identify the property:

_____

**12.  Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a) (_____) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority.  For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

---

**13.  Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes.  **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $_____

**Part 3:**  **Sign Below**

**The person completing this proof of claim must sign and date it.  FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

傅航夏 _____    10/17/2019 14:25:53 _____

Signature                                           Date

Provide the name and contact information of the person completing and signing this claim:

Name        傅航夏

Address     重庆市江北区观音桥红鼎国际C座26-18

City         重庆市

State                                                Zip    400020

Country (in international)    P.R.CHINA

Phone       0086 13608331388

Email        365005@qq.com

重口市

# 还款计划书

南京龙游万邦广告文化传媒有限公司：

针对贵司欠款还款计划如下：

| 计划一：乐视移动在2017年6月底前外部融资到位前提下还款计划 | | |
|---|---|---|
| 进度 | 金额（元） | 还款时间 |
| 1 | 334,072 | 2017/4/14 |
| 2 | 334,072 | 2017/5/31 |
| 3 | 912,625 | 2017/6/30 |
| 4 | 912,625 | 2017/7/31 |
| | | |
| 合计 | 2,493,395 | |

| 计划二：最低保障还款计划 | | |
|---|---|---|
| 进度 | 金额（元） | 还款时间 |
| 1 | 334,072 | 2017/4/14 |
| 2 | 334,072 | 2017/5/31 |
| 3 | 334,072 | 2017/6/30 |
| 4 | 334,072 | 2017/7/31 |
| 5 | 334,072 | 2017/8/31 |
| 6 | 334,072 | 2017/9/30 |
| 7 | 334,072 | 2017/10/31 |
| 8 | 154,891 | 2017/11/30 |
| 9 | - | 2017/12/31 |
| 合计 | 2,493,395 | |

付款需以项目为单位进行，每期实际付款金额可能与计划金额略有偏差。
以上条款需严格保密，不得对第三方透露，若违反此约定，我司有权撤回此还款计划。
如果我司此前曾向贵司出具还款计划书的，原计划书作废，以本还款计划书为准。

乐视移动智能信息技术（北京）有限公司

2017 年 4 月 14 日

乐视控股（北京）有限公司 同意对 乐视移动智能信息技术（北京）有限公司 对前述还款
计划书的履行承担一般保证责任。担保生效日期为2017年8月1日，保证期间为自还款计划
书约定的应付款项到期日起六个月

乐视控股（北京）有限公司

2017 年 4 月 14 日

# 还款计划书

成都厚石广告有限公司:

针对贵司欠款还款计划如下:

| 计划一:乐视移动在2017年6月底前外部融资到位前提下还款计划 | | |
|---|---|---|
| 进度 | 金额(元) | 还款时间 |
| 1 | 302,431 | 2017/4/14 |
| 2 | 302,431 | 2017/5/31 |
| 3 | 794,946 | 2017/6/30 |
| 4 | 794,946 | 2017/7/31 |
| | | |
| 合计 | 2,194,754 | |

| 计划二:最低保障还款计划 | | |
|---|---|---|
| 进度 | 金额(元) | 还款时间 |
| 1 | 302,431 | 2017/4/14 |
| 2 | 302,431 | 2017/5/31 |
| 3 | 302,431 | 2017/6/30 |
| 4 | 302,431 | 2017/7/31 |
| 5 | 302,431 | 2017/8/31 |
| 6 | 302,431 | 2017/9/30 |
| 7 | 302,431 | 2017/10/31 |
| 8 | 77,735 | 2017/11/30 |
| 9 | | 2017/12/31 |
| 合计 | 2,194,754 | |

付款需以项目为单位进行,每期实际付款金额可能与计划金额略有偏差。
以上条款需严格保密,不得对第三方透露,若违反此约定,我司有权撤回此还款计划。
如果我司此前曾向贵司出具还款计划书的,原计划书作废,以本还款计划书为准。

乐视移动智能信息技术(北京)有限公司

2017 年  4 月  14 日

乐视控股(北京)有限公司 同意对 乐视移动智能信息技术(北京)有限公司 对前述还款
计划书的履行承担一般保证责任。担保生效日期为2017年8月1日,保证期间为自还款计划
书约定的应付款项到期日起六个月

乐视控股(北京)有限公司

2017 年  4 月  14 日

# 还款计划书

成都西典展览展示有限责任公司：

针对贵司欠款还款计划如下：

| 计划一：乐视移动在2017年6月底前外部融资到位前提下还款计划 | | |
|---|---|---|
| 进度 | 金额（元） | 还款时间 |
| 1 | 94,573 | 2017/4/14 |
| 2 | 94,573 | 2017/5/31 |
| 3 | 244,379 | 2017/6/30 |
| 4 | 244,379 | 2017/7/31 |
| | | |
| 合计 | 677,903 | |

| 计划二：最低保障还款计划 | | |
|---|---|---|
| 进度 | 金额（元） | 还款时间 |
| 1 | 94,573 | 2017/4/14 |
| 2 | 94,573 | 2017/5/31 |
| 3 | 94,573 | 2017/6/30 |
| 4 | 94,573 | 2017/7/31 |
| 5 | 94,573 | 2017/8/31 |
| 6 | 94,573 | 2017/9/30 |
| 7 | 94,573 | 2017/10/31 |
| 8 | 15,893 | 2017/11/30 |
| 9 | | 2017/12/31 |
| 合计 | 677,903 | |

付款需以项目为单位进行，每期实际付款金额可能与计划金额略有偏差。
以上条款需严格保密，不得对第三方透露，若违反此约定，我司有权撤回此还款计划。
如果我司此前曾向贵司出具还款计划书的，原计划书作废，以本还款计划书为准。

乐视移动智能信息技术（北京）有限公司

2017 年  4 月  14 日

乐视控股（北京）有限公司 同意对 乐视移动智能信息技术（北京）有限公司 对前述还款
计划书的履行承担一般保证责任。担保生效日期为2017年8月1日，保证期间为自还款计划
书约定的应付款项到期日起六个月

乐视控股（北京）有限公司

2017 年  4 月  14 日

# 还款计划书

成都卜罗广告有限公司：

针对贵司欠款还款计划如下：

| 计划一：乐视移动在2017年6月底前外部融资到位前提下还款计划 | | |
|---|---|---|
| 进度 | 金额（元） | 还款时间 |
| 1 | 662,080 | 2017/4/14 |
| 2 | 662,080 | 2017/5/31 |
| 3 | 1,815,250 | 2017/6/30 |
| 4 | 1,815,250 | 2017/7/31 |
| | | |
| 合计 | 4,954,660 | |

| 计划二：最低保障还款计划 | | |
|---|---|---|
| 进度 | 金额（元） | 还款时间 |
| 1 | 662,079.74 | 2017/4/14 |
| 2 | 662,079.74 | 2017/5/31 |
| 3 | 662,079.74 | 2017/6/30 |
| 4 | 662,079.74 | 2017/7/31 |
| 5 | 662,079.74 | 2017/8/31 |
| 6 | 662,079.74 | 2017/9/30 |
| 7 | 662,079.74 | 2017/10/31 |
| 8 | 320,101.91 | 2017/11/30 |
| 9 | | 2017/12/31 |
| 合计 | 4,954,660 | |

付款需以项目为单位进行，每期实际付款金额可能与计划金额略有偏差。
以上条款需严格保密，不得对第三方透露，若违反此约定，我司有权撤回此还款计划。
如果我司此前曾向贵司出具还款计划书的，原计划书作废，以本还款计划书为准。

乐视移动智能信息技术（北京）有限公司

2017 年 4 月 14 日

乐视控股（北京）有限公司 同意对 乐视移动智能信息技术（北京）有限公司 对前述还款计划书的履行承担一般保证责任。担保生效日期为2017年8月1日，保证期间为自还款计划书约定的应付款项到期日起六个月

乐视控股（北京）有限公司

2017 年 4 月 14 日

# 还款计划书

河南和僖广告有限公司：

针对贵司欠款还款计划如下：

| 计划一：乐视移动在2017年6月底前外部融资到位前提下还款计划 | | |
|---|---|---|
| 进度 | 金额（元） | 还款时间 |
| 1 | 158,912 | 2017/4/14 |
| 2 | 158,912 | 2017/5/31 |
| 3 | 415,702 | 2017/6/30 |
| 4 | 415,702 | 2017/7/31 |
| | | |
| 合计 | 1,149,228 | |

| 计划二：最低保障还款计划 | | |
|---|---|---|
| 进度 | 金额（元） | 还款时间 |
| 1 | 158,912 | 2017/4/14 |
| 2 | 158,912 | 2017/5/31 |
| 3 | 158,912 | 2017/6/30 |
| 4 | 158,912 | 2017/7/31 |
| 5 | 158,912 | 2017/8/31 |
| 6 | 158,912 | 2017/9/30 |
| 7 | 158,912 | 2017/10/31 |
| 8 | 36,846 | 2017/11/30 |
| 9 | | 2017/12/31 |
| 合计 | 1,149,228 | |

付款需以项目为单位进行，每期实际付款金额可能与计划金额略有偏差。

以上条款需严格保密，不得对第三方透露，若违反此约定，我司有权撤回此还款计划。

如果我司此前曾向贵司出具还款计划书的，原计划书作废，以本还款计划书为准。

乐视移动智能信息技术（北京）有限公司

2017 年    4 月    14 日

乐视控股（北京）有限公司 同意对 乐视移动智能信息技术（北京）有限公司 对前述还款计划书的履行承担一般保证责任。担保生效日期为2017年8月1日，保证期间为自还款计划书约定的应付款项到期日起六个月

乐视控股（北京）有限公司

2017 年    4 月    14 日

# 还款计划书

河南鹏辉文化传播有限公司：

    针对贵司欠款还款计划如下：

| 计划一：乐视移动在2017年6月底前外部融资到位前提下还款计划 | | |
|---|---|---|
| 进度 | 金额（元） | 还款时间 |
| 1 | 317,639 | 2017/4/14 |
| 2 | 317,639 | 2017/5/31 |
| 3 | 836,738 | 2017/6/30 |
| 4 | 836,738 | 2017/7/31 |
| | | |
| 合计 | 2,308,756 | |

| 计划二：最低保障还款计划 | | |
|---|---|---|
| 进度 | 金额（元） | 还款时间 |
| 1 | 317,639 | 2017/4/14 |
| 2 | 317,639 | 2017/5/31 |
| 3 | 317,639 | 2017/6/30 |
| 4 | 317,639 | 2017/7/31 |
| 5 | 317,639 | 2017/8/31 |
| 6 | 317,639 | 2017/9/30 |
| 7 | 317,639 | 2017/10/31 |
| 8 | 85,280 | 2017/11/30 |
| 9 | | 2017/12/31 |
| 合计 | 2,308,756 | |

付款需以项目为单位进行，每期实际付款金额可能与计划金额略有偏差。
以上条款需严格保密，不得对第三方透露，若违反此约定，我司有权撤回此还款计划。
如果我司此前曾向贵司出具还款计划书的，原计划书作废，以本还款计划书为准。

乐视移动智能信息技术（北京）有限公司

2017 年 4 月 14 日

乐视控股（北京）有限公司 同意对 乐视移动智能信息技术（北京）有限公司 对前述还款计划书的履行承担一般保证责任。担保生效日期为2017年8月1日，保证期间为自还款计划书约定的应付款项到期日起六个月

乐视控股（北京）有限公司

2017 年 4 月 14 日

# 还款计划书

11534749

杭州海德广告有限公司：

针对贵司欠款还款计划如下：

| 计划一：乐视移动在2017年6月底前外部融资到位前提下还款计划 | | |
|---|---|---|
| 进度 | 金额（元） | 还款时间 |
| 1 | 352,597 | 2017/4/14 |
| 2 | 352,597 | 2017/5/31 |
| 3 | 781,652 | 2017/6/30 |
| 4 | 781,652 | 2017/7/31 |
|  |  |  |
| 合计 | 2,268,498 |  |

23722491.1

| 计划二：最低保障还款计划 | | |
|---|---|---|
| 进度 | 金额（元） | 还款时间 |
| 1 | 352,597 | 2017/4/14 |
| 2 | 352,597 | 2017/5/31 |
| 3 | 352,597 | 2017/6/30 |
| 4 | 352,597 | 2017/7/31 |
| 5 | 352,597 | 2017/8/31 |
| 6 | 352,597 | 2017/9/30 |
| 7 | 152,919 | 2017/10/31 |
| 8 | - | 2017/11/30 |
| 9 |  | 2017/12/31 |
| 合计 | 2,268,498 |  |

付款需以项目为单位进行，每期实际付款金额可能与计划金额略有偏差。
以上条款需严格保密，不得对第三方透露，若违反此约定，我司有权撤回此还款计划。
如果我司此前曾向贵司出具还款计划书的，原计划书作废，以本还款计划书为准。

乐视移动智能信息技术（北京）有限公司

2017 年 4 月 14 日

乐视控股（北京）有限公司 同意对 乐视移动智能信息技术（北京）有限公司 对前述还款
计划书的履行承担一般保证责任。担保生效日期为2017年8月1日，保证期间为自还款计划
书约定的应付款项到期日起六个月

乐视控股（北京）有限公司

2017 年 4 月 14 日

# 还款计划书

杭州永谐广告有限公司：

针对贵司欠款还款计划如下：

| 计划一：乐视移动在2017年6月底前外部融资到位前提下还款计划 | | |
|---|---|---|
| 进度 | 金额（元） | 还款时间 |
| 1 | 116,614 | 2017/4/14 |
| 2 | 116,614 | 2017/5/31 |
| 3 | 293,941 | 2017/6/30 |
| 4 | 293,941 | 2017/7/31 |
| | | |
| 合计 | 821,110 | |

| 计划二：最低保障还款计划 | | |
|---|---|---|
| 进度 | 金额（元） | 还款时间 |
| 1 | 116,614 | 2017/4/14 |
| 2 | 116,614 | 2017/5/31 |
| 3 | 116,614 | 2017/6/30 |
| 4 | 116,614 | 2017/7/31 |
| 5 | 116,614 | 2017/8/31 |
| 6 | 116,614 | 2017/9/30 |
| 7 | 116,614 | 2017/10/31 |
| 8 | 4,810 | 2017/11/30 |
| 9 | | 2017/12/31 |
| 合计 | 821,110 | |

付款需以项目为单位进行，每期实际付款金额可能与计划金额略有偏差。
以上条款需严格保密，不得对第三方透露，若违反此约定，我司有权撤回此还款计划。
如果我司此前曾向贵司出具还款计划书的，原计划书作废，以本还款计划书为准。

乐视移动智能信息技术（北京）有限公司

2017 年  4 月  14 日

乐视控股（北京）有限公司 同意对 乐视移动智能信息技术（北京）有限公司 对前述还款计划书的履行承担一般保证责任。担保生效日期为2017年8月1日，保证期间为自还款计划书约定的应付款项到期日起六个月

乐视控股（北京）有限公司

2017 年  4 月  14 日

# 还款计划书

杭州狮昊吉嘉文化创意有限公司：

针对贵司欠款还款计划如下：

| 计划一：乐视移动在2017年6月底前外部融资到位前提下还款计划 | | |
|---|---|---|
| 进度 | 金额（元） | 还款时间 |
| 1 | 276,224 | 2017/4/14 |
| 2 | 276,224 | 2017/5/31 |
| 3 | 756,726 | 2017/6/30 |
| 4 | 756,726 | 2017/7/31 |
| | | |
| 合计 | 2,065,901 | |

| 计划二：最低保障还款计划 | | |
|---|---|---|
| 进度 | 金额（元） | 还款时间 |
| 1 | 276,224 | 2017/4/14 |
| 2 | 276,224 | 2017/5/31 |
| 3 | 276,224 | 2017/6/30 |
| 4 | 276,224 | 2017/7/31 |
| 5 | 276,224 | 2017/8/31 |
| 6 | 276,224 | 2017/9/30 |
| 7 | 276,224 | 2017/10/31 |
| 8 | 132,331 | 2017/11/30 |
| 9 | | 2017/12/31 |
| 合计 | 2,065,901 | |

付款需以项目为单位进行，每期实际付款金额可能与计划金额略有偏差。
以上条款需严格保密，不得对第三方透露，若违反此约定，我司有权撤回此还款计划。
如果我司此前曾向贵司出具还款计划书的，原计划书作废，以本还款计划书为准。

乐视移动智能信息技术（北京）有限公司

2017 年    4 月    14 日

乐视控股（北京）有限公司 同意对 乐视移动智能信息技术（北京）有限公司 对前述还款
计划书的履行承担一般保证责任。担保生效日期为2017年8月1日，保证期间为自还款计划
书约定的应付款项到期日起六个月

乐视控股（北京）有限公司

2017 年    4 月    14 日

# 还款计划书

杭州宝莱装饰工程有限公司：

针对贵司欠款还款计划如下：

| 计划一：乐视移动在2017年6月底前外部融资到位前提下还款计划 | | |
|---|---|---|
| 进度 | 金额（元） | 还款时间 |
| 1 | 208,408 | 2017/4/14 |
| 2 | 208,408 | 2017/5/31 |
| 3 | 543,560 | 2017/6/30 |
| 4 | 543,560 | 2017/7/31 |
|  |  |  |
| 合计 | 1,503,936 |  |

| 计划二：最低保障还款计划 | | |
|---|---|---|
| 进度 | 金额（元） | 还款时间 |
| 1 | 208,408 | 2017/4/14 |
| 2 | 208,408 | 2017/5/31 |
| 3 | 208,408 | 2017/6/30 |
| 4 | 208,408 | 2017/7/31 |
| 5 | 208,408 | 2017/8/31 |
| 6 | 208,408 | 2017/9/30 |
| 7 | 208,408 | 2017/10/31 |
| 8 | 45,078 | 2017/11/30 |
| 9 |  | 2017/12/31 |
| 合计 | 1,503,936 |  |

付款需以项目为单位进行，每期实际付款金额可能与计划金额略有偏差。
以上条款需严格保密，不得对第三方透露，若违反此约定，我司有权撤回此还款计划。
如果我司此前曾向贵司出具还款计划书的，原计划书作废，以本还款计划书为准。

乐视移动智能信息技术（北京）有限公司

2017 年 4 月 14 日

乐视控股（北京）有限公司 同意对 乐视移动智能信息技术（北京）有限公司 对前述还款
计划书的履行承担一般保证责任。担保生效日期为2017年8月1日，保证期间为自还款计划
书约定的应付款项到期日起六个月

乐视控股（北京）有限公司

2017 年 4 月 14 日

A 010

# 还款计划书

合肥中汇文化传媒有限公司：

针对贵司欠款还款计划如下：

| 计划一：乐视移动在2017年6月底前外部融资到位前提下还款计划 | | |
|---|---|---|
| 进度 | 金额（元） | 还款时间 |
| 1 | 518,449 | 2017/4/14 |
| 2 | 518,449 | 2017/5/31 |
| 3 | 1,333,741 | 2017/6/30 |
| 4 | 1,333,741 | 2017/7/31 |
| | | |
| 合计 | 3,704,380 | |

| 计划二：最低保障还款计划 | | |
|---|---|---|
| 进度 | 金额（元） | 还款时间 |
| 1 | 518,449 | 2017/4/14 |
| 2 | 518,449 | 2017/5/31 |
| 3 | 518,449 | 2017/6/30 |
| 4 | 518,449 | 2017/7/31 |
| 5 | 518,449 | 2017/8/31 |
| 6 | 518,449 | 2017/9/30 |
| 7 | 518,449 | 2017/10/31 |
| 8 | 75,240 | 2017/11/30 |
| 9 | | 2017/12/31 |
| 合计 | 3,704,380 | |

付款需以项目为单位进行，每期实际付款金额可能与计划金额略有偏差。
以上条款需严格保密，不得对第三方透露，若违反此约定，我司有权撤回此还款计划。
如果我司此前曾向贵司出具还款计划书的，原计划书作废，以本还款计划书为准。

乐视移动智能信息技术（北京）有限公司

2017 年 4 月 14 日

乐视控股（北京）有限公司 同意对 乐视移动智能信息技术（北京）有限公司 对前述还款计划书的履行承担一般保证责任。担保生效日期为2017年8月1日，保证期间为自还款计划书约定的应付款项到期日起六个月

乐视控股（北京）有限公司

2017 年 4 月 14 日

# 还款计划书

合肥科瑞艾特广告传媒有限公司：

针对贵司欠款还款计划如下：

| 计划一：乐视移动在2017年6月底前外部融资到位前提下还款计划 | | |
|---|---|---|
| 进度 | 金额（元） | 还款时间 |
| 1 | 233,619 | 2017/4/14 |
| 2 | 233,619 | 2017/5/31 |
| 3 | 611,193 | 2017/6/30 |
| 4 | 611,193 | 2017/7/31 |
| | | |
| 合计 | 1,689,625 | |

| 计划二：最低保障还款计划 | | |
|---|---|---|
| 进度 | 金额（元） | 还款时间 |
| 1 | 233,619 | 2017/4/14 |
| 2 | 233,619 | 2017/5/31 |
| 3 | 233,619 | 2017/6/30 |
| 4 | 233,619 | 2017/7/31 |
| 5 | 233,619 | 2017/8/31 |
| 6 | 233,619 | 2017/9/30 |
| 7 | 233,619 | 2017/10/31 |
| 8 | 54,292 | 2017/11/30 |
| 9 | | 2017/12/31 |
| 合计 | 1,689,625 | |

付款需以项目为单位进行，每期实际付款金额可能与计划金额略有偏差。

以上条款需严格保密，不得对第三方透露，若违反此约定，我司有权撤回此还款计划。

如果我司此前曾向贵司出具还款计划书的，原计划书作废，以本还款计划书为准。

乐视移动智能信息技术（北京）有限公司

2017 年　　4 月　　日

乐视控股（北京）有限公司 同意对 乐视移动智能信息技术（北京）有限公司 对前述还款计划书的履行承担一般保证责任。担保生效日期为2017年8月1日，保证期间为自还款计划书约定的应付款项到期日起六个月

乐视控股（北京）有限公司

2017 年　　4 月　14 日

# 还款计划书

长沙臻乐文化传播有限公司：

针对贵司欠款还款计划如下：

| 计划一：乐视移动在2017年6月底前外部融资到位前提下还款计划 | | |
|---|---|---|
| 进度 | 金额（元） | 还款时间 |
| 1 | 705,266 | 2017/4/14 |
| 2 | 705,266 | 2017/5/31 |
| 3 | 1,802,738 | 2017/6/30 |
| 4 | 1,802,738 | 2017/7/31 |
|  |  |  |
| 合计 | 5,016,007 |  |

| 计划二：最低保障还款计划 | | |
|---|---|---|
| 进度 | 金额（元） | 还款时间 |
| 1 | 705,266 | 2017/4/14 |
| 2 | 705,266 | 2017/5/31 |
| 3 | 705,266 | 2017/6/30 |
| 4 | 705,266 | 2017/7/31 |
| 5 | 705,266 | 2017/8/31 |
| 6 | 705,266 | 2017/9/30 |
| 7 | 705,266 | 2017/10/31 |
| 8 | 79,147 | 2017/11/30 |
| 9 |  | 2017/12/31 |
| 合计 | 5,016,007 |  |

付款需以项目为单位进行，每期实际付款金额可能与计划金额略有偏差。
以上条款需严格保密，不得对第三方透露，若违反此约定，我司有权撤回此还款计划。
如果我司此前曾向贵司出具还款计划书的，原计划书作废，以本还款计划书为准。

乐视移动智能信息技术（北京）有限公司

2017 年 4 月 14 日

乐视控股（北京）有限公司 同意对 乐视移动智能信息技术（北京）有限公司 对前述还款
计划书的履行承担一般保证责任。担保生效日期为2017年8月1日，保证期间为自还款计划
书约定的应付款项到期日起六个月

乐视控股（北京）有限公司

2017 年 4 月 14 日

# 还款计划书

海南鸿烽广告有限公司：

针对贵司欠款还款计划如下：

| 计划一：乐视移动在2017年6月底前前外部融资到位前提下还款计划 | | |
|---|---|---|
| 进度 | 金额（元） | 还款时间 |
| 1 | 142,565 | 2017/4/14 |
| 2 | 142,565 | 2017/5/31 |
| 3 | 393,234 | 2017/6/30 |
| 4 | 393,234 | 2017/7/31 |
| | | |
| 合计 | 1,071,598 | |

| 计划二：最低保障还款计划 | | |
|---|---|---|
| 进度 | 金额（元） | 还款时间 |
| 1 | 142,565 | 2017/4/14 |
| 2 | 142,565 | 2017/5/31 |
| 3 | 142,565 | 2017/6/30 |
| 4 | 142,565 | 2017/7/31 |
| 5 | 142,565 | 2017/8/31 |
| 6 | 142,565 | 2017/9/30 |
| 7 | 142,565 | 2017/10/31 |
| 8 | 73,642 | 2017/11/30 |
| 9 | | 2017/12/31 |
| 合计 | 1,071,598 | |

付款需以项目为单位进行，每期实际付款金额可能与计划金额略有偏差。

以上条款需严格保密，不得对第三方透露，若违反此约定，我司有权撤回此还款计划。

如果我司此前曾向贵司出具还款计划书的，原计划书作废，以本还款计划书为准。

乐视移动智能信息技术（北京）有限公司

2017年    4    月    14    日

乐视控股（北京）有限公司 同意对 乐视移动智能信息技术（北京）有限公司 对前述还款计划书的履行承担一般保证责任。担保生效日期为2017年8月1日，保证期间为自还款计划书约定的应付款项到期日起六个月

乐视控股（北京）有限公司

2017年    4    月    14    日

# 还款计划书

山东思百思万装饰工程有限公司：

　　针对贵司欠款还款计划如下：

| 计划一：乐视移动在2017年6月底前外部融资到位前提下还款计划 | | |
|---|---|---|
| 进度 | 金额（元） | 还款时间 |
| 1 | 391,149 | 2017/4/14 |
| 2 | 391,149 | 2017/5/31 |
| 3 | 1,016,132 | 2017/6/30 |
| 4 | 1,016,132 | 2017/7/31 |
| | | |
| 合计 | 2,814,561 | |

| 计划二：最低保障还款计划 | | |
|---|---|---|
| 进度 | 金额（元） | 还款时间 |
| 1 | 391,149 | 2017/4/14 |
| 2 | 391,149 | 2017/5/31 |
| 3 | 391,149 | 2017/6/30 |
| 4 | 391,149 | 2017/7/31 |
| 5 | 391,149 | 2017/8/31 |
| 6 | 391,149 | 2017/9/30 |
| 7 | 391,149 | 2017/10/31 |
| 8 | 76,519 | 2017/11/30 |
| 9 | | 2017/12/31 |
| 合计 | 2,814,561 | |

付款需以项目为单位进行，每期实际付款金额可能与计划金额略有偏差。
以上条款需严格保密，不得对第三方透露，若违反此约定，我司有权撤回此还款计划。
如果我司此前曾向贵司出具还款计划书的，原计划书作废，以本还款计划书为准。

乐视移动智能信息技术（北京）有限公司

2017 年　　4 月　　14 日

乐视控股（北京）有限公司 同意对 乐视移动智能信息技术（北京）有限公司 对前述还款计划书的履行承担一般保证责任。担保生效日期为2017年8月1日，保证期间为自还款计划书约定的应付款项到期日起六个月

乐视控股（北京）有限公司

2017 年　　4 月　　14 日

# 还款计划书

中山市三维陈列展示用品有限公司：

针对贵司欠款还款计划如下：

| 计划一：乐视移动在2017年6月底前外部融资到位前提下还款计划 | | |
|---|---|---|
| 进度 | 金额（元） | 还款时间 |
| 1 | 318,458 | 2017/4/14 |
| 2 | 318,458 | 2017/5/31 |
| 3 | 803,287 | 2017/6/30 |
| 4 | 803,287 | 2017/7/31 |
| | | |
| 合计 | 2,243,490 | |

| 计划二：最低保障还款计划 | | |
|---|---|---|
| 进度 | 金额（元） | 还款时间 |
| 1 | 318,458 | 2017/4/14 |
| 2 | 318,458 | 2017/5/31 |
| 3 | 318,458 | 2017/6/30 |
| 4 | 318,458 | 2017/7/31 |
| 5 | 318,458 | 2017/8/31 |
| 6 | 318,458 | 2017/9/30 |
| 7 | 318,458 | 2017/10/31 |
| 8 | 14,283 | 2017/11/30 |
| 9 | | 2017/12/31 |
| 合计 | 2,243,490 | |

付款需以项目为单位进行，每期实际付款金额可能与计划金额略有偏差。
以上条款需严格保密，不得对第三方透露，若违反此约定，我司有权撤回此还款计划。
如果我司此前曾向贵司出具还款计划书的，原计划书作废，以本还款计划书为准。

乐视移动智能信息技术（北京）有限公司

2017 年　4 月　14 日

乐视控股（北京）有限公司 同意对 乐视移动智能信息技术（北京）有限公司 对前述还款
计划书的履行承担一般保证责任。担保生效日期为2017年8月1日，保证期间为自还款计划
书约定的应付款项到期日起六个月

乐视控股（北京）有限公司

2017 年　4 月　14 日

# 还款计划书

重庆朝鸣广告传媒有限公司：

针对贵司欠款还款计划如下：

| 计划一：乐视移动在2017年6月底前外部融资到位前提下还款计划 | | |
|---|---|---|
| 进度 | 金额（元） | 还款时间 |
| 1 | 41,673 | 2017/4/14 |
| 2 | 41,673 | 2017/5/31 |
| 3 | 107,129 | 2017/6/30 |
| 4 | 107,129 | 2017/7/31 |
| 合计 | 297,602 | |

| 计划二：最低保障还款计划 | | |
|---|---|---|
| 进度 | 金额（元） | 还款时间 |
| 1 | 41,673 | 2017/4/14 |
| 2 | 41,673 | 2017/5/31 |
| 3 | 41,673 | 2017/6/30 |
| 4 | 41,673 | 2017/7/31 |
| 5 | 41,673 | 2017/8/31 |
| 6 | 41,673 | 2017/9/30 |
| 7 | 41,673 | 2017/10/31 |
| 8 | 5,894 | 2017/11/30 |
| 9 | | 2017/12/31 |
| 合计 | 297,602 | |

付款需以项目为单位进行，每期实际付款金额可能与计划金额略有偏差。
以上条款需严格保密，不得对第三方透露，若违反此约定，我司有权撤回此还款计划。
如果我司此前曾向贵司出具还款计划书的，原计划书作废，以本还款计划书为准。

乐视移动智能信息技术（北京）有限公司

2017 年    4 月    14 日

乐视控股（北京）有限公司 同意对 乐视移动智能信息技术（北京）有限公司 对前述还款
计划书的履行承担一般保证责任。担保生效日期为2017年8月1日，保证期间为自还款计划
书约定的应付款项到期日起六个月

乐视控股（北京）有限公司

2017 年    4 月    14 日

# 还款计划书

重庆圣世天鸿广告有限公司：

　　针对贵司欠款还款计划如下：

| 进度 | 金额（元） | 还款时间 |
|---|---|---|
| 1 | 73,321 | 2017.1.15日 |
| 2 | 73,321 | 2017.2.15日 |
| 3 | 73,321 | 2017.3.15日 |
| 4 | 73,321 | 2017.4.15日 |
| 5 | 73,321 | 2017.5.15日 |
| 合计 | 366,603 | |

付款需以项目为单位进行，每期实际付款金额可能与计划金额略有偏差。
以上条款需严格保密，不得对第三方透露，若违反此约定，我司有权撤回此还款计划。

乐视移动智能信息技术（北京）有限公司



年　　　　月　　　　日

# 还款计划书

深圳市巨意鸿联广告有限公司：

针对贵司欠款还款计划如下：

| 计划一：乐视移动在2017年6月底前外部融资到位前提下还款计划 | | |
|---|---|---|
| 进度 | 金额（元） | 还款时间 |
| 1 | 322,767 | 2017/4/14 |
| 2 | 322,767 | 2017/5/31 |
| 3 | 843,663 | 2017/6/30 |
| 4 | 843,663 | 2017/7/31 |
| | | |
| 合计 | 2,332,859 | |

| 计划二：最低保障还款计划 | | |
|---|---|---|
| 进度 | 金额（元） | 还款时间 |
| 1 | 322,767 | 2017/4/14 |
| 2 | 322,767 | 2017/5/31 |
| 3 | 322,767 | 2017/6/30 |
| 4 | 322,767 | 2017/7/31 |
| 5 | 322,767 | 2017/8/31 |
| 6 | 322,767 | 2017/9/30 |
| 7 | 322,767 | 2017/10/31 |
| 8 | 73,492 | 2017/11/30 |
| 9 | | 2017/12/31 |
| 合计 | 2,332,859 | |

付款需以项目为单位进行，每期实际付款金额可能与计划金额略有偏差。

以上条款需严格保密，不得对第三方透露；若违反此约定，我司有权撤回此还款计划。

如果我司此前曾向贵司出具还款计划书的，原计划书作废，以本还款计划书为准。

乐视移动智能信息技术（北京）有限公司

2017 年 4 月 14 日

乐视控股（北京）有限公司 同意对 乐视移动智能信息技术（北京）有限公司 对前述还款计划书的履行承担一般保证责任。担保生效日期为2017年8月1日，保证期间为自还款计划书约定的应付款项到期日起六个月

乐视控股（北京）有限公司

2017 年 4 月 14 日

# 还款计划书

石家庄问天广告有限公司：

针对贵司欠款还款计划如下：

| 计划一：乐视移动在2017年6月底前外部融资到位前提下还款计划 | | |
|---|---|---|
| 进度 | 金额（元） | 还款时间 |
| 1 | 234,246 | 2017/4/14 |
| 2 | 234,246 | 2017/5/31 |
| 3 | 637,936 | 2017/6/30 |
| 4 | 637,936 | 2017/7/31 |
| | | |
| 合计 | 1,744,363 | |

| 计划二：最低保障还款计划 | | |
|---|---|---|
| 进度 | 金额（元） | 还款时间 |
| 1 | 234,246 | 2017/4/14 |
| 2 | 234,246 | 2017/5/31 |
| 3 | 234,246 | 2017/6/30 |
| 4 | 234,246 | 2017/7/31 |
| 5 | 234,246 | 2017/8/31 |
| 6 | 234,246 | 2017/9/30 |
| 7 | 234,246 | 2017/10/31 |
| 8 | 104,642 | 2017/11/30 |
| 9 | - | 2017/12/31 |
| 合计 | 1,744,363 | |

付款需以项目为单位进行，每期实际付款金额可能与计划金额略有偏差。

以上条款需严格保密，不得对第三方透露，若违反此约定，我司有权撤回此还款计划。

如果我司此前曾向贵司出具还款计划书的，原计划书作废，以本还款计划书为准。

乐视移动智能信息技术（北京）有限公司

2017 年 4 月 14 日

乐视控股（北京）有限公司 同意对 乐视移动智能信息技术（北京）有限公司 对前述还款计划书的履行承担一般保证责任。担保生效日期为2017年8月1日，保证期间为自还款计划书约定的应付款项到期日起六个月

乐视控股（北京）有限公司

2017 年 4 月 14 日

# 三方债权债务清偿协议

## 补充协议二

**甲方：** 乐视移动智能信息技术（北京）有限公司

住所：【北京市顺义区高丽营镇文化营村北(临空二路 1 号)】

法定代表人：贾跃民

**乙方：** 成都厚石广告有限公司

住所：【成都市青羊区文武路 42 号 18 楼 J 号】

法定代表人：傅航夏

身份证号码：【510211197202281237】

鉴于：

甲乙双方及其他 26 家店建商分别于【2017】年【09】月【13】日和【2017】年【09】月【15】日签署了两份《店建商债权转让协议》，甲乙丙三方分别于【2017】年【09】月【13】日和【2017】年【09】月【18】日签署了《三方债权债务清偿协议》和《三方债权债务清偿协议之补充协议》确定甲方欠乙方共计人民币￥36482784.89 元【大写人民币：叁仟陆佰肆拾捌万贰仟柒佰捌拾肆元捌角玖分】；根据上述协议，26 家店建商已经将自己的债权转移给了乙方，现甲方对乙方的债务已经于 2018 年 09 月 12 日到期。

1、乙方对甲方的债权金额为￥36482784.89 元【大写人民币：叁仟陆佰肆拾捌

万贰仟柒佰捌拾肆元捌角玖分】，明细如下：

| 序号 | "店铺商债权转让协议"后欠款店铺商 | "店铺商债权转让协议"前欠款店铺商 | 未付欠款金额（截止20170915） | 包含需补开发票金额 |
|---|---|---|---|---|
| 1 | | 成都厚石广告有限公司 | 1622569.28 | 0.00 |
| 2 | | 河南和信广告有限公司 | 848646.22 | 0.00 |
| 3 | | 成都卜罗广告有限公司 | 3702336.00 | 298163.24（已开票和验证，协助办理税务局手续和盖章联复印件盖章） |
| 4 | | 长沙臻乐文化传播有限公司 | 3681996.66 | 0.00 |
| 5 | | 海南鸿烽广告有限公司 | 944501.00 | 0.00 |
| 6 | | 内蒙古圣宇广告装饰有限公司 | 1581944.18 | 0.00 |
| 7 | | 成都西典展览展示有限责任公司 | 499018.31 | 0.00 |
| 8 | | 石家庄问天广告有限公司 | 1301286.69 | 0.00 |
| 9 | | 东莞市汉唐广告装饰工程有限公司 | 2362971.30 | 0.00 |
| 10 | | 南宁市羽佳广告有限公司 | 759719.50 | 0.00 |
| 11 | | 重庆朝鸣广告传媒有限公司 | 247595.10 | 0.00 |
| 12 | | 重庆圣世天鸿广告有限公司 | 254082.71 | 0.00 |
| 13 | 成都厚石广告有限公司 | 四川承兴广告装饰工程有限公司 | 64035.00 | 0.00 |
| 14 | | 合肥中汇文化传媒有限公司 | 2723733.94 | 0.00 |
| 15 | | 杭州海德广告有限公司 | 1328644.27 | 0.00 |
| 16 | | 河南鹏辉文化传媒有限公司 | 1707940.93 | 0.00 |
| 17 | | 山东恩百思万装饰工程有限公司 | 2074703.07 | 0.00 |
| 18 | | 杭州永谐广告有限公司 | 681172.49 | 0.00 |
| 19 | | 合肥科瑞艾特广告传媒有限公司 | 1247734.59 | 0.00 |
| 20 | | 浙江狮昊吉嘉文化创意有限公司 | 1065749.07 | 0.00 |
| 21 | | 武汉思纳通广告有限公司 | 924944.25 | 0.00 |
| 22 | | 深圳市巨意鸿联广告有限公司 | 941198.35 | 0.00 |
| 23 | | 武汉朗屹文化传媒有限公司 | 785987.00 | 118304.86（已开票和验证，协助办理税务局手续和盖章联复印件盖章） |
| 24 | | 中山市三维陈列展示用品有限公司 | 1641126.77 | 0.00 |
| 25 | | 德本（北京）展览展示股份有限公司 | 517918.73 | 0.00 |
| 26 | | 杭州宝莱装饰工程有限公司 | 1109731.97 | 0.00 |
| 27 | | 南京龙游万邦广告文化传媒有限公司 | 1861497.51 | 0.00 |
| 合计 | | | 36482784.89 | 0.00 |

2、甲方、乙方保证，所确认债权系合法、真实、有效的债权。

（本页无正文，为《三方债权债务清偿协议补充协议二》之签署页）

注所：

法定代表人：傅

身份证号码：【51

甲方：乐视移动智能信息技术（北京）有限公司

（盖章）

鉴于：

甲乙

年【09】

年【0'

协议

¥3

乙方：成都厚石广告有限公司

（盖章）

# 店建商债权转让协议

**甲方：** 乐视移动智能信息技术（北京）有限公司

住所：【北京市顺义区高丽营镇文化营村北(临空二路 1 号)】

法定代表人：贾跃民

**乙方：** 成都厚石广告有限公司

住所：【成都市青羊区文武路 42 号 18 楼 J 号】

法定代表人：傅航夏

身份证号码：【510211197202281237】

**丙方 1：** 河南和�***广告有限公司

**丙方 2：** 成都卜罗广告有限公司

**丙方 3：** 长沙臻乐文化传播有限公司

**丙方 4：** 海南鸿烽广告有限公司

**丙方 5：** 内蒙古圣宇广告装饰有限公司

**丙方 6：** 成都西典展览展示有限责任公司

**丙方 7：** 石家庄问天广告有限公司

**丙方 8：** 东莞市汉唐广告装饰工程有限公司

**丙方 9：** 南宁市羽佳广告有限公司

**丙方 10：** 重庆朝鸣广告传媒有限公司

**丙方 11：** 重庆圣世天鸿广告有限公司

**丙方 12：** 四川承兴广告装饰工程有限公司

1

（本页无正文，为《三方债权债务转移协议》之签署页）

甲方：乐视移动智能信息技术（北京）有限公司

签章：

乙方：成都厚石广告有限公司

签章：



丙方：

签章：



4

# 店建商债权转让协议

**甲方：** 乐视移动智能信息技术（北京）有限公司

住所：【北京市顺义区高丽营镇文化营村北(临空二路 1 号)】

法定代表人：贾跃民

**乙方：** 成都厚石广告有限公司

住所：【成都市青羊区文武路 42 号 18 楼 J 号】

法定代表人：傅杭夏

身份证号码：【5102111197202281237】

**丙方 1：** 杭州狮昊吉嘉文化创意有限公司

**丙方 2：** 武汉思纳通广告有限公司

**丙方 3：** 深圳市巨意鸿联广告有限公司

**丙方 4：** 武汉朗屹文化传媒有限公司

**丙方 5：** 中山市三维陈列展示用品有限公司

**丙方 6：** 德本（北京）展览展示股份有限公司

**丙方 7：** 杭州宝莱装饰工程有限公司

**丙方 8：** 南京龙游万邦广告文化传媒有限公司

（以上合称丙方）

鉴于：

各方于【2017】年【09】月【15】日进行了确认，确认了双方的权利义务，经结算，甲方欠丙方和乙方共计人民币￥8848153.65【大写人民币：捌佰捌拾肆

1

7、本协议文本一式伍份，各方各执壹份，每份具有同等法律效力。

（以下无正文，为《三方债权债务转移协议》之签署页）

甲方：乐视移动智能信息技术（北京）有限公司

签章：




乙方：成都厚石广告有限公司

签章：



3

# 还款计划书

武汉朗屹文化传媒有限公司：

针对贵司欠款还款计划如下：

| 计划一：乐视移动在2017年6月底前外部融资到位前提下还款计划 | | |
|---|---|---|
| 进度 | 金额（元） | 还款时间 |
| 1 | 149,640 | 2017/4/14 |
| 2 | 149,640 | 2017/5/31 |
| 3 | 384,876 | 2017/6/30 |
| 4 | 384,876 | 2017/7/31 |
| | | |
| 合计 | 1,069,031 | |

| 计划二：最低保障还款计划 | | |
|---|---|---|
| 进度 | 金额（元） | 还款时间 |
| 1 | 149,640 | 2017/4/14 |
| 2 | 149,640 | 2017/5/31 |
| 3 | 149,640 | 2017/6/30 |
| 4 | 149,640 | 2017/7/31 |
| 5 | 149,640 | 2017/8/31 |
| 6 | 149,640 | 2017/9/30 |
| 7 | 149,640 | 2017/10/31 |
| 8 | 21,553 | 2017/11/30 |
| 9 | | 2017/12/31 |
| 合计 | 1,069,031 | |

付款需以项目为单位进行，每期实际付款金额可能与计划金额略有偏差。
以上条款需严格保密，不得对第三方透露，若违反此约定，我司有权撤回此还款计划。
如果我司此前曾向贵司出具还款计划书的，原计划书作废，以本还款计划书为准。

乐视移动智能信息技术（北京）有限公司

2017 年 4 月 14 日

乐视控股（北京）有限公司 同意对 乐视移动智能信息技术（北京）有限公司 对前述还款
计划书的履行承担一般保证责任。担保生效日期为2017年8月1日，保证期间为自还款计划
书约定的应付款项到期日起六个月

乐视控股（北京）有限公司

2017 年 4 月 10 日

# 还款计划书

武汉惠纳通广告有限公司：

针对贵司欠款还款计划如下：

| 计划一：乐视移动在2017年6月底前外部融资到位前操下还款计划 | | |
|---|---|---|
| 进度 | 金额（元） | 还款时间 |
| 1 | 241,481 | 2017/4/14 |
| 2 | 241,481 | 2017/5/31 |
| 3 | 662,604 | 2017/6/30 |
| 4 | 662,604 | 2017/7/31 |
| | | |
| 合计 | 1,808,170 | |

| 计划二：最低保障还款计划 | | |
|---|---|---|
| 进度 | 金额（元） | 还款时间 |
| 1 | 241,481 | 2017/4/14 |
| 2 | 241,481 | 2017/5/31 |
| 3 | 241,481 | 2017/6/30 |
| 4 | 241,481 | 2017/7/31 |
| 5 | 241,481 | 2017/8/31 |
| 6 | 241,481 | 2017/9/30 |
| 7 | 241,481 | 2017/10/31 |
| 8 | 117,804 | 2017/11/30 |
| 9 | | 2017/12/31 |
| 合计 | 1,808,170 | |

付款需以项目为单位进行，每期实际付款金额可能与计划金额略有偏差。
以上条款需严格保密，不得对第三方透露，若违反此约定，我司有权撤回此还款计划。
如果我司此前曾向贵司出具还款计划书的，原计划书作废，以本还款计划书为准。

乐视移动智能信息技术（北京）有限公司

2017 年    4 月    14 日

乐视控股（北京）有限公司 同意对 乐视移动智能信息技术（北京）有限公司 对前述还款
计划书的履行承担一般保证责任。担保生效日期为2017年8月1日，保证期间为自还款计划
书约定的应付款项到期日起六个月

乐视控股（北京）有限公司

2017 年    4 月    14 日

# 还款计划书

德本(北京)展览展示工程股份有限公司：

针对贵司欠款还款计划如下：

| 计划一：乐视移动在2017年6月底前外部融资到位前提下还款计划 | | |
|---|---|---|
| 进度 | 金额（元） | 还款时间 |
| 1 | 98,177 | 2017/4/14 |
| 2 | 98,177 | 2017/5/31 |
| 3 | 253,633 | 2017/6/30 |
| 4 | 253,633 | 2017/7/31 |
|  |  |  |
| 合计 | 703,620 |  |

| 计划二：最低保障还款计划 | | |
|---|---|---|
| 进度 | 金额（元） | 还款时间 |
| 1 | 98,177 | 2017/4/14 |
| 2 | 98,177 | 2017/5/31 |
| 3 | 98,177 | 2017/6/30 |
| 4 | 98,177 | 2017/7/31 |
| 5 | 98,177 | 2017/8/31 |
| 6 | 98,177 | 2017/9/30 |
| 7 | 98,177 | 2017/10/31 |
| 8 | 16,383 | 2017/11/30 |
| 9 |  | 2017/12/31 |
| 合计 | 703,620 |  |

付款需以项目为单位进行，每期实际付款金额可能与计划金额略有偏差。

以上条款需严格保密，不得对第三方透露，若违反此约定，我司有权撤回此还款计划。

如果我司此前曾向贵司出具还款计划书的，原计划书作废，以本还款计划书为准。

乐视移动智能信息技术（北京）有限公司

2017 年  4  月  14  日

乐视控股（北京）有限公司 同意对 乐视移动智能信息技术（北京）有限公司 对前述还款计划书的履行承担一般保证责任。担保生效日期为2017年8月1日，保证期间为自还款计划书约定的应付款项到期日起六个月

乐视控股（北京）有限公司

2017 年  4  月  14  日

# EXHIBIT 2

| United States Bankruptcy Court for the Central District Of California - Los Angeles Division | Your Mail ID is | 159209883 |
|---|---|---|

| | For Court Use Only | |
|---|---|---|
| **Name of Debtor:** Yueting Jia | Claim Number: | 0000020016 |
| **Case Number:** 19-24804 | File Date: | 01/18/2020 21:41:29 |

# Proof of Claim (Official Form 410)

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case.  With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.  18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.  That date is on the notice of bankruptcy (Form 309) that you received.**

04/19

| **Part 1:** | **Identify the Claim** |
|---|---|

**1.    Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim):  COQ TENGJUN INVESTMENT  (H.Z)(L.P)

Other names the creditor used with the debtor: _____

**2.    Has this claim been acquired from someone else?**  ☑No  ☐ Yes.  From whom? _____

**3.    Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name    COQ TENGJUN INVESTMENT  (H.Z)(L.P) | Name    _____ |
| Address    ROOM 5701,BLOCK B, | Address    _____ |
|            CHINA WORLD TRADE CENTER TOWER III, |            _____ |
|            NO.1 JIANGUOMENWAI STREET,CHAOYANG DISTR |            _____ |
| City    BEIJING 100020 | City    _____ |
| State _____ ZIP Code 100020 | State _____ ZIP Code _____ |
| Country (if International):  CHINA | Country (if International): _____ |
| Phone: _____ | Phone: _____ |
| Email: _____ | Email: _____ |

| **4. Does this claim amend one already filed?** | **5. Do you know if anyone else has filed a proof of claim for this claim?** |
|---|---|
| ☐ No | ☑ No |
| ☑ Yes. | ☐ Yes. |
| | Who made the earlier filing? |
| Claim number on court claims register (if known) _____ | |
| Filed on _____ | _____ |
| MM / DD / YYYY | |

Page 1 of 3

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes.

Last 4 digits of the debtor's account or any number you use to identify the debtor:

____  ____  ____  ____

**7. How much is the claim?**

$ 33,931,508.93    unliquidated

**Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

_____
Litigation
_____

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe:

_____

**Basis for perfection:**

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                          $_____

Amount of the claim that is secured:    $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:  $_____

Annual Interest Rate (when case was filed)  _____%
☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of petition.**

$_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a)
(_____) that applies.

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes. **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $_____

**Part 3:   Sign Below**

**The person completing this proof of claim must sign and date it.  FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*GUANGHUI XIANG*                                        01/18/2020 21:41:29

Signature                                                                   Date

Provide the name and contact information of the person completing and signing this claim:

| | |
|---|---|
| Name | GUANGHUI, XIANG |
| Address | ROOM 5701, BLOCK B, |
| | CHINA WORLD TRADE CENTER TOWER III, |
| | NO.1 JIANGUOMENWAI STREET, |
| City | BEIJING 100020, CHINA |
| State | |
| | Zip  100020 |
| Country (in international) | |
| Phone | |
| Email | |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA  90067**

A true and correct copy of the foregoing document entitled (*specify)*: **DEBTOR'S NOTICE OF OBJECTION AND OBJECTION TO CLAIMS THAT LACK SUPPORTING DOCUMENTATION; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF LUETIAN SUN IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **April 2, 2020,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **April 2, 2020,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

United States Bankruptcy Court
Central District of California
Attn:  Hon. Vincent Zurzolo
Edward R. Roybal Federal Bldg./Courthouse
255 East Temple Street, Suite 1360
Los Angeles, CA  90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| April 2, 2020    Nancy H. Brown | | /s/ *Nancy H. Brown* |
| *Date*              *Printed Name* | | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                        **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:328782.1 46353/002

## SERVICE INFORMATION FOR CASE NO. 2:19-bk-24804-VZ

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

- Tanya Behnam    tbehnam@polsinelli.com, tanyabehnam@gmail.com
- Jerrold L Bregman    ecf@bg.law, jbregman@bg.law
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Stephen D Finestone    sfinestone@fhlawllp.com
- Richard H Golubow    rgolubow@wghlawyers.com, pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
- Alexandra N Krasovec    krasovec.alexandra@dorsey.com, claridge.vanessa@dorsey.com
- Ben H Logan    blogan@omm.com
- Robert S Marticello    Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- David W. Meadows    david@davidwmeadowslaw.com
- John A Moe    john.moe@dentons.com, glenda.spratt@dentons.com
- Kelly L Morrison    kelly.l.morrison@usdoj.gov
- Malhar S Pagay    mpagay@pszjlaw.com, bdassa@pszjlaw.com
- Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- Victor A Sahn    vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com
- Randye B Soref    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- Benjamin Taylor    btaylor@taylorlawfirmpc.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Felix T Woo    fwoo@ftwlawgroup.com, admin@ftwlawgroup.com
- Claire K Wu    ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com
- Emily Young    pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
- David B Zolkin    dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

DOCS_LA:328782.1 46353/002

**F 9013-3.1.PROOF.SERVICE**