| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>Richard M. Pachulski (CA Bar No. 90073)<br>Jeffrey W. Dulberg (CA Bar No. 181200)<br>Malhar S. Pagay (CA Bar No. 189289)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Boulevard, 13th Floor<br>Los Angeles, CA  90067<br>Telephone:  310/277-6910<br>Facsimile:  310/201-0760<br>Email: rpachulski@pszjlaw.com<br>        jdulberg@pszjlaw.com<br>        mpagay@pszjlaw.com<br><br>☒ *Attorney for:* Debtor | FOR COURT USE ONLY |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>YUETING JIA,<br><br>                    Debtor(s). | CASE NO.: 2:19-bk-24804-VZ<br><br>CHAPTER: 11<br><br>**NOTICE OF OBJECTION TO CLAIM**<br><br>DATE:  May 7, 2020<br>TIME:   1:30 p.m.<br>COURTROOM: 1368<br>PLACE: 255 East Temple Street<br>          Los Angeles, CA  90012 |

1.  TO *(specify claimant and claimant's counsel, if any)*:   Beijing Jiaxin Tengda Inf Consulting Co.

2.  NOTICE IS HEREBY GIVEN that the undersigned has filed an objection to your Scheduled Claim #220000060 filed in the above referenced case. The Objection to Claim seeks to alter your rights by disallowing, reducing or modifying the claim based upon the grounds set forth in the objection, a copy of which is attached hereto and served herewith.

3.  **Deadline for Opposition Papers**: You must file and serve a response to the Objection to Claim not later than 14 days prior to the hearing date set forth above.

    **IF YOU FAIL TO TIMELY RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.**

Date:   April 2, 2020

PACHULSKI STANG ZIEHL & JONES LLP
Printed name of law firm

*/s/ Malhar S. Pagay*
Signature

Date Notice Mailed: April 2, 2020

Malhar S. Pagay
Printed name of attorney for objector

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                         Page 1                     **F 3007-1.1.NOTICE.OBJ.CLAIM**
DOCS_LA:328691.1 46353/002

1  Richard M. Pachulski (CA Bar No. 90073)
   Jeffrey W. Dulberg (CA Bar No. 181200)
2  Malhar S. Pagay (CA Bar No. 189289)
   PACHULSKI STANG ZIEHL & JONES LLP
3  10100 Santa Monica Blvd., 13th Floor
   Los Angeles, CA  90067
4  Telephone: 310/277-6910
   Facsimile: 310/201-0760
5  Email:    rpachulski@pszjlaw.com
              jdulberg@pszjlaw.com
6              mpagay@pszjlaw.com

7  Attorneys for Debtor and Debtor in Possession

8

9                    UNITED STATES BANKRUPTCY COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11                        LOS ANGELES DIVISION

12  In re:                              Case No.: 2:19-bk-24804-VZ

13  YUETING JIA,[1]                     Chapter 11

14                        Debtor.       **DEBTOR'S NOTICE OF OMNIBUS**
                                        **OBJECTION AND OMNIBUS OBJECTION**
15                                      **FOR AN ORDER DISALLOWING**
                                        **DUPLICATE CLAIMS; MEMORANDUM OF**
16                                      **POINTS AND AUTHORITIES AND**
                                        **DECLARATION OF LUETIAN SUN IN**
17                                      **SUPPORT THEREOF**

18                                      **This Objection Affects The Following Claimants:**
19                                      **Beijing Huaxing Mobile Asset Mgt Center, Claim 27**
                                        (Duplicate of Claim 20023)
20                                      **Beijing Jiaxin Tengda Information Consulting Co.,**
                                        **Ltd., Scheduled Claim 220000060** (Duplicate of Claim
21                                      20019)
                                        **China Soft Growing Invest Wuxi Partshp, Claim 61**
22                                      (Duplicate of Claim 19)
                                        **Chongqing LeTV Commercial Factoring Co., Ltd.,**
23                                      **Claims 21** and **24** (Duplicates of Claim 20015)
                                        **E-Town Intl Holding (HK) Co Ltd., Claim 16**
24                                      (Duplicate of Claim 20017)
                                        **Honghu Da, Claim 6** (Duplicate of Claim 20008)
25                                      **Huizhou Speed Secondcurve Management LP, Claim**
                                        **20002** (Duplicate of Claim 20001)
26                                      **Jiangyin Hailan Invest. Holding Co. Ltd., Claim**
                                        **20009** (Duplicate of Claim 7)
27                                      **Linfen Investment Group Co., Ltd., Scheduled Claim**

28
---
[1] The last four digits of the Debtor's federal tax identification number are 8972. The Debtor's mailing address is
91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**220000540** (Duplicate of Claim 30)

**Nanchang O-Film Photoelectric Technology Co., Ltd, Claim 38** (Duplicate of Claim 33)

**O-Film Global (HK) Trading Limited, Claim 34** (Duplicate of Claim 33)

**O-Film Global (HK) Trading Limited, Claim 37** (Duplicate of Claim 33)

**Pingan Bank Co Ltd Beijing Branch, Claim 20041** (Duplicate of Claim 20036)

**Shenzhen Yingda Capital Management Co., Scheduled Claim 220000860** (Duplicate of Claim 20034)

**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 42** (Duplicate of Claim 20027)

**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 43** (Duplicate of Claim 20029)

**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 44** (Duplicate of Claim 20030)

**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 45** (Duplicate of Claim 20031)

**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 46** (Duplicate of Claim 20032)

**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 47** (Duplicate of Claim 20039)

**Tianjin Yingxin Xinheng Investment Consulting Co., Ltd., Claim 28** (Duplicate of Claim 20020)

**Weihua Qiu, Scheduled, Claim 220000960** (Duplicate of Claim 12)

**Weihua Qiu, Claim 39** (Duplicate of Claim 12)

**Western Securities Co., Ltd., Claim 32** (Duplicate of Claim 20028)

**Wuxi Leyike Investment Enterprise, Claim 20025** (Duplicate of Claim 20007)

**Xizang Jinmeihua Investment Co., Ltd., Scheduled Claim 220001030** (Duplicate of Claim 29)

Date:    May 7, 2020
Time:    1:30 p.m.
Place:   Courtroom 1368
        Roybal Federal Building
        255 E. Temple Street
        Los Angeles, California 90012

Judge:   Hon. Vincent P. Zurzolo

    **PLEASE TAKE NOTICE** that, on May 7, 2020, beginning at 1:30 p.m. (Pacific Time), or as soon thereafter as counsel may be heard before the Hon. Vincent P. Zurzolo, in Courtroom 1368 of the Edward R. Roybal Federal Building and Courthouse, located at 255 E. Temple Street, Los Angeles, California 90012, pursuant to the *Order (I) Approving the Fourth Amended Disclosure Statement; (II) Approving the Voting Procedures and Tabulation Procedures; (III) Setting the Date*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

*and Time for the Confirmation Hearing and Related Deadlines; (IV) Waiving Certain Local Rules and Procedures Related to the Timing and Approval of the Fourth Amended Disclosure Statement and Confirmation of the Third Amended Plan; and (V) Granting Related Relief* [Docket No. 485] (the "Disclosure Statement Order"), which provides, in pertinent part, that if the Debtor has served an objection or request for estimation as to a claim by April 2, 2020, such claim shall be temporarily disallowed for voting purposes only (and not for purposes of allowance or distribution), except to the extent and in the manner as may be set forth in such objection or as ordered by the Court before the voting deadline, i.e., April 30, 2020 at 4:00 p.m. (Beijing Time),[2] Yueting Jia (the "Debtor" or "YT"), debtor and debtor in possession herein, hereby objects to and moves to disallow (the "Objection") the claims (the "Duplicate Claims") listed below in the column entitled "Duplicate Claims to Be Disallowed" filed by the listed claimants (the "Claimants") on the grounds that the Duplicate Claims are identical to those claims listed in the column entitled "Surviving Claims." The Debtor requests that the Court take judicial notice of both the Duplicate Claims to Be Disallowed and the Surviving Claims, which are annexed as Exhibits 1-27 to the Request for Judicial Notice (the "RFJN"), filed concurrently herewith.

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Beijing Huaxing Mobile Asset Mgt Center | 27 | 20023 | Duplicate Claim | 1 |
| Beijing Jiaxin Tengda Information Consulting Co., Ltd. | 220000060 (scheduled claim) | 20019 | Creditor, Beijing Jiaxin Tengda Information Consulting Co., Ltd., also uses the name Jiaxindechuang BJ Tech Group Co Ltd. The Debtor scheduled Beijing Jixain Tengda Information Consulting Co., Ltd. in the amount of $1,458,406. However, the creditor asserted the same debt using the name Jiaxindechuang BJ Tech Group Co Ltd. in filed claim number 20019 in | 2 |

---

[2] Disclosure Statement Order, 6 at ¶ 17(e).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
|  |  |  | the amount of $1,975,674.74, and, consequently, has received two separate ballots to vote a single debt in connection with the Debtor's Plan. The filed proof of claim should supersede the scheduled claim despite the difference in names. |  |
| China Soft Growing Invest Wuxi Partshp | 61 | 19 | Duplicate Claim | 3 |
| Chongqing LeTv Commercial Factoring LLC | 21 | 20015 | Duplicate Claim | 4 |
| Chongqing LeTv Commercial Factoring LLC | 24 | 20015 | Duplicate Claim | 5 |
| E-Town Intl Holding (HK) Co Ltd | 16 | 20017 | Duplicate Claim | 6 |
| Honghu Da | 6 | 20008 | Duplicate Claim | 7 |
| Huizhou Speed Secondcurve Management LP, | 20002 | 20001 | Duplicate Claim | 8 |
| Jiangyin Hailan Invest Holding Co Ltd. | 20009 | 7 | Creditor, Jiangyin Hailan Invest Holding Co. Ltd. filed Claim 20009 in the amount of $89,635,814.27, however, the back-up attached to Claim 20009 totals $69,635,814.27, which amount is duplicative of Claim 7. Therefore, Claim 20009 should be disallowed. | 9 |
| Linfen Investment Group Co. Ltd. | 220000540 | 30 | This creditor filed a proof of claim for the same debt under a similar but different name (Linfen Investment Construction Development Co. Ltd.) and, consequently, received ballots for both scheduled and filed claims. The filed proof of claim should supersede the scheduled claim and, with respect | 10 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| | | | to the Plan, the amount to be voted on account of the scheduled claim should be disallowed. | |
| Nanchang OFilm Photoelectric Tech Co Ltd. | 38 | 33 | Duplicate Claim | 11 |
| O-Film Global (HK) Trading Limited | 34 | 33 | The creditor, in its complaint against the Debtor, describes it and Nanchang OFilm Photoelectric Tech Co Ltd. as sister companies and co-plaintiffs. The lawsuit asserts a single claim of $24,095,428.00 against the Debtor. Accordingly, multiple claims asserted in the same amount are duplicative. | 12 |
| O'Film Global (HK) Trading Limited | 37 | 33 | Duplicate Claim | 13 |
| Pingan Bank Co Ltd Beijing Branch | 20041 | 20036 | Duplicate Claim | 14 |
| Shenzhen Yingda Capital Management Co. | 220000860 | 20034 | This creditor inadvertently received ballots both for scheduled and filed claims, so the amount to be voted on account of the scheduled claim should be disallowed. | 15 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 42 | 20027 | Duplicate Claim | 16 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 43 | 20029 | Duplicate Claim | 17 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 44 | 20030 | Duplicate Claim | 18 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 45 | 20031 | Duplicate Claim | 19 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 46 | 20032 | Duplicate Claim | 20 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 47 | 20039 | Duplicate Claim | 21 |
| Tianjin Yingxin Xinheng Investment | 28 | 20020 | Duplicate Claim | 22 |

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Consulting Co. Ltd. | | | | |
| Weihua Qiu | 220000960 (scheduled claim) | 12 | This creditor inadvertently received ballots both for scheduled and filed claims, so the amount to be voted on account of the scheduled claim should be disallowed. | 23 |
| Weihua Qiu | 39 | 12 | Duplicate claim | 24 |
| Western Securities Co., Ltd. | 32 | 20028 | Duplicate Claim | 25 |
| Wuxi Leyike Investment Enterprise | 20025 | 20007 | Duplicate Claim | 26 |
| Xizang Jinmeihua Investment Co., Ltd. | 220001030 (scheduled claim) | 29 | In Chinese, Tibet is called Xizang. The creditor filed its claim using the name Tibet Jinmeihua Investment Co. Ltd. and, consequently, has received two separate ballots to vote a single debt in connection with the Debtor's Plan. The filed proof of claim should supersede the scheduled claim despite the difference in names. | 27 |

        True and correct copies of the Claims are attached to the Notices of Objection to Claims,

which have been served on each claimant, attaching their corresponding claim(s).

        **PLEASE TAKE FURTHER NOTICE** that the Objection has been served upon the

Claimants and all parties entitled thereto and is based upon the supporting Memorandum of Points

and Authorities and Declaration of Luetian Sun, the statements, arguments and representations of

counsel who appear at the hearing regarding the Objection, the files and records in the above-

captioned case, any evidence properly before the court prior to or at the hearing regarding the

Objection and all matters of which the court may properly take judicial notice.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(f), responses to the Objection must be filed with the Court and served upon the Debtor's counsel at the address in the upper left-hand corner of this Objection **no later than fourteen (14) days prior to the hearing date**.  Responses must contain a written statement of all reasons why the Objection is opposed and must include declarations and copies of all documentary evidence on which the responding party intends to rely.  Responses must be filed either electronically or at the following location:

United States Bankruptcy Court
Attention:  Clerk's Office
255 E. Temple Street
Los Angeles, CA 90012

**IF YOU DO NOT OPPOSE THE OBJECTION YOU DO NOT NEED TO FILE ANY PAPERS, SIGN ANY FURTHER AGREEMENTS OR TAKE ANY FURTHER ACTION.**

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(f), the failure to timely file and serve written opposition may be deemed by the Court to be consent to the granting of the relief requested in the Objection.

**PLEASE TAKE FURTHER NOTICE** that if a response is timely filed and served upon the Debtor's counsel, the Court, in its discretion, may treat the initial hearing as a status conference if it determines that the Objection involves disputed factual issues or will require presentation of substantial evidence or argument.

**WHEREFORE,** the Debtor respectfully requests that the Court enter an order (i) sustaining the Objection; (ii) disallowing the Duplicate Claims in their entirety; and (iii) granting the Debtor such other and further relief as may appropriate under the circumstances.

Dated:    April 2, 2020

PACHULSKI STANG ZIEHL & JONES LLP

By    */s/ Malhar S. Pagay*
Richard M. Pachulski
Jeffrey W. Dulberg
Malhar S. Pagay

Counsel for Debtor and Debtor in
Possession

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## JURISDICTION

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are sections 102, 105 and 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), and Rules 3007 and 3018(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## II.

## BACKGROUND

**A.    Commencement of the Chapter 11 Case**

On October 14, 2019 (the "Petition Date"), the Debtor commenced this case (the "Chapter 11 Case") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"). The Debtor continues in possession of his property and manages his affairs as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On October 25, 2019, the U.S. Trustee appointed the Official Committee of Unsecured Creditors  pursuant to section 1102(a)(1) of the Bankruptcy Code (the "Committee") [Docket No. 45]. The Committee consists of the following members: (a) Ping An Bank., Ltd. Beijing Branch; (b) China Minsheng Trust Co., Ltd; (c) Shanghai Leyu Chuangye Investment Management Center LP; (d) Jiangyin Hailan Investment Holding Co., Ltd; and (e) Shanghai Qichengyueming Investment Partnership Enterprise.

On November 13, 2019, the Court entered an order setting January 24, 2020, as the general deadline (the "Bar Date") for the filing of proofs of claim or proofs of interest against the Debtor's estate.  In accordance with the Court's Order establishing the Bar Date, notice of the Bar Date was given by mail to the Debtor's creditors and interest holders.

On December 18, 2019, Judge Karen B. Owens of the Delaware Bankruptcy Court transferred the Chapter 11 Case to this Court.

1

**B.**  **Approval of the Debtor's Disclosure Statement**

On March 20, 2020, the Court entered the Disclosure Statement Order, pursuant to which the Court approved the Debtor's *Fourth Amended Disclosure Statement with Respect to Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 465] in respect of the *Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 464] (the "Plan"), and granted other relief.

The Disclosure Statement Order provides, in pertinent part, that if the Debtor has served an objection or request for estimation as to a claim by April 2, 2020, such claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the voting deadline, i.e., April 30, 2020 at 4:00 p.m. (Beijing Time).  Disclosure Statement Order, 6 at ¶ 17(e).

## III.

## ARGUMENT

**A.**  **Procedural Requirements for Objections to Claims**

Bankruptcy Rule 3007 governs the procedure for objections to claims.  It provides as follows: "An objection to an allowance of a claim shall be in writing and filed.  A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant . . . at least thirty days prior to the hearing." Fed. R. Bankr. P. 3007.

Pursuant to Bankruptcy Rule 3007, a copy of the Objection will be mailed to Claimants at the addresses provided by Claimants in the Claims, and, where available and if different from the address provided on the proof of claim, on each Claimant's address registered with the National Enterprise Credit Information Publicity System (http://www.gsxt.gov.cn/index.html), a government-run, national, enterprise credit inquiry system in the People's Republic of China, at least thirty days prior to the hearing date for consideration of the Objection.  Accordingly, by the time of the hearing hereon, the Debtor will have complied with Bankruptcy Rule 3007.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**B.**    **The Court Must Determine the Allowance of a Claim Subject to Objection**

With certain exceptions, section 502(b) of the Bankruptcy Code requires, in relevant part, that if a party in interest objects to a claim, "the Court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that -- (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured …."

**C.**    **Burden of Proof**

All allegations set forth in a properly filed proof of claim are taken as true and, if the allegations set forth all facts necessary to establish a claim and are not self-contradictory, the proof of claim constitutes *prima facie* evidence of the validity and amount of the claim.  11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f).  However, a claimant must attach copies of writings upon which claims are based in order to carry its burden of establishing a *prima facie* case against the debtor. *Hardin v. Gianni (In re King Investments Inc.)*, 219 B.R. 848, 858 (B.A.P. 9th Cir. 1998).  Further, a claim should not be allowed if that claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law.  11 U.S.C. § 502(b)(1).

Once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991), then "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate burden of persuasion is always on the claimant."  *Holm*, 931 F.2d at 623.  In considering an objection to a claim, a bankruptcy court may take judicial notice of the underlying records in a bankruptcy case. *O'Rourke v. Seaboard Surety Co., (In re ER Fergert, Inc.)*, 887 F.2d 955, 957-958 (9th Cir. 1998).

**D.**    **Disallowance for Plan Voting Purposes**

Courts recognize that Bankruptcy Rule 3018(a) permits a party in interest to seek to disallow a claim for voting purposes. Ultimately, the determination of whether to temporarily allow a claim

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

for voting purposes lies within the discretion of the bankruptcy court.  See *Armstrong v. Rushton (In re Armstrong)*, 294 B.R. 344, 354 (B.A.P. 10th Cir. 2003) ("There is no guidance in the Bankruptcy Code to courts as to determine whether to permit the temporary allowance of a claim; it is left to the court's discretion.").  Indeed, courts have broad authority to determine whether to allow or disallow a claim for purposes of voting under Bankruptcy Rule 3018(a). *See, e.g., In re Mangia Pizza Invs., L.P.,* 480 B.R. 669, 679 (Banker. W.D. Tex. 2012); *In re Zolner*, 174 B.R. 629, 633 (Bankr. N.D. Ill. 1994) (noting that a court must exercise its discretion to allow or disallow a claim under Bankruptcy Rule 3018(a) based on reasoned analysis); *In re Goldstein,* 114 B.R. 430, 433 (Bankr. E.D. Pa. 1990); Collier on Bankr. ¶ 9-3018[5] (16th ed. rev. 2012) ("The court, however, regardless of the circumstances, has the discretion to allow or disallow all or part of the claim for voting purposes.").

In some cases noted in the chart below, the Debtor has been advised that a Claimant inadvertently has been provided with multiple ballots to vote on the Debtor's Plan on account of a single debt.  Where that has occurred, the Debtor has requested that the Court disallow one of those Duplicate Claims for voting purposes.

**E.    The Objection and Request for Relief**

In most instances, the Duplicate Claim and the relevant Surviving Claim are the exact same claim in the same amount filed by the Claimant using the same name, and therefore the Duplicate Claim can be disallowed readily.  The chart below provides further explanation for the request for disallowance where the claims may not be exact duplicates of one another, but fall within the Duplicate Claims category that is the subject of this Objection.  For example, slight variations in the name or entity utilized by a Claimant to assert a debt against the Debtor or issues of translation from Chinese to English have required a more careful review to determine that two claims are, in fact, the same.

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Beijing Huaxing Mobile Asset Mgt Center | 27 | 20023 | Duplicate Claim | 1 |
| Beijing Jiaxin Tengda Information Consulting Co., Ltd. | 220000060 (scheduled claim) | 20019 | Creditor, Beijing Jiaxin Tengda Information Consulting Co., Ltd., | 2 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| | | | also uses the name Jiaxindechuang BJ Tech Group Co Ltd.  The Debtor scheduled Beijing Jixain Tengda Information Consulting Co., Ltd. in the amount of $1,458,406.  However, the creditor asserted the same debt using the name Jiaxindechuang BJ Tech Group Co Ltd. in filed claim number 20019 in the amount of $1,975,674.74, and, consequently, has received two separate ballots to vote a single debt in connection with the Debtor's Plan.  The filed proof of claim should supersede the scheduled claim despite the difference in names. | |
| China Soft Growing Invest Wuxi Partshp | 61 | 19 | Duplicate Claim | 3 |
| Chongqing LeTv Commercial Factoring LLC | 21 | 20015 | Duplicate Claim | 4 |
| Chongqing LeTv Commercial Factoring LLC | 24 | 20015 | Duplicate Claim | 5 |
| E-Town Intl Holding (HK) Co Ltd | 16 | 20017 | Duplicate Claim | 6 |
| Honghu Da | 6 | 20008 | Duplicate Claim | 7 |
| Huizhou Speed Secondcurve Management LP, | 20002 | 20001 | Duplicate Claim | 8 |
| Jiangyin Hailan Invest Holding Co Ltd. | 20009 | 7 | Creditor, Jiangyin Hailan Invest Holding Co. Ltd. filed Claim 20009 in the amount of $89,635,814.27, however, the back-up attached to Claim 20009 totals $69,635,814.27, which amount is duplicative of Claim 7. Therefore, Claim 20009 should be disallowed. | 9 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Linfen Investment Group Co. Ltd. | 220000540 | 30 | This creditor filed a proof of claim for the same debt under a similar but different name (Linfen Investment Construction Development Co. Ltd.) and, consequently, received ballots for both scheduled and filed claims.  The filed proof of claim should supersede the scheduled claim and, with respect to the Plan, the amount to be voted on account of the scheduled claim should be disallowed. | 10 |
| Nanchang OFilm Photoelectric Tech Co Ltd. | 38 | 33 | Duplicate Claim | 11 |
| O-Film Global (HK) Trading Limited | 34 | 33 | The creditor, in its complaint against the Debtor, describes it and Nanchang OFilm Photoelectric Tech Co Ltd. as sister companies and co-plaintiffs.  The lawsuit asserts a single claim of $24,095,428.00 against the Debtor.  Accordingly, multiple claims asserted in the same amount are duplicative. | 12 |
| O'Film Global (HK) Trading Limited | 37 | 33 | Duplicate Claim | 13 |
| Pingan Bank Co Ltd Beijing Branch | 20041 | 20036 | Duplicate Claim | 14 |
| Shenzhen Yingda Capital Management Co. | 220000860 | 20034 | This creditor inadvertently received ballots both for scheduled and filed claims, so the amount to be voted on account of the scheduled claim should be disallowed. | 15 |
| Tianjin Jairui Huixin | 42 | 20027 | Duplicate Claim | 16 |

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Corp. Mgt LLC | | | | |
| Tianjin Jairui Huixin Corp. Mgt LLC | 43 | 20029 | Duplicate Claim | 17 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 44 | 20030 | Duplicate Claim | 18 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 45 | 20031 | Duplicate Claim | 19 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 46 | 20032 | Duplicate Claim | 20 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 47 | 20039 | Duplicate Claim | 21 |
| Tianjin Yingxin Xinheng Investment Consulting Co. Ltd. | 28 | 20020 | Duplicate Claim | 22 |
| Weihua Qiu | 220000960 (scheduled claim) | 12 | This creditor inadvertently received ballots both for scheduled and filed claims, so the amount to be voted on account of the scheduled claim should be disallowed. | 23 |
| Weihua Qiu | 39 | 12 | Duplicate claim | 24 |
| Western Securities Co., Ltd. | 32 | 20028 | Duplicate Claim | 25 |
| Wuxi Leyike Investment Enterprise | 20025 | 20007 | Duplicate Claim | 26 |
| Xizang Jinmeihua Investment Co., Ltd. | 220001030 (scheduled claim) | 29 | In Chinese, Tibet is called Xizang. The creditor filed its claim using the name Tibet Jinmeihua Investment Co. Ltd. and, consequently, has received two separate ballots to vote a single debt in connection with the Debtor's Plan. The filed proof of claim should supersede the scheduled claim despite the difference in names. | 27 |

By this Objection, the Debtor simply seeks to have disallowed the Duplicate Claims leaving the Surviving Claims unaffected by this Objection.

## IV.

## **GENERAL RESERVATION OF RIGHTS**

The Debtor expressly reserves the right to amend, modify or supplement this Objection, and to file additional, other, or further objections to any proofs of claim filed in this Chapter 11 Case, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not) against the Debtor, regardless of whether such claims are subject to this Objection. Should one or more of the grounds of objection stated in this Objection be denied, the Debtor reserves his rights to object on other stated grounds or on any other grounds he discovers during the pendency of this Chapter 11 Case. In addition, the Debtor reserves the right to file counterclaims against the holders of any such claims.

## V.

## **NOTICE**

The Debtor will serve copies of this Objection on: (a) the Claimants, (b) the Office of the United States Trustee, (c) counsel to the Committee, and (d) all parties who have requested notices in this Chapter 11 Case pursuant to Bankruptcy Rule 2002.

## VI.

## **CONCLUSION**

WHEREFORE, the Debtor respectfully requests that the Court enter an order granting the relief requested herein and granting the Debtor such other and further relief as is just and proper.

Dated:      April _2_, 2020                    PACHULSKI STANG ZIEHL & JONES LLP


                                               */s/ Malhar S. Pagay*
                                               Richard M. Pachulski
                                               Jeffrey W. Dulberg
                                               Malhar S. Pagay

                                               *Attorneys for Debtor and Debtor in Possession*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**DECLARATION OF LUETIAN SUN**

I, Luetian Sun, declare as follows:

1.      I am one of Debtor's advisors who assist the Debtor with various financial and business matters.  I also have served as Faraday & Future, Inc.'s ("FF") Investor Relations Coordinator since January 2019.  Prior to joining FF, I received a bachelor's degree in civil engineering from Beijing University's School of Civil Engineering and Architecture and a Master of Business Administration degree from the University of California at Riverside.

2.      I am in regular communication with the Debtor's professionals, including legal counsel.

3.      I submit this Declaration (the "Declaration") in support of the Debtor's *Omnibus Objection for an Order Disallowing Duplicate Claims* (the "Objection").

4.      If I were called to testify as a witness in this matter, I could and would competently testify to each of the facts set forth herein.

5.      At the direction of the Debtor, I have reviewed and analyzed the Claims that are the subject of the Objection, and have discussed my findings with both the Debtor and his legal counsel. Based on my analysis, I have determined that the Duplicate Claim are duplicative of other claims and should therefore be disallowed in their entirety.

6.      Also, in order to facilitate notice and service of the Objection, I researched each Claimant's address registered with the National Enterprise Credit Information Publicity System (http://www.gsxt.gov.cn/index.html), a government-run, national, enterprise credit inquiry system in the People's Republic of China.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 2nd day of April, 2020, at Los Angeles        , California.


Luetian Sun
_____
Luetian Sun

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA  90067**

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S NOTICE OF OMNIBUS OBJECTION AND OMNIBUS OBJECTION FOR AN ORDER DISALLOWING DUPLICATE CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF LUETIAN SUN IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **April 2, 2020,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **April 2, 2020,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

United States Bankruptcy Court
Central District of California
Attn:  Hon. Vincent Zurzolo
Edward R. Roybal Federal Bldg./Courthouse
255 East Temple Street, Suite 1360
Los Angeles, CA  90012

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** <u>(state method for each person or entity served)</u>:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 2, 2020 | Nancy H. Brown | | /s/ *Nancy H. Brown* |
|---|---|---|---|
| *Date* | *Printed Name* | | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                          **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:328782.1 46353/002

## SERVICE INFORMATION FOR CASE NO. 2:19-bk-24804-VZ

### 1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)

- Tanya Behnam    tbehnam@polsinelli.com, tanyabehnam@gmail.com
- Jerrold L Bregman    ecf@bg.law, jbregman@bg.law
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Stephen D Finestone    sfinestone@fhlawllp.com
- Richard H Golubow    rgolubow@wghlawyers.com, pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
- Alexandra N Krasovec    krasovec.alexandra@dorsey.com, claridge.vanessa@dorsey.com
- Ben H Logan    blogan@omm.com
- Robert S Marticello    Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- David W. Meadows    david@davidwmeadowslaw.com
- John A Moe    john.moe@dentons.com, glenda.spratt@dentons.com
- Kelly L Morrison    kelly.l.morrison@usdoj.gov
- Malhar S Pagay    mpagay@pszjlaw.com, bdassa@pszjlaw.com
- Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- Victor A Sahn    vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com
- Randye B Soref    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- Benjamin Taylor    btaylor@taylorlawfirmpc.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Felix T Woo    fwoo@ftwlawgroup.com, admin@ftwlawgroup.com
- Claire K Wu    ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com
- Emily Young    pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
- David B Zolkin    dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

DOCS_LA:328782.1 46353/002

**F 9013-3.1.PROOF.SERVICE**

Debtor 1   Yueting Jia                                    Case number (if known)   19-12220 (KBO)

---

| 4.6 | **Beijing Jiaxin Tengda Inf Consulting Co** | | |
|---|---|---|---|
| | Nonpriority Creditor's Name | Last 4 digits of account number | **$1,458,406.00** |
| | 2 Floors, Building B3 Hengtong Business Park, No. 10 Jiuxiangi Chaoyang District Beijing 100016 CHINA | When was the debt incurred? | |

Number Street City State Zip Code

**Who incurred the debt?** Check one

☐ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

■ At least one of the debtors and another

☐ Check if this claim is for a community debt

**Is the claim subject to offset?**

■ No

☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify   **Personal Guarantee**

---

| 4.7 | **Beijing Siwei Equity Investment Mgmt Ctr** | | |
|---|---|---|---|
| | Nonpriority Creditor's Name | Last 4 digits of account number | **$38,041,958.04** |
| | Room 2608,Pengrun Building, No.26 Xiaoyun Road, Chaoyang District Beijing 100016 CHINA | When was the debt incurred? | |

Number Street City State Zip Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

■ At least one of the debtors and another

☐ Check if this claim is for a community debt

**Is the claim subject to offset?**

■ No

☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

■ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify   **Personal Guarantee**

---

| United States Bankruptcy Court for the Central District Of California - Los Angeles Division | | For Court Use Only | |
|---|---|---|---|
| **Name of Debtor:** | Yueting Jia | Claim Number: | 0000020019 |
| **Case Number:** | 19-24804 | File Date: | 01/20/2020 19:55:12 |

# Proof of Claim (Official Form 410)

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

04/19

---

| Part 1: | Identify the Claim |
|---|---|

**1.  Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): Jiaxindechuang BJ Tech Group Co., Ltd.

Other names the creditor used with the debtor: BJ Jiaxintenda Info Consulting Co., Ltd.

**2.  Has this claim been acquired from someone else?**  ☑ No  ☐ Yes.   From whom? _____

**3.  Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name  Jiaxindechuang BJ Tech Group Co., Ltd. | Name _____ |
| Address  Building B3,Universal Business Park | Address _____ |
|  No.10,Jiuxianqiao Road,Chaoyang District |  _____ |
|  |  _____ |
| City  Beijing | City _____ |
| State _____  ZIP Code  100015 | State _____  ZIP Code _____ |
| Country (if International):  China | Country (if International): _____ |
| Phone:  +8618810540056 | Phone: _____ |
| Email:  legal@chinasoftcapital.com | Email: _____ |

| **4. Does this claim amend one already filed?** | **5. Do you know if anyone else has filed a proof of claim for this claim?** |
|---|---|
| ☑ No | ☑ No |
| ☐ Yes. | ☐ Yes. |
| Claim number on court claims register (if known) _____ | Who made the earlier filing? |
| Filed on _____<br>         MM / DD / YYYY | _____ |

Page 1 of 3

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:

____  ____  ____  ____

**7. How much is the claim?**

$ 1,975,674.74  unliquidated

**Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples:  Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.  Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).  Limit disclosing information that is entitled to privacy, such as health care information.

Other Basis
_____

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other.  Describe:
_____

**Basis for perfection:**
_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:  $_____

Amount of the claim that is secured:  $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:  $_____

**Annual Interest Rate** (when case was filed)  _____%
☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of petition.**

$_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes.  Identify the property:
_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a) (_____) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority.  For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes. **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $_____**

| **Part 3:** | **Sign Below** |
|---|---|

**The person completing this proof of claim must sign and date it.  FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

_Liu Yang_                                                      01/20/2020 19:55:12
_____        _____        _____
Signature                                                         Date

**Provide the name and contact information of the person completing and signing this claim:**

Name        Liu Yang
_____

Address     Building B3,Universal Business Park
_____

            No.10,Jiuxianqiao Road,Chaoyang District
_____

_____

City        BeiJing
_____

State                                              100015
_____ Zip _____

Country (in international)      China
_____

Phone       +8618810540056
_____

Email       legal@chinasoftcapital.com
_____

# 借款协议

本《借款协议》（以下简称 **"本协议"**）由以下双方（合称为 **"双方"**，单独称为 **"一方"**）于 2017 年 1 月 18 日在北京市签署：

**出　借　方：北京佳信腾达信息咨询有限公司**

地　　　址：北京市石景山区阜石路 166 号 1 号楼 10 层 1019 室

法定代表人：刘洋

**借　款　方：北京百瑞文化传媒有限公司**

地　　　址：北京市朝阳区姚家园路 105 号乐视大厦 16 层

法定代表人：吴孟

借款方因生产经营需要，拟向出借方申请借款。双方经友好协商，拟定如下条款，以资共同遵守。

## 第1条　借款及用途

出借方拟向借款方提供借款总额为人民币壹仟万元（以美元计价时，汇率按照借款支付全部到账之日中国人民银行公布的人民币对美元汇率中间价为准）（**"借款金额"**）。该借款仅用于借款方经营所需。

## 第2条　借款利率及还款期限

2.1. 双方同意，借款利率为每年百分之十二（12%）（单利）。具体利息计算规则如下：

利息额=借款金额 × 实际借款天数/365×12%

实际借款天数为从借款金额实际全部到账之日（含）起至借款方偿还全部借款金额日（不含）所包含的日历天数。

2.2. 借款期限自借款实际全部发放之日起，至 2017 年 12 月 31 日止，但若双方一

1

致同意，借款方可以提前或推后偿还。

2.3.　　出借方应自本协议签署之日起七（7）个工作日内将借款金额汇至借款方以下银行账户：

户名：北京百瑞文化传媒有限公司

开户行：平安银行北京光华路支行

### 第3条　双方陈述及保证

3.1　　出借方与借款方均为具有完全的、独立的法律地位的法人主体或其他经济组织，双方均具备签署及履行本协议的民事行为和民事权利能力，并无任何正在发生或预期可能发生的，足以影响本协议履行的任何诉争及其他法律事项；双方亦履行了签署本借款协议所需要的公司章程或其他组织性文件所规定的必要批准程序；并进一步承诺签署本协议及履行本协议项下的义务不会违反任何法律、法规，其公司章程或其他组织性文件，亦不违反其签订或对其有约束力的任何合同和协议的规定。

3.2　　出借方须按照本协议规定期限将借款出借给借款方，借款方须按照本协议规定的用途使用借款，不得挪作他用，并按照本协议约定借款期限偿还借款金额及利息。

### 第4条　其他约定

4.1　　本协议非因不可抗力情况发生，任何一方当事人不得擅自变更或解除协议。一方发生不可抗力，应及时采用书面形式通知其他方并提供证明。

4.2　　本协议经双方一致同意后可以变更或解除。协议解除的，借款方已使用的借款和应付的利息，仍应按本协议的规定偿付。

4.3　　保密：未经双方同意，任一方均不得与任何第三方就本协议的存在、性质、条款及与本协议有关的谈判进行任何形式的讨论，但其律师和其他顾问（包括该等顾问机构的员工）及协议方除外，该等律师和顾问及协议方的关联公司亦应同意接受本保密条款的约束。

4.4 通知：协议方之间的全部通知或通讯，包括但不限于本协议项下所有要约、文件、通知，均应以中文的电子邮件或航空挂号信、快递服务发送。如果通过电子邮件发送的通知或通讯，均应向本协议所列电子邮件地址发出后即为送达；如果以航空挂号信或快递服务发送的所有通知或通讯，则在向本协议所列住址交寄后六个日历日后即视为送达。

4.5 争议的解决方式：协议双方在履行本协议中若发生争议，由双方协商解决。协商不成，任何一方可将争议提交中国国际经济贸易仲裁委员会，根据该委员会届时有效的仲裁规则在北京仲裁，仲裁语言为中文。仲裁裁决应是终局的，对双方均有约束力。

## 第5条　协议的生效条件

本协议自双方签字并盖章之日起生效。本协议正本壹式肆份，双方各执贰份，每份均具有同等法律效力。

（以下无正文）

（本页为《借款协议》之签署页）

北京佳信腾达信息咨询有限公司（公章）　北京百瑞文化传媒有限公司（公章）

签署人（签字）：　　　　　　　　　　签署人（签字）：

签署人职务：　　　　　　　　　　　　签署人职务：

# 补充协议

本《补充协议》（以下简称"**本协议**"）由以下各方于 2017 年 1 月 _18_ 日在（且无论各方于何地注册、营业或办公均视为在）北京签署：

甲方：**FF Global Holdings Ltd. ("FF Global")**

乙方：北京百瑞文化传媒有限公司（"**百瑞文化**"）

丙方：北京佳信腾达信息咨询有限公司（"**投资人**"）

鉴于， FF Global Holdings Ltd.（"**公司**"）在中国境内关联公司**百瑞文化**已于 2017 年 1 月 _18_ 日与**投资人**签署《借款协议》及"Supplementary Agreement"（"**Supplementary Agreement**"），且 FF Global 实际控制人贾跃亭（"**实际控制人**"）已于同日出具《承诺函》（"**境内可转债交易文件**"），约定由**百瑞文化**向**投资人**借款人民币壹仟万元（"**可转债认购金额**"），并在完成全部 ODI 审批（包括但不限于完成发展与改革部门、商务部门、外汇管理部门及/或人民银行等前置程序并取得银行额度等资金出境所需的一切程序，以下简称为"**ODI 审批**"）及资金出境汇至**公司**账户后由**公司**与**投资人**境外 SPV 签署"Convertible Note Purchase Agreement"和"Convertible Promissory Note"（"**境外可转债交易文件**"）（与境内可转债交易文件合称"**可转债交易文件**"）。现各方经协商同意对原可转债交易文件中部分条款作出修订，各方拟定如下条款，以资共同遵守。 

## 第1条 定义与释义

除非本补充协议中另有约定，本补充协议中使用的有关词语应具有原**可转债交易文件**赋予其的含义。

## 第2条 可转债的转换

如果 **FF Global** 在到期日当天或之前发生合格的 A 轮融资（定义如 Convertible Promissory Note 中所述）或者不属于合格的 A 轮融资的股权融资，且 **ODI 审批**完成，则**投资人**可以书面通知 **FF Global** 选择将其持有的可转换债券本金（且不含任何相关的利息）根据**境外可转债交易文件**转换为 **FF Global** 的 A 轮优先股，或者选择在到期日(根据不同的适用情形)要求（1）**百瑞文化**根据《借款协议》偿还借款本金及所产生的利息；或者（2）**FF Global** 根据**境外可转债交易文件**赎回投资人境外

SPV 持有的可转换债券本金及所产生的利息。

为避免歧义，在到期日当天，若 **ODI 审批**仍未完成，**投资人**仍可以书面通知**百瑞文化**，要求**百瑞文化**根据《借款协议》偿还借款本金及所产生的利息。

### 第3条 可转债认购金额及转股折扣

**FF Global** 将根据**投资人**实际支付**可转债认购金额**的时间，给予**投资人**如下转股折扣：

(1) 如果**投资人**在 2017 年 1 月 20 日之前或当日向**百瑞文化**支付**可转债认购金额**，则**投资人**根据**可转债交易文件**享有的 8 折转股优惠应相应调整为 6 折，即 **FF Global** 在到期日当天或之前发生 A 轮融资且 **ODI 审批**完成的，**投资人**可以选择将其持有的可转换债券整体转换为相当于(i)此债券项下未偿还的本金（且不含任何相关的利息）除以(ii)相当于 **FF Global** 在 A 轮融资中发行的股本证券的每股价格的 60%的每股转换价后所得数量的 A 轮优先股或其他该轮发行的股本证券；

(2) 如果**投资人**在 2017 年 1 月 20 日之后向**百瑞文化**支付**可转债认购金额**，则**投资人**根据**可转债交易文件**享有的 8 折转股优惠应相应调整为 7 折，即 **FF Global** 在到期日当天或之前发生 A 轮融资且 **ODI 审批**完成的，**投资人**可以选择将其持有的可转换债券整体转换为相当于(i)此债券项下未偿还的本金（且不含任何相关的利息）除以(ii)相当于 **FF Global** 在 A 轮融资中发行的股本证券的每股价格的 70%的每股转换价后所得数量的 A 轮优先股或其他该轮发行的股本证券。

### 第4条 收益分成

**第4.01款** **FF Global** 及**投资人**均同意，未来**投资人**境外 SPV 将所认购的全部**可转债认购金额**转换为 **FF Global** A 轮股份后，若 **FF Global** 在 A 轮融资完成后五年内未能实现上市（包含在美国或中国合格的证券交易所上市）或被收购以致**投资人**境外 SPV 退出，**FF Global** 及其**实际控制人**保证将在 A 轮融资完成后五年届满之日起 20 个工作日内以年化 12%的单利回购**投资人**境外 SPV 届时持有的 **FF Global** A 轮股票。

**第4.02款** **投资人**承诺并同意，若其将所认购的全部**可转债认购金额**转换为 **FF Global** A 轮股份后，无论通过何种方式完全退出及实现收益（包括但不限于通过向第三方转让 **FF Global** 股票、公开股票市场出售等方式），若**投资人**就该投资处置累计取得超过了三倍于**可转债认购金额**的收入（未免疑义，此处收入应包含投资人的**可转债认购金额**），则**投资人**应当就其获得的超出三倍**可转债认购金额**的部分收入，向





**实际控制人**支付此超出部分收入的 40%。

第4.03款 当**投资人**就前述投资处置累计取得超过了三倍于**可转债认购金额**
的收入时，应当在实现退出收益后 10 个工作日内通知 **FF Global** 或其实际控制人，且
在实际取得退出收益后 20 个工作日按照第 4.01 款条向**实际控制人**支付收入分成。

### 第5条  权利与义务的转移

双方一致同意，在此授予**投资人**一项特别权利，使得**投资人**可以不必征得 **FF
Global** 或其他本轮可转债投资人同意可将其在**可转债交易文件**项下的权利义务转移给
其关联方，若需要 **FF Global** 和/或其他本轮可转债投资人配合签署相关文件，**FF
Global** 在此承诺给予充分配合和/或协调，以使**投资人**顺利完成转移。

### 第6条  其他条款不变

各方确认，除本协议第 2 条至第 5 条所述修改外，原**可转债交易文件**的其他
条款保持不变，各方仍按原条款的约定执行，并受该等条款的约束。本补充协议系原
**可转债交易文件**的组成部分，与**原可转债交易文件**具有同等法律效力，如本补充协议
有与**原可转债交易文件**存在冲突或者不一致之条款，以本补充协议条款为准。

### 第7条  生效及文本

本协议经各方授权代表签署后生效。本协议壹式叁份，各方各持壹份，每份
均具有同等法律效力。

[本行以下无正文]

本协议由各方法定代表人或授权代表于本协议首页所载日期签署如下：



**FF Global Holdings Ltd.**

授权代表（签字）：

北京百瑞文化传媒有限公司（章）

法定代表人或授权代表（签字）：

北京佳信腾达信息咨询有限公司（章）

法定代表人或授权代表（签字）：

# 承诺函

为境外融资之目的，本人实际控制的开曼公司 FF Global Holdings Ltd.（以下简称"FF GLOBAL"）拟向投资人或其在境外的关联方发行可转换债券（以下简称"可转债"）。

为本次可转债发行，FF GLOBAL 的关联公司北京百瑞文化传媒有限公司（以下简称"百瑞文化"）已于 2017 年 1 月 18 日与投资人北京佳信腾达信息咨询有限公司（以下简称"出借方"）签署《借款协议》及"Supplementary Agreement"（以下简称"借款协议"），约定由百瑞文化向出借方借款人民币壹仟万元（以美元计价时，汇率按照借款支付全部完成之日中国人民银行公布的人民币对美元的汇率中间价为准）（以下简称"借款"）。

为担保借款协议项下百瑞文化偿还借款的义务（以下简称"还款义务"），本人作为担保人在此承诺，如果百瑞文化未能依照借款协议的约定完全履行其还款义务，本人将依照借款协议的相关约定代为承担向出借方的还款义务。为免歧义，兹明确，(1)若借款根据借款协议约定的任何一种方式被偿还，或(2) 无论本次可转债交易文件中是否有其他任何相反约定，只要投资人完成境外转股，本人在本承诺函项下的担保责任将立即解除。

本承诺函下的担保责任为连带责任保证担保。

特此承诺。

承诺人：贾跃亭

（签字）：

日期：2017 年 1 月 18 日



# 营业执照

## （副 本）(1-1)

统一社会信用代码 911101075938448735

| | | |
|---|---|---|
| 名　　　称 | 佳信德创（北京）科技集团有限公司 |
| 类　　　型 | 有限责任公司(法人独资) |
| 住　　　所 | 北京市石景山区八大处路49号院6号楼八层804号 |
| 法定代表人 | 刘洋 |
| 注 册 资 本 | 52010万元 |
| 成 立 日 期 | 2012年04月18日 |
| 营 业 期 限 | 2012年04月18日 至 2032年04月17日 |
| 经 营 范 围 | 技术开发；经济信息咨询；会议服务；企业营销策划；承办展览展示活动；组织文化艺术交流活动（演出除外）。（企业依法自主选择经营项目，开展经营活动；依法须经批准的项目，经相关部门批准后依批准的内容开展经营活动；不得从事本市产业政策禁止和限制类项目的经营活动。） |



在线扫码获取详细信息

提示：每年1月1日至6月30日通过企业信用信息公示系统
报送上一年度年度报告并公示。

登 记 机 关



2019 年 01 月 18 日

# 名 称 变 更 通 知

北京佳信腾达信息咨询有限公司：

　　北京佳信腾达信息咨询有限公司于2017年12月27日经
我局核准，名称变更为北京佳信腾达信息咨询集团有限公
司。

　　特 此 通 知



2017年12月27日

# 名 称 变 更 通 知

北京佳信腾达信息咨询集团有限公司：

　　北京佳信腾达信息咨询集团有限公司于2018年4月11日经我局核准，名称变更为佳信德创（北京）科技集团有限公司。

　　特 此 通 知



2018年04月11日

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA  90067

A true and correct copy of the foregoing document entitled: **NOTICE OF OBJECTION TO CLAIM** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **April 2, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:  On (*date*) April 2, 2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**VIA U.S. MAIL**
United States Bankruptcy Court
Central District of California
Attn: Hon. Vincent Zurzolo
Edward R. Roybal Federal Bldg./Courthouse
255 East Temple Street, Suite 1360
Los Angeles, CA  90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 2, 2020 | Nancy H. Brown | /s/ Nancy H. Brown |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**SERVICE INFORMATION FOR CASE NO. 2:19-bk-24804-VZ**

1.    <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>

- Tanya Behnam    tbehnam@polsinelli.com, tanyabehnam@gmail.com
- Jerrold L Bregman    ecf@bg.law, jbregman@bg.law
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Stephen D Finestone    sfinestone@fhlawllp.com
- Richard H Golubow    rgolubow@wghlawyers.com, pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
- Alexandra N Krasovec    krasovec.alexandra@dorsey.com, claridge.vanessa@dorsey.com
- Ben H Logan    blogan@omm.com
- Robert S Marticello    Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- David W. Meadows    david@davidwmeadowslaw.com
- John A Moe    john.moe@dentons.com, glenda.spratt@dentons.com
- Kelly L Morrison    kelly.l.morrison@usdoj.gov
- Malhar S Pagay    mpagay@pszjlaw.com, bdassa@pszjlaw.com
- Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- Victor A Sahn    vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com
- Randye B Soref    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- Benjamin Taylor    btaylor@taylorlawfirmpc.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Felix T Woo    fwoo@ftwlawgroup.com, admin@ftwlawgroup.com
- Claire K Wu    ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com
- Emily Young    pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
- David B Zolkin    dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**F 3007-1.1.NOTICE.OBJ.CLAIM**
DOCS_LA:328691.1 46353/002