| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Richard M. Pachulski (CA Bar No. 90073)<br>Jeffrey W. Dulberg (CA Bar No. 181200)<br>Malhar S. Pagay (CA Bar No. 189289)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Boulevard, 13th Floor<br>Los Angeles, CA  90067<br>Telephone:  310/277-6910<br>Facsimile:  310/201-0760<br>Email: rpachulski@pszjlaw.com<br>  jdulberg@pszjlaw.com<br>  mpagay@pszjlaw.com<br><br>☒ *Attorney for:* Debtor | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| In re:<br><br>YUETING JIA,<br><br>                              Debtor(s). | CASE NO.: 2:19-bk-24804-VZ<br><br>CHAPTER: 11 |
|---|---|
| | ### NOTICE OF OBJECTION TO CLAIM |
| | DATE:  May 7, 2020<br>TIME:   1:30 p.m.<br>COURTROOM: 1368<br>PLACE: 255 East Temple Street<br>            Los Angeles, CA  90012 |

1. TO *(specify claimant and claimant's counsel, if any)*:  China Soft Growing Invest Wuxi Partshp and Yingling Bao

2. NOTICE IS HEREBY GIVEN that the undersigned has filed an objection to your Proof of Claim (Claim #61) filed in the above referenced case. The Objection to Claim seeks to alter your rights by disallowing, reducing or modifying the claim based upon the grounds set forth in the objection, a copy of which is attached hereto and served herewith.

3. **Deadline for Opposition Papers**: You must file and serve a response to the Objection to Claim not later than 14 days prior to the hearing date set forth above.

   **IF YOU FAIL TO TIMELY RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.**

Date:    April 2, 2020

PACHULSKI STANG ZIEHL & JONES LLP
Printed name of law firm

*/s/ Malhar S. Pagay*
Signature

Date Notice Mailed: April 2, 2020

Malhar S. Pagay
Printed name of attorney for objector

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                        Page 1                    **F 3007-1.1.NOTICE.OBJ.CLAIM**
DOCS_LA:328692.1 46353/002

1  Richard M. Pachulski (CA Bar No. 90073)
   Jeffrey W. Dulberg (CA Bar No. 181200)
2  Malhar S. Pagay (CA Bar No. 189289)
   PACHULSKI STANG ZIEHL & JONES LLP
3  10100 Santa Monica Blvd., 13th Floor
   Los Angeles, CA  90067
4  Telephone: 310/277-6910
   Facsimile: 310/201-0760
5  Email:    rpachulski@pszjlaw.com
             jdulberg@pszjlaw.com
6            mpagay@pszjlaw.com

7
   Attorneys for Debtor and Debtor in Possession
8

9              UNITED STATES BANKRUPTCY COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                 LOS ANGELES DIVISION

12 | In re:                           | Case No.: 2:19-bk-24804-VZ

13 | YUETING JIA,[1]                   | Chapter 11

14 |                        Debtor.    | **DEBTOR'S NOTICE OF OMNIBUS
15 |                                   | OBJECTION AND OMNIBUS OBJECTION
   |                                   | FOR AN ORDER DISALLOWING
16 |                                   | DUPLICATE CLAIMS; MEMORANDUM OF
   |                                   | POINTS AND AUTHORITIES AND
17 |                                   | DECLARATION OF LUETIAN SUN IN
   |                                   | SUPPORT THEREOF**

18 |                                   | <u>**This Objection Affects The Following Claimants:**</u>
   |                                   | **Beijing Huaxing Mobile Asset Mgt Center, Claim 27**
19 |                                   | (Duplicate of Claim 20023)
   |                                   | **Beijing Jiaxin Tengda Information Consulting Co.,**
20 |                                   | **Ltd., Scheduled Claim 220000060** (Duplicate of Claim
   |                                   | 20019)
21 |                                   | **China Soft Growing Invest Wuxi Partshp, Claim 61**
   |                                   | (Duplicate of Claim 19)
22 |                                   | **Chongqing LeTV Commercial Factoring Co., Ltd.,**
   |                                   | **Claims 21** and **24** (Duplicates of Claim 20015)
23 |                                   | **E-Town Intl Holding (HK) Co Ltd., Claim 16**
   |                                   | (Duplicate of Claim 20017)
24 |                                   | **Honghu Da, Claim 6** (Duplicate of Claim 20008)
   |                                   | **Huizhou Speed Secondcurve Management LP, Claim**
25 |                                   | **20002** (Duplicate of Claim 20001)
   |                                   | **Jiangyin Hailan Invest. Holding Co. Ltd., Claim**
26 |                                   | **20009** (Duplicate of Claim 7)
   |                                   | **Linfen Investment Group Co., Ltd., Scheduled Claim**
27

28 [1] The last four digits of the Debtor's federal tax identification number are 8972. The Debtor's mailing address is
   91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

220000540 (Duplicate of Claim 30)
**Nanchang O-Film Photoelectric Technology Co., Ltd,
Claim 38** (Duplicate of Claim 33)
**O-Film Global (HK) Trading Limited, Claim 34**
(Duplicate of Claim 33)
**O-Film Global (HK) Trading Limited, Claim 37**
(Duplicate of Claim 33)
**Pingan Bank Co Ltd Beijing Branch, Claim 20041**
(Duplicate of Claim 20036)
**Shenzhen Yingda Capital Management Co.,
Scheduled Claim 220000860** (Duplicate of Claim
20034)
**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 42**
(Duplicate of Claim 20027)
**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 43**
(Duplicate of Claim 20029)
**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 44**
(Duplicate of Claim 20030)
**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 45**
(Duplicate of Claim 20031)
**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 46**
(Duplicate of Claim 20032)
**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 47**
(Duplicate of Claim 20039)
**Tianjin Yingxin Xinheng Investment Consulting Co.,
Ltd., Claim 28** (Duplicate of Claim 20020)
**Weihua Qiu, Scheduled, Claim 220000960** (Duplicate
of Claim 12)
**Weihua Qiu, Claim 39** (Duplicate of Claim 12)
**Western Securities Co., Ltd., Claim 32** (Duplicate of
Claim 20028)
**Wuxi Leyike Investment Enterprise, Claim 20025**
(Duplicate of Claim 20007)
**Xizang Jinmeihua Investment Co., Ltd., Scheduled
Claim 220001030** (Duplicate of Claim 29)

Date:       May 7, 2020
Time:       1:30 p.m.
Place:      Courtroom 1368
            Roybal Federal Building
            255 E. Temple Street
            Los Angeles, California 90012

Judge:      Hon. Vincent P. Zurzolo

**PLEASE TAKE NOTICE** that, on May 7, 2020, beginning at 1:30 p.m. (Pacific Time), or

as soon thereafter as counsel  may be heard before the Hon. Vincent P. Zurzolo, in Courtroom 1368

of the Edward R. Roybal Federal Building and Courthouse, located at 255 E. Temple Street, Los

Angeles, California 90012, pursuant to the *Order (I) Approving the Fourth Amended Disclosure*

*Statement; (II) Approving the Voting Procedures and Tabulation Procedures; (III) Setting the Date*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

*and Time for the Confirmation Hearing and Related Deadlines; (IV) Waiving Certain Local Rules and Procedures Related to the Timing and Approval of the Fourth Amended Disclosure Statement and Confirmation of the Third Amended Plan; and (V) Granting Related Relief* [Docket No. 485] (the "Disclosure Statement Order"), which provides, in pertinent part, that if the Debtor has served an objection or request for estimation as to a claim by April 2, 2020, such claim shall be temporarily disallowed for voting purposes only (and not for purposes of allowance or distribution), except to the extent and in the manner as may be set forth in such objection or as ordered by the Court before the voting deadline, i.e., April 30, 2020 at 4:00 p.m. (Beijing Time),[2] Yueting Jia (the "Debtor" or "YT"), debtor and debtor in possession herein, hereby objects to and moves to disallow (the "Objection") the claims (the "Duplicate Claims") listed below in the column entitled "Duplicate Claims to Be Disallowed" filed by the listed claimants (the "Claimants") on the grounds that the Duplicate Claims are identical to those claims listed in the column entitled "Surviving Claims." The Debtor requests that the Court take judicial notice of both the Duplicate Claims to Be Disallowed and the Surviving Claims, which are annexed as Exhibits 1-27 to the Request for Judicial Notice (the "RFJN"), filed concurrently herewith.

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Beijing Huaxing Mobile Asset Mgt Center | 27 | 20023 | Duplicate Claim | 1 |
| Beijing Jiaxin Tengda Information Consulting Co., Ltd. | 220000060 (scheduled claim) | 20019 | Creditor, Beijing Jiaxin Tengda Information Consulting Co., Ltd., also uses the name Jiaxindechuang BJ Tech Group Co Ltd. The Debtor scheduled Beijing Jixain Tengda Information Consulting Co., Ltd. in the amount of $1,458,406. However, the creditor asserted the same debt using the name Jiaxindechuang BJ Tech Group Co Ltd. in filed claim number 20019 in | 2 |

---

[2] Disclosure Statement Order, 6 at ¶ 17(e).

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| | | | the amount of $1,975,674.74, and, consequently, has received two separate ballots to vote a single debt in connection with the Debtor's Plan. The filed proof of claim should supersede the scheduled claim despite the difference in names. | |
| China Soft Growing Invest Wuxi Partshp | 61 | 19 | Duplicate Claim | 3 |
| Chongqing LeTv Commercial Factoring LLC | 21 | 20015 | Duplicate Claim | 4 |
| Chongqing LeTv Commercial Factoring LLC | 24 | 20015 | Duplicate Claim | 5 |
| E-Town Intl Holding (HK) Co Ltd | 16 | 20017 | Duplicate Claim | 6 |
| Honghu Da | 6 | 20008 | Duplicate Claim | 7 |
| Huizhou Speed Secondcurve Management LP, | 20002 | 20001 | Duplicate Claim | 8 |
| Jiangyin Hailan Invest Holding Co Ltd. | 20009 | 7 | Creditor, Jiangyin Hailan Invest Holding Co. Ltd. filed Claim 20009 in the amount of $89,635,814.27, however, the back-up attached to Claim 20009 totals $69,635,814.27, which amount is duplicative of Claim 7. Therefore, Claim 20009 should be disallowed. | 9 |
| Linfen Investment Group Co. Ltd. | 220000540 | 30 | This creditor filed a proof of claim for the same debt under a similar but different name (Linfen Investment Construction Development Co. Ltd.) and, consequently, received ballots for both scheduled and filed claims. The filed proof of claim should supersede the scheduled claim and, with respect | 10 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| | | | to the Plan, the amount to be voted on account of the scheduled claim should be disallowed. | |
| Nanchang OFilm Photoelectric Tech Co Ltd. | 38 | 33 | Duplicate Claim | 11 |
| O-Film Global (HK) Trading Limited | 34 | 33 | The creditor, in its complaint against the Debtor, describes it and Nanchang OFilm Photoelectric Tech Co Ltd. as sister companies and co-plaintiffs. The lawsuit asserts a single claim of $24,095,428.00 against the Debtor. Accordingly, multiple claims asserted in the same amount are duplicative. | 12 |
| O'Film Global (HK) Trading Limited | 37 | 33 | Duplicate Claim | 13 |
| Pingan Bank Co Ltd Beijing Branch | 20041 | 20036 | Duplicate Claim | 14 |
| Shenzhen Yingda Capital Management Co. | 220000860 | 20034 | This creditor inadvertently received ballots both for scheduled and filed claims, so the amount to be voted on account of the scheduled claim should be disallowed. | 15 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 42 | 20027 | Duplicate Claim | 16 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 43 | 20029 | Duplicate Claim | 17 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 44 | 20030 | Duplicate Claim | 18 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 45 | 20031 | Duplicate Claim | 19 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 46 | 20032 | Duplicate Claim | 20 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 47 | 20039 | Duplicate Claim | 21 |
| Tianjin Yingxin Xinheng Investment | 28 | 20020 | Duplicate Claim | 22 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Consulting Co. Ltd. | | | | |
| Weihua Qiu | 220000960 (scheduled claim) | 12 | This creditor inadvertently received ballots both for scheduled and filed claims, so the amount to be voted on account of the scheduled claim should be disallowed. | 23 |
| Weihua Qiu | 39 | 12 | Duplicate claim | 24 |
| Western Securities Co., Ltd. | 32 | 20028 | Duplicate Claim | 25 |
| Wuxi Leyike Investment Enterprise | 20025 | 20007 | Duplicate Claim | 26 |
| Xizang Jinmeihua Investment Co., Ltd. | 220001030 (scheduled claim) | 29 | In Chinese, Tibet is called Xizang. The creditor filed its claim using the name Tibet Jinmeihua Investment Co. Ltd. and, consequently, has received two separate ballots to vote a single debt in connection with the Debtor's Plan. The filed proof of claim should supersede the scheduled claim despite the difference in names. | 27 |

   True and correct copies of the Claims are attached to the Notices of Objection to Claims, which have been served on each claimant, attaching their corresponding claim(s).

   **PLEASE TAKE FURTHER NOTICE** that the Objection has been served upon the Claimants and all parties entitled thereto and is based upon the supporting Memorandum of Points and Authorities and Declaration of Luetian Sun, the statements, arguments and representations of counsel who appear at the hearing regarding the Objection, the files and records in the above-captioned case, any evidence properly before the court prior to or at the hearing regarding the Objection and all matters of which the court may properly take judicial notice.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(f), responses to the Objection must be filed with the Court and served upon the Debtor's counsel at the address in the upper left-hand corner of this Objection **no later than fourteen (14) days prior to the hearing date**.  Responses must contain a written statement of all reasons why the Objection is opposed and must include declarations and copies of all documentary evidence on which the responding party intends to rely.  Responses must be filed either electronically or at the following location:

United States Bankruptcy Court
Attention:  Clerk's Office
255 E. Temple Street
Los Angeles, CA 90012

**IF YOU DO NOT OPPOSE THE OBJECTION YOU DO NOT NEED TO FILE ANY PAPERS, SIGN ANY FURTHER AGREEMENTS OR TAKE ANY FURTHER ACTION.**

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(f), the failure to timely file and serve written opposition may be deemed by the Court to be consent to the granting of the relief requested in the Objection.

**PLEASE TAKE FURTHER NOTICE** that if a response is timely filed and served upon the Debtor's counsel, the Court, in its discretion, may treat the initial hearing as a status conference if it determines that the Objection involves disputed factual issues or will require presentation of substantial evidence or argument.

**WHEREFORE,** the Debtor respectfully requests that the Court enter an order (i) sustaining the Objection; (ii) disallowing the Duplicate Claims in their entirety; and (iii) granting the Debtor such other and further relief as may appropriate under the circumstances.

Dated:    April 2, 2020

PACHULSKI STANG ZIEHL & JONES LLP

By    */s/ Malhar S. Pagay*
Richard M. Pachulski
Jeffrey W. Dulberg
Malhar S. Pagay

Counsel for Debtor and Debtor in Possession

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## JURISDICTION

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 102, 105 and 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), and Rules 3007 and 3018(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## II.

## BACKGROUND

**A.    Commencement of the Chapter 11 Case**

On October 14, 2019 (the "Petition Date"), the Debtor commenced this case (the "Chapter 11 Case") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"). The Debtor continues in possession of his property and manages his affairs as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On October 25, 2019, the U.S. Trustee appointed the Official Committee of Unsecured Creditors  pursuant to section 1102(a)(1) of the Bankruptcy Code (the "Committee") [Docket No. 45]. The Committee consists of the following members: (a) Ping An Bank., Ltd. Beijing Branch; (b) China Minsheng Trust Co., Ltd; (c) Shanghai Leyu Chuangye Investment Management Center LP; (d) Jiangyin Hailan Investment Holding Co., Ltd; and (e) Shanghai Qichengyueming Investment Partnership Enterprise.

On November 13, 2019, the Court entered an order setting January 24, 2020, as the general deadline (the "Bar Date") for the filing of proofs of claim or proofs of interest against the Debtor's estate. In accordance with the Court's Order establishing the Bar Date, notice of the Bar Date was given by mail to the Debtor's creditors and interest holders.

On December 18, 2019, Judge Karen B. Owens of the Delaware Bankruptcy Court transferred the Chapter 11 Case to this Court.

**B.    Approval of the Debtor's Disclosure Statement**

On March 20, 2020, the Court entered the Disclosure Statement Order, pursuant to which the Court approved the Debtor's *Fourth Amended Disclosure Statement with Respect to Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 465] in respect of the *Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 464] (the "Plan"), and granted other relief.

The Disclosure Statement Order provides, in pertinent part, that if the Debtor has served an objection or request for estimation as to a claim by April 2, 2020, such claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the voting deadline, i.e., April 30, 2020 at 4:00 p.m. (Beijing Time).  Disclosure Statement Order, 6 at ¶ 17(e).

## III.

## ARGUMENT

**A.    Procedural Requirements for Objections to Claims**

Bankruptcy Rule 3007 governs the procedure for objections to claims.  It provides as follows: "An objection to an allowance of a claim shall be in writing and filed.  A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant . . . at least thirty days prior to the hearing." Fed. R. Bankr. P. 3007.

Pursuant to Bankruptcy Rule 3007, a copy of the Objection will be mailed to Claimants at the addresses provided by Claimants in the Claims, and, where available and if different from the address provided on the proof of claim, on each Claimant's address registered with the National Enterprise Credit Information Publicity System (http://www.gsxt.gov.cn/index.html), a government-run, national, enterprise credit inquiry system in the People's Republic of China, at least thirty days prior to the hearing date for consideration of the Objection.  Accordingly, by the time of the hearing hereon, the Debtor will have complied with Bankruptcy Rule 3007.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**B.      The Court Must Determine the Allowance of a Claim Subject to Objection**

With certain exceptions, section 502(b) of the Bankruptcy Code requires, in relevant part, that if a party in interest objects to a claim, "the Court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that -- (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured …."

**C.      Burden of Proof**

All allegations set forth in a properly filed proof of claim are taken as true and, if the allegations set forth all facts necessary to establish a claim and are not self-contradictory, the proof of claim constitutes *prima facie* evidence of the validity and amount of the claim.  11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f).  However, a claimant must attach copies of writings upon which claims are based in order to carry its burden of establishing a *prima facie* case against the debtor. *Hardin v. Gianni (In re King Investments Inc.)*, 219 B.R. 848, 858 (B.A.P. 9th Cir. 1998).  Further, a claim should not be allowed if that claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law.  11 U.S.C. § 502(b)(1).

Once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991), then "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate burden of persuasion is always on the claimant."  *Holm*, 931 F.2d at 623.  In considering an objection to a claim, a bankruptcy court may take judicial notice of the underlying records in a bankruptcy case.  *O'Rourke v. Seaboard Surety Co., (In re ER Fergert, Inc.)*, 887 F.2d 955, 957-958 (9th Cir. 1998).

**D.      Disallowance for Plan Voting Purposes**

Courts recognize that Bankruptcy Rule 3018(a) permits a party in interest to seek to disallow a claim for voting purposes. Ultimately, the determination of whether to temporarily allow a claim

3

for voting purposes lies within the discretion of the bankruptcy court.  See *Armstrong v. Rushton (In re Armstrong)*, 294 B.R. 344, 354 (B.A.P. 10th Cir. 2003) ("There is no guidance in the Bankruptcy Code to courts as to determine whether to permit the temporary allowance of a claim; it is left to the court's discretion.").  Indeed, courts have broad authority to determine whether to allow or disallow a claim for purposes of voting under Bankruptcy Rule 3018(a). *See, e.g., In re Mangia Pizza Invs., L.P.,* 480 B.R. 669, 679 (Banker. W.D. Tex. 2012); *In re Zolner*, 174 B.R. 629, 633 (Bankr. N.D. Ill. 1994) (noting that a court must exercise its discretion to allow or disallow a claim under Bankruptcy Rule 3018(a) based on reasoned analysis); *In re Goldstein,* 114 B.R. 430, 433 (Bankr. E.D. Pa. 1990); Collier on Bankr. ¶ 9-3018[5] (16th ed. rev. 2012) ("The court, however, regardless of the circumstances, has the discretion to allow or disallow all or part of the claim for voting purposes.").

In some cases noted in the chart below, the Debtor has been advised that a Claimant inadvertently has been provided with multiple ballots to vote on the Debtor's Plan on account of a single debt.  Where that has occurred, the Debtor has requested that the Court disallow one of those Duplicate Claims for voting purposes.

## E.    The Objection and Request for Relief

In most instances, the Duplicate Claim and the relevant Surviving Claim are the exact same claim in the same amount filed by the Claimant using the same name, and therefore the Duplicate Claim can be disallowed readily.  The chart below provides further explanation for the request for disallowance where the claims may not be exact duplicates of one another, but fall within the Duplicate Claims category that is the subject of this Objection.  For example, slight variations in the name or entity utilized by a Claimant to assert a debt against the Debtor or issues of translation from Chinese to English have required a more careful review to determine that two claims are, in fact, the same.

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Beijing Huaxing Mobile Asset Mgt Center | 27 | 20023 | Duplicate Claim | 1 |
| Beijing Jiaxin Tengda Information Consulting Co., Ltd. | 220000060 (scheduled claim) | 20019 | Creditor, Beijing Jiaxin Tengda Information Consulting Co., Ltd., | 2 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| | | | also uses the name Jiaxindechuang BJ Tech Group Co Ltd.  The Debtor scheduled Beijing Jixain Tengda Information Consulting Co., Ltd. in the amount of $1,458,406. However, the creditor asserted the same debt using the name Jiaxindechuang BJ Tech Group Co Ltd. in filed claim number 20019 in the amount of $1,975,674.74, and, consequently, has received two separate ballots to vote a single debt in connection with the Debtor's Plan.  The filed proof of claim should supersede the scheduled claim despite the difference in names. | |
| China Soft Growing Invest Wuxi Partshp | 61 | 19 | Duplicate Claim | 3 |
| Chongqing LeTv Commercial Factoring LLC | 21 | 20015 | Duplicate Claim | 4 |
| Chongqing LeTv Commercial Factoring LLC | 24 | 20015 | Duplicate Claim | 5 |
| E-Town Intl Holding (HK) Co Ltd | 16 | 20017 | Duplicate Claim | 6 |
| Honghu Da | 6 | 20008 | Duplicate Claim | 7 |
| Huizhou Speed Secondcurve Management LP, | 20002 | 20001 | Duplicate Claim | 8 |
| Jiangyin Hailan Invest Holding Co Ltd. | 20009 | 7 | Creditor, Jiangyin Hailan Invest Holding Co. Ltd. filed Claim 20009 in the amount of $89,635,814.27, however, the back-up attached to Claim 20009 totals $69,635,814.27, which amount is duplicative of Claim 7. Therefore, Claim 20009 should be disallowed. | 9 |

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Linfen Investment Group Co. Ltd. | 220000540 | 30 | This creditor filed a proof of claim for the same debt under a similar but different name (Linfen Investment Construction Development Co. Ltd.) and, consequently, received ballots for both scheduled and filed claims. The filed proof of claim should supersede the scheduled claim and, with respect to the Plan, the amount to be voted on account of the scheduled claim should be disallowed. | 10 |
| Nanchang OFilm Photoelectric Tech Co Ltd. | 38 | 33 | Duplicate Claim | 11 |
| O-Film Global (HK) Trading Limited | 34 | 33 | The creditor, in its complaint against the Debtor, describes it and Nanchang OFilm Photoelectric Tech Co Ltd. as sister companies and co-plaintiffs. The lawsuit asserts a single claim of $24,095,428.00 against the Debtor. Accordingly, multiple claims asserted in the same amount are duplicative. | 12 |
| O'Film Global (HK) Trading Limited | 37 | 33 | Duplicate Claim | 13 |
| Pingan Bank Co Ltd Beijing Branch | 20041 | 20036 | Duplicate Claim | 14 |
| Shenzhen Yingda Capital Management Co. | 220000860 | 20034 | This creditor inadvertently received ballots both for scheduled and filed claims, so the amount to be voted on account of the scheduled claim should be disallowed. | 15 |
| Tianjin Jairui Huixin | 42 | 20027 | Duplicate Claim | 16 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Corp. Mgt LLC | | | | |
| Tianjin Jairui Huixin Corp. Mgt LLC | 43 | 20029 | Duplicate Claim | 17 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 44 | 20030 | Duplicate Claim | 18 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 45 | 20031 | Duplicate Claim | 19 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 46 | 20032 | Duplicate Claim | 20 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 47 | 20039 | Duplicate Claim | 21 |
| Tianjin Yingxin Xinheng Investment Consulting Co. Ltd. | 28 | 20020 | Duplicate Claim | 22 |
| Weihua Qiu | 220000960 (scheduled claim) | 12 | This creditor inadvertently received ballots both for scheduled and filed claims, so the amount to be voted on account of the scheduled claim should be disallowed. | 23 |
| Weihua Qiu | 39 | 12 | Duplicate claim | 24 |
| Western Securities Co., Ltd. | 32 | 20028 | Duplicate Claim | 25 |
| Wuxi Leyike Investment Enterprise | 20025 | 20007 | Duplicate Claim | 26 |
| Xizang Jinmeihua Investment Co., Ltd. | 220001030 (scheduled claim) | 29 | In Chinese, Tibet is called Xizang. The creditor filed its claim using the name Tibet Jinmeihua Investment Co. Ltd. and, consequently, has received two separate ballots to vote a single debt in connection with the Debtor's Plan. The filed proof of claim should supersede the scheduled claim despite the difference in names. | 27 |

By this Objection, the Debtor simply seeks to have disallowed the Duplicate Claims leaving

the Surviving Claims unaffected by this Objection.

# IV.

## GENERAL RESERVATION OF RIGHTS

The Debtor expressly reserves the right to amend, modify or supplement this Objection, and to file additional, other, or further objections to any proofs of claim filed in this Chapter 11 Case, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not) against the Debtor, regardless of whether such claims are subject to this Objection.  Should one or more of the grounds of objection stated in this Objection be denied, the Debtor reserves his rights to object on other stated grounds or on any other grounds he discovers during the pendency of this Chapter 11 Case.  In addition, the Debtor reserves the right to file counterclaims against the holders of any such claims.

# V.

## NOTICE

The Debtor will serve copies of this Objection on:  (a) the Claimants, (b) the Office of the United States Trustee, (c) counsel to the Committee, and (d) all parties who have requested notices in this Chapter 11 Case pursuant to Bankruptcy Rule 2002.

# VI.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an order granting the relief requested herein and granting the Debtor such other and further relief as is just and proper.

Dated:        April _2_, 2020                    PACHULSKI STANG ZIEHL & JONES LLP


                                                 */s/ Malhar S. Pagay*
                                                 Richard M. Pachulski
                                                 Jeffrey W. Dulberg
                                                 Malhar S. Pagay

                                                 *Attorneys for Debtor and Debtor in Possession*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:328634.6 46353/002

8

## **DECLARATION OF LUETIAN SUN**

I, Luetian Sun, declare as follows:

1.     I am one of Debtor's advisors who assist the Debtor with various financial and business matters.  I also have served as Faraday & Future, Inc.'s ("FF") Investor Relations Coordinator since January 2019.  Prior to joining FF, I received a bachelor's degree in civil engineering from Beijing University's School of Civil Engineering and Architecture and a Master of Business Administration degree from the University of California at Riverside.

2.     I am in regular communication with the Debtor's professionals, including legal counsel.

3.     I submit this Declaration (the "Declaration") in support of the Debtor's *Omnibus Objection for an Order Disallowing Duplicate Claims* (the "Objection").

4.     If I were called to testify as a witness in this matter, I could and would competently testify to each of the facts set forth herein.

5.     At the direction of the Debtor, I have reviewed and analyzed the Claims that are the subject of the Objection, and have discussed my findings with both the Debtor and his legal counsel. Based on my analysis, I have determined that the Duplicate Claim are duplicative of other claims and should therefore be disallowed in their entirety.

6.     Also, in order to facilitate notice and service of the Objection, I researched each Claimant's address registered with the National Enterprise Credit Information Publicity System (http://www.gsxt.gov.cn/index.html), a government-run, national, enterprise credit inquiry system in the People's Republic of China.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 2nd day of April, 2020, at Los Angeles        , California.


Luetian Sun
_____
Luetian Sun

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13ᵗʰ Floor, Los Angeles, CA  90067**

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S NOTICE OF OMNIBUS OBJECTION AND OMNIBUS OBJECTION FOR AN ORDER DISALLOWING DUPLICATE CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF LUETIAN SUN IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **April 2, 2020,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **April 2, 2020,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

United States Bankruptcy Court
Central District of California
Attn:  Hon. Vincent Zurzolo
Edward R. Roybal Federal Bldg./Courthouse
255 East Temple Street, Suite 1360
Los Angeles, CA  90012

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| April 2, 2020   Nancy H. Brown | | /s/ *Nancy H. Brown* |
| *Date*          *Printed Name* | | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                              **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:328782.1 46353/002

# SERVICE INFORMATION FOR CASE NO. 2:19-bk-24804-VZ

## 1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)

- Tanya Behnam    tbehnam@polsinelli.com, tanyabehnam@gmail.com
- Jerrold L Bregman    ecf@bg.law, jbregman@bg.law
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Stephen D Finestone    sfinestone@fhlawllp.com
- Richard H Golubow    rgolubow@wghlawyers.com, pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
- Alexandra N Krasovec    krasovec.alexandra@dorsey.com, claridge.vanessa@dorsey.com
- Ben H Logan    blogan@omm.com
- Robert S Marticello    Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- David W. Meadows    david@davidwmeadowslaw.com
- John A Moe    john.moe@dentons.com, glenda.spratt@dentons.com
- Kelly L Morrison    kelly.l.morrison@usdoj.gov
- Malhar S Pagay    mpagay@pszjlaw.com, bdassa@pszjlaw.com
- Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- Victor A Sahn    vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com
- Randye B Soref    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- Benjamin Taylor    btaylor@taylorlawfirmpc.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Felix T Woo    fwoo@ftwlawgroup.com, admin@ftwlawgroup.com
- Claire K Wu    ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com
- Emily Young    pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
- David B Zolkin    dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                        **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:328782.1 46353/002

| United States Bankruptcy Court for the District of Delaware | To submit your form online please go to https://epiqworkflow.com/cases/YT1 | |
|---|---|---|
| Yueting Jia, Claims Processing Center | Your Mail ID is as follows: 159209882 | **RECEIVED** |

United States Bankruptcy Court for the District of Delaware
Yueting Jia, Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4419
Beaverton, OR 97076-4419

To submit your form online please go to https://epiqworkflow.com/cases/YT1

Your Mail ID is as follows: 159209882

**RECEIVED**

FEB 03 2020

**LEGAL SERVICES**

Name of Debtor: YUETING JIA
Case Number: 19-12220 (KBO)

For Court Use Only

Filed: USBC - Central District of California
Yueting Jia  (B10)
19-24804 (VPZ)

**YT1**

0000000061

BAR(23) MAILID *** 000159209882 ***

YT1 (MERGE2.DBF,SCHED_NO) SCHEDULE #: 220000180***** 12
CHINA SOFT GROWING INVEST WUXI PARTSHP.
ROOM 1612,YINGU BUILDING
NO.9,WEST NORTH FOURTH RING ROAD,
HAIDIAN DISTRICT
BEIJING 100190,
CHINA

Your claim is scheduled by the
$27,972,027.97 UNSECURED
DISPUTED

# Proof of Claim (Official Form 410)

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims arising under section 503(b)(9) of the Bankruptcy Code, do not use this form to make a request for payment of an administrative expense. Such a request should be made by filing the separate administrative claim request form approved by the bankruptcy court. Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): *CHINA SOFT GROWING INVEST WUXI PARTSHP*

Other names the creditor used with the debtor: _____

**2. Has this claim been acquired from someone else?** ☑ No ☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

*ROOM 1612, YINGU BUILDING*
Name

*No. 9 WEST NORTH FOURTH RING ROAD*
Number     Street

*BEIJING          100190*
City          State          ZIP Code

Country (if International): *CHINA*

Contact phone: *(+86) 138 1048 5865*

Contact email: *Xuyongqiango@126.com*

Where should payments to the creditor be sent?
(if different)

Name

Number     Street

City          State          ZIP Code

Country (if International): _____

Contact phone: _____

Contact email: _____

**4. Does this claim amend one already filed?**
☑ No

☐ Yes.   Claim number on court
claims register (if known) _____

Filed on _____
          MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No

☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes.

Last 4 digits of the debtor's account or any number you use to identify the debtor:

*8 9 7 2*

**7. How much is the claim?**

$ *44,241,449.*

Does this amount include interest or other charges?

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

*money loaned*

- General POC Page 1 of 3

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

_____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                    $_____

**Amount of the claim that is secured:**    $_____

**Amount of the claim that is unsecured:** $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any
default as of the date of the petition:**  $_____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of petition:

$_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property:

_____

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a)(__) that applies.

* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

---

**Part 3:   Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  **15/01/2020**        **Bao Yingling**
              MM / DD / YYYY              Signature

Print the name of the person who is completing and signing this claim:

Name    **YINGLING**                    **BAO**
        First name        Middle name        Last name

Title   **ATTORNEY**

Company **BEIJING DEHENG (WUXI) LAW OFFICES**
        Identify the corporate servicer as the company if the authorized agent is a servicer.

Address **FL.13, GOLDEN INTERNational Tower, Xiang Jiang Road, Xin Wu**
        Number        Street

        **District. Wuxi, JIANGSU, CHINA, 214028**
        City        State        ZIP Code

Contact Phone **(+86) 151 9020 0729**        Email **baoyL@dehenglaw.com**

利息计算依据

| 起息日 | 截止日 | 本金（万，人民币） | 天数 | 利率 | 利息（万，人民币） |
|---|---|---|---|---|---|
| 2015 年 5 月 15 日 | 2017 年 5 月 14 日 | 20000.00 | 730 | 15% | 6000.0000 |
| 2017 年 5 月 15 日 | 2018 年 5 月 14 日 | 20000.00 | 364 | 15% | 3000.0000 |
| 2018 年 5 月 15 日 | 2019 年 10 月 14 日 | 20000.00 | 517 | 5% | 1416.4384 |
|  |  |  |  |  |  |
| 合计 |  |  |  |  | 10416.43836 |
| 2020 年 1 月 14 日 |  | 美元对人民币汇率 | 6.8751 |  |  |
|  |  |  |  |  |  |
|  |  | 换算至美元利息总金额（万元） | 4424.144864 |  |  |

# 借款合同

出借方：华软成长创业投资无锡合伙企业（有限合伙）

借款方：乐视移动智能信息技术（北京）有限公司

借款方为进行经营活动，向出借方申请借款，经双方协商，特订立本合同，以便共同遵守。

一、借款种类： 人民币

二、借款用途： 经营所需

三、借款金额人民币 贰亿 元整（RMB200,000,000.00）。



四、借款利息为每年百分之 十五 。

五、借款和还款期限：借款时间共 贰 年，自 2015 年 5 月 15 日起，至 2017 年 5 月 14 日止。

六、还款方式： 现金

七、出借方将借款汇至借款方以下银行账户：

户名：乐视移动智能信息技术（北京）有限公司



开户行：民生银行建国门支行

八、保证条款

1、借款方必须按照借款合同规定的用途使用借款，不得挪作他用，不得用借款进行违法活动。

2、借款方必须按照合同规定的期限还本付息。

3、借款方有义务接受出借方的检查、监督借款的使用情况，了解借款方的计划执行、经营管理、财务活动、物资库存等情况。借款方应提供有关的计划、统计、财务会计报表及资料。

4、乐视控股（北京）有限公司及其实际控制人贾跃亭为还款责任提供连带保证。

九、违约责任

1、借款方如逾期不还借款，出借方有权追回借款，并按银行规定加收每日万分之五的罚息。

2、出借方未按期提供借款，应按违约数额和延期天数，付给借款方违约金。违约金数额的计算应与加收借款方的罚息计算相同。

十、争议解决：因执行本合同发生争议，由当事人双方协商解决。协商不成的，双方同意由出借方所在地有管辖权的人民法院管辖。

十一、其他

1、本合同非因不可抗力情况发生，任何一方当事人不得擅自变更或解除合同。当事人一方发生不可抗力，应及时采用书面形式通知其他当事人并提供证明。

2、本合同经双方同意后可以变更或解除。合同解除的，借款方已占用的借款和应付的利息，仍应按本合同的规定偿付。

3、出借方有权在借款期间内将本协议的债权转让给其关联方，借款方在此承诺并知悉上述转让事宜，不影响借款方继续履行本协议




约定的义务。

4、本合同如有未尽事宜，须经合同双方当事人共同协商，作出补充规定，补充规定与本合同具有同等效力。

5、本合同正本一式二份，出借方、借款方各执一份。

出借方（盖章）：华软成长创业投资无锡合伙企业（有限合伙）

执行事务合伙人委派代表或授权代表（签字）：



借款方（盖章）：乐视移动智能信息技术（北京）有限公司（公章）

法人代表或授权代表签字：



签约日期：2015 年 5 月 6 日

签约地点：北京

<u>乐视 · 资本</u>

关于

借款合同

及

INVESTOR RIGHTS AGREEMENT

之



# 补充协议

中国 · 北京

二〇一八年四月

乐视·资本

# 补充协议

本《补充协议》（以下简称"**本协议**"）由以下各方于 2018 年 1 月 26 日签署，且无论各方注册于何地，均视为在中国北京市朝阳区签署：

**甲方：华成长创业投资无锡合伙企业（有限合伙）（"出借方"）**

地　址：无锡市兴源北路 401 号北创科技园一期大楼 12-56B 室

**乙方：乐视移动智能信息技术（北京）有限公司（"借款方"）**

地　址：北京市顺义区高丽营镇文化营村临空二路 2 号

甲方、乙方及丙方单称为"**一方**"，合称为"**各方**"。

鉴于：

(i)　出借方和借款方已于 2015 年 5 月 6 日签署了《借款合同》、出借方、LEVIEW MOBILE LTD.及其他乙方关联方签署了有关认购可转债交易的 Investor Rights Agreement，约定由借款方向出借方借款人民币贰亿元（"**借款**"），出借方及其关联公司有权获得 Leview Mobile Ltd.发行的等值美元的可转债。且贾跃亭先生作为借款方的实际控制人，与乐视控股（北京）有限公司于同日分别向出借方出具了《承诺函》（前述文件合称"**交易文件**"），为交易文件项下 Leview Mobile Ltd.对于可转债本金及约定利息的偿还义务（"**还款义务**"）承担担保责任。

(ii)　《借款合同》约定：借款方从出借方借款贰亿元人民币，借款日期为 2015 年 5 月 15 日至 2017 年 5 月 14 日，利息为年息 15%。借款已经到期。截止签约日，借款方尚未偿还上述借款及利息。

(iii)　现借款方提出延长借款合同项下的借款期限，出借方同意此变更，各方对原交易文件项下各方权利义务作出进一步约定。

基于上述前提及条件，各方经友好协商，拟定如下补充条款，以资共同遵守。

**1.　延期还款安排及延期还款期间利率**

1.1　各方一致同意，《借款合同》项下的借款作如下延期还款安排：

乐视 · 资本

(a)  《借款合同》项下的**借款**还款日期从2017年5月15日延长至2020
年5月14日。

(b)  延期期间的利息计算方式为：借款本金贰亿元人民币为基数，
2017年5月15日至2018年5月14日，按照年利率15%单利计
算利息，2018年5月15日至2020年5月14日，按照年利率5%
单利计算利息。

(c)  在借款方未按本协议约定清偿借款本金和任何已累计但尚未支付
的利息之前，乐视控股及实际控制人仍就借款方对出借方的借款
本息还款义务承担担保责任。

(d)  各方可在协商一致的前提下，就交易文件及本协议条款进行调
整。

**2.   陈述与保证**

2.1  各方已就当事方变更、延期还款安排及延期还款期间利率的变更进行充
分、平等地协商，并已咨询各自的法律、财务顾问或专业人员，完全理
解和知悉本行为的法律意义及后果，并愿意履行本协议约定的义务，承
担本协议约定的法律责任。

2.2  出借方确认，仅依据《借款合同》及本协议约定享有借款本息相关的债
权，放弃原交易文件项下认购可转债且将可转债本息转化为 LEVIEW
MOBILE LTD.或 LEVIEW GLOBAL LTD.股权的权利。

**3.   保密**

3.1  尽管有前述约定，任何一方均有义务对可转债交易文件项下任何约定、
本协议的谈判、签署及履行，以及任何与此相关的信息与事项采取严格
的保密措施，除签署和履行本协议所必要知悉的人员外，不以任何形式
公开，且不对任何其他人员披露或故意泄露。

3.2  本保密责任条款，及其项下任何权利、义务、责任、负担、承诺或保
证，除双方另有书面约定外，不因本协议的签署、履行、终止或解除或
被判无效等任何情形而影响其法律约束力，且永久有效。

**4.   生效**

本协议经各方授权代表签署或加盖各自公章后生效。本协议壹式肆份，各方各
执贰份，每份均具有同等法律效力。



补充协议：5 / 5

乐视 · 资本

S.    **争议解决**

因本协议的履行发生争议的，由出借方所在地有管辖权的人民法院管辖。

[本行以下无正文]

乐挥·资本

[本页为《补充协议》签署页]



甲方：

华软成长创业投资无锡合伙企业（有限合伙）



签署人：

职务：



补充协议：5/5

乐视 · 资本

[本页为《补充协议》签署页]

乙方：

乐视移动智能信息技术（北京）有限公司

签署人：_____

职务：

补充协议：5 / 5

## 承诺函

为境外融资之目的，我公司乐视控股（北京）有限公司的关联方 Leview Mobile Ltd.，（以下简称"目标公司"）拟向华软成长创业投资无锡合伙企业（有限合伙）及其关联公司发行可转换债券（以下简称"可转债"）。

为本次可转债发行，目标公司及其相关方已于 2015 年 5 月 6 日与华软成长创业投资无锡合伙企业（有限合伙）签署有关认购可转债的交易文件 INVESTOR RIGHTS AGREEMENT 及借款合同（以下合称"交易文件"），约定目标公司境内关联方向华软成长创业投资无锡合伙企业（有限合伙）及其关联公司借款贰亿元人民币，华软成长创业投资无锡合伙企业（有限合伙）及其关联公司有权获得目标公司发行的等值美元的可转债。目标公司将根据交易文件的约定，在偿还条件触发时，向北京华软投资管理有限公司及其关联公司偿还可转债本金及约定的利息（以下简称"还款义务"）。

2018 年 〖〗 月 〖〗 日，目标公司境内关联方乐视移动智能信息技术（北京）有限公司和与华软成长创业投资无锡合伙企业（有限合伙）签署《补充协议》，约定华软成长创业投资无锡合伙企业（有限合伙）及其关联公司放弃交易文件项下认购可转债且将可转债本息转化为 LEVIEW MOBILE LTD. 或 LEVIEW GLOBAL LTD. 股权的权利，仅依据《借款合同》及《补充协议》约定享有借款本息相关的债权，《借款合同》中本金贰亿元人民币的借款延长至 2020 年 5 月 14 日，2017 年 5 月 15 日至 2018 年 5 月 14 日，按照年利率 15% 单利计算利息，2018 年 5 月 15 日至 2020 年 5 月 14 日，按照年利率 5% 单利计算利息。

为此，乐视控股（北京）有限公司承诺并保证，如果目标公司境内关联方未能依照《借款合同》及《补充协议》的约定完全履行其还款义务，乐视控股（北京）有限公司将依照《借款合同》及《补充协议》的相关约定代为承担向华软成长创业投资无锡合伙企业（有限合伙）及其关联公司的还款义务。

特此承诺。

承诺人：乐视控股（北京）有限公司

日期：2018 年 5 月 15 日

## 承诺函

为境外融资之目的，乐视控股（北京）有限公司的关联方 Leview Mobile Ltd.，（以下简称"目标公司"）拟向华软成长创业投资无锡合伙企业（有限合伙）及其关联公司发行可转换债券（以下简称"可转债"）。本人为乐视控股（北京）有限公司及目标公司的实际控制人。

为本次可转债发行，目标公司及其相关方已于 2015 年 5 月 6 日与华软成长创业投资无锡合伙企业（有限合伙）及其关联公司签署有关认购可转债的交易文件 INVESTOR RIGHTS AGREEMENT 及借款合同（以下合称"交易文件"），约定目标公司境内关联方向华软成长创业投资无锡合伙企业（有限合伙）及其关联公司借款贰亿元人民币，华软成长创业投资无锡合伙企业（有限合伙）及其关联公司有权获得目标公司发行的等值美元的可转债。目标公司将根据交易文件的约定，在偿还条件触发时，向华软成长创业投资无锡合伙企业（有限合伙）及其关联公司偿还可转债本金及约定的利息（以下简称"还款义务"）。

2018 年 5 月 25 日，目标公司境内关联方乐视移动智能信息技术（北京）有限公司和与华软成长创业投资无锡合伙企业（有限合伙）签署《补充协议》，约定华软成长创业投资无锡合伙企业（有限合伙）及其关联公司放弃交易文件项下认购可转债且将可转债本息转化为 LEVIEW MOBILE LTD.或 LEVIEW GLOBAL LTD.股权的权利，仅依据《借款合同》及《补充协议》约定享有借款本息相关的债权，《借款合同》中本金贰亿元人民币的借款延长至 2020 年 5 月 14 日，2017 年 5 月 15 日至 2018 年 5 月 14 日，按照年利率 15%单利计算利息，2018 年 5 月 15 日至 2020 年 5 月 14 日，按照年利率 5%单利计算利息。

为担保还款义务，乐视控股（北京）有限公司于 2018 年 5 月 25 日出具《承诺函》，承诺如果目标公司境内关联方未能依照《借款合同》及《补充协议》的约定完全履行其还款义务，乐视控股（北京）有限公司将依照《借款合同》及《补充协议》的相关约定代为承担向华软成长创业投资无锡合伙企业（有限合伙）及其关联公司的还款义务。（以下简称"担保义务"）。

1

为此，本人承诺，如果目标公司未依照《借款合同》和《补充协议》完全履行其还款义务，及/或乐视控股（北京）有限公司未依照《乐视控股（北京）有限公司承诺函》完全履行其代偿义务，本人届时将以合法的方式代目标公司及/或乐视控股（北京）有限公司履行还款义务及/或代偿义务。

特此承诺。

承诺人：贾跃亭

日期：2018 年 5 月 25 日

2



国际 (地区) 特快专递邮件详情单
Main Document — Page 35
全球邮政特快专递 INTERNATIONAL (REGIONAL) EXPRESS MAIL WAYBILL    EA396382386CN

| 收寄局/ORIGIN OFFICE | 收寄日期/POSTING DATE & TIME | 收件人/TO |
|---|---|---|
| Wuxi | 2020年Y 1月M 20日D 时H | Yueting Jia |

寄件人/FROM: BAO YINGLING
城市/CITY: WUXI
国家(地区)/COUNTRY(REGION): CHINA
公司/COMPANY: BEIJING DEHENG (WUXZ) LAW OFFICES
地址/ADDRESS: FL.13, Golden International Tower, Xiaojiang Road, XinWu District, WuXi, JiangSu
邮政编码/POSTAL CODE: 214078
用户编码/CUSTOMER CODE: JYLS.
电话(非常重要)/PHONE (VERY IMPORTANT): (+86) 151 902 00729.

城市/CITY: Beaverton
国家(地区)/COUNTRY(REGION): United States (U.S.A)
公司/COMPANY: Claims Processing Center
地址/ADDRESS: c/o Epiq Corporate Restructuring, LLC. P.O. Box 4419.
邮政编码/POSTAL CODE: OR 97076-4419
电话(非常重要)/PHONE (VERY IMPORTANT): 855-963-0391

体积/VOLUME: 长L ×高H ×宽W = 立方厘米/cm³
总重量/TOTAL WEIGHT: 千克/KG

如果邮件无法投送，我也将 IF SHIPMENT IS UNDELIVERABLE I AGREE THAT IT SHOULD BE ☐退回 RETURNED
充保证承担退邮的费用 AND I ASSURE TO PAY FOR THE CHARGE OF RETURN ☐放弃 ABANDONED

资费/CHARGE ¥
其它费用/ADD CHARGE ¥
费用总计/TOTAL CHARGE ¥

CN22  ☑文件资料 DOCUMENT  ☐物品 PARCEL

如需报关，请务必填写 CN23 报关单及提供商业发票或形式发票，并具备文件或填满下面栏 FOR PARCEL, PLEASE FILL IN THE DECLARATION FORM CN23, PROVIDE COMMERCIAL INVOICE OR PROFORMA INVOICE AND CAREFULLY COMPLETE THE ITEMS BELOW IN ENOUGH I.e.

收寄人员签名/ACCEPTED BY (SIGNATURE)
收件人签名/RECEIVER'S NAME

| 内件名名及详细内容 NAME & DESCRIPTION OF CONTENTS | 件数 NO.OF PCS | 重量 WEIGHT | 申报价值 DECLARED VALUE | 原产地 ORIGIN |
|---|---|---|---|---|
| Yueting Jia proof of Claim form from CHINA SOFT GROWING TRUST WUXI PARTSHP | 1 | | | |

千克/KG   美元/USD

我声明上面两申内件真实及本邮件内没有夹带危险品和违禁品 I ASSURE THE TRUTH OF THE ABOVE DECLARATION AND I GUARANTEE THAT THE SHIPMENT DOES NOT CONTAIN ANY DANGEROUS AND PROHIBITED GOODS.

寄件人签名/SENDER'S SIGNATURE: BAO YINGLING

RECEIVED
116
FEB 03 2020
LEGAL SERVICES

EA 3963 8 2386 CN

请事先仔细阅读背面寄件人声明的说明/PLEASE READ CAREFULLY INSTRUCTION ON THE BACK OF THE BILL BEFORE THE COMPLETION
请用打字机填写/PLEASE TYPE WITH TYPEWRITER

http://www.ems.com.cn
客户电话:11185
手机短信查询专线:10885185
MOBILE MESSAGE FOR TRACKING

中国邮政集团公司 CHINA POST GROUP
① 收件人存/FOR ADDRESSEE

United States Bankruptcy Court for the District of Delaware
Yueting Jia, Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4419
Beaverton, OR 97076-4419

To submit your form online please go to https://epiqworkflow.com/cases/YT1

Your Mail ID is as follows: 159209882

**RECEIVED**

JAN 2 0 2020

**LEGAL SERVICES**

Name of Debtor: YUETING JIA
Case Number: 19-12220 (KBO)

BAR(23) MAILID *** 000159209882 ***

For Court Use Only

YT1 (MERGE2.DBF,SCHED_NO)  SCHEDULE #: 220000180***** 12
CHINA SOFT GROWING INVEST WUXI PARTSHP.
ROOM 1612,YINGU BUILDING
NO.9,WEST NORTH FOURTH RING ROAD,
HAIDIAN DISTRICT
BEIJING 100190,
CHINA

Your claim is scheduled by the Debtor as:
$27,972,027.97 UNSECURED
DISPUTED

Filed: USBC - Central District of California
Yueting Jia    (B10)
19-24804 (VPZ)

**Proof of Claim (Official Form 410)**

YT1

0000000019

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Such a request should be made by filing the separate administrative claim request form approved by the bankruptcy court. Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): *CHINA SOFT GROWING INVEST WUXI PARTSHP*

Other names the creditor used with the debtor: _____

**2. Has this claim been acquired from someone else?**  ☑ No  ☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

*ROOM 1612, YINGU BUILDING*
Name

*No. 9 WEST NORTH FOURTH RING ROAD*
Number    Street

*BEIJING*                    *100190*
City        State    ZIP Code

Country (if international):  *CHINA*

Contact phone: *(+86) 138 10485865*

Contact email: *xuyongqiango@126.com*

Where should payments to the creditor be sent?
(if different)

_____
Name

_____
Number    Street

_____
City        State    ZIP Code

Country (if international): _____

Contact phone: _____

Contact email: _____

**4. Does this claim amend one already filed?**
☑ No

☐ Yes.  Claim number on court
claims register (if known) _____

Filed on _____
          MM  / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No

☐ Yes.  Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
| --- | --- |

**6. Do you have any number you use to identify the debtor?**
☐ No
☑ Yes.

Last 4 digits of the debtor's account or any number you use to identify the debtor:

*0 8 1 X*

**7. How much is the claim?**

$ *44,241,449.*

Does this amount include interest or other charges?
☐ No
☑ Yes.  Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.  Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).  Limit disclosing information that is entitled to privacy, such as health care information.

*money loaned*

- General POC Page 1 of 3

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.    The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

_____

Basis for perfection: _____

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                         $_____

Amount of the claim that is secured:    $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition: $_____

Annual Interest Rate (when case was filed) _____%
                                   ☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of petition.

$_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property:

_____

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. Check one:

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a)(__) that applies.

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

Amount entitled to priority

$_____

$_____

$_____

$_____

$_____

$_____

---

**Part 3:    Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  15/01/2020        *Bao Yingling*
                  MM / DD / YYYY       Signature

Print the name of the person who is completing and signing this claim:

Name    YINGLING                        BAO
        First name        Middle name        Last name

Title    ATTORNEY

Company  BEIJING DEHENG (WUXI) LAW OFFICES
         Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  FL. 13, GOLDEN INTERNATIONAL Tower, Xiang Jiang Road, Xin Wu
         Number        Street

         District. WUXI, JIANGSU, CHINA, 214028
         City                        State        ZIP Code

Contact Phone  (+86) 151 9020 0729        Email  baoyl@denglaw.com

**利息计算依据**

| 起息日 | 截止日 | 本金（万，人民币） | 天数 | 利率 | 利息（万，人民币） |
|---|---|---|---|---|---|
| 2015 年 5 月 15 日 | 2017 年 5 月 14 日 | 20000.00 | 730 | 15% | 6000.0000 |
| 2017 年 5 月 15 日 | 2018 年 5 月 14 日 | 20000.00 | 364 | 15% | 3000.0000 |
| 2018 年 5 月 15 日 | 2019 年 10 月 14 日 | 20000.00 | 517 | 5% | 1416.4384 |
| | | | | | |
| 合计 | | | | | 10416.43836 |
| 2020 年 1 月 14 日 | | 美元对人民币汇率 | 6.8751 | | |
| | | | | | |
| | | 换算至美元利息总金额（万元） | 4424.144864 | | |

# 借款合同

出借方：华软成长创业投资无锡合伙企业（有限合伙）

借款方：乐视移动智能信息技术（北京）有限公司

　　借款方为进行经营活动，向出借方申请借款，经双方协商，特订立本合同，以便共同遵守。

　　一、借款种类：　人民币

　　二、借款用途：　经营所需

　　三、借款金额人民币_贰亿_元整（RMB200,000,000.00）。

　　四、借款利息为每年百分之_十五_。

　　五、借款和还款期限：借款时间共贰年，自 2015 年 5 月 15 日起，至 2017 年 5 月 14 日止。

　　六、还款方式：　现金

　　七、出借方将借款汇至借款方以下银行账户：



　　　　户名：乐视移动智能信息技术（北京）有限公司

　　　　账号：693489502

　　　　开户行：民生银行建国门支行

八、保证条款

1、借款方必须按照借款合同规定的用途使用借款，不得挪作他用，不得用借款进行违法活动。



2、借款方必须按照合同规定的期限还本付息。

3、借款方有义务接受出借方的检查、监督借款的使用情况，了解借款方的计划执行、经营管理、财务活动、物资库存等情况。借款方应提供有关的计划、统计、财务会计报表及资料。

4、乐视控股（北京）有限公司及其实际控制人贾跃亭为还款责任提供连带保证。

九、违约责任

1、借款方如逾期不还借款，出借方有权追回借款，并按银行规定加收每日万分之五的罚息。

2、出借方未按期提供借款，应按违约数额和延期天数，付给借款方违约金。违约金数额的计算应与加收借款方的罚息计算相同。

十、争议解决：因执行本合同发生争议，由当事人双方协商解决。协商不成的，双方同意由出借方所在地有管辖权的人民法院管辖。

十一、其他

1、本合同非因不可抗力情况发生，任何一方当事人不得擅自变更或解除合同。当事人一方发生不可抗力，应及时采用书面形式通知其他当事人并提供证明。

2、本合同经双方同意后可以变更或解除。合同解除的，借款方已占用的借款和应付的利息，仍应按本合同的规定偿付。

3、出借方有权在借款期间内将本协议的债权转让给其关联方，借款方在此承诺并知悉上述转让事宜，不影响借款方继续履行本协议




约定的义务。

　　4、本合同如有未尽事宜，须经合同双方当事人共同协商，作出

补充规定，补充规定与本合同具有同等效力。

　　5、本合同正本一式二份，出借方、借款方各执一份。


出借方（盖章）：华软成长创业投资无锡合伙企业（有限合伙）

执行事务合伙人委派代表或授权代表（签字）：




借款方（盖章）：乐视移动智能信息技术（北京）有限公司（公章）

法人代表或授权代表签字：




　　　　　　　　　　签约日期：2015 年 5 月 6 日

　　　　　　　　　　签约地点：北京

乐视·资本

关于

借款合同

及

INVESTOR RIGHTS AGREEMENT

之

## 补充协议

乐视·资本

# 补充协议

本《补充协议》（以下简称"**本协议**"）由以下各方于 2018 年 1 月 26 日签署，且无论各方注册于何地，均视为在中国北京市朝阳区签署：

**甲方：华软成长创业投资无锡合伙企业（有限合伙）（"出借方"）**

地　址：无锡市兴源北路 401 号北创科技园一期大楼 12-56B 室

**乙方：乐视移动智能信息技术（北京）有限公司（"借款方"）**

地　址：北京市顺义区高丽营镇文化营村临空二路 2 号

甲方、乙方及丙方单称为"**一方**"，合称为"**各方**"。

鉴于：

(i)　　出借方和借款方已于 2015 年 5 月 6 日签署了《借款合同》、出借方、LEVIEW MOBILE LTD.及其他乙方关联方签署了有关认购可转债交易的 Investor Rights Agreement，约定由借款方向出借方借款人民币贰亿元（"**借款**"）、出借方及其关联公司有权获得 Leview Mobile Ltd.发行的等值美元的可转债。且贾跃亭先生作为借款方的实际控制人，与乐视控股（北京）有限公司于同日分别向出借方出具了《承诺函》（前述文件合称"**交易文件**"），为交易文件项下 Leview Mobile Ltd.对卡可转债本金及约定利息的偿还义务（"**还款义务**"）承担担保责任。

(ii)　　《借款合同》约定：借款方从出借方借款贰亿元人民币，借款日期为 2015 年 5 月 15 日至 2017 年 5 月 14 日，利息为年息 15%。借款已经到期。截止签约日，借款方尚未偿还上述借款及利息。

(iii)　现借款方提出延长借款合同项下的借款期限，出借方同意此变更，各方对原交易文件项下各方权利义务作出进一步约定。

基于上述前提及条件，各方经友好协商，拟定如下补充条款，以资共同遵守。

1.　**延期还款安排及延期还款期间利率**

1.1　　各方一致同意，《借款合同》项下的借款作如下延期还款安排：

补充协议：5 / 5

绝密 · 密本

(a) 《借款合同》项下的借款还款日期从2017年5月15日延长至2020年5月14日。

(b) 延期期间的利息计算方式为：借款本金贰亿元人民币为基数，2017年5月15日至2018年5月14日，按照年利率15%单利计算利息，2018年5月15日至2020年5月14日，按照年利率5%单利计算利息。

(c) 在借款方未按本协议约定清偿借款本金和任何已累计但尚未支付的利息之前，乐视控股及实际控制人仍就借款方对出借方的借款本息还款义务承担担保责任。

(d) 各方可在协商一致的前提下，就交易文件及本协议条款进行调整。

2. **陈述与保证**

2.1 各方已就当事方变更、延期还款安排及延期还款期间利率的变更进行充分、平等地协商，并已咨询各自的法律、财务顾问或专业人员，完全理解和知悉本行为的法律意义及后果，并愿意履行本协议约定的义务，承担本协议约定的法律责任。

2.2 出借方确认，仅依据《借款合同》及本协议约定享有借款本息相关的债权，放弃原交易文件项下认购可转债且将可转债本息转化为 LEVIEW MOBILE LTD.或 LEVIEW GLOBAL LTD.股权的权利。

3. **保密**

3.1 尽管有前述约定，任何一方均有义务对可转债交易文件项下任何约定，本协议的谈判、签署及履行，以及任何与此相关的信息与事项采取严格的保密措施，除签署和履行本协议所必要知悉的人员外，不以任何形式公开，且不对任何其他人员披露或故意泄露。

3.2 本保密责任条款，及其项下任何权利、义务、责任、负担、承诺或保证，除双方另有书面约定的例外，不因本协议的签署、履行、终止或解除或被判无效等任何情形而影响其法律约束力，且永久有效。

4. **生效**

本协议经各方授权代表签署或加盖各自公章后生效。本协议壹式肆份，各方各执贰份，每份均具有同等法律效力。



补充协议：5 / 5

乐视 · 资本

5.    **争议解决**

因本协议的履行发生争议的，由出借方所在地有管辖权的人民法院管辖。

[本行以下无正文]

补充协议：5 / 5

乐税·定本

【本页为《补充协议》签署页】

甲方：

华软成长创业投资无锡合伙企业（有限合伙）

签署人：

职务：

补充协议：5/5

乐视·生态

[本页为《补充协议》签署页]

乙方：

乐视移动智能信息技术（北京）有限公司

签署人：

职务：

补充协议：5 / 5

**承诺函**

为境外融资之目的，我公司乐视控股（北京）有限公司的关联方 Leview Mobile Ltd.，（以下简称"目标公司"）拟向华软成长创业投资无锡合伙企业（有限合伙）及其关联公司发行可转换债券（以下简称"可转债"）。

为本次可转债发行，目标公司及其相关方已于 2015 年 5 月 6 日与华软成长创业投资无锡合伙企业（有限合伙）签署有关认购可转债的交易文件 INVESTOR RIGHTS AGREEMENT 及借款合同（以下合称"交易文件"），约定目标公司境内关联方向华软成长创业投资无锡合伙企业（有限合伙）及其关联公司借款贰亿元人民币，华软成长创业投资无锡合伙企业（有限合伙）及其关联公司有权获得目标公司发行的等值美元的可转债。目标公司将根据交易文件的约定，在偿还条件触发时，向北京华软投资管理有限公司及其关联公司偿还可转债本金及约定的利息（以下简称"还款义务"）。

2018 年 🗓 月 🗓 日，目标公司境内关联方乐视移动智能信息技术（北京）有限公司和与华软成长创业投资无锡合伙企业（有限合伙）签署《补充协议》，约定华软成长创业投资无锡合伙企业（有限合伙）及其关联公司放弃交易文件项下认购可转债且将可转债本息转化为 LEVIEW MOBILE LTD. 或 LEVIEW GLOBAL LTD.股权的权利，仅依据《借款合同》及《补充协议》约定享有借款本息相关的债权，《借款合同》中本金贰亿元人民币的借款延长至 2020 年 5 月 14 日，2017 年 5 月 15 日至 2018 年 5 月 14 日，按照年利率 15%单利计算利息，2018 年 5 月 15 日至 2020 年 5 月 14 日，按照年利率 5%单利计算利息。

为此，乐视控股（北京）有限公司承诺并保证，如果目标公司境内关联方未能依照《借款合同》及《补充协议》的约定完全履行其还款义务，乐视控股（北京）有限公司将依照《借款合同》及《补充协议》的相关约定代为承担向华软成长创业投资无锡合伙企业（有限合伙）及其关联公司的还款义务。

特此承诺。

承诺人：乐视控股（北京）有限公司

日期：2018 年 5 月 25 日

承诺函

为境外融资之目的，乐视控股（北京）有限公司的关联方 Leview Mobile Ltd.，（以下简称"目标公司"）拟向华软成长创业投资无锡合伙企业（有限合伙）及其关联公司发行可转换债券（以下简称"可转债"）。本人为乐视控股（北京）有限公司及目标公司的实际控制人。

为本次可转债发行，目标公司及其相关方已于 2015 年 5 月 6 日与华软成长创业投资无锡合伙企业（有限合伙）及其关联公司签署有关认购可转债的交易文件 INVESTOR RIGHTS AGREEMENT 及借款合同（以下合称"交易文件"），约定目标公司境内关联方向华软成长创业投资无锡合伙企业（有限合伙）及其关联公司借款贰亿元人民币，华软成长创业投资无锡合伙企业（有限合伙）及其关联公司有权获得目标公司发行的等值美元的可转债。目标公司将根据交易文件的约定，在偿还条件触发时，向华软成长创业投资无锡合伙企业（有限合伙）及其关联公司偿还可转债本金及约定的利息（以下简称"还款义务"）。

2018 年 5 月 25 日，目标公司境内关联方乐视移动智能信息技术（北京）有限公司和与华软成长创业投资无锡合伙企业（有限合伙）签署《补充协议》，约定华软成长创业投资无锡合伙企业（有限合伙）及其关联公司放弃交易文件项下认购可转债且将可转债本息转化为 LEVIEW MOBILE LTD.或 LEVIEW GLOBAL LTD.股权的权利，仅依据《借款合同》及《补充协议》约定享有借款本息相关的债权，《借款合同》中本金贰亿元人民币的借款延长至 2020 年 5 月 14 日，2017 年 5 月 15 日至 2018 年 5 月 14 日，按照年利率 15%单利计算利息，2018 年 5 月 15 日至 2020 年 5 月 14 日，按照年利率 5%单利计算利息。

为担保还款义务，乐视控股（北京）有限公司于 2018 年 5 月 25 日出具《承诺函》，承诺如果目标公司境内关联方未能依照《借款合同》及《补充协议》的约定完全履行其还款义务，乐视控股（北京）有限公司将依照《借款合同》及《补充协议》的相关约定代为承担向华软成长创业投资无锡合伙企业（有限合伙）及其关联公司的还款义务。（以下简称"担保义务"）。

为此，本人承诺，如果目标公司未依照《借款合同》和《补充协议》完全履行其还款义务，及/或乐视控股（北京）有限公司未依照《乐视控股（北京）有限公司承诺函》完全履行其代偿义务，本人届时将以合法的方式代目标公司及/或乐视控股（北京）有限公司履行还款义务及/或代偿义务。

特此承诺。

承诺人：贾跃亭

身份证号 14262319731215081X

日期：2018 年 5 月 25 日

2

E
M
A
I
L
E
D

| | |
|---|---|
| __C Murray__ | __1/20/2020__ |
| CASE MANAGER | DATE |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA  90067

A true and correct copy of the foregoing document entitled: **NOTICE OF OBJECTION TO CLAIM** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **April 2, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (*date*) **April 2, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**VIA U.S. MAIL**
United States Bankruptcy Court
Central District of California
Attn:  Hon. Vincent Zurzolo
Edward R. Roybal Federal Bldg./Courthouse
255 East Temple Street, Suite 1360
Los Angeles, CA  90012

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 2, 2020 | Nancy H. Brown | /s/ Nancy H. Brown |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*
DOCS_LA:328692.1 46353/002

Page 2

**F 3007-1.1.NOTICE.OBJ.CLAIM**

**SERVICE INFORMATION FOR CASE NO. 2:19-bk-24804-VZ**
**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

- Jerrold L Bregman    ecf@bg.law, jbregman@bg.law
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Stephen D Finestone    sfinestone@fhlawllp.com
- Richard H Golubow    rgolubow@wghlawyers.com, pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
- Alexandra N Krasovec    krasovec.alexandra@dorsey.com, claridge.vanessa@dorsey.com
- Ben H Logan    blogan@omm.com
- Robert S Marticello    Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- David W. Meadows    david@davidwmeadowslaw.com
- John A Moe    john.moe@dentons.com, glenda.spratt@dentons.com
- Kelly L Morrison    kelly.l.morrison@usdoj.gov
- Malhar S Pagay    mpagay@pszjlaw.com, bdassa@pszjlaw.com
- Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- Victor A Sahn    vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com
- Randye B Soref    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- Benjamin Taylor    btaylor@taylorlawfirmpc.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Felix T Woo    fwoo@ftwlawgroup.com, admin@ftwlawgroup.com
- Claire K Wu    ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com
- Emily Young    pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
- David B Zolkin    dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                    Page 2                    **F 3007-1.1.NOTICE.OBJ.CLAIM**
DOCS_LA:328692.1 46353/002