| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Richard M. Pachulski (CA Bar No. 90073)<br>Jeffrey W. Dulberg (CA Bar No. 181200)<br>Malhar S. Pagay (CA Bar No. 189289)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Boulevard, 13th Floor<br>Los Angeles, CA 90067<br>Telephone: 310/277-6910<br>Facsimile: 310/201-0760<br>Email: rpachulski@pszjlaw.com<br>          jdulberg@pszjlaw.com<br>          mpagay@pszjlaw.com<br><br>☒ *Attorney for:* Debtor | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| In re:<br><br>YUETING JIA,<br><br>                                        Debtor(s). | CASE NO.: 2:19-bk-24804-VZ<br>CHAPTER: 11 |
|---|---|
| | ### NOTICE OF OBJECTION TO CLAIM |
| | DATE: May 7, 2020<br>TIME:  1:30 p.m.<br>COURTROOM: 1368<br>PLACE: 255 East Temple Street<br>        Los Angeles, CA 90012 |

1. TO *(specify claimant and claimant's counsel, if any)*: Chongqing LeTv Commercial Factoring Co. Ltd. and Zhe Liu

2. NOTICE IS HEREBY GIVEN that the undersigned has filed an objection to your Proof of Claim (Claim No. 24) filed in the above referenced case. The Objection to Claim seeks to alter your rights by disallowing, reducing or modifying the claim based upon the grounds set forth in the objection, a copy of which is attached hereto and served herewith.

3. **Deadline for Opposition Papers**: You must file and serve a response to the Objection to Claim not later than 14 days prior to the hearing date set forth above.

   **IF YOU FAIL TO TIMELY RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.**

Date:   April 2, 2020

Date Notice Mailed: April 2, 2020

PACHULSKI STANG ZIEHL & JONES LLP
Printed name of law firm

*/s/ Malhar S. Pagay*
Signature

Malhar S. Pagay
Printed name of attorney for objector

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                    Page 1                    **F 3007-1.1.NOTICE.OBJ.CLAIM**
DOCS_LA:328693.1 46353/002

1  Richard M. Pachulski (CA Bar No. 90073)
   Jeffrey W. Dulberg (CA Bar No. 181200)
2  Malhar S. Pagay (CA Bar No. 189289)
   PACHULSKI STANG ZIEHL & JONES LLP
3  10100 Santa Monica Blvd., 13th Floor
   Los Angeles, CA  90067
4  Telephone: 310/277-6910
   Facsimile: 310/201-0760
5  Email:   rpachulski@pszjlaw.com
            jdulberg@pszjlaw.com
6           mpagay@pszjlaw.com

7
   Attorneys for Debtor and Debtor in Possession
8

9              UNITED STATES BANKRUPTCY COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                 LOS ANGELES DIVISION

12  In re:                          Case No.: 2:19-bk-24804-VZ

13  YUETING JIA,[1]                 Chapter 11

14                   Debtor.        **DEBTOR'S NOTICE OF OMNIBUS**
                                    **OBJECTION AND OMNIBUS OBJECTION**
15                                  **FOR AN ORDER DISALLOWING**
                                    **DUPLICATE CLAIMS; MEMORANDUM OF**
16                                  **POINTS AND AUTHORITIES AND**
                                    **DECLARATION OF LUETIAN SUN IN**
17                                  **SUPPORT THEREOF**

18                                  **This Objection Affects The Following Claimants:**
                                    **Beijing Huaxing Mobile Asset Mgt Center, Claim 27**
19                                  (Duplicate of Claim 20023)
                                    **Beijing Jiaxin Tengda Information Consulting Co.,**
20                                  **Ltd., Scheduled Claim 220000060** (Duplicate of Claim
                                    20019)
21                                  **China Soft Growing Invest Wuxi Partshp, Claim 61**
                                    (Duplicate of Claim 19)
22                                  **Chongqing LeTV Commercial Factoring Co., Ltd.,**
                                    **Claims 21** and **24** (Duplicates of Claim 20015)
23                                  **E-Town Intl Holding (HK) Co Ltd., Claim 16**
                                    (Duplicate of Claim 20017)
24                                  **Honghu Da, Claim 6** (Duplicate of Claim 20008)
                                    **Huizhou Speed Secondcurve Management LP, Claim**
25                                  **20002** (Duplicate of Claim 20001)
                                    **Jiangyin Hailan Invest. Holding Co. Ltd., Claim**
26                                  **20009** (Duplicate of Claim 7)
                                    **Linfen Investment Group Co., Ltd., Scheduled Claim**

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

---

[1] The last four digits of the Debtor's federal tax identification number are 8972. The Debtor's mailing address is
91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**220000540** (Duplicate of Claim 30)
**Nanchang O-Film Photoelectric Technology Co., Ltd, Claim 38** (Duplicate of Claim 33)
**O-Film Global (HK) Trading Limited, Claim 34** (Duplicate of Claim 33)
**O-Film Global (HK) Trading Limited, Claim 37** (Duplicate of Claim 33)
**Pingan Bank Co Ltd Beijing Branch, Claim 20041** (Duplicate of Claim 20036)
**Shenzhen Yingda Capital Management Co., Scheduled Claim 220000860** (Duplicate of Claim 20034)
**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 42** (Duplicate of Claim 20027)
**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 43** (Duplicate of Claim 20029)
**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 44** (Duplicate of Claim 20030)
**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 45** (Duplicate of Claim 20031)
**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 46** (Duplicate of Claim 20032)
**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 47** (Duplicate of Claim 20039)
**Tianjin Yingxin Xinheng Investment Consulting Co., Ltd., Claim 28** (Duplicate of Claim 20020)
**Weihua Qiu, Scheduled, Claim 220000960** (Duplicate of Claim 12)
**Weihua Qiu, Claim 39** (Duplicate of Claim 12)
**Western Securities Co., Ltd., Claim 32** (Duplicate of Claim 20028)
**Wuxi Leyike Investment Enterprise, Claim 20025** (Duplicate of Claim 20007)
**Xizang Jinmeihua Investment Co., Ltd., Scheduled Claim 220001030** (Duplicate of Claim 29)

| | |
|---|---|
| Date: | May 7, 2020 |
| Time: | 1:30 p.m. |
| Place: | Courtroom 1368 |
| | Roybal Federal Building |
| | 255 E. Temple Street |
| | Los Angeles, California 90012 |
| Judge: | Hon. Vincent P. Zurzolo |

**PLEASE TAKE NOTICE** that, on May 7, 2020, beginning at 1:30 p.m. (Pacific Time), or as soon thereafter as counsel may be heard before the Hon. Vincent P. Zurzolo, in Courtroom 1368 of the Edward R. Roybal Federal Building and Courthouse, located at 255 E. Temple Street, Los Angeles, California 90012, pursuant to the *Order (I) Approving the Fourth Amended Disclosure Statement; (II) Approving the Voting Procedures and Tabulation Procedures; (III) Setting the Date*

*and Time for the Confirmation Hearing and Related Deadlines; (IV) Waiving Certain Local Rules and Procedures Related to the Timing and Approval of the Fourth Amended Disclosure Statement and Confirmation of the Third Amended Plan; and (V) Granting Related Relief* [Docket No. 485] (the "Disclosure Statement Order"), which provides, in pertinent part, that if the Debtor has served an objection or request for estimation as to a claim by April 2, 2020, such claim shall be temporarily disallowed for voting purposes only (and not for purposes of allowance or distribution), except to the extent and in the manner as may be set forth in such objection or as ordered by the Court before the voting deadline, i.e., April 30, 2020 at 4:00 p.m. (Beijing Time),[2] Yueting Jia (the "Debtor" or "YT"), debtor and debtor in possession herein, hereby objects to and moves to disallow (the "Objection") the claims (the "Duplicate Claims") listed below in the column entitled "Duplicate Claims to Be Disallowed" filed by the listed claimants (the "Claimants") on the grounds that the Duplicate Claims are identical to those claims listed in the column entitled "Surviving Claims." The Debtor requests that the Court take judicial notice of both the Duplicate Claims to Be Disallowed and the Surviving Claims, which are annexed as Exhibits 1-27 to the Request for Judicial Notice (the "RFJN"), filed concurrently herewith.

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Beijing Huaxing Mobile Asset Mgt Center | 27 | 20023 | Duplicate Claim | 1 |
| Beijing Jiaxin Tengda Information Consulting Co., Ltd. | 220000060 (scheduled claim) | 20019 | Creditor, Beijing Jiaxin Tengda Information Consulting Co., Ltd., also uses the name Jiaxindechuang BJ Tech Group Co Ltd. The Debtor scheduled Beijing Jixain Tengda Information Consulting Co., Ltd. in the amount of $1,458,406. However, the creditor asserted the same debt using the name Jiaxindechuang BJ Tech Group Co Ltd. in filed claim number 20019 in | 2 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

---

[2] Disclosure Statement Order, 6 at ¶ 17(e).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| | | | the amount of $1,975,674.74, and, consequently, has received two separate ballots to vote a single debt in connection with the Debtor's Plan. The filed proof of claim should supersede the scheduled claim despite the difference in names. | |
| China Soft Growing Invest Wuxi Partshp | 61 | 19 | Duplicate Claim | 3 |
| Chongqing LeTv Commercial Factoring LLC | 21 | 20015 | Duplicate Claim | 4 |
| Chongqing LeTv Commercial Factoring LLC | 24 | 20015 | Duplicate Claim | 5 |
| E-Town Intl Holding (HK) Co Ltd | 16 | 20017 | Duplicate Claim | 6 |
| Honghu Da | 6 | 20008 | Duplicate Claim | 7 |
| Huizhou Speed Secondcurve Management LP, | 20002 | 20001 | Duplicate Claim | 8 |
| Jiangyin Hailan Invest Holding Co Ltd. | 20009 | 7 | Creditor, Jiangyin Hailan Invest Holding Co. Ltd. filed Claim 20009 in the amount of $89,635,814.27, however, the back-up attached to Claim 20009 totals $69,635,814.27, which amount is duplicative of Claim 7. Therefore, Claim 20009 should be disallowed. | 9 |
| Linfen Investment Group Co. Ltd. | 220000540 | 30 | This creditor filed a proof of claim for the same debt under a similar but different name (Linfen Investment Construction Development Co. Ltd.) and, consequently, received ballots for both scheduled and filed claims. The filed proof of claim should supersede the scheduled claim and, with respect | 10 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| | | | to the Plan, the amount to be voted on account of the scheduled claim should be disallowed. | |
| Nanchang OFilm Photoelectric Tech Co Ltd. | 38 | 33 | Duplicate Claim | 11 |
| O-Film Global (HK) Trading Limited | 34 | 33 | The creditor, in its complaint against the Debtor, describes it and Nanchang OFilm Photoelectric Tech Co Ltd. as sister companies and co-plaintiffs. The lawsuit asserts a single claim of $24,095,428.00 against the Debtor. Accordingly, multiple claims asserted in the same amount are duplicative. | 12 |
| O'Film Global (HK) Trading Limited | 37 | 33 | Duplicate Claim | 13 |
| Pingan Bank Co Ltd Beijing Branch | 20041 | 20036 | Duplicate Claim | 14 |
| Shenzhen Yingda Capital Management Co. | 220000860 | 20034 | This creditor inadvertently received ballots both for scheduled and filed claims, so the amount to be voted on account of the scheduled claim should be disallowed. | 15 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 42 | 20027 | Duplicate Claim | 16 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 43 | 20029 | Duplicate Claim | 17 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 44 | 20030 | Duplicate Claim | 18 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 45 | 20031 | Duplicate Claim | 19 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 46 | 20032 | Duplicate Claim | 20 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 47 | 20039 | Duplicate Claim | 21 |
| Tianjin Yingxin Xinheng Investment | 28 | 20020 | Duplicate Claim | 22 |

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Consulting Co. Ltd. | | | | |
| Weihua Qiu | 220000960 (scheduled claim) | 12 | This creditor inadvertently received ballots both for scheduled and filed claims, so the amount to be voted on account of the scheduled claim should be disallowed. | 23 |
| Weihua Qiu | 39 | 12 | Duplicate claim | 24 |
| Western Securities Co., Ltd. | 32 | 20028 | Duplicate Claim | 25 |
| Wuxi Leyike Investment Enterprise | 20025 | 20007 | Duplicate Claim | 26 |
| Xizang Jinmeihua Investment Co., Ltd. | 220001030 (scheduled claim) | 29 | In Chinese, Tibet is called Xizang. The creditor filed its claim using the name Tibet Jinmeihua Investment Co. Ltd. and, consequently, has received two separate ballots to vote a single debt in connection with the Debtor's Plan. The filed proof of claim should supersede the scheduled claim despite the difference in names. | 27 |

True and correct copies of the Claims are attached to the Notices of Objection to Claims, which have been served on each claimant, attaching their corresponding claim(s).

**PLEASE TAKE FURTHER NOTICE** that the Objection has been served upon the Claimants and all parties entitled thereto and is based upon the supporting Memorandum of Points and Authorities and Declaration of Luetian Sun, the statements, arguments and representations of counsel who appear at the hearing regarding the Objection, the files and records in the above-captioned case, any evidence properly before the court prior to or at the hearing regarding the Objection and all matters of which the court may properly take judicial notice.

1    **PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(f),

2    responses to the Objection must be filed with the Court and served upon the Debtor's counsel at the

3    address in the upper left-hand corner of this Objection **no later than fourteen (14) days prior to**

4    **the hearing date**.  Responses must contain a written statement of all reasons why the Objection is

5    opposed and must include declarations and copies of all documentary evidence on which the

6    responding party intends to rely.  Responses must be filed either electronically or at the following

7    location:

8                                United States Bankruptcy Court
9                                Attention:  Clerk's Office
                                 255 E. Temple Street
10                               Los Angeles, CA 90012

11    **IF YOU DO NOT OPPOSE THE OBJECTION YOU DO NOT NEED TO FILE ANY**

12    **PAPERS, SIGN ANY FURTHER AGREEMENTS OR TAKE ANY FURTHER ACTION.**

13    **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(f),

14    the failure to timely file and serve written opposition may be deemed by the Court to be consent to

15    the granting of the relief requested in the Objection.

16    **PLEASE TAKE FURTHER NOTICE** that if a response is timely filed and served upon the

17    Debtor's counsel, the Court, in its discretion, may treat the initial hearing as a status conference if it

18    determines that the Objection involves disputed factual issues or will require presentation of

19    substantial evidence or argument.

20    **WHEREFORE,** the Debtor respectfully requests that the Court enter an order (i) sustaining

21    the Objection; (ii) disallowing the Duplicate Claims in their entirety; and (iii) granting the Debtor

22    such other and further relief as may appropriate under the circumstances.

23
24    Dated:    April 2, 2020                    PACHULSKI STANG ZIEHL & JONES LLP

25                                              By    */s/ Malhar S. Pagay*
26                                                    Richard M. Pachulski
                                                     Jeffrey W. Dulberg
27                                                   Malhar S. Pagay

28                                                   Counsel for Debtor and Debtor in
                                                     Possession

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## JURISDICTION

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are sections 102, 105 and 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), and Rules 3007 and 3018(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## II.

## BACKGROUND

### A.    Commencement of the Chapter 11 Case

On October 14, 2019 (the "Petition Date"), the Debtor commenced this case (the "Chapter 11 Case") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"). The Debtor continues in possession of his property and manages his affairs as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On October 25, 2019, the U.S. Trustee appointed the Official Committee of Unsecured Creditors  pursuant to section 1102(a)(1) of the Bankruptcy Code (the "Committee") [Docket No. 45]. The Committee consists of the following members: (a) Ping An Bank., Ltd. Beijing Branch; (b) China Minsheng Trust Co., Ltd; (c) Shanghai Leyu Chuangye Investment Management Center LP; (d) Jiangyin Hailan Investment Holding Co., Ltd; and (e) Shanghai Qichengyueming Investment Partnership Enterprise.

On November 13, 2019, the Court entered an order setting January 24, 2020, as the general deadline (the "Bar Date") for the filing of proofs of claim or proofs of interest against the Debtor's estate.  In accordance with the Court's Order establishing the Bar Date, notice of the Bar Date was given by mail to the Debtor's creditors and interest holders.

On December 18, 2019, Judge Karen B. Owens of the Delaware Bankruptcy Court transferred the Chapter 11 Case to this Court.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**B.**     **Approval of the Debtor's Disclosure Statement**

On March 20, 2020, the Court entered the Disclosure Statement Order, pursuant to which the Court approved the Debtor's *Fourth Amended Disclosure Statement with Respect to Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 465] in respect of the *Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 464] (the "Plan"), and granted other relief.

The Disclosure Statement Order provides, in pertinent part, that if the Debtor has served an objection or request for estimation as to a claim by April 2, 2020, such claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the voting deadline, i.e., April 30, 2020 at 4:00 p.m. (Beijing Time).  Disclosure Statement Order, 6 at ¶ 17(e).

### III.

### ARGUMENT

**A.**     **Procedural Requirements for Objections to Claims**

Bankruptcy Rule 3007 governs the procedure for objections to claims.  It provides as follows: "An objection to an allowance of a claim shall be in writing and filed.  A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant . . . at least thirty days prior to the hearing." Fed. R. Bankr. P. 3007.

Pursuant to Bankruptcy Rule 3007, a copy of the Objection will be mailed to Claimants at the addresses provided by Claimants in the Claims, and, where available and if different from the address provided on the proof of claim, on each Claimant's address registered with the National Enterprise Credit Information Publicity System (http://www.gsxt.gov.cn/index.html), a government-run, national, enterprise credit inquiry system in the People's Republic of China, at least thirty days prior to the hearing date for consideration of the Objection.  Accordingly, by the time of the hearing hereon, the Debtor will have complied with Bankruptcy Rule 3007.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**B.    The Court Must Determine the Allowance of a Claim Subject to Objection**

With certain exceptions, section 502(b) of the Bankruptcy Code requires, in relevant part, that if a party in interest objects to a claim, "the Court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that -- (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured …."

**C.    Burden of Proof**

All allegations set forth in a properly filed proof of claim are taken as true and, if the allegations set forth all facts necessary to establish a claim and are not self-contradictory, the proof of claim constitutes *prima facie* evidence of the validity and amount of the claim.  11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f).  However, a claimant must attach copies of writings upon which claims are based in order to carry its burden of establishing a *prima facie* case against the debtor. *Hardin v. Gianni (In re King Investments Inc.)*, 219 B.R. 848, 858 (B.A.P. 9th Cir. 1998).  Further, a claim should not be allowed if that claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law.  11 U.S.C. § 502(b)(1).

Once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991), then "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate burden of persuasion is always on the claimant."  *Holm*, 931 F.2d at 623.  In considering an objection to a claim, a bankruptcy court may take judicial notice of the underlying records in a bankruptcy case.  *O'Rourke v. Seaboard Surety Co., (In re ER Fergert, Inc.)*, 887 F.2d 955, 957-958 (9th Cir. 1998).

**D.    Disallowance for Plan Voting Purposes**

Courts recognize that Bankruptcy Rule 3018(a) permits a party in interest to seek to disallow a claim for voting purposes. Ultimately, the determination of whether to temporarily allow a claim

3

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

for voting purposes lies within the discretion of the bankruptcy court.  See *Armstrong v. Rushton (In re Armstrong)*, 294 B.R. 344, 354 (B.A.P. 10th Cir. 2003) ("There is no guidance in the Bankruptcy Code to courts as to determine whether to permit the temporary allowance of a claim; it is left to the court's discretion.").  Indeed, courts have broad authority to determine whether to allow or disallow a claim for purposes of voting under Bankruptcy Rule 3018(a). *See, e.g., In re Mangia Pizza Invs., L.P.,* 480 B.R. 669, 679 (Banker. W.D. Tex. 2012); *In re Zolner*, 174 B.R. 629, 633 (Bankr. N.D. Ill. 1994) (noting that a court must exercise its discretion to allow or disallow a claim under Bankruptcy Rule 3018(a) based on reasoned analysis); *In re Goldstein,* 114 B.R. 430, 433 (Bankr. E.D. Pa. 1990); Collier on Bankr. ¶ 9-3018[5] (16th ed. rev. 2012) ("The court, however, regardless of the circumstances, has the discretion to allow or disallow all or part of the claim for voting purposes.").

In some cases noted in the chart below, the Debtor has been advised that a Claimant inadvertently has been provided with multiple ballots to vote on the Debtor's Plan on account of a single debt.  Where that has occurred, the Debtor has requested that the Court disallow one of those Duplicate Claims for voting purposes.

**E.**     **The Objection and Request for Relief**

In most instances, the Duplicate Claim and the relevant Surviving Claim are the exact same claim in the same amount filed by the Claimant using the same name, and therefore the Duplicate Claim can be disallowed readily.  The chart below provides further explanation for the request for disallowance where the claims may not be exact duplicates of one another, but fall within the Duplicate Claims category that is the subject of this Objection.  For example, slight variations in the name or entity utilized by a Claimant to assert a debt against the Debtor or issues of translation from Chinese to English have required a more careful review to determine that two claims are, in fact, the same.

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Beijing Huaxing Mobile Asset Mgt Center | 27 | 20023 | Duplicate Claim | 1 |
| Beijing Jiaxin Tengda Information Consulting Co., Ltd. | 220000060 (scheduled claim) | 20019 | Creditor, Beijing Jiaxin Tengda Information Consulting Co., Ltd., | 2 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| | | | also uses the name Jiaxindechuang BJ Tech Group Co Ltd.  The Debtor scheduled Beijing Jixain Tengda Information Consulting Co., Ltd. in the amount of $1,458,406.  However, the creditor asserted the same debt using the name Jiaxindechuang BJ Tech Group Co Ltd. in filed claim number 20019 in the amount of $1,975,674.74, and, consequently, has received two separate ballots to vote a single debt in connection with the Debtor's Plan.  The filed proof of claim should supersede the scheduled claim despite the difference in names. | |
| China Soft Growing Invest Wuxi Partshp | 61 | 19 | Duplicate Claim | 3 |
| Chongqing LeTv Commercial Factoring LLC | 21 | 20015 | Duplicate Claim | 4 |
| Chongqing LeTv Commercial Factoring LLC | 24 | 20015 | Duplicate Claim | 5 |
| E-Town Intl Holding (HK) Co Ltd | 16 | 20017 | Duplicate Claim | 6 |
| Honghu Da | 6 | 20008 | Duplicate Claim | 7 |
| Huizhou Speed Secondcurve Management LP, | 20002 | 20001 | Duplicate Claim | 8 |
| Jiangyin Hailan Invest Holding Co Ltd. | 20009 | 7 | Creditor, Jiangyin Hailan Invest Holding Co. Ltd. filed Claim 20009 in the amount of $89,635,814.27, however, the back-up attached to Claim 20009 totals $69,635,814.27, which amount is duplicative of Claim 7. Therefore, Claim 20009 should be disallowed. | 9 |

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Linfen Investment Group Co. Ltd. | 220000540 | 30 | This creditor filed a proof of claim for the same debt under a similar but different name (Linfen Investment Construction Development Co. Ltd.) and, consequently, received ballots for both scheduled and filed claims. The filed proof of claim should supersede the scheduled claim and, with respect to the Plan, the amount to be voted on account of the scheduled claim should be disallowed. | 10 |
| Nanchang OFilm Photoelectric Tech Co Ltd. | 38 | 33 | Duplicate Claim | 11 |
| O-Film Global (HK) Trading Limited | 34 | 33 | The creditor, in its complaint against the Debtor, describes it and Nanchang OFilm Photoelectric Tech Co Ltd. as sister companies and co-plaintiffs. The lawsuit asserts a single claim of $24,095,428.00 against the Debtor. Accordingly, multiple claims asserted in the same amount are duplicative. | 12 |
| O'Film Global (HK) Trading Limited | 37 | 33 | Duplicate Claim | 13 |
| Pingan Bank Co Ltd Beijing Branch | 20041 | 20036 | Duplicate Claim | 14 |
| Shenzhen Yingda Capital Management Co. | 220000860 | 20034 | This creditor inadvertently received ballots both for scheduled and filed claims, so the amount to be voted on account of the scheduled claim should be disallowed. | 15 |
| Tianjin Jairui Huixin | 42 | 20027 | Duplicate Claim | 16 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Corp. Mgt LLC | | | | |
| Tianjin Jairui Huixin Corp. Mgt LLC | 43 | 20029 | Duplicate Claim | 17 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 44 | 20030 | Duplicate Claim | 18 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 45 | 20031 | Duplicate Claim | 19 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 46 | 20032 | Duplicate Claim | 20 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 47 | 20039 | Duplicate Claim | 21 |
| Tianjin Yingxin Xinheng Investment Consulting Co. Ltd. | 28 | 20020 | Duplicate Claim | 22 |
| Weihua Qiu | 220000960 (scheduled claim) | 12 | This creditor inadvertently received ballots both for scheduled and filed claims, so the amount to be voted on account of the scheduled claim should be disallowed. | 23 |
| Weihua Qiu | 39 | 12 | Duplicate claim | 24 |
| Western Securities Co., Ltd. | 32 | 20028 | Duplicate Claim | 25 |
| Wuxi Leyike Investment Enterprise | 20025 | 20007 | Duplicate Claim | 26 |
| Xizang Jinmeihua Investment Co., Ltd. | 220001030 (scheduled claim) | 29 | In Chinese, Tibet is called Xizang. The creditor filed its claim using the name Tibet Jinmeihua Investment Co. Ltd. and, consequently, has received two separate ballots to vote a single debt in connection with the Debtor's Plan. The filed proof of claim should supersede the scheduled claim despite the difference in names. | 27 |

By this Objection, the Debtor simply seeks to have disallowed the Duplicate Claims leaving the Surviving Claims unaffected by this Objection.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

### IV.

### **GENERAL RESERVATION OF RIGHTS**

The Debtor expressly reserves the right to amend, modify or supplement this Objection, and to file additional, other, or further objections to any proofs of claim filed in this Chapter 11 Case, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not) against the Debtor, regardless of whether such claims are subject to this Objection.  Should one or more of the grounds of objection stated in this Objection be denied, the Debtor reserves his rights to object on other stated grounds or on any other grounds he discovers during the pendency of this Chapter 11 Case.  In addition, the Debtor reserves the right to file counterclaims against the holders of any such claims.

### V.

### **NOTICE**

The Debtor will serve copies of this Objection on:  (a) the Claimants, (b) the Office of the United States Trustee, (c) counsel to the Committee, and (d) all parties who have requested notices in this Chapter 11 Case pursuant to Bankruptcy Rule 2002.

### VI.

### **CONCLUSION**

WHEREFORE, the Debtor respectfully requests that the Court enter an order granting the relief requested herein and granting the Debtor such other and further relief as is just and proper.

Dated:    April _2_, 2020               PACHULSKI STANG ZIEHL & JONES LLP


                                        */s/ Malhar S. Pagay*
                                        Richard M. Pachulski
                                        Jeffrey W. Dulberg
                                        Malhar S. Pagay

                                        *Attorneys for Debtor and Debtor in Possession*

DOCS_LA:328634.6 46353/002                    8

### DECLARATION OF LUETIAN SUN

I, Luetian Sun, declare as follows:

1.      I am one of Debtor's advisors who assist the Debtor with various financial and business matters.  I also have served as Faraday & Future, Inc.'s ("FF") Investor Relations Coordinator since January 2019.  Prior to joining FF, I received a bachelor's degree in civil engineering from Beijing University's School of Civil Engineering and Architecture and a Master of Business Administration degree from the University of California at Riverside.

2.      I am in regular communication with the Debtor's professionals, including legal counsel.

3.      I submit this Declaration (the "Declaration") in support of the Debtor's *Omnibus Objection for an Order Disallowing Duplicate Claims* (the "Objection").

4.      If I were called to testify as a witness in this matter, I could and would competently testify to each of the facts set forth herein.

5.      At the direction of the Debtor, I have reviewed and analyzed the Claims that are the subject of the Objection, and have discussed my findings with both the Debtor and his legal counsel. Based on my analysis, I have determined that the Duplicate Claim are duplicative of other claims and should therefore be disallowed in their entirety.

6.      Also, in order to facilitate notice and service of the Objection, I researched each Claimant's address registered with the National Enterprise Credit Information Publicity System (http://www.gsxt.gov.cn/index.html), a government-run, national, enterprise credit inquiry system in the People's Republic of China.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 2nd day of April, 2020, at Los Angeles , California.

Luetian Sun
_____
Luetian Sun

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA 90067**

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S NOTICE OF OMNIBUS OBJECTION AND OMNIBUS OBJECTION FOR AN ORDER DISALLOWING DUPLICATE CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF LUETIAN SUN IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **April 2, 2020,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **April 2, 2020,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

United States Bankruptcy Court
Central District of California
Attn: Hon. Vincent Zurzolo
Edward R. Roybal Federal Bldg./Courthouse
255 East Temple Street, Suite 1360
Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 2, 2020 | Nancy H. Brown | | /s/ Nancy H. Brown |
|---|---|---|---|
| *Date* | *Printed Name* | | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:328782.1 46353/002

## SERVICE INFORMATION FOR CASE NO. 2:19-bk-24804-VZ

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

- Tanya Behnam    tbehnam@polsinelli.com, tanyabehnam@gmail.com
- Jerrold L Bregman    ecf@bg.law, jbregman@bg.law
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com,
  lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Stephen D Finestone    sfinestone@fhlawllp.com
- Richard H Golubow    rgolubow@wghlawyers.com,
  pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
- Alexandra N Krasovec    krasovec.alexandra@dorsey.com, claridge.vanessa@dorsey.com
- Ben H Logan    blogan@omm.com
- Robert S Marticello    Rmarticello@swelawfirm.com,
  gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- David W. Meadows    david@davidwmeadowslaw.com
- John A Moe    john.moe@dentons.com, glenda.spratt@dentons.com
- Kelly L Morrison    kelly.l.morrison@usdoj.gov
- Malhar S Pagay    mpagay@pszjlaw.com, bdassa@pszjlaw.com
- Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- Victor A Sahn    vsahn@sulmeyerlaw.com,
  pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf
  .inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com
- Randye B Soref    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- Benjamin Taylor    btaylor@taylorlawfirmpc.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Felix T Woo    fwoo@ftwlawgroup.com, admin@ftwlawgroup.com
- Claire K Wu    ckwu@sulmeyerlaw.com,
  mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com
- Emily Young    pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
- David B Zolkin    dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

DOCS_LA:328782.1 46353/002

**F 9013-3.1.PROOF.SERVICE**

**RECEIVED**

JAN **2 1** 2020

**LEGAL SERVICES**

Filed: USBC - Central District of California
Yueting Jia    (B10)
19-24804 (VPZ)

**YT1**



0000000024

Fill in this information to identify the case:

Debtor 1    YUETING JIA

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:    Central District of California

Case number    2:19-bk-24804-VZ

## Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1:    Identify the Claim

| | |
|---|---|
| 1. Who is the current creditor? | Chongqing LeTV Commercial Factoring Co., Ltd.<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor _____ |
| 2. Has this claim been acquired from someone else? | ☑ No<br>☐ Yes.  From whom? _____ |
| 3. Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>See attached Addendum.<br>Name<br><br>Number    Street<br><br>City    State    ZIP Code<br><br>Contact phone _____<br><br>Contact email _____<br><br>Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br><br>_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _<br><br>**Where should payments to the creditor be sent?** (if different)<br><br>See attached Addendum.<br>Name<br><br>Number    Street<br><br>City    State    ZIP Code<br><br>Contact phone _____<br><br>Contact email _____ |
| 4. Does this claim amend one already filed? | ☑ No<br>☐ Yes.  Claim number on court claims registry (if known) _____    Filed on _____ MM / DD / YYYY |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No<br>☐ Yes.  Who made the earlier filing? _____ |

**Part 2:**     **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |

| | |
|---|---|
| 7. **How much is the claim?** | $ ___No less than $23,002,452.___ Does this amount include interest or other charges?<br><br>See attached Addendum.    ☐ No<br>             ☑ Yes. Attach statement itemizing interest, fees, expenses, or other<br>                  charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>___Money loaned, unlimited several and joint liability guarantee; see also attached Addendum.___ |

| | |
|---|---|
| 9. **Is all or part of the claim secured?** | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>    **Nature of property:**<br>    ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>    ☐ Motor vehicle<br>    ☐ Other. Describe: _____<br><br>    **Basis for perfection:** _____<br>    Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>    **Value of property:**                  $_____<br>    **Amount of the claim that is secured:**    $_____<br><br>    **Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured<br>                                                     amounts should match the amount in line 7.)<br><br>    **Amount necessary to cure any default as of the date of the petition:**    $_____<br><br>    **Annual Interest Rate** (when case was filed) _____%<br>    ☐ Fixed<br>    ☐ Variable |

| | |
|---|---|
| 10. **Is this claim based on a lease?** | ☑ No<br>☐ Yes. Amount necessary to cure any default as of the date of the petition.    $_____ |

| | |
|---|---|
| 11. **Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: _____ |

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No | Amount entitled to priority |
|---|---|---|
| | ☐ Yes. *Check one:* | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3:  Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  01 / 13 / 2020
                MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

| | | | |
|---|---|---|---|
| Name | Zhe | | LIU |
| | First name | Middle name | Last name |
| Title | Chief Financial Officer | | |
| Company | Chongqing LeTV Commercial Factoring Co., Ltd. | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 8/F, LeRong bldg, No.105, Yaojiayuan Rd. | | |
| | Number        Street | | |
| | Beijing, China | | 100025 |
| | City | State | ZIP Code |
| Contact phone | 0086-18511062786 | Email | liuzhe3@le.com |

**ADDENDUM TO PROOF OF CLAIM OF CHONGQING LETV COMMERCIAL FACTORING CO., LTD. ("CREDITOR")**

EXHIBIT A

Creditor hereby asserts, reserves, and preserves, any and all claims, causes of action, other rights or remedies or the like under contract, applicable law, and equity that Creditor has against the Debtor, his affiliates, successors, representatives, agents, assigns or any other related individual or entity, including, without limitation, an amount not less than $23,002,452 (¥162,627,333 converted as of October 14, 2019), as detailed on the attached statement itemizing interest which is incorporated herein and made a part hereof. Creditor hereby asserts, reserves, and preserves all rights of setoff and recoupment available to it. Creditor hereby asserts, reserves, and preserves all claims for additional interest, liquidated damages, attorneys' fees, and other amounts.

Creditor's claims are general unsecured claims, except as provided herein or under applicable law or equity, or as determined by a court or another adjudicative body of competent jurisdiction to constitute administrative, secured, trust, or priority claims. To the extent that this proof of claim is or includes secured, administrative, trust, or priority claims, including claims based on Creditor's right to setoff or recoupment, or similar rights, it shall be and is a secured, administrative, trust, or priority claim.

In addition to the statement itemizing interest, the documents upon which these claims are based, include, without limitation, those attached to this addendum to proof of claim (along with English translations which are attached).

This proof of claim is filed with (a) full reservation of rights, remedies, privileges and the like, including, without limitation, (i) the right to amend, modify or supplement the proof of claim, (ii) the right to assert additional, modified, supplementary and/or amended proofs of claim and (iii) the right to make requests for administrative expenses based on, *inter alia*, events, information and/or documents obtained from the Debtor or others through discovery or otherwise and with (b) full reservation of (i) Creditor's rights, remedies, privileges, claims and/or the like against any party other than the Debtor, and (ii) Creditor's interests in any property, including, without limitation, property of the estate. This proof of claim is filed without prejudice to any cause of action against the Debtor not constituting a "claim" under 11 U.S.C. § 101(5) or otherwise applicable law.

This proof of claim is not intended to be, and shall not be construed as: (i) an election of remedies; (ii) a waiver of any past, present or future defaults or events of default; (iii) a waiver, release or limitation of any rights, remedies, privileges, claims, interests or the like of Creditor, including, without limitation, the right to assert any claims against the Debtor or against any other party or property other than the Debtor and his estate, inclusive of the right to recover interest and attorneys' fees and costs; (iv) a waiver of the right to seek to have the reference withdrawn with respect to the subject matter of this claim, any objection or other proceedings commenced with respect thereto, or any other proceedings commenced in this case or involving Creditor; (v) a waiver of the right to mediation or arbitration; (vi) a consent to

jurisdiction in the United States, whether in the bankruptcy court or otherwise; (vii) a consent to the jurisdiction or Constitutional power of the bankruptcy court with respect to the subject matter of this proof of claim, any objection or other proceeding commenced with respect thereto, or any other proceeding commenced in this case against or otherwise involving Creditor; (viii) a waiver of the right to trial by jury in any proceedings so triable in this case, or any controversy or proceedings related to this case; (ix) a waiver or release of any right against any affiliate of the Debtor or other entity or person liable for all or part of any claim described herein; (x) a waiver of any right of subordination of indebtedness or liens held by other creditors of the Debtor; (xi) a waiver of any rights pursuant to section 506(b) of the Bankruptcy Code; or (xii) a waiver or release of any liens or security interests that Creditor may have with respect to the property of the Debtor or any affiliate of the Debtor.

Payments to Creditor should be sent to the following:

CHONGQING LETV COMMERCIAL FACTORING CO., LTD.
Attn: Jing SHAO
8/F, LeRong bldg, No.105, Yaojiayuan Rd.
Beijing 100025
China
Telephone:    0086-18601305861
Email:        675366066@qq.com

All notices concerning this proof of claim should be sent to each of the following:

CHONGQING LETV COMMERCIAL FACTORING CO., LTD.
Attn: Jing SHAO
8/F, LeRong bldg, No.105, Yaojiayuan Rd.
Beijing 100025
China
Telephone:    0086-18601305861
Email:        675366066@qq.com

And

Jincheng Tongda & Neal Law Firm
Attn: Stephan Peng & Yue Wang
10th Floor, China World Tower
No. 1 Jianguo Menwai Avenue
Beijing, 100004, China
Email:        pengjun@jtnfa.com
              wangyue@jtnfa.com

And

Morris, Nichols, Arsht & Tunnell LLP
Attn: Eric D. Schwartz & Matthew B. Harvey

1201 North Market Street, 16th Floor
Wilmington, DE 19801
Telephone:    (302) 658-9200
Email:        eschwartz@mnat.com
              mharvey@mnat.com

### Statement Itemizing Interest

The Borrower (**LeTV Holdings (Beijing) Co., Ltd.**) borrowed one hundred and twenty-three million RMB Yuan (¥123,000,000) ("**Loan**") from the Lender (**Chongqing LeTV Commercial Factoring Co., Ltd.**) on June 26, 2017 and an interest accrued on the Loan, which is calculated from the date when the money is actually received by the Borrower (June 26, 2017) with an interest rate per year (i.e. 360 days) of 14%. YUETING JIA undertook unlimited several and joint liabilities for this Loan in his own name. The Loan period is from June 26, 2017 to September 5, 2017 however the Loan and the interest have not been repaid by the Borrower as of the date this Statement issued. YUETING JIA shall undertake his unlimited several and joint liabilities according to the Loan Agreement he signed and the accrued interest amount of the Loan is ¥39,627,333 calculated as of the date the case was filed.

In conclusion, the claim of the creditor (**Chongqing LeTV Commercial Factoring Co., Ltd.**) against YUETING JIA is ¥162,627,333 (including ¥123,000,000 principal and ¥39,627,333 interest due), which is equal to **$23,002,452** (including $17,397,454 principal and $5,604,998 due interest) converted based on the foreign exchange rate effective on October 14, 2019 published by People's Bank of China.

# 借款协议

本《借款协议》（以下简称 **"本协议"**）由以下双方（合称为 **"双方"**）于 2017 年 6 月 25 日在北京签署：

出　借　方：重庆乐视商业保理有限公司

地　　　址：

法定代表人：

借　款　方：乐视控股（北京）有限公司

住　　　址：北京市朝阳区姚家园路 105 号 3 号楼 16 层

法定代表人：吴孟

担保方：贾跃亭

身份证信息：14262319731215081X

签字：

鉴于：

借款人与出借人基本平等自愿原则，就有关借款事项达成如下协议，以兹信守。

1. 借款

    1.1  借款方同意按本协议约定的条款及条件向出借方借款，且出借方同意根据本协议约定的条件及条款向借款方提供有偿借款。借款总额为 <u>壹亿贰仟叁佰万元</u>（￥ <u>123,000,000</u> ）（ **"借款"** ）。

2. 借款利率及还款期限

    2.1  双方同意，本借款计收利息，自借款到账之日起按实际到账金额计算利息，借款利率为每年 <u>14</u>%（一年按 360 天计）。

    2.2  借款方应按照到期一次性支付本息，出借方需提供借款利息发票或双方认可的有效计息凭证。

    2.3  借款期限自 <u>2017</u> 年 <u>6</u> 月 <u>26</u> 日起，至 <u>2017</u> 年 <u>9</u> 月 <u>5</u> 日止。

7 月 4 日还款 叁仟伍佰伍拾 万元（¥ 3550 万元），7 月 13 日还款壹仟柒佰伍拾 万元（¥1750 万元），8 月 15 日还款 肆仟 万元（¥4000 万元），9 月 5 日还款 叁仟 万元（¥3000 万元），利息最后一期同本金合并支付。

但双方均同意，借款方有权提前偿还借款，出借方根据自己的业务发展，可以在提前通知借款方的情况下要求借款方偿还。

2.4 双方均同意，借款方在本协议约定的借款期间内，可以主动提前偿还全部或部分借款本金及对应利息，并于借款期限届满之日还清本协议项下全部未偿还本金及对应利息（如有）。出借方指定的还款账户为：

开户银行：平安银行厦门分行营业部

账户名称：重庆乐视商业保理有限公司

账号：11016619833000

出借方有权在提前 3 个工作日通知乙方的情况下变更还款账户。

## 3.  双方陈述及保证

3.1 出借方与借款方均为具有完全的、独立的法律地位的法人主体或其他经济组织，各方均具备签署及履行本协议的民事行为和民事权利能力，并无任何正在发生或预期可能发生的，足以影响本协议履行的任何诉争及其他法律事项；

3.2 双方亦履行了签署本借款协议所需要的公司章程或其他组织性文件所规定的必要批准程序；并进一步承诺签署本协议及履行本协议项下的义务不会违反任何法律、法规，其公司章程或其他组织性文件，亦不违反其签订或对其有约束力的任何合同和协议的规定。

## 4.  保密

4.1 双方理解并同意，双方就本次交易进行接触、磋商、谈判、合同/协议的起草、修改、签署、执行、任何合同/协议的条款及条件，以及任何一方向对方提供的与本次交易相关的任何信息，若无其他方事先同意，任何一方均不得向公众公开或向任何第三方披露。若因法律法规、证券交易所规则规定或政府有权机构强制要求需要进行披露，拟披露方应（在其力所能及且相关法律或要求允许范围内）在做出此种披露之前合理时间内，与他方磋商并尽最大努力（与他方合作）获得对所披露资料进行保密化处理。

4.2 本保密责任条款及其项下任何权利、义务、责任、负担、承诺或保证，除双方另有约定外，不因本协议的履行、终止、解除或被判无效或不予执行等任何情形而影响其法律约束力，且永久有效。

## 5.  担保

5.1　担保方愿意以个人名义对该笔借款承担无限连带责任。

6.　**违约及赔偿**

任一方违反本协议任何约定时，违约方一经守约方要求，应立即停止任何违反协议之行为，并采取一切合理手段消除由此引起的任何不利影响。如任一方违反本协议并给守约方造成任何损害，违约方应向受损方赔偿受损方因此遭受的一切损失。该等损失包括受损方因违约行为而遭致的一切直接经济损失及合理发生的费用（包括但不限于律师费用、诉讼及仲裁费用、申请执行费用及差旅费等）。

7.　**争议解决**

有关本协议及其执行过程中所产生的一切争议均应首先努力通过友好协商解决。协商不成，任何一方可依法向出借方所在地人民法院提起诉讼。

8.　**协议的变更与解除**

8.1　本协议非因不可抗力情况发生，任何一方当事人不得擅自变更或解除协议。一方发生不可抗力，应及时采用书面形式通知他方并提供证明。

8.2　本协议经各方一致同意后方可变更或解除。

9.　**文本**

本协议一式三份，双方各持壹份。每份均须经双方授权代表签署及加盖公章后生效，且每份均具有同等法律效力。

出借方：重庆乐视商业保理有限公司　　　　　借款方：乐视控股（北京）有限公司

盖章：　　　　　　　　　　　　　　　　　　盖章：

授权代表（签字）：　　　　　　　　　　　　授权代表（签字）：

职位：　　　　　　　　　　　　　　　　　　职位：

日期：　　　　　　　　　　　　　　　　　　日期：

担保方：贾跃亭

签字：

# 借款协议

# Loan Agreement

本《借款协议》（以下简称"本协议"）由以下双方（合称为"双方"）于 2017 年 6 月 25 日在北京签署：

The Loan Agreement (hereinafter referred to as this Agreement) was signed by and between the following two parties (collectively referred to as the Parties) on June 25, 2017 in Beijing:

**出借方：重庆乐视商业保理有限公司**

地址：

法定代表人：

**Lender: Chongqing LeTV Commercial Factoring Co., Ltd.**

Address:

Legal Representative:

**借款方：乐视控股（北京）有限公司**

**住址：北京市朝阳区姚家园路 105 号 3 号楼 16 层**

法定代表人：吴孟

**Borrower: LeTV Holdings (Beijing) Co., Ltd.**

**Address: F16, Building No.3, No.105 Yaojiayuan Road, Chaoyang District, Beijing**

Legal Representative: Wu Meng

**担保方：贾跃亭**

身份证信息：14262319731215081X

签字：

**Guarantor: Jia Yueting**

ID Card No.: 14262319731215081X

Signature:

鉴于:

Whereas,

借款人与出借人基于平等自愿原则,就有关借款事项达成如下协议,以兹信守。

Based on the principle of equality and voluntariness, the Borrower and the Lender have reached and agreed to abide by the following agreement.

1. 借款 Loan

1.1 借款方同意按本协议约定的条款及条件向出借方借款,且出借方同意根据本协议约定的条件及条款向借款方提供有偿借款。借款总额为壹亿贰仟叁佰万元(¥123,000,000)("借款")。

The Borrower agrees to borrow a loan from the Lender according to the terms and conditions stipulated herein, and the Lender agrees to lend a loan at interest to the Borrower according to the terms and conditions stipulated herein. The amount of the loan is one hundred and twenty-three million RMB Yuan (¥123,000,000) ("Loan").

2.    借款利率及还款期限 Interest Rate and Repayment Period

2.1 双方同意,本借款计收利息,自借款到账之日起按实际到账金额计算利息,借款利率为每年 14%(一年按 360 天计)。

The Parties agree that, an interest will accrue on the loan, which shall be calculated from the date when the money is actually received by the Borrower and on the basis of amount actually received by the Borrower with an interest rate per year (i.e. 360 days) of 14%.

2.2 借款方应按照到期一次性支付本息,出借方需提供借款利息发票或双方认可的有效计息凭证。

The Borrower shall repay the principal and the interest in lump sum upon the expiry of the Loan period. The Lender shall provide invoice or other effective receipt agreed by both Parties for the interest of the Loan.

2.3 借款期限自 2017 年 6 月 26 日起, 至 2017 年 9 月 5 日止。

The Loan period shall be from June 26, 2017 to September 5, 2017.

7 月 4 日还款叁仟伍佰伍拾万元(¥3550 万元), 7 月 13 日还款壹仟柒佰伍拾万元(¥1750 万元), 8 月 15 还款肆仟万元(¥4000 万元), 9 月 5 日还款叁仟万元(¥3000 万元), 利息最后一期同本金合并支付。

Thirty-five million five hundred thousand RMB Yuan (¥35,500,000) shall be repaid on July 4,

seventeen million five hundred thousand RMB Yuan (¥17,500,000) on July 13, forty million RMB Yuan (¥40,000,000) on August 15, and thirty million RMB Yuan (¥30,000,000) on September 5, and the interests shall be paid together with the last installment of principal.

但双方均同意，借款方有权提前偿还借款，出借方根据自己的业务发展，可以在提前通知借款方的情况下要求借款方偿还。

However, the Parties agree that, the Borrower has the right to repay the Loan in advance. The Lender may require the Borrower to repay the Loan by notifying the Borrower in advance according to its own business development.

2.4 双方均同意，借款方在本协议约定的借款期间内，可以主动提前偿还全部或部分借款本金及对应利息，并于借款期限届满之日还清本协议项下全部未偿还本金及对应利息（如有）。出借方指定的还款账户为：

The Parties agree that, within the Loan period stipulated herein, the Borrower may, at its own discretion, repay all or part of the principal and corresponding interest of the Loan in advance, and repay all outstanding principal and corresponding interest (if any) upon the expiry of the Loan period. The repayment account specified by the Lender is as follows:

开户银行：平安银行厦门分行营业部

账户名称：重庆乐视商业保理有限公司

账号：11016619833000

Bank: Ping'an Bank Xiamen Branch Business Department

Account name: Chongqing LeTV Commercial Factoring Co., Ltd.

Account number: 11016619833000

出借方有权在提前 3 个工作日通知乙方的情况下变更还款账户。

The Lender shall have the right to change the repayment account by notifying Party B three (3) working days in advance.

## 3    双方陈述及保证 Representations and Warranties of the Parties

3.1 出借方与借款方均为具有完全的、独立的法律地位的法人主体或其他经济组织，各方均具备签署及履行本协议的民事行为和民事权利能力，并无任何正在发生或预期可能发生的，足以影响本协议履行的任何诉争及其他法律事项；
Both the Lender and the Borrower are legal entities or other economic organizations with complete and independent legal status. The Parties have the capacity for civil conduct and civil rights to sign and perform

the Agreement, and there is no litigation or other legal matters that are occurring or are expected to occur, which may affect the performance of the Agreement.

3.2 双方亦履行了签署本借款协议所需要的公司章程或其他组织性文件所规定的必要批准程序；并进一步承诺签署本协议及履行本协议项下的义务不会违反任何法律、法规，其公司章程或其他组织性文件，亦不违反其签订或对其有约束力的任何合同和协议的规定。

The Parties have performed all necessary approval procedures required for signing the Agreement in accordance with the provisions of their respective Articles of Association or other organizational documents. The Parties further undertake that, the signing of the Agreement and the performance of the obligations hereunder will not violate any laws, regulations, their respective Articles of Association or other organizational documents, nor will it violate provisions of any contracts and agreements signed by or binding upon them.

## 4 保密 Confidentiality

4.1 双方理解并同意，双方就本次交易进行接触、磋商、谈判、合同/协议的起草、修改、签署、执行、任何合同/协议的条款及条件，以及任何一方向对方提供的与本次交易相关的任何信息，若无其他方事先同意，任何一方均不得向公众公开或向任何第三方披露。若因法律法规、证券交易所规则规定或政府有权机构强制要求需要进行披露，拟披露方应（在其力所能及且相关法律或要求允许范围内）在做出此种披露之前合理时间内，与他方磋商并尽最大努力（与他方合作）获得对所披露资料进行保密化处理。

The Parties understand and agree that, without the prior written content of the other party, neither party shall make public or disclose to any third party any contact, negotiation or consultation in connection with this Transaction, drafting, modification, signing or execution of the contract/agreement and the terms and conditions therein as well as any information provided by either party to the other party in connection with this Transaction. In the event of disclosure according to laws, regulations, rules of stock exchange, or upon the mandatory request from governmental authorities, the disclosing party shall (to the extent within its capabilities and permitted by relevant laws or requirements), within a reasonable time period prior to such disclosure, negotiate with the other party and make the best efforts (by cooperating with the other party) to maintain confidentiality of the information disclosed.

4.2 本保密责任条款及其项下任何权利、义务、责任、负担、承诺或保证，除双方另有约定定外，不因本协议的履行、终止、解除或被判无效或不予执行等任何情形而影响其法律约束力，且永久有效。

Unless otherwise specified by the Parties, the confidentiality clause and any rights, obligations, responsibilities, duties, commitments or guarantees under this clause shall be effective permanently, and its legal binding force shall not be affected by any circumstances, such as the performance, termination, cancellation, invalidation or non-enforcement of the Agreement.

## 5. 担保 Guaranty

担保方愿意以个人名义对该笔借款承担无限连带责任。

The Guarantor is willing to undertake unlimited several and joint liabilities for this Loan in his own name.

**6. 违约及赔偿 Breach of Contract and Compensation**

任何一方违反本协议任何约定时，违约方一经守约方要求，应立即停止任何违反协议之行为，并采取一切合理手段消除由此引起的任何不利影响。如任一方违反本协议并给守约方造成任何损害，违约方应向受损方赔偿受损方因此遭受的一切损失。该等损失包括受损方因违约行为而遭致的一切直接经济损失及合理发生的费用（包括但不限于律师费用、诉讼及仲裁费用、申请执行费用及差旅费等）。

Where either party breaches any stipulations hereof, upon the request of the non-breaching party, the breaching party shall stop any behavior violating the Agreement immediately and take all reasonable actions to eliminate any adverse influences caused thereby. Where either party breaches this Agreement and causes any damages to the non-breaching party, the breaching party shall compensate the damaged party for all losses all losses thus suffered. Such losses shall include the damaged party's all direct economic losses and reasonable expenses (including, but not limited to, lawyer's fee, legal costs and arbitration fee, fee of application for enforcement, and travel expenses, etc.) arising from such breaching behaviors.

**7.争议解决**
**Dispute Resolution**
有关本协议及其执行过程中所产生的一切争议均应首先努力通过友好协商解决。协商不成，任何一方可依法向出借方所在地人民法院提起诉讼。
All disputes in connection with this Agreement and its performance shall be resolved by the Parties through friendly negotiation first. If the negotiation fails, either party may bring a lawsuit to the People's Court where the Lender is located according to laws.

**8. 协议的变更与解除 Change and Cancellation of Agreement**

8.1  本协议非因不可抗力情况发生，任何一方当事人不得擅自变更或解除协议。一方发生不可抗力，应及时采用书面形式通知他方并提供证明。

Unless any force majeure event occurs, neither party shall change or cancel this Agreement at discretion. If any party encounters a force majeure event, it shall notify the other party in writing and provide relevant proof in time.

8.2  本协议经各方一致同意后方可变更或解除。

The Agreement may be changed or canceled upon agreement of all Parties.

**9. 文本 Copies**

本协议一式三份，双方各持壹份。每份均须经双方授权代表签署及加盖公章后生效，且每份均具有同等法律效力。
This Agreement is made in three (3) copies, with each party holding one (1) copy of them. Each copy shall be signed by an authorized representative and stamped with official seal of each party, and all copies shall have the same legal effect.

出借方：重庆乐视商业保理有限公司        借款方：乐视控股（北京）有限公司
盖章：                                   盖章：
授权代表（签字）：                       授权代表（签字）：
职位：                                   职位：
日期：                                   日期：

担保方：贾跃亭
签字：

Lender: Chongqing LeTV Commercial Factoring
Co., Ltd.
Seal:
Authorized representative (signature):
Title:
Date:

Borrower: LeTV Holdings (Beijing) Co., Ltd.

Seal:
Authorized representative (signature):
Title:
Date:

Guarantor: Jia Yueting
Signature:

E

M

A

I

L

E

D

_____ C Murray _____          _____ 1/21/2020 _____

CASE MANAGER                               DATE

| United States Bankruptcy Court for the Central District Of California - Los Angeles Division | | |
|---|---|---|
| **Name of Debtor:** Yueting Jia | **For Court Use Only** | |
| | Claim Number: | 0000020015 |
| **Case Number:** 19-24804 | File Date: | 01/18/2020 03:47:28 |

# Proof of Claim (Official Form 410)

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case.  With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.  18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.  That date is on the notice of bankruptcy (Form 309) that you received.**

04/19

| Part 1: | Identify the Claim |
|---|---|

**1.    Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim):    Chongqing LeTV Commercial Factoring LLC

Other names the creditor used with the debtor: _____

**2.    Has this claim been acquired from someone else?    ☑ No  ☐ Yes.   From whom? _____**

**3.    Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name    Chongqing LeTV Commercial Factoring LLC | Name _____ |
| Address    8/F, LeRong bldg, No.105, Yaojiayuan Rd. | Address _____ |
| _____ | _____ |
| _____ | _____ |
| City    Beijing | City _____ |
| State _____    ZIP Code 100025 | State _____    ZIP Code _____ |
| Country (if International): China | Country (if International): _____ |
| Phone:    0086-18601305861 | Phone: _____ |
| Email:    675366066@qq.com | Email: _____ |

| **4. Does this claim amend one already filed?** | **5. Do you know if anyone else has filed a proof of claim for this claim?** |
|---|---|
| ☑ No | ☑ No |
| ☐ Yes. | ☐ Yes. |
| Claim number on court claims register (if known) _____ | Who made the earlier filing? |
| Filed on _____<br>MM / DD / YYYY | _____ |

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes.

Last 4 digits of the debtor's account or any number you use to identify the debtor:

____  ____  ____  ____

**7. How much is the claim?**

$ 23,002,452.00   unliquidated

**Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

Other Basis
_____

---

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe:
_____

**Basis for perfection:**
_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                   $_____

Amount of the claim that is secured:   $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:   $_____

**Annual Interest Rate** (when case was filed) _____%
          ☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of petition.**

$_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property:
_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a) (_____) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

---

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes. **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $_____

**Part 3:**  **Sign Below**

| | |
|---|---|
| **The person completing this proof of claim must sign and date it. FRBP 9011(b).**<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.** | *Check the appropriate box:*<br>☐ I am the creditor.<br>☑ I am the creditor's attorney or authorized agent.<br>☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.<br>☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.<br><br>I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct. |

_Zhe LIU_ _____      01/18/2020 03:47:28 _____

Signature                                              Date

Provide the name and contact information of the person completing and signing this claim:

Name        Zhe LIU

Address      8/F, LeRong bldg, No.105, Yaojiayuan Rd.

City          Beijing

State                                                    Zip    100025

Country (in international)    China

Phone        0086-18511062786

Email        liuzhe3@le.com

**Fill in this information to identify the case:**

Debtor 1    YUETING JIA

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:  Central District of California

Case number  2:19-bk-24804-VZ

## Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

| 1. Who is the current creditor? | Chongqing LeTV Commercial Factoring Co., Ltd. |
| --- | --- |
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor _____ |

| 2. Has this claim been acquired from someone else? | ☑ No |
| --- | --- |
| | ☐ Yes.  From whom? _____ |

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

See attached Addendum.
Name

Number    Street

City    State    ZIP Code

Contact phone _____

Contact email _____

Where should payments to the creditor be sent? (if different)

See attached Addendum.
Name

Number    Street

City    State    ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

| 4. Does this claim amend one already filed? | ☑ No |
| --- | --- |
| | ☐ Yes.  Claim number on court claims registry (if known) _____    Filed on _____ MM / DD / YYYY |

| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No |
| --- | --- |
| | ☐ Yes.  Who made the earlier filing? _____ |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____

---

**7. How much is the claim?**

$___No less than $23,002,452. **Does this amount include interest or other charges?**

See attached Addendum.

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Money loaned, unlimited several and joint liability guarantee; see also attached Addendum.

---

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed
☐ Variable

---

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

---

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

---

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No<br><br>☐ Yes. *Check one:* | **Amount entitled to priority** |
|---|---|---|
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

---

**Part 3:    Sign Below**

| **The person completing this proof of claim must sign and date it.** FRBP 9011(b).<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.** | *Check the appropriate box:*<br><br>☐ I am the creditor.<br>☐ I am the creditor's attorney or authorized agent.<br>☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.<br>☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.<br><br>I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct. |
|---|---|

Executed on date  01 / 13 / 2020
                  MM / DD / YYYY

Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Zhe                     LIU |
|---|---|
| | First name        Middle name        Last name |
| Title | Chief Financial Officer |
| Company | Chongqing LeTV Commercial Factoring Co., Ltd. |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 8/F, LeRong bldg, No.105, Yaojiayuan Rd. |
| | Number     Street |
| | Beijing, China                   100025 |
| | City             State     ZIP Code |
| Contact phone | 0086-18511062786      Email    liuzhe3@le.com |

**ADDENDUM TO PROOF OF CLAIM OF CHONGQING LETV COMMERCIAL
FACTORING CO., LTD. ("CREDITOR")**

<u>EXHIBIT A</u>

Creditor hereby asserts, reserves, and preserves, any and all claims, causes of action, other rights or remedies or the like under contract, applicable law, and equity that Creditor has against the Debtor, his affiliates, successors, representatives, agents, assigns or any other related individual or entity, including, without limitation, an amount not less than $23,002,452 (¥162,627,333 converted as of October 14, 2019), as detailed on the attached statement itemizing interest which is incorporated herein and made a part hereof. Creditor hereby asserts, reserves, and preserves all rights of setoff and recoupment available to it. Creditor hereby asserts, reserves, and preserves all claims for additional interest, liquidated damages, attorneys' fees, and other amounts.

Creditor's claims are general unsecured claims, except as provided herein or under applicable law or equity, or as determined by a court or another adjudicative body of competent jurisdiction to constitute administrative, secured, trust, or priority claims. To the extent that this proof of claim is or includes secured, administrative, trust, or priority claims, including claims based on Creditor's right to setoff or recoupment, or similar rights, it shall be and is a secured, administrative, trust, or priority claim.

In addition to the statement itemizing interest, the documents upon which these claims are based, include, without limitation, those attached to this addendum to proof of claim (along with English translations which are attached).

This proof of claim is filed with (a) full reservation of rights, remedies, privileges and the like, including, without limitation, (i) the right to amend, modify or supplement the proof of claim, (ii) the right to assert additional, modified, supplementary and/or amended proofs of claim and (iii) the right to make requests for administrative expenses based on, *inter alia*, events, information and/or documents obtained from the Debtor or others through discovery or otherwise and with (b) full reservation of (i) Creditor's rights, remedies, privileges, claims and/or the like against any party other than the Debtor, and (ii) Creditor's interests in any property, including, without limitation, property of the estate. This proof of claim is filed without prejudice to any cause of action against the Debtor not constituting a "claim" under 11 U.S.C. § 101(5) or otherwise applicable law.

This proof of claim is not intended to be, and shall not be construed as: (i) an election of remedies; (ii) a waiver of any past, present or future defaults or events of default; (iii) a waiver, release or limitation of any rights, remedies, privileges, claims, interests or the like of Creditor, including, without limitation, the right to assert any claims against the Debtor or against any other party or property other than the Debtor and his estate, inclusive of the right to recover interest and attorneys' fees and costs; (iv) a waiver of the right to seek to have the reference withdrawn with respect to the subject matter of this claim, any objection or other proceedings commenced with respect thereto, or any other proceedings commenced in this case or involving Creditor; (v) a waiver of the right to mediation or arbitration; (vi) a consent to

jurisdiction in the United States, whether in the bankruptcy court or otherwise; (vii) a consent to the jurisdiction or Constitutional power of the bankruptcy court with respect to the subject matter of this proof of claim, any objection or other proceeding commenced with respect thereto, or any other proceeding commenced in this case against or otherwise involving Creditor; (viii) a waiver of the right to trial by jury in any proceedings so triable in this case, or any controversy or proceedings related to this case; (ix) a waiver or release of any right against any affiliate of the Debtor or other entity or person liable for all or part of any claim described herein; (x) a waiver of any right of subordination of indebtedness or liens held by other creditors of the Debtor; (xi) a waiver of any rights pursuant to section 506(b) of the Bankruptcy Code; or (xii) a waiver or release of any liens or security interests that Creditor may have with respect to the property of the Debtor or any affiliate of the Debtor.

Payments to Creditor should be sent to the following:

CHONGQING LETV COMMERCIAL FACTORING CO., LTD.
Attn: Jing SHAO
8/F, LeRong bldg, No.105, Yaojiayuan Rd.
Beijing 100025
China
Telephone:    0086-18601305861
Email:         675366066@qq.com

All notices concerning this proof of claim should be sent to each of the following:

CHONGQING LETV COMMERCIAL FACTORING CO., LTD.
Attn: Jing SHAO
8/F, LeRong bldg, No.105, Yaojiayuan Rd.
Beijing 100025
China
Telephone:    0086-18601305861
Email:         675366066@qq.com

And

Jincheng Tongda & Neal Law Firm
Attn: Stephan Peng & Yue Wang
10th Floor, China World Tower
No. 1 Jianguo Menwai Avenue
Beijing, 100004, China
Email:         pengjun@jtnfa.com
               wangyue@jtnfa.com

And

Morris, Nichols, Arsht & Tunnell LLP
Attn: Eric D. Schwartz & Matthew B. Harvey

1201 North Market Street, 16th Floor
Wilmington, DE 19801
Telephone:     (302) 658-9200
Email:         eschwartz@mnat.com
               mharvey@mnat.com

### Statement Itemizing Interest

The Borrower (**LeTV Holdings (Beijing) Co., Ltd.**) borrowed one hundred and twenty-three million RMB Yuan (¥123,000,000) ("**Loan**") from the Lender (**Chongqing LeTV Commercial Factoring Co., Ltd.**) on June 26, 2017 and an interest accrued on the Loan, which is calculated from the date when the money is actually received by the Borrower (June 26, 2017) with an interest rate per year (i.e. 360 days) of 14%. YUETING JIA undertook unlimited several and joint liabilities for this Loan in his own name. The Loan period is from June 26, 2017 to September 5, 2017 however the Loan and the interest have not been repaid by the Borrower as of the date this Statement issued. YUETING JIA shall undertake his unlimited several and joint liabilities according to the Loan Agreement he signed and the accrued interest amount of the Loan is ¥39,627,333 calculated as of the date the case was filed.

In conclusion, the claim of the creditor (**Chongqing LeTV Commercial Factoring Co., Ltd.**) against YUETING JIA is ¥162,627,333 (including ¥123,000,000 principal and ¥39,627,333 interest due), which is equal to **$23,002,452** (including $17,397,454 principal and $5,604,998 due interest) converted based on the foreign exchange rate effective on October 14, 2019 published by People's Bank of China.

# 借款协议

本《借款协议》（以下简称"**本协议**"）由以下双方（合称为"**双方**"）于 2017 年
6 月 25 日在北京签署：

　　　　出　借　方：**重庆乐视商业保理有限公司**

　　　　地　　　址：

　　　　法定代表人：

　　　　借　款　方：**乐视控股（北京）有限公司**

　　　　住　　　址：北京市朝阳区姚家园路 105 号 3 号楼 16 层

　　　　法定代表人：吴孟

　　　　**担保方：贾跃亭**

　　　　身份证信息：14262319731215081X

　　　　签字：



鉴于：

　　　　借款人与出借人基本平等自愿原则，就有关借款事项达成如下协议，以兹信守。

**1.　　借款**

　　　　1.1　　借款方同意按本协议约定的条款及条件向出借方借款，且出借方同意根据本协
　　　　　　　议约定的条件及条款向借款方提供有偿借款。借款总额为壹亿贰仟叁佰万元
　　　　　　　（￥_123,000,000_　）（"借款"）。

**2.　　借款利率及还款期限**

　　　　2.1　　双方同意，本借款计收利息，自借款到账之日起按实际到账金额计算利息，借
　　　　　　　款利率为每年_14_%（一年按 360 天计）。

　　　　2.2　　借款方应按照到期一次性支付本息，出借方需提供借款利息发票或双方认可的
　　　　　　　有效计息凭证。

　　　　2.3　　借款期限自_2017_年_6_月_26_日起，至_2017_年_9_月_5_日止。

<u>7 月 4</u> 日还款 <u>叁仟伍佰伍拾</u> 万元（￥ 3550 万元），<u>7 月 13</u> 日还款壹仟柒佰伍拾 万元（￥1750 万元），<u>8 月 15</u>　日还款 <u>肆仟</u>　万元（￥4000 万元），<u>9 月 5</u>　日还款 <u>叁仟</u>　万元（￥3000 万元），利息最后一期同本金合并支付。

但双方均同意，借款方有权提前偿还借款，出借方根据自己的业务发展，可以在提前通知借款方的情况下要求借款方偿还。

2.4    双方均同意，借款方在本协议约定的借款期间内，可以主动提前偿还全部或部分借款本金及对应利息，并于借款期限届满之日还清本协议项下全部未偿还本金及对应利息（如有）。出借方指定的还款账户为：

开户银行：平安银行厦门分行营业部

账户名称：重庆乐视商业保理有限公司

账号：11016619833000

出借方有权在提前 3 个工作日通知乙方的情况下变更还款账户。

## 3.    双方陈述及保证

3.1    出借方与借款方均为具有完全的、独立的法律地位的法人主体或其他经济组织，各方均具备签署及履行本协议的民事行为和民事权利能力，并无任何正在发生或预期可能发生的，足以影响本协议履行的任何诉争及其他法律事项；

3.2    双方亦履行了签署本借款协议所需要的公司章程或其他组织性文件所规定的必要批准程序；并进一步承诺签署本协议及履行本协议项下的义务不会违反任何法律、法规，其公司章程或其他组织性文件，亦不违反其签订或对其有约束力的任何合同和协议的规定。

## 4.    保密

4.1    双方理解并同意，双方就本次交易进行接触、磋商、谈判、合同/协议的起草、修改、签署、执行、任何合同/协议的条款及条件，以及任何一方向对方提供的与本次交易相关的任何信息，若无其他方事先同意，任何一方均不得向公众公开或向任何第三方披露。若因法律法规、证券交易所规则规定或政府有权机构强制要求需要进行披露，拟披露方应（在其力所能及且相关法律或要求允许范围内）在做出此种披露之前合理时间内，与他方磋商并尽最大努力（与他方合作）获得对所披露资料进行保密化处理。

4.2    本保密责任条款及其项下任何权利、义务、责任、负担、承诺或保证，除双方另有约定外，不因本协议的履行、终止、解除或被判无效或不予执行等任何情形而影响其法律约束力，且永久有效。

## 5.    担保

5.1  担保方愿意以个人名义对该笔借款承担无限连带责任。

**6.  违约及赔偿**

任一方违反本协议任何约定时，违约方一经守约方要求，应立即停止任何违反协议之行为，并采取一切合理手段消除由此引起的任何不利影响。如任一方违反本协议并给守约方造成任何损害，违约方应向受损方赔偿受损方因此遭受的一切损失。该等损失包括受损方因违约行为而遭致的一切直接经济损失及合理发生的费用（包括但不限于律师费用、诉讼及仲裁费用、申请执行费用及差旅费等）。

**7.  争议解决**

有关本协议及其执行过程中所产生的一切争议均应首先努力通过友好协商解决。协商不成，任何一方可依法向出借方所在地人民法院提起诉讼。

**8.  协议的变更与解除**

8.1  本协议非因不可抗力情况发生，任何一方当事人不得擅自变更或解除协议。一方发生不可抗力，应及时采用书面形式通知他方并提供证明。

8.2  本协议经各方一致同意后方可变更或解除。

**9.  文本**

本协议一式三份，双方各持壹份。每份均须经双方授权代表签署及加盖公章后生效，且每份均具有同等法律效力。

出借方：重庆乐视商业保理有限公司　　　　借款方：乐视控股（北京）有限公司

盖章：　　　　　　　　　　　　　　　　　盖章：

授权代表（签字）：　　　　　　　　　　　授权代表（签字）：

职位：　　　　　　　　　　　　　　　　　职位：

日期：　　　　　　　　　　　　　　　　　日期：

担保方：贾跃亭

签字：

# 借款协议

# Loan Agreement

本《借款协议》（以下简称"本协议"）由以下双方（合称为"双方"）于 2017 年 6 月 25 日在北京签署：

The Loan Agreement (hereinafter referred to as this Agreement) was signed by and between the following two parties (collectively referred to as the Parties) on June 25, 2017 in Beijing:

**出借方：重庆乐视商业保理有限公司**

地址：

法定代表人：

**Lender: Chongqing LeTV Commercial Factoring Co., Ltd.**

Address:

Legal Representative:

**借款方：乐视控股（北京）有限公司**

**住址：北京市朝阳区姚家园路 105 号 3 号楼 16 层**

法定代表人：吴孟

**Borrower: LeTV Holdings (Beijing) Co., Ltd.**

**Address: F16, Building No.3, No.105 Yaojiayuan Road, Chaoyang District, Beijing**

Legal Representative: Wu Meng

**担保方：贾跃亭**

身份证信息：14262319731215081X

签字：

**Guarantor: Jia Yueting**

ID Card No.: 14262319731215081X

Signature:

鉴于：

Whereas,

借款人与出借人基于平等自愿原则，就有关借款事项达成如下协议，以兹信守。

Based on the principle of equality and voluntariness, the Borrower and the Lender have reached and agreed to abide by the following agreement.

## 1. 借款 Loan

1.1 借款方同意按本协议约定的条款及条件向出借方借款，且出借方同意根据本协议约定的条件及条款向借款方提供有偿借款。借款总额为壹亿贰仟叁佰万元（￥123,000,000）（"借款"）。

The Borrower agrees to borrow a loan from the Lender according to the terms and conditions stipulated herein, and the Lender agrees to lend a loan at interest to the Borrower according to the terms and conditions stipulated herein. The amount of the loan is one hundred and twenty-three million RMB Yuan (¥ 123,000,000) ("Loan").

## 2.    借款利率及还款期限 Interest Rate and Repayment Period

2.1 双方同意，本借款计收利息，自借款到账之日起按实际到账金额计算利息，借款利率为每年 14%（一年按 360 天计）。

The Parties agree that, an interest will accrue on the loan, which shall be calculated from the date when the money is actually received by the Borrower and on the basis of amount actually received by the Borrower with an interest rate per year (i.e. 360 days) of 14%.

2.2 借款方应按照到期一次性支付本息，出借方需提供借款利息发票或双方认可的有效计息凭证。

The Borrower shall repay the principal and the interest in lump sum upon the expiry of the Loan period. The Lender shall provide invoice or other effective receipt agreed by both Parties for the interest of the Loan.

2.3 借款期限自 2017 年 6 月 26 日起，至 2017 年 9 月 5 日止。

The Loan period shall be from June 26, 2017 to September 5, 2017.

7 月 4 日还款叁仟伍佰伍拾万元（￥3550 万元），7 月 13 日还款壹仟柒佰伍拾万元（￥1750 万元），8 月 15 还款肆仟万元（￥4000 万元），9 月 5 日还款叁仟万元（￥3000 万元），利息最后一期同本金合并支付。

Thirty-five million five hundred thousand RMB Yuan (¥35,500,000) shall be repaid on July 4,

<u>seventeen million five hundred thousand RMB Yuan (</u>¥17,500,000) on July 13, <u>forty million RMB Yuan</u> (¥40,000,000) on August 15, and <u>thirty million RMB Yuan</u> (¥30,000,000) on September 5, and the interests shall be paid together with the last installment of principal.

但双方均同意，借款方有权提前偿还借款，出借方根据自己的业务发展，可以在提前通知借款方的情况下要求借款方偿还。

However, the Parties agree that, the Borrower has the right to repay the Loan in advance. The Lender may require the Borrower to repay the Loan by notifying the Borrower in advance according to its own business development.

2.4 双方均同意，借款方在本协议约定的借款期间内，可以主动提前偿还全部或部分借款本金及对应利息，并于借款期限届满之日还清本协议项下全部未偿还本金及对应利息（如有）。出借方指定的还款账户为：

The Parties agree that, within the Loan period stipulated herein, the Borrower may, at its own discretion, repay all or part of the principal and corresponding interest of the Loan in advance, and repay all outstanding principal and corresponding interest (if any) upon the expiry of the Loan period. The repayment account specified by the Lender is as follows:

开户银行：平安银行厦门分行营业部

账户名称：重庆乐视商业保理有限公司

账号：11016619833000

Bank: Ping'an Bank Xiamen Branch Business Department

Account name: Chongqing LeTV Commercial Factoring Co., Ltd.

Account number: 11016619833000

出借方有权在提前 3 个工作日通知乙方的情况下变更还款账户。

The Lender shall have the right to change the repayment account by notifying Party B three (3) working days in advance.

**3    双方陈述及保证 Representations and Warranties of the Parties**

3.1 出借方与借款方均为具有完全的、独立的法律地位的法人主体或其他经济组织，各方均具备签署及履行本协议的民事行为和民事权利能力，并无任何正在发生或预期可能发生的，足以影响本协议履行的任何诉争及其他法律事项；

Both the Lender and the Borrower are legal entities or other economic organizations with complete and independent legal status. The Parties have the capacity for civil conduct and civil rights to sign and perform

the Agreement, and there is no litigation or other legal matters that are occurring or are expected to occur, which may affect the performance of the Agreement.

3.2 双方亦履行了签署本借款协议所需要的公司章程或其他组织性文件所规定的必要批准程序；并进一步承诺签署本协议及履行本协议项下的义务不会违反任何法律、法规，其公司章程或其他组织性文件，亦不违反其签订或对其有约束力的任何合同和协议的规定。

The Parties have performed all necessary approval procedures required for signing the Agreement in accordance with the provisions of their respective Articles of Association or other organizational documents. The Parties further undertake that, the signing of the Agreement and the performance of the obligations hereunder will not violate any laws, regulations, their respective Articles of Association or other organizational documents, nor will it violate provisions of any contracts and agreements signed by or binding upon them.

## 4 保密 Confidentiality

4.1 双方理解并同意，双方就本次交易进行接触、磋商、谈判、合同/协议的起草、修改、签署、执行、任何合同/协议的条款及条件，以及任何一方向对方提供的与本次交易相关的任何信息，若无其他方事先同意，任何一方均不得向公众公开或向任何第三方披露。若因法律法规、证券交易所规则规定或政府有权机构强制要求需要进行披露，拟披露方应（在其力所能及且相关法律或要求允许范围内）在做出此种披露之前合理时间内，与他方磋商并尽最大努力（与他方合作）获得对所披露资料进行保密化处理。

The Parties understand and agree that, without the prior written content of the other party, neither party shall make public or disclose to any third party any contact, negotiation or consultation in connection with this Transaction, drafting, modification, signing or execution of the contract/agreement and the terms and conditions therein as well as any information provided by either party to the other party in connection with this Transaction. In the event of disclosure according to laws, regulations, rules of stock exchange, or upon the mandatory request from governmental authorities, the disclosing party shall (to the extent within its capabilities and permitted by relevant laws or requirements), within a reasonable time period prior to such disclosure, negotiate with the other party and make the best efforts (by cooperating with the other party) to maintain confidentiality of the information disclosed.

4.2 本保密责任条款及其项下任何权利、义务、责任、负担、承诺或保证，除双方另有约定外，不因本协议的履行、终止、解除或被判无效或不予执行等任何情形而影响其法律约束力，且永久有效。

Unless otherwise specified by the Parties, the confidentiality clause and any rights, obligations, responsibilities, duties, commitments or guarantees under this clause shall be effective permanently, and its legal binding force shall not be affected by any circumstances, such as the performance, termination, cancellation, invalidation or non-enforcement of the Agreement.

## 5. 担保 Guaranty

担保方愿意以个人名义对该笔借款承担无限连带责任。
The Guarantor is willing to undertake unlimited several and joint liabilities for this Loan in his own name.

**6. 违约及赔偿 Breach of Contract and Compensation**

任一方违反本协议任何约定时，违约方一经守约方要求，应立即停止任何违反协议之行为，并采取一切合理手段消除由此引起的任何不利影响。如任一方违反本协议并给守约方造成任何损害，违约方应向受损方赔偿受损方因此遭受的一切损失。该等损失包括受损方因违约行为而遭致的一切直接经济损失及合理发生的费用（包括但不限于律师费用、诉讼及仲裁费用、申请执行费用及差旅费等）。

Where either party breaches any stipulations hereof, upon the request of the non-breaching party, the breaching party shall stop any behavior violating the Agreement immediately and take all reasonable actions to eliminate any adverse influences caused thereby. Where either party breaches this Agreement and causes any damages to the non-breaching party, the breaching party shall compensate the damaged party for all losses all losses thus suffered. Such losses shall include the damaged party's all direct economic losses and reasonable expenses (including, but not limited to, lawyer's fee, legal costs and arbitration fee, fee of application for enforcement, and travel expenses, etc.) arising from such breaching behaviors.

**7.争议解决**
**Dispute Resolution**
有关本协议及其执行过程中所产生的一切争议均应首先努力通过友好协商解决。协商不成，任何一方可依法向出借方所在地人民法院提起诉讼。
All disputes in connection with this Agreement and its performance shall be resolved by the Parties through friendly negotiation first. If the negotiation fails, either party may bring a lawsuit to the People's Court where the Lender is located according to laws.

**8. 协议的变更与解除 Change and Cancellation of Agreement**

8.1  本协议非因不可抗力情况发生，任何一方当事人不得擅自变更或解除协议。一方发生不可抗力，应及时采用书面形式通知他方并提供证明。

Unless any force majeure event occurs, neither party shall change or cancel this Agreement at discretion. If any party encounters a force majeure event, it shall notify the other party in writing and provide relevant proof in time.

8.2  本协议经各方一致同意后方可变更或解除。

The Agreement may be changed or canceled upon agreement of all Parties.

**9. 文本 Copies**

本协议一式三份，双方各持壹份。每份均须经双方授权代表签署及加盖公章后生效，且每份均具有同等法律效力。
This Agreement is made in three (3) copies, with each party holding one (1) copy of them. Each copy shall be signed by an authorized representative and stamped with official seal of each party, and all copies shall have the same legal effect.

出借方：  重庆乐视商业保理有限公司            借款方：  乐视控股（北京）有限公司
盖章:                                        盖章:
授权代表（签字）：                          授权代表（签字）：
职位:                                        职位:
日期:                                        日期:

担保方：贾跃亭
签字:

Lender: Chongqing LeTV Commercial Factoring Co., Ltd.

Seal:

Authorized representative (signature):

Title:

Date:

Borrower: LeTV Holdings (Beijing) Co., Ltd.

Seal:

Authorized representative (signature):

Title:

Date:

Guarantor: Jia Yueting

Signature:

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA  90067

A true and correct copy of the foregoing document entitled: **NOTICE OF OBJECTION TO CLAIM** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **April 2, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **April 2, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**VIA U.S. MAIL**
United States Bankruptcy Court
Central District of California
Attn:  Hon. Vincent Zurzolo
Edward R. Roybal Federal Bldg./Courthouse
255 East Temple Street, Suite 1360
Los Angeles, CA  90012

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 2, 2020 | Nancy H. Brown | /s/ Nancy H. Brown |
| --- | --- | --- |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*            Page 2            **F 3007-1.1.NOTICE.OBJ.CLAIM**
DOCS_LA:328693.1 46353/002

**SERVICE INFORMATION FOR CASE NO. 2:19-bk-24804-VZ**
**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

- Jerrold L Bregman     ecf@bg.law, jbregman@bg.law
- Jeffrey W Dulberg     jdulberg@pszjlaw.com
- Lei Lei Wang Ekvall     lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Stephen D Finestone     sfinestone@fhlawllp.com
- Richard H Golubow     rgolubow@wghlawyers.com, pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
- Alexandra N Krasovec     krasovec.alexandra@dorsey.com, claridge.vanessa@dorsey.com
- Ben H Logan     blogan@omm.com
- Robert S Marticello     Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- David W. Meadows     david@davidwmeadowslaw.com
- John A Moe     john.moe@dentons.com, glenda.spratt@dentons.com
- Kelly L Morrison     kelly.l.morrison@usdoj.gov
- Malhar S Pagay     mpagay@pszjlaw.com, bdassa@pszjlaw.com
- Christopher E Prince     cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- Victor A Sahn     vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com
- Randye B Soref     rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- Benjamin Taylor     btaylor@taylorlawfirmpc.com
- United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov
- Felix T Woo     fwoo@ftwlawgroup.com, admin@ftwlawgroup.com
- Claire K Wu     ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com
- Emily Young     pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
- David B Zolkin     dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                    Page 2                    **F 3007-1.1.NOTICE.OBJ.CLAIM**
DOCS_LA:328693.1 46353/002