| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>Richard M. Pachulski (CA Bar No. 90073)<br>Jeffrey W. Dulberg (CA Bar No. 181200)<br>Malhar S. Pagay (CA Bar No. 189289)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Boulevard, 13th Floor<br>Los Angeles, CA  90067<br>Telephone:  310/277-6910<br>Facsimile: 310/201-0760<br>Email: rpachulski@pszjlaw.com<br>　　　jdulberg@pszjlaw.com<br>　　　mpagay@pszjlaw.com<br><br>☒ *Attorney for:* Debtor | FOR COURT USE ONLY |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>YUETING JIA,<br><br>　　　　　　　　　　　　Debtor(s). | CASE NO.: 2:19-bk-24804-VZ<br><br>CHAPTER: 11 |
| | **NOTICE OF OBJECTION TO CLAIM** |
| | DATE:  May 7, 2020<br>TIME:    1:30 p.m.<br>COURTROOM: 1368<br>PLACE: 255 East Temple Street<br>　　　　　Los Angeles, CA  90012 |

1. TO *(specify claimant and claimant's counsel, if any)*:  Shenzhen Yingda Capital Management Co. and Qianhong Shi

2. NOTICE IS HEREBY GIVEN that the undersigned has filed an objection to your Scheduled Claim #220000860 filed in the above referenced case. The Objection to Claim seeks to alter your rights by disallowing, reducing or modifying the claim based upon the grounds set forth in the objection, a copy of which is attached hereto and served herewith.

3. **Deadline for Opposition Papers**: You must file and serve a response to the Objection to Claim not later than 14 days prior to the hearing date set forth above.

   **IF YOU FAIL TO TIMELY RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.**

Date:  April 2, 2020

Date Notice Mailed: April 2, 2020

PACHULSKI STANG ZIEHL & JONES LLP
Printed name of law firm

*/s/ Malhar S. Pagay*
Signature

Malhar S. Pagay
Printed name of attorney for objector

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                    Page 1                      **F 3007-1.1.NOTICE.OBJ.CLAIM**
DOCS_LA:328767.1 46353/002

1  Richard M. Pachulski (CA Bar No. 90073)
   Jeffrey W. Dulberg (CA Bar No. 181200)
2  Malhar S. Pagay (CA Bar No. 189289)
   PACHULSKI STANG ZIEHL & JONES LLP
3  10100 Santa Monica Blvd., 13th Floor
   Los Angeles, CA 90067
4  Telephone: 310/277-6910
   Facsimile: 310/201-0760
5  Email:   rpachulski@pszjlaw.com
            jdulberg@pszjlaw.com
6           mpagay@pszjlaw.com

7
   Attorneys for Debtor and Debtor in Possession
8

9                UNITED STATES BANKRUPTCY COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11                    LOS ANGELES DIVISION

12  In re:                              Case No.: 2:19-bk-24804-VZ

13  YUETING JIA,[1]                     Chapter 11

14                          Debtor.     **DEBTOR'S NOTICE OF OMNIBUS**
                                        **OBJECTION AND OMNIBUS OBJECTION**
15                                      **FOR AN ORDER DISALLOWING**
                                        **DUPLICATE CLAIMS; MEMORANDUM OF**
16                                      **POINTS AND AUTHORITIES AND**
                                        **DECLARATION OF LUETIAN SUN IN**
17                                      **SUPPORT THEREOF**

18                                      **This Objection Affects The Following Claimants:**
19                                      **Beijing Huaxing Mobile Asset Mgt Center, Claim 27**
                                        (Duplicate of Claim 20023)
20                                      **Beijing Jiaxin Tengda Information Consulting Co.,**
                                        **Ltd., Scheduled Claim 220000060** (Duplicate of Claim
21                                      20019)
                                        **China Soft Growing Invest Wuxi Partshp, Claim 61**
22                                      (Duplicate of Claim 19)
                                        **Chongqing LeTV Commercial Factoring Co., Ltd.,**
23                                      **Claims 21** and **24** (Duplicates of Claim 20015)
                                        **E-Town Intl Holding (HK) Co Ltd., Claim 16**
24                                      (Duplicate of Claim 20017)
                                        **Honghu Da, Claim 6** (Duplicate of Claim 20008)
25                                      **Huizhou Speed Secondcurve Management LP, Claim**
                                        **20002** (Duplicate of Claim 20001)
26                                      **Jiangyin Hailan Invest. Holding Co. Ltd., Claim**
                                        **20009** (Duplicate of Claim 7)
27                                      **Linfen Investment Group Co., Ltd., Scheduled Claim**

28  [1] The last four digits of the Debtor's federal tax identification number are 8972. The Debtor's mailing address is
    91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**220000540** (Duplicate of Claim 30)

**Nanchang O-Film Photoelectric Technology Co., Ltd, Claim 38** (Duplicate of Claim 33)

**O-Film Global (HK) Trading Limited, Claim 34** (Duplicate of Claim 33)

**O-Film Global (HK) Trading Limited, Claim 37** (Duplicate of Claim 33)

**Pingan Bank Co Ltd Beijing Branch, Claim 20041** (Duplicate of Claim 20036)

**Shenzhen Yingda Capital Management Co., Scheduled Claim 220000860** (Duplicate of Claim 20034)

**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 42** (Duplicate of Claim 20027)

**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 43** (Duplicate of Claim 20029)

**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 44** (Duplicate of Claim 20030)

**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 45** (Duplicate of Claim 20031)

**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 46** (Duplicate of Claim 20032)

**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 47** (Duplicate of Claim 20039)

**Tianjin Yingxin Xinheng Investment Consulting Co., Ltd., Claim 28** (Duplicate of Claim 20020)

**Weihua Qiu, Scheduled, Claim 220000960** (Duplicate of Claim 12)

**Weihua Qiu, Claim 39** (Duplicate of Claim 12)

**Western Securities Co., Ltd., Claim 32** (Duplicate of Claim 20028)

**Wuxi Leyike Investment Enterprise, Claim 20025** (Duplicate of Claim 20007)

**Xizang Jinmeihua Investment Co., Ltd., Scheduled Claim 220001030** (Duplicate of Claim 29)

| | |
|---|---|
| Date: | May 7, 2020 |
| Time: | 1:30 p.m. |
| Place: | Courtroom 1368 |
| | Roybal Federal Building |
| | 255 E. Temple Street |
| | Los Angeles, California 90012 |
| | |
| Judge: | Hon. Vincent P. Zurzolo |

**PLEASE TAKE NOTICE** that, on May 7, 2020, beginning at 1:30 p.m. (Pacific Time), or as soon thereafter as counsel may be heard before the Hon. Vincent P. Zurzolo, in Courtroom 1368 of the Edward R. Roybal Federal Building and Courthouse, located at 255 E. Temple Street, Los Angeles, California 90012, pursuant to the *Order (I) Approving the Fourth Amended Disclosure Statement; (II) Approving the Voting Procedures and Tabulation Procedures; (III) Setting the Date*

*and Time for the Confirmation Hearing and Related Deadlines; (IV) Waiving Certain Local Rules and Procedures Related to the Timing and Approval of the Fourth Amended Disclosure Statement and Confirmation of the Third Amended Plan; and (V) Granting Related Relief* [Docket No. 485] (the "Disclosure Statement Order"), which provides, in pertinent part, that if the Debtor has served an objection or request for estimation as to a claim by April 2, 2020, such claim shall be temporarily disallowed for voting purposes only (and not for purposes of allowance or distribution), except to the extent and in the manner as may be set forth in such objection or as ordered by the Court before the voting deadline, i.e., April 30, 2020 at 4:00 p.m. (Beijing Time),[2] Yueting Jia (the "Debtor" or "YT"), debtor and debtor in possession herein, hereby objects to and moves to disallow (the "Objection") the claims (the "Duplicate Claims") listed below in the column entitled "Duplicate Claims to Be Disallowed" filed by the listed claimants (the "Claimants") on the grounds that the Duplicate Claims are identical to those claims listed in the column entitled "Surviving Claims." The Debtor requests that the Court take judicial notice of both the Duplicate Claims to Be Disallowed and the Surviving Claims, which are annexed as Exhibits 1-27 to the Request for Judicial Notice (the "RFJN"), filed concurrently herewith.

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Beijing Huaxing Mobile Asset Mgt Center | 27 | 20023 | Duplicate Claim | 1 |
| Beijing Jiaxin Tengda Information Consulting Co., Ltd. | 220000060 (scheduled claim) | 20019 | Creditor, Beijing Jiaxin Tengda Information Consulting Co., Ltd., also uses the name Jiaxindechuang BJ Tech Group Co Ltd. The Debtor scheduled Beijing Jixain Tengda Information Consulting Co., Ltd. in the amount of $1,458,406. However, the creditor asserted the same debt using the name Jiaxindechuang BJ Tech Group Co Ltd. in filed claim number 20019 in | 2 |

---

[2] Disclosure Statement Order, 6 at ¶ 17(e).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| | | | the amount of $1,975,674.74, and, consequently, has received two separate ballots to vote a single debt in connection with the Debtor's Plan. The filed proof of claim should supersede the scheduled claim despite the difference in names. | |
| China Soft Growing Invest Wuxi Partshp | 61 | 19 | Duplicate Claim | 3 |
| Chongqing LeTv Commercial Factoring LLC | 21 | 20015 | Duplicate Claim | 4 |
| Chongqing LeTv Commercial Factoring LLC | 24 | 20015 | Duplicate Claim | 5 |
| E-Town Intl Holding (HK) Co Ltd | 16 | 20017 | Duplicate Claim | 6 |
| Honghu Da | 6 | 20008 | Duplicate Claim | 7 |
| Huizhou Speed Secondcurve Management LP, | 20002 | 20001 | Duplicate Claim | 8 |
| Jiangyin Hailan Invest Holding Co Ltd. | 20009 | 7 | Creditor, Jiangyin Hailan Invest Holding Co. Ltd. filed Claim 20009 in the amount of $89,635,814.27, however, the back-up attached to Claim 20009 totals $69,635,814.27, which amount is duplicative of Claim 7. Therefore, Claim 20009 should be disallowed. | 9 |
| Linfen Investment Group Co. Ltd. | 220000540 | 30 | This creditor filed a proof of claim for the same debt under a similar but different name (Linfen Investment Construction Development Co. Ltd.) and, consequently, received ballots for both scheduled and filed claims. The filed proof of claim should supersede the scheduled claim and, with respect | 10 |

4

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| | | | to the Plan, the amount to be voted on account of the scheduled claim should be disallowed. | |
| Nanchang OFilm Photoelectric Tech Co Ltd. | 38 | 33 | Duplicate Claim | 11 |
| O-Film Global (HK) Trading Limited | 34 | 33 | The creditor, in its complaint against the Debtor, describes it and Nanchang OFilm Photoelectric Tech Co Ltd. as sister companies and co-plaintiffs. The lawsuit asserts a single claim of $24,095,428.00 against the Debtor. Accordingly, multiple claims asserted in the same amount are duplicative. | 12 |
| O'Film Global (HK) Trading Limited | 37 | 33 | Duplicate Claim | 13 |
| Pingan Bank Co Ltd Beijing Branch | 20041 | 20036 | Duplicate Claim | 14 |
| Shenzhen Yingda Capital Management Co. | 220000860 | 20034 | This creditor inadvertently received ballots both for scheduled and filed claims, so the amount to be voted on account of the scheduled claim should be disallowed. | 15 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 42 | 20027 | Duplicate Claim | 16 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 43 | 20029 | Duplicate Claim | 17 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 44 | 20030 | Duplicate Claim | 18 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 45 | 20031 | Duplicate Claim | 19 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 46 | 20032 | Duplicate Claim | 20 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 47 | 20039 | Duplicate Claim | 21 |
| Tianjin Yingxin Xinheng Investment | 28 | 20020 | Duplicate Claim | 22 |

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Consulting Co. Ltd. | | | | |
| Weihua Qiu | 220000960 (scheduled claim) | 12 | This creditor inadvertently received ballots both for scheduled and filed claims, so the amount to be voted on account of the scheduled claim should be disallowed. | 23 |
| Weihua Qiu | 39 | 12 | Duplicate claim | 24 |
| Western Securities Co., Ltd. | 32 | 20028 | Duplicate Claim | 25 |
| Wuxi Leyike Investment Enterprise | 20025 | 20007 | Duplicate Claim | 26 |
| Xizang Jinmeihua Investment Co., Ltd. | 220001030 (scheduled claim) | 29 | In Chinese, Tibet is called Xizang. The creditor filed its claim using the name Tibet Jinmeihua Investment Co. Ltd. and, consequently, has received two separate ballots to vote a single debt in connection with the Debtor's Plan. The filed proof of claim should supersede the scheduled claim despite the difference in names. | 27 |

True and correct copies of the Claims are attached to the Notices of Objection to Claims, which have been served on each claimant, attaching their corresponding claim(s).

**PLEASE TAKE FURTHER NOTICE** that the Objection has been served upon the Claimants and all parties entitled thereto and is based upon the supporting Memorandum of Points and Authorities and Declaration of Luetian Sun, the statements, arguments and representations of counsel who appear at the hearing regarding the Objection, the files and records in the above-captioned case, any evidence properly before the court prior to or at the hearing regarding the Objection and all matters of which the court may properly take judicial notice.

6

1  **PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(f),

2  responses to the Objection must be filed with the Court and served upon the Debtor's counsel at the

3  address in the upper left-hand corner of this Objection **no later than fourteen (14) days prior to**

4  **the hearing date**.  Responses must contain a written statement of all reasons why the Objection is

5  opposed and must include declarations and copies of all documentary evidence on which the

6  responding party intends to rely.  Responses must be filed either electronically or at the following

7  location:

8  United States Bankruptcy Court
Attention:  Clerk's Office

9  255 E. Temple Street

10  Los Angeles, CA 90012

11  **IF YOU DO NOT OPPOSE THE OBJECTION YOU DO NOT NEED TO FILE ANY**

12  **PAPERS, SIGN ANY FURTHER AGREEMENTS OR TAKE ANY FURTHER ACTION.**

13  **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(f),

14  the failure to timely file and serve written opposition may be deemed by the Court to be consent to

15  the granting of the relief requested in the Objection.

16  **PLEASE TAKE FURTHER NOTICE** that if a response is timely filed and served upon the

17  Debtor's counsel, the Court, in its discretion, may treat the initial hearing as a status conference if it

18  determines that the Objection involves disputed factual issues or will require presentation of

19  substantial evidence or argument.

20  **WHEREFORE,** the Debtor respectfully requests that the Court enter an order (i) sustaining

21  the Objection; (ii) disallowing the Duplicate Claims in their entirety; and (iii) granting the Debtor

22  such other and further relief as may appropriate under the circumstances.

23

24  Dated:    April 2, 2020                     PACHULSKI STANG ZIEHL & JONES LLP

25                                               By    */s/ Malhar S. Pagay*

26                                                      Richard M. Pachulski
                                                      Jeffrey W. Dulberg

27                                                      Malhar S. Pagay

28                                                      Counsel for Debtor and Debtor in
                                                      Possession

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

7

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## JURISDICTION

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are sections 102, 105 and 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), and Rules 3007 and 3018(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## II.

## BACKGROUND

**A.    Commencement of the Chapter 11 Case**

On October 14, 2019 (the "Petition Date"), the Debtor commenced this case (the "Chapter 11 Case") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"). The Debtor continues in possession of his property and manages his affairs as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On October 25, 2019, the U.S. Trustee appointed the Official Committee of Unsecured Creditors  pursuant to section 1102(a)(1) of the Bankruptcy Code (the "Committee") [Docket No. 45]. The Committee consists of the following members: (a) Ping An Bank., Ltd. Beijing Branch; (b) China Minsheng Trust Co., Ltd; (c) Shanghai Leyu Chuangye Investment Management Center LP; (d) Jiangyin Hailan Investment Holding Co., Ltd; and (e) Shanghai Qichengyueming Investment Partnership Enterprise.

On November 13, 2019, the Court entered an order setting January 24, 2020, as the general deadline (the "Bar Date") for the filing of proofs of claim or proofs of interest against the Debtor's estate.  In accordance with the Court's Order establishing the Bar Date, notice of the Bar Date was given by mail to the Debtor's creditors and interest holders.

On December 18, 2019, Judge Karen B. Owens of the Delaware Bankruptcy Court transferred the Chapter 11 Case to this Court.

**B.      Approval of the Debtor's Disclosure Statement**

On March 20, 2020, the Court entered the Disclosure Statement Order, pursuant to which the Court approved the Debtor's *Fourth Amended Disclosure Statement with Respect to Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 465] in respect of the *Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 464] (the "Plan"), and granted other relief.

The Disclosure Statement Order provides, in pertinent part, that if the Debtor has served an objection or request for estimation as to a claim by April 2, 2020, such claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the voting deadline, i.e., April 30, 2020 at 4:00 p.m. (Beijing Time).  Disclosure Statement Order, 6 at ¶ 17(e).

## III.

## ARGUMENT

**A.      Procedural Requirements for Objections to Claims**

Bankruptcy Rule 3007 governs the procedure for objections to claims.  It provides as follows: "An objection to an allowance of a claim shall be in writing and filed.  A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant . . . at least thirty days prior to the hearing." Fed. R. Bankr. P. 3007.

Pursuant to Bankruptcy Rule 3007, a copy of the Objection will be mailed to Claimants at the addresses provided by Claimants in the Claims, and, where available and if different from the address provided on the proof of claim, on each Claimant's address registered with the National Enterprise Credit Information Publicity System (http://www.gsxt.gov.cn/index.html), a government-run, national, enterprise credit inquiry system in the People's Republic of China, at least thirty days prior to the hearing date for consideration of the Objection.  Accordingly, by the time of the hearing hereon, the Debtor will have complied with Bankruptcy Rule 3007.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**B.**    **The Court Must Determine the Allowance of a Claim Subject to Objection**

With certain exceptions, section 502(b) of the Bankruptcy Code requires, in relevant part, that if a party in interest objects to a claim, "the Court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that -- (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured …."

**C.**    **Burden of Proof**

All allegations set forth in a properly filed proof of claim are taken as true and, if the allegations set forth all facts necessary to establish a claim and are not self-contradictory, the proof of claim constitutes *prima facie* evidence of the validity and amount of the claim.  11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f).  However, a claimant must attach copies of writings upon which claims are based in order to carry its burden of establishing a *prima facie* case against the debtor. *Hardin v. Gianni (In re King Investments Inc.)*, 219 B.R. 848, 858 (B.A.P. 9th Cir. 1998).  Further, a claim should not be allowed if that claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law.  11 U.S.C. § 502(b)(1).

Once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991), then "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate burden of persuasion is always on the claimant."  *Holm*, 931 F.2d at 623.  In considering an objection to a claim, a bankruptcy court may take judicial notice of the underlying records in a bankruptcy case.  *O'Rourke v. Seaboard Surety Co., (In re ER Fergert, Inc.)*, 887 F.2d 955, 957-958 (9th Cir. 1998).

**D.**    **Disallowance for Plan Voting Purposes**

Courts recognize that Bankruptcy Rule 3018(a) permits a party in interest to seek to disallow a claim for voting purposes. Ultimately, the determination of whether to temporarily allow a claim

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

for voting purposes lies within the discretion of the bankruptcy court. See *Armstrong v. Rushton (In re Armstrong)*, 294 B.R. 344, 354 (B.A.P. 10th Cir. 2003) ("There is no guidance in the Bankruptcy Code to courts as to determine whether to permit the temporary allowance of a claim; it is left to the court's discretion."). Indeed, courts have broad authority to determine whether to allow or disallow a claim for purposes of voting under Bankruptcy Rule 3018(a). *See, e.g., In re Mangia Pizza Invs., L.P.,* 480 B.R. 669, 679 (Banker. W.D. Tex. 2012); *In re Zolner*, 174 B.R. 629, 633 (Bankr. N.D. Ill. 1994) (noting that a court must exercise its discretion to allow or disallow a claim under Bankruptcy Rule 3018(a) based on reasoned analysis); *In re Goldstein,* 114 B.R. 430, 433 (Bankr. E.D. Pa. 1990); Collier on Bankr. ¶ 9-3018[5] (16th ed. rev. 2012) ("The court, however, regardless of the circumstances, has the discretion to allow or disallow all or part of the claim for voting purposes.").

In some cases noted in the chart below, the Debtor has been advised that a Claimant inadvertently has been provided with multiple ballots to vote on the Debtor's Plan on account of a single debt. Where that has occurred, the Debtor has requested that the Court disallow one of those Duplicate Claims for voting purposes.

## E.    The Objection and Request for Relief

In most instances, the Duplicate Claim and the relevant Surviving Claim are the exact same claim in the same amount filed by the Claimant using the same name, and therefore the Duplicate Claim can be disallowed readily. The chart below provides further explanation for the request for disallowance where the claims may not be exact duplicates of one another, but fall within the Duplicate Claims category that is the subject of this Objection. For example, slight variations in the name or entity utilized by a Claimant to assert a debt against the Debtor or issues of translation from Chinese to English have required a more careful review to determine that two claims are, in fact, the same.

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Beijing Huaxing Mobile Asset Mgt Center | 27 | 20023 | Duplicate Claim | 1 |
| Beijing Jiaxin Tengda Information Consulting Co., Ltd. | 220000060 (scheduled claim) | 20019 | Creditor, Beijing Jiaxin Tengda Information Consulting Co., Ltd., | 2 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| | | | also uses the name Jiaxindechuang BJ Tech Group Co Ltd. The Debtor scheduled Beijing Jixain Tengda Information Consulting Co., Ltd. in the amount of $1,458,406. However, the creditor asserted the same debt using the name Jiaxindechuang BJ Tech Group Co Ltd. in filed claim number 20019 in the amount of $1,975,674.74, and, consequently, has received two separate ballots to vote a single debt in connection with the Debtor's Plan. The filed proof of claim should supersede the scheduled claim despite the difference in names. | |
| China Soft Growing Invest Wuxi Partshp | 61 | 19 | Duplicate Claim | 3 |
| Chongqing LeTv Commercial Factoring LLC | 21 | 20015 | Duplicate Claim | 4 |
| Chongqing LeTv Commercial Factoring LLC | 24 | 20015 | Duplicate Claim | 5 |
| E-Town Intl Holding (HK) Co Ltd | 16 | 20017 | Duplicate Claim | 6 |
| Honghu Da | 6 | 20008 | Duplicate Claim | 7 |
| Huizhou Speed Secondcurve Management LP, | 20002 | 20001 | Duplicate Claim | 8 |
| Jiangyin Hailan Invest Holding Co Ltd. | 20009 | 7 | Creditor, Jiangyin Hailan Invest Holding Co. Ltd. filed Claim 20009 in the amount of $89,635,814.27, however, the back-up attached to Claim 20009 totals $69,635,814.27, which amount is duplicative of Claim 7. Therefore, Claim 20009 should be disallowed. | 9 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Linfen Investment Group Co. Ltd. | 220000540 | 30 | This creditor filed a proof of claim for the same debt under a similar but different name (Linfen Investment Construction Development Co. Ltd.) and, consequently, received ballots for both scheduled and filed claims. The filed proof of claim should supersede the scheduled claim and, with respect to the Plan, the amount to be voted on account of the scheduled claim should be disallowed. | 10 |
| Nanchang OFilm Photoelectric Tech Co Ltd. | 38 | 33 | Duplicate Claim | 11 |
| O-Film Global (HK) Trading Limited | 34 | 33 | The creditor, in its complaint against the Debtor, describes it and Nanchang OFilm Photoelectric Tech Co Ltd. as sister companies and co-plaintiffs. The lawsuit asserts a single claim of $24,095,428.00 against the Debtor. Accordingly, multiple claims asserted in the same amount are duplicative. | 12 |
| O'Film Global (HK) Trading Limited | 37 | 33 | Duplicate Claim | 13 |
| Pingan Bank Co Ltd Beijing Branch | 20041 | 20036 | Duplicate Claim | 14 |
| Shenzhen Yingda Capital Management Co. | 220000860 | 20034 | This creditor inadvertently received ballots both for scheduled and filed claims, so the amount to be voted on account of the scheduled claim should be disallowed. | 15 |
| Tianjin Jairui Huixin | 42 | 20027 | Duplicate Claim | 16 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Corp. Mgt LLC | | | | |
| Tianjin Jairui Huixin Corp. Mgt LLC | 43 | 20029 | Duplicate Claim | 17 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 44 | 20030 | Duplicate Claim | 18 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 45 | 20031 | Duplicate Claim | 19 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 46 | 20032 | Duplicate Claim | 20 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 47 | 20039 | Duplicate Claim | 21 |
| Tianjin Yingxin Xinheng Investment Consulting Co. Ltd. | 28 | 20020 | Duplicate Claim | 22 |
| Weihua Qiu | 220000960 (scheduled claim) | 12 | This creditor inadvertently received ballots both for scheduled and filed claims, so the amount to be voted on account of the scheduled claim should be disallowed. | 23 |
| Weihua Qiu | 39 | 12 | Duplicate claim | 24 |
| Western Securities Co., Ltd. | 32 | 20028 | Duplicate Claim | 25 |
| Wuxi Leyike Investment Enterprise | 20025 | 20007 | Duplicate Claim | 26 |
| Xizang Jinmeihua Investment Co., Ltd. | 220001030 (scheduled claim) | 29 | In Chinese, Tibet is called Xizang.  The creditor filed its claim using the name Tibet Jinmeihua Investment Co. Ltd. and, consequently, has received two separate ballots to vote a single debt in connection with the Debtor's Plan.  The filed proof of claim should supersede the scheduled claim despite the difference in names. | 27 |

By this Objection, the Debtor simply seeks to have disallowed the Duplicate Claims leaving the Surviving Claims unaffected by this Objection.

## IV.

## GENERAL RESERVATION OF RIGHTS

The Debtor expressly reserves the right to amend, modify or supplement this Objection, and to file additional, other, or further objections to any proofs of claim filed in this Chapter 11 Case, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not) against the Debtor, regardless of whether such claims are subject to this Objection.  Should one or more of the grounds of objection stated in this Objection be denied, the Debtor reserves his rights to object on other stated grounds or on any other grounds he discovers during the pendency of this Chapter 11 Case.  In addition, the Debtor reserves the right to file counterclaims against the holders of any such claims.

## V.

## NOTICE

The Debtor will serve copies of this Objection on:  (a) the Claimants, (b) the Office of the United States Trustee, (c) counsel to the Committee, and (d) all parties who have requested notices in this Chapter 11 Case pursuant to Bankruptcy Rule 2002.

## VI.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an order granting the relief requested herein and granting the Debtor such other and further relief as is just and proper.

Dated:        April  2, 2020                    PACHULSKI STANG ZIEHL & JONES LLP


                                                */s/ Malhar S. Pagay*
                                                Richard M. Pachulski
                                                Jeffrey W. Dulberg
                                                Malhar S. Pagay

                                                *Attorneys for Debtor and Debtor in Possession*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## DECLARATION OF LUETIAN SUN

I, Luetian Sun, declare as follows:

1.      I am one of Debtor's advisors who assist the Debtor with various financial and business matters.  I also have served as Faraday & Future, Inc.'s ("FF") Investor Relations Coordinator since January 2019.  Prior to joining FF, I received a bachelor's degree in civil engineering from Beijing University's School of Civil Engineering and Architecture and a Master of Business Administration degree from the University of California at Riverside.

2.      I am in regular communication with the Debtor's professionals, including legal counsel.

3.      I submit this Declaration (the "Declaration") in support of the Debtor's *Omnibus Objection for an Order Disallowing Duplicate Claims* (the "Objection").

4.      If I were called to testify as a witness in this matter, I could and would competently testify to each of the facts set forth herein.

5.      At the direction of the Debtor, I have reviewed and analyzed the Claims that are the subject of the Objection, and have discussed my findings with both the Debtor and his legal counsel. Based on my analysis, I have determined that the Duplicate Claim are duplicative of other claims and should therefore be disallowed in their entirety.

6.      Also, in order to facilitate notice and service of the Objection, I researched each Claimant's address registered with the National Enterprise Credit Information Publicity System (http://www.gsxt.gov.cn/index.html), a government-run, national, enterprise credit inquiry system in the People's Republic of China.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 2nd day of April, 2020, at Los Angeles , California.


Luetian Sun
_____
Luetian Sun

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA  90067**

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S NOTICE OF OMNIBUS OBJECTION AND OMNIBUS OBJECTION FOR AN ORDER DISALLOWING DUPLICATE CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF LUETIAN SUN IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **April 2, 2020,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **April 2, 2020,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

United States Bankruptcy Court
Central District of California
Attn:  Hon. Vincent Zurzolo
Edward R. Roybal Federal Bldg./Courthouse
255 East Temple Street, Suite 1360
Los Angeles, CA  90012

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 2, 2020 | Nancy H. Brown | /s/ Nancy H. Brown |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:328782.1 46353/002

# SERVICE INFORMATION FOR CASE NO. 2:19-bk-24804-VZ

## 1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

- Tanya Behnam    tbehnam@polsinelli.com, tanyabehnam@gmail.com
- Jerrold L Bregman    ecf@bg.law, jbregman@bg.law
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Stephen D Finestone    sfinestone@fhlawllp.com
- Richard H Golubow    rgolubow@wghlawyers.com, pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
- Alexandra N Krasovec    krasovec.alexandra@dorsey.com, claridge.vanessa@dorsey.com
- Ben H Logan    blogan@omm.com
- Robert S Marticello    Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- David W. Meadows    david@davidwmeadowslaw.com
- John A Moe    john.moe@dentons.com, glenda.spratt@dentons.com
- Kelly L Morrison    kelly.l.morrison@usdoj.gov
- Malhar S Pagay    mpagay@pszjlaw.com, bdassa@pszjlaw.com
- Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- Victor A Sahn    vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com
- Randye B Soref    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- Benjamin Taylor    btaylor@taylorlawfirmpc.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Felix T Woo    fwoo@ftwlawgroup.com, admin@ftwlawgroup.com
- Claire K Wu    ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com
- Emily Young    pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
- David B Zolkin    dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                        **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:328782.1 46353/002

| Debtor 1 | Yueting Jia | | Case number (if known) | 19-12220 (KBO) |

---

| 4.59 | Shenzhen Yingda Capital Management Co., | Last 4 digits of account number _____ | $279,720,279.72 |

Nonpriority Creditor's Name
22nd Floor, West Tower,
World Financial Center,
Chaoyang District
Beijing 100020 CHINA

Number Street City State Zip Code

**Who incurred the debt? Check one**

- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☒ At least one of the debtors and another

☐ Check if this claim is for a community debt

**Is the claim subject to offset?**

- ☒ No
- ☐ Yes

**When was the debt incurred?** _____

**As of the date you file, the claim is: Check all that apply**

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☒ Other. Specify    Personal Guarantee

---

| 4.60 | Sichuan Xunling Technology Co. Ltd. | Last 4 digits of account number _____ | $61,411,188.81 |

Nonpriority Creditor's Name
No. 138, Jialing Jiangxi Road
Deyang
Sichuan 618000 CHINA

Number Street City State Zip Code

**Who incurred the debt? Check one.**

- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☒ At least one of the debtors and another

☐ Check if this claim is for a community debt

**Is the claim subject to offset?**

- ☒ No
- ☐ Yes

**When was the debt incurred?** _____

**As of the date you file, the claim is: Check all that apply**

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☒ Other. Specify    Personal Guarantee

---

| United States Bankruptcy Court for the Central District Of California - Los Angeles Division | |
|---|---|
| **Name of Debtor:**  Yueting Jia | **For Court Use Only** |
|  | Claim Number:     0000020034 |
| **Case Number:**   19-24804 | File Date:<br>01/21/2020 23:22:04 |

# Proof of Claim (Official Form 410)

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case.  With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.  18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.  That date is on the notice of bankruptcy (Form 309) that you received.**

04/19

---

| **Part 1:** | **Identify the Claim** |
|---|---|

**1.    Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim):     YingDa Capital Management Co,Ltd

Other names the creditor used with the debtor:     representing Magt Plan NO.1 and 2

---

**2.    Has this claim been acquired from someone else?**     ☑ No   ☐ Yes.    From whom? _____

---

**3.    Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|
| Name     YingDa Capital Management Co,Ltd | Name     _____ |
| Address     Qianhong Shi | Address     _____ |
|              22nd Floor,West Tower,World | _____ |
|              Financial Center,Chaoyang District | _____ |
| City     Beijing | City     _____ |
| State     _____   ZIP Code  100020 | State     _____   ZIP Code _____ |
| Country (if International):   CHINA | Country (if International):   _____ |
| Phone:   +86 13581768171 | Phone:   _____ |
| Email:   shiqh@ydcmc.com | Email:   _____ |

---

| **4. Does this claim amend one already filed?** | **5. Do you know if anyone else has filed a proof of claim for this claim?** |
|---|---|
| ☑ No | ☑ No |
| ☐ Yes. | ☐ Yes. |
|  | Who made the earlier filing? |
| Claim number on court claims register (if known) _____ | _____ |
| Filed on _____<br>MM / DD / YYYY | _____ |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes.

Last 4 digits of the debtor's account or any number you use to identify the debtor:

8972

___ ___ ___ ___

**7. How much is the claim?**

$ 337,392,021.55   unliquidated

**Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples:  Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.  Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).  Limit disclosing information that is entitled to privacy, such as health care information.

Other Basis

_____

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other.  Describe:

_____

**Basis for perfection:**

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                          $_____

Amount of the claim that is secured:    $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:   $_____

**Annual Interest Rate** (when case was filed)  _____%

☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes.  **Amount necessary to cure any default as of the date of petition.**

$_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes.  Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a) (_____) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority.  For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes.  **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $_____

| **Part 3:** | Sign Below |
|---|---|

**The person completing this proof of claim must sign and date it.  FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*Qianhong Shi*                                                                    01/21/2020 23:22:04

Signature                                                                              Date

Provide the name and contact information of the person completing and signing this claim:

Name        Qianhong Shi

Address     22nd Floor,West Tower,World

            Financial Center,Chaoyang District


City        Beijing

State        _____ Zip 100020

Country (in international)    CHINA

Phone        +86 13581768171

Email        shiqh@ydcmc.com

United States Bankruptcy Court for the District of Delaware

Yueting Jia, Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4419
Beaverton, OR 97076-4419

To submit your form online please go to https://epiqworkflow.com/cases/YT1

Name of Debtor:
Case Number:

For Court Use Only

# Proof of Claim (Official Form 410)

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims arising under section 503(b)(9) of the Bankruptcy Code, do not use this form to make a request for payment of an administrative expense. Such a request should be made by filing the separate administrative claim request form approved by the bankruptcy court. Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.
A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.
Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): YingDa Capital Managemetn Co., Ltd (representing YingDa Capital PingAn Leshi Asset Management Plan No. 1 and YingDa Capital PingAn Leshi Asset Management Plan No.2)

Other names the creditor used with the debtor: 北京英大资本管理有限公司（代表"英大资本平安乐视1号专项资产管理计划"和"英大资本平安乐视2号专项资产管理计划"）

**2. Has this claim been acquired from someone else?**  ☒ No  ☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Qianhong Shi
Name
22nd Floor, West Tower, World Financial Center,
Chaoyang District
Number     Street
Beijing                  100020
City          State          ZIP Code
Country (if International):    China
Contact phone:   +86 13581768171
Contact email:   shiqh@ydcmc.com

Where should payments to the creditor be sent? (if different)

Name
Number     Street
City          State          ZIP Code
Country (if International): _____
Contact phone: _____
Contact email: _____

**4. Does this claim amend one already filed?**
☒ No
☐ Yes.   Claim number on court claims register (if known) _____
Filed on _____
MM  / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☒ No
☐ Yes.  Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
| --- | --- |

**6. Do you have any number you use to identify the debtor?**
☐ No
☒ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:
8  9  7  2

**7. How much is the claim?**
$ 337,392,021.55
Does this amount include interest or other charges?
☐ No
☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).  Limit disclosing information that is entitled to privacy, such as health care information.

Personal Guarantee

Case 19-12220-KBO    Doc 87-2    Filed 11/13/19    Page 3 of 4

**9. Is all or part of the claim secured?**

☒ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

_____

Basis for perfection: _____

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                $ _____0_____

Amount of the claim that is secured:    $ _____0_____

Amount of the claim that is unsecured: $ 337,392,021.55
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $ 337,392,021.55

Annual Interest Rate (when case was filed) _____7.5_____%

☒ Fixed ☐ Variable

**10. Is this claim based on a lease?**

☒ No

☐ Yes. **Amount necessary to cure any default as of the date of petition.**

$ _____

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes. Identify the property:

_____

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☒ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a)(___) that applies.

* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$ _____

$ _____

$ _____

$ _____

$ _____

$ _____

| **Part 3:** | **Sign Below** |

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☒ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____    _____
MM / DD / YYYY         Signature

Print the name of the person who is completing and signing this claim:

Name _____
First name         Middle name         Last name

Title _____
         YingDa Capital Management Co., Ltd (representing YingDa Capital PingAn Leshi
Company Asset Management Plan No. 1)
Identify the corporate servicer as the company if the authorized agent is a servicer.
         22nd Floor, West Tower, World Financial Center,
Address    Chaoyang District
Number         Street

Beijing                                    100020
City                      State         ZIP Code

Contact Phone   +86 13581768171         Email shiqh@ydcmc.com

Case 19-12220-KBO    Doc 87-2    Filed 11/13/19    Page 4 of 4

# Official Form 410 - Instructions for Proof of Claim

United States Bankruptcy Court

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

A person who files a fraudulent claim could be fined up to $500,000 imprisoned for up to 5 years, or both.  18 U.S.C. §§ 152, 157 and 3571

## How to fill out this form

- Fill in all of the information about the claim as of the date the case was filed.
- Fill in the caption at the top of the form. The debtor name and case number is provided under the general information section on the Claims Agent's website: http://dm.epiq11.com/YT1.
- If the claim has been acquired from someone else, then state the identity of the last party who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.
- Attach any supporting documents to this form. Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of redaction below.)
  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added.  Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).
- Do not attach original documents because attachments may be destroyed after scanning.
- If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.
- A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.  See Bankruptcy Rule 9037.
- For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.  For example, write *A.B., a minor child (John Doe, parent, 123 Main St, City, State)*.  See Bankruptcy Rule 9037.

### Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or you may access the Claims Agent's website (http://dm.epiq11.com/YT1) to view your filed form under "Claims."

### Where to File Proof of Claim Form

**First Class Mail:**
Yueting Jia, Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
PO Box 4419
Beaverton, OR 97076-4419

**Hand Delivery or Overnight Mail:**
Yueting Jia, Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd
Beaverton, OR 97005

**Electronic Filing:**
By accessing the E-filing Claims link at http://dm.epiq11.com/YT1 or by sending a PDF claim form to the following  Email: YTClaims@epiqglobal.com

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5).  A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy.  11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim.  A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Itemized Statement of Yingda Capital Management Co., Ltd.'s Claim**

By October 14, 2019, the debt principal of YT relating to Leran Industry Fund Project was RMB 2,000,000,000. The creditor (Yingda) represents "Yingda Capital Ping An Leshi Special Asset Management Plan No.1" and "Yingda Capital Ping An Leshi Special Asset Management Plan No.2". The principals of the above Plans are RMB 1,142,857,100 and RMB 857,142,900, respectively. Thus, the corresponding investment of Yingda in Leran Industry Fund Project was RMB 2,000,000,000. According to the Limited Partnership Agreement, the interest rate is 7.5% per annum.

The interest payment has been in default since the second quarter of 2017, and the default period dates from March 21, 2017 to October 14, 2019, a total of 937 days.

Accordingly, the interest claim relating to Plan No.1 is:

1,142,857,100*0.075/365*937 = **RMB 220,039,130.69**.

And the total claim for Plan No. 1 is:

220,039,130.69 + 1,142,857,100 = **RMB 1,362,896,230.69**.

Using the prevailing exchange rate as of October 14th, 2019, which is 1 USD = 7.06913128 RMB, RMB 1,121,638,522.7 equals to USD 158,667,094.764.

And the interest claim relating to Plan No. 2 is:

857,142,900*0.075/365*937 =**RMB 165,029,362.46**.

And the total claim for Plan No.2 is:

857,142,900 + 165,029,362.46 = **RMB 1,022,172,262.46**.

Total claim for the above two Asset Management Plans is: **RMB 2,385,068,493.15**.

Using the prevailing exchange rate as of October 14th, 2019, which is 1 USD = 7.06913128 RMB, **RMB 2,385,068,493.15** equals to **USD 337,392,021.55**.

Note: Ying Da Capital Management Co., Ltd. has changed its official Chinese name since the execution of the agreements.

宁波杭州湾新区乐然投资管理合伙企业（有限合伙）

# 合伙协议

## （修订版）

日期：**2016** 年    月    日



中国  宁波

# 目　录

| 条款 | | | 页码 |
|---|---|---|---|
| | 1 | 定义和解释 | 3 |
| | 2 | 有限合伙的组建 | 8 |
| | 3 | 出资 | 9 |
| | 4 | 有限合伙的经营和管理 | 11 |
| | 5 | 开支 | 14 |
| | 6 | 有限合伙账目和报告 | 14 |
| | 7 | 基金管理费 | 15 |
| | 8 | 分配 | 16 |
| | 9 | 合伙人大会 | 22 |
| | 10 | 终止和清算 | 23 |
| | 11 | 责任和赔偿的限制 | 24 |
| | 12 | 保密 | 25 |
| | 13 | 有限合伙人的陈述和保证 | 27 |
| | 14 | 有限合伙人信息提供 | 28 |
| | 15 | 无需进一步同意 | 28 |
| | 16 | 本合同的变更 | 29 |
| | 17 | 通知 | 30 |
| | 18 | 登记事宜 | 31 |
| | 19 | 一般条款 | 31 |
| | 附件 | 《有限合伙人名册》 | 35 |

# 有限合伙协议

日期      2016 年    月    日

导言

(A) 本宁波杭州湾新区乐然投资管理合伙企业（有限合伙）合伙协议（下称"本协议"）由乐投投资管理（宁波）有限公司（作为普通合伙人）与本协议附件中所列明并签署本协议之有限合伙人，根据《中华人民共和国合伙企业法》（以下简称 "合伙企业法"），于 2016 年    月    日签署。

(B) 鉴于普通合伙人及有限合伙人均有意按照本协议所定条款及条件，设立一家有限合伙企业，从事投资业务，各方兹按照本协议所定的相互承诺及约定事项，达成如下合同条款，约定共同遵守。


## 1    定义和解释

### 1.1    定义

除非上下文另有需要，本合同中（包括导言和附件）下述文字和表述应具有以下含义：

| | |
|---|---|
| 被投资公司 | 由有限合伙直接或间接进行投资的法人实体、协会、合伙企业或其他集合投资计划或其他实体或人士 |
| 本协议 | 本合伙协议 |
| 财务报告 | 指根据中国现行会计准则和制度编制的《资产负债表》、《利润表》和《现金流量表》 |
| 承受人 | 作为有限合伙人的自然人死亡、被依法宣告死亡或者作为有限合伙人的法人或其他组织终止时，其继承人或权利承受人 |
| 出资通知 | 普通合伙人发给合伙人的关于出资的通知，其格式将由普通合伙人不时确定 |
| 非关联有限合伙人 | 指除关联有限合伙人以外的有限合伙人 |
| 公平市场价值 | 根据下列原则确定的公平市场价值。<br>(a)    如果有价证券可以在公认的证券交易所 |

交易，则其公平市场价值应等于在估值基准日起前十个交易日内，该等证券于每个交易日在该证券交易所的收盘成交价的平均值；如果在任何该等交易日，未进行任何交易，则按该日收盘的买入报价和卖出报价的中间值计算。

(b)　以上(a)段所述的有价证券以外的财产的公平市场价值，由普通合伙人考虑所有相关的因素、信息及资料之后诚信地确定。

(c)　估值基准日应按以下方式确定：

(i)　如果是(a)项的有价证券，若为实物分配之目的，基准日为有限合伙人获得该等分配前第 10 日；若为退伙之目的，基准日为开始适用第 8.20 条之日；

(ii)　如果是其他财产，若为实物分配之目的，基准日为距离进行估值的时间尽可能近的日期，除非普通合伙人认为有必要重新确定公平市场价值，确定后的公平市场价值在基准日起 6 个月内均可用于实物分配之目的；若为退伙之目的，基准日为开始适用第 8.20 条之日；

(iii)　本协议规定的其他方式。

关联方　　　　就任何人士而言，是指直接或间接地控制该人士或受该人士控制的任何人士，或直接或间接地与该人士共同受控于任何第三方的任何人士。为避免疑问，不应仅由于有限合伙对任一被投资公司进行了投资，而将该等被投资公司视为普通合伙人的关联方

过桥投资项目　以在投资后的 13 个月内进行处置为目的，由有限合伙（或某特殊目的公司）进行的投资项目

合伙人　　　　有限合伙的普通合伙人及有限合伙人

合伙资产　　　有限合伙的所有资产

季度日　　　　每年 3 月 31 日、6 月 30 日、9 月 30 日和 12

月 31 日

| | |
|---|---|
| 基金管理费 | 具有第 7.1 条赋予的含义 |
| 基金管理人 | 有限合伙的基金管理人，即<u>乐投投资管理（宁波）有限公司</u>或其继任者 |
| 继任合伙人 | 第 8.16 条规定的转让的受让方或第 8.20 条规定的取得权益的承受人 |
| 简版协议 | 指全体合伙人签署的、包含合伙企业法所要求的必备条款的合伙协议，并根据适用法律于企业登记机关处完成登记 |
| 控制 | 指通过拥有表决权证券或股权、根据合同或以其它形式直接或间接拥有决定某一人士的经营管理的权力。当一名人士拥有另一名人士的百分之五十(50%)或更多有表决权的股份或股权时，即应认为前者对后者拥有控制权。"受控"、"控制"和"控制人"应作相应解释。 |
| 会计期间 | 截至于（且包含）某一会计日期，且起始于前一个会计日期之后的下一日的期间，或就第一个会计期间，起始于有限合伙的成立之日 |
| 会计日期 | 本协议签署后每年的 12 月 31 日或（对于有限合伙的最终会计期间）有限合伙最终解散的日期 |
| 普通合伙人 | 有限合伙的普通合伙人，即<u>乐投投资管理（宁波）有限公司</u>或其继任者 |
| 权益 | 合伙人于有限合伙中的权益，包括其认缴出资额、实际出资额以及其在有限合伙中拥有的所有其它权利和利益，包括其投票权等 |
| 权益价值 | 指根据以下的假设确定的权益的价值：有限合伙的投资项目及其他资产在相关的估值基准日根据其公平市场价值出售，且由此产生的收入以及有限合伙拥有的其他现金，将根据本协议第 8 条的规定进行分配，持有该等权益的有限合伙人因此可以获得的分配即该 |

|  | 等权益的价值。 |
| --- | --- |
| 认缴出资额 | 就任一合伙人，其向有限合伙认缴的出资金额，不论是否已全部或部分完成出资 |
| 认缴出资额余额 | 就任一合伙人，其认缴出资额中尚未出资的部分 |
| 人士 | 指任何个人或实体（包括任何公司、合营企业、国家及政府部门、商行或其它经济实体） |
| 审计师 | 普通合伙人根据第 19.1 条委任的审计师 |
| 实际出资额 | 就任一合伙人，其向有限合伙实际缴纳的出资金额 |
| 受保障方 | 普通合伙人，其关联方和任一受保障个人 |
| 受保障个人 | 普通合伙人或其任何关联方的管理人员、董事、股东、代理、成员、顾问、咨询师、合伙人或员工，或任一提名董事或任一经合法指定的咨询委员会成员 |
| 首次交割日 | 指普通合伙人宣布的接纳首位非关联有限合伙人加入有限合伙的日期 |
| 首期出资 | 具有第 3.1 条赋予的含义 |
| 税项 | 指税务机关/其它政府机关征收或应缴纳给税务机关/其它政府机关的各种形式的税项、税费、预扣款以及各种性质的收费（包括但不限于增值税、销售税、所得税或营业税、印花税、关税、或任何其它施加、征收、收缴和认定的税负、税收、费用、收费、抵扣、罚款和预提）以及由此产生的罚款、滞纳金、附加费用和利息 |
| 特殊目的公司 | 由有限合伙（或任何托管人或名义持有人）以进行投资、过桥投资和/或合营交易为目的设立或并购的，全资或部分持有的任一法人实体或公司或合伙企业 |

| | |
|---|---|
| 提名董事 | 就被投资公司的董事（或类似职位），由有限合伙或普通合伙人（或其任何关联方）提名的人选 |
| 投资期间 | 从首次交割日起至下述较早日期的期间： |
| | (a) 最终交割日起满 3 周年，普通合伙人决定不再延长期间的； |
| | (b) 上述(a)期满，普通合伙人决定延长期间的，则至该等延长期间届满之日，但任何情况下延长期间不得超过半年； |
| | (c) 100%的总认缴出资额已被投资于具体投资项目或用以支付有限合伙的开支； |
| 投资策略 | 指主要围绕乐视生态在大数据、人工智能、文化娱乐、智能硬件等领域进行投资，包括但不限于乐视汽车（FF Global Holdings Ltd.）、乐视电视（乐视致新电子科技（天津）有限公司）等。 |
| 投资决策委员会 | 具有第 4.6 条赋予的含义 |
| 投资项目 | 有限合伙直接或间接进行的投资项目，包括但不限于以股权、债权、可转债、选择权、期权、收益权等法律法规允许的形式向任何法人实体或其它实体进行的投资及相关权益和利益 |
| 新投资项目 | 有限合伙对尚未直接或间接进行过投资的公司或实体进行的投资 |
| 工作日 | 指除星期六、星期天或中国法定节假日之外的银行工作日 |
| 有限合伙 | 指根据本协议设立的有限合伙企业宁波杭州湾新区乐然投资管理合伙企业（有限合伙） |
| 有限合伙人 | 有限合伙的有限合伙人 |
| 中国 | 指中华人民共和国；就本协议而言，香港特别行政区、澳门特别行政区及台湾地区因其 |

各自独立的法律体系而不包括在本定义之范围内。

总认缴出资额　　　　合伙人的所有认缴出资额的合计金额

最终交割日　　　　　下述事项中最迟发生之日：

(a)　普通合伙人最后一次批准新加入合伙人加入有限合伙之日；

(b)　普通合伙人最后一次批准原有合伙人增加其认缴出资额的情况；

1.2　对各方、导言、条款和附件的提及分别指本协议的各方、导言、条款和附件。

提及一天中的时间的，指北京时间，提及一天的，指午夜开始的 24 小时。

1.3　除非有明确相反说明：

(a)　本协议中的词语应具有第 1.1 条所规定的含义。

(b)　如提及本协议，应包括本协议的任何附件。

(c)　本协议提及的任何书籍、记录或其他资料指任何形式的书籍、记录或其他资料，包括纸张、电子存储数据、磁媒体、胶片和微缩胶片。

(d)　除上下文另有要求外，如本协议项下任何权利或义务可供行使或履行的日期为非工作日，则该项权利或义务应在该日期之后的第一个工作日行使或履行。

(e)　标题不影响对本协议的解释。

## 2　有限合伙的组建

依法建立

2.1    本有限合伙应为按照合伙企业法注册的有限合伙企业。

目的和经营范围

2.2    本有限合伙的目的是结合中国经济发展和产业调整的方向以及互联
网等新经济的发展趋势，侧重于对初创成长期但具有巨大发展潜力
的企业进行股权类投资，以为投资人创造优异回报为首要目标，通
过投资使被投资公司价值得以迅速提升，从而实现有限合伙财产的
长期增值，达到双方共赢的最终结果。本有限合伙的经营范围为实
业投资；投资咨询；企业管理及咨询；投资管理（以企业登记机关
核定的经营范围为准）。普通合伙人有权全权决定变更有限合伙的
经营范围。

名称

2.3    有限合伙的名称为"<u>宁波杭州湾新区乐然投资管理合伙企业（有限
合伙）</u>"。普通合伙人可全权决定变更有限合伙的名称。

注册地址

2.4    有限合伙的注册地址为宁波（具体地址以工商登记为准），或普通
合伙人全权决定的且于工商行政管理部门办理变更登记的其他地点。

起始和期限

2.5    有限合伙自营业执照签发之日起成立，合伙期限直至最终交割日起
五（5）年，但是经普通合伙人全权决定，合伙期限可延长一年，
经普通合伙人决定并经全部有限合伙人特别许可，合伙期限可再延
长一年。

合伙人的认缴出资额

2.6    普通合伙不认缴出资。

2.7    各有限合伙人的认缴出资额如本协议附件《有限合伙人名册》所列。

3    出资

合伙人出资

3.1    于最终交割日，有限合伙之总认缴出资额为人民币 <u>35.05</u> 亿元（大

写：叁拾伍亿零伍佰万元）。普通合伙人认缴出资额为人民币 500 万元（大写：伍佰万元），各有限合伙人出资义务以本协议附件《有限合伙人名册》所列明的认缴出资额为准，各合伙人应根据普通合伙人发出的出资通知，在通知送达其之日起 5 个工作日内，按出资通知所要求的出资金额一次性缴付至普通合伙人指定的以本合伙名义开立的账户，普通合伙人有权另行发出通知进行调整。

3.2    普通合伙人根据有限合伙拟投资项目的投资金额向有限合伙人发出出资通知，优先级有限合伙人、中间级有限合伙人及劣后级有限合伙人在缴纳出资时，依据所投项目所需的金额，按其认缴出资的比例（4:2:1）分别缴纳出资。普通合伙人通知有限合伙人缴纳出资时，须符合前述比例。同时，各方明确，中间级资金及劣后级资金应先于优先级资金到位，即，中间级、劣后级有限合伙人缴纳出资之前，优先级有限合伙人有权拒绝缴纳出资，且不视为出资的违约。

3.3    除非本协议另有约定，在投资期间终止之日后，普通合伙人不应继续要求合伙人出资，也不应投资新的项目。

出资的违约

3.4    合伙人就出资违约的，普通合伙人有权（但无义务）在出资到期日后的任何时间，要求该合伙人缴清应缴出资，并(i)向有限合伙支付逾期违约金，金额为自首期出资到期日至实际缴付日的期间，相当于欠缴金额每日万分之六利息的金额（若高于届时法律规定的上限，则以上限为准），以及(ii)向有限合伙和/或普通合伙人支付因向该合伙人追收欠缴金额和其他相关工作而实际发生的全部开支（包括但不限于律师费）。合伙人支付的前述金额不得被视为该合伙人的出资。普通合伙人有权根据其独立判断，豁免部分或全部该等金额。如果合伙人未能在三十(30)个工作日内缴清出资或支付上述相当于利息的金额，在不损害普通合伙人或有限合伙可能享有的其他权利的前提下，普通合伙人有权（但无义务）在上述三十(30)个工作日届满之日后采取如下一项或多项行动：

(a)    要求该合伙人向有限合伙支付相当于其认缴出资额 20%的违约金，但是普通合伙人有权根据其独立判断，豁免部分或全部该等金额；

(b)    采取一切必要行动，使该等合伙人不再是有限合伙的合伙人，有限合伙全体合伙人在此一致同意，如果发生该情况，全体合伙人应一致同意和行动，以实现该目的。

新增合伙人

3.5 各方同意并赋与普通合伙人一项权利，使其有权自主决定在本合伙企业成立后以相应条件接纳新的合伙人加入。

3.6 新合伙人在普通合伙人同意接纳且签署本协议或补充协议后即成为本合伙企业的合伙人，按照协议约定分担风险、共享收益。

## 4 有限合伙的经营和管理

执行事务合伙人应具备的条件和选择程序

4.1 执行事务合伙人应具备如下条件：

(a) 系在中国境内依法注册的机构；

(b) 为本有限合伙的普通合伙人。

4.2 全体合伙人签署本协议即视为普通合伙人乐投投资管理（宁波）有限公司被选定为有限合伙的执行事务合伙人。

执行事务合伙人的权限与违约处理办法

4.3 除适用法律另有规定外，执行事务合伙人的权限及违约处理办法适用本协议下适用于普通合伙人的相关条款。

执行事务合伙人的除名条件和更换程序

4.4 除适用法律另有规定外，执行事务合伙人的除名条件及更换程序适用本协议下适用于普通合伙人的相关条款。

普通合伙人的权限和权力

4.5 在遵守本协议投资策略之投资限制并在取得投资决策委员会的授权，以及相关法律法规的前提下，普通合伙人应有完全的权限和权力代表或 指示有限合伙从事普通合伙人合理认为对有限合伙的经营、有限合伙的投资组合的管理、促进有限合伙的业务所必需的或适当的所有事项、以及其它与运营、管理有限合伙有关的事项，包括但不限于：

(a) 接收潜在合伙人的认缴出资申请，就普通合伙人认为对遵守任何相关法律法规所必需的或合适的信息，要求潜在合伙人提供该等信息，并通过代表有限合伙与该等人士签署相关法律文件，接纳该等人士担任有限合伙人；

(b) 根据本协议规定，接纳有限合伙的继任合伙人和管理退伙事

宜;

(c)  寻找、评估并商谈投资机会,进行投资策略范围内的投资项目(直接或通过特殊目的公司),出售、交换或以其他方式处置该等投资项目;

(d)  与其他投资人联合进行投资项目,或者进行过桥投资项目(直接或通过特殊目的公司);

(e)  直接或通过特殊目的公司借款,开具、签发、承兑、背书和签署本票、汇票、担保和其他债务文件及证明,为该等借款抵押、质押、转让合伙资产,或者授予在合伙资产中的担保权益,但该等借款金额不得超过总认缴出资额的 20%;

(f)  为进行、持有或处置投资项目提供普通合伙人认为必要或适当的过渡性融资(期限不超过 13 个月),除可以转化为股权的过渡性融资外,上述过渡性融资金额不得超过总认缴出资额的 20%;

(g)  监督被投资公司的业绩,并在适当时向被投资公司的董事会委派董事,行使有限合伙对被投资公司的所有权利,联络、咨询、协助被投资公司,以及按常规采取普通合伙人认为适合于保护合伙资产的任何行动;

(h)  将有限合伙收到的出资及其他款项进行存款或将其投资于低风险的流动性资产;

(i)  根据普通合伙人的合理判断,将合伙资产借给第三方;

(j)  以有限合伙的名义开立并维持银行账户,向银行发出关于该等账户的付款指令和其他指令,收取合伙人提供的出资、投资收入、处置投资项目产生的款项和有限合伙收取的任何其他款项,并存入该等账户;

(k)  履行有限合伙的任何义务,包括支付第 5.1 条中提及的开支和费用,并为当前或今后预期的义务和或有费用提取准备金;

(l)  就普通合伙人其任何关联方或有限合伙应代表任何合伙人支付的所有税项,支付或指示有限合伙支付,但前提是,普通合伙人应告知该等合伙人该等税项的支付义务;

(m)  向任何受保障方(包括普通合伙人和任何关联方)支付普通

合伙人依诚信原则认为该等受保障方根据第 11.2 条应当享有的款项；

(n)    根据本协议的条款向合伙人做出分配（有限合伙为合伙人代扣代缴税费应被视为已经对合伙人作出了分配）；

(o)    雇佣普通合伙人认为对有限合伙的事务而言必要或适当的员工、独立代理（包括私募代理）、财务顾问、其他专业人员或咨询人员，该等人员可以是普通合伙人的关联方，但该等雇佣的条款必须是公平的；

(p)    在有限合伙可以赔偿任何其他人士的范围内，为有限合伙或该等其他人士购买和维持保险，费用由有限合伙承担；

(q)    提起、进行或解决关于有限合伙或任何合伙资产的诉讼或仲裁，或为之进行抗辩；

(r)    根据普通合伙人的合理判断，达成、订立并履行对行使本第 4.5 条的权力或者对促进有限合伙业务所必需或适当的协议、文件和承诺，并以此约束有限合伙；

(s)    变更有限合伙的经营范围和/或主要经营场所；

(t)    根据第 2.5 条延长有限合伙的期限；

(u)    办理法律法规（包括但不限于合伙企业法及公司法）要求的关于有限合伙及特殊目的公司及分支机构的设立、变更、清算、注销等的报批、登记、备案手续；

(v)    本合同列明的其它事宜。

投资决策委员会

4.6    普通合伙人（在普通合伙人认为合适的情况下）应设立一个由五（5）名委员组成的投资决策委员会（"投资决策委员会"），其中，劣后级有限合伙人有权委派 2 人，优先级有限合伙人有权委派 1 人，普通合伙人有权委派 1 人，中间级有限合伙人有权委派 1 人。投资决策委员会会议决议应由五分之四或以上委员投票赞成方可通过。

4.7    普通合伙人行使第 4.5 条的权限和权力，并作出如下事项的决策前，应当由投资决策委员会审议通过：

    (a)    进行任何投资项目；

    (b)    对投资项目进行处置。

对有限合伙人的限制

4.8    有限合伙人不执行合伙事务，不得参与有限合伙的经营以及有限合伙的业务和事务的管理和控制，不参与投资项目的决策，没有权利或职权代表有限合伙行事或者参与有限合伙的活动或管理，或者以任何方式干预有限合伙的活动或管理，或者对关于有限合伙的事项进行投票，但本协议中另有明确规定的除外。

执行事务合伙人代表

本有限合伙执行事务合伙人委派代表为贾跃民。

5    开支

开支

5.1    有限合伙应负责承担与有限合伙的成立有关的所有前期开支（不包括有限合伙人发生的该等开支），包括但不限于差旅、法律、会计、印刷、邮寄、经纪人和中介人的佣金以及成立的其他成本，但有限合伙应当承担的该等前期开支的总额不得超过总认缴出资额的 1%，在此前提下，由普通合伙人垫付的该等开支，有限合伙应在成立后全额支付给普通合伙人；有限合伙人应负责承担与有限合伙的运营、终止、解散、清算等相关的费用，包括但不限于：所有就投资项目的介绍、投资、持有、运营、出售而发生的法律、审计、评估及其他第三方费用，有限合伙年度财务报表的审计费、有限合伙之财务报表及报告费用、合伙人大会、投资决策委员会会议费用、基金管理费、政府部门对有限合伙收取的税项及其它费用、诉讼费和仲裁费、清算费等。

5.2    为避免疑问，有限合伙不对下列事项的支出负责：

普通合伙人自身运营的一般日常费用，包括向其员工支付的薪酬和奖励、租金和公共设施费用、电话、电报、海底电报、电信费用及其它类似费用、邮资和快递费用报刊订阅、办公用品和其它类似支出。

6    有限合伙账目和报告

账簿和记录

6.1    普通合伙人应在有限合伙的主要营业地或者其自己的主要营业地或者其任何关联方的主要营业地，以有限合伙的名义制备有限合伙的会计账簿和记录。收到合理的提前通知后，普通合伙人应允许任何合伙人及其代表在任何合理的时间，为审核之目的合理接触涉及其自身利益的账簿和记录。

年度账目的制备

6.2    除履行第 6.3 条的义务之外，普通合伙人还应按照中国通用的会计准则和实践操作方法（在缺乏明确规定或惯例时，普通合伙人有权根据真实公允原则自行确定账务处理），以中文制备有限合伙每一会计期间的财务报告。普通合伙人应促使审计师审计该等财务报告。普通合伙人应当及时向有限合伙人提供有限合伙年度财务报告的外部审计报告和中期（此处特指季度和半年度）未经审计的财务报告，并保证所有财务报告的合法性和公允性。

报告

6.3    普通合伙人应按以下时间，制备并向各有限合伙人发送包含下列内容的报告：

    (a)    自首次交割日起，在每季度的季度日后向全体合伙人发送季度报告，内容包括(i)上一季度有限合伙的未经审计的财务信息摘要；及(ii)上一季度收购/出售/处置的投资项目的总结性说明。尽管有前述规定，首份季度报告应是关于首次交割日至此后第二个季度日的报告；

    (b)    自首次交割日起，于第 6.2 条所述年度财务报告制备并发送同时，发送年度报告，内容包括上一年度收购/出售/处置的投资项目的总结性说明。

# 7    基金管理费

基金管理费的支付

7.1    在合伙期限内，有限合伙应承担按以下第 7.2 条计算的管理费（"基金管理费"）。基金管理费由有限合伙支付给普通合伙人，应当按年度预付，自首次交割日开始计算，直至下一日历年度相同日期的前一日为一个计费年度，并以此类推，如无相同日期的，则采用下一个日期。首期基金管理费应当在首次交割日之后 5 个工作日内支

付，其后每期应当在计费年度开始后 5 个工作日内支付。

基金管理费的计算

7.2　基金管理费自首次交割日开始计收，在基金存续期间内，以有限合伙的总认缴出资额为基数，每年计收 2%。

## 8　分配

投资收益

8.1　有限合伙的投资收益为有限合伙从处置投资资产所获得的收入扣除本协议所约定的有限合伙费用（包括管理人的管理费）及弥补有限合伙已处置项目的累计亏损（如有）后的余额。

分配时间

8.2　在存续期间内，本有限合伙应自各有限合伙人认缴的投资款项到账之日起每满 6 个月之日向该优先级有限合伙人或/及中间级有限合伙人分配一次按固定年化预期收益率计算的预期收益（如有限合伙无足够现金的，应由劣后级有限合伙人先行垫付，并于首个投资项目期限届满分配时返还给劣后级有限合伙人）。

优先级有限合伙人前端固定收益（Q）的计算公式为：Q = 优先级有限合伙人实缴资金 × 7.5% × 计息天数/365；

中间级有限合伙人前端固定收益（Q）的计算公式为：Q = 中间级有限合伙人实缴资金 × 7.2% × 计息天数/365。

其中，第一次计息天数为"有限合伙人实缴投资款项之日（含）起至本次实际支付前端固定收益之日（不含）"；后续该次计息天数为"上一次实际支付前端固定收益之日（含）至本次实际支付前端固定收益之日（不含）"。

8.3　于投资项目期限届满（包括提前到期或延期终止）、本有限合伙期限届满（包括提前到期或延期终止）之日向全部合伙人分配收益（包括预期固定收益或超额收益）。普通合伙人仅以届时本有限合伙现金类资产为限或按全体合伙人同意的其他方式进行分配。收益款于前述各分配日起 10 个工作日内由普通合伙人指令托管机构（若有）支付给各合伙人。

收益分配原则

8.4    各方同意，本有限合伙于存续期满投资收益实现后或存续期虽未满
但全部投资项目均提前退出实现收益后统一清算并结算；收益分配
前，若有应付未付的基金管理费的，则在优先级有限合伙人本金、
预期固定收益获得分配的基础上，优先向执行事务合伙人支付基金
管理费。

8.5    优先级有限合伙人的预期固定收益，指按 7.5%/年、按本协议第
8.2 款计算的预期固定收益。

8.6    超额收益（S0），指本协议第 8.1 款所定义的投资收益扣除优先级
有限合伙人实缴出资额及预期固定收益、中间级有限合伙人实缴出
资额及其按 7.2 %/年计算的预期固定收益（单利）、劣后级有限合
伙人实缴出资额之后的余额。

分配顺序

8.7    收益分配时，执行事务合伙人应以现金方式分配全部投资收益，全
体合伙人一致认为非现金方式分配更为合适的除外。投资收益应按
以下顺位进行分配（前一顺位未得到分配的，后顺位不予分配）：

(a)    归还优先级有限合伙人实缴出资额本金及应付未付的预期固
定收益；

(b)    归还劣后级有限合伙人为基金向优先级有限合伙人及/或中间
级有限合伙人垫付的预期固定收益款（如有）、劣后级有限
合伙人为基金向普通合伙人垫付的管理费（如有）；

(c)    归还中间级有限合伙人实缴出资额本金及其按 7.2%/年（单
利）计算的预期固定收益；

(d)    归还劣后级有限合伙人实缴出资额本金。

(e)    分配完前述款项后为超额收益 S0，分配原则如下：

(A)    分配中间级有限合伙人应得的超额收益，占超额收
益的 8 % 。

(B)    分配普通合伙人应得的超额收益，占超额收益的
20%。

(C)    分配劣后级有限合伙人应得的超额收益，占超额收
益的 72 % 。

劣后级有限合伙人差额补足义务及相关担保事项

8.8  若优先级有限合伙人按实缴出资额按单利计算的年化收益率低于
7.5%，或者中间级有限合伙人按实缴出资额按单利计算的年化收
益率低于 9%，则差额部分由劣后级有限合伙人补足。若优先级有
限合伙人或中间级有限合伙人分配收益不足各自实缴出资额的，则
差额部分由劣后级有限合伙人补足。

各方同意

(a) 在优先级有限合伙人实缴出资前，劣后级有限合伙人负责促使
北京鹏翼资产管理中心（有限合伙）将持有的乐视体育文化产业发
展（北京）有限公司不低于 10%的股权质押给优先级有限合伙人，
并办妥质押登记手续；

(b) 在优先级有限合伙人认缴的出资全部及/或按照普通合伙人要
求部分实缴且实缴金额不低于 20 亿元后的 30 个工作日内，劣后级
有限合伙人负责促使乐乐互动体育文化发展（北京）有限公司将其
持有的乐视体育文化产业发展（北京）有限公司届时不低于 5.04%
的股权质押给优先级有限合伙人并办妥质押登记手续（即共计办理
质押登记的股权不低于乐视体育文化产业发展（北京）有限公司届
时总股本的 15.04%）；并且劣后级有限合伙人、贾跃亭、贾跃民
均对优先级有限合伙人的优先份额本金及预期收益承担差额补足义
务；

(c) 基金运作期间，本有限合伙投资过程中取得的所有被投资公
司股权、合伙份额等，在法律允许且根据被投公司或企业相关投资
交易文件约定实际可行的前提下，均须在取得之日起 30 个工作日
内质押给优先级合伙人并办妥质押登记手续，并且劣后级有限合伙
人、贾跃亭、贾跃民均对优先级有限合伙人的优先份额本金及预期
收益承担差额补足义务；

各方进一步确认，若上述担保事项未能按照本合伙协议第 8.8 条约
定条件执行，优先级合伙人有权：(a) 宣布本有限合伙提前到期
终止。各方须按照本协议约定方式启动清算程序。优先级合伙人所
获分配资金少于实缴出资及本协议约定预期收益之和的（计算时须
扣除已分配部分），差额部分由劣后级有限合伙人补足；(b) 提
前退出有限合伙（受本协议 8.16 等条款限制）。优先级合伙人提
前退出后所获分配资金少于实缴出资及本协议约定预期收益之和的
（计算时须扣除已分配部分），差额部分由劣后级有限合伙人补足。

本协议所约定劣后级合伙人差额补足义务系劣后级合伙人真实、自

愿的意思表示，且须由劣后级合伙人以自身全部资产承担。同时贾跃亭、贾跃民作为差额补足义务人，各差额补足义务人承担连带义务，优先级合伙人有权要求任一义务人履行义务。

后续投资项目期满及有限合伙期满的分配原则

8.9　各方同意，本有限合伙首个投资项目期满并分配后，后续项目投资及其分配可按前述 8.7 款规定执行，或由各合伙人另行协商一致后执行。

有限合伙人的退出

8.10　优先级有限合伙人收回其实缴出资额并获得预期固定回报、按本协议约定的优先级超额收益（如有）后应退出有限合伙。

8.11　中间级有限合伙人收回其实缴出资额并获得预期固定回报、按本协议约定的中间级超额收益（如有）后应退出有限合伙。

非现金分配

8.12　在有限合伙存续期内，除另外有约定外，不以非现金方式进行分配。

8.13　设定的经营期限届满时仍有未变现资产，经合伙人大会同意后可适度延长经营期限以便于普通合伙人将有限合伙的资产变现并按照本协议约定的原则进行分配。

所得税

8.14　根据《合伙企业法》之规定，有限合伙并非所得税纳税主体，各合伙人为所得税纳税义务人，合伙人是自然人的，除非法律规另有规定，有限合伙将以"代扣代缴"方式为其缴纳个人所得税。合伙人是法人或其他组织的，其企业所得税按照有关政策执行。

转让和退伙

普通合伙人的转让和退伙

8.15　未经合伙人特别许可，普通合伙人不得转让、质押、设置权利负担或者以其他方式处置其权益，但向普通合伙人的关联方进行该等处

置除外（在转让的情形下，该等受让人或关联方应代替转让人成为普通合伙人，应受本协议所有规定的约束，承担普通合伙人的义务）。除本协议另有规定外，未经合伙人特别许可，普通合伙人不得主动退伙。

有限合伙人的转让

8.16 任何转让、质押、设置权利负担或者以其他方式处置任何有限合伙人权益的行为，无论是直接的或者间接的，主动的或者非主动的（包括但不限于，向关联方进行该等处置），应当提前书面告知普通合伙人，并经普通合伙人事先书面同意，普通合伙人及基金管理人可以凭其单独判断，根据任何原因，决定同意或不同意。但对于以下转让，普通合伙人不得不合理地拒绝同意：

(a)    转让给现有有限合伙人的关联方，但是如果转让是一系列转让的一部分，且该系列转让将导致最终受让人不再是原转让人的关联方，则该等转让除外；或

(b)    根据法律法规的强制性要求，有限合伙人必须转让的情形。

继任合伙人的地位

8.17 各继任合伙人应受本协议所有规定的约束，且普通合伙人应要求（且转让合伙人应采取所有必要措施确保）提议的继任合伙人以普通合伙人要求的书面形式确认，其同意受本协议所有规定的约束并成为有限合伙人，其承担全部或者部分（如果仅是部分继任）转让方的义务，且继任合伙人应承诺补偿有限合伙、普通合伙人与该等转让相关的任何债务、义务、法律费用和税项。

违反本条规定的权益转让

8.18 违反本协议规定的权益转让无效，且在涉及有限合伙的出资、出资通知以及分配等事宜时，不得认可该等违反本条规定的权益转让。

无优先购买权

8.19 所有合伙人同意，就上述权益转让，其不享有优先购买权。

有限合伙人退伙

8.20 除非(i)作为有限合伙人的自然人死亡或者被依法宣告死亡；(ii)作为有限合伙人的法人或者其他组织依法被吊销营业执照、责令关闭、

撤销或者被宣告破产；(iii)有限合伙人在有限合伙中的全部财产份额被人民法院强制执行，且上述情形根据届时的合伙企业法构成当然退伙的事由；(iv)有限合伙人因违约而被视为退伙；(v)有限合伙人根据第 8.16 条转让全部权益，否则有限合伙人无权退伙。在法律允许的范围内，第(i)至(iii)项下的退伙应按照如下程序进行：

(a)    当存在承受人或受让人时，经普通合伙人同意，按照第 8.16 至第 8.18 条的规定，该有限合伙人的权益转让至承受人或受让人名下，承受人或受让人取得该有限合伙人在有限合伙中的资格。若普通合伙人未给予同意，或者承受人不愿意成为有限合伙的有限合伙人的，则进入以下(b)项的程序；

(b)    退伙人和/或其承受人应当尽最大努力，配合普通合伙人寻求将所涉权益按照第 8.16 至第 8.18 条的规定转让给第三方；

(c)    若在退伙事由发生之日起 90 个工作日内或普通合伙人同意的更短期限内，未能就上述转让签署最终协议，则于期限届满之日开始适用本 8.20 条，普通合伙人应当促使退伙所涉权益价值的计算工作立即启动，基准日即上述期限届满之日，有限合伙应当按如下规定向退伙人或其承受人支付退伙所涉权益的权益价值，该等款项构成就退伙需向退伙人支付的全部款项，退伙人不再享有合伙中的其他权益，并应当尽快办理退伙手续。在确定权益价值且退伙手续完成后 90 日内，且在不影响有限合伙原有的投资、退出安排及其他经营活动的情况下，有限合伙应当以现金和/或实物形式尽快向退伙人支付其权益价值。尽管有上述规定，在有限合伙持有的可用于支付的现金（需充分考虑有限合伙到期或预期的义务、责任或或有费用，包括但不限于基金管理费）和实物不足以支付上述权益价值时，或者普通合伙人认为进行支付不符合有限合伙的最大利益时，普通合伙人有权决定推迟上述支付，但有限合伙应当向退伙人签发具有法律约束力的计息债权凭证（利率按同期人民币存款基准利率计），期限与有限合伙的期限相同，可在处置投资项目而回收现金时提前偿还。

有限合伙人和普通合伙人相互转变程序

8.21    除本协议另有约定外，普通合伙人转变为有限合伙人，或者有限合伙人转变为普通合伙人，应当经全体合伙人一致同意。有限合伙人转变为普通合伙人的，对其作为有限合伙人期间本有限合伙发生的债务承担无限连带责任；普通合伙人转变为有限合伙人的，对其作为普通合伙人期间本有限合伙发生的债务承担无限连带责任。但该等转变不得导致本有限合伙的解散或其他严重影响本有限合伙的情况发生。

**9    合伙人大会**

会议

9.1    普通合伙人可召集年度合伙人大会，并可在其认为适当时，召集临时合伙人大会，在任何情况下，均应至少提前 15 日发出书面通知。持有总认缴出资额 50%或以上的任何合伙人可以通过书面通知（附带议程），要求普通合伙人召集合伙人大会，普通合伙人应在该通知之日后不迟于 30 日发出书面通知召集该等大会。

法定人数

9.2    出席的合伙人达到法定人数，合伙人大会方可有效召开。除本协议中另有规定，持有总认缴出资额 75%或以上的合伙人亲自/通过代理出席即达到法定人数，若未达到法定人数，就相同议事项普通合伙人有权在 30 日内再次发出书面通知召集大会，就该等再次召开的大会，持有总认缴出资额 50%或以上的合伙人亲自/通过代理出席即达到法定人数。合伙人大会可以采用现场会议、电话（电视电话）会议等形式进行，但前提是采用该等形式应在技术上保证参会合伙人可以听到其他合伙人的发言并且其发言可被其他合伙人听到。未采取会议形式但以通讯书面形式由合伙人书面签署所作出的决议，应当作为有效决议。

主席

9.3    普通合伙人的指定代表应以合伙人大会主席的身份主持每次会议。

权限

9.4    合伙人大会对本协议明确规定需合伙人普通许可、合伙人特别许可、其他特定比例的合伙人同意或全体合伙人同意的事项（但未经召开合伙人大会而取得的合伙人普通许可、合伙人特别许可、其他特定比例的合伙人同意或全体合伙人同意同样有效），以及普通合伙人合理认为需提交合伙人大会审议的事项（该等事项也可在未经召开合伙人大会而取得合伙人普通许可的情况下通过）进行表决。

投票

9.5    若根据本协议规定，某项议案需要合伙人特别许可、全体合伙人同意或其他条件的批准，则应当根据该等规定批准该等议案。除此之外，在任何合伙人大会上提交表决的议案，经合伙人普通许可即可有效通过。

**10    终止和清算**

终止

10.1    在第 2.5 条规定的合伙期限届满之时，或者发生下列任何事件之时
（若早于上述日期），有限合伙应当终止：

    (a)    普通合伙人破产、解散、清算、被吊销营业执照、被免除普
通合伙人身份（第 8.15 条规定的转让导致的除外）；

    (b)    全体合伙人同意终止；

    (c)    第 8.15 条规定的普通合伙人的主动退伙（根据第 10.2 条已
选出新的普通合伙人的情况除外）；

    (d)    本有限合伙之合伙人数量已不具备法律规定的最低人数满三
十天；

    (e)    根据本协议，有限合伙不再进行任何投资，且所有投资项目
已经处置完毕；

    (f)    有限合伙被吊销营业执照、责令永久关闭或被永久撤销；

    (g)    本协议约定的其他解散事由。

持续经营

10.2    尽管有第 10.1 条的规定，在出现 10.1(a)和 10.1(c)的情形时，经全
体非关联有限合伙人一致书面同意后，可以选择继续经营有限合伙
并选出一名新的普通合伙人，该等书面同意必须在所有合伙人被告
知终止事件后 30 日内获得，在此情形下，现有普通合伙人退伙或
转为有限合伙人，但上述安排的前提是，普通合伙人及基金管理人
已经收到了其根据本协议及管理协议应当收到的全部款项。

清算

10.3    除本协议另有规定外，合伙人无权获得出资返还，除非有限合伙终
止或清算。

10.4    普通合伙人不对任何其他合伙人的出资返还负责。

10.5    一旦有限合伙应当终止，则不得再开展任何业务，但对于合伙事务

的有序清理、合伙资产的保护和实现、合伙资产在合伙人间的分配
所必需的活动除外。普通合伙人应担任清算人,各方在此同意由普
通合伙人担任清算人,并承诺届时将采取一切必要的行动(包括但
不限于签署书面同意)使得普通合伙人担任清算人,如任一方因任
何原因导致不能及时签署书面同意,并不影响普通合伙人根据本合
同担任清算人的法律效力。清算人担任该职务有权收取报酬,该等
报酬需获合伙人普通许可。

10.6   清算人应执行合伙企业法规定的事务,并促使有限合伙在合伙资产
的范围内,支付有限合伙的所有债务、义务和责任以及清算的所有
费用,并为任何当前或将来预期的债务或或有费用储备充足的准备
金。尽管普通合伙人应尽其商业上合理的努力在合伙期限届满前处
置非现金形式的合伙资产,但在清算时仍可能有非现金形式的合伙
资产,清算人应被授权根据其认为可获得的最佳条件出售该等合伙
资产,或者可以按公平市场价值以实物形式分配该等合伙资产,但
前提是,其首先已经尽其合力努力出售该等合伙资产。任何投资项
目及其他合伙资产实现的收入、任何以实物形式分配的资产以及其
他资产若可以分配给合伙人,则应根据本协议规定的顺序在合伙人
之间分配。

10.7   清算结束后,清算人应当编制清算报告,经全体合伙人签字、盖章
后,在 15 日内向企业登记机关报送清算报告,申请办理有限合伙
注销登记。全体合伙人在此承诺将积极配合清算人采取一切行为完
成清算与注销,不得无理拒绝签署清算报告或任何其他注销文件。
如清算人要求合伙人配合签署清算报告或其他相关清算、注销等文
件,合伙人应在收到清算人以书面方式发出相关要求之后 15 日内
配合签署或以书面方式提出异议,逾期将视为同意该等文件的内容
并授权普通合伙人代为签署。

## 11   责任和赔偿的限制

### 责任的限制

11.1   受保障方不应就以下损失对有限合伙或合伙人承担任何责任:根据
本协议/关于有限合伙的任何管理协议或其他协议提供的服务所产生
的任何损失,作为提名董事/咨询委员会成员提供的服务所产生的任
何损失,有限合伙的运营、业务或活动所产生的任何损失,但该等
受保障方对有限合伙欺诈或故意做出不当行为造成该等损失的情形
除外。

### 赔偿

11.2 有限合伙同意，对于受保障方因以下情形而产生的或者可能产生的任何和所有责任、诉讼、程序、权利主张、成本、要求、损害和费用（包括律师费），有限合伙以合伙资产赔偿受保障方并使其免受损害：受保障方担任或曾担任有限合伙的普通合伙人，或受保障方行使其普通合伙人或管理人的职权，或向有限合伙提供服务，或者提供有关有限合伙的服务，或者根据关于有限合伙的任何管理协议或其他协议提供服务，或者作为提名董事或咨询委员会成员提供服务，或有限合伙的运营、业务或活动，但是，如果就该等情形该等受保障方对有限合伙欺诈或故意做出不当行为，受保障方不得获得赔偿。

继续有效

11.3 为避免疑义，即使受保障方停止担任普通合伙人，或者不再履行第11.2 条中规定的任何职责，第 11.2 条规定的赔偿应继续有效。

代理人

11.4 普通合伙人不就普通合伙人或有限合伙的任何代理人的过失、欺诈或故意不当行为向任何有限合伙人或有限合伙承担责任，但前提是，该等代理人是经普通合伙人（视情况而定）合理谨慎选任、聘用的。

12 保密

保密信息

12.1 有限合伙人不得，且各有限合伙人应尽所有合理努力确保该有限合伙人的关联方不得，在未经普通合伙人事先书面同意的情况下，向任何人、公司或企业披露其获悉的关于有限合伙、普通合伙人、或被投资公司或投资项目，或拟议中的投资的任何保密信息，或者以损害有限合伙或任何合伙人的利益的方式使用该等保密信息（用于向违反本协议下义务和职责的当事方提起权利主张的除外），但是，对各合伙人而言，上述义务不得适用于下列信息：

    (a) 从基金管理人或普通合伙人处收到该等信息之前，已由该等合伙人占有的信息；

    (b) 并非由于该等合伙人违反保密义务而为公众所知的信息；或者

    (c) 合理行事的普通合伙人认为，为使有限合伙能够进行某投资项目，必需披露相关信息。

12.2    各有限合伙人承认：

    (a)    除非另有说明，否则由基金管理人或普通合伙人向其提供的关于有限合伙、普通合伙人、任何被投资公司、投资项目或拟议中投资的所有信息属于保密信息，披露该等信息可能对有限合伙、普通合伙人、任何被投资公司或拟被投资公司有损害；

    (b)    除非另有说明，否则基金管理人或普通合伙人向其提供的关于任何被投资公司或投资项目或拟议中的投资的所有信息，均属于商业敏感信息，披露该等信息可能对有限合伙、普通合伙人或任何被投资公司或拟被投资公司有损害。

保密的例外情形

12.3    尽管有第 12.1 条的规定，合伙人有权将其获得的关于有限合伙的业务或事务的保密信息作如下披露：

    (a)    向其股东披露；

    (b)    向其善意的专业顾问和审计师披露；

    (c)    如果法律、法院、任何相关证券交易所的规章或任何有管辖权的其他监管机构特别要求披露，在获悉披露要求后，该合伙人应立即通知普通合伙人。具有信息披露义务的各合伙人应当尽所有合理努力，根据相关法律法规或政策，始终寻求避免满足该等披露要求或尽量缩小披露的范围；

    (d)    普通合伙人另行书面同意，

但前提是，在上述第(a)和(b)款的情况下，仅当信息接收方受到关于该等信息的同等保密义务的约束并承诺不再继续披露该等信息，方可允许该等披露。各合伙人在此向普通合伙人保证，该等信息的接收方会遵守该等承诺。

拒绝提供信息

12.4    尽管本协议有任何其他规定或者法律有任何其他规定，在下列情况下，就该等有限合伙人根据本协议或其他规定有权收到或获取的任何信息，普通合伙人有权不予提供：

    (a)    有限合伙、普通合伙人根据法律法规的要求或与第三方的协

议，应当为该等信息保密；

(b)  普通合伙人依诚信认为，向该等有限合伙人披露该等信息不符合有限合伙的最大利益，或者可能损害有限合伙、任何被投资公司或有限合伙业务（包括但不限于，普通合伙人认为，该等有限合伙人会披露或可能披露该等信息，且该等有限合伙人的披露行为或可能的披露不符合有限合伙的最大利益或者可能损害有限合伙、任何被投资公司或有限合伙业务）；

(c)  普通合伙人依诚信认为，可以合理预见，由于该合伙人根据相关法律法规的要求，该等信息会被该等合伙人披露，且该等信息的披露不符合有限合伙的最大利益，或者可能损害有限合伙、任何被投资公司或有限合伙业务。

如果普通合伙人根据本条规定，选择不向任何有限合伙人提供任何信息，则普通合伙人有权改为选择在其办公场所（或者普通合伙人可能确定的其他场所）提供该等信息供审核。

13  有限合伙人的陈述和保证

有限合伙人陈述并保证：

(a)  其已经仔细阅读合伙协议，并仅依赖于合伙协议中包含的信息，而不依赖于有限合伙、基金管理人、普通合伙人、任何私募代理人或前述各项的任何合伙人、管理人员、董事、雇员、成员或关联方作出的关于发售有限合伙中权益的任何其他口头或书面声明；

(b)  其有机会提出关于有限合伙经营的业务方面、有限合伙的财务状况和资本方面、发售的条款和条件方面以及与投资有限合伙有关的其他事项的问题并获得答复，以便其评估投资有限合伙的价值和风险；

(c)  其已经就与本投资相关的税收、法律、监管、货币和其他经济因素方面的事项进行了独立的专业咨询，且其未曾请求也未曾收到基金管理人、普通合伙人、有限合伙或任何发行代理就该等事项提供的建议；

(d)  其拥有财务和商务方面的知识和经验，能够评估投资有限合伙的价值；

(e)  其意识到投资有限合伙有重大风险，并可能导致损失所有投资额，且其已经确定有限合伙中的权益对其而言是适合的投资；

(f)　其资金来源合法，拥有的财务能力能够承受其对有限合伙中权益的投资产生的经济风险，其有充分方法满足其当前需求和或有费用，并无需有限合伙中的权益具有流动性；

(g)　其具有必要的资格，以成为有限合伙人并签订合伙协议，履行其在合伙协议项下的义务，且代表有限合伙人签署并交付本合伙协议的人员已经由有限合伙人适当授权如此行事；

(h)　有限合伙人签署并交付本协议，履行其在合伙协议项下的义务、完成合伙协议预期的交易不会违反有限合伙人应当遵守的任何法律或规章，且不会与对有限合伙人有或可能有约束力的任何协议、文件或义务或者有限合伙人的任何管辖文件的任何规定冲突、导致违反上述内容或者构成在上述内容项下的违约；

(i)　有限合伙人及其代表向基金管理人或普通合伙人提供的所有信息是真实、正确和完整的，且有限合伙人承认，基金管理人和普通合伙人已经并将会信赖该等信息，且其他有限合伙人也可能信赖该等信息。

## 14　有限合伙人信息提供

有限合伙人应向普通合伙人提供普通合伙人可能不时合理要求的有关有限合伙人身份、公民身份、住所、所有权、税务状况、业务和控制权的信息，以便普通合伙人能够评估并遵守普通合伙人、有限合伙、合伙人或有限合伙的任何投资项目或提议的投资项目所适用的法律、规定或税务要求（包括任何反洗钱和了解客户义务）。对于有限合伙人提供的属于保密性质的信息，普通合伙人应予以保密，不得向任何第三方（普通合伙人或有限合伙的专业顾问及基金管理人除外）进行披露，除非：

(a)　应普通合伙人、有限合伙或任何被投资公司适用的法律法规要求，或对普通合伙人、有限合伙或任何被投资公司有管辖权的任何法庭或政府、监管或税务机构要求；

(b)　系为遵守普通合伙人、有限合伙或任何被投资公司适用的税务披露义务，或为自相关税务机关获得任何完税凭证而必须进行的披露；

(c)　普通合伙人认为披露符合有限合伙或合伙人利益。

## 15　无需进一步同意

15.1 为避免疑义，就本协议规定可由普通合伙人决定的事项，在普通合伙人作出决定后，无须取得有限合伙人的进一步同意或批准（除非法律另有强制性要求且明确不允许在本协议中另行约定）。

15.2 就上述事项相应的变更登记，在遵守本协议的前提下发生的其他变更事项所需的相应变更登记，以及清算、注销等事宜，由普通合伙人办理一切相关事宜。就变更决定书等一切法律或行政法规未禁止约定可以由普通合伙人签署的文件，在此均授权并且确认仅需普通合伙人签署，有限合伙人有义务积极配合并采取一切必要的行动，签署一切必要的文件（如需，包括但不限于关于认缴或实际缴付出资的确认书），以完成相关工商登记手续。

15.3 全体有限合伙人在此向普通合伙人进行一项关于签署本协议修订版、简版协议以及签署有限合伙之企业登记/变更登记文件的不可撤销的特别授权。全体有限合伙人均同意，对于本协议规定普通合伙人有权单独决定的本协议内容修订，或普通合伙人拥有单方决定权之事项相关的有限合伙的企业登记/变更登记文件及其他文件，普通合伙人可直接代表所有有限合伙人签署；对于本协议规定在取得相关许可或同意后方可进行的本协议内容修订，以及需取得相关许可或同意的其他事项相关的有限合伙的企业登记/变更登记文件及其他文件，取得该等许可或同意后，普通合伙人即可代表所有有限合伙人签署。

16  本合同的变更

经同意变更本合同

16.1 本协议仅可根据第 16.2 条修订，或者经普通合伙人的书面同意以及合伙人做出的合伙人特别许可修订，但是，未经在修订中将受到不利影响的所有合伙人的同意，不得做出下列修订（根据第 16.2 条的除外）：

　　(a)　修订将为任何合伙人设置任何义务，使其有义务向有限合伙做出任何进一步支付，从而使支付金额超过该合伙人的认缴出资额；

　　(b)　修订将增加某个或某些有限合伙人的责任或义务，或者减少某个或某些有限合伙人的权利或保护，且增加或减少的情况与本协议项下的其他有限合伙人不同；

　　(c)　修订将改变任何有限合伙人的有限责任；

此外，未经所有合伙人一致同意，不得修订本第 16.1 条。

普通合伙人修订本合同

16.2 尽管有第 16.1 条的规定，未经其他有限合伙人同意，普通合伙人可以为以下目的修订本协议并做出相关决议：

(a) 变更有限合伙的名称、主要经营场所；

(b) 阐明任何模糊规定，或者更正或补充本协议任何不完整的规定或与本协议任何其他条款不一致的规定，或者更正任何打印或手写错误或忽略之处，但是，该等修订不得在任何重大方面对任何有限合伙人的利益造成不利影响；或者

(c) 因接纳新加入合伙人做出的必要修订；

(d) 因根据第 2.2 条变更有限合伙经营范围而做出的必要修改；

(e) 因根据第 8.16 进行的权益转让及因此导致的新有限合伙人的入伙而做出的必要修改；

(f) 因根据第 8.20 条有限合伙人退伙而做出的必要修改；

(g) 其他本协议规定可由普通合伙人决定的事项所导致的必要修改。

17 通知

17.1 除非另有明确规定，否则本协议项下的任何通知必须以书面形式（包括通过传真或电子邮件传输的文本）做出，并可以通过以下任一方式发送：

(a) 专人送交；

(b) 特快专递或挂号信；

(c) 传真；或者

(d) 电子邮件，

发送至附件列出的地址或号码（视情况而定）和联系人，或者发送至通知的其他地址或号码或联系人。为本协议之目的，关于该等地址或号码或联系人的变更，如果是有限合伙人信息变更，由该有限

合伙人通知普通合伙人；如果普通合伙人信息变更，则可以由普通合伙人通知所有有限合伙人。新地址或新号码应当自通知根据第17 条的规定被视为送达之日起取代之前的地址或号码。

17.2 根据第 17.1 条发送的任何通知在以下情况下视为送达：

    (a)    如果亲自递送，在交付之时；

    (b)    如果通过特快专递或挂号信的形式发送，在投邮日后第二个完整工作日的上午 9:30；

    (c)    如果通过传真或电子邮件发送，在发送人传输时。

## 18  登记事宜

各方同意，本协议生效后，由普通合伙人负责办理变更相关的一切手续，各方应积极配合，签署一切必要的文件，采取一切必要的行动，包括但不限于签署简版协议以及其他申请文件，以实现本有限合伙的变更登记。若该等文件与本协议之间有任何冲突或矛盾，应以本协议为准。若本协议生效之日起满 6 个月,本有限合伙经变更的营业执照仍未被签发，则普通合伙人有权以书面通知有限合伙人的方式终止本协议。

## 19  一般条款

审计师

19.1 普通合伙人应当委任其根据判断认为合适的注册会计师事务所担任有限合伙的审计师。审计师可以辞职，普通合伙人也可以在任何时间将审计师免职或更换，但普通合伙人应及时向说全体合伙人说明情况。

协议约束继承人和受让人

19.2 除本协议另有其他规定，本协议应对本协议各当事方的继承人、接任人和受让人具有约束力。

签署副本

19.3 本协议可以签署任何数量的副本，每一副本应构成一份原件，且所有副本共同构成同一协议。

管辖法律和司法辖区

19.4  本协议适用中国法律。因本协议引起的或与本协议有关的任何争议，均应提交中国国际经济贸易仲裁委员会北京分会仲裁。仲裁庭由三名仲裁员组成。仲裁裁决是终局的，对各方均有约束力。除非仲裁庭另有裁定，仲裁费用由败诉一方承担。

可分性

19.5  如果本协议任何条款或规定在任何司法辖区被视为无效或非法，则该等条款或规定应仅在该等无效或不可执行的范围内无效。本协议其余部分不得因此受到影响，且应当仍旧完全有效，且任何条款在任何司法辖区的该等无效或不可执行不得使该等条款在任何其他司法辖区内无效或不可执行。此外，如果本协议任何条款被视为无效或不可执行，但若将其部分删除则变为有效或可执行，则该等条款应在最小范围内做出必要的修改以便使其有效并可执行。

弃权

19.6  任何合伙人未行使或延迟行使本协议项下的任何权利、权力或特权的行为不得被视为是对上述权利、权力或特权的弃权，且任何单独地或部分地行使任何权利、权力或特权的行为不得排除对上述权利、权力或特权的任何其他的或进一步的行使或对任何其他权利、权力或特权的行使。本协议规定的权利和救济是累积的，不排除法律规定的任何其他权利和救济。

抵销或扣减

19.7  当任何有限合伙人在本协议项下欠有限合伙或普通合伙人任何款项，或对有限合伙或普通合伙人产生任何负债，普通合伙人有权决定以该等负债抵销在本协议下对该有限合伙人或其承受人应付的任何款项，或从应付款项中扣减相应金额支付给债权人。

19.8  普通合伙人根据本条规定行使抵销或扣减权的任何行为不得损害基金管理人、普通合伙人或有限合伙在本协议或其他文件项下可获得的任何其他权利或救济。

最终文本

19.9  各方同意并确认，各方签署的简版协议并不视为对本协议的任何替代或变更。若简版协议与本协议之间有任何冲突或矛盾，应以本协议为准。各方进一步承诺根据简版协议的修订条款，及时对简版协议做任何必要修订，以消除该冲突，确保简版协议的内容与本协议在所有重大方面保持一致。

生效

**19**.10 本协议于签署之日起生效。





本协议由各方适当授权的代表在本协议首页所载日期签订。

**普通合伙人:**

乐投投资管理（宁波）有限公司（公章）

法定代表人或授权代表签字或签章：_____

姓名：

职务：

**有限合伙人:**

劣后级：乐视控股（北京）有限公司（公章）

法定代表人或授权代表签字或签章：_____

姓名：

职务：

中间级：临汾市投资集团有限公司（公章）

法定代表人或授权代表签字或签章：_____

姓名：

职务：

优先级：深圳英大资本管理有限公司（公章）

法定代表人或授权代表签字或签章：_____

姓名：

职务：

附件《有限合伙人名册》



## 有限合伙人名册

| 编号 | 类型 | 姓名或名称 | 证件及编号 | 住所地址 | 认缴出资额（万元） | 认缴比例 |
|---|---|---|---|---|---|---|
| 1 | 劣后级有限合伙人 | 乐视控股（北京）有限公司 | 营业执照 110105014249493 | 北京市朝阳区姚家园路 105 号乐视大厦 16 层 | 50000 | 14.27% |
| 2 | 中间级有限合伙人 | 临汾市投资集团有限公司 | 营业执照 1410000000105 | 山西省临汾市解放西路市府街 14 号市财政局 B 楼 | 100000 | 28.53% |
| 3 | 优先级有限合伙人 | 深圳英大资本管理有限公司 | 营业执照 440301113920785 | 深圳市前海深港合作区前湾一路 1 号 A 栋 201 室（入驻深圳市前海商务秘书有限公司） | 200000 | 57.06% |
| | 合计 | | | | 350000 | 99.86% |



## 收益补足协议

编号：

本收益补足协议（以下简称"**本协议**"）由以下双方于 __2016__ 年_____月_____
日于 _北京_ 签署：

**甲方：深圳英大资本管理有限公司（代表"英大资本平安乐视 1 号专项资产管理计划"及"英大资本平安乐视 2 号专项资产管理计划"）**

**住所：深圳市前海深港合作区前湾一路 1 号 A 栋 201 室（入驻深圳市前海商务秘书有限公司）**

**法定代表人：张传良**

**联系人：_____**



**乙方：贾跃亭**

**地址：北京市朝阳区姚家园路 105 号 3 号楼 10 层 1102**

**法定代表人： ／**

**联系人：／**

甲方、乙方以下合称为"**双方**"，单独称为"**一方**"。

鉴于：

1. 甲方为宁波杭州湾新区乐然投资管理合伙企业（有限合伙）（以下简称"合伙企业"）的优先级有限合伙人。根据甲方和其他相关合伙人签署的《宁波杭州湾新区乐然投资管理合伙企业（有限合伙）合伙协议》以及相关补充协议（以下合称"《合伙协议》"），甲方从合伙企业获得分配的预期年收益率为 7.5%。

1

2. 为确保甲方获得足额收益，乙方愿意根据本协议约定向甲方承担收益补足义务。

就收益补足事宜，双方经友好协商，依据《中华人民共和国合同法》及其他有关法律，一致同意订立本协议，以资共同遵守。

1. 根据《合伙协议》，甲方从合伙企业获得的预期年化收益率为 7.5%。乙方承诺，乙方将确保甲方在合伙企业实际获得甲方对合伙企业实缴出资额（"**甲方实缴出资额**"）按照该等预期年收益率计算的收益（"**预期收益**"）并按时收回全部实缴出资额，若因相关障碍，项目无法退出、无法按期退出或全额退出，则乙方地对优先级份额的实缴出资额及预期收益承担差额补足义务（"**收益补足义务**"）：

   (1) 如根据合伙企业的实际运营情况，合伙企业根据《合伙协议》的约定在任一收益分配日向甲方所分配的实际收益大于或等于甲方实缴出资额按 7.5%的预期年化收益率计算的金额，则乙方无须承担收益补足义务；

   (2) 如根据合伙企业的实际运营情况，合伙企业根据《合伙协议》在任一收益分配日向甲方所分配的实际收益少于甲方实缴出资额按 7.5%的预期年化收益率计算的金额，或者发生甲方无法从合伙企业收回实缴出资额的情况时，乙方应向甲方承担收益补足义务，在此情况下，乙方应于该任一收益分配日的当日，向甲方支付一笔补足资金（补足资金的计算方式见本协议第 2 条的约定），以确保甲方从合伙企业实际获得收益的年化收益率为 7.5%或根据合伙协议约定从合伙企业退出时足额收回实缴出资额（视届时具体情形而定）。

2. 乙方根据本协议应向甲方支付的补足收益的计算方式如下，乙方应将根据以下计算方式计算的补足收益于《合伙协议》项下相应收益分配日的当日支付至甲方届时指定的银行账户。

   (1) 若发生合伙企业无法按照《合伙协议》向甲方分配收益时，应提前五个工作日书面告知乙方应付的收益差额及支付时间。乙方应向甲方支付的补足收益 =（甲方实缴出资额×7.5%×甲方实际交付出资当日至本次收益分配日当日的天数÷365— 合伙企业于截至该收益分配日已经实际向甲方分配的收益。若甲方实缴出资额在前述计算期限内发生变动的，应按照当期收益分配时间段内的实际出资额分段计算收益。

   (2) 若发生合伙企业无法按照《合伙协议》向甲方分配实缴出资额本金时，

2

乙方应甲方要求实缴出资之日起每个收益分配日应向甲方分配的实缴出资额本金金额－ 合伙企业于截至该收益分配日已经实际向甲方分配的实缴出资额本金金额。

3. 甲方同意，在乙方根据本协议的约定向甲方承担收益补足义务以后，合伙企业又根据《合伙协议》的约定向甲方分配收益的，该等收益在乙方已经承担的收益补足的金额范围内应归属于乙方，合伙企业应将该延迟支付的收益金额直接向乙方支付。合伙企业按照本条款约定向乙方支付该等收益金额后，视为已按照《合伙协议》完全履行向甲方的收益分配义务。

4. 乙方确认，乙方在本协议项下所做出的承诺是不可撤销的，甲方系依赖于乙方在本协议项下的承诺而加入合伙企业，该等信赖是甲方加入合伙企业的根本原因。

5. 如乙方未按本协议约定及时、足额承担收益补足义务的，除应继续补足外，还应连带向甲方支付如下违约金：应付未付金额×0.05%×迟延天数÷365。

6. 乙方承诺，在甲方认缴的出资全部及/或按照普通合伙人要求部分实缴的 30 个工作日内，质押其名下公司乐乐互动体育文化发展（北京）有限公司所持有的乐视体育文化产业发展（北京）有限公司不低于 5.04%的股权给甲方作为担保；

7. 双方与本协议有关的争议，双方应友好协商解决，若协商无法解决的，任何一方均可将争议提交中国国际经济贸易仲裁委员会，根据该委员会届时有效的仲裁规则在北京仲裁，仲裁语言为中文。仲裁裁决应是终局的，对双方均有约束力。

8. 本协议经甲方法定代表人或授权代表签字或签章并加盖公章且乙方签字后生效，对双方具有法律约束力。

9. 本协议一式肆份，双方各执贰份，每一份具有同等法律效力。

（本页以下无正文）



（本页无正文，为《收益补足协议》的签署页）

兹此为证，双方于本协议文首所载之日期和地点适当签署了本协议，以资共同遵守。

**甲方：深圳英大资本管理有限公司（代表"英大资本平安乐视 1 号专项资产管理计划"及"英大资本平安乐视 2 号专项资产管理计划"）（盖章）**

法定代表人或授权代表（签字或签章）：

**乙方：贾跃亭**

签字：

4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA  90067

A true and correct copy of the foregoing document entitled: **NOTICE OF OBJECTION TO CLAIM** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **April 2, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (*date*) **April 2, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**VIA U.S. MAIL**
United States Bankruptcy Court
Central District of California
Attn: Hon. Vincent Zurzolo
Edward R. Roybal Federal Bldg./Courthouse
255 East Temple Street, Suite 1360
Los Angeles, CA  90012

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| April 2, 2020 | Nancy H. Brown | */s/ Nancy H. Brown* |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                         Page 2                        **F 3007-1.1.NOTICE.OBJ.CLAIM**
DOCS_LA:328767.1 46353/002

**SERVICE INFORMATION FOR CASE NO. 2:19-bk-24804-VZ**

## 1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)

- Jerrold L Bregman      ecf@bg.law, jbregman@bg.law
- Jeffrey W Dulberg      jdulberg@pszjlaw.com
- Lei Lei Wang Ekvall      lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Stephen D Finestone      sfinestone@fhlawllp.com
- Richard H Golubow      rgolubow@wghlawyers.com, pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
- Alexandra N Krasovec      krasovec.alexandra@dorsey.com, claridge.vanessa@dorsey.com
- Ben H Logan      blogan@omm.com
- Robert S Marticello      Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- David W. Meadows      david@davidwmeadowslaw.com
- John A Moe      john.moe@dentons.com, glenda.spratt@dentons.com
- Kelly L Morrison      kelly.l.morrison@usdoj.gov
- Malhar S Pagay      mpagay@pszjlaw.com, bdassa@pszjlaw.com
- Christopher E Prince      cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- Victor A Sahn      vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com
- Randye B Soref      rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- Benjamin Taylor      btaylor@taylorlawfirmpc.com
- United States Trustee (LA)      ustpregion16.la.ecf@usdoj.gov
- Felix T Woo      fwoo@ftwlawgroup.com, admin@ftwlawgroup.com
- Claire K Wu      ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com
- Emily Young      pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
- David B Zolkin      dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 2    **F 3007-1.1.NOTICE.OBJ.CLAIM**
DOCS_LA:328767.1 46353/002