| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Richard M. Pachulski (CA Bar No. 90073)<br>Jeffrey W. Dulberg (CA Bar No. 181200)<br>Malhar S. Pagay (CA Bar No. 189289)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Boulevard, 13th Floor<br>Los Angeles, CA  90067<br>Telephone:  310/277-6910<br>Facsimile:  310/201-0760<br>Email: rpachulski@pszjlaw.com<br>       jdulberg@pszjlaw.com<br>       mpagay@pszjlaw.com<br><br>☒ *Attorney for:* Debtor | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| In re:<br><br>YUETING JIA,<br><br>                                Debtor(s). | CASE NO.: 2:19-bk-24804-VZ<br>CHAPTER: 11 |
|---|---|
| | ### NOTICE OF OBJECTION TO CLAIM<br><br>DATE:  May 7, 2020<br>TIME:   1:30 p.m.<br>COURTROOM: 1368<br>PLACE: 255 East Temple Street<br>           Los Angeles, CA  90012 |

1. TO *(specify claimant and claimant's counsel, if any)*:  O-Film Global (HK) Trading Limited and Robert Lin

2. NOTICE IS HEREBY GIVEN that the undersigned has filed an objection to your Proof of Claim (Claim Nos. 34 and 37) filed in the above referenced case. The Objection to Claim seeks to alter your rights by disallowing, reducing or modifying the claim based upon the grounds set forth in the objection, a copy of which is attached hereto and served herewith.

3. **Deadline for Opposition Papers**: You must file and serve a response to the Objection to Claim not later than 14 days prior to the hearing date set forth above.

   **IF YOU FAIL TO TIMELY RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.**

Date:   April 2, 2020

PACHULSKI STANG ZIEHL & JONES LLP
Printed name of law firm

*/s/ Malhar S. Pagay*
Signature

Date Notice Mailed:  April 2, 2020

Malhar S. Pagay
Printed name of attorney for objector

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                    Page 1                    **F 3007-1.1.NOTICE.OBJ.CLAIM**
DOCS_LA:328696.1 46353/002

1  Richard M. Pachulski (CA Bar No. 90073)
   Jeffrey W. Dulberg (CA Bar No. 181200)
2  Malhar S. Pagay (CA Bar No. 189289)
   PACHULSKI STANG ZIEHL & JONES LLP
3  10100 Santa Monica Blvd., 13th Floor
   Los Angeles, CA  90067
4  Telephone: 310/277-6910
   Facsimile: 310/201-0760
5  Email:   rpachulski@pszjlaw.com
            jdulberg@pszjlaw.com
6           mpagay@pszjlaw.com

7
   Attorneys for Debtor and Debtor in Possession
8

9              UNITED STATES BANKRUPTCY COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                  LOS ANGELES DIVISION

12 In re:                        Case No.: 2:19-bk-24804-VZ

13 YUETING JIA,[1]                Chapter 11

14                Debtor.         **DEBTOR'S NOTICE OF OMNIBUS
                                  OBJECTION AND OMNIBUS OBJECTION
15                                FOR AN ORDER DISALLOWING
                                  DUPLICATE CLAIMS; MEMORANDUM OF
16                                POINTS AND AUTHORITIES AND
                                  DECLARATION OF LUETIAN SUN IN
17                                SUPPORT THEREOF**

18                                **This Objection Affects The Following Claimants:**
19                                **Beijing Huaxing Mobile Asset Mgt Center, Claim 27**
                                  (Duplicate of Claim 20023)
20                                **Beijing Jiaxin Tengda Information Consulting Co.,
                                  Ltd., Scheduled Claim 220000060** (Duplicate of Claim
21                                20019)
                                  **China Soft Growing Invest Wuxi Partshp, Claim 61**
22                                (Duplicate of Claim 19)
                                  **Chongqing LeTV Commercial Factoring Co., Ltd.,
23                                Claims 21** and **24** (Duplicates of Claim 20015)
                                  **E-Town Intl Holding (HK) Co Ltd., Claim 16**
24                                (Duplicate of Claim 20017)
                                  **Honghu Da, Claim 6** (Duplicate of Claim 20008)
25                                **Huizhou Speed Secondcurve Management LP, Claim
                                  20002** (Duplicate of Claim 20001)
26                                **Jiangyin Hailan Invest. Holding Co. Ltd., Claim
                                  20009** (Duplicate of Claim 7)
27                                **Linfen Investment Group Co., Ltd., Scheduled Claim**

28

[1] The last four digits of the Debtor's federal tax identification number are 8972. The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**220000540** (Duplicate of Claim 30)
**Nanchang O-Film Photoelectric Technology Co., Ltd, Claim 38** (Duplicate of Claim 33)
**O-Film Global (HK) Trading Limited, Claim 34** (Duplicate of Claim 33)
**O-Film Global (HK) Trading Limited, Claim 37** (Duplicate of Claim 33)
**Pingan Bank Co Ltd Beijing Branch, Claim 20041** (Duplicate of Claim 20036)
**Shenzhen Yingda Capital Management Co., Scheduled Claim 220000860** (Duplicate of Claim 20034)
**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 42** (Duplicate of Claim 20027)
**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 43** (Duplicate of Claim 20029)
**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 44** (Duplicate of Claim 20030)
**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 45** (Duplicate of Claim 20031)
**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 46** (Duplicate of Claim 20032)
**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 47** (Duplicate of Claim 20039)
**Tianjin Yingxin Xinheng Investment Consulting Co., Ltd., Claim 28** (Duplicate of Claim 20020)
**Weihua Qiu, Scheduled, Claim 220000960** (Duplicate of Claim 12)
**Weihua Qiu, Claim 39** (Duplicate of Claim 12)
**Western Securities Co., Ltd., Claim 32** (Duplicate of Claim 20028)
**Wuxi Leyike Investment Enterprise, Claim 20025** (Duplicate of Claim 20007)
**Xizang Jinmeihua Investment Co., Ltd., Scheduled Claim 220001030** (Duplicate of Claim 29)

Date:       May 7, 2020
Time:       1:30 p.m.
Place:      Courtroom 1368
            Roybal Federal Building
            255 E. Temple Street
            Los Angeles, California 90012

Judge:      Hon. Vincent P. Zurzolo

**PLEASE TAKE NOTICE** that, on May 7, 2020, beginning at 1:30 p.m. (Pacific Time), or as soon thereafter as counsel may be heard before the Hon. Vincent P. Zurzolo, in Courtroom 1368 of the Edward R. Roybal Federal Building and Courthouse, located at 255 E. Temple Street, Los Angeles, California 90012, pursuant to the *Order (I) Approving the Fourth Amended Disclosure Statement; (II) Approving the Voting Procedures and Tabulation Procedures; (III) Setting the Date*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

*and Time for the Confirmation Hearing and Related Deadlines; (IV) Waiving Certain Local Rules and Procedures Related to the Timing and Approval of the Fourth Amended Disclosure Statement and Confirmation of the Third Amended Plan; and (V) Granting Related Relief* [Docket No. 485] (the "Disclosure Statement Order"), which provides, in pertinent part, that if the Debtor has served an objection or request for estimation as to a claim by April 2, 2020, such claim shall be temporarily disallowed for voting purposes only (and not for purposes of allowance or distribution), except to the extent and in the manner as may be set forth in such objection or as ordered by the Court before the voting deadline, i.e., April 30, 2020 at 4:00 p.m. (Beijing Time),[2] Yueting Jia (the "Debtor" or "YT"), debtor and debtor in possession herein, hereby objects to and moves to disallow (the "Objection") the claims (the "Duplicate Claims") listed below in the column entitled "Duplicate Claims to Be Disallowed" filed by the listed claimants (the "Claimants") on the grounds that the Duplicate Claims are identical to those claims listed in the column entitled "Surviving Claims." The Debtor requests that the Court take judicial notice of both the Duplicate Claims to Be Disallowed and the Surviving Claims, which are annexed as Exhibits 1-27 to the Request for Judicial Notice (the "RFJN"), filed concurrently herewith.

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Beijing Huaxing Mobile Asset Mgt Center | 27 | 20023 | Duplicate Claim | 1 |
| Beijing Jiaxin Tengda Information Consulting Co., Ltd. | 220000060 (scheduled claim) | 20019 | Creditor, Beijing Jiaxin Tengda Information Consulting Co., Ltd., also uses the name Jiaxindechuang BJ Tech Group Co Ltd. The Debtor scheduled Beijing Jixain Tengda Information Consulting Co., Ltd. in the amount of $1,458,406. However, the creditor asserted the same debt using the name Jiaxindechuang BJ Tech Group Co Ltd. in filed claim number 20019 in | 2 |

---
[2] Disclosure Statement Order, 6 at ¶ 17(e).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| | | | the amount of $1,975,674.74, and, consequently, has received two separate ballots to vote a single debt in connection with the Debtor's Plan. The filed proof of claim should supersede the scheduled claim despite the difference in names. | |
| China Soft Growing Invest Wuxi Partshp | 61 | 19 | Duplicate Claim | 3 |
| Chongqing LeTv Commercial Factoring LLC | 21 | 20015 | Duplicate Claim | 4 |
| Chongqing LeTv Commercial Factoring LLC | 24 | 20015 | Duplicate Claim | 5 |
| E-Town Intl Holding (HK) Co Ltd | 16 | 20017 | Duplicate Claim | 6 |
| Honghu Da | 6 | 20008 | Duplicate Claim | 7 |
| Huizhou Speed Secondcurve Management LP, | 20002 | 20001 | Duplicate Claim | 8 |
| Jiangyin Hailan Invest Holding Co Ltd. | 20009 | 7 | Creditor, Jiangyin Hailan Invest Holding Co. Ltd. filed Claim 20009 in the amount of $89,635,814.27, however, the back-up attached to Claim 20009 totals $69,635,814.27, which amount is duplicative of Claim 7. Therefore, Claim 20009 should be disallowed. | 9 |
| Linfen Investment Group Co. Ltd. | 220000540 | 30 | This creditor filed a proof of claim for the same debt under a similar but different name (Linfen Investment Construction Development Co. Ltd.) and, consequently, received ballots for both scheduled and filed claims. The filed proof of claim should supersede the scheduled claim and, with respect | 10 |

4

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
|  |  |  | to the Plan, the amount to be voted on account of the scheduled claim should be disallowed. |  |
| Nanchang OFilm Photoelectric Tech Co Ltd. | 38 | 33 | Duplicate Claim | 11 |
| O-Film Global (HK) Trading Limited | 34 | 33 | The creditor, in its complaint against the Debtor, describes it and Nanchang OFilm Photoelectric Tech Co Ltd. as sister companies and co-plaintiffs. The lawsuit asserts a single claim of $24,095,428.00 against the Debtor. Accordingly, multiple claims asserted in the same amount are duplicative. | 12 |
| O'Film Global (HK) Trading Limited | 37 | 33 | Duplicate Claim | 13 |
| Pingan Bank Co Ltd Beijing Branch | 20041 | 20036 | Duplicate Claim | 14 |
| Shenzhen Yingda Capital Management Co. | 220000860 | 20034 | This creditor inadvertently received ballots both for scheduled and filed claims, so the amount to be voted on account of the scheduled claim should be disallowed. | 15 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 42 | 20027 | Duplicate Claim | 16 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 43 | 20029 | Duplicate Claim | 17 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 44 | 20030 | Duplicate Claim | 18 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 45 | 20031 | Duplicate Claim | 19 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 46 | 20032 | Duplicate Claim | 20 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 47 | 20039 | Duplicate Claim | 21 |
| Tianjin Yingxin Xinheng Investment | 28 | 20020 | Duplicate Claim | 22 |

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Consulting Co. Ltd. | | | | |
| Weihua Qiu | 220000960 (scheduled claim) | 12 | This creditor inadvertently received ballots both for scheduled and filed claims, so the amount to be voted on account of the scheduled claim should be disallowed. | 23 |
| Weihua Qiu | 39 | 12 | Duplicate claim | 24 |
| Western Securities Co., Ltd. | 32 | 20028 | Duplicate Claim | 25 |
| Wuxi Leyike Investment Enterprise | 20025 | 20007 | Duplicate Claim | 26 |
| Xizang Jinmeihua Investment Co., Ltd. | 220001030 (scheduled claim) | 29 | In Chinese, Tibet is called Xizang. The creditor filed its claim using the name Tibet Jinmeihua Investment Co. Ltd. and, consequently, has received two separate ballots to vote a single debt in connection with the Debtor's Plan. The filed proof of claim should supersede the scheduled claim despite the difference in names. | 27 |

True and correct copies of the Claims are attached to the Notices of Objection to Claims, which have been served on each claimant, attaching their corresponding claim(s).

**PLEASE TAKE FURTHER NOTICE** that the Objection has been served upon the Claimants and all parties entitled thereto and is based upon the supporting Memorandum of Points and Authorities and Declaration of Luetian Sun, the statements, arguments and representations of counsel who appear at the hearing regarding the Objection, the files and records in the above-captioned case, any evidence properly before the court prior to or at the hearing regarding the Objection and all matters of which the court may properly take judicial notice.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(f), responses to the Objection must be filed with the Court and served upon the Debtor's counsel at the address in the upper left-hand corner of this Objection **no later than fourteen (14) days prior to the hearing date**. Responses must contain a written statement of all reasons why the Objection is opposed and must include declarations and copies of all documentary evidence on which the responding party intends to rely. Responses must be filed either electronically or at the following location:

United States Bankruptcy Court
Attention: Clerk's Office
255 E. Temple Street
Los Angeles, CA 90012

**IF YOU DO NOT OPPOSE THE OBJECTION YOU DO NOT NEED TO FILE ANY PAPERS, SIGN ANY FURTHER AGREEMENTS OR TAKE ANY FURTHER ACTION.**

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(f), the failure to timely file and serve written opposition may be deemed by the Court to be consent to the granting of the relief requested in the Objection.

**PLEASE TAKE FURTHER NOTICE** that if a response is timely filed and served upon the Debtor's counsel, the Court, in its discretion, may treat the initial hearing as a status conference if it determines that the Objection involves disputed factual issues or will require presentation of substantial evidence or argument.

**WHEREFORE,** the Debtor respectfully requests that the Court enter an order (i) sustaining the Objection; (ii) disallowing the Duplicate Claims in their entirety; and (iii) granting the Debtor such other and further relief as may appropriate under the circumstances.

Dated:    April 2, 2020                        PACHULSKI STANG ZIEHL & JONES LLP

                                              By      */s/ Malhar S. Pagay*
                                                      Richard M. Pachulski
                                                      Jeffrey W. Dulberg
                                                      Malhar S. Pagay

                                                      Counsel for Debtor and Debtor in
                                                      Possession

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## JURISDICTION

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are sections 102, 105 and 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), and Rules 3007 and 3018(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## II.

## BACKGROUND

**A.    Commencement of the Chapter 11 Case**

On October 14, 2019 (the "Petition Date"), the Debtor commenced this case (the "Chapter 11 Case") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"). The Debtor continues in possession of his property and manages his affairs as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On October 25, 2019, the U.S. Trustee appointed the Official Committee of Unsecured Creditors  pursuant to section 1102(a)(1) of the Bankruptcy Code (the "Committee") [Docket No. 45]. The Committee consists of the following members: (a) Ping An Bank., Ltd. Beijing Branch; (b) China Minsheng Trust Co., Ltd; (c) Shanghai Leyu Chuangye Investment Management Center LP; (d) Jiangyin Hailan Investment Holding Co., Ltd; and (e) Shanghai Qichengyueming Investment Partnership Enterprise.

On November 13, 2019, the Court entered an order setting January 24, 2020, as the general deadline (the "Bar Date") for the filing of proofs of claim or proofs of interest against the Debtor's estate.  In accordance with the Court's Order establishing the Bar Date, notice of the Bar Date was given by mail to the Debtor's creditors and interest holders.

On December 18, 2019, Judge Karen B. Owens of the Delaware Bankruptcy Court transferred the Chapter 11 Case to this Court.

**B.    Approval of the Debtor's Disclosure Statement**

On March 20, 2020, the Court entered the Disclosure Statement Order, pursuant to which the Court approved the Debtor's *Fourth Amended Disclosure Statement with Respect to Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 465] in respect of the *Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 464] (the "Plan"), and granted other relief.

The Disclosure Statement Order provides, in pertinent part, that if the Debtor has served an objection or request for estimation as to a claim by April 2, 2020, such claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the voting deadline, i.e., April 30, 2020 at 4:00 p.m. (Beijing Time).  Disclosure Statement Order, 6 at ¶ 17(e).

**III.**

**ARGUMENT**

**A.    Procedural Requirements for Objections to Claims**

Bankruptcy Rule 3007 governs the procedure for objections to claims.  It provides as follows: "An objection to an allowance of a claim shall be in writing and filed.  A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant . . . at least thirty days prior to the hearing." Fed. R. Bankr. P. 3007.

Pursuant to Bankruptcy Rule 3007, a copy of the Objection will be mailed to Claimants at the addresses provided by Claimants in the Claims, and, where available and if different from the address provided on the proof of claim, on each Claimant's address registered with the National Enterprise Credit Information Publicity System (http://www.gsxt.gov.cn/index.html), a government-run, national, enterprise credit inquiry system in the People's Republic of China, at least thirty days prior to the hearing date for consideration of the Objection.  Accordingly, by the time of the hearing hereon, the Debtor will have complied with Bankruptcy Rule 3007.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**B.**     **The Court Must Determine the Allowance of a Claim Subject to Objection**

With certain exceptions, section 502(b) of the Bankruptcy Code requires, in relevant part, that if a party in interest objects to a claim, "the Court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that -- (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured …."

**C.**     **Burden of Proof**

All allegations set forth in a properly filed proof of claim are taken as true and, if the allegations set forth all facts necessary to establish a claim and are not self-contradictory, the proof of claim constitutes *prima facie* evidence of the validity and amount of the claim.  11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f).  However, a claimant must attach copies of writings upon which claims are based in order to carry its burden of establishing a *prima facie* case against the debtor. *Hardin v. Gianni (In re King Investments Inc.)*, 219 B.R. 848, 858 (B.A.P. 9th Cir. 1998).  Further, a claim should not be allowed if that claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law.  11 U.S.C. § 502(b)(1).

Once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991), then "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate burden of persuasion is always on the claimant."  *Holm*, 931 F.2d at 623.  In considering an objection to a claim, a bankruptcy court may take judicial notice of the underlying records in a bankruptcy case.  *O'Rourke v. Seaboard Surety Co., (In re ER Fergert, Inc.)*, 887 F.2d 955, 957-958 (9th Cir. 1998).

**D.**     **Disallowance for Plan Voting Purposes**

Courts recognize that Bankruptcy Rule 3018(a) permits a party in interest to seek to disallow a claim for voting purposes. Ultimately, the determination of whether to temporarily allow a claim

for voting purposes lies within the discretion of the bankruptcy court.  See *Armstrong v. Rushton (In re Armstrong)*, 294 B.R. 344, 354 (B.A.P. 10th Cir. 2003) ("There is no guidance in the Bankruptcy Code to courts as to determine whether to permit the temporary allowance of a claim; it is left to the court's discretion.").  Indeed, courts have broad authority to determine whether to allow or disallow a claim for purposes of voting under Bankruptcy Rule 3018(a). *See, e.g., In re Mangia Pizza Invs., L.P.,* 480 B.R. 669, 679 (Banker. W.D. Tex. 2012); *In re Zolner*, 174 B.R. 629, 633 (Bankr. N.D. Ill. 1994) (noting that a court must exercise its discretion to allow or disallow a claim under Bankruptcy Rule 3018(a) based on reasoned analysis); *In re Goldstein,* 114 B.R. 430, 433 (Bankr. E.D. Pa. 1990); Collier on Bankr. ¶ 9-3018[5] (16th ed. rev. 2012) ("The court, however, regardless of the circumstances, has the discretion to allow or disallow all or part of the claim for voting purposes.").

In some cases noted in the chart below, the Debtor has been advised that a Claimant inadvertently has been provided with multiple ballots to vote on the Debtor's Plan on account of a single debt.  Where that has occurred, the Debtor has requested that the Court disallow one of those Duplicate Claims for voting purposes.

## E.    The Objection and Request for Relief

In most instances, the Duplicate Claim and the relevant Surviving Claim are the exact same claim in the same amount filed by the Claimant using the same name, and therefore the Duplicate Claim can be disallowed readily.  The chart below provides further explanation for the request for disallowance where the claims may not be exact duplicates of one another, but fall within the Duplicate Claims category that is the subject of this Objection.  For example, slight variations in the name or entity utilized by a Claimant to assert a debt against the Debtor or issues of translation from Chinese to English have required a more careful review to determine that two claims are, in fact, the same.

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Beijing Huaxing Mobile Asset Mgt Center | 27 | 20023 | Duplicate Claim | 1 |
| Beijing Jiaxin Tengda Information Consulting Co., Ltd. | 220000060 (scheduled claim) | 20019 | Creditor, Beijing Jiaxin Tengda Information Consulting Co., Ltd., | 2 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| | | | also uses the name Jiaxindechuang BJ Tech Group Co Ltd. The Debtor scheduled Beijing Jixain Tengda Information Consulting Co., Ltd. in the amount of $1,458,406. However, the creditor asserted the same debt using the name Jiaxindechuang BJ Tech Group Co Ltd. in filed claim number 20019 in the amount of $1,975,674.74, and, consequently, has received two separate ballots to vote a single debt in connection with the Debtor's Plan. The filed proof of claim should supersede the scheduled claim despite the difference in names. | |
| China Soft Growing Invest Wuxi Partshp | 61 | 19 | Duplicate Claim | 3 |
| Chongqing LeTv Commercial Factoring LLC | 21 | 20015 | Duplicate Claim | 4 |
| Chongqing LeTv Commercial Factoring LLC | 24 | 20015 | Duplicate Claim | 5 |
| E-Town Intl Holding (HK) Co Ltd | 16 | 20017 | Duplicate Claim | 6 |
| Honghu Da | 6 | 20008 | Duplicate Claim | 7 |
| Huizhou Speed Secondcurve Management LP, | 20002 | 20001 | Duplicate Claim | 8 |
| Jiangyin Hailan Invest Holding Co Ltd. | 20009 | 7 | Creditor, Jiangyin Hailan Invest Holding Co. Ltd. filed Claim 20009 in the amount of $89,635,814.27, however, the back-up attached to Claim 20009 totals $69,635,814.27, which amount is duplicative of Claim 7. Therefore, Claim 20009 should be disallowed. | 9 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Linfen Investment Group Co. Ltd. | 220000540 | 30 | This creditor filed a proof of claim for the same debt under a similar but different name (Linfen Investment Construction Development Co. Ltd.) and, consequently, received ballots for both scheduled and filed claims. The filed proof of claim should supersede the scheduled claim and, with respect to the Plan, the amount to be voted on account of the scheduled claim should be disallowed. | 10 |
| Nanchang OFilm Photoelectric Tech Co Ltd. | 38 | 33 | Duplicate Claim | 11 |
| O-Film Global (HK) Trading Limited | 34 | 33 | The creditor, in its complaint against the Debtor, describes it and Nanchang OFilm Photoelectric Tech Co Ltd. as sister companies and co-plaintiffs. The lawsuit asserts a single claim of $24,095,428.00 against the Debtor. Accordingly, multiple claims asserted in the same amount are duplicative. | 12 |
| O'Film Global (HK) Trading Limited | 37 | 33 | Duplicate Claim | 13 |
| Pingan Bank Co Ltd Beijing Branch | 20041 | 20036 | Duplicate Claim | 14 |
| Shenzhen Yingda Capital Management Co. | 220000860 | 20034 | This creditor inadvertently received ballots both for scheduled and filed claims, so the amount to be voted on account of the scheduled claim should be disallowed. | 15 |
| Tianjin Jairui Huixin | 42 | 20027 | Duplicate Claim | 16 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Corp. Mgt LLC | | | | |
| Tianjin Jairui Huixin Corp. Mgt LLC | 43 | 20029 | Duplicate Claim | 17 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 44 | 20030 | Duplicate Claim | 18 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 45 | 20031 | Duplicate Claim | 19 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 46 | 20032 | Duplicate Claim | 20 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 47 | 20039 | Duplicate Claim | 21 |
| Tianjin Yingxin Xinheng Investment Consulting Co. Ltd. | 28 | 20020 | Duplicate Claim | 22 |
| Weihua Qiu | 220000960 (scheduled claim) | 12 | This creditor inadvertently received ballots both for scheduled and filed claims, so the amount to be voted on account of the scheduled claim should be disallowed. | 23 |
| Weihua Qiu | 39 | 12 | Duplicate claim | 24 |
| Western Securities Co., Ltd. | 32 | 20028 | Duplicate Claim | 25 |
| Wuxi Leyike Investment Enterprise | 20025 | 20007 | Duplicate Claim | 26 |
| Xizang Jinmeihua Investment Co., Ltd. | 220001030 (scheduled claim) | 29 | In Chinese, Tibet is called Xizang. The creditor filed its claim using the name Tibet Jinmeihua Investment Co. Ltd. and, consequently, has received two separate ballots to vote a single debt in connection with the Debtor's Plan. The filed proof of claim should supersede the scheduled claim despite the difference in names. | 27 |

By this Objection, the Debtor simply seeks to have disallowed the Duplicate Claims leaving the Surviving Claims unaffected by this Objection.

## IV.

### GENERAL RESERVATION OF RIGHTS

The Debtor expressly reserves the right to amend, modify or supplement this Objection, and to file additional, other, or further objections to any proofs of claim filed in this Chapter 11 Case, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not) against the Debtor, regardless of whether such claims are subject to this Objection. Should one or more of the grounds of objection stated in this Objection be denied, the Debtor reserves his rights to object on other stated grounds or on any other grounds he discovers during the pendency of this Chapter 11 Case. In addition, the Debtor reserves the right to file counterclaims against the holders of any such claims.

## V.

### NOTICE

The Debtor will serve copies of this Objection on: (a) the Claimants, (b) the Office of the United States Trustee, (c) counsel to the Committee, and (d) all parties who have requested notices in this Chapter 11 Case pursuant to Bankruptcy Rule 2002.

## VI.

### CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an order granting the relief requested herein and granting the Debtor such other and further relief as is just and proper.

Dated:     April _2_, 2020                    PACHULSKI STANG ZIEHL & JONES LLP


                                             _/s/ Malhar S. Pagay_
                                             Richard M. Pachulski
                                             Jeffrey W. Dulberg
                                             Malhar S. Pagay

                                             _Attorneys for Debtor and Debtor in Possession_

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

### **DECLARATION OF LUETIAN SUN**

I, Luetian Sun, declare as follows:

1.      I am one of Debtor's advisors who assist the Debtor with various financial and business matters.  I also have served as Faraday & Future, Inc.'s ("FF") Investor Relations Coordinator since January 2019.  Prior to joining FF, I received a bachelor's degree in civil engineering from Beijing University's School of Civil Engineering and Architecture and a Master of Business Administration degree from the University of California at Riverside.

2.      I am in regular communication with the Debtor's professionals, including legal counsel.

3.      I submit this Declaration (the "Declaration") in support of the Debtor's *Omnibus Objection for an Order Disallowing Duplicate Claims* (the "Objection").

4.      If I were called to testify as a witness in this matter, I could and would competently testify to each of the facts set forth herein.

5.      At the direction of the Debtor, I have reviewed and analyzed the Claims that are the subject of the Objection, and have discussed my findings with both the Debtor and his legal counsel. Based on my analysis, I have determined that the Duplicate Claim are duplicative of other claims and should therefore be disallowed in their entirety.

6.      Also, in order to facilitate notice and service of the Objection, I researched each Claimant's address registered with the National Enterprise Credit Information Publicity System (http://www.gsxt.gov.cn/index.html), a government-run, national, enterprise credit inquiry system in the People's Republic of China.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 2nd day of April, 2020, at Los Angeles____, California.

Luetian Sun
_____
Luetian Sun

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA  90067**

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S NOTICE OF OMNIBUS OBJECTION AND OMNIBUS OBJECTION FOR AN ORDER DISALLOWING DUPLICATE CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF LUETIAN SUN IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __April 2, 2020,__ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) __April 2, 2020,__ I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge __will be completed__ no later than 24 hours after the document is filed.

United States Bankruptcy Court
Central District of California
Attn:  Hon. Vincent Zurzolo
Edward R. Roybal Federal Bldg./Courthouse
255 East Temple Street, Suite 1360
Los Angeles, CA  90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge __will be completed__ no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 2, 2020 | Nancy H. Brown | /s/ Nancy H. Brown |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:328782.1 46353/002

# SERVICE INFORMATION FOR CASE NO. 2:19-bk-24804-VZ

## 1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)

- Tanya Behnam    tbehnam@polsinelli.com, tanyabehnam@gmail.com
- Jerrold L Bregman    ecf@bg.law, jbregman@bg.law
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Stephen D Finestone    sfinestone@fhlawllp.com
- Richard H Golubow    rgolubow@wghlawyers.com, pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
- Alexandra N Krasovec    krasovec.alexandra@dorsey.com, claridge.vanessa@dorsey.com
- Ben H Logan    blogan@omm.com
- Robert S Marticello    Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- David W. Meadows    david@davidwmeadowslaw.com
- John A Moe    john.moe@dentons.com, glenda.spratt@dentons.com
- Kelly L Morrison    kelly.l.morrison@usdoj.gov
- Malhar S Pagay    mpagay@pszjlaw.com, bdassa@pszjlaw.com
- Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- Victor A Sahn    vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com
- Randye B Soref    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- Benjamin Taylor    btaylor@taylorlawfirmpc.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Felix T Woo    fwoo@ftwlawgroup.com, admin@ftwlawgroup.com
- Claire K Wu    ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com
- Emily Young    pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
- David B Zolkin    dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

DOCS_LA:328782.1 46353/002

**F 9013-3.1.PROOF.SERVICE**

Filed: USBC - Central District of California
Yueting Jia  (B10)
19-24804 (VPZ)

YT1

0000000034

**RECEIVED**

JAN 2 2 2020

**LEGAL SERVICES**

---

**Fill in this information to identify the case:**

Debtor 1    Yueting Jia

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:  Central_____ District of _California____

Case number   2:19-bk-24804-VZ

---

Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**
O-Film Global (HK) Trading Limited
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Robert Lin
Name 11th Floor, Tower 6, Taiziwan Business Plaza,
No.91 Shanghai Road,Nanshan District
Number      Street

Shenzhen, Guangdon China
City                               State              ZIP Code

Contact phone  +86 136 3150 9227

Contact email  lin.hongping@ofilm.com

See attached statement for additional notice request.

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

Where should payments to the creditor be sent? (if different)

Name

Number      Street

City                               State              ZIP Code

Contact phone _____

Contact email _____

**4. Does this claim amend one already filed?**
☑ No
☐ Yes.  Claim number on court claims registry (if known) _____

Filed on _____
            MM  /  DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes.  Who made the earlier filing? _____

---

## Part 2:   Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**   $ _____ 24,095,428.00   Does this amount include interest or other charges?

See attached statement

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A)

**8. What is the basis of the claim?**   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

See attached statement.

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

Basis for perfection:

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:   $ _____

Amount of the claim that is secured:   $ _____

Amount of the claim that is unsecured:   $ _____   (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:   $ _____

Annual Interest Rate (when case was filed) _____ %

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.   $ _____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

Official Form 410                              Proof of Claim                              page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 607(a)? | ☑ **No** | | |
| --- | --- | --- | --- |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ **Yes.** Check one: | | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $ _____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | | $ _____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | | |

---

### Part 3:    Sign Below

| The person completing this proof of claim must sign and date it. FRBP 9011(b).<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571. | *Check the appropriate box:*<br><br>☐ I am the creditor.<br>☑ I am the creditor's attorney or authorized agent.<br>☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.<br>☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.<br><br>I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on date  01 / 19 / 2020<br>       MM / DD / YYYY<br><br>_____<br>Signature |
| --- | --- |

Print the name of the person who is completing and signing this claim:

| Name | Robert _____ Lin |
| --- | --- |
| | First name    Middle name    Last name |
| Title | Deputy General Manager (Investment & Legal) |
| Company | O-Film Global (HK) Trading Limited |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 11th Floor,Tower 6,Taiziwan Business Plaza,No.91 Shanghai Road,Nanshan Distric |
| | Number    Street |
| | Shenzhen, Guangdon China |
| | City    State    ZIP Code |
| Contact phone | +86 136 3150 9227    Email lin.hongping@ofilm.com |

**ATTACHMENT TO PROOF OF CLAIM OF O-FILM GLOBAL (HK) TRADING LIMITED**

1.      On October 14, 2019 (the "**Petition Date**"), Yueting Jia (the "**Debtor**") filed his voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") thereby commencing the above-referenced bankruptcy case (the "**Case**").

2.      This proof of claim (the "**Proof of Claim**") is being filed in the Debtor's bankruptcy Case by O-Film Global (HK) Trading Limited ("**Claimant**") to assert, as discussed in greater detail below, certain claims on behalf of the Claimant.

3.      Claimant, founded in 2001, designs and manufactures electronic components for the consumer electronics and automotive markets which include touch panels, cover glass, camera modules, biometric sensors, haptic response technology and LCD modules.

4.      On January 16, 2018, Claimant and its affiliate Nanchang O-Film Photoelectric Technology Co., Ltd. ("Affiliate") filed a complaint against the Debtor in the California Superior Court County of Los Angeles (the "**Complaint**") alleging breach of contract, fraud, common count in *quantum meruit*, and unfair competition, seeking compensatory damages in the amount of $24,095,428 (related to unpaid electronic components provided to the Debtor); (ii) punitive damages; (iii) prejudgment interest at the maximum legal rate as allowed by law; (iv) reasonable attorneys fees; (v) costs of suit, and (vi) such other relief as the court may grant. A copy of the Complaint is attached hereto as Schedule 1. The Complaint (and Claimant's rights thereunder) forms the basis for the claims asserted against the Debtor in this Proof of Claim (the "**Claim**"). The Claim is held by Claimant and Affiliate jointly and for this reason Claim is set forth in its full on each of their proofs of claim.

5.      Claimant reserves the right to withdraw this Proof of Claim for any reason whatsoever. Claimant further reserves the right to file additional Proofs of Claim for additional claims at any time, either before or after the any applicable bar date established by the Bankruptcy Court.

6.      Claimant does not waive any right or rights of action that it has or may have against the Debtor or any other person or persons and does not waive any substantive or procedural defenses to any claim that may be asserted against the Claimant by the Debtor or any other person. Without limiting the foregoing, this Proof of Claim is not intended to be, and shall not be construed as: (i) an election of remedies; (ii) a waiver of any defaults; (iii) a waiver or limitation of any of Claimant's rights, remedies, claims or interests under applicable law against Claimant or any other person or entity; (iv) a waiver of Claimant's property or ownership rights (legal or equitable); (v) a waiver of Claimant's legal, equitable or beneficial interests; and/or (vi) an admission by Claimant that any property held by the Debtor (or any subsidiary or affiliate thereof) is property of the estate.

7.      This Proof of Claim is filed to protect Claimant from potential forfeiture of any claims. By filing this Proof of Claim, Claimant (i) does not submit to the jurisdiction of this Court for any purpose other than with respect to this Proof of Claim, (ii) does not waive (and expressly reserves) all of its procedural and substantive defenses to any claim that may be asserted against it by the Debtor, its estate, or any successor entity, or any other person, including, without limitation, any defense based upon the lack of jurisdiction of this Court to entertain any such claim, (iii) does not waive (and expressly reserves) any claim, right, or right of action that Claimant has or might have against the Debtor, its estate, any successor

- 2 -

entity, or any other person or entity whether such claim, right, or action arises prior to, upon, or after the petition date, and (iv) does not waive (and expressly reserves) any and all other legal or equitable rights or remedies that it may have pursuant to applicable law or agreement.

8.      The filing of this Proof of Claim shall not be deemed or construed as: (i) consent by Claimant to a jury trial in the Bankruptcy Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (ii) a waiver of the right of Claimant to trial by jury in any proceeding so triable herein or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial is pursuant to statute or the United States Constitution; (iii) a waiver of the right of Claimant to have final orders in non-core matters entered only after de novo review by a District Court judgment; (iv) a waiver of the right of Claimant to assert that 28 U.S.C. § 157(b)(2)(C) is unconstitutional, which right is expressly reserved; (v) a waiver of the right of Claimant to have the reference withdrawn by the District Court in any matter subject to mandatory or discretionary withdrawal; (vi) a waiver of any past, present, or future event of default; and/or (vii) a waiver or limitation of any rights of Claimant, including, without limitation, a waiver of obligations owing to Claimant, rights, claims, actions, defenses, set-offs, netting rights or recoupments to which Claimant is or may be entitled under agreements, in law or in equity, against any of the Debtor (or any subsidiary, or affiliate thereof) or any other person, including without limitation, rights against guarantors, officers, or directors, or the right to contest the validity priority or extent of any right or interest purported to be equal, senior or inferior to any right or interest of Claimant,

- 3 -

all of which rights, claims, actions, defenses, set-offs, and recoupments are expressly reserved

by Claimant.

       9.     All notices and communications concerning this Proof of Claim should be sent

to the following addresses:

<table>
<tr><td>

Neil B. Glassman<br>
Scott D. Cousins<br>
GianClaudio Finizio<br>
600 N. King Street<br>
Suite 400<br>
Wilmington, Delaware 19801<br>
Telephone: (302) 655-5000<br>
Facsimile: (302) 658-6395<br>
Email: nglassman@bayardlaw.com<br>
       scousins@bayardlaw.com<br>
       gfinizio@bayardlaw.com

</td><td>

Robert Lin<br>
Deputy General Manager (Investment &amp; Legal)<br>
11th Floor, Tower 6, Taiziwan Business Plaza<br>
No. 91 Shanghai Road, Nanshan District<br>
Shenzhen, Guangdong, China<br>
Telephone: +86 136 3150 9227<br>
Email: lin.hongping@ofilm.com

</td></tr>
</table>

Dated as of January 21, 2020

{04358/609431-000/02392176.1}

# Schedule 1

[January 16, 2018 Complaint in the California Superior Court County of Los Angeles]

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 16 2018

Sherri R. Carter, Executive Officer/Clerk
By C. Johnston, Deputy

1  **LILAW INC.**
   J. James Li (SBN 202855)
2  Tony Abdollahi (SBN 157235)
   Andrew M. Pierz (SBN 292970)
3  5050 El Camino Real, Suite 200
   Los Altos, California 94022
4  Telephone: (650) 521-5956
   Facsimile: (650) 521-5955
5  Email: lij@lilaw.us

6  Attorneys for Plaintiffs O-Film Global (Hk) Trading Limited &
   Nanchang O-Film Photoelectric Technology Co., Ltd.
7

CASE ASSIGNED FOR
ALL PURPOSES TO
Judge         RAMONA SEE
Dept.   M   Div.

8

9              **CALIFORNIA SUPERIOR COURT**

10               **COUNTY OF LOS ANGELES**

11

12

13

14  O-FILM GLOBAL (HK) TRADING LIMITED        Case No. Y C0 72617
    and NANCHANG O-FILM PHOTOELECTRIC
15  TECHNOLOGY CO., LTD.,                      **COMPLAINT FOR BREACH OF**
                  Plaintiffs,                  **CONTRACT, FRAUD, COMMON**
16                                             **COUNT IN QUANTUM MERUIT AND**
            vs.                                **UNFAIR COMPETITION**
17
    YUE-TING JIA, and DOES 1 through 5,
18  inclusive,                                 **UNLIMITED**
                  Defendants.
19                                             **JURY TRIAL DEMANDED**

20

21

22

23

24

25

26

27

28

                                                              Case No.
                              COMPLAINT

1  **LILAW INC.**
   J. James Li (SBN 202855)
2  Tony Abdollahi (SBN 157235)
   Andrew M. Pierz (SBN 292970)
3  5050 El Camino Real, Suite 200
   Los Altos, California 94022
4  Telephone: (650) 521-5956
   Facsimile: (650) 521-5955
5  Email: lij@lilaw.us

6  Attorneys for Plaintiffs O-Film Global (Hk) Trading Limited &
   Nanchang O-Film Photoelectric Technology Co., Ltd.

7

8

9                          **CALIFORNIA SUPERIOR COURT**

10                          **COUNTY OF LOS ANGELES**

11

12

13

14  O-FILM GLOBAL (HK) TRADING LIMITED          Case No.
    and NANCHANG O-FILM PHOTOELECTRIC
15  TECHNOLOGY CO., LTD.,                        **COMPLAINT FOR BREACH OF**
                                                 **CONTRACT, FRAUD, COMMON**
16                Plaintiffs,                    **COUNT IN QUANTUM MERUIT AND**
                                                 **UNFAIR COMPETITION**
17         vs.
                                                 
18  YUE-TING JIA, and DOES 1 through 5,
    inclusive,                                   **UNLIMITED**
19                Defendants.                    **JURY TRIAL DEMANDED**

20

21

22

23

24

25

26

27

28
                                                              Case No.
                              COMPLAINT

Plaintiffs O-Film Global (HK) Trading Limited and Nanchang O-Film Photoelectric Technology Co., Ltd. (collectively "Plaintiffs" or "O-film") hereby complain and allege against Defendant Yue-Ting Jia, and Does 1-5 (collectively "Defendant" or "Jia"), as follows.

## PARTIES AND NATURE OF ACTION

1.    Plaintiffs are sister companies for manufacture and sales of electronic components.

2.    Defendant Jia is Chinese citizen currently residing in Los Angeles County.

3.    The true names and capacities of the defendants named as Does 1 through 5 are unknown to Plaintiff and are therefore sued by fictitious names.  Plaintiff will amend this complaint to plead their true names and capacities after they have been ascertained.

4.    Each defendant in this action is an agent of the remaining defendants, such that their acts or omissions are imputed to the other and each is jointly and severally liable for any such acts or omissions

5.    This is an action for breach of contract, fraud, common count in quantum meruit and unfair competition against Jia based on his status as the alter ego of Leshi Holding Beijing Co., a.k.a. LeEco ("LeEco").

## JURISDICTION AND VENUE

6.    This Court has general subject matter jurisdiction under the California Constitution, Art. VI, and personal jurisdiction over Jia because he is domiciled in the State of California. Venue is proper in this Court under Code of Civil Procedure § 395(a) because Jia resides in this County at this time.

## GENERAL ALLEGATIONS

7.    O-film was founded in 2001 and formally began to operate in August 2002. O-film designs and manufactures electronic components for the consumer electronics and automotive markets. The company's product line has expanded to include touch panels, cover glass, camera modules, biometric sensors, haptic response technology and LCD modules. The company is the global market leader in capacitive touch panel production, and the Chinese market leader in CMOS camera module production and fingerprint ID modules.



Case No.
COMPLAINT

8.     Jia is an individual who resides in Rancho Palos Verdes, California. He is the founder of LeEco, a privately owned multinational company based in Beijing, China that develops and markets consumer electronic products and distributes entertainment over the internet.[1]

9.     O-film was an OEM supplier to LeEco, as a result of which, LeEco owes O-Film $24,095,428 for unpaid electronic components. Despite O-film's repeated demands that LeEco satisfy its contractual obligations and reimburse for the components, LeEco has failed to pay. Rather, LeEco is laden in debt, on the verge of collapse and has had its trading suspended due to the fraudulent and illegal practices of Jia.

10.     "Embattled Chinese internet conglomerate LeEco has been branded a 'Ponzi scheme' in an online comment made and endorsed by some of the country's leading lights in technology."[2] According to Tencent co-founder Zeng Liqing, "LeEco is obviously a Ponzi scheme. You don't belong in the investment market or entrepreneurial world if you can't see that." As a result, "[m]any of Jia's assets have been frozen by court orders as creditors encountered difficulties in getting their money back." Id.

11.     For these reasons, Jia has been designated by China in an official list for defrauding creditors. "Mr. Jia is the highest-profile name on something else in China: an official online blacklist of credit defaulters ... Mr. Jia was added to the blacklist this week over unpaid debt totaling $72 million, including interest and fees."[3] Described as "among the brashest" figures, "Mr. Jia resigned from all his positions at Leshi Internet, LeEco's publicly traded arm, after a court in Shanghai froze $182 million in assets tied to him." Id. In an effort to avoid liability, Jia escaped China and "said he was living in California." Id.

---

[1] He is also presently the Chairman and founder of Faraday & Future, Inc., a privately-owned Gardena, California company developing and marketing electric automobiles.

[2] Meng, J. "Tencent co-founder brands LeEco a 'Ponzi scheme.'" *CNBC News*. NBC Universal, July 18, 2017.

[3] Zhong, R, et al., "China Names and Shames Tech Tycoon With Debt Blacklist." *New York Times*. The New York Times Company, December 13, 2017.



12.     However, China has "demanded LeEco founder Jia Yueting return to China before the end of the year to fix his business empire's financial woes."[4]  In response, Jia has "admitted the company had been 'burning money' and had 'spent recklessly' on its expansion efforts." *Id.*

## ALTER EGO

13.     Among his other acts of malfeasance, Jia treated LeEco as his personal piggybank and comingled personal and corporate funds. As a result, a significant part of Jia's personal assets was derived from this alter ego activity. Jia has amassed a reported personal worth of RMB¥ 42 billion (approximate US$ 6.3 billion) from manipulating various subsidiaries of LeEco. His salary and stock holdings alone are far from being able to account to the personal wealth. There is such unity of interest and ownership that the separate personalities of the LeEco corporation and Jia no longer exist, and that if the acts are treated as those of the corporation alone, an inequitable result will follow.

14.     He and his family, including his sister, dominate and control LeEco. He is substantially its equitable owner and is personally served by the same offices and employees. On information and belief, Jia commingled the company assets with his personal assets and failed to maintain an arm's length relationship with the corporate entity.

15.     In 2015, Jia obtained government permission[5] to sell a significant portion of his holding of LeEco, on the promise that all the proceeds of the sales would be "lent" to LeEco to repay the latter's corporate debt. Jia and his sister received more than RMB¥ 10 billion proceeds (more than US$ 1.5 billion) from the sales. After the sales of the stocks, however, Jia escaped to the United States with most of the stock sales proceeds, leaving LeEco in an insolvent state without the capacity to repay its corporate debts, including the debts at issue in this case.

---

[4] Shane, D.  "China orders tech tycoon to return and face debts." *CNN Money.*  Time Warner, December 26, 2017.

[5] The Chinese stock market is heavily regulated by the government. As the founder and majority shareholder of LeEco, Jia would not have been able to sell his LeEco stocks without the government's approval. Such approval was obtained based on his promise to lend all the proceeds of the stock sales to LeEco to repay its corporate debts.

16.    Jia is now wanted by the Chinese government to return to China to account for the missing fortunes of LeEco.

## FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT
### (Against All Defendants)

17.    Plaintiff incorporates by reference the foregoing averments as if fully set forth herein.

18.    O-film and LeEco entered into a contract whereby, through mutual assent, the former agreed to sell electronic components to the latter. In consideration thereof, O-film performed all conditions and covenants under the contract, including delivering the electronic components purchased by LeEco. As implied by its conduct, LeEco acknowledged its obligations under the contract by accepting and taking delivery of the components sold by O-film.

19.    LeEco breached the contract by refusing to pay for the electronic components, thereby resulting in damages to O-film in the amount of $24,095,428, exclusive of interest. Due to the unity of interest and ownership between LeEco and Jia and the inequity that would result if these acts were treated as LeEco's alone, Jia is the alter ego of LeEco and is personally liable for these damages.

## SECOND CAUSE OF ACTION FOR FRAUD
### (Against All Defendants)

20.    Plaintiff incorporates by reference the foregoing averments as if fully set forth herein.

21.    LeEco and Jia represented to O-film that they would provide reimbursement for the electronic components requested. LeEco and Jia knew, at the time made, these representations to be false and intended to defraud O-film by inducing reliance thereon. O-film reasonably and justifiably relied on these misrepresentations and provided LeEco with millions of dollars of OEM electronic components.

22.    LeEco refused to pay for the electronic components, thereby resulting in damages to O-film in the amount of $24,095,428, exclusive of interest. In undertaking the conduct alleged herein, LeEco and Jia have acted with malice, oppression and fraud under California Civil Code § 3294.



23.     Due to the unity of interest and ownership between LeEco and Jia and the inequity that would result if these acts were treated as LeEco's alone, Jia is the alter ego of LeEco and is personally liable for these damages.

### THIRD CAUSE OF ACTION FOR
### COMMON COUNT IN QUANTUM MERUIT
**(Against All Defendants)**

24.     Plaintiff incorporates by reference the foregoing averments as if fully set forth herein.

25.     LeEco is indebted to O-film in the amount of $24,095,428, exclusive of interest in consideration for goods provided by O-film for the production of various electronic components. Despite O-film's repeated request for this indebted sum, O-film has not made payment, thereby resulting in damages to O-film in the amount of $24,095,428, exclusive of interest.  Due to the unity of interest and ownership between LeEco and Jia and the inequity that would result if these acts were treated as LeEco's alone, Jia is the alter ego of LeEco and is personally liable for these damages.

### FOURTH CAUSE OF ACTION FOR UNFAIR COMPETITION
**(Against All Defendants)**

26.     Plaintiffs incorporate by reference the foregoing averments as if fully set forth herein.

27.     LeEco's conduct, including but not limited to, breaching its contract to pay for electronic components and falsely representing that it would pay O-film, (i) is an unlawful, unfair and fraudulent business practice under Business & Professions Code § 17200, (ii) offends an established public policy, and (iii) is immoral, unethical, oppressive, and unscrupulous. LeEco's unfair business practices have damaged O-film as set forth herein.

28.     Due to the unity of interest and ownership between LeEco and Jia and the inequity that would result if these acts were treated as LeEco's alone, Jia is the alter ego of LeEco and is personally liable for these damages.

### PRAYER FOR RELIEF

29. WHEREFORE, Plaintiffs pray for relief against Defendants as follows:

a.  The Court shall award compensatory damages according to proof, and no less than $24,095,428;

b.  The Court shall award prejudgment interest at the maximum legal rate as allowed by the law;

c.  The Court shall award punitive damages;

d.  The Court shall award reasonable attorney's fees according to the proof;

e.  The Court shall award costs of suit herein incurred; and

f.  The Court shall award such other and further relief as the Court may deem proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED:  January 15, 2018

LILAW INC.
**ATTORNEYS FOR PLAINTIFFS**
O-Film Global (HK) Trading Limited & Nanchang O-Film Photoelectric Technology Co., Ltd.

By

J. James Li, Ph.D.



Case No.



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

Filed: USBC - Central District of California
Yueting Jia   (B10)
19-24804 (VPZ)

**YT1**   0000000033

## RECEIVED

JAN 2 2 2020

LEGAL SERVICES

Fill in this information to identify the case:

Debtor 1     Yueting Jia

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   Central        District of   California

Case number:   2:19-bk-24804-VZ

Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:   Identify the Claim

| | |
|---|---|
| 1. Who is the current creditor? | Nanchang O-Film Photoelectric Technology Co., Ltd |
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor |
| 2. Has this claim been acquired from someone else? | ☒ No<br>☐ Yes.  From whom? |
| 3. Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>Robert Lin<br>Name  11th Floor, Tower 5, Taizwan Business Plaza<br>No.91 Shanghai Road, Nanshan District<br>Number   Street<br>Shenzhen, Guangdong, China<br>City                State            ZIP Code<br>Contact phone  +86 136 3150 9227<br>Contact email  lin.hongping@ofilm.com<br>See attached statement for additional notice request. | **Where should payments to the creditor be sent? (if different)**<br><br>Name<br><br>Number   Street<br><br>City          State       ZIP Code<br>Contact phone<br>Contact email |
| | Uniform claim identifier for electronic payments in chapter 13 (if you use one): | |
| 4. Does this claim amend one already filed? | ☒ No<br>☐ Yes.  Claim number on court claims registry (if known) _____   Filed on _____<br>                                                                                                        MM / DD / YYYY |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☒ No<br>☐ Yes.  Who made the earlier filing? |

Official Form 410                        Proof of Claim                              page 1

**Part 2:    Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6.  Do you have any number you use to identify the debtor? | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___ |
| 7.  How much is the claim? | $ __24,095,428.00__  Does this amount include interest or other charges?<br>See attached statement.    ☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8.  What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>See attached statement. |
| 9.  Is all or part of the claim secured? | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br>Nature of property:<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe:<br><br>Basis for perfection:<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>Value of property:    $_____<br>Amount of the claim that is secured:    $_____<br>Amount of the claim that is unsecured: $_____    (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>Amount necessary to cure any default as of the date of the petition:    $_____<br><br>Annual Interest Rate (when case was filed) _____%<br>☐ Fixed<br>☐ Variable |
| 10. Is this claim based on a lease? | ☑ No<br>☐ Yes. Amount necessary to cure any default as of the date of the petition.    $_____ |
| 11. Is this claim subject to a right of setoff? | ☑ No<br>☐ Yes. Identify the property: _____ |

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ **No** | Amount entitled to priority |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ **Yes.** *Check one:* | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $ _____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    01/19/2020
                    _MM / DD / YYYY_

Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Robert | | Lin |
|---|---|---|---|
| | First name | Middle name | Last name |

| Title | Deputy General Manager (Investment & Legal) |
|---|---|

| Company | Nanchang O-Film Photoelectric Technology Co., Ltd. |
|---|---|
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |

| Address | 11th Floor,Tower,6,Taiziwan Business Plaza,No.91,Shanghai Road,Nanshan Distric |
|---|---|
| | Number       Street |
| | Shenzhen, Guangdong, China |
| | City       State       ZIP Code |

| Contact phone | +86 136 3150 9227 | Email | lin.hongping@ofilm.com |
|---|---|---|---|

## ATTACHMENT TO PROOF OF CLAIM OF NANCHANG O-FILM PHOTOELECTRIC

## TECHNOLOGY CO., LTD

1.     On October 14, 2019 (the "**Petition Date**"), Yueting Jia (the "**Debtor**") filed his voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") thereby commencing the above-referenced bankruptcy case (the "**Case**").

2.     This proof of claim (the "**Proof of Claim**") is being filed in the Debtor's bankruptcy Case by Nanchang O-Film Photoelectric Technology Co., Ltd. ("**Claimant**") to assert, as discussed in greater detail below, certain claims on behalf of the Claimant.

3.     Claimant, founded in 2001, designs and manufactures electronic components for the consumer electronics and automotive markets which include touch panels, cover glass, camera modules, biometric sensors, haptic response technology and LCD modules.

4.     On January 16, 2018, Claimant and its affiliate O-Film Global (HK) Trading Limited ("**Affiliate**") filed a complaint against the Debtor in the California Superior Court County of Los Angeles (the "**Complaint**") alleging breach of contract, fraud, common count in *quantum meruit*, and unfair competition, seeking (i) compensatory damages in the amount of $24,095,428 (related to unpaid electronic components provided to the Debtor); (ii) punitive damages; (iii) prejudgment interest at the maximum legal rate as allowed by law; (iv) reasonable attorneys fees; (v) costs of suit, and (vi) such other relief as the court may grant.  A copy of the Complaint is attached hereto as Schedule 1. The Complaint (and Claimant's rights thereunder) forms the basis for the claims asserted against the Debtor in this Proof of Claim (the "**Claim**"). The Claim is held by Claimant and Affiliate jointly and for this reason Claim is set forth in its full on each of their proofs of claim.

5.      Claimant reserves the right to withdraw this Proof of Claim for any reason whatsoever.  Claimant further reserves the right to file additional Proofs of Claim for additional claims at any time, either before or after the any applicable bar date established by the Bankruptcy Court.

6.      Claimant does not waive any right or rights of action that it has or may have against the Debtor or any other person or persons and does not waive any substantive or procedural defenses to any claim that may be asserted against the Claimant by the Debtor or any other person.  Without limiting the foregoing, this Proof of Claim is not intended to be, and shall not be construed as: (i) an election of remedies; (ii) a waiver of any defaults; (iii) a waiver or limitation of any of Claimant's rights, remedies, claims or interests under applicable law against Claimant or any other person or entity; (iv) a waiver of Claimant's property or ownership rights (legal or equitable); (v) a waiver of Claimant's legal, equitable or beneficial interests; and/or (vi) an admission by Claimant that any property held by the Debtor (or any subsidiary or affiliate thereof) is property of the estate.

7.      This Proof of Claim is filed to protect Claimant from potential forfeiture of any claims.  By filing this Proof of Claim, Claimant (i) does not submit to the jurisdiction of this Court for any purpose other than with respect to this Proof of Claim, (ii) does not waive (and expressly reserves) all of its procedural and substantive defenses to any claim that may be asserted against it by the Debtor, its estate, or any successor entity, or any other person, including, without limitation, any defense based upon the lack of jurisdiction of this Court to entertain any such claim, (iii) does not waive (and expressly reserves) any claim, right, or right of action that Claimant has or might have against the Debtor, its estate, any successor entity, or any other person or entity whether such claim, right, or action arises prior to, upon,

- 2 -

or after the petition date, and (iv) does not waive (and expressly reserves) any and all other legal or equitable rights or remedies that it may have pursuant to applicable law or agreement.

8.    The filing of this Proof of Claim shall not be deemed or construed as: (i) consent by Claimant to a jury trial in the Bankruptcy Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (ii) a waiver of the right of Claimant to trial by jury in any proceeding so triable herein or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial is pursuant to statute or the United States Constitution; (iii) a waiver of the right of Claimant to have final orders in non-core matters entered only after de novo review by a District Court judgment; (iv) a waiver of the right of Claimant to assert that 28 U.S.C. § 157(b)(2)(C) is unconstitutional, which right is expressly reserved; (v) a waiver of the right of Claimant to have the reference withdrawn by the District Court in any matter subject to mandatory or discretionary withdrawal; (vi) a waiver of any past, present, or future event of default; and/or (vii) a waiver or limitation of any rights of Claimant, including, without limitation, a waiver of obligations owing to Claimant, rights, claims, actions, defenses, set-offs, netting rights or recoupments to which Claimant is or may be entitled under agreements, in law or in equity, against any of the Debtor (or any subsidiary, or affiliate thereof) or any other person, including without limitation, rights against guarantors, officers, or directors, or the right to contest the validity priority or extent of any right or interest purported to be equal, senior or inferior to any right or interest of Claimant, all of which rights, claims, actions, defenses, set-offs, and recoupments are expressly reserved by Claimant.

- 3 -

9.    All notices and communications concerning this Proof of Claim should be sent

to the following addresses:

Neil B. Glassman
Scott D. Cousins
GianClaudio Finizio
600 N. King Street
Suite 400
Wilmington, Delaware 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
Email: nglassman@bayardlaw.com
        scousins@bayardlaw.com
        gfinizio@bayardlaw.com

Robert Lin
Deputy General Manager (Investment &
Legal)
11th Floor, Tower 6, Taiziwan Business Plaza
No. 91 Shanghai Road, Nanshan District
Shenzhen, Guangdong, China
Telephone: +86 136 3150 9227
Email: lin.hongping@ofilm.com

Dated as of January 21, 2020

{04358/609431-000/02392176.1}

# Schedule 1

[January 16, 2018 Complaint in the California Superior Court County of Los Angeles]

1    LILAW INC.
     J. James Li (SBN 202855)
2    Tony Abdollahi (SBN 157235)
     Andrew M. Pierz (SBN 292970)
3    5050 El Camino Real, Suite 200
     Los Altos, California 94022
4    Telephone: (650) 521-5956
     Facsimile: (650) 521-5955
5    Email: lij@lilaw.us

6    Attorneys for Plaintiffs O-Film Global (Hk) Trading Limited &
     Nanchang O-Film Photoelectric Technology Co., Ltd.

7

8

9              **CALIFORNIA SUPERIOR COURT**

10                 **COUNTY OF LOS ANGELES**

11

12

13

14   O-FILM GLOBAL (HK) TRADING LIMITED       Case No. Y 007 26 17
     and NANCHANG O-FILM PHOTOELECTRIC
15   TECHNOLOGY CO., LTD.,                     **COMPLAINT FOR BREACH OF**
                                               **CONTRACT, FRAUD, COMMON**
16              Plaintiffs,                    **COUNT IN QUANTUM MERUIT AND**
                                               **UNFAIR COMPETITION**
17        vs.
                                               **UNLIMITED**
     YUE-TING JIA, and DOES 1 through 5,
18   inclusive,                                **JURY TRIAL DEMANDED**

19              Defendants.

20

21

22

23

24

25

26

27

28

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 16 2018

Sherri R. Carter, Executive Officer/Clerk
By C. Johnston, Deputy

CASE ASSIGNED FOR
ALL PURPOSES TO
Judge          ~~RAMONA SEE~~
Dept.          Div.

                                               Case No.
                        COMPLAINT

1  **LILAW INC.**
J. James Li (SBN 202855)
2  Tony Abdollahi (SBN 157235)
Andrew M. Pierz (SBN 292970)
3  5050 El Camino Real, Suite 200
Los Altos, California 94022
4  Telephone: (650) 521-5956
Facsimile: (650) 521-5955
5  Email: lij@lilaw.us

6  Attorneys for Plaintiffs O-Film Global (Hk) Trading Limited &
Nanchang O-Film Photoelectric Technology Co., Ltd.

7

8

9                         **CALIFORNIA SUPERIOR COURT**

10                          **COUNTY OF LOS ANGELES**

11

12

13

14  O-FILM GLOBAL (HK) TRADING LIMITED    Case No.
    and NANCHANG O-FILM PHOTOELECTRIC
15  TECHNOLOGY CO., LTD.,                  **COMPLAINT FOR BREACH OF**
                                          **CONTRACT, FRAUD, COMMON**
16             Plaintiffs,                **COUNT IN QUANTUM MERUIT AND**
                                          **UNFAIR COMPETITION**
17        vs.

    YUE-TING JIA, and DOES 1 through 5,    **UNLIMITED**
18  inclusive,
                                          **JURY TRIAL DEMANDED**
19             Defendants.

20

21

22

23

24

25

26

27

28

                                                              Case No.
                                    COMPLAINT

Plaintiffs O-Film Global (HK) Trading Limited and Nanchang O-Film Photoelectric Technology Co., Ltd. (collectively "Plaintiffs" or "O-film") hereby complain and allege against Defendant Yue-Ting Jia, and Does 1-5 (collectively "Defendant" or "Jia"), as follows.

## PARTIES AND NATURE OF ACTION

1.    Plaintiffs are sister companies for manufacture and sales of electronic components.

2.    Defendant Jia is Chinese citizen currently residing in Los Angeles County.

3.    The true names and capacities of the defendants named as Does 1 through 5 are unknown to Plaintiff and are therefore sued by fictitious names. Plaintiff will amend this complaint to plead their true names and capacities after they have been ascertained.

4.    Each defendant in this action is an agent of the remaining defendants, such that their acts or omissions are imputed to the other and each is jointly and severally liable for any such acts or omissions

5.    This is an action for breach of contract, fraud, common count in quantum meruit and unfair competition against Jia based on his status as the alter ego of Leshi Holding Beijing Co., a.k.a. LeEco ("LeEco").

## JURISDICTION AND VENUE

6.    This Court has general subject matter jurisdiction under the California Constitution, Art. VI, and personal jurisdiction over Jia because he is domiciled in the State of California. Venue is proper in this Court under Code of Civil Procedure § 395(a) because Jia resides in this County at this time.

## GENERAL ALLEGATIONS

7.    O-film was founded in 2001 and formally began to operate in August 2002. O-film designs and manufactures electronic components for the consumer electronics and automotive markets. The company's product line has expanded to include touch panels, cover glass, camera modules, biometric sensors, haptic response technology and LCD modules. The company is the global market leader in capacitive touch panel production, and the Chinese market leader in CMOS camera module production and fingerprint ID modules.

8.      Jia is an individual who resides in Rancho Palos Verdes, California. He is the founder
of LeEco, a privately owned multinational company based in Beijing, China that develops and
markets consumer electronic products and distributes entertainment over the internet.[1]

9.      O-film was an OEM supplier to LeEco, as a result of which, LeEco owes O-Film
$24,095,428 for unpaid electronic components. Despite O-film's repeated demands that LeEco
satisfy its contractual obligations and reimburse for the components, LeEco has failed to pay. Rather,
LeEco is laden in debt, on the verge of collapse and has had its trading suspended due to the
fraudulent and illegal practices of Jia.

10.      "Embattled Chinese internet conglomerate LeEco has been branded a 'Ponzi scheme'
in an online comment made and endorsed by some of the country's leading lights in technology."[2]
According to Tencent co-founder Zeng Liqing, "LeEco is obviously a Ponzi scheme. You don't
belong in the investment market or entrepreneurial world if you can't see that." As a result, "[m]any
of Jia's assets have been frozen by court orders as creditors encountered difficulties in getting their
money back." *Id.*

11.      For these reasons, Jia has been designated by China in an official list for defrauding
creditors. "Mr. Jia is the highest-profile name on something else in China: an official online blacklist
of credit defaulters … Mr. Jia was added to the blacklist this week over unpaid debt totaling $72
million, including interest and fees."[3]  Described as "among the brashest" figures, "Mr. Jia resigned
from all his positions at Leshi Internet, LeEco's publicly traded arm, after a court in Shanghai froze
$182 million in assets tied to him." *Id.* In an effort to avoid liability, Jia escaped China and "said he
was living in California." *Id.*

---

[1] He is also presently the Chairman and founder of Faraday & Future, Inc., a privately-owned
Gardena, California company developing and marketing electric automobiles.

[2] Meng, J. "Tencent co-founder brands LeEco a 'Ponzi scheme.'" *CNBC News*. NBC Universal, July
18, 2017.

[3] Zhong, R, et al., "China Names and Shames Tech Tycoon With Debt Blacklist." *New York Times*.
The New York Times Company, December 13, 2017.



12.    However, China has "demanded LeEco founder Jia Yueting return to China before the end of the year to fix his business empire's financial woes."[4] In response, Jia has "admitted the company had been 'burning money' and had 'spent recklessly' on its expansion efforts." *Id.*

## ALTER EGO

13.    Among his other acts of malfeasance, Jia treated LeEco as his personal piggybank and comingled personal and corporate funds. As a result, a significant part of Jia's personal assets was derived from this alter ego activity. Jia has amassed a reported personal worth of RMB¥ 42 billion (approximate US$ 6.3 billion) from manipulating various subsidiaries of LeEco. His salary and stock holdings alone are far from being able to account to the personal wealth. There is such unity of interest and ownership that the separate personalities of the LeEco corporation and Jia no longer exist, and that if the acts are treated as those of the corporation alone, an inequitable result will follow.

14.    He and his family, including his sister, dominate and control LeEco. He is substantially its equitable owner and is personally served by the same offices and employees. On information and belief, Jia commingled the company assets with his personal assets and failed to maintain an arm's length relationship with the corporate entity.

15.    In 2015, Jia obtained government permission[5] to sell a significant portion of his holding of LeEco, on the promise that all the proceeds of the sales would be "lent" to LeEco to repay the latter's corporate debt. Jia and his sister received more than RMB¥ 10 billion proceeds (more than US$ 1.5 billion) from the sales. After the sales of the stocks, however, Jia escaped to the United States with most of the stock sales proceeds, leaving LeEco in an insolvent state without the capacity to repay its corporate debts, including the debts at issue in this case.

---

[4] Shane, D. "China orders tech tycoon to return and face debts." *CNN Money.* Time Warner, December 26, 2017.

[5] The Chinese stock market is heavily regulated by the government. As the founder and majority shareholder of LeEco, Jia would not have been able to sell his LeEco stocks without the government's approval. Such approval was obtained based on his promise to lend all the proceeds of the stock sales to LeEco to repay its corporate debts.

16.    Jia is now wanted by the Chinese government to return to China to account for the missing fortunes of LeEco.

## FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT
### (Against All Defendants)

17.    Plaintiff incorporates by reference the foregoing averments as if fully set forth herein.

18.    O-film and LeEco entered into a contract whereby, through mutual assent, the former agreed to sell electronic components to the latter. In consideration thereof, O-film performed all conditions and covenants under the contract, including delivering the electronic components purchased by LeEco. As implied by its conduct, LeEco acknowledged its obligations under the contract by accepting and taking delivery of the components sold by O-film.

19.    LeEco breached the contract by refusing to pay for the electronic components, thereby resulting in damages to O-film in the amount of $24,095,428, exclusive of interest. Due to the unity of interest and ownership between LeEco and Jia and the inequity that would result if these acts were treated as LeEco's alone, Jia is the alter ego of LeEco and is personally liable for these damages.

## SECOND CAUSE OF ACTION FOR FRAUD
### (Against All Defendants)

20.    Plaintiff incorporates by reference the foregoing averments as if fully set forth herein.

21.    LeEco and Jia represented to O-film that they would provide reimbursement for the electronic components requested. LeEco and Jia knew, at the time made, these representations to be false and intended to defraud O-film by inducing reliance thereon.  O-film reasonably and justifiably relied on these misrepresentations and provided LeEco with millions of dollars of OEM electronic components.

22.    LeEco refused to pay for the electronic components, thereby resulting in damages to O-film in the amount of $24,095,428, exclusive of interest.  In undertaking the conduct alleged herein, LeEco and Jia have acted with malice, oppression and fraud under California Civil Code § 3294.

Case No.

23.     Due to the unity of interest and ownership between LeEco and Jia and the inequity that would result if these acts were treated as LeEco's alone, Jia is the alter ego of LeEco and is personally liable for these damages.

## THIRD CAUSE OF ACTION FOR
## COMMON COUNT IN QUANTUM MERUIT
### (Against All Defendants)

24.     Plaintiff incorporates by reference the foregoing averments as if fully set forth herein.

25.     LeEco is indebted to O-film in the amount of $24,095,428, exclusive of interest in consideration for goods provided by O-film for the production of various electronic components. Despite O-film's repeated request for this indebted sum, O-film has not made payment, thereby resulting in damages to O-film in the amount of $24,095,428, exclusive of interest. Due to the unity of interest and ownership between LeEco and Jia and the inequity that would result if these acts were treated as LeEco's alone, Jia is the alter ego of LeEco and is personally liable for these damages.

## FOURTH CAUSE OF ACTION FOR UNFAIR COMPETITION
### (Against All Defendants)

26.     Plaintiffs incorporate by reference the foregoing averments as if fully set forth herein.

27.     LeEco's conduct, including but not limited to, breaching its contract to pay for electronic components and falsely representing that it would pay O-film, (i) is an unlawful, unfair and fraudulent business practice under Business & Professions Code § 17200, (ii) offends an established public policy, and (iii) is immoral, unethical, oppressive, and unscrupulous. LeEco's unfair business practices have damaged O-film as set forth herein.

28.     Due to the unity of interest and ownership between LeEco and Jia and the inequity that would result if these acts were treated as LeEco's alone, Jia is the alter ego of LeEco and is personally liable for these damages.

## PRAYER FOR RELIEF

29. WHEREFORE, Plaintiffs pray for relief against Defendants as follows:

COMPLAINT

a.  The Court shall award compensatory damages according to proof, and no less than $24,095,428;

b.  The Court shall award prejudgment interest at the maximum legal rate as allowed by the law;

c.  The Court shall award punitive damages;

d.  The Court shall award reasonable attorney's fees according to the proof;

e.  The Court shall award costs of suit herein incurred; and

f.  The Court shall award such other and further relief as the Court may deem proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: January 15, 2018

**LiLaw Inc.**
**Attorneys for Plaintiffs**
O-Film Global (HK) Trading Limited & Nanchang O-Film Photoelectric Technology Co., Ltd.

By _____

J. James Li, Ph.D.



6
COMPLAINT                                    Case No.



**XH BNOA**

TRK# 7775 6490 4303
[0201]

RECEIVED
JAN 2 2 2020
LEGAL SERVICES

WED - 22 JAN 10:30A
PRIORITY OVERNIGHT

97005
PDX
OR-US

ORIGIN ID:ZWA
MAILROOM
BAYARD, PA
600 N. KING STREET
SUITE 400
WILMINGTON, DE 19801
UNITED STATES US

TO YUETING JIA
EPIQ CORPORATE RESTRUCTURING, LLC
10300 SW ALLEN BLVD.

BEAVERTON OR 97005
(503) 350-5800
REF: 33092-1

(302) 429-4258

SHIP DATE: 21JAN20
ACT WGT: 0.50 LB
CAD: 103853690/INET4220

BILL SENDER

56B.J2/0F82/FE4A

---

After printing this label:
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.



COPY
Document Control

Filed: USBC - Central District of California
Yueting Jia   (B10)
19-24804 (VPZ)



YT1

0000000037

**RECEIVED**

JAN 23 2020

**LEGAL SERVICES**

<table>
<tr><td colspan="2">Fill in this information to identify the case:</td></tr>
<tr><td>Debtor 1</td><td>Yeuting Jia</td></tr>
<tr><td>Debtor 2<br>(Spouse, if filing)</td><td></td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>Central_____ District of _California____</td></tr>
<tr><td>Case number</td><td>2:19-bk-24804-VZ</td></tr>
</table>

Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

O-Film Global (HK) Trading Limited
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Robert Lin
Name

11th Floor, Tower 6, Taiziwan Business Plaza,
No.91 Shanghai Road,Nanshan District
Number        Street

Shenzhen, Guangdon China
City                              State              ZIP Code

Contact phone +86 136 3150 9227

Contact email lin.hongping@ofilm.com

See attached statement for additional notice request.

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

Where should payments to the creditor be sent? (if different)

Name

Number        Street

City                              State              ZIP Code

Contact phone _____

Contact email _____

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

## Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ _____ _____ _____

**7. How much is the claim?** $ 24,095,428.00  Does this amount include interest or other charges?

See attached statement.

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

See attached statement.

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe:

Basis for perfection:

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $

Amount of the claim that is secured: $

Amount of the claim that is unsecured: $ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $

Annual Interest Rate (when case was filed) _____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition: $

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property:

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |

*\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.*

---

## Part 3:  Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  01 / 19 / 2020
                  MM / DD / YYYY

_Signature_

Print the name of the person who is completing and signing this claim:

| Name | Robert | | Lin |
|---|---|---|---|
| | First name | Middle name | Last name |

Title  Deputy General Manager (Investment & Legal)

Company  O-Film Global (HK) Trading Limited
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  11th Floor,Tower 6,Taiziwan Business Plaza,No.91 Shanghai Road,Nanshan Distric
         Number      Street
         Shenzhen, Guangdon China
         City                              State      ZIP Code

Contact phone  +86 136 3150 9227        Email  lin.hongping@ofilm.com

### ATTACHMENT TO PROOF OF CLAIM OF O-FILM GLOBAL (HK) TRADING LIMITED

1.      On October 14, 2019 (the "**Petition Date**"), Yueting Jia (the "**Debtor**") filed his voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") thereby commencing the above-referenced bankruptcy case (the "**Case**").

2.      This proof of claim (the "**Proof of Claim**") is being filed in the Debtor's bankruptcy Case by O-Film Global (HK) Trading Limited ("**Claimant**") to assert, as discussed in greater detail below, certain claims on behalf of the Claimant.

3.      Claimant, founded in 2001, designs and manufactures electronic components for the consumer electronics and automotive markets which include touch panels, cover glass, camera modules, biometric sensors, haptic response technology and LCD modules.

4.      On January 16, 2018, Claimant and its affiliate Nanchang O-Film Photoelectric Technology Co., Ltd. ("Affiliate") filed a complaint against the Debtor in the California Superior Court County of Los Angeles (the "**Complaint**") alleging breach of contract, fraud, common count in *quantum meruit*, and unfair competition, seeking compensatory damages in the amount of $24,095,428 (related to unpaid electronic components provided to the Debtor); (ii) punitive damages; (iii) prejudgment interest at the maximum legal rate as allowed by law; (iv) reasonable attorneys fees; (v) costs of suit, and (vi) such other relief as the court may grant. A copy of the Complaint is attached hereto as Schedule 1. The Complaint (and Claimant's rights thereunder) forms the basis for the claims asserted against the Debtor in this Proof of Claim (the "**Claim**"). The Claim is held by Claimant and Affiliate jointly and for this reason Claim is set forth in its full on each of their proofs of claim.

5.    Claimant reserves the right to withdraw this Proof of Claim for any reason whatsoever.  Claimant further reserves the right to file additional Proofs of Claim for additional claims at any time, either before or after the any applicable bar date established by the Bankruptcy Court.

6.    Claimant does not waive any right or rights of action that it has or may have against the Debtor or any other person or persons and does not waive any substantive or procedural defenses to any claim that may be asserted against the Claimant by the Debtor or any other person.  Without limiting the foregoing, this Proof of Claim is not intended to be, and shall not be construed as: (i) an election of remedies; (ii) a waiver of any defaults; (iii) a waiver or limitation of any of Claimant's rights, remedies, claims or interests under applicable law against Claimant or any other person or entity; (iv) a waiver of Claimant's property or ownership rights (legal or equitable); (v) a waiver of Claimant's legal, equitable or beneficial interests; and/or (vi) an admission by Claimant that any property held by the Debtor (or any subsidiary or affiliate thereof) is property of the estate.

7.    This Proof of Claim is filed to protect Claimant from potential forfeiture of any claims.  By filing this Proof of Claim, Claimant (i) does not submit to the jurisdiction of this Court for any purpose other than with respect to this Proof of Claim, (ii) does not waive (and expressly reserves) all of its procedural and substantive defenses to any claim that may be asserted against it by the Debtor, its estate, or any successor entity, or any other person, including, without limitation, any defense based upon the lack of jurisdiction of this Court to entertain any such claim, (iii) does not waive (and expressly reserves) any claim, right, or right of action that Claimant has or might have against the Debtor, its estate, any successor

{04358/609431-000/02392176.1}

entity, or any other person or entity whether such claim, right, or action arises prior to, upon, or after the petition date, and (iv) does not waive (and expressly reserves) any and all other legal or equitable rights or remedies that it may have pursuant to applicable law or agreement.

8.    The filing of this Proof of Claim shall not be deemed or construed as: (i) consent by Claimant to a jury trial in the Bankruptcy Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (ii) a waiver of the right of Claimant to trial by jury in any proceeding so triable herein or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial is pursuant to statute or the United States Constitution; (iii) a waiver of the right of Claimant to have final orders in non-core matters entered only after de novo review by a District Court judgment; (iv) a waiver of the right of Claimant to assert that 28 U.S.C. § 157(b)(2)(C) is unconstitutional, which right is expressly reserved; (v) a waiver of the right of Claimant to have the reference withdrawn by the District Court in any matter subject to mandatory or discretionary withdrawal; (vi) a waiver of any past, present, or future event of default; and/or (vii) a waiver or limitation of any rights of Claimant, including, without limitation, a waiver of obligations owing to Claimant, rights, claims, actions, defenses, set-offs, netting rights or recoupments to which Claimant is or may be entitled under agreements, in law or in equity, against any of the Debtor (or any subsidiary, or affiliate thereof) or any other person, including without limitation, rights against guarantors, officers, or directors, or the right to contest the validity priority or extent of any right or interest purported to be equal, senior or inferior to any right or interest of Claimant,

{04358/609431-000/02392176.1}

all of which rights, claims, actions, defenses, set-offs, and recoupments are expressly reserved

by Claimant.

9.    All notices and communications concerning this Proof of Claim should be sent

to the following addresses:

Neil B. Glassman
Scott D. Cousins
GianClaudio Finizio
600 N. King Street
Suite 400
Wilmington, Delaware 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
Email: nglassman@bayardlaw.com
        scousins@bayardlaw.com
        gfinizio@bayardlaw.com

Robert Lin
Deputy General Manager (Investment &
Legal)
11th Floor, Tower 6, Taiziwan Business Plaza
No. 91 Shanghai Road, Nanshan District
Shenzhen, Guangdong, China
Telephone: +86 136 3150 9227
Email: lin.hongping@ofilm.com

Dated as of January 21, 2020

# Schedule 1

[January 16, 2018 Complaint in the California Superior Court County of Los Angeles]

LILAW INC.
J. James Li (SBN 202855)
Tony Abdollahi (SBN 157235)
Andrew M. Pierz (SBN 292970)
5050 El Camino Real, Suite 200
Los Altos, California 94022
Telephone: (650) 521-5956
Facsimile: (650) 521-5955
Email: lij@lilaw.us

Attorneys for Plaintiffs O-Film Global (Hk) Trading Limited &
Nanchang O-Film Photoelectric Technology Co., Ltd.

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 16 2018

Sherri R. Carter, Executive Officer/Clerk
By C. Johnston, Deputy

CASE ASSIGNED FOR
ALL PURPOSES TO
Judge_____ RAMONA SEE
Dept._____ Div._____

## CALIFORNIA SUPERIOR COURT

## COUNTY OF LOS ANGELES

| | |
|---|---|
| O-FILM GLOBAL (HK) TRADING LIMITED and NANCHANG O-FILM PHOTOELECTRIC TECHNOLOGY CO., LTD.,<br><br>Plaintiffs,<br><br>vs.<br><br>YUE-TING JIA, and DOES 1 through 5, inclusive,<br><br>Defendants. | Case No. YC072617<br><br>**COMPLAINT FOR BREACH OF CONTRACT, FRAUD, COMMON COUNT IN QUANTUM MERUIT AND UNFAIR COMPETITION**<br><br>**UNLIMITED**<br><br>**JURY TRIAL DEMANDED** |

Case No.

COMPLAINT

**LILAW INC.**
J. James Li (SBN 202855)
Tony Abdollahi (SBN 157235)
Andrew M. Pierz (SBN 292970)
5050 El Camino Real, Suite 200
Los Altos, California 94022
Telephone: (650) 521-5956
Facsimile: (650) 521-5955
Email:  lij@lilaw.us

Attorneys for Plaintiffs O-Film Global (Hk) Trading Limited &
Nanchang O-Film Photoelectric Technology Co., Ltd.

**CALIFORNIA SUPERIOR COURT**

**COUNTY OF LOS ANGELES**

|  |  |
|---|---|
| O-FILM GLOBAL (HK) TRADING LIMITED and NANCHANG O-FILM PHOTOELECTRIC TECHNOLOGY CO., LTD.,<br><br>        Plaintiffs,<br><br>        vs.<br><br>YUE-TING JIA, and DOES 1 through 5, inclusive,<br><br>        Defendants. | Case No.<br><br>**COMPLAINT FOR BREACH OF CONTRACT, FRAUD, COMMON COUNT IN QUANTUM MERUIT AND UNFAIR COMPETITION**<br><br>**UNLIMITED**<br><br>**JURY TRIAL DEMANDED** |

Case No.

Plaintiffs O-Film Global (HK) Trading Limited and Nanchang O-Film Photoelectric Technology Co., Ltd. (collectively "Plaintiffs" or "O-film") hereby complain and allege against Defendant Yue-Ting Jia, and Does 1-5 (collectively "Defendant" or "Jia"), as follows.

## PARTIES AND NATURE OF ACTION

1.     Plaintiffs are sister companies for manufacture and sales of electronic components.

2.     Defendant Jia is Chinese citizen currently residing in Los Angeles County.

3.     The true names and capacities of the defendants named as Does 1 through 5 are unknown to Plaintiff and are therefore sued by fictitious names. Plaintiff will amend this complaint to plead their true names and capacities after they have been ascertained.

4.     Each defendant in this action is an agent of the remaining defendants, such that their acts or omissions are imputed to the other and each is jointly and severally liable for any such acts or omissions

5.     This is an action for breach of contract, fraud, common count in quantum meruit and unfair competition against Jia based on his status as the alter ego of Leshi Holding Beijing Co., a.k.a. LeEco ("LeEco").

## JURISDICTION AND VENUE

6.     This Court has general subject matter jurisdiction under the California Constitution, Art. VI, and personal jurisdiction over Jia because he is domiciled in the State of California. Venue is proper in this Court under Code of Civil Procedure § 395(a) because Jia resides in this County at this time.

## GENERAL ALLEGATIONS

7.     O-film was founded in 2001 and formally began to operate in August 2002. O-film designs and manufactures electronic components for the consumer electronics and automotive markets. The company's product line has expanded to include touch panels, cover glass, camera modules, biometric sensors, haptic response technology and LCD modules. The company is the global market leader in capacitive touch panel production, and the Chinese market leader in CMOS camera module production and fingerprint ID modules.



8.   Jia is an individual who resides in Rancho Palos Verdes, California. He is the founder of LeEco, a privately owned multinational company based in Beijing, China that develops and markets consumer electronic products and distributes entertainment over the internet.[1]

9.   O-film was an OEM supplier to LeEco, as a result of which, LeEco owes O-Film $24,095,428 for unpaid electronic components. Despite O-film's repeated demands that LeEco satisfy its contractual obligations and reimburse for the components, LeEco has failed to pay. Rather, LeEco is laden in debt, on the verge of collapse and has had its trading suspended due to the fraudulent and illegal practices of Jia.

10.   "Embattled Chinese internet conglomerate LeEco has been branded a 'Ponzi scheme' in an online comment made and endorsed by some of the country's leading lights in technology."[2] According to Tencent co-founder Zeng Liqing, "LeEco is obviously a Ponzi scheme. You don't belong in the investment market or entrepreneurial world if you can't see that." As a result, "[m]any of Jia's assets have been frozen by court orders as creditors encountered difficulties in getting their money back." *Id.*

11.   For these reasons, Jia has been designated by China in an official list for defrauding creditors. "Mr. Jia is the highest-profile name on something else in China: an official online blacklist of credit defaulters … Mr. Jia was added to the blacklist this week over unpaid debt totaling $72 million, including interest and fees."[3] Described as "among the brashest" figures, "Mr. Jia resigned from all his positions at Leshi Internet, LeEco's publicly traded arm, after a court in Shanghai froze $182 million in assets tied to him." *Id.* In an effort to avoid liability, Jia escaped China and "said he was living in California." *Id.*

---

[1] He is also presently the Chairman and founder of Faraday & Future, Inc., a privately-owned Gardena, California company developing and marketing electric automobiles.

[2] Meng, J. "Tencent co-founder brands LeEco a 'Ponzi scheme.'" *CNBC News.* NBC Universal, July 18, 2017.

[3] Zhong, R, et al., "China Names and Shames Tech Tycoon With Debt Blacklist." *New York Times.* The New York Times Company, December 13, 2017.

12.     However, China has "demanded LeEco founder Jia Yueting return to China before the end of the year to fix his business empire's financial woes."[4]  In response, Jia has "admitted the company had been 'burning money' and had 'spent recklessly' on its expansion efforts." *Id.*

## ALTER EGO

13.     Among his other acts of malfeasance, Jia treated LeEco as his personal piggybank and comingled personal and corporate funds. As a result, a significant part of Jia's personal assets was derived from this alter ego activity. Jia has amassed a reported personal worth of RMB¥ 42 billion (approximate US$ 6.3 billion) from manipulating various subsidiaries of LeEco. His salary and stock holdings alone are far from being able to account to the personal wealth. There is such unity of interest and ownership that the separate personalities of the LeEco corporation and Jia no longer exist, and that if the acts are treated as those of the corporation alone, an inequitable result will follow.

14.     He and his family, including his sister, dominate and control LeEco. He is substantially its equitable owner and is personally served by the same offices and employees. On information and belief, Jia commingled the company assets with his personal assets and failed to maintain an arm's length relationship with the corporate entity.

15.     In 2015, Jia obtained government permission[5] to sell a significant portion of his holding of LeEco, on the promise that all the proceeds of the sales would be "lent" to LeEco to repay the latter's corporate debt. Jia and his sister received more than RMB¥ 10 billion proceeds (more than US$ 1.5 billion) from the sales. After the sales of the stocks, however, Jia escaped to the United States with most of the stock sales proceeds, leaving LeEco in an insolvent state without the capacity to repay its corporate debts, including the debts at issue in this case.

---

[4] Shane, D.  "China orders tech tycoon to return and face debts." *CNN Money.*  Time Warner, December 26, 2017.

[5] The Chinese stock market is heavily regulated by the government. As the founder and majority shareholder of LeEco, Jia would not have been able to sell his LeEco stocks without the government's approval. Such approval was obtained based on his promise to lend all the proceeds of the stock sales to LeEco to repay its corporate debts.

16.    Jia is now wanted by the Chinese government to return to China to account for the missing fortunes of LeEco.

## FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT
### (Against All Defendants)

17.    Plaintiff incorporates by reference the foregoing averments as if fully set forth herein.

18.    O-film and LeEco entered into a contract whereby, through mutual assent, the former agreed to sell electronic components to the latter. In consideration thereof, O-film performed all conditions and covenants under the contract, including delivering the electronic components purchased by LeEco. As implied by its conduct, LeEco acknowledged its obligations under the contract by accepting and taking delivery of the components sold by O-film.

19.    LeEco breached the contract by refusing to pay for the electronic components, thereby resulting in damages to O-film in the amount of $24,095,428, exclusive of interest. Due to the unity of interest and ownership between LeEco and Jia and the inequity that would result if these acts were treated as LeEco's alone, Jia is the alter ego of LeEco and is personally liable for these damages.

## SECOND CAUSE OF ACTION FOR FRAUD
### (Against All Defendants)

20.    Plaintiff incorporates by reference the foregoing averments as if fully set forth herein.

21.    LeEco and Jia represented to O-film that they would provide reimbursement for the electronic components requested. LeEco and Jia knew, at the time made, these representations to be false and intended to defraud O-film by inducing reliance thereon. O-film reasonably and justifiably relied on these misrepresentations and provided LeEco with millions of dollars of OEM electronic components.

22.    LeEco refused to pay for the electronic components, thereby resulting in damages to O-film in the amount of $24,095,428, exclusive of interest. In undertaking the conduct alleged herein, LeEco and Jia have acted with malice, oppression and fraud under California Civil Code § 3294.

23.    Due to the unity of interest and ownership between LeEco and Jia and the inequity that would result if these acts were treated as LeEco's alone, Jia is the alter ego of LeEco and is personally liable for these damages.

## THIRD CAUSE OF ACTION FOR
## COMMON COUNT IN QUANTUM MERUIT
### (Against All Defendants)

24.    Plaintiff incorporates by reference the foregoing averments as if fully set forth herein.

25.    LeEco is indebted to O-film in the amount of $24,095,428, exclusive of interest in consideration for goods provided by O-film for the production of various electronic components. Despite O-film's repeated request for this indebted sum, O-film has not made payment, thereby resulting in damages to O-film in the amount of $24,095,428, exclusive of interest. Due to the unity of interest and ownership between LeEco and Jia and the inequity that would result if these acts were treated as LeEco's alone, Jia is the alter ego of LeEco and is personally liable for these damages.

## FOURTH CAUSE OF ACTION FOR UNFAIR COMPETITION
### (Against All Defendants)

26.    Plaintiffs incorporate by reference the foregoing averments as if fully set forth herein.

27.    LeEco's conduct, including but not limited to, breaching its contract to pay for electronic components and falsely representing that it would pay O-film, (i) is an unlawful, unfair and fraudulent business practice under Business & Professions Code § 17200, (ii) offends an established public policy, and (iii) is immoral, unethical, oppressive, and unscrupulous. LeEco's unfair business practices have damaged O-film as set forth herein.

28.    Due to the unity of interest and ownership between LeEco and Jia and the inequity that would result if these acts were treated as LeEco's alone, Jia is the alter ego of LeEco and is personally liable for these damages.

## PRAYER FOR RELIEF

29. WHEREFORE, Plaintiffs pray for relief against Defendants as follows:

a.  The Court shall award compensatory damages according to proof, and no less than $24,095,428;

b.  The Court shall award prejudgment interest at the maximum legal rate as allowed by the law;

c.  The Court shall award punitive damages;

d.  The Court shall award reasonable attorney's fees according to the proof;

e.  The Court shall award costs of suit herein incurred; and

f.  The Court shall award such other and further relief as the Court may deem proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED:  January 15, 2018

LILAW INC.
**ATTORNEYS FOR PLAINTIFFS**
O-Film Global (HK) Trading Limited & Nanchang O-Film Photoelectric Technology Co., Ltd.

By

J. James Li, Ph.D.



Case No.



FP ℗ **US POSTAGE**
**$025.50º**
PM EXPRESS
ZIP 19801
01/21/2020
034A 0081801127

# PRIORITY
## ★ MAIL ★
# EXPI



SAME GREAT
EXPRESS MAIL®

NSURED

★

EL333490299US

**FLAT RATE E**
ONE RATE ★ ANY

**UNITED STATES POSTAL SERVICE ®**

**PRIORITY**
**★ MAIL ★**
**EXPRESS™**



WRITE FIRMLY WITH BALL POINT PEN ON HARD SURFACE TO MAKE ALL COPIES LEGIBLE.

**CUSTOMER USE ONLY**
FROM: (PLEASE PRINT)          PHONE (      )

JAN 21 2020

**PAYMENT BY ACCOUNT (If applicable)**

**DELIVERY OPTIONS (Customer Use Only)**
☐ **SIGNATURE REQUIRED** *Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.*
Delivery Options
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available")
☐ 10:30 AM Delivery Required (additional fee, where available")
   *Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT)          PHONE (      )

**RECEIVED**
**JAN 23 2020**
**LEGAL SERVICES**

ZIP + 4® (U.S. ADDRESSES ONLY)

★ For pickup or USPS Tracking™, visit USPS.com® or call 800-222-1811.
★ $100.00 insurance included.

**ORIGIN (POSTAL SERVICE USE ONLY)**

| ☐ 1-Day | ☐ 2-Day | ☐ Military | ☐ DPO |
|---|---|---|---|

| PO ZIP Code | Scheduled Delivery Date (MM/DD/YY) | Postage |
|---|---|---|
| 19801 | 01/23/21 | $ 25.50 |

| Date Accepted (MM/DD/YY) | Scheduled Delivery Time | Insurance Fee | COD Fee |
|---|---|---|---|
| 1/21/20 | ☐ 10:30 AM ☐ 3:00 PM ☐ 12 NOON | $ | $ |

| Time Accepted | 10:30 AM Delivery Fee | Return Receipt Fee | Live Animal Transportation Fee |
|---|---|---|---|
| 5 ☐ AM ☐ PM | $ | $ | $ |

| Weight ☐ Flat Rate | Sunday/Holiday Premium Fee | Total Postage & Fees |
|---|---|---|
| lbs.    oz. | $ | $ 25.50 |

| | Acceptance Employee Initials | |
|---|---|---|

**DELIVERY (POSTAL SERVICE USE ONLY)**

| Delivery Attempt (MM/DD/YY) | Time | Employee Signature |
|---|---|---|
| | ☐ AM ☐ PM | |
| Delivery Attempt (MM/DD/YY) | Time | Employee Signature |
| | ☐ AM ☐ PM | |

LABEL 11-B, SEPTEMBER 2015    PSN 7690-02-000-9996    3-ADDRESSEE COPY



PS10001000006

EP13F July 2013
OD: 12.5 x 9.5



**UNITED STATES POSTAL SERVICE ®**

Filed: USBC - Central District of California
Yueting Jia   (B10)
19-24804 (VPZ)

YT1                  0000000033

## RECEIVED

JAN 2 2 2020

### LEGAL SERVICES

Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:   Identify the Claim

| | |
|---|---|
| 1. Who is the current creditor? | Nanchang O-Film Photoelectric Technology Co., Ltd |
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor |

| | |
|---|---|
| 2. Has this claim been acquired from someone else? | ☑ No<br>☐ Yes.  From whom? |

| 3. Where should notices and payments to the creditor be sent? | Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|---|
| Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Robert Lin | |
| | Name: 11th Floor, Tower 6, Taizwan Business Plaza, No.91 Shanghai Road, Nanshan District | Name |
| | Number   Street | Number   Street |
| | Shenzhen, Guangdong, China | |
| | City   State   ZIP Code | City   State   ZIP Code |
| | Contact phone  +86 136 3150 9227 | Contact phone |
| | Contact email  lin.hongping@ofilm.com | Contact email |
| | See attached statement for additional notice request. | |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

| | |
|---|---|
| 4. Does this claim amend one already filed? | ☑ No<br>☐ Yes.  Claim number on court claims registry (if known) _____   Filed on _____ MM / DD / YYYY |

| | |
|---|---|
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No<br>☐ Yes.  Who made the earlier filing? _____ |

Official Form 410                            Proof of Claim                                    page 1

**Part 2:    Give Information About the Claim as of the Date the Case Was Filed**

| 6. | Do you have any number you use to identify the debtor? | ☑ No: <br> ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___ |
|---|---|---|

| 7. | How much is the claim? | $ _____ 24,095,428.00   Does this amount include interest or other charges? <br> See attached statement.  ☑ No <br> ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
|---|---|---|

| 8. | What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. <br> Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). <br> Limit disclosing information that is entitled to privacy, such as health care information. <br><br> See attached statement. |
|---|---|---|

| 9. | Is all or part of the claim secured? | ☑ No <br> ☐ Yes. The claim is secured by a lien on property. <br> **Nature of property:** <br> ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.* <br> ☐ Motor vehicle <br> ☐ Other. Describe: <br><br> **Basis for perfection:** <br> Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.) <br><br> Value of property: ................... $ _____ <br> Amount of the claim that is secured:      $ _____ <br> Amount of the claim that is unsecured: $ _____      (The sum of the secured and unsecured amounts should match the amount in line 7.) <br><br> Amount necessary to cure any default as of the date of the petition:   $ _____ <br><br> Annual Interest Rate (when case was filed) _____ % <br> ☐ Fixed <br> ☐ Variable |
|---|---|---|

| 10. | Is this claim based on a lease? | ☑ No <br> ☐ Yes. Amount necessary to cure any default as of the date of the petition.      $ _____ |
|---|---|---|

| 11. | Is this claim subject to a right of setoff? | ☑ No <br> ☐ Yes. Identify the property: _____ |
|---|---|---|

12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?

☑ No

☐ Yes. Check one:

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

| | Amount entitled to priority |
|---|---|

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).    $ _____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).    $ _____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).    $ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).    $ _____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).    $ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.    $ _____

*Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3:    Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    01/19/2020
                    MM / DD / YYYY

_Signature_

Print the name of the person who is completing and signing this claim:

| Name | Robert | | Lin |
|---|---|---|---|
| | First name | Middle name | Last name |

Title    Deputy General Manager (Investment & Legal)

Company    Nanchang O-Film Photoelectric Technology Co., Ltd.

Identify the corporate servicer as the company if the authorized agent is a servicer.

Address    11th Floor, Tower 6, Taiziwan Business Plaza, No.91 Shanghai Road, Nanshan Distric
           Number    Street
           Shenzhen, Guangdong, China
           City                         State      ZIP Code

Contact phone    +86 136 3150 9227    Email  lin.hongping@ofilm.com

## ATTACHMENT TO PROOF OF CLAIM OF NANCHANG O-FILM PHOTOELECTRIC
## TECHNOLOGY CO., LTD

1.       On October 14, 2019 (the "**Petition Date**"), Yueting Jia (the "**Debtor**") filed his voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") thereby commencing the above-referenced bankruptcy case (the "**Case**").

2.       This proof of claim (the "**Proof of Claim**") is being filed in the Debtor's bankruptcy Case by Nanchang O-Film Photoelectric Technology Co., Ltd. ("**Claimant**") to assert, as discussed in greater detail below, certain claims on behalf of the Claimant.

3.       Claimant, founded in 2001, designs and manufactures electronic components for the consumer electronics and automotive markets which include touch panels, cover glass, camera modules, biometric sensors, haptic response technology and LCD modules.

4.       On January 16, 2018, Claimant and its affiliate O-Film Global (HK) Trading Limited ("**Affiliate**") filed a complaint against the Debtor in the California Superior Court County of Los Angeles (the "**Complaint**") alleging breach of contract, fraud, common count in *quantum meruit*, and unfair competition, seeking (i) compensatory damages in the amount of $24,095,428 (related to unpaid electronic components provided to the Debtor); (ii) punitive damages; (iii) prejudgment interest at the maximum legal rate as allowed by law; (iv) reasonable attorneys fees; (v) costs of suit, and (vi) such other relief as the court may grant. A copy of the Complaint is attached hereto as Schedule 1. The Complaint (and Claimant's rights thereunder) forms the basis for the claims asserted against the Debtor in this Proof of Claim (the "**Claim**"). The Claim is held by Claimant and Affiliate jointly and for this reason Claim is set forth in its full on each of their proofs of claim.

5.     Claimant reserves the right to withdraw this Proof of Claim for any reason whatsoever.   Claimant further reserves the right to file additional Proofs of Claim for additional claims at any time, either before or after the any applicable bar date established by the Bankruptcy Court.

6.     Claimant does not waive any right or rights of action that it has or may have against the Debtor or any other person or persons and does not waive any substantive or procedural defenses to any claim that may be asserted against the Claimant by the Debtor or any other person.  Without limiting the foregoing, this Proof of Claim is not intended to be, and shall not be construed as: (i) an election of remedies; (ii) a waiver of any defaults; (iii) a waiver or limitation of any of Claimant's rights, remedies, claims or interests under applicable law against Claimant or any other person or entity; (iv) a waiver of Claimant's property or ownership rights (legal or equitable); (v) a waiver of Claimant's legal, equitable or beneficial interests; and/or (vi) an admission by Claimant that any property held by the Debtor (or any subsidiary or affiliate thereof) is property of the estate.

7.     This Proof of Claim is filed to protect Claimant from potential forfeiture of any claims.  By filing this Proof of Claim, Claimant (i) does not submit to the jurisdiction of this Court for any purpose other than with respect to this Proof of Claim, (ii) does not waive (and expressly reserves) all of its procedural and substantive defenses to any claim that may be asserted against it by the Debtor, its estate, or any successor entity, or any other person, including, without limitation, any defense based upon the lack of jurisdiction of this Court to entertain any such claim, (iii) does not waive (and expressly reserves) any claim, right, or right of action that Claimant has or might have against the Debtor, its estate, any successor entity, or any other person or entity whether such claim, right, or action arises prior to, upon,

- 2 -

or after the petition date, and (iv) does not waive (and expressly reserves) any and all other legal or equitable rights or remedies that it may have pursuant to applicable law or agreement.

8.      The filing of this Proof of Claim shall not be deemed or construed as: (i) consent by Claimant to a jury trial in the Bankruptcy Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (ii) a waiver of the right of Claimant to trial by jury in any proceeding so triable herein or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial is pursuant to statute or the United States Constitution; (iii) a waiver of the right of Claimant to have final orders in non-core matters entered only after de novo review by a District Court judgment; (iv) a waiver of the right of Claimant to assert that 28 U.S.C. § 157(b)(2)(C) is unconstitutional, which right is expressly reserved; (v) a waiver of the right of Claimant to have the reference withdrawn by the District Court in any matter subject to mandatory or discretionary withdrawal; (vi) a waiver of any past, present, or future event of default; and/or (vii) a waiver or limitation of any rights of Claimant, including, without limitation, a waiver of obligations owing to Claimant, rights, claims, actions, defenses, set-offs, netting rights or recoupments to which Claimant is or may be entitled under agreements, in law or in equity, against any of the Debtor (or any subsidiary, or affiliate thereof) or any other person, including without limitation, rights against guarantors, officers, or directors, or the right to contest the validity priority or extent of any right or interest purported to be equal, senior or inferior to any right or interest of Claimant, all of which rights, claims, actions, defenses, set-offs, and recoupments are expressly reserved by Claimant.

- 3 -

{04358/609431-000/02392176.1}

9.    All notices and communications concerning this Proof of Claim should be sent

to the following addresses:

Neil B. Glassman
Scott D. Cousins
GianClaudio Finizio
600 N. King Street
Suite 400
Wilmington, Delaware 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
Email: nglassman@bayardlaw.com
        scousins@bayardlaw.com
        gfinizio@bayardlaw.com

Robert Lin
Deputy General Manager (Investment & Legal)
11th Floor, Tower 6, Taiziwan Business Plaza
No. 91 Shanghai Road, Nanshan District
Shenzhen, Guangdong, China
Telephone:  +86 136 3150 9227
Email:  lin.hongping@ofilm.com

Dated as of January 21, 2020

{04358/609431-000/02392176.1}

# Schedule 1

[January 16, 2018 Complaint in the California Superior Court County of Los Angeles]

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 16 2018

Sherri R. Carter, Executive Officer/Clerk
By C. Johnston, Deputy

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LILAW INC.
J. James Li (SBN 202855)
Tony Abdollahi (SBN 157235)
Andrew M. Pierz (SBN 292970)
5050 El Camino Real, Suite 200
Los Altos, California 94022
Telephone: (650) 521-5956
Facsimile: (650) 521-5955
Email: lij@lilaw.us

Attorneys for Plaintiffs O-Film Global (Hk) Trading Limited &
Nanchang O-Film Photoelectric Technology Co., Ltd.

CASE ASSIGNED FOR
ALL PURPOSES TO
Judge         RAMONA SEE
Dept.  M    Div.

## CALIFORNIA SUPERIOR COURT

## COUNTY OF LOS ANGELES

O-FILM GLOBAL (HK) TRADING LIMITED
and NANCHANG O-FILM PHOTOELECTRIC
TECHNOLOGY CO., LTD.,

        Plaintiffs,

    vs.

YUE-TING JIA, and DOES 1 through 5,
inclusive,

        Defendants.

Case No.  Y007261 7

**COMPLAINT FOR BREACH OF
CONTRACT, FRAUD, COMMON
COUNT IN QUANTUM MERUIT AND
UNFAIR COMPETITION**

**UNLIMITED**

**JURY TRIAL DEMANDED**

Case No.

COMPLAINT

LAW

**LILAW INC.**
J. James Li (SBN 202855)
Tony Abdollahi (SBN 157235)
Andrew M. Pierz (SBN 292970)
5050 El Camino Real, Suite 200
Los Altos, California 94022
Telephone: (650) 521-5956
Facsimile: (650) 521-5955
Email:  lij@lilaw.us

Attorneys for Plaintiffs O-Film Global (Hk) Trading Limited &
Nanchang O-Film Photoelectric Technology Co., Ltd.

# CALIFORNIA SUPERIOR COURT

## COUNTY OF LOS ANGELES

| | |
|---|---|
| O-FILM GLOBAL (HK) TRADING LIMITED and NANCHANG O-FILM PHOTOELECTRIC TECHNOLOGY CO., LTD., <br><br>         Plaintiffs, <br><br>     vs. <br><br> YUE-TING JIA, and DOES 1 through 5, inclusive, <br><br>         Defendants. | Case No. <br><br> **COMPLAINT FOR BREACH OF CONTRACT, FRAUD, COMMON COUNT IN QUANTUM MERUIT AND UNFAIR COMPETITION** <br><br> **UNLIMITED** <br><br> **JURY TRIAL DEMANDED** |

Case No.

COMPLAINT

Plaintiffs O-Film Global (HK) Trading Limited and Nanchang O-Film Photoelectric

Technology Co., Ltd. (collectively "Plaintiffs" or "O-film") hereby complain and allege against

Defendant Yue-Ting Jia, and Does 1-5 (collectively "Defendant" or "Jia"), as follows.

## PARTIES AND NATURE OF ACTION

1.      Plaintiffs are sister companies for manufacture and sales of electronic components.

2.      Defendant Jia is Chinese citizen currently residing in Los Angeles County.

3.      The true names and capacities of the defendants named as Does 1 through 5 are

unknown to Plaintiff and are therefore sued by fictitious names.  Plaintiff will amend this complaint

to plead their true names and capacities after they have been ascertained.

4.      Each defendant in this action is an agent of the remaining defendants, such that their

acts or omissions are imputed to the other and each is jointly and severally liable for any such acts or

omissions

5.      This is an action for breach of contract, fraud, common count in quantum meruit and

unfair competition against Jia based on his status as the alter ego of Leshi Holding Beijing Co., a.k.a.

LeEco ("LeEco").

## JURISDICTION AND VENUE

6.      This Court has general subject matter jurisdiction under the California Constitution,

Art. VI, and personal jurisdiction over Jia because he is domiciled in the State of California. Venue is

proper in this Court under Code of Civil Procedure § 395(a) because Jia resides in this County at this

time.

## GENERAL ALLEGATIONS

7.      O-film was founded in 2001 and formally began to operate in August 2002. O-film

designs and manufactures electronic components for the consumer electronics and automotive

markets. The company's product line has expanded to include touch panels, cover glass, camera

modules, biometric sensors, haptic response technology and LCD modules. The company is the

global market leader in capacitive touch panel production, and the Chinese market leader in CMOS

camera module production and fingerprint ID modules.

8.    Jia is an individual who resides in Rancho Palos Verdes, California. He is the founder of LeEco, a privately owned multinational company based in Beijing, China that develops and markets consumer electronic products and distributes entertainment over the internet.[1]

9.    O-film was an OEM supplier to LeEco, as a result of which, LeEco owes O-Film $24,095,428 for unpaid electronic components. Despite O-film's repeated demands that LeEco satisfy its contractual obligations and reimburse for the components, LeEco has failed to pay. Rather, LeEco is laden in debt, on the verge of collapse and has had its trading suspended due to the fraudulent and illegal practices of Jia.

10.    "Embattled Chinese internet conglomerate LeEco has been branded a 'Ponzi scheme' in an online comment made and endorsed by some of the country's leading lights in technology."[2] According to Tencent co-founder Zeng Liqing, "LeEco is obviously a Ponzi scheme. You don't belong in the investment market or entrepreneurial world if you can't see that." As a result, "[m]any of Jia's assets have been frozen by court orders as creditors encountered difficulties in getting their money back." *Id.*

11.    For these reasons, Jia has been designated by China in an official list for defrauding creditors. "Mr. Jia is the highest-profile name on something else in China: an official online blacklist of credit defaulters ... Mr. Jia was added to the blacklist this week over unpaid debt totaling $72 million, including interest and fees."[3] Described as "among the brashest" figures, "Mr. Jia resigned from all his positions at Leshi Internet, LeEco's publicly traded arm, after a court in Shanghai froze $182 million in assets tied to him." *Id.* In an effort to avoid liability, Jia escaped China and "said he was living in California." *Id.*

---

[1] He is also presently the Chairman and founder of Faraday & Future, Inc., a privately-owned Gardena, California company developing and marketing electric automobiles.

[2] Meng, J. "Tencent co-founder brands LeEco a 'Ponzi scheme.'" *CNBC News.* NBC Universal, July 18, 2017.

[3] Zhong, R, et al., "China Names and Shames Tech Tycoon With Debt Blacklist." *New York Times.* The New York Times Company, December 13, 2017.



12.    However, China has "demanded LeEco founder Jia Yueting return to China before the end of the year to fix his business empire's financial woes."[4]  In response, Jia has "admitted the company had been 'burning money' and had 'spent recklessly' on its expansion efforts." *Id.*

## ALTER EGO

13.    Among his other acts of malfeasance, Jia treated LeEco as his personal piggybank and comingled personal and corporate funds. As a result, a significant part of Jia's personal assets was derived from this alter ego activity. Jia has amassed a reported personal worth of RMB¥ 42 billion (approximate US$ 6.3 billion) from manipulating various subsidiaries of LeEco. His salary and stock holdings alone are far from being able to account to the personal wealth. There is such unity of interest and ownership that the separate personalities of the LeEco corporation and Jia no longer exist, and that if the acts are treated as those of the corporation alone, an inequitable result will follow.

14.    He and his family, including his sister, dominate and control LeEco. He is substantially its equitable owner and is personally served by the same offices and employees. On information and belief, Jia commingled the company assets with his personal assets and failed to maintain an arm's length relationship with the corporate entity.

15.    In 2015, Jia obtained government permission[5] to sell a significant portion of his holding of LeEco, on the promise that all the proceeds of the sales would be "lent" to LeEco to repay the latter's corporate debt. Jia and his sister received more than RMB¥ 10 billion proceeds (more than US$ 1.5 billion) from the sales. After the sales of the stocks, however, Jia escaped to the United States with most of the stock sales proceeds, leaving LeEco in an insolvent state without the capacity to repay its corporate debts, including the debts at issue in this case.

---

[4] Shane, D.  "China orders tech tycoon to return and face debts." *CNN Money.*  Time Warner, December 26, 2017.

[5] The Chinese stock market is heavily regulated by the government. As the founder and majority shareholder of LeEco, Jia would not have been able to sell his LeEco stocks without the government's approval. Such approval was obtained based on his promise to lend all the proceeds of the stock sales to LeEco to repay its corporate debts.

16.    Jia is now wanted by the Chinese government to return to China to account for the missing fortunes of LeEco.

## FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT
### (Against All Defendants)

17.    Plaintiff incorporates by reference the foregoing averments as if fully set forth herein.

18.    O-film and LeEco entered into a contract whereby, through mutual assent, the former agreed to sell electronic components to the latter. In consideration thereof, O-film performed all conditions and covenants under the contract, including delivering the electronic components purchased by LeEco. As implied by its conduct, LeEco acknowledged its obligations under the contract by accepting and taking delivery of the components sold by O-film.

19.    LeEco breached the contract by refusing to pay for the electronic components, thereby resulting in damages to O-film in the amount of $24,095,428, exclusive of interest. Due to the unity of interest and ownership between LeEco and Jia and the inequity that would result if these acts were treated as LeEco's alone, Jia is the alter ego of LeEco and is personally liable for these damages.

## SECOND CAUSE OF ACTION FOR FRAUD
### (Against All Defendants)

20.    Plaintiff incorporates by reference the foregoing averments as if fully set forth herein.

21.    LeEco and Jia represented to O-film that they would provide reimbursement for the electronic components requested. LeEco and Jia knew, at the time made, these representations to be false and intended to defraud O-film by inducing reliance thereon. O-film reasonably and justifiably relied on these misrepresentations and provided LeEco with millions of dollars of OEM electronic components.

22.    LeEco refused to pay for the electronic components, thereby resulting in damages to O-film in the amount of $24,095,428, exclusive of interest. In undertaking the conduct alleged herein, LeEco and Jia have acted with malice, oppression and fraud under California Civil Code § 3294.

23.     Due to the unity of interest and ownership between LeEco and Jia and the inequity that would result if these acts were treated as LeEco's alone, Jia is the alter ego of LeEco and is personally liable for these damages.

### THIRD CAUSE OF ACTION FOR
### COMMON COUNT IN QUANTUM MERUIT
#### (Against All Defendants)

24.     Plaintiff incorporates by reference the foregoing averments as if fully set forth herein.

25.     LeEco is indebted to O-film in the amount of $24,095,428, exclusive of interest in consideration for goods provided by O-film for the production of various electronic components. Despite O-film's repeated request for this indebted sum, O-film has not made payment, thereby resulting in damages to O-film in the amount of $24,095,428, exclusive of interest.  Due to the unity of interest and ownership between LeEco and Jia and the inequity that would result if these acts were treated as LeEco's alone, Jia is the alter ego of LeEco and is personally liable for these damages.

### FOURTH CAUSE OF ACTION FOR UNFAIR COMPETITION
#### (Against All Defendants)

26.     Plaintiffs incorporate by reference the foregoing averments as if fully set forth herein.

27.     LeEco's conduct, including but not limited to, breaching its contract to pay for electronic components and falsely representing that it would pay O-film, (i) is an unlawful, unfair and fraudulent business practice under Business & Professions Code § 17200, (ii) offends an established public policy, and (iii) is immoral, unethical, oppressive, and unscrupulous. LeEco's unfair business practices have damaged O-film as set forth herein.

28.     Due to the unity of interest and ownership between LeEco and Jia and the inequity that would result if these acts were treated as LeEco's alone, Jia is the alter ego of LeEco and is personally liable for these damages.

### PRAYER FOR RELIEF

29. WHEREFORE, Plaintiffs pray for relief against Defendants as follows:

Case No.

1    a. The Court shall award compensatory damages according to proof, and no less than

2 $24,095,428;

3    b. The Court shall award prejudgment interest at the maximum legal rate as allowed by

4 the law;

5    c. The Court shall award punitive damages;

6    d. The Court shall award reasonable attorney's fees according to the proof;

7    e. The Court shall award costs of suit herein incurred; and

8    f. The Court shall award such other and further relief as the Court may deem proper.

9

## JURY DEMAND

10

11   Plaintiff hereby demands a trial by jury on all issues so triable.

12

13 DATED: January 15, 2018

**LiLaw Inc.**
**Attorneys for Plaintiffs**
14 O-Film Global (HK) Trading Limited & Nanchang O-
Film Photoelectric Technology Co., Ltd.

15

16         By

17          J. James Li, Ph.D.

18

19

20

21

22

23

24

25

26

27

28



Page 1 of 1

1/21/2020

ORIGIN ID:ZWIA    (302) 429-4258
MAILROOM
BAYARD, P.A.
600 N. KING STREET
SUITE 400
WILMINGTON, DE 19801
UNITED STATES US

SHIP DATE: 21JAN20
ACTWGT: 0.50 LB
CAD: 103853690/INET4220

BILL SENDER

TO  **YUETING JIA**

**EPIQ CORPORATE RESTRUCTURING, LLC**

**10300 SW ALLEN BLVD.**

**BEAVERTON OR 97005**

(503) 350-5800          REF: 39392-1
INV:
PO:                            DEPT:





FedEx
Express

**WED - 22 JAN 10:30A**

**PRIORITY OVERNIGHT**

TRK#
0201  **7775 6490 4303**

**97005**
OR-US  **PDX**

**XH BNOA**



**RECEIVED**

JAN 22 2020

**LEGAL SERVICES**

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

COPY

Document Control

https://www.fedex.com/shipping/html/en/PrintFrame.html

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA  90067

A true and correct copy of the foregoing document entitled: **NOTICE OF OBJECTION TO CLAIM** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **April 2, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⌧ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (*date*) **April 2, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**VIA U.S. MAIL**
United States Bankruptcy Court
Central District of California
Attn:  Hon. Vincent Zurzolo
Edward R. Roybal Federal Bldg./Courthouse
255 East Temple Street, Suite 1360
Los Angeles, CA  90012

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____ , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 2, 2020 | Nancy H. Brown | /s/ Nancy H. Brown |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                              Page 2                    **F 3007-1.1.NOTICE.OBJ.CLAIM**
DOCS_LA:328696.1 46353/002

**SERVICE INFORMATION FOR CASE NO. 2:19-bk-24804-VZ**

## 1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)

- Jerrold L Bregman    ecf@bg.law, jbregman@bg.law
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Stephen D Finestone    sfinestone@fhlawllp.com
- Richard H Golubow    rgolubow@wghlawyers.com, pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
- Alexandra N Krasovec    krasovec.alexandra@dorsey.com, claridge.vanessa@dorsey.com
- Ben H Logan    blogan@omm.com
- Robert S Marticello    Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- David W. Meadows    david@davidwmeadowslaw.com
- John A Moe    john.moe@dentons.com, glenda.spratt@dentons.com
- Kelly L Morrison    kelly.l.morrison@usdoj.gov
- Malhar S Pagay    mpagay@pszjlaw.com, bdassa@pszjlaw.com
- Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- Victor A Sahn    vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com
- Randye B Soref    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- Benjamin Taylor    btaylor@taylorlawfirmpc.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Felix T Woo    fwoo@ftwlawgroup.com, admin@ftwlawgroup.com
- Claire K Wu    ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com
- Emily Young    pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
- David B Zolkin    dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                    Page 2                **F 3007-1.1.NOTICE.OBJ.CLAIM**
DOCS_LA:328696.1 46353/002