| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>Richard M. Pachulski (CA Bar No. 90073)<br>Jeffrey W. Dulberg (CA Bar No. 181200)<br>Malhar S. Pagay (CA Bar No. 189289)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Boulevard, 13th Floor<br>Los Angeles, CA 90067<br>Telephone: 310/277-6910<br>Facsimile: 310/201-0760<br>Email: rpachulski@pszjlaw.com<br>    jdulberg@pszjlaw.com<br>    mpagay@pszjlaw.com<br><br>☒ *Attorney for:* Debtor | FOR COURT USE ONLY |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>YUETING JIA,<br><br><div align="right">Debtor(s).</div> | CASE NO.: 2:19-bk-24804-VZ<br>CHAPTER: 11<br><br>**NOTICE OF OBJECTION TO CLAIM**<br><br>DATE:  May 7, 2020<br>TIME:  1:30 p.m.<br>COURTROOM: 1368<br>PLACE: 255 East Temple Street<br>        Los Angeles, CA  90012 |

1.  TO *(specify claimant and claimant's counsel, if any)*:    Tianjin Yingxin Xinheng Investment Consulting Co., Ltd. and Wen Xue

2.  NOTICE IS HEREBY GIVEN that the undersigned has filed an objection to your Proof of Claim (Claim No. 28) filed in the above referenced case. The Objection to Claim seeks to alter your rights by disallowing, reducing or modifying the claim based upon the grounds set forth in the objection, a copy of which is attached hereto and served herewith.

3.  **Deadline for Opposition Papers**: You must file and serve a response to the Objection to Claim not later than 14 days prior to the hearing date set forth above.

    **IF YOU FAIL TO TIMELY RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.**

Date:   April 2, 2020

PACHULSKI STANG ZIEHL & JONES LLP
Printed name of law firm

*/s/ Malhar S. Pagay*
Signature

Date Notice Mailed: April 2, 2020

Malhar S. Pagay
Printed name of attorney for objector

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                    Page 1                    **F 3007-1.1.NOTICE.OBJ.CLAIM**
DOCS_LA:328795.1 46353/002

1  Richard M. Pachulski (CA Bar No. 90073)
   Jeffrey W. Dulberg (CA Bar No. 181200)
2  Malhar S. Pagay (CA Bar No. 189289)
   PACHULSKI STANG ZIEHL & JONES LLP
3  10100 Santa Monica Blvd., 13th Floor
   Los Angeles, CA  90067
4  Telephone: 310/277-6910
   Facsimile: 310/201-0760
5  Email:    rpachulski@pszjlaw.com
              jdulberg@pszjlaw.com
6             mpagay@pszjlaw.com

7
   Attorneys for Debtor and Debtor in Possession
8

9                 **UNITED STATES BANKRUPTCY COURT**

10                **CENTRAL DISTRICT OF CALIFORNIA**

11                    **LOS ANGELES DIVISION**

12 In re:                              | Case No.: 2:19-bk-24804-VZ

13 YUETING JIA,[1]                     | Chapter 11

14                      Debtor.        | **DEBTOR'S NOTICE OF OMNIBUS**
                                         **OBJECTION AND OMNIBUS OBJECTION**
15                                       **FOR AN ORDER DISALLOWING**
                                         **DUPLICATE CLAIMS; MEMORANDUM OF**
16                                       **POINTS AND AUTHORITIES AND**
                                         **DECLARATION OF LUETIAN SUN IN**
17                                       **SUPPORT THEREOF**

18                                       **This Objection Affects The Following Claimants:**
                                         **Beijing Huaxing Mobile Asset Mgt Center, Claim 27**
19                                       (Duplicate of Claim 20023)
                                         **Beijing Jiaxin Tengda Information Consulting Co.,**
20                                       **Ltd., Scheduled Claim 220000060** (Duplicate of Claim
                                         20019)
21                                       **China Soft Growing Invest Wuxi Partshp, Claim 61**
                                         (Duplicate of Claim 19)
22                                       **Chongqing LeTV Commercial Factoring Co., Ltd.,**
                                         **Claims 21** and **24** (Duplicates of Claim 20015)
23                                       **E-Town Intl Holding (HK) Co Ltd., Claim 16**
                                         (Duplicate of Claim 20017)
24                                       **Honghu Da, Claim 6** (Duplicate of Claim 20008)
                                         **Huizhou Speed Secondcurve Management LP, Claim**
25                                       **20002** (Duplicate of Claim 20001)
                                         **Jiangyin Hailan Invest. Holding Co. Ltd., Claim**
26                                       **20009** (Duplicate of Claim 7)
                                         **Linfen Investment Group Co., Ltd., Scheduled Claim**
27

28

---

[1] The last four digits of the Debtor's federal tax identification number are 8972. The Debtor's mailing address is
91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**220000540** (Duplicate of Claim 30)
**Nanchang O-Film Photoelectric Technology Co., Ltd, Claim 38** (Duplicate of Claim 33)
**O-Film Global (HK) Trading Limited, Claim 34** (Duplicate of Claim 33)
**O-Film Global (HK) Trading Limited, Claim 37** (Duplicate of Claim 33)
**Pingan Bank Co Ltd Beijing Branch, Claim 20041** (Duplicate of Claim 20036)
**Shenzhen Yingda Capital Management Co., Scheduled Claim 220000860** (Duplicate of Claim 20034)
**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 42** (Duplicate of Claim 20027)
**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 43** (Duplicate of Claim 20029)
**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 44** (Duplicate of Claim 20030)
**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 45** (Duplicate of Claim 20031)
**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 46** (Duplicate of Claim 20032)
**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 47** (Duplicate of Claim 20039)
**Tianjin Yingxin Xinheng Investment Consulting Co., Ltd., Claim 28** (Duplicate of Claim 20020)
**Weihua Qiu, Scheduled, Claim 220000960** (Duplicate of Claim 12)
**Weihua Qiu, Claim 39** (Duplicate of Claim 12)
**Western Securities Co., Ltd., Claim 32** (Duplicate of Claim 20028)
**Wuxi Leyike Investment Enterprise, Claim 20025** (Duplicate of Claim 20007)
**Xizang Jinmeihua Investment Co., Ltd., Scheduled Claim 220001030** (Duplicate of Claim 29)

| | |
|---|---|
| Date: | May 7, 2020 |
| Time: | 1:30 p.m. |
| Place: | Courtroom 1368 |
| | Roybal Federal Building |
| | 255 E. Temple Street |
| | Los Angeles, California 90012 |
| Judge: | Hon. Vincent P. Zurzolo |

**PLEASE TAKE NOTICE** that, on May 7, 2020, beginning at 1:30 p.m. (Pacific Time), or as soon thereafter as counsel  may be heard before the Hon. Vincent P. Zurzolo, in Courtroom 1368 of the Edward R. Roybal Federal Building and Courthouse, located at 255 E. Temple Street, Los Angeles, California 90012, pursuant to the *Order (I) Approving the Fourth Amended Disclosure Statement; (II) Approving the Voting Procedures and Tabulation Procedures; (III) Setting the Date*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

*and Time for the Confirmation Hearing and Related Deadlines; (IV) Waiving Certain Local Rules*

*and Procedures Related to the Timing and Approval of the Fourth Amended Disclosure Statement*

*and Confirmation of the Third Amended Plan; and (V) Granting Related Relief* [Docket No. 485]

(the "Disclosure Statement Order"), which provides, in pertinent part, that if the Debtor has served

an objection or request for estimation as to a claim by April 2, 2020, such claim shall be temporarily

disallowed for voting purposes only (and not for purposes of allowance or distribution), except to the

extent and in the manner as may be set forth in such objection or as ordered by the Court before the

voting deadline, i.e., April 30, 2020 at 4:00 p.m. (Beijing Time),[2] Yueting Jia (the "Debtor" or

"YT"), debtor and debtor in possession herein, hereby objects to and moves to disallow (the

"Objection") the claims (the "Duplicate Claims") listed below in the column entitled "Duplicate

Claims to Be Disallowed" filed by the listed claimants (the "Claimants") on the grounds that the

Duplicate Claims are identical to those claims listed in the column entitled "Surviving Claims." The

Debtor requests that the Court take judicial notice of both the Duplicate Claims to Be Disallowed

and the Surviving Claims, which are annexed as Exhibits 1-27 to the Request for Judicial Notice (the

"RFJN"), filed concurrently herewith.

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Beijing Huaxing Mobile Asset Mgt Center | 27 | 20023 | Duplicate Claim | 1 |
| Beijing Jiaxin Tengda Information Consulting Co., Ltd. | 220000060 (scheduled claim) | 20019 | Creditor, Beijing Jiaxin Tengda Information Consulting Co., Ltd., also uses the name Jiaxindechuang BJ Tech Group Co Ltd. The Debtor scheduled Beijing Jixain Tengda Information Consulting Co., Ltd. in the amount of $1,458,406. However, the creditor asserted the same debt using the name Jiaxindechuang BJ Tech Group Co Ltd. in filed claim number 20019 in | 2 |

---

[2] Disclosure Statement Order, 6 at ¶ 17(e).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| | | | the amount of $1,975,674.74, and, consequently, has received two separate ballots to vote a single debt in connection with the Debtor's Plan. The filed proof of claim should supersede the scheduled claim despite the difference in names. | |
| China Soft Growing Invest Wuxi Partshp | 61 | 19 | Duplicate Claim | 3 |
| Chongqing LeTv Commercial Factoring LLC | 21 | 20015 | Duplicate Claim | 4 |
| Chongqing LeTv Commercial Factoring LLC | 24 | 20015 | Duplicate Claim | 5 |
| E-Town Intl Holding (HK) Co Ltd | 16 | 20017 | Duplicate Claim | 6 |
| Honghu Da | 6 | 20008 | Duplicate Claim | 7 |
| Huizhou Speed Secondcurve Management LP, | 20002 | 20001 | Duplicate Claim | 8 |
| Jiangyin Hailan Invest Holding Co Ltd. | 20009 | 7 | Creditor, Jiangyin Hailan Invest Holding Co. Ltd. filed Claim 20009 in the amount of $89,635,814.27, however, the back-up attached to Claim 20009 totals $69,635,814.27, which amount is duplicative of Claim 7. Therefore, Claim 20009 should be disallowed. | 9 |
| Linfen Investment Group Co. Ltd. | 220000540 | 30 | This creditor filed a proof of claim for the same debt under a similar but different name (Linfen Investment Construction Development Co. Ltd.) and, consequently, received ballots for both scheduled and filed claims. The filed proof of claim should supersede the scheduled claim and, with respect | 10 |

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| | | | to the Plan, the amount to be voted on account of the scheduled claim should be disallowed. | |
| Nanchang OFilm Photoelectric Tech Co Ltd. | 38 | 33 | Duplicate Claim | 11 |
| O-Film Global (HK) Trading Limited | 34 | 33 | The creditor, in its complaint against the Debtor, describes it and Nanchang OFilm Photoelectric Tech Co Ltd. as sister companies and co-plaintiffs. The lawsuit asserts a single claim of $24,095,428.00 against the Debtor. Accordingly, multiple claims asserted in the same amount are duplicative. | 12 |
| O'Film Global (HK) Trading Limited | 37 | 33 | Duplicate Claim | 13 |
| Pingan Bank Co Ltd Beijing Branch | 20041 | 20036 | Duplicate Claim | 14 |
| Shenzhen Yingda Capital Management Co. | 220000860 | 20034 | This creditor inadvertently received ballots both for scheduled and filed claims, so the amount to be voted on account of the scheduled claim should be disallowed. | 15 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 42 | 20027 | Duplicate Claim | 16 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 43 | 20029 | Duplicate Claim | 17 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 44 | 20030 | Duplicate Claim | 18 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 45 | 20031 | Duplicate Claim | 19 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 46 | 20032 | Duplicate Claim | 20 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 47 | 20039 | Duplicate Claim | 21 |
| Tianjin Yingxin Xinheng Investment | 28 | 20020 | Duplicate Claim | 22 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Consulting Co. Ltd. | | | | |
| Weihua Qiu | 220000960 (scheduled claim) | 12 | This creditor inadvertently received ballots both for scheduled and filed claims, so the amount to be voted on account of the scheduled claim should be disallowed. | 23 |
| Weihua Qiu | 39 | 12 | Duplicate claim | 24 |
| Western Securities Co., Ltd. | 32 | 20028 | Duplicate Claim | 25 |
| Wuxi Leyike Investment Enterprise | 20025 | 20007 | Duplicate Claim | 26 |
| Xizang Jinmeihua Investment Co., Ltd. | 220001030 (scheduled claim) | 29 | In Chinese, Tibet is called Xizang. The creditor filed its claim using the name Tibet Jinmeihua Investment Co. Ltd. and, consequently, has received two separate ballots to vote a single debt in connection with the Debtor's Plan. The filed proof of claim should supersede the scheduled claim despite the difference in names. | 27 |

True and correct copies of the Claims are attached to the Notices of Objection to Claims, which have been served on each claimant, attaching their corresponding claim(s).

**PLEASE TAKE FURTHER NOTICE** that the Objection has been served upon the Claimants and all parties entitled thereto and is based upon the supporting Memorandum of Points and Authorities and Declaration of Luetian Sun, the statements, arguments and representations of counsel who appear at the hearing regarding the Objection, the files and records in the above-captioned case, any evidence properly before the court prior to or at the hearing regarding the Objection and all matters of which the court may properly take judicial notice.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(f),

responses to the Objection must be filed with the Court and served upon the Debtor's counsel at the

address in the upper left-hand corner of this Objection **no later than fourteen (14) days prior to**

**the hearing date**.  Responses must contain a written statement of all reasons why the Objection is

opposed and must include declarations and copies of all documentary evidence on which the

responding party intends to rely.  Responses must be filed either electronically or at the following

location:

United States Bankruptcy Court
Attention:  Clerk's Office
255 E. Temple Street
Los Angeles, CA 90012

**IF YOU DO NOT OPPOSE THE OBJECTION YOU DO NOT NEED TO FILE ANY**

**PAPERS, SIGN ANY FURTHER AGREEMENTS OR TAKE ANY FURTHER ACTION.**

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(f),

the failure to timely file and serve written opposition may be deemed by the Court to be consent to

the granting of the relief requested in the Objection.

**PLEASE TAKE FURTHER NOTICE** that if a response is timely filed and served upon the

Debtor's counsel, the Court, in its discretion, may treat the initial hearing as a status conference if it

determines that the Objection involves disputed factual issues or will require presentation of

substantial evidence or argument.

**WHEREFORE,** the Debtor respectfully requests that the Court enter an order (i) sustaining

the Objection; (ii) disallowing the Duplicate Claims in their entirety; and (iii) granting the Debtor

such other and further relief as may appropriate under the circumstances.

Dated:    April 2, 2020

PACHULSKI STANG ZIEHL & JONES LLP

By    */s/ Malhar S. Pagay*
Richard M. Pachulski
Jeffrey W. Dulberg
Malhar S. Pagay

Counsel for Debtor and Debtor in
Possession

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## JURISDICTION

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are sections 102, 105 and 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "<u>Bankruptcy Code</u>"), and Rules 3007 and 3018(a) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

## II.

## BACKGROUND

**A.    Commencement of the Chapter 11 Case**

On October 14, 2019 (the "<u>Petition Date</u>"), the Debtor commenced this case (the "<u>Chapter 11 Case</u>") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "<u>Delaware Bankruptcy Court</u>"). The Debtor continues in possession of his property and manages his affairs as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On October 25, 2019, the U.S. Trustee appointed the Official Committee of Unsecured Creditors  pursuant to section 1102(a)(1) of the Bankruptcy Code (the "<u>Committee</u>") [Docket No. 45]. The Committee consists of the following members: (a) Ping An Bank., Ltd. Beijing Branch; (b) China Minsheng Trust Co., Ltd; (c) Shanghai Leyu Chuangye Investment Management Center LP; (d) Jiangyin Hailan Investment Holding Co., Ltd; and (e) Shanghai Qichengyueming Investment Partnership Enterprise.

On November 13, 2019, the Court entered an order setting January 24, 2020, as the general deadline (the "<u>Bar Date</u>") for the filing of proofs of claim or proofs of interest against the Debtor's estate.  In accordance with the Court's Order establishing the Bar Date, notice of the Bar Date was given by mail to the Debtor's creditors and interest holders.

On December 18, 2019, Judge Karen B. Owens of the Delaware Bankruptcy Court transferred the Chapter 11 Case to this Court.

1    **B.      Approval of the Debtor's Disclosure Statement**

2          On March 20, 2020, the Court entered the Disclosure Statement Order, pursuant to which the

3    Court approved the Debtor's *Fourth Amended Disclosure Statement with Respect to Debtor's Third*

4    *Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 465] in

5    respect of the *Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy*

6    *Code* [Docket No. 464] (the "Plan"), and granted other relief.

7          The Disclosure Statement Order provides, in pertinent part, that if the Debtor has served an

8    objection or request for estimation as to a claim by April 2, 2020, such claim shall be temporarily

9    disallowed for voting purposes only and not for purposes of allowance or distribution, except to the

10   extent and in the manner as may be set forth in such objection, or as ordered by the Court before the

11   voting deadline, i.e., April 30, 2020 at 4:00 p.m. (Beijing Time).  Disclosure Statement Order, 6 at

12   ¶ 17(e).

**III.**

**ARGUMENT**

**A.      Procedural Requirements for Objections to Claims**

16         Bankruptcy Rule 3007 governs the procedure for objections to claims.  It provides as

17   follows: "An objection to an allowance of a claim shall be in writing and filed.  A copy of the

18   objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant

19   . . . at least thirty days prior to the hearing." Fed. R. Bankr. P. 3007.

20         Pursuant to Bankruptcy Rule 3007, a copy of the Objection will be mailed to Claimants at the

21   addresses provided by Claimants in the Claims, and, where available and if different from the

22   address provided on the proof of claim, on each Claimant's address registered with the National

23   Enterprise Credit Information Publicity System (http://www.gsxt.gov.cn/index.html), a government-

24   run, national, enterprise credit inquiry system in the People's Republic of China, at least thirty days

25   prior to the hearing date for consideration of the Objection.  Accordingly, by the time of the hearing

26   hereon, the Debtor will have complied with Bankruptcy Rule 3007.

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**B.**    **The Court Must Determine the Allowance of a Claim Subject to Objection**

With certain exceptions, section 502(b) of the Bankruptcy Code requires, in relevant part, that if a party in interest objects to a claim, "the Court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that -- (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured …."

**C.**    **Burden of Proof**

All allegations set forth in a properly filed proof of claim are taken as true and, if the allegations set forth all facts necessary to establish a claim and are not self-contradictory, the proof of claim constitutes *prima facie* evidence of the validity and amount of the claim.  11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f).  However, a claimant must attach copies of writings upon which claims are based in order to carry its burden of establishing a *prima facie* case against the debtor. *Hardin v. Gianni (In re King Investments Inc.)*, 219 B.R. 848, 858 (B.A.P. 9th Cir. 1998).  Further, a claim should not be allowed if that claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law.  11 U.S.C. § 502(b)(1).

Once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991), then "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate burden of persuasion is always on the claimant."  *Holm*, 931 F.2d at 623.  In considering an objection to a claim, a bankruptcy court may take judicial notice of the underlying records in a bankruptcy case.  *O'Rourke v. Seaboard Surety Co., (In re ER Fergert, Inc.)*, 887 F.2d 955, 957-958 (9th Cir. 1998).

**D.**    **Disallowance for Plan Voting Purposes**

Courts recognize that Bankruptcy Rule 3018(a) permits a party in interest to seek to disallow a claim for voting purposes. Ultimately, the determination of whether to temporarily allow a claim

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

for voting purposes lies within the discretion of the bankruptcy court.  See *Armstrong v. Rushton (In re Armstrong)*, 294 B.R. 344, 354 (B.A.P. 10th Cir. 2003) ("There is no guidance in the Bankruptcy Code to courts as to determine whether to permit the temporary allowance of a claim; it is left to the court's discretion.").  Indeed, courts have broad authority to determine whether to allow or disallow a claim for purposes of voting under Bankruptcy Rule 3018(a). *See, e.g., In re Mangia Pizza Invs., L.P.,* 480 B.R. 669, 679 (Banker. W.D. Tex. 2012); *In re Zolner*, 174 B.R. 629, 633 (Bankr. N.D. Ill. 1994) (noting that a court must exercise its discretion to allow or disallow a claim under Bankruptcy Rule 3018(a) based on reasoned analysis); *In re Goldstein,* 114 B.R. 430, 433 (Bankr. E.D. Pa. 1990); Collier on Bankr. ¶ 9-3018[5] (16th ed. rev. 2012) ("The court, however, regardless of the circumstances, has the discretion to allow or disallow all or part of the claim for voting purposes.").

In some cases noted in the chart below, the Debtor has been advised that a Claimant inadvertently has been provided with multiple ballots to vote on the Debtor's Plan on account of a single debt.  Where that has occurred, the Debtor has requested that the Court disallow one of those Duplicate Claims for voting purposes.

## E.    The Objection and Request for Relief

In most instances, the Duplicate Claim and the relevant Surviving Claim are the exact same claim in the same amount filed by the Claimant using the same name, and therefore the Duplicate Claim can be disallowed readily.  The chart below provides further explanation for the request for disallowance where the claims may not be exact duplicates of one another, but fall within the Duplicate Claims category that is the subject of this Objection.  For example, slight variations in the name or entity utilized by a Claimant to assert a debt against the Debtor or issues of translation from Chinese to English have required a more careful review to determine that two claims are, in fact, the same.

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Beijing Huaxing Mobile Asset Mgt Center | 27 | 20023 | Duplicate Claim | 1 |
| Beijing Jiaxin Tengda Information Consulting Co., Ltd. | 220000060 (scheduled claim) | 20019 | Creditor, Beijing Jiaxin Tengda Information Consulting Co., Ltd., | 2 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| | | | also uses the name Jiaxindechuang BJ Tech Group Co Ltd.  The Debtor scheduled Beijing Jixain Tengda Information Consulting Co., Ltd. in the amount of $1,458,406.  However, the creditor asserted the same debt using the name Jiaxindechuang BJ Tech Group Co Ltd. in filed claim number 20019 in the amount of $1,975,674.74, and, consequently, has received two separate ballots to vote a single debt in connection with the Debtor's Plan.  The filed proof of claim should supersede the scheduled claim despite the difference in names. | |
| China Soft Growing Invest Wuxi Partshp | 61 | 19 | Duplicate Claim | 3 |
| Chongqing LeTv Commercial Factoring LLC | 21 | 20015 | Duplicate Claim | 4 |
| Chongqing LeTv Commercial Factoring LLC | 24 | 20015 | Duplicate Claim | 5 |
| E-Town Intl Holding (HK) Co Ltd | 16 | 20017 | Duplicate Claim | 6 |
| Honghu Da | 6 | 20008 | Duplicate Claim | 7 |
| Huizhou Speed Secondcurve Management LP, | 20002 | 20001 | Duplicate Claim | 8 |
| Jiangyin Hailan Invest Holding Co Ltd. | 20009 | 7 | Creditor, Jiangyin Hailan Invest Holding Co. Ltd. filed Claim 20009 in the amount of $89,635,814.27, however, the back-up attached to Claim 20009 totals $69,635,814.27, which amount is duplicative of Claim 7. Therefore, Claim 20009 should be disallowed. | 9 |

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Linfen Investment Group Co. Ltd. | 220000540 | 30 | This creditor filed a proof of claim for the same debt under a similar but different name (Linfen Investment Construction Development Co. Ltd.) and, consequently, received ballots for both scheduled and filed claims.  The filed proof of claim should supersede the scheduled claim and, with respect to the Plan, the amount to be voted on account of the scheduled claim should be disallowed. | 10 |
| Nanchang OFilm Photoelectric Tech Co Ltd. | 38 | 33 | Duplicate Claim | 11 |
| O-Film Global (HK) Trading Limited | 34 | 33 | The creditor, in its complaint against the Debtor, describes it and Nanchang OFilm Photoelectric Tech Co Ltd. as sister companies and co-plaintiffs.  The lawsuit asserts a single claim of $24,095,428.00 against the Debtor. Accordingly, multiple claims asserted in the same amount are duplicative. | 12 |
| O'Film Global (HK) Trading Limited | 37 | 33 | Duplicate Claim | 13 |
| Pingan Bank Co Ltd Beijing Branch | 20041 | 20036 | Duplicate Claim | 14 |
| Shenzhen Yingda Capital Management Co. | 220000860 | 20034 | This creditor inadvertently received ballots both for scheduled and filed claims, so the amount to be voted on account of the scheduled claim should be disallowed. | 15 |
| Tianjin Jairui Huixin | 42 | 20027 | Duplicate Claim | 16 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Corp. Mgt LLC | | | | |
| Tianjin Jairui Huixin Corp. Mgt LLC | 43 | 20029 | Duplicate Claim | 17 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 44 | 20030 | Duplicate Claim | 18 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 45 | 20031 | Duplicate Claim | 19 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 46 | 20032 | Duplicate Claim | 20 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 47 | 20039 | Duplicate Claim | 21 |
| Tianjin Yingxin Xinheng Investment Consulting Co. Ltd. | 28 | 20020 | Duplicate Claim | 22 |
| Weihua Qiu | 220000960 (scheduled claim) | 12 | This creditor inadvertently received ballots both for scheduled and filed claims, so the amount to be voted on account of the scheduled claim should be disallowed. | 23 |
| Weihua Qiu | 39 | 12 | Duplicate claim | 24 |
| Western Securities Co., Ltd. | 32 | 20028 | Duplicate Claim | 25 |
| Wuxi Leyike Investment Enterprise | 20025 | 20007 | Duplicate Claim | 26 |
| Xizang Jinmeihua Investment Co., Ltd. | 220001030 (scheduled claim) | 29 | In Chinese, Tibet is called Xizang.  The creditor filed its claim using the name Tibet Jinmeihua Investment Co. Ltd. and, consequently, has received two separate ballots to vote a single debt in connection with the Debtor's Plan.  The filed proof of claim should supersede the scheduled claim despite the difference in names. | 27 |

By this Objection, the Debtor simply seeks to have disallowed the Duplicate Claims leaving

the Surviving Claims unaffected by this Objection.

7

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**IV.**

## GENERAL RESERVATION OF RIGHTS

The Debtor expressly reserves the right to amend, modify or supplement this Objection, and to file additional, other, or further objections to any proofs of claim filed in this Chapter 11 Case, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not) against the Debtor, regardless of whether such claims are subject to this Objection.  Should one or more of the grounds of objection stated in this Objection be denied, the Debtor reserves his rights to object on other stated grounds or on any other grounds he discovers during the pendency of this Chapter 11 Case.  In addition, the Debtor reserves the right to file counterclaims against the holders of any such claims.

**V.**

## NOTICE

The Debtor will serve copies of this Objection on:  (a) the Claimants, (b) the Office of the United States Trustee, (c) counsel to the Committee, and (d) all parties who have requested notices in this Chapter 11 Case pursuant to Bankruptcy Rule 2002.

**VI.**

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an order granting the relief requested herein and granting the Debtor such other and further relief as is just and proper.

Dated:     April _2_, 2020                    PACHULSKI STANG ZIEHL & JONES LLP


*/s/ Malhar S. Pagay*
Richard M. Pachulski
Jeffrey W. Dulberg
Malhar S. Pagay

*Attorneys for Debtor and Debtor in Possession*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## **DECLARATION OF LUETIAN SUN**

I, Luetian Sun, declare as follows:

1.     I am one of Debtor's advisors who assist the Debtor with various financial and business matters.  I also have served as Faraday & Future, Inc.'s ("FF") Investor Relations Coordinator since January 2019.  Prior to joining FF, I received a bachelor's degree in civil engineering from Beijing University's School of Civil Engineering and Architecture and a Master of Business Administration degree from the University of California at Riverside.

2.     I am in regular communication with the Debtor's professionals, including legal counsel.

3.     I submit this Declaration (the "Declaration") in support of the Debtor's *Omnibus Objection for an Order Disallowing Duplicate Claims* (the "Objection").

4.     If I were called to testify as a witness in this matter, I could and would competently testify to each of the facts set forth herein.

5.     At the direction of the Debtor, I have reviewed and analyzed the Claims that are the subject of the Objection, and have discussed my findings with both the Debtor and his legal counsel. Based on my analysis, I have determined that the Duplicate Claim are duplicative of other claims and should therefore be disallowed in their entirety.

6.     Also, in order to facilitate notice and service of the Objection, I researched each Claimant's address registered with the National Enterprise Credit Information Publicity System (http://www.gsxt.gov.cn/index.html), a government-run, national, enterprise credit inquiry system in the People's Republic of China.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 2nd day of April, 2020, at Los Angeles, California.

Luetian Sun

_____
Luetian Sun

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA  90067**

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S NOTICE OF OMNIBUS
OBJECTION AND OMNIBUS OBJECTION FOR AN ORDER DISALLOWING DUPLICATE
CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF LUETIAN
SUN IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner
required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
**April 2, 2020,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **April 2, 2020,** I served the following persons and/or entities at the last known addresses in this bankruptcy case
or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first
class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge
will be completed no later than 24 hours after the document is filed.

United States Bankruptcy Court
Central District of California
Attn:  Hon. Vincent Zurzolo
Edward R. Roybal Federal Bldg./Courthouse
255 East Temple Street, Suite 1360
Los Angeles, CA  90012

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for
each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such
service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that
personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 2, 2020 | Nancy H. Brown | /s/ Nancy H. Brown |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:328782.1 46353/002

# SERVICE INFORMATION FOR CASE NO. 2:19-bk-24804-VZ

## 1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>

- Tanya Behnam    tbehnam@polsinelli.com, tanyabehnam@gmail.com
- Jerrold L Bregman    ecf@bg.law, jbregman@bg.law
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Stephen D Finestone    sfinestone@fhlawllp.com
- Richard H Golubow    rgolubow@wghlawyers.com, pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
- Alexandra N Krasovec    krasovec.alexandra@dorsey.com, claridge.vanessa@dorsey.com
- Ben H Logan    blogan@omm.com
- Robert S Marticello    Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- David W. Meadows    david@davidwmeadowslaw.com
- John A Moe    john.moe@dentons.com, glenda.spratt@dentons.com
- Kelly L Morrison    kelly.l.morrison@usdoj.gov
- Malhar S Pagay    mpagay@pszjlaw.com, bdassa@pszjlaw.com
- Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- Victor A Sahn    vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com
- Randye B Soref    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- Benjamin Taylor    btaylor@taylorlawfirmpc.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Felix T Woo    fwoo@ftwlawgroup.com, admin@ftwlawgroup.com
- Claire K Wu    ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com
- Emily Young    pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
- David B Zolkin    dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:328782.1 46353/002

RECEIVED

JAN 21 2020

LEGAL SERVICES

**Fill in this information to identify the case:**

Debtor 1    YUETING JIA

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   Central District of California

Case number   2:19-bk-24804-VZ

Filed: USBC - Central District of California
Yueting Jia  (B10)
19-24804 (VPZ)

YT1



0000000028

Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Tianjin Yingxin Xinheng Investment Consulting Co., Ltd.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☐ No
☑ Yes.  From whom?   AVIC Trust - Tianqi (2017) No. 99 Collective Fund Trust Scheme for Internet TV Equity Income Right Investment

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

See attached Addendum.
Name

Number    Street

City                State            ZIP Code

Contact phone

Contact email

Where should payments to the creditor be sent? (if different)

See attached Addendum.
Name

Number    Street

City                State            ZIP Code

Contact phone

Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.  Claim number on court claims registry (if known) _____        Filed on ___ / ___ / _____
                                                                                      MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes.  Who made the earlier filing? _____

Official Form 410                              Proof of Claim                              page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?**

$ No less than $252,281,923. Does this amount include interest or other charges?

See attached Addendum.

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Money loaned, unlimited several and joint liability guarantee; see also attached Addendum.

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

Basis for perfection: _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                                    $_____

Amount of the claim that is secured:      $_____

Amount of the claim that is unsecured: $_____    (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:      $_____

Annual Interest Rate (when case was filed) _____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.      $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. Check one:

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $ |

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:  Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be **fined up to $500,000, imprisoned for up to 5 years, or both.** 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  1 / 13 / 2020
MM / DD / YYYY

Signature

Print the name of the person who is completing and signing this claim:

| Name | Wen | | XUE |
|---|---|---|---|
| | First name | Middle name | Last name |

Title    Executive Director

Company    Tianjin Yingxin Xinheng Investment Consulting Co., Ltd.
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address    10/F, Times Olympic City C7 Office bldg, Binshui West Rd., Nankai District
Number    Street

Tianjin, China    300381
City    State    ZIP Code

Contact phone    0086-13051859957    Email    869576180@qq.com

## ADDENDUM TO PROOF OF CLAIM OF TIANJIN YINGXIN XINHENG INVESTMENT CONSULTING CO., LTD. ("CREDITOR")

### EXHIBIT A

Creditor hereby asserts, reserves, and preserves, any and all claims, causes of action, other rights or remedies or the like under contract, applicable law, and equity that Creditor has against the Debtor, his affiliates, successors, representatives, agents, assigns or any other related individual or entity, including, without limitation, an amount not less than $252,281,923 (¥1,784,263,899.99 converted as of October 14, 2019), as detailed on the attached statement itemizing interest which is incorporated herein and made a part hereof. Creditor hereby asserts, reserves, and preserves all rights of setoff and recoupment available to it. Creditor hereby asserts, reserves, and preserves all claims for additional interest, liquidated damages, attorneys' fees, and other amounts.

Creditor's claim was transferred from AVIC Trust – Tianqi (2017) No. 99 Collective Trust Fund Scheme for Internet TV Equity Income Right Investment.

Creditor's claims are general unsecured claims, except as provided herein or under applicable law or equity, or as determined by a court or another adjudicative body of competent jurisdiction to constitute administrative, secured, trust, or priority claims. To the extent that this proof of claim is or includes secured, administrative, trust, or priority claims, including claims based on Creditor's right to setoff or recoupment, or similar rights, it shall be and is a secured, administrative, trust, or priority claim.

In addition to the statement itemizing interest, the documents upon which these claims are based, include, without limitation, those attached to this addendum to proof of claim (along with English translations which are attached).

This proof of claim is filed with (a) full reservation of rights, remedies, privileges and the like, including, without limitation, (i) the right to amend, modify or supplement the proof of claim, (ii) the right to assert additional, modified, supplementary and/or amended proofs of claim and (iii) the right to make requests for administrative expenses based on, *inter alia*, events, information and/or documents obtained from the Debtor or others through discovery or otherwise and with (b) full reservation of (i) Creditor's rights, remedies, privileges, claims and/or the like against any party other than the Debtor, and (ii) Creditor's interests in any property, including, without limitation, property of the estate. This proof of claim is filed without prejudice to any cause of action against the Debtor not constituting a "claim" under 11 U.S.C. § 101(5) or otherwise applicable law.

This proof of claim is not intended to be, and shall not be construed as: (i) an election of remedies; (ii) a waiver of any past, present or future defaults or events of default; (iii) a waiver, release or limitation of any rights, remedies, privileges, claims, interests or the like of Creditor, including, without limitation, the right to assert any claims against the Debtor or against any other party or property other than the Debtor and his estate, inclusive of the right to recover interest and attorneys' fees and costs; (iv) a waiver of the right to seek to have the

reference withdrawn with respect to the subject matter of this claim, any objection or other proceedings commenced with respect thereto, or any other proceedings commenced in this case or involving Creditor; (v) a waiver of the right to mediation or arbitration; (vi) a consent to jurisdiction in the United States, whether in the bankruptcy court or otherwise; (vii) a consent to the jurisdiction or Constitutional power of the bankruptcy court with respect to the subject matter of this proof of claim, any objection or other proceeding commenced with respect thereto, or any other proceeding commenced in this case against or otherwise involving Creditor; (viii) a waiver of the right to trial by jury in any proceedings so triable in this case, or any controversy or proceedings related to this case; (ix) a waiver or release of any right against any affiliate of the Debtor or other entity or person liable for all or part of any claim described herein; (x) a waiver of any right of subordination of indebtedness or liens held by other creditors of the Debtor; (xi) a waiver of any rights pursuant to section 506(b) of the Bankruptcy Code; or (xii) a waiver or release of any liens or security interests that Creditor may have with respect to the property of the Debtor or any affiliate of the Debtor.

Payments to Creditor should be sent to the following:

TIANJIN YINGXIN XINHENG INVESTMENT CONSULTING CO., LTD.
Attn: Wenjing BI
10/F, Times Olympic City C7 Office bldg, Binshui West Rd., Nankai District
Tianjin 300381
China
Telephone:    0086-13051859957
Email:    869576180@qq.com

All notices concerning this proof of claim should be sent to each of the following:

TIANJIN YINGXIN XINHENG INVESTMENT CONSULTING CO., LTD.
Attn: Wenjing BI
10/F, Times Olympic City C7 Office bldg, Binshui West Rd., Nankai District
Tianjin 300381
China
Telephone:    0086-13051859957
Email:    869576180@qq.com

And

Jincheng Tongda & Neal Law Firm
Attn: Stephan Peng & Yue Wang
10th Floor, China World Tower
No. 1 Jianguo Menwai Avenue
Beijing, 100004, China
Email:    pengjun@jtnfa.com
    wangyue@jtnfa.com

And

Morris, Nichols, Arsht & Tunnell LLP
Attn: Eric D. Schwartz & Matthew B. Harvey
1201 North Market Street, 16th Floor
Wilmington, DE 19801
Telephone:      (302) 658-9200
Email:          eschwartz@mnat.com
                mharvey@mnat.com

### Statement Itemizing Interest

1.  LeTV Holdings (Beijing) Limited (hereinafter referred to as LeTV Holdings) signed the *Contract for the Transfer and Buyback of Specific Equity Income Right* (hereinafter referred to as the "Contract") with AVIC Trust Co., Ltd. (hereinafter referred to as AVIC Trust), who set up and represent the *AVIC Trust - Tianqi (2017) No. 99 Collective Fund Trust Scheme for Internet TV Equity Income Right Investment* (ref. No.: AVICTC2017X0264, hereinafter referred to as the "Trust Scheme"), and accordingly transferred AVIC Trust the income right to 8.38% of equities of LeTV Zhixin Electronic Technology (Tianjin) Co., Ltd. (hereinafter collectively referred to as the "Specific Equity Income Right") and obtained 1.5 billion RMB Yuan (¥1,500,000,000) financing money from AVIC Trust. In accordance with the Contract, LeTV Holdings undertook the liability to buyback the Specific Equity Income Right by paying AVIC Trust buyback price, which consists of the basic price/principal of ¥1,500,000,000 and the exercise fee (the Exercise Rate is 9%/year). The exercise fee is equal to ¥1,500,000,000 principal * 9%/360 * the number of the days of the actual term of the Trust Scheme. **YUETING JIA undertook unlimited several and joint liabilities for the paying of the buyback price in his own name.**

2.  LeTV Holdings failed to pay the buyback price as agreed in the Contract. In September 2017, Tianjin Yingxin Xinheng Investment Consulting Co., Ltd. (hereinafter referred to as Yingxin Xinheng) subscribed for the inferior trust beneficiary right under the Trust Scheme by paying subscription money of ¥1,640,862,500 and had all the prior trust beneficiary under the Trust Scheme been paid off. As the consequence, Yingxin Xinheng obtained all the creditor's rights and interests against YUETING JIA (as the guarantor with unlimited several and joint liabilities) under the Trust Scheme, including the principal of ¥1,500,000,000, the exercise fee (calculated up to October 14, 2019) and the liquidated damages of ¥50,000,000 agreed in the Contract.

3.  On October 22, 2018, 8.38% of equities of LeTV Zhixin Electronic Technology (Tianjin) Co., Ltd (as collaterals to the Trust Scheme) has been judicially auctioned for ¥104,737,766.68 (¥109,737,766.68 of judicial auction benefit minus ¥5,000,000 of attorney fee paid directly by the Trust Scheme), and on December 26, 2018, the Trust Scheme collected ¥15,373,333.33 as refund from the China Trust Protection Fund (which is an official organization operated by China Banking Regulatory Commission and each trust scheme is obligated to subscribe for).

4.  Above all, the claim of the creditor (Tianjin Yingxin Xinheng Investment Consulting Co., Ltd.) against YUETING JIA is ¥1,784,263,899.99 (including the principal of ¥1,500,000,000, the due exercise fee of ¥354,375,000 calculated as of October 14, 2019 and the liquidated damages of ¥50,000,000, deducting the

net auction benefit of ¥104,737,766.68 and the refund from the China Trust Protection Fund of ¥15,373,333.33), which is equal to **$252,281,923** (including the principal of $212,089,077, the due exercise fee of $50,106,045 calculated as of October 14, 2019 and the liquidated damages of $7,069,636, deducting the net auction benefit of $14,809,158 and the refund from the China Trust Protection Fund of $2,173,677) converted based on the foreign exchange rate effective on October 14, 2019 published by People's Bank of China.

中航信托
AVIC TRUST CO.,LTD

特定股权收益权转让合同

# 中航信托·天启（2017）99号互联网电视股权
# 收益权投资集合资金信托计划

# 特定股权收益权转让与回购合同

合同编号：AVICTC2017X0264-2



转让方（回购方）：乐视控股（北京）有限公司

受让方：中航信托股份有限公司



 中航信托
AVIC TRUST CO.,LTD

特定股权收益权转让与回购合同

# 特定股权收益权转让与回购合同

转让方（回购方）：乐视控股（北京）有限公司

法定代表人：贾跃亭

法定地址：＿＿北京市朝阳区姚家园路 105 号 3 号楼 10 层 1102＿＿

联系地址：＿北京市朝阳区姚家园路 105 号 3 号楼 16 层＿

联 系 人：＿张巍＿＿＿＿＿＿＿＿邮政编码：＿＿100025＿＿

联系电话：＿13810049776＿＿＿＿＿传　真：＿010-50962120＿

电子邮箱：zhangwei16@le.com

受让方：中航信托股份有限公司

法定代表人：姚江涛

法定地址：江西省南昌市红谷滩新区赣江北大道 1 号中航广场 24/25 层

联系地址：江西省南昌市红谷滩新区赣江北大道 1 号中航广场 24/25 层

联 系 人：张超＿＿＿＿＿＿＿＿邮政编码：330038

联系电话：010-56823637＿＿＿＿传　真：010-56823559

电子邮箱：zhangchao9466@163.com

鉴于：

1.　　转让方（回购方）系具有民事权利能力和民事行为能力的主体；受让方系
经有权机构批准并有效存续的非银行金融机构，拟作为受托人设立编号为
【AVICTC2017X0264】的"中航信托·天启（2017）99 号互联网电视股权
收益权投资集合资金信托计划"（以下简称"**信托计划**"）。

2.　　转让方（回购方）拟向受让方转让并按照本合同约定的条件回购其合法持
有的乐视致新电子科技（天津）有限公司（以下简称"**目标公司**"）8.38%
的股权（所对应的出资额为人民币＿2,618.3537＿万元）的股权收益权；受
让方同意受让转让方（回购方）转让的特定股权收益权并按照本合同约定



中航信托
AVIC TRUST CO.,LTD                                    特定股权收益权转让与回购合同

的条件予以回购。

3.  除非本合同另有规定，本合同中所用词语与信托计划项下的《信托合同》、
    《信托计划说明书》等信托文件中的词语具有相同含义。

根据《中华人民共和国公司法》、《中华人民共和国合同法》以及《中华人民
共和国信托法》等法律、行政法规的规定，双方本着诚实信用、公平自愿的原则，
就特定股权收益权转让有关事宜，经充分友好协商，特签订本合同，以资遵照执
行。

**第1条 转让标的**

1.1  本合同的转让标的为：本合同签署之日转让方合法持有的目标公司 8.38%
     的股权（所对应的出资额为人民币 2,618.3537 万元，转让方已完成全部
     对应的出资，以下简称"**特定股权**"）的股权收益权（以下简称"**特定股
     权收益权**"）。

1.2  第 1.1 条所述特定股权收益权包括特定股权的所有收益权，即除投票权以
     外的一切权利，包括但不限于获得下列特定股权的全部处置收入以及分
     红、送股的全部处置收入、认购权证、认沽权证以及孳息等衍生权益等权
     利：

     （1） 自本合同生效之日起在任何情形下处置特定股权产生的收入；

     （2） 自本合同生效之日起，在任何情形下处置特定股权因送股、公积金
          转增、配股、拆分股权等而形成的派生股权产生的收入；

     （3） 自本合同生效之日起，基于特定股权及特定股权的派生股权而获取
          的股息红利等；

     （4） 自本合同生效之日起因目标公司转增注册资本等形成的特定股权
          的衍生收益；

     （5） 自本合同生效之日起如目标公司发生被依法解散、撤销或者被宣告
          破产情形，转让方基于特定股权及特定股权的派生股权受分配的剩
          余财产；

     （6） 自本合同生效之日起，根据法律、行政法规、规章的规定、司法机

 中航信托
AVIC TRUST CO.,LTD.

特定股权收益权转让与回购合同

关的裁决、政府机关的规定，转让方基于特定股权及特定股权的派
生股权而获得的任何赔偿、补偿等；

(7) 自本合同生效之日起，基于特定股权及特定股权的派生股权而产生
的其他任何现金收入、财产性收益。

1.3 目标公司的注册资本为人民币 31,245.2712 万元，转让方系目标公司股东，
共计持有目标公司 __18.3805__ %的股权，对应的出资额为 __人民币
5,743.0371__ 万元，并已完成全部出资。特定股权对应的出资额为 __人民币
2,618.3537__ 万元。

1.4 转让方同意按本合同的规定将特定股权收益权转让给受让方，受让方同意
受让特定股权收益权。

## 第2条 转让价款及支付

2.1 本合同项下转让标的（即特定股权收益权）的转让价款为人民币
壹拾伍亿元（小写：￥1,500,000,000.00）。鉴于本合同项下的特定股权
收益权转让系基于信托计划的特定目的而实施，故而在本合同生效日至本
信托计划终止之日期间，如转让方基于对特定股权的所有权因送股、公积
金转增、配股、拆分股权获得派生股权的，则派生股权的收益权一并转让，
且受让方无须就派生股权的收益权另行支付转让价款。

2.2 除非受让方全部或部分放弃，当且仅当下列各前提条件全部持续满足时，
受让方才有义务向转让方支付转让价款：

(1) 转让方已向受让方提交受让方要求其提交的全部资料（包括但不限
于转让方合法持有特定股权的相关文件资料及凭证正本复印件；转
让方（自然人）的身份证复印件、转让方（机构）的营业执照（或
其他能够确认主体资格的登记证书）、组织机构代码证复印件，最
近几年的财务报表等；转让方（自然人）的财产共有人出具的同意
转让方转让特定股权收益权并签订一系列交易文件的函件、**转让方
（机构）的股东会、董事会、理事会等有权机构同意转让方签订一
系列交易文件的决议或决定**；

(2) 本信托计划已成立生效，并且用于支付转让价款的信托资金已募集



中航信托
AVIC TRUST CO.,LTD                                                                特定股权收益权转让与回购合同

成功；

（3）转让方的财务状况未发生任何实质性变化从而给本合同项下的交
易带来严重不利影响；

（4）转让方没有发生本合同的任一违约事项，且不存在任何可能对受让
方在本合同项下的权利造成不利影响的情形；

（5）本信托计划项下的所有担保合同已生效，担保合同约定的各项登记
手续均已办妥；

（6）转让方已经与受让方签署了编号为【AVICTC2017X0264-7】的《中
航信托·天启（2017）99号互联网电视股权收益权投资集合资金信
托计划信托业保障基金委托认购协议》，转让方已经按照协议约定
交付了用于认购信托业保障基金的款项；

（7）转让方、受让方以及融创房地产集团有限公司（以下简称"**融创房
地产**"）之间的《中航信托·天启（2017）99号互联网电视股权收
益权投资集合资金信托计划股权远期受让协议》（协议编号为：
AVICTC2017X0264-3，简称为"**远期受让协议**"）已经签署生效并且
持续生效。

（8）转让方、受让方双方约定的其他支付转让价款的前提条件。

受让方有权根据实际情况决定在前款所规定的各前提条件未全部满足的
情况下向转让方支付转让价款，但该等支付转让价款的行为，不得推定为
受让方对转让方未履行合同义务行为的认可或豁免，也不构成受让方的履
约瑕疵。

2.3　受让方应于第2.2条约定的付款前提条件全部成就后的3个工作日内向转
让方一次性支付特定股权收益权的转让价款。

2.4　受让方与转让方一致确认，转让方用于接收特定股权收益权转让价款的银
行账户如下：

账　户　名：　乐视控股（北京）有限公司

账　　　号：　8110701012200982905

开　户　行：　中信银行北京观湖国际支行

 中航信托
AVIC TRUST CO.,LTD

特定股权收益权转让与回购合同

转让方若变更该银行账户的，应于变更前的 10 个工作日内通知受让方。
具体付款时间和付款金额以受让方持有的银行转账凭证为准。

2.5 本合同项下特定股权收益权转让系以信托计划成立并生效、信托资金已足
额划至信托财产专户为前提。如因法律法规的修改或颁布、国家宏观调控
政策的变化、受让方监管部门提出新的监管要求或受让方无法成功募集用
于支付特定股权收益权转让价款的全部资金等原因致使受让方无法支付
本合同项下转让价款或实现其在本合同项下的目的，则本合同自动解除，
受让方不再负有对转让方的付款义务，且受让方对转让方不负有违约责任
及其他任何赔偿责任。

## 第3条 特定股权收益权的交付及管理

3.1 本合同项下转让价款按本合同第 2 条的规定全额划入转让方指定的银行账
户，即视为转让标的交割完成，受让方即享有特定股权收益权。

3.2 受让方受让特定股权收益权后，转让方持有的特定股权仍由转让方负责管
理。转让方应以特定股权收益最大化为原则，诚实、勤勉的管理特定股权。

3.3 本合同项下特定股权收益权转让后，基于特定股权产生的相关的现金分红
及其它现金收益归属于受让方设立的本信托计划的信托财产，转让方应将
该等收入自产生之日起 3 个工作日内划入信托财产专户。

## 第4条 文件资料的出示和提交

本合同签署前，转让方应当根据受让方的要求出示和提交必要的文件和资
料，包括但不限于：

（1） 转让方合法持有特定股权收益权的权利证明文件；

（2） 转让方同意特定股权收益权转让的内部决议文件。

## 第5条 特定股权收益权回购

5.1 转让方（回购方）作为特定股权收益权的出让方，承诺按照本合同约定的
时限和金额回购全部特定股权收益权。此承诺为不可撤销且独立于特定股

 中航信托
AVIC TRUST CO.,LTD                                    特定股权收益权转让与回购合同

权收益权转让的承诺。

5.2    受让方支付特定股权收益权转让价款后，转让方（回购方）即负有了按本
合同约定向受让方支付特定股权收益权回购价款的独立义务，此债务成立
后除因支付完毕全部特定股权收益权回购价款而消灭外，不受任何其他因
素的影响，包括特定股权和特定股权收益权本身的任何变化。

5.3    提前回购

(1)    本信托计划存续届满12个月后，经转让方（回购方）书面申请，
受让方同意，转让方（回购方）可以提前支付特定股权收益权回购
基本价款以提前回购特定股权收益权。转让方（回购方）提前回购
的，转让方（回购方）除应当支付特定股权收益权回购基本价款外，
还应当按照信托计划的实际存续天数支付特定股权收益权回购的
行权费。

(2)    虽有前述约定，受让方亦有权要求转让方（回购方）在本信托计划
存续届满12个月之日时提前回购，并支付相应的特定股权收益权
回购基本价款及行权费。

(3)    除本合同另有约定外，如转让方（回购方）出现如下情形时，受让
方可自主决定提前回购日，即受让方可宣布任一日期为提前回购
日，但应提前5个工作日书面通知转让方（回购方）。自该通知送
达转让方（回购方）之日起5个工作日内，转让方（回购方）应提
前支付特定股权收益权回购基本价款及行权费：

1) 转让方（回购方）未按本合同的约定按期支付当期行权费；

2) 转让方（回购方）或担保人（如有）出现任何违反本合同或回购
价款支付义务保障措施的文件的行为、事项，对本信托计划的受
益人的权益可能造成损害、威胁的；

3) 融创房地产违反其在《远期受让协议》项下任何义务、陈述、承
诺及/或保证的；

4) 已经发生严重影响转让方（回购方）履行特定股权收益权回购义
务的情形；包括但不限于转让方（回购方）发生重大未履行的金
融债务、转让方（回购方）实际控制人或法定代表人或负责人出

 中航信托
AVIC TRUST CO.,LTD

特定股权收益权转让与回购合同

现重大变故等情形；

5）本信托计划发生其他需提前终止的情形。

5.4 特定股权收益权回购价款的构成

本合同项下的特定股权收益权回购价款由特定股权收益权回购基本价款和行权费两部分构成，即特定股权收益权回购价款=特定股权收益权回购基本价款+行权费。

5.5 特定股权收益权回购基本价款金额及支付

（1）特定股权收益权回购基本价款等于受让方依据本合同第2.1条向转让方（回购方）支付的全部转让价款。

（2）转让方（回购方）应于信托计划期限届满（包括信托计划的受托人宣布提前到期）前的五日内或提前回购日，一次性足额支付。

5.6 行权费

（1）转让方（回购方）为取得和维持其拥有回购特定股权收益权的权利，应当按照本合同的约定支付行权费。

（2）行权费率：双方一致确认，本合同约定的年行权费率为9%，日行权费率=月行权费率/30=年行权费率/360。本合同有效期内，未经双方协商一致不予变更。

（3）行权费的计算：

本合同项下的行权费按日计费，计算公式为：行权费=特定股权收益权回购基本价款×日行权费率×信托计划实际存续天数。

（4）当期行权费=特定股权收益权回购基本价款×日行权费率×信托计划在当期期间内的实际存续天数。

当期是指信托计划存续期间内，为确定某一段时间段而设定的概念：在每个特定股权收益权回购的行权费结算日之间的当期，为前一个行权费结算日（含）至下一个行权费结算日（不含）的期间，但该第一个当期为信托计划成立生效日（含）至第一个行权费用结算日（不含）的时间段，最后一个当期为信托计划终止日（不含）至该日前最近一个行权费结算日（含）的时间段。

（5）行权费的结算：在受让方为取得特定股权收益权依据本合同第2条

 中航信托
AVIC TRUST CO.,LTD

特定股权收益权转让与回购合同

的约定以信托资金向转让方（回购方）支付完毕相应的转让价款之日（以下简称**"信托资金支付日"**）后，转让方（回购方）应按照以下方式结算当期行权费：

每 6 个月结算，行权费结算日固定为信托资金支付日之后每届满 6 个月的对应日。

(6) 转让方（回购方）应在本合同规定的行权费结算日向受让方支付当期行权费。首个行权费支付日为信托资金支付日之后的第一个行权费结算日，以后每个行权费结算日的当日均应结清当期行权费。信托计划到期日（包括信托计划的受托人宣布提前到期）付清全部特定股权收益权回购基本价款及行权费。

(7) 如遇行权费结算日为法定节假日，则相应的当期行权费仍计算至结算日当日，但行权费支付日顺延至结算日之后的第一个工作日。

(8) **特别的，转让方（回购方）、受让方双方同意并确认：信托计划无论因何等原因提前到期的，受让方已收取的行权费不予退还，也不得冲抵转让方（回购方）的其他应付款项。**

5.7 转让方（回购方）应将特定股权收益权回购价款划付至受让方为本信托计划开立的如下信托财产专户：

开户行：建行南昌市八一路支行

户　名：中航信托股份有限公司

账　号：36050100195000000733

5.8 转让方（回购方）支付完毕全部特定股权收益权回购价款之日，特定股权收益权转让至转让方（回购方），受让方不再享有本合同项下的特定股权收益权。

## 第6条 担保

6.1 特定股权质押

为担保转让方（回购方）在本合同项下合同义务的履行，转让方（回购方）将其所持有的目标公司 8.38%的股权（所对应的出资额为人民币 2,618.3537 万元）（以下简称**"出质股权"**）质押给受让方，双方另行签订

中航信托
AVIC TRUST CO., LTD

特定股权收益权转让与回购合同

编号为 "AVICTC2017X0264-4" 的《中航信托·天启（2017）99 号互联网
电视股权收益权投资集合资金信托计划股权质押合同》（以下简称 "**股权
质押合同**"），并办理强制执行公证和质押登记手续。出质股权在《股权质押
合同》有效期内因出质股权送股、公积金转增、配股、拆分股权而产生
派生股权的，派生的股权也归属于质物。如需要，转让方（回购方）应及
时配合受让方就该等派生的股权办理质押登记手续。

6.2　保证。

转让方（回购方）的实际控制人贾跃亭先生作为自然人保证人，为转让方
（回购方）在本合同项下支付特定股权收益权回购价款的债务提供连带责
任的保证。具体担保事项以受让方与保证人签署的编号为

" AVICTC2017X0264-5"《中航信托·天启（2017）99 号互联网电视股权
收益权投资集合资金信托计划自然人保证合同》为准。

乐创房地产集团有限公司作为法人保证人，为转让方（回购方）在本合同
项下支付特定股权收益权回购价款的债务提供连带责任的保证。具体担保
事项以受让方与保证人签署的编号为 " AVICTC2017X0264-6"《中航信
托·天启（2017）99 号互联网电视股权收益权投资集合资金信托计划法人
保证合同》为准。

6.3　其它

如发生任何使受让方认为前述任何担保措施将受到不利影响的情形，受让
方有权利要求转让方（回购方）消除该等不利情形或补充提供令受让方满
意的其他担保措施。


**第7条 特定股权的转让**

7.1　在转让方（回购方）未履行本协议项下任何一项义务的情况下，受让方有
权要求其向融创房地产集团有限公司（以下简称 "远期受让义务人"）转
让标的股权，以实现标的股权收益权对应的收益。

7.2　为此转让方（回购方）、受让方以及融创房地产集团有限公司签署编号为
" AVICTC2017X0264-3"《中航信托·天启（2017）99 号互联网电视股权
收益权投资集合资金信托计划股权远期受让协议》，于发生本协议第 7.1

 中航信托
AVIC TRUST CO.,LTD

特定股权收益权转让与回购合同

条所述事项时，转让方（回购方）应按照该协议要求向融创房地产集团有

限公司转让标的股权，转让方（回购方）不可撤销地授权融创房地产集团

有限公司直接向受让方支付全部/部分标的股权受让价款以足额实现本协

议项下特定股权收益权回购价款及/或其他款项（如有）。

**第8条 转让方（回购方）的陈述和保证**

8.1　系具有民事权利能力及完全民事行为能力的主体，并已取得了签署本合

同所需的一切必要的许可、批准、登记及备案。

8.2　签署本合同、转让及回购特定股权收益权系本人真实意思表示，并经过所

有必需的合法授权，转让方（回购方）为签署和执行本合同所需的手续均

已合法地办理完毕并具有法律效力。

8.3　转让方（回购方）签署及履行本合同，现在和将来均不会违反其签署的或

对其本身或其资产具有约束力的任何文件，或违反其成立的批准文件、内

部规章制度，或违反任何对转让方（回购方）有约束力的法律、法规、行

政安排、政府命令、司法裁决或与第三人的合同。

8.4　对特定股权及特定股权收益权拥有合法完整的所有权，并以合法资金按

期足额完成了全部特定股权的出资。截止本合同签订之日，特定股权及

特定股权收益权上不存在任何质权、抵押权及其他负担和限制，并保证

该种无权利负担和限制状态在受让方享有特定股权收益权期间持续存在

（以受让方作为质权人设定的特定股权质押担保情形除外）。

8.5　不存在虚假出资、抽回出资等可能对受让方受让的特定股权收益权权益造

成任何减损或限制等情况。

8.6　截止本合同签订之日，特定股权及特定股权收益权不存在被查封、扣押、

冻结等任何形式的权利限制。并且自本合同签订之日起，特定股权及特

定股权收益权不会发生被法院查封、冻结或强制执行的情况（受让方提

起诉讼、仲裁、申请执行致使法院查封、冻结或强制执行的情况除外）。

如果出现特定股权全部或部分被有关部门冻结或者出现其他限制情形的，

转让方（回购方）应当于特定股权被司法冻结或出现相关限制情形的当日

 中航信托
AVIC TRUST CO.,LTD

特定股权收益权转让与回购合同

通知受让方，并有义务于 7 日内使特定股权及其派生股权解除司法冻结或
消除限制情形。

8.7　　签和履行本合同不会损害转让方（回购方）的任何债权人利益，也不会
有任何转让方（回购方）债权人提出涉及本合同的任何权利主张或异议。

8.8　　积极并及时签署一切必要文件和积极履行一切必要行为以促使本合同项
下转让及回购行为的顺利进行。

8.9　　保证向受让方做出的口头或书面陈述以及提交的文件和资料均为准确、完
整、真实的，没有任何隐瞒或遗漏。

8.10　应接受受让方对其经营管理、财务活动、重大交易协议等情况的监督管理，
应受让方要求如实向受让方提供有关其经营活动的信息。

8.11　转让方（回购方）在本合同有效期内发生下列情形之一的，应在发生该情
形之日起 5 个工作日内书面通知受让方，书面通知中还应详细列明对其已
构成的或可能构成的影响以及已采取或计划采取何等补救措施，补救的期
限和预期效果：

　　（1）　财务状况严重恶化；

　　（2）　丧失商业信誉；

　　（3）　发生任何影响或可能影响转让方（回购方）利益的重大诉讼或仲裁
　　　　　案件；

　　（4）　发生任何可能会严重不利于转让方（回购方）资本及财产状况的事
　　　　　件；

　　（5）　其他对转让方（回购方）履行本合同项下的义务产生重大不利影响
　　　　　的事项。

8.12　已全面了解本合同的签订及履行系为了实现信托计划项下信托资金的运
用和退出之特定目的，不得就本合同转让及回购标的的特殊性而主张撤销
或者否认本合同的效力。否则转让方（回购方）应当就本合同的效力瑕疵
赔偿受让方的经济损失，赔偿范围包括转让方（回购方）应返还受让方已
支付的全部特定股权收益权转让价款及资金占用费，资金占用费计算公式
为：受让方已支付的特定股权收益权转让价款×（1+9%）×特定股权收益

 中航信托
AVIC TRUST CO.,LTD                                        特定股权收益权转让与回购合同

权转让价款实际占用日历天数÷360。特定股权收益权转让价款及资金占

用费应在本合同被确定无效或撤销后 10 个工作日内支付。逾期支付的，

按逾期应付而未付款项每日万分之五的标准支付违约金。无论任何原因致

使本合同无效或被撤销的，均不影响本条款的有效性。

## 第9条 受让方的陈述和保证

9.1    系按照中华人民共和国法律依法成立和存续的企业法人并保证合法经营，
       具备签署本协议的权利能力和行为能力。

9.2    受让方提交的文件资料是真实、有效、完整且无任何重大遗漏或隐瞒的。

9.3    受让方在本合同中承担的义务是合法、有效的，其履行不会与转让方（回
       购方）承担的其它协议义务相冲突。本合同签署后，即构成对转让方（回
       购方）合法、有效和有约束力的义务。

## 第10条 税费承担

10.1   双方一致同意，因办理本合同项下特定股权收益权转让及回购所发生的税
       收和费用（增值税和企业所得税除外），由转让方（回购方）承担。

10.2   受让方作为信托计划的受托人，以信托财产承担在本合同中应承担的税费
       （如有）。

## 第11条 违约责任

11.1   违约情形

       （1）转让方（回购方）的违约

           1）未按受让方的要求提供真实、完整、有效的财务会计、生产经营
              状况及其他有关资料；

           2）未按期支付特定股权收益权回购价款；

           3）转移资产，抽逃资金，以逃避债务；

           4）经营和财务状况恶化，无法清偿到期债务，或卷入或即将卷入重
              大的诉讼或仲裁程序及其他法律纠纷，已经或可能影响或损害转



特定股权收益权转让与回购合同

让方（回购方）在本合同项下的权益；

  5) 所负的任何其他债务已影响或可能影响本合同项下回购义务的履行；

  6) 在合同有效期内，机构转让方（回购方）实施承包、租赁、合并、兼并、合资、分立、联营、股份制改造等改变经营方式或转换经营机制的行为，自然人转让方（回购方）失踪、死亡、部分或全部丧失民事行为能力、涉嫌违法犯罪等情形，已经或可能影响或损害受让方在本合同项下的权益；

  7) 受让方认为足以影响债权实现的其他情形；

  8) 违反本合同约定的其他义务。

（2）保证人及/或远期受让义务人出现以下情形，转让方（回购方）未提供符合受让方要求的新的担保，视为转让方（回购方）违约：

  1) 保证人及/或远期受让义务人发生承包、租赁、合并和兼并、合资、分立、联营、股份制改造、破产、撤销、失踪、死亡、部分或全部丧失民事行为能力、涉嫌违法犯罪等情形，足以影响保证人承担连带保证责任的及/或远期受让义务人履行受让义务的能力的；

  2) 保证人及/或远期受让义务人向第三方提供超出其自身负担能力的担保的；

  3) 保证人及/或远期受让义务人丧失或可能丧失担保或履行受让义务能力的；

  4) 保证合同及/或远期受让协议约定的保证人及/或远期受让义务人其他违约情形。

（3）抵押人（出质人）出现以下情形，转让方（回购方）未提供符合受让方要求的新的担保，视为转让方（回购方）违约：

  1) 抵押人（出质人）未按受让方要求办理抵（质）押物财产保险的，或发生保险事故后，未按抵（质）押合同约定处理保险赔偿金的；

  2) 因第三人的行为导致抵（质）押物毁损、灭失、价值减少，抵押


中航信托
AVIC TRUST CO.,LTD                                          特定股权收益权转让与回购合同

人（出质人）未按合同约定处理损害赔偿金的；

3) 未经受让方书面同意，抵押人（出质人）赠予、转让、出租、重复抵押、迁移或以其他方式处分抵（质）押物的；

4) 抵押人（出质人）经受让方同意处分抵（质）押物，但处分抵（质）押物所得价款未按抵（质）押合同约定进行处理的；

5) 抵（质）押物毁损、灭失、价值减少，足以影响本合同项下的债务的清偿，抵押人（出质人）未及时恢复抵（质）押物价值，或未提供受让方认可的其他担保的；

6) 抵（质）押合同约定的抵押人（出质人）其他违约情形。

（4）担保合同或其他担保方式未生效、无效、被撤销，或担保人出现部分或全部丧失担保能力的情形或者拒绝履行担保义务，转让方（回购方）未按受让方要求落实新的担保的，视为转让方（回购方）违约。

11.2  违约救济措施

出现本合同第 11.1 条的违约情形，受让方可单方面采取下列一种或数种措施进行处理，在此情况下，转让方（回购方）应补偿因其违约对受让方造成的一切损失：

（1）要求转让方（回购方）提前回购，转让方（回购方）应立即支付本合同项下所有特定股权收益权回购价款。

（2）受让方向转让方（回购方）收取一次性违约金 5000 万元。受让方要求转让方（回购方）支付一次性违约金的，不影响其要求转让方（回购方）按照本合同其它条款的约定继续支付特定股权收益权回购基本价款、行权费及连续性迟延违约金的权利。

（3）转让方（回购方）未按本合同约定的期限和金额支付特定股权收益权回购基本价款及/或行权费的（包括被受让方要求提前回购后应支付的特定股权收益权回购基本价款及/或行权费），应自逾期之日起至全部清偿之日止，以逾期应付款金额为基数按本合同第 5.6（2）5.6 条第（2）款约定的行权费率上浮 10%的标准按日计收连续性迟



特定股权收益权转让与回购合同

延迟违约金。

(4) 要求转让方（回购方）对本合同项下所有债务提供符合受让方要求的新的担保。

(5) 要求担保人及/或远期受让义务人立即承担担保责任。

(6) 法律规定的其他必要措施。

### 第12条 强制执行公证

12.1 双方应在本合同签订后十日内到受让方指定的公证机关对本合同申请进行赋予强制执行效力的债权文书公证。相关公证费用由转让方（回购方）承担。

12.2 双方在此确认，双方对本合同中有关转让方（回购方）的义务的约定无疑义。转让方（回购方）对赋予强制执行效力公证的含义、内容、程序、效力等完全明确了解。转让方（回购方）承诺其不履行本协议中约定的义务或不完全履行义务时，转让方（回购方）愿意接受强制执行。根据受让方的申请，公证机关可以签发执行证书，转让方（回购方）愿意接受人民法院的强制执行。

12.3 一旦发生任何违约事件，本合同项下的债权即立刻具有可执行性。在本合同项下的债权根据本合同的约定具有可执行性后的任何时间内，受让方有权在法律允许的范围内以其认为适当的任何方式行使、实现债权。

12.4 为使受让方能够实现债权，转让方（回购方）应当采取受让方可能要求的所有合法且适当的行动。为受让方根据本合同的约定实现债权之目的，转让方（回购方）应签署所有该等协议、通知、授权、指示、承诺及其他文件并采取受让方可能要求的所有行动。

12.5 在债权具有可执行性之时及之后，受让方可以转让方（回购方）的名义（或在法律允许的范围内，以受让方的名义），行使与转让方（回购方）有关的权力和权利，以及行使相关的任何追索权和受偿权；转让方（回购方）在此不可撤销地授权受让方行使上述权利。

12.6 转让方（回购方）、受让方双方确认，关于强制执行的约定优先于本合同

 中航信托
AVIC TRUST CO.,LTD

特定股权收益权转让与回购合同

第 17.2 条规定执行。

## 第13条 通知和送达

13.1 双方之间的一切商业文件信函、通知和诉讼文书均以书面形式作为最终的
送达方式，可由专人递送、挂号信邮递、特快专递等方式送达，传真可作
为辅助送达方式，但事后应以上述约定方式补充送达。

13.2 商业文件信函、通知和诉讼文书在下列日期视为送达被通知方：

（1）专人递送：通知方取得的被通知方签收单所示日；

（2）挂号信邮递：发出通知方持有的国内挂号函件收据所示日后第5日；

（3）特快专递：发出通知方持有的发送凭证上邮戳日起第4日；

（4）传真：收到成功发送确认后的当日。

13.3 联系地址和联系方式。合同各方一致确认本合同首部中记载的各方联系地
址和联系方式为各方履行合同、解决合同争议时向其他方送交商业文件函
信、通知或司法机关（法院、仲裁机构）向各方送达诉讼、仲裁文书的地
址和联系方式。

13.4 联系地址和联系方式适用期间。本合同首部中记载的各方联系地址和联系
方式适用至本合同履行完毕或争议经过一审、二审至案件执行终结时止，
除非各方依下款告知变更。

13.5 联系地址和联系方式的变更。任何一方联系地址和联系方式需要变更的，
应提前五个工作日向合同其他方和司法机关送交书面变更告知函（若争议
已经进入司法程序解决）。

13.6 **承诺。合同各方均承诺：本合同首部中填写的各方联系地址和联系方式真
实有效，如填写错误或未填写，导致的商业信函、通知和诉讼文书送达不
能的法律后果由自己承担。**

13.7 **风险提示。合同各方均明知：因各方提供的联系地址不准确，地址变更后
未及时告知各方和司法机关，导致商业文件信函、通知和诉讼文书未能被
实际接收的，直接送达的可以适用留置送达或送达人当场记明情况即为送
达，邮寄送达的文书退回之日视为送达之日。**

 中航信托
AMC TRUST CO.,LTD                                          特定股权收益权转让与回购合同

## 第14条 保密

14.1 本合同双方同意，对其中一方或其代表提供给另一方的有关本合同及各方
签署的本合同项下交易的所有重要方面的信息及/或本合同所含信息（不
包括有证据证明是经正当授权的第三方收到、披露或公开的信息）予以保
密。

14.2 未经对方书面同意，不向任何其他方披露此类信息（不包括与本合同拟议
之交易有关而需要获知以上信息的披露方的雇员、高级职员和董事），但
以下情况除外：

　　(1) 为进行本合同拟议之交易而向投资者披露；

　　(2) 向与本交易有关而需要获知以上信息并受保密合同约束的律师、会
计师、顾问和咨询人员披露；

　　(3) 根据适用的法律法规的要求，向中国的有关政府部门或者管理机构
披露。

14.3 在任何情形下，本条所规定的保密义务应永久持续有效。

## 第15条 不可抗力

15.1 不可抗力是指双方不能预见、不能避免、不能克服的事件，该事件妨碍、
影响或延误任何一方根据本合同履行其全部或部分义务。该事件包括但不
限于地震、台风、洪水、火灾、其他天灾、重大传染病、战争、骚乱、罢
工或其他类似事件，以及新法律法规颁布或对原法律法规的修改等政策因
素。

15.2 如发生不可抗力事件，遭受该事件的一方应立即用可能的最快捷的方式通
知其他方，并在 15 个工作日内提供证明文件说明有关事件的细节和不能
履行或部分不能履行或需延迟履行本合同的原因，然后由双方协商延期履
行或终止本合同。任何一方对因不可抗力导致的损失均不承担赔偿责任。

15.3 如发生不可抗力事件，遭受该事件的一方应立即采取适当的措施防止损失
的扩大。没有采取适当措施致使损失扩大的，应对损失扩大的部分承担相

 中航信托
AVIC TRUST CO.,LTD

特定股权收益权转让与回购合同

应责任。

### 第16条  合同的生效、补充和变更

16.1  本合同经自然人转让方（回购方）签字、机构转让方（回购方）法定代表人（负责人）或授权代理人签字（或盖章）并加盖公章或合同专用章，并经受让方法定代表人（负责人）或授权代理人签字（或盖章）并加盖公章或合同专用章后生效。

16.2  本合同生效后，双方可以在协商一致的基础上补充合同内容。若本合同规定与法律法规相悖时，应及时商签补充合同予以完善。

16.3  本合同生效后，合同条款的变更及补充必须经双方协商一致，采取书面形式并依照法律的规定办理好有关本合同及相关文件的批准、登记、备案手续。

### 第17条  法律适用与争议解决

17.1  本合同的订立、生效、解释、履行和争议的解决均适用中华人民共和国法律。

17.2  如发生争议，双方应友好协商，未能协商一致的，任何一方均可向受让方住所地（即江西南昌）有管辖权的人民法院提起诉讼。与诉讼有关的所有费用包括但不限于诉讼费、执行费、律师代理费等均由败诉方承担，但法院判决另有规定的除外。在协商或诉讼期间，对于本合同不涉及争议部分的条款，双方仍须履行。

### 第18条  其他事项

18.1  信托计划成立后，受让方以信托计划的受托人身份，而非以受让方固有财产所有人身份履行本合同。

18.2  本合同一式陆份，双方各持壹份，其余用于其它相关手续，每份具有同等法律效力。

18.3  在签署本合同时，各当事人对合同的所有条款已经详细阅悉，均无异议，

 中航信托
AVIC TRUST CO. LTD.

特定股权收益权转让与回购合同

并对当事人之间的法律关系、有关权利、义务和责任的条款的法律含义有准确无误的理解。

**************************************************************

（以下无正文，签署页附后）

 中航信托
AVIC TRUST CO.,LTD　　　　　　　　　　　　　　　　特定股权收益权转让与回购合同

（本页为中航信托·天启（2017）99 号互联网电视股权收益权投资集合

资金信托计划特定股权收益权转让与回购合同的签署页，无正文）

转让方（回购方）：乐视控股（北京）有限公司（公章/合同专用章）

法定代表人/负责人 或授权人（签章）：



受让方：中航信托股份有限公司（公章/合同专用章）

法定代表人或授权代表（签字或盖章）



签署日期：<u>2017</u> 年 <u>3</u> 月 <u>9</u> 日

签署地点：江西南昌

# 中航信托•天启(2017) 99 号互联网电视股权收益权投资集合资金信托计划

## AVIC Trust - Tianqi (2017) No. 99 Collective Fund Trust Scheme for Internet TV Equity Income Right Investment

## 自然人保证合同

## Contract of Guarantee by Natural Person

合同编号：AVICTC2017X0264-5

Contract Number: AVICTC2017X0264-5

保证人：贾跃亭

债权人：中航信托股份有限公司

**Guarantor: Jia Yueting**

**Creditor: AVIC Trust Co., Ltd.**

自然人保证合同
Contract of Guarantee by Natural Person

# 自然人保证合同

## Contract of Guarantee by Natural Person

保证人：**贾跃亭**          身份证号码：14262319731215081X
住　所：北京市东城区东直门外海盛名苑 T5-2001 室
邮政编码：100027          联系电话：13331011101
传真：010-59283480
电子邮箱：niechengzhi@le.com
债权人：**中航信托股份有限公司**
法定代表人：姚江涛
法定地址：江西省南昌市红谷滩新区赣江北大道 1 号中航广场 24/25 层
联系地址：江西省南昌市红谷滩新区赣江北大道 1 号中航广场 24/25 层
联系人：张超          邮政编码：330038
联系电话：010-56823637    传 真：010-56823559
电子邮箱：zhangchao9466@163.com

**Guarantor: Jia Yueting**          ID Card No.: 14262319731215081X
Address: Room T5-2001, Haisheng Mingyuan, Dongzhimenwai, Dongcheng District, Beijing
Postal Code: 100027    Contact Number: 13331011101
Fax: 010 -59283480
E-mail: niechengzhi@le.com

**Creditor: AVIC Trust Co., Ltd.**
Legal Representative: Yao Jiangtao
Registered Address: Floor 24/25, AVIC Square, No.1 Ganjiang North Avenue, Honggutan New Area, Nanchang City, Jiangxi Province
Contact Address: Floor 24/25, AVIC Square, No.1 Ganjiang North Avenue, Honggutan New Area, Nanchang City, Jiangxi Province
Contact Person: Zhang Chao          Postal Code:330038
Contact Number: 010-56823637    Fax: 010-56823559
E-mail: zhangchao9466@163.com

鉴于：
WHEREAS:

1. 保证人系具有民事权利能力和民事行为能力的主体；债权人系经有权机构批
   准并有效存续的非银行金融机构，拟作为受托人设立"中航信托•天启（2017）
   99 号互联网电视股权收益权投资集合资金信托计划"（以下简称"信托计划"）。

1. The Guarantor is an entity with the capacity for civil rights and the capacity for civil conduct. The Creditor is a non-bank financial institution approved by competent authorities and effectively existing. The Creditor intends to setup the *AVIC Trust - Tianqi (2017) No. 99 Collective Fund Trust Scheme for Internet TV Equity Income*

自然人保证合同
Contract of Guarantee by Natural Person

*Right Investment* (the "Trust Scheme") as trustee.

2. 作为信托计划项下的法律文件之一，乐视控股（北京）有限公司（以下称"债务人"）与债权人签订了编号为 AVICTC2017X0264-2 的《中航信托·天启（2017）99号互联网电视股权收益权投资集合资金信托计划特定股权收益权转让与回购合同》（以下称"主合同"）。为保证债权人实现主合同项下的债权，保证人愿意为债务人提供连带责任保证。

2. As one of the legal documents under the Trust Scheme, LeTV Holdings (Beijing) Limited (the "Debtor") and the Creditor signed the *Contract for the Transfer and Buyback of Specific Equity Income Right of AVIC Trust - Tianqi (2017) No. 99 Collective Fund Trust Scheme for Internet TV Equity Income Right Investment* (No. AVICTC2017X0264-2) (the "Master Contract "). In order to ensure that the Creditor can realize the creditor's right under the Master Contract, the Guarantor is willing to provide joint and several liability guarantee for the Debtor.

3. 除非本合同另有规定，本合同中所用词语与信托计划项下的《信托合同》、《信托计划说明书》等信托文件及主合同中的词语具有相同含义。

3. Unless otherwise specified in this Contract, the words used herein shall have the meanings ascribed to those words in the Trust Contract, the Trust Scheme Description and other trust documents under the Trust Scheme and the Master Contract.

根据《中华人民共和国担保法》、《中华人民共和国合同法》以及《中华人民共和国信托法》等法律、行政法规的规定，双方本着诚实信用、公平自愿的原则，就有关主合同的保证事宜，经充分友好协商，特签订本合同，以资遵照执行。

NOW, THEREFORE, in accordance with the provisions of the Guarantee Law of the People's Republic of China, the Contract Law of the People's Republic of China and the Trust Law of the People's Republic of China as well as other laws and administrative regulations, based on the principles of good faith, fairness and voluntariness, and through full and friendly consultation, the parties hereto, intending to be legally bound, enter into this Contract with respect to the guarantee matters related to the Master Contract.

### 第1条　被担保的主债权
### Article 1 Guaranteed Principal Creditor's Right

保证人所担保的主债权为债务人在主合同项下对债权人负有的支付特定股权收益权回购价款的义务（以下根据行文需要称为"主债权"或"债务"），具体数额及履行期限以主合同的约定为准。

The Principal Creditor's Right guaranteed by the Guarantor is the obligation of the Debtor to the Creditor to pay the buyback price for the specific equity income right under the Master Contract (the "Principal Creditor's Right" or "Debt(s)" depending upon the context). The specific amount and performance period of the Principal Creditor's Right shall be subject to the provisions of the Master Contract.

### 第2条　保证范围

自然人保证合同
Contract of Guarantee by Natural Person

**Article 2 Guarantee Scope**

本合同的保证范围为债务人在主合同项下对债权人负有的全部债务，包括但不限于全部特定股权收益权回购基本价款和行权费（包括复利和罚息）、 违约金、资金占用费、赔偿金、手续费、保险费及其他为签订或履行本合同而发生的费用、以及债权人为实现债权与担保权利而发生的费用(包括但不限于诉讼费、仲裁费、财产保全费、差旅费、执行费、评估费、拍卖费、公证费、送达费、公告费、律师费等)。

The guarantee scope under this Contract covers all Debts owed by the Debtor to the Creditor under the Master Contract, including but not limited to the basic price for buyback of all the specific equity income right and the exercise fee (including compound interest and penalty interest), liquidated damages, fund occupation fees, compensation, handling fees, insurance fees and other expenses incurred for the purpose of signing or performing this Contract, as well as the expenses incurred by the Creditor for the purpose of realizing the creditor's right and the guarantee right (including but not limited to legal fees, arbitration fees, property preservation fees, travel expenses, enforcement fees, assessment fees, auction fees, notarial fees, service fees, announcement fees, attorney's fees, etc.).

**第3条    保证方式**

**Article 3 Guarantee Method**

保证人在本合同项下提供的保证为不可撤销的连带责任保证。

The guarantee provided by the Guarantor hereunder is an irrevocable joint and several liability guarantee.

**第4条    保证期间**

**Article 4 Guarantee Period**

4.1  自本合同生效之日起至主合同项下的债务履行期限届满之日后两年止。

4.1 The guarantee period shall commence on the Effective Date hereof and end two years after the expiration of the performance period of the Debts under the Master Contract.

4.2  如果主合同项下的债务分期履行的，则对于每期债务而言，保证期间均为最后一期债务履行期限届满之日后两年止。

4.2 If the Debts under the Master Contract are performed in installments, for each installment of Debts, the guarantee period shall end two years after the expiration of the last installment of Debts.

4.3  如果主合同项下有多笔债务的，则对于每笔债务而言，保证期间均为履行期限最迟届至的一笔债务履行期限届满之日后两年止。

4.2 If the Debts under the Master Contract are performed in installments, for each installment of Debts, the guarantee period shall end two years after the expiration of the last installment of Debts.

4.4  债务展期的，保证期间至展期协议重新约定的债务履行期限届满之日后两年止。

4.4 If the performance period of the Debts is extended, the guarantee period shall end two years after the expiration of the performance period of the Debts specified in the

自然人保证合同
Contract of Guarantee by Natural Person

extension agreement.

4.5 若债权人根据主合同约定宣布债务提前到期的，保证期间至债权人宣布的债务提前到期日后两年止。

4.5 If the Creditor announces according to the provisions of the Master Contract that the Debts expire ahead of schedule, the guarantee period shall end two years after the early expiration date of the Debts announced by the Creditor.

### 第5条　保证合同的独立性
**Article 5 Independence**

本合同的效力独立于主合同，主合同不成立、不生效、无效、部分无效或被撤销、被解除并不影响本合同的效力。如主合同被确认为不成立、不生效、无效、部分无效或被撤销、被解除的，则保证人对于债务人因返还财产或赔偿损失而形成的债务也承担连带责任。

The validity of this Contract is independent of that of the Master Contract. If the Master Contract is not formed, not effective, invalid, partially invalid or cancelled, the validity of this Contract shall not be affected thereby. If the Master Contract is confirmed as not formed, or to be ineffective, invalid, partially invalid or cancelled, or rescinded, the Guarantor shall also bear joint and several liabilities for the Debts incurred by the debtor due to return of property or compensation for losses.

### 第6条　主合同变更
**Article 6 Change of the Master Contract**

6.1 如果债权人与债务人协议变更主合同条款（包括但不限于变更结算币种、还款方式、信托财产专用账户、结算账户、还款账户、起息（费）日、结息日（结算日）、在债务履行期限不延长的情况下债务履行期限的起始日或截止日的变更），保证人同意对变更后的主合同项下的债务承担连带保证责任。

6.1 If the Creditor and the Debtor change the terms of the Master Contract by signing an agreement (including but not limited to the changes of settlement currency, repayment method, special account for trust property, settlement account, repayment account, interest (fee) calculation date, interest settlement date (settlement date), and the starting date or ending date of the performance period of the Debts under the condition that the performance period of the Debts is not extended), the Guarantor agrees to bear joint and several guarantee liabilities for the Debts under the changed Master Contract.

6.2 未经保证人事先同意，债权人与债务人协议增加债权本金（基本价款）金额的，保证人仅依照本合同的约定对变更前的主合同项下的债务承担连带保证责任。

6.2 If the Creditor and the Debtor increase the amount of the principal (the "Basic Price") of the creditor's right by signing an agreement without the prior consent of the Guarantor, the Guarantor shall, only in accordance with the provisions hereof, bear joint and several guarantee liabilities for the Debts under the Master Contract prior to the change.

6.3 主合同债务人与债权人协议变更主合同的，在不增加保证人所担保的主债权数额的前提下，不必取得保证人同意，保证人不能因此变更而免除连带保证责任；若债权人与主合同债务人对主合同履行期限作出变动，则保证人的保证期间为自

自然人保证合同
Contract of Guarantee by Natural Person

变更后的债务履行期限届满之日起两年。

6.3 If the Debtor to the Master Contract and the Creditor change the Master Contract by signing an agreement, the consent of the Guarantor does not need to be obtained on the premise of not increasing the amount of the Principal Creditor's Right guaranteed by the Guarantor, and the Guarantor shall not be exempted from joint and several guarantee liabilities due to such change. If the Creditor and the Debtor to the Master Contract change the performance period of the Master Contract, the Guarantor's guarantee period shall end two years after the expiration of the changed performance period of the Debts.

6.4 保证人的保证责任不因出现下列任一情况而减免：

6.4 The Guarantor's guarantee liability shall not be reduced or exempted due to any of the following circumstances:

（1）　债权人或债务人发生改制、合并、兼并、分立、增减资本、合资、联营、更名等情形；

(1) If the Creditor or the Debtor undergoes restructuring, consolidation, merger, division, capital increase or decrease, joint venture, joint operation, name change, etc.; or

（2）　债权人委托第三方履行其在主合同项下的义务。

(2) If the Creditor entrusts a third party to perform its obligations under the Master Contract.

6.5 主合同项下债权或债务的转移行为未生效、无效、被撤销、被解除，保证人仍按照本合同对债权人承担连带保证责任。

6.5 If the transfer of the creditor's right or Debts under the Master Contract is not effective, invalid, cancelled or rescinded, the Guarantor shall still bear joint and several guarantee liabilities to the Creditor in accordance with this Contract.

第7条　保证责任

Article 7 Guarantee Liability

7.1 如果主合同项下债务到期或者债权人根据主合同的约定或法律规定宣布债务提前到期，债务人未按时足额履行，或者债务人违反主合同的其他约定，保证人应在保证范围内承担保证责任。

7.1 If the Debts under the Master Contract expires or the Creditor announces according to the provisions of the Master Contract or laws that the Debts expire ahead of schedule, and if the Debtor fails to perform the Debts in full and on time, or the Debtor violates other provisions of the Master Contract, the Guarantor shall bear the guarantee liability within the guarantee scope.

7.2 无论债权人对主合同项下的债权是否拥有其他担保（包括但不限于保证、抵押、质押、保函、备用信用证等担保方式），不论上述其他担保何时成立、是否有效、债权人是否向其他担保人提出权利主张，也不论是否有第三方同意承担主合同项下的全部或部分债务，也不论其他担保是否由债务人自己所提供，保证人在本合同项下的保证责任均不因此减免，债权人均可直接要求保证人依照本合同约定在其保证范围内承担保证责任，保证人将不提出任何异议。

7.2 The Guarantor's guarantee liability hereunder shall not be reduced or exempted, the Creditor may directly require the Guarantor to bear the guarantee liability within

his guarantee scope in accordance with the provisions of this Contract, and the Guarantor will not raise any objection, regardless of whether the Creditor has other guarantees (including but not limited to warranty, mortgage, pledge, letter of guarantee, standby letters of credit, etc.) against the creditor's right under the Master Contract, regardless of the formation time and the validity of the above other guarantees, regardless of whether the Creditor makes claims against other guarantors, regardless of whether a third party agrees to assume all or part of the Debts under the Master Contract, or regardless of whether other guarantees are provided by the Debtor itself.

7.3 无论债权人过去、现在或将来是否已经、将要或可能放弃（包括但不限于放弃抵押权或其他担保权利、放弃抵押权或其他担保权利的顺位）、变更（包括但不限于变更抵押权或其他担保权利的顺位、担保金额或范围）、减免债务人或任何第三方过去、现在或将来已经、将要或可能提供的任何抵押权、质权或保证或其他任何形式的担保，保证人的保证责任均不因此而减少或免除，保证人承诺仍然按照本合同的规定提供担保。

7.3 The Guarantor's guarantee liability shall not be reduced or exempted, regardless of whether the Creditor has waived, will waive or may waive (including but not limited to waiving the mortgage right or other guarantee rights, or the priority order of the mortgage right or other guarantee rights), changes (including but not limited to changing the priority order, guarantee amount or guarantee scope of the mortgage right or other guarantee rights), or reduces or exempts any mortgage right, pledge right or warranty or any other form of guarantees that the Debtor or any third party has provided, will provide or may provide in the past, at present or in the future. The Guarantor undertakes to still provide the guarantee in accordance with the provisions hereof.

7.4 任何情况下，保证人不得以其或第三方已远期受让标的股权、标的股权价格过低或过高、标的股权未予交付等原因拒绝或迟延履行本协议项下的保证责任。如果融创房地产集团有限公司已依据编号为"AVICTC2017X0264-3"《中航信托•天启（2017）99 号互联网电视股权收益权投资集合资金信托计划股权远期受让协议》的约定向债权人支付了相应款项（"已付款项"），则保证人仅需就主债权减去已付款项后的剩余金额向债权人承担保证责任。

7.4 In no event shall the Guarantor refuse to perform or delay in performing the guaranty liability hereunder on the grounds that he or a third party has forward accepted the target equities, the price of the target equities is too low or too high, the target equities have not been delivered, etc. If Sunac Real Estate Group Co., Ltd. has paid the corresponding amount (the "Paid Amount") to the Creditor according to the provisions of the Agreement on Forward Acceptance of the Equities under the AVIC Trust - Tianqi (2017) No. 99 Collective Fund Trust Scheme for Internet TV Equity Income Right Investment (Agreement No.: AVICTC2017X0264-3), the Guarantor only needs to bear the guarantee liability to the Creditor for the Principle Creditor's Right less the Paid Amount.

7.5 如果保证人只对主合同项下的部分债务提供保证，则保证人同意，即使因债务人清偿、债权人实现其他担保权利或任何其他原因导致主合同项下的债务部分消灭，保证人仍应按照本合同的约定在保证范围内对尚未消灭的债务承担保证责

自然人保证合同
Contract of Guarantee by Natural Person

任。

7.5 If the Guarantor provides guarantee only for part of the Debts under the Master Contract, the Guarantor agrees that even if the Debts under the Master Contract are partially extinguished due to the repayment by the Debtor, the realization of other guarantee rights by the Creditor or any other reasons, the Guarantor shall still, within the guarantee scope according to the provision hereof, bear the guarantee liability for the Debts that have not been extinguished.

7.6 如果保证人只为主合同项下的部分债务提供保证，在其承担保证责任后主合同项下的债务仍未获完全清偿，则保证人承诺，其向债务人或其他担保人主张(包括预先行使)代位权或追偿权时，不应使债权人利益受到任何损害，并同意主合同项下债务的清偿优先于保证人代位权或追偿权的实现。具体而言，在债权人债权未被全部清偿前，

7.6 If the Guarantor provides guarantee only for part of the Debts under the Master Contract and if   the Debts under the Master Contract have not been fully repaid after he perform the guarantee liability, the Guarantor undertakes that he shall not cause any damage to the interests of Creditors when he claims (including claiming in advance) the subrogation or recovery right against the Debtor or other guarantors, and agrees that the repayment of Debts under the Master Contract shall have priority over the realization of the subrogation or recovery right of the Guarantor.

Specifically, before the creditor's right of the Creditor is fully paid off.

(1) 保证人同意不向债务人或其他担保人主张代位权或追偿权；如因任何原因，保证人实现了上述权利，则应将所获款项优先用于清偿债权人尚未获偿的债权；

(1) the Guarantor agrees not to claim the subrogation or recovery right against the Debtor or other Guarantors; if the Guarantor realizes the above rights for any reason, the money obtained therefrom shall be preferentially used to pay off the creditor's right that has not yet been repaid to the Creditor.

(2) 主合同项下的债务如有物的担保，保证人同意不以行使代位权为由或任何其他原因对该担保物或其处分后所得价款提出权利主张，上述担保物及所得价款应优先用于清偿债权人尚未获偿的债权；

(2) If the Debts under the Master Contract are guaranteed by the collateral, the Guarantor agrees not to claim the collateral or the price obtained from the disposition thereof on the ground of subrogation or for any other reason, and the above collateral and the price shall be preferentially used to pay off the creditor's right that has not yet been repaid to the Creditor.

(3) 若债务人或其他担保人为保证人提供了反担保，则保证人基于上述反担保而获得的款项应优先用于清偿债权人尚未获偿的债权。

(3) if the Debtor or another guarantor provides counter guarantee for the Guarantor, the money obtained by the Guarantor based on the above counter guarantee shall be preferentially used to pay off the creditor's right that has not yet been repaid to the Creditor.

7.7 对于保证人为履行本合同项下的责任而向债权人支付的任何款项，债权人有权按下列顺序清偿：

7.7 The Creditor shall have the right to obtain any sum paid by the Guarantor to the Creditor in order to fulfill his responsibilities hereunder in the following order:

自然人保证合同
Contract of Guarantee by Natural Person

(1) 实现债权和担保权利之费用；

(2) 损害赔偿金；

(3) 违约金；

(4) 逾期利息和罚息；

(5) 利息(行权费、资金占用费)；

(6) 本金(基本价款)。

(1) fees for realizing the creditor's right and the guarantee right;

(2) damages;

(3) liquidated damages;

(4) overdue interest and penalty interest;

(5) interest (exercise fees and fund occupation fees);

(6) principal (Basic Price).

债权人有权变更上述顺序。

The Creditor shall have the right to change the above order.

7.8 若保证人未按约定履行本合同项下责任时，债权人有权：

(1)对合法占有和管理的保证人财产或财产权利行使处分权利以用于 清偿债权；

(2) 通过其他合法途径向保证人继续追偿。

7.8 If the Guarantor fails to perform his responsibilities hereunder as agreed, the Creditor shall have the right to:

(1) exercise the right to dispose of the Guarantor's property or property rights that are lawfully possessed and managed by the Creditor so as to pay off the creditor's right;

(2) continue to exercise the recovery right   against the Guarantor through other legal channels.

### 第8条   保证人声明与承诺

### Article 8 Representations and Undertakings of the Guarantor

8.1 保证人保证其具有签订和履行本合同所必需的民事权利能力和民事行为能力，能独立承担民事责任。

8.1 The Guarantor warrants that he has the necessary capacity for civil rights and capacity for civil conduct to sign and perform this Contract, and can independently bear civil liabilities.

8.2 保证人知悉并同意主合同的全部条款，自愿为主合同债务人提供担保，其在本合同项下的全部意思表示真实。

8.2 The Guarantor knows and agrees to all the terms of the Master Contract and voluntarily provides the guarantee to the Debtor to the Master Contract. All the intentions of the Guarantor hereunder are true.

8.3 保证人所提供的担保为独立担保，如有第三人亦为主合同债务人履行主合同提供担保，保证人仍然承担全部担保责任。

8.3 The guarantee provided by the Guarantor is an independent guarantee. If a third person also provides a guarantee for the Debtor to the Master Contract to perform the Master Contract, the Guarantor shall still bear all the guarantee liabilities.

8.4 保证期间，若债权人将主合同项下的主债权转让给第三人的，无需征得保证人同意，保证人承诺继续承担保证责任。

8.4 During the guarantee period, if the Creditor transfers the Principal Creditor's Right

自然人保证合同
Contract of Guarantee by Natural Person

under the Master Contract to a third party, the Creditor does not need to obtain the consent of the Guarantor, and the Guarantor undertake to continue to bear the guarantee liability.

8.5 保证人保证向债权人提供的有关其资信情况说明、财务报表或其他资料真实有效。

8.5 The Guarantor warrants that the description related to his credit status, financial statements or other materials provided to the Creditor are true and valid.

8.6 主合同债务人未依约清偿债务(包括主合同约定的提前到期的情形),债权人要求保证人承担保证责任的,保证人在接到债权人书面通知之日应立即代为清偿主合同项下的债务。

8.6 If the Debtor to the Master Contract fails to pay off the Debts as agreed (including the early maturity stipulated in the Master Contract) and if the Creditor requires the Guarantor to perform the guarantee liability, the Guarantor shall immediately pay off the Debts under the Master Contract on behalf of the Debtor on the date of receiving a written notice from the Creditor.

8.7 在本合同有效期内,如果保证人再为其它第三方提供担保的,不得损害债权人的利益。

8.7 During the term of this Contract, if the Guarantor provides a guarantee for another third party, the interests of Creditor shall not be damaged thereby.

8.8 在本合同有效期内,保证人发生以下事项时,应于事项决定或发生后三个工作日内书面通知债权人:

8.8 During the term of this Contract, the Guarantor shall notify the Creditor in writing within three working days after the decision or occurrence of the following matters (if any):

(1) 保证人及其拥有的资产发生清算、解散、破产、兼并、重大涉诉或被施以强制措施时。

(1) the Guarantor and his owned assets are liquidated, dissolved, bankrupt, merged, involved in major litigations or imposed with compulsory measures.

8.9 出现下列情形之一的,债权人有权宣布主合同项下一项或多项债务提前到期,并要求保证人承担连带保证责任:

8.9 Under any of the following circumstances, the Creditor shall have the right to announce the early expiration of one or more Debts under the Master Contract and require the Guarantor to bear joint and several guarantee liabilities:

(1) 债务人未按主合同履行到期义务或履行主合同项下的任一义务的;

(2) 债务人或保证人经营状况严重恶化,或丧失商业信誉;

(3) 债务人依法被宣告解散、撤销、破产、兼并、涉诉或自行解散;

(4) 债务人或保证人的重要财产被施以强制措施;

(5) 债务人或保证人违背所作声明与承诺,或不履行本合同约定其他义务;

(6) 债务人或保证人作出其他侵犯债权人合法权益的行为,影响债权人按期足额收回债权;

(7) 出现使债权人债权难以实现或无法实现的其他情况。

(1) If the Debtor fails to perform its due obligations or perform any of its obligations under the Master Contract;

(2) If the debtor's business condition or the Guarantor's business condition has

自然人保证合同
Contract of Guarantee by Natural Person

seriously deteriorated, or the Debtor loses its business reputation or the Guarantor loses his business reputation;

(3) If the Debtor is declared dissolved, cancelled, bankrupt, merged, or involved in litigation according to law or is dissolved by itself

(4) If the Debtor's important property or the Guarantor's important property is subject to compulsory measures;

(5) If the Debtor or the Guarantor violates its or his representations and undertakings or fails to perform other obligations stipulated in this Contract;

(6) If the Debtor or the Guarantor carries out other acts that infringe the legitimate rights and interests of the Creditor and affect the Creditor's recovery of the creditor's right in full and on time:

(7) If there are other circumstances that make it difficult or impossible for the Creditor to realize the creditor's right.

8.10 保证人应如实向债权人提供其财产情况和个人信用等有关资料，并保证上述资料的准确、真实、完整与有效性。

8.10 The Guarantor shall truthfully provide the Creditor with the information on its property, personal credit, etc., and ensure the accuracy, authenticity, completeness and validity of the above information.

8.11 保证人发生国籍变更财务状况严重恶化，或者已丧失担保能力，应立即书 面通知债权人，并按照债权人要求落实本合同项下保证责任的承担、转移或承继，或者为主合同的履行提供令债权人满意的新担保。

8.11 If the Guarantor's nationality is changed or the Guarantor's financial situation is deteriorated seriously or the Guarantor has lost the ability to guarantee, the Guarantor shall immediately notify the Creditor in writing and implement the bearing, transfer or inheritance of the guarantee liability under this Contract as required by the Creditor, or provide a new guarantee for the performance of the Master Contract satisfactory to the Creditor.

第9条  债务人的解散或破产
Article 9 Dissolution or Bankruptcy of the Debtor

9.1 保证人知道债务人进入解散或破产程序后，应当立即通知债权人申报债权，同时自己应及时参加解散或破产程序，预先行使追偿权。保证人知道或者应当知道债务人进入解散或破产程序，但未能及时预先行使追偿权的，其损失由保证人自行承担。

9.1 After the Guarantor knows that the Debtor has entered the dissolution or bankruptcy proceedings, he shall immediately notify the Creditor to declare its creditor's right, and at the same time he shall participate in the dissolution or bankruptcy proceedings in a timely manner and exercise the recovery right in advance. If the Guarantor knows or should know that the Debtor has entered the dissolution or bankruptcy proceedings, but fails to exercise the recovery right in a timely manner in advance, the Guarantor shall solely bear his losses.

9.2 尽管有本合同第 9.1 条及第 13.2 条的约定，在债务人破产程序中，如果债权人与债务人达成和解协议，或者同意重整计划，本合同项下债权人的权利不因和

自然人保证合同
Contract of Guarantee by Natural Person

解协议或重整计划而受到损害，保证人的保证责任不予以减免。保证人不得以和解协议、重整计划规定的条件对抗债权人的权利主张。 债权人在和解协议、重整计划中对债务人作出让步而未能获得清偿的债权部分，仍有权要求保证人继续予以清偿。

9.2 Notwithstanding the provisions of Article 9. 1 and Article 13. 2 of this Contract, in the Debtor's bankruptcy proceedings, if the Creditor and the Debtor enter into a settlement agreement or agree to a reorganization plan, the rights of the Creditor hereunder shall not be damaged due to such settlement agreement or the reorganization plan, and the Guarantor's guarantee liability shall not be reduced or exempted. The guarantor shall not oppose the Creditor's claim for rights on the strength of the conditions stipulated in the above settlement agreement and reorganization plan. The Creditor shall have the right to require the Guarantor to continue to repay the portion of the creditor's right that has not been repaid due to the concession made by the Creditor to the Debtor in the above settlement agreement and reorganization plan.

### 第10条 违约责任
**Article 10 Liabilities for Breach of Contract**

10.1 本合同生效后，保证人、债权人双方均应履行本合同约定的义务，任何一方不履行或不完全履行本合同所约定义务的，应当承担相应的违约责任，并赔偿由此给对方造成的损失。

10.1 After this Contract comes into effect, both the Guarantor and the Creditor shall perform the obligations stipulated in this Contract. If the Guarantor or the Creditor fails to perform or fails to fully perform the obligations stipulated in this Contract, the breaching party shall bear the corresponding liabilities for breach of contract and compensate the non-breaching party for the losses caused to the non-breaching party due to the above breach of the breaching party.

10.2 保证人违约，债权人有权采取下列一项或几项措施：

10.2 If the Guarantor breaches this Contract, the Creditor shall have the right to take one or more of the following measures:

(1) 要求保证人限期纠正违约；
(2) 宣布主债务履行期限提前届满，要求保证人承担连带保证责任；
(3) 依法撤销保证人损害债权人利益的行为；
(4) 以法律手段追究保证人的违约责任。

(1) requiring the Guarantor to correct his breach within a time limit;
(2) announcing the early expiration of the performance period of the principal debt and requiring the Guarantor to bear joint and several guarantee liabilities;
(3) revoking the Guarantor's acts of damaging the Creditor's interests according to law;
(4) holding the Guarantor liable for breach of contract by legal means.

### 第11条 公证(本条不适用)
**Article 11 Notarization (Not Applicable)**

11.1 保证人、债权人双方应在本合同签订后十日内到债权人指定的公证机关对本

自然人保证合同
Contract of Guarantee by Natural Person

合同申请进行赋予强制执行效力的债权文书公证。相关公证费用由保证人承担。

11.1 The Guarantor and the Creditor shall apply with a notary public office designated by the Creditor for notarizing a creditor's right document that gives an enforcement effect to this Contract within ten days of the execution of this Contract. The relevant notarial fees shall be borne by the Guarantor.

11.2 保证人、债权人双方在此确认，双方对本合同中有关保证人的义务的约定无疑义。保证人对赋予强制执行效力公证的含义、内容、程序、效力等完全明确了解。保证人并承诺其不履行本协议中约定的义务或不完全履行义务时，保证人愿意接受强制执行。根据债权人的申请，公证机关可以签发执行证书，保证人愿意接受人民法院的强制执行。

11.2 The Guarantor and the Creditor hereby confirm that they have no doubt to the provisions of this Contract on the obligations of the Guarantor. The Guarantor fully and clearly understands the meaning, content, procedure and effectiveness of the notarization to which the enforcement is granted. The Guarantor also undertakes that if he fails to perform or fully perform his obligations hereunder, he is willing to accept the enforcement. According to the Creditor's application, the notary public office can issue an enforcement certificate, and the Guarantor is willing to accept the enforcement by a people's court.

11.3 一旦发生任何违约事件，本合同项下的担保权即立刻具有可执行性。当本合同项下的担保权根据本合同的约定具有可执行性后的任何时间，保证人不再有权且不得行使、执行与担保权有关的任何权利、裁量权或救济权，而债权人有权在法律允许的范围内以其认为适当的任何方式行使、实现担保权。

11.3 In case of any event of default, the guarantee right hereunder shall be immediately enforceable. At any time after the guarantee right hereunder is enforceable according to the provisions hereof, the Guarantor shall no longer have the right to and shall not exercise or enforce any right, discretion or remedy right related to the guarantee right, and the Creditor shall have the right to exercise or realize the guarantee right in any way it deems appropriate to the extent permitted by law.

11.4 为使债权人能够实现担保权，保证人应当采取债权人可能要求的所有合法且适当的行动。为债权人根据本合同的约定实现担保权之目的，保证人应签署所有该等协议、通知、授权、指示、承诺及其他文件并采取债权人可能要求的所有行动。

11.4 In order to enable the Creditor to realize the guarantee right, the Guarantor shall take all legal and appropriate actions that the Creditor may require. In order for the Creditor to realize the guarantee right according to the provisions of this Contract, the Guarantor shall sign all such agreements, notices, authorizations, instructions, undertakings and other documents and take all such actions as the Creditor may require.

11.5 在担保权具有可执行性之时及之后，债权人可以保证人的名义（或在法律允许的范围内，以债权人的名义），行使与保证人有关的权力和权利，以及行使相关的任何追索权和受偿权；保证人在此不可撤销地授权债权人行使上述权利。

11.5 When and after the guarantee right is enforceable, the Creditor may exercise the powers and rights related to the Guarantor in the name of the Guarantor (or in the name of the Creditor to the extent permitted by law), and exercise any recovery right

自然人保证合同
Contract of Guarantee by Natural Person

and right to compensation related thereto. The Guarantor hereby irrevocably authorizes the Creditor to exercise the above rights.

11.6 债权人、保证人双方确认，关于强制执行的约定优先于本合同第 16.2 条 的规定执行。

11.6 The creditor and the Guarantor confirm that the provisions on enforcement shall prevail over the provisions of Article 16.2 hereof.

## 第12条 债权人记录的证据效力
## Article 12 Evidentiary Effectiveness of the Creditor's Records

除非有可靠、确定的相反证据，债权人有关本金（基本价款、主价款）、利息、行为费、资金占用费、其它费用和还款记录等内容的内部账务记载，债权人制作或保留的债务人办理提款、还款、支付利息、费用等业务过程中发生的单据、凭证及债权人催收的记录、凭证，均构成有效证明主合同项下债权关系的确定证据。保证人不能仅因为上述记录、记载、单据、凭 证系由债权人单方制作或保留而提出异议。

Unless there is reliable and definite evidence to the contrary, the Creditor's internal accounting records on the principal (Basic Price, main price), interest, exercise fees, fund occupation fees, other fees, repayment records and other contents, the documents and vouchers produced or retained by the Creditor in the process of the Debtor's withdrawal, repayment, payment of interest and expenses, etc., and the Creditor's collection records and vouchers, shall all constitute definite evidence to effectively prove the creditor's right relationship under the Master Contract. The Guarantor shall not raise any objection just because the above records, writings, documents and vouchers are unilaterally produced or retained by the Creditor.

## 第13条 权利保留
## Article 13 Rights Reserved

13.1 债权人在本合同项下的权利并不影响和排除其根据法律、法规和其它合同所享有的任何权利。任何对违约或延误行为施以任何宽容、宽限、优惠或延缓行使本合同项下的任何权利，均不能视为对本合同项下权利、权益的放弃或对任何违反本合同行为的许可或认可，也不影响、阻止和妨碍对该权利的继续行使或对其任何其它权利的行使，也不因此导致债权人对保证人承担义务和责任。

13.1 The Creditors' rights hereunder shall not affect and exclude any rights it has under laws, regulations and other contracts. Any tolerance, grace, concession or delay in the exercise of any rights hereunder provided for any breach or delay shall not be deemed as a waiver of the rights and interests hereunder or a permission or approval for any breach of this Contract, nor shall such tolerance, grace, concession or delay affect, prevent or hinder the continued exercise of such rights or the exercise of any other rights, or cause the Creditor to bear obligations and responsibilities to the Guarantor.

13.2 即使债权人不行使或延缓行使主合同项下的任何权利或未用尽主合同项下的任何救济，保证人在本合同项下的保证责任并不因此减免，但是债权人若减免主合同项下债务，保证人在本合同项下的保证责任相应减免。

13.2 Even if the Creditor does not exercise or postpone the exercise of any rights under the Master Contract or does not exhaust any remedy under the Master Contract,

自然人保证合同
Contract of Guarantee by Natural Person

the Guarantor's guarantee liability hereunder shall not be reduced or exempted thereby. However, if the Creditor reduce or exempt the Debts under the Master Contract, the Guarantor's guarantee liability hereunder shall be reduced or exempted accordingly.

## 第14条 通知和送达
### Article 14 Notice and Service

14.1 双方之间的一切商业文件信函、通知和诉讼文书均以书面形式作为最终的送达方式，可由专人递送、挂号信邮递、特快专递等方式送达，传真可作为辅助送达方式，但事后应以上述约定方式补充送达。

14.1 All commercial documents, letters, notices and litigation documents between the parties hereto shall be delivered in written form as the final service method and may be delivered personally or sent by registered mail, express mail service, etc. Fax may be used as a supplementary service method, but after transmission by fax, supplementary service shall be made by one of the above agreed methods.

14.2 商业文件信函、通知和诉讼文书在下列日期视为送达被通知方：

14.2 Commercial documents, letters, notices and litigation documents shall be deemed to have been delivered to the notified party on the following dates:

(1) 专人递送：通知方取得的被通知方签收单所示日；

(2) 挂号信邮递:发出通知方持有的国内挂号函件收据所示日后第 5 日；

(3) 特快专递：发出通知方持有的发送凭证上邮戳日起第 4 日：

(4) 传真：收到成功发送确认后的当日。

(1) delivery by personally: the date indicated on the delivery receipt of the notified party obtained by the notifying party;

(2) sending by registered mail: the 5th day after the date indicated on the receipt of the domestic registered mail held by the notifying party;

(3) sending by express mail service: the 4th day after the postmark date indicated on the sending certificate held by the notifying party;

(4) transmission by fax: the day when the confirmation of successful transmission is received.

14.3 联系地址和联系方式。合同各方一致确认本合同首部中记载的各方联系地址和联系方式为各方履行合同、解决合同争议时向其他方送交商业文件函信、通知或司法机关(法院、仲裁机构)向各方送达诉讼、仲裁文书的地址和联系方式。

14.3 Contact Address and Contact Information. The parties hereto unanimously confirm that the contact address and contact information of the each party hereto recorded above is the address and contact information of such party to receive commercial documents, letters and notices sent by the other party hereto in the course of performing this Contract or settling the disputes arising from this Contract, or to receive the litigation and arbitration documents sent by judicial authorities (courts, arbitration institutions).

14.4 联系地址和联系方式适用期间。本合同首部中记载的各方联系地址和联系方式适用至本合同履行完毕或争议经过一审、二审至案件执行终结时止，除非各方依下款告知变更。

14.4 Applicable Period of Contact Address and Contact Information. The contact address and contact information of each party hereto recorded above shall apply until

自然人保证合同
Contract of Guarantee by Natural Person

the performance of this Contract is completed or in case of a dispute, the first instance, the second instance and the case enforcement are closed, unless such party informs the other party hereto of the change of its/his contact address and contact information according to the following paragraph.

14.5 联系地址和联系方式的变更。任何一方联系地址和联系方式需要变更的，应提前五个工作日向合同其他方和司法机关送交书面变更告知函(若争议已经进入司法程序解决)。

14.5 Change of Contact Address and Contact Information. If either party hereto needs to change its/his contact address and contact information, it/he shall send a written notice of change to the other party hereto and the judicial authorities (if the dispute has enter judicial settlement proceedings) five working days in advance.

14.6 承诺。合同各方均承诺：本合同首部中填写的各方联系地址和联系方式真实有效，如填写错误或未填写，导致的商业信函、通知和诉讼文书送达不能的法律后果由自己承担。

14.6 Undertakings. Each party hereto undertakes that its/his contact address and contact information written above are true and valid. If it/he fills in an incorrect contact address and contact information, or does not filled in its/his contact address and contact information, the legal consequences of failure to deliver commercial letters, notices and litigation documents as a result thereof shall be solely borne by it/him.

14.7 风险提示。合同各方均明知：因各方提供的联系地址不准确，地址变更后未及时告知各方和司法机关，导致商业文件信函、通知和诉讼文书未能被实际接收的，直接送达的可以适用留置送达或送达人当场记明情况即为送达，邮寄送达的文书退回之日视为送达之日。

**14.7 Risk Warning. Each party hereto clearly knows that if the commercial documents, letters, notices and litigation documents cannot be actually received due to the inaccurate contact address provided by it/him or its/his failure to inform the other party hereto and the judicial authorities in a timely manner after its/his contact address is changed, (i) for personal delivery, the lien service may apply or the service shall be deemed to have been effectively made after the service person records the situation on the spot; and (ii) for sending by mail, the date when the sent document is returned shall be deemed as the service date.**

第15条 保密
**Article 15 Confidentiality**

15.1 本合同双方同意，对其中一方或其代表提供给另一方的有关本合同及各方签署的本合同项下交易的所有重要方面的信息及/或本合同所含信息(不包括有证据证明是经正当授权的第三方收到、披露或公开的信息)予以保密。

15.1 Each party hereto agree to keep confidential the information provided to it/him by or on behalf of the other party hereto on this Contract and all important aspects of the transaction under this Contract signed by the parties hereto and/or the information contained herein (excluding the information received, disclosed or published by a third party with duly authorization as certified by evidence).

15.2 未经对方书面同意，不向任何其他方披露此类信息(不包括与本合同拟议之

自然人保证合同
Contract of Guarantee by Natural Person

交易有关而需要获知以上信息的披露方的雇员、高级职员和董事），但以下情况除外：

15.2 Each party hereto shall not disclose the above information to any other party (excluding the disclosing party's employees, officers and directors who need to know the above information in connection with the transaction proposed in this Contract) without the written consent of the other party hereto, except for the following circumstances:

（1）为进行本合同拟议之交易而向投资者披露；

（2）向与本交易有关而需要获知以上信息并受保密合同约束的律师、会计师、顾问和咨询人员披露；

（3）根据适用的法律法规的要求，向中国的有关政府部门或者管理机构披露。

(1) disclosing the above information to investors for the purpose of carrying out the transaction proposed in this Contract;

(2) disclosing the above information to lawyers, accountants, advisers and consultants related to the transaction proposed in this Contract who need to know the above information and are bound by confidentiality contracts;

(3) disclosing the above information to the relevant Chinese government departments or management agencies as required by applicable laws and regulations.

15.3 在任何情形下，本条所规定的保密义务应永久持续有效。

15.3 In any case, the confidentiality obligation stipulated in this Article 15 shall remain in force forever.

### 第16条 法律适用与争议解决
### Article 16 Applicable Law and Dispute Resolution

16.1 本合同的订立、生效、解释、履行和争议的解决均适用中华人民共和国法律。

16.1. The formation of this Contract, its effectiveness, interpretation, performance and settlement of disputes in connection herewith shall be governed by the laws of the People's Republic of China.

16.2 如发生争议，双方应友好协商，未能协商一致的，任何一方均可向债权人住所地（即江西南昌）有管辖权的人民法院提起诉讼。与诉讼有关的所有费用包括但不限于诉讼费、执行费、律师代理费等均由败诉方承担，但法院判决另有规定的除外。在协商或诉讼期间，对于本合同不涉及争议部分的条款，双方仍须履行。

16.2 The parties hereto shall settle any dispute related to this Contract through friendly consultation. If no consensus can be reached through consultation, either party hereto may bring a lawsuit to the people's court with jurisdiction of the place where the Creditor is located (i.e. Nanchang, Jiangxi Province). All expenses related to the lawsuit, including but not limited to legal fees, enforcement fees and attorney's fees, shall be borne by the losing party, unless otherwise stipulated by the court judgment. During the negotiation or litigation period, the terms of this Contract that do not involve disputes shall still be performed by the parties hereto.

### 第17条 其他条款
### Article 17 Miscellaneous

17.1 信托计划成立后，债权人以信托计划的受托人身份签订和履行本合同。

自然人保证合同
Contract of Guarantee by Natural Person

17.1 After the Trust Scheme is established, the Creditor will sign and perform this Contract as trustee of the Trust Scheme.

17.2 保证人信息的使用

17.2 Use of the Guarantor's Information

保证人同意债权人向中国人民银行个人信用信息基础数据库及信贷征信电管部门批准建立的个人信用数据库或有关单位、部门及个人查询保证人的信用状况，查询获得的信用报告限用于中国人民银行颁布的《个人信用信息基础数据库管理暂行办法》规定用途。保证人还同意债权人将保证人信用信息提供给中国人民银行个人信用信息基础数据库及信贷征信主管部门批准建立的个人信用数据库。保证人并同意，债权人为业务需要也可以合理使用并披露保证人信息。

The Guarantor agrees that the Guarantor's credit reports obtained by the Creditor when inquiring about the Guarantor's credit status from the Basic Database of Individual Credit Information of the People's Bank of China and the individual credit database established upon approval by the credit information management departments or from the relevant units, departments and individuals are limited to the uses specified in the Interim Measures for the Administration of the Basic Data of Individual Credit Information promulgated by the People's Bank of China. The Guarantor further agrees that the Creditor may provide the Guarantor's credit information to the Basic Database of Individual Credit Information of the People's Bank of China and the individual credit database established upon approval by the credit information management departments Party B further agrees that the Creditor can also reasonably use and disclose the Guarantor's information for business needs.

17.3 公告催收

17.3. Collection by Announcement

对保证人的违约情形，债权人有权向有关部门或单位予以通报。

The Creditor shall have the right to notify the relevant departments or units of the Guarantor's breach of contract.

17.4 可分割性

17.4 Severability

本合同的任何条款无论因任何原因无效、被撤销或者失去强制性，不影响本合同其他条款的有效性，双方应当继续履行本合同的其他条款。

If any provision of this Contract is invalid, revoked or loses its enforcement for any reason, the validity of other provisions of this Contract shall not be affected thereby, and the parties hereto shall continue to perform other provisions of this Contract.

17.5 合同生效条件

15.5 Conditions for Effectiveness

本合同经债权人法定代表人（负责人）或授权代理人签字（或盖章）并加盖公章或合同专用章，且保证人签字并捺手印后生效。

This Contract shall come into effect after the legal representative (responsible person) or authorized agent of the Creditor affixes his/her signature (or seal) and the common seal or special seal for contract and the Guarantor affixes his signature and fingerprint hereon.

17.6 合同一式贰份，双方各执贰份，其余用于办理各项手续，每份法律效力相同。

17.6 This Contract is made in two counterparts, with each party hereto holding two

自然人保证合同
Contract of Guarantee by Natural Person

counterparts and the rest used for handling other relevant formalities, and each counterpart shall have the same legal effect.

17.7 在签署本合同时，各当事人对本合同的所有条款已经详细阅悉，均无异议，并对当事人之间的法律关系、有关权利、义务和责任的条款的法律含义有 准确无误的理解。

17.7 At the time of signing this Contract, the parties hereto have read all the terms of this Contract in detail and have no objection, and have an accurate understanding of the legal relationship between the parties hereto and the legal meanings of the terms of this Contract related to rights, obligations and responsibilities.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

（以下无正文，签字页附后）

(The remainder of this page is intentionally left blank, and the signature paged is attached hereto.)

自然人保证合同
Contract of Guarantee by Natural Person

(本页为中航信托•天启(2017) 99 号互联网电视股权收益权投资集合资金信托计划自然人保证合同的签署页，无正文)
(This page is the signature of the Contract of Guarantee by Natural Person of the AVIC Trust - Tianqi (2017) No. 99 Collective Fund Trust Scheme for Internet TV Equity Income Right Investment and has no main body.)

保证人：＿＿＿＿＿＿＿＿＿＿ （签字并摁手印）
Guarantor:_____(Sign and Fingerprint)

债权人：中航信托股份有限公司（公章/合同专用章）
法定代表人（或委托代理人）：（签字或签章）
Creditor: AVIC Trust Co., Ltd.    (Common Seal/Special Seal for Contract)
Legal Representative 9or Authorized Agent): (Signature or Seal):

签署日期：<u>2017</u> 年 <u>3</u> 月 <u>9</u> 日
签署地点：江西南昌
Date of Signature: October 9, 2017
Place of Signature: Nanchang, Jiangxi

转让通知书
Notice of Transfer

致：天津盈鑫信恒投资咨询有限公司

**To: Tianjin Yingxin Xinheng Investment Consulting Co., Ltd.**

贵司作为受益人的编号为"AVICTC2017X0264"的中航信托·天启【2017】99号互联网电视股权收益权投资集合资金信托计划（下称"信托计划"）项下全部劣后级受益人。

You are the beneficiary under the *AVIC Trust - Tianqi (2017) No. 99 Collective Fund Trust Scheme for Internet TV Equity Income Right Investment* ("AVICTC2017X0264", hereinafter referred to as Trust Scheme) representing all inferior beneficiaries.

根据贵司出具的指令函，中航信托股份公司（下称"受托人"或"中航信托"）于2019年4月16日以信托财产原状分配的方式向贵司分配信托财产，将以下债权及其他相关权益分配并转让给贵司：

According to the Letter of Instruction sent by you, AVIC Trust Co., Ltd. (hereinafter referred to as Entrustee or AVIC Trust), for the purpose of distributing the properties under the trust to you on an "AS IS" basis, distributed and transferred the following creditor claims and other related rights and interests to you on April 16, 2019:

1、受托人在编号为 <u>AVICTC2017X0264-2</u> 的《中航信托·天启（2017）99号互联网电视股权收益权投资集合资金信托计划特定股权收益权转让与回购合同》项下对乐视控股（北京）有限公司享有的全部债权，其中包括：特定股权收益权回购基本价款：壹拾伍亿元整（1,500,000,000.00 元）、一次性违约金：伍仟万元整（50,000,000.00 元）、连续性迟延违约金、行权费、诉讼费、执行费、律师代理费；全部债权的具体金额根据上述债权的实际存续天数/逾期天数进行计算。

All the creditor claims enjoyed by the Entrustee in LeTV Holdings (Beijing) Co., Ltd. under the *Contract for the Transfer and Buyback of Specific Equity Income Right of AVIC Trust - Tianqi (2017) No. 99 Collective Fund Trust Scheme for Internet TV Equity Income Right Investment* (No. AVICTC2017X0264-2), including: the basic

price for the buyback of the specific equity income right: one billion five hundred million RMB Yuan (RMB1,500,000,000.00); lump-sum liquidated damages: fifty million RMB Yuan (RMB50,000,000.00), liquidated damages for continuous delay, exercise fee, legal costs, enforcement fee, and lawyer's fee; the specific amount of all creditor claims shall be calculated according to the actual duration/overdue days of the aforesaid creditor claims.

2、受托人已将转让事宜通知相关债权人、债务人。请贵司与相关债权人、债务人协商办理相关事宜，我司可提供必要的协助。

The Entrustee has notified relevant creditors and debtors of the transfer. You shall contact them to deal with relevant matters, and our company may provide necessary assistance.

自本通知书发出之日起，上述债权及其他相关权益转移至贵司，本信托项下信托财产分配完毕，贵司不再享有本信托项下的任何信托利益

Since the date of this notice, the above-mentioned creditor claims and other relevant rights and interests have been transferred to you, the properties under the trust have been fully distributed, and you will no longer enjoy any interests under the trust.

特此通知。
Please be informed.

中航信托股份有限公司
2019 年 4 月 25 日
AVIC Trust Co., Ltd.
April 25, 2019

中航信托•天启（2017）99 号互联网电视股权收益
权投资集合资金信托计划

AVIC Trust - Tianqi (2017) No. 99 Collective Fund Trust
Scheme for Internet TV Equity Income Right Investment

特定股权收益权转让与回购合同

Contract for the Transfer and Buyback of Specific Equity
Income Right

合同编号：AVICTC2017X0264-2
Contract Number: AVICTC2017X0264-2

转让方（回购方）：乐视控股（北京）有限公司

受让方：中航信托股份有限公司

Transferor (Buyback Party): LeTV Holdings (Beijing) Limited

Transferee: AVIC Trust Co., Ltd.

# 特定股权收益权转让与回购合同

# Contract for Transfer and Buyback of Specific Equity Income Right

转让方（回购方）：乐视控股（北京）有限公司

法定代表人：贾跃亭

法定地址：北京市朝阳区姚家园路 105 号 3 号楼 10 层 1102

联系地址：北京市朝阳区姚家园路 105 号 3 号楼 16 层

联系人：张巍　　　　　　　　　　邮政编码：100025

联系电话：13810049776　　　　　传 真：010-50962120

电子邮箱：zhangwei16@le.com

Transferor (Buyback Party): LeTV Holdings (Beijing) Limited

Legal Representative: Jia Yueting

Registered Address: Room 1102, Floor 10, Building No.3, No.105 Yaojiayuan Road, Chaoyang District, Beijing

Contact Address: Floor 16, Building No.3, No.105 Yaojiayuan Road, Chaoyang District, Beijing

Contact Person: Zhang Wei

Phone Number: 13810049776

E-mail: zhangwei16@le.com

Postal Code: 100025

Fax: 010 -50962120

受让方：中航信托股份有限公司

法定代表人：姚江涛

法定地址：江西省南昌市红谷滩新区赣江北大道 1 号中航广场 24/25 层

联系地址：江西省南昌市红谷滩新区赣江北大道 1 号中航广场 24/25 层

联系人：张超　　　　　　　　　　邮政编码：330038

联系电话: <u>010-56823637</u> _____    传真: <u>010-56823559</u>

电子邮箱: <u>zhangchao9466@163.com</u>

Transferee: AVIC Trust Co., Ltd.

Legal Representative: Yao Jiangtao

Registered Address: Floor 24/25, AVIC Square, No.1 Ganjiang North Avenue, Honggutan New Area, Nanchang City, Jiangxi Province

Contact Address: Floor 24/25, AVIC Square, No.1 Ganjiang North Avenue, Honggutan New Area, Nanchang City, Jiangxi Province

Contact Person: <u>Zhang Chao</u>        Postal Code:<u>330038</u>

Telephone: <u>010-56823637</u>    Fax: <u>010-56823559</u>

E-mail: <u>zhangchao9466@163.com</u>

鉴于:
WHEREAS:

1.  转让方（回购方）系具有民事权利能力和民事行为能力的主体；受让方系经有权机构批准并有效存续的非银行金融机构，拟作为受托人设立编号为【AVICTC2017X0264】的"中航信托•天启（2017）99 号互联网电视股权收益权投资集合资金信托计划"（以下简称"信托计划"）。

1. The Transferor (Buyback Party) is an entity with the capacity for civil rights and the capacity for civil conduct. The Transferee is a non-bank financial institution approved by competent authorities and effectively existing. The Transferee intends to setup the AVIC Trust - Tianqi (2017) No. 99 Collective Fund Trust Scheme for Internet TV Equity Income Right Investment (No.: AVICTC2017X0264) (the "Trust Scheme") as trustee.

2.  转让方（回购方）拟向受让方转让并按照本合同约定的条件回购其合法持有的乐视致新电子科技（天津）有限公司（以下简称"目标公司"）8.38% 的股权（所对应的出资额为人民币 <u>2,618.3537</u> 万元）的股权收益权；受让方同意受让转让方（回购方）转让的特定股权收益权并按照本合同约定的条件予以回购。

2. The Transferor (Buyback Party) intends to transfer to the Transferee and according to the

conditions specified herein, buyback the income right to 8.38% of equities (corresponding to the capital contribution of RMB 26,183,537) of LeTV Zhixin Electronic Technology (Tianjin) Co., Ltd. (the "Target Company") legally held by the Transferor (Buyback Party). The Transferee agrees to accept the Specific Equity Income Right transferred by the Transferor (Buyback Party) and agrees to the buyback of the Specific Equity Income Right in accordance with the conditions specified in this Contract.

3.      除非本合同另有规定，本合同中所用词语与信托计划项下的《信托合同》、《信托
        计划说明书》等信托文件中的词语具有相同含义。

3. Unless otherwise specified in this Contract, the words used herein shall have the meanings ascribed to those words in the Trust Contract, the Trust Scheme Description and other trust documents under the Trust Scheme.

        根据《中华人民共和国公司法》、《中华人民共和国合同法》以及《中华人民共和
国信托法》等法律、行政法规的规定，双方本着诚实信用、公平自愿的原则，就特定股
权收益权转让有关事宜，经充分友好协商，特签订本合同，以资遵照执行。

NOW, THEREFORE, In accordance with the provisions of the Company Law of the People's Republic of China, the Contract Law of the People's Republic of China and the Trust Law of the People's Republic of China as well as other laws and administrative regulations, based on the principles of good faith, fairness and voluntariness, and through full and friendly consultation, the parties hereto, intending to be legally bound, enter into this Contract with respect to the matters related to the transfer of the Specific Equity Income Right.

**第1条 转让标的**

**Article 1 Transferred Subject Matter**

1.1     本合同的转让标的为：本合同签署之日转让方合法持有的目标公司 **8.38%** 的股权
        （所对应的出资额为人民币 2,618.3537 万元，转让方已完成全部对应的出资，以下
        简称"**特定股权**"）的股权收益权(以下简称"**特定股权收益权**")。

1.1 The transferred subject matter hereunder is the income right to the 8.38% of equities of the

Target Company (corresponding to the capital contribution of RMB 26,183,537, the Transferor has completed all the corresponding capital contribution, the "Specific Equities") legally held by the Transferor on the date of this Contract (the "Specific Equity Income Right").

1.2　第1.1条所述特定股权收益权包括特定股权的所有收益权，即除投票权以外的一切权利，包括但不限于获得下列特定股权的全部处置收入以及分红、送股的全部处置收入、认购权证、认沽权证以及孳息等衍生权益等权利：

1.2 The Specific Equity Income Right described in Article 1.1 include all income rights to the Specific Equities, i.e. all rights except voting rights, including but not limited to the rights to obtain all incomes from the disposal, dividends, all incomes from the disposal of the distributed shares, warrants, put warrants, fruits and other derivative rights of the following Specific Equities:

(1)　自本合同生效之日起在任何情形下处置特定股权产生的收入；

(1) the income from the disposal of the Specific Equities under any circumstances from the effective date of this Contract;

(2)　自本合同生效之日起，在任何情形下处置特定股权因送股、公积金转增、配股、拆分股权等而形成的派生股权产生的收入；

(2) the income generated from the derivative equities formed due to share donation, increase from accumulation funds, allotment of shares, splitting of shares, etc. in the course of disposal of the Specific Equities under any circumstances from the effective date of this Contract;

(3)　自本合同生效之日起，基于特定股权及特定股权的派生股权而获取的股息红利等；

(3) the dividends and bonuses obtained based on the Specific equities, the derivative equities thereof, etc. from the effective date of this Contract;

(4)　自本合同生效之日起因目标公司转增注册资本等形成的特定股权的衍生收益；

(4) the derivative income of the Specific Equities arising from the Target Company's increase in the registered capital by transfer, etc. from the effective date of this

Contract;

(5)  自本合同生效之日起如目标公司发生被依法解散、撤销或者被宣告破产情
形，转让方基于特定股权及特定股权的派生股权受分配的剩余财产；

(5) the Transferor's remaining property subject to distribution based on the Specific
Equities and the derivative equities thereof if the Target Company is dissolved,
cancelled or declared bankrupt according to law from the effective date of this Contract;

(6)  自本合同生效之日起，根据法律、行政法规、规章的规定、司法机关的裁
决、政府机关的规定，转让方基于特定股权及特定股权的派生股权而获得
的任何赔偿、补偿等；

(6) any damages, compensation, etc. obtained by the Transferor based on the Specific
Equity and the derivative equities thereof according to the provisions of laws,
administrative regulations, rules, the decisions of judicial authorities and the provisions
of governmental authorities from the effective date of this Contract;

（7）自本合同生效之日起，基于特定股权及特定股权的派生股权而产生的其他
任何现金收入、财产性收益。

(7) any other cash income and property income generated based on the Specific
Equities and the derivative equities thereof from the effective date of this
Contract.

目标公司的注册资本为人民币 31,245.2712 万元，转让方系目标公司股东，共记
持有回标公司 18.3805% 的股权，对应的出资额为 人民币 5,743.0371 万元，并已
完成全部出资。特定股权对应的出资额为 人民币 2,618.3537 万元。

The registered capital of the Target Company is RMB 312,452,712. The Transferor is a
shareholder of the Target Company, holding 18.3805% of the equities of the Target Company in
total which correspond to the contribution amount of RMB 57,430,371, and has made its capital
contribution in full. The capital contribution corresponding to the Specific Equities is RMB
26,183,537.

1.4  转让方同意按本合同的规定将特定股权收益权转让给受让方，受让方同意受让特

定股权收益权。

1.4 The Transferor agrees to transfer to the Transferee and the Transferee agrees to accept the Specific Equity Income Right in accordance with the provisions hereof.

**第 2 条 转让价款及支付**

Article 2 Transfer Price and Payment

2.1 本合同项下转让标的（即特定股权收益权）的转让价款为人民币壹拾伍亿元（小写：¥1,500,000,000.00）。鉴于本合同项下的特定股权收益权转让系基于信托计划的特定目的而实施，故而在本合同生效日至本信托计划终止之日期间，如转让方基于对特定股权的所有权因送股、公积 金转增、配股、拆分股权获得派生股权的，则派生股权的收益权一并转让，且受让方无须就派生股权的收益权另行支付转让价款。

2.1 The transfer price of the transferred subject matter (i.e. the Specific Equity Income Right) hereunder is Renminbi one billion five hundred million (RMB 1,500,000,000.00). Since the transfer of the Specific Equity Income Right hereunder is made based on the specific purpose of the Trust Scheme, if the Transferor obtains the derivative equities due to share donation, increase from accumulation funds, allotment of shares, splitting of shares, etc. based on the ownership of the Specific Equities during the period from the effective date of this Contract to the termination date of the Trust Scheme, the income right to the derivative equities shall be transferred together, and the Transferee does not need to pay the transfer price separately for the income right to the derivative equities.

2.2 除非受让方全部或部分放弃，当且仅当下列各前提条件全部持续满足时，受让方才有义务向转让方支付转让价款：

2.2 The Transferee shall have the obligation to pay the transfer price to the Transferor only if all the following preconditions are continuously met, unless the Transferee waives such preconditions in whole or in part:

（1）　转让方已向受让方提交受让方要求其提交的全部资料（包括但不限于转让方合法持有特定股权的相关文件资料及凭证正本复印件：转让方（自然人）的身份证复印件、转让方（机构）的营业执照（或其他能够确认主体资格的登记证书）、组织机构代码证复印件，最近几年的财务报表等；转让方（自然人）的财产共有人出具的同意转让方转让特定股权收益权并签订一系列交易文件的函件、**转让方（机构）的股东会、董事会、理事会等有权机构同意转让方签订一系列交易文件的决议或决定：**

(1) The Transferor has submitted to the Transferee all the materials that the Transferee requires the Transferor to submit (including but not limited to the photocopies of the original documents and certificates related to the Transferor's legal holding of the Specific Equities: the photocopy of the ID card (natural person), the photocopy of the business license (institution) (or other registration certificate that can confirm the subject qualification), the photocopy of the organization code certificate, the financial statements in recent years, etc. of the Transferor; letters issued by the joint owner of the Transferor's (natural person) property agreeing to the Transferor's transfer of the Specific Equity Income Right and signing a series of transaction documents, and resolutions or decisions of the Transferor's (institution) board of shareholders, board of directors, council and other competent institutions agreeing to the Transferor's signing a series of transaction documents:

（2）　本信托计划已成立生效，并且用于支付转让价款的信托资金已募集成功；

(2) The Trust Scheme has been established and has come into effect, and the trust funds used to pay the transfer price have been raised successfully;

（3）　转让方的财务状况未发生任何实质性变化从而给本合同项下的交易带来严重不利影响；

(3) The financial situation of the Transferor has not materially changed (material change of the financial situation of the Transferor will seriously and adversely affect the transaction hereunder);

（4）　转让方没有发生本合同的任一违约事项，且不存在任何可能对受让方在本合同项下的权利造成不利影响的情形；

(4) The Transferor has not encountered any event of default hereunder and has no

circumstance that may adversely affect the rights of the Transferee hereunder;

(5)　本信托计划项下的所有担保合同已生效，担保合同约定的各项登记手续均
已办妥；

(5) All the guarantee contracts under the Trust Scheme have come into effect and all the
registration procedures stipulated in the guarantee contracts have been properly
completed;

(6)　转让方已经与受让方签署了编号为【AVICTC2017X0264-7】的《航信托
•天启(2017) 99 号互联网电视股权收益权投资集合资金信托计划信托业保
障基金委托认购协议》，转让方已经按照协议约定交付了用于认购信托业
保障基金的款项；

(6) The Transferor and the Transferee has signed the Trust Industry Guarantee Fund
Entrustment Subscription Agreement on the AVIC Trust - Tianqi (2017) No. 99
Collective Fund Trust Scheme for Internet TV Equity Income Right Investment
(Agreement No.: AVICTC2017X0264-7), and the Transferor has delivered the money
for subscription of the trust industry guarantee fund in accordance with the provisions
of the above agreement;

(7)　转让方、受让方以及融创房地产集团有限公司(以下简称"融创房地产")之
间的《中航信托•天启(2017) 99 号互联网电视股权收益权投资集合资金信
托计划股权远期受让协议》(协议编号为： AVICTC2017X0264-3,简称为
"远期受让协议")已经签署生效并且持续生效。

(7) The Agreement on Forward Acceptance of the Equities under the AVIC Trust -
Tianqi (2017) No. 99 Collective Fund Trust Scheme for Internet TV Equity Income
Right Investment (Agreement No.: AVICTC2017X0264-3) among the Transferor, the
Transferee and Sunac Real Estate Group Co., Ltd. ("Sunac Real Estate") has been
signed and is in effect continuously;

(8)　转让方、受让方双方约定的其他支付转让价款的前提条件。

(8) Other preconditions agreed by the Transferor and the Transferee for payment of the transfer
price.

受让方有权根据实际情况决定在前款所规定的各前提条件未全部满足的情况下向

转让方支付转让价款，但该等支付转让价款的行为，不得推定为受让方对转让方

未履行合同义务行为的认可或豁免，也不构成受让方的履约瑕疵。

The Transferee shall have the right, according to the actual situation, to decide to pay the

transfer price to the Transferor under the circumstance that all the preconditions specified

in the preceding paragraph are not fully met. However, the above payment of the transfer

price shall not be presumed to be the Transferee's approval or exemption of the

Transferor's failure to perform its contractual obligations, nor shall it constitute the

Transferee's performance defect.

2.2    受让方应于第 2.2 条约定的付款前提条件全部成就后的 3 个工作日内向转让方一

次性支付特定股权收益权的转让价款。

2.2 The Transferee shall pay the Transferor the transfer price for the Specific Equity Income

Right in one lump sum within 3 working days after all the payment preconditions specified in

Article 2.2 have been fulfilled.

2.3    受让方与转让方一致确认，转让方用于接收特定股权收益权转让价款的银行账户

如下：

2.3 The Transferee and the Transferor confirm unanimously that the information of the bank

account used by the Transferor to receive the transfer price of the Specific Equity Income Right is

as follows:

账户名：乐视控股(北京)有限公司

账 号：8110701012200982905

开户行：中信银行北京观湖国际支行

Account name: LeTV Holdings (Beijing) Limited

Account Number: 8110701012200982905

Bank of Deposit: China CITIC Bank, Beijing Guanhu International Sub-branch

转让方若变更该银行账户的，应于变更前的 10 个工作日内通知受让方。具体付款

时间和付款金额以受让方持有的银行转账凭证为准。

If the Transferor changes the bank account, it shall notify the Transferee within 10

working days prior to the change. The specific payment time and amount shall be subject to the bank transfer voucher held by the Transferee.

2.4　本合同项下特定股权收益权转让系以信托计划成立并生效、信托资金已足额划至信托财产专户为前提。如因法律法规的修改或颁布、国家宏观调控政策的变化、受让方监管部门提出新的监管要求或受让方无法成功募集用于支付特定股权收益权转让价款的全部资金等原因致使受让方无法支付本合同项下转让价款或实现其在本合同项下的目的，则本合同自动解除，受让方不再负有对转让方的付款义务，且受让方对转让方不负有违约责任及其他任何赔偿责任。

2.4 The transfer of the Specific Equity Income Right hereunder is based on the premise that the Trust Scheme is established and has come into effect and the trust funds have been fully transferred to the special trust property account. If the Transferee is unable to pay the transfer price or realize its purpose hereunder due to the revision or promulgation of laws and regulations, changes in the national macro-control policies, new regulatory requirements put forward by the regulatory departments having jurisdiction over the Transferee or the Transferee's failure to successfully raise all the funds used to pay the transfer price for the Specific Equity Income Right or for other reasons, this Contract will be automatically rescinded, the Transferee will no longer bear the payment obligation to the Transferor, and will not bear the liabilities for breach of contract or any other compensation liability to the Transferor.

第 3 条 特定股权收益权的交付及管理

Article 3 Delivery and Management of the Specific Equity Income Right

3.1 本合同项下转让价款按本合同第 2 条的规定全额划入转让方指定的银行账户，即视为转让标的交割完成，受让方即享有特定股权收益权。

3.1 After the transfer price hereunder is fully transferred to the bank account designated by the Transferor in accordance with the provisions of Article 2 hereof, the delivery of the transferred subject matter will be deemed to have been completed and the Transferee will own the Specific Equity Income Right.

3.2 受让方受让特定股权收益权后，转让方持有的特定股权仍由转让方负责管理。转让方应以特定股权收益最大化为原则，诚实、勤勉的管理特定股权。

3.2 After the Transferee accepts the Specific Equity Income Right, the Specific Equities held by the Transferor shall still be managed by the Transferor. The Transferor shall, adhering to the principle of maximizing the income of the Specific Equities, honestly and diligently manage the Specific Equities.

3.3 本合同项下特定股权收益权转让后，基于特定股权产生的相关的现金分红及其它现金收益归属于受让方设立的本信托计划的信托财产，转让方应将该等收入自产生之日起 3 个工作日内划入信托财产专户。

3.3 After the transfer of the Specific Equity Income Right hereunder, the relevant cash dividends and other cash income generated based on the Specific Equities shall belong to the trust property of the Trust Scheme established by the Transferee, and the Transferor shall transfer such income into the special trust property account within 3 working days from the date of such generation.

### 第 4 条 文件资料的出示和提交

### Article 4 Production and Delivery of Documents and Materials

本合同签署前，转让方应当根据受让方的要求出示和提交必要的文件和资料，包括但不限于：

Prior to the execution of this Contract, the Transferor shall produce and deliver necessary documents and materials as required by the Transferee, including but not limited to:

（1）转让方合法持有特定股权收益权的权利证明文件；

（2）转让方同意特定股权收益权转让的内部决议文件。

(1) documents proving the right of the Transferor to legally hold the Specific Equity Income Right;

(2) internal resolution documents related to the Transferee's approval of the transfer of the Specific Equity Income Right.

## 第 5 条 特定股权收益权回购

### Article 5 Buyback of the Specific Equity Income Right

5.1 转让方（回购方）作为特定股权收益权的出让方，承诺按照本合同约定的时限和金额回购全部特定股权收益权。此承诺为不可撤销且独立于特定股权收益权转让的承诺。

5.1 The Transferor (Buyback Party), as the transferor of the Specific Equity Income Right, undertakes to buyback all the Specific Equity Income Right in accordance with the time limit and amount specified in this Contract. The above undertaking is irrevocable and is independent of the undertaking of the transfer of the Specific Equity Income Right.

5.2 受让方支付特定股权收益权转让价款后，转让方（回购方）即负有了按本合同约定向受让方支付特定股权收益权回购价款的独立义务，此债务成立后除因支付完毕全部特定股权收益权回购价款而消灭外，不受任何其他因素的影响，包括特定股权和特定股权收益权本身的任何变化。

5.2 After the Transferee pays the transfer price for the Specific Equity Income Right, the Transferor (Buyback Party) shall have the independent obligation to pay the Transferee the buyback price for the Specific Equity Income Right in accordance with the provisions of this Contract. After the above debt is established, it shall not be affected by any other factors, including any changes in the Specific Equities itself and the Specific Equity Income Right itself, except that it shall be extinguished after all the buyback price for the Specific Equity Income Right is paid.

5.3 提前回购

5.3 Early Buyback

（1）  本信托计划存续届满 12 个月后，经转让方（回购方）书面申请，受让

方同意，转让方（回购方）可以提前支付特定股权收益权回购基本价款以提前回购特定股权收益权。转让方（回购方）提前回购的，转让方（回购方）除应当支付特定股权收益权回购基本价款外，还应当按照信托计划的实际存续天数支付特定股权收益权回购的行权费。

(1) 12 months after the expiration of the term of the Trust Scheme, upon the written application of the Transferor (Buyback Party), the Transferee agrees that the Transferor (Buyback Party) can pay the basic price for buyback of the Specific Equity Income Right in advance to buyback the Specific Equity Income Right in advance. If the Transferor (Buyback Party) buybacks the Specific Equity Income Right in advance, in addition to the basic price for buyback of the Specific Equity Income Right, it shall also pay the exercise fee for buyback of the Specific Equity Income Right according to the number of days of the actual term of the Trust Scheme.

（2）虽有前述约定，受让方亦有权要求转让方（回购方）在本信托计划存续届满 12 个月之日时提前回购，并支付相应的特定股权收益权同购基本价款及行权费。

(2) Notwithstanding the foregoing, the Transferee shall also have the right to require the Transferor (Buyback Party) to buyback the Specific Equity Income Right in advance 12 months after the expiration of the term of Trust Scheme, and to pay the corresponding basic price and exercise fee for buyback of the Specific Equity Income Right.

（3）    除本合同另有约定外，如转让方（回购方）出现如下情形时，受让方可自主决定提前回购日，即受让方可宣布任一日期为提前回购日，但应提前 5 个工作日书面通知转让方（回购方）。自该通知送达转让方（回购方）之日起 5 个工作日内，转让方（回购方）应提前支付特定股权收益权回购基本价款及行权费：

(3) Unless otherwise agreed in this Contract, the Transferee may decide at its own discretion the early buyback date by giving 5 working days' written notice to the Transferor (Buyback Party) if the Transferor (Buyback Party) has any of the

following circumstances, that is, the Transferee may announce any date as the early buyback date. The Transferor (Buyback Party) shall, within 5 working days from the date when the above notice is served on it, pay the basic price and exercise fee for buyback of the Specific Equity Income Right in advance:

1）　　转让方（回购方）未按本合同的约定按期支付当期行权费；

1) If the Transferor (Buyback Party) fails to pay the current exercise fee on schedule as agreed in this Contract;

2）　　转让方（回购方）或担保人（如有）出现任何违反本合同或回购价款支付义务保障措施的文件的行为、事项，对本信托计划的受益人的权益可能造成损害、威胁的；

2) If the Transferor (Buyback Party) or the Guarantor (if any) has any act or matter that violates this Contract or the documents of the guarantee measures for the payment obligation of the buyback price, which may cause damage or threat to the rights and interests of the beneficiaries of the Trust Scheme;

3）　　融创房地产违反其在《远期受让协议》项下任何义务、陈述、承诺及/或保证的；

3) If Sunac Real Estate violates any of its obligations, representations, undertakings and/or warranties under the Forward Acceptance Agreement;

4）　　已经发生严重影响转让方（回购方）履行特定股权收益权回购义务的情形；包括但不限于转让方（回购方）发生重大未履行的金融债务、转让方（回购方）实际控制人或法定代表人或负责人出现重大变故等情形；

4) If there are any circumstances that seriously affect the Transferor (Buyback Party) to perform the obligation to buyback the Specific Equity Income Right, including but not limited to major financial debts outstanding occurred by the Transferor (Buyback Party), major changes in the actual controller or legal representative or responsible person of the Transferor (Buyback Party), etc.;

5）本信托计划发生其他需提前终止的情形。

5) If there are other circumstances requiring early termination of the Trust Scheme.

5.4 特定股权收益权回购价款的构成

5.4 Composition of the Buyback Price for the Specific Equity Income Right

本合同项下的特定股权收益权回购价款由特定股权收益权回购基本价款和行权费两部分构成，即特定股权收益权回购价款=特定股权收益权回购基本价款+行权费。

The buyback price for the Specific Equity Income Right hereunder consists of the basic price for buyback of the Specific Equity Income Right and the exercise fee, i.e. the buyback price for the Specific Equity Income Right = the basic price for buyback of the Specific Equity Income Right + the exercise fee.

5.5 特定股权收益权回购基本价款金额及支付

5.5 Amount and Payment of the Basic Price for Buyback of the Specific Equity Income Right

（1）特定股权收益权回购基本价款等于受让方依据本合同第 2.1 条向转让方（回购方）支付的全部转让价款。

(1) The basic price for buyback of the Specific Equity Income Right is equal to the total transfer price paid by the Transferee to the Transferor (Buyback Party) in accordance with Article 2.1 hereof.

（2）转让方（回购方）应于信托计划期限届满（包括信托计划的受托人宣布提前到期）前的五日内或提前回购日，一次性足额支付。

(2) The Transferor (Buyback Party) shall fully pay the basic price for buyback of the Specific Equity Income Right in one lump sum within five days prior to the expiration of the term of the Trust Scheme (including the early expiration announced by the trustee of the Trust Scheme) or on the early buyback date.

5.6 行权费

5.6 Exercise Fee

（1）转让方（回购方）为取得和维持其拥有回购特定股权收益权的权利，应当按照本合同的约定支付行权费。

(1) The Transferor (Buyback Party) shall pay the exercise fee as agreed in this Contract

in order to obtain and maintain the right to buyback the Specific Equity Income

Right.

（2）　行权费率：双方一致确认，本合同约定的年行权费率为9%，日行权费率=月行权费率/30=年行权费率/360。本合同有效期内，未经双方协商一致不予变更，

(2) Exercise Rate: the parties hereto unanimously confirm that the annual exercise rate

agreed in this Contract is 9%, and the daily exercise rate = monthly exercise rate

/30= annual exercise rate /360. During the term of this Contract, the exercise rate

shall not be changed without mutual negotiation of the Transferor and the

Transferee.

（3）　行权费的计算：

(3) Calculation of Exercise Fee:

本合同项下的行权费按日计费，计算公式为：行权费=特定股权收益权回购基本价款 X 日行权费率 X 信托计划实际存续天数。

The exercise fee hereunder will be calculated on a daily basis, and the calculation

formula is as follows: exercise fee = the basic price for buyback of the Specific

Equity Income Right × daily exercise rate × the number of the days of the actual

term of the Trust Scheme.

（4）　当期行权费=特定股权收益权回购基本价款 X 日行权费率 X 信托计划在当期期间内的实际存续天数。

(4) Current exercise fee = the basic price for buyback of the Specific Equity Income

Right × daily exercise rate × the number of the days of the actual term of the Trust

Scheme during the current period.

当期是指信托计划存续期间内，为确定某一段时间段而设定的概念：在每个特定股权收益权回购的行权费结算日之间的当期，为前一个行权费结算日（含）至下一个行权费结算日（不含）的期间，但该第一个当期为信托计划成立生效日（含）至第一个行权费用结算日（不含）的时间段，最后一个当期为信托计划终止日（不含）至该日前最近一个行权费结算日（含）的时间段。

The current period means the concept set for determining a certain period of time during the term of the Trust Scheme: the current period between two consecutive settlement dates of the exercise fee for buyback of Specific Equity Income Right means the period from the previous exercise fee settlement date (inclusive) to the next exercise fee settlement date (exclusive). However, the first current period means the period from the effective date of the establishment of the Trust Scheme (inclusive) to the first exercise fee settlement date (exclusive), and the last current period means the period from termination date of the Trust Scheme (exclusive) to the latest exercise fee settlement date (inclusive) prior to that date.

（5） 行权费的结算：在受让方为取得特定股权收益权依据本合同第 2 条的约定以信托资金向转让方（回购方）支付完毕相应的转让价款之日（以下简称"**信托资金支付日**"）后，转让方（回购方）应按照以下方式结算当期行权费：

(5) Settlement of Exercise Fee: After the date when the Transferee has paid the corresponding transfer price to the Transferor (Buyback Party) with trust funds in accordance with Article 2 hereof in order to obtain the Specific Equity Income Right (the "Trust Fund Payment Date"), the Transferor (Buyback Party) shall settle the exercise fee for the current period in the following manner:

每 6 个月结算，行权费结算日固定为信托资金支付日之后每届满 6 个月的对应日。

Settlement shall be made every 6 months, and the settlement date of exercise fee shall be fixed as the date corresponding to each expiration of every 6 months after the Trust Fund Payment Date.

（6） 转让方（回购方）应在本合同规定的行权费结算日向受让方支付当期行权费。首个行权费支付日为信托资金支付日之后的第一个行权费结算日，以后每个行权费结算日的当日均应结清当期行权费。信托计划到期日（包括信托计划的受托人宣布提前到期）付清全部特定股权收益权回购基本价款及行权费。

(6) The Transferor (Buyback Party) shall pay the current exercise fee to the Transferee

on the exercise fee settlement date stipulated in this Contract. The first exercise fee payment date is the first exercise fee settlement date after the Trust Fund Payment Date, and the current exercise fee shall be settled on the day of each subsequent exercise fee settlement date. All the basic prices for buyback of the Specific Equity Income Right and the exercise fee shall be paid off on the expiration date of the Trust Scheme (including the early expiration announced by the trustee of the Trust Scheme).

（7）　如遇行权费结算日为法定节假日，则相应的当期行权费仍计算至结算日当日，但行权费支付日顺延至结算日之后的第一个工作日。

(7) If the exercise fee settlement date is a legal holiday, the corresponding current exercise fee shall still be calculated until the settlement date, but the exercise fee payment date shall be postponed to the first working day after the settlement date.

（8）　特别的，转让方（回购方）、受让方双方同意并确认：信托计划无论因何等原因提前到期的，受让方已收取的行权费不予退还，也不得冲抵转让方（回购方）的其他应付款项。

(8) In particular, the Transferor (Buyback Party) and the Transferee agree and confirm that the exercise fee collected by the Transferee shall not be refunded and shall not be used to offset other payables of the Transferor (Buyback Party), regardless of the early expiration of the Trust Scheme for any reason.

6　转让方（回购方）应将特定股权收益权回购价款划付至受让方为本信托计划开立的如下信托财产专户：

6. The Transferor (Buyback Party) shall transfer the buyback price for the Specific Equity Income Right to the following special trust property account opened by the Transferee for the Trust Scheme:

　　　开户行：建行南昌市八一路支行

　　　户名：中航信托股份有限公司

　　　账号：36050100195000000733

Bank of Deposit: China Construction Bank, Nanchang Bayi Road Sub-branch

Account Name: <u>AVIC Trust Co., Ltd.</u>

Account Number: <u>36050100195000000733</u>

7　转让方（回购方）支付完毕全部特定股权收益权回购价款之日，特定股权收益权转让

至转让方（回购方），受让方不再享有本合同项下的特定股权收益权。


7. On the day when the Transferor (Buyback Party) has paid all the buyback prices for the

Specific Equity Income Right, the Specific Equity Income Right will be transferred to the

Transferor (Buyback Party), and the Transferee will no longer own the Specific Equity Income

Right hereunder.


第 6 条 担保

Article 6 Guarantee


6.1 特定股权质押

6.1 Pledge of Specific Equities

为担保转让方（回购方）在本合同项下合同义务的履行，转让方（回购方）将其

所持有的目标公司 **8.38%** 的股权(所对应的出资额为人民币 **2,618.3537 万元**）（以

下简称"**出质股权**"）质押给受让方，双方另行签订编号为"**AVICTC2017X0264-4**"

的《中航信托•天启（2017）**99 号**互联网电视股权收益权投资集合资金信托计划

股权质押合同》 （以下简称"**股权质押合同**"），并办理强制执行公证和质押登记

手续。出质股权在《股权质押合同》有效期内因出质股权送股、公积金转增、配

股、拆分股权而产生派生股权的，派生的股权也归属于质物。如需要，转让方（回

购方）应及时配合受让方就该等派生的股权办理质押登记手续。

In order to guarantee the performance of the obligations of the Transferor (Buyback Party)

hereunder, the Transferor (Buyback Party) pledges 8.38% of the equities of the Target

Company (corresponding to the capital contribution of RMB 26,183,537) held by it (the

"Pledged Equities") to the Transferee. The Transferor (Buyback Party) and the

Transferee shall separately sign the Equity Pledge Contract for the AVIC Trust - Tianqi

(2017) No. 99 Collective Fund Trust Scheme for Internet TV Equity Income Right

Investment (Contract No.: AVICTC2017X0264-4) (the "Equity Pledge Contract"), and go through enforcement notarization and pledge registration procedures. If the Pledged Equities generate derivative equities due to share donation, increase from accumulation funds, allotment of shares, splitting of shares related to the Pledged Equities within the valid term of the Equity Pledge Contract, such derivative equities shall also belong to the pledge. If necessary, the Transferor (Buyback Party) shall cooperate with the Transferee in going through the pledge registration procedures for the above derivative equities in a timely manner.

6.2    保证。

6.2. Warranty

转让方（回购方）的实际控制人贾跃亭先生作为自然人保证人，为转让方（回购方）在本合同项下支付特定股权收益权回购价款的债务提供连带责任的保证。具体担保事项以受让方与保证人签署的编号为"AVICTC2017X0264-5"《中航信托·天启（2017）99号互联网电视股权收益权投资集合资金信托计划自然人保证合同》为准。

Mr. Jia Yueting, the actual controller of the Transferor (Buyback Party), as a guarantor of natural person, provides joint and several liability guarantee for the debts of the Transferor (Buyback Party) to pay the buyback price for the Specific Equity Income Right hereunder. The specific guarantee matters shall be subject to the Contract for Natural Person's Guarantee of the AVIC Trust - Tianqi (2017) No. 99 Collective Fund Trust Scheme for Internet TV Equity Income Right Investment (Contract No.: AVICTC2017X0264-5) signed by the Transferee and the Guarantor.

融创房地产集团有限公司作为法人保证人，为转让方（回购方）在本合同项下支付特定股权收益权回购价款的债务提供连带责任的保证。具体担保事项以受让方与保证人签署的编号为"AVICTC2017X0264-6"《中航信托·天启（2017）99号互联网电视股权收益权投资集合资金信托计划法人保证合同》为准。

Sunac Real Estate Group Co., Ltd., as a guarantor of legal person, provides joint and several liability guarantee for the debts of the Transferor (Buyback Party) to pay the buyback price for the Specific Equity Income Right hereunder. The specific guarantee

matters shall be subject to the Contract for Legal Person's Guarantee of the AVIC Trust -
Tianqi (2017) No. 99 Collective Fund Trust Scheme for Internet TV Equity Income
Right Investment (Contract No.: AVICTC2017X0264-6) signed by the Transferee and
the Guarantor.

6.3　其它

6.3. Other

如发生任何使受让方认为前述任何担保措施将受到不利影响的情形，受让方有权

利要求转让方（回购方）消除该等不利情形或补充提供令受让方满意的其他担保

措施。

In the event of any circumstance that makes the Transferee think that any of the aforesaid
guarantee measures will be adversely affected, the Transferee shall have the right to
require the Transferor (Buyback Party) to eliminate such unfavorable circumstance or
additionally provide other guarantee measures to the satisfaction of the Transferee.

**第 7 条 特定股权的转让**
**Article 7 Transfer of the Specific Equities**

7.1 在转让方（回购方）未履行本协议项下任何一项义务的情况下，受让方有权要求其向

融创房地产集团有限公司（以下简称"远期受让义务人"）转让标的股权，以实现标的股权

收益权对应的收益。

7.1 If the Transferor (Buyback Party) fails to perform any of its obligations hereunder, the
Transferee shall have the right to require the Transferor (Buyback Party) to transfer the target
equities to Sunac Real Estate Group Co., Ltd. (the "Forward Acceptance Obligor") so as to
realize the income corresponding to the income right to the target equities.

7.2 为此转让方（回购方）、受让方以及融创房地产集团有限公司签署编号为

"AVICTC2017X0264-3"《中航信托•天启（2017）99 号互联网电视股权收益权投资集

合资金信托计划股权远期受让协议》，于发生本协议第 7.1 条所述事项时，转让方（回购

方）应按照该协议要求向融创房地产集团有限公司转让标的股权，转让方（回购方）不

可撤销地授权融创房地产集团有限公司直接向受让方支付全部/部分标的股权受让价款以
足额实现本协议项下特定股权收益权回购价款及/或其他款项（如有）。

7.2 To this end, the Transferor (Buyback Party), the Transferee and Sunac Real Estate Group Co.,
Ltd. signed the Agreement on Forward Acceptance of the Equities under the AVIC Trust - Tianqi
(2017) No. 99 Collective Fund Trust Scheme for Internet TV Equity Income Right Investment
(Agreement No.: AVICTC2017X0264-3), which provides that in case of any of matters
described in Article 7.1 of this Agreement, the Transferor (Buyback Party) shall transfer the
target equities to Sunac Real Estate Group Co., Ltd. in accordance with the requirements of this
agreement, and the Transferor (Buyback Party) irrevocably authorizes Sunac Real Estate Group
Co., Ltd. to directly pay all/part of the transfer price for the target equities to the Transferee to
fully realize the buyback price and/or other payments (if any) for the Specific Equity Income
Right under this agreement.


**第 8 条 转让方（回购方）的陈述和保证**

**Article 8 Representations and Warranties of the Transferor (Buyback Party)**

8.1 系具有民事权利能力及完全民事行为能力的主体，并已取得了签署本合同所需的一切
必要的许可、批准、登记及备案。

8.1 The Transferor (Buyback Party) is a civil subject with the capacity for civil rights and the full
capacity for civil conduct, and has obtained all necessary permits, approvals, registration and
filing required for signing this Contract.

8.2 签署本合同、转让及回购特定股权收益权系本人真实意思表示，并经过所有必需
的合法授权，转让方（回购方）为签署和执行本合同所需的手续均已合法地办理
完毕并具有法律效力。

8.2 The signing of this Contract and the transfer and buyback of the Specific Equity Income
Right are the true intentions of the Transferor (Buyback Party), and have been necessarily and
lawfully authorized. The Transferor (Buyback Party) has legally gone through the necessary
procedures for signing and enforce this Contract, and such procedures have legal effect.

8.3 转让方（回购方）签署及履行本合同，现在和将来均不会违反其签署的或对其本

身或其资产具有约束力的任何文件，或违反其成立的批准文件、内部规章制度，或违反任何对转让方（回购方）有约束力的法律、法规、行政安排、政府命令、司法裁决或与第三人的合同。

8.3 The signing and performance of this Contract by the Transferor (Buyback Party) do not and will not violate any documents signed by it or binding on it or its assets, or the approval documents related to its establishment and internal rules and regulations, or any laws, regulations, administrative arrangements, government orders, judicial decisions or contracts with third parties binding on it.

8.4　对特定股权及特定股权收益权拥有合法完整的所有权，并以合法资金按期足额完成了全部特定股权的出资。截止本合同签订之日，特定股权及特定股权收益权上不存在任何质权、抵押权及其他负担和限制，并保证该种无权利负担和限制状态在受让方享有特定股权收益权期间持续存在（以受让方作为质权人设定的特定股权质押担保情形除外）。

8.4 The Transferor (Buyback Party) owns the legal and complete ownership of the Specific Equities and the Specific Equity Income Right, and completes the capital contribution to all the Specific Equities with legal funds on schedule and in full. As of the date of signing this Contract, the Specific Equities and the Specific Equity Income Right are free and clear of any pledge, mortgage, other encumbrances and restrictions, and the Transferor (Buyback Party) warrants that the above state of no encumbrances and restrictions will continue to exist during the period when The transferee owns the Specific Equity Income Right (except for the pledge guarantee established on the Specific Equities where the Transferee acts as the pledgee).

8.5　不存在虚假出资、抽回出资等可能对受让方受让的特定股权收益权权益造成任何减损或限制等情况。

8.5 The Transferor (Buyback Party) does not have any circumstances such as false capital contribution, withdrawal of capital contribution, etc. which may cause any impairment or restriction to the rights and interests to and in the Income transferred to the Transferee.

8.6　截止本合同签订之日，特定股权及特定股权收益权不存在被查封、扣押、冻

结等任何形式的权利限制。并且自本合同签订之日起，特定股权及特定股权收益权不会发生被法院查封、冻结或强制执行的情况（受让方提起诉讼、仲裁、申请执行致使法院查封、冻结或强制执行的情况除外）。如果出现特定股权全部或部分被有关部门冻结或者出现其他限制情形的，转让方（回购方）应当于特定股权被司法冻结或出现相关限制情形的当日通知受让方，并有义务于 7 日内使特定股权及其派生股权解除司法冻结或消除限制情形。

8.6 As of the date of signing this Contract, the Specific Equities and the Specific Equity Income Right are free and clear of right restrictions in any form such as sequestration, detention, freezing, etc. From the date of signing this Contract, the Specific Equities and the Specific Equity Income Right will not be sequestrated, frozen or enforced by the courts (except sequestration, freezing or enforcement by courts due to litigation, arbitration or application for enforcement brought by the Transferee). If all or part of the Specific Equities are frozen by relevant departments or subject to other restrictions, the Transferor (Buyback Party) shall notify the Transferee on the day when the Specific Equities are frozen by judicial authorities or the relevant restrictions occur, and shall have the obligation to make the judicial freezing against the Specific Equities and their derivative equities to be released or the relevant restrictions to be eliminated within 7 days thereafter.

8.7　签署和履行本合同不会损害转让方（回购方）的任何债权人利益，也不会有任何转让方（回购方）债权人提出涉及本合同的任何权利主张或异议。

8.7 The signing and performance of this Contract by the Transferor (Buyback Party) will not damage the interests of any of its creditors, nor will any of its creditors put forward any right claim or objection involving this Contract.

8.8　积极并及时签署一切必要文件和积极履行一切必要行为以促使本合同项下转让及回购行为的顺利进行。

8.8 The Transferor (Buyback Party) will actively and promptly sign all necessary documents and actively perform all necessary actions to promote the smooth progress of the transfer and

buyback hereunder.

8.9　保证向受让方做出的口头或书面陈述以及提交的文件和资料均是准确、完整、真
实的，没有任何隐瞒或遗漏。

8.9 The Transferor (Buyback Party) warrants that the oral or written representations made by it to the Transferee and the documents and materials delivered by it are accurate, complete and true, and are free and clear of any concealment or omission.

8.10　应接受受让方对其经营管理、财务活动、重大交易协议等情况的监督管理，应受让方要求如实向受让方提供有关其经营活动的信息。

8. 10 The Transferor (Buyback Party) shall accept the Transferee's supervision and management of its business management, financial activities, major trading agreements, etc., and shall truthfully provide the Transferee with information about its business activities at the Transferee's request.

8.11　转让方（回购方）在本合同有效期内发生下列情形之一的，应在发生该情形之日起
5 个工作日内书面通知受让方，书面通知中还应详细列明对其已构成的或可能构
成的影响以及已采取或计划采取何等补救措施，补救的期限和预期效果：

8. 11 Under any of the following circumstances within the term of this Contract, the Transferor (Buyback Party) shall notify the Transferee in writing within 5 working days from the date of the occurrence of such circumstances, specifying in detail the impact on the Transferor (Buyback Party) that has been formed or may be formed, remedial measures that the Transferor (Buyback Party) has taken or plans to take, the time limit for remedy and the expected effect:

（1）财务状况严重恶化；

(1) If the financial situation of Transferor (Buyback Party) is seriously deteriorated:

（2）丧失商业信誉；

(2) If the Transferor (Buyback Party) loses business reputation;

（3）发生任何影响或可能影响转让方（回购方）利益的重大诉讼或仲裁案件；

(3) If Transferor (Buyback Party) is involved in any major litigation or arbitration that affects or may affect the interests of the Transferor (Buyback Party);

（4）发生任何可能会严重不利于转让方（回购方）资本及财产状况的事件；

(4) If there is any event that may be seriously unfavorable to the capital and property

status of the Transferor (Buyback Party);

（5）其他对转让方（回购方）履行本合同项下的义务产生重大不利影响的事项。

(5) If there are other matters that have a significant adverse impact on the Transferor

(Buyback Party)＇s performance of its obligations hereunder.

8.12 已全面了解本合同的签订及履行系为了实现信托计划项下信托资金的运用和退出之

特定目的，不得就本合同转让及回购标的的特殊性而主张撤销或者否认本合同的

效力。否则转让方（回购方）应当就本合同的效力瑕疵赔偿受让方的经济损失，

赔偿范围包括转让方（回购方）应返还受让方已支付的全部特定股权收益权转让

价款及资金占用费，资金占用费计算公式为：受让方已支付的特定股权收益权转

让价款 X （1+9%） X 特定股权收益权转让价款实际占用日历天数 ÷ 360。特定

股权收益权转让价款及资金占用费应在本合同被确定无效或撤销后 10 个工作日

内支付。逾期支付的，按逾期应付而未付款项每日万分之五的标准支付违约金。

无论任何原因致使本合同无效或被撤销的，均不影响本条款的有效性。

8.12 The Transferor (Buyback Party) has fully understood that the signing and performance of

this Contract are to realize the specific purpose of using and withdrawing the trust funds under

the Trust Scheme. The Transferor (Buyback Party) shall not claim cancellation of or deny the

validity of this Contract with respect to the transfer of this Contract and the particularity of the

buybacked subject matter. Otherwise, the Transferor (Buyback Party) shall compensate the

Transferee for the economic losses caused by the defects in the validity of this Contract,

including all the transfer prices for the Specific Equity Income Right and the fund occupation fee

that the Transferor (Buyback Party) shall return to the Transferee. The calculation formula of the

fund occupation fee is as follows: the transfer price for the Specific Equity Income Right paid by

the Transferee × (1+9%) × the number of the actual calendar days occupied by the transfer price

for the Specific Equity Income Right ÷ 360. The transfer price for the Specific Equity Income

Right and the fund occupation fee shall be paid within 10 working days after this Contract is

determined to be invalid or is revoked. In case of late payment, liquidated damages amounting to 5‰ of the overdue payments shall be paid per day from the first day of such breach. The validity of this Article 8.12 shall not be affected by the invalidity or cancellation of this Contract caused for any reason.

第 9 条 受让方的陈述和保证

Article 9 Representations and Warranties of the Transferee

9.1　系按照中华人民共和国法律依法成立和存续的企业法人并保证合法经营，具备签署本协议的权利能力和行为能力。

9.1 The Transferee is an enterprise legal person legally established and existing in accordance with the laws of the People's Republic of China, and has the right and behavior ability to sign this Contract, and its operation is legal.

9.2　受让方提交的文件资料是真实、有效、完整且无任何重大遗漏或隐瞒的。

9.2 The documents and materials delivered by the Transferee are true, valid, complete, and are free and clean of any major omission or concealment.

9.3　受让方在本合同中承担的义务是合法、有效的，其履行不会与转让方（回购方）承担的其它协议义务相冲突。本合同签署后，即构成对转让方（回购方）合法、有效和有约束力的义务。

9.3 The obligations assumed by the Transferee hereunder are legal and effective, and its performance of such obligations will not conflict with other contractual obligations assumed by the Transferor (Buyback Party). After the signing of this Contract, this Contract will constitute a legal, effective and binding obligation to the Transferor (Buyback Party).

第 10 条 税费承担

Article 10 Bearing of Taxes and Fees

10.1 双方一致同意，因办理本合同项下特定股权收益权转让及回购所发生的税收和费用（增值税和企业所得税除外），由转让方（回购方）承担。

10.1 The parties hereto agree that the Transferor (Buyback Party) shall bear the taxes and fees (except VAT and enterprise income tax) incurred in handling the transfer and buyback of the Specific Equity Income Right hereunder.

10.2 受让方作为信托计划的受托人，以信托财产承担在本合同中应承担的税费（如有）。

10.2 As the trustee of the Trust Scheme, the Transferee shall bear the taxes (if any) that shall be borne hereunder with the trust property.

## 第 11 条 违约责任

**Article 11 Liabilities for Breach of Contract**

11.1 违约情形

11.1. Breach

（1）转让方（回购方）的违约

(1) Breach of the Transferor (Buyback Party)

1）未按受让方的要求提供真实、完整、有效的财务会计、生产经营状况及其他有关资料；

2）未按期支付特定股权收益权回购价款；

3）转移资产，抽逃资金，以逃避债务；

4）经营和财务状况恶化，无法清偿到期债务，或卷入或即将卷入重大的诉讼或仲裁程序及其他法律纠纷，已经或可能影响或损害转让方（回购方）在本合同项下的权益；

5）所负的任何其他债务已影响或可能影响本合同项下回购义务的履行；

6）在合同有效期内，机构转让方（回购方）实施承包、租赁、合并、兼并、合资、分立、联营、股份制改造等改变经营方式或转换经营机制的行为，自然人转让方（回购方）失踪、死亡、部分或全部丧失民事行为能力、涉嫌违法犯罪等情形，已经或可能影响或损害受让方在本合同项下的权益；

7）受让方认为足以影响债权实现的其他情形；

8）违反本合同约定的其他义务。

1) If the Transferor (Buyback Party) fails to provide true, complete and effective financial accounting, production and operation status and other relevant information as required by the Transferee;

2) If the Transferor (Buyback Party) fails to pay the buyback price for the Specific Equity Income Right on schedule;

3) If the Transferor (Buyback Party) transfers assets and withdraw funds to avoid debts;

4) If the business and financial conditions of the Transferor (Buyback Party) is deteriorated, or the Transferor (Buyback Party) is unable to pay off its due debts, or is or will be involved in major litigation or arbitration proceedings and other legal disputes which have affected or may affect or damage the rights and interests of the Transferor (Buyback Party) hereunder;

5) If any other debts owed by the Transferor (Buyback Party) have affected or may affect the performance of buyback obligation hereunder;

6) If during the term of this Contract, the Transferor (Buyback Party) (institution) has changed its operation mode or changed its operation mechanism by contracting, leasing, amalgamation, merger, joint venture, division, joint operation, shareholding system reform, etc., or if the Transferor (Buyback Party) (natural person) has disappeared, died, partially or totally lost his capacity for civil conduct, is suspected of committing crimes, etc., which have affected or may affect or damage the rights and interests of the Transferee hereunder;

7) If the Transferor (Buyback Party) has other circumstances which in the transferee's opinion are sufficient to affect the realization of creditor's rights;

8) If the Transferor (Buyback Party) violates other obligations stipulated in this Contract.

（2） 保证人及/或远期受让义务人出现以下情形，转让方（回购方）未提供符合受让方要求的新的担保，视为转让方（回购方）违约：

(2) If the Guarantor and/or the Forward Acceptance Obligor have/has any of the following circumstances, and if the Transferor (Buyback Party) fails to provide a new guarantee that meets the requirements of the Transferee, the Transferor (Buyback Party) shall be deemed to have breached this Contract:

1） 保证人及/或远期受让义务人发生承包、租赁、合并和兼并、合资、分立、联营、股份制改造、破产、撤销、失踪、死亡、部分或全部丧失民事行为能力、涉嫌违法犯罪等情形，足以影响保证人承担连带保证责任的及/或远期受让义务人履行受让义务的能力的；

2） 保证人及/或远期受让义务人向第三方提供超出其自身负担能力的担保的；

3） 保证人及/或远期受让义务人丧失或可能丧失担保或履行受让义务能力的；

4） 保证合同及/或远期受让协议约定的保证人及/或远期受让义务人其他违约情形。

1) The Guarantor and/or the Forward Acceptance Obligor suffer/suffers contracting, leasing, amalgamation, merger, joint venture, division, joint operation, shareholding system reform, bankruptcy, cancellation, disappearance, death, partial or total loss of civil capacity, or are suspected of committing crimes, etc., which are/is sufficient to affect the Guarantor's ability to assume joint and several guarantee liabilities and/or the Forward Acceptance Obligor's ability to perform the acceptance obligation;

2) The Guarantor and/or the Forward Acceptance Obligor provide/provides with a third party a guarantee beyond its own affordability;

3) The Guarantor and/or the Forward Acceptance Obligor lose/loses or may lose the ability to guarantee or perform the acceptance obligation;

4) Other breaches of the Guarantor and/or the Forward Acceptance Obligor

stipulated in the Guarantee Contract and/or the Forward Acceptance Agreement.

（3）抵押人（出质人）出现以下情形，转让方（回购方）未提供符合受让方要求的新的担保，视为转让方（回购方）违约：

(3) If the mortgagor (pledgor) has any of the following circumstances, and if the Transferor (Buyback Party) fails to provide a new guarantee that meets the requirements of the Transferee, the Transferor (Buyback Party) shall be deemed to have breached this Contract:

1）抵押人（出质人）未按受让方要求办理抵（质）押物财产保险的，或发生保险事故后，未按抵（质）押合同约定处理保险赔偿金的；

2）因第三人的行为导致抵（质）押物毁损、灭失、价值减少，抵押人（出质人）未按抵（质）押合同约定处理损害赔偿金的；

3）未经受让方书面同意，抵押人（出质人）赠予、转让、出租、重复抵押、迁移或以其他方式处分抵（质）押物的；

4）抵押人（出质人）经受让方同意处分抵（质）押物，但处分抵（质）押物所得价款未按抵（质）押合同约定进行处理的；

5）抵（质）押物毁损、灭失、价值减少，足以影响本合同项下的债务的清偿，抵押人（出质人）未及时恢复抵（质）押物价值，或未提供受让方认可的其他担保的；

6）抵（质）押合同约定的抵押人（出质人）其他违约情形。

1) The mortgagor (pledgor) fails to handle the mortgaged (pledged) property insurance as required by the Transferee, or fails to handle the insurance compensation as agreed in the mortgage (pledge) contract after an insurance accident occurs;

2) The mortgaged (pledged) property is damaged, lost or reduced in value due to the act of a third party, and the mortgagor (pledgor) fails to handle the insurance compensation as agreed in the mortgage (pledge) contract;

3) The mortgagor (pledgor) donates, transfers, leases, repeatedly mortgages,

transfers or otherwise disposes of the mortgaged (pledged) property without the written consent of the Transferee,

4) The mortgagor (pledgor) disposes of the mortgaged (pledged) property with the consent of the Transferee, but the price obtained from disposing of the mortgaged (pledged) property is not handled according to the provisions of the mortgage (pledge) contract;

5) The damage, loss or reduction in value of the mortgaged (pledged) property is sufficient to affect the repayment of the debts hereunder, and the mortgagor (pledgor) fails to restore the value of the mortgaged (pledged) property in a timely manner, or fails to provide other guarantees approved by the Transferee;

6) Other breaches of the mortgagor (pledgor) stipulated in the mortgage (pledge) contract.

（4）担保合同或其他担保方式未生效、无效、被撤销，或担保人出现部分或全部丧失担保能力的情形或者拒绝履行担保义务，转让方（回购方）未按受让方要求落实新的担保的，视为转让方（回购方）违约。

(4) If the guarantee contract or other guarantee methods have not come into effect, or are invalid or revoked, or the Guarantor partially or completely loses the guarantee ability or refuses to perform the guarantee obligation, and if the Transferor (Buyback Party) fails to provide a new guarantee as required by the Transferee, the Transferor (Buyback Party) shall be deemed to have breached this Contract.

11.2 违约救济措施

11.2 Remedies for Breach of Contract

出现本合同第11.1条的违约情形，受让方可单方面采取下列一种或数种措施进行处理，在此情况下，转让方（回购方）应补偿因其违约对受让方造成的一切损失；

In case of any of breaches stipulated in Article 11.1 hereof, the Transferee may

unilaterally take one or more of the following measures to deal with it. In such case, the
Transferor (Buyback Party) shall compensate for the Transferee all losses caused to the
Transferee by its breach:

（1）　要求转让方（回购方）提前回购，转让方（回购方）应立即支付本合同
项下所有特定股权收益权回购价款。

(1) After the Transferee requires the Transferor (Buyback Party) to buyback in advance,
the Transferor (Buyback Party) shall immediately pay the buyback price for all the
Specific Equity Income Right hereunder.

（2）　受让方向转让方（回购方）收取一次性违约金 5000 万元。受让方要求
转让方（回购方）支付一次性违约金的，不影响其要求转让方（回购方）按
照本合同其它条款的约定继续支付特定股权收益权回购基本价款、行权费
及连续性迟延违约金的权利。

(2) The Transferee charges one-time liquidated damages of RMB 50 million from the
Transferor (Buyback Party). If the Transferee requires the Transferor (Buyback
Party) to pay the one-time liquidated damages, this shall not affect the
Transferee's right to require the Transferor (Buyback Party) to continue to pay
the basic price for buyback of the Specific Equity Income Right, the exercise fee
and the continuous delay liquidated damages in accordance with other provisions
of this Contract.

（3）　转让方（回购方）未按本合同约定的期限和金额支付特定股权收益权回
购基本价款及/或行权费的（包括被受让方要求提前回购后应支付的特定股
权收益权回购基本价款及/或行权费），应自逾期之日起至全部清偿之日止，
以逾期应付款金额为基数按本合同第 5.6（2）款约定的行权费率上浮 10%
的标准按日计收连续性迟延违约金。

(3) If the Transferor (Buyback Party) fails to pay the basic price for buyback of the
Specific Equity Income Right and /or the exercise fee in accordance with the time
limit and amount specified in this Contract (including the basic price for buyback
of the Specific Equity Income Right and /or the exercise fee that should be paid

after the Transferee requires early buyback), the continuous delay liquidated damages shall be paid and calculated by taking the amount of overdue payables as the base and at the exercise rate specified in Article 5.6(2) hereof plus 10% on a daily basis starting from the overdue date until the date of full settlement.

（4）　要求转让方（回购方）对本合同项下所有债务提供符合受让方要求的新的担保。

(4) Requiring the Transferor (Buyback Party) to provide new guarantee that meet the requirements of the Transferee for all debts hereunder.

（5）　要求担保人及/或远期受让义务人立即承担担保责任。

(5) Requiring the Guarantor and/or the Forward Acceptance Obligor to assume the guarantee liability immediately.

（6）　法律规定的其他必要措施。

(6) Other necessary measures prescribed by law.

第 12 条 强制执行公证

Article 12  Notarization of Enforcement

12.1 双方应在本合同签订后十日内到受让方指定的公证机关对本合同申请进行赋予强制执行效力的债权文书公证。相关公证费用由转让方（回购方）承担。

12.1 The parties hereto shall apply with a notary public office designated by the Transferee for notarizing a creditor's right document that gives an enforcement effect to this Contract within ten days of the execution of this Contract. The relevant notarial fees shall be borne by the Transferor (Buyback Party).

12.2 双方在此确认，双方对本合同中有关转让方（回购方）的义务的约定无疑义。转让方（回购方）对赋予强制执行效力公证的含义、内容、程序、效力等完全明确了解。转让方（回购方）承诺其不履行本协议中约定的义务或不完全履行义务时，转让方（回购方）愿意接受强制执行。根据受让方的申请，公证机关可以签发执行证书，转让方（回购方）愿意接受人民法院的强制执行。

12.2 The parties hereto hereby confirm that they have no doubt to the provisions of this Contract on the obligations of the Transferor (Buyback Party). The Transferor (Buyback Party) fully and clearly understands the meaning, content, procedure and effectiveness of the notarization to which the enforcement is granted. The Transferor (Buyback Party) undertakes that if it fails to perform or fully perform its obligations hereunder, it is willing to accept the enforcement. According to the Transferee's application, the notary public office can issue an enforcement certificate, and the Transferor (Buyback Party) is willing to accept the enforcement by a people's court.

12.3 一旦发生任何违约事件，本合同项下的债权即立刻具有可执行性。在本合同项下的债权根据本合同的约定具有可执行性后的任何时间内，受让方有权在法律允许的范围内以其认为适当的任何方式行使、实现债权。

12.3 In case of any event of default, the creditor's right hereunder shall be immediately enforceable. At any time after the creditor's right hereunder is enforceable according to the provisions hereof, the Transferee shall have the right to exercise or realize the creditor's right in any way it deems appropriate to the extent permitted by law.

12.4 为使受让方能够实现债权，转让方（回购方）应当采取受让方可能要求的所有合法且适当的行动。为受让方根据本合同的约定实现债权之目的，转让方（回购方）应签署所有该等协议、通知、授权、指示、承诺及其他文件并采取受让方可能要求的所有行动。

12.4 In order to enable the Transferee to realize the creditor's right, the Transferor (Buyback Party) shall take all legal and appropriate actions that the Transferee may require. In order for the Transferee to realize the creditor's right according to the provisions of this Contract, the Transferor (Buyback Party) shall sign all such agreements, notices, authorizations, instructions, undertakings and other documents and take all such actions as the Transferee may require.

12.5 在债权具有可执行性之时及之后，受让方可以转让方（回购方）的名义（或在法律允许的范围内，以受让方的名义），行使与转让方（回购方）有关的权力和权利，以及行使相关的任何追索权和受偿权；转让方（回购方）在此不可撤销地授权受

让方行使上述权利。

12.5 When and after the creditor's right is enforceable, the Transferee may exercise the powers and rights related to the Transferor (Buyback Party) in the name of the Transferee (or in the name of the Transferee to the extent permitted by law), and exercise any recovery right and right to compensation related thereto. The Transferor (Buyback Party) hereby irrevocably authorizes the Transferee to exercise the above rights.

12.6 转让方（回购方）、受让方双方确认，关于强制执行的约定优先于本合同第 17.2 条规定执行。

12.6 The Transferor (Buyback Party) and the Transferee confirm that the provisions on enforcement shall prevail over the provisions of Article 17.2 hereof.

## 第 13 条 通知和送达

**Article 13 Notice and Service**

13.1 双方之间的一切商业文件信函、通知和诉讼文书均以书面形式作为最终的送达方式，可由专人递送、挂号信邮递、特快专递等方式送达，传真可作为辅助送达方式，但事后应以上述约定方式补充送达。

13.1 All commercial documents, letters, notices and litigation documents between the parties hereto shall be delivered in written form as the final service method and may be delivered personally or sent by registered mail, express mail service, etc. Fax may be used as a supplementary service method, but after transmission by fax, supplementary service shall be made by one of the above agreed methods.

13.2 商业文件信函、通知和诉讼文书在下列日期视为送达被通知方：

13.2 Commercial documents, letters, notices and litigation documents shall be deemed to have been delivered to the notified party on the following dates:

(1) 专人递送：通知方取得的被通知方签收单所示日；

(1) delivery by personally: the date indicated on the delivery receipt of the notified party obtained by the notifying party;

(2) 挂号信邮递:发出通知方持有的国内挂号函件收据所示日后第 5 日；

(2) sending by registered mail: the 5th day after the date indicated on the receipt of the domestic registered mail held by the notifying party;

(3)    特快专递：发出通知方持有的发送凭证上邮戳日起第 4 日.

(3) sending by express mail service: the 4th day after the postmark date indicated on the sending certificate held by the notifying party:

(4)    传真：收到成功发送确认后的当日。

(4) transmission by fax: the day when the confirmation of successful transmission is received.

13.3 联系地址和联系方式。合同各方一致确认本合同首部中记载的各方联系地址和联系方式为各方履行合同、解决合同争议时向其他方送交商业文件函信、通知或司法机关(法院、仲裁机构)向各方送达诉讼、仲裁文书的地址和联系方式。

13.3 Contact Address and Contact Information. The parties hereto unanimously confirm that the contact address and contact information of the each party hereto recorded above is the address and contact information of such party to receive commercial documents, letters and notices sent by the other party hereto in the course of performing this Contract or settling the disputes arising from this Contract, or to receive the litigation and arbitration documents sent by judicial authorities (courts, arbitration institutions).

13.4 联系地址和联系方式适用期间。本合同首部中记载的各方联系地址和联系方式适用至本合同履行完毕或争议经过一审、二审至案件执行终结时止，除非各方依下款告知变更。

13.4 Applicable Period of Contact Address and Contact Information. The contact address and contact information of each party hereto recorded above shall apply until the performance of this Contract is completed or in case of a dispute, the first instance, the second instance and the case enforcement are closed, unless such party inform the other party hereto of the change of its contact address and contact information according to the following paragraph.

13.5 联系地址和联系方式的变更。任何一方联系地址和联系方式需要变更的，应提前五个工作日向合同其他方和司法机关送交书面变更告知函(若争议已经进入司法程序

解决)。

13.5 Change of Contact Address and Contact Information. If either party hereto needs to change its contact address and contact information, it shall send a written notice of change to the other party hereto and the judicial authorities (if the dispute has enter judicial settlement proceedings) five working days in advance.

13.6 承诺。合同各方均承诺：本合同首部中填写的各方联系地址和联系方式真实有效，如填写错误或未填写，导致的商业信函、通知和诉讼文书送达不能的法律后果由自己承担。

13.6 Undertakings. Each party hereto undertakes that its contact address and contact information written above are true and valid. If it fills in an incorrect contact address and contact information or does not filled in its contact address and contact information, the legal consequences of failure to deliver commercial letters, notices and litigation documents as a result thereof shall be solely borne by it.

13.7 风险提示。合同各方均明知：因各方提供的联系地址不准确，地址变更后未及时告知各方和司法机关，导致商业文件信函、通知和诉讼文书未能被实际接收的，直接送达的可以适用留置送达或送达人当场记明情况即为送达，邮寄送达的文书退回之日视为送达之日。

13.7 Risk Warning. Each party hereto clearly knows that if the commercial documents, letters, notices and litigation documents cannot be actually received due to the inaccurate contact address provided by it or its failure to inform the other party hereto and the judicial authorities in a timely manner after its contact address is changed, (i) for personal delivery, the lien service may apply or the service shall be deemed to have been effectively made after the service person records the situation on the spot; and (ii) for sending by mail, the date when the sent document is returned shall be deemed as the service date.

第 14 条 保密

### Article 14 Confidentiality

14.1 本合同双方同意，对其中一方或其代表提供给另一方的有关本合同及各方签署的本合同项下交易的所有重要方面的信息及/或本合同所含信息（不包括有证据证明是经正当授权的第三方收到、披露或公开的信息）予以保密。

14.1 Each party hereto agree to keep confidential the information provided to it by or on behalf of the other party hereto on this Contract and all important aspects of the transaction under this Contract signed by the parties hereto and/or the information contained herein (excluding the information received, disclosed or published by a third party with duly authorization as certified by evidence).

14.2 未经对方书面同意，不向任何其他方披露此类信息（不包括与本合同拟议之交易有关而需要获知以上信息的披露方的雇员、高级职员和董事），但以下情况除外：

14.2 Each party hereto shall not disclose the above information to any other party (excluding the disclosing party's employees, officers and directors who need to know the above information in connection with the transaction proposed in this Contract) without the written consent of the other party hereto, except for the following circumstances:

（1）    为进行本合同拟议之交易而向投资者披露；

(1) disclosing the above information to investors for the purpose of carrying out the transaction proposed in this Contract;

（2）    向与本交易有关而需要获知以上信息并受保密合同约束的律师、会计师、顾问和咨询人员披露；

(2) disclosing the above information to lawyers, accountants, advisers and consultants related to the transaction proposed in this Contract who need to know the above information and are bound by confidentiality contracts;

（3）    根据适用的法律法规的要求，向中国的有关政府部门或者管理机构披露。

(3) disclosing the above information to the relevant Chinese government departments or management agencies as required by applicable laws and regulations.

14.3 在任何情形下，本条所规定的保密义务应永久持续有效。

14.3 In any case, the confidentiality obligation stipulated in this Article 14 shall remain in force forever.

## 第 15 条 不可抗力

**Article 15 Force Majeure**

15.1 不可抗力是指双方不能预见、不能避免、不能克服的事件，该事件妨碍、影响或延误任何一方根据本合同履行其全部或部分义务。该事件包括但不限于地震、台风、洪水、火灾、其他天灾、重大传染病、战争、骚乱、罢工或其他类似事件，以及新法律法规颁布或对原法律法规的修改等政策因素。

15.1 Force Majeure means the events which the parties hereto cannot foresee, avoid and surmount and which prevent, affect or delay either party hereto from and in performing all or part of its obligations in accordance with this Contract. Such event include but are not limited to earthquake, typhoon, flood, fire, other natural disaster, major infectious disease, war, riot, strike or other similar events, as well as policy factors such as the promulgation of new laws and regulations or the revision of the original laws and regulations.

15.2 如发生不可抗力事件，遭受该事件的一方应立即用可能的最快捷的方式通知其他方，并在 15 个工作日内提供证明文件说明有关事件的细节和不能履行或部分不能履行或需延迟履行本合同的原因，然后由双方协商延期履行或终止本合同。任何一方对因不可抗力导致的损失均不承担赔偿责任。

15.2 If an event of force majeure occurs, the party suffering from the event shall immediately notify the other party hereto by the fastest possible means, and provide supporting documents within 15 working days thereafter explaining the details of the event and the reasons why the performance of this Contract cannot be performed or partially performed or the performance of this Contract needs to be delayed, and then the parties hereto shall negotiate to postpone the performance of or terminate this Contract. Either party hereto shall not bear the liability for damage with respect to the losses caused by force majeure.

15.3 如发生不可抗力事件，遭受该事件的一方应立即采取适当的措施防止损失的扩大。没有采取适当措施致使损失扩大的，应对损失扩大的部分承担相应责任。

15.3 If an event of force majeure occurs, the party suffering from the event shall immediately take appropriate measures to prevent the aggravation of losses. If such party fails to do so, causing aggravation of the losses, it shall bear the corresponding liabilities for the part of the aggravated losses.

第 16 条 合同的生效、补充和变更

**Article 16 Effectiveness, Supplement and Change of Contract**

16.1 本合同经自然人转让方（回购方）签字、机构转让方（回购方）法定代表人（负责人）或授权代理人签字（或盖章）并加盖公章或合同专用章，并经受让方法定代表人（负责人）或授权代理人签字（或盖章）并加盖公章或合同专用章后生效。

16.1 This Contract shall come into effect after the Transferor (Buyback Party) (natural person) affixes his/her signature hereon, the legal representative (responsible person) or authorized agent of the Transferor (Buyback Party) (institution) affixes his/her signature (or seal) and the common seal or special seal for contract hereon, and the legal representative (responsible person) or authorized agent of the Transferee affixes his/her signature (or seal) and the common seal or special seal for contract hereon.

16.2 本合同生效后，双方可以在协商一致的基础上补充合同内容。若本合同规定与法律法规相悖时，应及时商签补充合同予以完善。

16.2 After this Contract comes into effect, the parties hereto may supplement the contents of this Contract upon agreement reached through consultation. If the provisions of this Contract are inconsistent with laws and regulations, the parties hereto shall sign a supplementary contract in a timely manner to perfect this Contract.

16.3 本合同生效后，合同条款的变更及补充必须经双方协商一致，采取书面形式并依照法律的规定办理好有关本合同及相关文件的批准、登记、备案手续。

16.3 After this Contract comes into effect, the modification and supplement of and to the terms of this Contract must be agreed by the parties hereto through consultation, and in written form. In addition, the procedures for approval, registration and filing of this Contract and

related documents shall be properly handled in accordance with the provisions of the law.

**第 17 条 法律适用与争议解决**

**Article 17 Applicable Law and Dispute Resolution**

17.1 本合同的订立、生效、解释、履行和争议的解决均适用中华人民共和国法律。

17.1. The formation of this Contract, its effectiveness, interpretation, performance and settlement of disputes in connection herewith shall be governed by the laws of the People's Republic of China.

17.2 如发生争议，双方应友好协商，未能协商一致的，任何一方均可向受让方住所地（即江西南昌）有管辖权的人民法院提起诉讼。与诉讼有关的所有费用包括但不限于诉讼费、执行费、律师代理费等均由败诉方承担，但法院判决另有规定的除外。在协商或诉讼期间，对于本合同不涉及争议部分的条款，双方仍须履行。

17.2 The parties hereto shall settle any dispute related to this Contract through friendly consultation. If no consensus can be reached through consultation, either party hereto may bring a lawsuit to the people's court with jurisdiction of the place where the Transferee is located (i.e. Nanchang, Jiangxi Province). All expenses related to the lawsuit, including but not limited to legal fees, enforcement fees and attorney's fees, shall be borne by the losing party, unless otherwise stipulated by the court judgment. During the negotiation or litigation period, the terms of this Contract that do not involve disputes shall still be performed by the parties hereto.

**第 18 条 其他事项**

**Article 18 Miscellaneous**

18.1 信托计划成立后，受让方以信托计划的受托人身份，而非以受让方固有财产所有人身份履行本合同。

18.1 After the Trust Scheme is established, the Transferee shall perform this Contract as trustee of the Trust Scheme, not as owner of the Transferee's inherent property.

18.2 本合同一式陆份，双方各持壹份，其余用于其它相关手续，每份具有同等法律效力。

18.2 This Contract is made in six counterparts, with each party hereto holding one counterpart and the rest used for handling other relevant formalities, and each counterpart shall have the same legal effect.

18.3 在签署本合同时，各当事人对合同的所有条款已经详细阅悉，均无异议，并对当事人之间的法律关系、有关权利、义务和责任的条款的法律含义有准确无误的理解。

18.3 At the time of signing this Contract, the parties hereto have read all the terms of this Contract in detail and have no objection, and have an accurate understanding of the legal relationship between the parties hereto and the legal meanings of the terms of this Contract related to rights, obligations and responsibilities.

*************************************************************************

（以下无正文，签署页附后）

*(The remainder of this page is intentionally left blank, and the signature paged is attached hereto.)*

（本页为中航信托•天启（2017）99 号互联网电视股权收益权投资集合资金信托

计划特定股权收益权转让与回购合同的签署页，无正文）

(This page is the signature of the Contract for Transfer and Buyback of Specific Equity Income

Right under the AVIC Trust - Tianqi (2017) No. 99 Collective Fund Trust Scheme for Internet

TV Equity Income Right Investment and has no text.)

转让方（回购方）：乐视控股（北京）有限公司（公章/合同专用章）

Transferor (Buyback Party): LeTV Holdings (Beijing) Limited (Common Seal/Special

Seal for Contract)

法定代表人/负责人 或授权人（签章）

Legal Representative/Responsible Person or Authorized Person (Signature and Seal)

受让方：中航信托股份有限公司（公章/合同专用章）

Transferee: AVIC Trust Co., Ltd. (Common Seal/Special Seal for Contract)

法定代表人或授权代表（签字或盖章）

Legal Representative or Authorized Representative (Signature or Seal):

签署日期：<u>2017</u> 年 <u>3</u> 月 <u>9</u> 日

Date of Signature: October 9, 2017

签署地点：江西南昌

Place of Signature: Nanchang, Jiangxi



中航信托
AVIC TRUST CO.,LTD

自然人保证合同

中航信托·天启（2017）99号互联网电视股权

收益权投资集合资金信托计划

## 自然人保证合同

合同编号：AVICTC2017X0264-5



保证人：贾跃亭

债权人：中航信托股份有限公司

中航信托
AVIC TRUST CO. LTD.

自然人保证合同

# 自 然 人 保 证 合 同

保证人：贾跃亭 _____ 身份证号码：1426231973121508lX

住　　所：北京市东城区东直门外海盛名苑 T5-2001 室

邮政编码：100027 _____ 联系电话：13331011101

传真：010-59283480 _____

电子邮箱：niechengzhi@le.com

**债权人：中航信托股份有限公司**

法定代表人：姚江涛

法定地址：江西省南昌市红谷滩新区赣江北大道 1 号中航广场 24/25 层

联系地址：江西省南昌市红谷滩新区赣江北大道 1 号中航广场 24/25 层

联　系　人：张超 _____ 邮政编码：330038

联系电话：010-56823637 _____ 传　真：010-56823559

电子邮箱：zhangchao9466@163.com

鉴于：

1. 保证人系具有民事权利能力和民事行为能力的主体；债权人系经有权机构
批准并有效存续的非银行金融机构，拟作为受托人设立"中航信托·天启
（2017）99 号互联网电视股权收益权投资集合资金信托计划"（以下简称
"信托计划"）。

2. 作为信托计划项下的法律文件之一，乐视控股（北京）有限公司（以下称
"**债务人**"）与债权人签订了编号为 AVICTC2017X0264-2 的《中航信托·天
启（2017）99 号互联网电视股权收益权投资集合资金信托计划特定股权收
益权转让与回购合同》（以下称"**主合同**"）。为保证债权人实现主合同项
下的债权，保证人愿意为债务人提供连带责任保证。

3. 除非本合同另有规定，本合同中所用词语与信托计划项下的《信托合同》、
《信托计划说明书》等信托文件及主合同中的词语具有相同含义。

 中航信托
AVIC TRUST CO.,LTD

自然人保证合同

根据《中华人民共和国担保法》、《中华人民共和国合同法》以及《中华人民共和国信托法》等法律、行政法规的规定，双方本着诚实信用、公平自愿的原则，就有关主合同的保证事宜，经充分友好协商，特签订本合同，以资遵照执行。

## 第1条 被担保的主债权

保证人所担保的主债权为债务人在主合同项下对债权人负有的支付特定股权收益权回购价款的义务（以下根据行文需要称为"**主债权**"或"**债务**"），具体数额及履行期限以主合同的约定为准。

## 第2条 保证范围

本合同的保证范围为债务人在主合同项下对债权人负有的全部债务，包括但不限于全部特定股权收益权回购基本价款和行权费（包括复利和罚息）、违约金、资金占用费、赔偿金、手续费、保险费及其他为签订或履行本合同而发生的费用、以及债权人为实现债权与担保权利而发生的费用（包括但不限于诉讼费、仲裁费、财产保全费、差旅费、执行费、评估费、拍卖费、公证费、送达费、公告费、律师费等）。

## 第3条 保证方式

保证人在本合同项下提供的保证为不可撤销的连带责任保证。

## 第4条 保证期间

4.1　自本合同生效之日起至主合同项下的债务履行期限届满之日后两年止。

4.2　如果主合同项下的债务分期履行的，则对于每期债务而言，保证期间均为最后一期债务履行期限届满之日后两年止。

4.3　如果主合同项下有多笔债务的，则对于每笔债务而言，保证期间均为履行期限最迟届至的一笔债务履行期限届满之日后两年止。

4.4　债务展期的，保证期间至展期协议重新约定的债务履行期限届满之日后两年止。

4.5　若债权人根据主合同约定宣布债务提前到期的，保证期间至债权人宣布的

 中航信托
AVIC TRUST CO.,LTD

自然人保证合同

债务提前到期日后两年止。

### 第5条 保证合同的独立性

本合同的效力独立于主合同，主合同不成立、不生效、无效、部分无效或被撤销、被解除并不影响本合同的效力。如主合同被确认为不成立、不生效、无效、部分无效或被撤销、被解除的，则保证人对于债务人因返还财产或赔偿损失而形成的债务也承担连带责任。

### 第6条 主合同变更

6.1  如果债权人与债务人协议变更主合同条款（包括但不限于变更结算币种、还款方式、信托财产专用账户、结算账户、还款账户、起息（费）日、结息日（结算日）、在债务履行期限不延长的情况下债务履行期限的起始日或截止日的变更），保证人同意对变更后的主合同项下的债务承担连带保证责任。

6.2  未经保证人事先同意，债权人与债务人协议增加债权本金（基本价款）金额的，保证人仅依照本合同的约定对变更前的主合同项下的债务承担连带保证责任。

6.3  主合同债务人与债权人协议变更主合同的，在不增加保证人所担保的主债权数额的前提下，不必取得保证人同意，保证人不能因此变更而免除连带保证责任；若债权人与主合同债务人对主合同履行期限作出变动，则保证人的保证期间为自变更后的债务履行期限届满之日起两年。

6.4  保证人的保证责任不因出现下列任一情况而减免：
（1）债权人或债务人发生改制、合并、兼并、分立、增减资本、合资、联营、更名等情形；
（2）债权人委托第三方履行其在主合同项下的义务。

6.5  主合同项下债权或债务的转移行为未生效、无效、被撤销、被解除，保证人仍按照本合同对债权人承担连带保证责任。

### 第7条 保证责任



自然人保证合同

7.1 如果主合同项下债务到期或者债权人根据主合同的约定或法律规定宣布债务提前到期，债务人未按时足额履行，或者债务人违反主合同的其他约定，保证人应在保证范围内承担保证责任。

7.2 无论债权人对主合同项下的债权是否拥有其他担保（包括但不限于保证、抵押、质押、保函、备用信用证等担保方式），不论上述其他担保何时成立、是否有效，债权人是否向其他担保人提出权利主张，也不论是否有第三方同意承担主合同项下的全部或部分债务，也不论其他担保是否由债务人自己所提供，保证人在本合同项下的保证责任均不因此减免，债权人均可直接要求保证人依照本合同约定在其保证范围内承担保证责任，保证人将不提出任何异议。

7.3 无论债权人过去、现在或将来是否已经、将要或可能放弃（包括但不限于放弃抵押权或其他担保权利、放弃抵押权或其他担保权利的顺位）、变更（包括但不限于变更抵押权或其他担保权利的顺位、担保金额或范围）、减免债务人或任何第三方过去、现在或将来已经、将要或可能提供的任何抵押权、质权或保证或其他任何形式的担保，保证人的保证责任均不因此而减少或免除，保证人承诺仍然按照本合同的规定提供担保。

7.4 任何情况下，保证人不得以其或第三方已远期受让标的股权、标的股权价格过低或过高、标的股权未予交付等原因拒绝或迟延履行本协议项下的保证责任。如果融创房地产集团有限公司已依据编号为"AVICTC2017X0264-3"《中航信托·天启（2017）99号互联网电视股权收益权投资集合资金信托计划股权远期受让协议》的约定向债权人支付了相应款项（"已付款项"），则保证人仅需就主债权减去已付款项后的剩余金额向债权人承担保证责任。

7.5 如果保证人只对主合同项下的部分债务提供保证，则保证人同意，即使因债务人清偿、债权人实现其他担保权利或任何其他原因导致主合同项下的债务部分消灭，保证人仍应按照本合同的约定在保证范围内对尚未消灭的债务承担保证责任。

7.6 如果保证人只为主合同项下的部分债务提供保证，在其承担保证责任后主

中航信托
AVIC TRUST CO.,LTD

自然人保证合同

合同项下的债务仍未获完全清偿，则保证人承诺，其向债务人或其他担保人主张（包括预先行使）代位权或追偿权时，不应使债权人利益受到任何损害，并同意主合同项下债务的清偿优先于保证人代位权或追偿权的实现。具体而言，在债权人债权未被全部清偿前，

(1) 保证人同意不向债务人或其他担保人主张代位权或追偿权；如因任何原因，保证人实现了上述权利，则应将所获款项优先用于清偿债权人尚未获偿的债权；

(2) 主合同项下的债务如有物的担保，保证人同意不以行使代位权为由或任何其他原因对该担保物或其处分后所得价款提出权利主张，上述担保物及所得价款应优先用于清偿债权人尚未获偿的债权；

(3) 若债务人或其他担保人为保证人提供了反担保，则保证人基于上述反担保而获得的款项应优先用于清偿债权人尚未获偿的债权。

7.7 对于保证人为履行本合同项下的责任而向债权人支付的任何款项，债权人有权按下列顺序清偿：

(1) 实现债权和担保权利之费用；

(2) 损害赔偿金；

(3) 违约金；

(4) 逾期利息和罚息；

(5) 利息（行权费、资金占用费）；

(6) 本金（基本价款）。

债权人有权变更上述顺序。

7.8 若保证人未按约定履行本合同项下责任时，债权人有权：

(1) 对合法占有和管理的保证人财产或财产权利行使处分权利以用于清偿债权；

(2) 通过其他合法途径向保证人继续追偿。

### 第8条 保证人声明与承诺

8.1 保证人保证其具有签订和履行本合同所必需的民事权利能力和民事行为能力，能独立承担民事责任。

 中航信托
AVIC TRUST CO.,LTD

自然人保证合同

8.2　保证人知悉并同意主合同的全部条款，自愿为主合同债务人提供担保，其在本合同项下的全部意思表示真实。

8.3　保证人所提供的担保为独立担保，如有第三人亦为主合同债务人履行主合同提供担保，保证人仍然承担全部担保责任。

8.4　保证期间，若债权人将主合同项下的主债权转让给第三人的，无需征得保证人同意，保证人承诺继续承担保证责任。

8.5　保证人保证向债权人提供的有关其资信情况说明、财务报表或其他资料真实有效。

8.6　主合同债务人未依约清偿债务(包括主合同约定的提前到期的情形)，债权人要求保证人承担保证责任的，保证人在接到债权人书面通知之日应立即代为清偿主合同项下的债务。

8.7　在本合同有效期内，如果保证人再为其它第三方提供担保的，不得损害债权人的利益。

8.8　在本合同有效期内，保证人发生以下事项时，应于事项决定或发生后三个工作日内书面通知债权人：

（1）　保证人及其拥有的资产发生清算、解散、破产、兼并、重大涉诉或被施以强制措施时。

8.9　出现下列情形之一的，债权人有权宣布主合同项下一项或多项债务提前到期，并要求保证人承担连带保证责任：

（1）　债务人未按主合同履行到期义务或履行主合同项下的任一义务的；

（2）　债务人或保证人经营状况严重恶化，或丧失商业信誉；

（3）　债务人依法被宣告解散、撤销、破产、兼并、涉诉或自行解散；

（4）　债务人或保证人的重要财产被施以强制措施；

（5）　债务人或保证人违背所作声明与承诺，或不履行本合同约定其他义务；

（6）　债务人或保证人作出其他侵犯债权人合法权益的行为，影响债权人按期足额收回债权；

（7）　出现使债权人债权难以实现或无法实现的其他情况。

8.10　保证人应如实向债权人提供其财产情况和个人信用等有关资料，并保证上

 中航信托
AVIC TRUST CO.,LTD.

自然人保证合同

述资料的准确、真实、完整与有效性。

8.11　保证人发生国籍变更财务状况严重恶化，或者已丧失担保能力，应立即书
面通知债权人，并按照债权人要求落实本合同项下保证责任的承担、转移
或承继，或者为主合同的履行提供令债权人满意的新担保。

## 第9条　债务人的解散或破产

9.1　保证人知道债务人进入解散或破产程序后，应当立即通知债权人申报债
权，同时自己应及时参加解散或破产程序，预先行使追偿权。保证人知道
或者应当知道债务人进入解散或破产程序，但未能及时预先行使追偿权
的，其损失由保证人自行承担。

9.2　尽管有本合同第 9.1 条及第 13.2 条的约定，在债务人破产程序中，如果
债权人与债务人达成和解协议，或者同意重整计划，本合同项下债权人的
权利不因和解协议或重整计划而受到损害，保证人的保证责任不予以减
免。保证人不得以和解协议、重整计划规定的条件对抗债权人的权利主张。
债权人在和解协议、重整计划中对债务人作出让步而未能获得清偿的债权
部分，仍有权要求保证人继续予以清偿。

## 第10条　违约责任

10.1　本合同生效后，保证人、债权人双方均应履行本合同约定的义务，任何一
方不履行或不完全履行本合同所约定义务的，应当承担相应的违约责任，
并赔偿由此给对方造成的损失。

10.2　保证人违约，债权人有权采取下列一项或几项措施：

　　（1）　要求保证人限期纠正违约；

　　（2）　宣布主债务履行期限提前届满，要求保证人承担连带保证责任；

　　（3）　依法撤销保证人损害债权人利益的行为；

　　（4）　以法律手段追究保证人的违约责任。

## 第11条　公证（本条不适用）

中航信托
AVIC TRUST CO.,LTD

自然人保证合同

11.1 保证人、债权人双方应在本合同签订后十日内到债权人指定的公证机关对本合同申请进行赋予强制执行效力的债权文书公证。相关公证费用由保证人承担。

11.2 保证人、债权人双方在此确认，双方对本合同中有关保证人的义务的约定无疑义。保证人对赋予强制执行效力公证的含义、内容、程序、效力等完全明确了解。保证人并承诺其不履行本协议中约定的义务或不完全履行义务时，保证人愿意接受强制执行。根据债权人的申请，公证机关可以签发执行证书，保证人愿意接受人民法院的强制执行。

11.3 一旦发生任何违约事件，本合同项下的担保权即立刻具有可执行性。当本合同项下的担保权根据本合同的约定具有可执行性后的任何时间，保证人不再有权且不得行使、执行与担保权有关的任何权利、裁量权或救济权，而债权人有权在法律允许的范围内以其认为适当的任何方式行使、实现担保权。

11.4 为使债权人能够实现担保权，保证人应当采取债权人可能要求的所有合法且适当的行动。为债权人根据本合同的约定实现担保权之目的，保证人应签署所有该等协议、通知、授权、指示、承诺及其他文件并采取债权人可能要求的所有行动。

11.5 在担保权具有可执行性之时及之后，债权人可以保证人的名义（或在法律允许的范围内，以债权人的名义），行使与保证人有关的权力和权利，以及行使相关的任何追索权和受偿权；保证人在此不可撤销地授权债权人行使上述权利。

11.6 债权人、保证人双方确认，关于强制执行的约定优先于本合同第 16.2 条的规定执行。

## 第12条 债权人记录的证据效力

除非有可靠、确定的相反证据，债权人有关本金（基本价款、主价款）、利息、行权费、资金占用费、其它费用和还款记录等内容的内部账务记载，债权人制作或保留的债务人办理提款、还款、支付利息、费用等业务过程中发生的单据、凭证及债权人催收的记录、凭证，均构成有效证明主合同



自然人保证合同

项下债权关系的确定证据。保证人不能仅因为上述记录、记载、单据、凭证系由债权人单方制作或保留而提出异议。

## 第13条  权利保留

13.1 债权人在本合同项下的权利并不影响和排除其根据法律、法规和其它合同所享有的任何权利。任何对违约或延误行为施以任何宽容、宽限、优惠或延缓行使本合同项下的任何权利，均不能视为对本合同项下权利、权益的放弃或对任何违反本合同行为的许可或认可，也不影响、阻止和妨碍对该权利的继续行使或对其任何其它权利的行使，也不因此导致债权人对保证人承担义务和责任。

13.2 即使债权人不行使或延缓行使主合同项下的任何权利或未用尽主合同项下的任何救济，保证人在本合同项下的保证责任并不因此减免，但是债权人若减免主合同项下债务，保证人在本合同项下的保证责任相应减免。

## 第14条  通知和送达

14.1 双方之间的一切商业文件信函、通知和诉讼文书均以书面形式作为最终的送达方式，可由专人递送、挂号信邮递、特快专递等方式送达，传真可作为辅助送达方式，但事后应以上述约定方式补充送达。

14.2 商业文件信函、通知和诉讼文书在下列日期视为送达被通知方：

    （1）专人递送：通知方取得的被通知方签收单所示日；

    （2）挂号信邮递：发出通知方持有的国内挂号函件收据所示日后第 5 日；

    （3）特快专递：发出通知方持有的发送凭证上邮戳日起第 4 日；

    （4）传真：收到成功发送确认后的当日。

14.3 联系地址和联系方式。合同各方一致确认本合同首部中记载的各方联系地址和联系方式为各方履行合同、解决合同争议时向其他方送交商业文件函信、通知或司法机关（法院、仲裁机构）向各方送达诉讼、仲裁文书的地址和联系方式。

14.4 联系地址和联系方式适用期间。本合同首部中记载的各方联系地址和联系方式适用至本合同履行完毕或争议经过一审、二审至案件执行终结时止，

 中航信托
AVIC TRUST CO.,LTD

自然人保证合同

除非各方依下款告知变更。

14.5  联系地址和联系方式的变更。任何一方联系地址和联系方式需要变更的，
应提前五个工作日向合同其他方和司法机关送交书面变更告知函（若争议
已经进入司法程序解决）。

14.6  **承诺。合同各方均承诺：本合同首部中填写的各方联系地址和联系方式真**
**实有效，如填写错误或未填写，导致的商业信函、通知和诉讼文书送达不**
**能的法律后果由自己承担。**

14.7  风险提示。合同各方均明知：因各方提供的联系地址不准确，地址变更后
未及时告知各方和司法机关，导致商业文件信函、通知和诉讼文书未能被
实际接收的，直接送达的可以适用留置送达或送达人当场记明情况即为送
达，邮寄送达的文书退回之日视为送达之日。

**第15条  保密**

15.1  本合同双方同意，对其中一方或其代表提供给另一方的有关本合同及各方
签署的本合同项下交易的所有重要方面的信息及/或本合同所含信息（不
包括有证据证明是经正当授权的第三方收到、披露或公开的信息）予以保
密。

15.2  未经对方书面同意，不向任何其他方披露此类信息（不包括与本合同拟议
之交易有关而需要获知以上信息的披露方的雇员、高级职员和董事），但
以下情况除外：

  （1）  为进行本合同拟议之交易而向投资者披露；

  （2）  向与本交易有关而需要获知以上信息并受保密合同约束的律师、会
计师、顾问和咨询人员披露；

  （3）  根据适用的法律法规的要求，向中国的有关政府部门或者管理机构
披露。

15.3  在任何情形下，本条所规定的保密义务应永久持续有效。

**第16条  法律适用与争议解决**

16.1  本合同的订立、生效、解释、履行和争议的解决均适用中华人民共和国法



自然人保证合同

律。

16.2 如发生争议，双方应友好协商，未能协商一致的，任何一方均可向债权人住所地（即江西南昌）有管辖权的人民法院提起诉讼。与诉讼有关的所有费用包括但不限于诉讼费、执行费、律师代理费等均由败诉方承担，但法院判决另有规定的除外。在协商或诉讼期间，对于本合同不涉及争议部分的条款，双方仍须履行。

## 第17条　其他条款

17.1 信托计划成立后，债权人以信托计划的受托人身份签订和履行本合同。

17.2 保证人信息的使用

保证人同意债权人向中国人民银行个人信用信息基础数据库及信贷征信主管部门批准建立的个人信用数据库或有关单位、部门及个人查询保证人的信用状况，查询获得的信用报告限用于中国人民银行颁布的《个人信用信息基础数据库管理暂行办法》规定用途。保证人还同意债权人将保证人信用信息提供给中国人民银行个人信用信息基础数据库及信贷征信主管部门批准建立的个人信用数据库。保证人并同意，债权人为业务需要也可以合理使用并披露保证人信息。

17.3 公告催收

对保证人的违约情形，债权人有权向有关部门或单位予以通报。

17.4 可分割性

本合同的任何条款无论因任何原因无效、被撤销或者失去强制性，不影响本合同其他条款的有效性，双方应当继续履行本合同的其他条款。

17.5 合同生效条件

本合同经债权人法定代表人（负责人）或授权代理人签字（或盖章）并加盖公章或合同专用章，且保证人签字并捺手印后生效。

17.6 合同一式贰份，双方各执贰份，其余用于办理各项手续，每份法律效力相同。

17.7 在签署本合同时，各当事人对本合同的所有条款已经详细阅悉，均无异议，并对当事人之间的法律关系、有关权利、义务和责任的条款的法律含义有

 中航信托
AVIC TRUST CO.,LTD

自然人保证合同

准确无误的理解。

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*（以下无正文，签字页附后）*



 中航信托
AVIC TRUST CO.,LTD

自然人保证合同

（本页为中航信托·天启（2017）99 号互联网电视股权收益权投资集合资
金信托计划自然人保证合同的签署页，无正文）



保证人：＿＿＿＿＿＿＿＿＿＿＿＿＿　（签字并摁手印）

债权人：中航信托股份有限公司(公章/合同专用章)

法定代表人（或委托代理人）：(签字或签章)

签署日期：2017 年 3 月 9 日

签署地点：江西南昌

## 转让通知书

致：天津盈鑫信恒投资咨询有限公司

贵司作为受益人的编号为"AVICTC2017X0264"的中航信托·天启【2017】
99 号互联网电视股权收益权投资集合资金信托计划（下称"信托计划"）项下全
部劣后级受益人。

根据贵司出具的指令函，中航信托股份公司（下称"受托人"或"中航信托"）
于 2019 年 4 月 16 日以信托财产原状分配的方式向贵司分配信托财产，将以下债
权及其他相关权益分配并转让给贵司：

1、受托人在编号为 AVICTC2017X0264-2 的《中航信托·天启（2017）99 号
互联网电视股权收益权投资集合资金信托计划特定股权收益权转让与回购合同》
项下对乐视控股（北京）有限公司享有的全部债权，其中包括：特定股权收益权
回购基本价款：壹拾伍亿元整（1,500,000,000.00 元）、一次性违约金：伍仟万元
整（50,000,000.00 元）、连续性迟延违约金、行权费、诉讼费、执行费、律师代
理费；全部债权的具体金额根据上述债权的实际存续天数/逾期天数进行计算。

2、受托人已将转让事宜通知相关债权人、债务人。请贵司与相关债权人、债
务人协商办理相关事宜，我司可提供必要的协助。

自本通知书发出之日起，上述债权及其他相关权益转移至贵司，本信托项下
信托财产分配完毕，贵司不再享有本信托项下的任何信托利益及其他权益。

特此通知。

中航信托股份有限公司

2019 年 4 月 25 日

E

M

A

I

L

E

D

_____C Murray_____          _____1/21/2020_____

CASE MANAGER                                              DATE

| | |
|---|---|
| United States Bankruptcy Court for the Central District Of California - Los Angeles Division | |

| | | For Court Use Only | |
|---|---|---|---|
| **Name of Debtor:** | Yueting Jia | Claim Number: | 0000020020 |
| **Case Number:** | 19-24804 | File Date: | 01/20/2020 22:05:24 |

# Proof of Claim (Official Form 410)

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

04/19

| Part 1: | Identify the Claim |
|---|---|

**1.    Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): Tianjin Yingxin Xinheng Investment Ltd.

Other names the creditor used with the debtor: _____

**2.    Has this claim been acquired from someone else?**    ☐ No    ☑ Yes.    From whom? AVIC Trust - Tianqi No.99 Trust Scheme

**3.    Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name    Tianjin Yingxin Xinheng Investment Ltd. | Name _____ |
| Address    10/F, Times Olympic City C7 Office bldg | Address _____ |
| Binshui West Rd., Nankai District | _____ |
| | _____ |
| City    Tianjin | City _____ |
| State _____    ZIP Code 300381 | State _____    ZIP Code _____ |
| Country (if International): China | Country (if International): _____ |
| Phone:    0086-13051859957 | Phone: _____ |
| Email:    869576180@qq.com | Email: _____ |

| **4. Does this claim amend one already filed?** | **5. Do you know if anyone else has filed a proof of claim for this claim?** |
|---|---|
| ☑ No | ☑ No |
| ☐ Yes. | ☐ Yes. |
| Claim number on court claims register (if known) _____ | Who made the earlier filing? |
| Filed on _____ | _____ |
| MM / DD / YYYY | |

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes.

Last 4 digits of the debtor's account or any number you use to identify the debtor:

_____ _____ _____ _____

**7. How much is the claim?**

$ 252,281,923.00        unliquidated

**Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples:  Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.  Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).  Limit disclosing information that is entitled to privacy, such as health care information.

Other Basis

_____

**9.  Is all or part of the claim secured?**

☑ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other.  Describe:

_____

**Basis for perfection:**

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                      $_____

Amount of the claim that is secured:    $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:  $_____

**Annual Interest Rate** (when case was filed)  _____%

☐ Fixed   ☐ Variable

**10.  Is this claim based on a lease?**

☑ No

☐ Yes.  **Amount necessary to cure any default as of the date of petition.**

$_____

**11.  Is this claim subject to a right of setoff?**

☑ No

☐ Yes.  Identify the property:

_____

**12.  Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a)
(_____) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority.  For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

**13.  Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes.  **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $_____

| Part 3: | Sign Below |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*Wen XUE*                                           01/20/2020 22:05:24
_____    _____    _____
Signature                                          Date

**Provide the name and contact information of the person completing and signing this claim:**

Name        Wen XUE
_____

Address     10/F, Times Olympic City C7 Office bldg
_____

            Binshui West Rd., Nankai District
_____

_____

City        Tianjin
_____

State       _____    Zip    300381
                                                _____

Country (in international)    China
                            _____

Phone       0086-13051859957
_____

Email       869576180@qq.com
_____

**Fill in this information to identify the case:**

Debtor 1    YUETING JIA

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:    Central District of California

Case number    2:19-bk-24804-VZ

## Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Tianjin Yingxin Xinheng Investment Consulting Co., Ltd.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☐ No
☑ Yes. From whom?  AVIC Trust - Tianqi (2017) No. 99 Collective Fund Trust Scheme for Internet TV Equity Income Right Investment

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

See attached Addendum.
Name

Number     Street

City          State          ZIP Code

Contact phone _____

Contact email _____

Where should payments to the creditor be sent? (if different)

See attached Addendum.
Name

Number     Street

City          State          ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on ___ / ___ / _____
                                                                              MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

---

**7. How much is the claim?**

$ __No less than $252,281,923__.    **Does this amount include interest or other charges?**

See attached Addendum.

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

__Money loaned, unlimited several and joint liability guarantee; see also attached Addendum.__

---

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                        $_____

**Amount of the claim that is secured:**      $_____

**Amount of the claim that is unsecured:** $_____  (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $_____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed

☐ Variable

---

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____

---

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

---

12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*                                                                    Amount entitled to priority

☐ Domestic support obligations (including alimony and child support) under
11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).                                             $_____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for
personal, family, or household use. 11 U.S.C. § 507(a)(7).                          $_____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the
bankruptcy petition is filed or the debtor's business ends, whichever is earlier.
11 U.S.C. § 507(a)(4).                                                              $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).            $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).               $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies.               $_____

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

### Part 3:   Sign Below

The person completing this proof of claim must sign and date it.
FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   1 / 13 / 2020
                  MM / DD / YYYY

Signature _____

**Print the name of the person who is completing and signing this claim:**

| | |
|---|---|
| Name | Wen _____ _____ XUE |
| | First name          Middle name          Last name |
| Title | Executive Director |
| Company | Tianjin Yingxin Xinheng Investment Consulting Co., Ltd. |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 10/F, Times Olympic City C7 Office bldg, Binshui West Rd., Nankai District |
| | Number    Street |
| | Tianjin, China                                         300381 |
| | City                              State    ZIP Code |
| Contact phone | 0086-13051859957          Email   869576180@qq.com |

**ADDENDUM TO PROOF OF CLAIM OF TIANJIN YINGXIN XINHENG
INVESTMENT CONSULTING CO., LTD. ("CREDITOR")**

<u>EXHIBIT A</u>

Creditor hereby asserts, reserves, and preserves, any and all claims, causes of action, other rights or remedies or the like under contract, applicable law, and equity that Creditor has against the Debtor, his affiliates, successors, representatives, agents, assigns or any other related individual or entity, including, without limitation, an amount not less than $252,281,923 (¥1,784,263,899.99 converted as of October 14, 2019), as detailed on the attached statement itemizing interest which is incorporated herein and made a part hereof. Creditor hereby asserts, reserves, and preserves all rights of setoff and recoupment available to it. Creditor hereby asserts, reserves, and preserves all claims for additional interest, liquidated damages, attorneys' fees, and other amounts.

Creditor's claim was transferred from AVIC Trust – Tianqi (2017) No. 99 Collective Trust Fund Scheme for Internet TV Equity Income Right Investment.

Creditor's claims are general unsecured claims, except as provided herein or under applicable law or equity, or as determined by a court or another adjudicative body of competent jurisdiction to constitute administrative, secured, trust, or priority claims. To the extent that this proof of claim is or includes secured, administrative, trust, or priority claims, including claims based on Creditor's right to setoff or recoupment, or similar rights, it shall be and is a secured, administrative, trust, or priority claim.

In addition to the statement itemizing interest, the documents upon which these claims are based, include, without limitation, those attached to this addendum to proof of claim (along with English translations which are attached).

This proof of claim is filed with (a) full reservation of rights, remedies, privileges and the like, including, without limitation, (i) the right to amend, modify or supplement the proof of claim, (ii) the right to assert additional, modified, supplementary and/or amended proofs of claim and (iii) the right to make requests for administrative expenses based on, *inter alia*, events, information and/or documents obtained from the Debtor or others through discovery or otherwise and with (b) full reservation of (i) Creditor's rights, remedies, privileges, claims and/or the like against any party other than the Debtor, and (ii) Creditor's interests in any property, including, without limitation, property of the estate. This proof of claim is filed without prejudice to any cause of action against the Debtor not constituting a "claim" under 11 U.S.C. § 101(5) or otherwise applicable law.

This proof of claim is not intended to be, and shall not be construed as: (i) an election of remedies; (ii) a waiver of any past, present or future defaults or events of default; (iii) a waiver, release or limitation of any rights, remedies, privileges, claims, interests or the like of Creditor, including, without limitation, the right to assert any claims against the Debtor or against any other party or property other than the Debtor and his estate, inclusive of the right to recover interest and attorneys' fees and costs; (iv) a waiver of the right to seek to have the

reference withdrawn with respect to the subject matter of this claim, any objection or other proceedings commenced with respect thereto, or any other proceedings commenced in this case or involving Creditor; (v) a waiver of the right to mediation or arbitration; (vi) a consent to jurisdiction in the United States, whether in the bankruptcy court or otherwise; (vii) a consent to the jurisdiction or Constitutional power of the bankruptcy court with respect to the subject matter of this proof of claim, any objection or other proceeding commenced with respect thereto, or any other proceeding commenced in this case against or otherwise involving Creditor; (viii) a waiver of the right to trial by jury in any proceedings so triable in this case, or any controversy or proceedings related to this case; (ix) a waiver or release of any right against any affiliate of the Debtor or other entity or person liable for all or part of any claim described herein; (x) a waiver of any right of subordination of indebtedness or liens held by other creditors of the Debtor; (xi) a waiver of any rights pursuant to section 506(b) of the Bankruptcy Code; or (xii) a waiver or release of any liens or security interests that Creditor may have with respect to the property of the Debtor or any affiliate of the Debtor.

Payments to Creditor should be sent to the following:

TIANJIN YINGXIN XINHENG INVESTMENT CONSULTING CO., LTD.
Attn: Wenjing BI
10/F, Times Olympic City C7 Office bldg, Binshui West Rd., Nankai District
Tianjin 300381
China
Telephone:     0086-13051859957
Email:            869576180@qq.com

All notices concerning this proof of claim should be sent to each of the following:

TIANJIN YINGXIN XINHENG INVESTMENT CONSULTING CO., LTD.
Attn: Wenjing BI
10/F, Times Olympic City C7 Office bldg, Binshui West Rd., Nankai District
Tianjin 300381
China
Telephone:     0086-13051859957
Email:            869576180@qq.com

And

Jincheng Tongda & Neal Law Firm
Attn: Stephan Peng & Yue Wang
10th Floor, China World Tower
No. 1 Jianguo Menwai Avenue
Beijing, 100004, China
Email:            pengjun@jtnfa.com
                    wangyue@jtnfa.com

And

2

Morris, Nichols, Arsht & Tunnell LLP
Attn: Eric D. Schwartz & Matthew B. Harvey
1201 North Market Street, 16th Floor
Wilmington, DE 19801
Telephone:      (302) 658-9200
Email:          eschwartz@mnat.com
                mharvey@mnat.com

**Statement Itemizing Interest**

1. LeTV Holdings (Beijing) Limited (hereinafter referred to as LeTV Holdings) signed the *Contract for the Transfer and Buyback of Specific Equity Income Right* (hereinafter referred to as the "Contract") with AVIC Trust Co., Ltd. (hereinafter referred to as AVIC Trust), who set up and represent the *AVIC Trust - Tianqi (2017) No. 99 Collective Fund Trust Scheme for Internet TV Equity Income Right Investment* (ref. No.: AVICTC2017X0264, hereinafter referred to as the "Trust Scheme"), and accordingly transferred AVIC Trust the income right to 8.38% of equities of LeTV Zhixin Electronic Technology (Tianjin) Co., Ltd. (hereinafter collectively referred to as the "Specific Equity Income Right") and obtained 1.5 billion RMB Yuan (¥1,500,000,000) financing money from AVIC Trust. In accordance with the Contract, LeTV Holdings undertook the liability to buyback the Specific Equity Income Right by paying AVIC Trust buyback price, which consists of <u>the basic price/principal of ¥1,500,000,000</u> and <u>the exercise fee (the Exercise Rate is 9%/year). The exercise fee is equal to ¥1,500,000,000 principal * 9%/360 * the number of the days of the actual term of the Trust Scheme</u>. **YUETING JIA undertook unlimited several and joint liabilities for the paying of the buyback price in his own name**.

2. LeTV Holdings failed to pay the buyback price as agreed in the Contract. In September 2017, Tianjin Yingxin Xinheng Investment Consulting Co., Ltd. (hereinafter referred to as Yingxin Xinheng) subscribed for the inferior trust beneficiary right under the Trust Scheme by paying subscription money of ¥1,640,862,500 and had all the prior trust beneficiary under the Trust Scheme been paid off. As the consequence, Yingxin Xinheng obtained all the creditor's rights and interests against YUETING JIA (as the guarantor with unlimited several and joint liabilities) under the Trust Scheme, including the <u>principal of ¥1,500,000,000</u>, the <u>exercise fee (calculated up to October 14, 2019)</u> and the <u>liquidated damages of ¥50,000,000</u> agreed in the Contract.

3. On October 22, 2018, 8.38% of equities of LeTV Zhixin Electronic Technology (Tianjin) Co., Ltd (as collaterals to the Trust Scheme) has been judicially auctioned for <u>¥104,737,766.68</u> (¥109,737,766.68 of judicial auction benefit minus ¥5,000,000 of attorney fee paid directly by the Trust Scheme), and on December 26, 2018, the Trust Scheme collected <u>¥15,373,333.33</u> as refund from the China Trust Protection Fund (which is an official organization operated by China Banking Regulatory Commission and each trust scheme is obligated to subscribe for).

4. Above all, the claim of the creditor (Tianjin Yingxin Xinheng Investment Consulting Co., Ltd.) against YUETING JIA is <u>¥1,784,263,899.99</u> (including the <u>principal of ¥1,500,000,000</u>, the <u>due exercise fee of ¥354,375,000</u> calculated as of October 14, 2019 and the <u>liquidated damages of ¥50,000,000</u>, deducting the

net auction benefit of ¥104,737,766.68 and the refund from the China Trust Protection Fund of ¥15,373,333.33), which is equal to **$252,281,923** (including the principal of $212,089,077, the due exercise fee of $50,106,045 calculated as of October 14, 2019 and the liquidated damages of $7,069,636, deducting the net auction benefit of $14,809,158 and the refund from the China Trust Protection Fund of $2,173,677) converted based on the foreign exchange rate effective on October 14, 2019 published by People's Bank of China.



中航信托
AVIC TRUST CO.,LTD

特定股权收益权转让合同

# 中航信托·天启（2017）99号互联网电视股权
# 收益权投资集合资金信托计划

# 特定股权收益权转让与回购合同

合同编号：AVICTC2017X0264-2



转让方（回购方）：乐视控股（北京）有限公司

受让方：中航信托股份有限公司

中航信托
AViC TRUST CO.,LTD                                          特定股权收益权转让与回购合同

# 特定股权收益权转让与回购合同

### 转让方（回购方）：乐视控股（北京）有限公司

法定代表人：贾跃亭

法定地址：___北京市朝阳区姚家园路 105 号 3 号楼 10 层 1102___

联系地址：___北京市朝阳区姚家园路 105 号 3 号楼 16 层___

联 系 人：___张巍___                             邮政编码：___100025___

联系电话：___13810049776___            传    真：___010-50962120___

电子邮箱：zhangwei16@le.com

### 受让方：中航信托股份有限公司

法定代表人：姚江涛

法定地址：江西省南昌市红谷滩新区赣江北大道 1 号中航广场 24/25 层

联系地址：江西省南昌市红谷滩新区赣江北大道 1 号中航广场 24/25 层

联 系 人：张超___                         邮政编码：330038___

联系电话：010-56823637___            传    真：010-56823559___

电子邮箱：zhangchao9466@163.com

鉴于：

1.    转让方（回购方）系具有民事权利能力和民事行为能力的主体；受让方系
经有权机构批准并有效存续的非银行金融机构，拟作为受托人设立编号为
【AVICTC2017X0264】的"中航信托·天启（2017）99 号互联网电视股权
收益权投资集合资金信托计划"（以下简称"**信托计划**"）。

2.    转让方（回购方）拟向受让方转让并按照本合同约定的条件回购其合法持
有的乐视致新电子科技（天津）有限公司（以下简称"**目标公司**"）8.38%
的股权（所对应的出资额为人民币 _2,618.3537 万元_）的股权收益权；受
让方同意受让转让方（回购方）转让的特定股权收益权并按照本合同约定

中航信托
AVIC TRUST CO.,LTD

特定股权收益权转让与回购合同

的条件予以回购。

3.   除非本合同另有规定，本合同中所用词语与信托计划项下的《信托合同》、
《信托计划说明书》等信托文件中的词语具有相同含义。

根据《中华人民共和国公司法》、《中华人民共和国合同法》以及《中华人民
共和国信托法》等法律、行政法规的规定，双方本着诚实信用、公平自愿的原则，
就特定股权收益权转让有关事宜，经充分友好协商，特签订本合同，以资遵照执
行。

## 第1条 转让标的

1.1   本合同的转让标的为：本合同签署之日转让方合法持有的目标公司 8.38%
的股权（所对应的出资额为人民币 2,618.3537_万元，转让方已完成全部
对应的出资，以下简称 **"特定股权"**）的股权收益权（以下简称 **"特定股
权收益权"**）。

1.2   第 1.1 条所述特定股权收益权包括特定股权的所有收益权，即除投票权以
外的一切权利，包括但不限于获得下列特定股权的全部处置收入以及分
红、送股的全部处置收入、认购权证、认沽权证以及孳息等衍生权益等权
利：

(1)  自本合同生效之日起在任何情形下处置特定股权产生的收入；

(2)  自本合同生效之日起，在任何情形下处置特定股权因送股、公积金
转增、配股、拆分股权等而形成的派生股权产生的收入；

(3)  自本合同生效之日起，基于特定股权及特定股权的派生股权而获取
的股息红利等；

(4)  自本合同生效之日起因目标公司转增注册资本等形成的特定股权
的衍生收益；

(5)  自本合同生效之日起如目标公司发生被依法解散、撤销或者被宣告
破产情形，转让方基于特定股权及特定股权的派生股权受分配的剩
余财产；

(6)  自本合同生效之日起，根据法律、行政法规、规章的规定、司法机

中航信托
AVIC TRUST CO.,LTD

特定股权收益权转让与回购合同

关的裁决、政府机关的规定，转让方基于特定股权及特定股权的派
生股权而获得的任何赔偿、补偿等；

(7) 自本合同生效之日起，基于特定股权及特定股权的派生股权而产生
的其他任何现金收入、财产性收益。

1.3 目标公司的注册资本为人民币31,245.2712万元，转让方系目标公司股东，
共计持有目标公司 __18.3805__ %的股权，对应的出资额为 __人民币__
__5,743.0371__ 万元，并已完成全部出资。特定股权对应的出资额为 __人民币__
__2,618.3537__ 万元。

1.4 转让方同意按本合同的规定将特定股权收益权转让给受让方，受让方同意
受让特定股权收益权。

## 第2条 转让价款及支付

2.1 本合同项下转让标的（即特定股权收益权）的转让价款为人民币
壹拾伍亿元（小写：￥1,500,000,000.00）。鉴于本合同项下的特定股权
收益权转让系基于信托计划的特定目的而实施，故而在本合同生效日至本
信托计划终止之日期间，如转让方基于对特定股权的所有权因送股、公积
金转增、配股、拆分股权获得派生股权的，则派生股权的收益权一并转让，
且受让方无须就派生股权的收益权另行支付转让价款。

2.2 除非受让方全部或部分放弃，当且仅当下列各前提条件全部持续满足时，
受让方才有义务向转让方支付转让价款：

(1) 转让方已向受让方提交受让方要求其提交的全部资料（包括但不限
于转让方合法持有特定股权的相关文件资料及凭证正本复印件；转
让方（自然人）的身份证复印件、转让方（机构）的营业执照（或
其他能够确认主体资格的登记证书）、组织机构代码证复印件，最
近几年的财务报表等；转让方（自然人）的财产共有人出具的同意
转让方转让特定股权收益权并签订一系列交易文件的函件、**转让方**
**（机构）的股东会、董事会、理事会等有权机构同意转让方签订一**
**系列交易文件的决议或决定**；

(2) 本信托计划已成立生效，并且用于支付转让价款的信托资金已募集

中航信托
AVIC TRUST CO.,LTD                                              特定股权收益权转让与回购合同

成功；

(3) 转让方的财务状况未发生任何实质性变化从而给本合同项下的交
易带来严重不利影响；

(4) 转让方没有发生本合同的任一违约事项，且不存在任何可能对受让
方在本合同项下的权利造成不利影响的情形；

(5) 本信托计划项下的所有担保合同已生效，担保合同约定的各项登记
手续均已办妥；

(6) 转让方已经与受让方签署了编号为【AVICTC2017X0264-7】的《中
航信托·天启（2017）99 号互联网电视股权收益权投资集合资金信
托计划信托业保障基金委托认购协议》，转让方已经按照协议约定
交付了用于认购信托业保障基金的款项；

(7) 转让方、受让方以及融创房地产集团有限公司（以下简称"**融创房
地产**"）之间的《中航信托·天启（2017）99 号互联网电视股权收
益权投资集合资金信托计划股权远期受让协议》（协议编号为：
AVICTC2017X0264-3，简称为"**远期受让协议**"）已经签署生效并且
持续生效。

(8) 转让方、受让方双方约定的其他支付转让价款的前提条件。

受让方有权根据实际情况决定在前款所规定的各前提条件未全部满足的
情况下向转让方支付转让价款，但该等支付转让价款的行为，不得推定为
受让方对转让方未履行合同义务行为的认可或豁免，也不构成受让方的履
约瑕疵。

2.3  受让方应于第 2.2 条约定的付款前提条件全部成就后的 3 个工作日内向转
让方一次性支付特定股权收益权的转让价款。

2.4  受让方与转让方一致确认，转让方用于接收特定股权收益权转让价款的银
行账户如下：

账 户 名：__乐视控股（北京）有限公司_____

账　　号：▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

开 户 行：__中信银行北京观湖国际支行_____

中航信托
AVIC TRUST CO.,LTD

特定股权收益权转让与回购合同

转让方若变更该银行账户的，应于变更前的 10 个工作日内通知受让方。具体付款时间和付款金额以受让方持有的银行账账凭证为准。

2.5 本合同项下特定股权收益权转让系以信托计划成立并生效、信托资金已足额划至信托财产专户为前提。如因法律法规的修改或颁布、国家宏观调控政策的变化、受让方监管部门提出新的监管要求或受让方无法成功募集用于支付特定股权收益权转让价款的全部资金等原因致使受让方无法支付本合同项下转让价款或实现其在本合同项下的目的，则本合同自动解除，受让方不再负有对转让方的付款义务，且受让方对转让方不负有违约责任及其他任何赔偿责任。

## 第3条 特定股权收益权的交付及管理

3.1 本合同项下转让价款按本合同第2条的规定全额划入转让方指定的银行账户，即视为转让标的交割完成，受让方即享有特定股权收益权。

3.2 受让方受让特定股权收益权后，转让方持有的特定股权仍由转让方负责管理。转让方应以特定股权收益最大化为原则，诚实、勤勉的管理特定股权。

3.3 本合同项下特定股权收益权转让后，基于特定股权产生的相关的现金分红及其它现金收益归属于受让方设立的本信托计划的信托财产，转让方应将该等收入自产生之日起 3 个工作日内划入信托财产专户。

## 第4条 文件资料的出示和提交

本合同签署前，转让方应当根据受让方的要求出示和提交必要的文件和资料，包括但不限于：

（1） 转让方合法持有特定股权收益权的权利证明文件；

（2） 转让方同意特定股权收益权转让的内部决议文件。

## 第5条 特定股权收益权回购

5.1 转让方（回购方）作为特定股权收益权的出让方，承诺按照本合同约定的时限和金额回购全部特定股权收益权。此承诺为不可撤销且独立于特定股



中航信托
AVIC TRUST CO.,LTD

特定股权收益权转让与回购合同

权收益权转让的承诺。

5.2 受让方支付特定股权收益权转让价款后，转让方（回购方）即负有了按本
合同约定向受让方支付特定股权收益权回购价款的独立义务，此债务成立
后除因支付完毕全部特定股权收益权回购价款而消灭外，不受任何其他因
素的影响，包括特定股权和特定股权收益权本身的任何变化。

5.3 提前回购

(1) 本信托计划存续届满 12 个月后，经转让方（回购方）书面申请，
受让方同意，转让方（回购方）可以提前支付特定股权收益权回购
基本价款以提前回购特定股权收益权。转让方（回购方）提前回购
的，转让方（回购方）除应当支付特定股权收益权回购基本价款外，
还应当按照信托计划的实际存续天数支付特定股权收益权回购的
行权费。

(2) 虽有前述约定，受让方亦有权要求转让方（回购方）在本信托计划
存续届满 12 个月之日时提前回购，并支付相应的特定股权收益权
回购基本价款及行权费。

(3) 除本合同另有约定外，如转让方（回购方）出现如下情形时，受让
方可自主决定提前回购日，即受让方可宣布任一日期为提前回购
日，但应提前 5 个工作日书面通知转让方（回购方）。自该通知送
达转让方（回购方）之日起 5 个工作日内，转让方（回购方）应提
前支付特定股权收益权回购基本价款及行权费：

1) 转让方（回购方）未按本合同的约定按期支付当期行权费；

2) 转让方（回购方）或担保人（如有）出现任何违反本合同或回购
价款支付义务保障措施的文件的行为、事项，对本信托计划的受
益人的权益可能造成损害、威胁的；

3) 融创房地产违反其在《远期受让协议》项下任何义务、陈述、承
诺及/或保证的；

4) 已经发生严重影响转让方（回购方）履行特定股权收益权回购义
务的情形；包括但不限于转让方（回购方）发生重大未履行的金
融债务、转让方（回购方）实际控制人或法定代表人或负责人出

中航信托
AVIC TRUST CO.,LTD

特定股权收益权转让与回购合同

现重大变故等情形；

5) 本信托计划发生其他需提前终止的情形。

5.4 特定股权收益权回购价款的构成

本合同项下的特定股权收益权回购价款由特定股权收益权回购基本价款和行权费两部分构成，即特定股权收益权回购价款=特定股权收益权回购基本价款+行权费。

5.5 特定股权收益权回购基本价款金额及支付

(1) 特定股权收益权回购基本价款等于受让方依据本合同第2.1条向转让方（回购方）支付的全部转让价款。

(2) 转让方（回购方）应于信托计划期限届满（包括信托计划的受托人宣布提前到期）前的五日内或提前回购日，一次性足额支付。

5.6 行权费

(1) 转让方（回购方）为取得和维持其拥有回购特定股权收益权的权利，应当按照本合同的约定支付行权费。

(2) 行权费率：双方一致确认，本合同约定的年行权费率为9%，日行权费率=月行权费率/30=年行权费率/360。本合同有效期内，未经双方协商一致不予变更。

(3) 行权费的计算：

本合同项下的行权费按日计费，计算公式为：行权费=特定股权收益权回购基本价款×日行权费率×信托计划实际存续天数。

(4) 当期行权费=特定股权收益权回购基本价款×日行权费率×信托计划在当期期间内的实际存续天数。

当期是指信托计划存续期间内，为确定某一段时间段而设定的概念：在每个特定股权收益权回购的行权费结算日之间的当期，为前一个行权费结算日（含）至下一个行权费结算日（不含）的期间，但该第一个当期为信托计划成立生效日（含）至第一个行权费用结算日（不含）的时间段，最后一个当期为信托计划终止日（不含）至该日前最近一个行权费结算日（含）的时间段。

(5) 行权费的结算：在受让方为取得特定股权收益权依据本合同第2条

中航信托
AVIC TRUST CO.,LTD

特定股权收益权转让与回购合同

的约定以信托资金向转让方（回购方）支付完毕相应的转让价款之
日（以下简称**"信托资金支付日"**）后，转让方（回购方）应按照
以下方式结算当期行权费：

每 6 个月结算，行权费结算日固定为信托资金支付日之后每届满 6
个月的对应日。

(6) 转让方（回购方）应在本合同规定的行权费结算日向受让方支付当
期行权费。首个行权费支付日为信托资金支付日之后的第一个行权
费结算日，以后每个行权费结算日的当日均应结清当期行权费。信
托计划到期日（包括信托计划的受托人宣布提前到期）付清全部特
定股权收益权回购基本价款及行权费。

(7) 如遇行权费结算日为法定节假日，则相应的当期行权费仍计算至结
算日当日，但行权费支付日顺延至结算日之后的第一个工作日。

(8) **特别的，转让方（回购方）、受让方双方同意并确认：信托计划无
论因何等原因提前到期的，受让方已收取的行权费不予退还，也不
得冲抵转让方（回购方）的其他应付款项。**

5.7 转让方（回购方）应将特定股权收益权回购价款划付至受让方为本信托计
划开立的如下信托财产专户：

开户行：建行南昌市八一路支行

户　名：中航信托股份有限公司

账　号：▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

5.8 转让方（回购方）支付完毕全部特定股权收益权回购价款之日，特定股权
收益权转让至转让方（回购方），受让方不再享有本合同项下的特定股权
收益权。

## 第6条 担保

6.1 特定股权质押

为担保转让方（回购方）在本合同项下合同义务的履行，转让方（回购方）
将其所持有的目标公司 8.38%的股权（所对应的出资额为人民币
2,618.3537 万元）（以下简称**"出质股权"**）质押给受让方，双方另行签订

中航信托
AVIC TRUST CO. LTD

特定股权收益权转让与回购合同

编号为"AVICTC2017X0264-4"的《中航信托·天启（2017）99 号互联网
电视股权收益权投资集合资金信托计划股权质押合同》（以下简称"**股权
质押合同**"），并办理强制执行公证和质押登记手续。出质股权在《股权质
押合同》有效期内因出质股权送股、公积金转增、配股、拆分股权而产生
派生股权的，派生的股权也归属于质物。如需要，转让方（回购方）应及
时配合受让方就该等派生的股权办理质押登记手续。

6.2  保证。

转让方（回购方）的实际控制人贾跃亭先生作为自然人保证人，为转让方
（回购方）在本合同项下支付特定股权收益权回购价款的债务提供连带责
任的保证。具体担保事项以受让方与保证人签署的编号为

" AVICTC2017X0264-5"《中航信托·天启（2017）99 号互联网电视股权
收益权投资集合资金信托计划自然人保证合同》为准。

融创房地产集团有限公司作为法人保证人，为转让方（回购方）在本合同
项下支付特定股权收益权回购价款的债务提供连带责任的保证。具体担保
事项以受让方与保证人签署的编号为" AVICTC2017X0264-6"《中航信
托·天启（2017）99 号互联网电视股权收益权投资集合资金信托计划法人
保证合同》为准。

6.3  其它

如发生任何使受让方认为前述任何担保措施将受到不利影响的情形，受让
方有权利要求转让方（回购方）消除该等不利情形或补充提供令受让方满
意的其他担保措施。

### 第7条 特定股权的转让

7.1  在转让方（回购方）未履行本协议项下任何一项义务的情况下，受让方有
权要求其向融创房地产集团有限公司（以下简称"远期受让义务人"）转
让标的股权，以实现标的股权收益权对应的收益。

7.2  为此转让方（回购方）、受让方以及融创房地产集团有限公司签署编号为
" AVICTC2017X0264-3"《中航信托·天启（2017）99 号互联网电视股权
收益权投资集合资金信托计划股权远期受让协议》，于发生本协议第 7.1

中航信托
AVIC TRUST CO.,LTD

特定股权收益权转让与回购合同

条所述事项时，转让方（回购方）应按照该协议要求向融创房地产集团有

限公司转让标的股权，转让方（回购方）不可撤销地授权融创房地产集团

有限公司直接向受让方支付全部/部分标的股权受让价款以足额实现本协

议项下特定股权收益权回购价款及/或其他款项（如有）。

### 第8条 转让方（回购方）的陈述和保证

8.1 系具有民事权利能力及完全民事行为能力的主体，并已取得了签署本合
同所需的一切必要的许可、批准、登记及备案。

8.2 签署本合同、转让及回购特定股权收益权系本人真实意思表示，并经过所
有必需的合法授权，转让方（回购方）为签署和执行本合同所需的手续均
已合法地办理完毕并具有法律效力。

8.3 转让方（回购方）签署及履行本合同，现在和将来均不会违反其签署的或
对其本身或其资产具有约束力的任何文件，或违反其成立的批准文件、内
部规章制度，或违反任何对转让方（回购方）有约束力的法律、法规、行
政安排、政府命令、司法裁决或与第三人的合同。

8.4 对特定股权及特定股权收益权拥有合法完整的所有权，并以合法资金按
期足额完成了全部特定股权的出资。截止本合同签订之日，特定股权及
特定股权收益权上不存在任何质权、抵押权及其他负担和限制，并保证
该种无权利负担和限制状态在受让方享有特定股权收益权期间持续存在
（以受让方作为质权人设定的特定股权质押担保情形除外）。

8.5 不存在虚假出资、抽回出资等可能对受让方受让的特定股权收益权权益造
成任何减损或限制等情况。

8.6 截止本合同签订之日，特定股权及特定股权收益权不存在被查封、扣押、
冻结等任何形式的权利限制。并且自本合同签订之日起，特定股权及特
定股权收益权不会发生被法院查封、冻结或强制执行的情况（受让方提
起诉讼、仲裁、申请执行致使法院查封、冻结或强制执行的情况除外）。
如果出现特定股权全部或部分被有关部门冻结或者出现其他限制情形的，
转让方（回购方）应当于特定股权被司法冻结或出现相关限制情形的当日



特定股权收益权转让与回购合同

通知受让方，并有义务于 7 日内使特定股权及其派生股权解除司法冻结或消除限制情形。

8.7 签署和履行本合同不会损害转让方（回购方）的任何债权人利益，也不会有任何转让方（回购方）债权人提出涉及本合同的任何权利主张或异议。

8.8 积极并及时签署一切必要文件和积极履行一切必要行为以促使本合同项下转让及回购行为的顺利进行。

8.9 保证向受让方做出的口头或书面陈述以及提交的文件和资料均是准确、完整、真实的，没有任何隐瞒或遗漏。

8.10 应接受受让方对其经营管理、财务活动、重大交易协议等情况的监督管理，应受让方要求如实向受让方提供有关其经营活动的信息。

8.11 转让方（回购方）在本合同有效期内发生下列情形之一的，应在发生该情形之日起 5 个工作日内书面通知受让方，书面通知中还应详细列明对其已构成的或可能构成的影响以及已采取或计划采取何等补救措施，补救的期限和预期效果：

(1) 财务状况严重恶化；

(2) 丧失商业信誉；

(3) 发生任何影响或可能影响转让方（回购方）利益的重大诉讼或仲裁案件；

(4) 发生任何可能会严重不利于转让方（回购方）资本及财产状况的事件；

(5) 其他对转让方（回购方）履行本合同项下的义务产生重大不利影响的事项。

8.12 已全面了解本合同的签订及履行系为了实现信托计划项下信托资金的运用和退出之特定目的，不得就本合同转让及回购标的的特殊性而主张撤销或者否认本合同的效力。否则转让方（回购方）应当就本合同的效力瑕疵赔偿受让方的经济损失，赔偿范围包括转让方（回购方）应返还受让方已支付的全部特定股权收益权转让价款及资金占用费，资金占用费计算公式为：受让方已支付的特定股权收益权转让价款×(1+9%)×特定股权收益

中航信托
AVIC TRUST CO.,LTD

特定股权收益权转让与回购合同

权转让价款实际占用日历天数÷360。特定股权收益权转让价款及资金占

用费应在本合同被确定无效或撤销后 10 个工作日内支付。逾期支付的，

按逾期应付而未付款项每日万分之五的标准支付违约金。无论任何原因致

使本合同无效或被撤销的，均不影响本条款的有效性。

## 第9条 受让方的陈述和保证

9.1 系按照中华人民共和国法律依法成立和存续的企业法人并保证合法经营，
具备签署本协议的权利能力和行为能力。

9.2 受让方提交的文件资料是真实、有效、完整且无任何重大遗漏或隐瞒的。

9.3 受让方在本合同中承担的义务是合法、有效的，其履行不会与转让方（回
购方）承担的其它协议义务相冲突。本合同签署后，即构成对转让方（回
购方）合法、有效和有约束力的义务。

## 第10条 税费承担

10.1 双方一致同意，因办理本合同项下特定股权收益权转让及回购所发生的税
收和费用（增值税和企业所得税除外），由转让方（回购方）承担。

10.2 受让方作为信托计划的受托人，以信托财产承担在本合同中应承担的税费
（如有）。

## 第11条 违约责任

11.1 违约情形

    （1）转让方（回购方）的违约

        1）未按受让方的要求提供真实、完整、有效的财务会计、生产经营
状况及其他有关资料；

        2）未按期支付特定股权收益权回购价款；

        3）转移资产，抽逃资金，以逃避债务；

        4）经营和财务状况恶化，无法清偿到期债务，或卷入或即将卷入重
大的诉讼或仲裁程序及其他法律纠纷，已经或可能影响或损害转

中航信托
AVIC TRUST CO.,LTD

特定股权收益权转让与回购合同

让方（回购方）在本合同项下的权益；

5）所负的任何其他债务已影响或可能影响本合同项下回购义务的
履行；

6）在合同有效期内，机构转让方（回购方）实施承包、租赁、合并、
兼并、合资、分立、联营、股份制改造等改变经营方式或转换经
营机制的行为，自然人转让方（回购方）失踪、死亡、部分或全
部丧失民事行为能力、涉嫌违法犯罪等情形，已经或可能影响或
损害受让方在本合同项下的权益；

7）受让方认为足以影响债权实现的其他情形；

8）违反本合同约定的其他义务。

（2）保证人及/或远期受让义务人出现以下情形，转让方（回购方）未
提供符合受让方要求的新的担保，视为转让方（回购方）违约：

1）保证人及/或远期受让义务人发生承包、租赁、合并和兼并、合
资、分立、联营、股份制改造、破产、撤销、失踪、死亡、部分
或全部丧失民事行为能力、涉嫌违法犯罪等情形，足以影响保证
人承担带连保证责任的及/或远期受让义务人履行受让义务的能
力的；

2）保证人及/或远期受让义务人向第三方提供超出其自身负担能力
的担保的；

3）保证人及/或远期受让义务人丧失或可能丧失担保或履行受让义
务能力的；

4）保证合同及/或远期受让协议约定的保证人及/或远期受让义务
人其他违约情形。

（3）抵押人（出质人）出现以下情形，转让方（回购方）未提供符合受
让方要求的新的担保，视为转让方（回购方）违约：

1）抵押人（出质人）未按受让方要求办理抵（质）押物财产保险的，
或发生保险事故后，未按抵（质）押合同约定处理保险赔偿金的；

2）因第三人的行为导致抵（质）押物毁损、灭失、价值减少，抵押



特定股权收益权转让与回购合同

人（出质人）未按抵（质）押合同约定处理损害赔偿金的；

3）未经受让方书面同意，抵押人（出质人）赠予、转让、出租、重复抵押、迁移或以其他方式处分抵（质）押物的；

4）抵押人（出质人）经受让方同意处分抵（质）押物，但处分抵（质）押物所得价款未按抵（质）押合同约定进行处理的；

5）抵（质）押物毁损、灭失、价值减少，足以影响本合同项下的债务的清偿，抵押人（出质人）未及时恢复抵（质）押物价值，或未提供受让方认可的其他担保的；

6）抵（质）押合同约定的抵押人（出质人）其他违约情形。

（4）担保合同或其他担保方式未生效、无效、被撤销，或担保人出现部分或全部丧失担保能力的情形或者拒绝履行担保义务，转让方（回购方）未按受让方要求落实新的担保的，视为转让方（回购方）违约。

11.2 违约救济措施

出现本合同第 11.1 条的违约情形，受让方可单方面采取下列一种或数种措施进行处理，在此情况下，转让方（回购方）应补偿因其违约对受让方造成的一切损失：

（1）要求转让方（回购方）提前回购，转让方（回购方）应立即支付本合同项下所有特定股权收益权回购价款。

（2）受让方向转让方（回购方）收取一次性违约金 5000 万元。受让方要求转让方（回购方）支付一次性违约金的，不影响其要求转让方（回购方）按照本合同其它条款的约定继续支付特定股权收益权回购基本价款、行权费及连续性迟延违约金的权利。

（3）转让方（回购方）未按本合同约定的期限和金额支付特定股权收益权回购基本价款及/或行权费的（包括被受让方要求提前回购后应支付的特定股权收益权回购基本价款及/或行权费），应自逾期之日起至全部清偿之日止，以逾期应付款金额为基数按本合同第 5.6（2）~~5.6 条第（2）~~ 款约定的行权费率上浮 10%的标准按日计收连续性迟

中航信托
AVIC TRUST CO.,LTD

特定股权收益权转让与回购合同

延违约金。

（4） 要求转让方（回购方）对本合同项下所有债务提供符合受让方要求
的新的担保。

（5） 要求担保人及/或远期受让义务人立即承担担保责任。

（6） 法律规定的其他必要措施。

## 第12条　强制执行公证

12.1 双方应在本合同签订后十日内到受让方指定的公证机关对本合同申请进
行赋予强制执行效力的债权文书公证。相关公证费用由转让方（回购方）
承担。

12.2 双方在此确认，双方对本合同中有关转让方（回购方）的义务的约定无疑
义。转让方（回购方）对赋予强制执行效力公证的含义、内容、程序、效
力等完全明确了解。转让方（回购方）承诺其不履行本协议中约定的义务
或不完全履行义务时，转让方（回购方）愿意接受强制执行。根据受让方
的申请，公证机关可以签发执行证书，转让方（回购方）愿意接受人民法
院的强制执行。

12.3 一旦发生任何违约事件，本合同项下的债权即立刻具有可执行性。在本合
同项下的债权根据本合同的约定具有可执行性后的任何时间内，受让方有
权在法律允许的范围内以其认为适当的任何方式行使、实现债权。

12.4 为使受让方能够实现债权，转让方（回购方）应当采取受让方可能要求的
所有合法且适当的行动。为受让方根据本合同的约定实现债权之目的，转
让方（回购方）应签署所有该等协议、通知、授权、指示、承诺及其他文
件并采取受让方可能要求的所有行动。

12.5 在债权具有可执行性之时及之后，受让方可以转让方（回购方）的名义（或
在法律允许的范围内，以受让方的名义），行使与转让方（回购方）有关
的权力和权利，以及行使相关的任何追索权和受偿权；转让方（回购方）
在此不可撤销地授权受让方行使上述权利。

12.6 转让方（回购方）、受让方双方确认，关于强制执行的约定优先于本合同

中航信托
AVIC TRUST CO.,LTD

特定股权收益权转让与回购合同

第 17.2 条规定执行。

### 第13条 通知和送达

13.1 双方之间的一切商业文件信函、通知和诉讼文书均以书面形式作为最终的送达方式，可由专人递送、挂号信邮递、特快专递等方式送达，传真可作为辅助送达方式，但事后应以上述约定方式补充送达。

13.2 商业文件信函、通知和诉讼文书在下列日期视为送达被通知方：

    （1）专人递送：通知方取得的被通知方签收单所示日；

    （2）挂号信邮递：发出通知方持有的国内挂号函件收据所示日后第 5 日；

    （3）特快专递：发出通知方持有的发送凭证上邮戳日起第 4 日；

    （4）传真：收到成功发送确认后的当日。

13.3 联系地址和联系方式。合同各方一致确认本合同首部中记载的各方联系地址和联系方式为各方履行合同、解决合同争议时向其他方送交商业文件函信、通知或司法机关（法院、仲裁机构）向各方送达诉讼、仲裁文书的地址和联系方式。

13.4 联系地址和联系方式适用期间。本合同首部中记载的各方联系地址和联系方式适用至本合同履行完毕或争议经过一审、二审至案件执行终结时止，除非各方依下款告知变更。

13.5 联系地址和联系方式的变更。任何一方联系地址和联系方式需要变更的，应提前五个工作日向合同其他方和司法机关送交书面变更告知函（若争议已经进入司法程序解决）。

13.6 **承诺。合同各方均承诺：本合同首部中填写的各方联系地址和联系方式真实有效，如填写错误或未填写，导致的商业信函、通知和诉讼文书送达不能的法律后果由自己承担。**

13.7 风险提示。合同各方均明知：**因各方提供的联系地址不准确，地址变更后未及时告知各方和司法机关，导致商业文件信函、通知和诉讼文书未能被实际接收的，直接送达的可以适用留置送达或送达人当场记明情况即为送达，邮寄送达的文书退回之日视为送达之日。**

中航信托
AVIC TRUST CO.,LTD

特定股权收益权转让与回购合同

### 第14条 保密

14.1 本合同双方同意，对其中一方或其代表提供给另一方的有关本合同及各方签署的本合同项下交易的所有重要方面的信息及/或本合同所含信息（不包括有证据证明是经正当授权的第三方收到、披露或公开的信息）予以保密。

14.2 未经对方书面同意，不向任何其他方披露此类信息（不包括与本合同拟议之交易有关而需要获知以上信息的披露方的雇员、高级职员和董事），但以下情况除外：

    （1）为进行本合同拟议之交易而向投资者披露；

    （2）向与本交易有关而需要获知以上信息并受保密合同约束的律师、会计师、顾问和咨询人员披露；

    （3）根据适用的法律法规的要求，向中国的有关政府部门或者管理机构披露。

14.3 在任何情形下，本条所规定的保密义务应永久持续有效。

### 第15条 不可抗力

15.1 不可抗力是指双方不能预见、不能避免、不能克服的事件，该事件妨碍、影响或延误任何一方根据本合同履行其全部或部分义务。该事件包括但不限于地震、台风、洪水、火灾、其他天灾、重大传染病、战争、骚乱、罢工或其他类似事件，以及新法律法规颁布或对原法律法规的修改等政策因素。

15.2 如发生不可抗力事件，遭受该事件的一方应立即用可能的最快捷的方式通知其他方，并在 15 个工作日内提供证明文件说明有关事件的细节和不能履行或部分不能履行或需延迟履行本合同的原因，然后由双方协商延期履行或终止本合同。任何一方对因不可抗力导致的损失均不承担赔偿责任。

15.3 如发生不可抗力事件，遭受该事件的一方应立即采取适当的措施防止损失的扩大。没有采取适当措施致使损失扩大的，应对损失扩大的部分承担相



特定股权收益权转让与回购合同

应责任。

## 第16条 合同的生效、补充和变更

16.1 本合同经自然人转让方（回购方）签字、机构转让方（回购方）法定代表人（负责人）或授权代理人签字（或盖章）并加盖公章或合同专用章，并经受让方法定代表人（负责人）或授权代理人签字（或盖章）并加盖公章或合同专用章后生效。

16.2 本合同生效后，双方可以在协商一致的基础上补充合同内容。若本合同规定与法律法规相悖时，应及时商签补充合同予以完善。

16.3 本合同生效后，合同条款的变更及补充必须经双方协商一致，采取书面形式并依照法律的规定办理好有关本合同及相关文件的批准、登记、备案手续。

## 第17条 法律适用与争议解决

17.1 本合同的订立、生效、解释、履行和争议的解决均适用中华人民共和国法律。

17.2 如发生争议，双方应友好协商，未能协商一致的，任何一方均可向受让方住所地（即江西南昌）有管辖权的人民法院提起诉讼。与诉讼有关的所有费用包括但不限于诉讼费、执行费、律师代理费等均由败诉方承担，但法院判决另有规定的除外。在协商或诉讼期间，对于本合同不涉及争议部分的条款，双方仍须履行。

## 第18条 其他事项

18.1 信托计划成立后，受让方以信托计划的受托人身份，而非以受让方固有财产所有人身份履行本合同。

18.2 本合同一式陆份，双方各持壹份，其余用于其它相关手续，每份具有同等法律效力。

18.3 在签署本合同时，各当事人对合同的所有条款已经详细阅悉，均无异议，



特定股权收益权转让与回购合同

并对当事人之间的法律关系、有关权利、义务和责任的条款的法律含义有

准确无误的理解。

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**（以下无正文，签署页附后）**

 中 航 信 托
AVIC TRUST CO.,LTD

特定股权收益权转让与回购合同

（本页为中航信托・天启（2017）99 号互联网电视股权收益权投资集合
资金信托计划特定股权收益权转让与回购合同的签署页，无正文）

转让方（回购方）：乐视控股（北京）有限公司（公章/合同专用章）

法定代表人/负责人 或授权人（签章）：

受让方：中航信托股份有限公司（公章/合同专用章）

法定代表人或授权代表（签字或盖章）

签署日期：2017 年 3 月 9 日

签署地点：江西南昌

中航信托•天启（2017）99号互联网电视股权收益

权投资集合资金信托计划

AVIC Trust - Tianqi (2017) No. 99 Collective Fund Trust

Scheme for Internet TV Equity Income Right Investment

特定股权收益权转让与回购合同

Contract for the Transfer and Buyback of Specific Equity

Income Right

合同编号：AVICTC2017X0264-2
Contract Number: AVICTC2017X0264-2

转让方（回购方）：乐视控股（北京）有限公司

受让方：中航信托股份有限公司

Transferor (Buyback Party): LeTV Holdings (Beijing) Limited

Transferee: AVIC Trust Co., Ltd.

# 特定股权收益权转让与回购合同

# Contract for Transfer and Buyback of Specific Equity Income Right

**转让方（回购方）：乐视控股（北京）有限公司**

法定代表人：贾跃亭 _____

法定地址： 北京市朝阳区姚家园路 105 号 3 号楼 10 层 1102

联系地址：北京市朝阳区姚家园路 105 号 3 号楼 16 层

联系人： 张巍_____ 邮政编码：100025

联系电话： 13810049776_____ 传 真：010-50962120

电子邮箱：zhangweil6@le.com_____

Transferor (Buyback Party): LeTV Holdings (Beijing) Limited

Legal Representative: Jia Yueting

Registered Address: Room 1102, Floor 10, Building No.3, No.105 Yaojiayuan

Road, Chaoyang District, Beijing

Contact Address: Floor 16, Building No.3, No.105 Yaojiayuan Road, Chaoyang

District, Beijing

Contact Person: Zhang Wei          Postal Code: 100025

Phone Number: 13810049776          Fax: 010 -50962120

E-mail: zhangweil6@le.com

**受让方：中航信托股份有限公司**

法定代表人：姚江涛

法定地址：江西省南昌市红谷滩新区赣江北大道 1 号中航广场 24/25 层

联系地址：江西省南昌市红谷滩新区赣江北大道 1 号中航广场 24/25 层

联系人： 张超_____ 邮政编码：330038

联系电话：<u>010-56823637</u> _____ 传 真：<u>010-56823559</u>

电子邮箱：<u>zhangchao9466@163.com</u>

Transferee: AVIC Trust Co., Ltd.

Legal Representative: Yao Jiangtao

Registered Address: Floor 24/25, AVIC Square, No.1 Ganjiang North Avenue, Honggutan New

Area, Nanchang City, Jiangxi Province

Contact Address: Floor 24/25, AVIC Square, No.1 Ganjiang North Avenue, Honggutan New

Area, Nanchang City, Jiangxi Province

Contact Person: <u>Zhang Chao</u>                 Postal Code:<u>330038</u>

Telephone:<u> 010-56823637</u>    Fax: <u>010-56823559</u>

E-mail: <u>zhangchao9466@163.com</u>

鉴于：

WHEREAS:

1. 转让方（回购方）系具有民事权利能力和民事行为能力的主体；受让方系经有权机构批准并有效存续的非银行金融机构，拟作为受托人设立编号为【AVICTC2017X0264】的"中航信托•天启（2017）99 号互联网电视股权收益权投资集合资金信托计划"（以下简称"信托计划"）。

1. The Transferor (Buyback Party) is an entity with the capacity for civil rights and the capacity for civil conduct. The Transferee is a non-bank financial institution approved by competent authorities and effectively existing. The Transferee intends to setup the AVIC Trust - Tianqi (2017) No. 99 Collective Fund Trust Scheme for Internet TV Equity Income Right Investment (No.: AVICTC2017X0264) (the "Trust Scheme") as trustee.

2. 转让方（回购方）拟向受让方转让并按照本合同约定的条件回购其合法持有的乐视致新电子科技（天津）有限公司（以下简称"目标公司"）8.38% 的股权（所对应的出资额为人民币 <u>2,618.3537</u> 万元）的股权收益权；受让方同意受让转让方（回购方）转让的特定股权收益权并按照本合同约定的条件予以回购。

2. The Transferor (Buyback Party) intends to transfer to the Transferee and according to the

conditions specified herein, buyback the income right to 8.38% of equities (corresponding to the capital contribution of RMB 26,183,537) of LeTV Zhixin Electronic Technology (Tianjin) Co., Ltd. (the "Target Company") legally held by the Transferor (Buyback Party). The Transferee agrees to accept the Specific Equity Income Right transferred by the Transferor (Buyback Party) and agrees to the buyback of the Specific Equity Income Right in accordance with the conditions specified in this Contract.

3.　　除非本合同另有规定，本合同中所用词语与信托计划项下的《信托合同》、《信托计划说明书》等信托文件中的词语具有相同含义。

3. Unless otherwise specified in this Contract, the words used herein shall have the meanings ascribed to those words in the Trust Contract, the Trust Scheme Description and other trust documents under the Trust Scheme.

　　根据《中华人民共和国公司法》、《中华人民共和国合同法》以及《中华人民共和国信托法》等法律、行政法规的规定，双方本着诚实信用、公平自愿的原则，就特定股权收益权转让有关事宜，经充分友好协商，特签订本合同，以资遵照执行。

NOW, THEREFORE, In accordance with the provisions of the Company Law of the People's Republic of China, the Contract Law of the People's Republic of China and the Trust Law of the People's Republic of China as well as other laws and administrative regulations, based on the principles of good faith, fairness and voluntariness, and through full and friendly consultation, the parties hereto, intending to be legally bound, enter into this Contract with respect to the matters related to the transfer of the Specific Equity Income Right.

**第1条　转让标的**

**Article 1 Transferred Subject Matter**

1.1　　本合同的转让标的为：本合同签署之日转让方合法持有的目标公司 8.38% 的股权(所对应的出资额为人民币 2,618.3537 万元，转让方已完成全部对应的出资，以下简称"**特定股权**")的股权收益权(以下简称"**特定股权收益权**")。

1.1 The transferred subject matter hereunder is the income right to the 8.38% of equities of the

Target Company (corresponding to the capital contribution of RMB 26,183,537, the Transferor

has completed all the corresponding capital contribution, the "Specific Equities") legally held by

the Transferor on the date of this Contract (the "Specific Equity Income Right").

1.2     第 1.1 条所述特定股权收益权包括特定股权的所有收益权，即除投票权以外的一切
        权利，包括但不限于获得下列特定股权的全部处置收入以及分红、送股的全部处
        置收入、认购权证、认沽权证以及孳息等衍生权益等权利：

1.2 The Specific Equity Income Right described in Article 1.1 include all income rights to the

Specific Equities, i.e. all rights except voting rights, including but not limited to the rights to

obtain all incomes from the disposal, dividends, all incomes from the disposal of the distributed

shares, warrants, put warrants, fruits and other derivative rights of the following Specific

Equities:

        (1)     自本合同生效之日起在任何情形下处置特定股权产生的收入；

        (1) the income from the disposal of the Specific Equities under any circumstances from

        the effective date of this Contract;

        (2)     自本合同生效之日起，在任何情形下处置特定股权因送股、公积金转增、
                配股、拆分股权等而形成的派生股权产生的收入；

        (2) the income generated from the derivative equities formed due to share donation,

        increase from accumulation funds, allotment of shares, splitting of shares, etc. in the

        course of disposal of the Specific Equities under any circumstances from the effective

        date of this Contract;

        (3)     自本合同生效之日起，基于特定股权及特定股权的派生股权而获取的股息
                红利等；

        (3) the dividends and bonuses obtained based on the Specific equities, the derivative

        equities thereof, etc. from the effective date of this Contract;

        (4)     自本合同生效之日因目标公司转增注册资本等形成的特定股权的衍生收
                益；

        (4) the derivative income of the Specific Equities arising from the Target Company's

        increase in the registered capital by transfer, etc. from the effective date of this

Contract;

(5)　自本合同生效之日起如目标公司发生被依法解散、撤销或者被宣告破产情形，转让方基于特定股权及特定股权的派生股权受分配的剩余财产；

(5) the Transferor's remaining property subject to distribution based on the Specific Equities and the derivative equities thereof if the Target Company is dissolved, cancelled or declared bankrupt according to law from the effective date of this Contract;

(6)　自本合同生效之日起，根据法律、行政法规、规章的规定、司法机关的裁决、政府机关的规定，转让方基于特定股权及特定股权的派生股权而获得的任何赔偿、补偿等；

(6) any damages, compensation, etc. obtained by the Transferor based on the Specific Equity and the derivative equities thereof according to the provisions of laws, administrative regulations, rules, the decisions of judicial authorities and the provisions of governmental authorities from the effective date of this Contract;

（7）自本合同生效之日起，基于特定股权及特定股权的派生股权而产生的其他任何现金收入、财产性收益。

(7) any other cash income and property income generated based on the Specific Equities and the derivative equities thereof from the effective date of this Contract.

目标公司的注册资本为人民币 31,245.2712 万元，转让方系目标公司股东，共记持有回标公司 <u>18.3805%</u> 的股权，对应的出资额为 <u>人民币 5,743.0371 万元</u>，并已完成全部出资。特定股权对应的出资额为 <u>人民币 2,618.3537 万元</u>。

The registered capital of the Target Company is RMB 312,452,712. The Transferor is a shareholder of the Target Company, holding 18.3805% of the equities of the Target Company in total which correspond to the contribution amount of RMB 57,430,371, and has made its capital contribution in full. The capital contribution corresponding to the Specific Equities is RMB 26,183,537.

1.4　转让方同意按本合同的规定将特定股权收益权转让给受让方，受让方同意受让特

定股权收益权。

1.4 The Transferor agrees to transfer to the Transferee and the Transferee agrees to accept the Specific Equity Income Right in accordance with the provisions hereof.

## 第 2 条 转让价款及支付
Article 2 Transfer Price and Payment

2.1  本合同项下转让标的（即特定股权收益权）的转让价款为人民币壹拾伍亿元（小写：¥1,500,000,000.00）。鉴于本合同项下的特定股权收益权转让系基于信托计划的特定目的而实施，故而在本合同生效日至本信托计划终止之日期间，如转让方基于对特定股权的所有权因送股、公积 金转增、配股、拆分股权获得派生股权的，则派生股权的收益权一并转让，且受让方无须就派生股权的收益权另行支付转让价款。

2.1 The transfer price of the transferred subject matter (i.e. the Specific Equity Income Right) hereunder is Renminbi one billion five hundred million (RMB 1,500,000,000.00). Since the transfer of the Specific Equity Income Right hereunder is made based on the specific purpose of the Trust Scheme, if the Transferor obtains the derivative equities due to share donation, increase from accumulation funds, allotment of shares, splitting of shares, etc. based on the ownership of the Specific Equities during the period from the effective date of this Contract to the termination date of the Trust Scheme, the income right to the derivative equities shall be transferred together, and the Transferee does not need to pay the transfer price separately for the income right to the derivative equities.

2.2  除非受让方全部或部分放弃，当且仅当下列各前提条件全部持续满足时，受让方才有义务向转让方支付转让价款：

2.2 The Transferee shall have the obligation to pay the transfer price to the Transferor only if all the following preconditions are continuously met, unless the Transferee waives such preconditions in whole or in part:

（1）　转让方己向受让方提交受让方要求其提交的全部资料（包括但不限于转
让方合法持有特定股权的相关文件资料及凭证正本复印件：转让方（自然
人）的身份证复印件、转让方（机构）的营业执照（或其他能够确认主体
资格的登记证书）、组织机构代码证复印件，最近几年的财务报表等；转
让方（自然人）的财产共有人出具的同意转让方转让特定股权收益权并签
订一系列交易文件的函件、**转让方（机构）的股东会、董事会、理事会等
有权机构同意转让方签订一系列交易文件的决议或决定：**

(1) The Transferor has submitted to the Transferee all the materials that the Transferee requires the Transferor to submit (including but not limited to the photocopies of the original documents and certificates related to the Transferor's legal holding of the Specific Equities: the photocopy of the ID card (natural person), the photocopy of the business license (institution) (or other registration certificate that can confirm the subject qualification), the photocopy of the organization code certificate, the financial statements in recent years, etc. of the Transferor; letters issued by the joint owner of the Transferor's (natural person) property agreeing to the Transferor's transfer of the Specific Equity Income Right and signing a series of transaction documents, and resolutions or decisions of the Transferor's (institution) board of shareholders, board of directors,  council and other competent institutions agreeing to the Transferor's signing a series of transaction documents:

（2）　本信托计划己成立生效，并且用于支付转让价款的信托资金己募集成功；

(2) The Trust Scheme has been established and has come into effect, and the trust funds used to pay the transfer price have been raised successfully;

（3）　转让方的财务状况未发生任何实质性变化从而给本合同项下的交易带来
严重不利影响；

(3) The financial situation of the Transferor has not materially changed (material change of the financial situation of the Transferor will seriously and adversely affect the transaction hereunder);

（4）　转让方没有发生本合同的任一违约事项，且不存在任何可能对受让方在本
合同项下的权利造成不利影响的情形；

(4) The Transferor has not encountered any event of default hereunder and has no

circumstance that may adversely affect the rights of the Transferee hereunder;

(5)  本信托计划项下的所有担保合同已生效，担保合同约定的各项登记手续均已办妥；

(5) All the guarantee contracts under the Trust Scheme have come into effect and all the registration procedures stipulated in the guarantee contracts have been properly completed;

(6)  转让方已经与受让方签署了编号为【AVICTC2017X0264-7】的《航信托•天启(2017) 99 号互联网电视股权收益权投资集合资金信托计划信托业保障基金委托认购协议》，转让方已经按照协议约定交付了用于认购信托业保障基金的款项；

(6) The Transferor and the Transferee has signed the Trust Industry Guarantee Fund Entrustment Subscription Agreement on the AVIC Trust - Tianqi (2017) No. 99 Collective Fund Trust Scheme for Internet TV Equity Income Right Investment (Agreement No.: AVICTC2017X0264-7), and the Transferor has delivered the money for subscription of the trust industry guarantee fund in accordance with the provisions of the above agreement;

(7)  转让方、受让方以及融创房地产集团有限公司(以下简称"融创房地产")之间的《中航信托•天启(2017) 99 号互联网电视股权收益权投资集合资金信托计划股权远期受让协议》(协议编号为： AVICTC2017X0264-3,简称为"远期受让协议")已经签署生效并且持续生效。

(7) The Agreement on Forward Acceptance of the Equities under the AVIC Trust - Tianqi (2017) No. 99 Collective Fund Trust Scheme for Internet TV Equity Income Right Investment (Agreement No.: AVICTC2017X0264-3) among the Transferor, the Transferee and Sunac Real Estate Group Co., Ltd. ("Sunac Real Estate") has been signed and is in effect continuously;

(8)  转让方、受让方双方约定的其他支付转让价款的前提条件。

(8) Other preconditions agreed by the Transferor and the Transferee for payment of the transfer price.

受让方有权根据实际情况决定在前款所规定的各前提条件未全部满足的情况下向转让方支付转让价款，但该等支付转让价款的行为，不得推定为受让方对转让方未履行合同义务行为的认可或豁免，也不构成受让方的履约瑕疵。

The Transferee shall have the right, according to the actual situation, to decide to pay the transfer price to the Transferor under the circumstance that all the preconditions specified in the preceding paragraph are not fully met. However, the above payment of the transfer price shall not be presumed to be the Transferee's approval or exemption of the Transferor's failure to perform its contractual obligations, nor shall it constitute the Transferee's performance defect.

2.2    受让方应于第 2.2 条约定的付款前提条件全部成就后的 3 个工作日内向转让方一次性支付特定股权收益权的转让价款。

2.2 The Transferee shall pay the Transferor the transfer price for the Specific Equity Income Right in one lump sum within 3 working days after all the payment preconditions specified in Article 2.2 have been fulfilled.

2.3    受让方与转让方一致确认，转让方用于接收特定股权收益权转让价款的银行账户如下：

2.3 The Transferee and the Transferor confirm unanimously that the information of the bank account used by the Transferor to receive the transfer price of the Specific Equity Income Right is as follows:

账户名：乐视控股(北京)有限公司 _____

账　号：██████████ _____

开户行：中信银行北京观湖国际支行 _____

Account name: LeTV Holdings (Beijing) Limited

Account Number: ██████████

Bank of Deposit: China CITIC Bank, Beijing Guanhu International Sub-branch

转让方若变更该银行账户的，应于变更前的 10 个工作日内通知受让方。具体付款时间和付款金额以受让方持有的银行转账凭证为准。

If the Transferor changes the bank account, it shall notify the Transferee within 10

working days prior to the change. The specific payment time and amount shall be subject to the bank transfer voucher held by the Transferee.

2.4    本合同项下特定股权收益权转让系以信托计划成立并生效、信托资金已足额划至信托财产专户为前提。如因法律法规的修改或颁布、国家宏观调控政策的变化、受让方监管部门提出新的监管要求或受让方无法成功募集用于支付特定股权收益权转让价款的全部资金等原因致使受让方无法支付本合同项下转让价款或实现其在本合同项下的目的，则本合同自动解除，受让方不再负有对转让方的付款义务，且受让方对转让方不负有违约责任及其他任何赔偿责任。

2.4 The transfer of the Specific Equity Income Right hereunder is based on the premise that the Trust Scheme is established and has come into effect and the trust funds have been fully transferred to the special trust property account. If the Transferee is unable to pay the transfer price or realize its purpose hereunder due to the revision or promulgation of laws and regulations, changes in the national macro-control policies, new regulatory requirements put forward by the regulatory departments having jurisdiction over the Transferee or the Transferee's failure to successfully raise all the funds used to pay the transfer price for the Specific Equity Income Right or for other reasons, this Contract will be automatically rescinded, the Transferee will no longer bear the payment obligation to the Transferor, and will not bear the liabilities for breach of contract or any other compensation liability to the Transferor.

第 3 条 特定股权收益权的交付及管理

Article 3 Delivery and Management of the Specific Equity Income Right

3.1 本合同项下转让价款按本合同第 2 条的规定全额划入转让方指定的银行账户，即视为转让标的交割完成，受让方即享有特定股权收益权。

3.1 After the transfer price hereunder is fully transferred to the bank account designated by the Transferor in accordance with the provisions of Article 2 hereof,  the delivery of the transferred subject matter will be deemed to have been completed  and the Transferee will own the Specific Equity Income Right.

3.2 受让方受让特定股权收益权后，转让方持有的特定股权仍由转让方负责管理。转让方应以特定股权收益最大化为原则，诚实、勤勉的管理特定股权。

3.2 After the Transferee accepts the Specific Equity Income Right, the Specific Equities held by the Transferor shall still be managed by the Transferor. The Transferor shall, adhering to the principle of maximizing the income of the Specific Equities, honestly and diligently manage the Specific Equities.

3.3 本合同项下特定股权收益权转让后，基于特定股权产生的相关的现金分红及其它现金收益归属于受让方设立的本信托计划的信托财产，转让方应将该等收入自产生之日起 3 个工作日内划入信托财产专户。

3.3 After the transfer of the Specific Equity Income Right hereunder, the relevant cash dividends and other cash income generated based on the Specific Equities shall belong to the trust property of the Trust Scheme established by the Transferee, and the Transferor shall transfer such income into the special trust property account within 3 working days from the date of such generation.

**第 4 条 文件资料的出示和提交**

**Article 4 Production and Delivery of Documents and Materials**

本合同签署前，转让方应当根据受让方的要求出示和提交必要的文件和资料，包括但不限于：

Prior to the execution of this Contract, the Transferor shall produce and deliver necessary documents and materials as required by the Transferee, including but not limited to:

（1）　转让方合法持有特定股权收益权的权利证明文件；

（2）　转让方同意特定股权收益权转让的内部决议文件。

(1) documents proving the right of the Transferor to legally hold the Specific Equity Income Right;

(2) internal resolution documents related to the Transferee's approval of the transfer of the Specific Equity Income Right.

## 第 5 条 特定股权收益权回购

**Article 5 Buyback of the Specific Equity Income Right**

5.1 转让方（回购方）作为特定股权收益权的出让方，承诺按照本合同约定的时限和金额回购全部特定股权收益权。此承诺为不可撤销且独立于特定股权收益权转让的承诺。

5.1 The Transferor (Buyback Party), as the transferor of the Specific Equity Income Right, undertakes to buyback all the Specific Equity Income Right in accordance with the time limit and amount specified in this Contract. The above undertaking is irrevocable and is independent of the undertaking of the transfer of the Specific Equity Income Right.

5.2 受让方支付特定股权收益权转让价款后，转让方（回购方）即负有了按本合同约定向受让方支付特定股权收益权回购价款的独立义务，此债务成立后除因支付完毕全部特定股权收益权回购价款而消灭外，不受任何其他因素的影响，包括特定股权和特定股权收益权本身的任何变化。

5.2 After the Transferee pays the transfer price for the Specific Equity Income Right, the Transferor (Buyback Party) shall have the independent obligation to pay the Transferee the buyback price for the Specific Equity Income Right in accordance with the provisions of this Contract. After the above debt is established, it shall not be affected by any other factors, including any changes in the Specific Equities itself and the Specific Equity Income Right itself, except that it shall be extinguished after all the buyback price for the Specific Equity Income Right is paid.

5.3  提前回购

5.3 Early Buyback

（1）    本信托计划存续届满 12 个月后，经转让方（回购方）书面申请，受让

方同意，转让方（回购方）可以提前支付特定股权收益权回购基本价款以提前回购特定股权收益权。转让方（回购方）提前回购的，转让方（回购方）除应当支付特定股权收益权回购基本价款外，还应当按照信托计划的实际存续天数支付特定股权收益权回购的行权费。

(1) 12 months after the expiration of the term of the Trust Scheme, upon the written application of the Transferor (Buyback Party), the Transferee agrees that the Transferor (Buyback Party) can pay the basic price for buyback of the Specific Equity Income Right in advance to buyback the Specific Equity Income Right in advance. If the Transferor (Buyback Party) buybacks the Specific Equity Income Right in advance, in addition to the basic price for buyback of the Specific Equity Income Right, it shall also pay the exercise fee for buyback of the Specific Equity Income Right according to the number of days of the actual term of the Trust Scheme.

（2）虽有前述约定，受让方亦有权要求转让方（回购方）在本信托计划存续届满 12 个月之日时提前回购，并支付相应的特定股权收益权回购基本价款及行权费。

(2) Notwithstanding the foregoing, the Transferee shall also have the right to require the Transferor (Buyback Party) to buyback the Specific Equity Income Right in advance 12 months after the expiration of the term of Trust Scheme, and to pay the corresponding basic price and exercise fee for buyback of the Specific Equity Income Right.

（3）    除本合同另有约定外，如转让方（回购方）出现如下情形时，受让方可自主决定提前回购日，即受让方可宣布任一日期为提前回购日，但应提前 5 个工作日书面通知转让方（回购方）。自该通知送达转让方（回购方）之日起 5 个工作日内，转让方（回购方）应提前支付特定股权收益权回购基本价款及行权费：

(3) Unless otherwise agreed in this Contract, the Transferee may decide at its own discretion the early buyback date by giving 5 working days' written notice to the Transferor (Buyback Party) if the Transferor (Buyback Party) has any of the

following circumstances, that is, the Transferee may announce any date as the early buyback date. The Transferor (Buyback Party) shall, within 5 working days from the date when the above notice is served on it, pay the basic price and exercise fee for buyback of the Specific Equity Income Right in advance:

1） 转让方（回购方）未按本合同的约定按期支付当期行权费；

1) If the Transferor (Buyback Party) fails to pay the current exercise fee on schedule as agreed in this Contract;

2） 转让方（回购方）或担保人（如有）出现任何违反本合同或回购价款支付义务保障措施的文件的行为、事项，对本信托计划的受益人的权益可能造成损害、威胁的；

2) If the Transferor (Buyback Party) or the Guarantor (if any) has any act or matter that violates this Contract or the documents of the guarantee measures for the payment obligation of the buyback price, which may cause damage or threat to the rights and interests of the beneficiaries of the Trust Scheme;

3） 融创房地产违反其在《远期受让协议》项下任何义务、陈述、承诺及/或保证的；

3) If Sunac Real Estate violates any of its obligations, representations, undertakings and/or warranties under the Forward Acceptance Agreement;

4） 已经发生严重影响转让方（回购方）履行特定股权收益权回购义务的情形；包括但不限于转让方（回购方）发生重大未履行的金融债务、转让方（回购方）实际控制人或法定代表人或负责人出现重大变故等情形；

4) If there are any circumstances that seriously affect the Transferor (Buyback Party) to perform the obligation to buyback the Specific Equity Income Right, including but not limited to major financial debts outstanding occurred by the Transferor (Buyback Party), major changes in the actual controller or legal representative or responsible person of the Transferor (Buyback Party), etc.;

5） 本信托计划发生其他需提前终止的情形。

5) If there are other circumstances requiring early termination of the Trust
Scheme.

5.4 特定股权收益权回购价款的构成

5.4 Composition of the Buyback Price for the Specific Equity Income Right

本合同项下的特定股权收益权回购价款由特定股权收益权回购基本价款和行权费
两部分构成，即特定股权收益权回购价款=特定股权收益权回购基本价款+行权费。

The buyback price for the Specific Equity Income Right hereunder consists of the basic
price for buyback of the Specific Equity Income Right and the exercise fee, i.e. the
buyback price for the Specific Equity Income Right = the basic price for buyback of the
Specific Equity Income Right + the exercise fee.

5.5 特定股权收益权回购基本价款金额及支付

5.5 Amount and Payment of the Basic Price for Buyback of the Specific Equity Income Right

（1） 特定股权收益权回购基本价款等于受让方依据本合同第 2.1 条向转让方
（回购方）支付的全部转让价款。

(1) The basic price for buyback of the Specific Equity Income Right is equal to the total
transfer price paid by the Transferee to the Transferor (Buyback Party) in
accordance with Article 2.1 hereof.

（2） 转让方（回购方）应于信托计划期限届满（包括信托计划的受托人宣布
提前到期）前的五日内或提前回购日，一次性足额支付。

(2) The Transferor (Buyback Party) shall fully pay the basic price for buyback of the
Specific Equity Income Right in one lump sum within five days prior to the
expiration of the term of the Trust Scheme (including the early expiration
announced by the trustee of the Trust Scheme) or on the early buyback date.

5.6 行权费

5.6 Exercise Fee

（1） 转让方（回购方）为取得和维持其拥有回购特定股权收益权的权利，应
当按照本合同的约定支付行权费。

(1) The Transferor (Buyback Party) shall pay the exercise fee as agreed in this Contract

in order to obtain and maintain the right to buyback the Specific Equity Income Right.

（2）　行权费率：双方一致确认，本合同约定的年行权费率为 9%，日行权 费率=月行权费率/30=年行权费率/360。本合同有效期内，未经双方协商一致不予变更，

(2) Exercise Rate: the parties hereto unanimously confirm that the annual exercise rate agreed in this Contract is 9%, and the daily exercise rate = monthly exercise rate /30= annual exercise rate /360. During the term of this Contract, the exercise rate shall not be changed without mutual negotiation of the Transferor and the Transferee.

（3）　行权费的计算：

(3) Calculation of Exercise Fee:

本合同项下的行权费按日计费，计算公式为：行权费=特定股权收益权回购基本价款 X 日行权费率 X 信托计划实际存续天数。

The exercise fee hereunder will be calculated on a daily basis, and the calculation formula is as follows: exercise fee = the basic price for buyback of the Specific Equity Income Right × daily exercise rate × the number of the days of the actual term of the Trust Scheme.

（4）　当期行权费=特定股权收益权回购基本价款 X 日行权费率 X 信托计划在当期期间内的实际存续天数。

(4) Current exercise fee = the basic price for buyback of the Specific Equity Income Right × daily exercise rate × the number of the days of the actual term of the Trust Scheme during the current period.

当期是指信托计划存续期间内，为确定某一段时间段而设定的概念：在每个特定股权收益权回购的行权费结算日之间的当期，为前一个行权费结算日（含）至下一个行权费结算日（不含）的期间，但该第一个当期为信托计划成立生效日（含）至第一个行权费用结算日（不含）的时间段，最后一个当期为信托计划终止日（不含）至该日前最近一个行权费结算日（含）的时间段。

The current period means the concept set for determining a certain period of time during the term of the Trust Scheme: the current period between two consecutive settlement dates of the exercise fee for buyback of Specific Equity Income Right means the period from the previous exercise fee settlement date (inclusive) to the next exercise fee settlement date (exclusive). However, the first current period means the period from the effective date of the establishment of the Trust Scheme (inclusive) to the first exercise fee settlement date (exclusive), and the last current period means the period from termination date of the Trust Scheme (exclusive) to the latest exercise fee settlement date (inclusive) prior to that date.

（5） 行权费的结算：在受让方为取得特定股权收益权依据本合同第 2 条的约定以信托资金向转让方（回购方）支付完毕相应的转让价款之日（以下简称"**信托资金支付日**"）后，转让方（回购方）应按照以下方式结算当期行权费：

(5) Settlement of Exercise Fee: After the date when the Transferee has paid the corresponding transfer price to the Transferor (Buyback Party) with trust funds in accordance with Article 2 hereof in order to obtain the Specific Equity Income Right (the "Trust Fund Payment Date"), the Transferor (Buyback Party) shall settle the exercise fee for the current period in the following manner:

每 6 个月结算，行权费结算日固定为信托资金支付日之后每届满 6 个月的对应日。

Settlement shall be made every 6 months, and the settlement date of exercise fee shall be fixed as the date corresponding to each expiration of every 6 months after the Trust Fund Payment Date.

（6） 转让方（回购方）应在本合同规定的行权费结算日向受让方支付当期行权费。首个行权费支付日为信托资金支付日之后的第一个行权费结算日，以后每个行权费结算日的当日均应结清当期行权费。信托计划到期日（包括信托计划的受托人宣布提前到期）付清全部特定股权收益权回购基本价款及行权费。

(6) The Transferor (Buyback Party) shall pay the current exercise fee to the Transferee

on the exercise fee settlement date stipulated in this Contract. The first exercise fee payment date is the first exercise fee settlement date after the Trust Fund Payment Date, and the current exercise fee shall be settled on the day of each subsequent exercise fee settlement date. All the basic prices for buyback of the Specific Equity Income Right and the exercise fee shall be paid off on the expiration date of the Trust Scheme (including the early expiration announced by the trustee of the Trust Scheme).

（7）　如遇行权费结算日为法定节假日，则相应的当期行权费仍计算至结算日当日，但行权费支付日顺延至结算日之后的第一个工作日。

(7) If the exercise fee settlement date is a legal holiday, the corresponding current exercise fee shall still be calculated until the settlement date, but the exercise fee payment date shall be postponed to the first working day after the settlement date.

**（8）　特别的，转让方（回购方）、受让方双方同意并确认：信托计划无论因何等原因提前到期的，受让方已收取的行权费不予退还，也不得冲抵转让方（回购方）的其他应付款项。**

(8) In particular, the Transferor (Buyback Party) and the Transferee agree and confirm that the exercise fee collected by the Transferee shall not be refunded and shall not be used to offset other payables of the Transferor (Buyback Party), regardless of the early expiration of the Trust Scheme for any reason.

6　转让方（回购方）应将特定股权收益权回购价款划付至受让方为本信托计划开立的如下信托财产专户：

6. The Transferor (Buyback Party) shall transfer the buyback price for the Specific Income Right to the following special trust property account opened by the Transferee for the Trust Scheme:

　　　　开户行：建行南昌市八一路支行

　　　　户名：中航信托股份有限公司

　　　　账号：█████████████

Bank of Deposit: China Construction Bank, Nanchang Bayi Road Sub-branch

Account Name: <u>AVIC Trust Co., Ltd.</u>

Account Number: ███████████

7  转让方（回购方）支付完毕全部特定股权收益权回购价款之日，特定股权收益权转让
至转让方（回购方），受让方不再享有本合同项下的特定股权收益权。

7. On the day when the Transferor (Buyback Party) has paid all the buyback prices for the
Specific Equity Income Right, the Specific Equity Income Right will be transferred to the
Transferor (Buyback Party), and the Transferee will no longer own the Specific Equity Income
Right hereunder.

第 6 条 担保

Article 6 Guarantee

6.1 特定股权质押

6.1 Pledge of Specific Equities

为担保转让方（回购方）在本合同项下合同义务的履行，转让方（回购方）将其
所持有的目标公司 8.38% 的股权（所对应的出资额为人民币 2,618.3537 万元）（以
下简称"**出质股权**"）质押给受让方，双方另行签订编号为"AVICTC2017X0264-4"
的《中航信托•天启（2017）99 号互联网电视股权收益权投资集合资金信托计划
股权质押合同》（以下简称"**股权质押合同**"），并办理强制执行公证和质押登记
手续。出质股权在《股权质押合同》有效期内因出质股权送股、公积金转增、配
股、拆分股权而产生派生股权的，派生的股权也归属于质物。如需要，转让方（回
购方）应及时配合受让方就该等派生的股权办理质押登记手续。

In order to guarantee the performance of the obligations of the Transferor (Buyback Party)
hereunder, the Transferor (Buyback Party) pledges 8.38% of the equities of the Target
Company (corresponding to the capital contribution of RMB 26,183,537 held by it (the
"Pledged Equities") to the Transferee. The Transferor (Buyback Party) and the
Transferee shall separately sign the Equity Pledge Contract for the AVIC Trust - Tianqi
(2017) No. 99 Collective Fund Trust Scheme for Internet TV Equity Income Right

Investment (Contract No.: AVICTC2017X0264-4) (the "Equity Pledge Contract"), and go through enforcement notarization and pledge registration procedures. If the Pledged Equities generate derivative equities due to share donation, increase from accumulation funds, allotment of shares, splitting of shares related to the Pledged Equities within the valid term of the Equity Pledge Contract, such derivative equities shall also belong to the pledge. If necessary, the Transferor (Buyback Party) shall cooperate with the Transferee in going through the pledge registration procedures for the above derivative equities in a timely manner.

6.2    保证。

6.2. Warranty

转让方（回购方）的实际控制人贾跃亭先生作为自然人保证人，为转让方（回购方）在本合同项下支付特定股权收益权回购价款的债务提供连带责任的保证。具体担保事项以受让方与保证人签署的编号为"AVICTC2017X0264-5"《中航信托•天启（2017）99 号互联网电视股权收益权投资集合资金信托计划自然人保证合同》为准。

Mr. Jia Yueting, the actual controller of the Transferor (Buyback Party), as a guarantor of natural person, provides joint and several liability guarantee for the debts of the Transferor (Buyback Party) to pay the buyback price for the Specific Equity Income Right hereunder. The specific guarantee matters shall be subject to the Contract for Natural Person's Guarantee of the AVIC Trust - Tianqi (2017) No. 99 Collective Fund Trust Scheme for Internet TV Equity Income Right Investment (Contract No.: AVICTC2017X0264-5) signed by the Transferee and the Guarantor.

融创房地产集团有限公司作为法人保证人，为转让方（回购方）在本合同项下支付特定股权收益权回购价款的债务提供连带责任的保证。具体担保事项以受让方与保证人签署的编号为"AVICTC2017X0264-6"《中航信托•天启（2017）99 号互联网电视股权收益权投资集合资金信托计划法人保证合同》为准。

Sunac Real Estate Group Co., Ltd., as a guarantor of legal person, provides joint and several liability guarantee for the debts of the Transferor (Buyback Party) to pay the buyback price for the Specific Equity Income Right hereunder. The specific guarantee

matters shall be subject to the Contract for Legal Person's Guarantee of the AVIC Trust - Tianqi (2017) No. 99 Collective Fund Trust Scheme for Internet TV Equity Income Right Investment (Contract No.: AVICTC2017X0264-6) signed by the Transferee and the Guarantor.

6.3    其它

6.3. Other

如发生任何使受让方认为前述任何担保措施将受到不利影响的情形，受让方有权利要求转让方（回购方）消除该等不利情形或补充提供令受让方满意的其他担保措施。

In the event of any circumstance that makes the Transferee think that any of the aforesaid guarantee measures will be adversely affected, the Transferee shall have the right to require the Transferor (Buyback Party) to eliminate such unfavorable circumstance or additionally provide other guarantee measures to the satisfaction of the Transferee.

**第 7 条 特定股权的转让**
**Article 7 Transfer of the Specific Equities**

7.1 在转让方（回购方）未履行本协议项下任何一项义务的情况下，受让方有权要求其向融创房地产集团有限公司（以下简称"远期受让义务人"）转让标的股权，以实现标的股权收益权对应的收益。

7.1 If the Transferor (Buyback Party) fails to perform any of its obligations hereunder, the Transferee shall have the right to require the Transferor (Buyback Party) to transfer the target equities to Sunac Real Estate Group Co., Ltd. (the "Forward Acceptance Obligor") so as to realize the income corresponding to the income right to the target equities.

7.2 为此转让方（回购方）、受让方以及融创房地产集团有限公司签署编号为

"AVICTC2017X0264-3"《中航信托•天启（2017）99 号互联网电视股权收益权投资集合资金信托计划股权远期受让协议》，于发生本协议第 7.1 条所述事项时，转让方（回购方）应按照该协议要求向融创房地产集团有限公司转让标的股权，转让方（回购方）不

可撤销地授权融创房地产集团有限公司直接向受让方支付全部/部分标的股权受让价款以足额实现本协议项下特定股权收益权回购价款及/或其他款项（如有）。

7.2 To this end, the Transferor (Buyback Party), the Transferee and Sunac Real Estate Group Co., Ltd. signed the Agreement on Forward Acceptance of the Equities under the AVIC Trust - Tianqi (2017) No. 99 Collective Fund Trust Scheme for Internet TV Equity Income Right Investment (Agreement No.: AVICTC2017X0264-3), which provides that in case of any of matters described in Article 7.1 of this Agreement, the Transferor (Buyback Party) shall transfer the target equities to Sunac Real Estate Group Co., Ltd. in accordance with the requirements of this agreement, and the Transferor (Buyback Party) irrevocably authorizes Sunac Real Estate Group Co., Ltd. to directly pay all/part of the transfer price for the target equities to the Transferee to fully realize the buyback price and/or other payments (if any) for the Specific Equity Income Right under this agreement.

## 第 8 条 转让方（回购方）的陈述和保证

**Article 8 Representations and Warranties of the Transferor (Buyback Party)**

8.1 系具有民事权利能力及完全民事行为能力的主体，并已取得了签署本合同所需的一切必要的许可、批准、登记及备案。

8.1 The Transferor (Buyback Party) is a civil subject with the capacity for civil rights and the full capacity for civil conduct, and has obtained all necessary permits, approvals, registration and filing required for signing this Contract.

8.2 签署本合同、转让及回购特定股权收益权系本人真实意思表示，并经过所有必需的合法授权，转让方（回购方）为签署和执行本合同所需的手续均已合法地办理完毕并具有法律效力。

8.2 The signing of this Contract and the transfer and buyback of the Specific Equity Income Right are the true intentions of the Transferor (Buyback Party), and have been necessarily and lawfully authorized. The Transferor (Buyback Party) has legally gone through the necessary procedures for signing and enforce this Contract, and such procedures have legal effect.

8.3 转让方（回购方）签署及履行本合同，现在和将来均不会违反其签署的或对其本

身或其资产具有约束力的任何文件，或违反其成立的批准文件、内部规章制度，或违反任何对转让方（回购方）有约束力的法律、法规、行政安排、政府命令、司法裁决或与第三人的合同。

8.3 The signing and performance of this Contract by the Transferor (Buyback Party) do not and will not violate any documents signed by it or binding on it or its assets, or the approval documents related to its establishment and internal rules and regulations, or any laws, regulations, administrative arrangements, government orders, judicial decisions or contracts with third parties binding on it.

8.4　对特定股权及特定股权收益权拥有合法完整的所有权，并以合法资金按期足额完成了全部特定股权的出资。截止本合同签订之日，特定股权及特定股权收益权上不存在任何质权、抵押权及其他负担和限制，并保证该种无权利负担和限制状态在受让方享有特定股权收益权期间持续存在（以受让方作为质权人设定的特定股权质押担保情形除外）。

8.4 The Transferor (Buyback Party) owns the legal and complete ownership of the Specific Equities and the Specific Equity Income Right, and completes the capital contribution to all the Specific Equities with legal funds on schedule and in full. As of the date of signing this Contract, the Specific Equities and the Specific Equity Income Right are free and clear of any pledge, mortgage, other encumbrances and restrictions, and the Transferor (Buyback Party) warrants that the above state of no encumbrances and restrictions will continue to exist during the period when The transferee owns the Specific Equity Income Right (except for the pledge guarantee established on the Specific Equities where the Transferee acts as the pledgee).

8.5　不存在虚假出资、抽回出资等可能对受让方受让的特定股权收益权权益造成任何减损或限制等情况。

8.5 The Transferor (Buyback Party) does not have any circumstances such as false capital contribution, withdrawal of capital contribution, etc. which may cause any impairment or restriction to the rights and interests to and in the Income transferred to the Transferee.

8.6　截止本合同签订之日，特定股权及特定股权收益权不存在被查封、扣押、冻

结等任何形式的权利限制。并且自本合同签订之日起，特定股权及特定股权收益权不会发生被法院查封、冻结或强制执行的情况（受让方提起诉讼、仲裁、申请执行致使法院查封、冻结或强制执行的情况除外）。如果出现特定股权全部或部分被有关部门冻结或者出现其他限制情形的，转让方（回购方）应当于特定股权被司法冻结或出现相关限制情形的当日通知受让方，并有义务于 7 日内使特定股权及其派生股权解除司法冻结或消除限制情形。

8.6 As of the date of signing this Contract, the Specific Equities and the Specific Equity Income Right are free and clear of right restrictions in any form such as sequestration, detention, freezing, etc. From the date of signing this Contract, the Specific Equities and the Specific Equity Income Right will not be sequestrated, frozen or enforced by the courts (except sequestration, freezing or enforcement by courts due to litigation, arbitration or application for enforcement brought by the Transferee). If all or part of the Specific Equities are frozen by relevant departments or subject to other restrictions, the Transferor (Buyback Party) shall notify the Transferee on the day when the Specific Equities are frozen by judicial authorities or the relevant restrictions occur, and shall have the obligation to make the judicial freezing against the Specific Equities and their derivative equities to be released or the relevant restrictions to be eliminated within 7 days thereafter.

8.7    签署和履行本合同不会损害转让方（回购方）的任何债权人利益，也不会有任何转让方（回购方）债权人提出涉及本合同的任何权利主张或异议。

8.7 The signing and performance of this Contract by the Transferor (Buyback Party) will not damage the interests of any of  its creditors, nor will any of its creditors put forward any right claim or objection involving this Contract.

8.8    积极并及时签署一切必要文件和积极履行一切必要行为以促使本合同项下转让及回购行为的顺利进行。

8.8 The Transferor (Buyback Party) will actively and promptly sign all necessary documents and actively perform all necessary actions to promote the smooth progress of the transfer and

buyback hereunder.

8.9    保证向受让方做出的口头或书面陈述以及提交的文件和资料均是准确、完整、真
    实的，没有任何隐瞒或遗漏。

8.9 The Transferor (Buyback Party) warrants that the oral or written representations made by it to

the Transferee and the documents and materials delivered by it are accurate, complete and true,

and are free and clear of any concealment or omission.

8.10 应接受受让方对其经营管理、财务活动、重大交易协议等情况的监督管理，应受让
    方要求如实向受让方提供有关其经营活动的信息。

8.10 The Transferor (Buyback Party) shall accept the Transferee's supervision and management

of its business management, financial activities, major trading agreements, etc., and shall

truthfully provide the Transferee with information about its business activities at the Transferee's

request.

8.11 转让方（回购方）在本合同有效期内发生下列情形之一的，应在发生该情形之日起
    5 个工作日内书面通知受让方，书面通知中还应详细列明对其已构成的或可能构
    成的影响以及己采取或计划采取何等补救措施，补救的期限和预期效果：

8.11 Under any of the following circumstances within the term of this Contract, the Transferor

(Buyback Party) shall notify the Transferee in writing within 5 working days from the

date of the occurrence of such circumstances, specifying in detail the impact on the

Transferor (Buyback Party) that has been formed or may be formed, remedial measures

that the Transferor (Buyback Party) has taken or plans to take, the time limit for remedy

and the expected effect:

    （1）财务状况严重恶化：

    (1) If the financial situation of Transferor (Buyback Party) is seriously deteriorated:

    （2）丧失商业信誉；

    (2) If the Transferor (Buyback Party) loses business reputation;

    （3）发生任何影响或可能影响转让方（回购方）利益的重大诉讼或仲裁案件；

    (3) If Transferor (Buyback Party) is involved in any major litigation or arbitration that

        affects or may affect the interests of the Transferor (Buyback Party);

（4）发生任何可能会严重不利于转让方（回购方）资本及财产状况的事件；

(4) If there is any event that may be seriously unfavorable to the capital and property status of the Transferor (Buyback Party);

（5）其他对转让方（回购方）履行本合同项下的义务产生重大不利影响的事项。

(5) If there are other matters that have a significant adverse impact on the Transferor (Buyback Party)'s performance of its obligations hereunder.

8.12 已全面了解本合同的签订及履行系为了实现信托计划项下信托资金的运用和退出之特定目的，不得就本合同转让及回购标的的特殊性而主张撤销或者否认本合同的效力。否则转让方（回购方）应当就本合同的效力瑕疵赔偿受让方的经济损失，赔偿范围包括转让方（回购方）应返还受让方已支付的全部特定股权收益权转让价款及资金占用费，资金占用费计算公式 为：受让方已支付的特定股权收益权转让价款 X （1+9%） X特定股权收益权转让价款实际占用日历天数 ÷360。特定股权收益权转让价款及资金占用费应在本合同被确定无效或撤销后 10 个工作日内支付。逾期支付的，按逾期应付而未付款项每日万分之五的标准支付违约金。无论任何原因致使本合同无效或被撤销的，均不影响本条款的有效性。

8.12 The Transferor (Buyback Party) has fully understood that the signing and performance of this Contract are to realize the specific purpose of using and withdrawing the trust funds under the Trust Scheme. The Transferor (Buyback Party) shall not claim cancellation of or deny the validity of this Contract with respect to the transfer of this Contract and the particularity of the buybacked subject matter. Otherwise, the Transferor (Buyback Party) shall compensate the Transferee for the economic losses caused by the defects in the validity of this Contract, including all the transfer prices for the Specific Equity Income Right and the fund occupation fee that the Transferor (Buyback Party) shall return to the Transferee. The calculation formula of the fund occupation fee is as follows: the transfer price for the Specific Equity Income Right paid by the Transferee × (1+9%) × the number of the actual calendar days occupied by the transfer price for the Specific Equity Income Right ÷ 360. The transfer price for the Specific Equity Income Right and the fund occupation fee shall be paid within 10 working days after this Contract is

determined to be invalid or is revoked. In case of late payment, liquidated damages amounting to 5‰ of the overdue payments shall be paid per day from the first day of such breach. The validity of this Article 8.12 shall not be affected by the invalidity or cancellation of this Contract caused for any reason.

第 9 条 受让方的陈述和保证

Article 9 Representations and Warranties of the Transferee

9.1    系按照中华人民共和国法律依法成立和存续的企业法人并保证合法经营，具备签署本协议的权利能力和行为能力。

9.1 The Transferee is an enterprise legal person legally established and existing in accordance with the laws of the People's Republic of China, and has the right and behavior ability to sign this Contract, and its operation is legal.

9.2    受让方提交的文件资料是真实、有效、完整且无任何重大遗漏或隐瞒的。

9.2 The documents and materials delivered by the Transferee are true, valid, complete, and are free and clean of any major omission or concealment.

9.3    受让方在本合同中承担的义务是合法、有效的，其履行不会与转让方（回购方）承担的其它协议义务相冲突。本合同签署后，即构成对转让方（回购方）合法、有效和有约束力的义务。

9.3 The obligations assumed by the Transferee hereunder are legal and effective, and its performance of such obligations will not conflict with other contractual obligations assumed by the Transferor (Buyback Party). After the signing of this Contract, this Contract will constitute a legal, effective and binding obligation to the Transferor (Buyback Party).

第 10 条 税费承担

Article 10 Bearing of Taxes and Fees

10.1  双方一致同意，因办理本合同项下特定股权收益权转让及回购所发生的税收和费用（增值税和企业所得税除外），由转让方（回购方）承担。

10.1 The parties hereto agree that the Transferor (Buyback Party) shall bear the taxes and fees (except VAT and enterprise income tax) incurred in handling the transfer and buyback of the Specific Equity Income Right hereunder.

10.2 受让方作为信托计划的受托人,以信托财产承担在本合同中应承担的税费(如有)。

10.2 As the trustee of the Trust Scheme, the Transferee shall bear the taxes (if any) that shall be borne hereunder with the trust property.

## 第 11 条 违约责任

## Article 11 Liabilities for Breach of Contract

11.1 违约情形

11.1. Breach

（1）转让方（回购方）的违约

(1) Breach of the Transferor (Buyback Party)

1）未按受让方的要求提供真实、完整、有效的财务会计、生产经营状况及其他有关资料;

2）未按期支付特定股权收益权回购价款;

3）转移资产,抽逃资金,以逃避债务;

4）经营和财务状况恶化,无法清偿到期债务,或卷入或即将卷入重大的诉讼或仲裁程序及其他法律纠纷,已经或可能影响或损害转让方（回购方）在本合同项下的权益;

5）所负的任何其他债务已影响或可能影响本合同项下回购义务的履行;

6）在合同有效期内,机构转让方（回购方）实施承包、租赁、合并、兼并、合资、分立、联营、股份制改造等改变经营方式或转换经营机制的行为,自然人转让方（回购方）失踪、死亡、部分或全部丧失民事行为能力、涉嫌违法犯罪等情形,已经或可能影响或损害受让方在本合同项下的权益;

7）受让方认为足以影响债权实现的其他情形；

8）违反本合同约定的其他义务。

1) If the Transferor (Buyback Party) fails to provide true, complete and effective financial accounting, production and operation status and other relevant information as required by the Transferee;

2) If the Transferor (Buyback Party) fails to pay the buyback price for the Specific Equity Income Right on schedule;

3) If the Transferor (Buyback Party) transfers assets and withdraw funds to avoid debts;

4) If the business and financial conditions of the Transferor (Buyback Party) is deteriorated, or the Transferor (Buyback Party) is unable to pay off its due debts, or is or will  be involved in major litigation or arbitration proceedings and other legal disputes which have affected or may affect or damage the rights and interests of the Transferor (Buyback Party) hereunder;

5) If any other debts owed by the Transferor (Buyback Party) have affected or may affect the performance of buyback obligation hereunder;

6) If during the term of this Contract, the Transferor (Buyback Party) (institution) has changed its operation mode or changed its operation mechanism by contracting, leasing, amalgamation, merger, joint venture, division, joint operation, shareholding system reform, etc., or if the Transferor (Buyback Party) (natural person) has disappeared, died, partially or totally lost his capacity for civil conduct, is suspected of committing crimes, etc., which have affected or may affect or damage the rights and interests of the Transferee hereunder;

7) If the Transferor (Buyback Party) has other circumstances which in the transferee's opinion are sufficient to affect the realization of creditor's rights;

8) If the Transferor (Buyback Party) violates other obligations stipulated in this Contract.

（2）  保证人及/或远期受让义务人出现以下情形，转让方（回购方）未提供符合受让方要求的新的担保，视为转让方（回购方）违约：

(2) If the Guarantor and/or the Forward Acceptance Obligor have/has any of the following circumstances, and if the Transferor (Buyback Party) fails to provide a new guarantee that meets the requirements of the Transferee, the Transferor (Buyback Party) shall be deemed to have breached this Contract:

1）  保证人及/或远期受让义务人发生承包、租赁、合并和兼并、合资、分立、联营、股份制改造、破产、撤销、失踪、死亡、部分或全部丧失民事行为能力、涉嫌违法犯罪等情形，足以影响保证人承担连带保证责任的及/或远期受让义务人履行受让义务的能力的；

2）保证人及/或远期受让义务人向第三方提供超出其自身负担能力的担保的；

3）保证人及/或远期受让义务人丧失或可能丧失担保或履行受让义务能力的；

4）保证合同及/或远期受让协议约定的保证人及/或远期受让义务人其他违约情形。

1) The Guarantor and/or the Forward Acceptance Obligor suffer/suffers contracting, leasing, amalgamation, merger, joint venture, division, joint operation, shareholding system reform, bankruptcy, cancellation, disappearance, death, partial or total loss of civil capacity, or are suspected of committing crimes, etc., which are/is sufficient to affect the Guarantor's ability to assume joint and several guarantee liabilities and/or the Forward Acceptance Obligor's ability to perform the acceptance obligation;

2) The Guarantor and/or the Forward Acceptance Obligor provide/provides with a third party a guarantee beyond its own affordability;

3) The Guarantor and/or the Forward Acceptance Obligor lose/loses or may lose the ability to guarantee or perform the acceptance obligation;

4) Other breaches of the Guarantor and/or the Forward Acceptance Obligor

stipulated in the Guarantee Contract and/or the Forward Acceptance Agreement.

（3） 抵押人（出质人）出现以下情形，转让方（回购方）未提供符合受让方要求的新的担保，视为转让方（回购方）违约：

(3) If the mortgagor (pledgor) has any of the following circumstances, and if the Transferor (Buyback Party) fails to provide a new guarantee that meets the requirements of the Transferee, the Transferor (Buyback Party) shall be deemed to have breached this Contract:

1） 抵押人（出质人）未按受让方要求办理抵（质）押物财产保险的，或发生保险事故后，未按抵（质）押合同约定处理保险赔偿金的；

2）因第三人的行为导致抵（质）押物毁损、灭失、价值减少，抵押人（出质人）未按抵（质）押合同约定处理损害赔偿金的；

3）未经受让方书面同意，抵押人（出质人）赠予、转让、出租、重复抵押、迁移或以其他方式处分抵（质）押物的；

4）抵押人（出质人）经受让方同意处分抵（质）押物，但处分抵（质）押物所得价款未按抵（质）押合同约定进行处理的；

5）抵（质）押物毁损、灭失、价值减少，足以影响本合同项下的债务的清偿，抵押人（出质人）未及时恢复抵（质）押物价值，或未提供受让方认可的其他担保的；

6）抵（质）押合同约定的抵押人（出质人）其他违约情形。

1) The mortgagor (pledgor) fails to handle the mortgaged (pledged) property insurance as required by the Transferee, or fails to handle the insurance compensation as agreed in the mortgage (pledge) contract after an insurance accident occurs;

2) The mortgaged (pledged) property is damaged, lost or reduced in value due to the act of a third party, and the mortgagor (pledgor) fails to handle the insurance compensation as agreed in the mortgage (pledge) contract;

3) The mortgagor (pledgor) donates, transfers, leases, repeatedly mortgages,

transfers or otherwise disposes of the mortgaged (pledged) property without the written consent of the Transferee,

4) The mortgagor (pledgor) disposes of the mortgaged (pledged) property with the consent of the Transferee, but the price obtained from disposing of the mortgaged (pledged) property is not handled according to the provisions of the mortgage (pledge) contract;

5) The damage, loss or reduction in value of the mortgaged (pledged) property is sufficient to affect the repayment of the debts hereunder, and the mortgagor (pledgor) fails to restore the value of the mortgaged (pledged) property in a timely manner, or fails to provide other guarantees approved by the Transferee;

6) Other breaches of the mortgagor (pledgor) stipulated in the mortgage (pledge) contract.

（4）担保合同或其他担保方式未生效、无效、被撤销，或担保人出现部分或全部丧失担保能力的情形或者拒绝履行担保义务，转让方（回购方）未按受让方要求落实新的担保的，视为转让方（回购方）违约。

(4) If the guarantee contract or other guarantee methods have not come into effect, or are invalid or revoked, or the Guarantor partially or completely loses the guarantee ability or refuses to perform the guarantee obligation, and if the Transferor (Buyback Party) fails to provide a new guarantee as required by the Transferee, the Transferor (Buyback Party) shall be deemed to have breached this Contract.

11.2 违约救济措施

11.2 Remedies for Breach of Contract

出现本合同第 11.1 条的违约情形，受让方可单方面采取下列一种或数种措施进行处理，在此情况下，转让方（回购方）应补偿因其违约对受让方造成的一切损失：
In case of any of breaches stipulated in Article 11.1 hereof, the Transferee may

unilaterally take one or more of the following measures to deal with it. In such case, the Transferor (Buyback Party) shall compensate for the Transferee all losses caused to the Transferee by its breach:

（1）  要求转让方（回购方）提前回购，转让方（回购方）应立即支付本合同项下所有特定股权收益权回购价款。

(1) After the Transferee requires the Transferor (Buyback Party) to buyback in advance, the Transferor (Buyback Party) shall immediately pay the buyback price for all the Specific Equity Income Right hereunder.

（2）  受让方向转让方（回购方）收取一次性违约金 5000 万元。受让方要求转让方（回购方）支付一次性违约金的，不影响其要求转让方（回购方）按照本合同其它条款的约定继续支付特定股权收益权回购基本价款、行权费及连续性迟延违约金的权利。

(2) The Transferee charges one-time liquidated damages of RMB 50 million from the Transferor (Buyback Party). If the Transferee requires the Transferor (Buyback Party) to pay the one-time liquidated damages, this shall not affect the Transferee's right to require the Transferor (Buyback Party) to continue to pay the basic price for buyback of the Specific Equity Income Right, the exercise fee and the continuous delay liquidated damages in accordance with other provisions of this Contract.

（3）  转让方（回购方）未按本合同约定的期限和金额支付特定股权收益权回购基本价款及/或行权费的（包括被受让方要求提前回购后应支付的特定股权收益权回购基本价款及/或行权费），应自逾期之日起至全部清偿之日止，以逾期应付款金额为基数按本合同第 5.6（2）款约定的行权费率上浮 10% 的标准按日计收连续性迟延违约金。

(3) If the Transferor (Buyback Party) fails to pay the basic price for buyback of the Specific Equity Income Right and /or the exercise fee in accordance with the time limit and amount specified in this Contract (including the basic price for buyback of the Specific Equity Income Right and /or the exercise fee that should be paid

after the Transferee requires early buyback), the continuous delay liquidated damages shall be paid and calculated by taking the amount of overdue payables as the base and at the exercise rate specified in Article 5.6(2) hereof plus 10% on a daily basis starting from the overdue date until the date of full settlement.

（4）    要求转让方（回购方）对本合同项下所有债务提供符合受让方要求的新的担保。

(4) Requiring the Transferor (Buyback Party) to provide new guarantee that meet the requirements of the Transferee for all debts hereunder.

（5）    要求担保人及/或远期受让义务人立即承担担保责任。

(5) Requiring the Guarantor and/or the Forward Acceptance Obligor to assume the guarantee liability immediately.

（6）    法律规定的其他必要措施。

(6) Other necessary measures prescribed by law.

第 12 条 强制执行公证

Article 12  Notarization of Enforcement

12.1 双方应在本合同签订后十日内到受让方指定的公证机关对本合同申请进行赋予强制执行效力的债权文书公证。相关公证费用由转让方（回购方）承担。

12.1 The parties hereto shall apply with a notary public office designated by the Transferee for notarizing a creditor's right document that gives an enforcement effect to this Contract within ten days of the execution of this Contract. The relevant notarial fees shall be borne by the Transferor (Buyback Party).

12.2 双方在此确认，双方对本合同中有关转让方（回购方）的义务的约定无疑义。转让方（回购方）对赋予强制执行效力公证的含义、内容、程序、效力等完全明确了解。转让方（回购方）承诺其不履行本协议中约定的义务或不完全履行义务时，转让方（回购方）愿意接受强制执行。根据受让方的申请，公证机关可以签发执行证书，转让方（回购方）愿意接受人民法院的强制执行。

12.2 The parties hereto hereby confirm that they have no doubt to the provisions of this Contract on the obligations of the Transferor (Buyback Party). The Transferor (Buyback Party) fully and clearly understands the meaning, content, procedure and effectiveness of the notarization to which the enforcement is granted. The Transferor (Buyback Party) undertakes that if it fails to perform or fully perform its obligations hereunder, it is willing to accept the enforcement. According to the Transferee's application, the notary public office can issue an enforcement certificate, and the Transferor (Buyback Party) is willing to accept the enforcement by a people's court.

12.3 一旦发生任何违约事件，本合同项下的债权即立刻具有可执行性。在本合同项下的债权根据本合同的约定具有可执行性后的任何时间内，受让方有权在法律允许的范围内以其认为适当的任何方式行使、实现债权。

12.3 In case of any event of default, the creditor's right hereunder shall be immediately enforceable. At any time after the creditor's right hereunder is enforceable according to the provisions hereof, the Transferee shall have the right to exercise or realize the creditor's right in any way it deems appropriate to the extent permitted by law.

12.4 为使受让方能够实现债权，转让方（回购方）应当采取受让方可能要求的所有合法且适当的行动。为受让方根据本合同的约定实现债权之目的，转让方（回购方）应签署所有该等协议、通知、授权、指示、承诺及其他文件并采取受让方可能要求的所有行动。

12.4 In order to enable the Transferee to realize the creditor's right, the Transferor (Buyback Party) shall take all legal and appropriate actions that the Transferee may require. In order for the Transferee to realize the creditor's right according to the provisions of this Contract, the Transferor (Buyback Party) shall sign all such agreements, notices, authorizations, instructions, undertakings and other documents and take all such actions as the Transferee may require.

12.5 在债权具有可执行性之时及之后，受让方可以转让方（回购方）的名义（或在法律允许的范围内，以受让方的名义），行使与转让方（回购方）有关的权力和权利，以及行使相关的任何追索权和受偿权；转让方（回购方）在此不可撤销地授权受

让方行使上述权利。

12.5 When and after the creditor's right is enforceable, the Transferee may exercise the powers and rights related to the Transferor (Buyback Party) in the name of the Transferee (or in the name of the Transferee to the extent permitted by law), and exercise any recovery right and right to compensation related thereto. The Transferor (Buyback Party) hereby irrevocably authorizes the Transferee to exercise the above rights.

12.6 转让方（回购方）、受让方双方确认，关于强制执行的约定优先于本合同第 17.2 条规定执行。

12.6 The Transferor (Buyback Party) and the Transferee confirm that the provisions on enforcement shall prevail over the provisions of Article 17.2 hereof.


**第 13 条 通知和送达**

**Article 13 Notice and Service**

13.1 双方之间的一切商业文件信函、通知和诉讼文书均以书面形式作为最终的送达方式，可由专人递送、挂号信邮递、特快专递等方式送达，传真可作为辅助送达方式，但事后应以上述约定方式补充送达。

13.1 All commercial documents, letters, notices and litigation documents between the parties hereto shall be delivered in written form as the final service method and may be delivered personally or sent by registered mail, express mail service, etc. Fax may be used as a supplementary service method, but after transmission by fax, supplementary service shall be made by one of the above agreed methods.

13.2 商业文件信函、通知和诉讼文书在下列日期视为送达被通知方：

13.2 Commercial documents, letters, notices and litigation documents shall be deemed to have been delivered to the notified party on the following dates:

　　(1)　专人递送：通知方取得的被通知方签收单所示日；

　　(1) delivery by personally: the date indicated on the delivery receipt of the notified party obtained by the notifying party;

　　(2)　挂号信邮递:发出通知方持有的国内挂号函件收据所示日后第 5 日；

(2) sending by registered mail: the 5th day after the date indicated on the receipt of the domestic registered mail held by the notifying party;

(3)　特快专递：发出通知方持有的发送凭证上邮戳日起第 4 日。

(3) sending by express mail service: the 4th day after the postmark date indicated on the sending certificate held by the notifying party:

(4)　传真：收到成功发送确认后的当日。

(4) transmission by fax: the day when the confirmation of successful transmission is received.

13.3 联系地址和联系方式。合同各方一致确认本合同首部中记载的各方联系地址和联系方式为各方履行合同、解决合同争议时向其他方送交商业文件函信、通知或司法机关(法院、仲裁机构)向各方送达诉讼、仲裁文书的地址和联系方式。

13.3 Contact Address and Contact Information. The parties hereto unanimously confirm that the contact address and contact information of the each party hereto recorded above is the address and contact information of such party to receive commercial documents, letters and notices sent by the other party hereto in the course of performing this Contract or settling the disputes arising from this Contract, or to receive the litigation and arbitration documents sent by judicial authorities (courts, arbitration institutions).

13.4 联系地址和联系方式适用期间。本合同首部中记载的各方联系地址和联系方式适用至本合同履行完毕或争议经过一审、二审至案件执行终结时止，除非各方依下款告知变更。

13.4 Applicable Period of Contact Address and Contact Information. The contact address and contact information of each party hereto recorded above shall apply until the performance of this Contract is completed or in case of a dispute, the first instance, the second instance and the case enforcement are closed, unless such party inform the other party hereto of the change of its contact address and contact information according to the following paragraph.

13.5 联系地址和联系方式的变更。任何一方联系地址和联系方式需要变更的，应提前五个工作日向合同其他方和司法机关送交书面变更告知函(若争议已经进入司法程序

解决)。

13.5 Change of Contact Address and Contact Information. If either party hereto needs to change its contact address and contact information, it shall send a written notice of change to the other party hereto and the judicial authorities (if the dispute has enter judicial settlement proceedings) five working days in advance.

**13.6 承诺。合同各方均承诺：本合同首部中填写的各方联系地址和联系方式真实有效，如填写错误或未填写，导致的商业信函、通知和诉讼文书送达不能的法律后果由自己承担。**

13.6 Undertakings. Each party hereto undertakes that its contact address and contact information written above are true and valid. If it fills in an incorrect contact address and contact information or does not filled in its contact address and contact information, the legal consequences of failure to deliver commercial letters, notices and litigation documents as a result thereof shall be solely borne by it.

13.7 风险提示。合同各方均明知：**因各方提供的联系地址不准确，地址变更后未及时告知各方和司法机关，导致商业文件信函、通知和诉讼文书未能被实际接收的，直接送达的可以适用留置送达或送达人当场记明情况即为送达，邮寄送达的文书退回之日视为送达之日。**

13.7 Risk Warning. Each party hereto clearly knows that if the commercial documents, letters, notices and litigation documents cannot be actually received due to the inaccurate contact address provided by it or its failure to inform the other party hereto and the judicial authorities in a timely manner after its contact address is changed, (i) for personal delivery, the lien service may apply or the service shall be deemed to have been effectively made after the service person records the situation on the spot; and (ii) for sending by mail, the date when the sent document is returned shall be deemed as the service date.

**第 14 条保密**

**Article 14 Confidentiality**

14.1 本合同双方同意，对其中一方或其代表提供给另一方的有关本合同及各方签署的本合同项下交易的所有重要方面的信息及/或本合同所含信息（不包括有证据证明是经正当授权的第三方收到、披露或公开的信息）予以保密。

14.1 Each party hereto agree to keep confidential the information provided to it by or on behalf of the other party hereto on this Contract and all important aspects of the transaction under this Contract signed by the parties hereto and/or the information contained herein (excluding the information received, disclosed or published by a third party with duly authorization as certified by evidence).

14.2 未经对方书面同意，不向任何其他方披露此类信息（不包括与本合同拟议之交易有关而需要获知以上信息的披露方的雇员、高级职员和董事），但以下情况除外：

14.2 Each party hereto shall not disclose the above information to any other party (excluding the disclosing party's employees, officers and directors who need to know the above information in connection with the transaction proposed in this Contract) without the written consent of the other party hereto, except for the following circumstances:

（1） 为进行本合同拟议之交易而向投资者披露；

(1) disclosing the above information to investors for the purpose of carrying out the transaction proposed in this Contract;

（2） 向与本交易有关而需要获知以上信息并受保密合同约束的律师、会计师、顾问和咨询人员披露；

(2) disclosing the above information to lawyers, accountants, advisers and consultants related to the transaction proposed in this Contract who need to know the above information and are bound by confidentiality contracts;

（3） 根据适用的法律法规的要求，向中国的有关政府部门或者管理机构披露。

(3) disclosing the above information to the relevant Chinese government departments or management agencies as required by applicable laws and regulations.

14.3 在任何情形下，本条所规定的保密义务应永久持续有效。

14.3 In any case, the confidentiality obligation stipulated in this Article 14 shall remain in force forever.

## 第 15 条 不可抗力

**Article 15 Force Majeure**

15.1 不可抗力是指双方不能预见、不能避免、不能克服的事件，该事件妨碍、影响或延误任何一方根据本合同履行其全部或部分义务。该事件包括但不限于地震、台风、洪水、火灾、其他天灾、重大传染病、战争、骚乱、罢工或其他类似事件，以及新法律法规颁布或对原法律法规的修改等政策因素。

15.1 Force Majeure means the events which the parties hereto cannot foresee, avoid and surmount and which prevent, affect or delay either party hereto from and in performing all or part of its obligations in accordance with this Contract. Such event include but are not limited to earthquake, typhoon, flood, fire, other natural disaster, major infectious disease, war, riot, strike or other similar events, as well as policy factors such as the promulgation of new laws and regulations or the revision of the original laws and regulations.

15.2 如发生不可抗力事件，遭受该事件的一方应立即用可能的最快捷的方式通知其他方，并在15个工作日内提供证明文件说明有关事件的细节和不能履行或部分不能履行或需延迟履行本合同的原因，然后由双方协商延期履行或终止本合同。任何一方对因不可抗力导致的损失均不承担赔偿责任。

15.2 If an event of force majeure occurs, the party suffering from the event shall immediately notify the other party hereto by the fastest possible means, and provide supporting documents within 15 working days thereafter explaining the details of the event and the reasons why the performance of this Contract cannot be performed or partially performed or the performance of this Contract needs to be delayed, and then the parties hereto shall negotiate to postpone the performance of or terminate this Contract. Either party hereto shall not bear the liability for damage with respect to the losses caused by force majeure.

15.3 如发生不可抗力事件，遭受该事件的一方应立即采取适当的措施防止损失的扩火。没有采取适当措施致使损失扩大的，应对损失扩大的部分承担相应责任。

15.3 If an event of force majeure occurs, the party suffering from the event shall immediately take appropriate measures to prevent the aggravation of losses. If such party fails to do so, causing aggravation of the losses, it shall bear the corresponding liabilities for the part of the aggravated losses.

## 第 16 条 合同的生效、补充和变更

**Article 16 Effectiveness, Supplement and Change of Contract**

16.1 本合同经自然人转让方（回购方）签字、机构转让方（回购方）法定代表人（负责人）或授权代理人签字（或盖章）并加盖公章或合同专用章，并经受让方法定代表人（负责人）或授权代理人签字（或盖章）并加盖公章或合同专用章后生效。

16.1 This Contract shall come into effect after the Transferor (Buyback Party) (natural person) affixes his/her signature hereon, the legal representative (responsible person) or authorized agent of the Transferor (Buyback Party) (institution) affixes his/her signature (or seal) and the common seal or special seal for contract hereon, and the legal representative (responsible person) or authorized agent of the Transferee affixes his/her signature (or seal) and the common seal or special seal for contract hereon.

16.2 本合同生效后，双方可以在协商一致的基础上补充合同内容。若本合同规定与法律法规相悖时，应及时商签补充合同予以完善。

16.2 After this Contract comes into effect, the parties hereto may supplement the contents of this Contract upon agreement reached through consultation. If the provisions of this Contract are inconsistent with laws and regulations, the parties hereto shall sign a supplementary contract in a timely manner to perfect this Contract.

16.3 本合同生效后，合同条款的变更及补充必须经双方协商一致，采取书面形式并依照法律的规定办理好有关本合同及相关文件的批准、登记、备案手续。

16.3 After this Contract comes into effect, the modification and supplement of and to the terms of this Contract must be agreed by the parties hereto through consultation, and in written form. In addition, the procedures for approval, registration and filing of this Contract and

related documents shall be properly handled in accordance with the provisions of the law.

## 第 17 条 法律适用与争议解决

**Article 17 Applicable Law and Dispute Resolution**

17.1 本合同的订立、生效、解释、履行和争议的解决均适用中华人民共和国法律。

17.1. The formation of this Contract, its effectiveness, interpretation, performance and settlement of disputes in connection herewith shall be governed by the laws of the People's Republic of China.

17.2 如发生争议，双方应友好协商，未能协商一致的，任何一方均可向受让方住所地（即江西南昌）有管辖权的人民法院提起诉讼。与诉讼有关的所有费用包括但不限于诉讼费、执行费、律师代理费等均由败诉方承担，但法院判决另有规定的除外。在协商或诉讼期间，对于本合同不涉及争议部分的条款，双方仍须履行。

17.2 The parties hereto shall settle any dispute related to this Contract through friendly consultation. If no consensus can be reached through consultation, either party hereto may bring a lawsuit to the people's court with jurisdiction of the place where the Transferee is located (i.e. Nanchang, Jiangxi Province). All expenses related to the lawsuit, including but not limited to legal fees, enforcement fees and attorney's fees, shall be borne by the losing party, unless otherwise stipulated by the court judgment. During the negotiation or litigation period, the terms of this Contract that do not involve disputes shall still be performed by the parties hereto.

## 第 18 条 其他事项

Article 18 Miscellaneous

18.1 信托计划成立后，受让方以信托计划的受托人身份，而非以受让方固有财产所有人身份履行本合同。

18.1 After the Trust Scheme is established, the Transferee shall perform this Contract as trustee of the Trust Scheme, not as owner of the Transferee's inherent property.

18.2 本合同一式陆份，双方各持壹份，其余用于其它相关手续，每份具有同等法律效力。

18.2 This Contract is made in six counterparts, with each party hereto holding one counterpart and the rest used for handling other relevant formalities, and each counterpart shall have the same legal effect.

18.3 在签署本合同时，各当事人对合同的所有条款已经详细阅悉，均无异议，并对当事人之间的法律关系、有关权利、义务和责任的条款的法律含义有准确无误的理解。

18.3 At the time of signing this Contract, the parties hereto have read all the terms of this Contract in detail and have no objection, and have an accurate understanding of the legal relationship between the parties hereto and the legal meanings of the terms of this Contract related to rights, obligations and responsibilities.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

（以下无正文，签署页附后）

*(The remainder of this page is intentionally left blank, and the signature paged is attached hereto.)*

（本页为中航信托•天启（2017）99 号互联网电视股权收益权投资集合资金信托计划特定股权收益权转让与回购合同的签署页，无正文）

(This page is the signature of the Contract for Transfer and Buyback of Specific Equity Income Right under the AVIC Trust - Tianqi (2017) No. 99 Collective Fund Trust Scheme for Internet TV Equity Income Right Investment and has no text.)

转让方（回购方）：乐视控股（北京）有限公司（公章/合同专用章）

Transferor (Buyback Party): LeTV Holdings (Beijing) Limited (Common Seal/Special Seal for Contract)

法定代表人/负责人 或授权人（签章）

Legal Representative/Responsible Person or Authorized Person (Signature and Seal)

受让方：中航信托股份有限公司（公章/合同专用章）

Transferee: AVIC Trust Co., Ltd.  (Common Seal/Special Seal for Contract)

法定代表人或授权代表（签字或盖章）

Legal Representative or Authorized Representative (Signature or Seal):

签署日期：<u>2017</u>年<u>3</u>月<u>9</u>日

Date of Signature: October 9,  2017

签署地点：江西南昌

Place of Signature: Nanchang, Jiangxi



自然人保证合同

# 中航信托·天启（2017）99号互联网电视股权

## 收益权投资集合资金信托计划

## 自然人保证合同

合同编号：AVICTC2017X0264-5



保证人：贾跃亭

债权人：中航信托股份有限公司

中航信托
AVIC TRUST CO.,LTD

自然人保证合同

# 自 然 人 保 证 合 同

保证人：贾跃亭　　　　　　　　身份证号码：▇▇▇▇▇▇▇▇▇▇

住　　所：北京市东城区东直门外海盛名苑 T5-2001 室

邮政编码：100027　　　　　　　　联系电话：13331011101

传　真：010-59283480

电子邮箱：niechengzhi@le.com

**债权人：中航信托股份有限公司**

法定代表人：姚江涛

法定地址：江西省南昌市红谷滩新区赣江北大道 1 号中航广场 24/25 层

联系地址：江西省南昌市红谷滩新区赣江北大道 1 号中航广场 24/25 层

联 系 人：张超　　　　　　　　邮政编码：330038

联系电话：010-56823637　　　传　真：010-56823559

电子邮箱：zhangchao9466@163.com

鉴于：

1. 保证人系具有民事权利能力和民事行为能力的主体；债权人系经有权机构
批准并有效存续的非银行金融机构，拟作为受托人设立"中航信托·天启
（2017）99 号互联网电视股权收益权投资集合资金信托计划"（以下简称
"信托计划"）。

2. 作为信托计划项下的法律文件之一，乐视控股（北京）有限公司（以下称
"债务人"）与债权人签订了编号为 AVICTC2017X0264-2 的《中航信托·天
启（2017）99 号互联网电视股权收益权投资集合资金信托计划特定股权收
益权转让与回购合同》（以下称"主合同"）。为保证债权人实现主合同项
下的债权，保证人愿意为债务人提供连带责任保证。

3. 除非本合同另有规定，本合同中所用词语与信托计划项下的《信托合同》、
《信托计划说明书》等信托文件及主合同中的词语具有相同含义。

中航信托
AVIC TRUST CO.,LTD

自然人保证合同

　　根据《中华人民共和国担保法》、《中华人民共和国合同法》以及《中华人民共和国信托法》等法律、行政法规的规定，双方本着诚实信用、公平自愿的原则，就有关主合同的保证事宜，经充分友好协商，特签订本合同，以资遵照执行。

## 第1条 被担保的主债权

　　保证人所担保的主债权为债务人在主合同项下对债权人负有的支付特定股权收益权回购价款的义务（以下根据行文需要称为"**主债权**"或"**债务**"），具体数额及履行期限以主合同的约定为准。

## 第2条 保证范围

　　本合同的保证范围为债务人在主合同项下对债权人负有的全部债务，包括但不限于全部特定股权收益权回购基本价款和行权费（包括复利和罚息）、违约金、资金占用费、赔偿金、手续费、保险费及其他为签订或履行本合同而发生的费用、以及债权人为实现债权与担保权利而发生的费用（包括但不限于诉讼费、仲裁费、财产保全费、差旅费、执行费、评估费、拍卖费、公证费、送达费、公告费、律师费等）。

## 第3条 保证方式

　　保证人在本合同项下提供的保证为不可撤销的连带责任保证。

## 第4条 保证期间

4.1　自本合同生效之日起至主合同项下的债务履行期限届满之日后两年止。

4.2　如果主合同项下的债务分期履行的，则对于每期债务而言，保证期间均为最后一期债务履行期限届满之日后两年止。

4.3　如果主合同项下有多笔债务的，则对于每笔债务而言，保证期间均为履行期限最迟届至的一笔债务履行期限届满之日后两年止。

4.4　债务展期的，保证期间至展期协议重新约定的债务履行期限届满之日后两年止。

4.5　若债权人根据主合同约定宣布债务提前到期的，保证期间至债权人宣布的

中航信托
AVIC TRUST CO.,LTD

自然人保证合同

债务提前到期日后两年止。

## 第5条 保证合同的独立性

本合同的效力独立于主合同，主合同不成立、不生效、无效、部分无效或被撤销、被解除并不影响本合同的效力。如主合同被确认为不成立、不生效、无效、部分无效或被撤销、被解除的，则保证人对于债务人因返还财产或赔偿损失而形成的债务也承担连带责任。

## 第6条 主合同变更

6.1 如果债权人与债务人协议变更主合同条款（包括但不限于变更结算币种、还款方式、信托财产专用账户、结算账户、还款账户、起息（费）日、结息日（结算日）、在债务履行期限不延长的情况下债务履行期限的起始日或截止日的变更），保证人同意对变更后的主合同项下的债务承担连带保证责任。

6.2 未经保证人事先同意，债权人与债务人协议增加债权本金（基本价款）金额的，保证人仅依照本合同的约定对变更前的主合同项下的债务承担连带保证责任。

6.3 主合同债务人与债权人协议变更主合同的，在不增加保证人所担保的主债权数额的前提下，不必取得保证人同意，保证人不能因此变更而免除连带保证责任；若债权人与主合同债务人对主合同履行期限作出变动，则保证人的保证期间为自变更后的债务履行期限届满之日起两年。

6.4 保证人的保证责任不因出现下列任一情况而减免：

（1） 债权人或债务人发生改制、合并、兼并、分立、增减资本、合资、联营、更名等情形；

（2） 债权人委托第三方履行其在主合同项下的义务。

6.5 主合同项下债权或债务的转移行为未生效、无效、被撤销、被解除，保证人仍按照本合同对债权人承担连带保证责任。

## 第7条 保证责任

中航信托
AVIC TRUST CO.,LTD

自然人保证合同

7.1 如果主合同项下债务到期或者债权人根据主合同的约定或法律规定宣布债务提前到期，债务人未按时足额履行，或者债务人违反主合同的其他约定，保证人应在保证范围内承担保证责任。

7.2 无论债权人对主合同项下的债权是否拥有其他担保（包括但不限于保证、抵押、质押、保函、备用信用证等担保方式），不论上述其他担保何时成立、是否有效、债权人是否向其他担保人提出权利主张，也不论是否有第三方同意承担主合同项下的全部或部分债务，也不论其他担保是否由债务人自己所提供，保证人在本合同项下的保证责任均不因此减免，债权人均可直接要求保证人依照本合同约定在其保证范围内承担保证责任，保证人将不提出任何异议。

7.3 无论债权人过去、现在或将来是否已经、将要或可能放弃（包括但不限于放弃抵押权或其他担保权利、放弃抵押权或其他担保权利的顺位）、变更（包括但不限于变更抵押权或其他担保权利的顺位、担保金额或范围）、减免债务人或任何第三方过去、现在或将来已经、将要或可能提供的任何抵押权、质权或保证或其他任何形式的担保，保证人的保证责任均不因此而减少或免除，保证人承诺仍然按照本合同的规定提供担保。

7.4 任何情况下，保证人不得以其或第三方已远期受让标的股权、标的股权价格过低或过高、标的股权未予交付等原因拒绝或迟延履行本协议项下的保证责任。如果融创房地产集团有限公司已依据编号为"AVICTC2017X0264-3"《中航信托·天启（2017）99号互联网电视股权收益权投资集合资金信托计划股权远期受让协议》的约定向债权人支付了相应款项（"已付款项"），则保证人仅需就主债权减去已付款项后的剩余金额向债权人承担保证责任。

7.5 如果保证人只对主合同项下的部分债务提供保证，则保证人同意，即使因债务人清偿、债权人实现其他担保权利或任何其他原因导致主合同项下的债务部分消灭，保证人仍应按照本合同的约定在保证范围内对尚未消灭的债务承担保证责任。

7.6 如果保证人只为主合同项下的部分债务提供保证，在其承担保证责任后主

中航信托
AVIC TRUST CO.,LTD

自然人保证合同

合同项下的债务仍未获完全清偿，则保证人承诺，其向债务人或其他担保人主张（包括预先行使）代位权或追偿权时，不应使债权人利益受到任何损害，并同意主合同项下债务的清偿优先于保证人代位权或追偿权的实现。具体而言，在债权人债权未被全部清偿前，

(1) 保证人同意不向债务人或其他担保人主张代位权或追偿权；如因任何原因，保证人实现了上述权利，则应将所获款项优先用于清偿债权人尚未获偿的债权；

(2) 主合同项下的债务如有物的担保，保证人同意不以行使代位权为由或任何其他原因对该担保物或其处分后所得价款提出权利主张，上述担保物及所得价款应优先用于清偿债权人尚未获偿的债权；

(3) 若债务人或其他担保人为保证人提供了反担保，则保证人基于上述反担保而获得的款项应优先用于清偿债权人尚未获偿的债权。

7.7  对于保证人为履行本合同项下的责任而向债权人支付的任何款项，债权人有权按下列顺序清偿：

(1) 实现债权和担保权利之费用；

(2) 损害赔偿金；

(3) 违约金；

(4) 逾期利息和罚息；

(5) 利息（行权费、资金占用费）；

(6) 本金（基本价款）。

债权人有权变更上述顺序。

7.8  若保证人未按约定履行本合同项下责任时，债权人有权：

(1) 对合法占有和管理的保证人财产或财产权利行使处分权利以用于清偿债权；

(2) 通过其他合法途径向保证人继续追偿。

## 第8条 保证人声明与承诺

8.1  保证人保证其具有签订和履行本合同所必需的民事权利能力和民事行为能力，能独立承担民事责任。

中航信托
AVIC TRUST CO.,LTD

自然人保证合同

8.2 保证人知悉并同意主合同的全部条款，自愿为主合同债务人提供担保，其在本合同项下的全部意思表示真实。

8.3 保证人所提供的担保为独立担保，如有第三人亦为主合同债务人履行主合同提供担保，保证人仍然承担全部担保责任。

8.4 保证期间，若债权人将主合同项下的主债权转让给第三人的，无需征得保证人同意，保证人承诺继续承担保证责任。

8.5 保证人保证向债权人提供的有关其资信情况说明、财务报表或其他资料真实有效。

8.6 主合同债务人未依约清偿债务（包括主合同约定的提前到期的情形），债权人要求保证人承担保证责任的，保证人在接到债权人书面通知之日应立即代为清偿主合同项下的债务。

8.7 在本合同有效期内，如果保证人再为其它第三方提供担保的，不得损害债权人的利益。

8.8 在本合同有效期内，保证人发生以下事项时，应于事项决定或发生后三个工作日内书面通知债权人：

　　（1）保证人及其拥有的资产发生清算、解散、破产、兼并、重大涉诉或被施以强制措施时。

8.9 出现下列情形之一的，债权人有权宣布主合同项下一项或多项债务提前到期，并要求保证人承担连带保证责任：

　　（1）债务人未按主合同履行到期义务或履行主合同项下的任一义务的；

　　（2）债务人或保证人经营状况严重恶化，或丧失商业信誉；

　　（3）债务人依法被宣告解散、撤销、破产、兼并、涉诉或自行解散；

　　（4）债务人或保证人的重要财产被施以强制措施；

　　（5）债务人或保证人违背所作声明与承诺，或不履行本合同约定其他义务；

　　（6）债务人或保证人作出其他侵犯债权人合法权益的行为，影响债权人按期足额收回债权；

　　（7）出现使债权人债权难以实现或无法实现的其他情况。

8.10 保证人应如实向债权人提供其财产情况和个人信用等有关资料，并保证上

中航信托
AVIC TRUST CO.,LTD

自然人保证合同

述资料的准确、真实、完整与有效性。

8.11 保证人发生国籍变更财务状况严重恶化，或者已丧失担保能力，应立即书面通知债权人，并按照债权人要求落实本合同项下保证责任的承担、转移或承继，或者为主合同的履行提供令债权人满意的新担保。

## 第9条 债务人的解散或破产

9.1 保证人知道债务人进入解散或破产程序后，应当立即通知债权人申报债权，同时自己应及时参加解散或破产程序，预先行使追偿权。保证人知道或者应当知道债务人进入解散或破产程序，但未能及时预先行使追偿权的，其损失由保证人自行承担。

9.2 尽管有本合同第 9.1 条及第 13.2 条的约定，在债务人破产程序中，如果债权人与债务人达成和解协议，或者同意重整计划，本合同项下债权人的权利不因和解协议或重整计划而受到损害，保证人的保证责任不予以减免。保证人不得以和解协议、重整计划规定的条件对抗债权人的权利主张。债权人在和解协议、重整计划中对债务人作出让步而未能获得清偿的债权部分，仍有权要求保证人继续予以清偿。

## 第10条 违约责任

10.1 本合同生效后，保证人、债权人双方均应履行本合同约定的义务，任何一方不履行或不完全履行本合同所约定义务的，应当承担相应的违约责任，并赔偿由此给对方造成的损失。

10.2 保证人违约，债权人有权采取下列一项或几项措施：

　　（1）要求保证人限期纠正违约；

　　（2）宣布主债务履行期限提前届满，要求保证人承担连带保证责任；

　　（3）依法撤销保证人损害债权人利益的行为；

　　（4）以法律手段追究保证人的违约责任。

## 第11条 公证（本条不适用）

中航信托
AVIC TRUST CO.,LTD

自然人保证合同

11.1 保证人、债权人双方应在本合同签订后十日内到债权人指定的公证机关对本合同申请进行赋予强制执行效力的债权文书公证。相关公证费用由保证人承担。

11.2 保证人、债权人双方在此确认，双方对本合同中有关保证人的义务的约定无疑义。保证人对赋予强制执行效力公证的含义、内容、程序、效力等完全明确了解。保证人并承诺其不履行本协议中约定的义务或不完全履行义务时，保证人愿意接受强制执行。根据债权人的申请，公证机关可以签发执行证书，保证人愿意接受人民法院的强制执行。

11.3 一旦发生任何违约事件，本合同项下的担保权即立刻具有可执行性。当本合同项下的担保权根据本合同的约定具有可执行性后的任何时间，保证人不再有权且不得行使、执行与担保权有关的任何权利、裁量权或救济权，而债权人有权在法律允许的范围内以其认为适当的任何方式行使、实现担保权。

11.4 为使债权人能够实现担保权，保证人应当采取债权人可能要求的所有合法且适当的行动。为债权人根据本合同的约定实现担保权之目的，保证人应签署所有该等协议、通知、授权、指示、承诺及其他文件并采取债权人可能要求的所有行动。

11.5 在担保权具有可执行性之时及之后，债权人可以保证人的名义（或在法律允许的范围内，以债权人的名义），行使与保证人有关的权力和权利，以及行使相关的任何追索权和受偿权；保证人在此不可撤销地授权债权人行使上述权利。

11.6 债权人、保证人双方确认，关于强制执行的约定优先于本合同第 16.2 条的规定执行。

### 第12条 债权人记录的证据效力

除非有可靠、确定的相反证据，债权人有关本金（基本价款、主价款）、利息、行权费、资金占用费、其它费用和还款记录等内容的内部账务记载，债权人制作或保留的债务人办理提款、还款、支付利息、费用等业务过程中发生的单据、凭证及债权人催收的记录、凭证，均构成有效证明主合同

中航信托
AVIC TRUST CO.,LTD.

自然人保证合同

项下债权关系的确定证据。保证人不能仅因为上述记录、记载、单据、凭证系由债权人单方制作或保留而提出异议。

## 第13条 权利保留

13.1 债权人在本合同项下的权利并不影响和排除其根据法律、法规和其它合同所享有的任何权利。任何对违约或延误行为施以任何宽容、宽限、优惠或延缓行使本合同项下的任何权利，均不能视为对本合同项下权利、权益的放弃或对任何违反本合同行为的许可或认可，也不影响、阻止和妨碍对该权利的继续行使或对其任何其它权利的行使，也不因此导致债权人对保证人承担义务和责任。

13.2 即使债权人不行使或延缓行使主合同项下的任何权利或未用尽主合同项下的任何救济，保证人在本合同项下的保证责任并不因此减免，但是债权人若减免主合同项下债务，保证人在本合同项下的保证责任相应减免。

## 第14条 通知和送达

14.1 双方之间的一切商业文件信函、通知和诉讼文书均以书面形式作为最终的送达方式，可由专人递送、挂号信邮递、特快专递等方式送达，传真可作为辅助送达方式，但事后应以上述约定方式补充送达。

14.2 商业文件信函、通知和诉讼文书在下列日期视为送达被通知方：

    （1）专人递送：通知方取得的被通知方签收单所示日；

    （2）挂号信邮递：发出通知方持有的国内挂号函件收据所示日后第 5 日；

    （3）特快专递：发出通知方持有的发送凭证上邮戳日起第 4 日；

    （4）传真：收到成功发送确认后的当日。

14.3 联系地址和联系方式。合同各方一致确认本合同首部中记载的各方联系地址和联系方式为各方履行合同、解决合同争议时向其他方送交商业文件函信、通知或司法机关（法院、仲裁机构）向各方送达诉讼、仲裁文书的地址和联系方式。

14.4 联系地址和联系方式适用期间。本合同首部中记载的各方联系地址和联系方式适用至本合同履行完毕或争议经过一审、二审至案件执行终结时止，

中航信托
AVIC TRUST CO.,LTD                              自然人保证合同

除非各方依下款告知变更。

14.5 联系地址和联系方式的变更。任何一方联系地址和联系方式需要变更的，
应提前五个工作日向合同其他方和司法机关送交书面变更告知函（若争议
已经进入司法程序解决）。

14.6 **承诺。合同各方均承诺：本合同首部中填写的各方联系地址和联系方式真
实有效，如填写错误或未填写，导致的商业信函、通知和诉讼文书送达不
能的法律后果由自己承担。**

14.7 **风险提示。** 合同各方均明知：**因各方提供的联系地址不准确，地址变更后
未及时告知各方和司法机关，导致商业文件信函、通知和诉讼文书未能被
实际接收的，直接送达的可以适用留置送达或送达人当场记明情况即为送
达，邮寄送达的文书退回之日视为送达之日。**

## 第15条 保密

15.1 本合同双方同意，对其中一方或其代表提供给另一方的有关本合同及各方
签署的本合同项下交易的所有重要方面的信息及/或本合同所含信息（不
包括有证据证明是经正当授权的第三方收到、披露或公开的信息）予以保
密。

15.2 未经对方书面同意，不向任何其他方披露此类信息（不包括与本合同拟议
之交易有关而需要获知以上信息的披露方的雇员、高级职员和董事），但
以下情况除外：

　　（1）为进行本合同拟议之交易而向投资者披露；

　　（2）向与本交易有关而需要获知以上信息并受保密合同约束的律师、会
计师、顾问和咨询人员披露；

　　（3）根据适用的法律法规的要求，向中国的有关政府部门或者管理机构
披露。

15.3 在任何情形下，本条所规定的保密义务应永久持续有效。

## 第16条 法律适用与争议解决

16.1 本合同的订立、生效、解释、履行和争议的解决均适用中华人民共和国法

中航信托
AVIC TRUST CO.LTD

自然人保证合同

律。

16.2 如发生争议，双方应友好协商，未能协商一致的，任何一方均可向债权人住所地（即江西南昌）有管辖权的人民法院提起诉讼。与诉讼有关的所有费用包括但不限于诉讼费、执行费、律师代理费等均由败诉方承担，但法院判决另有规定的除外。在协商或诉讼期间，对于本合同不涉及争议部分的条款，双方仍须履行。

## 第17条 其他条款

17.1 信托计划成立后，债权人以信托计划的受托人身份签订和履行本合同。

17.2 保证人信息的使用

保证人同意债权人向中国人民银行个人信用信息基础数据库及信贷征信主管部门批准建立的个人信用数据库或有关单位、部门及个人查询保证人的信用状况，查询获得的信用报告限用于中国人民银行颁布的《个人信用信息基础数据库管理暂行办法》规定用途。保证人还同意债权人将保证人信用信息提供给中国人民银行个人信用信息基础数据库及信贷征信主管部门批准建立的个人信用数据库。保证人并同意，债权人为业务需要也可以合理使用并披露保证人信息。

17.3 公告催收

对保证人的违约情形，债权人有权向有关部门或单位予以通报。

17.4 可分割性

本合同的任何条款无论因任何原因无效、被撤销或者失去强制性，不影响本合同其他条款的有效性，双方应当继续履行本合同的其他条款。

17.5 合同生效条件

本合同经债权人法定代表人（负责人）或授权代理人签字（或盖章）并加盖公章或合同专用章，且保证人签字并捺手印后生效。

17.6 合同一式贰份，双方各执贰份，其余用于办理各项手续，每份法律效力相同。

17.7 在签署本合同时，各当事人对本合同的所有条款已经详细阅悉，均无异议，并对当事人之间的法律关系、有关权利、义务和责任的条款的法律含义有



自然人保证合同

准确无误的理解。

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*（以下无正文，签字页附后）*




中航信托
AVIC TRUST CO.,LTD

自然人保证合同

（本页为中航信托·天启（2017）99号互联网电视股权收益权投资集合资
金信托计划自然人保证合同的签署页，无正文）

保证人：＿＿＿＿＿＿＿＿＿＿＿（签字并摁手印）

债权人：中航信托股份有限公司（公章/合同专用章）

法定代表人（或委托代理人）：（签字或签章）

签署日期：2017年 3 月 9 日

签署地点：江西南昌

# 中航信托•天启(2017) 99 号互联网电视股权收益权投资集合资金信托计划

## AVIC Trust - Tianqi (2017) No. 99 Collective Fund Trust Scheme for Internet TV Equity Income Right Investment

# 自然人保证合同

## Contract of Guarantee by Natural Person

合同编号：AVICTC2017X0264-5

Contract Number: AVICTC2017X0264-5

保证人：贾跃亭

债权人：中航信托股份有限公司

**Guarantor: Jia Yueting**

**Creditor: AVIC Trust Co., Ltd.**

# 自然人保证合同

## Contract of Guarantee by Natural Person

**保证人：贾跃亭**　　　　　　　身份证号码▉▉▉▉▉▉▉▉▉
住　所：北京市东城区东直门外海盛名苑 T5-2001 室
邮政编码：100027　　　　　　联系电话：13331011101
传　真：010-59283480
电子邮箱：niechengzhi@le.com
**债权人：中航信托股份有限公司**
法定代表人：姚江涛
法定地址：江西省南昌市红谷滩新区赣江北大道 1 号中航广场 24/25 层
联系地址：江西省南昌市红谷滩新区赣江北大道 1 号中航广场 24/25 层
联系人：张超　　　　　　　　邮政编码：330038
联系电话：010-56823637　　传　真：010-56823559
电子邮箱：zhangchao9466@163.com

**Guarantor: Jia Yueting**　　　　　ID Card No.▉▉▉▉▉▉▉
Address: Room T5-2001, Haisheng Mingyuan, Dongzhimenwai, Dongcheng District, Beijing
Postal Code: 100027　　　Contact Number: 13331011101
Fax: 010 -59283480
E-mail: niechengzhi@le.com

**Creditor: AVIC Trust Co., Ltd.**

Legal Representative: Yao Jiangtao

Registered Address: Floor 24/25, AVIC Square, No.1 Ganjiang North Avenue, Honggutan New Area, Nanchang City, Jiangxi Province

Contact Address: Floor 24/25, AVIC Square, No.1 Ganjiang North Avenue, Honggutan New Area, Nanchang City, Jiangxi Province

Contact Person: Zhang Chao　　　Postal Code:330038

Contact Number: 010-56823637　　Fax: 010-56823559

E-mail: zhangchao9466@163.com

鉴于：

WHEREAS:

1. 保证人系具有民事权利能力和民事行为能力的主体；债权人系经有权机构批准并有效存续的非银行金融机构，拟作为受托人设立"中航信托•天启（2017）99 号互联网电视股权收益权投资集合资金信托计划"（以下简称"信托计划"）。

1. The Guarantor is an entity with the capacity for civil rights and the capacity for civil conduct. The Creditor is a non-bank financial institution approved by competent authorities and effectively existing. The Creditor intends to setup the *AVIC Trust - Tianqi (2017) No. 99 Collective Fund Trust Scheme for Internet TV Equity Income*

*Right Investment* (the "Trust Scheme") as trustee.

2.  作为信托计划项下的法律文件之一，乐视控股（北京）有限公司（以下称"债务人"）与债权人签订了编号为 AVICTC2017X0264-2 的《中航信托•天 启（2017） 99 号互联网电视股权收益权投资集合资金信托计划特定股权收益权转让与回购合同》（以下称"主合同"）。为保证债权人实现主合同项下的债权，保证人愿意为债务人提供连带责任保证。

2. As one of the legal documents under the Trust Scheme, LeTV Holdings (Beijing) Limited (the "Debtor") and the Creditor signed the *Contract for the Transfer and Buyback of Specific Equity Income Right of AVIC Trust - Tianqi (2017) No. 99 Collective Fund Trust Scheme for Internet TV Equity Income Right Investment* (No. AVICTC2017X0264-2) (the "Master Contract "). In order to ensure that the Creditor can realize the creditor's right under the Master Contract, the Guarantor is willing to provide joint and several liability guarantee for the Debtor.

3.  除非本合同另有规定，本合同中所用词语与信托计划项下的《信托合同》、《信托计划说明书》等信托文件及主合同中的词语具有相同含义。

3. Unless otherwise specified in this Contract, the words used herein shall have the meanings ascribed to those words in the Trust Contract, the Trust Scheme Description and other trust documents under the Trust Scheme and the Master Contract.

根据《中华人民共和国担保法》、《中华人民共和国合同法》以及《中华人民共和国信托法》等法律、行政法规的规定，双方本着诚实信用、公平自愿的原则，就有关主合同的保证事宜，经充分友好协商，特签订本合同，以资遵照执行。

NOW, THEREFORE, in accordance with the provisions of the Guarantee Law of the People's Republic of China, the Contract Law of the People's Republic of China and the Trust Law of the People's Republic of China as well as other laws and administrative regulations,   based on the principles of good faith, fairness and voluntariness, and through full and friendly consultation, the parties hereto, intending to be legally bound, enter into this Contract with respect to the guarantee matters related to the Master Contract.

## 第1条　被担保的主债权
## Article 1 Guaranteed Principal Creditor's Right

保证人所担保的主债权为债务人在主合同项下对债权人负有的支付特定股权收益权回购价款的义务（以下根据行文需要称为"主债权"或"债务"），具体数额及履行期限以主合同的约定为准。

The Principal Creditor's Right guaranteed by the Guarantor is the obligation of the Debtor to the Creditor to pay the buyback price for the specific equity income right under the Master Contract (the "Principal Creditor's Right" or "Debt(s)" depending upon the context). The specific amount and performance period of the Principal Creditor's Right shall be subject to the provisions of the Master Contract.

## 第2条　保证范围

**Article 2 Guarantee Scope**

本合同的保证范围为债务人在主合同项下对债权人负有的全部债务，包括但不限于全部特定股权收益权回购基本价款和行权费（包括复利和罚息）、 违约金、资金占用费、赔偿金、手续费、保险费及其他为签订或履行本合同而发生的费用、以及债权人为实现债权与担保权利而发生的费用（包括但不限于诉讼费、仲裁费、财产保全费、差旅费、执行费、评估费、拍卖费、公证费、送达费、公告费、律师费等）。

The guarantee scope under this Contract covers all Debts owed by the Debtor to the Creditor under the Master Contract, including but not limited to the basic price for buyback of all the specific equity income right and the exercise fee (including compound interest and penalty interest), liquidated damages, fund occupation fees, compensation, handling fees, insurance fees and other expenses incurred for the purpose of signing or performing this Contract, as well as the expenses incurred by the Creditor for the purpose of realizing the creditor's right and the guarantee right (including but not limited to legal fees, arbitration fees, property preservation fees, travel expenses, enforcement fees, assessment fees, auction fees, notarial fees, service fees, announcement fees, attorney's fees, etc.).

## 第3条    保证方式
**Article 3 Guarantee Method**

保证人在本合同项下提供的保证为不可撤销的连带责任保证。

The guarantee provided by the Guarantor hereunder is an irrevocable joint and several liability guarantee.

## 第4条    保证期间
**Article 4 Guarantee Period**

4.1  自本合同生效之日起至主合同项下的债务履行期限届满之日后两年止。

4.1 The guarantee period shall commence on the Effective Date hereof and end two years after the expiration of the performance period of the Debts under the Master Contract.

4.2  如果主合同项下的债务分期履行的，则对于每期债务而言，保证期间均为最后一期债务履行期限届满之日后两年止。

4.2 If the Debts under the Master Contract are performed in installments, for each installment of Debts, the guarantee period shall end two years after the expiration of the last installment of Debts.

4.3  如果主合同项下有多笔债务的，则对于每笔债务而言，保证期间均为履行期限最迟届至的一笔债务履行期限届满之日后两年止。

4.2 If the Debts under the Master Contract are performed in installments, for each installment of Debts, the guarantee period shall end two years after the expiration of the last installment of Debts.

4.4  债务展期的，保证期间至展期协议重新约定的债务履行期限届满之日后两年止。

4.4 If the performance period of the Debts is extended, the guarantee period shall end two years after the expiration of the performance period of the Debts specified in the

extension agreement.

4.5 若债权人根据主合同约定宣布债务提前到期的，保证期间至债权人宣布的债务提前到期日后两年止。

4.5 If the Creditor announces according to the provisions of the Master Contract that the Debts expire ahead of schedule, the guarantee period shall end two years after the early expiration date of the Debts announced by the Creditor.

## 第5条　保证合同的独立性
**Article 5 Independence**

本合同的效力独立于主合同，主合同不成立、不生效、无效、部分无效或被撤销、被解除并不影响本合同的效力。如主合同被确认为不成立、不生效、无效、部分无效或被撤销、被解除的，则保证人对于债务人因返还财产或赔偿损失而形成的债务也承担连带责任。

The validity of this Contract is independent of that of the Master Contract. If the Master Contract is not formed, not effective, invalid, partially invalid or cancelled, the validity of this Contract shall not be affected thereby. If the Master Contract is confirmed as not formed, or to be ineffective, invalid, partially invalid or cancelled, or rescinded, the Guarantor shall also bear joint and several liabilities for the Debts incurred by the debtor due to return of property or compensation for losses.

## 第6条　主合同变更
**Article 6 Change of the Master Contract**

6.1 如果债权人与债务人协议变更主合同条款（包括但不限于变更结算币种、还款方式、信托财产专用账户、结算账户、还款账户、起息（费）日、结息日（结算日）、在债务履行期限不延长的情况下债务履行期限的起始日或截止日的变更），保证人同意对变更后的主合同项下的债务承担连带保证责任。

6.1 If the Creditor and the Debtor change the terms of the Master Contract by signing an agreement (including but not limited to the changes of settlement currency, repayment method, special account for trust property, settlement account, repayment account, interest (fee) calculation date, interest settlement date (settlement date), and the starting date or ending date of the performance period of the Debts under the condition that the performance period of the Debts is not extended), the Guarantor agrees to bear joint and several guarantee liabilities for the Debts under the changed Master Contract.

6.2 未经保证人事先同意，债权人与债务人协议增加债权本金（基本价款）金额的，保证人仅依照本合同的约定对变更前的主合同项下的债务承担连带保证责任。

6.2 If the Creditor and the Debtor increase the amount of the principal (the "Basic Price") of the creditor's right by signing an agreement without the prior consent of the Guarantor, the Guarantor shall, only in accordance with the provisions hereof, bear joint and several guarantee liabilities for the Debts under the Master Contract prior to the change.

6.3 主合同债务人与债权人协议变更主合同的，在不增加保证人所担保的主债权数额的前提下，不必取得保证人同意，保证人不能因此变更而免除连带保证责任；若债权人与主合同债务人对主合同履行期限作出变动，则保证人的保证期间为自

变更后的债务履行期限届满之日起两年。

6.3 If the Debtor to the Master Contract and the Creditor change the Master Contract by signing an agreement, the consent of the Guarantor does not need to be obtained on the premise of not increasing the amount of the Principal Creditor's Right guaranteed by the Guarantor, and the Guarantor shall not be exempted from joint and several guarantee liabilities due to such change. If the Creditor and the Debtor to the Master Contract change the performance period of the Master Contract, the Guarantor's guarantee period shall end two years after the expiration of the changed performance period of the Debts.

6.4 保证人的保证责任不因出现下列任一情况而减免：

6.4 The Guarantor's guarantee liability shall not be reduced or exempted due to any of the following circumstances:

（1）  债权人或债务人发生改制、合并、兼并、分立、增减资本、合资、 联营、更名等情形；

(1) If the Creditor or the Debtor undergoes restructuring, consolidation, merger, division, capital increase or decrease, joint venture, joint operation, name change, etc.; or

（2）  债权人委托第三方履行其在主合同项下的义务。

(2) If the Creditor entrusts a third party to perform its obligations under the Master Contract.

6.5 主合同项下债权或债务的转移行为未生效、无效、被撤销、被解除，保证人仍按照本合同对债权人承担连带保证责任。

6.5 If the transfer of the creditor's right or Debts under the Master Contract is not effective, invalid, cancelled or rescinded, the Guarantor shall still bear joint and several guarantee liabilities to the Creditor in accordance with this Contract.

## 第7条  保证责任
## Article 7 Guarantee Liability

7.1 如果主合同项下债务到期或者债权人根据主合同的约定或法律规定宣布债务提前到期，债务人未按时足额履行，或者债务人违反主合同的其他约 定，保证人应在保证范围内承担保证责任。

7.1 If the Debts under the Master Contract expires or the Creditor announces according to the provisions of the Master Contract or laws that the Debts expire ahead of schedule, and if the Debtor fails to perform the Debts in full and on time, or the Debtor violates other provisions of the Master Contract, the Guarantor shall bear the guarantee liability within the guarantee scope.

7.2 无论债权人对主合同项下的债权是否拥有其他担保（包括但不限于保证、抵押、质押、保函、备用信用证等担保方式），不论上述其他担保何时成立、是否有效、债权人是否向其他担保人提出权利主张，也不论是否有第三方同意承担主合同项下的全部或部分债务，也不论其他担保是否由债务人自己所提供，保证人在本合同项下的保证责任均不因此减免，债权人均可直接要求保证人依照本合同约定在其保证范围内承担保证责任，保证人将不提出任何异议。

7.2 The Guarantor's guarantee liability hereunder shall not be reduced or exempted, the Creditor may directly require the Guarantor to bear the guarantee liability within

his guarantee scope in accordance with the provisions of this Contract, and the Guarantor will not raise any objection, regardless of whether the Creditor has other guarantees (including but not limited to warranty, mortgage, pledge, letter of guarantee, standby letters of credit, etc.) against the creditor's right under the Master Contract, regardless of the formation time and the validity of the above other guarantees, regardless of whether the Creditor makes claims against other guarantors, regardless of whether a third party agrees to assume all or part of the Debts under the Master Contract, or regardless of whether other guarantees are provided by the Debtor itself.

7.3 无论债权人过去、现在或将来是否已经、将要或可能放弃（包括但不限于放弃抵押权或其他担保权利、放弃抵押权或其他担保权利的顺位）、变更（包括但不限于变更抵押权或其他担保权利的顺位、担保金额或范围）、减免债务人或任何第三方过去、现在或将来已经、将要或可能提供的任何抵押权、质权或保证或其他任何形式的担保，保证人的保证责任均不因此而减少或免除，保证人承诺仍然按照本合同的规定提供担保。

7.3 The Guarantor's guarantee liability shall not be reduced or exempted, regardless of whether the Creditor has waived, will waive or may waive (including but not limited to waiving the mortgage right or other guarantee rights, or the priority order of the mortgage right or other guarantee rights), changes (including but not limited to changing the priority order, guarantee amount or guarantee scope of the mortgage right or other guarantee rights), or reduces or exempts any mortgage right, pledge right or warranty or any other form of guarantees that the Debtor or any third party has provided, will provide or may provide in the past, at present or in the future. The Guarantor undertakes to still provide the guarantee in accordance with the provisions hereof.

7.4 任何情况下，保证人不得以其或第三方已远期受让标的股权、标的股权价格过低或过高、标的股权未予交付等原因拒绝或迟延履行本协议项下的保证责任。如果融创房地产集团有限公司已依据编号为"AVICTC2017X0264-3"《中航信托•天启（2017）99号互联网电视股权收益权投资集合资金信托计划股权远期受让协议》的约定向债权人支付了相应款项（"已付款项"），则保证人仅需就主债权减去已付款项后的剩余金额向债权人承担保证责任。

7.4 In no event shall the Guarantor refuse to perform or delay in performing the guaranty liability hereunder on the grounds that he or a third party has forward accepted the target equities, the price of the target equities is too low or too high, the target equities have not been delivered, etc. If Sunac Real Estate Group Co., Ltd. has paid the corresponding amount (the "Paid Amount") to the Creditor according to the provisions of the Agreement on Forward Acceptance of the Equities under the AVIC Trust - Tianqi (2017) No. 99 Collective Fund Trust Scheme for Internet TV Equity Income Right Investment (Agreement No.: AVICTC2017X0264-3), the Guarantor only needs to bear the guarantee liability to the Creditor for the Principle Creditor's Right less the Paid Amount.

7.5 如果保证人只对主合同项下的部分债务提供保证，则保证人同意，即使因债务人清偿、债权人实现其他担保权利或任何其他原因导致主合同项下的债务部分消灭，保证人仍应按照本合同的约定在保证范围内对尚未消灭的债务承担保证责

自然人保证合同
Contract of Guarantee by Natural Person

任。

7.5 If the Guarantor provides guarantee only for part of the Debts under the Master Contract, the Guarantor agrees that even if the Debts under the Master Contract are partially extinguished due to the repayment by the Debtor, the realization of other guarantee rights by the Creditor or any other reasons, the Guarantor shall still, within the guarantee scope according to the provision hereof, bear the guarantee liability for the Debts that have not been extinguished.

7.6 如果保证人只为主合同项下的部分债务提供保证，在其承担保证责任后主合同项下的债务仍未获完全清偿，则保证人承诺，其向债务人或其他担保人主张(包括预先行使代位权或追偿权时，不应使债权人利益受到任何损害，并同意主合同项下债务的清偿优先于保证人代位权或追偿权的实现。具体而言，在债权人债权未被全部清偿前，

7.6 If the Guarantor provides guarantee only for part of the Debts under the Master Contract and if   the Debts under the Master Contract have not been fully repaid after he perform the guarantee liability, the Guarantor undertakes that he shall not cause any damage to the interests of Creditors when he claims (including claiming in advance) the subrogation or recovery right against the Debtor or other guarantors, and agrees that the repayment of Debts under the Master Contract shall have priority over the realization of the subrogation or recovery right of the Guarantor.

Specifically, before the creditor's right of the Creditor is fully paid off,

(1) 保证人同意不向债务人或其他担保人主张代位权或追偿权；如因任何原因，保证人实现了上述权利，则应将所获款项优先用于清偿债权人尚未获偿的债权；

(1) the Guarantor agrees not to claim the subrogation or recovery right against the Debtor or other Guarantors; if the Guarantor realizes the above rights for any reason, the money obtained therefrom shall be preferentially used to pay off the creditor's right that has not yet been repaid to the Creditor.

(2) 主合同项下的债务如有物的担保，保证人同意不以行使代位权为由或任何其他原因对该担保物或其处分后所得价款提出权利主张，上述担保物及所得价款应优先用于清偿债权人尚未获偿的债权；

(2) If the Debts under the Master Contract are guaranteed by the collateral, the Guarantor agrees not to claim the collateral or the price obtained from the disposition thereof on the ground of subrogation or for any other reason, and the above collateral and the price shall be preferentially used to pay off the creditor's right that has not yet been repaid to the Creditor.

(3) 若债务人或其他担保人为保证人提供了反担保，则保证人基于上述反担保而获得的款项应优先用于清偿债权人尚未获偿的债权。

(3) if the Debtor or another guarantor provides counter guarantee for the Guarantor, the money obtained by the Guarantor based on the above counter guarantee shall be preferentially used to pay off the creditor's right that has not yet been repaid to the Creditor.

7.7 对于保证人为履行本合同项下的责任而向债权人支付的任何款项，债权人有权按下列顺序清偿：

7.7 The Creditor shall have the right to obtain any sum paid by the Guarantor to the Creditor in order to fulfill his responsibilities hereunder in the following order:

(1) 实现债权和担保权利之费用；

(2) 损害赔偿金；

(3) 违约金；

(4) 逾期利息和罚息；

(5) 利息(行权费、资金占用费)；

(6) 本金(基本价款)。

(1) fees for realizing the creditor's right and the guarantee right;

(2) damages;

(3) liquidated damages;

(4) overdue interest and penalty interest;

(5) interest (exercise fees and fund occupation fees);

(6) principal (Basic Price).

债权人有权变更上述顺序。

The Creditor shall have the right to change the above order.

7.8 若保证人未按约定履行本合同项下责任时，债权人有权：

(1)对合法占有和管理的保证人财产或财产权利行使处分权利以用于 清偿债权；

(2) 通过其他合法途径向保证人继续追偿。

7.8 If the Guarantor fails to perform his responsibilities hereunder as agreed, the Creditor shall have the right to:

(1) exercise the right to dispose of the Guarantor's property or property rights that are lawfully possessed and managed by the Creditor so as to pay off the creditor's right;

(2) continue to exercise the recovery right    against the Guarantor through other legal channels.


## 第8条    保证人声明与承诺
## Article 8 Representations and Undertakings of the Guarantor

8.1 保证人保证其具有签订和履行本合同所必需的民事权利能力和民事行为能力，能独立承担民事责任。

8.1 The Guarantor warrants that he has the necessary capacity for civil rights and capacity for civil conduct to sign and perform this Contract, and can independently bear civil liabilities.

8.2 保证人知悉并同意主合同的全部条款，自愿为主合同债务人提供担保，其在本合同项下的全部意思表示真实。

8.2 The Guarantor knows and agrees to all the terms of the Master Contract and voluntarily provides the guarantee to the Debtor to the Master Contract. All the intentions of the Guarantor hereunder are true.

8.3 保证人所提供的担保为独立担保，如有第三人亦为主合同债务人履行主合同提供担保，保证人仍然承担全部担保责任。

8.3 The guarantee provided by the Guarantor is an independent guarantee. If a third person also provides a guarantee for the Debtor to the Master Contract to perform the Master Contract, the Guarantor shall still bear all the guarantee liabilities.

8.4 保证期间，若债权人将主合同项下的主债权转让给第三人的，无需征得保证人同意，保证人承诺继续承担保证责任。

8.4 During the guarantee period, if the Creditor transfers the Principal Creditor's Right

under the Master Contract to a third party, the Creditor does not need to obtain the consent of the Guarantor, and the Guarantor undertake to continue to bear the guarantee liability.

8.5　保证人保证向债权人提供的有关其资信情况说明、财务报表或其他资料真实有效。

8.5 The Guarantor warrants that the description related to his credit status, financial statements or other materials provided to the Creditor are true and valid.

8.6　主合同债务人未依约清偿债务(包括主合同约定的提前到期的情形)，债权人要求保证人承担保证责任的，保证人在接到债权人书面通知之日应立即代为清偿主合同项下的债务。

8.6 If the Debtor to the Master Contract fails to pay off the Debts as agreed (including the early maturity stipulated in the Master Contract) and if the Creditor requires the Guarantor to perform the guarantee liability, the Guarantor shall immediately pay off the Debts under the Master Contract on behalf of the Debtor on the date of receiving a written notice from the Creditor.

8.7　在本合同有效期内，如果保证人再为其它第三方提供担保的，不得损害债权人的利益。

8.7 During the term of this Contract, if the Guarantor provides a guarantee for another third party, the interests of Creditor shall not be damaged thereby.

8.8　在本合同有效期内，保证人发生以下事项时，应于事项决定或发生后三个工作日内书面通知债权人：

8.8 During the term of this Contract, the Guarantor shall notify the Creditor in writing within three working days after the decision or occurrence of the following matters (if any):

(1)　保证人及其拥有的资产发生清算、解散、破产、兼并、重大涉诉或被施以强制措施时。

(1) the Guarantor and his owned assets are liquidated, dissolved, bankrupt, merged, involved in major litigations or imposed with   compulsory measures.

8.9　出现下列情形之一的，债权人有权宣布主合同项下一项或多项债务提前到期，并要求保证人承担连带保证责任：

8.9 Under any of the following circumstances, the Creditor shall have the right to announce the early expiration of one or more Debts under the Master Contract and require the Guarantor to bear joint and several guarantee liabilities:

(1)　债务人未按主合同履行到期义务或履行主合同项下的任一义务的；
(2)　债务人或保证人经营状况严重恶化，或丧失商业信誉；
(3)　债务人依法被宣告解散、撤销、破产、兼并、涉诉或自行解散；
(4)　债务人或保证人的重要财产被施以强制措施；
(5)　债务人或保证人违背所作声明与承诺，或不履行本合同约定其他义务；
(6)　债务人或保证人作出其他侵犯债权人合法权益的行为，影响债权人按期足额收回债权；
(7)　出现使债权人债权难以实现或无法实现的其他情况。

(1) If the Debtor fails to perform its due obligations or perform any of its obligations under the Master Contract;

(2) If the debtor's business condition or the Guarantor's business condition has

seriously deteriorated, or the Debtor loses its business reputation or the Guarantor loses his business reputation;

(3) If the Debtor is declared dissolved, cancelled, bankrupt, merged, or involved in litigation according to law or is dissolved by itself

(4) If the Debtor's important property or the Guarantor's important property is subject to compulsory measures;

(5) If the Debtor or the Guarantor violates its or his representations and undertakings or fails to perform other obligations stipulated in this Contract;

(6) If the Debtor or the Guarantor carries out other acts that infringe the legitimate rights and interests of the Creditor and affect the Creditor's recovery of the creditor's right in full and on time:

(7) If there are other circumstances that make it difficult or impossible for the Creditor to realize the creditor's right.

8.10 保证人应如实向债权人提供其财产情况和个人信用等有关资料，并保证上述资料的准确、真实、完整与有效性。

8.10 The Guarantor shall truthfully provide the Creditor with the information on its property, personal credit, etc., and ensure the accuracy, authenticity, completeness and validity of the above information.

8.11 保证人发生国籍变更财务状况严重恶化，或者己丧失担保能力，应立即书 面通知债权人，并按照债权人要求落实本合同项下保证责任的承担、转移或承继，或者为主合同的履行提供令债权人满意的新担保。

8.11 If the Guarantor's nationality is changed or the Guarantor's financial situation is deteriorated seriously or the Guarantor has lost the ability to guarantee, the Guarantor shall immediately notify the Creditor in writing and implement the bearing, transfer or inheritance of the guarantee liability under this Contract as required by the Creditor, or provide a new guarantee for the performance of the Master Contract satisfactory to the Creditor.

## 第9条 债务人的解散或破产
## Article 9 Dissolution or Bankruptcy of the Debtor

9.1 保证人知道债务人进入解散或破产程序后，应当立即通知债权人申报债权，同时自己应及时参加解散或破产程序，预先行使追偿权。保证人知道或者应当知道债务人进入解散或破产程序，但未能及时预先行使追偿权的，其损失由保证人自行承担。

9.1 After the Guarantor knows that the Debtor has entered the dissolution or bankruptcy proceedings, he shall immediately notify the Creditor to declare its creditor's right, and at the same time he shall participate in the dissolution or bankruptcy proceedings in a timely manner and exercise the recovery right in advance. If the Guarantor knows or should know that the Debtor has entered the dissolution or bankruptcy proceedings, but fails to exercise the recovery right in a timely manner in advance, the Guarantor shall solely bear his losses.

9.2 尽管有本合同第 9.1 条及第 13.2 条的约定，在债务人破产程序中，如果债权人与债务人达成和解协议，或者同意重整计划，本合同项下债权人的权利不因和

解协议或重整计划而受到损害，保证人的保证责任不予以减免。保证人不得以和
解协议、重整计划规定的条件对抗债权人的权利主张。 债权人在和解协议、重
整计划中对债务人作出让步而未能获得清偿的债权部分，仍有权要求保证人继续
予以清偿。

9.2 Notwithstanding the provisions of Article 9. 1 and Article 13. 2 of this Contract, in
the Debtor's bankruptcy proceedings, if the Creditor and the Debtor enter into a
settlement agreement or agree to a reorganization plan, the rights of the Creditor
hereunder shall not be damaged due to such settlement agreement or the
reorganization plan, and the Guarantor's guarantee liability shall not be reduced or
exempted. The guarantor shall not oppose the Creditor's claim for rights on the
strength of the conditions stipulated in the above settlement agreement and
reorganization plan. The Creditor shall have the right to require the Guarantor to
continue to repay the portion of the creditor's right that has not been repaid due to the
concession made by the Creditor to the Debtor in the above settlement agreement and
reorganization plan.

### 第10条 违约责任
### Article 10 Liabilities for Breach of Contract

10.1 本合同生效后，保证人、债权人双方均应履行本合同约定的义务，任何一
方不履行或不完全履行本合同所约定义务的，应当承担相应的违约责任，并赔偿
由此给对方造成的损失。

10.1 After this Contract comes into effect, both the Guarantor and the Creditor shall
perform the obligations stipulated in this Contract. If the Guarantor or the Creditor
fails to perform or fails to fully perform the obligations stipulated in this Contract, the
breaching party shall bear the corresponding liabilities for breach of contract and
compensate the non-breaching party for the losses caused to the non-breaching party
due to the above breach of the breaching party.

10.2 保证人违约，债权人有权采取下列一项或几项措施：

10.2 If the Guarantor breaches this Contract, the Creditor shall have the right to take
one or more of the following measures:

(1) 要求保证人限期纠正违约；
(2) 宣布主债务履行期限提前届满，要求保证人承担连带保证责任；
(3) 依法撤销保证人损害债权人利益的行为；
(4) 以法律手段追究保证人的违约责任。

(1) requiring the Guarantor to correct his breach within a time limit;
(2) announcing the early expiration of the performance period of the principal debt
and requiring the Guarantor to bear joint and several guarantee liabilities;
(3) revoking the Guarantor's acts of damaging the Creditor's interests according to
law;
(4) holding the Guarantor liable for breach of contract by legal means.

### 第11条 公证(本条不适用)
### Article 11 Notarization (Not Applicable)

11.1 保证人、债权人双方应在本合同签订后十日内到债权人指定的公证机关对本

合同申请进行赋予强制执行效力的债权文书公证。相关公证费用由保证人承担。

11.1 The Guarantor and the Creditor shall apply with a notary public office designated by the Creditor for notarizing a creditor's right document that gives an enforcement effect to this Contract within ten days of the execution of this Contract. The relevant notarial fees shall be borne by the Guarantor.

11.2 保证人、债权人双方在此确认，双方对本合同中有关保证人的义务的约定无疑义。保证人对赋予强制执行效力公证的含义、内容、程序、效力等完全明确了解。保证人并承诺其不履行本协议中约定的义务或不完全履行义务时，保证人愿意接受强制执行。根据债权人的申请，公证机关可以签发执行证书，保证人愿意接受人民法院的强制执行。

11.2 The Guarantor and the Creditor hereby confirm that they have no doubt to the provisions of this Contract on the obligations of the Guarantor.    The Guarantor fully and clearly understands the meaning, content, procedure and effectiveness of the notarization to which the enforcement is granted. The Guarantor also undertakes that if he fails to perform or fully perform his obligations hereunder, he is willing to accept the enforcement. According to the Creditor's application, the notary public office can issue an enforcement certificate, and the Guarantor is willing to accept the enforcement by a people's court.

11.3 一旦发生任何违约事件，本合同项下的担保权即立刻具有可执行性。当本合同项下的担保权根据本合同的约定具有可执行性后的任何时间，保证人不再有权且不得行使、执行与担保权有关的任何权利、裁量权或救济权，而债权人有权在法律允许的范围内以其认为适当的任何方式行使、实现担保权。

11.3 In case of any event of default, the guarantee right hereunder shall be immediately enforceable. At any time after the guarantee right hereunder is enforceable according to the provisions hereof, the Guarantor shall no longer have the right to and shall not exercise or enforce any right, discretion or remedy right related to the guarantee right, and the Creditor shall have the right to exercise or realize the guarantee right in any way it deems appropriate to the extent permitted by law.

11.4 为使债权人能够实现担保权，保证人应当采取债权人可能要求的所有合法且适当的行动。为债权人根据本合同的约定实现担保权之目的，保证人应签署所有该等协议、通知、授权、指示、承诺及其他文件并采取债权人可能要求的所有行动。

11.4 In order to enable the Creditor to realize the guarantee right, the Guarantor shall take all legal and appropriate actions that the Creditor may require. In order for the Creditor to realize the guarantee right according to the provisions of this Contract, the Guarantor shall sign all such agreements, notices, authorizations, instructions, undertakings and other documents and take all such actions as the Creditor may require.

11.5 在担保权具有可执行性之时及之后，债权人可以保证人的名义（或在法律允许的范围内，以债权人的名义），行使与保证人有关的权力和权利，以及行使相关的任何追索权和受偿权；保证人在此不可撤销地授权债权人行使上述权利。

11.5 When and after the guarantee right is enforceable, the Creditor may exercise the powers and rights related to the Guarantor in the name of the Guarantor (or in the name of the Creditor to the extent permitted by law), and exercise any recovery right

and right to compensation related thereto. The Guarantor hereby irrevocably authorizes the Creditor to exercise the above rights.

11.6 债权人、保证人双方确认，关于强制执行的约定优先于本合同第 16.2 条 的规定执行。

11.6 The creditor and the Guarantor confirm that the provisions on enforcement shall prevail over the provisions of Article 16.2 hereof.

## 第12条 债权人记录的证据效力
## Article 12 Evidentiary Effectiveness of the Creditor's Records

除非有可靠、确定的相反证据，债权人有关本金（基本价款、主价款）、利息、行权费、资金占用费、其它费用和还款记录等内容的内部账务记载，债权人制作或保留的债务人办理提款、还款、支付利息、费用等业务过程中发生的单据、凭证及债权人催收的记录、凭证，均构成有效证明主合同项下债权关系的确定证据。保证人不能仅因为上述记录、记载、单据、凭 证系由债权人单方制作或保留而提出异议。

Unless there is reliable and definite evidence to the contrary, the Creditor's internal accounting records on the principal (Basic Price, main price), interest, exercise fees, fund occupation fees, other fees, repayment records and other contents, the documents and vouchers produced or retained by the Creditor in the process of the Debtor's withdrawal, repayment, payment of interest and expenses, etc., and the Creditor's collection records and vouchers, shall all constitute definite evidence to effectively prove the creditor's right relationship under the Master Contract. The Guarantor shall not raise any objection just because the above records, writings, documents and vouchers are unilaterally produced or retained by the Creditor.

## 第13条 权利保留
## Article 13 Rights Reserved

13.1 债权人在本合同项下的权利并不影响和排除其根据法律、法规和其它合同所享有的任何权利。任何对违约或延误行为施以任何宽容、宽限、优惠或延缓行使本合同项下的任何权利，均不能视为对本合同项下权利、权益的放弃或对任何违反本合同行为的许可或认可，也不影响、阻止和妨碍对该权利的继续行使或对其任何其它权利的行使，也不因此导致债权人对保证人承担义务和责任。

13.1 The Creditors' rights hereunder shall not affect and exclude any rights it has under laws, regulations and other contracts. Any tolerance, grace, concession or delay in the exercise of any rights hereunder provided for any breach or delay shall not be deemed as a waiver of the rights and interests hereunder or a permission or approval for any breach of this Contract, nor shall such tolerance, grace, concession or delay affect, prevent or hinder the continued exercise of such rights or the exercise of any other rights, or cause the Creditor to bear obligations and responsibilities to the Guarantor.

13.2 即使债权人不行使或延缓行使主合同项下的任何权利或未用尽主合同项下的任何救济，保证人在本合同项下的保证责任并不因此减免，但是债权人若减免主合同项下债务，保证人在本合同项下的保证责任相应减免。

13.2 Even if the Creditor does not exercise or postpone the exercise of any rights under the Master Contract or does not exhaust any remedy under the Master Contract,

the Guarantor's guarantee liability hereunder shall not be reduced or exempted thereby. However, if the Creditor reduce or exempt the Debts under the Master Contract, the Guarantor's guarantee liability hereunder shall be reduced or exempted accordingly.

## 第14条 通知和送达
## Article 14 Notice and Service

14.1 双方之间的一切商业文件信函、通知和诉讼文书均以书面形式作为最终的送达方式，可由专人递送、挂号信邮递、特快专递等方式送达，传真可作为辅助送达方式，但事后应以上述约定方式补充送达。

14.1 All commercial documents, letters, notices and litigation documents between the parties hereto shall be delivered in written form as the final service method and may be delivered personally or sent by registered mail, express mail service, etc. Fax may be used as a supplementary service method, but after transmission by fax, supplementary service shall be made by one of the above agreed methods.

14.2 商业文件信函、通知和诉讼文书在下列日期视为送达被通知方：

14.2 Commercial documents, letters, notices and litigation documents shall be deemed to have been delivered to the notified party on the following dates:

(1) 专人递送：通知方取得的被通知方签收单所示日；
(2) 挂号信邮递:发出通知方持有的国内挂号函件收据所示日后第 5 日；
(3) 特快专递：发出通知方持有的发送凭证上邮戳日起第 4 日；
(4) 传真：收到成功发送确认后的当日。

(1) delivery by personally: the date indicated on the delivery receipt of the notified party obtained by the notifying party;

(2) sending by registered mail: the 5th day after the date indicated on the receipt of the domestic registered mail held by the notifying party;

(3) sending by express mail service: the 4th day after the postmark date indicated on the sending certificate held by the notifying party:

(4) transmission by fax: the day when the confirmation of successful transmission is received.

14.3 联系地址和联系方式。合同各方一致确认本合同首部中记载的各方联系地址和联系方式为各方履行合同、解决合同争议时向其他方送交商业文件信函、通知或司法机关(法院、仲裁机构)向各方送达诉讼、仲裁文书的地址和联系方式。

14.3 Contact Address and Contact Information. The parties hereto unanimously confirm that the contact address and contact information of the each party hereto recorded above is the address and contact information of such party to receive commercial documents, letters and notices sent by the other party hereto in the course of performing this Contract or settling the disputes arising from this Contract, or to receive the litigation and arbitration documents sent by judicial authorities (courts, arbitration institutions).

14.4 联系地址和联系方式适用期间。本合同首部中记载的各方联系地址和联系方式适用至本合同履行完毕或争议经过一审、二审至案件执行终结时止，除非各方依下款告知变更。

14.4 Applicable Period of Contact Address and Contact Information. The contact address and contact information of each party hereto recorded above shall apply until

the performance of this Contract is completed or in case of a dispute, the first instance, the second instance and the case enforcement are closed, unless such party informs the other party hereto of the change of its/his contact address and contact information according to the following paragraph.

14.5 联系地址和联系方式的变更。任何一方联系地址和联系方式需要变更的，应提前五个工作日向合同其他方和司法机关送交书面变更告知函(若争议已经进入司法程序解决)。

14.5 Change of Contact Address and Contact Information. If either party hereto needs to change its/his contact address and contact information, it/he shall send a written notice of change to the other party hereto and the judicial authorities (if the dispute has enter judicial settlement proceedings) five working days in advance.

14.6 承诺。合同各方均承诺：本合同首部中填写的各方联系地址和联系方式真实有效，如填写错误或未填写，导致的商业信函、通知和诉讼文书送达不能的法律后果由自己承担。

14.6 Undertakings. Each party hereto undertakes that its/his contact address and contact information written above are true and valid. If it/he fills in an incorrect contact address and contact information, or does not filled in its/his contact address and contact information, the legal consequences of failure to deliver commercial letters, notices and litigation documents as a result thereof shall be solely borne by it/him.

14.7 风险提示。合同各方均明知：因各方提供的联系地址不准确，地址变更后未及时告知各方和司法机关，导致商业文件信函、通知和诉讼文书未能被实际接收的，直接送达的可以适用留置送达或送达人当场记明情况即为送达，邮寄送达的文书退回之日视为送达之日。

**14.7 Risk Warning. Each party hereto clearly knows that if the commercial documents, letters, notices and litigation documents cannot be actually received due to the inaccurate contact address provided by it/him or its/his failure to inform the other party hereto and the judicial authorities in a timely manner after its/his contact address is changed, (i) for personal delivery, the lien service may apply or the service shall be deemed to have been effectively made after the service person records the situation on the spot; and (ii) for sending by mail, the date when the sent document is returned shall be deemed as the service date.**

**第15条 保密**
**Article 15 Confidentiality**

15.1 本合同双方同意，对其中一方或其代表提供给另一方的有关本合同及各方签署的本合同项下交易的所有重要方面的信息及/或本合同所含信息(不包括有证据证明是经正当授权的第三方收到、披露或公开的信息)予以保密。

15.1 Each party hereto agree to keep confidential the information provided to it/him by or on behalf of the other party hereto on this Contract and all important aspects of the transaction under this Contract signed by the parties hereto and/or the information contained herein (excluding the information received, disclosed or published by a third party with duly authorization as certified by evidence).

15.2 未经对方书面同意，不向任何其他方披露此类信息(不包括与本合同拟议之

交易有关而需要获知以上信息的披露方的雇员、高级职员和董事），但以下情况除外：

15.2 Each party hereto shall not disclose the above information to any other party (excluding the disclosing party's employees, officers and directors who need to know the above information in connection with the transaction proposed in this Contract) without the written consent of the other party hereto, except for the following circumstances:

(1) 为进行本合同拟议之交易而向投资者披露；

(2) 向与本交易有关而需要获知以上信息并受保密合同约束的律师、会计师、顾问和咨询人员披露；

(3) 根据适用的法律法规的要求，向中国的有关政府部门或者管理机构披露。

(1) disclosing the above information to investors for the purpose of carrying out the transaction proposed in this Contract;

(2) disclosing the above information to lawyers, accountants, advisers and consultants related to the transaction proposed in this Contract who need to know the above information and are bound by confidentiality contracts;

(3) disclosing the above information to the relevant Chinese government departments or management agencies as required by applicable laws and regulations.

15.3 在任何情形下，本条所规定的保密义务应永久持续有效。

15.3 In any case, the confidentiality obligation stipulated in this Article 15 shall remain in force forever.

## 第16条 法律适用与争议解决
## Article 16 Applicable Law and Dispute Resolution

16.1 本合同的订立、生效、解释、履行和争议的解决均适用中华人民共和国法律。

16.1. The formation of this Contract, its effectiveness, interpretation, performance and settlement of disputes in connection herewith shall be governed by the laws of the People's Republic of China.

16.2 如发生争议，双方应友好协商，未能协商一致的，任何一方均可向债权人住所地（即江西南昌）有管辖权的人民法院提起诉讼。与诉讼有关的所有费用包括但不限于诉讼费、执行费、律师代理费等均由败诉方承担，但法院判决另有规定的除外。在协商或诉讼期间，对于本合同不涉及争议部分的条款，双方仍须履行。

16.2 The parties hereto shall settle any dispute related to this Contract through friendly consultation. If no consensus can be reached through consultation, either party hereto may bring a lawsuit to the people's court with jurisdiction of the place where the Creditor is located (i.e. Nanchang, Jiangxi Province). All expenses related to the lawsuit, including but not limited to legal fees, enforcement fees and attorney's fees, shall be borne by the losing party, unless otherwise stipulated by the court judgment. During the negotiation or litigation period, the terms of this Contract that do not involve disputes shall still be performed by the parties hereto.

## 第17条 其他条款
## Article 17 Miscellaneous

17.1 信托计划成立后，债权人以信托计划的受托人身份签订和履行本合同。

17.1 After the Trust Scheme is established, the Creditor will sign and perform this Contract as trustee of the Trust Scheme.

17.2 保证人信息的使用

17.2 Use of the Guarantor's Information

保证人同意债权人向中国人民银行个人信用信息基础数据库及信贷征信电管部门批准建立的个人信用数据库或有关单位、部门及个人查询保证人的信用状况，查询获得的信用报告限用于中国人民银行颁布的《个人信用信息基础数据库管理暂行办法》规定用途。保证人还同意债权人将保证人信用信息提供给中国人民银行个人信用信息基础数据库及信贷征信主管部门批准建立的个人信用数据库。保证人并同意，债权人为业务需要也可以合理使用并披露保证人信息。

The Guarantor agrees that the Guarantor's credit reports obtained by the Creditor when inquiring about the Guarantor's credit status from the Basic Database of Individual Credit Information of the People's Bank of China and the individual credit database established upon approval by the credit information management departments or from the relevant units, departments and individuals are limited to the uses specified in the Interim Measures for the Administration of the Basic Data of Individual Credit Information promulgated by the People's Bank of China. The Guarantor further agrees that the Creditor may provide the Guarantor's credit information to the Basic Database of Individual Credit Information of the People's Bank of China and the individual credit database established upon approval by the credit information management departments Party B further agrees that the Creditor can also reasonably use and disclose the Guarantor's information for business needs.

17.3 公告催收

17.3. Collection by Announcement

对保证人的违约情形，债权人有权向有关部门或单位予以通报。

The Creditor shall have the right to notify the relevant departments or units of the Guarantor's breach of contract.

17.4 可分割性

17.4 Severability

本合同的任何条款无论因任何原因无效、被撤销或者失去强制性，不影响本合同其他条款的有效性，双方应当继续履行本合同的其他条款。

If any provision of this Contract is invalid, revoked or loses its enforcement for any reason, the validity of other provisions of this Contract shall not be affected thereby, and the parties hereto shall continue to perform other provisions of this Contract.

17.5 合同生效条件

15.5 Conditions for Effectiveness

本合同经债权人法定代表人（负责人）或授权代理人签字（或盖章）并加盖公章或合同专用章，且保证人签字并捺手印后生效。

This Contract shall come into effect after the legal representative (responsible person) or authorized agent of the Creditor affixes his/her signature (or seal) and the common seal or special seal for contract and the Guarantor affixes his signature and fingerprint hereon.

17.6 合同一式贰份，双方各执贰份，其余用于办理各项手续，每份法律效力相同。

17.6 This Contract is made in two counterparts, with each party hereto holding two

counterparts and the rest used for handling other relevant formalities, and each counterpart shall have the same legal effect.

17.7 在签署本合同时，各当事人对本合同的所有条款已经详细阅悉，均无异议，并对当事人之间的法律关系、有关权利、义务和责任的条款的法律含义有 准确无误的理解。

17.7 At the time of signing this Contract, the parties hereto have read all the terms of this Contract in detail and have no objection, and have an accurate understanding of the legal relationship between the parties hereto and the legal meanings of the terms of this Contract related to rights, obligations and responsibilities.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

（以下无正文，签字页附后）

(The remainder of this page is intentionally left blank, and the signature paged is attached hereto.)

(本页为中航信托•天启(2017) 99 号互联网电视股权收益权投资集合资金信托计划自然人保证合同的签署页，无正文)
(This page is the signature of the Contract of Guarantee by Natural Person of the AVIC Trust - Tianqi (2017) No. 99 Collective Fund Trust Scheme for Internet TV Equity Income Right Investment and has no main body.)

保证人：_____（签字并摁手印）
Guarantor:_____(Sign and Fingerprint)

**债权人：中航信托股份有限公司（公章/合同专用章）**
法定代表人（或委托代理人）：（签字或签章）
Creditor: AVIC Trust Co., Ltd.   (Common Seal/Special Seal for Contract)
Legal Representative 9or Authorized Agent): (Signature or Seal):

签署日期：2017 年 3 月 9 日
签署地点：江西南昌
Date of Signature: October 9, 2017
Place of Signature: Nanchang, Jiangxi

# 转让通知书

**致：天津盈鑫信恒投资咨询有限公司**

贵司作为受益人的编号为"AVICTC2017X0264"的中航信托•天启【2017】99号互联网电视股权收益权投资集合资金信托计划（下称"信托计划"）项下全部劣后级受益人。

根据贵司出具的指令函，中航信托股份公司（下称"受托人"或"中航信托"）于2019年4月16日以信托财产原状分配的方式向贵司分配信托财产，将以下债权及其他相关权益分配并转让给贵司：

1、受托人在编号为 AVICTC2017X0264-2 的《中航信托•天启（2017）99号互联网电视股权收益权投资集合资金信托计划特定股权收益权转让与回购合同》项下对乐视控股（北京）有限公司享有的全部债权，其中包括：特定股权收益权回购基本价款：壹拾伍亿元整（1,500,000,000.00元）、一次性违约金：伍仟万元整（50,000,000.00元）、连续性迟延违约金、行权费、诉讼费、执行费、律师代理费；全部债权的具体金额根据上述债权的实际存续天数/逾期天数进行计算。

2、受托人已将转让事宜通知相关债权人、债务人。请贵司与相关债权人、债务人协商办理相关事宜，我司可提供必要的协助。

自本通知书发出之日起，上述债权及其他相关权益转移至贵司，本信托项下信托财产分配完毕，贵司不再享有本信托项下的任何信托利益及其他权益。

特此通知。

中航信托股份有限公司

2019年4月25日

转让通知书
Notice of Transfer

**致：天津盈鑫信恒投资咨询有限公司**

**To: Tianjin Yingxin Xinheng Investment Consulting Co., Ltd.**

贵司作为受益人的编号为"AVICTC2017X0264"的中航信托•天启【2017】99号互联网电视股权收益权投资集合资金信托计划（下称"信托计划"）项下全部劣后级受益人。

You are the beneficiary under the *AVIC Trust - Tianqi (2017) No. 99 Collective Fund Trust Scheme for Internet TV Equity Income Right Investment* ("AVICTC2017X0264", hereinafter referred to as Trust Scheme) representing all inferior beneficiaries.

根据贵司出具的指令函，中航信托股份公司（下称"受托人"或"中航信托"）于2019年4月16日以信托财产原状分配的方式向贵司分配信托财产，将以下债权及其他相关权益分配并转让给贵司：

According to the Letter of Instruction sent by you, AVIC Trust Co., Ltd. (hereinafter referred to as Entrustee or AVIC Trust), for the purpose of distributing the properties under the trust to you on an "AS IS" basis, distributed and transferred the following creditor claims and other related rights and interests to you on April 16, 2019:

1、受托人在编号为<u>AVICTC2017X0264-2</u>的《中航信托•天启（2017）99号互联网电视股权收益权投资集合资金信托计划特定股权收益权转让与回购合同》项下对乐视控股（北京）有限公司享有的全部债权，其中包括：特定股权收益权回购基本价款：壹拾伍亿元整（1,500,000,000.00元）、一次性违约金：伍仟万元整（50,000,000.00元）、连续性迟延违约金、行权费、诉讼费、执行费、律师代理费；全部债权的具体金额根据上述债权的实际存续天数/逾期天数进行计算。

All the creditor claims enjoyed by the Entrustee in LeTV Holdings (Beijing) Co., Ltd. under the *Contract for the Transfer and Buyback of Specific Equity Income Right of AVIC Trust - Tianqi (2017) No. 99 Collective Fund Trust Scheme for Internet TV Equity Income Right Investment* (No. AVICTC2017X0264-2), including: the basic

price for the buyback of the specific equity income right: one billion five hundred million RMB Yuan (RMB1,500,000,000.00); lump-sum liquidated damages: fifty million RMB Yuan (RMB50,000,000.00), liquidated damages for continuous delay, exercise fee, legal costs, enforcement fee, and lawyer's fee; the specific amount of all creditor claims shall be calculated according to the actual duration/overdue days of the aforesaid creditor claims.

2、受托人已将转让事宜通知相关债权人、债务人。请贵司与相关债权人、债务人协商办理相关事宜，我司可提供必要的协助。

The Entrustee has notified relevant creditors and debtors of the transfer. You shall contact them to deal with relevant matters, and our company may provide necessary assistance.

自本通知书发出之日起，上述债权及其他相关权益转移至贵司，本信托项下信托财产分配完毕，贵司不再享有本信托项下的任何信托利益

Since the date of this notice, the above-mentioned creditor claims and other relevant rights and interests have been transferred to you, the properties under the trust have been fully distributed, and you will no longer enjoy any interests under the trust.

特此通知。
Please be informed.

中航信托股份有限公司
2019 年 4 月 25 日
AVIC Trust Co., Ltd.
April 25, 2019

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA  90067**

A true and correct copy of the foregoing document entitled (*specify*):  ***NOTICE OF OBJECTION TO CLAIM [Claim #28]*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **<u>April 3, 2020,</u>** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>**:
On (*date*) **<u>April 3, 2020,</u>** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

United States Bankruptcy Court
Central District of California
Attn:  Hon. Vincent Zurzolo
Edward R. Roybal Federal Bldg./Courthouse
255 East Temple Street, Suite 1360
Los Angeles, CA  90012

☐  Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 3, 2020 | Nancy H. Brown | | /s/ *Nancy H. Brown* |
|---|---|---|---|
| *Date* | *Printed Name* | | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                    **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:328782.1 46353/002

**SERVICE INFORMATION FOR CASE NO. 2:19-bk-24804-VZ**
**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

- Jerrold L Bregman    ecf@bg.law, jbregman@bg.law
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Stephen D Finestone    sfinestone@fhlawllp.com
- Richard H Golubow    rgolubow@wghlawyers.com,
  pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
- Alexandra N Krasovec    krasovec.alexandra@dorsey.com, claridge.vanessa@dorsey.com
- Ben H Logan    blogan@omm.com
- Robert S Marticello    Rmarticello@swelawfirm.com,
  gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- David W. Meadows    david@davidwmeadowslaw.com
- John A Moe    john.moe@dentons.com, glenda.spratt@dentons.com
- Kelly L Morrison    kelly.l.morrison@usdoj.gov
- Malhar S Pagay    mpagay@pszjlaw.com, bdassa@pszjlaw.com
- Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- Victor A Sahn    vsahn@sulmeyerlaw.com,
  pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.in
  foruptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com
- Randye B Soref    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- Benjamin Taylor    btaylor@taylorlawfirmpc.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Felix T Woo    fwoo@ftwlawgroup.com, admin@ftwlawgroup.com
- Claire K Wu    ckwu@sulmeyerlaw.com,
  mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com
- Emily Young    pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
- David B Zolkin    dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.