| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Richard M. Pachulski (CA Bar No. 90073)<br>Jeffrey W. Dulberg (CA Bar No. 181200)<br>Malhar S. Pagay (CA Bar No. 189289)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Boulevard, 13th Floor<br>Los Angeles, CA  90067<br>Telephone:  310/277-6910<br>Facsimile:  310/201-0760<br>Email: rpachulski@pszjlaw.com<br>        jdulberg@pszjlaw.com<br>        mpagay@pszjlaw.com<br><br>☒ *Attorney for:* Debtor | FOR COURT USE ONLY |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>YUETING JIA,<br><br>　　　　　　　　　　　　Debtor(s). | CASE NO.: 2:19-bk-24804-VZ<br><br>CHAPTER: 11<br><br>### NOTICE OF OBJECTION TO CLAIM<br><br>DATE:  May 7, 2020<br>TIME:    1:30 p.m.<br>COURTROOM: 1368<br>PLACE: 255 East Temple Street<br>　　　　　 Los Angeles, CA  90012 |

1. TO *(specify claimant and claimant's counsel, if any)*:   Western Securities Co., Ltd.

2. NOTICE IS HEREBY GIVEN that the undersigned has filed an objection to your Proof of Claim (Claim No. 32) filed in the above referenced case. The Objection to Claim seeks to alter your rights by disallowing, reducing or modifying the claim based upon the grounds set forth in the objection, a copy of which is attached hereto and served herewith.

3. **Deadline for Opposition Papers**: You must file and serve a response to the Objection to Claim not later than 14 days prior to the hearing date set forth above.

   **IF YOU FAIL TO TIMELY RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.**

Date:   April 2, 2020

Date Notice Mailed: April 2, 2020

PACHULSKI STANG ZIEHL & JONES LLP
Printed name of law firm

*/s/ Malhar S. Pagay*
Signature

Malhar S. Pagay
Printed name of attorney for objector

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*　　　　　　　　　　　Page 1　　　　　　**F 3007-1.1.NOTICE.OBJ.CLAIM**
DOCS_LA:328774.1 46353/002

Richard M. Pachulski (CA Bar No. 90073)
Jeffrey W. Dulberg (CA Bar No. 181200)
Malhar S. Pagay (CA Bar No. 189289)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email:    rpachulski@pszjlaw.com
          jdulberg@pszjlaw.com
          mpagay@pszjlaw.com

Attorneys for Debtor and Debtor in Possession

**PACHULSKI STANG ZIEHL & JONES LLP**
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No.: 2:19-bk-24804-VZ |
| YUETING JIA,[1] | Chapter 11 |
| Debtor. | **DEBTOR'S NOTICE OF OMNIBUS OBJECTION AND OMNIBUS OBJECTION FOR AN ORDER DISALLOWING DUPLICATE CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF LUETIAN SUN IN SUPPORT THEREOF** |
| | <u>**This Objection Affects The Following Claimants:**</u><br>**Beijing Huaxing Mobile Asset Mgt Center, Claim 27** (Duplicate of Claim 20023)<br>**Beijing Jiaxin Tengda Information Consulting Co., Ltd., Scheduled Claim 220000060** (Duplicate of Claim 20019)<br>**China Soft Growing Invest Wuxi Partshp, Claim 61** (Duplicate of Claim 19)<br>**Chongqing LeTV Commercial Factoring Co., Ltd., Claims 21** and **24** (Duplicates of Claim 20015)<br>**E-Town Intl Holding (HK) Co Ltd., Claim 16** (Duplicate of Claim 20017)<br>**Honghu Da, Claim 6** (Duplicate of Claim 20008)<br>**Huizhou Speed Secondcurve Management LP, Claim 20002** (Duplicate of Claim 20001)<br>**Jiangyin Hailan Invest. Holding Co. Ltd., Claim 20009** (Duplicate of Claim 7)<br>**Linfen Investment Group Co., Ltd., Scheduled Claim** |

---

[1] The last four digits of the Debtor's federal tax identification number are 8972. The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

**220000540** (Duplicate of Claim 30)
**Nanchang O-Film Photoelectric Technology Co., Ltd, Claim 38** (Duplicate of Claim 33)
**O-Film Global (HK) Trading Limited, Claim 34** (Duplicate of Claim 33)
**O-Film Global (HK) Trading Limited, Claim 37** (Duplicate of Claim 33)
**Pingan Bank Co Ltd Beijing Branch, Claim 20041** (Duplicate of Claim 20036)
**Shenzhen Yingda Capital Management Co., Scheduled Claim 220000860** (Duplicate of Claim 20034)
**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 42** (Duplicate of Claim 20027)
**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 43** (Duplicate of Claim 20029)
**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 44** (Duplicate of Claim 20030)
**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 45** (Duplicate of Claim 20031)
**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 46** (Duplicate of Claim 20032)
**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 47** (Duplicate of Claim 20039)
**Tianjin Yingxin Xinheng Investment Consulting Co., Ltd., Claim 28** (Duplicate of Claim 20020)
**Weihua Qiu, Scheduled, Claim 220000960** (Duplicate of Claim 12)
**Weihua Qiu, Claim 39** (Duplicate of Claim 12)
**Western Securities Co., Ltd., Claim 32** (Duplicate of Claim 20028)
**Wuxi Leyike Investment Enterprise, Claim 20025** (Duplicate of Claim 20007)
**Xizang Jinmeihua Investment Co., Ltd., Scheduled Claim 220001030** (Duplicate of Claim 29)

| | |
|---|---|
| Date: | May 7, 2020 |
| Time: | 1:30 p.m. |
| Place: | Courtroom 1368 |
| | Roybal Federal Building |
| | 255 E. Temple Street |
| | Los Angeles, California 90012 |
| | |
| Judge: | Hon. Vincent P. Zurzolo |

**PLEASE TAKE NOTICE** that, on May 7, 2020, beginning at 1:30 p.m. (Pacific Time), or as soon thereafter as counsel may be heard before the Hon. Vincent P. Zurzolo, in Courtroom 1368 of the Edward R. Roybal Federal Building and Courthouse, located at 255 E. Temple Street, Los Angeles, California 90012, pursuant to the *Order (I) Approving the Fourth Amended Disclosure Statement; (II) Approving the Voting Procedures and Tabulation Procedures; (III) Setting the Date*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  *and Time for the Confirmation Hearing and Related Deadlines; (IV) Waiving Certain Local Rules*

2  *and Procedures Related to the Timing and Approval of the Fourth Amended Disclosure Statement*

3  *and Confirmation of the Third Amended Plan; and (V) Granting Related Relief* [Docket No. 485]

4  (the "Disclosure Statement Order"), which provides, in pertinent part, that if the Debtor has served

5  an objection or request for estimation as to a claim by April 2, 2020, such claim shall be temporarily

6  disallowed for voting purposes only (and not for purposes of allowance or distribution), except to the

7  extent and in the manner as may be set forth in such objection or as ordered by the Court before the

8  voting deadline, i.e., April 30, 2020 at 4:00 p.m. (Beijing Time),[2] Yueting Jia (the "Debtor" or

9  "YT"), debtor and debtor in possession herein, hereby objects to and moves to disallow (the

10  "Objection") the claims (the "Duplicate Claims") listed below in the column entitled "Duplicate

11  Claims to Be Disallowed" filed by the listed claimants (the "Claimants") on the grounds that the

12  Duplicate Claims are identical to those claims listed in the column entitled "Surviving Claims." The

13  Debtor requests that the Court take judicial notice of both the Duplicate Claims to Be Disallowed

14  and the Surviving Claims, which are annexed as Exhibits 1-27 to the Request for Judicial Notice (the

15  "RFJN"), filed concurrently herewith.

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Beijing Huaxing Mobile Asset Mgt Center | 27 | 20023 | Duplicate Claim | 1 |
| Beijing Jiaxin Tengda Information Consulting Co., Ltd. | 220000060 (scheduled claim) | 20019 | Creditor, Beijing Jiaxin Tengda Information Consulting Co., Ltd., also uses the name Jiaxindechuang BJ Tech Group Co Ltd. The Debtor scheduled Beijing Jixain Tengda Information Consulting Co., Ltd. in the amount of $1,458,406. However, the creditor asserted the same debt using the name Jiaxindechuang BJ Tech Group Co Ltd. in filed claim number 20019 in | 2 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

---

[2] Disclosure Statement Order, 6 at ¶ 17(e).

3

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| | | | the amount of $1,975,674.74, and, consequently, has received two separate ballots to vote a single debt in connection with the Debtor's Plan. The filed proof of claim should supersede the scheduled claim despite the difference in names. | |
| China Soft Growing Invest Wuxi Partshp | 61 | 19 | Duplicate Claim | 3 |
| Chongqing LeTv Commercial Factoring LLC | 21 | 20015 | Duplicate Claim | 4 |
| Chongqing LeTv Commercial Factoring LLC | 24 | 20015 | Duplicate Claim | 5 |
| E-Town Intl Holding (HK) Co Ltd | 16 | 20017 | Duplicate Claim | 6 |
| Honghu Da | 6 | 20008 | Duplicate Claim | 7 |
| Huizhou Speed Secondcurve Management LP, | 20002 | 20001 | Duplicate Claim | 8 |
| Jiangyin Hailan Invest Holding Co Ltd. | 20009 | 7 | Creditor, Jiangyin Hailan Invest Holding Co. Ltd. filed Claim 20009 in the amount of $89,635,814.27, however, the back-up attached to Claim 20009 totals $69,635,814.27, which amount is duplicative of Claim 7. Therefore, Claim 20009 should be disallowed. | 9 |
| Linfen Investment Group Co. Ltd. | 220000540 | 30 | This creditor filed a proof of claim for the same debt under a similar but different name (Linfen Investment Construction Development Co. Ltd.) and, consequently, received ballots for both scheduled and filed claims. The filed proof of claim should supersede the scheduled claim and, with respect | 10 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| | | | to the Plan, the amount to be voted on account of the scheduled claim should be disallowed. | |
| Nanchang OFilm Photoelectric Tech Co Ltd. | 38 | 33 | Duplicate Claim | 11 |
| O-Film Global (HK) Trading Limited | 34 | 33 | The creditor, in its complaint against the Debtor, describes it and Nanchang OFilm Photoelectric Tech Co Ltd. as sister companies and co-plaintiffs. The lawsuit asserts a single claim of $24,095,428.00 against the Debtor. Accordingly, multiple claims asserted in the same amount are duplicative. | 12 |
| O'Film Global (HK) Trading Limited | 37 | 33 | Duplicate Claim | 13 |
| Pingan Bank Co Ltd Beijing Branch | 20041 | 20036 | Duplicate Claim | 14 |
| Shenzhen Yingda Capital Management Co. | 220000860 | 20034 | This creditor inadvertently received ballots both for scheduled and filed claims, so the amount to be voted on account of the scheduled claim should be disallowed. | 15 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 42 | 20027 | Duplicate Claim | 16 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 43 | 20029 | Duplicate Claim | 17 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 44 | 20030 | Duplicate Claim | 18 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 45 | 20031 | Duplicate Claim | 19 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 46 | 20032 | Duplicate Claim | 20 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 47 | 20039 | Duplicate Claim | 21 |
| Tianjin Yingxin Xinheng Investment | 28 | 20020 | Duplicate Claim | 22 |

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Consulting Co. Ltd. | | | | |
| Weihua Qiu | 220000960 (scheduled claim) | 12 | This creditor inadvertently received ballots both for scheduled and filed claims, so the amount to be voted on account of the scheduled claim should be disallowed. | 23 |
| Weihua Qiu | 39 | 12 | Duplicate claim | 24 |
| Western Securities Co., Ltd. | 32 | 20028 | Duplicate Claim | 25 |
| Wuxi Leyike Investment Enterprise | 20025 | 20007 | Duplicate Claim | 26 |
| Xizang Jinmeihua Investment Co., Ltd. | 220001030 (scheduled claim) | 29 | In Chinese, Tibet is called Xizang. The creditor filed its claim using the name Tibet Jinmeihua Investment Co. Ltd. and, consequently, has received two separate ballots to vote a single debt in connection with the Debtor's Plan. The filed proof of claim should supersede the scheduled claim despite the difference in names. | 27 |

  True and correct copies of the Claims are attached to the Notices of Objection to Claims, which have been served on each claimant, attaching their corresponding claim(s).

  **PLEASE TAKE FURTHER NOTICE** that the Objection has been served upon the Claimants and all parties entitled thereto and is based upon the supporting Memorandum of Points and Authorities and Declaration of Luetian Sun, the statements, arguments and representations of counsel who appear at the hearing regarding the Objection, the files and records in the above-captioned case, any evidence properly before the court prior to or at the hearing regarding the Objection and all matters of which the court may properly take judicial notice.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(f),

responses to the Objection must be filed with the Court and served upon the Debtor's counsel at the

address in the upper left-hand corner of this Objection **no later than fourteen (14) days prior to**

**the hearing date**.  Responses must contain a written statement of all reasons why the Objection is

opposed and must include declarations and copies of all documentary evidence on which the

responding party intends to rely.  Responses must be filed either electronically or at the following

location:

> United States Bankruptcy Court
> Attention:  Clerk's Office
> 255 E. Temple Street
> Los Angeles, CA 90012

**IF YOU DO NOT OPPOSE THE OBJECTION YOU DO NOT NEED TO FILE ANY**

**PAPERS, SIGN ANY FURTHER AGREEMENTS OR TAKE ANY FURTHER ACTION.**

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(f),

the failure to timely file and serve written opposition may be deemed by the Court to be consent to

the granting of the relief requested in the Objection.

**PLEASE TAKE FURTHER NOTICE** that if a response is timely filed and served upon the

Debtor's counsel, the Court, in its discretion, may treat the initial hearing as a status conference if it

determines that the Objection involves disputed factual issues or will require presentation of

substantial evidence or argument.

**WHEREFORE,** the Debtor respectfully requests that the Court enter an order (i) sustaining

the Objection; (ii) disallowing the Duplicate Claims in their entirety; and (iii) granting the Debtor

such other and further relief as may appropriate under the circumstances.

Dated:    April 2, 2020

PACHULSKI STANG ZIEHL & JONES LLP

By    */s/ Malhar S. Pagay*
Richard M. Pachulski
Jeffrey W. Dulberg
Malhar S. Pagay

Counsel for Debtor and Debtor in
Possession

7

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## JURISDICTION

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 102, 105 and 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), and Rules 3007 and 3018(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## II.

## BACKGROUND

**A.    Commencement of the Chapter 11 Case**

On October 14, 2019 (the "Petition Date"), the Debtor commenced this case (the "Chapter 11 Case") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"). The Debtor continues in possession of his property and manages his affairs as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On October 25, 2019, the U.S. Trustee appointed the Official Committee of Unsecured Creditors  pursuant to section 1102(a)(1) of the Bankruptcy Code (the "Committee") [Docket No. 45]. The Committee consists of the following members: (a) Ping An Bank., Ltd. Beijing Branch; (b) China Minsheng Trust Co., Ltd; (c) Shanghai Leyu Chuangye Investment Management Center LP; (d) Jiangyin Hailan Investment Holding Co., Ltd; and (e) Shanghai Qichengyueming Investment Partnership Enterprise.

On November 13, 2019, the Court entered an order setting January 24, 2020, as the general deadline (the "Bar Date") for the filing of proofs of claim or proofs of interest against the Debtor's estate.  In accordance with the Court's Order establishing the Bar Date, notice of the Bar Date was given by mail to the Debtor's creditors and interest holders.

On December 18, 2019, Judge Karen B. Owens of the Delaware Bankruptcy Court transferred the Chapter 11 Case to this Court.

**B.** **Approval of the Debtor's Disclosure Statement**

On March 20, 2020, the Court entered the Disclosure Statement Order, pursuant to which the Court approved the Debtor's *Fourth Amended Disclosure Statement with Respect to Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 465] in respect of the *Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 464] (the "Plan"), and granted other relief.

The Disclosure Statement Order provides, in pertinent part, that if the Debtor has served an objection or request for estimation as to a claim by April 2, 2020, such claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the voting deadline, i.e., April 30, 2020 at 4:00 p.m. (Beijing Time).  Disclosure Statement Order, 6 at ¶ 17(e).

**III.**

**ARGUMENT**

**A.** **Procedural Requirements for Objections to Claims**

Bankruptcy Rule 3007 governs the procedure for objections to claims.  It provides as follows: "An objection to an allowance of a claim shall be in writing and filed.  A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant . . . at least thirty days prior to the hearing." Fed. R. Bankr. P. 3007.

Pursuant to Bankruptcy Rule 3007, a copy of the Objection will be mailed to Claimants at the addresses provided by Claimants in the Claims, and, where available and if different from the address provided on the proof of claim, on each Claimant's address registered with the National Enterprise Credit Information Publicity System (http://www.gsxt.gov.cn/index.html), a government-run, national, enterprise credit inquiry system in the People's Republic of China, at least thirty days prior to the hearing date for consideration of the Objection.  Accordingly, by the time of the hearing hereon, the Debtor will have complied with Bankruptcy Rule 3007.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**B.**    **The Court Must Determine the Allowance of a Claim Subject to Objection**

With certain exceptions, section 502(b) of the Bankruptcy Code requires, in relevant part, that if a party in interest objects to a claim, "the Court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that -- (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured …."

**C.**    **Burden of Proof**

All allegations set forth in a properly filed proof of claim are taken as true and, if the allegations set forth all facts necessary to establish a claim and are not self-contradictory, the proof of claim constitutes *prima facie* evidence of the validity and amount of the claim.  11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f).  However, a claimant must attach copies of writings upon which claims are based in order to carry its burden of establishing a *prima facie* case against the debtor. *Hardin v. Gianni (In re King Investments Inc.)*, 219 B.R. 848, 858 (B.A.P. 9th Cir. 1998).  Further, a claim should not be allowed if that claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law.  11 U.S.C. § 502(b)(1).

Once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991), then "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate burden of persuasion is always on the claimant."  *Holm*, 931 F.2d at 623.  In considering an objection to a claim, a bankruptcy court may take judicial notice of the underlying records in a bankruptcy case.  *O'Rourke v. Seaboard Surety Co., (In re ER Fergert, Inc.)*, 887 F.2d 955, 957-958 (9th Cir. 1998).

**D.**    **Disallowance for Plan Voting Purposes**

Courts recognize that Bankruptcy Rule 3018(a) permits a party in interest to seek to disallow a claim for voting purposes. Ultimately, the determination of whether to temporarily allow a claim

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

for voting purposes lies within the discretion of the bankruptcy court.  See *Armstrong v. Rushton (In re Armstrong)*, 294 B.R. 344, 354 (B.A.P. 10th Cir. 2003) ("There is no guidance in the Bankruptcy Code to courts as to determine whether to permit the temporary allowance of a claim; it is left to the court's discretion.").  Indeed, courts have broad authority to determine whether to allow or disallow a claim for purposes of voting under Bankruptcy Rule 3018(a). *See, e.g., In re Mangia Pizza Invs., L.P.,* 480 B.R. 669, 679 (Banker. W.D. Tex. 2012); *In re Zolner*, 174 B.R. 629, 633 (Bankr. N.D. Ill. 1994) (noting that a court must exercise its discretion to allow or disallow a claim under Bankruptcy Rule 3018(a) based on reasoned analysis); *In re Goldstein,* 114 B.R. 430, 433 (Bankr. E.D. Pa. 1990); Collier on Bankr. ¶ 9-3018[5] (16th ed. rev. 2012) ("The court, however, regardless of the circumstances, has the discretion to allow or disallow all or part of the claim for voting purposes.").

In some cases noted in the chart below, the Debtor has been advised that a Claimant inadvertently has been provided with multiple ballots to vote on the Debtor's Plan on account of a single debt.  Where that has occurred, the Debtor has requested that the Court disallow one of those Duplicate Claims for voting purposes.

**E.    The Objection and Request for Relief**

In most instances, the Duplicate Claim and the relevant Surviving Claim are the exact same claim in the same amount filed by the Claimant using the same name, and therefore the Duplicate Claim can be disallowed readily.  The chart below provides further explanation for the request for disallowance where the claims may not be exact duplicates of one another, but fall within the Duplicate Claims category that is the subject of this Objection.  For example, slight variations in the name or entity utilized by a Claimant to assert a debt against the Debtor or issues of translation from Chinese to English have required a more careful review to determine that two claims are, in fact, the same.

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Beijing Huaxing Mobile Asset Mgt Center | 27 | 20023 | Duplicate Claim | 1 |
| Beijing Jiaxin Tengda Information Consulting Co., Ltd. | 220000060 (scheduled claim) | 20019 | Creditor, Beijing Jiaxin Tengda Information Consulting Co., Ltd., | 2 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| | | | also uses the name Jiaxindechuang BJ Tech Group Co Ltd.  The Debtor scheduled Beijing Jixain Tengda Information Consulting Co., Ltd. in the amount of $1,458,406.  However, the creditor asserted the same debt using the name Jiaxindechuang BJ Tech Group Co Ltd. in filed claim number 20019 in the amount of $1,975,674.74, and, consequently, has received two separate ballots to vote a single debt in connection with the Debtor's Plan.  The filed proof of claim should supersede the scheduled claim despite the difference in names. | |
| China Soft Growing Invest Wuxi Partshp | 61 | 19 | Duplicate Claim | 3 |
| Chongqing LeTv Commercial Factoring LLC | 21 | 20015 | Duplicate Claim | 4 |
| Chongqing LeTv Commercial Factoring LLC | 24 | 20015 | Duplicate Claim | 5 |
| E-Town Intl Holding (HK) Co Ltd | 16 | 20017 | Duplicate Claim | 6 |
| Honghu Da | 6 | 20008 | Duplicate Claim | 7 |
| Huizhou Speed Secondcurve Management LP, | 20002 | 20001 | Duplicate Claim | 8 |
| Jiangyin Hailan Invest Holding Co Ltd. | 20009 | 7 | Creditor, Jiangyin Hailan Invest Holding Co. Ltd. filed Claim 20009 in the amount of $89,635,814.27, however, the back-up attached to Claim 20009 totals $69,635,814.27, which amount is duplicative of Claim 7. Therefore, Claim 20009 should be disallowed. | 9 |

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Linfen Investment Group Co. Ltd. | 220000540 | 30 | This creditor filed a proof of claim for the same debt under a similar but different name (Linfen Investment Construction Development Co. Ltd.) and, consequently, received ballots for both scheduled and filed claims.  The filed proof of claim should supersede the scheduled claim and, with respect to the Plan, the amount to be voted on account of the scheduled claim should be disallowed. | 10 |
| Nanchang OFilm Photoelectric Tech Co Ltd. | 38 | 33 | Duplicate Claim | 11 |
| O-Film Global (HK) Trading Limited | 34 | 33 | The creditor, in its complaint against the Debtor, describes it and Nanchang OFilm Photoelectric Tech Co Ltd. as sister companies and co-plaintiffs.  The lawsuit asserts a single claim of $24,095,428.00 against the Debtor.  Accordingly, multiple claims asserted in the same amount are duplicative. | 12 |
| O'Film Global (HK) Trading Limited | 37 | 33 | Duplicate Claim | 13 |
| Pingan Bank Co Ltd Beijing Branch | 20041 | 20036 | Duplicate Claim | 14 |
| Shenzhen Yingda Capital Management Co. | 220000860 | 20034 | This creditor inadvertently received ballots both for scheduled and filed claims, so the amount to be voted on account of the scheduled claim should be disallowed. | 15 |
| Tianjin Jairui Huixin | 42 | 20027 | Duplicate Claim | 16 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Corp. Mgt LLC | | | | |
| Tianjin Jairui Huixin Corp. Mgt LLC | 43 | 20029 | Duplicate Claim | 17 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 44 | 20030 | Duplicate Claim | 18 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 45 | 20031 | Duplicate Claim | 19 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 46 | 20032 | Duplicate Claim | 20 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 47 | 20039 | Duplicate Claim | 21 |
| Tianjin Yingxin Xinheng Investment Consulting Co. Ltd. | 28 | 20020 | Duplicate Claim | 22 |
| Weihua Qiu | 220000960 (scheduled claim) | 12 | This creditor inadvertently received ballots both for scheduled and filed claims, so the amount to be voted on account of the scheduled claim should be disallowed. | 23 |
| Weihua Qiu | 39 | 12 | Duplicate claim | 24 |
| Western Securities Co., Ltd. | 32 | 20028 | Duplicate Claim | 25 |
| Wuxi Leyike Investment Enterprise | 20025 | 20007 | Duplicate Claim | 26 |
| Xizang Jinmeihua Investment Co., Ltd. | 220001030 (scheduled claim) | 29 | In Chinese, Tibet is called Xizang. The creditor filed its claim using the name Tibet Jinmeihua Investment Co. Ltd. and, consequently, has received two separate ballots to vote a single debt in connection with the Debtor's Plan. The filed proof of claim should supersede the scheduled claim despite the difference in names. | 27 |

By this Objection, the Debtor simply seeks to have disallowed the Duplicate Claims leaving the Surviving Claims unaffected by this Objection.

## IV.

### **GENERAL RESERVATION OF RIGHTS**

The Debtor expressly reserves the right to amend, modify or supplement this Objection, and to file additional, other, or further objections to any proofs of claim filed in this Chapter 11 Case, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not) against the Debtor, regardless of whether such claims are subject to this Objection.  Should one or more of the grounds of objection stated in this Objection be denied, the Debtor reserves his rights to object on other stated grounds or on any other grounds he discovers during the pendency of this Chapter 11 Case.  In addition, the Debtor reserves the right to file counterclaims against the holders of any such claims.

## V.

### **NOTICE**

The Debtor will serve copies of this Objection on:  (a) the Claimants, (b) the Office of the United States Trustee, (c) counsel to the Committee, and (d) all parties who have requested notices in this Chapter 11 Case pursuant to Bankruptcy Rule 2002.

## VI.

### **CONCLUSION**

WHEREFORE, the Debtor respectfully requests that the Court enter an order granting the relief requested herein and granting the Debtor such other and further relief as is just and proper.

Dated:      April  2, 2020              PACHULSKI STANG ZIEHL & JONES LLP


                                        */s/ Malhar S. Pagay*
                                        Richard M. Pachulski
                                        Jeffrey W. Dulberg
                                        Malhar S. Pagay

                                        *Attorneys for Debtor and Debtor in Possession*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**DECLARATION OF LUETIAN SUN**

I, Luetian Sun, declare as follows:

1.      I am one of Debtor's advisors who assist the Debtor with various financial and business matters.  I also have served as Faraday & Future, Inc.'s ("FF") Investor Relations Coordinator since January 2019.  Prior to joining FF, I received a bachelor's degree in civil engineering from Beijing University's School of Civil Engineering and Architecture and a Master of Business Administration degree from the University of California at Riverside.

2.      I am in regular communication with the Debtor's professionals, including legal counsel.

3.      I submit this Declaration (the "Declaration") in support of the Debtor's *Omnibus Objection for an Order Disallowing Duplicate Claims* (the "Objection").

4.      If I were called to testify as a witness in this matter, I could and would competently testify to each of the facts set forth herein.

5.      At the direction of the Debtor, I have reviewed and analyzed the Claims that are the subject of the Objection, and have discussed my findings with both the Debtor and his legal counsel. Based on my analysis, I have determined that the Duplicate Claim are duplicative of other claims and should therefore be disallowed in their entirety.

6.      Also, in order to facilitate notice and service of the Objection, I researched each Claimant's address registered with the National Enterprise Credit Information Publicity System (http://www.gsxt.gov.cn/index.html), a government-run, national, enterprise credit inquiry system in the People's Republic of China.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 2nd day of April, 2020, at Los Angeles_____, California.

Luetian Sun

_____

Luetian Sun

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA  90067**

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S NOTICE OF OMNIBUS OBJECTION AND OMNIBUS OBJECTION FOR AN ORDER DISALLOWING DUPLICATE CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF LUETIAN SUN IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **April 2, 2020,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **April 2, 2020,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

United States Bankruptcy Court
Central District of California
Attn:  Hon. Vincent Zurzolo
Edward R. Roybal Federal Bldg./Courthouse
255 East Temple Street, Suite 1360
Los Angeles, CA  90012

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| April 2, 2020    Nancy H. Brown | | /s/ *Nancy H. Brown* |
| *Date*            *Printed Name* | | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                         **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:328782.1 46353/002

## SERVICE INFORMATION FOR CASE NO. 2:19-bk-24804-VZ

### 1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)

- Tanya Behnam    tbehnam@polsinelli.com, tanyabehnam@gmail.com
- Jerrold L Bregman    ecf@bg.law, jbregman@bg.law
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Stephen D Finestone    sfinestone@fhlawllp.com
- Richard H Golubow    rgolubow@wghlawyers.com, pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
- Alexandra N Krasovec    krasovec.alexandra@dorsey.com, claridge.vanessa@dorsey.com
- Ben H Logan    blogan@omm.com
- Robert S Marticello    Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- David W. Meadows    david@davidwmeadowslaw.com
- John A Moe    john.moe@dentons.com, glenda.spratt@dentons.com
- Kelly L Morrison    kelly.l.morrison@usdoj.gov
- Malhar S Pagay    mpagay@pszjlaw.com, bdassa@pszjlaw.com
- Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- Victor A Sahn    vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com
- Randye B Soref    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- Benjamin Taylor    btaylor@taylorlawfirmpc.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Felix T Woo    fwoo@ftwlawgroup.com, admin@ftwlawgroup.com
- Claire K Wu    ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com
- Emily Young    pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
- David B Zolkin    dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

DOCS_LA:328782.1 46353/002

**F 9013-3.1.PROOF.SERVICE**

Case 19-12220-KBO  Doc 87-2  Filed 11/13/19  Page 2 of 4

United States Bankruptcy Court for the District of Delaware

Yueting Jia, Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4419
Beaverton, OR 97076-4419

To submit your form online please go to https://epiqworkflow.com/cases/YT1

**RECEIVED**

**JAN 21 2020**

**LEGAL SERVICES**

Name of Debtor:
Case Number:

For Court Use Only

Filed: USBC - Central District of California
Yueting Jia  (B10)
19-24804 (VPZ)

**YT1**

0000000032

## Proof of Claim (Official Form 410)    04/19

Read the Instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims arising under section 503(b)(9) of the Bankruptcy Code, do not use this form to make a request for payment of an administrative expense. Such a request should be made by filing the separate administrative claim request form approved by the bankruptcy court. Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571. Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1    Identify the Claim

**1.  Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim):  Western Securities Co., Ltd.

Other names the creditor used with the debtor: 西部证券股份有限公司

**2.  Has this claim been acquired from someone else?**  ☒ No  ☐ Yes.  From whom? _____

**3.  Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Western Securities Co., Ltd.

Name  Room 10000 Building 8, No. 319 Dongxin Street, Xincheng District

Number    Street

Xi'an           Shaanxi   710004
City        State      ZIP Code

Country (if International):  China

Contact phone:  0086-29-87406081

Contact email: _____

Where should payments to the creditor be sent? (if different)

Name _____

Number    Street _____

City       State    ZIP Code

Country (if International): _____

Contact phone: _____

Contact email: _____

**4.  Does this claim amend one already filed?**
☒ No

☐ Yes. Claim number on court claims register (if known) _____

Filed on _____
         MM / DD / YYYY

**5.  Do you know if anyone else has filed a proof of claim for this claim?**
☒ No

☐ Yes. Who made the earlier filing? _____

### Part 2    Give Information About the Claim as of the Date the Case Was Filed

**6.  Do you have any number you use to identify the debtor?**
☐ No

☒ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:

8972

**7.  How much is the claim?**
$  104,964,145.36

Does this amount include interest or other charges?
☐ No
☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8.  What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

Loan

Case 19-12220-KBO   Doc 87-2   Filed 11/13/19   Page 2 of 4

**9. Is all or part of the claim secured?**

☐ No

☒ Yes. The claim is secured by a lien on property.
Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☒ Other. Describe: **Stocks of a PRC Listed Company** Leshi Internet & Technology Corp.(Beijing
Basis for perfection: stopped trading since April 2019
is believed to have no value as the stocks ha

**Proof of Stock Ownership**

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:   $ __0__

Amount of the claim that is secured:   $ __0__

Amount of the claim that is unsecured: $ __104,964,145.36__
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $ __104,964,145.36__

Annual Interest Rate (when case was filed)☒ __7.3__ %
☒ Fixed ☐ Variable

**10. Is this claim based on a lease?**

☒ No

☐ Yes. Amount necessary to cure any default as of the date of petition.

$ _____

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes. Identify the property:

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☒ No

☐ Yes. Check one:

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a)(__) that applies.

* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

Amount entitled to priority

$ _____

$ _____

$ _____

$ _____

$ _____

**Part 3:   Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☒ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date __1/22/2020__
MM / DD / YYYY         Signature

Print the name of the person who is completing and signing this claim:

Name _____
First name         Middle name         Last name

Title __Legal representative__

Company __Western Securities Co., Ltd.__
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address __Room 10000 Building 8, No. 319, Dongxin Street, Xincheng District__
Number      Street

__Xi'an__            __Shaanxi__        __710004__
City                State            ZIP Code

Contact Phone __0086-29-87406081__      Email _____

**Official Form 410 - Instructions for Proof of Claim**

United States Bankruptcy Court

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

A person who files a fraudulent claim could be fined up to $500,000 imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571

## How to fill out this form

- Fill in all of the information about the claim as of the date the case was filed.
- Fill in the caption at the top of the form. The debtor name and case number is provided under the general information section on the Claims Agents website: http://dm.epiq11.com/YT1.
- If the claim has been acquired from someone else, then state the identity of the last party who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.
- Attach any supporting documents to this form. Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of redaction below.)
  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called Bankruptcy Rule) 3001(c) and (d).
- Do not attach original documents because attachments may be destroyed after scanning.
- If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.
- A Proof of Claim form and any attached documents must show only the last 4 digits of any social security number, individuals tax identification number, or financial account number, and only the year of any persons date of birth. See Bankruptcy Rule 9037.
- For a minor child, fill in only the childs initials and the full name and address of the childs parent or guardian. For example, write A.B., a minor child (John Doe, parent, 123 Main St, City, State). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this claim form or you may access the Claims Agents website (http://dm.epiq11.com/YT1) to view your filed form under Claims.

### Where to File Proof of Claim Form

**First Class Mail:**
Yueting Jia, Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
PO Box 4419
Beaverton, OR 97076-4419

**Hand Delivery or Overnight Mail:**
Yueting Jia, Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd
Beaverton, OR 97005

**Electronic Filing:**
By accessing the E filing Claims link at http://dm.epiq11.com/YT1 or by sending a PDF claim form to the following Email: YTClaims@epiqglobal.com

## Understand the terms used in this form

Administrative expense: Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

Claim: A creditors right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

Creditor: A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

Debtor: A person, corporation, or other entity who is in bankruptcy. Use the debtors name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

Evidence of perfection: Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

Information that is entitled to privacy: A Proof of Claim form and any attached documents must show only the last 4 digits of any social security number, an individuals tax identification number, or a financial account number, only the initials of a minors name, and only the year of any persons date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

Priority claim: A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

Proof of claim: A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

Redaction of information: Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to privacy on the Proof of Claim form and any attached documents.

Secured claim under 11 U.S.C. §506(a): A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

Setoff: Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

Uniform claim identifier: An optional 24 character identifier that some creditors use to facilitate electronic payment.

Unsecured claim: A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

### Itemized Statement of Western Securities' Claim

According to the (2017) Shan Min Chu No. 63 Civil Settlement Agreement before Shaanxi Higher People's Court,

1. The principal amount is RMB 473,500,000;

2. The date of default is June 27, 2017. Interest = principal ×7.3%× days up to the date of default (June 27, 2017, excluding) /365=473,500,000×7.3%×64/365=RMB 6,060,800;

3. The interest rate starting from date of default to the actual repayment date is 7.3% per annum. Therefore, the interest during the defaulting period till October 14, 2019 (excluding) is =473,500,000×7.3%×839/365= RMB 79,453,300.00;

4. From the date of default (including June 27, 2017) to the actual repayment date, the debtor shall pay a penalty equal to 16.7% of the amount of principal outstanding per year. Therefore, liquidated damages =473,500,000×16.7%×839/365=RMB 181,763,028.77;

5. The case processing fee is RMB 2,456,389, and YT and Wei Gan shall borne half of that amount, which equals to RMB 1,228,194.50.

In conclusion, the total claim is RMB **742,005,323.27**.

Using the prevailing exchange rate as of October 14th, 2019, which is 1 USD = 7.06913128 RMB, RMB **742,005,323.27** equals to **USD 104,964,145.36**.



中国结算 中国证券登记结算有限责任公司
CSDC CHINA SECURITIES DEPOSITORY AND CLEARING CORPORATION LIMITED

# 质押证券情况

业务单号：428000004244

质权人名称：  西部证券股份有限公司                                质押登记编号：2897002016042118000793
质押登记日期：    2016年04月21日                                冻结方式：冻结（原股+红股+红利）

| 序号 | 证券账户及名称 | 证券代码及简称 | 托管单元 | 股份性质 | 冻结序号 | 质押证券数量 | 现金红利或债券利息 | 司法冻结证券数量 | 司法冻结现金红利或债券利息 | 司法冻结日期及法院名称 |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 0034901808贾跃亭 | 300104乐视网 | 392957（西部证券质押特别交易单元） | 无限售流通股 | 2897002016042118000793 | 42,999,998 | 0.00 | 42,999,998 | 0.00 | 2017年06月30日上海市高级人民法院 |



第 1 页        共 3 页



中国证券登记结算有限责任公司
CHINA SECURITIES DEPOSITORY AND CLEARING CORPORATION LIMITED

| 质权人名称: | 西部证券股份有限公司 | | | | | | 质押登记编号: | 2897002016121318000145 |
|---|---|---|---|---|---|---|---|---|
| 质押登记日期: | 2016年12月13日 | | | | | | 冻结方式: | 冻结(原股+红股+红利) |

| 序号 | 证券账户及名称 | 证券代码及简称 | 托管单元 | 股份性质 | 冻结序号 | 质押证券数量 | 现金红利或债券利息 | 司法冻结证券数量 | 司法冻结现金红利或债券利息 | 司法冻结日期及法院名称 |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 0034901808贾跃亭 | 300104乐视网 | 392957(西部证券质押特别交易单元) | 无限售流通股 | 2897002016 1213180001 45 | 6,000,000 | 0.00 | 6,000,000 | 0.00 | 2017年06月30日上海市高级人民法院 |




说明：
本公司为质权人提供远程质物查询服务
1、需要本公司出具书面证明的，可通过任一证券公司代理或通过取得投资人登记平台的权限后向本公司提出申请，查询结果邮寄至质权人指定地址。
2、持有数量单位：股票为"股"，基金和权证为"份"，债券为"张"，每张面值100元。
3、其中同一笔质押登记编号下相同证券代码、交易单元的原股、红股及配股合并数显示，证券冻结的现金红利或债券利息不包括证券发行人自行派发的部分，配股权证单独列示。

中国证券登记结算有限责任公司
二〇...年...月十七日



# 陕 西 省 高 级 人 民 法 院

# 民 事 调 解 书

（2017）陕民初 63 号

原告：西部证券股份有限公司。住所地：陕西省西安市新城区东新街 319 号 8 幢 10000 室。统一社会信用代码：91610000719782242D。

法定代表人：徐朝晖，该公司董事长。

委托诉讼代理人：何祎，该公司员工。

委托诉讼代理人：张华，该公司员工。

被告：贾跃亭，男，1973 年 12 月 15 日出生，汉族，住山西省临汾市尧都区解放西路 31 号。身份证号码：14262319731215081X。

委托诉讼代理人：邹义，北京中书律师事务所律师。

委托诉讼代理人：付玉琴，北京中书律师事务所律师。

被告：甘薇，女，1984 年 5 月 21 日出生，汉族，住四川省成都市锦江区大田坎街 162 号 21 栋 20 楼 1 号。身份证号码：510107198405210548。

委托诉讼代理人：邹义，北京中书律师事务所律师。

委托诉讼代理人：孟凡杰，北京中书律师事务所律师。

原告西部证券股份有限公司（以下简称西部证券）与被告贾跃亭、甘薇合同纠纷一案，本院于 2017 年 7 月 19 日立案后，依法适用普通程序，因涉及被告的个人隐私及商业秘密，不公开开庭进行了审理。

原告西部证券向本院提出诉讼请求：1、依法判令被告贾跃亭向原告清偿融资款 473500000 元，欠付利息 6060800 元； 2、依法判令被告贾跃亭向原告支付截止 2017 年 7 月 7 日的延期利息 959121.6 元，并依约支付自 2017 年 7 月 8 日至债务清偿完毕之日止的延期利息【延期利息＝（剩余本金+剩余本金应付利息）×违约天数×利率/365】；3、依法判令被告贾跃亭向原告支付截止 2017 年 7 月 7 日的违约金 2397804 元，并依约支付自 2017 年 7 月 8 日至债务清偿完毕之日止的违约金【违约金＝（剩余本金+剩余本金应付利息）×违约天数×0.05%】；4、依法判令原告西部证券有权对被告贾跃亭提供的质押股票折价或以拍卖、变卖的价款优先受偿；5、依法判令由被告贾跃亭承担本案全部诉讼费用（包括案件受理费、保全费、担保费、公告费等）。

事实和理由：一、合同签订及履行的基本情况。原告西部证券是具有合法股票质押回购主体资格的证券经营机构。2016 年 4 月 21 日，原告与被告贾跃亭签订了《股票质押式回购交易业务协议》（以下简称《业务协议》）及《西部证券股份有限公司股票质押式回购交易协议书》（以下简称《交易协议》）。上述协议约

定：原告作为资金融出方，向被告贾跃亭提供 5 亿元融资款（初始交易费用由被告贾跃亭负担）。融资期限为 1 年，购回交易日为 2017 年 4 月 21 日，利率为 7.3%。作为向原告偿还融资本金、利息、延期利息、违约金及实现质权所产生费用的担保，被告贾跃亭将其持有的乐视网（证券代码：300104）2150 万股股票质押给原告。同日，原告将全部融资款打入被告贾跃亭证券资金账号（57200121）中，且该股票质押依法通过深圳证券交易所及中国登记结算公司深圳分公司办理了相关申报、登记。

2016 年 12 月 13 日，因乐视网股价下跌，跌破预警线，被告贾跃亭向原告提交了《股票质押式回购交易补充质押申请书》，并补充质押 300 万股乐视网股票，满足合同约定的履约保障比例要求。

2017 年 3 月 23 日，原告与被告贾跃亭签署了《关于〈股票质押式回购交易业务协议〉的补充说明》，并签订了新修订的《业务协议》。双方对于《交易协议》的内容未作修订，双方原交易内容根据新的《业务协议》继续履行。

2017 年 4 月 21 日交易到期，被告贾跃亭向原告提交《股票质押式回购交易延期购回申请书》及《贾跃亭股票质押延期情况说明》，申请延期三日。双方约定如被告三日内还款 3000 万（含利息 350 万）后，剩余股票质押可延期三个月。

2017 年 4 月 24 日，被告贾跃亭向原告提交《股票质押式回购交易部分购回申请书》、《股票质押式回购交易延期购回申请

书》，通过先行偿还 2650 万元本金，同时支付该笔交易的利息 350 万后，购回一股，双方约定购回交易日延期为 2017 年 7 月 24 日。延期后欠款总额变更为：482117700 元，含利息 8617700 元。

2017 年 6 月 20 日，被告贾跃亭未按照约定支付利息，原告于 2017 年 6 月 23 日要求其应于下一个交易日（2017 年 6 月 26 日）提前购回。6 月 26 日被告贾跃亭未按要求提前购回，已构成违约，原告于 2017 年 6 月 27 日向深圳交易所申报上述交易违约。

二、诉讼请求的依据及主要理由。（注：以下协议中甲方为被告贾跃亭、乙方为原告西部证券）

（一）被告贾跃亭行为已构成根本违约。双方《业务协议》第三十四条约定："待购回期间，乙方不得主动要求甲方提前购回，但当出现以下情形时，乙方有权要求甲方在该情形发生或发现的下一个交易日提前购回：……。二、质押标的证券或甲方账户及账户内其它资产被国家有权机关采取强制措施的。……七、甲方未按照约定偿还利息的。……乙方将在上述情形发生或发现的下一交易日 14：00 之前进行购回交易申报，甲方账户内应有足额资金。发生上述事项，甲方不履行提前购回义务的，按甲方违约处理。"2017 年 6 月 20 日为约定付息日，被告贾跃亭未按照约定支付利息。延期申请，该申请原告未予准许。原告于 2017 年 6 月 23 日要求其应于下一个交易日（2017 年 6 月 26 日）提

前购回。6 月 26 日，被告贾跃亭未按要求履行提前购回义务，根据上述合同约定已构成违约，原告依据深圳交易所相关规则于 2017 年 6 月 27 日向交易所申报上述交易违约，深圳证券交易所已进行了违约登记。2017 年 6 月 30 日，原告查询后得知被告贾跃亭所质押股票已被司法冻结。综上，被告贾跃亭作为资金融入方违反了参与股票质押式回购交易的基本义务，已经构成根本违约。

（二）被告贾跃亭应依约承担相应的违约责任。1、双方《业务协议》第四十七条约定："发生以下情形之一的，构成甲方违约：……四、乙方依据协议约定要求甲方提前购回，甲方未提前购回的。……上述情形发生的下一自然日为违约起始日。"第四十九条约定："甲方违反本协议第四十七条第二、三、四、五、六款的，按以下流程处理：一、甲方应根据违约天数向乙方支付违约金。违约天数为违约起始日至相关违约情形了结日之间的自然天数。违约天数不足一个自然日的，按一个自然日计算。……违约处置后，甲方向乙方应付金额＝剩余本金＋剩余本金应付利息＋延期利息＋违约金额。其中，剩余本金＝初始交易金额－Σ偿还本金，剩余本金应付利息＝剩余本金×利率×计息天数÷365＋Σ（偿还本金×利率×偿还期限÷365）－已支付利息，计息天数指违约起始日与初始交易日之间的自然天数。不足一个自然日的按一个自然日计算，算头不算尾。延期利息＝（剩余本金＋剩余本金应付利息）×违约天数×利率/365。违约金＝（剩余本金

+剩余本金应付利息）×违约天数×0.05%。" 根据上述合同约定，2017 年 6 月 27 日应为被告贾跃亭的违约起始日，被告贾跃亭应当依约向原告履行如下义务：（1）清偿本金：473500000 元；（2）支付应付利息（截止 2017 年 6 月 27 日）：6060800 元；（3）支付延期利息（截止 2017 年 7 月 7 日）：959121.6 元。并依约支付自 2017 年 7 月 8 日至债务清偿完毕之日上的延期利息【延期利息＝（剩余本金+剩余本金应付利息）×违约天数×利率/365】；（4）支付违约金（截止 2017 年 7 月 7 日）2397804 元，并依约支付自 2017 年 7 月 8 日至债务清偿完毕之日止的违约金【违约金＝（剩余本金+剩余本金应付利息）×违约天数×0.05%】；

2、双方《业务协议》第四十九条第三款约定："乙方为实现质权所产生的所有费用均由甲方承担，上述费用包括但不限于诉讼费（或仲裁费）、律师费、差旅费、评估费、拍卖费等。" 据此，被告贾跃亭应承担本案诉讼费、诉讼保全费、担保费、公告费等各项费用。

本案开庭审理前，原告西部证券向本院申请追加甘薇为本案被告，并提交变更诉讼请求申请书，变更其诉讼请求为：1、依法判令被告一贾跃亭、被告二甘薇共同向原告清偿融资款473500000 元，欠付利息 6060800 元；2、依法判令被告一贾跃亭、被告二甘薇共同向原告支付截止 2017 年 7 月 7 日的延期利息 959121.6 元，并依约支付自 2017 年 7 月 8 日至债务清偿完毕之日止的延期利息【延期利息=（剩余本金+剩余本金应付利息）

-6-

×违约天数×利率/365 】；3、依法判令被告一贾跃亭、被告二甘薇向原告支付截止 2017 年 7 月 7 日的违约金2397804 元，并依约支付自 2017 年 7 月 8 日至债务清偿完毕之日止的违约金【违约金=（剩余本金+剩余本金应付利息）×违约天数×0.05%】；4、依法判令原告西部证券有权对被告一贾跃亭、被告二甘薇提供的质押股票折价或以拍卖、变卖的价款优先受偿；5、依法判令由被告一贾跃亭、被告二甘薇共同承担本案全部诉讼费用（包括案件受理费、保全费、担保费、公告费、律师费等）。

事实和理由：一、合同签订及履行的基本情况。原告西部证券是具有合法股票质押回购主体资格的证券经营机构。2016 年 4 月 21 日，原告与被告一贾跃亭签订了《业务协议》及《交易协议》。上述协议约定：原告作为资金融出方，向被告一贾跃亭提供 5 亿元融资款（初始交易费用由被告一贾跃亭负担）。融资期限为 1 年，购回交易日为 2017 年 4 月 21 日，利率为 7.3%。作为向原告偿还融资本金、利息、延期利息、违约金及实现质权所产生费用的担保，被告一贾跃亭将其持有的乐视网（证券代码：300104）2150 万股股票质押给原告。同日，原告将全部融资款打入被告一贾跃亭证券资金账号（57200121）中。该股票质押依法通过深圳证券交易所及中国登记结算公司深圳分公司办理了相关申报、登记。

2014 年 5 月 29 日，被告二甘薇通过北京市方正公证处进行了公证授权委托【（2014）京方正内民证自第 23380 号】，该公证

-7-

委托书载明：委托人甘薇与贾跃亭系夫妻关系，甘薇同意贾跃亭以其二人所有的动产（包括但不限于股票、债券）或不动产作为贾跃亭个人或者贾跃亭所持股的相关公司向银行、信托公司、证券公司、个人、其他贷款机构进行融资（包括但不限于贷款）或对上述融资（包括但不限于贷款）进行担保、抵押、质押，亦或者作为无限连带保证责任人，承担无限连带保证责任。甘薇委托其配偶贾跃亭代其签署关于贷款、抵押、质押相关的所有合同、协议及承担无限连带责任的有关文件等。委托有限期截止日期为2017 年 12 月 31 日。2016 年 4 月 21 日，贾跃亭代其配偶甘薇向原告出具《配偶承诺书》，承诺其对贾跃亭本次进行的股票质押式回购交易（股票代码：300104、质押股数：21500000 股）已得到甘薇本人的认可，业务存续期间产生的债务，为夫妻双方共同债务，由甘薇与贾跃亭共同承担。

2016 年 12 月 13 日，因乐视网股价下跌，跌破预警线，被告贾跃亭向原告提交了《股票质押式回购交易补充质押申请书》，并补充质押 300 万股乐视网股票，满足合同约定的履约保障比例要求。

2017 年 3 月 23 日，原告与被告贾跃亭签署了《关于<股票质押式回购交易业务协议>的补充说明》，并签订了新修订的《业务协议》。双方对于《交易协议》的内容未作修订，双方原交易内容根据新的《业务协议》继续履行。

2017 年 4 月 21 日交易到期，被告一贾跃亭向原告提交《股

票质押式回购交易延期购回申请书》及《贾跃亭股票质押延期情况说明》，申请延期三日。双方约定如被告三日内还款3000万（含利息350万）后，剩余股票质押可延期三个月。

2017年4月24日，被告一贾跃亭向原告提交《股票质押式回购交易部分购回申请书》、《股票质押式回购交易延期购回申请书》，通过先行偿还2650万元本金，同时支付该笔交易的利息350万后，购回一股，双方约定购回交易日延期为2017年7月24日。延期后欠款总额变更为：482117700元，含利息8617700元。

2017年6月20日，被告一贾跃亭未按照约定支付利息，原告于2017年6月23日要求其应于下一个交易日（2017年6月26日）提前购回。6月26日被告一贾跃亭未按要求提前购回，已构成违约，原告于2017年6月27日向深圳交易所申报上述交易违约。

二、诉讼请求的依据及主要理由（注：以下协议中甲方为被告贾跃亭、乙方为原告西部证券）

（一）被告贾跃亭行为已构成根本违约。双方《业务协议》第三十四条约定："待购回期间，乙方不得主动要求甲方提前购回，但当出现以下情形时，乙方有权要求甲方在该情形发生或发现的下一个交易日提前购回：……二、质押标的证券或甲方账户及账户内其它资产被国家有权机关采取强制措施的。……七、甲方未按照约定偿还利息的。……乙方将在上述情形发生或发现的

下一交易日 14：00 之前进行购回交易申报，甲方账户内应有足额资金。发生上述事项，甲方不履行提前购回义务的，按甲方违约处理。"2017 年 6 月 20 日为约定付息日，被告贾跃亭未按照约定支付利息。延期申请，该申请原告未予准许。原告于 2017 年 6 月 23 日要求其应于下一个交易日（2017 年 6 月 26 日）提前购回。6 月 26 日，被告贾跃亭未按要求履行提前购回义务，根据上述合同约定已构成违约，原告依据深圳交易所相关规则于 2017 年 6 月 27 日向交易所申报上述交易违约，深圳证券交易所已进行了违约登记。2017 年 6 月 30 日，原告查询后得知被告贾跃亭所质押股票已被司法冻结。综上，被告一贾跃亭作为资金融入方违反了参与股票质押式回购交易的基本义务，已经构成根本违约。

（二）被告贾跃亭、甘薇应承担相应的法律责任。1、《业务协议》第四十七条约定："发生以下情形之一的，构成甲方违约：……四、乙方依据协议约定要求甲方提前购回，甲方未提前购回的。……上述情形发生的下一自然日为违约起始日。"第四十九条约定："甲方违反本协议第四十七条第二、三、四、五、六款的，按以下流程处理：一、甲方应根据违约天数向乙方支付违约金。违约天数为违约起始日至相关违约情形了结日之间的自然天数。违约天数不足一个自然日的，按一个自然日计算。……违约处置后，甲方向乙方应付金额＝剩余本金＋剩余本金应付利息＋延期利息＋违约金额。其中，剩余本金＝初始交易金额－∑偿还

本金，剩余本金应付利息=剩余本金×利率×计息天数÷365+Σ（偿还本金×利率×偿还期限÷365）-已支付利息，计息天数指违约起始日与初始交易日之间的自然天数。不足一个自然日的按一个自然日计算，算头不算尾。延期利息=（剩余本金+剩余本金应付利息）×违约天数×利率/365。违约金＝（剩余本金+剩余本金应付利息）×违约天数×0.05%。"根据上述合同约定，2017年6月27日应为被告一贾跃亭的违约起始日，被告一贾跃亭应当依约向原告履行如下义务：（1）清偿本金：473500000元；（2）支付应付利息（截止2017年6月27日）：6060800元；（3）支付延期利息（截止2017年7月7日）：959121.6元。并约支付自2017年7月8日至债务清偿完毕之日止的延期利息【延期利息=（剩余本金+剩余本金应付利息）×违约天数×利率/365】；（4）支付违约金（截止2017年7月7日）2397804元，并依约支付自2017年7月8日至债务清偿完毕之日止的违约金【违约金=（剩余本金+剩余本金应付利息）×违约天数×0.05%】；

2、双方《业务协议》第四十九条第三款约定："乙方为实现质权所产生的所有费用均由甲方承担，上述费用包括但不限于诉讼费（或仲裁费）、律师费、差旅费、评估费、拍卖费等。"据此，被告一贾跃亭应承担本案诉讼费、诉讼保全费、担保费、公告费等各项费用。

3、根据2016年4月21日被告二甘薇向原告出具《配偶承诺书》，承诺其对配偶贾跃亭本次进行的股票质押式回购交易（股

票代码：300104、质押股数：21500000）已得到其本人的认可，业务存续期间产生的债务为夫妻双方共同债务，由其与贾跃亭共同承担。据此，甘薇作为贾跃亭的配偶，应当共同承担此业务产生的所有责任。综上，根据相关法律、司法解释的规定，结合贾跃亭、甘薇夫妇出具的公证授权委托及书面承诺，足以证明原告与贾跃亭因本次股票质押式回购业务所产生的债务为贾跃亭、甘薇夫妻共同债务，应由贾跃亭、甘薇共同承担。

本案审理过程中，当事人自行和解达成如下协议，请求人民法院确认：

甲方：西部证券股份有限公司

乙方：贾跃亭

丙方：甘薇

鉴于：

1、甲方系依法设立并合法存续的证券公司，具有合法开展股票质押回购业务的资格，乙方、丙方为具有完全民事权利能力和民事行为能力的自然人，具有从事相关民事活动的能力，且丙方为乙方的配偶。

2、甲方与乙方于 2016 年 4 月 21 日签署了《业务协议》及《交易协议》，约定甲方向乙方提供 50000 万元融资款，融资期限为 1 年，购回交易日为 2017 年 4 月 21 日，利率为 7.3%/年。乙方将其持有的乐视网信息技术（北京）股份有限公司（证券简称：乐视网，证券代码：300104，以下简称"乐视网（300104）"）

2150 万股股票质押给甲方。同日，甲方将全部融资款打入乙方证券资金账号（57200121），乙方提供的质押股票在中国登记结算公司深圳分公司办理了质押登记。同日，乙方依据北京市方正公证处（2014）京方正内民证自第 23380 号《公证书》中丙方对乙方的授权委托，由乙方向甲方出具《配偶承诺书》，承诺丙方作为乙方配偶，认可乙方本次股票质押融资，认可业务存续期间的债务为夫妻共同债务，由乙方、丙方共同承担。

3、业务存续期间，因乐视网（300104）股价下跌，低于《业务协议》、《交易协议》约定的警戒线，乙方于 2016 年 12 月 13 日补充质押乐视网（300104）股票 300 万股。

4、2017 年 3 月 23 日，甲乙双方签署了《关于〈股票质押式回购交易业务协议〉的补充说明》，并签订了新修订的《业务协议》。双方对于《交易协议》的内容未作修订，双方原交易内容根据新的《业务协议》继续履行。

5、2017 年 4 月 21 日交易到期，乙方向甲方提交《股票质押式回购交易延期购回申请书》及《贾跃亭股票质押延期情况说明》，申请将交易到期日延期三日至 2017 年 4 月 24 日。双方约定如被告三日内还款 3000 万元（含利息 350 万元）后，剩余股票质押可延期三个月。

6、2017 年 4 月 24 日，乙方向甲方提交《股票质押式回购交易部分购回申请书》、《股票质押式回购交易延期购回申请书》，通过先行偿还 2650 万元本金并购回 1 股，同时支付对应利息 350

万元后，双方约定购回交易日延期至 2017 年 7 月 24 日，本次还款后，乙方欠付甲方的融资本金变更为 47350 万元。

7、乐视网（300104）2017 年 8 月 21 日发布《2016 年度权益分派实施公告》，乐视网（300104）以资本公积金向全体股东每 10 股转增 10 股并于 2017 年 8 月 25 日实施。综合计算初始质押乐视网（300104）股票 2150 万股、补充质押 300 万股、购回 1 股及每 10 股转增 10 股后，乙方质押给甲方的乐视网（300104）股票数量变更为 48999998 股。

8、按照《业务协议》、《交易协议》的约定，业务存续期间，乙方应当于每季度末月的 20 日（即 2016 年 9 月 20 日、2016 年 12 月 20 日、2017 年 3 月 20 日、2017 年 6 月 20 日）支付本季度利息，如未按照约定时间支付利息，则乙方应当于下一个交易日提前购回，未提前购回的构成违约，乙方须按照协议约定承担违约金（0.05%/日）。

9、2017 年 6 月 20 日，乙方未按照约定支付当季度利息，乙方向甲方申请延期支付利息未得到甲方同意，亦未按照甲方要求于下一个交易日（6 月 26 日）提前购回而构成违约。因乙方与其他债权人的纠纷，乙方质押给甲方的乐视网（300104）股票被司法冻结，导致甲方在乙方违约后无法按照协议约定处置质押股票。违约后，乙丙方亦未向甲方偿还融资本金、欠付利息、延期利息和违约金。甲乙丙三方发生纠纷并进入诉讼程序。

为妥善解决甲乙丙三方之间的纠纷，经三方友好协商，就三

方之间的纠纷达成如下和解协议，以兹共同遵守。

第一条【债务确认】甲乙双方共同确认，乙方欠付甲方的债务总额为本金 47350 万元，截止违约起始日（2017 年 6 月 27 日，不含）的利息 6060800 元。违约起始日至债务实际清偿日的利息按照年利率 7.3%计算，即利息=本金×7.3%×违约天数/365。

乙方应当自违约起始日（2017 年 6 月 27 日，包含）至实际清偿日按照欠付本金金额的 16.7%/年承担违约金，部分偿还本金的，分段计算。违约金=未偿还本金金额×16.7%×违约天数/365。

乙丙方认可上述债务为夫妻共同债务并承担共同清偿责任。

第二条【债务清偿】乙丙双方承诺，本协议签署后经陕西省高级人民法院确认，在陕西省高级人民法院出具《民事调解书》生效当日内清偿上述全部本金、利息和违约金。

第三条【优先受偿权】甲乙丙三方确认，甲方对乙方质押给甲方的 48999998 股乐视网（300104）股票处置价款享有优先受偿权。

第四条【执行协助】如乙丙方未按照本协议约定清偿债务，甲方申请司法强制执行的，乙丙方应当提供必要的配合和协助，包括但不限于信息披露、沟通司法机关办理质押股票解冻、提供财产清单等。

第五条【诉讼费用承担】因本纠纷产生的诉讼费用（案件受理费）由乙丙方承担，具体金额以陕西省高级人民法院出具的《民

事调解书》确定的金额为准。甲方已经向陕西省高级人民法院预交诉讼费用（案件受理费），乙丙方应当于陕西省高级人民法院出具的《民事调解书》生效当日向甲方支付诉讼费用（案件受理费）。

第六条【债务偿还顺序】乙丙双方偿还资金或者甲方执行质押股票所得款项不足以清偿乙丙双方全部诉讼费用、本金和利息的，抵扣顺序为诉讼费、本金、利息。

第七条【争议管辖】本协议适用中华人民共和国法律（不包括香港特别行政区、澳门特别行政区和台湾地区法律），因本协议发生的争议，应当提交甲方住所地有管辖权的法院诉讼解决。

第八条【书面文件】甲乙双方于本协议生效前以非书面方式所作说明、承诺、证明或者意向等，均被本协议所取代，相关内容以本协议为准。

第九条【保密】各方均应对本协议的内容及本协议涉及业务的文件文本、信息资料承担保密责任，未经其他方书面许可，不得向任何第三方披露。但各方基于法律法规规定、行政机关、司法机关、行业主管部门和自律组织、交易所要求及上市公司履行信息披露义务而作出的披露除外。

第十条【生效】本协议经甲方法定代表人或者授权代表签字并加盖公章，乙丙方或者其授权代理人签署后生效，至本协议约定的义务履行完毕之日起终止。

第十一条【其他】本协议一式六份，甲方持有贰份，乙丙方

- 16 -

各持有一份,贰份提交陕西省高级人民法院办理司法确认及《民事调解书》手续。

上述协议,不违反法律规定,本院予以确认。

案件受理费 2456389 元减半收取 1228194.5 元由被告贾跃亭、甘薇负担。

本调解书经各方当事人签收后,即具有法律效力。

审 判 长　王西京

审 判 员　赵　敏

代理审判员　佳　东

二 0 一

**本件与原件核对无异**

书 记 员　李 琨

# 生 效 证 明

　　本院审理的（2017）陕民初 63 号原告西部证券股份有

限公司与被告贾跃亭、甘薇合同纠纷一案，本院作出的（2017）

陕民初 63 号民事调解书已经各方当事人签收，该民事调解

书已经发生法律效力。



二〇一八年　　月　　日

E

M

A

I

L

E

D

_____C Murray_____          _____1/21/2020_____
CASE MANAGER                              DATE

| United States Bankruptcy Court for the Central District Of California - Los Angeles Division | |
|---|---|
| **Name of Debtor:** Yueting Jia | **For Court Use Only** |
| | Claim Number:     0000020028 |
| **Case Number:**    19-24804 | File Date:           01/21/2020 19:13:58 |

# Proof of Claim (Official Form 410)

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case.  With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**
**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.
A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.  18 U.S.C. §§ 152, 157, and 3571.
**Fill in all the information about the claim as of the date the case was filed.  That date is on the notice of bankruptcy (Form 309) that you received.**

**04/19**

---

| Part 1: | **Identify the Claim** |
|---|---|

**1.    Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim):      Western Securities Co.,Ltd

Other names the creditor used with the debtor: _____

**2.    Has this claim been acquired from someone else?**    ☑ No   ☐ Yes.   From whom? _____

**3.    Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name    Western Securities Co.,Ltd | Name _____ |
| Address    Western Securities Co.,Ltd | Address _____ |
|        Room 10000 Building 8 | _____ |
|        No 319 Dongxin Street, Xincheng District | _____ |
| City    Xi'an, Shaanxi | City _____ |
| State _____ ZIP Code   710004 | State _____ ZIP Code _____ |
| Country (if International):   China | Country (if International): _____ |
| Phone:    0086-29-87406081 | Phone: _____ |
| Email: _____ | Email: _____ |

| **4. Does this claim amend one already filed?** | **5. Do you know if anyone else has filed a proof of claim for this claim?** |
|---|---|
| ☑ No | ☑ No |
| ☐ Yes. | ☐ Yes. |
|    Claim number on court claims register (if known) _____ |    Who made the earlier filing? |
|    Filed on _____ <br>          MM / DD / YYYY | _____ |

**Part 2:** **Give Information About the Claim as of the Date the Case Was Filed**

**6.  Do you have any number you use to identify the debtor?**

☐ No

☑ Yes.

Last 4 digits of the debtor's account or any number you use to identify the debtor:

8972

___  ___  ___  ___

**7.  How much is the claim?**

$ 104,964,145.36            unliquidated

**Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8.  What is the basis of the claim?**

Examples:  Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.  Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).  Limit disclosing information that is entitled to privacy, such as health care information.

Bank Debt/Credit Facility
_____

---

**9.  Is all or part of the claim secured?**

☐ No

☑ Yes.    The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☑ Other.  Describe:    Leshi Company's stocks stopped trading.

**Basis for perfection:**

Proof of Stock Ownership.
_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                              $  0.00

Amount of the claim that is secured:     $  0.00

Amount of the claim that is unsecured:  $  104,964,145.36

(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:   $  104,964,145.36

**Annual Interest Rate** (when case was filed)     7.3 %

☑ Fixed   ☐ Variable

**10.  Is this claim based on a lease?**

☑ No

☐ Yes.  **Amount necessary to cure any default as of the date of petition.**

$_____

**11.  Is this claim subject to a right of setoff?**

☑ No

☐ Yes.  Identify the property:

_____

**12.  Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a) (_____) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority.  For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

---

**13.  Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes.  **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $_____

| Part 3: | Sign Below |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*Zhao Hui Xu* — 01/21/2020 19:13:58

Signature                                                                Date

**Provide the name and contact information of the person completing and signing this claim:**

Name        Zhao Hui Xu

Address     Western Securities Co.,Ltd

            Room 10000 Bd 8,

            No 319 Dongxin Street, Xincheng District

City        Xi'an, Shaanxi

State                                            Zip    710004

Country (in international)    China

Phone       0086-29-87406081

Email

| United States Bankruptcy Court for the District of Delaware | To submit your form online please go to https://epiqworkflow.com/cases/YT1 |
|---|---|

Yueting Jia, Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4419
Beaverton, OR 97076-4419

Name of Debtor:
Case Number:

| | For Court Use Only |
|---|---|

# Proof of Claim (Official Form 410)

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims arising under section 503(b)(9) of the Bankruptcy Code, do not use this form to make a request for payment of an administrative expense. Such a request should be made by filing the separate administrative claim request form approved by the bankruptcy court. Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:    Identify the Claim

**1.    Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim):    Western Securities Co., Ltd.

Other names the creditor used with the debtor: 西部证券股份有限公司

**2.    Has this claim been acquired from someone else?**    ☒ No   ☐ Yes.   From whom? _____

**3.    Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) | **4. Does this claim amend one already filed?** |
|---|---|---|
| Western Securities Co., Ltd. | | ☒ No |
| Name   Room 10000 Building 8, No. 319 Dongxin Street, Xincheng District | Name _____ | ☐ Yes. Claim number on court claims register (if known) _____ |
| Number    Street | Number    Street | Filed on _____ MM / DD / YYYY |
| Xi'an           Shaanxi   710004 | _____ | **5. Do you know if anyone else has filed a proof of claim for this claim?** |
| City           State      ZIP Code | City           State      ZIP Code | |
| Country (if International):   China | Country (if International): _____ | ☒ No |
| Contact phone:  0086-29-87406081 | Contact phone: _____ | ☐ Yes. Who made the earlier filing? |
| Contact email: | Contact email: _____ | _____ |

## Part 2:    Give Information About the Claim as of the Date the Case Was Filed

| 6. Do you have any number you use to identify the debtor? | 7. How much is the claim? | 8. What is the basis of the claim? |
|---|---|---|
| ☐ No | $ 104,964,145.36 . | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information. |
| ☒ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: 8 9 7 2 | Does this amount include interest or other charges? ☐ No ☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). | Loan |

**9. Is all or part of the claim secured?**

☐ No

☒ Yes. The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☒ Other. Describe: **Stocks of a PRC Listed Company** Leshi Internet & Technology Corp.(Beijing) is believed to have no value as the stocks have

Basis for perfection: stopped trading since April 2019

**Proof of Stock Ownership**

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:            $    0

Amount of the claim that is secured:    $    0

Amount of the claim that is unsecured: $  104,964,145.36
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $  104,964,145.36

Annual Interest Rate (when case was filed) ☒    7.3    %
        ☒ Fixed ☐ Variable

**10. Is this claim based on a lease?**

☒ No

☐ Yes. Amount necessary to cure any default as of the date of petition.

$ _____

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes. Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☒ No

☐ Yes. Check one:

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a)(_) that applies.

* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

Amount entitled to priority

$ _____

$ _____

$ _____

$ _____

$ _____

$ _____

---

**Part 3:    Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☒ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    1/22/2020
        MM / DD / YYYY        Signature

Print the name of the person who is completing and signing this claim:

Name    許韶偉
        First name        Middle name        Last name

Title    Legal representative

Company    Western Securities Co., Ltd.
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address    Room 10000 Building 8, No. 319, Dongxin Street, Xincheng District
        Number        Street

        Xi'an            Shaanxi        710004
        City            State        ZIP Code

Contact Phone    0086-29-87406081        Email _____

**Official Form 410 - Instructions for Proof of Claim**

United States Bankruptcy Court

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

A person who files a fraudulent claim could be fined up to $500,000 imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571

## How to fill out this form

- Fill in all of the information about the claim as of the date the case was filed.

- Fill in the caption at the top of the form. The debtor name and case number is provided under the general information section on the Claims Agent's website: http://dm.epiq11.com/YT1.

- If the claim has been acquired from someone else, then state the identity of the last party who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- Attach any supporting documents to this form. Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of redaction below.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- Do not attach original documents because attachments may be destroyed after scanning.

- If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.

- A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth. *See* Bankruptcy Rule 9037.

- For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian. For example, write *A.B., a minor child (John Doe, parent, 123 Main St, City, State)*. See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or you may access the Claims Agent's website (http://dm.epiq11.com/YT1) to view your filed form under "Claims."

### Where to File Proof of Claim Form

**First Class Mail:**
Yueting Jia, Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
PO Box 4419
Beaverton, OR 97076-4419

**Hand Delivery or Overnight Mail:**
Yueting Jia, Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd
Beaverton, OR 97005

**Electronic Filing:**
By accessing the E filing Claims link at
http://dm.epiq11.com/YT1 or by sending a PDF claim form to the following Email: YTClaims@epiqglobal.com

## Understand the terms used in this form

Administrative expense: Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

Claim: A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

Creditor: A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

Debtor: A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

Evidence of perfection: Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

Information that is entitled to privacy: A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

Priority claim: A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

Proof of claim: A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

Redaction of information: Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to privacy on the *Proof of Claim* form and any attached documents.

Secured claim under 11 U.S.C. §506(a): A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

Setoff: Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

Uniform claim identifier: An optional 24 character identifier that some creditors use to facilitate electronic payment.

Unsecured claim: A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Itemized Statement of Western Securities' Claim

According to the (2017) Shan Min Chu No. 63 Civil Settlement Agreement before Shaanxi Higher People's Court,

1. The principal amount is RMB 473,500,000;

2. The date of default is June 27, 2017. Interest = principal ×7.3%× days up to the date of default (June 27, 2017, excluding) /365=473,500,000×7.3%×64/365=RMB 6,060,800;

3. The interest rate starting from date of default to the actual repayment date is 7.3% per annum. Therefore, the interest during the defaulting period till October 14, 2019 (excluding) is =473,500,000×7.3%×839/365= RMB 79,453,300.00;

4. From the date of default (including June 27, 2017) to the actual repayment date, the debtor shall pay a penalty equal to 16.7% of the amount of principal outstanding per year. Therefore, liquidated damages =473,500,000×16.7%×839/365=RMB 181,763,028.77;

5. The case processing fee is RMB 2,456,389, and YT and Wei Gan shall borne half of that amount, which equals to RMB 1,228,194.50.

In conclusion, the total claim is RMB **742,005,323.27**.

Using the prevailing exchange rate as of October 14th, 2019, which is 1 USD = 7.06913128 RMB, RMB **742,005,323.27** equals to **USD 104,964,145.36**.

# 陕西省高级人民法院

# 民事调解书

（2017）陕民初 63 号

原告：西部证券股份有限公司。住所地：陕西省西安市新城区东新街 319 号 8 幢 10000 室。统一社会信用代码：91610000719782242D。

法定代表人：徐朝晖，该公司董事长。

委托诉讼代理人：何祎，该公司员工。

委托诉讼代理人：张华，该公司员工。

被告：贾跃亭，男，1973 年 12 月 15 日出生，汉族，住山西省临汾市尧都区解放西路 31 号。身份证号码：14262319731215081X。

委托诉讼代理人：邹义，北京中书律师事务所律师。

委托诉讼代理人：付玉琴，北京中书律师事务所律师。

被告：甘薇，女，1984 年 5 月 21 日出生，汉族，住四川省成都市锦江区大田坎街 162 号 21 栋 20 楼 1 号。身份证号码：510107198405210548。

委托诉讼代理人：邹义，北京中书律师事务所律师。

委托诉讼代理人：孟凡杰，北京中书律师事务所律师。

原告西部证券股份有限公司（以下简称西部证券）与被告贾跃亭、甘薇合同纠纷一案，本院于 2017 年 7 月 19 日立案后，依法适用普通程序，因涉及被告的个人隐私及商业秘密，不公开开庭进行了审理。

原告西部证券向本院提出诉讼请求：1、依法判令被告贾跃亭向原告清偿融资款 473500000 元，欠付利息 6060800 元；2、依法判令被告贾跃亭向原告支付截止 2017 年 7 月 7 日的延期利息 959121.6 元，并依约支付自 2017 年 7 月 8 日至债务清偿完毕之日止的延期利息【延期利息＝（剩余本金+剩余本金应付利息）×违约天数×利率/365】；3、依法判令被告贾跃亭向原告支付截止 2017 年 7 月 7 日的违约金 2397804 元，并依约支付自 2017 年 7 月 8 日至债务清偿完毕之日止的违约金【违约金＝（剩余本金+剩余本金应付利息）×违约天数×0.05%】；4、依法判令原告西部证券有权对被告贾跃亭提供的质押股票折价或以拍卖、变卖的价款优先受偿；5、依法判令由被告贾跃亭承担本案全部诉讼费用（包括案件受理费、保全费、担保费、公告费等）。

事实和理由：一、合同签订及履行的基本情况。原告西部证券是具有合法股票质押回购主体资格的证券经营机构。2016 年 4 月 21 日，原告与被告贾跃亭签订了《股票质押式回购交易业务协议》（以下简称《业务协议》）及《西部证券股份有限公司股票质押式回购交易协议书》（以下简称《交易协议》）。上述协议约

定：原告作为资金融出方，向被告贾跃亭提供 5 亿元融资款（初始交易费用由被告贾跃亭负担）。融资期限为 1 年，购回交易日为 2017 年 4 月 21 日，利率为 7.3%。作为向原告偿还融资本金、利息、延期利息、违约金及实现质权所产生费用的担保，被告贾跃亭将其持有的乐视网（证券代码：300104）2150 万股股票质押给原告。同日，原告将全部融资款打入被告贾跃亭证券资金账号（57200121）中，且该股票质押依法通过深圳证券交易所及中国登记结算公司深圳分公司办理了相关申报、登记。

2016 年 12 月 13 日，因乐视网股价下跌，跌破预警线，被告贾跃亭向原告提交了《股票质押式回购交易补充质押申请书》，并补充质押 300 万股乐视网股票，满足合同约定的履约保障比例要求。

2017 年 3 月 23 日，原告与被告贾跃亭签署了《关于〈股票质押式回购交易业务协议〉的补充说明》，并签订了新修订的《业务协议》。双方对于《交易协议》的内容未作修订，双方原交易内容根据新的《业务协议》继续履行。

2017 年 4 月 21 日交易到期，被告贾跃亭向原告提交《股票质押式回购交易延期购回申请书》及《贾跃亭股票质押延期情况说明》，申请延期三日。双方约定如被告三日内还款 3000 万（含利息 350 万）后，剩余股票质押可延期三个月。

2017 年 4 月 24 日，被告贾跃亭向原告提交《股票质押式回购交易部分购回申请书》、《股票质押式回购交易延期购回申请

书》，通过先行偿还 2650 万元本金，同时支付该笔交易的利息 350 万后，购回一股，双方约定购回交易日延期为 2017 年 7 月 24 日。延期后欠款总额变更为：482117700 元，含利息 8617700 元。

2017 年 6 月 20 日，被告贾跃亭未按照约定支付利息，原告于 2017 年 6 月 23 日要求其应于下一个交易日（2017 年 6 月 26 日）提前购回。6 月 26 日被告贾跃亭未按要求提前购回，已构成违约，原告于 2017 年 6 月 27 日向深圳交易所申报上述交易违约。

二、诉讼请求的依据及主要理由。（注：以下协议中甲方为被告贾跃亭、乙方为原告西部证券）

（一）被告贾跃亭行为已构成根本违约。双方《业务协议》第三十四条约定："待购回期间，乙方不得主动要求甲方提前购回，但当出现以下情形时，乙方有权要求甲方在该情形发生或发现的下一个交易日提前购回：……。二、质押标的证券或甲方账户及账户内其它资产被国家有权机关采取强制措施的。……七、甲方未按照约定偿还利息的。……乙方将在上述情形发生或发现的下一交易日 14：00 之前进行购回交易申报，甲方账户内应有足额资金。发生上述事项，甲方不履行提前购回义务的，按甲方违约处理。"2017 年 6 月 20 日为约定付息日，被告贾跃亭未按照约定支付利息。延期申请，该申请原告未予准许。原告于 2017 年 6 月 23 日要求其应于下一个交易日（2017 年 6 月 26 日）提

前购回。6 月 26 日，被告贾跃亭未按要求履行提前购回义务，根据上述合同约定已构成违约，原告依据深圳交易所相关规则于 2017 年 6 月 27 日向交易所申报上述交易违约，深圳证券交易所已进行了违约登记。2017 年 6 月 30 日，原告查询后得知被告贾跃亭所质押股票已被司法冻结。综上，被告贾跃亭作为资金融入方违反了参与股票质押式回购交易的基本义务，已经构成根本违约。

（二）被告贾跃亭应依约承担相应的违约责任。1、双方《业务协议》第四十七条约定："发生以下情形之一的，构成甲方违约：……四、乙方依据协议约定要求甲方提前购回，甲方未提前购回的。……上述情形发生的下一自然日为违约起始日。"第四十九条约定："甲方违反本协议第四十七条第二、三、四、五、六款的，按以下流程处理：一、甲方应根据违约天数向乙方支付违约金。违约天数为违约起始日至相关违约情形了结日之间的自然天数。违约天数不足一个自然日的，按一个自然日计算。……违约处置后，甲方向乙方应付金额＝剩余本金+剩余本金应付利息+延期利息+违约金额。其中，剩余本金＝初始交易金额－Σ偿还本金，剩余本金应付利息＝剩余本金×利率×计息天数÷365+Σ（偿还本金×利率×偿还期限÷365）－已支付利息，计息天数指违约起始日与初始交易日之间的自然天数。不足一个自然目的按一个自然日计算，算头不算尾。延期利息＝（剩余本金+剩余本金应付利息）×违约天数×利率/365。违约金＝（剩余本金

+剩余本金应付利息）×违约天数×0.05%。"根据上述合同约定，2017 年 6 月 27 日应为被告贾跃亭的违约起始日，被告贾跃亭应当依约向原告履行如下义务：（1）清偿本金：473500000 元；（2）支付应付利息（截止 2017 年 6 月 27 日）：6060800 元；（3）支付延期利息（截止 2017 年 7 月 7 日）：959121.6 元。并依约支付自 2017 年 7 月 8 日至债务清偿完毕之日上的延期利息【延期利息＝（剩余本金+剩余本金应付利息）×违约天数×利率/365】；（4）支付违约金（截止 2017 年 7 月 7 日）2397804 元，并依约支付自 2017 年 7 月 8 日至债务清偿完毕之日止的违约金【违约金＝（剩余本金+剩余本金应付利息）×违约天数×0.05%】；

2、双方《业务协议》第四十九条第三款约定："乙方为实现质权所产生的所有费用均由甲方承担，上述费用包括但不限于诉讼费（或仲裁费）、律师费、差旅费、评估费、拍卖费等。"据此，被告贾跃亭应承担本案诉讼费、诉讼保全费、担保费、公告费等各项费用。

本案开庭审理前，原告西部证券向本院申请追加甘薇为本案被告，并提交变更诉讼请求申请书，变更其诉讼请求为：1、依法判令被告一贾跃亭、被告二甘薇共同向原告清偿融资款 473500000 元，欠付利息 6060800 元；2、依法判令被告一贾跃亭、被告二甘薇共同向原告支付截止 2017 年 7 月 7 日的延期利息 959121.6 元，并依约支付自 2017 年 7 月 8 日至债务清偿完毕之止的延期利息【延期利息=（剩余本金+剩余本金应付利息）

×违约天数×利率/365 】；3、依法判令被告一贾跃亭、被告二甘薇向原告支付截止 2017 年 7 月 7 日的违约金 2397804 元，并依约支付自 2017 年 7 月 8 日至债务清偿完毕之日止的违约金【违约金＝（剩余本金＋剩余本金应付利息）×违约天数×0.05%】；4、依法判令原告西部证券有权对被告一贾跃亭、被告二甘薇提供的质押股票折价或以拍卖、变卖的价款优先受偿；5、依法判令由被告一贾跃亭、被告二甘薇共同承担本案全部诉讼费用（包括案件受理费、保全费、担保费、公告费、律师费等）。

事实和理由：一、合同签订及履行的基本情况。原告西部证券是具有合法股票质押回购主体资格的证券经营机构。2016 年 4 月 21 日，原告与被告一贾跃亭签订了《业务协议》及《交易协议》。上述协议约定：原告作为资金融出方，向被告一贾跃亭提供 5 亿元融资款（初始交易费用由被告一贾跃亭负担）。融资期限为 1 年，购回交易日为 2017 年 4 月 21 日，利率为 7.3%。作为向原告偿还融资本金、利息、延期利息、违约金及实现质权所产生费用的担保，被告一贾跃亭将其持有的乐视网（证券代码：300104）2150 万股股票质押给原告。同日，原告将全部融资款打入被告一贾跃亭证券资金账号（57200121）中。该股票质押依法通过深圳证券交易所及中国登记结算公司深圳分公司办理了相关申报、登记。

2014 年 5 月 29 日，被告二甘薇通过北京市方正公证处进行了公证授权委托【(2014) 京方正内民证自第 23380 号】，该公证

委托书载明：委托人甘薇与贾跃亭系夫妻关系，甘薇同意贾跃亭
以其二人所有的动产（包括但不限于股票、债券）或不动产作为
贾跃亭个人或者贾跃亭所持股的相关公司向银行、信托公司、证
券公司、个人、其他贷款机构进行融资（包括但不限于贷款）或
对上述融资（包括但不限于贷款）进行担保、抵押、质押，亦或
者作为无限连带保证责任人，承担无限连带保证责任。甘薇委托
其配偶贾跃亭代其签署关于贷款、抵押、质押相关的所有合同、
协议及承担无限连带责任的有关文件等。委托有限期截止日期为
2017 年 12 月 31 日。2016 年 4 月 21 日，贾跃亭代其配偶甘薇向
原告出具《配偶承诺书》，承诺其对贾跃亭本次进行的股票质押
式回购交易（股票代码：300104、质押股数：21500000 股）已
得到甘薇本人的认可，业务存续期间产生的债务，为夫妻双方共
同债务，由甘薇与贾跃亭共同承担。

   2016 年 12 月 13 日，因乐视网股价下跌，跌破预警线，被
告贾跃亭向原告提交了《股票质押式回购交易补充质押申请书》，
并补充质押 300 万股乐视网股票，满足合同约定的履约保障比例
要求。

   2017 年 3 月 23 日，原告与被告贾跃亭签署了《关于〈股票
质押式回购交易业务协议〉的补充说明》，并签订了新修订的《业
务协议》。双方对于《交易协议》的内容未作修订，双方原交易
内容根据新的《业务协议》继续履行。

   2017 年 4 月 21 日交易到期，被告一贾跃亭向原告提交《股

票质押式回购交易延期购回申请书》及《贾跃亭股票质押延期情况说明》，申请延期三日。双方约定如被告三日内还款 3000 万（含利息 350 万）后，剩余股票质押可延期三个月。

2017 年 4 月 24 日，被告一贾跃亭向原告提交《股票质押式回购交易部分购回申请书》、《股票质押回购交易延期购回申请书》，通过先行偿还 2650 万元本金，同时支付该笔交易的利息 350 万后，购回一股，双方约定购回交易日延期为 2017 年 7 月 24 日。延期后欠款总额变更为：482117700 元，含利息 8617700 元。

2017 年 6 月 20 日，被告一贾跃亭未按照约定支付利息，原告于 2017 年 6 月 23 日要求其应于下一个交易日（2017 年 6 月 26 日）提前购回。6 月 26 日被告一贾跃亭未按要求提前购回，已构成违约，原告于 2017 年 6 月 27 日向深圳交易所申报上述交易违约。

二、诉讼请求的依据及主要理由（注：以下协议中甲方为被告贾跃亭、乙方为原告西部证券）

（一）被告贾跃亭行为已构成根本违约。双方《业务协议》第三十四条约定："待购回期间，乙方不得主动要求甲方提前购回，但当出现以下情形时，乙方有权要求甲方在该情形发生或发现的下一个交易日提前购回：……二、质押标的证券或甲方账户及账户内其它资产被国有权机关采取强制措施的。……七、甲方未按照约定偿还利息的。……乙方将在上述情形发生或发现的

下一交易日 14：00 之前进行购回交易申报，甲方账户内应有足额资金。发生上述事项，甲方不履行提前购回义务的，按甲方违约处理。"2017 年 6 月 20 日为约定付息日，被告贾跃亭未按照约定支付利息。延期申请，该申请原告未予准许。原告于 2017 年 6 月 23 日要求其应于下一个交易日（2017 年 6 月 26 日）提前购回。6 月 26 日，被告贾跃亭未按要求履行提前购回义务，根据上述合同约定已构成违约，原告依据深圳交易所相关规则于 2017 年 6 月 27 日向交易所申报上述交易违约，深圳证券交易所已进行了违约登记。2017 年 6 月 30 日，原告查询后得知被告贾跃亭所质押股票已被司法冻结。综上，被告一贾跃亭作为资金融入方违反了参与股票质押式回购交易的基本义务，已经构成根本违约。

（二）被告贾跃亭、甘薇应承担相应的法律责任。1、《业务协议》第四十七条约定："发生以下情形之一的，构成甲方违约：……四、乙方依据协议约定要求甲方提前购回，甲方未提前购回的。……上述情形发生的下一自然日为违约起始日。"第四十九条约定："甲方违反本协议第四十七条第二、三、四、五、六款的，按以下流程处理：一、甲方应根据违约天数向乙方支付违约金。违约天数为违约起始日至相关违约情形了结日之间的自然天数。违约天数不足一个自然日的，按一个自然日计算。……违约处置后，甲方向乙方应付金额＝剩余本金+剩余本金应付利息+延期利息+违约金额。其中，剩余本金=初始交易金额-Σ偿还

本金，剩余本金应付利息=剩余本金×利率×计息天数÷365+∑（偿还本金×利率×偿还期限÷365）-已支付利息，计息天数指违约起始日与初始交易日之间的自然天数。不足一个自然日的按一个自然日计算，算头不算尾。延期利息=（剩余本金+剩余本金应付利息）×违约天数×利率/365。违约金＝（剩余本金+剩余本金应付利息）×违约天数×0.05%。"根据上述合同约定，2017年6月27日应为被告一贾跃亭的违约起始日，被告一贾跃亭应当依约向原告履行如下义务：（1）清偿本金：473500000元；（2）支付应付利息（截止2017年6月27日）：6060800元；（3）支付延期利息（截止2017年7月7日）：959121.6元。并依约支付自2017年7月8日至债务清偿完毕之日止的延期利息【延期利息=（剩余本金+剩余本金应付利息）×违约天数×利率/365】；（4）支付违约金（截止2017年7月7日）2397804元，并依约支付自2017年7月8日至债务清偿完毕之日止的违约金【违约金=（剩余本金+剩余本金应付利息）×违约天数×0.05%】；

2、双方《业务协议》第四十九条第三款约定："乙方为实现质权所产生的所有费用均由甲方承担，上述费用包括但不限于诉讼费（或仲裁费）、律师费、差旅费、评估费、拍卖费等。"据此，被告一贾跃亭应承担本案诉讼费、诉讼保全费、担保费、公告费等各项费用。

3、根据2016年4月21日被告二甘薇向原告出具《配偶承诺书》，承诺其对配偶贾跃亭本次进行的股票质押式回购交易（股

票代码：300104、质押股数：21500000）已得到其本人的认可，业务存续期间产生的债务为夫妻双方共同债务，由其与贾跃亭共同承担。据此，甘薇作为贾跃亭的配偶，应当共同承担此业务产生的所有责任。综上，根据相关法律、司法解释的规定，结合贾跃亭、甘薇夫妇出具的公证授权委托及书面承诺，足以证明原告与贾跃亭因本次股票质押式回购业务所产生的债务为贾跃亭、甘薇夫妻共同债务，应由贾跃亭、甘薇共同承担。

本案审理过程中，当事人自行和解达成如下协议，请求人民法院确认：

甲方：西部证券股份有限公司

乙方：贾跃亭

丙方：甘薇

鉴于：

1、甲方系依法设立并合法存续的证券公司，具有合法开展股票质押回购业务的资格，乙方、丙方为具有完全民事权利能力和民事行为能力的自然人，具有从事相关民事活动的能力，且丙方为乙方的配偶。

2、甲方与乙方于 2016 年 4 月 21 日签署了《业务协议》及《交易协议》，约定甲方向乙方提供 50000 万元融资款，融资期限为 1 年，购回交易日为 2017 年 4 月 21 日，利率为 7.3%/年。乙方将其持有的乐视网信息技术（北京）股份有限公司（证券简称：乐视网，证券代码：300104，以下简称"乐视网（300104）"）

2150 万股股票质押给甲方。同日，甲方将全部融资款打入乙方证券资金账号（57200121），乙方提供的质押股票在中国登记结算公司深圳分公司办理了质押登记。同日，乙方依据北京市方正公证处（2014）京方正内民证自第 23380 号《公证书》中丙方对乙方的授权委托，由乙方向甲方出具《配偶承诺书》，承诺丙方作为乙方配偶，认可乙方本次股票质押融资，认可业务存续期间的债务为夫妻共同债务，由乙方、丙方共同承担。

3、业务存续期间，因乐视网（300104）股价下跌，低于《业务协议》、《交易协议》约定的警戒线，乙方于 2016 年 12 月 13 日补充质押乐视网（300104）股票 300 万股。

4、2017 年 3 月 23 日，甲乙双方签署了《关于<股票质押式回购交易业务协议>的补充说明》，并签订了新修订的《业务协议》。双方对于《交易协议》的内容未作修订，双方原交易内容根据新的《业务协议》继续履行。

5、2017 年 4 月 21 日交易到期，乙方向甲方提交《股票质押式回购交易延期购回申请书》及《贾跃亭股票质押延期情况说明》，申请将交易到期日延期三日至 2017 年 4 月 24 日。双方约定如被告三日内还款 3000 万元（含利息 350 万元）后，剩余股票质押可延期三个月。

6、2017 年 4 月 24 日，乙方向甲方提交《股票质押式回购交易部分购回申请书》、《股票质押式回购交易延期购回申请书》，通过先行偿还 2650 万元本金并购回 1 股，同时支付对应利息 350

万元后，双方约定购回交易日延期至 2017 年 7 月 24 日，本次还款后，乙方欠付甲方的融资本金变更为 47350 万元。

7、乐视网（300104）2017 年 8 月 21 日发布《2016 年度权益分派实施公告》，乐视网（300104）以资本公积金向全体股东每 10 股转增 10 股并于 2017 年 8 月 25 日实施。综合计算初始质押乐视网（300104）股票 2150 万股、补充质押 300 万股、购回 1 股及每 10 股转增 10 股后，乙方质押给甲方的乐视网（300104）股票数量变更为 48999998 股。

8、按照《业务协议》、《交易协议》的约定，业务存续期间，乙方应当于每季度末月的 20 日（即 2016 年 9 月 20 日、2016 年 12 月 20 日、2017 年 3 月 20 日、2017 年 6 月 20 日）支付本季度利息，如未按照约定时间支付利息，则乙方应当于下一个交易日提前购回，未提前购回的构成违约，乙方须按照协议约定承担违约金（0.05%/日）。

9、2017 年 6 月 20 日，乙方未按照约定支付当季度利息，乙方向甲方申请延期支付利息未得到甲方同意，亦未按照甲方要求于下一个交易日（6 月 26 日）提前购回而构成违约。因乙方与其他债权人的纠纷，乙方质押给甲方的乐视网（300104）股票被司法冻结，导致甲方在乙方违约后无法按照协议约定处置质押股票。违约后，乙丙方亦未向甲方偿还融资本金、欠付利息、延期利息和违约金。甲乙丙三方发生纠纷并进入诉讼程序。

为妥善解决甲乙丙三方之间的纠纷，经三方友好协商，就三

方之间的纠纷达成如下和解协议，以兹共同遵守。

第一条【债务确认】甲乙双方共同确认，乙方欠付甲方的债务总额为本金 47350 万元，截止违约起始日（2017 年 6 月 27 日，不含）的利息 6060800 元。违约起始日至债务实际清偿日的利息按照年利率 7.3%计算，即利息=本金×7.3%×违约天数/365。

乙方应当自违约起始日（2017 年 6 月 27 日，包含）至实际清偿日按照欠付本金金额的 16.7%/年承担违约金，部分偿还本金的，分段计算。违约金=未偿还本金金额×16.7%×违约天数/365。

乙丙方认可上述债务为夫妻共同债务并承担共同清偿责任。

第二条【债务清偿】乙丙双方承诺，本协议签署后经陕西省高级人民法院确认，在陕西省高级人民法院出具《民事调解书》生效当日内清偿上述全部本金、利息和违约金。

第三条【优先受偿权】甲乙丙三方确认，甲方对乙方质押给甲方的 48999998 股乐视网（300104）股票处置价款享有优先受偿权。

第四条【执行协助】如乙丙方未按照本协议约定清偿债务，甲方申请司法强制执行的，乙丙方应当提供必要的配合和协助，包括但不限于信息披露、沟通司法机关办理质押股票解冻、提供财产清单等。

第五条【诉讼费用承担】因本纠纷产生的诉讼费用（案件受理费）由乙丙方承担，具体金额以陕西省高级人民法院出具的《民

事调解书》确定的金额为准。甲方已经向陕西省高级人民法院预交诉讼费用（案件受理费），乙丙方应当于陕西省高级人民法院出具的《民事调解书》生效当日向甲方支付诉讼费用（案件受理费）。

第六条【债务偿还顺序】乙丙双方偿还资金或者甲方执行质押股票所得款项不足以清偿乙丙双方全部诉讼费用、本金和利息的，抵扣顺序为诉讼费、本金、利息。

第七条【争议管辖】本协议适用中华人民共和国法律（不包括香港特别行政区、澳门特别行政区和台湾地区法律），因本协议发生的争议，应当提交甲方住所地有管辖权的法院诉讼解决。

第八条【书面文件】甲乙双方于本协议生效前以非书面方式所作说明、承诺、证明或者意向等，均被本协议所取代，相关内容以本协议为准。

第九条【保密】各方均应对本协议的内容及本协议涉及业务的文件文本、信息资料承担保密责任，未经其他方书面许可，不得向任何第三方披露。但各方基于法律法规规定、行政机关、司法机关、行业主管部门和自律组织、交易所要求及上市公司履行信息披露义务而作出的披露除外。

第十条【生效】本协议经甲方法定代表人或者授权代表签字并加盖公章，乙丙方或者其授权代理人签署后生效，至本协议约定的义务履行完毕之日起终止。

第十一条【其他】本协议一式六份，甲方持有贰份，乙丙方

各持有一份，贰份提交陕西省高级人民法院办理司法确认及《民事调解书》手续。

上述协议，不违反法律规定，本院予以确认。

案件受理费 2456389 元减半收取 1228194.5 元由被告贾跃亭、甘薇负担。

本调解书经各方当事人签收后，即具有法律效力。

审　判　长　　王西京

审　判　员　　赵　敏

代理审判员　　逄　东

二 0 一八年十一月二十二日

本件与原件核对无异

书　记　员　　李　琨

# 生 效 证 明

　　本院审理的（2017）陕民初 63 号原告西部证券股份有限公司与被告贾跃亭、甘薇合同纠纷一案，本院作出的（2017）陕民初 63 号民事调解书已经各方当事人签收，该民事调解书已经发生法律效力。



二〇一八年十二月二十六日

中国结算 **CSDC**
中国证券登记结算有限责任公司
CHINA SECURITIES DEPOSITORY AND CLEARING CORPORATION LIMITED

业务单号：42800004244

## 质押证券情况

质权人名称：西部证券股份有限公司
质押登记日期：2016年04月21日

质押登记编号：2897002016042118000793
冻结方式：冻结（原股+红股+红利）

| 序号 | 证券账户及名称 | 证券代码及简称 | 托管单元 | 股份性质 | 冻结序号 | 质押证券数量 | 现金红利或债券利息 | 司法冻结证券数量 | 司法冻结现金红利或债券利息 | 司法冻结日期及法院名称 |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 0034901808贾跃亭 | 300104乐视网 | 392957（西部证券质押特别交易单元） | 无限售流通股 | 2897002016042118000793 | 42,999,998 | 0.00 | 42,999,998 | 0.00 | 2017年06月30日上海市高级人民法院 |

第 1 页                                                  共 3 页



中国结算 **CSDC**
中国证券登记结算有限责任公司
CHINA SECURITIES DEPOSITORY AND CLEARING CORPORATION LIMITED

质权人名称：
质押登记日期：2016年12月13日　证券账户名称：西部证券股份有限公司

质押登记编号：2897002016121318000145
冻结方式：冻结（原股+红股+红利）

| 序号 | 证券账户及名称 | 证券代码及简称 | 托管单元 | 股份性质 | 冻结序号 | 质押证券数量 | 现金红利或债券利息 | 司法冻结证券数量 | 司法冻结现金红利或债券利息 | 司法冻结日期及法院名称 |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 0034901808贾跃亭 | 300104乐视网 | 392957（西部证券质押特别交易单元） | 无限售流通股 | 2897002016121318000145 | 6,000,000 | 0.00 | 6,000,000 | 0.00 | 2017年06月30日上海市高级人民法院 |

第 2 页 共 3 页



中国证券登记结算有限责任公司

二〇一〇年一月十七日印制

说明：

本公司为质权人提供远程物质查询服务

1、需要本公司出具书面证明的，可通过任一证券公司代理或通过投资人登记平台的权限后向本公司提出申请，查询结果邮寄至质权人指定地址。

2、持有数量单位：股票为"股"，基金和权证为"份"，债券为"张"，每张面值100元。

3、其中同一笔质押登记编号下相同证券代码、交易单元的原股、红股及配股合并数量显示，证券冻结的现金红利或债券利息不包括证券发行人自行派发的部分，配股权证单独列示。

中国结算 CSDC
中国证券登记结算有限责任公司
CHINA SECURITIES DEPOSITORY AND CLEARING CORPORATION LIMITED

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA  90067**

A true and correct copy of the foregoing document entitled (*specify*):  **NOTICE OF OBJECTION TO CLAIM [Claim #32]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **April 3, 2020,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **April 3, 2020,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

United States Bankruptcy Court
Central District of California
Attn:  Hon. Vincent Zurzolo
Edward R. Roybal Federal Bldg./Courthouse
255 East Temple Street, Suite 1360
Los Angeles, CA  90012

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 3, 2020    Nancy H. Brown | /s/ *Nancy H. Brown* |
|---|---|
| *Date*                    *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                 **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:328782.1 46353/002

**SERVICE INFORMATION FOR CASE NO. 2:19-bk-24804-VZ**
**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

- Jerrold L Bregman    ecf@bg.law, jbregman@bg.law
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Stephen D Finestone    sfinestone@fhlawllp.com
- Richard H Golubow    rgolubow@wghlawyers.com,
  pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
- Alexandra N Krasovec    krasovec.alexandra@dorsey.com, claridge.vanessa@dorsey.com
- Ben H Logan    blogan@omm.com
- Robert S Marticello    Rmarticello@swelawfirm.com,
  gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- David W. Meadows    david@davidwmeadowslaw.com
- John A Moe    john.moe@dentons.com, glenda.spratt@dentons.com
- Kelly L Morrison    kelly.l.morrison@usdoj.gov
- Malhar S Pagay    mpagay@pszjlaw.com, bdassa@pszjlaw.com
- Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- Victor A Sahn    vsahn@sulmeyerlaw.com,
  pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.in
  foruptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com
- Randye B Soref    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- Benjamin Taylor    btaylor@taylorlawfirmpc.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Felix T Woo    fwoo@ftwlawgroup.com, admin@ftwlawgroup.com
- Claire K Wu    ckwu@sulmeyerlaw.com,
  mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com
- Emily Young    pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
- David B Zolkin    dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                    Page 2                                    **F 3007-1.1.NOTICE.OBJ.CLAIM**
DOCS_LA:328774.1 46353/002