| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Richard M. Pachulski (CA Bar No. 90073)<br>Jeffrey W. Dulberg (CA Bar No. 181200)<br>Malhar S. Pagay (CA Bar No. 189289)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Boulevard, 13th Floor<br>Los Angeles, CA  90067<br>Telephone:  310/277-6910<br>Facsimile:  310/201-0760<br>Email: rpachulski@pszjlaw.com<br>      jdulberg@pszjlaw.com<br>      mpagay@pszjlaw.com<br><br>☒ *Attorney for:* Debtor | FOR COURT USE ONLY |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>YUETING JIA,<br><br>                 Debtor(s). | CASE NO.: 2:19-bk-24804-VZ<br><br>CHAPTER: 11 |
| | **NOTICE OF OBJECTION TO CLAIM**<br><br>DATE:  May 7, 2020<br>TIME:   1:30 p.m.<br>COURTROOM: 1368<br>PLACE: 255 East Temple Street<br>          Los Angeles, CA  90012 |

1. TO *(specify claimant and claimant's counsel, if any)*:   Huizhou Speed Secondcurve Management LP and Congrong Zhang

2. NOTICE IS HEREBY GIVEN that the undersigned has filed an objection to your Proof of Claim (Claim No. 20002) filed in the above referenced case. The Objection to Claim seeks to alter your rights by disallowing, reducing or modifying the claim based upon the grounds set forth in the objection, a copy of which is attached hereto and served herewith.

3. **Deadline for Opposition Papers**: You must file and serve a response to the Objection to Claim not later than 14 days prior to the hearing date set forth above.

   **IF YOU FAIL TO TIMELY RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.**

Date:  April 2, 2020

PACHULSKI STANG ZIEHL & JONES LLP
Printed name of law firm

*/s/ Malhar S. Pagay*
Signature

Date Notice Mailed: April 2, 2020

Malhar S. Pagay
Printed name of attorney for objector

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                    Page 1                    **F 3007-1.1.NOTICE.OBJ.CLAIM**
DOCS_LA:328790.1 46353/002

Richard M. Pachulski (CA Bar No. 90073)
Jeffrey W. Dulberg (CA Bar No. 181200)
Malhar S. Pagay (CA Bar No. 189289)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email:    rpachulski@pszjlaw.com
          jdulberg@pszjlaw.com
          mpagay@pszjlaw.com

Attorneys for Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No.: 2:19-bk-24804-VZ |
| YUETING JIA,[1] | Chapter 11 |
| Debtor. | **DEBTOR'S NOTICE OF OMNIBUS OBJECTION AND OMNIBUS OBJECTION FOR AN ORDER DISALLOWING DUPLICATE CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF LUETIAN SUN IN SUPPORT THEREOF** |
| | <u>**This Objection Affects The Following Claimants:**</u> |
| | **Beijing Huaxing Mobile Asset Mgt Center, Claim 27** (Duplicate of Claim 20023) |
| | **Beijing Jiaxin Tengda Information Consulting Co., Ltd., Scheduled Claim 220000060** (Duplicate of Claim 20019) |
| | **China Soft Growing Invest Wuxi Partshp, Claim 61** (Duplicate of Claim 19) |
| | **Chongqing LeTV Commercial Factoring Co., Ltd., Claims 21** and **24** (Duplicates of Claim 20015) |
| | **E-Town Intl Holding (HK) Co Ltd., Claim 16** (Duplicate of Claim 20017) |
| | **Honghu Da, Claim 6** (Duplicate of Claim 20008) |
| | **Huizhou Speed Secondcurve Management LP, Claim 20002** (Duplicate of Claim 20001) |
| | **Jiangyin Hailan Invest. Holding Co. Ltd., Claim 20009** (Duplicate of Claim 7) |
| | **Linfen Investment Group Co., Ltd., Scheduled Claim** |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

---

[1] The last four digits of the Debtor's federal tax identification number are 8972. The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**220000540** (Duplicate of Claim 30)
**Nanchang O-Film Photoelectric Technology Co., Ltd, Claim 38** (Duplicate of Claim 33)
**O-Film Global (HK) Trading Limited, Claim 34** (Duplicate of Claim 33)
**O-Film Global (HK) Trading Limited, Claim 37** (Duplicate of Claim 33)
**Pingan Bank Co Ltd Beijing Branch, Claim 20041** (Duplicate of Claim 20036)
**Shenzhen Yingda Capital Management Co., Scheduled Claim 220000860** (Duplicate of Claim 20034)
**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 42** (Duplicate of Claim 20027)
**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 43** (Duplicate of Claim 20029)
**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 44** (Duplicate of Claim 20030)
**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 45** (Duplicate of Claim 20031)
**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 46** (Duplicate of Claim 20032)
**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 47** (Duplicate of Claim 20039)
**Tianjin Yingxin Xinheng Investment Consulting Co., Ltd., Claim 28** (Duplicate of Claim 20020)
**Weihua Qiu, Scheduled, Claim 220000960** (Duplicate of Claim 12)
**Weihua Qiu, Claim 39** (Duplicate of Claim 12)
**Western Securities Co., Ltd., Claim 32** (Duplicate of Claim 20028)
**Wuxi Leyike Investment Enterprise, Claim 20025** (Duplicate of Claim 20007)
**Xizang Jinmeihua Investment Co., Ltd., Scheduled Claim 220001030** (Duplicate of Claim 29)

| | |
|---|---|
| Date: | May 7, 2020 |
| Time: | 1:30 p.m. |
| Place: | Courtroom 1368 |
| | Roybal Federal Building |
| | 255 E. Temple Street |
| | Los Angeles, California 90012 |
| | |
| Judge: | Hon. Vincent P. Zurzolo |

**PLEASE TAKE NOTICE** that, on May 7, 2020, beginning at 1:30 p.m. (Pacific Time), or as soon thereafter as counsel may be heard before the Hon. Vincent P. Zurzolo, in Courtroom 1368 of the Edward R. Roybal Federal Building and Courthouse, located at 255 E. Temple Street, Los Angeles, California 90012, pursuant to the *Order (I) Approving the Fourth Amended Disclosure Statement; (II) Approving the Voting Procedures and Tabulation Procedures; (III) Setting the Date*

*and Time for the Confirmation Hearing and Related Deadlines; (IV) Waiving Certain Local Rules and Procedures Related to the Timing and Approval of the Fourth Amended Disclosure Statement and Confirmation of the Third Amended Plan; and (V) Granting Related Relief* [Docket No. 485] (the "Disclosure Statement Order"), which provides, in pertinent part, that if the Debtor has served an objection or request for estimation as to a claim by April 2, 2020, such claim shall be temporarily disallowed for voting purposes only (and not for purposes of allowance or distribution), except to the extent and in the manner as may be set forth in such objection or as ordered by the Court before the voting deadline, i.e., April 30, 2020 at 4:00 p.m. (Beijing Time),[2] Yueting Jia (the "Debtor" or "YT"), debtor and debtor in possession herein, hereby objects to and moves to disallow (the "Objection") the claims (the "Duplicate Claims") listed below in the column entitled "Duplicate Claims to Be Disallowed" filed by the listed claimants (the "Claimants") on the grounds that the Duplicate Claims are identical to those claims listed in the column entitled "Surviving Claims."  The Debtor requests that the Court take judicial notice of both the Duplicate Claims to Be Disallowed and the Surviving Claims, which are annexed as Exhibits 1-27 to the Request for Judicial Notice (the "RFJN"), filed concurrently herewith.

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Beijing Huaxing Mobile Asset Mgt Center | 27 | 20023 | Duplicate Claim | 1 |
| Beijing Jiaxin Tengda Information Consulting Co., Ltd. | 220000060 (scheduled claim) | 20019 | Creditor, Beijing Jiaxin Tengda Information Consulting Co., Ltd., also uses the name Jiaxindechuang BJ Tech Group Co Ltd.  The Debtor scheduled Beijing Jixain Tengda Information Consulting Co., Ltd. in the amount of $1,458,406.  However, the creditor asserted the same debt using the name Jiaxindechuang BJ Tech Group Co Ltd. in filed claim number 20019 in | 2 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

---

[2] Disclosure Statement Order, 6 at ¶ 17(e).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| | | | the amount of $1,975,674.74, and, consequently, has received two separate ballots to vote a single debt in connection with the Debtor's Plan. The filed proof of claim should supersede the scheduled claim despite the difference in names. | |
| China Soft Growing Invest Wuxi Partshp | 61 | 19 | Duplicate Claim | 3 |
| Chongqing LeTv Commercial Factoring LLC | 21 | 20015 | Duplicate Claim | 4 |
| Chongqing LeTv Commercial Factoring LLC | 24 | 20015 | Duplicate Claim | 5 |
| E-Town Intl Holding (HK) Co Ltd | 16 | 20017 | Duplicate Claim | 6 |
| Honghu Da | 6 | 20008 | Duplicate Claim | 7 |
| Huizhou Speed Secondcurve Management LP, | 20002 | 20001 | Duplicate Claim | 8 |
| Jiangyin Hailan Invest Holding Co Ltd. | 20009 | 7 | Creditor, Jiangyin Hailan Invest Holding Co. Ltd. filed Claim 20009 in the amount of $89,635,814.27, however, the back-up attached to Claim 20009 totals $69,635,814.27, which amount is duplicative of Claim 7. Therefore, Claim 20009 should be disallowed. | 9 |
| Linfen Investment Group Co. Ltd. | 220000540 | 30 | This creditor filed a proof of claim for the same debt under a similar but different name (Linfen Investment Construction Development Co. Ltd.) and, consequently, received ballots for both scheduled and filed claims. The filed proof of claim should supersede the scheduled claim and, with respect | 10 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| | | | to the Plan, the amount to be voted on account of the scheduled claim should be disallowed. | |
| Nanchang OFilm Photoelectric Tech Co Ltd. | 38 | 33 | Duplicate Claim | 11 |
| O-Film Global (HK) Trading Limited | 34 | 33 | The creditor, in its complaint against the Debtor, describes it and Nanchang OFilm Photoelectric Tech Co Ltd. as sister companies and co-plaintiffs. The lawsuit asserts a single claim of $24,095,428.00 against the Debtor. Accordingly, multiple claims asserted in the same amount are duplicative. | 12 |
| O'Film Global (HK) Trading Limited | 37 | 33 | Duplicate Claim | 13 |
| Pingan Bank Co Ltd Beijing Branch | 20041 | 20036 | Duplicate Claim | 14 |
| Shenzhen Yingda Capital Management Co. | 220000860 | 20034 | This creditor inadvertently received ballots both for scheduled and filed claims, so the amount to be voted on account of the scheduled claim should be disallowed. | 15 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 42 | 20027 | Duplicate Claim | 16 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 43 | 20029 | Duplicate Claim | 17 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 44 | 20030 | Duplicate Claim | 18 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 45 | 20031 | Duplicate Claim | 19 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 46 | 20032 | Duplicate Claim | 20 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 47 | 20039 | Duplicate Claim | 21 |
| Tianjin Yingxin Xinheng Investment | 28 | 20020 | Duplicate Claim | 22 |

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Consulting Co. Ltd. | | | | |
| Weihua Qiu | 220000960 (scheduled claim) | 12 | This creditor inadvertently received ballots both for scheduled and filed claims, so the amount to be voted on account of the scheduled claim should be disallowed. | 23 |
| Weihua Qiu | 39 | 12 | Duplicate claim | 24 |
| Western Securities Co., Ltd. | 32 | 20028 | Duplicate Claim | 25 |
| Wuxi Leyike Investment Enterprise | 20025 | 20007 | Duplicate Claim | 26 |
| Xizang Jinmeihua Investment Co., Ltd. | 220001030 (scheduled claim) | 29 | In Chinese, Tibet is called Xizang.  The creditor filed its claim using the name Tibet Jinmeihua Investment Co. Ltd. and, consequently, has received two separate ballots to vote a single debt in connection with the Debtor's Plan.  The filed proof of claim should supersede the scheduled claim despite the difference in names. | 27 |

True and correct copies of the Claims are attached to the Notices of Objection to Claims, which have been served on each claimant, attaching their corresponding claim(s).

**PLEASE TAKE FURTHER NOTICE** that the Objection has been served upon the Claimants and all parties entitled thereto and is based upon the supporting Memorandum of Points and Authorities and Declaration of Luetian Sun, the statements, arguments and representations of counsel who appear at the hearing regarding the Objection, the files and records in the above-captioned case, any evidence properly before the court prior to or at the hearing regarding the Objection and all matters of which the court may properly take judicial notice.

PLEASE TAKE FURTHER NOTICE that pursuant to Local Bankruptcy Rule 9013-1(f),

responses to the Objection must be filed with the Court and served upon the Debtor's counsel at the

address in the upper left-hand corner of this Objection **no later than fourteen (14) days prior to**

**the hearing date**.  Responses must contain a written statement of all reasons why the Objection is

opposed and must include declarations and copies of all documentary evidence on which the

responding party intends to rely.  Responses must be filed either electronically or at the following

location:

> United States Bankruptcy Court
> Attention:  Clerk's Office
> 255 E. Temple Street
> Los Angeles, CA 90012

**IF YOU DO NOT OPPOSE THE OBJECTION YOU DO NOT NEED TO FILE ANY**

**PAPERS, SIGN ANY FURTHER AGREEMENTS OR TAKE ANY FURTHER ACTION.**

PLEASE TAKE FURTHER NOTICE that, pursuant to Local Bankruptcy Rule 9013-1(f),

the failure to timely file and serve written opposition may be deemed by the Court to be consent to

the granting of the relief requested in the Objection.

PLEASE TAKE FURTHER NOTICE that if a response is timely filed and served upon the

Debtor's counsel, the Court, in its discretion, may treat the initial hearing as a status conference if it

determines that the Objection involves disputed factual issues or will require presentation of

substantial evidence or argument.

**WHEREFORE,** the Debtor respectfully requests that the Court enter an order (i) sustaining

the Objection; (ii) disallowing the Duplicate Claims in their entirety; and (iii) granting the Debtor

such other and further relief as may appropriate under the circumstances.

Dated:    April 2, 2020                  PACHULSKI STANG ZIEHL & JONES LLP

                                          By    */s/ Malhar S. Pagay*
                                                Richard M. Pachulski
                                                Jeffrey W. Dulberg
                                                Malhar S. Pagay

                                                Counsel for Debtor and Debtor in
                                                Possession

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## JURISDICTION

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 102, 105 and 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), and Rules 3007 and 3018(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## II.

## BACKGROUND

### A.    Commencement of the Chapter 11 Case

On October 14, 2019 (the "Petition Date"), the Debtor commenced this case (the "Chapter 11 Case") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"). The Debtor continues in possession of his property and manages his affairs as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On October 25, 2019, the U.S. Trustee appointed the Official Committee of Unsecured Creditors  pursuant to section 1102(a)(1) of the Bankruptcy Code (the "Committee") [Docket No. 45]. The Committee consists of the following members: (a) Ping An Bank., Ltd. Beijing Branch; (b) China Minsheng Trust Co., Ltd; (c) Shanghai Leyu Chuangye Investment Management Center LP; (d) Jiangyin Hailan Investment Holding Co., Ltd; and (e) Shanghai Qichengyueming Investment Partnership Enterprise.

On November 13, 2019, the Court entered an order setting January 24, 2020, as the general deadline (the "Bar Date") for the filing of proofs of claim or proofs of interest against the Debtor's estate. In accordance with the Court's Order establishing the Bar Date, notice of the Bar Date was given by mail to the Debtor's creditors and interest holders.

On December 18, 2019, Judge Karen B. Owens of the Delaware Bankruptcy Court transferred the Chapter 11 Case to this Court.

1    **B.    Approval of the Debtor's Disclosure Statement**

2          On March 20, 2020, the Court entered the Disclosure Statement Order, pursuant to which the

3    Court approved the Debtor's *Fourth Amended Disclosure Statement with Respect to Debtor's Third*

4    *Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 465] in

5    respect of the *Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy*

6    *Code* [Docket No. 464] (the "Plan"), and granted other relief.

7          The Disclosure Statement Order provides, in pertinent part, that if the Debtor has served an

8    objection or request for estimation as to a claim by April 2, 2020, such claim shall be temporarily

9    disallowed for voting purposes only and not for purposes of allowance or distribution, except to the

10    extent and in the manner as may be set forth in such objection, or as ordered by the Court before the

11    voting deadline, i.e., April 30, 2020 at 4:00 p.m. (Beijing Time).  Disclosure Statement Order, 6 at

12    ¶ 17(e).

13                                                    **III.**

14                                              **ARGUMENT**

15    **A.    Procedural Requirements for Objections to Claims**

16          Bankruptcy Rule 3007 governs the procedure for objections to claims.  It provides as

17    follows: "An objection to an allowance of a claim shall be in writing and filed.  A copy of the

18    objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant

19    . . . at least thirty days prior to the hearing." Fed. R. Bankr. P. 3007.

20          Pursuant to Bankruptcy Rule 3007, a copy of the Objection will be mailed to Claimants at the

21    addresses provided by Claimants in the Claims, and, where available and if different from the

22    address provided on the proof of claim, on each Claimant's address registered with the National

23    Enterprise Credit Information Publicity System (http://www.gsxt.gov.cn/index.html), a government-

24    run, national, enterprise credit inquiry system in the People's Republic of China, at least thirty days

25    prior to the hearing date for consideration of the Objection.  Accordingly, by the time of the hearing

26    hereon, the Debtor will have complied with Bankruptcy Rule 3007.

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**B.    The Court Must Determine the Allowance of a Claim Subject to Objection**

With certain exceptions, section 502(b) of the Bankruptcy Code requires, in relevant part, that if a party in interest objects to a claim, "the Court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that -- (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured …."

**C.    Burden of Proof**

All allegations set forth in a properly filed proof of claim are taken as true and, if the allegations set forth all facts necessary to establish a claim and are not self-contradictory, the proof of claim constitutes *prima facie* evidence of the validity and amount of the claim.  11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f).  However, a claimant must attach copies of writings upon which claims are based in order to carry its burden of establishing a *prima facie* case against the debtor. *Hardin v. Gianni (In re King Investments Inc.)*, 219 B.R. 848, 858 (B.A.P. 9th Cir. 1998).  Further, a claim should not be allowed if that claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law.  11 U.S.C. § 502(b)(1).

Once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991), then "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate burden of persuasion is always on the claimant."  *Holm*, 931 F.2d at 623.  In considering an objection to a claim, a bankruptcy court may take judicial notice of the underlying records in a bankruptcy case.  *O'Rourke v. Seaboard Surety Co., (In re ER Fergert, Inc.)*, 887 F.2d 955, 957-958 (9th Cir. 1998).

**D.    Disallowance for Plan Voting Purposes**

Courts recognize that Bankruptcy Rule 3018(a) permits a party in interest to seek to disallow a claim for voting purposes. Ultimately, the determination of whether to temporarily allow a claim

3

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

for voting purposes lies within the discretion of the bankruptcy court.  See *Armstrong v. Rushton (In re Armstrong)*, 294 B.R. 344, 354 (B.A.P. 10th Cir. 2003) ("There is no guidance in the Bankruptcy Code to courts as to determine whether to permit the temporary allowance of a claim; it is left to the court's discretion.").  Indeed, courts have broad authority to determine whether to allow or disallow a claim for purposes of voting under Bankruptcy Rule 3018(a). *See, e.g., In re Mangia Pizza Invs., L.P.,* 480 B.R. 669, 679 (Banker. W.D. Tex. 2012); *In re Zolner*, 174 B.R. 629, 633 (Bankr. N.D. Ill. 1994) (noting that a court must exercise its discretion to allow or disallow a claim under Bankruptcy Rule 3018(a) based on reasoned analysis); *In re Goldstein,* 114 B.R. 430, 433 (Bankr. E.D. Pa. 1990); Collier on Bankr. ¶ 9-3018[5] (16th ed. rev. 2012) ("The court, however, regardless of the circumstances, has the discretion to allow or disallow all or part of the claim for voting purposes.").

In some cases noted in the chart below, the Debtor has been advised that a Claimant inadvertently has been provided with multiple ballots to vote on the Debtor's Plan on account of a single debt.  Where that has occurred, the Debtor has requested that the Court disallow one of those Duplicate Claims for voting purposes.

E.    **The Objection and Request for Relief**

In most instances, the Duplicate Claim and the relevant Surviving Claim are the exact same claim in the same amount filed by the Claimant using the same name, and therefore the Duplicate Claim can be disallowed readily.  The chart below provides further explanation for the request for disallowance where the claims may not be exact duplicates of one another, but fall within the Duplicate Claims category that is the subject of this Objection.  For example, slight variations in the name or entity utilized by a Claimant to assert a debt against the Debtor or issues of translation from Chinese to English have required a more careful review to determine that two claims are, in fact, the same.

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Beijing Huaxing Mobile Asset Mgt Center | 27 | 20023 | Duplicate Claim | 1 |
| Beijing Jiaxin Tengda Information Consulting Co., Ltd. | 220000060 (scheduled claim) | 20019 | Creditor, Beijing Jiaxin Tengda Information Consulting Co., Ltd., | 2 |

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| | | | also uses the name Jiaxindechuang BJ Tech Group Co Ltd.  The Debtor scheduled Beijing Jixain Tengda Information Consulting Co., Ltd. in the amount of $1,458,406.  However, the creditor asserted the same debt using the name Jiaxindechuang BJ Tech Group Co Ltd. in filed claim number 20019 in the amount of $1,975,674.74, and, consequently, has received two separate ballots to vote a single debt in connection with the Debtor's Plan.  The filed proof of claim should supersede the scheduled claim despite the difference in names. | |
| China Soft Growing Invest Wuxi Partshp | 61 | 19 | Duplicate Claim | 3 |
| Chongqing LeTv Commercial Factoring LLC | 21 | 20015 | Duplicate Claim | 4 |
| Chongqing LeTv Commercial Factoring LLC | 24 | 20015 | Duplicate Claim | 5 |
| E-Town Intl Holding (HK) Co Ltd | 16 | 20017 | Duplicate Claim | 6 |
| Honghu Da | 6 | 20008 | Duplicate Claim | 7 |
| Huizhou Speed Secondcurve Management LP, | 20002 | 20001 | Duplicate Claim | 8 |
| Jiangyin Hailan Invest Holding Co Ltd. | 20009 | 7 | Creditor, Jiangyin Hailan Invest Holding Co. Ltd. filed Claim 20009 in the amount of $89,635,814.27, however, the back-up attached to Claim 20009 totals $69,635,814.27, which amount is duplicative of Claim 7. Therefore, Claim 20009 should be disallowed. | 9 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Linfen Investment Group Co. Ltd. | 220000540 | 30 | This creditor filed a proof of claim for the same debt under a similar but different name (Linfen Investment Construction Development Co. Ltd.) and, consequently, received ballots for both scheduled and filed claims. The filed proof of claim should supersede the scheduled claim and, with respect to the Plan, the amount to be voted on account of the scheduled claim should be disallowed. | 10 |
| Nanchang OFilm Photoelectric Tech Co Ltd. | 38 | 33 | Duplicate Claim | 11 |
| O-Film Global (HK) Trading Limited | 34 | 33 | The creditor, in its complaint against the Debtor, describes it and Nanchang OFilm Photoelectric Tech Co Ltd. as sister companies and co-plaintiffs. The lawsuit asserts a single claim of $24,095,428.00 against the Debtor. Accordingly, multiple claims asserted in the same amount are duplicative. | 12 |
| O'Film Global (HK) Trading Limited | 37 | 33 | Duplicate Claim | 13 |
| Pingan Bank Co Ltd Beijing Branch | 20041 | 20036 | Duplicate Claim | 14 |
| Shenzhen Yingda Capital Management Co. | 220000860 | 20034 | This creditor inadvertently received ballots both for scheduled and filed claims, so the amount to be voted on account of the scheduled claim should be disallowed. | 15 |
| Tianjin Jairui Huixin | 42 | 20027 | Duplicate Claim | 16 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Corp. Mgt LLC | | | | |
| Tianjin Jairui Huixin Corp. Mgt LLC | 43 | 20029 | Duplicate Claim | 17 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 44 | 20030 | Duplicate Claim | 18 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 45 | 20031 | Duplicate Claim | 19 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 46 | 20032 | Duplicate Claim | 20 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 47 | 20039 | Duplicate Claim | 21 |
| Tianjin Yingxin Xinheng Investment Consulting Co. Ltd. | 28 | 20020 | Duplicate Claim | 22 |
| Weihua Qiu | 220000960 (scheduled claim) | 12 | This creditor inadvertently received ballots both for scheduled and filed claims, so the amount to be voted on account of the scheduled claim should be disallowed. | 23 |
| Weihua Qiu | 39 | 12 | Duplicate claim | 24 |
| Western Securities Co., Ltd. | 32 | 20028 | Duplicate Claim | 25 |
| Wuxi Leyike Investment Enterprise | 20025 | 20007 | Duplicate Claim | 26 |
| Xizang Jinmeihua Investment Co., Ltd. | 220001030 (scheduled claim) | 29 | In Chinese, Tibet is called Xizang. The creditor filed its claim using the name Tibet Jinmeihua Investment Co. Ltd. and, consequently, has received two separate ballots to vote a single debt in connection with the Debtor's Plan. The filed proof of claim should supersede the scheduled claim despite the difference in names. | 27 |

By this Objection, the Debtor simply seeks to have disallowed the Duplicate Claims leaving the Surviving Claims unaffected by this Objection.

**IV.**

## GENERAL RESERVATION OF RIGHTS

The Debtor expressly reserves the right to amend, modify or supplement this Objection, and to file additional, other, or further objections to any proofs of claim filed in this Chapter 11 Case, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not) against the Debtor, regardless of whether such claims are subject to this Objection.  Should one or more of the grounds of objection stated in this Objection be denied, the Debtor reserves his rights to object on other stated grounds or on any other grounds he discovers during the pendency of this Chapter 11 Case.  In addition, the Debtor reserves the right to file counterclaims against the holders of any such claims.

**V.**

## NOTICE

The Debtor will serve copies of this Objection on:  (a) the Claimants, (b) the Office of the United States Trustee, (c) counsel to the Committee, and (d) all parties who have requested notices in this Chapter 11 Case pursuant to Bankruptcy Rule 2002.

**VI.**

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an order granting the relief requested herein and granting the Debtor such other and further relief as is just and proper.

Dated:      April _2_, 2020                    PACHULSKI STANG ZIEHL & JONES LLP


                                               */s/ Malhar S. Pagay*
                                               Richard M. Pachulski
                                               Jeffrey W. Dulberg
                                               Malhar S. Pagay

                                               *Attorneys for Debtor and Debtor in Possession*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

### DECLARATION OF LUETIAN SUN

I, Luetian Sun, declare as follows:

1.      I am one of Debtor's advisors who assist the Debtor with various financial and business matters.  I also have served as Faraday & Future, Inc.'s ("FF") Investor Relations Coordinator since January 2019.  Prior to joining FF, I received a bachelor's degree in civil engineering from Beijing University's School of Civil Engineering and Architecture and a Master of Business Administration degree from the University of California at Riverside.

2.      I am in regular communication with the Debtor's professionals, including legal counsel.

3.      I submit this Declaration (the "Declaration") in support of the Debtor's *Omnibus Objection for an Order Disallowing Duplicate Claims* (the "Objection").

4.      If I were called to testify as a witness in this matter, I could and would competently testify to each of the facts set forth herein.

5.      At the direction of the Debtor, I have reviewed and analyzed the Claims that are the subject of the Objection, and have discussed my findings with both the Debtor and his legal counsel. Based on my analysis, I have determined that the Duplicate Claim are duplicative of other claims and should therefore be disallowed in their entirety.

6.      Also, in order to facilitate notice and service of the Objection, I researched each Claimant's address registered with the National Enterprise Credit Information Publicity System (http://www.gsxt.gov.cn/index.html), a government-run, national, enterprise credit inquiry system in the People's Republic of China.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 2nd day of April, 2020, at Los Angeles        , California.


Luetian Sun
_____
Luetian Sun

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA  90067**

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S NOTICE OF OMNIBUS OBJECTION AND OMNIBUS OBJECTION FOR AN ORDER DISALLOWING DUPLICATE CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF LUETIAN SUN IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **April 2, 2020,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **April 2, 2020,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

United States Bankruptcy Court
Central District of California
Attn:  Hon. Vincent Zurzolo
Edward R. Roybal Federal Bldg./Courthouse
255 East Temple Street, Suite 1360
Los Angeles, CA  90012

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 2, 2020 | Nancy H. Brown | /s/ Nancy H. Brown |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                  **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:328782.1 46353/002

# SERVICE INFORMATION FOR CASE NO. 2:19-bk-24804-VZ

## 1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

- Tanya Behnam    tbehnam@polsinelli.com, tanyabehnam@gmail.com
- Jerrold L Bregman    ecf@bg.law, jbregman@bg.law
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Stephen D Finestone    sfinestone@fhlawllp.com
- Richard H Golubow    rgolubow@wghlawyers.com, pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
- Alexandra N Krasovec    krasovec.alexandra@dorsey.com, claridge.vanessa@dorsey.com
- Ben H Logan    blogan@omm.com
- Robert S Marticello    Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- David W. Meadows    david@davidwmeadowslaw.com
- John A Moe    john.moe@dentons.com, glenda.spratt@dentons.com
- Kelly L Morrison    kelly.l.morrison@usdoj.gov
- Malhar S Pagay    mpagay@pszjlaw.com, bdassa@pszjlaw.com
- Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- Victor A Sahn    vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com
- Randye B Soref    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- Benjamin Taylor    btaylor@taylorlawfirmpc.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Felix T Woo    fwoo@ftwlawgroup.com, admin@ftwlawgroup.com
- Claire K Wu    ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com
- Emily Young    pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
- David B Zolkin    dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

DOCS_LA:328782.1 46353/002

| | | |
|---|---|---|
| United States Bankruptcy Court for the District of Delaware | | **For Court Use Only** |
| **Name of Debtor:** Yueting Jia | | Claim Number: 0000020002 |
| **Case Number:** 19-12220 | | File Date: 01/04/2020 06:32:07 |

# Proof of Claim (Official Form 410)

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

04/19

---

| **Part 1:** | **Identify the Claim** |
|---|---|

**1.    Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): Huizhou Speed SecondCurve Management LP

Other names the creditor used with the debtor: Huizhou Shibei SecondCurve Management LP

**2.    Has this claim been acquired from someone else?**    ☑ No   ☐ Yes.    From whom? _____

**3.    Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|
| Name  Huizhou Speed SecondCurve Management LP | Name  _____ |
| Address  8-1008 Hongxitai Taiyanggong | Address  _____ |
| North 2  Street, Chaoyang District | _____ |
| Beijing | _____ |
| City  Beijing | City  _____ |
| State  _____  ZIP Code  100028 | State  _____  ZIP Code  _____ |
| Country (if International):  CHINA | Country (if International):  _____ |
| Phone:  +0086 13501265980 | Phone:  _____ |
| Email:  1789532931@qq.com | Email:  _____ |

| **4. Does this claim amend one already filed?** | **5. Do you know if anyone else has filed a proof of claim for this claim?** |
|---|---|
| ☐ No | ☑ No |
| ☑ Yes. | ☐ Yes. |
| Claim number on court claims register (if known) 0000020001 | Who made the earlier filing? |
| Filed on 01/04/2020 | _____ |
| MM / DD / YYYY | |

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:

____ ____ ____ ____

**7. How much is the claim?**

$ 63,700,000.00

**Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples:  Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.  Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).  Limit disclosing information that is entitled to privacy, such as health care information.

Contract/Executory Contract

---

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other.  Describe:

_____

**Basis for perfection:**

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                           $_____

Amount of the claim that is secured:    $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:  $_____

Annual Interest Rate (when case was filed)  _____%
                        ☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes.  **Amount necessary to cure any default as of the date of petition.**

$_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes.  Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a) (_____) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority.  For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

---

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes.  **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $_____

**Part 3:    Sign Below**

**The person completing this proof of claim must sign and date it.  FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*Congrong Zhang*                                                      01/04/2020 06:32:07

Signature                                                                     Date

Provide the name and contact information of the person completing and signing this claim:

Name        Congrong Zhang

Address     8#1008 Hongxitai Taiyanggong

                  North 2 Street Chaoyang district

City          Beijing

State                                                          Zip    100028

Country (in international)    CHINA

Phone       +0086 13501265980

Email        1789532931@qq.com

**Statement of YT's debt and amount claim:**

The two attached Contracts in Chinese are respectively, Mr. Yueting Jia's guarantee contract and Letv mobile Co. Ltd.'s loan contract which was signed by Mr. Yueting Jia.

The loan amont is RMB 300 million Yuan, and the interest rate would be 15% in the first year and 12% per year for the next two years, after that the interest rate is 6% per year for the last two years. Initially, the loan period is from from July 2, 2015 to July 2, 2018. Later, Letv mobile was unable to repay the debts when the loan was due. According to the attached Mr. Yueting Jia's guarantee contract, Mr. Yueting Jia would pay the debt, but he was in default and hasn't paid the debt. After friendly consultation between the Creditor and Mr. Yueting Jia, the creditor agreed to extend the loan contract for two years to July 2, 2020.

Whereas Mr. Yueting Jia has filed for bankruptcy according to Chapter 11 in the U.S., we hereby, pursuant to the below attached two contracts, propose the claim for the debt. The total claim amount is RMB 444 million Yuan, including principal RMB 300 million Yuan, the interest of the first year RMB 45 million Yuan, the interest of the second and the third year 72 million Yuan, the inerest of the last one and a half year RMB 27 million Yuan. The claim amount is equivalent to 63.70 million US dollars at the exchange rate of $1 equivalent to RMB 6.97 Yuan.

# 保证合同
# 之补充合同

出借方：惠州拾贝第二曲线资本管理合伙企业（有限合伙）
执行事务代表人：张从容
联系地址：北京顺义后沙峪龙湾别墅 2025
联系电话/传真：80414025/13501265980

借款方：乐视移动智能信息技术（北京）有限公司
法定代表人：贾跃民
联系地址：北京顺义区高丽营镇文化营村北（临空二路 1 号）
联系电话/传真：18601159000

保证人：贾跃亭
身份证号码：14262319731215081X
联系地址：北京朝阳区姚家园路 105 号院 3 号楼乐视大厦 10 层 1102
联系电话/传真：

鉴于：

　　根据出借方和借款方在北京 2015 年签订的《借款合同》，以及在北京 2017 年的《借款合同之补充合同》和《借款合同之补充合同二》，借款方未能在三年之内归还全部本息，出借方同意将该笔债务继续再展期两年并签订《借款合同之补充合同三》，保证人同意为借款方的全部债务继续提供连带责任保证担保。

　　为明确各方的权利和义务，依照中华人民共和国《合同法》、《担保法》及其他有关法规，双方经平等协商一致，订立本合同。

正文：

　　一、将原保证合同第三条"保证范围"调整为：

　　（一）本保证合同担保的内容为：

　　出借方向借款方借出的本金金额为叁亿元人民币（小写：300,000,000 元）。借期三年，展期两年，合计五年；其中前两年利率为每年百分之十二（12%/年）；第三年利率为每年百分之十五（15%/年）；后展期两年利率为每年百分之六（6%/



年）；自借款实际发放之日起，至五年届满之日止即 2020 年 7 月 3 日，借款方归还本金 300,000,000 元（人民币大写叁亿元整）并支付相应利息。

（二）本保证合同担保的范围包括：主合同项下的本金、利息、及罚息、违约金、赔偿金、其他实现债权的费用（公告费、送达费、鉴定费、律师费、诉讼费、差旅费、评估费、拍卖费、财产保全费、强制执行费等）、因借款方违约而给出借方造成的损失和其它所有应付的费用。

二、将原保证合同第三条"保证期间"调整为：

本合同项下的保证期间为从主合同生效之日开始到《借款合同之补充合同三》履行期届满之日起两年。如主合同项下的款项为分期到期，则本合同的保证期间为从主合同生效之日开始到最后一期支付款项履行期届满之日起两年。

三、保证人承担的保证责任不超过债务人对债权人应尽的义务和责任。

四、原保证合同其他条款不做调整。但原保证合同与本合同的争议解决条款均以《借款合同之补充合同三》为准，即由被告住所地法院诉讼解决。

五、通知

1、各方确认，本合同首部填写的地址和号码为各方有效通讯方式，如上述地址或号码更改，以更改方发出的书面通知有效送达后的最新通讯信息为准。在更改方发出的书面通知有效送达前，另一方向原地址或号码发出通知视为已经将通知有效送达。

2、对于本条约定的送达地址，司法机构进行送达时可直接邮寄送达，即使协议一方未能收到司法机构邮寄送达的文书，由于其在协议中的约定，也应当视为送达。纠纷进入民事诉讼程序后，如协议一方应诉并直接向司法机构提交送达地址确认书，该确认地址与本协议约定的送达地址不一致的，以向司法机构提交确认的送达地址为准。

六、本合同在出借方、借款方法定代表人签章或加盖公章且保证人签字后生效。

七、本合同一式四份，出借方两份，其他方各执一份，具有同等的法律效力。

（以下无正文）



（本页为贾跃亭与惠州拾贝第二曲线资本管理合伙企业（有限合伙）《保证合同之补充合同》之签字页）

出借方（盖章）：惠州拾贝第二曲线资本管理合伙企业（有限合伙）（公章）
执行事务合伙人委派代表或授权代表（签字）：

借款方（盖章）：乐视移动智能信息技术（北京）有限公司（公章）
法人代表或授权代表签字：

保证人（签字）：贾跃亭
签字：

签约日期：2019 年 1 月 25 日

合同签订地点：北京



# 《借款合同》
## 之《补充合同三》

出借方：惠州拾贝第二曲线资本管理合伙企业（有限合伙）
执行事务代表人：张从容
联系地址：北京顺义后沙峪龙湾别墅 2025
联系电话/传真：80414025/13911603329

借款方：乐视移动智能信息技术（北京）有限公司
法定代表人：贾跃民
联系地址：北京顺义区高丽营镇文化营村北（临空二路 1 号）
联系电话/传真：18601159000

保证方：乐视控股（北京）有限公司
法定代表人：吴孟
联系地址：北京朝阳区姚家园路 105 号院 3 号楼乐视大厦 10 层 1102
联系电话/传真：

保证人：贾跃亭
身份证码：14262319731215081X
联系地址：北京朝阳区姚家园路 105 号院 3 号楼乐视大厦 10 层 1102
联系电话/传真：

鉴于：

  根据出借方和借款方在北京 2015 年签订的《借款合同》（以下简称"主合同"），

以及在北京 2017 年的《借款合同之补充合同》和《借款合同之补充合同二》，借

款方未能在三年之内（"借款期间"）归还全部本金三亿元及相应利息，经各方协

商一致，特签订《借款合同之补充合同三》以资遵守。

正文：

  一、根据借款方目前运营状况，借款方已无实际还款能力，为此借款方的实

际控制人即保证人贾跃亭及保证方乐视控股（北京）有限公司愿意为本协议项下

的借款方的全部债务继续承担连带保证责任。出借方同意将该笔债务再展期两年

（"借款展期期间"），在借款展期期间适当调整借款利率。

  二、关于展期期间"借款利率"调整

1

在每笔借款自借款方到账三年之日起至五年之日止（最晚一笔借款于 2020
年 7 月 3 日止）借款展期期间，期间利率按单利每年百分之六计收。

三、关于借款、借款利息和还款：

1、借款方截至 2018 年 7 月 3 日应偿付利息 11700 万元（壹亿壹仟柒百万元
整）。为展现诚意，保证方同意于本补充合同签署完毕后三日内代借款方支付 300
万元利息。偿付 300 万元利息后，截至 2018 年 7 月 3 日借款方应偿付利息变更
为 11400 万元（壹亿壹仟肆百万元整）。

2、借款展期期间共计两年；

3、在展期到期之日即 2020 年 7 月 3 日，借款方应一次性归还本金 300,000,000
元（人民币大写叁亿元整）和一次性支付借款期间利息 11400 万元（壹亿壹仟肆
百万元整）和借款展期期间的利息（借款展期期间利率按单利每年百分之六计收）。

4、在展期到期日及之后（包括提前到期），出借方除要求借款方承担按本补
充合同上述条款还本付息义务外，不再要求借款方承担其他原合同义务。

四、关于"担保"

1、保证方乐视控股（北京）有限公司及其实际控制人保证人贾跃亭为借款方
的全部还款责任出具担保合同并提供连带保证。

2、借款方和/或保证方和/或保证人应不晚于 2020 年 7 月 3 日将出借方出借
的全部资金及上述计收的借款利息汇入到出借方指定账户。

3、如保证人贾跃亭对 FF（即 Faraday & Future Inc. 法拉第未来公司）失去控
制权，出借方有权单方决定展期期间提前届满，并要求借款方和/或保证方和/或
保证人承担还款或担保责任（为避免歧义，如果保证人贾跃亭通过其他形式继续
保持对 FF 的控制权，则本条款不被触发）。

五、关于争议解决

主合同、《借款合同之补充合同》、《借款合同之补充合同二》及本合同，以
及本借款相关保证合同中的"争议解决"条款均一并约定为：

凡因履行本合同及相关合同而产生的一切争议、纠纷，各方应通过协商解决，
在协商不成时，各方同意将争议提交被告住所地法院解决。

六、主合同其他条款不作调整。

七、合同生效

本补充合同由出借方、借款方、保证方加盖公章以及保证人本人签字后生效。

八、通知

1、各方确认，本合同首部填写的地址和号码为各方有效通讯方式，如上述地址或号码更改，以更改方发出的书面通知有效送达后的最新通讯信息为准。在更改方发出的书面通知有效送达前，另一方向原地址或号码发出通知视为已经将通知有效送达。

2、对于本条约定的送达地址，司法机构进行送达时可直接邮寄送达，即使协议一方未能收到司法机构邮寄送达的文书，由于其在协议中的约定，也应当视为送达。纠纷进入民事诉讼程序后，如协议一方应诉并直接向司法机构提交送达地址确认书，该确认地址与本协议约定的送达地址不一致的，以向司法机构提交确认的送达地址为准。

九、其他

1、本补充合同与主合同及《借款合同之补充合同》和《借款合同之补充合同二》不一致的以本补充合同约定为准，本补充合同未约定的仍按照主合同及《借款合同之补充合同》和《借款合同之补充合同二》约定执行。

2、本补充合同一式五份，出借方两份，其他方各持一份，具有同等法律效力。

以下无正文

（本页为乐视移动智能信息技术（北京）有限公司与惠州拾贝第二曲线资本管理
合伙企业（有限合伙）《借款合同之补充合同三》签字页）

出借方（盖章）：惠州拾贝第二曲线资本管理合伙企业（有限合伙）（公章）
执行事务合伙人委派代表或授权代表（签字）：

借款方（盖章）：乐视移动智能信息技术（北京）有限公司（公章）
法人代表或授权代表签字：

保证方（盖章）：乐视控股（北京）有限公司（公章）
法人代表或授权代表签字：

保证人：贾跃亭
签字：



签约日期：2019 年元月25 日

合同签订地点：北京

4

| United States Bankruptcy Court for the District of Delaware | | |
|---|---|---|
| | | **For Court Use Only** |
| **Name of Debtor:** Yueting Jia | | Claim Number:    0000020001 |
| **Case Number:**    19-12220 | | File Date:    01/04/2020 05:18:23 |

# Proof of Claim (Official Form 410)

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**
**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.
A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.
**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

**04/19**

---

| **Part 1:** | **Identify the Claim** |
|---|---|

**1.    Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim):    HuiZhou Speed SecondCurve Management LP

Other names the creditor used with the debtor:    HuiZhou Shibei SecondCurve Management LP

---

**2.    Has this claim been acquired from someone else?**    ☑ No   ☐ Yes.   From whom? _____

---

**3.    Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name    HuiZhou Speed SecondCurve Management LP | Name _____ |
| Address    HuiZhou Speed SecondCurve Management LP | Address _____ |
|          8-1008 Hongxitai Taiyanggong | _____ |
|          North 2 Street, Chaoyang District | _____ |
| City    Beijing | City _____ |
| State _____ ZIP Code 100028 | State _____ ZIP Code _____ |
| Country (if International):    CHINA | Country (if International): _____ |
| Phone:    +0086 13501265980 | Phone: _____ |
| Email:    1789532931@qq.com | Email: _____ |

---

| **4. Does this claim amend one already filed?** | **5. Do you know if anyone else has filed a proof of claim for this claim?** |
|---|---|
| ☑ No | ☑ No |
| ☐ Yes. | ☐ Yes. |
| Claim number on court claims register (if known) _____ | Who made the earlier filing? |
| Filed on _____ | _____ |
| MM / DD / YYYY | |

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:

____  ____  ____  ____

**7. How much is the claim?**

$ 63,520,000.00          unliquidated

**Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples:  Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.  Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).  Limit disclosing information that is entitled to privacy, such as health care information.

Contract/Executory Contract
_____

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.    The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other.  Describe:
_____

**Basis for perfection:**

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                    $_____

Amount of the claim that is secured:    $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:  $_____

**Annual Interest Rate** (when case was filed) _____%
                              ☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes.  **Amount necessary to cure any default as of the date of petition.**

$_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes.  Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a) (_____) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority.  For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes. **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $_____

**Part 3:** Sign Below

The person completing this proof of claim must sign and date it.  FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*Congrong Zhang*                                           01/04/2020 05:18:23

Signature                                                        Date

Provide the name and contact information of the person completing and signing this claim:

Name        Congrong Zhang

Address     8#1008 Hongxitai Taiyanggong

            North 2 Street Chaoyang district


City        Beijing

State                                                   Zip        100028

Country (in international)        CHINA

Phone       +0086 13501265980

Email       1789532931@qq.com

# 保证合同
# 之补充合同

出借方：惠州拾贝第二曲线资本管理合伙企业（有限合伙）
执行事务代表人：张从容
联系地址：北京顺义后沙峪龙湾别墅 2025
联系电话/传真：80414025/13501265980

借款方：乐视移动智能信息技术（北京）有限公司
法定代表人：贾跃民
联系地址：北京顺义区高丽营镇文化营村北（临空二路 1 号）
联系电话/传真：18601159000

保证人：贾跃亭
身份证号码：14262319731215081X
联系地址：北京朝阳区姚家园路 105 号院 3 号楼乐视大厦 10 层 1102
联系电话/传真：



鉴于：

　　根据出借方和借款方在北京 2015 年签订的《借款合同》，以及在北京 2017
年的《借款合同之补充合同》和《借款合同之补充合同二》，借款方未能在三年
之内归还全部本息，出借方同意将该笔债务继续再展期两年并签订《借款合同之
补充合同三》，保证人同意为借款方的全部债务继续提供连带责任保证担保。

　　为明确各方的权利和义务，依据中华人民共和国《合同法》、《担保法》及其
他有关法规，双方经平等协商一致，订立本合同。

正文：

　　一、将原保证合同第三条"保证范围"调整为：

　　（一）本保证合同担保的内容为：

　　出借方向借款方借出的本金金额为叁亿元人民币（小写：300,000,000 元）。
借期三年，展期两年，合计五年；其中前两年利率为每年百分之十二（12%/年）；
第三年利率为每年百分之十五（15%/年）；后展期两年利率为每年百分之六（6%/

年）；自借款实际发放之日起，至五年届满之日止即 2020 年 7 月 3 日，借款方归还本金 300,000,000 元（人民币大写叁亿元整）并支付相应利息。

（二）本保证合同担保的范围包括：主合同项下的本金、利息、及罚息、违约金、赔偿金、其他实现债权的费用（公告费、送达费、鉴定费、律师费、诉讼费、差旅费、评估费、拍卖费、财产保全费、强制执行费等）、因借款方违约而给出借方造成的损失和其它所有应付的费用。

二、将原保证合同第三条"保证期间"调整为：

本合同项下的保证期间为从主合同生效之日开始到《借款合同之补充合同三》履行期届满之日起两年。如主合同项下的款项为分期到期，则本合同的保证期间为从主合同生效之日开始到最后一期支付款项履行期届满之日起两年。

三、保证人承担的保证责任不超过债务人对债权人应尽的义务和责任。

四、原保证合同其他条款不做调整。但原保证合同与本合同的争议解决条款均以《借款合同之补充合同三》为准，即由被告住所地法院诉讼解决。

五、通知

1、各方确认，本合同首部填写的地址和号码为各方有效通讯方式，如上述地址或号码更改，以更改方发出的书面通知有效送达后的最新通讯信息为准。在更改方发出的书面通知有效送达前，另一方向原地址或号码发出通知视为已经将通知有效送达。

2、对于本条约定的送达地址，司法机构进行送达时可直接邮寄送达，即使协议一方未能收到司法机构邮寄送达的文书，由于其在协议中的约定，也应当视为送达。纠纷进入民事诉讼程序后，如协议一方应诉并直接向司法机构提交送达地址确认书，该确认地址与本协议约定的送达地址不一致的，以向司法机构提交确认的送达地址为准。

六、本合同在出借方、借款方法定代表人签章或加盖公章且保证人签字后生效。

七、本合同一式四份，出借方两份，其他方各执一份，具有同等的法律效力。

（以下无正文）



（本页为贾跃亭与惠州拾贝第二曲线资本管理合伙企业（有限合伙）《保证合同
之补充合同》之签字页）

出借方（盖章）：惠州拾贝第二曲线资本管理合伙企业（有限合伙）（公章）
执行事务合伙人委派代表或授权代表（签字）：

借款方（盖章）：乐视移动智能信息技术（北京）有限公司（公章）
法人代表或授权代表签字：

保证人（签字）：贾跃亭
签字：

签约日期：2019 年 1 月 25 日

合同签订地点：北京



3 / 3

# 《借款合同》
## 之《补充合同三》

出借方：惠州拾贝第二曲线资本管理合伙企业（有限合伙）
执行事务代表人：张从容
联系地址：北京顺义后沙峪龙湾别墅 2025
联系电话/传真：80414025/13911603329

借款方：乐视移动智能信息技术（北京）有限公司
法定代表人：贾跃民
联系地址：北京顺义区高丽营镇文化营村北（临空二路 1 号）
联系电话/传真：18601159000

保证方：乐视控股（北京）有限公司
法定代表人：吴孟
联系地址：北京朝阳区姚家园路 105 号院 3 号楼乐视大厦 10 层 1102
联系电话/传真：

保证人：贾跃亭
身份证号码：14262319731215081X
联系地址：北京朝阳区姚家园路 105 号院 3 号楼乐视大厦 10 层 1102
联系电话/传真：

鉴于：

  根据出借方和借款方在北京 2015 年签订的《借款合同》（以下简称"主合同"），以及在北京 2017 年的《借款合同之补充合同》和《借款合同之补充合同二》，借款方未能在三年之内（"借款期间"）归还全部本金三亿元及相应利息，经各方协商一致，特签订《借款合同之补充合同三》以资遵守。

正文：

  一、根据借款方目前运营状况，借款方已无实际还款能力，为此借款方的实际控制人即保证人贾跃亭及保证方乐视控股（北京）有限公司愿意为本协议项下的借款方的全部债务继续承担连带保证责任。出借方同意将该笔债务再展期两年（"借款展期期间"），在借款展期期间适当调整借款利率。

  二、关于展期期间"借款利率"调整

1

在每笔借款自借款方到账三年之日起至五年之日止（最晚一笔借款于 2020 年 7 月 3 日止）借款展期期间，期间利率按单利每年百分之六计收。

三、关于借款、借款利息和还款：

1、借款方截至 2018 年 7 月 3 日应偿付利息 11700 万元（壹亿壹千柒百万元整）。为展现诚意，保证方同意于本补充合同签署完毕后三日内代借款方支付 300 万元利息。偿付 300 万元利息后，截至 2018 年 7 月 3 日借款方应偿付利息变更为 11400 万元（壹亿壹千肆百万元整）。

2、借款展期期间共计两年；

3、在展期到期之日即 2020 年 7 月 3 日，借款方应一次性归还本金 300,000,000 元（人民币大写叁亿元整）和一次性支付借款期间利息 11400 万元（壹亿壹千肆百万元整）和借款展期期间的利息（借款展期期间利率按单利每年百分之六计收）。

4、在展期到期日及之后（包括提前到期），出借方除要求借款方承担按本补充合同上述条款还本付息义务外，不再要求借款方承担其他原合同义务。

四、关于"担保"

1、保证方乐视控股（北京）有限公司及其实际控制人保证人贾跃亭为借款方的全部还款责任出具担保合同并提供连带保证。

2、借款方和/或保证方和/或保证人应不晚于 2020 年 7 月 3 日将出借方出借的全部资金及上述计收的借款利息汇入到出借方指定账户。

3、如保证人贾跃亭对 FF（即 Faraday & Future Inc. 法拉第未来公司）失去控制权，出借方有权单方决定展期期间提前届满，并要求借款方和/或保证方和/或保证人承担还款或担保责任（为避免歧义，如果保证人贾跃亭通过其他形式继续保持对 FF 的控制权，则本条款不被触发）。

五、关于争议解决

主合同、《借款合同之补充合同》、《借款合同之补充合同二》及本合同，以及本借款相关保证合同中的"争议解决"条款均一并约定为：

凡因履行本合同及相关合同而产生的一切争议、纠纷，各方应通过协商解决，在协商不成时，各方同意将争议提交被告住所地法院解决。

六、主合同其他条款不作调整。

七、合同生效

本补充合同由出借方、借款方、保证方加盖公章以及保证人本人签字后生效。

八、通知

1、各方确认，本合同首部填写的地址和号码为各方有效通讯方式，如上述地址或号码更改，以更改方发出的书面通知有效送达后的最新通讯信息为准。在更改方发出的书面通知有效送达前，另一方向原地址或号码发出通知视为已经将通知有效送达。

2、对于本条约定的送达地址，司法机构进行送达时可直接邮寄送达，即使协议一方未能收到司法机构邮寄送达的文书，由于其在协议中的约定，也应当视为送达。纠纷进入民事诉讼程序后，如协议一方应诉并直接向司法机构提交送达地址确认书，该确认地址与本协议约定的送达地址不一致的，以向司法机构提交确认的送达地址为准。

九、其他

1、本补充合同与主合同及《借款合同之补充合同》和《借款合同之补充合同二》不一致的以本补充合同约定为准，本补充合同未约定的仍按照主合同及《借款合同之补充合同》和《借款合同之补充合同二》约定执行。

2、本补充合同一式五份，出借方两份，其他方各持一份，具有同等法律效力。

以下无正文

（本页为乐视移动智能信息技术（北京）有限公司与惠州拾贝第二曲线资本管理
合伙企业（有限合伙）《借款合同之补充合同三》签字页）

出借方（盖章）：惠州拾贝第二曲线资本管理合伙企业（有限合伙）（公章）
执行事务合伙人委派代表或授权代表（签字）：



借款方（盖章）：乐视移动智能信息技术（北京）有限公司（公章）
法人代表或授权代表签字：

保证方（盖章）：乐视控股（北京）有限公司（公章）
法人代表或授权代表签字：

保证人：贾跃亭
签字：



签约日期：2019 年元月 25 日

合同签订地点：北京

4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA  90067**

 A true and correct copy of the foregoing document entitled (*specify*):  ***NOTICE OF OBJECTION TO CLAIM
[Claim #20002]*** will be served or was served **(a)** on the judge in chambers in the form and manner required by
LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
<u>April 3, 2020,</u> I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>**:
On (*date*) <u>April 3, 2020,</u> I served the following persons and/or entities at the last known addresses in this bankruptcy case
or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first
class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge
<u>will be completed</u> no later than 24 hours after the document is filed.

United States Bankruptcy Court
Central District of California
Attn:  Hon. Vincent Zurzolo
Edward R. Roybal Federal Bldg./Courthouse
255 East Temple Street, Suite 1360
Los Angeles, CA  90012

☐ Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for
each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such
service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that
personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| April 3, 2020   Nancy H. Brown | | /s/ *Nancy H. Brown* |
| *Date*          *Printed Name* | | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**SERVICE INFORMATION FOR CASE NO. 2:19-bk-24804-VZ**
**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

- Jerrold L Bregman      ecf@bg.law, jbregman@bg.law
- Jeffrey W Dulberg     jdulberg@pszjlaw.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Stephen D Finestone     sfinestone@fhlawllp.com
- Richard H Golubow     rgolubow@wghlawyers.com,
  pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
- Alexandra N Krasovec     krasovec.alexandra@dorsey.com, claridge.vanessa@dorsey.com
- Ben H Logan     blogan@omm.com
- Robert S Marticello     Rmarticello@swelawfirm.com,
  gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- David W. Meadows     david@davidwmeadowslaw.com
- John A Moe     john.moe@dentons.com, glenda.spratt@dentons.com
- Kelly L Morrison     kelly.l.morrison@usdoj.gov
- Malhar S Pagay     mpagay@pszjlaw.com, bdassa@pszjlaw.com
- Christopher E Prince     cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- Victor A Sahn     vsahn@sulmeyerlaw.com,
  pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.in
  foruptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com
- Randye B Soref     rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- Benjamin Taylor     btaylor@taylorlawfirmpc.com
- United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov
- Felix T Woo     fwoo@ftwlawgroup.com, admin@ftwlawgroup.com
- Claire K Wu     ckwu@sulmeyerlaw.com,
  mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com
- Emily Young     pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
- David B Zolkin     dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                  Page 2                    **F 3007-1.1.NOTICE.OBJ.CLAIM**
DOCS_LA:328790.1 46353/002