| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Richard M. Pachulski (CA Bar No. 90073) <br> Jeffrey W. Dulberg (CA Bar No. 181200) <br> Malhar S. Pagay (CA Bar No. 189289) <br> PACHULSKI STANG ZIEHL & JONES LLP <br> 10100 Santa Monica Boulevard, 13th Floor <br> Los Angeles, CA  90067 <br> Telephone:  310/277-6910 <br> Facsimile:  310/201-0760 <br> Email: rpachulski@pszjlaw.com <br>      jdulberg@pszjlaw.com <br>      mpagay@pszjlaw.com <br><br> ☒ *Attorney for:* Debtor | |

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| In re: <br><br> YUETING JIA, <br><br>                  Debtor(s). | CASE NO.: 2:19-bk-24804-VZ <br><br> CHAPTER: 11 |
|---|---|
| | **NOTICE OF OBJECTION TO CLAIM** |
| | DATE:  May 7, 2020 <br> TIME:    1:30 p.m. <br> COURTROOM: 1368 <br> PLACE: 255 East Temple Street <br>            Los Angeles, CA  90012 |

1. TO *(specify claimant and claimant's counsel, if any)*:    Jiangyin Hailan Invest. Holding Co. Ltd. and Wenjie Sun

2. NOTICE IS HEREBY GIVEN that the undersigned has filed an objection to your Proof of Claim (Claim No. 20009) filed in the above referenced case. The Objection to Claim seeks to alter your rights by disallowing, reducing or modifying the claim based upon the grounds set forth in the objection, a copy of which is attached hereto and served herewith.

3. **Deadline for Opposition Papers**: You must file and serve a response to the Objection to Claim not later than 14 days prior to the hearing date set forth above.

   **IF YOU FAIL TO TIMELY RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.**

Date:  April 2, 2020

                                                   PACHULSKI STANG ZIEHL & JONES LLP
                                                   Printed name of law firm

                                                   */s/ Malhar S. Pagay*
                                                   Signature

Date Notice Mailed:  April 2, 2020

                                                   Malhar S. Pagay
                                                   Printed name of attorney for objector

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                        Page 1                      **F 3007-1.1.NOTICE.OBJ.CLAIM**
DOCS_LA:328794.1 46353/002

1    Richard M. Pachulski (CA Bar No. 90073)
    Jeffrey W. Dulberg (CA Bar No. 181200)

2    Malhar S. Pagay (CA Bar No. 189289)
    PACHULSKI STANG ZIEHL & JONES LLP

3    10100 Santa Monica Blvd., 13th Floor
    Los Angeles, CA 90067

4    Telephone: 310/277-6910
    Facsimile: 310/201-0760

5    Email:   rpachulski@pszjlaw.com

6           jdulberg@pszjlaw.com
          mpagay@pszjlaw.com

7

8    Attorneys for Debtor and Debtor in Possession

9                **UNITED STATES BANKRUPTCY COURT**

10                **CENTRAL DISTRICT OF CALIFORNIA**

11                  **LOS ANGELES DIVISION**

12    In re:

13    YUETING JIA,[1]

14               Debtor.

| | |
|---|---|
| In re: | Case No.: 2:19-bk-24804-VZ |
| YUETING JIA,[1] | Chapter 11 |
| Debtor. | **DEBTOR'S NOTICE OF OMNIBUS OBJECTION AND OMNIBUS OBJECTION FOR AN ORDER DISALLOWING DUPLICATE CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF LUETIAN SUN IN SUPPORT THEREOF** |

<u>**This Objection Affects The Following Claimants:**</u>
**Beijing Huaxing Mobile Asset Mgt Center, Claim 27** (Duplicate of Claim 20023)
**Beijing Jiaxin Tengda Information Consulting Co., Ltd., Scheduled Claim 220000060** (Duplicate of Claim 20019)
**China Soft Growing Invest Wuxi Partshp, Claim 61** (Duplicate of Claim 19)
**Chongqing LeTV Commercial Factoring Co., Ltd., Claims 21** and **24** (Duplicates of Claim 20015)
**E-Town Intl Holding (HK) Co Ltd., Claim 16** (Duplicate of Claim 20017)
**Honghu Da, Claim 6** (Duplicate of Claim 20008)
**Huizhou Speed Secondcurve Management LP, Claim 20002** (Duplicate of Claim 20001)
**Jiangyin Hailan Invest. Holding Co. Ltd., Claim 20009** (Duplicate of Claim 7)
**Linfen Investment Group Co., Ltd., Scheduled Claim**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

---

[1] The last four digits of the Debtor's federal tax identification number are 8972. The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**220000540** (Duplicate of Claim 30)
**Nanchang O-Film Photoelectric Technology Co., Ltd, Claim 38** (Duplicate of Claim 33)
**O-Film Global (HK) Trading Limited, Claim 34** (Duplicate of Claim 33)
**O-Film Global (HK) Trading Limited, Claim 37** (Duplicate of Claim 33)
**Pingan Bank Co Ltd Beijing Branch, Claim 20041** (Duplicate of Claim 20036)
**Shenzhen Yingda Capital Management Co., Scheduled Claim 220000860** (Duplicate of Claim 20034)
**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 42** (Duplicate of Claim 20027)
**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 43** (Duplicate of Claim 20029)
**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 44** (Duplicate of Claim 20030)
**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 45** (Duplicate of Claim 20031)
**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 46** (Duplicate of Claim 20032)
**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 47** (Duplicate of Claim 20039)
**Tianjin Yingxin Xinheng Investment Consulting Co., Ltd., Claim 28** (Duplicate of Claim 20020)
**Weihua Qiu, Scheduled, Claim 220000960** (Duplicate of Claim 12)
**Weihua Qiu, Claim 39** (Duplicate of Claim 12)
**Western Securities Co., Ltd., Claim 32** (Duplicate of Claim 20028)
**Wuxi Leyike Investment Enterprise, Claim 20025** (Duplicate of Claim 20007)
**Xizang Jinmeihua Investment Co., Ltd., Scheduled Claim 220001030** (Duplicate of Claim 29)

| | |
|---|---|
| Date: | May 7, 2020 |
| Time: | 1:30 p.m. |
| Place: | Courtroom 1368 |
| | Roybal Federal Building |
| | 255 E. Temple Street |
| | Los Angeles, California 90012 |
| | |
| Judge: | Hon. Vincent P. Zurzolo |

**PLEASE TAKE NOTICE** that, on May 7, 2020, beginning at 1:30 p.m. (Pacific Time), or as soon thereafter as counsel may be heard before the Hon. Vincent P. Zurzolo, in Courtroom 1368 of the Edward R. Roybal Federal Building and Courthouse, located at 255 E. Temple Street, Los Angeles, California 90012, pursuant to the *Order (I) Approving the Fourth Amended Disclosure Statement; (II) Approving the Voting Procedures and Tabulation Procedures; (III) Setting the Date*

*and Time for the Confirmation Hearing and Related Deadlines; (IV) Waiving Certain Local Rules and Procedures Related to the Timing and Approval of the Fourth Amended Disclosure Statement and Confirmation of the Third Amended Plan; and (V) Granting Related Relief* [Docket No. 485] (the "Disclosure Statement Order"), which provides, in pertinent part, that if the Debtor has served an objection or request for estimation as to a claim by April 2, 2020, such claim shall be temporarily disallowed for voting purposes only (and not for purposes of allowance or distribution), except to the extent and in the manner as may be set forth in such objection or as ordered by the Court before the voting deadline, i.e., April 30, 2020 at 4:00 p.m. (Beijing Time),[2] Yueting Jia (the "Debtor" or "YT"), debtor and debtor in possession herein, hereby objects to and moves to disallow (the "Objection") the claims (the "Duplicate Claims") listed below in the column entitled "Duplicate Claims to Be Disallowed" filed by the listed claimants (the "Claimants") on the grounds that the Duplicate Claims are identical to those claims listed in the column entitled "Surviving Claims." The Debtor requests that the Court take judicial notice of both the Duplicate Claims to Be Disallowed and the Surviving Claims, which are annexed as Exhibits 1-27 to the Request for Judicial Notice (the "RFJN"), filed concurrently herewith.

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Beijing Huaxing Mobile Asset Mgt Center | 27 | 20023 | Duplicate Claim | 1 |
| Beijing Jiaxin Tengda Information Consulting Co., Ltd. | 220000060 (scheduled claim) | 20019 | Creditor, Beijing Jiaxin Tengda Information Consulting Co., Ltd., also uses the name Jiaxindechuang BJ Tech Group Co Ltd. The Debtor scheduled Beijing Jixain Tengda Information Consulting Co., Ltd. in the amount of $1,458,406. However, the creditor asserted the same debt using the name Jiaxindechuang BJ Tech Group Co Ltd. in filed claim number 20019 in | 2 |

---
[2] Disclosure Statement Order, 6 at ¶ 17(e).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| | | | the amount of $1,975,674.74, and, consequently, has received two separate ballots to vote a single debt in connection with the Debtor's Plan. The filed proof of claim should supersede the scheduled claim despite the difference in names. | |
| China Soft Growing Invest Wuxi Partshp | 61 | 19 | Duplicate Claim | 3 |
| Chongqing LeTv Commercial Factoring LLC | 21 | 20015 | Duplicate Claim | 4 |
| Chongqing LeTv Commercial Factoring LLC | 24 | 20015 | Duplicate Claim | 5 |
| E-Town Intl Holding (HK) Co Ltd | 16 | 20017 | Duplicate Claim | 6 |
| Honghu Da | 6 | 20008 | Duplicate Claim | 7 |
| Huizhou Speed Secondcurve Management LP, | 20002 | 20001 | Duplicate Claim | 8 |
| Jiangyin Hailan Invest Holding Co Ltd. | 20009 | 7 | Creditor, Jiangyin Hailan Invest Holding Co. Ltd. filed Claim 20009 in the amount of $89,635,814.27, however, the back-up attached to Claim 20009 totals $69,635,814.27, which amount is duplicative of Claim 7. Therefore, Claim 20009 should be disallowed. | 9 |
| Linfen Investment Group Co. Ltd. | 220000540 | 30 | This creditor filed a proof of claim for the same debt under a similar but different name (Linfen Investment Construction Development Co. Ltd.) and, consequently, received ballots for both scheduled and filed claims. The filed proof of claim should supersede the scheduled claim and, with respect | 10 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| | | | to the Plan, the amount to be voted on account of the scheduled claim should be disallowed. | |
| Nanchang OFilm Photoelectric Tech Co Ltd. | 38 | 33 | Duplicate Claim | 11 |
| O-Film Global (HK) Trading Limited | 34 | 33 | The creditor, in its complaint against the Debtor, describes it and Nanchang OFilm Photoelectric Tech Co Ltd. as sister companies and co-plaintiffs. The lawsuit asserts a single claim of $24,095,428.00 against the Debtor. Accordingly, multiple claims asserted in the same amount are duplicative. | 12 |
| O'Film Global (HK) Trading Limited | 37 | 33 | Duplicate Claim | 13 |
| Pingan Bank Co Ltd Beijing Branch | 20041 | 20036 | Duplicate Claim | 14 |
| Shenzhen Yingda Capital Management Co. | 220000860 | 20034 | This creditor inadvertently received ballots both for scheduled and filed claims, so the amount to be voted on account of the scheduled claim should be disallowed. | 15 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 42 | 20027 | Duplicate Claim | 16 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 43 | 20029 | Duplicate Claim | 17 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 44 | 20030 | Duplicate Claim | 18 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 45 | 20031 | Duplicate Claim | 19 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 46 | 20032 | Duplicate Claim | 20 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 47 | 20039 | Duplicate Claim | 21 |
| Tianjin Yingxin Xinheng Investment | 28 | 20020 | Duplicate Claim | 22 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Consulting Co. Ltd. | | | | |
| Weihua Qiu | 220000960 (scheduled claim) | 12 | This creditor inadvertently received ballots both for scheduled and filed claims, so the amount to be voted on account of the scheduled claim should be disallowed. | 23 |
| Weihua Qiu | 39 | 12 | Duplicate claim | 24 |
| Western Securities Co., Ltd. | 32 | 20028 | Duplicate Claim | 25 |
| Wuxi Leyike Investment Enterprise | 20025 | 20007 | Duplicate Claim | 26 |
| Xizang Jinmeihua Investment Co., Ltd. | 220001030 (scheduled claim) | 29 | In Chinese, Tibet is called Xizang. The creditor filed its claim using the name Tibet Jinmeihua Investment Co. Ltd. and, consequently, has received two separate ballots to vote a single debt in connection with the Debtor's Plan. The filed proof of claim should supersede the scheduled claim despite the difference in names. | 27 |

True and correct copies of the Claims are attached to the Notices of Objection to Claims, which have been served on each claimant, attaching their corresponding claim(s).

**PLEASE TAKE FURTHER NOTICE** that the Objection has been served upon the Claimants and all parties entitled thereto and is based upon the supporting Memorandum of Points and Authorities and Declaration of Luetian Sun, the statements, arguments and representations of counsel who appear at the hearing regarding the Objection, the files and records in the above-captioned case, any evidence properly before the court prior to or at the hearing regarding the Objection and all matters of which the court may properly take judicial notice.

PLEASE TAKE FURTHER NOTICE that pursuant to Local Bankruptcy Rule 9013-1(f), responses to the Objection must be filed with the Court and served upon the Debtor's counsel at the address in the upper left-hand corner of this Objection **no later than fourteen (14) days prior to the hearing date**.  Responses must contain a written statement of all reasons why the Objection is opposed and must include declarations and copies of all documentary evidence on which the responding party intends to rely.  Responses must be filed either electronically or at the following location:

United States Bankruptcy Court
Attention:  Clerk's Office
255 E. Temple Street
Los Angeles, CA 90012

**IF YOU DO NOT OPPOSE THE OBJECTION YOU DO NOT NEED TO FILE ANY PAPERS, SIGN ANY FURTHER AGREEMENTS OR TAKE ANY FURTHER ACTION.**

PLEASE TAKE FURTHER NOTICE that, pursuant to Local Bankruptcy Rule 9013-1(f), the failure to timely file and serve written opposition may be deemed by the Court to be consent to the granting of the relief requested in the Objection.

PLEASE TAKE FURTHER NOTICE that if a response is timely filed and served upon the Debtor's counsel, the Court, in its discretion, may treat the initial hearing as a status conference if it determines that the Objection involves disputed factual issues or will require presentation of substantial evidence or argument.

**WHEREFORE,** the Debtor respectfully requests that the Court enter an order (i) sustaining the Objection; (ii) disallowing the Duplicate Claims in their entirety; and (iii) granting the Debtor such other and further relief as may appropriate under the circumstances.

Dated:    April 2, 2020              PACHULSKI STANG ZIEHL & JONES LLP

By    */s/ Malhar S. Pagay*
Richard M. Pachulski
Jeffrey W. Dulberg
Malhar S. Pagay

Counsel for Debtor and Debtor in
Possession

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## JURISDICTION

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 102, 105 and 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), and Rules 3007 and 3018(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## II.

## BACKGROUND

**A.    Commencement of the Chapter 11 Case**

On October 14, 2019 (the "Petition Date"), the Debtor commenced this case (the "Chapter 11 Case") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"). The Debtor continues in possession of his property and manages his affairs as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On October 25, 2019, the U.S. Trustee appointed the Official Committee of Unsecured Creditors  pursuant to section 1102(a)(1) of the Bankruptcy Code (the "Committee") [Docket No. 45]. The Committee consists of the following members: (a) Ping An Bank., Ltd. Beijing Branch; (b) China Minsheng Trust Co., Ltd; (c) Shanghai Leyu Chuangye Investment Management Center LP; (d) Jiangyin Hailan Investment Holding Co., Ltd; and (e) Shanghai Qichengyueming Investment Partnership Enterprise.

On November 13, 2019, the Court entered an order setting January 24, 2020, as the general deadline (the "Bar Date") for the filing of proofs of claim or proofs of interest against the Debtor's estate.  In accordance with the Court's Order establishing the Bar Date, notice of the Bar Date was given by mail to the Debtor's creditors and interest holders.

On December 18, 2019, Judge Karen B. Owens of the Delaware Bankruptcy Court transferred the Chapter 11 Case to this Court.

**B.    Approval of the Debtor's Disclosure Statement**

On March 20, 2020, the Court entered the Disclosure Statement Order, pursuant to which the Court approved the Debtor's *Fourth Amended Disclosure Statement with Respect to Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 465] in respect of the *Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 464] (the "Plan"), and granted other relief.

The Disclosure Statement Order provides, in pertinent part, that if the Debtor has served an objection or request for estimation as to a claim by April 2, 2020, such claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the voting deadline, i.e., April 30, 2020 at 4:00 p.m. (Beijing Time).  Disclosure Statement Order, 6 at ¶ 17(e).

**III.**

**ARGUMENT**

**A.    Procedural Requirements for Objections to Claims**

Bankruptcy Rule 3007 governs the procedure for objections to claims.  It provides as follows: "An objection to an allowance of a claim shall be in writing and filed.  A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant . . . at least thirty days prior to the hearing." Fed. R. Bankr. P. 3007.

Pursuant to Bankruptcy Rule 3007, a copy of the Objection will be mailed to Claimants at the addresses provided by Claimants in the Claims, and, where available and if different from the address provided on the proof of claim, on each Claimant's address registered with the National Enterprise Credit Information Publicity System (http://www.gsxt.gov.cn/index.html), a government-run, national, enterprise credit inquiry system in the People's Republic of China, at least thirty days prior to the hearing date for consideration of the Objection.  Accordingly, by the time of the hearing hereon, the Debtor will have complied with Bankruptcy Rule 3007.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**B.**     <u>The Court Must Determine the Allowance of a Claim Subject to Objection</u>

With certain exceptions, section 502(b) of the Bankruptcy Code requires, in relevant part, that if a party in interest objects to a claim, "the Court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that -- (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured …."

**C.**     <u>Burden of Proof</u>

All allegations set forth in a properly filed proof of claim are taken as true and, if the allegations set forth all facts necessary to establish a claim and are not self-contradictory, the proof of claim constitutes *prima facie* evidence of the validity and amount of the claim.  11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f).  However, a claimant must attach copies of writings upon which claims are based in order to carry its burden of establishing a *prima facie* case against the debtor. *Hardin v. Gianni (In re King Investments Inc.)*, 219 B.R. 848, 858 (B.A.P. 9th Cir. 1998).  Further, a claim should not be allowed if that claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law.  11 U.S.C. § 502(b)(1).

Once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991), then "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate burden of persuasion is always on the claimant."  *Holm*, 931 F.2d at 623.  In considering an objection to a claim, a bankruptcy court may take judicial notice of the underlying records in a bankruptcy case.  *O'Rourke v. Seaboard Surety Co., (In re ER Fergert, Inc.)*, 887 F.2d 955, 957-958 (9th Cir. 1998).

**D.**     <u>Disallowance for Plan Voting Purposes</u>

Courts recognize that Bankruptcy Rule 3018(a) permits a party in interest to seek to disallow a claim for voting purposes. Ultimately, the determination of whether to temporarily allow a claim

for voting purposes lies within the discretion of the bankruptcy court.  See *Armstrong v. Rushton (In re Armstrong)*, 294 B.R. 344, 354 (B.A.P. 10th Cir. 2003) ("There is no guidance in the Bankruptcy Code to courts as to determine whether to permit the temporary allowance of a claim; it is left to the court's discretion.").  Indeed, courts have broad authority to determine whether to allow or disallow a claim for purposes of voting under Bankruptcy Rule 3018(a). *See, e.g., In re Mangia Pizza Invs., L.P.,* 480 B.R. 669, 679 (Banker. W.D. Tex. 2012); *In re Zolner*, 174 B.R. 629, 633 (Bankr. N.D. Ill. 1994) (noting that a court must exercise its discretion to allow or disallow a claim under Bankruptcy Rule 3018(a) based on reasoned analysis); *In re Goldstein,* 114 B.R. 430, 433 (Bankr. E.D. Pa. 1990); Collier on Bankr. ¶ 9-3018[5] (16th ed. rev. 2012) ("The court, however, regardless of the circumstances, has the discretion to allow or disallow all or part of the claim for voting purposes.").

In some cases noted in the chart below, the Debtor has been advised that a Claimant inadvertently has been provided with multiple ballots to vote on the Debtor's Plan on account of a single debt.  Where that has occurred, the Debtor has requested that the Court disallow one of those Duplicate Claims for voting purposes.

**E.**    **The Objection and Request for Relief**

In most instances, the Duplicate Claim and the relevant Surviving Claim are the exact same claim in the same amount filed by the Claimant using the same name, and therefore the Duplicate Claim can be disallowed readily.  The chart below provides further explanation for the request for disallowance where the claims may not be exact duplicates of one another, but fall within the Duplicate Claims category that is the subject of this Objection.  For example, slight variations in the name or entity utilized by a Claimant to assert a debt against the Debtor or issues of translation from Chinese to English have required a more careful review to determine that two claims are, in fact, the same.

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Beijing Huaxing Mobile Asset Mgt Center | 27 | 20023 | Duplicate Claim | 1 |
| Beijing Jiaxin Tengda Information Consulting Co., Ltd. | 220000060 (scheduled claim) | 20019 | Creditor, Beijing Jiaxin Tengda Information Consulting Co., Ltd., | 2 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| | | | also uses the name Jiaxindechuang BJ Tech Group Co Ltd.  The Debtor scheduled Beijing Jixain Tengda Information Consulting Co., Ltd. in the amount of $1,458,406.  However, the creditor asserted the same debt using the name Jiaxindechuang BJ Tech Group Co Ltd. in filed claim number 20019 in the amount of $1,975,674.74, and, consequently, has received two separate ballots to vote a single debt in connection with the Debtor's Plan.  The filed proof of claim should supersede the scheduled claim despite the difference in names. | |
| China Soft Growing Invest Wuxi Partshp | 61 | 19 | Duplicate Claim | 3 |
| Chongqing LeTv Commercial Factoring LLC | 21 | 20015 | Duplicate Claim | 4 |
| Chongqing LeTv Commercial Factoring LLC | 24 | 20015 | Duplicate Claim | 5 |
| E-Town Intl Holding (HK) Co Ltd | 16 | 20017 | Duplicate Claim | 6 |
| Honghu Da | 6 | 20008 | Duplicate Claim | 7 |
| Huizhou Speed Secondcurve Management LP, | 20002 | 20001 | Duplicate Claim | 8 |
| Jiangyin Hailan Invest Holding Co Ltd. | 20009 | 7 | Creditor, Jiangyin Hailan Invest Holding Co. Ltd. filed Claim 20009 in the amount of $89,635,814.27, however, the back-up attached to Claim 20009 totals $69,635,814.27, which amount is duplicative of Claim 7. Therefore, Claim 20009 should be disallowed. | 9 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Linfen Investment Group Co. Ltd. | 220000540 | 30 | This creditor filed a proof of claim for the same debt under a similar but different name (Linfen Investment Construction Development Co. Ltd.) and, consequently, received ballots for both scheduled and filed claims. The filed proof of claim should supersede the scheduled claim and, with respect to the Plan, the amount to be voted on account of the scheduled claim should be disallowed. | 10 |
| Nanchang OFilm Photoelectric Tech Co Ltd. | 38 | 33 | Duplicate Claim | 11 |
| O-Film Global (HK) Trading Limited | 34 | 33 | The creditor, in its complaint against the Debtor, describes it and Nanchang OFilm Photoelectric Tech Co Ltd. as sister companies and co-plaintiffs. The lawsuit asserts a single claim of $24,095,428.00 against the Debtor. Accordingly, multiple claims asserted in the same amount are duplicative. | 12 |
| O'Film Global (HK) Trading Limited | 37 | 33 | Duplicate Claim | 13 |
| Pingan Bank Co Ltd Beijing Branch | 20041 | 20036 | Duplicate Claim | 14 |
| Shenzhen Yingda Capital Management Co. | 220000860 | 20034 | This creditor inadvertently received ballots both for scheduled and filed claims, so the amount to be voted on account of the scheduled claim should be disallowed. | 15 |
| Tianjin Jairui Huixin | 42 | 20027 | Duplicate Claim | 16 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Corp. Mgt LLC | | | | |
| Tianjin Jairui Huixin Corp. Mgt LLC | 43 | 20029 | Duplicate Claim | 17 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 44 | 20030 | Duplicate Claim | 18 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 45 | 20031 | Duplicate Claim | 19 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 46 | 20032 | Duplicate Claim | 20 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 47 | 20039 | Duplicate Claim | 21 |
| Tianjin Yingxin Xinheng Investment Consulting Co. Ltd. | 28 | 20020 | Duplicate Claim | 22 |
| Weihua Qiu | 220000960 (scheduled claim) | 12 | This creditor inadvertently received ballots both for scheduled and filed claims, so the amount to be voted on account of the scheduled claim should be disallowed. | 23 |
| Weihua Qiu | 39 | 12 | Duplicate claim | 24 |
| Western Securities Co., Ltd. | 32 | 20028 | Duplicate Claim | 25 |
| Wuxi Leyike Investment Enterprise | 20025 | 20007 | Duplicate Claim | 26 |
| Xizang Jinmeihua Investment Co., Ltd. | 220001030 (scheduled claim) | 29 | In Chinese, Tibet is called Xizang. The creditor filed its claim using the name Tibet Jinmeihua Investment Co. Ltd. and, consequently, has received two separate ballots to vote a single debt in connection with the Debtor's Plan. The filed proof of claim should supersede the scheduled claim despite the difference in names. | 27 |

By this Objection, the Debtor simply seeks to have disallowed the Duplicate Claims leaving

the Surviving Claims unaffected by this Objection.

## IV.

## **GENERAL RESERVATION OF RIGHTS**

The Debtor expressly reserves the right to amend, modify or supplement this Objection, and to file additional, other, or further objections to any proofs of claim filed in this Chapter 11 Case, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not) against the Debtor, regardless of whether such claims are subject to this Objection. Should one or more of the grounds of objection stated in this Objection be denied, the Debtor reserves his rights to object on other stated grounds or on any other grounds he discovers during the pendency of this Chapter 11 Case. In addition, the Debtor reserves the right to file counterclaims against the holders of any such claims.

## V.

## **NOTICE**

The Debtor will serve copies of this Objection on: (a) the Claimants, (b) the Office of the United States Trustee, (c) counsel to the Committee, and (d) all parties who have requested notices in this Chapter 11 Case pursuant to Bankruptcy Rule 2002.

## VI.

## **CONCLUSION**

WHEREFORE, the Debtor respectfully requests that the Court enter an order granting the relief requested herein and granting the Debtor such other and further relief as is just and proper.

Dated:    April 2, 2020          PACHULSKI STANG ZIEHL & JONES LLP


                                */s/ Malhar S. Pagay*
                                Richard M. Pachulski
                                Jeffrey W. Dulberg
                                Malhar S. Pagay

                                *Attorneys for Debtor and Debtor in Possession*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## **DECLARATION OF LUETIAN SUN**

I, Luetian Sun, declare as follows:

1.      I am one of Debtor's advisors who assist the Debtor with various financial and business matters.  I also have served as Faraday & Future, Inc.'s ("FF") Investor Relations Coordinator since January 2019.  Prior to joining FF, I received a bachelor's degree in civil engineering from Beijing University's School of Civil Engineering and Architecture and a Master of Business Administration degree from the University of California at Riverside.

2.      I am in regular communication with the Debtor's professionals, including legal counsel.

3.      I submit this Declaration (the "Declaration") in support of the Debtor's *Omnibus Objection for an Order Disallowing Duplicate Claims* (the "Objection").

4.      If I were called to testify as a witness in this matter, I could and would competently testify to each of the facts set forth herein.

5.      At the direction of the Debtor, I have reviewed and analyzed the Claims that are the subject of the Objection, and have discussed my findings with both the Debtor and his legal counsel. Based on my analysis, I have determined that the Duplicate Claim are duplicative of other claims and should therefore be disallowed in their entirety.

6.      Also, in order to facilitate notice and service of the Objection, I researched each Claimant's address registered with the National Enterprise Credit Information Publicity System (http://www.gsxt.gov.cn/index.html), a government-run, national, enterprise credit inquiry system in the People's Republic of China.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 2nd day of April, 2020, at Los Angeles, California.

Luetian Sun
_____
Luetian Sun

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA  90067**

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S NOTICE OF OMNIBUS OBJECTION AND OMNIBUS OBJECTION FOR AN ORDER DISALLOWING DUPLICATE CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF LUETIAN SUN IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **April 2, 2020,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **April 2, 2020,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

United States Bankruptcy Court
Central District of California
Attn:  Hon. Vincent Zurzolo
Edward R. Roybal Federal Bldg./Courthouse
255 East Temple Street, Suite 1360
Los Angeles, CA  90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 2, 2020 | Nancy H. Brown | | /s/ *Nancy H. Brown* |
|---|---|---|---|
| *Date* | *Printed Name* | | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                           **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:328782.1 46353/002

## SERVICE INFORMATION FOR CASE NO. 2:19-bk-24804-VZ

### 1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)

- Tanya Behnam    tbehnam@polsinelli.com, tanyabehnam@gmail.com
- Jerrold L Bregman    ecf@bg.law, jbregman@bg.law
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Stephen D Finestone    sfinestone@fhlawllp.com
- Richard H Golubow    rgolubow@wghlawyers.com, pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
- Alexandra N Krasovec    krasovec.alexandra@dorsey.com, claridge.vanessa@dorsey.com
- Ben H Logan    blogan@omm.com
- Robert S Marticello    Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- David W. Meadows    david@davidwmeadowslaw.com
- John A Moe    john.moe@dentons.com, glenda.spratt@dentons.com
- Kelly L Morrison    kelly.l.morrison@usdoj.gov
- Malhar S Pagay    mpagay@pszjlaw.com, bdassa@pszjlaw.com
- Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- Victor A Sahn    vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com
- Randye B Soref    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- Benjamin Taylor    btaylor@taylorlawfirmpc.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Felix T Woo    fwoo@ftwlawgroup.com, admin@ftwlawgroup.com
- Claire K Wu    ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com
- Emily Young    pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
- David B Zolkin    dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                           **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:328782.1 46353/002

| United States Bankruptcy Court for the District of Delaware | **For Court Use Only** | |
|---|---|---|
| **Name of Debtor:** Yueting Jia | Claim Number: | 0000020009 |
| **Case Number:** 19-12220 | File Date: | 01/15/2020 11:56:36 |

# Proof of Claim (Official Form 410)

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

04/19

---

| **Part 1:** | **Identify the Claim** |
|---|---|

**1.   Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): ___Jiangyin Hailan Invest. Holding Co. Ltd._____

Other names the creditor used with the debtor: _____

**2.   Has this claim been acquired from someone else?**   ☑ No   ☐ Yes.   From whom? _____

**3.   Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments be sent to the creditor? (if different) |
|---|---|
| Name   Jiangyin Hailan Invest. Holding Co. Ltd. | Name _____ |
| Address   Yong Tang | Address _____ |
| Hailan Industry Park No. 8 | _____ |
| Taoxin Road, Xinqiao Town | _____ |
| City   Jiangyin | City _____ |
| State   CH   ZIP Code   n/a | State _____  ZIP Code _____ |
| Country (if International):   China | Country (if International): _____ |
| Phone:   +86 13921881766 | Phone: _____ |
| Email:   jsfushizi@163.com | Email: _____ |

| **4. Does this claim amend one already filed?** | **5. Do you know if anyone else has filed a proof of claim for this claim?** |
|---|---|
| ☑ No | ☑ No |
| ☐ Yes. | ☐ Yes. |
| Claim number on court claims register (if known) _____ | Who made the earlier filing? |
| Filed on _____ | _____ |
| MM / DD / YYYY | |

Page 1 of 3

**Part 2:**  **Give Information About the Claim as of the Date the Case Was Filed**

**6.  Do you have any number you use to identify the debtor?**

☑ No

☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:

_____  _____  _____  _____

**7.  How much is the claim?**

$  89,635,814.27
_____

**Does this amount include interest or other charges?**

☐ No

☑ Yes.  Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8.  What is the basis of the claim?**

Examples:  Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.  Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).  Limit disclosing information that is entitled to privacy, such as health care information.

Other Basis
_____

---

**9.  Is all or part of the claim secured?**

☑ No

☐ Yes.    The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other.  Describe:
_____

**Basis for perfection:**

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                    $_____

Amount of the claim that is secured:    $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:  $_____

Annual Interest Rate (when case was filed)    _____%
                                        ☐ Fixed  ☐ Variable

**10.  Is this claim based on a lease?**

☑ No

☐ Yes.  **Amount necessary to cure any default as of the date of petition.**

$_____

**11.  Is this claim subject to a right of setoff?**

☑ No

☐ Yes.  Identify the property:

_____

**12.  Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a) (_____) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority.  For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

---

**13.  Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes.  **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $_____

**Part 3:** **Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*Wenjie Sun*                                                         01/15/2020 11:56:36

Signature                                                                Date

Provide the name and contact information of the person completing and signing this claim:

Name        Wenjie Sun

Address     Grandall Partners & Consulting LLC

                729 Seventh Avenue


City         New York

State        NY                                        Zip    10019

Country (in international)

Phone       3478224391

Email        sunwenjie@grandall.com.ncn

**Fill in this information to identify the case:**

Debtor 1 _____

Debtor 2 _____
(Spouse, if filing)

United States Bankruptcy Court for the: _____ District of _____

Case number _____

Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim) _____

Other names the creditor used with the debtor 江阴市海澜投资控股有限公司 _____

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
| --- | --- |
| Name _____ | Name _____ |
| Hailan Industry Park, No. 8, Taoxin Road, Xinqiao Town | |
| Number        Street | Number        Street |
| City                State        ZIP Code | City                State        ZIP Code |
| Contact phone _____ | Contact phone _____ |
| Contact email _____ | Contact email _____ |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☐ No
☐ Yes.  Claim number on court claims registry (if known) _____

Filed on _____
                 MM  / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes.  Who made the earlier filing? _____

**Part 2:**    **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ❑ No<br>❑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |

7. **How much is the claim?**   $_____. **Does this amount include interest or other charges?**

         ❑ No

         ❑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

     Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

     Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

     Limit disclosing information that is entitled to privacy, such as health care information.

     _____

9. **Is all or part of the claim secured?**

     ❑ No

     ❑ Yes. The claim is secured by a lien on property.

         **Nature of property:**

         ❑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

         ❑ Motor vehicle

         ❑ Other. Describe: _____

         **Basis for perfection:** _____

         Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

         **Value of property:**            $_____

         **Amount of the claim that is secured:**     $_____

         **Amount of the claim that is unsecured:**   $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

         **Amount necessary to cure any default as of the date of the petition:**     $_____

         **Annual Interest Rate** (when case was filed) _____%

         ❑ Fixed

         ❑ Variable

10. **Is this claim based on a lease?**

     ❑ No

     ❑ Yes. **Amount necessary to cure any default as of the date of the petition.**     $_____

11. **Is this claim subject to a right of setoff?**

     ❑ No

     ❑ Yes. Identify the property: _____

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br>☐ Yes. *Check one:* | **Amount entitled to priority** |
|---|---|---|
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:    Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☐ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
MM / DD / YYYY

*wenjie sun*
Signature

**Print the name of the person who is completing and signing this claim:**

Name _____
First name        Middle name        Last name

Title _____

Company _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
Number        Street

_____
City        State        ZIP Code

Contact phone _____        Email _____

## ADDENDUM TO PROOF OF CLAIM

This Proof of Claim is filed in the chapter 11 case of Yueting Jia (the "Debtor"), Case No. 19-24804-VZ, by Jiangyin Hailan Investment Holding Co., Ltd ("Claimant").

Claimant's address is set forth on the first page of this Proof of Claim.  Any notice relating to this Proof of Claim should be sent to such address, as well as to the following addresses:

| Ballon Stoll Bader & Nadler PC | Grandall & Partners Consulting LLC |
|---|---|
| Vincent J. Roldan | Wenjie Sun |
| 729 Seventh Avenue – 17th Floor | 729 Seventh Avenue – 17th Floor |
| New York, NY 10019 | New York, NY 10019 |
| 212.575-7900 | 347.822.4391 |
| Fax 212.764-5060 | sunwenjie@grandall.com.cn |
| vroldan@ballonstoll.com | |
| www.ballonstoll.com | |

Claimant's claims are for money loaned by Claimant to the Debtor pursuant to the following document(s):

1. Documents for RMB345,840,000.00 ($48,899,257.69)  Loan, including Loan Agreement, Supplementary Agreements, and Commitment Letter
2. Documents for RMB20,000,000.00 ($2,827,854.37) Loan, including Loan Agreement, Supplementary Agreements, and Commitment Letter

 (the "Document(s)").  Copies of the actual Document(s) and related documents are voluminous and are not attached hereto, but are available upon request to Claimant's attorneys.

This Proof of Claim is for $69,635,814.27, including:

  - total principle amount $51,727,112.05,

  - total interests up to October 14, 2019 as $17,908,702.22.

## Reservation of Rights

The amounts of all payments on the claim have been credited and deducted for the purpose of making this Proof of Claim.

Claimant hereby reserves the right to assert further, additional and amended claims, including but not limited to rights with respect to contracts not listed herein.

By executing and filing this Proof of Claim, Claimant is not (i) waiving or releasing Claimant's rights against any other entity or person or (ii) electing a remedy which waives or otherwise affects any other remedy of Claimant.

Claimant, in executing and filing this Proof of Claim, does not waive any right to any security, collateral or share thereof to which it may be entitled or any right to claim specific assets or any other right or rights that it has or may have against the Debtor or any other person or persons, and expressly reserves the right to amend or supplement this Proof of Claim in any respect and to file additional proofs of claim for additional claims.

## LETTER OF AUTHORIZATION

This Letter of Authorization is to grant the following attorney/authorized agent to sign and submit the confirmedProof of Claim in the chapter 11 case of Yueting Jia (the"Debtor"), Case No.19-24804-VZ, for and on behalf ofJiangyin Hailan Investment Holding Co., Ltd ("Claimant") and to receive any notice relating tothis Proof of Claim at the following addresses:

| Ballon Stoll Bader & Nadler PC | Grandall & Partners Consulting LLC |
|---|---|
| Vincent J. Roldan | Wenjie Sun |
| 729 Seventh Avenue – 17th Floor | 729 Seventh Avenue – 17th Floor |
| New York, NY 10019 | New York, NY 10019 |
| 212.575-7900 | 347.822.4391 |
| Fax 212.764-5060 | sunwenjie@grandall.com.cn |
| vroldan@ballonstoll.com | |
| www.ballonstoll.com | |

By: _____

Name:  YONG TANG

Title: authorized signatory

### Jiangyin Hailan Investment Holding Co., Ltd

Hailan Industry Park, No. 8, Taoxin Road, Xinqiao Town, Jiangyin, Jiangsu, 214426, China

Phone:+86 13921881766

Email: jsfushizi@163.com

**RECEIVED**

JAN 1 5 2020

**LEGAL SERVICES**

| Fill in this information to identify the case: |
|---|

Debtor 1    Yueting Jia

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   Central District of California

Case number   19-24804-VZ

Filed: USBC - Central District of California
Yueting Jia   (B10)
19-24804 (VPZ)

YT1

0000000007

## Official Form 410
# Proof of Claim
04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Jiangyin Hailan Investment Holding Co., Ltd
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor 江阴市海澜投资控股有限公司

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

YONG TANG (more information attached)
Name

Hailan Industry Park, No. 8, Taoxin Road, Xinqiao Town
Number   Street

Jiangyin      CH
City      State      ZIP Code

Contact phone +86 13921881766

Contact email jsfushizi@163.com

Where should payments to the creditor be sent? (if different)

Name

Number   Street

City      State      ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on ___ / ___ / _____
                                                         MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

## Part 2:  Give Information About the Claim as of the Date the Case Was Filed

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___ |

| | |
|---|---|
| 7. How much is the claim? | $_____69,635,814.27_  Does this amount include interest or other charges?<br>☐ No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Money loaned. |

| | |
|---|---|
| 9. Is all or part of the claim secured? | ☑ No<br>☐ Yes.  The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>Value of property:                              $_____<br>Amount of the claim that is secured:    $_____<br><br>Amount of the claim that is unsecured: $_____(The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>Amount necessary to cure any default as of the date of the petition:    $_____<br><br>Annual Interest Rate (when case was filed)_____%<br>☐ Fixed<br>☐ Variable |

| | |
|---|---|
| 10. Is this claim based on a lease? | ☑ No<br>☐ Yes. Amount necessary to cure any default as of the date of the petition.    $_____ |

| | |
|---|---|
| 11. Is this claim subject to a right of setoff? | ☑ No<br>☐ Yes. Identify the property: _____ |

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
|---|---|---|
| | ☐ Yes. Check one: | Amount entitled to priority |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3:   Sign Below

| | |
|---|---|
| The person completing this proof of claim must sign and date it. FRBP 9011(b). | Check the appropriate box: |
| | ☐ I am the creditor. |
| If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is. | ☑ I am the creditor's attorney or authorized agent. |
| | ☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. |
| | ☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. |

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157, and 3571.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   01/07/2020
                   MM / DD / YYYY

_wenjie sun_
Signature

Print the name of the person who is completing and signing this claim:

| Name | WENJIE SUN | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Authorized agent | | |
| Company | Grandall & Partners Consulting LLC | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 729 Seventh Ave – 17th Fl | | |
| | Number      Street | | |
| | New York | NY | 10019 |
| | City | State | ZIP Code |
| Contact phone | 3478224391 | Email sunwenjie@grandall.com.cn | |

## ADDENDUM TO PROOF OF CLAIM

This Proof of Claim is filed in the chapter 11 case of Yueting Jia (the "Debtor"), Case No. 19-24804-VZ, by Jiangyin Hailan Investment Holding Co., Ltd ("Claimant").

Claimant's address is set forth on the first page of this Proof of Claim.  Any notice relating to this Proof of Claim should be sent to such address, as well as to the following addresses:

| Ballon Stoll Bader & Nadler PC<br>Vincent J. Roldan<br>729 Seventh Avenue – 17th Floor<br>New York, NY 10019<br>212.575-7900<br>Fax 212.764-5060<br>vroldan@ballonstoll.com<br>www.ballonstoll.com | Grandall & Partners Consulting LLC<br>Wenjie Sun<br>729 Seventh Avenue – 17th Floor<br>New York, NY 10019<br>347.822.4391<br>sunwenjie@grandall.com.cn |
| --- | --- |

Claimant's claims are for money loaned by Claimant to the Debtor pursuant to the following document(s):

1. Documents for RMB345,840,000.00 ($48,899,257.69)  Loan, including Loan Agreement, Supplementary Agreements, and Commitment Letter
2. Documents for RMB20,000,000.00 ($2,827,854.37) Loan, including Loan Agreement, Supplementary Agreements, and Commitment Letter

(the "Document(s)").  Copies of the actual Document(s) and related documents are voluminous and are not attached hereto, but are available upon request to Claimant's attorneys.

This Proof of Claim is for $69,635,814.27, including:

- total principle amount $51,727,112.05,

- total interests up to October 14, 2019 as $17,908,702.22.

## Reservation of Rights

The amounts of all payments on the claim have been credited and deducted for the purpose of making this Proof of Claim.

Claimant hereby reserves the right to assert further, additional and amended claims, including but not limited to rights with respect to contracts not listed herein.

By executing and filing this Proof of Claim, Claimant is not (i) waiving or releasing Claimant's rights against any other entity or person or (ii) electing a remedy which waives or otherwise affects any other remedy of Claimant.

Claimant, in executing and filing this Proof of Claim, does not waive any right to any security, collateral or share thereof to which it may be entitled or any right to claim specific assets or any other right or rights that it has or may have against the Debtor or any other person or persons, and expressly reserves the right to amend or supplement this Proof of Claim in any respect and to file additional proofs of claim for additional claims.

## LETTER OF AUTHORIZATION

This Letter of Authorization is to grant the following attorney/authorized agent to sign and submit the confirmedProof of Claim in the chapter 11 case of Yueting Jia (the "Debtor"), Case No.19-24804-VZ, for and on behalf ofJiangyin Hailan Investment Holding Co., Ltd ("Claimant") and to receive any notice relating tothis Proof of Claim at the following addresses:

| | |
|---|---|
| Ballon Stoll Bader & Nadler PC<br>Vincent J. Roldan<br>729 Seventh Avenue – 17th Floor<br>New York, NY 10019<br>212.575.7900<br>Fax 212.764-5060<br>vroldan@ballonstoll.com<br>www.ballonstoll.com | Grandall & Partners Consulting LLC<br>Wenjie Sun<br>729 Seventh Avenue – 17th Floor<br>New York, NY 10019<br>347.822.4391<br>sunwenjie@grandall.com.cn |

By: _____

Name:  YONG TANG

Title: authorized signatory

**Jiangyin Hailan Investment Holding Co., Ltd**

Hailan Industry Park, No. 8, Taoxin Road, Xinqiao Town, Jiangyin, Jiangsu, 214426, China

Phone:+86 13921881766

Email: jsfushizi@163.com

EMAILED

_____ C Murray _____          _____ 1/15/2020 _____

CASE MANAGER                                      DATE

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA  90067

A true and correct copy of the foregoing document entitled: **NOTICE OF OBJECTION TO CLAIM** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **April 3, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **April 3, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**VIA U.S. MAIL**
United States Bankruptcy Court
Central District of California
Attn:  Hon. Vincent Zurzolo
Edward R. Roybal Federal Bldg./Courthouse
255 East Temple Street, Suite 1360
Los Angeles, CA  90012

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 3, 2020 | Nancy H. Brown | /s/ Nancy H. Brown |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                   Page 2                    **F 3007-1.1.NOTICE.OBJ.CLAIM**
DOCS_LA:328794.1 46353/002

**SERVICE INFORMATION FOR CASE NO. 2:19-bk-24804-VZ**
**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

- Jerrold L Bregman    ecf@bg.law, jbregman@bg.law
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Stephen D Finestone    sfinestone@fhlawllp.com
- Richard H Golubow    rgolubow@wghlawyers.com, pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
- Alexandra N Krasovec    krasovec.alexandra@dorsey.com, claridge.vanessa@dorsey.com
- Ben H Logan    blogan@omm.com
- Robert S Marticello    Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- David W. Meadows    david@davidwmeadowslaw.com
- John A Moe    john.moe@dentons.com, glenda.spratt@dentons.com
- Kelly L Morrison    kelly.l.morrison@usdoj.gov
- Malhar S Pagay    mpagay@pszjlaw.com, bdassa@pszjlaw.com
- Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- Victor A Sahn    vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com
- Randye B Soref    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- Benjamin Taylor    btaylor@taylorlawfirmpc.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Felix T Woo    fwoo@ftwlawgroup.com, admin@ftwlawgroup.com
- Claire K Wu    ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com
- Emily Young    pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
- David B Zolkin    dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.