| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Richard M. Pachulski (CA Bar No. 90073)<br>Jeffrey W. Dulberg (CA Bar No. 181200)<br>Malhar S. Pagay (CA Bar No. 189289)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Boulevard, 13th Floor<br>Los Angeles, CA  90067<br>Telephone:  310/277-6910<br>Facsimile:  310/201-0760<br>Email: rpachulski@pszjlaw.com<br>        jdulberg@pszjlaw.com<br>        mpagay@pszjlaw.com<br><br>☒ *Attorney for:* Debtor | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| In re:<br><br>YUETING JIA,<br><br>                                        Debtor(s). | CASE NO.: 2:19-bk-24804-VZ<br><br>CHAPTER: 11 |
|---|---|
| | ### NOTICE OF OBJECTION TO CLAIM<br><br>DATE:  May 7, 2020<br>TIME:    1:30 p.m.<br>COURTROOM: 1368<br>PLACE: 255 East Temple Street<br>            Los Angeles, CA  90012 |

1.  TO *(specify claimant and claimant's counsel, if any)*:  PingAn Bank Co. Ltd Beijing Branch

2.  NOTICE IS HEREBY GIVEN that the undersigned has filed an objection to your Proof of Claim (Claim No. 20041) filed in the above referenced case. The Objection to Claim seeks to alter your rights by disallowing, reducing or modifying the claim based upon the grounds set forth in the objection, a copy of which is attached hereto and served herewith.

3.  **Deadline for Opposition Papers**: You must file and serve a response to the Objection to Claim not later than 14 days prior to the hearing date set forth above.

    **IF YOU FAIL TO TIMELY RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.**

Date:   April 2, 2020

Date Notice Mailed: April 2, 2020

PACHULSKI STANG ZIEHL & JONES LLP
Printed name of law firm

*/s/ Malhar S. Pagay*
Signature

Malhar S. Pagay
Printed name of attorney for objector

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                        Page 1                            **F 3007-1.1.NOTICE.OBJ.CLAIM**
DOCS_LA:328791.1 46353/002

Richard M. Pachulski (CA Bar No. 90073)
Jeffrey W. Dulberg (CA Bar No. 181200)
Malhar S. Pagay (CA Bar No. 189289)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email:    rpachulski@pszjlaw.com
          jdulberg@pszjlaw.com
          mpagay@pszjlaw.com

Attorneys for Debtor and Debtor in Possession

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No.: 2:19-bk-24804-VZ |
| YUETING JIA,[1] | Chapter 11 |
| Debtor. | **DEBTOR'S NOTICE OF OMNIBUS OBJECTION AND OMNIBUS OBJECTION FOR AN ORDER DISALLOWING DUPLICATE CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF LUETIAN SUN IN SUPPORT THEREOF** |
| | **This Objection Affects The Following Claimants:** **Beijing Huaxing Mobile Asset Mgt Center, Claim 27** (Duplicate of Claim 20023) **Beijing Jiaxin Tengda Information Consulting Co., Ltd., Scheduled Claim 220000060** (Duplicate of Claim 20019) **China Soft Growing Invest Wuxi Partshp, Claim 61** (Duplicate of Claim 19) **Chongqing LeTV Commercial Factoring Co., Ltd., Claims 21** and **24** (Duplicates of Claim 20015) **E-Town Intl Holding (HK) Co Ltd., Claim 16** (Duplicate of Claim 20017) **Honghu Da, Claim 6** (Duplicate of Claim 20008) **Huizhou Speed Secondcurve Management LP, Claim 20002** (Duplicate of Claim 20001) **Jiangyin Hailan Invest. Holding Co. Ltd., Claim 20009** (Duplicate of Claim 7) **Linfen Investment Group Co., Ltd., Scheduled Claim** |

---

[1] The last four digits of the Debtor's federal tax identification number are 8972. The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**220000540** (Duplicate of Claim 30)
**Nanchang O-Film Photoelectric Technology Co., Ltd,
Claim 38** (Duplicate of Claim 33)
**O-Film Global (HK) Trading Limited, Claim 34**
(Duplicate of Claim 33)
**O-Film Global (HK) Trading Limited, Claim 37**
(Duplicate of Claim 33)
**Pingan Bank Co Ltd Beijing Branch, Claim 20041**
(Duplicate of Claim 20036)
**Shenzhen Yingda Capital Management Co.,
Scheduled Claim 220000860** (Duplicate of Claim
20034)
**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 42**
(Duplicate of Claim 20027)
**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 43**
(Duplicate of Claim 20029)
**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 44**
(Duplicate of Claim 20030)
**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 45**
(Duplicate of Claim 20031)
**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 46**
(Duplicate of Claim 20032)
**Tianjin Jairui Huixin Corp. Mgt LLC, Claim 47**
(Duplicate of Claim 20039)
**Tianjin Yingxin Xinheng Investment Consulting Co.,
Ltd., Claim 28** (Duplicate of Claim 20020)
**Weihua Qiu, Scheduled, Claim 220000960** (Duplicate
of Claim 12)
**Weihua Qiu, Claim 39** (Duplicate of Claim 12)
**Western Securities Co., Ltd., Claim 32** (Duplicate of
Claim 20028)
**Wuxi Leyike Investment Enterprise, Claim 20025**
(Duplicate of Claim 20007)
**Xizang Jinmeihua Investment Co., Ltd., Scheduled
Claim 220001030** (Duplicate of Claim 29)

Date:        May 7, 2020
Time:        1:30 p.m.
Place:       Courtroom 1368
             Roybal Federal Building
             255 E. Temple Street
             Los Angeles, California 90012

Judge:       Hon. Vincent P. Zurzolo

**PLEASE TAKE NOTICE** that, on May 7, 2020, beginning at 1:30 p.m. (Pacific Time), or

as soon thereafter as counsel may be heard before the Hon. Vincent P. Zurzolo, in Courtroom 1368

of the Edward R. Roybal Federal Building and Courthouse, located at 255 E. Temple Street, Los

Angeles, California 90012, pursuant to the *Order (I) Approving the Fourth Amended Disclosure*

*Statement; (II) Approving the Voting Procedures and Tabulation Procedures; (III) Setting the Date*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

*and Time for the Confirmation Hearing and Related Deadlines; (IV) Waiving Certain Local Rules and Procedures Related to the Timing and Approval of the Fourth Amended Disclosure Statement and Confirmation of the Third Amended Plan; and (V) Granting Related Relief* [Docket No. 485] (the "Disclosure Statement Order"), which provides, in pertinent part, that if the Debtor has served an objection or request for estimation as to a claim by April 2, 2020, such claim shall be temporarily disallowed for voting purposes only (and not for purposes of allowance or distribution), except to the extent and in the manner as may be set forth in such objection or as ordered by the Court before the voting deadline, i.e., April 30, 2020 at 4:00 p.m. (Beijing Time),[2] Yueting Jia (the "Debtor" or "YT"), debtor and debtor in possession herein, hereby objects to and moves to disallow (the "Objection") the claims (the "Duplicate Claims") listed below in the column entitled "Duplicate Claims to Be Disallowed" filed by the listed claimants (the "Claimants") on the grounds that the Duplicate Claims are identical to those claims listed in the column entitled "Surviving Claims."  The Debtor requests that the Court take judicial notice of both the Duplicate Claims to Be Disallowed and the Surviving Claims, which are annexed as Exhibits 1-27 to the Request for Judicial Notice (the "RFJN"), filed concurrently herewith.

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Beijing Huaxing Mobile Asset Mgt Center | 27 | 20023 | Duplicate Claim | 1 |
| Beijing Jiaxin Tengda Information Consulting Co., Ltd. | 220000060 (scheduled claim) | 20019 | Creditor, Beijing Jiaxin Tengda Information Consulting Co., Ltd., also uses the name Jiaxindechuang BJ Tech Group Co Ltd.  The Debtor scheduled Beijing Jixain Tengda Information Consulting Co., Ltd. in the amount of $1,458,406.  However, the creditor asserted the same debt using the name Jiaxindechuang BJ Tech Group Co Ltd. in filed claim number 20019 in | 2 |

---

[2] Disclosure Statement Order, 6 at ¶ 17(e).

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| | | | the amount of $1,975,674.74, and, consequently, has received two separate ballots to vote a single debt in connection with the Debtor's Plan. The filed proof of claim should supersede the scheduled claim despite the difference in names. | |
| China Soft Growing Invest Wuxi Partshp | 61 | 19 | Duplicate Claim | 3 |
| Chongqing LeTv Commercial Factoring LLC | 21 | 20015 | Duplicate Claim | 4 |
| Chongqing LeTv Commercial Factoring LLC | 24 | 20015 | Duplicate Claim | 5 |
| E-Town Intl Holding (HK) Co Ltd | 16 | 20017 | Duplicate Claim | 6 |
| Honghu Da | 6 | 20008 | Duplicate Claim | 7 |
| Huizhou Speed Secondcurve Management LP, | 20002 | 20001 | Duplicate Claim | 8 |
| Jiangyin Hailan Invest Holding Co Ltd. | 20009 | 7 | Creditor, Jiangyin Hailan Invest Holding Co. Ltd. filed Claim 20009 in the amount of $89,635,814.27, however, the back-up attached to Claim 20009 totals $69,635,814.27, which amount is duplicative of Claim 7. Therefore, Claim 20009 should be disallowed. | 9 |
| Linfen Investment Group Co. Ltd. | 220000540 | 30 | This creditor filed a proof of claim for the same debt under a similar but different name (Linfen Investment Construction Development Co. Ltd.) and, consequently, received ballots for both scheduled and filed claims. The filed proof of claim should supersede the scheduled claim and, with respect | 10 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| | | | to the Plan, the amount to be voted on account of the scheduled claim should be disallowed. | |
| Nanchang OFilm Photoelectric Tech Co Ltd. | 38 | 33 | Duplicate Claim | 11 |
| O-Film Global (HK) Trading Limited | 34 | 33 | The creditor, in its complaint against the Debtor, describes it and Nanchang OFilm Photoelectric Tech Co Ltd. as sister companies and co-plaintiffs. The lawsuit asserts a single claim of $24,095,428.00 against the Debtor. Accordingly, multiple claims asserted in the same amount are duplicative. | 12 |
| O'Film Global (HK) Trading Limited | 37 | 33 | Duplicate Claim | 13 |
| Pingan Bank Co Ltd Beijing Branch | 20041 | 20036 | Duplicate Claim | 14 |
| Shenzhen Yingda Capital Management Co. | 220000860 | 20034 | This creditor inadvertently received ballots both for scheduled and filed claims, so the amount to be voted on account of the scheduled claim should be disallowed. | 15 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 42 | 20027 | Duplicate Claim | 16 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 43 | 20029 | Duplicate Claim | 17 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 44 | 20030 | Duplicate Claim | 18 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 45 | 20031 | Duplicate Claim | 19 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 46 | 20032 | Duplicate Claim | 20 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 47 | 20039 | Duplicate Claim | 21 |
| Tianjin Yingxin Xinheng Investment | 28 | 20020 | Duplicate Claim | 22 |

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Consulting Co. Ltd. | | | | |
| Weihua Qiu | 220000960 (scheduled claim) | 12 | This creditor inadvertently received ballots both for scheduled and filed claims, so the amount to be voted on account of the scheduled claim should be disallowed. | 23 |
| Weihua Qiu | 39 | 12 | Duplicate claim | 24 |
| Western Securities Co., Ltd. | 32 | 20028 | Duplicate Claim | 25 |
| Wuxi Leyike Investment Enterprise | 20025 | 20007 | Duplicate Claim | 26 |
| Xizang Jinmeihua Investment Co., Ltd. | 220001030 (scheduled claim) | 29 | In Chinese, Tibet is called Xizang. The creditor filed its claim using the name Tibet Jinmeihua Investment Co. Ltd. and, consequently, has received two separate ballots to vote a single debt in connection with the Debtor's Plan. The filed proof of claim should supersede the scheduled claim despite the difference in names. | 27 |

True and correct copies of the Claims are attached to the Notices of Objection to Claims, which have been served on each claimant, attaching their corresponding claim(s).

**PLEASE TAKE FURTHER NOTICE** that the Objection has been served upon the Claimants and all parties entitled thereto and is based upon the supporting Memorandum of Points and Authorities and Declaration of Luetian Sun, the statements, arguments and representations of counsel who appear at the hearing regarding the Objection, the files and records in the above-captioned case, any evidence properly before the court prior to or at the hearing regarding the Objection and all matters of which the court may properly take judicial notice.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(f), responses to the Objection must be filed with the Court and served upon the Debtor's counsel at the address in the upper left-hand corner of this Objection **no later than fourteen (14) days prior to the hearing date**. Responses must contain a written statement of all reasons why the Objection is opposed and must include declarations and copies of all documentary evidence on which the responding party intends to rely. Responses must be filed either electronically or at the following location:

United States Bankruptcy Court
Attention: Clerk's Office
255 E. Temple Street
Los Angeles, CA 90012

**IF YOU DO NOT OPPOSE THE OBJECTION YOU DO NOT NEED TO FILE ANY PAPERS, SIGN ANY FURTHER AGREEMENTS OR TAKE ANY FURTHER ACTION.**

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(f), the failure to timely file and serve written opposition may be deemed by the Court to be consent to the granting of the relief requested in the Objection.

**PLEASE TAKE FURTHER NOTICE** that if a response is timely filed and served upon the Debtor's counsel, the Court, in its discretion, may treat the initial hearing as a status conference if it determines that the Objection involves disputed factual issues or will require presentation of substantial evidence or argument.

**WHEREFORE,** the Debtor respectfully requests that the Court enter an order (i) sustaining the Objection; (ii) disallowing the Duplicate Claims in their entirety; and (iii) granting the Debtor such other and further relief as may appropriate under the circumstances.

Dated:    April 2, 2020

PACHULSKI STANG ZIEHL & JONES LLP

By    */s/ Malhar S. Pagay*
Richard M. Pachulski
Jeffrey W. Dulberg
Malhar S. Pagay

Counsel for Debtor and Debtor in Possession

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## JURISDICTION

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief

sought herein are sections 102, 105 and 502(b) of title 11 of the United States Code, 11 U.S.C. §§

101, *et seq.* (the "Bankruptcy Code"), and Rules 3007 and 3018(a) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules").

## II.

## BACKGROUND

**A.    Commencement of the Chapter 11 Case**

On October 14, 2019 (the "Petition Date"), the Debtor commenced this case (the "Chapter 11

Case") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the

United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court").

The Debtor continues in possession of his property and manages his affairs as a debtor in possession

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On October 25, 2019, the U.S. Trustee appointed the Official Committee of Unsecured

Creditors  pursuant to section 1102(a)(1) of the Bankruptcy Code (the "Committee") [Docket No.

45]. The Committee consists of the following members: (a) Ping An Bank., Ltd. Beijing Branch; (b)

China Minsheng Trust Co., Ltd; (c) Shanghai Leyu Chuangye Investment Management Center LP;

(d) Jiangyin Hailan Investment Holding Co., Ltd; and (e) Shanghai Qichengyueming Investment

Partnership Enterprise.

On November 13, 2019, the Court entered an order setting January 24, 2020, as the general

deadline (the "Bar Date") for the filing of proofs of claim or proofs of interest against the Debtor's

estate.  In accordance with the Court's Order establishing the Bar Date, notice of the Bar Date was

given by mail to the Debtor's creditors and interest holders.

On December 18, 2019, Judge Karen B. Owens of the Delaware Bankruptcy Court

transferred the Chapter 11 Case to this Court.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**B.**     **Approval of the Debtor's Disclosure Statement**

On March 20, 2020, the Court entered the Disclosure Statement Order, pursuant to which the Court approved the Debtor's *Fourth Amended Disclosure Statement with Respect to Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 465] in respect of the *Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 464] (the "Plan"), and granted other relief.

The Disclosure Statement Order provides, in pertinent part, that if the Debtor has served an objection or request for estimation as to a claim by April 2, 2020, such claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the voting deadline, i.e., April 30, 2020 at 4:00 p.m. (Beijing Time).  Disclosure Statement Order, 6 at ¶ 17(e).

**III.**

**ARGUMENT**

**A.**     **Procedural Requirements for Objections to Claims**

Bankruptcy Rule 3007 governs the procedure for objections to claims.  It provides as follows: "An objection to an allowance of a claim shall be in writing and filed.  A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant . . . at least thirty days prior to the hearing." Fed. R. Bankr. P. 3007.

Pursuant to Bankruptcy Rule 3007, a copy of the Objection will be mailed to Claimants at the addresses provided by Claimants in the Claims, and, where available and if different from the address provided on the proof of claim, on each Claimant's address registered with the National Enterprise Credit Information Publicity System (http://www.gsxt.gov.cn/index.html), a government-run, national, enterprise credit inquiry system in the People's Republic of China, at least thirty days prior to the hearing date for consideration of the Objection.  Accordingly, by the time of the hearing hereon, the Debtor will have complied with Bankruptcy Rule 3007.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**B.    The Court Must Determine the Allowance of a Claim Subject to Objection**

With certain exceptions, section 502(b) of the Bankruptcy Code requires, in relevant part, that if a party in interest objects to a claim, "the Court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that -- (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured …."

**C.    Burden of Proof**

All allegations set forth in a properly filed proof of claim are taken as true and, if the allegations set forth all facts necessary to establish a claim and are not self-contradictory, the proof of claim constitutes *prima facie* evidence of the validity and amount of the claim.  11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f).  However, a claimant must attach copies of writings upon which claims are based in order to carry its burden of establishing a *prima facie* case against the debtor. *Hardin v. Gianni (In re King Investments Inc.)*, 219 B.R. 848, 858 (B.A.P. 9th Cir. 1998).  Further, a claim should not be allowed if that claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law.  11 U.S.C. § 502(b)(1).

Once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991), then "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate burden of persuasion is always on the claimant."  *Holm*, 931 F.2d at 623.  In considering an objection to a claim, a bankruptcy court may take judicial notice of the underlying records in a bankruptcy case.  *O'Rourke v. Seaboard Surety Co., (In re ER Fergert, Inc.)*, 887 F.2d 955, 957-958 (9th Cir. 1998).

**D.    Disallowance for Plan Voting Purposes**

Courts recognize that Bankruptcy Rule 3018(a) permits a party in interest to seek to disallow a claim for voting purposes. Ultimately, the determination of whether to temporarily allow a claim

for voting purposes lies within the discretion of the bankruptcy court.  See *Armstrong v. Rushton (In re Armstrong)*, 294 B.R. 344, 354 (B.A.P. 10th Cir. 2003) ("There is no guidance in the Bankruptcy Code to courts as to determine whether to permit the temporary allowance of a claim; it is left to the court's discretion.").  Indeed, courts have broad authority to determine whether to allow or disallow a claim for purposes of voting under Bankruptcy Rule 3018(a). *See, e.g., In re Mangia Pizza Invs., L.P.,* 480 B.R. 669, 679 (Banker. W.D. Tex. 2012); *In re Zolner*, 174 B.R. 629, 633 (Bankr. N.D. Ill. 1994) (noting that a court must exercise its discretion to allow or disallow a claim under Bankruptcy Rule 3018(a) based on reasoned analysis); *In re Goldstein,* 114 B.R. 430, 433 (Bankr. E.D. Pa. 1990); Collier on Bankr. ¶ 9-3018[5] (16th ed. rev. 2012) ("The court, however, regardless of the circumstances, has the discretion to allow or disallow all or part of the claim for voting purposes.").

In some cases noted in the chart below, the Debtor has been advised that a Claimant inadvertently has been provided with multiple ballots to vote on the Debtor's Plan on account of a single debt.  Where that has occurred, the Debtor has requested that the Court disallow one of those Duplicate Claims for voting purposes.

**E.    The Objection and Request for Relief**

In most instances, the Duplicate Claim and the relevant Surviving Claim are the exact same claim in the same amount filed by the Claimant using the same name, and therefore the Duplicate Claim can be disallowed readily.  The chart below provides further explanation for the request for disallowance where the claims may not be exact duplicates of one another, but fall within the Duplicate Claims category that is the subject of this Objection.  For example, slight variations in the name or entity utilized by a Claimant to assert a debt against the Debtor or issues of translation from Chinese to English have required a more careful review to determine that two claims are, in fact, the same.

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Beijing Huaxing Mobile Asset Mgt Center | 27 | 20023 | Duplicate Claim | 1 |
| Beijing Jiaxin Tengda Information Consulting Co., Ltd. | 220000060 (scheduled claim) | 20019 | Creditor, Beijing Jiaxin Tengda Information Consulting Co., Ltd., | 2 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| | | | also uses the name Jiaxindechuang BJ Tech Group Co Ltd.  The Debtor scheduled Beijing Jixain Tengda Information Consulting Co., Ltd. in the amount of $1,458,406. However, the creditor asserted the same debt using the name Jiaxindechuang BJ Tech Group Co Ltd. in filed claim number 20019 in the amount of $1,975,674.74, and, consequently, has received two separate ballots to vote a single debt in connection with the Debtor's Plan.  The filed proof of claim should supersede the scheduled claim despite the difference in names. | |
| China Soft Growing Invest Wuxi Partshp | 61 | 19 | Duplicate Claim | 3 |
| Chongqing LeTv Commercial Factoring LLC | 21 | 20015 | Duplicate Claim | 4 |
| Chongqing LeTv Commercial Factoring LLC | 24 | 20015 | Duplicate Claim | 5 |
| E-Town Intl Holding (HK) Co Ltd | 16 | 20017 | Duplicate Claim | 6 |
| Honghu Da | 6 | 20008 | Duplicate Claim | 7 |
| Huizhou Speed Secondcurve Management LP, | 20002 | 20001 | Duplicate Claim | 8 |
| Jiangyin Hailan Invest Holding Co Ltd. | 20009 | 7 | Creditor, Jiangyin Hailan Invest Holding Co. Ltd. filed Claim 20009 in the amount of $89,635,814.27, however, the back-up attached to Claim 20009 totals $69,635,814.27, which amount is duplicative of Claim 7. Therefore, Claim 20009 should be disallowed. | 9 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Linfen Investment Group Co. Ltd. | 220000540 | 30 | This creditor filed a proof of claim for the same debt under a similar but different name (Linfen Investment Construction Development Co. Ltd.) and, consequently, received ballots for both scheduled and filed claims.  The filed proof of claim should supersede the scheduled claim and, with respect to the Plan, the amount to be voted on account of the scheduled claim should be disallowed. | 10 |
| Nanchang OFilm Photoelectric Tech Co Ltd. | 38 | 33 | Duplicate Claim | 11 |
| O-Film Global (HK) Trading Limited | 34 | 33 | The creditor, in its complaint against the Debtor, describes it and Nanchang OFilm Photoelectric Tech Co Ltd. as sister companies and co-plaintiffs.  The lawsuit asserts a single claim of $24,095,428.00 against the Debtor.  Accordingly, multiple claims asserted in the same amount are duplicative. | 12 |
| O'Film Global (HK) Trading Limited | 37 | 33 | Duplicate Claim | 13 |
| Pingan Bank Co Ltd Beijing Branch | 20041 | 20036 | Duplicate Claim | 14 |
| Shenzhen Yingda Capital Management Co. | 220000860 | 20034 | This creditor inadvertently received ballots both for scheduled and filed claims, so the amount to be voted on account of the scheduled claim should be disallowed. | 15 |
| Tianjin Jairui Huixin | 42 | 20027 | Duplicate Claim | 16 |

| Name of Claimant | Duplicate Claim to be Disallowed | Surviving Claim | Explanation | Exhibit No. to RFJN |
|---|---|---|---|---|
| Corp. Mgt LLC | | | | |
| Tianjin Jairui Huixin Corp. Mgt LLC | 43 | 20029 | Duplicate Claim | 17 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 44 | 20030 | Duplicate Claim | 18 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 45 | 20031 | Duplicate Claim | 19 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 46 | 20032 | Duplicate Claim | 20 |
| Tianjin Jairui Huixin Corp. Mgt LLC | 47 | 20039 | Duplicate Claim | 21 |
| Tianjin Yingxin Xinheng Investment Consulting Co. Ltd. | 28 | 20020 | Duplicate Claim | 22 |
| Weihua Qiu | 220000960 (scheduled claim) | 12 | This creditor inadvertently received ballots both for scheduled and filed claims, so the amount to be voted on account of the scheduled claim should be disallowed. | 23 |
| Weihua Qiu | 39 | 12 | Duplicate claim | 24 |
| Western Securities Co., Ltd. | 32 | 20028 | Duplicate Claim | 25 |
| Wuxi Leyike Investment Enterprise | 20025 | 20007 | Duplicate Claim | 26 |
| Xizang Jinmeihua Investment Co., Ltd. | 220001030 (scheduled claim) | 29 | In Chinese, Tibet is called Xizang. The creditor filed its claim using the name Tibet Jinmeihua Investment Co. Ltd. and, consequently, has received two separate ballots to vote a single debt in connection with the Debtor's Plan. The filed proof of claim should supersede the scheduled claim despite the difference in names. | 27 |

By this Objection, the Debtor simply seeks to have disallowed the Duplicate Claims leaving

the Surviving Claims unaffected by this Objection.

## IV.

## **GENERAL RESERVATION OF RIGHTS**

The Debtor expressly reserves the right to amend, modify or supplement this Objection, and to file additional, other, or further objections to any proofs of claim filed in this Chapter 11 Case, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not) against the Debtor, regardless of whether such claims are subject to this Objection.  Should one or more of the grounds of objection stated in this Objection be denied, the Debtor reserves his rights to object on other stated grounds or on any other grounds he discovers during the pendency of this Chapter 11 Case.  In addition, the Debtor reserves the right to file counterclaims against the holders of any such claims.

## V.

## **NOTICE**

The Debtor will serve copies of this Objection on:  (a) the Claimants, (b) the Office of the United States Trustee, (c) counsel to the Committee, and (d) all parties who have requested notices in this Chapter 11 Case pursuant to Bankruptcy Rule 2002.

## VI.

## **CONCLUSION**

WHEREFORE, the Debtor respectfully requests that the Court enter an order granting the relief requested herein and granting the Debtor such other and further relief as is just and proper.

Dated:      April _2_, 2020                    PACHULSKI STANG ZIEHL & JONES LLP


                                               */s/ Malhar S. Pagay*
                                               Richard M. Pachulski
                                               Jeffrey W. Dulberg
                                               Malhar S. Pagay

                                               *Attorneys for Debtor and Debtor in Possession*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

### DECLARATION OF LUETIAN SUN

I, Luetian Sun, declare as follows:

1.      I am one of Debtor's advisors who assist the Debtor with various financial and business matters.  I also have served as Faraday & Future, Inc.'s ("FF") Investor Relations Coordinator since January 2019.  Prior to joining FF, I received a bachelor's degree in civil engineering from Beijing University's School of Civil Engineering and Architecture and a Master of Business Administration degree from the University of California at Riverside.

2.      I am in regular communication with the Debtor's professionals, including legal counsel.

3.      I submit this Declaration (the "Declaration") in support of the Debtor's *Omnibus Objection for an Order Disallowing Duplicate Claims* (the "Objection").

4.      If I were called to testify as a witness in this matter, I could and would competently testify to each of the facts set forth herein.

5.      At the direction of the Debtor, I have reviewed and analyzed the Claims that are the subject of the Objection, and have discussed my findings with both the Debtor and his legal counsel. Based on my analysis, I have determined that the Duplicate Claim are duplicative of other claims and should therefore be disallowed in their entirety.

6.      Also, in order to facilitate notice and service of the Objection, I researched each Claimant's address registered with the National Enterprise Credit Information Publicity System (http://www.gsxt.gov.cn/index.html), a government-run, national, enterprise credit inquiry system in the People's Republic of China.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 2nd day of April, 2020, at Los Angeles        , California.


Luetian Sun
_____
Luetian Sun

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA  90067**

A true and correct copy of the foregoing document entitled (*specify*)*:* **DEBTOR'S NOTICE OF OMNIBUS OBJECTION AND OMNIBUS OBJECTION FOR AN ORDER DISALLOWING DUPLICATE CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF LUETIAN SUN IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **April 2, 2020,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **April 2, 2020,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

United States Bankruptcy Court
Central District of California
Attn:  Hon. Vincent Zurzolo
Edward R. Roybal Federal Bldg./Courthouse
255 East Temple Street, Suite 1360
Los Angeles, CA  90012

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 2, 2020 | Nancy H. Brown | | /s/ Nancy H. Brown |
|---|---|---|---|
| *Date* | *Printed Name* | | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:328782.1 46353/002

# SERVICE INFORMATION FOR CASE NO. 2:19-bk-24804-VZ

## 1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

- Tanya Behnam    tbehnam@polsinelli.com, tanyabehnam@gmail.com
- Jerrold L Bregman    ecf@bg.law, jbregman@bg.law
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Stephen D Finestone    sfinestone@fhlawllp.com
- Richard H Golubow    rgolubow@wghlawyers.com, pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
- Alexandra N Krasovec    krasovec.alexandra@dorsey.com, claridge.vanessa@dorsey.com
- Ben H Logan    blogan@omm.com
- Robert S Marticello    Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- David W. Meadows    david@davidwmeadowslaw.com
- John A Moe    john.moe@dentons.com, glenda.spratt@dentons.com
- Kelly L Morrison    kelly.l.morrison@usdoj.gov
- Malhar S Pagay    mpagay@pszjlaw.com, bdassa@pszjlaw.com
- Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- Victor A Sahn    vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com
- Randye B Soref    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- Benjamin Taylor    btaylor@taylorlawfirmpc.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Felix T Woo    fwoo@ftwlawgroup.com, admin@ftwlawgroup.com
- Claire K Wu    ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com
- Emily Young    pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
- David B Zolkin    dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                      **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:328782.1 46353/002

| United States Bankruptcy Court for the Central District Of California - Los Angeles Division | | |
|---|---|---|
| **Name of Debtor:** Yueting Jia | **For Court Use Only** | |
| | Claim Number: 0000020041 | |
| **Case Number:** 19-24804 | File Date: 01/23/2020 00:28:12 | |

# Proof of Claim (Official Form 410)

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case.  With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.  18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.  That date is on the notice of bankruptcy** (Form 309) **that you received.**

**04/19**

---

| **Part 1:** | **Identify the Claim** |
|---|---|

**1.    Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim):    Ping An Bank Co.,Ltd Beijing Branch

Other names the creditor used with the debtor: _____

**2.    Has this claim been acquired from someone else?**    ☑ No  ☐ Yes.   From whom? _____

**3.    Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments be sent to the creditor be sent? (if different) |
|---|---|
| Name   Ping An Bank Co.,Ltd Beijing Branch | Name _____ |
| Address   Zhu Yuxuan | Address _____ |
| 3rd Floor,Yuanyang Building,No.158, | _____ |
| Fuxingmennei Street,Xicheng District | _____ |
| City   Beijing | City _____ |
| State _____ ZIP Code 100033 | State _____ ZIP Code _____ |
| Country (if International): CHINA | Country (if International): _____ |
| Phone:   +86 18801012353 | Phone: _____ |
| Email:   zhuyuxuan070@pingan.com.cn | Email: _____ |

| **4. Does this claim amend one already filed?** | **5. Do you know if anyone else has filed a proof of claim for this claim?** |
|---|---|
| ☐ No | ☑ No |
| ☑ Yes. | ☐ Yes. |
| Claim number on court claims register (if known) 0000020036 | Who made the earlier filing? |
| Filed on ___01/22/2020_____ | _____ |
| MM / DD / YYYY | |

Page 1 of 3

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:

8972
___  ___  ___  ___

**7. How much is the claim?**

$ 183,170,201.08   unliquidated

**Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

Bank Debt/Credit Facility
_____

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe:
_____

**Basis for perfection:**

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:   $_____

Amount of the claim that is secured:   $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:   $_____

**Annual Interest Rate** (when case was filed) _____%
☐ Fixed   ☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of petition.**

$_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a) (_____) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes. **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $_____

**Part 3:    Sign Below**

**The person completing this proof of claim must sign and date it.  FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑  I am the creditor.

☐  I am the creditor's attorney or authorized agent.

☐  I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐  I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*Zhu Yuxuan*                                                                01/23/2020 00:28:12

Signature                                                                      Date

Provide the name and contact information of the person completing and signing this claim:

Name       Zhu Yuxuan

Address    3rd Floor,Yuanyang Building,No.158,

Fuxingmennei Street,Xicheng District

City        Beijing

State                                                        Zip    100033

Country (in international)    CHINA

Phone      +86 18801012353

Email      zhuyuxuan070@pingan.com.cn

Case 19-12220-KBO    Doc 87-2    Filed 11/13/19    Page 2 of 4

| | |
|---|---|
| United States Bankruptcy Court for the District of Delaware<br>Yueting Jia, Claims Processing Center<br>c/o Epiq Corporate Restructuring, LLC<br>P.O. Box 4419<br>Beaverton, OR 97076-4419 | To submit your form online please go to https://epiqworkflow.com/cases/YT1 |
| Name of Debtor:<br>Case Number: | |
| | **For Court Use Only** |

# Proof of Claim (Official Form 410)                                            04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims arising under section 503(b)(9) of the Bankruptcy Code, do not use this form to make a request for payment of an administrative expense. Such a request should be made by filing the separate administrative claim request form approved by the bankruptcy court. Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.
Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:   Identify the Claim

1.  Who is the current creditor?
Name of the current creditor (the person or entity to be paid for this claim): **Ping An Bank Co., Ltd. Beijing Branch**

Other names the creditor used with the debtor: __平安银行股份有限公司北京分行__

2.  Has this claim been acquired from someone else?   ☒ No  ☐ Yes.  From whom? ____

3.  Where should notices and payments to the creditor be sent? Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) | 4. Does this claim amend one already filed? |
|---|---|---|
| Zhu Yuxuan | | ☒ No |
| Name | Name | ☐ Yes.  Claim number on court claims register (if known) _____ |
| 3rd Floor, YuanYang Building, No.156, Fuxingmennei Street, Xicheng District | | Filed on _____<br>MM  / DD  / YYYY |
| Number    Street | Number    Street | |
| Beijing                          100033 | | **5. Do you know if anyone else has filed a proof of claim for this claim?** |
| City           State       ZIP Code | City        State      ZIP Code | ☒ No |
| Country (if International): __China__ | Country (if International): _____ | ☐ Yes.  Who made the earlier filing? |
| Contact phone: __+86 18801012353__ | Contact phone: _____ | |
| Contact email: __zhuyuxuan070@pingan.com.cn__ | Contact email: _____ | |

## Part 2:   Give Information About the Claim as of the Date the Case Was Filed

| 6. Do you have any number you use to identify the debtor? | 7. How much is the claim? | 8. What is the basis of the claim? |
|---|---|---|
| ☐ No<br>☒ Yes.<br>Last 4 digits of the debtor's account or any number you use to identify the debtor:<br><br>8   9   7   2 | $ 183,170,201.08<br><br>Does this amount include interest or other charges?<br>☐ No<br>☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Claim arising from personal guarantee |

- General POC Page 1 of 3

Case 19-12220-KBO    Doc 87-2    Filed 11/13/19    Page 3 of 4

**9. Is all or part of the claim secured?**

☒ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:        $ ___0___

Amount of the claim that is secured:  $ ___0___

Amount of the claim that is unsecured: $ 183,170,201.08
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:  $ 183,170,201.08

Annual Interest Rate (when case was filed) ___6.5___ %

☒ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☒ No

☐ Yes.  **Amount necessary to cure any default as of the date of petition.**

$ _____

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes. Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☒ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a)(__) that applies.

* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$ _____

$ _____

$ _____

$ _____

$ _____

$ _____

---

**Part 3:    Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☒ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____        Signature _____
MM / DD / YYYY

**Print the name of the person who is completing and signing this claim:**

Name
First name _____  Middle name _____  Last name _____

Title _____

Company  Ping An Bank Co., Ltd. Beijing Branch

Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  3rd Floor, YuanYang Building, No.158, Fuxingmennei Street, Xicheng District
Number        Street

Beijing _____        100033
City                    State        ZIP Code

Contact Phone  +86 18801012353        Email  zhuyuxuan070@pingan.com.cn

**Official Form 410 - Instructions for Proof of Claim**

United States Bankruptcy Court

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

A person who files a fraudulent claim could be fined up to $500,000 imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571

### How to fill out this form

* Fill in all of the information about the claim as of the date the case was filed.
* Fill in the caption at the top of the form. The debtor name and case number is provided under the general information section on the Claims Agent's website: http://dm.epiq11.com/YT1.
* If the claim has been acquired from someone else, then state the identity of the last party who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.
* Attach any supporting documents to this form. Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of redaction below.)
  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).
* Do not attach original documents because attachments may be destroyed after scanning.
* If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.
* A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth. See Bankruptcy Rule 9037.
* For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian. For example, write *A.B., a minor child (John Doe, parent, 123 Main St, City, State)*. See Bankruptcy Rule 9037.

### Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or you may access the Claims Agent's website (http://dm.epiq11.com/YT1) to view your filed form under "Claims."

**Where to File Proof of Claim Form**

First Class Mail:
Yueting Jia, Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
PO Box 4419
Beaverton, OR 97076-4419

Hand Delivery or Overnight Mail:
Yueting Jia, Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd
Beaverton, OR 97005

Electronic Filing:
By accessing the E-filing Claims link at
http://dm.epiq11.com/YT1 or by sending a PDF claim form
to the following Email: YTClaims@epiqglobal.com

### Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to privacy on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

### Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

### Itemized Statement of Ping An Bank Co., Ltd. Beijing Branch's Claim

As of October 14, 2019, the debt principal of YT relating to LeSports was RMB 1,243,000,000.

According to the Agreement, the interest of this loan is 6.5% per annum. The Beijing Higher People's Court entered a civil judgment for the claim on December 27, 2018 and ordered YT to pay the loan principal of RMB 1,243,000,000 to the creditor within 10 days of the judgment. The judgment was not about interest payment. The judgment took effect on September 5, 2019. However, YT failed to comply with the judgement within 10 days after it took effect. According to relevant regulations, during the noncompliance period, the penalty interest shall be calculated at 0.0175% of the judgment amount per day.

Based on this calculation, the current penalty interest for YT's debt relating to LeSports is:

1,243,000,000*0.0175%*28 (number of days to October 14, 2019) = RMB 6,090,700



The interest payment has been in default since March 31, 2019. The unpaid interest is calculated to be:

1,243,000,000*6.5%/360*197 (number of days to October 14, 2019) +1,550,678.74 (outstanding interest balance for the period of January 21, 2019 to March 31, 2019, which represents the amount of interest due but unpaid on March 31, 2019. Debtor should have paid RMB 15,485,708,33, but only paid RMB 13,935,029.59) = RMB 45,763,498.18.

Therefore, the total claim is:

1243000000 + 6090700 + 45763498.18 = **RMB 1,294,854,198.**

Using the prevailing exchange rate as of October 14th, 2019, which is 1 USD = 7.06913128 RMB, RMB 1,294,854,198 equals to **USD 183,170,201.08**.

# 委托贷款合同

（托管户适用）



# 委托贷款合同
## （托管户适用）

合同编号：  平银(北京)委贷字第 B008201603310001 号

甲方（受托贷款人）：平安银行股份有限公司 北京分行
住所（地址）：  北京市西城区复兴门内大街 158 号 5F
法定代表人（负责人）：  刘树云
电  话：  010-66292288

乙方（借款人）：深圳市前海安星资产管理有限公司
住址（或住所）：深圳市前海深港合作区前湾一路 1 号A栋 201 室
法定代表人（负责人）：叶文奎
电话：0755-66886245

丙方（委托贷款人）：  深圳平安大华汇通财富管理有限公司
住所（地址）：  深圳市福田区福华三路星河发展中心大厦五楼
法定代表人（负责人）：  罗春风
电  话：  0755-22627134

丙方委托甲方向乙方发放本合同项下的委托贷款，根据丙方指定的贷款条件及《合同法》
等有关法律法规，经共同协商，一致同意按下列条款签订本合同。

如丙方为平安汇通平安金橙财富稳盈 453 号专项资产管理计划的资产管理人，丙方代表
该资产管理计划委托甲方向乙方发放本合同项下的委托贷款。

### 第一条　　贷款要素

1.1 贷款金额：（币种）  人民币  （小写） 1,243,000,000 （大写） 壹拾贰亿肆仟叁佰万
元整 。

1.2 贷款用途：  用于补充企业流动资金  。

1.3 贷款期限： 3 □日□个月☑年，即自___年___月___日起至___年___月___日止。
**实际贷款金额和起止日期以借款借据为准。**

1.4 贷款利率

1.4.1 本合同的贷款利率按以下标准确立，首期贷款利率以借款借据记载为准（选择项
内打"√"）：

☑ 本合同项下贷款利率执行年利率 6.5 %

□ 贷款发放日的人民银行同档次贷款基准利率□上浮/ □下浮 ___/___ %。

□ 贷款发放日的人民银行同档次贷款基准利率□+ / □- ___/___ （浮动点）。

□ 贷款发放日的人民银行同档次贷款基准利率。

□ 贷款发放日的□LIBOR□HIBOR □+ / □－　　/　　（基点）（仅适用于外币贷款）。

**按借款的实际天数计息，英镑和港币日利率=年利率/365，人民币及其他币种日利率=年利率/360。**

贷款期内，丙方和乙方协议调整利率，符合国家有关规定的，甲方自接到双方书面通知之日起第一个结息日，按通知要求调整利率。

1.4.2 本合同贷款利率的调整方式为（选择项内打"√"）：

□ 按　　/　　（月/季/半年/年）浮动。利率调整日为以下第　/　项：

① 　　　　　　/　　　　　　（每月/每隔3个月/每隔半年/每年）与贷款发放日期相对应的日期，没有对应日期的，为对应月的末日。

② 每年1月1日。

☑贷款期内本合同执行固定利率。

贷款利率浮动的，从利率调整之日起贷款按照调整后的利率计收利息，但是，以分期偿还方式（包括按期等额还款、按期递减还款）偿还贷款的，利率调整日当期仍按照调整前的利率计收利息，从下一期起按照调整后的利率计收利息。

1.4.3 遇基准利率多次调整的，甲方按调整日最新的基准利率进行相应调整。如果中国人民银行调整基准利率浮动范围，使得上述约定的贷款利率低于中国人民银行规定的利率下限时，则本合同项下的贷款利率调整为中国人民银行规定的利率下限。如果中国人民银行不再公布基准利率，则本合同项下的贷款利率调整为银行同业公认的或通常的同期同档次贷款利率，双方另有约定的除外。

1.4.4 国家变更利率确定方式、调整方式和计息方法的，按国家有关规定执行。

**1.4.5 上述利率调整甲方不再另行通知乙方。**

1.5 每月20日为结息日。乙方按□月☑季□年□其他　/　　付息。贷款到期日为最后一次结息日，利随本清。

（1）按月付息，结息日为每月的二十日。

（2）按季付息，第一次结息日为贷款发放日后的首个二十日，从首个结息日后每隔三个月结息。

（3）按年付息，第一次结息日为贷款发放日后的首个二十日，从首个结息日后每隔十二个月结息。

（4）按其他方式付息，　　　　　　　　/　　　　　　　　　　　。

1.6 外币委托贷款须符合国家外汇管理局及相关外汇管理政策。

**1.7 委托贷款涉及担保及担保条件的，按以下第 (3) 项的方式办理：**

**（1）由丙方与乙方、担保人另行签订担保合同进行约定。担保手续（包括但不限于保证、抵押、质押手续及相关的抵押、质押登记手续）由丙方与乙方、担保人自行约定并办理，与甲方无关。**

**（2）丙方委托甲方以甲方的名义签订担保合同。担保需要办理登记的，丙方应自行办理，**

**（3）丙方委托甲方以甲方的名义签订担保合同。担保需要办理登记的，经甲方同意，**

甲方代为办理担保登记手续。

1.8 即使担保合同以甲方名义订立，即使担保登记将甲方作为担保权益人，甲方均仅作为代理人，甲方的义务仅限于根据丙方的要求提供办理担保事宜所必需的签字盖章手续，担保权益及其相关责任、风险均归属丙方。丙方应主动全程参与并控制甲方办理签订担保合同、办理担保手续、担保登记（包括但不限于抵质押登记），无论丙方是否参与并控制甲方办理，也无论担保手续、担保登记（包括但不限于抵质押登记）是否存在瑕疵，是否合法有效，甲方对因此形成的风险及损失不承担任何责任，均由丙方自行承担责任。

第二条    贷款的发放

2.1 只有同时满足下列条件后，甲方才有义务发放贷款：

☐ 丙方在甲方开立对公结算账户的情形下：

在本合同生效后，丙方须在____个工作日内将委托资金存入其在甲方开立的结算账户，用于发放委托贷款及支付委托贷款手续费及本合同约定的其他费用。丙方结算账户要素如下：

　　户　　名：

　　开户银行：平安银行股份有限公司

　　账　　号：

☑丙方将委托资金主动划入甲方指定账户的情形下：

在本合同生效后，丙方须在 5 个工作日内将委托资金从下述指定付款帐号存入甲方下述指定专用账户，用于发放委托贷款及支付委托贷款手续费及本合同约定的其他费用。

　　丙方指定付款账户要素如下：付款人户名：平安汇通平安金橙财富稳盈 453 号专项资产管理计划

　　开户银行：平安银行北京光华路支行

　　账　　号：███████

　　甲方指定专用账户要素如下：

　　户　　名：对公信贷过渡专用账户

　　开户银行：平安银行股份有限公司

　　账　　号：███████

2.2 委托贷款发放前，丙方须向甲方出具《委托贷款放款确认书》（见附件一），丙方向甲方出具《委托贷款放款确认书》即视为已经满足丙方要求的一切放款条件。如以甲方名义办理担保手续的情况下，丙方向甲方出具《委托贷款放款确认书》，即表明丙方对甲方办理的贷款及担保手续（包括但不限于保证、抵押、质押手续及相关的抵押、质押登记手续）完全同意并满意，丙方对该后果自行承担责任，甲方不承担任何责任。

本合同项下委托贷款若涉及分次发放的，则丙方仅需在首次发放时出具《委托贷款放款确认书》，该确认书对本合同项下整笔委托贷款（无论是否分次发放，也无论分次发放的具体次数）均有约束力。

2.3 委托贷款发放前，甲方收到丙方提出的书面异议，要求停止发放贷款的，甲方暂停发放

贷款。

2.4 委托贷款手续费

委贷手续费率按委托贷款本金余额的 0.1 %/年每日计算。计算方法如下：

W＝E1× 0.1 % ÷360

W 为每日应计算的委贷手续费

E1 为委托贷款本金余额

委贷手续费自委托贷款投放之日起，每日计算，并由丙方于平安汇通平安金橙财富稳盈 453
号专项资产管理计划收益分配日后 5 个工作日内支付，若资管计划委托财产现金形式资产不
足以支付的，则顺延至下一个工作日支付，以此类推。

收取方式为：

☐委托扣款，委托扣款帐号为丙方在甲方开立的对公结算帐号：

　　户　　名：___/_____

　　开户银行：　/

　　账　　号：　/

☑主动划款，丙方主动将手续费划入甲方下述指定专用收费账户：

　　户名：待处理委托贷款手续费

　　账号：99262009800043

　　开户行：平安银行北京分行

　　大额支付号：307100003002

2.5 丙方委托甲方将委托贷款发放至乙方在甲方开立的结算账户内。乙方结算账户要素如下：

　　户　　名：深圳市前海安星资产管理有限公司

　　开户银行：平安银行北京光华路支行

　　账　　号：11015194450001

☐2.6 本合同项下委托贷款可按照乙方、丙方约定分期发放：

___/__年_/__月_/__日___/__万元；_/__年_/__月_/__日_/__万元；

___/__年_/__月_/__日___/__万元；___/__年_/__月_/__日___/__万元；

___/__年_/__月_/__日___/__万元；___/__年_/__月_/__日___/__万元；

___/__年_/__月_/__日___/__万元；___/__年_/__月_/__日___/__万元；

2.7 因丙方原因致使甲方未按照合同约定划转委托贷款款项的，由丙方独立向乙方承担责任，
甲方不承担责任。如丙方要求甲方停止发放贷款等，需以书面形式向甲方发出指令，甲方接
受指令后可立即无条件执行丙方的指令。乙方如有异议，应直接向丙方提出或主张权利，而
不得向甲方提出或主张权利。

### 第三条　　还款

3.1 乙方按以下第_(2)_项还款方式归还贷款本金：

(1) 分期还本方式：

☐按☐月☐季☐年还本，每期应归还本金为_____/_____。

□按本合同附件二中所列的还款日期和金额分次还本。

□其他_____/_____。

（2）到期一次性归还本金。

3.2 乙方按月还本的，本金还款日为贷款发放次月起每月的结息日；按季还本的，本金还款日为贷款发放后每三个月的结息日；按年还本的，本金还款日为贷款发放后每十二个月的结息日。

3.3 在本合同约定的还款日之前，乙方应将应还款项存入其在甲方开立的结算账户内，授权甲方按照如下划款路径将应还款项划入丙方指定账户。

□ 丙方在甲方开立对公结算账户的情形下：

乙方授权甲方在约定的还款日将应还款项划至丙方指定账户。

丙方指定账户要素如下：

户　　名：____/_____

开户银行：____/_____

账　　号：____/_____

☑委托资金由丙方主动划入甲方指定账户的情形下：

乙方授权甲方在约定的还款日将应还款项划至甲方指定专用账户，并进一步授权在同一个工作日之内从甲方指定专用账户划入丙方指定账户。

甲方指定专用账户要素如下：

户　　名：对公信贷过渡专用账户

开户银行：平安银行股份有限公司_____

账　　号：█████████

丙方指定收款账户要素如下：

户　　名：平安汇通平安金橙财富稳盈 453 号专项资产管理计划

开户银行：平安银行北京光华路支行

账　　号：1████████

3.4 乙方应按时足额地归还本合同项下的贷款本金及利息。

3.5 乙方在此不可撤销地授权甲方从乙方在平安银行所有营业机构开立的任一账户中扣收本合同项下到期贷款本息及相关费用。扣收所得款项不足以清偿乙方全部到期债务时，清偿顺序为费用、利息、本金。

3.6 丙方直接享有本合同及其项下的担保合同所约定的甲方作为贷款人所享有的一切权利，无论甲方是否行使本合同及其项下的担保合同（如有）约定的相关权利，丙方均可基于自身的判断直接依据本合同及其项下的担保合同的约定向乙方及其担保人提起诉讼或仲裁或采取其他法律措施。

3.7 提前还款

经乙方、丙方协商同意并以书面通知甲方，乙方可以提前部分或全部归还贷款本金和利

息。乙方提前归还本金应按照实际用款期间及本合同约定的贷款利率计算利息。

## 第四条　受托管理

委托贷款发放后，丙方委托甲方按照以下约定，对委托贷款进行管理；

4.1 委托管理期限

委托贷款管理期限的起始日为本合同项下委托贷款发放之日，到期日为甲方注销该委托贷款之日。

4.2 委托管理事项

（1）丙方委托甲方在受托管理期限内按照本合同的约定收取本合同项下贷款本金及利息、罚息、复利和违约金。

（2）甲方凭丙方与乙方共同出具的提前还款通知书办理提前还款手续。

（3）按照乙方、甲方、丙方三方及担保人（若有）共同签署的展期协议，办理贷款展期手续。

（4）本合同约定的还款日和结息日未能收取贷款本息的，甲方须及时通知丙方，并依据丙方书面指令发出催收通知单。

（5）因乙方或者委托贷款担保人违约，丙方向乙方及其担保人提起诉讼或仲裁或采取其他法律措施时，甲方给予必要的协助。

（6）按照中华人民共和国相关税收政策以及本合同约定代扣代缴相关的税金。

（7）甲方同意代理追索的，有权委托律师事务所进行，全部律师代理费用由丙方承担。丙方应及时给予甲方书面明确指示并按甲方要求提供文件资料，预付甲方在处理代理事务中发生的一切费用包括但不限于诉讼费、保全费、律师费。因丙方放弃诉讼权利或拒不支付前述费用或不及时给予指示、提供文件资料的，其后果由丙方自行承担。



（8）甲方同意代理追索的，甲方有权向乙方收取相关手续费，具体收费标准及收费金额由甲、乙方另行协商后以补充协议的方式进行约定。



## 第五条　保证、承诺

5.1 乙方保证与承诺如下：

（1）乙方承诺在本贷款合同项下，贷款发放后的一切经济法律纠纷，均由乙方、丙方自行解决，与甲方无关；

（2）乙方已完成签署本合同的所有授权和审批，签署本合同不会导致违反其与任何第三方签订的协议或承诺；

（3）乙方的资金用途必须符合中华人民共和国颁布的《商业银行法》、《贷款通则》、国家外汇管理局的相关规定，借款资金投向符合国家相关产业政策；

（4）乙方接受并保证配合丙方对贷款使用情况和乙方经营情况进行监督检查，允许丙方进入乙方经营场所，检查乙方资产、财务状况及经营情况；



（5）乙方应及时向丙方提供丙方要求的相关资料，并保证所提供文件和资料的真实、完整、客观；

（6）乙方变更居章程、法定代表人、住所、名称及其它工商登记事项的，应在有关事项



变更后 7 个工作日内书面通知甲方和丙方。若乙方不履行上述通知义务，甲方按照原住所、通讯地址寄送有关通知、文件的（具体包括但不限于合同履行过程中双方的通知、文件，仲裁或诉讼过程中的仲裁、诉讼相关材料和文书，案件执行过程中相关材料和文书等），视为已送达。

5.2 丙方保证与承诺如下：

（1）丙方承诺在本贷款合同项下，贷款发放后的一切风险（包括但不限于贷款本息不能收回的风险）均由丙方自行承担，与甲方无关；同意并理解甲方无贷前调查义务，同意并理解甲方不承担本合同项下任何贷款损失；丙方对本合同项下贷款的合法合规性、乙方和担保人资信状况、财务状况、生产经营状况、抵质押物状况、贷款项目可行性进行独立审查和判断；独立确定委托贷款的借款人、用途、金额、期限、利率和担保方式；贷款发放后，对乙方使用贷款的情况独立进行监督，自行关注乙方和担保人资信状况、财务状况、生产经营状况、抵质押物状况；委托贷款到期后或乙方出现可能影响债权实现的情形时，自行采取救济措施。丙方声明并承诺：丙方对甲方与借款人、担保人签订的相关贷款合同、担保合同的内容已明知，同意合同约定的所有条款，并承担由此产生的一切法律后果。

（2）丙方已完成签署本合同的所有授权和审批，签署本合同不会导致违反其与任何第三方签订的协议或承诺，因丙方资金来源合法性问题导致的损失，由丙方自行承担；

（3）丙方保证委托资金来源合法，不存在任何形式的纠纷，丙方具有将委托资金用于委托贷款的资格和权限，因丙方资金来源合法性问题导致的损失，由丙方自行承担；

（4）丙方保证及时足额将委托资金存入其在甲方开立的结算账户内；

（5）丙方应按照本合同约定，不可撤销地授权甲方及时足额向丙方扣收委托贷款手续费、甲方处理委托贷款事务中发生的费用以及违约金，且该等费用是不可追索的；

（6）丙方需变更章程、法定代表人、住所、名称及其它工商登记事项时，应在有关事项变更后七个工作日内书面通知甲方；

（7）丙方负责自行申报及缴纳与本合同有关的营业税及附加等相关税费；

## 第六条　甲方权利、义务

6.1 甲方权利与义务如下：

（1）甲方承担的义务仅限于按照本合同约定事项"代为发放"和"协助收回"，不承担任何原因（包括但不限于因抵质押物、担保手续而形成的任何风险及损失）形成的任何形式的经济责任或法律风险；

（2）甲方不负责审查借款人的资信状况、财务状况以及贷款项目的可行性等，不负责审查担保人资信状况、押品状况以及押品的监管等；

（3）乙方如在用款前无法完成丙方要求的用款前提条件，甲方有权单方解除本合同并书面通知乙方和丙方；

（4）已逾期 30 天未归还的委托贷款，丙方书面同意注销的，甲方有权对该笔贷款做账务终结处理；

（5）已逾期 30 天未归还的委托贷款，甲方有权以挂号邮件向丙方发出致委托人关于结

清平安银行委托贷款的函，函件发出 60 天后，仍未得到丙方书面回复，甲方有权对该笔贷款做账务终结处理；

（6）委托贷款已过诉讼时效且无时效中断依据的，甲方有权自行对该笔贷款做账务终结处理；

（7）乙方未按时归还贷款本息，且丙方未书面委托甲方代理追索的，甲方有权自行对该笔贷款做账务终结处理。

## 第七条　违约条款

**7.1 下列任一事件均可构成本条款所称乙方违约事件：**

（1）乙方未按本合同约定的用途使用贷款；

（2）乙方拖欠本金或利息、费用，以及拖欠按照本合同的约定应缴纳的相关税金；

（3）乙方违反所做的保证与承诺、本合同应履行的义务。

**7.2 有乙方违约事件发生时，甲方有权根据丙方的书面通知采取下列措施：**

（1）解除本合同；

（2）宣布本合同项下已发放的贷款本金全部提前到期，并要求乙方立即偿还所有贷款本金并结清利息；

（3）要求乙方提供丙方认可的担保措施；

（4）采取法律、法规规定的其他救济措施。

**7.3 下列任一事件均可构成本条款所称丙方违约事件：**

（1）丙方在甲方结算账户中资金不足以支付委托贷款本金、委托贷款手续费；

（2）丙方违反所做的保证与承诺、本合同应履行的义务。

**7.4 有丙方违约事件发生时，甲方有权采取下列措施：**

（1）解除本合同；

（2）要求丙方赔偿因违约给甲方造成的全部损失；

（3）要求丙方支付委托资金总额的___‰ 作为违约金；

（4）采取法律、法规规定的其他救济措施。

**7.5 乙方未按时足额偿还贷款本金，甲方从逾期之日起对逾期金额按照本合同约定的利率加 50%计收罚息；乙方未按本合同约定用途使用贷款的，从违反合同约定使用贷款之日起，甲方按照本合同约定的利率加 100%计收罚息。**

对不能按时支付的利息，按罚息利率计收复利。

**7.6 乙方承担甲方和丙方为实现债权所发生的费用（包括但不限于公证费、诉讼费、仲裁费、律师费、过户费、差旅费）。**

## 第八条 本合同无效或被撤销的后果

本协议项下委托关系及／或借款关系依法被认定为无效或被撤销时，按下列约定处理：

8.1 丙方和甲方之间的委托关系有效，而甲方和乙方之间借款关系无效或被撤销，甲方不因此承担任何法律责任，同时：

（1）如甲方尚未将委托资金交付给乙方，则乙方同意甲方应将委托资金退还给丙方，甲

方不承担任何法律责任；

（2）如甲方已经将委托资金交付给乙方，则丙方应当直接要求乙方返还委托资金，对于丙方所受到的损失，甲方不承担责任；

（3）如导致第三人损失，则乙丙双方根据各自的过错分担法律责任，甲方不承担责任。

8.2 如果委托关系无效或被撤销，但借款关系有效，则适用下列约定：

（1）如甲方尚未将委托资金交付给乙方，则乙方同意甲方应将委托资金退还给丙方，甲方不承担任何法律责任；

（2）如甲方已经将委托资金交付给乙方，则乙丙双方依法协商解决委托资金的处理，甲方不承担任何法律责任。

8.3 如果委托关系无效或被撤销，且借款关系无效或被撤销，则适用下列约定：

（1）如甲方尚未将委托资金交付给乙方，则乙方同意甲方应将委托资金退还给丙方，甲方不承担任何法律责任；

（2）如甲方已经将委托资金交付给乙方，则丙方应当直接要求乙方返还委托资金，对于丙方所受到的损失，甲方不承担责任；

（3）如导致第三人损失，则由乙丙双方根据各自过错分担法律责任，甲方不承担责任。

## 第九条 其他约定事项

本条项下约定事项与本合同其他内容不一致的，以本条约定为准。

9.1 本合同项下的委托贷款的担保方式如下：

（1）由甲方与贾跃亭、贾跃民☑分别□共同 签署保证合同，由该二自然人保证人对本合同项下的委托贷款债权提供连带责任保证担保。

（2）本合同项下的委托贷款发放（如为分次发放的，则为首次发放）后 20 个工作日内，【                    】应以其持有的不低于 4.57%的乐视体育文化产业发展（北京）有限公司（以下简称"乐视体育"）股权向甲方提供质押担保，并办理完毕相关质押登记手续、向甲方交付全部质押登记证明文件。

9.2 甲方及丙方在此确认，如本第九条 9.1 款约定的任一担保事项未予依约落实，甲方有权宣布本合同项下已发放的委托贷款全部提前到期，并要求乙方立即偿还全部贷款本金并结清利息。

9.3 经甲方及丙方事先书面同意，【                    】可将其所持有的用于质押的乐视体育股权以转让或处分收益权等方式予以处置变现，所得转让价款应当直接用于提前清偿其所担保的委托贷款债权。

9.4 本合同项下的委托贷款到期前，如乐视体育实现独立A股上市，则甲方有权宣布委托贷款提前到期并通知乙方提前偿还全部贷款本金并结清利息，乙方应于甲方发出通知（含该日）后的 3 个工作日内偿还届时委托贷款项下的全部未偿本金余额及应付利息。

## 第十条    附则

10.1 本合同项下的借款借据、《委托贷款放款确认书》及经三方确认的相关文件和资料均为本合同不可分割的组成部分，具同等法律效力。

10.2 甲方就本合同给予乙方、丙方的任何通知、要求或其它函件，一经按本合同记载的或按乙方、丙方已书面通知甲方变更后的地址发出后三个工作日即视为已送达乙方、丙方。

10.3 本合同生效后，任何一方不得擅自变更和解除本合同。

10.4 凡确定的选项，均统一采用在被选项框内划 √ 的方式确定。

**10.5 合同三方在履行本合同过程中所发生的争议，由三方协商解决；协商不成的，按下列第____项方式解决：**

（1）向_____申请仲裁，按照申请仲裁时该会实施的仲裁规则进行仲裁。仲裁裁决是终局的，对三方均有约束力。

（2）由甲方所在地人民法院提起诉讼。

（3）向_____人民法院提起诉讼。

10.6 本合同适用中华人民共和国法律。

10.7 本合同经各方当事人签署（应由其有权签字人签字或加盖印章，并加盖公章）后生效。

10.8 本合同正本一式 陆 份，甲方执二份，乙方☑丙方☑担保人☐登记机关☐各执一份。

乙方、丙方声明，完全理解本合同的条款及与之相关的担保合同条款及其他相关交易文件，同意并满意该等合同的所有条款及其他相关交易文件的内容，并承担由此产生的一切法律后果，并已就此（在需要时）获取过独立的法律咨询。

甲方（盖章）

法定代表人（负责人）或委托代理人（签字）：

签署日：　　年　　月　　日




乙方（盖章）

法定代表人或委托代理人（签字）：

签署日：　　年　　月　　日

丙方（盖章）

法定代表人或委托代理人（签字）：

签署日：　　年　　月



附件一：                          **委托贷款放款确认书**

平安银行股份有限公司_____分（支）行：

    根 据 _____ 年 _____ 月 _____ 日 我 单 位 （ 委 托 人 ） 与 贵 行 、_____（借款人）签订的合同编号为：_____的《委托贷款合同》，现正式通知贵行对借款人发放委托贷款，委托贷款的金额、期限、利率、发放方式、担保方式等均以该上述《委托贷款合同》的约定为准。同时，我单位（委托人）声明并承诺如下：

    **我单位对贵行与借款人、担保人（若有）签订的相关贷款合同、担保合同（若有）的内容已明知，同意合同约定的所有条款，并承担由此产生的一切法律后果；我单位向贵行出具本确认书即视为已经满足我单位要求的一切放款条件。如以贵行名义办理担保手续的情况下，我单位向贵行出具本确认书，即同时表明我单位对贵行办理的贷款及担保手续（包括但不限于保证、抵押、质押手续及相关的抵押、质押登记手续）完全同意并满意，我单位对该后果自行承担责任，贵行不承担任何责任。**



委托人：

有权签字人：

日期：





附件二：    **乙方借款本金分期还款表**

| 次数 | 还款日期 | 还款金额（大写） |
|------|----------|------------------|
| 1    |          |                  |
| 2    |          |                  |
| 3    |          |                  |
| 4    |          |                  |

# 保证担保合同



保证担保合同

# 保证担保合同

合同编号：平银京视频保字 20160331 第 001 号

本《保证担保合同》的合同各方如下：

甲方（债权人）：平安银行股份有限公司 北京分行

地址： 北京市西城区复兴门内大街 158 号 5F          邮编： 100000

法定代表人： 刘树云                          职务：      行长

电话： 010-66292288

传真： 010-66292288


乙方（保证人）： 贾跃亭

证件种类*： 身份证          证件号码*： ███████████

（*乙方为单位时不填）

地址： 北京市朝阳区姚家园路 105 号 3 号楼 16 层          邮编： 100000

法定代表人**：                          职务**：

（**乙方为个人时不填）

电话： 010-50963113

传真： 010-50963113


为了保证甲方与 深圳市前海安星资产管理有限公司     （以下称**"债务人"**）签署的主合同（定义见下文）项下债务的履行，乙方愿作为保证人向甲方提供连带责任保证。甲乙双方经协商一致，现同意签订本合同，愿遵守以下条款。


## 第一条    保证及保证责任

### 1.1  保证担保的范围

本合同担保范围为（选择项内打 " √ "）：

√ 编号为 平银(北京)委贷字第 B008201603310001     号 委托贷款 合同（以下称**"主合

1

保证担保合同

同"）项下债务人所应承担的全部债务（包括或有债务）本金、利息、复利及罚息、违约金、赔偿金、实现债权的费用以及其他应付未付费用。债务本金最高额（余额）为（折合）<u>人民币（大写）壹拾贰亿肆仟叁佰万元整</u>。

　　□编号为＿＿＿＿＿＿＿号＿＿＿＿＿＿＿＿＿合同（以下称"主合同"）项下债务人所应承担的债务（包括或有债务）本金（折合）＿＿＿＿＿＿＿币（大写）中的（折合）＿＿＿＿＿币（大写）＿＿＿＿＿＿＿＿＿，以及相应的利息、复利、罚息、违约金、赔偿金、实现债权的费用以及其他应付未付费用。只要主合同项下债务未完全清偿，甲方即有权要求乙方就债务余额在上述担保范围内承担担保责任。

　　□编号为＿＿＿＿＿号＿＿＿＿＿＿＿＿合同（以下称"主合同"）项下债务人尚未清偿的全部债务本金（折合）＿＿＿＿＿币（大写）＿＿＿＿＿＿＿＿＿及其利息、复利、罚息、违约金、赔偿金、实现债权的费用以及其他应付未付费用。

　　□＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

　　**利息、罚息、复利按主合同的约定计算，并计算至债务还清之日止。实现债权的费用包括但不限于公告费、送达费、鉴定费、律师费、诉讼费、差旅费、评估费、拍卖费、财产保全费、强制执行费等。**

　　人民币以外的币种汇率按各具体业务实际发生时甲方公布的外汇牌价折算。

## 1.2 保证期间

√ 从本合同生效日起至主合同项下债务履行期限届满之日后两年。

□ 自主合同生效之日起至＿＿＿＿＿＿＿＿＿＿房产办妥以甲方为抵押权人的房产抵押登记并将有关权属证明交由甲方收执之日止。

□ 从本合同生效日起直至＿＿＿＿＿＿＿＿＿＿＿＿。

□＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿。

　　保证期间，甲方依法将其债权转让给第三人的，乙方在此确认并同意在原保证的范围内继续承担保证责任。甲方无须另行取得乙方同意。

## 1.3 保证担保的方式

乙方在本合同项下的保证担保方式为连带责任保证担保。

**1.4 本合同有效期内，无论甲方对被担保债务是否拥有其他担保（包括但不限于保证、抵押、质押等担保方式），不论上述其他担保何时成立、是否有效、甲方是否向其他担保人提出权利主张，也不论是否由第三方同意承担主合同项下的全部或部分债务，也不论其他担保是**

2

保证担保合同

否由债务人自己所提供，乙方均不得主张其在本合同项下的保证责任因此减轻或免除，甲方均有权直接要求乙方依照本合同的约定在其担保范围内承担连带责任，并且乙方同意甲方在各项担保中自主选择实现担保的顺序与额度。无论甲方过去、现在或将来是否已经、将要或可能放弃（包括但不限于放弃抵押权或其他担保权利、放弃抵押权或其他担保权利的顺位）、变更（包括但不限于变更抵押权或其他担保权利的顺位、担保金额或范围）、减免债务人或任何第三方过去、现在或将来已经、将要或可能提供的任何抵押权、质权或保证或其他任何形式的担保，乙方均不得主张保证责任的减轻或免除，甲方均有权直接要求乙方在其担保范围内承担连带责任。

1.5 本合同独立于主合同，并且本合同项下的担保是持续有效、不可撤销和无条件的。主合同的任何条款成为无效、非法或不可执行不应影响本合同的有效性、合法性或可执行性。

### 第二条    保证责任的履行

2.1 当债务人未按主合同的约定履行到期（含提前到期，下同）债务时，乙方保证在接到甲方书面索付通知后 3 个工作日内无条件地代为偿付。任何经甲方发出的债务人未履行到期债务的文件，均可作为要求乙方付款的书面索付通知。

2.2 乙方在此不可撤销地授权甲方从乙方在平安银行所有营业机构开立的任一账户中直接扣收甲方对债务人的到期债务本息及费用。甲方在扣收后书面通知乙方，并有权继续向乙方追索不足部分。扣收所得款项不足以清偿全部到期债务时，债务人逾期 90 天以内的（含90 天），本息的偿还顺序为：（1）费用 （2）利息(含罚息、复利)；（3）本金。债务人逾期90 天以上的，垫款本息的偿还顺序为：（1）费用；（2）本金；（3）利息（含罚息、复利）。

### 第三条    保证人陈述与保证

乙方就本合同的签署及履行向甲方作出如下陈述与保证：

3.1 乙方为机构的，其保证是依法成立并有效存续的机构，拥有与签署及履行本合同相应的民事权利能力和民事行为能力。乙方为自然人的，其保证拥有与签署及履行本合同相应的民事权利能力和民事行为能力。

3.2 乙方为机构的，其保证签署本合同所需的外部批准和内部授权程序都已完成，签署本合同的是乙方的有权签字人，并且本合同一经签署即对乙方具有法律约束力。乙方为自然人的，其保证签署本合同的是其本人，并且本合同一经签署即对乙方具有法律约束力。

3.3 除已书面向甲方披露的情况之外，乙方未隐瞒任何已发生或即将发生的可能导致保证能

3

力明显下降或丧失的事件和行为。

3.4 若乙方已经或将与债务人签订反担保协议或类似协议，该协议在法律上或事实上将不会损害甲方在本合同项下的任何权利和利益。

3.5 乙方确认已经充分了解债务人的资产、债务、经营、信用、信誉等情况；对债务人是否具备签订主合同的主体资格和权限以及主合同的所有内容亦已充分了解。

3.6 乙方保证在签署本合同之前已经仔细阅读了本合同，对双方之间的有关权利、义务和责任条款的法律含义有准确的理解，并对本合同的所有条款均无异议。

3.7 如果本合同的签署或本合同所载交易的履行需要由乙方获得相关政府机构授权、批准或同意的，乙方保证已获得此等授权、批准或同意，且此等授权、批准或同意持续具有完全的效力。

3.8 乙方保证本合同的签署或本合同所载交易的履行不会违反现行有效的法律和其他相关规定，也不会与其已签署的其它有约束力的法律文件或已订立的其它交易相冲突。

3.9 乙方自愿为债务人提供担保，其在本合同项下的全部意思表示是真实的。

本合同中所述的乙方各项陈述与保证，均被视为由乙方在自本合同签署之日起至本合同被解除或履行完毕之日止的期间内的任何时间、基于届时存续的事实和情形重新作出。





## 第四条  保证人权利与义务

4.1 乙方有权要求甲方对其提供的资料承担保密义务，但法律法规或监管机关另有规定或双方另有约定或乙方提供的资料不构成秘密信息的除外。

**4.2 乙方已认真阅读了主合同，并确认所有条款。**

**甲方和债务人对主合同的变更无需征得乙方的同意，乙方仍继续对变更后的主合同承担连带保证责任。但增加债务本金金额和延长贷款期限的，如未征得乙方书面同意，乙方仍按原主合同规定的金额和期限承担担保责任。**

4.3 乙方接受并保证配合甲方对乙方经营情况和担保能力进行监督检查，允许甲方进入乙方经营场所，检查乙方资产、财务状况及经营情况。

**4.4 □乙方发生重大产权转让、体制变更或债权债务转让行为之前，应当事先将有关事项通知甲方，乙方应取得甲方书面同意后方可进行。**

□乙方有下列情形之一时，应提前三十天书面通知甲方，如甲方认为可能对本合同履行造成重大影响的，乙方应取得甲方书面同意后方可进行：

（1）经营体制、股权结构、产权组织形式及主营业务发生重大变化，包括但不限于实施承包、租赁经营、联营、股份制改造、合（兼）并、收购、合资（合作）、分立、设立子



4

公司、发生托管（接管）、企业出售、产权转让、减资等；

（2）出售、赠与、出借、转移、抵（质）押及其他方式处分价值超过净资产 10% 的重要资产；

（3）分红超过当年税后净利润的 30% 或者超过全部未分配利润的 20%；

（4）合同生效后新增对外投资超过净资产的 20%；

（5）更改与其他银行的债务条款，提前清偿其他长期债务；

（6）偿还对乙方股东债务；

（7）向其他银行申请授信，或向第三方提供担保，或减免第三方债务，涉及债务金额超过净资产的 20%。

**4.5 乙方应在下列事项发生或可能发生之日起七个工作日内书面通知甲方，甲方有权根据事项具体情况决定是否要求乙方和债务人追加担保或直接收回全部贷款：**

（1）经营、财务状况恶化；

（2）被有权机关实施以高额罚款，或涉及重大法律纠纷；

（3）乙方、乙方股东、乙方法定代表人或主要管理人员涉及重大案件或主要资产被采取了财产保全等强制措施，乙方的法定代表人或主要管理人员出现无法正常履行职责的事件；

（4）向第三方提供担保，对其财务状况或履行本合同项下义务的能力产生重大不利影响；

（5）歇业、停业整顿、解散、关闭、破产，被吊销营业执照；

（6）经济情况恶化如失业、单位破产或个人财产遭受重大损失、个人身体情况发生重大不利变化、乙方与配偶离婚及其他可能影响乙方履行本合同能力的事项。

（7）其他足以影响乙方经营活动和甲方贷款安全的重大事件或违约事件。

4.6 乙方若发生变更住所、通讯地址、联系电话及营业范围、法人代表（工作单位）等事项，应在有关事项变更后七个工作日内书面通知甲方。若乙方不履行上述通知义务，甲方按照原通讯地址寄送有关通知、文件的，视为已送达。

□4.7 乙方保证在贷款期内保持合理的财务比率。

贷款期内财务指标达到以下标准：

_____/_____

_____

_____

。

## 第五条    违约条款

**5.1 下列任一事件均可构成本条款所称违约事件：**

（1）乙方不及时足额履行代偿责任；

（2）乙方违反所做的陈述与保证或有其他不履行本合同义务的行为；

（3）乙方转移财产、抽逃资金；

（4）乙方在履行与甲方或其他银行签订的其他合同时有违约行为；

保证担保合同

（5）乙方的经营、财务状况已发生重大不利变化。

**5.2 有违约事件发生时，甲方有权采取下列措施：**

（1）要求乙方立即履行代偿责任；

（2）要求乙方提供甲方认可的担保措施；

（3）甲方依法向乙方的债务人主张代位求偿权，或请求法院撤销乙方放弃其到期债权或者无偿转让财产、以明显不合理低价转让财产的行为，乙方需按照甲方的要求提供一切必要配合与协助，甲方由此产生的各项费用由乙方承担。

（4）采取法律、法规规定的其他救济措施。

### 第六条 其他约定事项

_____

_____

_____

_____

### 第七条    附则

7.1 □双方同意对本合同办理强制执行公证

本合同经双方办理赋予强制执行效力的公证后，乙方不履行或不完全履行合同约定的义务，甲方有权向原公证机关申请执行证书，并凭原公证书及执行证书向有管辖权的人民法院（即被执行人住所地或者被执行人的财产所在地的人民法院）申请执行。

□本合同不办理强制执行公证

**7.2 乙方同意并授权甲方在本合同有效期内向金融信用信息基础数据库和其他依法设立的征信机构查询乙方个人（企业）信息及信用信息，乙方同意并授权甲方依据《征信业管理条例》的规定，将乙方个人（企业）信息和信用信息，包括但不限于信贷信息及对信息主体信用状况构成负面影响的信息，报送金融信用信息基础数据库和其他依法设立的征信机构。**

7.3 凡选项，均统一采用在被选项框内划√的方式确定。

7.4 甲乙双方在履行本合同过程中所发生的争议，由双方协商解决；协商不成的，任何一方均应向甲方所在地人民法院提起诉讼。

7.5 本合同适用中华人民共和国法律。

7.6 本合同经各方当事人签署（若当事人为自然人，本合同应由该当事人签字，若当事人为法人或其他组织，则本合同应由其法定代表人或授权代表签字，并加盖公章）后生效。

7.7 本合同当事人之间通知的送达以邮递（包括特快专递、平信邮寄、挂号邮寄）方式发出后三个工作日即视为已送达；以传真或其他电子通讯方式，以发送之日视为送达日；专人送达，以收件人签收之日视为送达日。同时采用上述两种或两种以上方式的，以其中最快达到对方者为准。

7.8 本合同正本一式六份，甲乙方各执两份，债务人留存两份。

（本页以下无正文）

保证担保合同

（本页为签署页，无正文）



甲方单位公章（签署处）：

法定代表人或授权代表签字：

　　年　　月　　日

乙方（为单位时）公章（签署处）：　　　　乙方（为个人时）

法定代表人或授权代表签字：　　　　　　　本人签字：

　　年　　月　　日　　　　　　　　　　　　年　　月　　日

8

# 中华人民共和国最高人民法院
# 民 事 裁 定 书

（2019）最高法民终 1493 号

上诉人（原审被告）：贾跃亭，男，汉族，█████████日出生。住山西省临汾市尧都区解放西路 31 号。

委托诉讼代理人：邹义，北京中书律师事务所律师。

委托诉讼代理人：王小倩，北京中书律师事务所律师。

上诉人（原审被告）：贾跃民，男，汉族，█████████日出生。住山西省临汾市尧都区水塔街 21 号 1 号楼 3 单元 501 室。

委托诉讼代理人：孟凡杰，北京中书律师事务所律师。

委托诉讼代理人：付玉琴，北京中书律师事务所律师。

被上诉人（原审原告）：平安银行股份有限公司北京分行。住所地：北京市西城区复兴门内大街 158 号。

负责人：李岩，该行行长。

上诉人贾跃亭、贾跃民因与被上诉人平安银行股份有限公司北京分行保证合同纠纷一案，不服北京市高级人民法院（2017）京民初 63 号民事判决，分别向本院提起上诉并申请免交上诉案件受理费。

经审查，贾跃亭、贾跃民提出的免交上诉案件受理费申请不符合《诉讼费用交纳办法》第四十五条的规定，本院以法院专递方式向两上诉人邮寄了《预交上诉案件受理费通知书》，限其于收到通知之次日起七日内分别预交上诉案件受理费 6256800 元，期满仍未预交的，按自动撤回上诉处理。2019 年 8 月 15 日两上诉人分别签收通知书后，均未在指定期限内预交上诉案件受理费。

1

　　本院认为,上诉人提起上诉后,应依照《诉讼费用交纳办法》第十三条第一款的规定预交上诉案件受理费,本院依法向两上诉人送达《预交上诉案件受理费通知书》后,仍未在指定期限内预交上诉案件受理费,应视为其放弃诉讼权利。依照《中华人民共和国民事诉讼法》第一百五十四条第一款第十一项、最高人民法院《关于适用<中华人民共和国民事诉讼法>的解释》第三百二十条的规定,裁定如下:

　　本案按上诉人贾跃亭、贾跃民自动撤回上诉处理,一审判决自本裁定书送达之日起发生法律效力。

　　本裁定为终审裁定。

审　判　长　杨国香

审　判　员　李惠清

审　判　员　李志强

二〇一九年九月　日

书　记　员　胡　玥

2

| United States Bankruptcy Court for the Central District Of California - Los Angeles Division | |
|---|---|
| **Name of Debtor:** Yueting Jia | **For Court Use Only** |
| | Claim Number: 0000020036 |
| **Case Number:** 19-24804 | File Date: 01/22/2020 01:16:22 |

# Proof of Claim (Official Form 410)

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

04/19

---

| **Part 1:** | **Identify the Claim** |
|---|---|

**1.   Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim):   PingAn Bank Co.,Ltd. Beijing Branch _____

Other names the creditor used with the debtor: _____

**2.   Has this claim been acquired from someone else?**   ☑ No   ☐ Yes.   From whom? _____

**3.   Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|
| Name    PingAn Bank Co.,Ltd. Beijing Branch | Name _____ |
| Address    Zhu Yuxuan | Address _____ |
| 3rd Floor,Yuanyang Building,No.158, | _____ |
| Fuxingmennei Street,Xicheng District | _____ |
| City    Beijing | City _____ |
| State _____    ZIP Code 100033 | State _____    ZIP Code _____ |
| Country (if International):    CHINA | Country (if International): _____ |
| Phone:    +86 18801012353 | Phone: _____ |
| Email:    zhuyuxuan070@pingan.com.cn | Email: _____ |

| **4. Does this claim amend one already filed?** | **5. Do you know if anyone else has filed a proof of claim for this claim?** |
|---|---|
| ☑ No | ☑ No |
| ☐ Yes. | ☐ Yes. |
| Claim number on court claims register (if known) _____ | Who made the earlier filing? |
| Filed on _____<br>MM / DD / YYYY | _____ |

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:

8972
___  ___  ___  ___

**7. How much is the claim?**

$ 183,170,201.08        unliquidated

**Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples:  Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.  Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).  Limit disclosing information that is entitled to privacy, such as health care information.

Other Basis
_____

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other.  Describe:
_____

**Basis for perfection:**
_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                     $_____

Amount of the claim that is secured:   $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:  $_____

Annual Interest Rate (when case was filed) _____%
                                       ☐ Fixed   ☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes.  **Amount necessary to cure any default as of the date of petition.**

$_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes.  Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a) (_____) that applies.
* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority.  For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes.  **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $_____

**Part 3:** Sign Below

**The person completing this proof of claim must sign and date it.  FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*Zhu Yuxuan*                                                   01/22/2020 01:16:22
_____    _____    _____
Signature                                                       Date

Provide the name and contact information of the person completing and signing this claim:

Name        Zhu Yuxuan

Address     3rd Floor,Yuanyang Building,No.158,

            Fuxingmennei Street,Xicheng District


City        Beijing

State                                                    Zip    100033

Country (in international)      CHINA

Phone       +86 18801012353

Email       zhuyuxuan070@pingan.com.cn

United States Bankruptcy Court for the District of Delaware

Yueting Jia, Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4419
Beaverton, OR 97076-4419

To submit your form online please go to https://epiqworkflow.com/cases/YT1

Name of Debtor:
Case Number:

For Court Use Only

# Proof of Claim (Official Form 410)

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims arising under section 503(b)(9) of the Bankruptcy Code, do not use this form to make a request for payment of an administrative expense. Such a request should be made by filing the separate administrative claim request form approved by the bankruptcy court. Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.
Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:    Identify the Claim

**1.    Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): _____

Other names the creditor used with the debtor: _____

**2.    Has this claim been acquired from someone else?**    ☒ No  ☐ Yes.  From whom? _____

**3.    Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) | **4. Does this claim amend one already filed?** |
|---|---|---|
| Zhu Yuxuan | | ☐ No |
| | | ☐ Yes.   Claim number on court |
| Name | Name | claims register (if known) _____ |
| 3rd Floor, YuanYang Building, No.158, Fuxingmennei Street, Xicheng District | | Filed on _____ |
| Number      Street | Number      Street | MM  / DD  / YYYY |
| Beijing                    100033 | | **5. Do you know if anyone else has filed a proof of claim for this claim?** |
| City            State        ZIP Code | City          State        ZIP Code | ☐ No |
| Country (if International): _____ | Country (if International): _____ | ☐ Yes.  Who made the earlier filing? |
| Contact phone:  +86 18801012353 | Contact phone: _____ | |
| Contact email:  zhuyuxuan070@pingan.com.cn | Contact email: _____ | _____ |

## Part 2:    Give Information About the Claim as of the Date the Case Was Filed

| 6. Do you have any number you use to identify the debtor? | 7. How much is the claim? | 8. What is the basis of the claim? |
|---|---|---|
| ☐ No | $ _____183,170,201.08_____ . | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information. |
| ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: | **Does this amount include interest or other charges?** | |
| | ☐ No | |
| ___ ___ ___ ___ | ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). | _____ |

Case 19-12220-KBO    Doc 87-2    Filed 11/13/19    Page 3 of 4

| 9. Is all or part of the claim secured? | 10. Is this claim based on a lease? | 11. Is this claim subject to a right of setoff? |
|---|---|---|
| ☒ No | ☐ No | ☐ No |
| ☐ Yes.  The claim is secured by a lien on property.<br>**Nature of property:** | ☐ Yes. **Amount necessary to cure any default as of the date of petition.** | ☐ Yes. Identify the property: |
| ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.* | **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. |
| ☐ Motor vehicle | ☐ No | |
| ☐ Other. Describe: _____ | ☐ Yes. *Check one:* | **Amount entitled to priority** |
| **Basis for perfection:** _____ | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | 🗆 _____ |
| Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.) | ☐ Up to 🗆 3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | |
| **Value of property:** 🗆 _____ | ☐ Wages, salaries, or commissions (up to 🗆 13,🗆 50*) earned within 1🗆 0 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | 🗆 _____ |
| **Amount of the claim that is secured:** 🗆 _____ | | |
| **Amount of the claim that is unsecured:** 🗆 183,170,201.08<br>(The sum of the secured and unsecured amounts should match the amount in line 7.) | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(🗆 ). | 🗆 _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | 🗆 _____ |
| **Amount necessary to cure any default as of the date of the petition:** 🗆 183,170,201.08 | ☐ Other. Specify subsection of 11 U.S.C. § 507 (a)(___) that applies. | |
| **Annual Interest Rate** (when case was filed) _____ 🗆<br>☐ Fixed ☐ Variable | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on o[r] after the date of adjustment. | |

| Part 3: | Sign Below |
|---|---|
| The person completing this proof of claim must sign and date it. FRBP 9011(b).<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>A person who files a fraudulent claim could be fined up to 🗆 500,000, imprisoned for up to 5 years, or both. 1🗆 U.S.C. §§ 152, 157, and 3571. | *Check the appropriate box:*<br>☐ I am the creditor.<br>☐ I am the creditor's attorney or authorized agent.<br>☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.<br>☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.<br><br>I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on date _____<br>MM / DD / YYYY    Signature<br><br>**Print the name of the person who is completing and signing this claim:**<br><br>Name _____<br>First name      Middle name      Last name<br><br>Title _____<br>Company    Ping An Bank Co., Ltd. Beijing Branch<br>Identify the corporate servicer as the company if the authorized agent is a servicer.<br><br>Address    3rd Floor, YuanYang Building, No.158, Fuxingmennei Street, Xicheng District<br>Number      Street<br><br>_____    100033<br>City      State      ZIP Code<br><br>Contact Phone  +86 18801012353    Email  zhuyuxuan070@pingan.com.cn |

# Official Form 410 - Instructions for Proof of Claim

United States Bankruptcy Court

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

A person who files a fraudulent claim could be fined up to 500,000 imprisoned for up to 5 years, or both. 1 U.S.C. §§ 152, 157 and 3571

## How to fill out this form

- Fill in all of the information about the claim as of the date the case was filed.
- Fill in the caption at the top of the form. The debtor name and case number is provided under the general information section on the Claims Agent's website: http://dm.epiq11.com/YT1.
- If the claim has been acquired from someone else, then state the identity of the last party who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.
- Attach any supporting documents to this form. Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of redaction below.)
  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).
- **Do not attach original documents because attachments may be destroyed after scanning.**
- If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.
- *A Proof of Claim form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.* See Bankruptcy Rule 9037.
- For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian. For example, write *A.B., a minor child (John Doe, parent, 123 Main St, City, State).* See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or you may access the Claims Agent's website (http://dm.epiq11.com/YT1) to view your filed form under "Claims."

### Where to File Proof of Claim Form

**First Class Mail:**
Yueting Jia, Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
PO Box 4419
Beaverton, OR 9707 -4419

**Hand Delivery or Overnight Mail:**
Yueting Jia, Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd
Beaverton, OR 97005

**Electronic Filing:**
By accessing the E-filing Claims link at
http://dm.epiq11.com/YT1 or by sending a PDF claim form
to the following Email: YTClaims@epiqglobal.com

## Understand the terms used in this form

**Administrative expense**: Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim**: A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor**: A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor**: A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection**: Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy**: A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim**: A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim**: A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information**: Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §50 (a)**: A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff**: Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier**: An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim**: A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

### Itemized Statement of Ping An Bank Co., Ltd. Beijing Branch's Claim

As of October 14, 2019, the debt principal of YT relating to LeSports was RMB 1,243,000,000.

According to the Agreement, the interest of this loan is 6.5% per annum. The Beijing Higher People's Court entered a civil judgment for the claim on December 27, 2018 and ordered YT to pay the loan principal of RMB 1,243,000,000 to the creditor within 10 days of the judgment. The judgment was not about interest payment. The judgment took effect on September 5, 2019. However, YT failed to comply with the judgement within 10 days after it took effect. According to relevant regulations, during the noncompliance period, the penalty interest shall be calculated at 0.0175% of the judgment amount per day.

Based on this calculation, the current penalty interest for YT's debt relating to LeSports is:

1,243,000,000*0.0175%*28 (number of days to October 14, 2019) = RMB 6,090,700



The interest payment has been in default since March 31, 2019. The unpaid interest is calculated to be:

1,243,000,000*6.5%/360*197 (number of days to October 14, 2019) +1,550,678.74 (outstanding interest balance for the period of January 21, 2019 to March 31, 2019, which represents the amount of interest due but unpaid on March 31, 2019. Debtor should have paid RMB 15,485,708,33, but only paid RMB 13,935,029.59) = RMB 45,763,498.18.

Therefore, the total claim is:

1243000000 + 6090700 + 45763498.18 = **RMB 1,294,854,198.**

Using the prevailing exchange rate as of October 14th, 2019, which is 1 USD = 7.06913128 RMB, RMB 1,294,854,198 equals to **USD 183,170,201.08**.

# 委托贷款合同

（托管户适用）



# 委托贷款合同
## （托管户适用）

合同编号：　平银(北京)委贷字第 B008201603310001 号

甲方（受托贷款人）：平安银行股份有限公司　北京分行

住所（地址）：　北京市西城区复兴门内大街 158 号 5F

法定代表人（负责人）：　刘树云

电　话：　010-66292288

乙方（借款人）：深圳市前海安星资产管理有限公司

住址（或住所）：深圳市前海深港合作区前湾一路 1 号A栋 201 室

法定代表人（负责人）：叶文奎

电话：0755-66886245

丙方（委托贷款人）：　深圳平安大华汇通财富管理有限公司

住所（地址）：　深圳市福田区福华三路星河发展中心大厦五楼

法定代表人（负责人）：　罗春风

电　话：　0755-22627134

　　丙方委托甲方向乙方发放本合同项下的委托贷款，根据丙方指定的贷款条件及《合同法》等有关法律法规，经共同协商，一致同意按下列条款签订本合同。

　　如丙方为平安汇通平安金橙财富稳盈 453 号专项资产管理计划的资产管理人，丙方代表该资产管理计划委托甲方向乙方发放本合同项下的委托贷款。

## 第一条　　贷款要素

1.1 贷款金额：（币种）　人民币　（小写）1,243,000,000（大写）壹拾贰亿肆仟叁佰万元整 。

1.2 贷款用途：　用于补充企业流动资金 。

1.3 贷款期限：　3　□日□个月☑年，即自___年___月___日起至___年___月___日止。

　　**实际贷款金额和起止日期以借款借据为准。**

1.4 贷款利率

　　1.4.1 本合同的贷款利率按以下标准确立，首期贷款利率以借款借据记载为准（选择项内打"√"）：

　　　☑ 本合同项下贷款利率执行年利率 6.5 %

　　　□ 贷款发放日的人民银行同档次贷款基准利率□上浮/ □下浮 ___/___ %。

　　　□ 贷款发放日的人民银行同档次贷款基准利率□+ / □- ___/___（浮动点）。

　　　□ 贷款发放日的人民银行同档次贷款基准利率。

□ 贷款发放日的□LIBOR□HIBOR □+ / □- ___/___ （基点）（仅适用于外币贷款）。
**按借款的实际天数计息，英镑和港币日利率=年利率/365，人民币及其他币种日利率=年利率/360。**

贷款期内，丙方和乙方协议调整利率，符合国家有关规定的，甲方自接到双方书面通知之日起第一个结息日，按通知要求调整利率。

1.4.2 本合同贷款利率的调整方式为（选择项内打"√"）：

□ 按 ___/___ （月/季/半年/年）浮动。利率调整日为以下第 ___/___ 项：

① _____/_____ （每月/每隔3个月/每隔半年/每年）与贷款发放日期相对应的日期，没有对应日期的，为对应月的末日。

② 每年1月1日。

☑贷款期内本合同执行固定利率。

贷款利率浮动的，从利率调整之日起贷款按照调整后的利率计收利息，但是，以分期偿还方式（包括按期等额还款、按期递减还款）偿还贷款的，利率调整日当期仍按照调整前的利率计收利息，从下一期起按照调整后的利率计收利息。

1.4.3 遇基准利率多次调整的，甲方按调整日最新的基准利率进行相应调整。如果中国人民银行调整基准利率浮动范围，使得上述约定的贷款利率低于中国人民银行规定的利率下限时，则本合同项下的贷款利率调整为中国人民银行规定的利率下限。如果中国人民银行不再公布基准利率，则本合同项下的贷款利率调整为银行同业公认的或通常的同期同档次贷款利率，双方另有约定的除外。

1.4.4 国家变更利率确定方式、调整方式和计息方法的，按国家有关规定执行。

**1.4.5 上述利率调整甲方不再另行通知乙方。**

1.5 每月20日为结息日。乙方按□月☑季□年□其他___/___付息。贷款到期日为最后一次结息日，利随本清。

（1）按月付息，结息日为每月的二十日。

（2）按季付息，第一次结息日为贷款发放日后的首个二十日，从首个结息日后每隔三个月结息。

（3）按年付息，第一次结息日为贷款发放日后的首个二十日，从首个结息日后每隔十二个月结息。

（4）按其他方式付息，_____/_____。

1.6 外币委托贷款须符合国家外汇管理局及相关外汇管理政策。

**1.7 委托贷款涉及担保及担保条件的，按以下第 (3) 项的方式办理：**

（1）由丙方与乙方、担保人另行签订担保合同进行约定。担保手续（包括但不限于保证、抵押、质押手续及相关的抵押、质押登记手续）由丙方与乙方、担保人自行约定并办理，与甲方无关。

（2）丙方委托甲方以甲方的名义签订担保合同。担保需要办理登记的，丙方应自行办理，

（3）丙方委托甲方以甲方的名义签订担保合同。担保需要办理登记的，经甲方同意，

甲方代为办理担保登记手续。

1.8 即使担保合同以甲方名义订立，即使担保登记将甲方作为担保权益人，甲方均仅作为代理人，甲方的义务仅限于根据丙方的要求提供办理担保事宜所必需的签字盖章手续，担保权益及其相关责任、风险均归属丙方。丙方应主动全程参与并控制甲方办理签订担保合同、办理担保手续、担保登记（包括但不限于抵质押登记），无论丙方是否参与并控制甲方办理，也无论担保手续、担保登记（包括但不限于抵质押登记）是否存在瑕疵，是否合法有效，甲方对因此形成的风险及损失不承担任何责任，均由丙方自行承担责任。

### 第二条　　贷款的发放

2.1 只有同时满足下列条件后，甲方才有义务发放贷款：

☐ 丙方在甲方开立对公结算账户的情形下：

　　在本合同生效后，丙方须在＿＿＿个工作日内将委托资金存入其在甲方开立的结算账户，用于发放委托贷款及支付委托贷款手续费及本合同约定的其他费用。丙方结算账户要素如下：

　　户　名：

　　开户银行：平安银行股份有限公司

　　账　号：

☑丙方将委托资金主动划入甲方指定账户的情形下：

　　在本合同生效后，丙方须在 5 个工作日内将委托资金从下述指定付款帐号存入甲方下述指定专用账户，用于发放委托贷款及支付委托贷款手续费及本合同约定的其他费用。

　　丙方指定付款账户要素如下：付款人户名：平安汇通平安金橙财富稳盈 453 号专项资产管理计划

　　开户银行：平安银行北京光华路支行

　　账　号：19014520828004

　　甲方指定专用账户要素如下：

　　户　名：对公信贷过渡专用账户

　　开户银行：平安银行股份有限公司

　　账　号：99262056300010

2.2 委托贷款发放前，丙方须向甲方出具《委托贷款放款确认书》（见附件一），丙方向甲方出具《委托贷款放款确认书》即视为已经满足丙方要求的一切放款条件。如以甲方名义办理担保手续的情况下，丙方向甲方出具《委托贷款放款确认书》，即表明丙方对甲方办理的贷款及担保手续（包括但不限于保证、抵押、质押手续及相关的抵押、质押登记手续）完全同意并满意，丙方对该后果自行承担责任，甲方不承担任何责任。

本合同项下委托贷款若涉及分次发放的，则丙方仅需在首次发放时出具《委托贷款放款确认书》，该确认书对本合同项下整笔委托贷款（无论是否分次发放，也无论分次发放的具体次数）均有约束力。

2.3 委托贷款发放前，甲方收到丙方提出的书面异议，要求停止发放贷款的，甲方暂停发放

贷款。

2.4 委托贷款手续费

委贷手续费率按委托贷款本金余额的 0.1 %/年每日计算。计算方法如下：

W＝E1× 0.1 % ÷360

W 为每日应计算的委贷手续费

E1 为委托贷款本金余额

委贷手续费自委托贷款投放之日起，每日计算，并由丙方于 <u>平安汇通平安金橙财富稳盈 453
号专项资产管理计划</u> 收益分配日后 5 个工作日内支付，若资管计划委托财产现金形式资产不
足以支付的，则顺延至下一个工作日支付，以此类推。

收取方式为：

☐委托扣款，委托扣款帐号为丙方在甲方开立的对公结算帐号：

   户　　名：__/_____

   开户银行：　/

   账　　号：　/

☑主动划款，丙方主动将手续费划入甲方下述指定专用收费账户：

   户名：待处理委托贷款手续费

   账号：99262009800043

   开户行：平安银行北京分行

   大额支付号：307100003002

2.5 丙方委托甲方将委托贷款发放至乙方在甲方开立的结算账户内。乙方结算账户要素如下：

   户　　名：深圳市前海安星资产管理有限公司

   开户银行：<u>平安银行北京光华路支行</u>

   账　　号：11015194450001

☐2.6 本合同项下委托贷款可按照乙方、丙方约定分期发放：

__/__年_/__月_/__日__/__万元；__/__年_/__月_/__日__/__万元；

__/__年_/__月_/__日__/__万元；__/__年_/__月_/__日__/__万元；

__/__年_/__月_/__日__/__万元；__/__年_/__月_/__日__/__万元；

__/__年_/__月_/__日__/__万元；__/__年_/__月_/__日__/__万元；

2.7 因丙方原因致使甲方未按照合同约定划转委托贷款款项的，由丙方独立向乙方承担责任，
甲方不承担责任。如丙方要求甲方停止发放贷款等，需以书面形式向甲方发出指令，甲方接
受指令后可立即无条件执行丙方的指令。乙方如有异议，应直接向丙方提出或主张权利，而
不得向甲方提出或主张权利。

**第三条　　还款**

3.1 乙方按以下第 <u>(2)</u> 项还款方式归还贷款本金：

(1) 分期还本方式：

☐按☐月☐季☐年还本，每期应归还本金为____/____。

□按本合同附件二中所列的还款日期和金额分次还本。

□其他_____ / _____。

（2）到期一次性归还本金。

3.2 乙方按月还本的，本金还款日为贷款发放次月起每月的结息日；按季还本的，本金还款日为贷款发放后每三个月的结息日；按年还本的，本金还款日为贷款发放后每十二个月的结息日。

3.3 在本合同约定的还款日之前，乙方应将应还款项存入其在甲方开立的结算账户内，授权甲方按照如下划款路径将应还款项划入丙方指定账户。

□ 丙方在甲方开立对公结算账户的情形下：

　　乙方授权甲方在约定的还款日将应还款项划至丙方指定账户。

　　丙方指定账户要素如下：

　　户　　名：____/_____

　　开户银行：____/_____

　　账　　号：____/_____


☑委托资金由丙方主动划入甲方指定账户的情形下：

　　乙方授权甲方在约定的还款日将应还款项划至甲方指定专用账户，并进一步授权在同一个工作日之内从甲方指定专用账户划入丙方指定账户。

　　甲方指定专用账户要素如下：

　　户　　名：对公信贷过渡专用账户

　　开户银行：平安银行股份有限公司_____

　　账　　号：99262056300010


　　丙方指定收款账户要素如下：

　　户　　名：平安汇通平安金橙财富稳盈 453 号专项资产管理计划

　　开户银行：平安银行北京光华路支行

　　账　　号：19014520828004


3.4 乙方应按时足额地归还本合同项下的贷款本金及利息。

3.5 乙方在此不可撤销地授权甲方从乙方在平安银行所有营业机构开立的任一账户中扣收本合同项下到期贷款本息及相关费用。扣收所得款项不足以清偿乙方全部到期债务时，清偿顺序为费用、利息、本金。

3.6 丙方直接享有本合同及其项下的担保合同所约定的甲方作为贷款人所享有的一切权利，无论甲方是否行使本合同及其项下的担保合同（如有）约定的相关权利，丙方均以基于自身的判断直接依据本合同及其项下的担保合同的约定向乙方及其担保人提起诉讼或仲裁或采取其他法律措施。

3.7 提前还款

经乙方、丙方协商同意并以书面通知甲方，乙方可以提前部分或全部归还贷款本金和利

息。乙方提前归还本金应按照实际用款期间及本合同约定的贷款利率计算利息。

### 第四条  受托管理

委托贷款发放后，丙方委托甲方按照以下约定，对委托贷款进行管理：

4.1 委托管理期限

委托贷款管理期限的起始日为本合同项下委托贷款发放之日，到期日为甲方注销该委托贷款之日。

4.2 委托管理事项

（1）丙方委托甲方在受托管理期限内按照本合同的约定收取本合同项下贷款本金及利息、罚息、复利和违约金。

（2）甲方凭丙方与乙方共同出具的提前还款通知书办理提前还款手续。

（3）按照乙方、甲方、丙方三方及担保人（若有）共同签署的展期协议，办理贷款展期手续。

（4）本合同约定的还款日和结息日未能收取贷款本息的，甲方须及时通知丙方，并依据丙方书面指令发出催收通知单。

（5）因乙方或者委托贷款担保人违约，丙方向乙方及其担保人提起诉讼或仲裁或采取其他法律措施时，甲方给予必要的协助。

（6）按照中华人民共和国相关税收政策以及本合同约定代扣代缴相关的税金。

（7）甲方同意代理追索的，有权委托律师事务所进行，全部律师代理费用由丙方承担。丙方应及时给予甲方书面明确指示并按甲方要求提供文件资料，预付甲方在处理代理事务中发生的一切费用包括但不限于诉讼费、保全费、律师费。因丙方放弃诉讼权利或拒不支付前述费用或不及时给予指示、提供文件资料的，其后果由丙方自行承担。

（8）甲方同意代理追索的，甲方有权向乙方收取相关手续费，具体收费标准及收费金额由甲、乙方另行协商后以补充协议的方式进行约定。

### 第五条    保证、承诺

5.1 乙方保证与承诺如下：

（1）乙方承诺在本贷款合同项下，贷款发放后的一切经济法律纠纷，均由乙方、丙方自行解决，与甲方无关；

（2）乙方已完成签署本合同的所有授权和审批，签署本合同不会导致违反其与任何第三方签订的协议或承诺；

（3）乙方的资金用途必须符合中华人民共和国颁布的《商业银行法》、《贷款通则》、国家外汇管理局的相关规定，借款资金投向符合国家相关产业政策；

（4）乙方接受并保证配合丙方对贷款使用情况和乙方经营情况进行监督检查，允许丙方进入乙方经营场所，检查乙方资产、财务状况及经营情况；

（5）乙方应及时向丙方提供丙方要求的相关资料，并保证所提供文件和资料的真实、完整、客观；

（6）乙方变更居章程、法定代表人、住所、名称及其它工商登记事项的，应在有关事项

变更后 7 个工作日内书面通知甲方和丙方。若乙方不履行上述通知义务，甲方按照原住所、通讯地址寄送有关通知、文件的（具体包括但不限于合同履行过程中双方的通知、文件，仲裁或诉讼过程中的仲裁、诉讼相关材料和文书，案件执行过程中相关材料和文书等），视为已送达。

5.2 丙方保证与承诺如下：

（1）丙方承诺在本贷款合同项下，贷款发放后的一切风险（包括但不限于贷款本息不能收回的风险）均由丙方自行承担，与甲方无关；同意并理解甲方无贷前调查义务，同意并理解甲方不承担本合同项下任何贷款损失；丙方对本合同项下贷款的合法合规性、乙方和担保人资信状况、财务状况、生产经营状况、抵质押物状况、贷款项目可行性进行独立审查和判断；独立确定委托贷款的借款人、用途、金额、期限、利率和担保方式；贷款发放后，对乙方使用贷款的情况独立进行监督，自行关注乙方和担保人资信状况、财务状况、生产经营状况、抵质押物状况；委托贷款到期后或乙方出现可能影响债权实现的情形时，自行采取救济措施。丙方声明并承诺：丙方对甲方与借款人、担保人签订的相关贷款合同、担保合同的内容已明知，同意合同约定的所有条款，并承担由此产生的一切法律后果。

（2）丙方已完成签署本合同的所有授权和审批，签署本合同不会导致违反其与任何第三方签订的协议或承诺，因丙方资金来源合法性问题导致的损失，由丙方自行承担；

（3）丙方保证委托资金来源合法，不存在任何形式的纠纷，丙方具有将委托资金用于委托贷款的资格和权限，因丙方资金来源合法性问题导致的损失，由丙方自行承担；

（4）丙方保证及时足额将委托资金存入其在甲方开立的结算账户内；

（5）丙方应按照本合同约定，不可撤销地授权甲方及时足额向丙方扣收委托贷款手续费、甲方处理委托贷款事务中发生的费用以及违约金，且该等费用是不可追索的；

（6）丙方需要变更章程、法定代表人、住所、名称及其它工商登记事项时，应在有关事项变更后七个工作日内书面通知甲方；

（7）丙方负责自行申报及缴纳与本合同有关的营业税及附加等相关税费；

### 第六条　甲方权利、义务

6.1 甲方权利与义务如下：

（1）甲方承担的义务仅限于按照本合同约定事项"代为发放"和"协助收回"，不承担任何原因（包括但不限于因抵质押物、担保手续而形成的任何风险及损失）形成的任何形式的经济责任或法律风险；

（2）甲方不负责审查借款人的资信状况、财务状况以及贷款项目的可行性等，不负责审查担保人资信状况、押品状况及以及押品的监管等；

（3）乙方如在用款前无法完成丙方要求的用款前提条件，甲方有权单方解除本合同并书面通知乙方和丙方；

（4）已逾期 30 天未归还的委托贷款，丙方书面同意注销的，甲方有权对该笔贷款做账务终结处理；

（5）已逾期 30 天未归还的委托贷款，甲方有权以挂号邮件向丙方发出致委托人关于结

清平安银行委托贷款的函，函件发出 60 天后，仍未得到丙方书面回复，甲方有权对该笔贷款做账务终结处理；

（6）委托贷款已过诉讼时效且无时效中断依据的，甲方有权自行对该笔贷款做账务终结处理；

（7）乙方未按时归还贷款本息，且丙方未书面委托甲方代理追索的，甲方有权自行对该笔贷款做账务终结处理。

## 第七条    违约条款

**7.1 下列任一事件均可构成本条款所称乙方违约事件：**

（1）乙方未按本合同约定的用途使用贷款；

（2）乙方拖欠本金或利息、费用，以及拖欠按照本合同的约定应缴纳的相关税金；

（3）乙方违反所做的保证与承诺、本合同应履行的义务。

**7.2 有乙方违约事件发生时，甲方有权根据丙方的书面通知采取下列措施：**

（1）解除本合同；

（2）宣布本合同项下已发放的贷款本金全部提前到期，并要求乙方立即偿还所有贷款本金并结清利息；

（3）要求乙方提供丙方认可的担保措施；

（4）采取法律、法规规定的其他救济措施。

**7.3 下列任一事件均可构成本条款所称丙方违约事件：**

（1）丙方在甲方结算账户中资金不足以支付委托贷款本金、委托贷款手续费；

（2）丙方违反所做的保证与承诺、本合同应履行的义务。

**7.4 有丙方违约事件发生时，甲方有权采取下列措施：**

（1）解除本合同；

（2）要求丙方赔偿因违约给甲方造成的全部损失；

（3）要求丙方支付委托资金总额的___‰ 作为违约金；

（4）采取法律、法规规定的其他救济措施。

**7.5 乙方未按时足额偿还贷款本金，甲方从逾期之日起对逾期金额按照本合同约定的利率加 50%计收罚息；乙方未按本合同约定用途使用贷款的，从违反合同约定使用贷款之日起，甲方按照本合同约定的利率加 100%计收罚息。**

对不能按时支付的利息，按罚息利率计收复利。

**7.6 乙方承担甲方和丙方为实现债权所发生的费用（包括但不限于公证费、诉讼费、仲裁费、律师费、过户费、差旅费）。**

## 第八条 本合同无效或被撤销的后果

本协议项下委托关系及／或借款关系依法被认定为无效或被撤销时，按下列约定处理：

8.1 丙方和甲方之间的委托关系有效，而甲方和乙方之间借款关系无效或被撤销，甲方不因此承担任何法律责任，同时：

（1）如甲方尚未将委托资金交付给乙方，则乙方同意甲方应将委托资金退还给丙方，甲

方不承担任何法律责任；

（2）如甲方已经将委托资金交付给乙方，则丙方应当直接要求乙方返还委托资金，对于丙方所受到的损失，甲方不承担责任；

（3）如导致第三人损失，则乙丙双方根据各自的过错分担法律责任，甲方不承担责任。

8.2 如果委托关系无效或被撤销，但借款关系有效，则适用下列约定：

（1）如甲方尚未将委托资金交付给乙方，则乙方同意甲方应将委托资金退还给丙方，甲方不承担任何法律责任；

（2）如甲方已经将委托资金交付给乙方，则乙丙双方依法协商解决委托资金的处理，甲方不承担任何法律责任。

8.3 如果委托关系无效或被撤销，且借款关系无效或被撤销，则适用下列约定：

（1）如甲方尚未将委托资金交付给乙方，则乙方同意甲方应将委托资金退还给丙方，甲方不承担任何法律责任；

（2）如甲方已经将委托资金交付给乙方，则丙方应当直接要求乙方返还委托资金，对于丙方所受到的损失，甲方不承担责任；

（3）如导致第三人损失，则由乙丙双方根据各自过错分担法律责任，甲方不承担责任。

## 第九条 其他约定事项

本条项下约定事项与本合同其他内容不一致的，以本条约定为准。

9.1 本合同项下的委托贷款的担保方式如下：

（1）由甲方与贾跃亭、贾跃民☑分别□共同 签署保证合同，由该二自然人保证人对本合同项下的委托贷款债权提供连带责任保证担保。

（2）本合同项下的委托贷款发放（如为分次发放的，则为首次发放）后 20 个工作日内，【          】应以其持有的不低于 4.57%的乐视体育文化产业发展（北京）有限公司（以下简称"乐视体育"）股权向甲方提供质押担保，并办理完毕相关质押登记手续、向甲方交付全部质押登记证明文件。

9.2 甲方及丙方在此确认，如本第九条 9.1 款约定的任一担保事项未予依约落实，甲方有权宣布本合同项下已发放的委托贷款全部提前到期，并要求乙方立即偿还全部贷款本金并结清利息。

9.3 经甲方及丙方事先书面同意，【          】可将其所持有的用于质押的乐视体育股权以转让或处分收益权等方式予以处置变现，所得转让价款应当直接用于提前清偿其所担保的委托贷款债权。

9.4 本合同项下的委托贷款到期前，如乐视体育实现独立A股上市，则甲方有权宣布委托贷款提前到期并通知乙方提前偿还全部贷款本金并结清利息，乙方应于甲方发出通知(含该日)后的 3 个工作日内偿还届时委托贷款项下的全部未偿本金余额及应付利息。

## 第十条   附则

10.1 本合同项下的借款借据、《委托贷款放款确认书》及经三方确认的相关文件和资料均为本合同不可分割的组成部分，具同等法律效力。

10.2 甲方就本合同给予乙方、丙方的任何通知、要求或其它函件，一经按本合同记载的或按乙方、丙方已书面通知甲方变更后的地址发出后三个工作日即视为已送达乙方、丙方。

10.3 本合同生效后，任何一方不得擅自变更和解除本合同。

10.4 凡确定的选项，均统一采用在被选项框内划 √ 的方式确定。

**10.5 合同三方在履行本合同过程中所发生的争议，由三方协商解决；协商不成的，按下列第＿＿项方式解决：**

（1）向＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿申请仲裁，按照申请仲裁时该会实施的仲裁规则进行仲裁。仲裁裁决是终局的，对三方均有约束力。

（2）向甲方所在地人民法院提起诉讼。

（3）向＿＿＿＿＿＿＿＿＿＿＿＿人民法院提起诉讼。

10.6 本合同适用中华人民共和国法律。

10.7 本合同经各方当事人签署（应由其有权签字人签字或加盖印章，并加盖公章）后生效。

10.8 本合同正本一式＿陆＿份，甲方执二份，乙方☑丙方☑担保人□登记机关□各执一份。

　　乙方、丙方声明，完全理解本合同的条款及与之相关的担保合同条款及其他相关交易文件，同意并满意该等合同的所有条款及其他相关交易文件的内容，并承担由此产生的一切法律后果，并已就此（在需要时）获取过独立的法律咨询。

甲方（盖章）

法定代表人（负责人）或委托代理人（签字）：

签署日：    年    月    日



乙方（盖章）

法定代表人或委托代理人（签字）：

签署日：    年    月    日



丙方（盖章）

法定代表人或委托代理人（签字）：

签署日：    年    月



附件一：　　　　　　　　　　　　　**委托贷款放款确认书**

平安银行股份有限公司_____分（支）行：

　　根据_____年_____月_____日我单位（委托人）与贵行、_____（借款人）签订的合同编号为：_____的《委托贷款合同》，现正式通知贵行对借款人发放委托贷款，委托贷款的金额、期限、利率、发放方式、担保方式等均以该上述《委托贷款合同》的约定为准。同时，我单位（委托人）声明并承诺如下：

　　**我单位对贵行与借款人、担保人（若有）签订的相关贷款合同、担保合同（若有）的内容已明知，同意合同约定的所有条款，并承担由此产生的一切法律后果；我单位向贵行出具本确认书即视为已经满足我单位要求的一切放款条件。如以贵行名义办理担保手续的情况下，我单位向贵行出具本确认书，即同时表明我单位对贵行办理的贷款及担保手续（包括但不限于保证、抵押、质押手续及相关的抵押、质押登记手续）完全同意并满意，我单位对该后果自行承担责任，贵行不承担任何责任。**

委托人：

有权签字人：

日期：







附件二：　　　　　　　　**乙方借款本金分期还款表**

| 次数 | 还款日期 | 还款金额（大写） |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |

# 保证担保合同



保证担保合同

# 保证担保合同

合同编号：平银京视频保字 20160331 第 001 号

本《保证担保合同》的合同各方如下：

甲方（债权人）：平安银行股份有限公司 北京分行

地址： 北京市西城区复兴门内大街 158 号 5F      邮编： 100000

法定代表人： 刘树云                     职务：      行长

电话： 010-66292288

传真： 010-66292288


乙方（保证人）： 贾跃亭

证件种类*： 身份证          证件号码*： 14262319731215081X

（*乙方为单位时不填）

地址： 北京市朝阳区姚家园路 105 号 3 号楼 16 层          邮编： 100000

法定代表人**：                     职务**：

（**乙方为个人时不填）

电话： 010-50963113

传真： 010-50963113


为了保证甲方与 深圳市前海安星资产管理有限公司   （以下称"**债务人**"）签署的主合同（定义见下文）项下债务的履行，乙方愿作为保证人向甲方提供连带责任保证。甲乙双方经协商一致，现同意签订本合同，愿遵守以下条款。


## 第一条    保证及保证责任

### 1.1  保证担保的范围

本合同担保范围为（选择项内打"√"）：

√ 编号为 平银(北京)委贷字第 B008201603310001     号委托贷款 合同（以下称"**主合**

1

保证担保合同

同"）项下债务人所应承担的全部债务（包括或有债务）本金、利息、复利及罚息、违约金、赔偿金、实现债权的费用以及其他应付未付费用。债务本金最高额（余额）为（折合）<u>人民币（大写）壹拾贰亿肆仟叁佰万元整</u>。

□编号为＿＿＿＿＿＿＿＿号＿＿＿＿＿＿＿＿合同（以下称"**主合同**"）项下债务人所应承担的债务（包括或有债务）本金（折合）＿＿＿＿＿＿＿＿币（大写）中的（折合）＿＿＿＿＿币（大写）＿＿＿＿＿＿＿＿＿＿，以及相应的利息、复利、罚息、违约金、赔偿金、实现债权的费用以及其他应付未付费用。只要主合同项下债务未完全清偿，甲方即有权要求乙方就债务余额在上述担保范围内承担担保责任。

□编号为＿＿＿＿＿＿＿＿号＿＿＿＿＿＿＿＿合同（以下称"**主合同**"）项下债务人尚未清偿的全部债务本金（折合）＿＿＿＿＿＿＿币（大写）＿＿＿＿＿＿＿＿＿及其利息、复利、罚息、违约金、赔偿金、实现债权的费用以及其他应付未付费用。

□ ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

**利息、罚息、复利按主合同的约定计算，并计算至债务还清之日止。实现债权的费用包括但不限于公告费、送达费、鉴定费、律师费、诉讼费、差旅费、评估费、拍卖费、财产保全费、强制执行费等。**

人民币以外的币种汇率按各具体业务实际发生时甲方公布的外汇牌价折算。

## 1.2 保证期间

√从本合同生效日起至主合同项下债务履行期限届满之日后两年。

□自主合同生效之日起至＿＿＿＿＿＿＿＿＿＿＿房产办妥以甲方为抵押权人的房产抵押登记并将有关权属证明交由甲方收执之日止。

□从本合同生效日起直至＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿。

□ ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿。

保证期间，甲方依法将其债权转让给第三人的，乙方在此确认并同意在原保证的范围内继续承担保证责任。甲方无须另行取得乙方同意。

## 1.3 保证担保的方式

乙方在本合同项下的保证担保方式为连带责任保证担保。

**1.4 本合同有效期内，无论甲方对被担保债务是否拥有其他担保（包括但不限于保证、抵押、质押等担保方式），不论上述其他担保何时成立、是否有效、甲方是否向其他担保人提出权利主张，也不论是否由第三方同意承担主合同项下的全部或部分债务，也不论其他担保是**

2

否由债务人自己所提供，乙方均不得主张其在本合同项下的保证责任因此减轻或免除，甲方均有权直接要求乙方依照本合同的约定在其担保范围内承担连带责任，并且乙方同意甲方在各项担保中自主选择实现担保的顺序与额度。无论甲方过去、现在或将来是否已经、将要或可能放弃（包括但不限于放弃抵押权或其他担保权利、放弃抵押权或其他担保权利的顺位）、变更（包括但不限于变更抵押权或其他担保权利的顺位、担保金额或范围）、减免债务人或任何第三方过去、现在或将来已经、将要或可能提供的任何抵押权、质权或保证或其他任何形式的担保，乙方均不得主张保证责任的减轻或免除，甲方均有权直接要求乙方在其担保范围内承担连带责任。

1.5 本合同独立于主合同，并且本合同项下的担保是持续有效、不可撤销和无条件的。主合同的任何条款成为无效、非法或不可执行不应影响本合同的有效性、合法性或可执行性。

## 第二条    保证责任的履行

2.1 当债务人未按主合同的约定履行到期（含提前到期，下同）债务时，乙方保证在接到甲方书面索付通知后 3 个工作日内无条件地代为偿付。任何经甲方发出的债务人未履行到期债务的文件，均可作为要求乙方付款的书面索付通知。

2.2 乙方在此不可撤销地授权甲方从乙方在平安银行所有营业机构开立的任一账户中直接扣收甲方对债务人的到期债务本息及费用。甲方在扣收后书面通知乙方，并有权继续向乙方追索不足部分。扣收所得款项不足以清偿全部到期债务时，债务人逾期 90 天以内的（含90 天），本息的偿还顺序为：（1）费用 （2）利息(含罚息、复利)；（3）本金。债务人逾期90 天以上的，垫款本息的偿还顺序为：（1）费用；（2）本金；（3）利息（含罚息、复利）。

## 第三条    保证人陈述与保证

乙方就本合同的签署及履行向甲方作出如下陈述与保证：

3.1 乙方为机构的，其保证是依法成立并有效存续的机构，拥有与签署及履行本合同相应的民事权利能力和民事行为能力。乙方为自然人的，其保证拥有与签署及履行本合同相应的民事权利能力和民事行为能力。

3.2 乙方为机构的，其保证签署本合同所需的外部批准和内部授权程序都已完成，签署本合同的是乙方的有权签字人，并且本合同一经签署即对乙方具有法律约束力。乙方为自然人的，其保证签署本合同的是其本人，并且本合同一经签署即对乙方具有法律约束力。

3.3 除已书面向甲方披露的情况之外，乙方未隐瞒任何已发生或即将发生的可能导致保证能

3

力明显下降或丧失的事件和行为。

3.4 若乙方已经或将与债务人签订反担保协议或类似协议，该协议在法律上或事实上将不会损害甲方在本合同项下的任何权利和利益。

3.5 乙方确认已经充分了解债务人的资产、债务、经营、信用、信誉等情况；对债务人是否具备签订主合同的主体资格和权限以及主合同的所有内容亦已充分了解。

3.6 乙方保证在签署本合同之前已经仔细阅读了本合同，对双方之间的有关权利、义务和责任条款的法律含义有准确的理解，并对本合同的所有条款均无异议。

3.7 如果本合同的签署或本合同所载交易的履行需要由乙方获得相关政府机构授权、批准或同意的，乙方保证已获得此等授权、批准或同意，且此等授权、批准或同意持续具有完全的效力。

3.8 乙方保证本合同的签署或本合同所载交易的履行不会违反现行有效的法律和其他相关规定，也不会与其已签署的其它有约束力的法律文件或已订立的其它交易相冲突。

3.9 乙方自愿为债务人提供担保，其在本合同项下的全部意思表示是真实的。

本合同中所述的乙方各项陈述与保证，均被视为由乙方在自本合同签署之日起至本合同被解除或履行完毕之日止的期间内的任何时间、基于届时存续的事实和情形重新作出。



## 第四条　保证人权利与义务

4.1 乙方有权要求甲方对其提供的资料承担保密义务，但法律法规或监管机关另有规定或双方另有约定或乙方提供的资料不构成秘密信息的除外。

**4.2 乙方已认真阅读了主合同，并确认所有条款。**

**甲方和债务人对主合同的变更无需征得乙方的同意，乙方仍继续对变更后的主合同承担连带保证责任。但增加债务本金金额和延长贷款期限的，如未征得乙方书面同意，乙方仍按原主合同规定的金额和期限承担担保责任。**

4.3 乙方接受并保证配合甲方对乙方经营情况和担保能力进行监督检查，允许甲方进入乙方经营场所，检查乙方资产、财务状况及经营情况。

**4.4 □乙方发生重大产权转让、体制变更或债权债务转让行为之前，应当事先将有关事项通知甲方，乙方应取得甲方书面同意后方可进行。**

□乙方有下列情形之一时，应提前三十天书面通知甲方，如甲方认为可能对本合同履行造成重大影响的，乙方应取得甲方书面同意后方可进行：

（1）经营体制、股权结构、产权组织形式及主营业务发生重大变化，包括但不限于实施承包、租赁经营、联营、股份制改造、合（兼）并、收购、合资（合作）、分立、设立子

4

公司、发生托管（接管）、企业出售、产权转让、减资等；

（2）出售、赠与、出借、转移、抵（质）押及其他方式处分价值超过净资产10%的重要资产；

（3）分红超过当年税后净利润的30%或者超过全部未分配利润的20%；

（4）合同生效后新增对外投资超过净资产的20%；

（5）更改与其他银行的债务条款，提前清偿其他长期债务；

（6）偿还对乙方股东债务；

（7）向其他银行申请授信，或向第三方提供担保，或减免第三方债务，涉及债务金额超过净资产的20%。

**4.5 乙方应在下列事项发生或可能发生之日起七个工作日内书面通知甲方，甲方有权根据事项具体情况决定是否要求乙方和债务人追加担保或直接收回全部贷款：**

（1）经营、财务状况恶化；

（2）被有权机关实施以高额罚款，或涉及重大法律纠纷；

（3）乙方、乙方股东、乙方法定代表人或主要管理人员涉及重大案件或主要资产被采取了财产保全等强制措施，乙方的法定代表人或主要管理人员出现无法正常履行职责的事件；

（4）向第三方提供担保，对其财务状况或履行本合同项下义务的能力产生重大不利影响；

（5）歇业、停业整顿、解散、关闭、破产，被吊销营业执照；

（6）经济情况恶化如失业、单位破产或个人财产遭受重大损失、个人身体情况发生重大不利变化、乙方与配偶离婚及其他可能影响乙方履行本合同能力的事项。

（7）其他足以影响乙方经营活动和甲方贷款安全的重大事件或违约事件。

4.6 乙方若发生变更住所、通讯地址、联系电话及营业范围、法人代表（工作单位）等事项，应在有关事项变更后七个工作日内书面通知甲方。若乙方不履行上述通知义务，甲方按照原通讯地址寄送有关通知、文件的，视为已送达。

☐4.7 乙方保证在贷款期内保持合理的财务比率。

贷款期内财务指标达到以下标准：

_____／_____

_____

_____

。

## 第五条    违约条款

**5.1 下列任一事件均可构成本条款所称违约事件：**

（1）乙方不及时足额履行代偿责任；

（2）乙方违反所做的陈述与保证或有其他不履行本合同义务的行为；

（3）乙方转移财产、抽逃资金；

（4）乙方在履行与甲方或其他银行签订的其他合同时有违约行为；

保证担保合同

（5）乙方的经营、财务状况已发生重大不利变化。

**5.2 有违约事件发生时，甲方有权采取下列措施：**

（1）要求乙方立即履行代偿责任；

（2）要求乙方提供甲方认可的担保措施；

（3）甲方依法向乙方的债务人主张代位求偿权，或请求法院撤销乙方放弃其到期债权或者
无偿转让财产、以明显不合理低价转让财产的行为，乙方需按照甲方的要求提供一切必要配
合与协助，甲方由此产生的各项费用由乙方承担。

（4）采取法律、法规规定的其他救济措施。

### 第六条 其他约定事项

_____

_____

_____

_____

### 第七条  附则

7.1 □双方同意对本合同办理强制执行公证

本合同经双方办理赋予强制执行效力的公证后，乙方不履行或不完全履行合同约定的义
务，甲方有权向原公证机关申请执行证书，并凭原公证书及执行证书向有管辖权的人民法院
（即被执行人住所地或者被执行人的财产所在地的人民法院）申请执行。

□本合同不办理强制执行公证

**7.2 乙方同意并授权甲方在本合同有效期内向金融信用信息基础数据库和其他依法设立的
征信机构查询乙方个人（企业）信息及信用信息，乙方同意并授权甲方依据《征信业管理
条例》的规定，将乙方个人（企业）信息和信用信息，包括但不限于信贷信息及对信息主
体信用状况构成负面影响的信息，报送金融信用信息基础数据库和其他依法设立的征信机
构。**

7.3 凡选项，均统一采用在被选项框内划√的方式确定。

7.4 甲乙双方在履行本合同过程中所发生的争议，由双方协商解决；协商不成的，任何一方
均应向甲方所在地人民法院提起诉讼。

7.5 本合同适用中华人民共和国法律。

6

保证担保合同

7.6 本合同经各方当事人签署（若当事人为自然人，本合同应由该当事人签字，若当事人为法人或其他组织，则本合同应由其法定代表人或授权代表签字，并加盖公章）后生效。

7.7 本合同当事人之间通知的送达以邮递（包括特快专递、平信邮寄、挂号邮寄）方式发出后三个工作日即视为已送达；以传真或其他电子通讯方式，以发送之日视为送达日；专人送达，以收件人签收之日视为送达日。同时采用上述两种或两种以上方式的，以其中最快达到对方者为准。

7.8 本合同正本一式六份，甲乙方各执两份，债务人留存两份。

（本页以下无正文）

保证担保合同

（本页为签署页，无正文）



甲方单位公章（签署处）：

法定代表人或授权代表签字：

　　　年　　　月　　　日

乙方（为单位时）公章（签署处）：　　　乙方（为个人时）

法定代表人或授权代表签字：　　　　　　本人签字：

　　　年　　　月　　　日　　　　　　　　　年　　　月　　　日

8

# 北京市高级人民法院

# 民事判决书

（2017）京民初 63 号

原告：平安银行股份有限公司北京分行，住所地北京市西城区复兴门内大街 158 号。

负责人：李岩，行长。

委托诉讼代理人：高登立，北京市华城律师事务所律师。

委托诉讼代理人：吴敏，北京市华城律师事务所实习律师。

被告：贾跃亭，男，1973 年 12 月 15 日出生，汉族，身份证住址山西省临汾市尧都区解放西路 31 号。

委托诉讼代理人：邹义，北京中书律师事务所律师。

委托诉讼代理人：王小倩，北京中书律师事务所律师。

被告：贾跃民，男，1968 年 1 月 10 日出生，汉族，身份证住址山西省临汾市尧都区水塔街 21 号 1 号楼 3 单元 501 室。

委托诉讼代理人：孟凡杰，北京中书律师事务所律师。

委托诉讼代理人：付玉琴，北京中书律师事务所律师。

原告平安银行股份有限公司北京分行（以下简称平安银行）与被告贾跃亭、被告贾跃民保证合同纠纷一案，本院于 2017 年 7 月 3 日立案后，依法适用普通程序，公开开庭进行了审理。原告平安银行的委托诉讼代理人高登立、吴敏、被告贾跃亭的委托诉讼代理人邹义、王小倩、被告贾跃民的委托诉讼代理人孟凡杰、付玉琴到庭参加了诉讼。本案现已审理终结。

原告平安银行向本院提出诉讼请求：1、判令贾跃亭、贾跃

1

民立即连带偿还平安银行贷款本金 124 300 万元。2、案件诉讼
费用由贾跃亭、贾跃民承担。

事实和理由：平安银行、深圳市前海安星资产管理有限公司
（以下简称前海公司）与深圳平安大华汇通财富管理有限公司
（以下简称大华公司）分别作为受托贷款人、借款人、委托贷款
人于 2016 年 3 月 31 日签订《委托贷款合同》，约定大华公司委
托平安银行向前海公司发放贷款 124 300 万元用于补充企业流动
资金，贷款期限为 3 年，贷款利率为年利率 6.5%，大华公司委
托平安银行在受托管理期限内按照合同约定收取本合同项下贷
款本金及利息、罚息、复利和违约金等，同时约定由贾跃亭、贾
跃民作为保证人对本合同项下的委托贷款债权提供连带责任保
证担保。2016 年 3 月 31 日，平安银行作为债权人分别与贾跃亭、
贾跃民签订编号为平银京视频保字 20160331 第 001 号《保证担
保合同》、平银京视频保字 20160331 第 002 号《保证担保合同》，
约定贾跃亭、贾跃民作为保证人均对《委托贷款合同》项下债务
人所应承担的全部债务本金、利息、复利等承担连带责任保证担
保。

贾跃亭为进行融资于 2016 年 3 月 15 日与平安证券有限责任
公司（以下简称平安证券公司）签署《平安证券有限责任公司股
票质押式回购交易业务协议》及相关《平安证券有限责任公司股
票质押式回购交易补充协议》，并签署相关《平安证券有限责任
公司股票质押式回购交易协议书》，就贾跃亭与平安证券公司的
权利义务进行了明确约定。贾跃亭、贾跃民与前海公司分别向平
安银行与大华公司出具《承诺函》，明确如贾跃亭在上述股票质
押式回购业务中存有该笔业务相关协议约定的违约情形，可自动
视为债务人前海公司严重违反《委托贷款合同》，平安银行与大

2

华公司均有权解除《委托贷款合同》,《委托贷款合同》项下已发放的贷款本金全部提前到期,保证人须按照《保证担保合同》约定的担保范围承担连带保证责任。2016 年 6 月 20 日,贾跃亭在上述股票质押式回购业务中到期未付利息,严重违反上述股票质押式回购业务相关协议的约定。

鉴于贾跃亭违反上述股票质押式回购业务相关协议约定,到期未付相应利息,依据相关合同约定,贾跃亭的违约行为视为债务人前海公司严重违反《委托贷款合同》,《委托贷款合同》项下已发放的贷款本金全部提前到期,保证人须按照《保证担保合同》约定的担保范围承担连带保证责任。本案中由于贾跃亭在股票质押式回购业务中违反协议约定,作为保证人的贾跃亭、贾跃民应依据《承诺函》偿还平安银行全部贷款本金。

被告贾跃亭辩称,一、本案诉争债务名为借贷,实为投资,平安银行主张的 124 300 万元款项的性质是投资款,而非贷款。本案诉争的贷款关系不成立,基于贷款关系而设立的保证担保亦不成立。平安银行无权向贾跃亭主张连带保证责任,依法应驳回其全部诉讼请求。

平安银行、借款人前海公司以及委托贷款人大华公司在签订《委托贷款合同》之前,曾就平安银行及其关联方投资乐视体育文化产业发展(北京)有限公司(以下简称乐视体育)一事达成合意并作出相应安排。《委托贷款合同》的签订即是投资方投资乐视体育项目的众多安排之一,各方在《委托贷款合同》第 9.4 条中,对投资方在投资项目中的退出事宜也进行了约定:"本合同项下的委托贷款到期前,如乐视体育实现独立 A 股上市,则甲方有权宣布委托贷款提前到期并通知乙方提前偿还全部贷款本金……"。

《委托贷款合同》签订后，平安银行将本案诉争投资款项汇至其指定的前海公司账户，并由前海公司通过其持股 99.9%的子公司——深圳市平银能矿投资管理有限公司（以下简称平银能矿）向乐视体育进行直接投资。平银能矿于 2016 年 11 月变更为乐视体育的股东，持有乐视体育 4.63%的股权。至此，平安银行及其关联方已完成对乐视体育的间接投资。

针对乐视体育投资项目及贾跃亭与平安银行及其关联方之前的其他合作业务，贾跃亭曾向平安银行、大华公司等相关主体出具《承诺函》。《承诺函》"鉴于"条款第二段、第四段中对乐视体育投资项目与《委托贷款合同》之间的关系进行了明确。其中，"鉴于"条款第二段载明："本人与平安银行股份有限公司北京分行已于 2016 年 3 月 31 日签署……以上《保证担保合同》、《委托贷款合同》以及其他相关协议所对应的业务可单独或统称为'乐视体育增资扩股业务'。"第四段载明："本人在知晓、理解上述《保证担保合同》、《委托贷款合同》……乐视体育文化产业发展（北京）有限公司（在《委托贷款合同》所对应乐视体育增资扩股业务中作为以融得资金进行增资扩股的公司）之间的股东……"

从平安银行及其关联方的系列操作、相关方为投资乐视体育的目的而签署的《委托贷款合同》及平安银行要求贾跃亭出具的《承诺函》之相关约定可以看出，平安银行主张的 124 300 万元款项的性质是投资款，而非贷款。本案诉争的贷款关系自始不成立，故基于贷款关系而设立的保证担保亦不成立。平安银行向贾跃亭主张连带保证责任，无事实依据更无法律依据，依法应驳回其全部诉讼请求。

二、即使假设本案诉争款项性质是贷款，平安银行亦无权向

4

贾跃亭主张权利，依法应驳回其全部诉讼请求。

（一）平安银行仅为本案诉争贷款的受托贷款人，在没有委托贷款人大华公司明确的书面指示之情形下，平安银行无权向贾跃亭主张权利。

本案诉争贷款属于委托贷款，由大华公司作为委托贷款人，委托平安银行向前海公司发放款项。三方在《委托贷款合同》中对各方之间的权利义务关系进行了详细约定。其中，第1.8条约定："即使担保合同以甲方（即平安银行）名义订立，甲方仅作为代理人，担保权益及其相关责任、风险均归属丙方（即大华公司）……"第4.2条第（7）款约定："甲方（即平安银行）同意代理追索的，丙方（即大华公司）应及时给予甲方书面明确指示并按甲方要求提供文件资料。"第6.1条第（1）款约定："甲方（即平安银行）承担的义务仅限于按照本合同约定事项'代为发放'和'协助收回'……"

根据上列合同条款的约定，大华公司作为委托贷款人实际享有合同项下贷款人所享有的一切权利。平安银行仅是受托贷款人，除了"代为发放贷款"及"协助收回贷款"之外，不再享有任何其他权利。在借款人出现违约情形时，大华公司若拟委托平安银行代理追索，则应当依照《委托贷款合同》的约定向平安银行重新出具明确的书面指示。本案中，平安银行并未提交任何证据证明大华公司向其出具了该等明确授权或任何载有相同意思表示的书面指示。因此，平安银行并无提起本案诉讼的权利基础，依法应当驳回其全部诉讼请求。

（二）平安银行并未按照《保证担保合同》的约定向贾跃亭发出书面索付通知，贾跃亭承担保证责任的条件尚未成就，应当驳回平安银行的诉讼请求。

5

根据平安银行与贾跃亭签署的《保证担保合同》第2.1条的约定，当债务人未按主合同的约定履行到期债务时，平安银行应当首先向贾跃亭发出书面索付通知，贾跃亭在接到平安银行的书面通知后三个工作日内履行责任。本案中，平安银行从未向贾跃亭发出过该等书面索付通知。故贾跃亭承担担保责任的条件尚未成就，应当驳回平安银行的诉讼请求。

三、要求贾跃亭承担连带保证责任，属于过度担保、重复担保、互联互保，此举措使有限责任无限化，背离了有限责任公司制度设立的初衷，贾跃亭的担保责任应归于无效。

最高人民法院法官在《让司法为金融回归本源提供价值引领》中就个人为企业承担连带保证责任进行过深度论述，"让金融回归本源，必须真正实现商事法律制度中的合同自由原则。长期以来，受金融市场融资难、风险大、利率高等因素影响，导致金融领域政府与市场的关系复杂，严重影响了市场在金融资源配置中的决定性作用。同时，金融机构为了降低风险，单方要求合同另一方提供除不动产抵押之外的第三人连带保证责任，导致过度担保、重复担保、互连互保，最终使有限责任无限化，背离了有限责任公司制度设立的初衷。由于金融机构在签订借贷合同时只注重通过担保制度对贷款风险进行管控，而放松了对资金流向、产品市场、企业信誉等其他因素的考量。一旦发生债务危机，所有提供无限担保责任的企业和家庭依法必将背负沉重的债务，有的具有发展潜力的企业因担保责任而面临破产，有的家庭夫妻离婚、父子反目。因此，只有坚持市场导向，恪守合同自由，才能真正提高履约的保障，防止用单一的担保制度替代合同签约时的审查和注意义务。"

对待民营企业贷款及担保之审判须持审慎态度。在企业融资

难的背景下，出借人为了最大限度降低自身风险，在合同签订时
要求与公司有关的股东、实际控制人等在公司已提供足够担保措
施外继续签署保证合同，承担无限连带责任担保，否则不予提供
借款。公司为获得借款，不得已接受不平等条约，使公司作为有
限责任主体的债务，与公司股东、实际控制人的个人及家庭债务
混为一谈，使公司资产与个人资产、家庭资产混为一谈，违背民
事有限责任的基础，长此以往，公司有限责任制度将名存实亡。
故为维护公司法基石、维护公正平等的民事法律行为准则、维护
社会安定团结，司法实践中对于个人为公司债务承担无限连带保
证责任的情形应审慎对待，使个人不当的、重复的担保责任归于
无效。

综上，本案诉争债务名为借贷，实为投资，贷款关系不成立，
基于贷款关系而设立的保证担保亦不成立，平安银行无权向贾跃
亭主张连带保证责任；即使在假设本案诉争款项是贷款的情形
下，平安银行亦无权向贾跃亭主张权利；为保障贾跃亭的合法权
益及法律的公平正义，请求法院查明本案事实，驳回平安银行的
全部诉讼请求。

被告贾跃民的答辩意见与贾跃亭的答辩意见相同。

当事人围绕诉讼请求依法提交了证据，本院组织当事人进行
了证据交换和质证。对当事人无异议的证据，本院予以确认并在
卷佐证。对有争议的证据，本院认定如下：

贾跃亭、贾跃民提交了"深圳市平银能矿投资管理有限公司"
和"乐视体育文化发展（北京）有限公司"的企业信用信息公示
报告，用以证明本案诉争贷款有名为借贷、实为投资的交易背景。
本院确认上述证据的真实性，但上述证据与本案没有关联性。

本院经审理查明：2016 年 3 月 30 日，甲方（受托贷款人）

7

平安银行与乙方（借款人）前海公司、丙方（委托贷款人）大华公司签订《委托贷款合同》，约定：贷款金额为 124 300 万元，贷款期限 3 年。实际贷款金额和起止日期以借款借据为准。贷款利率执行年利率 6.5%。每月 20 日为结息日，乙方按季付息。贷款到期日为最后一次结息日，利随本清。

乙方未按时足额偿还贷款本金，甲方从逾期之日起对逾期金额按照本合同约定的利率加 50% 计收罚息。对不能按时支付的利息，按罚息利率计收复利。

乙方承担甲方和丙方为实现债权所发生的费用（包括但不限于公证费、诉讼费、仲裁费、律师费、过户费、差旅费）。

由甲方与贾跃亭、贾跃民分别签署保证合同，由该二自然人保证人对本合同项下的委托贷款债权提供连带责任保证担保。合同还约定了其他条款。在签章栏处，贾跃亭、贾跃民分别作为担保人签字。

甲方（债权人）平安银行还与乙方（保证人）贾跃亭签订了编号为平银京视频保字 20160331 第 001 号的《保证担保合同》，约定：为了保证甲方与前海公司签署的《委托贷款合同》项下债务的履行，乙方愿作为保证人向甲方提供连带责任保证。保证担保的范围是《委托贷款合同》项下债务人所应承担的全部债务本金、利息、复利及罚息、违约金、赔偿金、实现债权的费用以及其他应付未付费用。债务本金最高额为 124 300 万元。乙方在本合同项下的担保方式为连带责任保证担保。无论甲方对被担保债务是否拥有其他担保（包括但不限于保证、抵押、质押等担保方式），不论上述其他担保何时成立、是否有效、甲方是否向其他担保人提出权利主张，也不论是否由第三方同意承担主合同项下的全部或部分债务，也不论其他担保是否由债务人自己所提供，

8

乙方均不得主张其在本合同项下的保证责任因此减轻或免除，甲方均有权直接要求乙方依照本合同的约定在其担保范围内承担连带责任，并且乙方同意甲方在各项担保中自主选择实现担保的顺序与额度。合同还约定了其他条款。

甲方（债权人）平安银行还与乙方（保证人）贾跃民签订了编号为平银京视频保字 20160331 第 002 号的《保证担保合同》，该合同内容与平银京视频保字 20160331 第 001 号《保证担保合同》的内容基本一致。

2016 年 3 月 15 日，甲方（融入方）贾跃亭与乙方平安证券公司签订《平安证券有限责任公司股票质押式回购交易业务协议》，约定：甲方自愿按照合同约定将其合法持有的标的证券质押给乙方或乙方管理的集合资产管理计划、定向资产管理客户，向乙方或乙方管理的集合资产管理计划、定向资产管理客户申请融入资金；本合同约定的期限届满后，甲方向乙方或乙方管理的集合资产管理计划、定向资产管理客户返还资金并支付约定的利息后，乙方解除对该标的证券的质押。甲方未按本协议约定按时足额支付利息构成甲方违约。协议还约定了其他内容。

之后，贾跃亭与平安证券公司陆续签订了《平安证券有限责任公司股票质押式回购交易补充协议》、《平安证券有限责任公司股票质押式回购交易补充协议Ⅱ》、《平安证券有限责任公司股票质押式回购交易补充协议Ⅲ》、《平安证券有限责任公司股票质押式回购交易补充协议Ⅳ》。

贾跃亭曾向平安银行、平安证券公司、大华公司、深圳英大资本管理有限公司（以下简称英大资本）出具《承诺函》，载明：

鉴于：贾跃亭与平安证券公司已签署《平安证券有限责任公司股票质押式回购交易业务协议》及相关《平安证券有限责任公

9

司股票质押式回购交易补充协议》，并签署了《平安证券有限责任公司股票质押式回购交易协议书（初始交易）》，将证券代码为300104的3875万股高管锁定股质押于平安证券公司，通过平安证券公司管理的平安证券−平安汇通−平安银行3号定向资产管理计划，以股票质押式回购交易的方式，共进行了金额为81 528万元的融资（以上交易业务协议、补充协议、交易协议书所对应业务可单独或统称为股票质押式回购业务）。

　　贾跃亭与平安银行已于2016年3月31日签署编号为平银京视频保字20160331第001号的《保证担保合同》，为《委托贷款合同》项下债务人前海公司所应承担的全部债务承担连带保证担保责任。

　　贾跃亭本人不可撤销地向平安证券公司、平安银行、大华公司及英大资本明确、承诺：若贾跃亭在股票质押式回购业务中存有该笔业务相关协议约定的违约情形，可自动视为债务人前海公司严重违反《委托贷款合同》，平安银行及／或《委托货款合同》项下委托贷款人大华公司均有权主张解除《委托贷款合同》、宣布《委托贷款合同》项下已发放的货款本金全部提前到期，并要求债务人前海公司立即偿还所有贷款本金并结清利息。对于上述情形，贾跃亭仍须按照《保证担保合同》约定的担保范围承担连带保证责任。《承诺函》还载明了其他内容。

　　贾跃民、前海公司、平银能矿曾向平安银行、大华公司出具《关于新增违约事项及担保人继续承担担保责任的承诺函》，载明：

　　鉴于：1、借款人前海公司已于2016年3月31日与受托贷款人平安银行、委托贷款人大华公司签署了《委托货款合同》；

2、贾跃亭与平安银行已于2016年3月31日签署编号为平银京视频保字20160331第001号的《保证担保合同》、贾跃民与平安银行已于2016年3月31日签署编号为平银京视频保字20160331第002号的《保证担保合同》、平银能矿与平安银行已于2016年3月31日签署编号为平银京视频质字20160331第001号《质押担保合同》，共同为《委托贷款合同》项下借款人前海公司提供担保；

3、贾跃亭与平安证券公司已签署《平安证券有限责任公司股票质押式回购交易业务协议》及相关《平安证券有限责任公司股票质押式回购交易补充协议》，通过平安证券公司管理的资产管理计划，以股票质押式回购交易的方式，共进行了金额为81 528万元的融资，并签署了《平安证券有限责任公司股票质押式回购交易协议书（初始交易）》，将证券代码为300104的3875万股高管锁定股质押于平安证券公司（以上交易业务协议、补充协议、交易协议书所对应业务可单独或统称为股票质押式回购业务）；

4、贾跃亭已向平安银行、大华公司、平安证券公司及英大资本出具《承诺函》，在明确股票质押式回购业务与《委托贷款合同》等协议所对应乐视体育增资扩股业务存有不可分割联系性的基础上，就股票质押式回购业务出现违约情形时视为《委托贷款合同》项下借款人前海公司根本违约等事项作出了不可撤销的承诺。

在充分理解、尊重贾跃亭所作出《承诺函》效力的基础上，借款人前海公司、担保人贾跃民、平银能矿亦就相关事项作出以下不可撤销的承诺：

1、借款人前海公司认可《承诺函》全部内容，明确贾跃亭在股票质押式回购业务中违反该业务相关约定的违约行为，可自

动视为前海公司严重违反《委托贷款合同》，平安银行及／或《委托货款合同》项下委托贷款人大华公司均有权主张解除《委托货款合同》、宣布《委托贷款合同》项下已发放的贷款本金全部提前到期，并要求前海公司立即偿还所有贷款本金并结清利息；

2、担保人贾跃民、平银能矿认可《承诺函》全部内容，明确接受贾跃亭在股票质押式回购业务中违反该业务相关约定的违约行为，可自动视为前海公司严重违反《委托贷款合同》，平安银行及／或《委托货款合同》项下委托贷款人大华公司据此主张解除《委托货款合同》、宣布《委托贷款合同》项下已发放的货款本金全部提前到期，并要求前海公司立即偿还所有贷款本金并结清利息的，担保人贾跃民、平银能矿仍须按照与平安银行所签署的平银京视频保字20160331第002号的《保证担保合同》、平银京视频质字20160331第001号《质押担保合同》约定，承担担保义务。

2016 年 3 月 31 日，平安银行向前海公司发放贷款124 300 万元。

2017 年 6 月 23 日，平安银行向前海公司发出《委托贷款提前到期通知书》，载明：平安银行与前海公司及大华公司分别作为受托贷款人、借款人、委托贷款人于 2016 年 3 月 31 日签订编号为平银（北京）委贷字第 B008201603310001 号《委托贷款合同》，约定大华公司委托平安银行向前海公司发放贷款 124 300万元用于补充企业流动资金，贷款期限为 3 年，贷款利率为年利率 6.5％。大华公司委托平安银行在受托管理期限内按照合同约定收取本合同项下贷款本金及利息、罚息、复利和违约金等，同时约定由贾跃亭、贾跃民作为保证人对《委托贷款合同》项下的委托贷款债权提供连带责任保证担保。2016 年 3 月 31 日，平安

银行作为债权人分别与贾跃亭、贾跃民签订编号为平银京视频保字 20160331 第 001 号《保证担保合同》、平银京视频保字 20160331 第 002 号《保证担保合同》，约定贾跃亭、贾跃民作为保证人均对编号为平银（北京）委贷字第 B008201603310001 号《委托贷款合同》项下债务人所应承担的全部债务本金、利息、复利等承担连带责任保证担保。

　　另，贾跃亭为进行融资于 2016 年 3 月 15 日与平安证券公司签署《平安证券有限责任公司股票质押式回购交易业务协议》及相关《平安证券有限责任公司股票质押式回购交易补充协议》，并签署相关《平安证券有限责任公司股票质押式回购交易协议书》，就贾跃亭与平安证券公司的权利义务进行了明确约定。贾跃亭、贾跃民与前海公司分别向平安银行与大华公司出具《承诺函》，明确如贾跃亭在上述股票质押式回购业务中存有该笔业务相关协议约定的违约情形，可自动视为债务人前海公司严重违反《委托贷款合同》，平安银行与大华公司均有权解除《委托贷款合同》，《委托贷款合同》项下已发放的贷款本金全部提前到期，保证人须按照《保证担保合同》约定的担保范围承担连带保证责任。2016 年 6 月 20 日，贾跃亭在上述股票质押式回购业务中到期未付利息，严重违反上述股票质押式回购业务相关协议的约定。

　　鉴于贾跃亭违反上述股票质押式回购业务相关协议约定，到期未付相应利息，依据相关合同约定，平安银行特通知前海公司解除于 2016 年 3 月 31 日三方所签订的《委托贷款合同》，该合同项下委托贷款本金已全部提前到期。

　　2017 年 6 月 26 日，前海公司复函平安银行，称：平安银行所发送《委托贷款提前到期通知书》收悉，前海公司对平安银行

主张《委托贷款合同》解除及合同项下委托贷款提前到期等事项已知晓且无异议。

本院认为，贾跃亭、贾跃民和平安银行分别签订的《保证担保合同》，系各方当事人的真实意思表示，亦未违反法律法规的强制性规定，均属有效。平安银行与前海公司就《委托贷款合同》的解除已经达成合意，依据《最高人民法院关于适用〈中华人民共和国担保法〉若干问题的解释》第十条的规定，"主合同解除后，担保人对债务人应当承担的民事责任仍应承担担保责任。但是，担保合同另有约定的除外。"本案中，贾跃亭、贾跃民和平安银行没有另行约定，故贾跃亭、贾跃民仍应按照《保证担保合同》的约定承担相应的保证责任。贾跃亭和贾跃民承担保证责任后，有权向前海公司追偿。

对于贾跃亭、贾跃民认为本案系名为借款实为投资的答辩意见，本院认为，《委托贷款合同》签订后，大华公司委托平安银行向前海公司发放了案涉贷款。虽然在《委托贷款合同》以及贾跃亭的《承诺函》中均涉及乐视体育增资扩股，但均未影响《委托贷款合同》的性质和履行。贾跃亭、贾跃民亦未提交案涉贷款属于投资的证据。贾跃亭、贾跃民仅以主债务人前海公司与平银能矿之间存在股权关系，并以平银能矿是乐视体育的股东为由，认定本案为投资，没有事实和法律依据。故对于贾跃亭、贾跃民的此项答辩意见，本院亦不予采信。

对于贾跃亭、贾跃民关于承担保证责任的条件尚未成就的答辩意见，本院认为，平安银行在主债务加速到期后，确未向贾跃亭、贾跃民发出书面索付通知，但平安银行提起本案诉讼即可视为对贾跃亭、贾跃民的通知。故贾跃亭、贾跃民的此项答辩意见不成立，本院不予支持。

贾跃亭、贾跃民援引《保证担保合同》第1.8条、第4.2条、第6.1条的约定，认为平安银行作为受托贷款人，在没有大华公司书面指示的情形下，无权主张权利。对此，本院认为，《保证担保合同》第1.8条、第6.1条是对平安银行不承担风险和责任的约定，第4.2条是对大华公司在平安银行追索贷款过程中应当给予配合的约定，上述条款约定内容均不能得出平安银行无权主张权利的结论。贾跃亭、贾跃民对合同内容断章取义，其答辩意见，明显不能成立。

对于贾跃亭、贾跃民关于其担保属于过度担保、重复担保、互联互保的答辩意见，本院认为，贾跃亭和贾跃民的相关答辩意见与本案没有任何关联性，本院对其答辩意见均不予采信。

综上，依据《中华人民共和国合同法》第八条、《中华人民共和国担保法》第十八条、第三十一条、《最高人民法院关于适用〈中华人民共和国担保法〉若干问题的解释》第十条、第四十二条之规定，判决如下：

一、贾跃亭、贾跃民于本判决生效之日起十日内共同向平安银行股份有限公司北京分行支付贷款本金124 300万元；

二、贾跃亭、贾跃民承担本判决第一项确定的保证责任后，有权向深圳市前海安星资产管理有限公司追偿。

贾跃亭、贾跃民如果未按本判决指定的期间履行给付金钱义务，应当依照《中华人民共和国民事诉讼法》第二百五十三条之规定，加倍支付迟延履行期间的债务利息。

案件受理费6 256 800元、财产保全费5000元，均由贾跃亭、贾跃民共同负担（于本判决生效后七日内交纳）。

如不服本判决，可在判决书送达之日起十五日内，向本院递交上诉状，并按对方当事人的人数提出副本，同时按照不服本判

15

决部分的上诉请求数额，交纳上诉案件受理费，上诉于中华人民共和国最高人民法院。上诉期满后七日内仍未交纳上诉案件受理费的，按自动撤回上诉处理。

审　判　长　　赵红英

审　判　员　　魏　欣

审　判　员　　杨绍煜

二〇一八年十二月二十七日

本件与原本核对无异

书　记　员　　闫　妍

# 中华人民共和国最高人民法院
# 民 事 裁 定 书

(2019)最高法民终 1493 号

上诉人(原审被告):贾跃亭,男,汉族,1973 年 12 月 15 日出生。住山西省临汾市尧都区解放西路 31 号。

委托诉讼代理人:邹义,北京中书律师事务所律师。

委托诉讼代理人:王小倩,北京中书律师事务所律师。

上诉人(原审被告):贾跃民,男,汉族,1968 年 1 月 10 日出生。住山西省临汾市尧都区水塔街 21 号 1 号楼 3 单元 501 室。

委托诉讼代理人:孟凡杰,北京中书律师事务所律师。

委托诉讼代理人:付玉琴,北京中书律师事务所律师。

被上诉人(原审原告):平安银行股份有限公司北京分行。住所地:北京市西城区复兴门内大街 158 号。

负责人:李岩,该行行长。

上诉人贾跃亭、贾跃民因与被上诉人平安银行股份有限公司北京分行保证合同纠纷一案,不服北京市高级人民法院(2017)京民初 63 号民事判决,分别向本院提起上诉并申请免交上诉案件受理费。

经审查,贾跃亭、贾跃民提出的免交上诉案件受理费申请不符合《诉讼费用交纳办法》第四十五条的规定,本院以法院专递方式向两上诉人邮寄了《预交上诉案件受理费通知书》,限其于收到通知之次日起七日内分别预交上诉案件受理费 6256800 元,期满仍未预交的,按自动撤回上诉处理。2019 年 8 月 15 日两上诉人分别签收通知书后,均未在指定期限内预交上诉案件受理费。

1

　　本院认为，上诉人提起上诉后，应依照《诉讼费用交纳办法》第十三条第一款的规定预交上诉案件受理费，本院依法向两上诉人送达《预交上诉案件受理费通知书》后，仍未在指定期限内预交上诉案件受理费，应视为其放弃诉讼权利。依照《中华人民共和国民事诉讼法》第一百五十四条第一款第十一项、最高人民法院《关于适用<中华人民共和国民事诉讼法>的解释》第三百二十条的规定，裁定如下：

　　本案按上诉人贾跃亭、贾跃民自动撤回上诉处理，一审判决自本裁定书送达之日起发生法律效力。

　　本裁定为终审裁定。

审　判　长　　杨国香

审　判　员　　李惠清

审　判　员　　李志强

二〇一九年九月　日

书　记　员　　胡　玥

2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA  90067**

 A true and correct copy of the foregoing document entitled (*specify*):  ***NOTICE OF OBJECTION TO CLAIM [Claim #20041]*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **April 3, 2020,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **April 3, 2020,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

United States Bankruptcy Court
Central District of California
Attn:  Hon. Vincent Zurzolo
Edward R. Roybal Federal Bldg./Courthouse
255 East Temple Street, Suite 1360
Los Angeles, CA  90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 3, 2020 | Nancy H. Brown | | /s/ *Nancy H. Brown* |
|---|---|---|---|
| *Date* | *Printed Name* | | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:328782.1 46353/002

**SERVICE INFORMATION FOR CASE NO. 2:19-bk-24804-VZ**
**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

- Jerrold L Bregman    ecf@bg.law, jbregman@bg.law
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Stephen D Finestone    sfinestone@fhlawllp.com
- Richard H Golubow    rgolubow@wghlawyers.com,
  pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
- Alexandra N Krasovec    krasovec.alexandra@dorsey.com, claridge.vanessa@dorsey.com
- Ben H Logan    blogan@omm.com
- Robert S Marticello    Rmarticello@swelawfirm.com,
  gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- David W. Meadows    david@davidwmeadowslaw.com
- John A Moe    john.moe@dentons.com, glenda.spratt@dentons.com
- Kelly L Morrison    kelly.l.morrison@usdoj.gov
- Malhar S Pagay    mpagay@pszjlaw.com, bdassa@pszjlaw.com
- Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- Victor A Sahn    vsahn@sulmeyerlaw.com,
  pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.in
  foruptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com
- Randye B Soref    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- Benjamin Taylor    btaylor@taylorlawfirmpc.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Felix T Woo    fwoo@ftwlawgroup.com, admin@ftwlawgroup.com
- Claire K Wu    ckwu@sulmeyerlaw.com,
  mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com
- Emily Young    pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
- David B Zolkin    dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 2    **F 3007-1.1.NOTICE.OBJ.CLAIM**
DOCS_LA:328791.1 46353/002