**ALVAREZ & MARSAL NORTH AMERICA, LLC**
Richard Newman
540 W. Madison St., Suite 1800
Chicago, IL 60661
Telephone:   312.288.4056
Email:   rnewman@alvarezandmarsal.com

*Financial Advisor for*
*The Official Committee of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>Yueting Jia<br><br>            Debtor, | Chapter 11<br><br>Case No.: 2:19-bk-24804-VZ<br><br>**FIRST INTERIM FEE APPLICATION OF A&M AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF YUETING JIA FOR THE PERIOD FROM OCTOBER 30, 2019 THROUGH AND INCLUDING JANUARY 31, 2020**<br><br>**Hearing:**<br><br>Date:    May 7, 2020<br>Time:   1:30 p.m.<br>Place:   Courtroom 1368<br>            Roybal Federal Building<br>            255 E. Temple Street<br>            Los Angeles, CA 90012 |

FIRST INTERIM FEE APPLICATION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF YUETING JIA

1

**SUMMARY COVER SHEET TO THE FIRST INTERIM FEE APPLICATION OF A&M AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF YUETING JIA FOR THE PERIOD FROM OCTOBER 30, 2019 THROUGH AND INCLUDING JANUARY 31, 2020**

| | | |
|---|---|---|
| Name of Applicant: | Alvarez & Marsal North America, LLC ("A&M") | |
| Location of Applicant: | Chicago, Illinois | |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors of Yueting Jia | |
| Type(s) of Services Rendered: | Financial Advisor | |
| Petition Date: | October 24, 2019 | |
| Retention Date: | October 30, 2019 | |
| Date Order of Employment Signed: | December 12, 2019 [Dkt. 133] | |
| Date Applicant Filed Last Fee Application: | N/A | |
| Time Period Covered by Application: | **Beginning of Period** | **End of Period** |
| | October 30, 2019 | January 31, 2020 |
| Total Compensation Sought this Period: | $559,416.00 | |
| Total Expenses Sought this Period: | $15,986.32 | |
| Total Compensation Approved by Interim Order to Date: | N/A | |
| Total Expenses Approved by Interim Order to Date: | N/A | |
| Total Allowed Compensation Paid to Date: | N/A | |
| Total Allowed Expenses Paid to Date:[1] | N/A | |
| Blended Rate in this Application for all Professionals: | $649.35 | |
| Blended Rate in this Application for all Timekeepers: | $466.92 | |
| Compensation Sought in this Application Already Paid Pursuant to a Monthly Compensation Order but not yet Allowed | N/A | |

---

[1] Per the Honorable Vincent P. Zurzolo's *Notice of Standard to be Employed in the Review of Applications for the Allowance of Compensation and the Reimbursement of Expenses*, A&M respectfully submits that (i) no advance fee payment has been received, and (ii) no amount has yet been paid to A&M in this chapter 11 case.

FIRST INTERIM FEE APPLICATION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF YUETING JIA

2

| | |
|---|---|
| Expenses Sought in this Application Already Paid Pursuant to a Monthly Compensation Order but not yet Allowed | N/A |
| Number of Professionals Included in this Application[2] | 14 |
| If Applicable, Number of Professionals in this Application not Included in a Staffing Plan Approved by Client | N/A |
| If Applicable, Difference between Fees Budgeted and Compensation Sought for this Fee Period | N/A |
| Number of Professionals Billing Fewer than 15 Hours to the Case During this Fee Period | 6 |
| Are any rates higher than those approved or disclosed at retention? If yes, calculate and disclose the total compensation sought in this application using the rates originally disclosed in the retention application. | No |

Alvarez & Marsal North America, LLC
540 W. Madison St., Suite 1800
Chicago, IL 60661
312.288.4056

---

[2] Per the United States Trustee's Appendix A–Guidelines for Reviewing Applications for Compensation filed under 11 U.S.C. § 330, a summary of the total hours billed and total amount of billing for each timekeeper who billed time during the Fee Period is attached hereto as **Exhibit A**.

FIRST INTERIM FEE APPLICATION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF YUETING JIA

3

**TO THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES BANKRUPTCY JUDGE:**

Alvarez & Marsal North America, LLC ("**A&M**"), financial advisor for the Official Committee of Unsecured Creditors (the "**Committee**") of Yueting Jia (the "**Debtor**"), hereby submits its first interim fee application (this "**Fee Application**") for allowance of compensation for professional services provided in the amount of $559,416.00 and reimbursement of expenses in the amount of $15,986.32 that A&M incurred for the period from October 30, 2019 through and including January 31, 2020 (the "**Fee Period**"). In support of this Fee Application, A&M submits the declaration of Richard Newman (the "**Newman Declaration**"), which is attached hereto as **Appendix F** and incorporated by reference. In further support of this Fee Application, A&M respectfully states as follows:

### I.    JURISDICTION

1. The United States Bankruptcy Court for the Central District of California has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.

3. The Committee confirms consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory predicate for the relief sought herein are sections 330 and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Bankruptcy Rule 2016, and rule 2016-1

FIRST INTERIM FEE APPLICATION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF YUETING JIA

4

of the Bankruptcy Local Rules for the Central District of California (the "**Bankruptcy Local Rules**"), with recognition of the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013 (the "**U.S. Trustee Guidelines**).

6.  A&M will seek Court authority to be paid from the Debtor's estate for any and all fees incurred and expenses advanced and recognizes that all such fees and expenses will be subject to Court order after notice and a hearing pursuant to 11 U.S.C. §§330 and 331.

## II. RELIEF REQUESTED

### a. Request for Allowance and Payment of Fees and Expenses

7.  Pursuant to this Fee Application, A&M requests that the Court enter an order, substantially in the form attached hereto as **Appendix H** (a) awarding A&M interim compensation for professional services provided during the Fee Period in the amount of $559,416.00 and reimbursement of expenses in the amount of $15,986.32; (b) authorizing and directing the Debtor to remit payment to A&M for such fees and expenses; (c) approving fees and expenses incurred by A&M for the period from October 30, 2019 through and including January 31, 2020 on an interim basis; and (d) granting such other relief as is appropriate under the circumstances.

8.  During the Fee Period, A&M expended a total of 861.5 hours of recorded time for services rendered during the Fee Period resulting in fees of $559,416.00, which amounts to a blended rate of $649.35. A&M respectfully submits that its fees incurred in this Fee Period are reasonable.

9.  This is A&M's First Interim Fee Application. No prior fee applications have been previously submitted to or approved by this Court, and no amount has yet been received by A&M.

FIRST INTERIM FEE APPLICATION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF YUETING JIA

5

10. A&M has reviewed the requirements of Local Rule 2016-1 and the U.S. Trustee Guidelines, and this Application complies with this rule and the U.S. Trustee Guidelines.

### III. BRIEF NARRATIVE HISTORY, NARRATIVE STATEMENT OF SERVICES, AND SUMMARY OF EXPENSES PURSUANT TO LOCAL BANKRUPTCY RULE 2016-1

#### a. Brief Narrative History and the Present Posture of the Case.

##### i. *Description and History of the Debtor and a Summary of the Circumstances that Led to the Filing of the Debtor's Chapter 11 Case*

11. Debtor is the founder of several technology companies.

12. According to the Debtor's Chapter 11 Status Report ("**Status Report**") [Docket No. 199], the majority of his debts stem from his personal guaranties for businesses that he operated in the People's Republic of China ("**PRC**"). Debtor has estimated that $3.77 billion in claims have been asserted against him which fall into four general categories: (i) unsecured claims based on loans taken out directly by YT; (ii) claims secured by his assets in the PRC; (iii) guarantees of unsecured loans to other entities; and (iv) guarantees of loans to other entities secured by such entities' assets in the PRC. *Id.* Debtor estimates that approximately $3.1 billion of YT's approximately $3.77 billion of putative claims are on account of guarantees. *Id.*

13. Debtor believes the circumstances that led to the filing of his Chapter 11 Case are that certain of Debtor's companies relied heavily on borrowing from commercial banks and other financial institutions backed by Debtor's personal guaranties and that certain of Debtor's creditors received judgments against him and his business ventures and, prior to the commencement of the chapter 11 case, sought to recover upon those judgments. (Status Report, at p. 3-4).

##### ii. *The Debtor's Chapter 11 Case*

FIRST INTERIM FEE APPLICATION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF YUETING JIA

6

14. On October 14, 2019 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware ("**Delaware Bankruptcy Court**"). [Case No.: 2:19-bk-24804-VZ (the "**Bankruptcy Case**"), Docket No. 1].

15. No trustee or examiner has been appointed in the Chapter 11 Case.

16. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to manage his properties and operate his business as debtor-in-possession.

17. On October 25, 2019, the Office of the United States Trustee ("**OUST**") for the District of Delaware appointed the Committee pursuant to § 1102(a)(1) of the Bankruptcy Code. [Docket No. 45].

18. The Committee is comprised of five members: (i) Ping An Bank., Ltd. Beijing Branch; (ii) China Minsheng Trust Co., Ltd.; (iii) Shanghai Leyu Chuangye Investment Management Center LP; (iv) Jiangyin Hailan Investment Holding Co., Ltd., and (v) Shanghai Qichengyueming Investment Partnership Enterprise.

19. On October 25, 2019, the Committee selected Lowenstein Sandler LLP ("**Lowenstein**") to serve as its lead counsel. The Committee subsequently selected A&M to serve as its financial advisor in the Chapter 11 Case.

20. On November 25, 2019, A&M filed the *Application Of The Official Committee Of Unsecured Creditors of the Debtor, Yueting Jia, For Order Authorizing Employment and Retention of Alvarez & Marsal North America, LLC as Financial Advisor* Nunc Pro Tunc *To October 30, 2019, Pursuant To 11 U.S.C. §1103, Bankruptcy Rule 2014, And Local Rule 2014-1* [Docket No. 100] (the "**A&M Retention Application**").

FIRST INTERIM FEE APPLICATION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF YUETING JIA

7

21. On December 12, 2019, the Delaware Bankruptcy Court entered an order approving the A&M Retention Application [Docket No. 133] (the "**A&M Retention Order**").

22. On December 12, 2019, the Delaware Bankruptcy Court approved the Committee's application to employ and retain Lowenstein as its lead counsel [Docket No. 132].

23. On December 19, 2019, the Delaware Bankruptcy Court entered an order transferring the above-captioned Chapter 11 Case to the Central District of California, Los Angeles Division. [Docket No. 178].

24. On December 28, 2019, the Committee selected Polsinelli to serve as its local co-counsel in the Chapter 11 Case.

25. On February 6, 2020, the Court approved the Committee's application to employ and retain Polsinelli as its local co-counsel [Docket No. 306].

26. The factual background regarding the Debtor is set forth in detail in the *Omnibus Declaration of Yueting Jia*, filed on October 17, 2019. [Docket No. 18]. The Debtor filed the *Debtor's Prepackaged Plan of Reorganization under Chapter 11 of the Bankruptcy Code* [Docket No. 4] (the "**Plan**") and the *Disclosure Statement for a Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* (the **"Disclosure Statement"**) [Docket No. 5] on the Petition Date.

27. On November 15, 2019, the Debtor filed his *Amended Disclosure Statement with respect to Debtor's Plan of Reorganization under Chapter 11 of the Bankruptcy Code* [Docket No. 94] (the "**First Amended Disclosure Statement**").

28. A hearing was set on Debtor's First Amended Disclosure Statement for December 18, 2019. [Docket No. 96]. Before the December 18, 2019 hearing, the Debtor's Chapter 11 Case was transferred to this Court.

FIRST INTERIM FEE APPLICATION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF YUETING JIA

8

29. On January 21, 2020, this Court set the Debtor's First Amended Disclosure Statement for hearing on February 6, 2020 at 11:00 a.m. [Docket No. 232].

30. On January 27, 2020, the Debtor filed the *Debtor's First Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 260] (the "**First Amended Plan**").

31. On January 28, 2020 the Debtor filed the *Second Amended Disclosure Statement with Respect to Debtor's First Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 262] (the "**Second Amended Disclosure Statement**").

32. On February 6, 2020, the Court issued an Order denying Debtor's Motion to approve the First Amended Disclosure Statement [Docket No. 304].

33. On March 2, 2020, the Debtor filed the *Third Amended Disclosure Statement with Respect to Debtor's Second Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 302] (the "**Third Amended Disclosure Statement**").

34. On March 2, 2020, the Debtor filed the *Debtor's Second Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 260] (the "**Second Amended Plan**").

35. On March 17, 2020, the Debtor filed the *Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 464] (the "**Third Amended Plan**").

36. On March 17, 2020, the Debtor filed the *Fourth Amended Disclosure Statement with Respect to Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 465] (the "**Third Amended Disclosure Statement**").

FIRST INTERIM FEE APPLICATION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF YUETING JIA

9

37. On March 19, 2020, the Court held a hearing on Debtor's *Renewed Motion for an Order (I) Approving Third Amended Disclosure Statement, (II) Approving Voting and Tabulation Procedures, (III) Setting Confirmation Hearing and Related Deadlines, (IV) Waiving Certain Local Rules and Procedures, and (V) Granting Related Relief* [Docket No. 401] (the "**Motion to Approve Disclosure Statement**"). At the March 19, 2020 hearing, the Court granted the Motion to Approve Disclosure Statement [Docket Nos. 479, 485].

38. The confirmation hearing on Debtor's Third Amended Plan is to be held on May 21, 2020 at 9:30 a.m. [Docket Nos. 479, 485].

39. On March 20, 2020, the Court entered the *Order Granting Motion for Order (A) Authorizing Debtor in Possession to (I) Obtain Post-Petition Financing Pursuant to 11 U.S.C. §§ 105, 362, and 364 and (II) Granting Liens and Superpriority Claims to Post-Petition Lender Pursuant to 11 U.S.C. § 364; and (B) Modifying Automatic Stay Pursuant to 11 U.S.C. §§ 361, 362, and 364* [Docket No. 484] (the "**DIP Financing Order**"). Lowenstein is currently holding in trust $1,250,000 in a trust account funded by a third party. Following the entry of the DIP Financing Order, the Committee plans to pay A&M's allowed fees and expenses using these escrowed third party funds. Per agreement, and subject to appropriate Order of the Bankruptcy Court, the escrowed funds would be reserved to pay the Committee professional fees in the first instance.

40. The Committee has further estimated that an additional $500,000 of funding for Committee professional fees and expenses will be incurred through confirmation of a plan and the effective date.

### b. Brief Narrative Statement of Services Rendered, Time Expended, and Fees Charged for Each Category During the Fee Period.

41. When recording its time during the Fee Period, A&M placed all time entries for fees into various categories, consisting of: business plan, case administration, cash budget, claims

FIRST INTERIM FEE APPLICATION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF YUETING JIA

10

/ liabilities subject to compromise, fee application, financial & operation matters, financing matters, firm retention, general correspondence with Debtor & Debtor's professionals, general correspondence with other professionals, general correspondence with UCC & UCC counsel, intercompany claims, miscellaneous motions, plan of reorganization / disclosure statement, potential avoidance actions / litigation matters, SOFA & SOALs and travel. Inevitably, certain time entries do not fit neatly into any one category while other time entries cross over into more than one category. A&M therefore does its best to place time entries into categories which accurately reflect the work performed.

42. A summary of the compensation requested by project category is attached hereto as **Appendix B**.

### i. Potential Avoidance Actions / Litigation Matters

1. A&M investigated the prepetition conduct of the Debtor to evaluate potential sources of value for general unsecured creditors. A&M analyzed various public records and documents produced by the Debtor to build a fact base. Certain A&M professionals traveled to California to participate in various interviews of the Debtor and his associates.

2. A&M expended 545.3 hours in this project category during the Fee Period. A&M has charged $300,208.50 for work done in this project category, for a blended rate of $550.54.

### ii. Business Plan

1. A&M evaluated various operating models and projections of Faraday Future. Upon review of the operating models, A&M met with the Faraday Future management team to walk through the materials.

2. A&M expended 78.5 hours in this project category during the Fee Period. A&M has charged $65,030.00 for work done in this project category, for a blended rate of $828.41.

### iii. General Correspondence with UCC & UCC Counsel

FIRST INTERIM FEE APPLICATION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF YUETING JIA

11

      1. A&M participated in multiple calls with the UCC to share case updates to Committee members. A&M participated in various calls with UCC counsel to discuss case strategy, updates and analysis.

      2. A&M expended 63.3 hours in this project category during the Fee Period. A&M has charged $54,495.00 for work done in this project category, for a blended rate of $860.90.

### iv. Travel

      1. Members of A&M's team traveled to Los Angeles for management meetings and formal interview of the Debtor and his associates. Time expended in the travel project category is entered as one-half of the time spent traveling.

      2. A&M expended 28.2 hours in this project category during the Fee Period. A&M has charged $23,370.00 for work done in this project category, for a blended rate of $828.72.

### v. Plan of Reorganization / Disclosure Statement

      1. A&M reviewed and commented upon the Disclosure Statement filed at the onset of the case. A&M commented upon a draft settlement term sheet and amended Plan of Reorganization. A&M participated in various conversations with UCC counsel regarding the selection of a trustee.

      2. A&M expended 26.6 hours in this project category during the Fee Period. A&M has charged $21,940.00 for work done in this project category, for a blended rate of $824.81.

### vi. Cash Budget

      1. A&M analyzed cash flow budgets prepared by Faraday Future of its operations. A&M prepared for and engaged in discussions with Faraday Future's Chief Restructuring Officer regarding cash flow projections as well as cash budget to actual results throughout the budgeted period.

      2. A&M expended 26.2 hours in this project category during the Fee Period. A&M has charged $19,615.00 for work done in this project category, for a blended rate of $748.66.

**c. Detailed Listing of All Time Spent by the Professional on the Matter for Which Compensation Is Sought and the Hourly Rates of Professionals**

Alvarez & Marsal North America, LLC
540 W. Madison St., Suite 1800
Chicago, IL 60661
312.288.4056

FIRST INTERIM FEE APPLICATION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF YUETING JIA

12

43. A&M expended a total of 861.5 hours of recorded time for services rendered during the Fee Period, resulting in a blended hourly billing rate of approximately $649.35 for the Fee Period.

44. A&M respectfully submits that its fees incurred in the Debtor's bankruptcy case are reasonable and were necessary. A detailed listing of all time spent by A&M professionals on matters for which compensation is sought during the Fee Period is attached hereto as **Appendix C**. As can be seen from Appendix C, A&M's billing statements reflect a format in which the entries are listed in chronological order by an activity code category and by timekeeper. Appendix C includes all post-petition fees incurred by A&M in the Debtor's case during the Fee Period.

### d. Detailed Listing of Expenses by Category.

45. Attached hereto as **Appendix E** is a summary listing by category and an itemization of all expenses that A&M advanced on behalf of the Committee during the Fee Period. Attached hereto as **Appendix D** is a summary of expenses by category.

46. A&M believes that the expenses for which it seeks reimbursement in this Fee Application were reasonable, actual, and necessary, and are of the kind customarily billed to non-bankruptcy clients.

### e. Description of Professional Education and Experience.

47. A&M is a multi-national financial advisory firm with over 4,000 employees. A&M's North American Commercial Restructuring practice is comprised of professionals who specialize in matters of turnaround & restructuring and are well qualified to represent the Committee.

48. A summary of the time expended by, the fees billed by, and the billing rates of the particular professionals and paraprofessionals performing services for the Committee during the

FIRST INTERIM FEE APPLICATION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF YUETING JIA

13

Fee Period is attached hereto as **Appendix A**. Appendix A contains a summary listing for each professional of the hourly rate and the periods each rate was in effect, the total hours in the application for which compensation is sought, and the total fee requested in the application. The resumes of the A&M professionals who provided services to the Committee during the Fee Period are collectively attached hereto as **Appendix G**. Appendix G includes a description of the professional education and experience of each of the professionals rendering services to the Committee.

### IV. STANDARD OF LAW

49. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered…and reimbursement for actual, necessary expenses." 11 U.S.C. §330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> 1. the time spent on such services;
>
> 2. the rates charged for such services;
>
> 3. whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> 4. whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

FIRST INTERIM FEE APPLICATION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF YUETING JIA

14

    5. with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

    6. whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. §330(a)(3).

50. This Fee Application substantiates the total amount that A&M seeks for fees and expenses in accordance with each element of the customary standards applied to fee applications.

51. Prior to the enactment of the Bankruptcy Code, the rule with respect to compensation requests in the Ninth Circuit was that the Bankruptcy Court should award attorneys' fees in accordance with a "strict rule of economy test." *In re THC Financial Corp.*, 659 F.2d 951, 955 n.2 (9th Cir.1981), *cert. denied*, 456 U.S. 977 (1982). This is no longer the law. The legislative history to section 330 of the Bankruptcy Code indicates that Congress was primarily concerned with protecting the public interest in the smooth, efficient operation of the bankruptcy system by encouraging competent bankruptcy specialists to remain in the field. *First National Bank of Chicago v. Committee of Creditors Holding Unsecured Claims (In re Powerline Oil Co.)*, 71 B.R. 767, 770 (9th Cir.B.A.P.1986); *In re Baldwin-United Corp.*, 79 B.R. 321, 346 (Bankr.S.D. Ohio 1987). Toward this end, Congress specifically disavowed notions of economy of administration and provided that compensation in bankruptcy cases should be comparable to what is charged in nonbankruptcy matters. *Id.* at 346.

52. "A customary review of a fee application under § 330 starts with a determination of the 'lodestar,' by multiplying a reasonable number of hours expended by a reasonable hourly rate. *In re Eliapo*, 298 B.R. 392, 398 (B.A.P. 9th Cir. 2003), aff'd in part, rev'd in part and remanded, 468 F.3d 592 (9th Cir. 2006), citing *Unsecured Creditors' Comm. v. Puget Sound*

FIRST INTERIM FEE APPLICATION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF YUETING JIA

15

*Plywood, Inc.*, 924 F.2d 955, 960 (9th Cir.1991). "The lodestar formula is a means of putting a market rate on particular legal services rendered in a case." *Id.*, citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "Although the lodestar method presents the 'primary' and 'customary' approach, it is not the exclusive method for calculating reasonable fees under § 330, and § 330 does not mandate its use." *Id.*

53.  Under the lodestar approach, the Court is to determine the number of hours reasonably expended in an attorney's representation of a debtor and multiply such number by a reasonable hourly rate for the services performed. *See, Delaware Valley Citizens' Council for Clear Air*, 478 U.S. at 565; *In re Powerline Oil Co.*, 71 B.R. at 770. A reasonable hourly rate is presumptively the rate the marketplace pays for the services rendered. *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 109 S.Ct. 2463, 2469 (1989); *Burgess v. Klenske (In re Manoa Finance Co., Inc.)*, 853 F.2d 687, 691 (9th Cir.1988). Recognizing that the determination of an appropriate "market rate" for the services of a lawyer is inherently difficult, the Supreme Court stated:

> Market prices of commodities and most services are determined by supply and demand. In this traditional sense there is no such thing as a prevailing market rate for the service of lawyers in a particular community. The type of services rendered by lawyers, as well as its experience, skill, and reputation, varies extensively -- even within a law firm. Accordingly, the hourly rates of lawyers in private practice also vary widely. The fees charged often are based on the product of hours devoted to the representation multiplied by the lawyer's customary rate.

*Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

54.  The Supreme Court has stated that a reasonable attorney's fee "means a fee that would have been deemed reasonable if billed to affluent plaintiffs by its own attorneys." *Missouri v. Jenkins by Agyei*, 109 S.Ct. at 2470 (quoting *City of Riverside v. Rivera*, 477 U.S. 561, 591 (1986) (Rehnquist, J. dissenting)). Accordingly, a reasonable hourly rate is the hourly amount to which

FIRST INTERIM FEE APPLICATION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF YUETING JIA

16

attorneys in the area with comparable skill, experience and reputation typically would be entitled as compensation. *Blum v. Stenson*, 465 U.S. at 895 n.11.

55. A&M respectfully submits that the hourly rates for its professionals are reasonable and appropriate in the relevant community and in view of the circumstances of the Debtor's bankruptcy case. A&M respectfully submits that its hourly rates for its professionals are comparable to those changed by similarly experienced and skilled professionals, with bankruptcy and non-bankruptcy practices, in the Central District of California.

56. A&M's hourly rates have been approved in numerous similar Chapter 11 cases. The Committee selected A&M as its financial advisor because of the Committee's confidence in A&M's ability to successfully deal with the issues related to the Debtor's financial and business affairs. A&M respectfully submits that the foregoing establishes that A&M's fees and expenses are reasonable.

57. A&M has served as financial advisor to the Committee and, in that capacity, has rendered financial advisory services for the benefit of the Debtor's estates. A&M respectfully submits that the services for which it seeks compensation in this Fee Application were, at the time rendered, necessary for and beneficial to the Committee and the creditors of the estate, and were rendered to protect and preserve the Debtor's estate. A&M further believes that it performed the services for the Committee economically, effectively, efficiently, and the results obtained benefited not only the Committee, but also the Debtor's estates and the Debtor's constituents. A&M further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Committee and all parties in interest.

FIRST INTERIM FEE APPLICATION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF YUETING JIA

17

58. A&M reserves the right to request additional compensation for the Fee Period to the extent that it is later determined that time or disbursement charges for services rendered or disbursements incurred during such time period have not yet been submitted.

59. A&M has not received a retainer in these Chapter 11 Cases.

60. No agreement or understanding exists between A&M and any other entity for sharing of any compensation or reimbursement in this case.

## V. **PROPER NOTICE**

61. Pursuant to Federal Rule of Bankruptcy Procedure 2002(a)(6) and Local Rule 2016-1(a)(2), Debtor's counsel served notice of, *inter alia*, this Fee Application, the hearing on this Fee Application, the amount of fees and expenses sought herein, and the dates of the Fee Period upon the Office of the United States Trustee (the "**OUST**"), the Debtor, counsel to the Debtor, and all other known parties in interest entitled to notice under Federal Rule of Bankruptcy Procedure 2002.

62. In addition to Notice, pursuant to Local Rule 2016-1(a)(2), A&M served a copy of this Fee Application upon the OUST, the Debtor, and counsel to the Debtor.

## VI. **NO PRIOR REQUEST**

63. No prior request for the relief sought in this Application has been made to this or any other court.

## VII. **CONCLUSION**

**WHEREFORE**, A&M respectfully requests that this Court enter an order granting:

(i) interim allowance of compensation for A&M's duly authorized, necessary and valuable service to the Committee during the Compensation Period in the aggregate amount of $559,416.00;

(ii) reimbursement to A&M for actual and necessary expenses in the aggregate amount of $15,986.32; and

(iii) granting such other and further relief as the Court deems just and proper.

FIRST INTERIM FEE APPLICATION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF YUETING JIA

18

Dated: April 13, 2020

ALVAREZ & MARSAL NORTH AMERICA, LLC

By: _____

Richard Newman

*Financial Advisor to the Official Committee of Unsecured Creditors of Yueting Jia*

Alvarez & Marsal North America, LLC
540 W. Madison St., Suite 1800
Chicago, IL 60661
312.288.4056

FIRST INTERIM FEE APPLICATION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF YUETING JIA

19