Richard M. Pachulski (CA Bar No. 90073)
Jeffrey W. Dulberg (CA Bar No. 181200)
Malhar S. Pagay (CA Bar No. 189289)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email:    rpachulski@pszjlaw.com
          jdulberg@pszjlaw.com
          mpagay@pszjlaw.com

Attorneys for Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No.: 2:19-bk-24804-VZ |
| YUETING JIA,[1] | Chapter 11 |
| Debtor. | **NOTICE OF ERRATA RE:  EXHIBITS B AND C TO DEBTOR'S OBJECTION TO CLAIM 21 FILED BY CHONGQING LETV COMMERCIAL FACTORING CO.** |
| | [Relates to Docket No. 501] |
| | Date:   May 7, 2020<br>Time:   1:30 p.m.<br>Place:  Courtroom 1368<br>        Roybal Federal Building<br>        255 E. Temple Street<br>        Los Angeles, California 90012 |
| | Judge:  Hon. Vincent P. Zurzolo |

---

[1] The last four digits of the Debtor's federal tax identification number are 8972. The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

DOCS_LA:329071.1 46353/002

**TO THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE COMMITTEE OF UNSECURED CREDITORS, THE CLAIMANT, AND ALL PARTIES ENTITLED TO SPECIAL NOTICE:**

**PLEASE TAKE NOTICE** that the *Debtor's Objection to Claim 21 Filed by Chongqing LeTV Commercial Factoring Co., Ltd.,* filed on April 2, 2020 (the "Objection") [Docket No. 501], erroneously included two incorrect exhibits. The Debtor hereby amends the Objection to include corrected Exhibits B and C, attached hereto, as well as an amended translator's declaration regarding the correct exhibits.

Dated:    April 20, 2020    PACHULSKI STANG ZIEHL & JONES LLP

By    */s/ Malhar S. Pagay*
Richard M. Pachulski
Jeffrey W. Dulberg
Malhar S. Pagay

Counsel for Debtor and Debtor in Possession

DOCS_LA:329071.1 46353/002

# DECLARATION OF SHAN HE

I, Shan He, declare as follows:

1. I am a Chinese translator, simultaneous interpreter and localization project manager employed since April 2017 by (a) Yueting Jia, the debtor and debtor in possession (the "Debtor"), that has filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing the above-captioned bankruptcy case (the "Chapter 11 Case"), and (b) Faraday Future ("FF"), an entity in which the Debtor holds an indirect interest.

2. I am a native speaker of Chinese (Mandarin) and maintain full professional fluency in English. I hold a Bachelor of Science degree in English from Beijing Language and Culture University and a Master of Arts in Translation and Interpretation (Chinese – English) degree from the Monterey Institute of International Studies ("MIIS"). I am certified in Simultaneous and Consecutive Interpretation between English and Chinese by MIIS. I currently provide translation services for the Debtor and his General Counsel. Prior to my work with the Debtor and FF, I have provided interpretation and translation services for a variety of organizations, including the United Nations Institute for Training & Research (UNITAR), Syntes Language Group, and the Austrian Embassy.

3. The Debtor is not fluent in English. Accordingly, in the ordinary course of his business and personal affairs that require him to communicate in English either orally or in writing, he employs interpreters/translators like me who are fluent in both English and Chinese.

4. I am in regular communication with the Debtor's professionals, including legal counsel.

5. I submit this Declaration (the "Declaration") in support of the Debtor's *Notice of Errata Re: Exhibits B and C to Debtor's Objection to Claim 21 Filed by Chongqing LeTV Commercial Factoring Co.* (the "Objection")[2].

6. If I were called to testify as a witness in this matter, I could and would competently testify to each of the facts set forth herein.

---

[2] Capitalized terms not defined herein shall have the same meaning ascribed to them in the Objection.

3

DOCS_LA:329071.1 46353/002

1  7. At the direction of the Debtor, I have reviewed the Deed of Assignment attached

2  hereto as **Exhibit "B."** My English translation of the Deed of Assignment is attached hereto as

3  **Exhibit "C."**

4  8. To the best of my knowledge, the English translation accurately reflects the contents

5  and meaning of the original Deed of Assignment.

6  I declare under penalty of perjury under the laws of the United States of America that the

7  foregoing is true and correct.

8  Executed on this 20th day of April, 2020, at Long Beach, California.

*Shan He*

Shan He

4

DOCS_LA:329071.1 46353/002

# EXHIBIT B

# 债权债务转让协议

甲方：重庆乐视商业保理有限公司

住所：重庆市江北区聚贤街 25 号 1 幢 22 层 3、4 号

乙方：乐视投资管理（北京）有限公司

住所：北京市顺义区高丽营镇文化营村北(临空二路 1 号)

鉴于：

一、甲方对于乐视控股（北京）有限公司（"乐视控股"）享有共计人民币 1.217 亿元的应收账款（"标的债权"）。

二、乙方为甲方现有股东。现甲方拟向乙方转让标的债权，乙方愿意接受甲方所转让之标的债权；

甲乙双方在平等自愿的前提下进行协商，就前述债权债务的转让事宜达成如下协议，以资共同遵守，并于 2017 年__月__日在北京市朝阳区签署此协议：



1、甲乙双方一致同意，自本协议签署之日起，甲方将其对乐视控股享有的标的债权共计人民币 1.217 亿元全部平价转让给乙方；标的债权转让后，乙方对于乐视控股享有标的债权，且应向甲方支付标的债权等额金额的转让对价（"标的债权转让对价"）。具体标的债权转让对价的支付时间和方式由双方另行协商一致以书面形式约定。

2、甲方保证，所转让债权系合法、真实、有效债权。

3、如本协议无效或被撤销，则甲乙双方仍继续按原合同及其他法律文件履行义务。

4、本协议的未尽事宜，经双方协商同意后可以签署补充协议或另行约定。



1

本协议的订立、效力、解释、履行及争议的解决均适用中华人民共和国法律。在合同履行期间，凡因履行本合同所发生的或与本合同有关的一切争议、纠纷，双方应通过友好协商解决。在协商无效时，则提交本合同签署地法院通过诉讼方式解决。

6、本协议经双方加盖公章之日起生效。

7、本协议文本一式肆份，各方各执贰份，每份有同等法律效力。

（以下无正文）

2

（本页无正文，为《债权债务转让协议》之签署页）

甲方：重庆乐视商业保理有限公司　（盖章）

乙方：乐视投资管理（北京）有限公司（盖章）



3

# EXHIBIT C

# Deed of Assignment

Party A: Chongqing LETV Commercial Factoring Co., Ltd

Address: No.3 and No.4, 22/F, Building No. 1, No.25 Juxian Street, Jiangbei District, Chongqing

Party B: LETV Investment Management (Beijing) Co., Ltd

Address: (No.1 Linkong 2nd Road) North Wenhuaying Village, Gaoliying Town, Shunyi District, Beijing

WHEREAS,

 1. Party A is entitled to an account receivable amounting to RMB 121.7 million (the "Claim") against Leshi Holdings (Beijing) Co., Ltd. ("Leshi Holdings").

 2. Party B is an existing shareholder of Party A. Now Party A intends to transfer the Claim to Party B, and Party B is willing to accept the Claim transferred by Party A;

 Party A and Party B negotiated on the basis of equality and voluntariness, and reached the following agreement on the transfer of the said Claim, and executed this Agreement in Chaoyang District, Beijing on _____, 2017 for mutual compliance:

1. Party A and Party B agree that, from the date of this Agreement, Party A shall transfer the entirety of the Claim against Leshi Holdins amounting to RMB 121.7 million to Party B at par. After the transfer of the Claim, Party B shall be entitled to the Claim against Leshi Holdings, and shall pay Party A the transfer consideration equal to the amount of the Claim ("Consideration for the Claim Transferred"). The payment timing and payment method of the Consideration for the Claim Transferred shall be separately agreed upon by both Parties through consultation and be stipulated in writing.

2. Party A guarantees that the Claim to be transferred is legal, true and valid.

3. If this Agreement is invalid or cancelled, both Parties shall continue to perform their obligations in accordance with the original contract and other legal documents.

4. For matters unspecified herein, a supplementary agreement or other agreements can be signed after negotiation of both Parties. The execution, validity, interpretation, performance and dispute resolution of this agreement shall be governed by the laws of the People's Republic of China. Any and all disputes and controversies arising from or in connection with this Agreement shall be settled by both Parties through friendly negotiations. If

such negotiations fail, it shall be submitted to the court where this Agreement is signed for settlement by litigation.

6. This Agreement shall come into force on the date when both Parties affix their official seals thereon.

7. This Agreement is made in quadruplicate, with each party holding two copies, each of which shall have the same legal effect.

(Followed by Signature Pages)



(This is the Signature Page of the *Deed of Assignment*)

Party A: Chongqing LETV Commercial Factoring Co., Ltd. (Seal)

Party B: LETV Investment Management (Beijing) Co., Ltd (Seal)



# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA  90067**

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF ERRATA RE:  EXHIBITS B AND C TO DEBTOR'S OBJECTION TO CLAIM 21 FILED BY CHONGQING LETV COMMERCIAL FACTORING CO.** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **April 20, 2020,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 20, 2020 | Myra Kulick | /s/ *Myra Kulick* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                   **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:328028.1 46353/002

**SERVICE INFORMATION FOR CASE NO. 2:19-bk-24804-VZ**

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>

- *Tanya Behnam    tbehnam@polsinelli.com, tanyabehnam@gmail.com*
- *Jerrold L Bregman    ecf@bg.law, jbregman@bg.law*
- *Jeffrey W Dulberg    jdulberg@pszjlaw.com*
- *Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com*
- *Stephen D Finestone    sfinestone@fhlawllp.com*
- *Richard H Golubow    rgolubow@wghlawyers.com, pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com*
- *Ben H Logan    blogan@omm.com*
- *Robert S Marticello    Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com*
- *David W. Meadows    david@davidwmeadowslaw.com*
- *Kevin Meek    kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com*
- *John A Moe    john.moe@dentons.com, glenda.spratt@dentons.com*
- *Kelly L Morrison    kelly.l.morrison@usdoj.gov*
- *Matthew J Olson    olson.matthew@dorsey.com, stell.laura@dorsey.com*
- *Malhar S Pagay    mpagay@pszjlaw.com, bdassa@pszjlaw.com*
- *Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com*
- *Victor A Sahn    vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com*
- *Randye B Soref    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com*
- *Benjamin Taylor    btaylor@taylorlawfirmpc.com*
- *United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov*
- *Felix T Woo    fwoo@ftwlawgroup.com, admin@ftwlawgroup.com*
- *Claire K Wu    ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com*
- *Emily Young    pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com*
- *David B Zolkin    dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                            **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:328028.1 46353/002