1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LESNICK PRINCE & PAPPAS LLP
Christopher E. Prince (SBN 183553)
315 West Ninth Street, Suite 705
Los Angeles, California 90015
Telephone:  213 291 8984
Facsimile:  213 493 6596
cprince@lesnickprince.com

KOBRE & KIM LLP
Daniel J. Saval (pro hac vice)
Dong Ni (Donna) Xu (pro hac vice)
800 Third Ave, New York, NY 10022
Telephone:  212 488 1200
Facsimile:  212 488 1220
daniel.saval@kobrekim.com
donna.xu@kobrekim.com

*Attorneys for Creditor*
*Shanghai Lan Cai Asset*
*Management Co, Ltd.*

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>YUETING JIA,<br><br>                Debtor. | Case No. 2:19-BK-24804-VZ<br><br>**DECLARATION OF DANIEL J. SAVAL IN SUPPORT OF SHANGHAI LAN CAI ASSET MANAGEMENT CO, LTD.'S OBJECTION TO DEBTOR'S MOTION TO CONFIRM THIRD AMENDED PLAN**<br><br><u>Hearing on Motion:</u><br>Date:  May 21, 2020<br>Time: 9:30 a.m.<br>Place: Courtroom 1368<br>        Edward R. Roybal Federal Building<br>        255 East Temple Street<br>        Los Angeles, California 90012<br>Judge: Honorable Vincent P. Zurzolo |

I, Daniel J. Saval, hereby declare under penalty of perjury that the following is true and correct:

1.      I am an attorney with the law firm Kobre & Kim LLP and am admitted to practice before this Court *pro hac vice* as counsel for Creditor Shanghai Lan Cai Asset Management Co, Ltd. ("Shanghai Lan Cai").  I submit this declaration in support of Shanghai Lan Cai's objection, filed concurrently with this declaration, to the Debtor's *Motion for an Order (I) Confirming Third Amended Plan of Reorganization under Chapter 11 of the Bankruptcy Code, (II) Approving Settlement Pursuant to Bankruptcy Rule 9019; Request for Discharge on the Effective Date* [Dkt. No. 657] and to the Debtor's *Third Amended Plan of Reorganization under Chaper 11 of the Bankruptcy Code* (the "Plan") [Dkt. No. 464].

2.      On April 21, 2020, I sent through my colleague, by e-mail, a letter to Pachulski Stang Ziehl & Jones LLP ("PSZ&J"), bankruptcy counsel for the Debtor, and O'Melveny & Myers LLP, special corporate, litigation, and international counsel for the Debtor (the "April 21 Letter"). The April 21 Letter identified certain creditors that Shanghai Lan Cai believes in good faith are, or are likely, "insiders" of the Debtor within the meaning of Bankruptcy Code Section 101(31). The letter also sought clarification from the Debtor as to whether any votes submitted by any of the creditors identified in the letter would be counted for purposes of determining whether the Plan satisfies the requirements of 11 U.S.C. § 1129(a)(10).  A true and correct of the April 21 Letter is attached to this Declaration as **Exhibit 1.**

3.      Among the creditors identified in the April 21 Letter are individuals that I understand have been widely reported to be the Debtor's siblings—namely, Jia Yuefang (the Debtor's sister) and Jia Yuemin (the Debtor's brother).  Based on my review of the proofs of the claims of these two creditors, I understand that they have filed claims in the Debtor's bankruptcy well in excess of $800 million.   In addition, the April 21 Letter also identified the Debtor's ex-wife Wei Gan, who based on the Debtor's disclosures I understand initiated certain divorce proceedings against him in the Chinese court system only three days before the filing of this Chapter 11 case.

4.      On April 28, 2020, I received a letter response from PSZ&J to the April 21 Letter

(the "Response").  The Response indicated that PSZ&J disputed that any of the creditors identified in the April 21 Letter are insiders.  More specifically, the Response contended that the Debtor's ex-wife Wei Gan should not be deemed an insider and stated that, as to the other creditors at issue, "we have not uncovered any facts that would support designating those claimants as insiders." The Response did not otherwise provide information to support the Debtor's conclusory assertion that the creditors at issue are not insiders.   A true and correct copy of the Response is attached as **Exhibit 2** to this Declaration.

5.        On April 30, 2020, Richard Pachulski of PZS&J contacted me through email, stating that he believed that the Debtor had received enough votes to confirm the Third Amended Plan, setting aside the votes cast by the creditors specifically identified in the April 21 Letter.  Mr. Pachulski's email did not represent that no other insider creditor votes were counted in the preliminary results.  Nor did his email state that PSZ&J conducted any further analysis concerning the potential insider status of any other creditors besides the ones specifically identified in the April 21 Letter.  A true and correct copy of this email correspondence is attached as **Exhibit 3** to this Declaration.

6.        On May 1, 2020, Kobre & Kim LLP sent to PSZ&J a letter attaching discovery requests seeking documents and admissions concerning specific creditors whose insider status are at issue.  A true and correct copy of this letter is attached as **Exhibit 4** to this Declaration.  To date, our firm has not received any responses to those discovery requests.


Executed this 7 day of May, 2020.
New York, New York



_____

Daniel J. Saval

DECLARATION OF DANIEL J. SAVAL

# EXHIBIT 1

# KOBRE & KIM

800 THIRD AVENUE
NEW YORK, NEW YORK 10022
WWW.KOBREKIM.COM
TEL +1 212 488 1200

April 21, 2020

**BY E-MAIL:**

Richard M. Pachulski
Jeffrey W. Dulberg
Malhar S. Pagay
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003

Suzzanne Uhland
O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036

Re:    *In re Yueting Jia*, Case No. 19-24804 (Bankr. C.D. Cal.)

Dear Richard and Suzzanne:

We write on behalf of creditor Shanghai Lan Cai Asset Management Co, Ltd. ("SLC") in connection with the Chapter 11 case of *In re Yueting Jia*, Case No. 19-24804 (Bankr. C.D. Cal.).

Based on our due diligence, we have uncovered information indicating that certain creditors who have filed proofs of claim in Mr. Jia's Chapter 11 case and/or have been included on Mr. Jia's schedules of assets and liabilities are insiders or appear to be insiders of Mr. Jia. As you are aware, pursuant to Bankruptcy Code Section 1129(a)(10), insider votes cannot be counted for purposes of determining whether an impaired class of claims has accepted the plan. *See* 11 U.S.C. § 1129(a)(10). We are writing to request that you disclose whether any votes of these creditors with respect to Mr. Jia's plan will be excluded in determining whether the plan complies with Section 1129(a)(10). If not, we request that you disclose additional information regarding those creditors and their relationship with Mr. Jia and his companies.

First, we understand that **Jia Yuemin** [Claim No. 137/0000020040] and **Jia Yuefang** [Claim No. 139/0000020043] are the Debtor's brother and sister, respectively. They are therefore

**AMERICAS** (NEW YORK, BUENOS AIRES, CHICAGO, MIAMI, SAN FRANCISCO, SÃO PAULO, WASHINGTON DC)
**ASIA-PACIFIC** (HONG KONG, SEOUL, SHANGHAI), **EMEA** (LONDON, TEL AVIV), **OFFSHORE** (BVI, CAYMAN ISLANDS)
KOBRE & KIM REFERS TO KOBRE & KIM LLP, A NEW YORK LIMITED LIABILITY PARTNERSHIP.

Richard M. Pachulski, et al.
April 21, 2020
Page 2

statutory insiders under 11 U.S.C. § 101(31)(A)(i) (relative of a debtor included within the definition of "insider"), whose votes must be excluded for plan confirmation purposes.  Please confirm that these creditors' votes will be treated accordingly.

Second, we also understand that **Wei Gan** [Claim No. 000002004], the Debtor's ex-wife who initiated divorce proceedings only months before Mr. Jia filed his Chapter 11 petition, has also filed a claim.  Under relevant authority, Ms. Gan should similarly be treated as an insider.  We ask that you disclose whether Mr. Jia intends to count her vote for purposes of determining if the plan has been accepted by an impaired class.

Third, the following three creditors likewise appear to be "insiders" under Bankruptcy Code Section 101(31), and we therefore request that you advise whether Mr. Jia intends to count their votes (if submitted) for purposes of plan confirmation as well.  If so, we request that you provide information regarding the connections between those creditors and Mr. Jia and/or companies owned or controlled by Mr. Jia.

- **Ningbo Hangzhou Bay New Area Leran Investment Management Partnership (Limited Partnership)** ("Leran") [Scheduled Claim No. 220000600]:  We understand that Leran, which has made filings in support of the Debtor, *see* [Dkt. No. 438], may be controlled by the Debtor.  Among other things, Leran shares a registered email address (liuhua2468@126.com) and a physical address (No. 105 Yaojiayuan Rd., Beijing, China) with the entity TV Plus Holdings (Beijing) Limited  ("TV Plus"), a significant shareholder of Leran that is owned almost exclusively by Mr. Jia.  Moreover, Leran's managing partner is LeTou Invest Management (Ningbo) Co., Ltd., of which Mr. Jia's brother Jia Yuemin is the legal representative and for which Mr. Jia's nephew Wang Jiawei (otherwise known as "Jerry Wang") serves as a director.

- **Chongqing LeTV Commercial Factoring Co, Ltd.** ("Chongqing LeTV") [Claims No. 38/39/0000020015]:  We understand Chongqing LeTV is wholly owned by the entity Lewei Internet Investment Management (Beijing) Co., Ltd., which likewise has the same registered address as TV Plus and whose legal representative is or was also Jia Yuemin (Mr. Jia's brother).

- **Shenzhen LeTV Xingen M&A Fund Investment Management (LP)** [Claim No. 17]:  We understand that the managing partner of this entity is LeTV Xingen M&A Fund Investment Management, which based on our review of certain corporate databases in China appears to be controlled by Mr. Jia.

Richard M. Pachulski, et al.
April 21, 2020
Page 3

We ask that you respond to our requests above by April 28, 2020.  We reserve all rights to seek formal discovery from the Debtor and any other relevant third parties regarding these matters.

Sincerely,


/s/ Daniel J. Saval
Daniel J. Saval
KOBRE & KIM LLP


cc: Victor A. Sahn
SulmeyerKupetz
333 South Grand Avenue, Suite 3400
Los Angeles, California 90071

*(Counsel to Ningbo Hangzhou Bay New Area Leran Investment Management Partnership (Limited Partnership))*

# EXHIBIT 2



**PACHULSKI
STANG
ZIEHL
JONES**

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

LOS ANGELES, CA
SAN FRANCISCO, CA
WILMINGTON, DE
NEW YORK, NY
COSTA MESA, CA

10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067

**TELEPHONE: 310/277 6910**

FACSIMILE: 310/201 0760

**SAN FRANCISCO**

150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

**TELEPHONE: 415/263 7000**

FACSIMILE: 415/263 7010

**DELAWARE**

919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

**TELEPHONE: 302/652 4100**

FACSIMILE: 302/652 4400

**NEW YORK**

780 THIRD AVENUE
34th FLOOR
NEW YORK
NEW YORK 10017-2024

**TELEPHONE: 212/561 7700**

FACSIMILE: 212/561 7777

**COSTA MESA**

650 TOWNE CENTER DRIVE
SUITE 1500
COSTA MESA
CALIFORNIA 92626

**TELEPHONE: 714/384 4750**

FACSIMILE: 714/384 4751

WEB: www.pszjlaw.com

Jeffrey W. Dulberg

April 28, 2020

310.772.2355
jdulberg@pszjlaw.com

<u>**VIA OVERNIGHT MAIL
AND EMAIL**</u>

Daniel Saval
Kobre & Kim LLP
800 Third Avenue
New York, NY 10022
Email: Daniel.Saval@kobrekim.com

       **Re:    In re:  Yueting Jia ("Debtor");
                <u>U.S. Bankruptcy Court Case No. 2:19-bk-24804-VZ</u>**

Dear Mr. Saval:

We write in response to your April 21, 2020, letter requesting our views on whether Wei Gan and certain other parties subject to your speculation are "insiders" for purposes of section 1129(a)(10) of the Bankruptcy Code.

The Debtor neither owes you a preemptive response nor agrees with the suppositions you make in your letter. In the first instance, the Debtor expects to satisfy section 1129(a)(10) even if it hypothetically concedes that all of the parties you have identified are insiders for purpose of calculating acceptance of the plan. The Debtor does not concede that any party you have identified is an insider and reserves all rights with respect to these issues.

That said, under the law and facts as we understand them, Wei Gan is likely a non-insider since the divorce was commenced before the chapter 11 commenced and the couple is indubitably estranged. Moreover, there is governing authority that suggests "insider" status can change during a case on account of marital dissolution and estrangement. An estranged, divorcing spouse is not an insider for plan purposes particularly in a situation where those claims and the estate settlement with the estranged spouse were negotiated at arms' length, and where there is zero evidence that the non-debtor spouse's vote has been controlled by the debtor during



PACHULSKI
STANG
ZIEHL
JONES

LAW OFFICES

Daniel Saval
April 28, 2020
Page 2

the case. In the Debtor's case, the Creditors' Committee conducted the aforementioned negotiations with Wei Gan; the Debtor's representatives played no role. In other words, should it come down to it, we expect to argue she is not an insider.

      With respect to the other entities you referenced, we have not uncovered any facts that would support designating those claimants as insiders. We will bring forth facts to support this position at the appropriate time should it become necessary.

Very truly yours,

Jeffrey W. Dulberg

JWD:ned
cc:  client

# EXHIBIT 3

| | |
|---|---|
| **From:** | Richard Pachulski |
| **To:** | Donna Xu; Daniel J. Saval |
| **Subject:** | [EXTERNAL] Fw: Letter re In re Yueting Jia, Case No. 19-24804 (Bankr. C.D. Cal.) |
| **Date:** | Thursday, April 30, 2020 11:10:34 AM |
| **Attachments:** | 2020 04 21 Letter from Daniel J Saval.pdf |

I wanted to get you both a preliminary summary of the YT Plan vote, which ended late this morning, since we will be reaching out to certain creditors to put on hold the 3018 and claims objections, and to address the core issue of your attached letter of the purported insider claims and their affect on the Plan vote.

While the vote ended only a few hours ago, we have some analysis we can share.

First, over $5.5 billion in dollar amount voted. The vote included 4 categories of votes:

1. Those votes that were not disputed by the Debtor or SLC;

2. Those votes that SLC assumed would be cast and in its view would be insider votes;

3. Those votes that have been objected to and voted no; and

4. Those votes that have been objected to and voted yes.

We have done an analysis of the various different permutations and combinations depending on what votes the Court would allow and disallow.

One scenario that we analyzed was:

1. All votes are included that are not subject to dispute;

2. All SLC alleged insider votes are disallowed for voting purposes;

3. All votes objected to and voted no would be allowed; and

4. All votes objected to and voted yes would be disallowed.

Assuming the very worst scenario for the Debtor's Plan, approximately $3 billion would be deemed to vote yes and approximately $750 million would be deemed to vote no. Accordingly, and under the worst case scenario described above, between $1.5 billion - $2 billion of yes votes are not included (I will have exact totals later today since everyone went to sleep very late this morning waiting for the final vote results and I am trying to get the exact dollar amounts for each scenario.) Also an overwhelming number of creditors voted yes, under every scenario, including the above.

I wanted to pass this all on because we are now looking to streamline the Confirmation process, which should not necessitate a lot of work on claims objections until after any Confirmation Hearing and the same with respect to the 3018 motions, which are now essentially mooted.

As an aside Daniel, I was wondering if you had a few minutes today to catch up. If so, what time works for you?

Regards,

Richard

Sent from my BlackBerry - the most secure mobile device
From: Donna.Xu@kobrekim.com
Sent: April 21, 2020 2:08 PM

To: rpachulski@pszjlaw.com; jdulberg@pszjlaw.com; mpagay@pszjlaw.com; suhland@omm.com
Cc: vsahn@sulmeyerlaw.com
Subject: Letter re In re Yueting Jia, Case No. 19-24804 (Bankr. C.D. Cal.)

All:

Please see the attached letter from Dan Saval on behalf of creditor Shanghai Lan Cai Asset Management Co, Ltd. in connection with the above-captioned case.

Best,

Donna

Donna Xu
+1 646 453 1147<tel:+16464531147>

[cid:KobreKim-EmailSignature_98649215-8499-4308-8dbf-dc190768ae2c.jpg]

www.kobrekim.com<http://www.kobrekim.com>

Americas (New York, Buenos Aires, Chicago, Delaware, Miami, San Francisco, São Paulo, Washington DC)
Asia-Pacific (Hong Kong, Seoul, Shanghai), EMEA (London, Tel Aviv), Offshore (BVI, Cayman Islands)

This e-mail message is from Kobre & Kim LLP, a limited liability partnership established under the laws of New York, referred to above as Kobre & Kim, and may contain legally privileged and/or confidential information. If the reader of this message is not the intended recipient(s), or the employee or agent responsible for delivering the message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please notify the sender immediately and delete this e-mail message and any attachments from your computer without retaining a copy.

_____

CONFIDENTIALITY
This e-mail message and any attachments thereto is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail message, you are hereby notified that any dissemination, distribution or copying of this e-mail message, and any attachments thereto is strictly prohibited. If you have received this e-mail message in error, please immediately notify me by telephone and permanently delete the original and any copies of this email and any prints thereof.

NOT INTENDED AS A SUBSTITUTE FOR A WRITING
Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other law of similar substance and effect, absent an express statement to the contrary hereinabove, this e-mail message, its contents, and any attachments hereto are not intended to represent an offer or acceptance to enter into a contract and are not otherwise intended to bind the sender, Pachulski Stang Ziehl & Jones LLP, any of its clients, or any other person or entity.

# EXHIBIT 4

# KOBRE & KIM

800 Third Avenue
New York, New York 10022
www.kobrekim.com
Tel +1 212 488 1200

May 1, 2020

**BY E-MAIL**

Richard M. Pachulski
Jeffrey W. Dulberg
Malhar S. Pagay
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003

Suzzanne Uhland
Latham & Watkins LLP
885 Third Avenue
New York, NY 10022

Re:    *In re Yueting Jia*, Case No. 19-24804 (Bankr. C.D. Cal.)

Counsel:

We write on behalf of creditor Shanghai Lan Cai Asset Management Co, Ltd. ("SLC") in connection with the above-captioned Chapter 11 case.

With this letter we enclose two sets of discovery requests—one set of requests for admission and one set of requests for documents—that seek basic information and evidence about the insider status of certain creditors. Under 11 U.S.C. § 1129(a)(10), this evidence is relevant to whether the votes of those creditors should be counted in determining whether the plan has been approved by an impaired class of claims.

As you will see, the enclosed discovery requests seek a response from your client on or before May 14, 2020. We believe that this deadline is reasonable in light of the carefully circumscribed nature of the requests and the value to all parties of preserving the currently scheduled date (May 21, 2020) for the plan confirmation hearing. Because this deadline gives your client less than the presumptive 30-day response time set forth in Federal Rules of Civil Procedure 34(b)(2)(A) and 36(a)(3), please let us know by 5:00 p.m. PT next Monday, May 4, whether your client consents to this deadline so that we can seek appropriate relief from the Court if necessary.

**Americas** (New York, Buenos Aires, Chicago, Delaware, Miami, San Francisco, São Paulo, Washington DC)
**Asia-Pacific** (Hong Kong, Seoul, Shanghai), **EMEA** (London, Tel Aviv), **Offshore** (BVI, Cayman Islands)

Kobre & Kim refers to Kobre & Kim llp, a New York Limited Liability Partnership.

Richard M. Pachulski, et al.
May 1, 2020
Page 2


   Please let us know if you would like to confer telephonically about the timing or scope of the enclosed discovery requests and your client's anticipated responses.

          Sincerely,


          /s/ Daniel J. Saval
          Daniel J. Saval
          KOBRE & KIM LLP

1  CHRISTOPHER E. PRINCE (SBN 183553)
      cprince@lesnickprince.com
2  LESNICK PRINCE & PAPPAS LLP
   315 West Ninth Street, Suite 705
3  Los Angeles, California 90015
   Telephone:  (213) 291-8984
4  Facsimile:  (213) 493-6596

5  DANIEL J. SAVAL (*pro hac vice*)
      daniel.saval@kobrekim.com
6  DONG NI (DONNA) XU (*pro hac vice*)
      donna.xu@kobrekim.com
7  KOBRE & KIM LLP
   800 Third Ave
8  New York, NY 10022
   Telephone:  (212) 488-1200
9  Facsimile:  (212) 488-1220

10 Attorneys for Creditor
   Shanghai Lan Cai Asset Management Co, Ltd.

11

12            **UNITED STATES BANKRUPTCY COURT**

13            **CENTRAL DISTRICT OF CALIFORNIA**

14                **LOS ANGELES DIVISION**

15

16 In re:                              Case No. 2:19-BK-24804-VZ

17 YUETING JIA,                        **SHANGHAI LAN CAI ASSET
                                       MANAGEMENT CO, LTD.'S FIRST**
18                                     **SET OF REQUESTS FOR
                      Debtor.          PRODUCTION OF DOCUMENTS BY**
19                                     **YUETING JIA**

20

21

22
   PROPOUNDING PARTY:   Creditor SHANGHAI LAN CAI ASSET MANAGEMENT CO,
23
                        LTD.
24
   RESPONDING PARTY:    Debtor YUETING JIA
25
   SET NO.:             ONE
26

27

28

Under Federal Rule of Civil Procedure 34 (made applicable in this proceeding by Federal Rules of Bankruptcy Procedure 7034 and 9014(b)), Shanghai Lan Cai Asset Management Co, Ltd. hereby propounds the following Requests for Production of Documents to the Debtor, Yueting Jia. The Debtor shall respond to these Requests on or before May 14, 2020, and shall produce the documents on or before May 14, 2020, at the following address or by any other means consented to by the propounding party:

Lesnick, Prince & Pappas LLP
315 West Ninth Street
Suite 705
Los Angeles, California 90015

## DEFINITIONS

The following definitions apply to the requests for production of documents propounded below:

1.      "YOU" and "YOUR" refer to Yueting Jia, the Debtor in the above-captioned bankruptcy proceeding.

2.      "DOCUMENT(S)" means all recorded words, information, communications, or data of any kind, however created, recorded, stored, or maintained.

3.      "CONCERNING" means constituting, evidencing, recording, reflecting, substantiating, describing, summarizing, identifying, referring, or relating to in any way, whether directly or indirectly, and whether in whole or in part.

## INSTRUCTIONS

1.      This request for production under Federal Rule of Civil Procedure 34 (made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7034) requires the production of all responsive DOCUMENTS located anywhere in the world in YOUR possession, custody, or control, or available to YOU, YOUR employees, members, partners, accountants, agents, attorneys, auditors, or other persons acting on YOUR behalf or under any direction or control of YOUR agents or representatives.

2.      Each request shall be construed as being inclusive rather than exclusive. Thus, words importing the singular shall include the plural; words importing the plural shall include the singular;

words importing one gender shall include both genders; the words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive; the word "all" means "any and all" and the word "any" means "any and all."

3.      All DOCUMENTS produced pursuant to this document request are to be produced as they are kept in the usual course.

4.      If a DOCUMENT is redacted or not produced on the ground that it is privileged and therefore not subject to disclosure, the following information is to be supplied for each DOCUMENT:

    a.  the nature of the privilege being claimed;

    b.  the type of DOCUMENT;

    c.  general subject matter of the DOCUMENT;

    d.  the date of the DOCUMENT; and

    e.  other such information as is sufficient to identify the DOCUMENT, including, where appropriate, the author(s) of the DOCUMENT, the addressee(s) of the DOCUMENT, the identity of any Person who had an opportunity to review such DOCUMENT and, where not apparent, the relationship of the author and the addressee to each other.

5.      If any portion of any DOCUMENT is responsive to any request, the entire DOCUMENT is to be produced.

6.      Each DOCUMENT requested herein shall be produced in its entirety without deletion, redaction, or excisions, except as qualified by Instruction 4, regardless of whether YOU consider the entire DOCUMENT relevant or responsive to this request for production. If YOU have redacted any portion of the DOCUMENT, stamp the word "REDACTED" beside the redacted information on each page of the DOCUMENT which YOU have redacted. Any redactions to DOCUMENTS produced should be identified on a privilege log in accordance with Instruction 4.

7.      All DOCUMENTS which cannot be legibly copied must be produced in their original forms.

8.      Non-identical copies of DOCUMENTS, drafts, or copies with annotations, and

1    marks of marginalia shall be treated and produced as separate DOCUMENTS.

2        9.    If any of these requests cannot be responded to in full, YOU are to produce

3    DOCUMENTS to the extent possible, specifying the reason for YOUR inability to produce further

4    DOCUMENTS, and stating what knowledge, information, or belief YOU have concerning the

5    unproduced portion.

6                    **REQUESTS FOR DOCUMENTS**

7    **REQUEST FOR DOCUMENTS NO. 1**

8        All DOCUMENTS filed in the divorce proceedings initiated on or about November 14,

9    2019, between Wei Gan (甘薇), also known as Vivian Wei or Gan Wei, and YOU.

10    **REQUEST FOR DOCUMENTS NO. 2**

11        All DOCUMENTS filed in any legal proceeding, other than the proceedings referred to in

12    Request for DOCUMENTS No. 1, designed to dissolve the marriage between Wei Gan (甘薇), also

13    known as Vivian Wei or Gan Wei, and YOU.

14    **REQUEST FOR DOCUMENTS NO. 3**

15        All DOCUMENTS evidencing YOUR ownership interest in LeTV Xingen M&A Fund

16    Investment Management (深圳市乐视鑫根并购基金投资管理有限公司).

17    **REQUEST FOR DOCUMENTS NO. 4**

18        All DOCUMENTS conferring upon YOU any legal right or practical ability to exercise

19    control over in LeTV Xingen M&A Fund Investment Management (深圳市乐视鑫根并购基金投

20    资管理有限公司).

21    **REQUEST FOR DOCUMENTS NO. 5**

22        All DOCUMENTS concerning any legal right or practical ability LeTV Xingen M&A Fund

23    Investment Management (深圳市乐视鑫根并购基金投资管理有限公司) has to exercise control

24    over Shenzhen LeTV Xingen M&A Fund Investment Management (LP) (深圳市乐视鑫根并购基

25    金投资管理企业（有限合伙）).

26    **REQUEST FOR DOCUMENTS NO. 6**

27        All DOCUMENTS evidencing YOUR ownership interest in TV Plus Holdings (Beijing)

28    Limited (乐视控股（北京）有限公司).

1  //

2  //

3  //

4  //

5  //

6  ## REQUEST FOR DOCUMENTS NO. 7

7      All DOCUMENTS conferring upon YOU any legal right or practical ability to exercise

8  control over TV Plus Holdings (Beijing) Limited (乐视控股（北京）有限公司).

9

10  Dated: May 1, 2020                    LESNICK PRINCE & PAPPAS LLP

11                                        – AND –

12                                        KOBRE & KIM LLP

13

14                                   BY:  _/s/ Christopher E. Prince_____
                                         Christopher E. Prince
15                                       *Attorneys for Creditor*
                                         *Shanghai Lan Cai Asset Management Co, Ltd.*

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled (*specify*): **SHANGHAI LAN CAI ASSET MANAGEMENT CO, LTD.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS BY YUETING JIA** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*)_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) <u>05/01/2020</u>, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

    BY E-MAIL:

| | |
|---|---|
| Richard M. Pachulski | Suzzanne Uhland |
| Jeffrey W. Dulberg | Latham & Watkins LLP |
| Malhar S. Pagay | 885 Third Avenue |
| Pachulski Stang Ziehl @ Jones LLP | New York, NY 10022 |
| 10100 Santa Monica Blvd., 13th Floor | |
| Los Angeles, CA 90067 | |

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/01/2020 | Donna Xu | /s/ Donna Xu |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

CHRISTOPHER E. PRINCE (SBN 183553)
   cprince@lesnickprince.com
LESNICK PRINCE & PAPPAS LLP
315 West Ninth Street, Suite 705
Los Angeles, California 90015
Telephone:  (213) 291-8984
Facsimile:  (213) 493-6596

DANIEL J. SAVAL (*pro hac vice*)
   daniel.saval@kobrekim.com
DONG NI (DONNA) XU (*pro hac vice*)
   donna.xu@kobrekim.com
KOBRE & KIM LLP
800 Third Ave
New York, NY 10022
Telephone:  (212) 488-1200
Facsimile:  (212) 488-1220

Attorneys for Creditor
Shanghai Lan Cai Asset Management Co, Ltd.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>YUETING JIA,<br><br>               Debtor. | Case No. 2:19-BK-24804-VZ<br><br>**SHANGHAI LAN CAI ASSET MANAGEMENT CO, LTD.'S FIRST SET OF REQUESTS FOR ADMISSION BY YUETING JIA** |

PROPOUNDING PARTY:    Creditor SHANGHAI LAN CAI ASSET MANAGEMENT CO,

LTD.

RESPONDING PARTY:    Debtor YUETING JIA

SET NO.:    ONE

1          Under Federal Rule of Civil Procedure 36 (made applicable in this proceeding by Federal

2    Rules of Bankruptcy Procedure 7036 and 9014(c)), Shanghai Lan Cai Asset Management Co,

3    Ltd. ("Shanghai Lan Cai") hereby propounds the following Requests for Admission to the Debtor,

4    Yueting Jia. The Debtor shall respond to these Requests on or before May 16, 2020. As to any

5    Request for which a response is not provided on or before May 16, 2020, Shanghai Lan Cai will

6    move the Court to deem the matter admitted. *See* Fed. R. Civ. P. 36(a)(3).

7                                  **DEFINITIONS**

8          The following definitions apply to the Requests for Admission propounded below:

9          1.      "YOU" and "YOUR" refer to Yueting Jia, the Debtor in the above-captioned

10   bankruptcy proceeding.

11         2.      "CREDITOR" refers to a creditor with a scheduled claim in the above-captioned

12   bankruptcy proceeding.

13         3.      "CLAIM" refers to the number assigned to a creditor's scheduled claim in the

14   above-captioned bankruptcy proceeding.

15                           **INSTRUCTIONS**

16         1.      Your answers must include all information concerning the matters inquired about

17   and available to you, your attorneys, or other agents.

18         2.      If you fail to respond in a timely fashion, you waive any objection to the Requests,

19   and the Court may order all Requests deemed admitted.

20         3.      In formulating your answer, you may not give lack of information or knowledge as

21   a reason for failure to admit or deny, unless you state that you have made reasonable inquiry that

22   the information known or readily obtainable by you is insufficient to enable you to admit or deny

23   the Request.

24         4.      If only part of a Request is objectionable, you must answer the remainder of the

25   Request.

26         5.      Any objection to a Request or part of a Request must clearly state the specific

27   grounds for the objection.

28         6.      A denial of all or any portion of each Request must be unequivocal.

**REQUESTS TO FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1**

Admit that Jia Yuemin (贾跃民, or 賈躍民), also known as Jia Yue Min, Yuemin Jia, or Yue Min Jia, the CREDITOR whose CLAIM is numbered 137/0000020040/220001060, is YOUR brother.

**REQUEST FOR ADMISSION NO. 2**

Admit that Jia Yuefang (贾跃芳, or 賈躍芳), also known as Jia Yue Fang, Yuefang Jia, or Yue Fang Jia, the CREDITOR whose CLAIM is numbered 139/0000020043/220001050, is YOUR sister.

**REQUEST FOR ADMISSION NO. 4**

Admit that Wang Jiawei (王嘉伟 or 王嘉偉), also known as Wang Jia Wei, Jiawei Wang, Jia Wei Wang, or Jerry Wang, is YOUR nephew.

**REQUEST FOR ADMISSION NO. 5**

Admit that Wei Gan (甘薇), also known as Vivian Gan or Gan Wei, the CREDITOR whose CLAIM is numbered 000002004, is YOUR wife or ex-wife.

**REQUEST FOR ADMISSION NO. 6**

Admit that Wei Gan, (甘薇), also known as Vivian Gan or  Gan Wei, the CREDITOR whose CLAIM is numbered 000002004, initiated legal proceedings in October or November 2019 to dissolve YOUR marriage.

**REQUEST FOR ADMISSION NO. 7**

Admit that YOU have an ownership interest in TV Plus Holdings (Beijing) Limited (乐视控股（北京）有限公司).

**REQUEST FOR ADMISSION NO. 8**

Admit that YOUR ownership interest in TV Plus Holdings (Beijing) Limited (乐视控股（北京）有限公司) entitles YOU to direct the corporate actions of that entity.

**REQUEST FOR ADMISSION NO. 9**

Admit that YOU have an ownership interest in LeTV Xingen M&A Fund Investment Management (深圳市乐视鑫根并购基金投资管理有限公司).

**REQUEST FOR ADMISSION NO. 10**

Admit that YOUR ownership interest in LeTV Xingen M&A Fund Investment Management (深圳市乐视鑫根并购基金投资管理有限公司) entitles YOU to direct the corporate actions of that entity.

**REQUEST FOR ADMISSION NO. 11**

Admit that LeTV Xingen M&A Fund Investment Management (深圳市乐视鑫根并购基金投资管理有限公司) is the managing partner of Shenzhen LeTV Xingen M&A Fund Investment Management (LP) (深圳市乐视鑫根并购基金投资管理企业（有限合伙）).

Dated: May 1, 2020　　　　　　　　LESNICK PRINCE & PAPPAS LLP

　　　　　　　　　　　　　　　　– AND –

　　　　　　　　　　　　　　　　KOBRE & KIM LLP


　　　　　　　　　　　　BY: */s/ Christopher E. Prince*_____
　　　　　　　　　　　　　　Christopher E. Prince
　　　　　　　　　　　　　　*Attorneys for Creditor*
　　　　　　　　　　　　　　*Shanghai Lan Cai Asset Management Co, Ltd.*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy of the foregoing document entitled (*specify*): **SHANGHAI LAN CAI ASSET MANAGEMENT CO, LTD.'S FIRST SET OF REQUESTS FOR ADMISSION BY YUETING JIA** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) <u>05/01/2020</u>, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

BY E-MAIL:

| | |
|---|---|
| Richard M. Pachulski | Suzzanne Uhland |
| Jeffrey W. Dulberg | Latham & Watkins LLP |
| Malhar S. Pagay | 885 Third Avenue |
| Pachulski Stang Ziehl & Jones LLP | New York, NY 10022 |
| 10100 Santa Monica Blvd., 13th Floor | |
| Los Angeles, CA 90067 | |

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/01/2020 | Donna Xu | /s/ Donna Xu |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Lesnick Prince & Pappas LLP, 315 W. Ninth St., Suite 705, Los Angeles, CA 90015.

A true and correct copy of the foregoing document entitled (*specify*): **DECLARATION OF DANIEL J. SAVAL IN
SUPPORT OF SHANGHAI LAN CAI ASSET MANAGEMENT CO, LTD.'S OBJECTION TO DEBTOR'S
MOTION TO CONFIRM THIRD AMENDED PLAN** will be served or was served **(a)** on the judge in chambers in the
form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling
General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On
(*date*) <u>05/07/2020</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

- **Tanya Behnam**    tbehnam@polsinelli.com, tanyabehnam@gmail.com
- **Jerrold L Bregman**    ecf@bg.law, jbregman@bg.law
- **Jeffrey W Dulberg**    jdulberg@pszjlaw.com
- **Lei Lei Wang Ekvall**    lekvall@swelawfirm.com,
  lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **Stephen D Finestone**    sfinestone@fhlawllp.com
- **Richard H Golubow**    rgolubow@wghlawyers.com,
  pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
- **Jared T. Green**    , spappa@svglaw.com
- **Robbin L. Itkin**    robbin.itkin@dlapiper.com, cheryleigh.bullock@dlapiper.com;robbin-itkin-
  6765@ecf.pacerpro.com
- **Mette H Kurth**    mkurth@foxrothschild.com, mette-kurth-7580@ecf.pacerpro.com
- **Ben H Logan**    blogan@omm.com
- **Robert S Marticello**    Rmarticello@swelawfirm.com,
  gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- **David W. Meadows**    david@davidwmeadowslaw.com
- **Kevin Meek**    kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
- **John A Moe**    john.moe@dentons.com, glenda.spratt@dentons.com
- **Kelly L Morrison**    kelly.l.morrison@usdoj.gov
- **Matthew J Olson**    olson.matthew@dorsey.com, stell.laura@dorsey.com
- **Malhar S Pagay**    mpagay@pszjlaw.com, bdassa@pszjlaw.com
- **Diana M Perez**    , diana-perez-7352@ecf.pacerpro.com
- **Christopher E Prince**    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- **Victor A Sahn**    vsahn@sulmeyerlaw.com,
  pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.co
  m;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com
- **Randye B Soref**    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- **Benjamin Taylor**    btaylor@taylorlawfirmpc.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Ryan A Witthans**    rwitthans@fhlawllp.com
- **Felix T Woo**    fwoo@ftwlawgroup.com, admin@ftwlawgroup.com
- **Claire K Wu**    ckwu@sulmeyerlaw.com,
  mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com
- **Emily Young**    pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
- **David B Zolkin**    dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

☐ Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*

**F 9013-3.1.PROOF.SERVICE**

**2. SERVED BY UNITED STATES MAIL**:

On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
(state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/07/2020 | Christopher E. Prince | /s/Christopher E. Prince |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                                                                          **F 9013-3.1.PROOF.SERVICE**