Mette H. Kurth (CA 187100/DE 6491)
**FOX ROTHSCHILD LLP**
919 North Market Street, Ste. 300
Wilmington, DE 19899-2323
Telephone: (302) 654-7444
Facsimile: (302) 656-8920
mkurth@foxrothschild.com

David R. Doyle (IL 6303215) (*pro hac vice* forthcoming)
**FOX ROTHSCHILD LLP**
321 North Clark Street, Ste. 1600
Chicago, IL 60654
Telephone: (312) 980-3864
Facsimile: (312) 517-9201
ddoyle@foxrothschild.com

*Counsel for Zhejiang Zhongtai Chuangzhan Enterprise Management Co., Ltd.*

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>YUETING JIA,<br><br>               *Debtor*. | Chapter 11<br><br>Case No. 2:19-bk-24804-VZ<br><br>Hon. Vincent P. Zurzolo<br><br>**AMENDED DECLARATION OF DONGDONG PAN IN SUPPORT OF OBJECTION OF ZHEJIANG ZHONGTAI CHUANGZHAN ENTERPRISE MANAGEMENT CO., LTD. TO CONFIRMATION OF DEBTOR'S THIRD AMENDED PLAN OF REORGANIZATION** |

      I, Dongdong Pan, pursuant to 28 U.S.C. § 1746, hereby depose and state under the penalty of perjury as follows:

      1.    I am the Director of Asset Management at Zhejiang Zhongtai Chuangzhan Enterprise Management Co., Ltd. ("CCZ Management"). In that capacity, I have authority to submit this declaration on behalf of CCZ Management in support of the *Objection of Zhejiang Zhongtai Chuangzhan Enterprise Management Co., Ltd. to Conformation of Debtor's Third Amended Plan of Reorganization* (the "Objection") and have personal knowledge of the factual allegations set forth herein.

110238483

2. ZZC Management is a limited company incorporated in China on April 9, 2015. ZZC Management specializes in equity investment, asset management, investment consulting, consulting of corporate governance, etc.

3. In November 2016, ZZC Management, Beijing Branch of Bank of Nanjing ("Bank of Nanjing"), and Beijing Dongfang Cheyun Information Technology Co., Ltd. (the "Obligor"), entered into an *Entrusted Loan Contract* and *Supplementary Agreement to Entrusted Loan Contract* (collectively, the "Loan Agreement").

4. Pursuant to the Loan Agreement, ZZC Management entrusted the Bank of Nanjing to loan RMB 1.4 billion to the Obligor (the "Loan").

5. In connection with the Loan Agreement, on November 3, 2016, Letv Holdings (Beijing) Co., Ltd., Yueting Jia (the "Debtor") and his wife Wei Gan (collectively, the "Guarantors") entered into a *Guaranty on Third-Party Unlimited Joint and Several Liability* (the "Guaranty").

6. Under the Guaranty, if the Obligor defaulted or otherwise breached the Loan Agreement, both ZZC Management and the Bank of Nanjing were entitled to obtain a certificate enforcement from the Beijing Fangzheng Notary Public Office (the "Beijing Notary Public Office") and apply to a Chinese court for enforcement against the Guarantors to satisfy the outstanding balance of the Loan.

7. Among other provisions, the Loan Agreement provided that a default would occur upon an adverse change impacting the ability of either the Obligor or the Guarantors to perform their obligations under the Loan Agreement and Guaranty. Upon default, the Bank of Nanjing had the right to accelerate the maturity date of the Loan.

8. The Obligor subsequently defaulted under the Loan Agreement when the Shanghai High People's Court entered a judgment freezing the assets of the Guarantors, which were valued at approximately RMB 1.23 billion.

9. In light of the defaults under the Loan Agreement, ZZC Management applied for entry of a certificate of enforcement against the Obligor, the Guarantors, the Mortgagor and the Pledgor, in the Beijing Notary Public Office. On July 26, 2017, the Beijing Notary Public Office, after conducting an investigation into ZZC Management's allegations, entered a certificate of enforcement (the "Certificate of Enforcement") against the Guarantors, including the Debtor (the "Debtor Guaranty Claim") and Wei Gan (the "Wei Gan Guaranty Claim"), the Mortgagor and the Pledgor, in the amount of the remaining principal balance of the Loan, plus interest, liquidated damages and all expenses incurred in realizing ZZC Management's creditor rights.

10. As of October 14, 2019, the balance of the Debtor Guaranty Claim and the Wei Gan Guaranty Claim as determined by the Certificate of Enforcement was $307,413,875.86.

11. ZZC Management is currently involved in enforcement proceedings against the Obligor, the Guarantors, the Mortgagor, and the Pledgor in the Beijing No. 3 Intermediate People's Court (the "Beijing People's Court").

12. On January 15, 2020, ZZC Management filed a *Proof of Claim* [Claim No. 200010] (the "ZZC Claim") in the above-captioned bankruptcy case, asserting an unsecured claim against the Debtor in the amount of the Debtor Guaranty Claim ($307,413,875.86).

13. A true and correct copy of the ZZC Claim is attached hereto as <u>Exhibit A</u>.

14. All of the facts set forth in the ZZC Claim are true and correct to the best of my knowledge.

**FURTHER AFFIANT SAYETH NAUGHT.**

May 7, 2020

                                                      *Pan Dong Dong*
                                                      [Dongdong Pan]

**EXHIBIT A**

| United States Bankruptcy Court for the Central District Of California - Los Angeles Division | Your Mail ID is | 159209969 |
|---|---|---|
| **Name of Debtor:** Yueting Jia | **For Court Use Only** | |
| | Claim Number: | 0000020010 |
| **Case Number:** 19-24804 | File Date: | 01/15/2020 19:26:10 |

# Proof of Claim (Official Form 410)

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**
**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.
A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.
**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

**04/19**

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): ZHEJIANG ZHONGTAI CHUANGZHAN ENTRS MGMT

Other names the creditor used with the debtor: _____

**2. Has this claim been acquired from someone else?**   ☑ No   ☐ Yes.   From whom? _____

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name: ZHEJIANG ZHONGTAI CHUANGZHAN ENTRS MGMT | Name: _____ |
| Address: 29TH FLOOR, BLOCK T1, | Address: _____ |
| WANGJING POLY INTERNATIONAL PLAZA, | _____ |
| CHAOYANG DISTRICT | _____ |
| City: BEIJING | City: _____ |
| State: _____   ZIP Code: 100102 | State: _____   ZIP Code: _____ |
| Country (if International): CHINA | Country (if International): _____ |
| Phone: 008613672155721 | Phone: _____ |
| Email: lovepanda360@163.com | Email: _____ |

**4. Does this claim amend one already filed?**
☑ No
☐ Yes.
Claim number on court claims register (if known) _____
Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes.
Who made the earlier filing? _____

**Part 2:  Give Information About the Claim as of the Date the Case Was Filed**

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes.

Last 4 digits of the debtor's account or any number you use to identify the debtor:

____  ____  ____  ____

**7. How much is the claim?**

$ 307,413,875.86

**Does this amount include interest or other charges?**

☐ No

☑ Yes.  Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples:  Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.  Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).  Limit disclosing information that is entitled to privacy, such as health care information.

Other Basis
_____

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:**

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                              $_____

**Amount of the claim that is secured:**    $_____

**Amount of the claim that is unsecured:** $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**  $_____

**Annual Interest Rate** (when case was filed)  _____%

☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of petition**.

$_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a) (_____) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority.  For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes. **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9)**: $_____

| Part 3: | Sign Below |
|---|---|
| **The person completing this proof of claim must sign and date it. FRBP 9011(b).** | *Check the appropriate box:*<br>☑ I am the creditor.<br>☐ I am the creditor's attorney or authorized agent.<br>☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.<br>☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005. |
| If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is. | I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct. |
| **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.** | *DONGDONG PAN*                                         01/15/2020 19:26:10<br>Signature                                                                    Date<br><br>**Provide the name and contact information of the person completing and signing this claim:**<br>Name    DONGDONG PAN<br>Address    FLOOR 29, BLOCK T1<br>              POLY INTERNATIONAL PLAZA<br>              DA WANG JING BUSINESS ZONE<br>City       CHAO YANG DISTRICT<br>State    BJ                                                       Zip    100102<br>Country (in international)    CHINA<br>Phone    008613672155721<br>Email    lovepanda360@163.com |

Page 3 of 3

# Certificate of Enforcement

(2017) Jing Fang Zheng Zhi Xing Zheng Zi No.00843

Applicant: Zhejiang Zhongtai Chuangzhan Enterprise Management Co., Ltd., domicile: Room 130, Building 1, No.328, Guangyuan Road, Huzhou City, legal representative: Qiu Xiaojian.

Attorney: Bi Mengyang, female, born on ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.

Respondent: Beijing Dongfang Cheyun Information Technology Co., Ltd., domicile: Room 1507, Floor 12, Building 3, No.105, Yaojiayuan Road, Chaoyang District, Beijing, legal representative: Peng Gang.

Respondent: Letv Holdings (Beijing) Co., Ltd., domicile: Room 1102, Floor 10, Building 3, No.105, Yaojiayuan Road, Chaoyang District, Beijing, legal representative: Wu Meng.

Respondent: Jia Yueting, male, born on ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.

Respondent: Gan Wei, female, born ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.

……

On July 11, 2017, the Applicant Zhejiang Zhongtai Chuangzhan Enterprise Management Co., Ltd. requested Beijing Fangzheng Notary Public Office ("the Office") to issue a certificate of enforcement with respect to the enforceable *Entrusted Loan Contract* and *Supplementary Agreement to Entrusted Loan Contract* signed by the Applicant with the Respondent Beijing Dongfang Cheyun Information Technology Co., Ltd. and the enforceable *Guarantee on Third-Party Unlimited Joint and Several Liability* signed by the Applicant with each of the Respondents Letv Holdings (Beijing) Co., Ltd., Jia Yueting and Gan Wei.……The Applicant also submitted to the Office the following supporting materials: the Applicant's business license, a power of attorney, an application for issuance of certificate of enforcement, special business vouchers of Bank of Nanjing (Voucher 1 reads: Transaction Time: November 14, 2016 16:15:23; Name of Receiving Account: Beijing Dongfang Cheyun Information Technology Co., Ltd.; Loan Amount: 400000000.00; and Voucher 2 reads: Transaction Time: November 28, 2016 20:41:09; Name of Receiving Account: Beijing Dongfang Cheyun Information Technology Co., Ltd.; Loan Amount: 1000000000.00) and notarial certificates of enforceability of the above-mentioned documents.

It is found through investigation that: Zhejiang Zhongtai Chuangzhan Enterprise Management Co., Ltd., Beijing Dongfang Cheyun Information Technology Co., Ltd. and Beijing Branch of Bank of Nanjing signed the *Entrusted Loan Contract* and *Supplementary Agreement to Entrusted Loan*

*Contract* on November 3, November 7, and November 14, 2016 respectively, and each of Letv Holdings (Beijing) Co., Ltd., Jia Yueting and Jia Yueting as Gan Wei's agent signed the *Guarantee on Third-Party Unlimited Joint and Several Liability* on November 3, 2016. ······The above contracts have been notarized and determined enforceable by the Office. ······According to the contract, Zhejiang Zhongtai Chuangzhan Enterprise Management Co., Ltd. entrusts Beijing Branch of Bank of Nanjing to grant a loan of RMB1.4 billion to Beijing Dongfang Cheyun Information Technology Co., Ltd.; the term of the loan is from November 14, 2016 to November 14, 2018, commencing from the date when the loan is actually granted; the above term of the loan shall remain the same and the maturity date shall be adjusted accordingly; the rate shall be fixed as 8% per annum; Letv Holdings (Beijing) Co., Ltd., Jia Yueting and Gan Wei voluntarily guarantee to bear unlimited joint and several liability with Zhejiang Zhongtai Chuangzhan Enterprise Management Co., Ltd.; ······According to the said contract, if Beijing Dongfang Cheyun Information Technology Co., Ltd. fails to repay the principal, interest, compound interest, default interest and liquidated damages under the contract in full and in a timely manner as agreed, both Zhejiang Zhongtai Chuangzhan Enterprise Management Co., Ltd. and Beijing Branch of Bank of Nanjing are entitled to apply to Beijing Fangzheng Notary Public Office for a certificate of enforcement and then apply to a competent people's court for enforcement (including but not limited to collateral) by presenting the certificate of enforcement and the notarial certificate of the contract. The Guarantors are willing to notarize and make enforceable the guarantee. If Beijing Dongfang Cheyun Information Technology Co., Ltd. fails to perform its obligations under the *Entrusted Loan Contract*, the Guarantors will accept the issuance of a certificate of enforcement by the notary public office and the enforcement by the people's court and waive the right to defend against such enforcement. ······

Many assets of Mr. Jia Yueting, one of the Guarantors of the loan, still remain frozen up to now. According to the (2017) Hu Ming Chu No.19 Civil Ruling issued by Shanghai High People's Court, the assets valued RMB 1.23658443407 billion of the three Guarantors of the loan Jia Yueting, Gan Wei and Letv Holdings (Beijing) Co., Ltd. were ordered to be frozen; and on July 4, 2017, the Board of Directors of Leshi Internet Information & Technology Corp., Beijing (a listed company, stock code: 300104) published the *Notice of Leshi Internet Information & Technology Corp., Beijing on the Freeze of Partial Shares of Controlling Shareholders*, which confirmed that the shares held by Mr. Jia Yueting had been frozen; and so far, no information about the lift of such freeze has been found. ······

According to the evidences submitted by the Parties, the Office holds that, Paragraph 4, Article 8 of the *Guarantee on Third-Party Unlimited Joint and Several Liability* specifies that, "Party B (Zhejiang Zhongtai Chuangzhan Enterprise Management Co., Ltd.) will check whether any major



2

circumstances occur to Party A (the Company) and the guaranteed entity that may affect their ability to perform the payment obligations hereunder, including but not limited to major adverse changes in operation and major lawsuits, on a monthly basis, and if any of such circumstances occurs, Party B (Zhejiang Zhongtai Chuangzhan Enterprise Management Co., Ltd.) shall have the right to accelerate the maturity date of its creditors' rights"; Paragraph 6 specifies that, "Party B (Zhejiang Zhongtai Chuangzhan Enterprise Management Co., Ltd.) has the right to investigate the lawsuits and enforcement against Party A (the Company) and the guaranteed entity, and if any major anomaly is found, Party B (Zhejiang Zhongtai Chuangzhan Enterprise Management Co., Ltd.) shall have the right to accelerate the maturity date of its creditors' rights"; Clause 3, Article 10 of the *Entrusted Loan Contract* specifies that "Any of the following shall be deemed as a breach", and Paragraph 5 specifies "where Party C's Guarantor violates any agreement under the Guarantee Contract or commits any other breaches under the Guarantee Contract"; Paragraph 4, Clause 4 of Article 13 specifies that "During the term of the loan, if any major circumstances occur to Party C (the Company) and its Guarantor that may affect their ability to perform the payment obligations hereunder, including but not limited to major adverse changes in operation and major lawsuits, Party A (Zhejiang Zhongtai Chuangzhan Enterprise Management Co., Ltd.) and Party B (Beijing Branch of Bank of Nanjing) shall have the right to accelerate the loan hereunder."……

Now at the request of Zhejiang Zhongtai Chuangzhan Enterprise Management Co., Ltd., the Office hereby issues this Certificate of Enforcement in accordance with Article 238 of the *Civil Procedure Law of the People's Republic of China* and Article 37 of the *Notarization Law of the People's Republic of China* as well as the agreements between the Applicant and the Respondents. Zhejiang Zhongtai Chuangzhan Enterprise Management Co., Ltd. may apply to a competent people's court for enforcement by presenting this Certificate.……

The Respondents: Beijing Dongfang Cheyun Information Technology Co., Ltd., Letv Holdings (Beijing) Co., Ltd., Jia Yueting and Gan Wei……

Subjects of enforcement:

1. Principal: the remaining principal of RMB1.4 billion;

2. Interest: the interest of RMB3111111.11 payable but unpaid during the loan term (calculated based on the principal of RMB1.4 billion and the interest rate of 8% per annum as agreed in the loan contract for the period from July 1, 2017 to July 10, 2017, 10 days in total);

3. Liquidated damages: the payment of liquidated damages (the calculation is subject to Paragraph 5, Clause 4, Article 13 of the *Entrusted Loan Contract* and Article 1 of the *Supplementary Agreement to Entrusted Loan Contract*; but as the liquidated damages agreed is too high,



3

Zhejiang Zhongtai Chuangzhan Enterprise Management Co., Ltd. automatically adjusts the same to the amount calculated based on the annual rate of 24% and the principal of RMB1.4 billion for the period from July 11, 2017 to the date of actual payment);

4. All expenses incurred in realizing creditors' rights: payment of all expenses incurred in realizing creditors' rights as agreed in the contract, including the notarial fees of RMB140,000 already incurred during the issuance of certificate of enforcement and relevant postage of RMB193.

Scope of enforcement:

1. Beijing Dongfang Cheyun Information Technology Co., Ltd. as the Borrower, provides all properties under its name as enforceable properties;

2. Letv Holdings (Beijing) Co., Ltd., Jia Yueting and Gan Wei as joint Guarantors, guarantee to bear unlimited joint and several liability for the loan; ……

The term of enforcement applied is two years, commencing from the date when the certificate of enforcement is issued. The suspension and interruption of the time limit for the enforcement applied shall be subject to provisions of applicable laws regarding suspension and interruption of the prescribed period for litigation.

Beijing Fangzheng Notary Public Office of the People's Republic of China

Notary: Zhang Rui (signature)

July 26, 2017

Beijing Fangzheng Notary Public Office (seal)




# The Rider of the Proof of Claim

**I  Basic information of the *Entrusted Loan Contract***

Zhejiang Zhongtai Chuangzhan Enterprise Management Co., Ltd., Beijing Dongfang Cheyun Information Technology Co., Ltd. and Beijing Branch of Bank of Nanjing signed the *Entrusted Loan Contract* and *Supplementary Agreement to Entrusted Loan Contract* on November, 2016.

According to the contract, Zhejiang Zhongtai Chuangzhan Enterprise Management Co., Ltd. entrusts Beijing Branch of Bank of Nanjing to grant a loan of RMB1.4 billion to Beijing Dongfang Cheyun Information Technology Co., Ltd.; the term of the loan is from November 14, 2016 to November 14, 2018, commencing from the date when the loan is actually granted; the above term of the loan shall remain the same and the maturity date shall be adjusted accordingly; the rate shall be fixed as 8% per annum.

**II  Basic information of the *Guarantee on Third-Party Unlimited Joint and Several Liability***

Zhejiang Zhongtai Chuangzhan Enterprise Management Co., Ltd. entrusted Beijing Branch of Bank of Nanjing to grant a loan of RMB1.4 billion to Beijing Dongfang Cheyun Information Technology Co., Ltd.; the term of the loan is from November 14, 2016 to November 14, 2018, commencing from the date when the loan is actually granted; the above term of the loan shall remain the same and the maturity date shall be adjusted accordingly; the rate shall be fixed as 8% per annum.

By signing the *Guarantee on Third-Party Unlimited Joint and Several Liability* on November 3, 2016, Jia Yueting and his wife Gan Wei (with other guarantors) voluntarily guarantee to bear unlimited joint and several liability with Zhejiang Zhongtai Chuangzhan Enterprise Management Co., Ltd.

On November 14, 2016, Beijing Dongfang Cheyun Information Technology Co., Ltd.; received loan RMB 400,000,000.00; and on November 28, 2016, Beijing Dongfang

Cheyun Information Technology Co., Ltd. received loan RMB 1,000,000,000.00.

**III  The Defaults Under the Loan Contract**

Paragraph 4, Article 8 of the *Guarantee on Third-Party Unlimited Joint and Several Liability* specifies that, "Party B (Zhejiang Zhongtai Chuangzhan Enterprise Management Co., Ltd.) will check, on a monthly basis, whether any major circumstances occur to Party A (the Company[1]) and the guarantors that may affect their ability to perform the payment obligations hereunder, including but not limited to major adverse changes in operation and major lawsuits, and if any of such circumstances occurs, Party B (Zhejiang Zhongtai Chuangzhan Enterprise Management Co., Ltd.) shall have the right to accelerate the maturity date of its creditors' rights"; Paragraph 6 specifies that, "Party B (Zhejiang Zhongtai Chuangzhan Enterprise Management Co., Ltd.) has the right to investigate the lawsuits and enforcement against Party A (the Company[2]) and the guarantors, and if any major anomaly is found, Party B (Zhejiang Zhongtai Chuangzhan Enterprise Management Co., Ltd.) shall have the right to accelerate the maturity date of its creditors' rights"; Clause 3, Article 10 of the *Entrusted Loan Contract* specifies that "Any of the following shall be deemed as a breach", and Paragraph 5 specifies "where Party C's Guarantor violates any agreement under the Guarantee Contract or commits any other breaches under the Guarantee Contract"; Paragraph 4, Clause 4 of Article 13 specifies that "During the term of the loan, if any major circumstances occur to Party C (the Company[3]) and its Guarantor that may affect their ability to perform the payment obligations hereunder, including but not limited to major adverse changes in operation and major lawsuits, Party A (Zhejiang Zhongtai Chuangzhan Enterprise Management Co., Ltd.) and Party B (Beijing Branch of Bank of Nanjing) shall have the right to accelerate the loan hereunder. "

According to the above provisions, Zhejiang Zhongtai Chuangzhan Enterprise Management Co., Ltd announced that its creditors' rights became mature on July 10,

---

[1] i.e. Beijing Dongfang Cheyun Information Technology Co., Ltd.
[2] i.e. Beijing Dongfang Cheyun Information Technology Co., Ltd.
[3] i.e. Beijing Dongfang Cheyun Information Technology Co., Ltd.

2017 based on the following facts happened before July 10, 2017:

Many assets of Jia Yueting were frozen. According to the (2017) Hu Ming Chu No.19 Civil Ruling issued by Shanghai High People's Court, the assets valued collectively as RMB 1.23658443407 billion of the three Guarantors ( i.e. Jia Yueting, Gan Wei and Letv Holdings (Beijing) Co., Ltd.) of the loan were ordered to be frozen. And on July 4, 2017, the Board of Directors of Leshi Internet Information & Technology Corp., Beijing (a listed company, stock code: 300104) published the *Notice of Leshi Internet Information & Technology Corp., Beijing on the Freeze of Partial Shares of Controlling Shareholders*, which confirmed that the shares held by Mr. Jia Yueting had been frozen; and so far, no information about the lift of such freeze had been found.

## IV  The Entry of the Certificate of Enforcement by the Beijing Fangzheng Notary Public Office

Given the defaults under the *Entrusted Loan Contract*, on July 11, 2017, Zhejiang Zhongtai Chuangzhan Enterprise Management Co., Ltd. requested Beijing Fangzheng Notary Public Office ("the **Office**") to issue a certificate of enforcement against Beijing Dongfang Cheyun Information Technology Co., Ltd, Jia Yueting, Gan Wei and other guarantors, with respect to the enforceable *Entrusted Loan Contract* and *Supplementary Agreement to Entrusted Loan Contract.*

At the request of Zhejiang Zhongtai Chuangzhan Enterprise Management Co., Ltd., the Office, after investigation, issued the Certificate of Enforcement in accordance with Article 238 of the *Civil Procedure Law of the People's Republic of China* , Article 37 of the *Notarization Law of the People's Republic of China* and the aforementioned agreements. Zhejiang Zhongtai Chuangzhan Enterprise Management Co., Ltd. may apply to a competent people's court for enforcement by presenting the certificate of enforcement.

## V  Statement of the Amount of the Claim

The amount of the claim consists of:

1.  Principal: the remaining principal of RMB1.4 billion;

3

2. Interest: the interest of RMB3,111,111.11 (calculated based on the principal of RMB1.4 billion and the interest rate of 8% per annum as agreed in the Entrusted Loan Contract for the period from July 1, 2017 to July 10, 2017, 10 days in total);

3. Liquidated damages: the payment of liquidated damages of RMB770,933,333 (calculated based on the principal of RMB1.4 billion and the annual rate of 24%[4] for the period from July 11, 2017 to October 14, 2019);

4. All expenses incurred in realizing creditors' rights: payment of all expenses incurred in realizing creditors' rights as agreed in the contract, including the notarial fees of RMB140,000 already incurred during the issuance of certificate of enforcement and relevant postage of RMB193.

The total amount of the claim is RMB2,174,184,637 or $307,413,875.857. The exchange rate applied is $1=RMB7.0725, which was posted by State Administration of Foreign Exchange of PRC on the petition date, October 14, 2019.[5]

---

[4] See Certificate of Enforcement. According to the Paragraph 5, Clause 4, Article 13 of the Entrusted Loan Contract and Article 1 of the Supplementary Agreement to Entrusted Loan Contract, the liquidated damages agreed is too high, Zhejiang Zhongtai Chuangzhan Enterprise Management Co., Ltd. automatically adjusts the same to the amount calculated based on the annual rate of 24% and the principal of RMB1.4 billion for the period from July 11, 2017 to the date of actual payment.

[5] See http://www.safe.gov.cn/safe/rmbhlzjj/index.html, State Administration of Foreign Exchange of PRC.

4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: Fox Rothschild LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas, NV 89135.

A true and correct copy of the foregoing document entitled (*specify*):    **AMENDED DECLARATION OF DONGDONG PAN IN SUPPORT OF OBJECTION OF ZHEJIANG ZHONGTAI CHUANGZHAN ENTERPRISE MANAGEMENT CO., LTD. TO CONFIRMATION OF DEBTOR'S THIRD AMENDED PLAN OF REORGANIZATION**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>May 8, 2020</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Tanya Behnam**    tbehnam@polsinelli.com, tanyabehnam@gmail.com
- **Jerrold L Bregman**    ecf@bg.law, jbregman@bg.law
- **Jeffrey W Dulberg**    jdulberg@pszjlaw.com
- **Lei Lei Wang Ekvall**    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **Stephen D Finestone**    sfinestone@fhlawllp.com
- **Richard H Golubow**    rgolubow@wghlawyers.com, pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
- **Jared T. Green**    , spappa@svglaw.com
- **Robbin L. Itkin**    robbin.itkin@dlapiper.com, cheryleigh.bullock@dlapiper.com;robbin-itkin-6765@ecf.pacerpro.com
- **Ben H Logan**    blogan@omm.com
- **Robert S Marticello**    Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- **David W. Meadows**    david@davidwmeadowslaw.com
- **Kevin Meek**    kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
- **John A Moe**    john.moe@dentons.com, glenda.spratt@dentons.com
- **Kelly L Morrison**    kelly.l.morrison@usdoj.gov
- **Matthew J Olson**    olson.matthew@dorsey.com, stell.laura@dorsey.com
- **Malhar S Pagay**    mpagay@pszjlaw.com, bdassa@pszjlaw.com
- **Diana M Perez**    , diana-perez-7352@ecf.pacerpro.com
- **Christopher E Prince**    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- **Victor A Sahn**    vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com
- **Randye B Soref**    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- **Benjamin Taylor**    btaylor@taylorlawfirmpc.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Ryan A Witthans**    rwitthans@fhlawllp.com
- **Felix T Woo**    fwoo@ftwlawgroup.com, admin@ftwlawgroup.com
- **Claire K Wu**    ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com

Active\110313476

- **Emily Young**   pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
- **David B Zolkin**   dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

**2. SERVED BY UNITED STATES MAIL:**

On May 11, 2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Pachulski Stang Ziehl & Jones LLP
Attn: Richard M. Pachulski, Esq.
Jeffrey W. Dulberg, Esq.
Malhar S. Pagay, Esq.
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
*Counsel for the Debtor*

O'Melveny & Myers LLP
Attn: Suzzanne Uhland, Esq.
Diana M. Perez, Esq.);
Times Square Tower, 7 Times Square,
New York, NY 10036
*Special counsel for the Debtor*

Lowenstein Sandler LLP
Attn: Jeffrey D. Prol, Esq.
Andrew D. Behlmann, Esq.
Jeremy D. Merkin, Esq
One Lowenstein Drive
Roseland, NJ 07068

Polsinelli
Attn: Randye B. Soref, Esq.
2049 Century Park East, 29th floor
Los Angeles, CA 90067
*Counsel to the Creditors' Committee*

Office of the United States Trustee
for the Central District of California
Attn: Kelly L. Morrison, Esq.
915 Wilshire Blvd., Suite. 1850
Los Angeles, California 90017

☐Service information continued on attached page

Active\110313476

2

**3. SERVED BY OVERNIGHT MAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on <u>May 11, 2020</u>, I served the following persons and/or entities by personal delivery, <u>overnight mail service</u>, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

> The Honorable Vincent P. Zurzolo
> U.S. Bankruptcy Court
> Roybal Federal Building
> 255 E. Temple Street, Suite 1382
> Los Angeles, CA 90012

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 8, 2019 | Patricia M. Chlum | */s/Patricia M. Chlum* |
|---|---|---|
| Date | Printed Name | Signature |

Active\110313476

3