1 | Robbin Itkin (SBN 117105)
2 | Robbin.Itkin@dlapiper.com
**DLA PIPER LLP (US)**
3 | 2000 Avenue of the Stars
Suite 400 North Tower
4 | Los Angeles, California 90067-4704
Tel: 310.595.3000
5 | Fax: 310.595.3300

6 | Attorneys for Shanghai Haiyue Investment
7 | Management Co., LTD

8 | UNITED STATES BANKRUPTCY COURT

9 | CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES

| | |
|---|---|
| YUETING JIA, [1] | Case No. 2:19-bk-24804-VZ |
| Debtor. | **SUPPLEMENT TO MOTION TO DEEM PROOF OF CLAIM OF SHANGHAI HAIYUE INVESTMENT MANAGEMENT CO., LTD TIMELY FILED PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEEDURE 9006(b) (DECLARATION SIGNATURE PAGES)** |
| | [Related Dkt. No.: 708] |
| | Related Hearing Date and Time:<br>Date:   June 2, 2020<br>Time:   11:00 A.M.<br>Place:  Ctrm 1368<br>          255 E. Temple Street<br><br>(Check Court Procedures During Coronavirus Pandemic prior to hearing for appearance options) |

---

[1] The last four digits of the Debtor's federal tax identification number are 8972. The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275

-1-

**TO THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, THE UNITED STATES TRUSTEE, AND OTHER PARTIES-IN-INTEREST:**

On May 6, 2020, Shanghai Haiyue Investment Management Co., LTD ("SHIMCO"), by and through its counsel, DLA Piper LLP (US) ("DLA Piper"), filed its *Motion to Deem Proof of Claim of Shanghai Haiyue Investment Management Co., LTD Timely Filed Pursuant to Federal Rule of Bankruptcy Procedure 9006(b)* [Docket No. 708] (the "Claim Allowance Motion"). The Declarations of three SHIMCO employees, Zhitai Wang, Yuan Zhang, and Xiang Cheng, were filed in support of the Claim Allowance Motion (the "Declarations"). Because SHIMCO and the declarants are located in Beijing, China, and in the interest of efficiency, DLA Piper emailed to SHIMCO the final Declarations approved by the declarants for printing, signing and scanning back to DLA Piper for filing. Due to printing and scanning issues of SHIMCO, the signed pages of the Declarations were received by DLA Piper without reflecting the pleading paper border lines and line numbers. While these signed pages were filed with the Claim Allowance Motion, SHIMCO subsequently was able to address the printing and scanning issue and has now re-emailed the signature pages with the pleading lines and numbers fully visible as had been sent for signing.

Accordingly, pursuant to Local Bankruptcy Rules 5005-2 and 9004-1, SHIMCO hereby submits the Declarations with the signature pages appropriately reflecting the pleading paper on which they were signed.

DATED: May 8, 2020  DLA PIPER LLP (US)

By  /s/ Robbin L. Itkin
    ROBBIN L. ITKIN
    Attorneys for Shanghai Haiyue
    Investment Management Co., LTD

# SUPPLEMENT TO CLAIM ALLOWANCE MOTION

Declarations of Zhitai Wang, Yuan Zhang, and Xiang Cheng

<u>DECLARATION OF ZHITAI WANG</u>
<u>IN SUPPORT OF THE MOTION TO DEEM PROOF OF CLAIM OF SHANGHAI HAIYUE INVESTMENT MANAGEMENT CO., LTD TIMELY FILED PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9006(b)</u>

I, Zhitai Wang, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am over the age of eighteen years and am otherwise competent to make this declaration. Except where stated otherwise, I make this declaration based on personal knowledge. I have basic English language skills, and therefore, at my request, Yuan Zhang, who is fluent in English, has assisted me in preparing this declaration in support of the *Motion to Deem Proof of Claim of Shanghai Haiyue Investment Management Co., Ltd Timely Filed Pursuant to Federal Rule of Bankruptcy Procedure 9006(b)* (the "<u>Motion</u>").[1]

2. I am the General Manager of Shanghai Haiyue Investment Management Co., LTD ("<u>SHIMCO</u>"), where I have been employed since October 2017. In my role as the General Manager, I am responsible for leading and managing the execution of SHIMCO's business and investment objectives. Yuan Zhang is a Vice General Manager at SHIMCO and reports to me.

3. In September 2019, several other managers and I (collectively, the "<u>SHIMCO Management</u>") determined that the office space then occupied by SHIMCO, located at 19 Floor 1901, Block C, Caizhi Building, 18 Zhongguancun East Road, Haidian District, Beijing, 100190, China (the "<u>Old Office</u>"), was no longer adequate and relocated the office to 19 Floor 1907, Block C, Caizhi Building, 18 Zhongguancun East Road, Haidian District, Beijing, 100190, China (the "<u>New Office</u>") in October 2019. In accordance with standard practice among Chinese businesses, SHIMCO updated its WeChat account to reflect the new office address. Because businesses frequently move, they rely upon WeChat both to notify the public of changing addresses and contact information, and to obtain accurate contact information for their clients, contractors, and other parties. To my knowledge, SHIMCO has never had an issue with receiving mail when it moved in the past.

---

[1] Capitalized terms not otherwise defined herein have the same meaning as in the Memorandum of Points and Authorities.

4. After moving to the New Office, SHIMCO continued to receive its mail as usual at the New Office. I had no reason to be concerned that SHIMCO was missing mail as it appeared that any party that wished to mail something to SHIMCO was able to obtain the new address from WeChat, as is customary in China.

5. The SHIMCO team worked from the New Office until the Chinese government instituted policies closing businesses and prohibiting non-essential travel due to the outbreak of COVID-19. By February 6, 2020, SHIMCO was operating remotely, however, each day, one person from a group of four employees (Shichao Gao and Longen Xie, from Information Technology, and Buyun Zhang and Xiaolong Zhang, Project Managers) would go into the office to maintain the SHIMCO computer server. Though employees began returning to the office in March, many employees continue to work from home.

6. Because SHIMCO's business was doing well, and because the outbreak of COVID-19 reduced rent significantly, SHIMCO Management decided to rent the Old Office again. Upon moving back into the Old Office on or around March 6, 2020, another employee, Xiang Cheng, discovered the Exchange Offer Documents that had been mailed to SHIMCO in October 2019.

7. I do not know why we did not receive the Exchange Offer Documents until March 2020, but to the best of my knowledge and belief, there are several factors that could have contributed to the delay. First, it is customary for mail addressed to SHIMCO to include the name and phone number of a contact person, and for the postal service delivery person to call this contact when delivering the mail to SHIMCO's office building. We no longer have the envelope in which the Exchange Offer Documents were delivered, but assuming that the address on the envelope matched the address listed in the ballot that was included with the Exchange Offer Documents, the envelope did not list a phone number, so the postal service worker could not call anyone at SHIMCO to pick up the mail, and instead left the mail in a box in the lobby designated for mail sent to the Old Office. Because SHIMCO had moved, no one at SHIMCO checked this box in the lobby. Also, if the Exchange Offer Documents were addressed in English, like the address listed on the ballot of the Exchange Offer Documents, it's likely that anyone, such as a member of the

office building staff, who saw the Exchange Offer Documents did not know that they were addressed to SHIMCO and could not direct them to SHIMCO's attention.

8.  Other than the Exchange Offer Documents, SHIMCO did not receive any other documents from the Debtor or from this Case.  I first became aware of the Case in March 2020, when the Debtor Representative contacted Xiang Cheng, via WeChat, regarding the Plan that the Debtor would be filing and to confirm SHIMCO's mailing address.  On or around April 13, 2020, the Debtor Representative again contacted Xiang Cheng, and in that call, Xiang Cheng learned that SHIMCO had missed the Bar Date.  Shortly thereafter, I asked Yuan Zhang, SHIMCO's Vice General Manager, to handle the case and find American bankruptcy counsel to assist us with protecting our rights with respect to the debt we are owed that is guaranteed by the Debtor.  On April 22, 2020, I learned that Mr. Zhang had contacted Robbin Itkin, a partner of DLA Piper LLP (US), to assist us with this case.  We subsequently retained the firm to represent SHIMCO in this matter.

9.  A true and correct copy of the filed Claim is attached as Exhibit 1 hereto.  It reflects the $8,559,160.84 principal amount outstanding under that certain loan transaction dated May 27, 2015, and among SHIMCO and its affiliate, New High Lao International Investment Ltd. ("New High"), Leview Mobile & Intelligent Information Technology (Beijing) Co., Ltd. ("LMIIT"), Leview Mobile Ltd. ("Leview"), Le Ltd., and the Debtor, whereby SHIMCO provided LMIIT with a three-year, RMB 61,198,000 principal amount loan (the "Loan"), guaranteed by Leview and the Debtor.  Neither the Investor Rights Agreement nor the Loan Agreement (each, an "Agreement," together, the "Agreements") is being filed with the Claim because the Agreements contain confidentiality provisions, such as Section 6 of the Investor Rights Agreement.  Additionally, copies of the Agreements should be in the Debtor's possession.

*[Remainder of the page intentionally left blank]*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: May 4, 2020

*Zhitai Wang*
ZHITAI WANG

14

# DECLARATION OF YUAN ZHANG

## IN SUPPORT OF THE MOTION TO DEEM PROOF OF CLAIM OF SHANGHAI HAIYUE INVESTMENT MANAGEMENT CO., LTD TIMELY FILED PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9006(b)

I, Yuan Zhang, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am over the age of eighteen years and am otherwise competent to make this declaration.

2. I am the Vice General Manager of Shanghai Haiyue Investment Management Co., LTD ("SHIMCO"), where I have been employed since February 15, 2020. I report directly to the General Manager, Zhitai Wang.

3. I am able to speak, read, and write English fluently. As a result, I assisted Zhitai Wang, at his request, and Xiang Cheng, at her request, with preparing their declarations in support of the *Motion to Deem Proof of Claim of Shanghai Haiyue Investment Management Co., Ltd Timely Filed Pursuant to Federal Rule of Bankruptcy Procedure 9006(b)* (the "Motion").[2] To the best of my knowledge and belief, the declarations of Zhitai Wang and Xiang Cheng are accurate representations of the facts and events discussed in the Motion.

4. On or around April 13, 2020, Zhitai Wang asked me to retain American counsel to assist SHIMCO with respect to a debt we are owed that is guaranteed by the Debtor. After doing some research, I contacted Robbin Itkin, a partner of DLA Piper LLP (US), on April 22, 2020.

*[Remainder of the page intentionally left blank]*

---

[2] Capitalized terms not otherwise defined herein have the same meaning as in the Memorandum of Points and Authorities.

1  I declare under penalty of perjury under the laws of the United States of America that the
2  foregoing is true and correct.

4  Dated: May 4, 2020

*/s/ Yuan Zhang*
YUAN ZHANG

<u>DECLARATION OF XIANG CHENG IN SUPPORT OF THE MOTION TO DEEM PROOF OF CLAIM OF SHANGHAI HAIYUE INVESTMENT MANAGEMENT CO., LTD TIMELY FILED PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9006(b)</u>

I, Xiang Cheng, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am over the age of eighteen years and am otherwise competent to make this declaration.

2. I am the Financial Manager of Shanghai Haiyue Investment Management Co., LTD ("<u>SHIMCO</u>"), where I have been employed since March 11, 2019. I report directly to Yuan Zhang, the Vice General Manager. Except where stated otherwise, I make this declaration based on personal knowledge.

3. I have basic English language skills. As a result, I asked Yuan Zhang to help me prepare this declaration in support of the *Motion to Deem Proof of Claim of Shanghai Haiyue Investment Management Co., Ltd Timely Filed Pursuant to Federal Rule of Bankruptcy Procedure 9006(b)* (the "<u>Motion</u>").[1]

4. On or around March 28, 2020, the Debtor Representative contacted me to obtain SHIMCO's correct mailing address and to inform me that the new Plan would be mailed to SHIMCO. However, SHIMCO did not receive the Plan. Again on April 13, 2020, the Debtor Representative contacted me regarding the Plan and in that conversation, I learned that SHIMCO had missed the Bar Date and that in order to preserve the Claim, SHIMCO would have to retain its own American bankruptcy counsel.

*[Remainder of the page intentionally left blank]*

/

---

[1] Capitalized terms not otherwise defined herein have the same meaning as in the Memorandum of Points and Authorities.

1

1    I declare under penalty of perjury under the laws of the United States of America that the
2    foregoing is true and correct.

Dated: May 4, 2020

*Xiang Cheng*

XIANG CHENG

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

2000 Avenue of the Stars, Suite 400 North Tower, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **SUPPLEMENT TO MOTION TO DEEM PROOF OF CLAIM OF SHANGHAI HAIYUE INVESTMENT MANAGEMENT CO., LTD TIMELY FILED PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9006(b) (DECLARATION SIGNATURE PAGES)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d) and the Second Amended General Order 20-02: Amended Procedures for Public Emergency Related to COVID-19 Outbreak (the "**COVID-19 Procedures Order**"), including by leaving a voicemail message for Chambers at (213) 894-3755; and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders, including the **COVID-19 Procedures Order**, and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 8, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
Pursuant to the **COVID-19 Procedures Order**, on **May 8, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY EMAIL**:
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **May 8, 2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/08/2020 | Cheryleigh Bullock | /s/ Cheryleigh Bullock |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*  **F 9013-3.1.PROOF.SERVICE**

**SERVICE LIST**

**Case No. 2:19-24804**

| **VIA E-MAIL SERVICE** | **VIA U.S. MAIL** |

Hon. Vincent P. Zurzolo
U.S. Bankruptcy Court
255 E. Temple St., Suite 1360
Los Angeles, CA 90012

Counsel to the Debtor:
- Richard M. Pachulski  rpachulski@pszjlaw.com
- Jeffrey W. Dulberg  jdulberg@pszjlaw.com
- Malhar S. Pagay  mpagay@pszjlaw.com
- Lei Lei Wang Ekvall  lekvall@swelawfirm.com
- Robert S. Marticello  rmarticello@swelawfirm.com

The Office of the U.S. Trustee:
- Kelly L. Morrison  kelly.l.morrison@usdoj.gov

Counsel to the Official Committee of Unsecured Creditors:
- Christopher M. Samis  csamis@potteranderson.com
- L. Katherine Good  kgood@potteranderson.com
- Aaron H. Stulman  astulman@potteranderson.com
- Jeffrey D. Prol  jprol@lowenstein.com
- Andrew D. Behlmann  abehlmann@lowenstein.com
- Jeremy D. Merkin  jmerkin@lowenstein.com

**VIA NOTICE OF ELECTRONIC FILING (NEF)**

- Tanya Behnam    tbehnam@polsinelli.com, tanyabehnam@gmail.com
- Jerrold L Bregman    ecf@bg.law, jbregman@bg.law
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com
- jchung@swelawfirm.com
- Stephen D Finestone    sfinestone@fhlawllp.com
- Richard H Golubow    rgolubow@wghlawyers.com, pj@wcghlaw.com;jmartinez@wghlawyers.com
- Meir@virtualparalegalservices.com
- Jared T. Green    , spappa@svglaw.com
- Ben H Logan    blogan@omm.com
- Robert S Marticello    Rmarticello@swelawfirm.com, gcruz@swelawfirm.com; lgarrett@swelawfirm.com jchung@swelawfirm.com
- David W. Meadows    david@davidwmeadowslaw.com
- Kevin Meek    kmeek@robinskaplan.com, kevinmeek32@gmail.com, kmeek@ecf.inforuptcy.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                    **F 9013-3.1.PROOF.SERVICE**

- John A Moe    john.moe@dentons.com    glenda.spratt@dentons.com
- Kelly L Morrison    kelly.l.morrison@usdoj.gov
- Matthew J Olson    olson.matthew@dorsey.com    stell.laura@dorsey.com
- Malhar S Pagay    mpagay@pszjlaw.com
- bdassa@pszjlaw.com
- Diana M Perez    , diana-perez-7352@ecf.pacerpro.com
- Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com; cprince@ecf.courtdrive.com
- Victor A Sahn    vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com pdillamar@ecf.inforuptcy.com; vsahn@ecf.inforuptcy.com
- cblair@sulmeyerlaw.com; cblair@ecf.inforuptcy.com
- dlee@metallawgroup.com; dlee@ecf.inforuptcy.com
- Randye B Soref    rsoref@polsinelli.com    ccripe@polsinelli.com; ladocketing@polsinelli.com
- Benjamin Taylor    btaylor@taylorlawfirmpc.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Ryan A Witthans    rwitthans@fhlawllp.com
- Felix T Woo    fwoo@ftwlawgroup.com    admin@ftwlawgroup.com
- Claire K Wu    ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com; ckwu@ecf.courtdrive.com; ckwu@ecf.inforuptcy.com
- Emily Young    pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com; ECFInbox@epiqsystems.com
- David B Zolkin    dzolkin@ztlegal.com, maraki@ztlegal.com, sfritz@ztlegal.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**