PETER C. ANDERSON
UNITED STATES TRUSTEE
JILL M. STURTEVANT, (Bar No. 89395)
ASSISTANT UNITED STATES TRUSTEE
DARE LAW, (Bar No. 155714)
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
915 Wilshire Blvd, Suite 1850
Los Angeles, California 90017
Telephone:    (213) 894-4925
Facsimile:    (213) 894-2603
Email:    *dare.law@usdoj.gov*

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>**YUETING JIA**<br><br><br>Debtor. | Case No. 2: 19-bk-24804-VZ<br><br>Chapter 11<br><br>**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION FOR CONFIRMATION**<br><br>Date:    May 21, 2020<br>Time:    9:00 a.m.<br>Ctrm:    1375<br>    255 E. Temple Street<br>    Los Angeles, CA  90012 |

**TO THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES BANKRUPTCY JUDGE, DEBTOR'S COUNSEL, AND ALL PARTIES-IN-INTEREST:**

Peter C. Anderson, the United States Trustee for Region 16 (the "U.S. Trustee"), hereby objects, pursuant to 11 U.S.C. §§ 1125 and 1129 and Federal Rule of Bankruptcy Procedure 3017, to approval of the proposed Chapter 11 Plan of Reorganization ( the "Plan.").

While a simplified plan of liquidation would be easily confirmable, the U.S. Trustee is compelled to object to approval of Debtor's Plan as it contains third party releases which cannot and should not be confirmed as a matter of controlling Ninth Circuit law.  Instead, as more fully detailed

herein, the U.S. Trustee urges the Court to deny confirmation of the Plan which contains the impermissible third party releases.

DATED: May 11, 2020

PETER C. ANDERSON
UNITED STATES TRUSTEE


__/s/ **𝓓𝓪𝓻𝓮 𝓛𝓪𝔀** _____
By:    Dare Law
Attorney for the United States Trustee

**MEMORANDUM OF POINTS AND AUTHORITIES**

## II. BACKGROUND FACTS AND PROCEDURAL SUMMARY

Debtor filed his voluntary chapter 11 assigned case number 19-12220-KBO, in the District of Delaware on October 14, 2019 along with his pre-packaged plan. On December 18, 2019, Judge Karen B. Owens of the United States Bankruptcy Court for the District of Delaware transferred the Chapter 11 case to this District based upon creditor Shanghai Lan Can, Ltd's motion to dismiss or transfer venue on the grounds that the Debtor and Faraday & Future are located in California.

On October 25, 2019, the U.S. Trustee appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 45]. The Committee consists of the following members: (i) Ping An Bank., Ltd. Beijing Branch; (ii) China Minsheng Trust Co., Ltd; (iii) Shanghai Leyu Chuangye Investment Management Center LP; (iv) Jiangyin Hailan Investment Holding Co., Ltd; and (v) Shanghai Qichengyueming Investment Partnership Enterprise ("SQ"). The Committee has retained (i) Lowenstein Sandler LLP, as bankruptcy counsel; (ii) Polsinelli LLP, as California co-counsel; and (iii) Alvarez & Marsal North America, LLC, as financial advisor.

On October 17, 2019, the Schedules and SOFA were filed listing:

   a. $6.5 million of bonds, mutual funds or publicly traded stocks;

   b. 100% ownership of West Coast, L.L.C. (formed on 7-23-19 in Delaware);

   c. Interest in Pacific Technology Holding, L.L.C. (unquantified);

   d. 100% ownership of Le Le Holdings, Ltd (no value in schedules set forth).;

   e. 100% ownership of Ford Field International Ltd. (no value in schedules set forth);

   f. 100% ownership of Champ Alliance Holdings, Ltd. (no value in schedules set forth).

The Summary of Schedules discloses secured claims totaling $ 1,209,437,065.82 and unsecured claims totaling $ 2,564,019,294.73. The Debtor testified in response to questions by the United States Trustee and individual creditors meetings of creditors pursuant to section 341(a) of the Bankruptcy Code conducted on December 6, 2019 in Delaware, and February 28, 2020 in Los Angeles.

### III. BASED UPON APPLICABLE NINTH CIRCUIT AUTHORITY, THE DEBTOR'S UNDERLYING PROPOSED PLAN CANNOT BE CONFIRMED.

Article 6.6 of the Plan, specifically enjoins all entities who hold or may have held Claims against the Estate or any of the property from asserting any actions whatsoever against the Debtor's estranged wife, Wei Gan, under a settlement with Ms. Gan and the Creditors' Committee.

As more fully-described below, the United States Trustee maintains that the Debtor's proposed Plan cannot be confirmed on its face for a number of reasons. The United States Trustee's argument and position relies upon several and various sections of the Bankruptcy Code. For the Court's ease of review, the relevant statutes are quoted in appropriate parts below.

- *Code Section 1123(b)(6)* provides that:

    (b)    Subject to subsection (a) of this section, a plan may –

      (6)    include any other appropriate provisions not inconsistent with the applicable provisions of this title.

- *Code Section 1129(a)(1)* provides that:

    (a)    The court shall confirm a plan only if all of the following requirements are met:

      (1)    The plan complies with the applicable provisions of this title.

- *Code Section 1141(d)(3)* provides that:

      (3)    The confirmation of a plan does not discharge a debtor if -

        (A)    the plan provides for the liquidation of all or substantially all of the property of the estate;

        (B)    the debtor does not engage in business after consummation of the plan; and

        (C)    the debtor would be denied a discharge under section § 727 (a) of this title if the case were a case under chapter 7 if this title.

*Code Section 524(e)* provides that "Except as provided in subsection (a)(3) of this section, discharge of a debt of the debtor does not affect the liability of any other entity, or property of any other

entity, for such debt." Therefore, the injunctions in Article 6.6 of the Plan does not comply with the provisions of the Bankruptcy Code because if that provision is enforced it would in effect discharge a non-debtor entity, Wei Gan, of any and all liability known or unknown. *11 U.S.C. §§ 524(a)(2), 1123(b)(6)* and *1129(a)(1)*.

The Ninth Circuit in *American Hardwoods* has ruled that a permanent injunction constitutes a de facto discharge. In so doing, it overturned a bankruptcy court's ruling permitting same under the court's equitable powers as provided in *11 U.S.C. §105*. <u>See</u> *In re American Hardwoods, Inc*., 885 F.2d 621, 626 (1989). In that case, the Ninth Circuit held that there was essentially no difference between a permanent injunction and a discharge:

> "*11 U.S.C. § 524(a)(2),* however, describes the effect of a discharge "as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." We find American's semantic distinction between a permanent injunction and a discharge unpersuasive. A discharge under *section 524(a)(2)* does not void *ab initio* a liability. Rather, section 524 constructs a legal bar to its recovery. A discharge is in effect a special type of permanent injunction. American seeks the same. The permanent injunction requested by American falls squarely within the definition of a discharge under *section 524(a)(2)*. American requests "an injunction against …an action… to collect [a] debt." *11 U.S.C. § 524(a)(2);...* We therefore conclude that the specific provisions of *section 524* displace the court's equitable powers under *section 105* to order the permanent relief sought by America."

*In re American Hardwoods, Inc.,* 885 F.2d 621, 626 (9th Cir. 1989)(internal citations omitted).

What's more, the Ninth Circuit Bankruptcy Appellate Panel has held that because *Code Section 542(a)(1)* refers to "any debt discharged" by inter alia, *Code Section 1141*, that language must inform *Code Section 524(a)(2)*, which acts as an injunction against the continuation or commencement of actions to collect, recover, or offset "any such debt." Therefore a "§ 524(a)(2) discharge injunction does

not, by its straightforward terms, apply to protect the debtor from any debt that is not discharged." *In re Munoz*, 287 B.R. 546, 556 (B.A.P. 9th Cir. 2002); see also *11 U.S.C.§§ 524(a)(1 )and (2)*.

Additionally, the rule that a permanent injunction is tantamount to a discharge has also been recognized by courts in other jurisdictions. *See*, for example, *In re SIS Corp.*, 120 B.R. 93, 96 (Bankr. N.D. Ohio 1990), where the court denied confirmation of a liquidating plan because, inter alia, it contained an injunction that sought to preclude creditors from asserting claims against the debtor and its assets.

### B. The Debtor's Proposed Plan Essentially Provides a Discharge For the Non-Debtor Spouse In Violation of 11 U.S.C. § 524(e) And Thus Does Not Comply With 11 U.S.C. §§ 1123(B)(6) And 1129(A)(1).

*Code Section 524(e)* provides that "discharge of a debt of the debtor does not affect the liability of any other entity on, or to the property of any other entity for, such debt." *11 U.S.C. § 524(e)*. Here, confirmation of this particular proposed Plan presents the issue of whether the Debtor should be permitted to use a Chapter 11 plan as a vehicle to release and otherwise seek to discharge claims or causes of action that may be brought by creditors against the non-debtor third party, Wei Gan, in violation of *11 U.S.C. § 524(e)*.

Simply put, the Ninth Circuit has repeatedly held "without exception that *section 524(e)* precludes Courts from discharging the liabilities of non-debtors. 11 U.S.C. § 524(e); *Resorts Int'l, Inc. v. Lowenschuss (In re Lowenschuss)*, 67 F.3d 1394, 1401 (9th Cir. 1995) (holding that the Ninth Circuit has repeated declined to recognize exceptions to the rule). The prohibition extends to the temporary suspension of collection efforts against guarantors imposed by Chapter 11 plans. *See Seaport Automotive Warehouse, Inc. v. Rohnert Park Auto Parts, Inc. (In re Rohnert Park Auto Parts, Inc.)*, 113 B.R. 610, (B.A.P. 9th Cir. 1990) (reversing bankruptcy court's order approving plan that enjoined creditors from taking collection efforts against the debtor's partners for five years pending completion of the plan); *see also In re Linda Vista Cinemas, L.L.C.*, 442 B.R. 724, 743-48 (Bankr. D. Ariz. 2010)

(disagreeing with *Rohnert* but holding that *Lowenschuss* remains binding precedent and denying confirmation of plan containing a temporary injunction).

Article 6.6 of the Plan specifically enjoins all entities who hold or may have held Claims against Wei Gan from asserting any actions whatsoever against the Estate or the Responsible Person. *See*, Plan, Article 6.6  Because a nondebtor release is a "device that lends itself to abuse," even courts that do not construe Section 524(e) as an outright prohibition of the releases of nondebtors in a Chapter 11 plan generally take a very circumscribed approach to nondebtor releases, recognizing that providing blanket protection to nondebtors, much like the releases sought by this Debtor's proposed Plan, is extraordinary relief. *Deutsche Bank AG v. Metromedia Fiber Network, Inc (In re Metromedia Fiber Network, Inc.)*, 416 F.3d 136, 142 (2d Cir. 2005) (decided on equitable mootness grounds). *Accord, Class Five Nev. Claimants v. Dow Corning Corp. (In re Dow Corning Corp.)*, 80 F.3d 648, 658 (6th Cir.), cert. denied, 537 U.S. 816 (2002) (injunction in favor of nondebtor is a "dramatic measure to be used cautiously" and "is only appropriate in 'unusual circumstances'").

Therefore, unless there is substantial monetary consideration or truly extraordinary circumstances, such as the settlement of massive tort liabilities or an avalanche of litigation, clearly not present in this case, few appellate courts have expressed a willingness to release liability of or enjoin the pursuit of claims against nondebtors without an affected party's consent. *See, e.g., In re Dow Corning Corp.*, 280 F.3d 648, 658 (6th Cir.), *cert. denied*, 537 U.S. 816 (2002); *SEC v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.)*, 960 F.2d 285 (2d Cir. 1992), *cert. dismissed*, 506 U.S. 1088 (1993); *McArthur Co. v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 837 F.2d 89 (2d Cir. 1987), *cert. denied*, 488 U.S. 868 (1988).

Based upon the factual summary in Debtor's Disclosure Statement and Plan, while Wei Gan is providing $1.25 million to the Estate, she still is pursuing a $250 million claim against the Estate, thus failing to provide the extraordinary circumstances present in this case that could or do warrant the imposition of the proposed releases and permanent injunction upon creditors. Indeed, since the Debtor is allegedly depositing all his non-exempt assets into a Trust which intends to fully liquidate the assets

thereof, the proposed non-debtor releases cannot be a critical piece of a reorganization strategy.[1] Therefore, the U.S. Trustee maintains that the proposed injunction in Article 6.6 of the Plan in favor of all non-debtor third parties, including Ms. Gan," violates Section 524(e) and renders the Plan unconfirmable.

### C. The Court's Equitable Powers Under 11 U.S.C. §105 May Not Displace the Specific Provisions of 11 U.S.C. §524(e).

Although this Court has equitable powers granted under *Section 105(a),* the Ninth Circuit has explicitly rejected the proposition that the general equitable powers bestowed by *Section 105(a)* can be used to displace the specific provisions of *Section 524(e). See In re Lowenschuss,* 67 F.3d 1394, 1402 (9th Cir. 1995); *see also In re American Hardwoods, Inc.,* 885 F.2d 621, 625-26 (9th Cir. 1989); *see also Norwest Bank Worthington v. Ahlers,* 485 U.S. 197, 207 (1988) ("[W]hatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code.")

In *Underhill v. Royal*, the Ninth Circuit addressed the issue of whether a bankruptcy court had the power to enforce releases, including consensual releases of a non-debtor third party and held it did not:

> "[T]he bankruptcy court has no power to discharge the liabilities of a non-debtor pursuant to the consent of creditors as part of a reorganization plan. The broad language of *§ 524(e),* limiting the scope of a discharge so that it 'does not affect the liability of any other entity,' encompasses this result."

*Underhill v. Royal*, 769 F.2d 1426, 1432 (9th Cir. 1985), *rejected on other grounds by Reves v. Ernst & Young*, 494 U.S. 5, 64 (1990).

The *Underhill* court reasoned that "[w]hen a bankruptcy court discharges the debtor; it does so by operation of the bankruptcy laws, not by consent of the creditors." *Id.* (citations omitted). The *Underhill* court also held that the mechanics of administering the federal bankruptcy laws do not operate

---

[1] To the contrary, the Plan provides the non-debtor releases grant immunity for the prepetition activities of the non-debtor party, and afford greater protection than that received by the Debtor.

as a private contract to relieve co-debtors of their liabilities. *Id.* Therefore, the *Lowenschuss* decision is consistent with this holding when it states that the Ninth Circuit does not recognize an exception to the rule that *Section 524 (e)* precludes a bankruptcy court from discharging the liabilities of non-debtors.

The Debtor's Plan at Article 6.6 operates as a permanent injunction barring creditors from pursuing Wei Gan. As made clear by the Court's analysis in *Continental Airlines,* however, such provisions constitute discharges of liability of non-debtors. *In re Continental Airlines*, 203 F.3d 203, 212 (3d Cir. 2000). The controlling precedent cited here states unequivocally that non-debtor releases are not permitted in the Ninth Circuit.

### D. The Release Provisions in the Proposed Plan Cannot Be Confirmed Absent Identification of the Civil Proceedings or Group of Civil Proceedings Over Which the Bankruptcy Court is Being Called Upon to Exercise "Related-To" Jurisdiction under 28 U.S.C. § 1334(b).

Further, the United States Trustee notes that other Circuits have held that bankruptcy courts cannot assert "related-to" jurisdiction without having made findings that a sufficient factual record had been established by the Debtor to demonstrate how the cause or causes of action the Debtor seeks to release under the Plan fall within the ambit of the bankruptcy court's related-to jurisdiction. Due to the breadth of the various release provisions set forth in, among other provisions of the Plan, Article 6.6, Debtor has not demonstrated how the Bankruptcy Court possesses subject matter jurisdiction to approve these broad releases, especially for those cause of actions in China.

In particular, the Debtor should be required (as it has not yet done in its proposed Plan) to demonstrate how the Bankruptcy Court possesses subject matter jurisdiction to approve same. The Debtor has not identified an extant civil proceeding or group of proceedings over which Debtor is asking the Bankruptcy Court to exercise "related-to" jurisdiction under 28 U.S.C. §1334(b). Absent identification of the civil proceeding or group of civil proceedings over which the Court is being called upon to exercise related to jurisdiction, the Debtor cannot establish a sufficient factual record.


In *In re Combustion Engineering, Inc.*, 391 F. 3d 190, 224 (3d Cir. 2004), the Third Circuit noted the lack of jurisdiction findings by the lower federal courts in that case as part of its basis for denying approval of the non-debtor releases at issue there. The Fifth Circuit, in *Feld v. Zale Corp.(In re Zale Corp.)*, 62 F. 3d 746, 755 (5th Cir. 1995), stated that "[I]t is the relation of the dispute to the estate, and not the party to the estate, that establishes [related-to] jurisdiction." (Internal quotation marks omitted)(citation omitted).

The Debtor must establish through admissible evidence a sufficient record to support a finding that the Bankruptcy Court has related-to jurisdiction by proving that the releases relate to disputes belonging to or against the estate, and not merely parties to the estate. Absent such showing, the Bankruptcy Court does not have the required "related-to" jurisdiction under 28 U.S.C. § 1334(b) to approve the Plan containing such provisions.

## V. **CONCLUSION**

The weight of well-established Ninth Circuit authority precluding confirmation of a Chapter 11 plan with the non-debtor release presently included in Debtor's Plan. The U.S. Trustee contends that the proposed non-debtor release is an unwarranted obstacle standing in the way of the Court's confirmation of what can and should be a simple plan of liquidation. Debtor, the Creditor's Committee and their counsel should amend the proposed Plan to remove this obstacle and move this case toward a prompt and proper conclusion.

DATED: May 11, 2020           PETER C. ANDERSON
                              United States Trustee

                              By:   /s/ *Dare Law*
                                    Dare Law
                                    Attorney for the United States Trustee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**915 Wilshire Boulevard, Suite 1850, Los Angeles, California 90017-3560**

A true and correct copy of the foregoing document entitled (*specify*) **UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION FOR CONFIRMATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On **May 11, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 11, 2020 | Dare Law | /s/ Dare Law |
|---|---|---|
| Date | Print Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- **Tanya Behnam**   tbehnam@polsinelli.com, tanyabehnam@gmail.com
- **Jerrold L Bregman**   ecf@bg.law, jbregman@bg.law
- **Jeffrey W Dulberg**   jdulberg@pszjlaw.com
- **Lei Lei Wang Ekvall**   lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **Stephen D Finestone**   sfinestone@fhlawllp.com
- **Richard H Golubow**   rgolubow@wghlawyers.com, pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
- **Jared T. Green**   , spappa@svglaw.com
- **Robbin L. Itkin**   robbin.itkin@dlapiper.com, cheryleigh.bullock@dlapiper.com;robbin-itkin-6765@ecf.pacerpro.com
- **Mette H Kurth**   mkurth@foxrothschild.com, mette-kurth-7580@ecf.pacerpro.com
- **Ben H Logan**   blogan@omm.com
- **Robert S Marticello**   Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- **David W. Meadows**   david@davidwmeadowslaw.com
- **Kevin Meek**   kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
- **John A Moe**   john.moe@dentons.com, glenda.spratt@dentons.com
- **Kelly L Morrison**   kelly.l.morrison@usdoj.gov
- **Matthew J Olson**   olson.matthew@dorsey.com, stell.laura@dorsey.com
- **Malhar S Pagay**   mpagay@pszjlaw.com, bdassa@pszjlaw.com
- **Diana M Perez**   , diana-perez-7352@ecf.pacerpro.com
- **Christopher E Prince**   cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- **Victor A Sahn**   vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com
- **Randye B Soref**   rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- **Benjamin Taylor**   btaylor@taylorlawfirmpc.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **Ryan A Witthans**   rwitthans@fhlawllp.com
- **Felix T Woo**   fwoo@ftwlawgroup.com, admin@ftwlawgroup.com
- **Claire K Wu**   ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com
- **Emily Young**   pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
- **David B Zolkin**   dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                         **F 9013-3.1.PROOF.SERVICE**