Richard M. Pachulski (CA Bar No. 90073)
Jeffrey W. Dulberg (CA Bar No. 181200)
Malhar S. Pagay (CA Bar No. 189289)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail: rpachulski@pszjlaw.com
        jdulberg@pszjlaw.com
        mpagay@pszjlaw.com

Attorneys for Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>YUETING JIA,[1]<br><br>            Debtor. | Case No.: 2:19-bk-24804-VZ<br>Chapter 11<br><br>**EVIDENTIARY OBJECTIONS TO AMENDED DECLARATION OF DONGDONG PAN IN SUPPORT OF OBJECTION OF ZHEJIANG ZHONGTAI CHUANGZHAN ENTERPRISE MANAGEMENT CO., LTD TO DEBTOR'S THIRD AMENDED PLAN OF REORGANIZATION**<br><br>Hearing:<br>Date:    May 21, 2020<br>Time:   9:30 a.m.<br>Place:  Courtroom 1368<br>          Edward R. Roybal Federal Building<br>          255 East Temple Street<br>          Los Angeles, California 90012<br>Judge:  Honorable Vincent P. Zurzolo |

Yueting Jia, debtor herein (the "Debtor"), by and through his attorneys, Pachulski Stang Ziehl & Jones LLP, hereby submits his evidentiary objections to the *Amended Declaration of Dongdong Pan in Support of Objection of Zhejiang Zhongtai Chuangzhan Enterprise Management Co., Ltd. to Confirmation of Debtor's Third Amended Plan of Reorganization* (the "Pan Declaration") [Docket No. 728], filed by Zhejiang Zhongtai Chuangzhan Enterprise Management

---

[1] The last four digits of the Debtor's federal tax identification number are 8972. The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

DOCS_LA:329564.1 46353/002

Co., Ltd. ("ZZC") in support of *Zhejiang Zhongtai Chuangzhan Enterprise Management Co., Ltd.'s Objection to Confirmation of Debtor's Third Amended Plan of Reorganization* [Docket No. 716] (the "Objection").

| Paragraph Number | **Objectionable Statement** | **Evidentiary Objection** |
|---|---|---|
| ¶6 | Under the Guaranty, if the Obligor defaulted or otherwise breached the Loan Agreement, both ZZC Management and the Bank of Nanjing were entitled to obtain a certificate enforcement from the Beijing Fangzheng Notary Public Office (the "Beijing Notary Public Office") and apply to a Chinese court for enforcement against the Guarantors to satisfy the outstanding balance of the Loan. | Objections:<br><br>**Best Evidence Rule (FRE 1004).** While the statement purports to summarize or set forth the content of a portion of the Guaranty, none of the exceptions to utilizing an original of the Guaranty specified in FRE 1004(a) - (d) are established to obtain.<br><br>**Improper Expert Testimony (FRE 702).** To the extent that the statement is intended as evidence of the legal entitlement of ZZC Management and the Bank of Nanjing under Chinese law to obtain a certificate enforcement from the Beijing Fangzheng Notary Public Office and apply to a Chinese court for enforcement against the Guarantors to satisfy the outstanding balance of the Loan, Declarant has not established that he is an expert as to Chinese law. |
| ¶7 | Among other provisions, the Loan Agreement provided that a default would occur upon an adverse change impacting the ability of either the Obligor or the Guarantors to perform their obligations under the Loan Agreement and Guaranty. Upon default, the Bank of Nanjing had the right to accelerate the maturity date of the Loan. | Objections:<br><br>**Best Evidence Rule (FRE 1004).** While the statement purports to summarize or set forth the content of a portion of the Loan Agreement or Guaranty, none of the exceptions to utilizing an original of the Loan Agreement or Guaranty specified in FRE 1004(a) - (d) are established to obtain.<br><br>**Improper Expert Testimony (FRE 702).** To the extent that the statement is |

| Paragraph Number | **Objectionable Statement** | **Evidentiary Objection** |
|---|---|---|
| | | intended as evidence of the legal entitlement of ZZC Management and/or the Bank of Nanjing under the Loan Agreement or Guaranty to declare a default or accelerate the maturity date of the Loan under Chinese law, Declarant has not established that he is an expert as to Chinese law. |
| ¶8 | The Obligor subsequently defaulted under the Loan Agreement when the Shanghai High People's Court entered a judgment freezing the assets of the Guarantors, which were valued at approximately RMB 1.23 billion. | Objections:<br><br>**Best Evidence Rule (FRE 1004).** While the statement purports to summarize or set forth the content of a portion of the "judgment", none of the exceptions to utilizing an original of "judgment" specified in FRE 1004(a) - (d) are established to obtain.<br><br>**Improper Expert Testimony (FRE 702).** To the extent that the statement is intended as evidence that (a) one or more unspecified actions or omissions constituted a default under the Loan Agreement under Chinese law (b) that the effect of the "judgment" was to "freeze" the Guarantors' assets under Chinese law, Declarant has not established that he is an expert as to Chinese law. |
| ¶9 | In light of the defaults under the Loan Agreement,…. | Objection:<br><br>**Improper Expert Testimony (FRE 702).** To the extent that the statement is intended as evidence that one or more unspecified actions or omissions constituted a default under the Loan Agreement under Chinese law, Declarant has not established that he is an expert as to Chinese law. |

| **Paragraph Number** | **Objectionable Statement** | **Evidentiary Objection** |
|---|---|---|
| ¶9 | …., ZZC Management applied for entry of a certificate of enforcement against the Obligor, the Guarantors, the Mortgagor and the Pledgor, in the Beijing Notary Public Office…. | Objection:<br><br>**Best Evidence Rule (FRE 1004).** While the statement purports to summarize the content of an application of ZZC for entry of a certificate of enforcement against the Obligor, the Guarantors, the Mortgagor and the Pledgor, in the Beijing Notary Public Office, none of the exceptions to utilizing an original of the application specified in FRE 1004(a) - (d) are established to obtain. |
| ¶9 | ….On July 26, 2017, the Beijing Notary Public Office, after conducting an investigation into ZZC Management's allegations, entered a certificate of enforcement (the "Certificate of Enforcement") against the Guarantors, including the Debtor (the "Debtor Guaranty Claim") and Wei Gan (the "Wei Gan Guaranty Claim"), the Mortgagor and the Pledgor, in the amount of the remaining principal balance of the Loan, plus interest, liquidated damages and all expenses incurred in realizing ZZC Management's creditor rights. | Objections:<br><br>**Best Evidence Rule (FRE 1004).** While the statement purports to summarize the content of the Certificate of Enforcement, it is inadmissible since the Certificate of Enforcement is attached as part of Exhibit A and constitutes the best evidence of its content.<br><br>**Lack of Personal Knowledge (FRE 602).** To the extent that the statement is intended as evidence that the Beijing Notary Public Office conducted an investigation into ZZC Management's allegations under Chinese law, Declarant has not established that he has personal knowledge regarding the Beijing Notary Public Office's actions with regard to ZZC Management's allegations.<br><br>**Improper Expert Testimony (FRE 702).** To the extent that the statement is intended as evidence that the Beijing Notary Public Office did or would have conducted an investigation into ZZC Management's allegations under |

| Paragraph Number | **Objectionable Statement** | **Evidentiary Objection** |
|---|---|---|
| | | Chinese law, Declarant has not established that he is an expert as to Chinese law. |
| ¶10 | As of October 14, 2019, the balance of the Debtor Guaranty Claim and the Wei Gan Guaranty Claim as determined by the Certificate of Enforcement was $307,413,875.86. | Objections:<br><br>**Best Evidence Rule (FRE 1004).** While the statement purports to summarize the content of the Certificate of Enforcement, it is inadmissible since the Certificate of Enforcement is attached as part of Exhibit A and constitutes the best evidence of its content. It also misstates the content of that document, which nowhere calculates the amount due as of October 14, 2019 as $307,413,875.86.<br><br>**Improper Expert Testimony (FRE 702).** The attached Certificate of Enforcement states (a) amounts owing for principal and interest as of July 10, 2017 in RMB, or renminbi, the official currency of China and (b) that interest is to accrue on the principal of RMB1.4 billion at the annual percentage rate of 24% from July 11, 2017 to the date of actual payment. The attached Certificate of Enforcement does not state or determine how much interest is calculated to have accrues between July 11, 2017 and October 14, 2019 or the exchange rate that should be applied between the renminbi and the United States dollar as of October 14, 2019, although the Rider attached as part of Exhibit A states that "[t]he exchange rate applied is $1=RMB7.0725, which was posted by State Administration of Foreign Exchange of PRC on the petition date, October 14, 2019." Declarant has not established that (a) he has the technical or specialized knowledge or the knowledge, skill, experience, training or |

| **Paragraph Number** | **Objectionable Statement** | **Evidentiary Objection** |
|---|---|---|
|  |  | education to allow him to calculate the amount owed in United States dollars as of October 14, 2019 based on the statements in the Certificate of Enforcement, (b) the calculation of the amount owed in United States dollars as of October 14, 2019 based on the statements in the Certificate of Enforcement is based upon sufficient facts or data, (c) the conclusion as to the amount owed in United States dollars as of October 14, 2019 based on the statements in the Certificate of Enforcement is the product of reliable principles and methods, and (d) Declarant reliably applied the principles and methods to the facts of the case. Among other issues, Declarant never addresses, much less justifies, the use of the official exchange rate posted by State Administration of Foreign Exchange of PRC but apparently assumes that this Court, Debtor and all its creditors must accept that exchange rate. |
| ¶14 | All of the facts set forth in the ZZC Claim are true and correct to the best of my knowledge. | Objection:<br><br>**Lack of Personal Knowledge (FRE 602).**<br>To the extent that the statement is intended as evidence that all or any of the facts set forth in the ZZC Claim are true and correct, Declarant has not established that he has personal knowledge regarding those facts beyond those that are set forth in his declaration and have not been specifically objected to above. |

Dated: May 15, 2020

PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ Malhar S. Pagay*
    Richard M. Pachulski
    Jeffrey W. Dulberg
    Malhar S. Pagay

Attorneys for Debtor and Debtor in Possession

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA  90067**

A true and correct copy of the foregoing document entitled (*specify*):  **EVIDENTIARY OBJECTIONS TO AMENDED DECLARATION OF DONGDONG PAN IN SUPPORT OF OBJECTION OF ZHEJIANG ZHONGTAI CHUANGZHAN ENTERPRISE MANAGEMENT CO., LTD TO DEBTOR'S THIRD AMENDED PLAN OF REORGANIZATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.
On (*date*) **May 15, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **May 15, 2020,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA HAND DELIVERY**
The Honorable Vincent P. Zurzolo
United States Bankruptcy Court
Central District of California
255 East Temple Street, Suite 1360 / Courtroom 1368
Los Angeles, CA  90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 15, 2020 | Nancy Brown | /s/ *Nancy Brown* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                        **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:329548.1 46353/002

**SERVICE INFORMATION FOR CASE NO. 19-bk-24804-VZ**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

- Tanya Behnam    tbehnam@polsinelli.com, tanyabehnam@gmail.com
- Jerrold L Bregman    ecf@bg.law, jbregman@bg.law
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Stephen D Finestone    sfinestone@fhlawllp.com
- Richard H Golubow    rgolubow@wghlawyers.com, pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
- Jared T. Green    , spappa@svglaw.com
- Robbin L. Itkin    robbin.itkin@dlapiper.com, cheryleigh.bullock@dlapiper.com;robbin-itkin-6765@ecf.pacerpro.com
- Mette H Kurth    mkurth@foxrothschild.com, mette-kurth-7580@ecf.pacerpro.com
- Dare Law    dare.law@usdoj.gov
- Ben H Logan    blogan@omm.com
- Robert S Marticello    Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- David W. Meadows    david@davidwmeadowslaw.com
- Kevin Meek    kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
- John A Moe    john.moe@dentons.com, glenda.spratt@dentons.com
- Kelly L Morrison    kelly.l.morrison@usdoj.gov
- Matthew J Olson    olson.matthew@dorsey.com, stell.laura@dorsey.com
- Malhar S Pagay    mpagay@pszjlaw.com, bdassa@pszjlaw.com
- Diana M Perez    , diana-perez-7352@ecf.pacerpro.com
- Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- Victor A Sahn    vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com
- Randye B Soref    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- Benjamin Taylor    btaylor@taylorlawfirmpc.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Ryan A Witthans    rwitthans@fhlawllp.com
- Felix T Woo    fwoo@ftwlawgroup.com, admin@ftwlawgroup.com
- Claire K Wu    ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com
- Emily Young    pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
- David B Zolkin    dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

DOCS_LA:329548.1 46353/002