United States Bankruptcy Court
Central District of California

In re:                                                                  Case No. 19-24804-VZ
Yueting Jia                                                             Chapter 11
      Debtor

# CERTIFICATE OF NOTICE

District/off: 0973-2        User: admin              Page 1 of 3             Date Rcvd: May 21, 2020
                            Form ID: pdf042          Total Noticed: 7

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 23, 2020.
db          +Yueting Jia,    91 Marguerite Drive,    Rancho Palos Verdes, CA 90275-4476
aty         +James E O'Neill,    Pachulski Stang Ziehl & Jones LLP,    919 North Market Street, 17th Floor,
              Wilmington, DE 19801-3034
aty          James E. O'Neill,    Pachulski Stang Ziehl & Jones LLP,    919 North Market Street, 17th Floor,
              PO Box 8705,    Wilmington, DE  19899-8705
aty         +Jeffrey W. Dulberg,    Pachulski Stang Ziehl & Jones LLp,    10100 Santa Monica Boulevard,
              13th Floor,    Los Angeles, CA 90067-4003
aty          Richard M. Pachulski,    Pachulski Stang Ziehl & Jones LLP,
              10100 Santa Monical Blvd. 13 th Floor,    919 N. Market Street, 17th floor,
              Los Angeles, CA  90067
aty         +Scott D. Cousins,    Bayard, P.A.,    600 North King Street,    Suite 400,
              Wilmington, DE 19801-3779
aty         +Suzzanne Uhland,    610 Newport Center Dr 17th Flr,    Newport Beach, CA 92660-6419

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
aty*        +Scott D. Cousins,    Bayard, P.A.,    600 North King Street,    Suite 400,
              Wilmington, DE 19801-3779
                                                                                              TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 23, 2020                                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 21, 2020 at the address(es) listed below:
              Ben H Logan    on behalf of Debtor Yueting  Jia blogan@omm.com
              Benjamin Taylor    on behalf of Plaintiff Hong  Liu btaylor@taylorlawfirmpc.com
              Christopher E Prince    on behalf of Creditor    Tao Yun Capital Co. Ltd. aka TWC Group Co. Ltd
               cprince@lesnickprince.com,    jmack@lesnickprince.com;cprince@ecf.courtdrive.com
              Christopher E Prince    on behalf of Creditor    Shenzhen Jincheng Commercial Factoring Co., Ltd
               cprince@lesnickprince.com,    jmack@lesnickprince.com;cprince@ecf.courtdrive.com
              Christopher E Prince    on behalf of Creditor    Shanghai Lan Cai Asset Management Co, Ltd.
               cprince@lesnickprince.com,    jmack@lesnickprince.com;cprince@ecf.courtdrive.com
              Christopher E Prince    on behalf of Creditor    Beijing Lan Capital Investments aka Blue Giant
               cprince@lesnickprince.com,    jmack@lesnickprince.com;cprince@ecf.courtdrive.com
              Claire K Wu    on behalf of Interested Party    Courtesy NEF ckwu@sulmeyerlaw.com,
               mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com
              Dare Law    on behalf of U.S. Trustee    United States Trustee (LA) dare.law@usdoj.gov
              David B Zolkin    on behalf of Creditor    Swift Talent Investments, Ltd. dzolkin@ztlegal.com,
               maraki@ztlegal.com,sfritz@ztlegal.com
              David W. Meadows    on behalf of Interested Party    Courtesy NEF david@davidwmeadowslaw.com
              Diana M Perez    on behalf of Debtor Yueting  Jia , diana-perez-7352@ecf.pacerpro.com
              Emily Young    on behalf of Other Professional    Epiq Corporate Restructuring, LLC
               pacerteam@gardencitygroup.com,    rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
              Felix T Woo    on behalf of Creditor    Jinan Rui Si Le Enterprise Management Consulting
               Partnership fwoo@ftwlawgroup.com,    admin@ftwlawgroup.com
              Felix T Woo    on behalf of Creditor    Deqing Kaijiao Investment Partnership Enterprise (Limited
               Liability) fwoo@ftwlawgroup.com,    admin@ftwlawgroup.com
              Felix T Woo    on behalf of Creditor    Shanghai Bochu Assets Management Center (Limited Liability)
                fwoo@ftwlawgroup.com,    admin@ftwlawgroup.com
              Jared T. Green    on behalf of Creditor    Han's San Jose Hospitality LLC ,    spappa@svglaw.com
              Jeffrey W Dulberg    on behalf of Debtor Yueting  Jia jdulberg@pszjlaw.com
              Jerrold L Bregman    on behalf of Creditor Liuhuan  Shan ecf@bg.law,    jbregman@bg.law

```
District/off: 0973-2                  User: admin                    Page 2 of 3                   Date Rcvd: May 21, 2020
                                      Form ID: pdf042                Total Noticed: 7
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
     John A Moe, II    on behalf of Creditor    Shanghai Qichengyueming Investment Partnership
      Enterprise (Limited Partnership) john.moe@dentons.com, glenda.spratt@dentons.com
     Kelly L Morrison    on behalf of U.S. Trustee    United States Trustee (LA)
      kelly.l.morrison@usdoj.gov
     Kelly L Morrison    on behalf of U.S. Trustee    U.S. Trustee kelly.l.morrison@usdoj.gov
     Kevin Meek    on behalf of Creditor    Chongqing LeTV Commercial Factoring Co., Ltd.
      kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
     Kevin Meek    on behalf of Creditor    Tianjin Jiarui Huixin Corporate Management Co., Ltd.
      kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
     Lei Lei Wang Ekvall    on behalf of Debtor Yueting    Jia lekvall@swelawfirm.com,
      lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
     Lei Lei Wang Ekvall    on behalf of Defendant Yueting    Jia lekvall@swelawfirm.com,
      lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
     Malhar S Pagay    on behalf of Debtor Yueting    Jia mpagay@pszjlaw.com, bdassa@pszjlaw.com
     Matthew J Olson    on behalf of Creditor    Chongqing Strategic Emerging Industry Leeco Cloud
      Special Equity Investment Fund Partnership olson.matthew@dorsey.com, stell.laura@dorsey.com
     Mette H Kurth    on behalf of Creditor    Zhejiang Chuangzhan Enterprise Management Co.,
      Ltd. mkurth@foxrothschild.com, mette-kurth-7580@ecf.pacerpro.com
     Randye B Soref    on behalf of Creditor Committee    OFFICIAL COMMITTEE OF UNSECURED CREDITORS
      rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
     Richard H Golubow    on behalf of Creditor    Shanghai Leyu Chuangye Investment Management Center
      LP rgolubow@wghlawyers.com,
      pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
     Richard H Golubow    on behalf of Creditor    Shenzhen Letv Xingen M&A Fund Invest Mgt
      rgolubow@wghlawyers.com,
      pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
     Richard H Golubow    on behalf of Creditor    Jiangyin Hailan Investment Holding Co., Ltd.
      rgolubow@wghlawyers.com,
      pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
     Richard H Golubow    on behalf of Creditor    Marvel Best Technology Limited
      rgolubow@wghlawyers.com,
      pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
     Richard H Golubow    on behalf of Creditor    China Minsheng Trust Co. Ltd. rgolubow@wghlawyers.com,
      pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
     Richard H Golubow    on behalf of Creditor    Honghu Da rgolubow@wghlawyers.com,
      pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
     Richard H Golubow    on behalf of Creditor    Quanzhou Dings Investment Management Co., Ltd.
      rgolubow@wghlawyers.com,
      pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
     Richard H Golubow    on behalf of Creditor    Oriental Light Consulting Limited
      rgolubow@wghlawyers.com,
      pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
     Richard H Golubow    on behalf of Creditor    Sanpower (Hong Kong) Company Limited
      rgolubow@wghlawyers.com,
      pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
     Richard H Golubow    on behalf of Creditor    Weihua Qiu rgolubow@wghlawyers.com,
      pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
     Richard H Golubow    on behalf of Creditor    Shanghai Pinebloom Investment Mgt Co., Ltd
      rgolubow@wghlawyers.com,
      pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
     Robbin L. Itkin    on behalf of Creditor    Shanghai Haiyue Investment Management Co., Ltd
      robbin.itkin@dlapiper.com, cheryleigh.bullock@dlapiper.com;robbin-itkin-6765@ecf.pacerpro.com
     Robert S Marticello    on behalf of Defendant Yueting    Jia Rmarticello@swelawfirm.com,
      gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
     Ryan A Witthans    on behalf of Creditor    Han's San Jose Hospitality LLC rwitthans@fhlawllp.com
     Stephen D Finestone    on behalf of Creditor    Han's San Jose Hospitality LLC
      sfinestone@fhlawllp.com
     Tanya Behnam    on behalf of Creditor Committee    OFFICIAL COMMITTEE OF UNSECURED CREDITORS
      tbehnam@polsinelli.com, tanyabehnam@gmail.com
     United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
     Victor A Sahn    on behalf of Creditor    Jinhua Zumo Network Technology Co Ltd
      vsahn@sulmeyerlaw.com,
      pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerla
      w.com;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com
     Victor A Sahn    on behalf of Creditor    Ningbo Hangzhou Bay New Area Leran Investment Management
      Partnership (Limited Partnership) vsahn@sulmeyerlaw.com,
      pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerla
      w.com;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com
     Victor A Sahn    on behalf of Creditor    Chian Soft Growing Investment (WUXI) Partnership
      vsahn@sulmeyerlaw.com,
      pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerla
      w.com;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com
     Victor A Sahn    on behalf of Creditor    China Consumer Capital Fund II, L.P.
      vsahn@sulmeyerlaw.com,
      pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerla
      w.com;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com

```
District/off: 0973-2           User: admin              Page 3 of 3              Date Rcvd: May 21, 2020
                               Form ID: pdf042          Total Noticed: 7
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
          Victor A Sahn    on behalf of Creditor Zhijian  Dong vsahn@sulmeyerlaw.com,
           pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com
          Victor A Sahn    on behalf of Creditor   Jiaxing Haiwen Investment Partnership vsahn@sulmeyerlaw.com,
           pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com
          Victor A Sahn    on behalf of Creditor   Weidong Zhu vsahn@sulmeyerlaw.com,
           pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com

                                                                  TOTAL: 53

**FILED & ENTERED**

MAY 21 2020

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** carranza **DEPUTY CLERK**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Yueting Jia<br><br><br><br>Debtor(s). | Case No.: 2:19-bk-24804-VZ<br><br>CHAPTER 11<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING MOTION TO CONFIRM DEBTOR'S 3rd AMENDED PLAN OF REORGANIZATION**<br><br>Date: May 21, 2020<br>Time: 9:30 a.m.<br>Ctrm: 1368, Roybal Federal Building<br>255 E. Temple Street<br>Los Angeles, CA 90012 |

**I.    DOCUMENTS AND APPEARANCES**

On May 21, 2020, a hearing was held on a motion for order confirming 3rd Amended Plan of reorganization ("Motion", docket entry #**657**, and "3rd Amended Plan, or Plan", docket entry #**464**) filed by Yueting Jia ("Debtor").  Appearances are noted on the record.

Prior to the Motion being filed, an order was entered granting a motion to approve adequacy of a 4th Amended Disclosure Statement ("4th Amended Disclosure Statement", docket entry #**465**, and "Disclosure Statement Order", docket entry #**485**).  Subsequently, the debtor timely filed: (1) A notice of hearing on the Motion ("Notice of Hearing", docket entry #**494**), (2) a declaration establishing translation into Mandarin of the 4th Amended Disclosure Statement, 3rd

-1-

Amended Plan, and documents attached to the Disclosure Statement (docket entry #**495**); and (3) Proof of service of several documents (docket entry #**496**): 4th Amended Disclosure Statement, 3rd Amended Plan, Disclosure Statement Order, Ballot & Solicitation Package, Notice of Voting Status, Notice of Hearing, and a letter from the debtor to unsecured creditors.

The Debtor timely filed several documents in support of the Motion**:** (1) Declaration of Yueting Jia (docket entry #**658**); (2) Declaration of Mattias Aydt (docket entry #**659**); (3) Declaration of Jiawei Wang (docket entry #**660**); (4) Declaration of Charles Hsieh (docket entry #**661**); (5) Declaration of Robert Moon (docket entry #**662**); (6) Notice of Plan Supplement (docket entry #**678**); (7) Declaration of Stephanie Kjontvedt (docket entry #**711** ); and (8) Declaration of Malhar Pagay (docket entry #**712**).

Five parties timely filed and served objections to confirmation of the 3rd Amended Plan, along with supporting declarations; namely: (1) Han's San Jose Hospitality LLC ("Han's", docket entry #**714**); (2) Zhejiang Zhongtai Chuangzhan Enterprise Management Co., Ltd ("ZZC", docket entries #**716, 718**); (3) Liuhuan Shan (docket entry #**719**)[1]; (4) Shanghai Lan Cai Asset Management Co., Ltd. ("SLC", docket entries #**720, 721, 723**)[2]; and (5) the United States trustee ("UST", docket entry #**735**)[3].

A reply (docket entry #**756**) and supporting declarations were timely filed by the Debtor: (1) Declaration of Yueting Jia (docket entry #**757**); (2) Declaration of Richard Pachulski (docket entry #**758**); (3) Declaration of Adrian Francis (docket entry #**759**); and (4) Declaration of Terry Treemarcki (docket entry #**760**).  Evidentiary objections were timely filed by the Debtor: (1) Objections to Declaration of Timothy de Swardt (docket entry #**761**); and (2) Objections to Declaration of Dongdong Pan (docket entry #**762**).

A reply and a supporting declaration of William B. Waldie were timely filed by the Official Committee of Unsecured Creditors ("Committee", docket entries #**763, 764**).

---

[1] On May 20, 2020, Liuhuan Shan filed a notice of withdrawal of this Objection (docket entry #**778**).
[2] At the hearing, SLC indicated it is no longer pursuing its opposition.
[3] At the hearing, the United States trustee indicated it was no longer pursuing its opposition.

Subsequent to the court posting a tentative ruling regarding certain disputed matters, the Debtor filed two documents: (1) Declaration of Richard Pachulski (docket entry #**777**); and (2) Notice of Filing of Non-Adverse Modifications to Debtor's Third Amended Plan of Reorganization ("Plan Modifications", docket entry #**780**).

## II.    FINDINGS OF FACT AND CONCLUSIONS OF LAW

To grant a motion to confirm a chapter 11 plan of reorganization, the court must find that the procedural requirements in the FRBP and LBR for notice and service and the substantive requirements of 11 U.S.C. § 1129(a) are met.  Having reviewed all arguments made in writing and orally at this hearing, and all admissible evidence submitted in many declarations made under penalty of perjury, I make the following findings of fact and conclusions of law.

A. **Notice and Service**:   I find and conclude that all procedural requirements are met for notice and service of the disclosure statement, the plan, the voting provisions, the ballot solicitation materials, and this hearing.

B. **Evidentiary Objections**:

1)    Declaration of Timothy de Swardt – All evidentiary objections to this declaration are sustained because the declarant did not establish adequate foundation to determine that declarant is qualified to provide expert testimony.

2)    Declaration of Dongdong Pan – Evidentiary objections to this declaration are sustained regarding paragraphs 6, 7 and 9 (parts 2 and 3 only).  Evidentiary objections are overruled regarding paragraphs 8, 9 (part 1), 10 and 14.

C. **Inapplicable Provisions**: I find and conclude that the following provisions of section 1129(a) are inapplicable to a chapter 11 case filed by an individual: §§ 1129(a)(5), 1129(a)(6) & 1129(a)(13).

D. **Undisputed Provisions**: I find and conclude that the following provisions of section 1129(a) are met because the plan proponent submitted evidence to satisfy its burden of going forward beyond a preponderance of evidence, and/or no party has submitted written arguments or evidence in opposition: §§ 1129(a)(2), 1129(a)(8), 1129(a)(9), 1129(a)(12), 1129(a)(14), and 1129(a)(16.

Specifically, admissible evidence in the form of multiple declarations establishes that:

1) The plan has been accepted by all classes;

2) There will be sufficient cash on the Effective Date to pay administrative and priority claims in full on the date those claims have been or will be allowed by court order, including prefunding of Exit Financing and required contribution by the Debtor of $100,000 toward professional fees; and

3) The plan provides for payment of statutory fees and domestic support obligations.

E. **Disputed Provisions:** The United States trustee and four claimants filed oppositions in which they requested that the court not confirm the plan, asserting that one or more requirements of section 1129(a) have not been met. I make the following findings of fact and conclusions of law in respect to each in the sequence in which they are found in section 1129(a):

1) **Section 1129(a)(1)** provides that the plan must comply with applicable provisions of Title 11.

a) One such provision is **11 U.S.C. § 1123(a)4)**, which provides that the plan must provide the same treatment for each claim or interest of a particular class unless the holder of a particular claim or interest agrees to a less-favorable treatment. Class #3 includes holders of claims secured by property located in the Peoples Republic of China ("PRC"). SLC asserts that holders of claims included in Class #3 are not treated the same, alleging that the debtor has not disclosed the status, process, outcome or implications of litigation in the PRC involving these

claims and, therefore, has not met his burden to demonstrate that creditors within Class #3 will be treated the same. SLC did not submit admissible evidence as to this issue and to counter the evidence submitted by the debtor to support the motion to confirm the plan. In particular, Plan Article 4.3 provides that holders of claims in Class #3 may seek to recover assets in the PRC and, if those assets do not satisfy any particular claim, that claimant may seek recovery as an unsecured claimant under the Creditor Trust with holders of other Class 4 Debt Claims. Therefore, I find and conclude that the requirements of 11 U.S.C. § 1123(a)(4) are met and the disputed treatment of holders of claims in Class #3 complies with Title 11.

b) Also, Han's argues that its claim should not be one of the Retained Actions under Plan Article 8.3 and **11 U.S.C. § 1123(b)**, on the basis that the Debtor does not have authority to prosecute the creditor's claims against non-debtor defendants named in the related complaint. The specific language of Article 8.3 is limited to the Debtor's rights related to property of the estate including, for example, to settle the estate's rights in Retained Actions. These limitations do not allow the Debtor to prosecute creditor claims against non-debtor defendants and do not interfere with Han's rights to pursue claims against non-debtor defendants. In his Plan Modifications, the Debtor modified Article 8.3 and Schedule A (List of Retained Actions); these modifications also do not authorize the Debtor to prosecute the action of Han's against non-debtor defendants and do not interfere with Han's rights to pursue claims against non-debtor defendants. Therefore, I find and conclude that Article 8.3 complies with Title 11.

c) Similarly, Han's argues that it is inappropriate to (1) waive avoidance actions under the Plan and (2) under Plan Article 11.9, to limit the trustee of the Creditor Trust's ability to prosecute avoidance actions to a 180-day period, potentially in violation of **11 U.S.C. § 546**. In his Plan Modifications, the Debtor eliminates language as to a 180-day period and adds new Article 13.25 which affirms that nothing in the Plan alters statutes of limitations in the

Bankruptcy Code or other applicable law. Therefore, I find and conclude that Article 11.9 complies with Title 11.

    d) Additionally, <u>Plan Article 6.6</u> provides for holders of Class #4 claims to release claims against Wei Gan, the Debtor's spouse; the debtor requests that a proposed settlement with Wei Gan (that gives rise to these releases) is approved as part of an order confirming the Plan.

    1. **Releases and 11 U.S.C. § 542(e)**. ZZC, SLC and the UST opposed confirmation,[4] arguing that (A) the Wei Gan releases fail to comply with 11 U.S.C. § 542(e) and applicable Ninth Circuit authority, and (B) the relevant plan provision act as an impermissible injunction and discharge of claims of a non-debtor. In his reply, the Debtor asserts that these releases are not intended to reach beyond community debt claims and has modified the Plan to clarify this. Having reviewed applicable legal authorities, the Plan Modifications, and arguments made in support of and in opposition to Plan Article 6.6, I find and conclude that the requirements of <u>In re American Hardwoods</u>, Inc., 885 F.2d 621 (9th Cir. 1989) are satisfied.

    2. **Settlement and FRBP 9019**. In addition, these opponents argue that the proposed settlement between the estate and Wei Gan should not be approved. The proposed settlement is that Wei Gan reduces her claim from approximately $569,000,000 to $250,000,000, agrees to contribute $1,250,000 in cash to support the Creditor Trust, and obtains a release of community debt claims on which the Debtor receives a discharge. The implementation and sequence of the proposed settlement are:

    A. By May 26, 2020, Wei Gan transfers $1,000,000 in cash to the estate, to be held in trust and applied to the Creditor Trust;

    B. At that point, Wei Gan's claim is deemed allowed as an unsecured

---

[4] See above at footnotes 2 and 3.

    claim in the amount of $250,000,000 to participate with other Class #4 claimants in distributions made under the Creditors Trust;

    C. By a specified later date, Wei Gan contributes an additional $250,000 cash to the Creditor Trust; and

    D. At that point, Debt Claimants release any claim against Wei Gan for community debts as indicated in section 11 U.S.C. § 524(a)(3) and defined under California law.

The Debtor argues that the proposed settlement meets the standard of FRBP 9019 and the 4-part test for settlement set forth in *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377 (9th Cir. 1986). That test requires me to consider these four factors:

1. the probability of success in the litigation;
2. the difficulties, if any, to be encountered in the matter of collection;
3. the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
4. the paramount interest of the creditors and a proper deference to their reasonable views.

In the Motion, the replies, and supporting declarations to both, the Debtor and the Committee argue that (A) these four factors are met, (b) all factors in favor and not in favor of the settlement were appropriately weighed, and (C) the Committee – as opposed to the Debtor – performed direct negotiations with Wei Gan to achieve this settlement. Admissible evidence was not submitted to contravene this testimony. Having reviewed the proposed settlement using the analysis of the factors set forth in *In re A & C Properties*, I find and conclude that the settlement complies with Title 11 and is in the best interest of the estate and creditors.

e) Finally with regard to section 1129(a)(1), <u>Plan Article 11.3</u> provides for the Debtor to receive a discharge as of the Effective Date, which is a future date occurring after specified conditions are met. **<u>11 U.S.C. § 1141(d)(5)</u>** provides the standard for an individual chapter 11 debtor to receive a discharge. Two parties object to Article 11.3, arguing that the proposed timing of discharge violates 11 U.S.C. § 1141(d)(5) because, as of the Effective Date, no payments will have been made on Class #4 claims. In his Plan Modifications, the Debtor modifies this discharge provision to indicate the date of discharge is the date indicated in the order confirming his Plan. Having reviewed the Plan provisions (including Plan Modifications), applicable legal authorities, written evidence and arguments in support of and in opposition to Article 11.3, and oral arguments made at the hearing, I find and concludes that it is appropriate to exercise my discretion under § 1141(d) by granting a discharge only after:

1. A hearing is held on a motion ("Discharge Motion") with notice per LBR 9013-1; and
2. The Discharge Motion and supporting declaration(s) establish that:
   A.  Preconditions to reaching an Effective Date have been satisfied as set forth in Plan Articles 10.1 and 10.2.
   B.  All Trust Assets have been transferred to the Trust per the Creditor Trust Agreement; and
   C.  Paragraphs (a), (b) and (c) of the Distribution Waterfall of the Creditor Trust Agreement have been satisfied.

**2)** **<u>Section 1129(a)(3)</u>** provides that a plan must be proposed in good faith and not by any means forbidden by law. Arguments by opponents of plan confirmation allege that the plan is not proposed in good faith primarily because: (1) the assets to be transferred to the Creditor Trust to satisfy Class #4 Debt Claims are dependent on the financing and operational

success of Faraday Future Inc. ("Faraday"), a company that has neither produced nor sold a single automobile; and (2) the Debtor proposes to be granted a discharge before any payments on Class #4 claims has been made. Opponents have not cited relevant authority for the proposition that a plan cannot be proposed in good faith unless it guarantees high success of a plan; and, they have not submitted admissible evidence to contravene admissible evidence that supports a finding of good faith. More specifically, the Debtor and the Committee submitted ample admissible evidence with the Motion and with their replies to establish that the plan has been proposed in good faith. This admissible evidence establishes that the Debtor submitted himself, his assets and records, and his representations made in the 4th Amended Disclosure Statement and 3rd Amended Plan to extensive investigation by the Committee, by individual creditors, and by Debtor's court-approved professionals. In addition, the act of including a plan provision that requests a particular timing of entry of discharge does not support a finding of lack of good faith. Therefore, I find and conclude that the good-faith requirement of section 1129(a)(3) has been met.

    3)    **Section 1129(a)(4)** provides that the plan must not unfairly discriminate. SLC argues that the plan discriminates unfairly because claims that originated in the PRC – and are classified in Class #3 as China Secured Claims -- are treated differently based on the geography of where the claimant seeks to recover on its claim. Namely, that PRC claimants who were able to freeze the debtor's assets in the PRC may receive better treatment than SLC, which pursued its recovery in the United States. As indicated in the Debtor's reply, the court approved a stipulation between the Debtor and SLC to treat SLC's claim as unsecured and, therefore, the SLC claim is appropriately included in Class #4, the unsecured Debt Claims. Therefore, I find and conclude that the requirement of section 1129(a)(4) is met.

4) **Section 1129(a)(7)** provides that when a plan contains a class of impaired claims, as is the situation here for Class #4 Debt Claims, the plan must satisfy the best interest of creditors test; this means that the plan must establish that holders of impaired claims will not receive or retain less under that plan than holders would receive if a debtor's estate was liquidated under chapter 7. Under the Plan, holders of impaired claims are treated through distributions made under a Creditor Trust. Disclosure Statement Articles II.C.7 and VI, and Exhibit F to the 4th Amended Disclosure Statement, provide relevant Recovery Scenarios and a Liquidation Analysis. In addition, admissible evidence on the best interest of creditors test is submitted in declarations filed in support of the Motion, including evidence that if the debtor's estate were to be liquidated under chapter 7, it would very likely result in the demise of Faraday or a significantly diminished ability of Faraday's ownership interests to obtain further financing that would lead to Faraday's success. That testimony meets the Debtor's burden of going forward and there is no admissible contravening evidence to this testimony. Evidence submitted by the Debtor in reply declarations further supports valuation of assets proposed in the Plan. Therefore, I find and conclude that the requirements of section 1129(a)(7) are met.

5) **Section 1129(a)(10)** provides that if a class of claims is impaired under the plan, at least one class of claims that is impaired under the plan has accepted the plan, determined without including an acceptance of the plan by an insider. 11 U.S.C. § 1126(c) sets forth the test for acceptance by a class, that at least two-thirds in amount, and more than half in number, have accepted the plan. There is no dispute that Class #4 claims are impaired. SLC asserts that at up to five Class 4 claimants are insiders. Admissible evidence indicates these five claimants voted to accept the plan. The Debtor submitted admissible evidence to demonstrate the standard of 11 U.S.C. § 1126 is met, even after excluding these five votes. Without determining whether any of these five claimants are insiders, I find and conclude that section 1129(a)(10) is satisfied.

6) **Section 1129(a)(11)** provides that a plan must be feasible; more specifically, that confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan. To establish feasibility in the Ninth Circuit, "all a debtor need demonstrate is that the plan 'has a reasonable probability of success.'" *Wells Fargo Bank, N.A. v. Loop 76, LLC (In re Loop 76, LLC)*, 465 B.R. 525, 544 (9th Cir. 2012) (quoting *Acequia, Inc. v. Clinton (In re Acequia, Inc.)*, 787 F.2d 1352, 1364 (9th Cir.1986)). Under the Plan, the debtor must transfer specified assets to a Creditor Trust that will be solely administered by a separate trustee and under the supervision of a Creditor Trust Committee – without control by the debtor. Those assets are specified in the 4th Amended Disclosure Statement, the 3rd Amended Plan, and the Creditor Trust Agreement; and, the Debtor submitted admissible evidence to establish these assets compromise 100% of the debtor's assets.

Creditor Liuhuan Shan argues the 3rd Amended Plan is not feasible because: (1) its success relies on the future success of an over-leveraged company (Faraday) that has not sold a car, and (2) its success will be limited because Faraday cannot do business in the PRC until the debtor is no longer on the China Debtor List. While these arguments may be true, the opponent does not submit admissible to support its assertions of the impact of its arguments. Further, admissible evidence submitted by the debtor establish that the Plan's aim is to maximum its success through hoped-for additional financing and an IPO to support successful operations of Faraday, and to maximum the chance of the debtor being removed from the China Debtor List.[5]

Additionally, creditor SLC argues that the plan is not feasible because the freezing orders that SLC obtained in the British Virgin Islands ("BVI") regarding activities of related entities (FF Top and FF Peak) impair to varying degrees the ability of the Debtor to effect

---

[5] See above at footnote 1. In addition, at the hearing, counsel for the Debtor read aloud into the record an agreed-upon protocol for resolving the potential allowance of Liuhuan Shan's claims.

transactions envisioned in the Plan.  SLC submits a declaration of Timothy de Swardt to support its argument.  As indicated earlier, all evidentiary objections to the declaration of Timothy de Swardt are sustained and remaining testimony does not establish that the BVI injunctions cannot be released or that the injunctions render the Plan infeasible[6].

Thus, I find and conclude that the feasibility requirement of section 1129(a)(11) is met.

7)    **Section 1129(a)(15)** provides: In a case in which the debtor is an individual and in which the holder of an allowed unsecured claim objects to the confirmation of the plan—

> (A) the value, as of the effective date of the plan, of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
>
> (B) the value of the property to be distributed under the plan is not less than the projected disposable income of the debtor (as defined in section 1325(b)(2)) to be received during the 5-year period beginning on the date that the first payment is due under the plan, or during the period for which the plan provides payments, whichever is longer.

Section 1129(a)(15) applies because at least one holder of an allowed unsecured claim voted to reject the Plan.  The Debtor argues for application of the optional provisions of paragraph B of section 1129(a)(15); and, the Debtor submitted admissible evidence that: (1) His disposable income is $200,000 for the five-year period defined in section 1129(a)(15)(B), and (2) Asset evaluations contained in the Plan, and supported by testimony of declarations, establish that value of property to be distributed under the plan is more than $200,000.  SLC and Liuhuan Shan argued, without evidentiary support, that it is inappropriate to arrive at a calculation of $200,000 because the calculation includes legal expenses of the Debtor.  Absent evidence to the contrary,

---

[6] See above at footnote 2.

the Debtor has met his burden by a preponderance of the evidence. Therefore, I find and conclude that the requirements of section 1129(a)(15) are satisfied.

### III. CONCLUSION

In summary, and based on the foregoing findings of fact and conclusions of law regarding specific provisions of Title 11 that must be met in order for a chapter 11 plan of reorganization to be confirmed, I find and conclude that all such provisions have been satisfied.

###

Date: May 21, 2020

Vincent P. Zurzolo
United States Bankruptcy Judge