1  Richard M. Pachulski (CA Bar No. 90073)
   Jeffrey W. Dulberg (CA Bar No. 181200)
2  Malhar S. Pagay (CA Bar No. 189289)
   PACHULSKI STANG ZIEHL & JONES LLP
3  10100 Santa Monica Blvd., 13th Floor
   Los Angeles, California 90067
4  Telephone: 310/277-6910
   Facsimile: 310/201-0760
5  E-mail: rpachulski@pszjlaw.com
           jdulberg@pszjlaw.com
6          mpagay@pszjlaw.com

7  Attorneys for Debtor and Debtor in Possession

8              **UNITED STATES BANKRUPTCY COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**

10                 **LOS ANGELES DIVISION**

11  In re:                        Case No. 2:19-bk-24804-VZ

12  YUETING JIA,[1]                Chapter 11

13                                 **DEBTOR'S APPLICATION FOR ENTRY OF AN**
                    Debtor.        **ORDER PURSUANT TO 11 U.S.C. § 327(e)**
14                                 **AUTHORIZING THE EMPLOYMENT AND**
                                   **RETENTION OF LATHAM & WATKINS LLP AS**
15                                 **SPECIAL CORPORATE AND INTERNATIONAL**
                                   **COUNSEL** *NUNC PRO TUNC* **TO APRIL 25, 2020;**
16                                 **DECLARATIONS OF SUZZANNE UHLAND AND**
                                   **YUETING JIA IN SUPPORT THEREOF**
17
                                   [No Hearing Required Unless Requested Pursuant to
18                                 Local Bankruptcy Rule 2014-1]

19

20          Yueting Jia, debtor and debtor in possession herein (the "**Debtor**"), respectfully requests the

21  entry of an order authorizing the Debtor to employ and retain Latham & Watkins LLP ("**L&W**") as

22  special corporate and international counsel *nunc pro tunc* to April 25, 2020.  In support of this

23  application (the "**Application**"), the Debtor relies on and incorporates by reference (i) the

24  declaration of Suzzanne Uhland, a partner of L&W (the "**Uhland Declaration**"), and (ii) the

25  declaration of Yueting Jia, (the "**YT Declaration**").  In further support of this Application, the

26  Debtor respectfully represents as follows.

27  _____

28  [1] The last four digits of the Debtor's federal tax identification number are 8972. The Debtor's mailing address is 91
    Marguerite Drive, Rancho Palos Verdes, CA 90275.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334 and *General Order No. 13-05* from the United States District Court for the Central District of California, dated July 1, 2013.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Pursuant to Rule 9013-1(c)(5) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Central District of California (the "**Local Rules**"), the Debtor consents to the entry of a final order or judgment by the Court in connection with this Application if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.  Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory and legal predicates for the relief requested herein are sections 327(e) and 329 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rules 2014-1 and 2016-1.

**BACKGROUND**

3.      On October 14, 2019 (the "**Petition Date**"), the Debtor commenced this voluntary case under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**").  The Debtor remains in possession of his property and is managing his affairs as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On October 25, 2019, the Office of the United States Trustee (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Committee**") [Docket No. 45].

**RELIEF REQUESTED**

4.      The Debtor seeks entry of an order (the "**Order**") authorizing the employment and retention of L&W as special counsel for the Debtor, *nunc pro tunc* to April 25, 2020, in accordance with the terms and conditions of that certain engagement letter dated April 30, 2020 (the "**Engagement Letter**"), a copy of which is attached as **Exhibit 1** to the Uhland Declaration and incorporated herein by reference.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA 329730 v2 46353.002

**BASIS FOR RELIEF REQUESTED**

5.      The Debtor seeks retention and employment of L&W as his special counsel pursuant
to section 327(e) of the Bankruptcy Code, which provides that a debtor, subject to Court approval:

> [M]ay employ, for a specified special purpose, other than to represent
> the [debtor in possession] in conducting the case, an attorney that has
> represented the debtor, if in the best interest of the estate, and if such
> attorney does not represent or hold any interest adverse to the debtor or
> to the estate with respect to the matter on which such attorney is to be
> employed.

11 U.S.C. § 327(e).

6.      Section 327(e) of the Bankruptcy Code thus authorizes the retention of an attorney
who previously represented a debtor prior to the commencement of his bankruptcy case, provided
that: (a) such retention is for a special purpose; (b) the purpose of the retention is not to conduct the
chapter 11 case; (c) the retention is in the best interests of the debtor's estate; and (d) the attorney
does not hold any interest adverse to the debtor with respect to the subject of its retention.  Of note,
section 327(e) does not require that special counsel be "disinterested," just that special counsel not
hold or represent interests adverse to the debtor.  *See* Collier on Bankruptcy ¶ 327.04 (Alan N.
Resnick & Henry J. Sommer eds., 16th ed.) ("[T]he 'disinterested' test of section 327(a) does not
apply to section 327(e) . . . .").  Thus, retaining an attorney under section 327(e) of the Bankruptcy
Code does not require the same searching inquiry required for a debtor to retain general bankruptcy
counsel under section 327(a) of the Bankruptcy Code.  *See In re Goldstein*, 383 B.R. 496, 501
(Bankr. C.D. Cal. 2007) ("Section 327(e) authorizes a trustee to employ special counsel if
(1) employment is for a specified special purpose, (2) it is in the best interest of the estate and
(3) counsel does not hold any interest that is adverse to the debtor with respect to the matter in which
counsel is to be employed.").

7.      Furthermore, section 1107(b) of the Bankruptcy Code provides that "a person is not
disqualified for employment under section 327 of [the Bankruptcy Code] by a debtor in possession
solely because of such person's employment by or representation of the debtor before the
commencement of the case."  11 U.S.C. § 1107(b).

8.      Bankruptcy Rule 2014(a) requires that an application for retention include the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

3

following:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

9.    The Debtor submits that, for all the reasons set forth in this Application, the Uhland Declaration, and the YT Declaration, L&W's proposed retention as special counsel is appropriate under section 327(e) of the Bankruptcy Code and Bankruptcy Rule 2014(a).

## L&W's QUALIFICATIONS

10.    The Debtor seeks to retain L&W as his special counsel because, through Ms. Uhland's joining L&W as a partner on April 25, 2020, L&W has acquired extensive familiarity with the Debtor, his businesses and affairs, and many of the potential legal issues that may arise in this Chapter 11 Case.  Prior to joining L&W as a partner, Ms. Uhland was a partner at O'Melveny & Myers LLP ("**OMM**"), which was initially retained by the Debtor in August 2019 to lead the Debtor's planned out-of-court restructuring.  In connection with that work, Ms. Uhland gained extensive knowledge of the Debtor's assets and liabilities.  Ms. Uhland was also the architect of the proposed out-of-court exchange offer and prepackaged plan on which the Debtor's Chapter 11 Case is based.

11.    On November 14, 2019, in addition to the retention discussed in the preceding paragraph, the Debtor filed an application to retain OMM as special corporate, litigation, and international counsel in the Chapter 11 Case [Docket No. 90], and an order approving that application was entered on February 25, 2020 [Docket No. 374].  A primary reason the Debtor retained OMM was Ms. Uhland's extensive experience and expertise counseling debtors in complex international reorganizations and her prior work for the Debtor.  Accordingly, because Ms. Uhland joined L&W as a partner on April 25, 2020, the Debtor seeks to have L&W step into the role that Ms. Uhland was leading at OMM in this Chapter 11 Case.  Additionally, L&W has extensive experience and knowledge in the field of debtors' and creditors' rights, business reorganizations,

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA 329730 v2 46353.002

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

California state and federal litigation, general corporate matters, tax analysis, and international matters, to the extent required.

12.    Accordingly, the Debtor believes that L&W is both well-qualified and uniquely positioned to represent the Debtor as his special counsel under section 327(e) of the Bankruptcy Code.

## SERVICES TO BE PROVIDED

13.    On October 17, 2019, the Debtor filed an application to retain Pachulski Stang Ziehl & Jones LLP ("**PSZ&J**") as his general reorganization and bankruptcy counsel [Docket No. 18].  On February 17, 2020, the Court granted that application [Docket No. 335].  As noted above, on February 25, 2020, the Court granted the Debtor's application to retain OMM as special corporate, litigation, and international counsel [Docket No. 374].  The Debtor submits that the employment of L&W as special counsel will be limited to specific matters and will not be duplicative of OMM, PSZ&J or any other law firm retained by the Debtor, as L&W will have a distinct role and will coordinate with such firms to ensure that the legal services each firm provides to the Debtor are not duplicative.

14.    The Debtor anticipates that L&W will provide the following services during the pendency of the Chapter 11 Case:

    a.    advise and counsel the Debtor in connection with the completion of the plan confirmation process in conjunction with PSZ&J, including drafting certain plan-related documents, revising the plan of reorganization and disclosure statement, and preparing drafts of the confirmation order;

    b.    advise and assist the Debtor on certain international matters, including with respect to recognition of the Chapter 11 Case in other jurisdictions; and

    c.    advise and counsel the Debtor regarding negotiations and drafts of the documents associated with exit financing (collectively, the "**Legal Services**").

15.    It is unusual to retain a law firm so late in a chapter 11 case, but in light of Ms. Uhland's becoming a partner at L&W on April 25, 2020, it is most efficient that L&W be engaged to complete certain aspects of the Chapter 11 Case.  OMM will continue to lead the

remaining corporate and litigation aspects of the Chapter 11 Case, and the firms have coordinated and will continue to coordinate to avoid duplication of efforts.

16.    The Debtor submits that L&W's retention is appropriate under section 327(e) of the Bankruptcy Code, as it is for the limited purpose of representing the Debtor in connection with the Legal Services.  For the reasons noted above, the Debtor believes that (a) the attorneys at L&W are well qualified to act in that capacity on behalf of the Debtor, and (b) retaining L&W on the terms set forth in the Engagement Letter and described herein is an efficient and cost-effective means for the Debtor to obtain the requisite services.  The proposed retention of L&W is, therefore, in the best interests of the Debtor's estate and his creditors.  Subject to the Court's approval of this Application, L&W is willing to serve as the Debtor's special counsel and perform the Legal Services.

**Professional Compensation**

17.    L&W will charge the Debtor for legal services on an hourly basis in accordance with its ordinary and customary rates for matters of this type and for reimbursement of its actual and necessary expenses incurred in connection with the Legal Services, as set forth in the Uhland Declaration.  The Debtor will be the source of payments to L&W.

18.    L&W operates in a national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance, and reputation, the nature of the work involved, and other factors.  L&W's hourly rates are designed to compensate L&W fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.  L&W's current hourly rates[2] range as follows:

---

[2] L&W increases the hourly billing rate of attorneys and paraprofessionals in the form of (a) step increases historically awarded in the ordinary course of business on the basis of advancing seniority and promotion and (b) periodic increases within each attorney's and paraprofessional's current level of seniority.  The step increases do not constitute "rate increases" (as the term is used in the U.S. Trustee Guidelines (as defined below)).  As set forth in the Order, L&W will provide ten business-days' notice to the Debtor, the U.S. Trustee, and any official committee before implementing any periodic increases, and shall file any such notice with the Court.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA 329730 v2  46353.002

| Billing Category | Range |
|---|---|
| Partners | $1,120 to $1,680 |
| Counsel | $1,085 to $1,560 |
| Associates | $590 to $1,105 |
| Professional Staff | $250 to $850 |
| Paralegals | $250 to $540 |

19.     L&W seeks advance approval of these hourly rates.

20.     Consistent with the Engagement Letter and L&W's policy with respect to its other clients, L&W will continue to charge the Debtor for all services provided and for other charges and disbursements incurred in the rendition of services.  It is L&W's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client.  It is also L&W's policy to charge its clients only the amount actually incurred by L&W in connection with such items.

21.     During the course of the Chapter 11 Case, L&W will apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses in accordance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, and any orders entered in the Chapter 11 Case governing professional compensation and reimbursement for services rendered and charges and disbursements incurred. Such applications will constitute a request for interim payment against L&W's reasonable fees and expenses to be determined at the conclusion of the Chapter 11 Case.

22.     L&W recognizes that the U.S. Trustee is charged with reviewing applications for compensation when the U.S. Trustee deems it appropriate and that the U.S. Trustee will utilize the *Appendix B - Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "**U.S. Trustee Guidelines**").

### COMPENSATION RECEIVED BY L&W FROM THE DEBTOR

23.     Prior to the Petition Date, L&W provided services to the Debtor, but L&W ceased providing services more than two months prior to the Petition Date.  L&W has waived any unpaid amounts.

7

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    24.    As set forth in the Uhland Declaration, L&W did not receive any payments or

2    advances from the Debtor during the 90-day period prior to the Petition Date.

3    **L&W'S CONFLICTS CHECK**

4    25.    As noted above, section 327(e) of the Bankruptcy Code requires that the attorney

5    proposed to be retained "not represent or hold any interest adverse to the debtor or to the estate with

6    respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e).  To the

7    Debtor's knowledge, information, and belief, after due inquiry, other than as set forth in the Uhland

8    Declaration, L&W has no connection with, or any interest adverse to, the Debtor, his creditors, the

9    U.S. Trustee, any persons employed by the U.S. Trustee, the Bankruptcy Judge presiding over the

10    Chapter 11 Case, or any other party with an actual or potential interest in the Chapter 11 Case, with

11    respect to the matters on which L&W is to be employed and retained.

12    26.    As set forth in **Exhibit 4** to the Uhland Declaration, L&W currently represents or has

13    recently represented the parties in interest described therein in matters wholly unrelated to the

14    matters for which L&W is to be retained in the Chapter 11 Case.  Accordingly, these representations

15    are not disqualifying.

16    WHEREFORE, the Debtor respectfully requests that the Court enter an Order:

17    Granting the Application;

18    a.    Authorizing the Debtor to employ L&W as his special corporate and

19    international counsel *nunc pro tunc* to April 25, 2020, pursuant to 11 U.S.C.

20    § 327(e), to represent him with respect to the matters and in the manner set

21    forth above;

22    b.    Approving L&W's hourly rates set forth in the Application;

23    c.    Authorizing L&W to apply for compensation for professional services

24    rendered and reimbursement of expenses incurred during the pendency of the

25    Chapter 11 Case in compliance with sections 330 and 331 of the Bankruptcy

26    Code and the applicable provisions of the Bankruptcy Rules, the Local Rules,

27    and any other applicable procedures and orders of the Court; and

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

8

DOCS_LA 329730 v2 46353.002

d.    Granting such other and further relief as the Court may deem just and proper.

Dated:    May 25, 2020                    PACHULSKI STANG ZIEHL & JONES LLP

By    */s/Malhar S. Pagay*
Richard M. Pachulski
Jeffrey W. Dulberg
Malhar S. Pagay

Attorneys for Debtor and Debtor in
Possession

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

9

DOCS_LA 329730 v2  46353.002

**DECLARATION OF SUZANNE UHLAND**

I, Suzanne Uhland, declare as follows:

1.      I am a partner in the law firm of Latham & Watkins LLP ("**L&W**"), an international law firm with offices across the United States, Europe, and Asia.  I am admitted in, practicing in, and a member in good standing of the state bars of California and New York, as well as the bar of the District of Columbia, and there are no disciplinary proceedings pending against me.  I am over the age of eighteen, am authorized to submit this Declaration, and am competent to testify on the matters contained herein

2.      I submit this Declaration to provide disclosure in connection with the *Debtor's Application for Entry of an Order Pursuant to 11 U.S.C. § 327(e) Authorizing the Employment and Retention of Latham & Watkins LLP as Special Corporate and International Counsel Nunc Pro Tunc to April 25, 2020* (the "**Application**"),[1] by which Yueting Jia, as debtor and debtor in possession (the "**Debtor**"), seeks authority to employ and retain L&W as special counsel effective *nunc pro tunc* to April 25, 2020, in accordance with the terms and conditions of that certain engagement letter dated April 30, 2020 (the "**Engagement Letter**"), a copy of which is attached hereto as **Exhibit 1**.

3.      Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, information supplied to me by other L&W professionals or paraprofessionals, or learned from my review of relevant documents.  To the extent any information disclosed herein requires amendment or modification as additional information becomes available to L&W, a supplemental declaration will be submitted to this Court reflecting such amended or modified information.

**L&W'S QUALIFICATIONS**

4.      The Debtor seeks to retain L&W as his special counsel because, through my joining L&W as a partner on April 25, 2020, L&W has acquired extensive familiarity with the Debtor, his businesses and affairs, and many of the potential legal issues that may arise in this Chapter 11 Case.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

1

DOCS_LA 329730 v2  46353.002

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Prior to joining L&W as a partner, I was a partner at OMM, which was initially retained by the Debtor in August 2019 to lead the Debtor's planned out-of-court restructuring. In connection with that work, I gained extensive knowledge of the Debtor's assets and liabilities. I was also the architect of the proposed out-of-court exchange offer and prepackaged plan on which the Debtor's Chapter 11 Case is based.

5.      On November 14, 2019, in addition to the retention discussed in the preceding paragraph, the Debtor filed an application to retain OMM as special corporate, litigation, and international counsel in the Chapter 11 Case [Docket No. 90], and an order approving that application was entered on February 25, 2020 [Docket No. 374]. A primary reason the Debtor retained OMM was my extensive experience and expertise counseling debtors in complex international reorganizations and my prior work for the Debtor. Accordingly, because I joined L&W as a partner on April 25, 2020, the Debtor seeks to have L&W step into the role that I was leading at OMM in this Chapter 11 Case. Additionally, L&W has extensive experience and knowledge in the field of debtors' and creditors' rights, business reorganizations, California state and federal litigation, general corporate matters, tax analysis, and international matters, to the extent required. The qualifications of the professionals at L&W whom L&W expects to work in the Chapter 11 Case are attached hereto as **Exhibit 2.**

6.      L&W is familiar with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and shall comply with them.

7.      Accordingly, the Debtor believes that L&W is both well-qualified and uniquely positioned to represent the Debtor as his special counsel under section 327(e) of the Bankruptcy Code.

## SERVICES TO BE PROVIDED

8.      The Debtor has requested that L&W perform the following services during the pendency of the Chapter 11 Case:

        a.      advise and counsel the Debtor in connection with the completion of the plan confirmation process in conjunction with PSZ&J, including drafting certain plan-related documents, revising the plan of reorganization and disclosure

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

statement, and preparing drafts of the confirmation order;

    b.    advise and assist the Debtor on certain international matters, including with respect to recognition of the Chapter 11 Case in other jurisdictions; and

    c.    advise and counsel the Debtor regarding negotiations and drafts of the documents associated with exit financing.

9.    It is unusual to retain a law firm so late in a chapter 11 case, but in light of my becoming a partner at L&W on April 25, 2020, it is most efficient that L&W be engaged to complete certain aspects of the Chapter 11 Case. OMM will continue to lead the remaining corporate and litigation aspects of the Chapter 11 Case, and the firms have coordinated and will continue to coordinate to avoid duplication of efforts.

10.    In its capacity as special counsel to the Debtor, L&W will make every effort to minimize duplication of its work with the Debtor's other professionals, including OMM, PSZ&J, and the Debtor's ordinary course professionals.

11.    The terms and conditions of L&W's retention are set forth in the Engagement Letter. L&W intends to charge the Debtor for its services on an hourly basis and to submit for reimbursement its out-of-pocket expenses and other charges incurred in the course of representing the Debtor, all subject to the Court's approval and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such procedures or guidelines as may be fixed by order of the Court or otherwise in force in the Chapter 11 Case. L&W will file periodic applications seeking compensation for its services and reimbursement of its expenses, which will constitute a request for interim payment against L&W's reasonable fees and expenses to be determined at the conclusion of the Chapter 11 Case. The Debtor will be the source of payments to L&W.

12.    L&W operates in a national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance, and reputation, the nature of the work involved, and other factors. L&W's hourly rates are designed to compensate L&W fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of

3

the individuals assigned and are subject to periodic adjustments to reflect economic and other conditions (which adjustments will be reflected in the first L&W fee application following such adjustments).[2]  L&W's current hourly rates for the Legal Services range as follows:

| Billing Category | Range |
| --- | --- |
| Partners | $1,120 to $1,680 |
| Counsel | $1,085 to $1,560 |
| Associates | $590 to $1,105 |
| Professional Staff | $250 to $850 |
| Paralegals | $250 to $540 |

13.     L&W seeks advance approval of these hourly rates.

14.     Consistent with the Engagement Letter and L&W's policy with respect to its other clients, L&W will continue to charge the Debtor for all services provided and for other charges and disbursements incurred in the rendition of services.  It is L&W's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client.  It is also L&W's policy to charge its clients only the amount actually incurred by L&W in connection with such items.  These charges and disbursements include (without limitation) costs for photocopying, electronic data management services, including scanning and document imaging, travel, travel-related expenses, business meals, computerized research, messengers, couriers, postage, witness fees, and other fees related to trials and hearings.  L&W professionals also may charge their overtime meals and overtime transportation to the Debtor consistent with prepetition practices, and L&W will charge for overtime secretarial charges that arise out of business necessity.

15.     No promises have been received by L&W, or any partner, counsel, or associate thereof, as to payment or compensation in connection with the Legal Services other than in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.  Except for sharing arrangements among L&W, its affiliated law practice entities, and

---

[2] L&W's billing rates are usually revised annually, on or around January 1 of each year, as is customary with L&W's policies.  Accordingly, L&W's billing rates will increase on January 1, 2021.  As set forth in the Application, L&W will provide ten business-days' notice to the Debtor, the U.S. Trustee, and any official committee before implementing any periodic increases, and shall file any such notice with the Court.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

their respective members, in accordance with sections 329 and 504 of the Bankruptcy Code and Bankruptcy Rule 2016(b), L&W has not entered into any agreements, express or implied, with any other party in interest, including the Debtor, any creditor, or any attorney for such party in interest in the Chapter 11 Case for (a) the purpose of sharing or fixing fees or other compensation to be paid to any such party in interest or its attorneys for services rendered in connection therewith, (b) payment of such compensation from the assets of the estate in excess of the compensation allowed by this Court pursuant to the applicable provisions of the Bankruptcy Code, or (c) payment of compensation in connection with the Legal Services other than in accordance with the applicable provisions of the Bankruptcy Code.

### U.S. TRUSTEE GUIDELINES

16.    L&W will make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with this Application and with any fee applications filed by L&W in the Chapter 11 Case.

17.    The following is provided in response to the request for additional information set forth in Paragraph D.1 of the U.S. Trustee Guidelines:

a)    **Question**: Did L&W agree to any variations from, or alternatives to, L&W's standard billing arrangements for this engagement?

**Answer**: No.  The rate structure provided by L&W is appropriate and comparable to (i) the rates that L&W charges for non-bankruptcy representations and (ii) the rates of other comparably skilled professionals.

b)    **Question**: Do any of the L&W professionals in this engagement vary their rate based on the geographic location of the Debtor's chapter 11 case?

**Answer**: No.

c)    **Question**: If L&W has represented the Debtor in the 12 months prepetition, disclose L&W's billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition.  If L&W's billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

5

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    **Answer**:  L&W's current hourly rates for services rendered on behalf of the

2    Debtor are set forth above.  L&W has applied these rates since it began

3    providing the Legal Services to the Debtor in April 2020.  These are the only

4    rates L&W has used in 2020.  Prior to the Petition Date, L&W applied a 5%

5    discount to its standard hourly rates for litigation matters in which L&W

6    represented the Debtor and certain of his affiliates.  In 2019, L&W's standard

7    hourly rates were $1,070-$1,565 for partners; $1,040-$1,455 for counsel;

8    $565-$1,085 for associates; $220-$790 for professional staff; and $220-$520

9    for paralegals.  All material financial terms have remained unchanged since

10    the prepetition period.

11    d)    **Question**:  Has the Debtor approved L&W's budget and staffing plan and, if

12    so, for what budget period?

13    **Answer**:  If deemed necessary, the Debtor and L&W will develop a

14    prospective budget and staffing plan for L&W's engagement to comply with

15    the U.S. Trustee's requests for information and additional disclosures.

16    Consistent with the U.S. Trustee Guidelines, such budget may be amended as

17    necessary to reflect changed or unanticipated developments.

18    **COMPENSATION RECEIVED BY L&W FROM THE DEBTOR**

19    18.    Prior to the Petition Date, L&W provided services to the Debtor, but L&W ceased

20    providing services more than two months prior to the Petition Date.  L&W has waived any unpaid

21    amounts.

22    19.    L&W did not receive any payments or advances from the Debtor during the 90-day

23    period prior to the Petition Date.

24    20.    L&W does not have a prepetition claim against the estate.

25    **L&W'S CONFLICTS CHECK**

26    21.    L&W and certain of its partners, counsel, and associates may have in the past

27    represented, may currently represent, and likely in the future will represent parties in interest in the

28    Chapter 11 Case.  Except as set forth below, all such representations have been in matters unrelated

6

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    to the Debtor and the Chapter 11 Case.  Though not relevant to L&W's ability to comply with the

2    requirements of section 327(e) of the Bankruptcy Code, out of an abundance of caution, and in order

3    to provide full disclosure, L&W has searched its electronic database for its connections to the

4    entities listed on **Exhibit 3** hereto (collectively, the "**Potential Parties in Interest**").   The

5    information listed on **Exhibit 3** may have changed without my knowledge and may change during

6    the pendency of the Chapter 11 Case.  L&W will update this Declaration, as described below, when

7    L&W becomes aware of new material information.

8         22.    L&W entered the names of the Potential Parties in Interest into a computer database

9    containing the names of all clients and conflict information concerning such clients of L&W.  This

10   inquiry revealed that certain of the Potential Parties in Interest are current, or were former, L&W

11   clients.  Attached as **Exhibit 4** to this Declaration is a list of Potential Parties in Interest that are

12   current or former clients of L&W or of L&W attorneys while such attorneys were at a prior firm.

13   Through the information generated from this computer inquiry, and through follow-up inquiries with

14   L&W attorneys as necessary, it was determined that, except as described below, the representation

15   of the Potential Parties in Interest disclosed on **Exhibit 4** hereto concerned matters in which such

16   clients were not adverse to the Debtor or the Debtor's estate.[3]

17        23.    As disclosed in **Exhibit 4**, in the past, L&W has jointly represented the Debtor and

18   his affiliates FF Peak Holding Ltd., FF Top Holding, Ltd., and Pacific Technology Holding in

19   certain litigation matters.  Those matters related to efforts of the Debtor's creditors to enforce foreign

20   judgments, and L&W's joint representation of those affiliates and the Debtor was not adverse to the

21   Debtor.  Those matters have been closed.

22        24.    At present, L&W does not intend to represent any debtor related to the Debtor in a

23   bankruptcy case in this Court or any other court.

24        25.    None of the entities listed on **Exhibit 4** represented more than 1% of L&W's total

25   client billings for the twelve-month period ending April 30, 2020 (on a consolidated basis).[4]

26        26.    L&W does not have and has not had any connection with any insider of the Debtor.

27   _____

28   [3] As disclosed in Exhibit 4, Faraday Future, the Debtor's key asset, is a current client of L&W.
     [4] According to L&W's records as of May 21, 2020.

7

DOCS_LA 329730 v2 46353.002

**L&W Attorney Investments**

27.    From time to time, L&W partners, of counsel, associates, and employees, or members of the households of the foregoing, personally invest in mutual funds, retirement funds, private equity funds, venture capital funds, hedge funds, fund of funds, and other types of investment funds (the "**Investment Funds**"), through which such individuals indirectly acquire an interest in debt or equity securities of many companies, one of which may be one of the Debtor's creditors or other parties in interest in the Chapter 11 Case, often without L&W's knowledge.  Each such person generally owns substantially less than one percent of such Investment Fund, does not manage or otherwise control such Investment Fund, and has no influence over the Investment Fund's decision to buy, sell, or vote any particular security.  The Investment Funds are generally operated as a blind pool, meaning that when such persons make an investment in an Investment Fund, he, she, or they do not know what securities the blind pool Investment Fund will purchase or sell and have no control over such purchases or sales.

28.    From time to time one or more L&W partners voluntarily choose to form an entity (a "**Passive-Intermediary Entity**") to invest in one or more Investment Funds or, in certain instances, directly in private companies.  Such Passive-Intermediary Entity is comprised only of persons who were L&W partners or retired partners at the time of the Passive-Intermediary Entity's formation (although some may later become former L&W partners), and participation in such a Passive-Intermediary Entity is wholly voluntary and only a portion of L&W's partners choose to participate. L&W itself does not invest in the Passive-Intermediary Entity.  The Passive-Intermediary Entity generally owns substantially less than one percent of any underlying Investment Fund, does not manage or otherwise control such Investment Fund, and has no influence over the Investment Fund's decision to buy, sell, or vote any particular security.  Each Investment Fund in which a Passive-Intermediary Entity invests is operated as a blind pool, so that the Passive-Intermediary Entity does not know what securities the blind pool Investment Funds will purchase or sell, and has no control over such purchases or sales.  The Passive-Intermediary Entities commonly receive periodic statements and communications from the underlying Investment Funds.  The L&W partners participating in the Passive Intermediary may or may not know the identity of the Investment Fund's

8

DOCS_LA 329730 v2 46353.002

1  underlying investments or the identity of the securities purchased, sold, or held by the Investment

2  Fund.

3       29.    From time to time, L&W partners, of counsel, associates, and employees personally

4  directly acquire a debt or equity security of a company, which may be (or become) one of the

5  Debtor's creditors or other parties in interest in the Chapter 11 Case.  L&W has a long-standing

6  policy prohibiting attorneys and employees from using material non-public information that may

7  come to their attention in the course of their work, so that all L&W attorneys and employees are

8  barred from trading in securities with respect to which they possess material non-public information.

9       30.    L&W will not, while employed by the Debtor, represent any other entity having an

10 adverse interest to the Debtor with respect to matters upon which the Debtor seeks to retain L&W

11 during the pendency of the Chapter 11 Case.

12      31.    Insofar as I have been able to ascertain, I know of no conflict of interest that would

13 preclude L&W's representation of the Debtor as special counsel in the Chapter 11 Case.

14      32.    The standards imposed with respect to counsel seeking retention under section 327(e)

15 of the Bankruptcy Code are less stringent than those imposed under section 327(a) as the former

16 does not impose the "disinterestedness" requirement that is imposed by the latter.  Accordingly the

17 conflicts process that L&W undertook here is likely more extensive than required.  Nevertheless,

18 based on the conflicts search conducted to date and described herein, to the best of my knowledge,

19 neither L&W, nor any partner, counsel, or associate thereof, insofar as I have been able to ascertain,

20 has any connection with the Debtor, his creditors, or any other parties in interest, the U.S. Trustee, or

21 any person employed in the office of the U.S. Trustee, except as disclosed or otherwise described

22 herein.  Further, based upon the information available to me, I believe that neither L&W, nor any

23 partner, counsel or associate thereof, holds or represents any interest adverse to the Debtor or his

24 estate in the matters upon which L&W is to be employed.  The proposed engagement of L&W is not

25 prohibited by or improper under Bankruptcy Rule 5002(a).

26      33.    L&W will periodically review its files during the pendency of the Chapter 11 Case to

27 ensure that no conflicts or other disqualifying circumstances exist or arise.  If any relevant facts or

28 relationships are discovered or arise, L&W will use reasonable efforts to identify such further

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

9

developments and will promptly file a supplemental declaration as required by Bankruptcy Rule 2014(a).  In that regard, L&W intends to disclose clients in the capacity that they first appear in a conflicts search.  For example, if a client has already been disclosed in this Declaration in one capacity (*e.g.*, a bank), and the client appears in a subsequent conflicts search in a different capacity (*e.g.*, a bondholder), then L&W does not intend to disclose the same client again in supplemental declarations, unless the circumstances are such in the latter capacity that additional disclosure is required.

34.    The foregoing constitutes the statement of L&W pursuant to sections 327(e), 329, and 504 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(b).

*[Signature page follows]*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

2     Pursuant to 28 U.S.C. § 1746, to the best of my knowledge, information and belief, and after

3  reasonable inquiry, I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 22, 2020
4  New York, New York

5

6                     Suzzanne Uhland

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA 329730 v2  46353.002

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Exhibit 1**

Engagement Letter

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Suzzanne Uhland
Direct Dial: +212.751.1308
Suzzanne.uhland@lw.com

885 Third Avenue
New York, New York 10022-4834
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

**LATHAM&WATKINS LLP**

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

April 30, 2020

Yueting Jia
91 Marguerite Drive
Rancho Palos Verdes, CA 90275

Re:  Engagement Letter

Dear YT:

You have asked us to represent you as special counsel in your individual case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") in connection with international, transactional, finance and restructuring matters.  This letter will confirm our discussions regarding your engagement of Latham & Watkins LLP ("Latham").  The scope of our work may evolve in accordance with discussions or correspondence with you from time to time.  If additional services are requested by you and agreed to by us, this letter will apply to such services, unless superseded by another written agreement.  In each case, before we can agree to provide additional services, we will need to perform a conflicts check and otherwise confirm our ability to provide these services.  Our representation is limited to the specific services that you request and that we have agreed to undertake.

## I.    IDENTITY OF THE CLIENT.

Our client in this matter will be solely you.  We do not represent and will not be deemed to have an attorney-client relationship with any of your employees, venturers or other affiliates solely on account of our representation of you in this matter.  We are distinguishing between the person who is and those who are not our clients so that it is clearly understood to whom our various duties as attorneys are owed.  We shall have those duties to you, but not to other entities or persons even if they are affiliated with you.  If we subsequently agree to represent any affiliated entities, we will need to perform a conflicts check and either execute separate engagement letters with them or confirm the details of the representation in writing, which may include confirmation by electronic mail.  If, however, we take on work for such affiliated entities without such a separate engagement letter or confirmation, the terms in this engagement letter (including, but not limited to terms governing conflicts of interest and arbitration of disputes) will apply to that representation.

Because of the extraterritorial reach of Anti-Money Laundering laws in certain jurisdictions where Latham practices, it may become necessary for us to collect documentation verifying your identity if any timekeepers outside of the U.S. work on this matter or any additional matter we agree to undertake.  We will seek to collect any required documentation from publicly-

LATHAM&WATKINS LLP

available sources; however, we may need to request documentation directly from you if the documentation is not publicly available.

We provide information to clients and others about our experience in particular areas. In this context it is helpful to be able to identify particular clients and matters. Of course, we would not publicize your matters in a manner that could harm your interests. Moreover, even where a matter is publicly known, we would not publicize it if you would prefer that we not do so. If we think that you might prefer that we not use any particular matter of yours in this way, we will discuss it with you before proceeding. Absent such circumstances, however, you consent now to our using in our marketing materials your name and logo in describing publicly known and non-sensitive matters we have handled for you.

## II.    ROLES OF ATTORNEY AND CLIENT.

Our responsibilities under this agreement are to provide legal counsel and assistance to you in accordance with this letter, and to provide statements to you that clearly state the basis for our fees and charges. We will not disclose any confidential information of yours to any other client, even where that information might have some bearing on their interests. Likewise, we will not disclose the confidences of any other client to you, even where that information might have some bearing on your interests, and you agree that we are under no obligation to do so. You also agree to keep us informed of developments related to this representation and to pay our statements in a timely manner. To allow us to conduct a conflicts check, you represent that you have identified to us all persons and entities that are or may become involved in this matter, including all such persons or entities that are affiliated with you. You also agree to notify us if you become aware of any other persons or entities that are or may become involved in this matter.

During the course of this engagement, we may express opinions or beliefs to you about the effectiveness of various courses of action or about the results that might be anticipated. Such statements are expressions of opinion only, and should not be construed as promises or guarantees.

Please also be aware that Latham & Watkins LLP has internal ethics and professional responsibility counsel, who advise Latham attorneys regarding their ethical, professional and legal duties. From time to time, the attorneys working on your matter may consult these lawyers. You acknowledge that any such consultation is protected by Latham's own attorney-client privilege, and not subject to discovery. You also agree that such communications are property of the firm and are not part of the Client File as defined in Section 3 of this letter.

## III.    CLIENT FILES AND RETENTION.

In the course of your representation, we shall maintain a file in which we may place correspondence, agreements, governmental filings, prospectuses, disclosures, pleadings, deposition transcripts, exhibits, physical evidence, expert reports, and other items reasonably necessary to your representation ("Client File"). The Client File shall be and remain your property. Upon completion of a specific project, your original Client File for that project shall be available to be taken by you. We will be entitled to make copies if we choose. You also agree at the conclusion of the project (whether or not you take possession of the Client File) to take possession

LATHAM&WATKINS LLP

of any and all original contracts, wills, stock certificates, and other such important documents that may be in the Client File and we shall have no further responsibility with regard to such documents. If you do not take possession of the Client File at the conclusion of the project, we will store such file for you for a period of seven years.  If you do not take possession of the Client File during such seven-year storage period, you agree that we may dispose of it. In addition, in the event we are holding files of yours for a matter other than one in which we have represented or are representing you, you agree that we may dispose of such files seven years after we receive them, if you have not claimed them from us prior to that. You agree that our internal communications, preliminary drafts, notes, and mental impressions shall be and remain our property and shall not be considered part of your Client File.  You agree that we may enact and implement reasonable retention policies for such materials and that we also have discretion to delete such materials.

## IV.    CONFLICTS OF INTEREST.

While we are representing you in this matter, we will have no other role in this matter for another party without your consent.  As with any other client and any other matter, you will have our complete loyalty with respect to this matter.

We note that Latham & Watkins LLP is an international law firm with numerous attorneys and offices in many countries and that we practice in many diverse areas of law.  It is possible that during the time we are representing you, some of our current or future clients may ask us to represent them in matters in which you are involved as another party.  Furthermore, some of our clients may now or in the future operate in the same lines of business as you do.  Both our own prudent business conduct, and the interests of our other clients, call for us to seek to retain the ability to accept matters for all of our clients.  We thus ask you in connection with this engagement to consent in advance to our acceptance of matters (including litigation matters) adverse to you (whether such matters are currently pending or arise in the future), provided the matters are not substantially related to any matters we are handling or have handled for you.  By entering into this agreement, you consent in advance to such adverse representations.  Thus, for example, you agree that we would be able to take on a new transactional or litigation matter adverse to you for a current or future client at the same time that we are representing the you, provided the adverse matter is not substantially related to any matters we are handling or have handled for you.  As another example, although we are representing you on a transactional or litigation matter, we have or may have clients in the future for whom we may represent (or will represent) in connection with transactional or litigation matters where you may be another party in the matter.  (Summaries of our current practice areas and the industries in which we represent clients can be found on our website at www.lw.com.).  This consent also includes being adverse to you in any bankruptcy, regulatory, administrative, legislative or rulemaking proceeding.

In addition, by entering into this agreement you agree that if we represent you in a matter adverse to another person or entity, including but not limited to adversaries in the matter that is the subject of this engagement letter, we may in the future represent such other person or entity on matters not substantially related to our work for you, and we may continue any such representations in which we are currently engaged.  Thus, for example, without your further consent, we may represent and may continue to represent banks, investment banks, private equity funds, hedge

LATHAM&WATKINS LLP

funds and other financing sources on a regular basis in matters other than those in which we represent you.

You also agree that, in a matter where you are, or may be, competing with one or more other bidders in an M&A matter, to allow our firm, with separate teams (commonly referred to as "trees") that do not share information about the related matters (except as may be agreed in respect of any particular subject such as, for example, shared regulatory, tax, and antitrust diligence) to represent other competing bidders and financing sources for other bidders. We will not accept an engagement from another client in the situations described above unless we believe that our representation of that other client will not have an adverse effect on the exercise of our independent professional judgment on your behalf in the matters in which we represent you.

You should feel completely free to consult other counsel concerning these matters and we encourage you to do so. By signing this letter, you acknowledge that you have had an opportunity to consult with other counsel.

## V.   RATES, FEES AND CHARGES.

Our fees are based primarily on the amount of time spent by our lawyers, paralegals and other professionals on your behalf. Each lawyer, paralegal and other professional assigned to this matter will have individual hourly billing rates, and the applicable rate multiplied by the number of hours spent, measured in tenths of an hour, will be the initial basis for determining our fee.

In general, our attorneys' billing rates applicable to this engagement will range from $590 per hour to $1,680 per hour, depending upon the seniority and expertise of the attorney involved. For paralegal and other professional time, our rates will range from $250 to $810 per hour.

In addition to fees, you agree to pay for disbursements and other charges. These will include such items as photocopying and scanning documents ($0.10 per page); at-cost expense for large-volume print jobs over 100 pages when formatted in Word or Adobe Acrobat applications; long-distance and roaming mobile phone charges; couriers and air freight (1.10 times our volume-discounted cost); messengers (at third-party vendor rate); client-specific work by staff; staff overtime and meals (as defined by federal or local law); transportation (where dictated by safety reasons, and which may include a transaction fee); word processing; postage, at cost; supplies (for large volume only); and other reasonable costs and expenses. For disbursements over $1,500, we may ask that billings be sent directly to you or that advances be provided.

In the event we are compelled to testify or respond to a subpoena or other legal process in relation to a matter we have handled for you, you agree that we are entitled to be reimbursed for our time in doing so at our then-current rate, and for our expenses reasonably incurred, even if our attorney-client relationship with you is terminated at that time.

When our personnel travel, we generally utilize business class for international flights. Through a third-party travel management company, in-house travel services are provided for our U.S. offices. There are no additional charges for changes to reservations or for reimbursement of

**LATHAM&WATKINS**LLP

unused tickets. Our personnel bill for travel time, but if they work on another matter while traveling for you, you will not be billed for that time.

We intend to provide statements to you on at least a monthly basis. They will show our time logged in tenth-of-an-hour increments and will separate fees from disbursements and other charges. Payment of our statements are due promptly upon receipt.

Our billing rates and charges are usually revised annually, but we reserve the right to revise them at other times. Following any such revision, our new rates and charges will be applied to your account, and this letter constitutes written notice to you of our right to make such revisions.

From time to time, you may request estimates of the fees and charges that we anticipate incurring on your behalf. These estimates are subject to unforeseen circumstances and are by their nature inexact. While we may provide estimates for your general planning purposes, such estimates are subordinate to our regular billing procedures, absent an express written agreement to the contrary.

If any dispute should arise between us and you as to fees, subject to certain conditions you may have the right to require that the dispute be arbitrated.

## VI.     DATA PROTECTION & COMMERCIAL COMMUNICATIONS BY EMAIL.

In order to provide legal services and maintain our business relationship, the firm may use personal information about you. Details of how we use this information are set out in our Client and Third Party Privacy Notice which can be found on our website at www.lw.com/privacy. We have made a commitment through our Binding Corporate Rules to apply a consistent standard across the firm when collecting, using and managing personal information. If you have any questions about how we use your personal information or wish to exercise your rights, please contact the Global Data Protection Officer at DataPrivacy@lw.com.

We constantly attempt to improve our service, and monitor developments in the law and practice. Periodically we may send information about this, including brochures and press releases and invitations to seminars or talks, if we believe that they may be of interest to you. You agree that we may send information of this kind by email to you. You can opt out at any time.

## VII.     ARBITRATION OF DISPUTES.

Any controversy or claim, whether in tort, contract or otherwise, arising out of or relating to the relationship between you, your respective affiliates or successors (the "Client Arbitration Parties") and Latham & Watkins LLP, its affiliated partnerships, attorneys or staff or any of their successors (the "Latham Arbitration Parties") or the services provided or the fees charged by the Latham Arbitration Parties pursuant to this engagement letter or otherwise to the Client Arbitration Parties shall be submitted to binding arbitration. By agreeing to arbitrate, you are agreeing to waive your right to a jury trial. The arbitration will be conducted in accordance with this document, the Federal Arbitration Act and CPR Rules for Non-Administered Arbitration, as in effect on the date of this engagement letter. The arbitration shall be conducted before a panel of

**LATHAM & WATKINS** LLP

three neutral arbitrators.  The arbitration shall be commenced and held in the city and state in which the Latham & Watkins office is located whose attorneys spent the most amount of time on the matter in dispute.  Any issue concerning the location of the arbitration, the extent to which any dispute is subject to arbitration, the applicability, interpretation, or enforceability of this agreement shall be resolved by all of the arbitrators.  To the extent state law is applicable, the arbitrators shall apply the substantive law of the state of New York.  Each party will be entitled to depose a maximum of six witnesses, plus all experts designated to be witnesses at the arbitration.  The depositions shall be limited to a maximum of six hours per deposition.  All aspects of the arbitration shall be treated as confidential and neither the parties nor the arbitrators may disclose the content or results of the arbitration, except as necessary to comply with legal or regulatory requirements.  The result of the arbitration shall be binding on the parties and judgment on the arbitrators' award may be entered in any court having jurisdiction.  The arbitration panel shall be entitled to award any damages provided for under the state law that is controlling.

## VIII.  LIMITED LIABILITY PARTNERSHIP.

Latham & Watkins LLP is a limited liability partnership (LLP).  Similar to the corporate form of business organization, the LLP form generally limits the liability of the individual partners of the firm to the capital they have invested in the firm for claims arising from services performed by the firm.  Our form of organization as an LLP will not diminish the ability to recover damages from the firm or from any individuals who directly caused the loss.

Because of legal requirements in those countries, work done out of our firm's offices in England, France, Hong Kong, Japan, Singapore, and Italy will be carried out through affiliated partnerships registered locally, and work done in Saudi Arabia will be carried out through a cooperating law practice registered locally, but the distinction will be largely transparent to you as a client.

## IX.  ENTIRE AGREEMENT AND MISCELLANEOUS.

You and we understand that this letter constitutes the entire agreement pertaining to the engagement of Latham & Watkins LLP, and that it shall not be modified by any policies, procedures, guidelines or correspondence from you or your representative unless agreed to in writing by Latham & Watkins LLP.

All parties signing this letter represent and warrant that they are fully authorized to enter into this agreement, and in the case of signatories agreeing on behalf of organizations, to bind the organization or organizations to the terms in this letter.

Our relationship with you will be deemed concluded when we have completed our agreed-upon services, except that for the avoidance of doubt, your obligations for fees and charges shall survive.  In addition, and without limiting the preceding sentence, in the event we have performed no work on your behalf for six consecutive months, you agree that our attorney-client relationship with you will have been terminated.

LATHAM&WATKINS LLP

## X.    <u>APPROVAL AND RETURN OF LETTER.</u>

If this letter meets with your approval, please sign and return the enclosed copy. We will begin our work promptly upon our receipt of that signed copy.

This letter may be executed in any number of counterparts and by different parties on separate counterparts.  Each of such counterparts shall be deemed to be an original, and all of such counterparts, taken together, shall constitute but one and the same agreement.  Delivery of an executed counterpart of this letter by telecopier or electronic mail shall be equally effective as delivery of a manually executed counterpart.

We look forward to working with you.


Suzzanne Uhland
of LATHAM & WATKINS LLP

LATHAM&WATKINS LLP

## **Approval of Engagement**

I agree to the terms of the enclosed letter, effective as of the date on which Latham & Watkins LLP first provided services to me.

By signing this letter, I acknowledge and agree that I have been afforded the full opportunity to review it and to seek the advice of independent counsel, and either has in fact consulted with such independent counsel or has chosen not to do so.

BY SIGNING THIS LETTER, I AGREE TO HAVE ANY ISSUE ARISING OUT OF OR RELATING TO THE SERVICES OF THE LATHAM ARBITRATION PARTIES (INCLUDING ANY CLAIM FOR PROFESSIONAL LIABILITY) DECIDED IN ARBITRATION AND I GIVE UP MY RIGHT TO A JURY OR COURT TRIAL AND ACKNOWLEDGES THE ARBITRATION PROVISION IN SECTION 8 ABOVE.

Date:  April ____, 2020.

Yueting Jia

By: _____

Name: _____

Title: _____

# **Exhibit 2**

Professional Biographies



## LATHAM & WATKINS LLP

| About Us | Online Resources | Languages | | People Finder | Search |

| 🏠 | Industries | Practices | Knowledge Library | Global Directory | Join Us | | Events |

Home | Global Directory | Suzzanne Uhland

**Find Our People**

Latham Around the World

### Suzzanne Uhland
Partner

E suzzanne.uhland@lw.com
T +1.212.906.1308
Add to contacts

**New York**
885 Third Avenue
New York, NY 10022-4834
USA

**PROFILE**          **EXPERIENCE**

Suzzanne Uhland is a partner in the New York office of Latham & Watkins and a member of the firm's Restructuring & Special Situations Practice.

Ms. Uhland has an established track record representing companies, creditors, and investors in chapter 11 reorganizations and out-of-court restructurings, as well as parties to Bankruptcy Code Section 363(b) sales and other distressed transactions. She is consistently acknowledged as one of the leading restructuring lawyers in the United States.

Ms. Uhland has a significant range of experience in real estate, energy, technology, and municipal financings and restructurings. Her practice also includes international insolvencies and debt restructurings.

Ms. Uhland is widely recognized for her skill and experience, and is consistently recognized by *Chambers USA* for her restructuring work. She is described as "an extremely accomplished lawyer" with "excellent industry knowledge" and is lauded by sources for being "exceptionally talented and smart."

She was also selected by her peers for inclusion in *The Best Lawyers in America*, and was recently a recipient of Global M&A Network's Top USA Woman Dealmakers Award.

Ms. Uhland's significant representations have included advising:

- Debtors-in-possession, creditors, and DIP lenders in chapter 11 cases of public and private companies
- Businesses in connection with out-of-court restructurings and debt renegotiations
- Private equity and hedge fund clients in distressed investments and portfolio company restructurings
- Financial institutions and public and private companies in connection with credit financing transactions
- Licensors and licensees of intellectual property in connection with preserving or acquiring intellectual property rights in distressed situations

**SHARE**

Email        Facebook
LinkedIn     Twitter

Bar Qualification

California

District of Columbia

New York

Restructuring & Special Situations

Industries

Oil & Gas

Financial Institutions

Hospitality, Gaming & Leisure

Fintech

Education

J.D., Yale Law School, 1988
Co-Editor in Chief, Yale Journal on
Regulation

M.A., Stanford University, 1986

AB, Stanford University, 1984
with distinction; Phi Beta Kappa

© 2020 Latham & Watkins  Prior results do not guarantee a similar outcome.

Email Scam Warning | Attorney Advertising & Terms of Use | Privacy | Site Map

Latham & Watkins LLP has office locations in Beijing, Boston, Brussels, Century City, Chicago, Dubai, Düsseldorf, Frankfurt, Hamburg, Hong Kong, Houston, London, Los Angeles, Madrid, Milan, Moscow, Munich, New York, Orange County, Paris, Riyadh,* San Diego, San Francisco, Shanghai, Seoul, Silicon Valley, Singapore, Tokyo, and Washington, D.C.
*In cooperation with the Law Office of Salman M. Al-Sudairi

**LATHAM & WATKINS** LLP

## Madeleine C. Parish
**Associate**
**E** madeleine.parish@lw.com

New York
885 Third Avenue
New York, NY 10022-4834
USA
T +1.212.906.1336

### PROFILE

Madeleine C. Parish is an associate in the New York office of Latham & Watkins. Ms. Parish represents debtors and creditors across various industries in both in-court and out-of-court restructurings.

Prior to joining Latham, Ms. Parish worked in the New York office of another international leading law firm on a broad array of restructuring matters. She previously clerked for Judge Christopher S. Sontchi of the United States Bankruptcy Court, District of Delaware.

### EXPERIENCE

Ms. Parish's representative experience includes advising:

- Barneys New York, Inc. and its affiliates in their restructuring efforts in the United States Bankruptcy Court for the Southern District of New York*

- Jones Energy, Inc. and its affiliates in their prepackaged Chapter 11 cases in the US Bankruptcy Court for the Southern District of Texas*

- Z Gallerie, LLC, a leading specialty retailer focused on art-conscious home décor with retail locations across the United States and a significant e-commerce platform, in its Chapter 11 case in the US Bankruptcy Court for the District of Delaware*

- Specialty Retail Shops Holding Corp. and its subsidiaries (Shopko), a retailer of general merchandise, including clothing and electronics, as well as company-operated pharmacy and optical-services departments, in their Chapter 11 cases in the US Bankruptcy Court for the District of Nebraska*

- Parker Drilling Company and certain of its affiliates in connection with their prearranged Chapter 11 restructuring in the US Bankruptcy Court for the Southern District of Texas*

- Cenveo, Inc. and its domestic subsidiaries in their prearranged Chapter 11 restructuring in the US Bankruptcy Court for the Southern District of New York*

- Charming Charlie in its Chapter 11 restructuring in the US Bankruptcy Court for the District of Delaware*

*Matter handled prior to joining Latham*

**Bar Qualification**
New York

**Practices**
Restructuring & Special Situations

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## Exhibit 3

## Potential Parties in Interest List[1]

**DEBTOR-AFFILIATES**

FARADAY & FUTURE INC.
FF GLOBAL PARTNERS LLC
FF PEAK HOLDING LTD.
FF TOP HOLDING LTD.
OCEAN VIEW DRIVE INC.
PACIFIC TECHNOLOGY HOLDING
SMART KING LTD.
WEST COAST LLC

**CREDITORS**

BANK OF BEIJING CO., LTD. (XIANGSHUWAN BRANCH)
BEIJING BLUE GIANT REAL ESTATE INVEST.
BEIJING CHUANGJIN XINGYE INVESTMENT CENTER (LIMITED PARTNERSHIP)
BEIJING HAIDIAN TECHNOLOGY FINANCIAL CAPITAL HOLDING GROUP CO., LTD.
BEIJING HUAXING MOBILE ASSET MANAGMENGT CENTER(LLP)
BEIJING JIAXIN TENGDA INFORMATION CONSULTING CO., LTD.
BEIJING SIWEI EQUITY INVESTMENT MANAGEMENT CENTER (LIMITED PARTNERSHIP)
BEIJING YINGDA CAPITAL MANAGEMENT CO.,LTD.
CHANGJIANG SECURITIES (SHANGHAI) ASSET MANAGEMENT LTD.
CHINA CITIC BANK CO., LTD. HEAD OFFICE SALES DEPARTMENT
CHINA CONSUMER CAPITAL PARTNERS II LIMITED
CHINA MERCHANTS BANK CO., LTD. SHANGHAI CHUANBEI BRANCH
CHINA MINSHENG TRUST CO., LTD.
CHINA SOFTGROWING INVESTMENT (WUXI) PARTNERSHIP
CHINA ZHESHANG BANK CO., LTD.BEIJING BRANCH
CHONGQING STRATEGIC EMERGING INDUSTRY LEECO CLOUD SPECIAL EQUITY INVESTMENT FUND PARTNERSHIP (LIMITED PARTNERSHIP)
DENTONS
E-TOWN INTERNATIONAL HOLDING(HONG KONG) CO.,LTD.
EVERBRIGHT XINGLONG TRUST CO., LTD.
GUOTAI JUNAN SECURITIES CO., LTD
HONGHU DA

**CREDITORS**

HUAFU SECURITIES CO., LTD.
HUARONG SECURITIES CO., LTD.
HUAXIN INTERNATIONAL TRUST CO., LTD.
HUITIAN NETWORK TECHNOLOGY CO., LTD.
HUIZHOU SPEED & SECOND CURVE CAPITAL MANAGEMENT PARTNERSHIP (LIMITED PARTNERSHIP)
JIANGSU HONGTU VENTURE CAPITAL MANAGEMENT CO., LTD.
JIANGYIN HAILAN INVESTMENT HOLDING CO., LTD.
JIAXING HAIWEN INVESTMENT PARTNERSHIP (LIMITED PARTNERSHIP)
JINAN RUI SI LE ENTERPRISE MANAGEMENT CONSULTING LIMITED PARTNERSHIP
JINHUA ZUMO NETWORK TECHNOLOGY CO., LTD. (COMMISSIONED HAILAN TO SHAREHOLDING)
JUSTIN C. HSIANG
KOBRE AND KIM LLP
LATHAM & WATKINS LLP
LETV FILM (BEIJING) CO., LTD.
LEWIS & LLEWELLYN LLP
LIN TOU
LIJIE YANG
MACROLINK GROUP HOLDINGS CO., LTD.
MACROLINK HOLDINGS CO., LTD.
MARVEL BEST TECHNOLOGY LIMITED
NANCHENG O-FILM PHOTOELECTRIC TECHNOLOGY CO., LTD.
NANJING DEJIN INVESTMENT MANAGEMENT CO., LTD
NANJING KAEN INDUSTRY AND TRADE CO., LTD.
NELSON WILSON GOODELL
NINGBO HANGZHOU BAY NEW AREA LERAN INVESTMENT MANAGEMENT PARTNERSHIP (LIMITED PARTNERSHIP)
O-FILM GLOBAL (HK) TRADING LIMITED
ORIENT SECURITIES CO., LTD.
ORIENTAL LIGHT CONSULTING LIMITED
PAUL DAVID MURPHY
PING AN BANK CO., LTD. BEIJING BRANCH
PING AN BANK CO., LTD. SHENZHEN BRANCH
PING AN SECURITIES CO., LTD.
QC INVESTMENT LTD.

---

[1] The parties included on this list (and the categories contained herein) were provided by the Debtor to L&W for purposes of a conflict check only and should not be relied upon by any party as a list of creditors or for any other purpose.

DOCS_LA 329730 v2  46353.002

**CREDITORS**

QINGDAO HUANGHAI PHARMACEUTICAL
FOOTBALL CLUB CO.,
QUANZHOU DING'S INVESTMENT MANAGEMENT
CO., LTD
SANPOWER (HONG KONG) COMPANY LIMITED
SHANGHAI BIAOPU INVESTMENT MANAGEMENT
CO., LTD.
SHANGHAI HAIYUE INVESTMENT MANAGEMENT
CO., LTD.
SHANGHAI JUNYING ASSET MANAGEMENT
PARTNERSHIP (LIMITED PARTNERSHIP)
SHANGHAI LAN CAI ASSET MANAGEMENT CO.,
LTD.
SHANGHAI LEYU CHUANGYE INVESTMENT
MANAGEMENT CENTER (LP)
SHANGHAI LEYU INVESTMENT CENTER(LP)
SHANGHAI QICHENGYUEMING INVT PARTNERSHIP
(REPRESENTED BY DENTONS IN THE US)
SHENZHEN JINCHENG COMMERCIAL FACTORING
CO., LTD.
SHENZHEN LESHI XINGENVERTICAL INTEGRATION
ECOLOGY FUND MANAGEMENT CO.,LTD
SHENZHEN WINZHONGTONG NON-FINANCING
GUARANTEE CO., LTD.
SHENZHEN YINGDA CAPITAL MANAGEMENT CO.,
LTD.
SWIFT TALENT INVESTMENTS LIMITED
TIANJIN NORD INVESTMENT CO., LTD.
TWC GROUP CO., LTD.
WALKER STEVENS CANNOM LLP
WEIDONG ZHU
WEI GAN
WEIHUA QIU
WESTERN SECURITIES CO., LTD
WUHAN CREDIT LOAN CO., LTD.
WUXI LEYIKE ELECTRIC VEHICLE INVESTMENT
ENTERPRISE (LIMITED PARTNERSHIP)
WUXI PULEYONGHUI INVESTMENT
ENTERPRISE(LP)
XIAMEN ZEJIN FANGFU INVESTMENT
PARTNERSHIP (LIMITED PARTNERSHIP)
XINYU DINGFENG YINGTONG INVESTMENT
MANAGEMENT CENTER (LIMITED PARTNERSHIP))
XIZANG JINMEIHUA INVESTMENT CO., LTD.
YUANXIN XU
YUEFANG JIA
YUEMIN JIA
ZHEJIANG ZHONGTAI CHUANGZHAN ENTERPRISE
MANAGEMENT CO., LTD.
ZHIJIAN DONG
ZHONGTAI VENTURE CAPITAL (SHENZHEN) CO.,
LTD.

**CREDITORS**

ZHONGYING (TIANJIN) SUPPLY CHAIN
MANAGEMENT SERVICE PARTNERSHIP (LIMITED
PARTNERSHIP)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>Exhibit 4</u>**

**Client Match List**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**Client Match List**

| Matched Entity | Relationship to Debtor | Relationship to L&W[1] |
|---|---|---|
| Faraday & Future Inc. | Debtor Affiliate | Current Client; Prior Client |
| FF Global Partners LLC | Debtor Affiliate | Prior Client |
| FF Peak Holding Ltd. | Debtor Affiliate | Former Client |
| FF Top Holding, Ltd. | Debtor Affiliate | Former Client |
| Pacific Technology Holding | Debtor Affiliate | Former Client |
| Smart King Ltd | Debtor Affiliate | Prior Client |
| Changjiang Securities (Shanghai) Asset Management Ltd. | Creditor | Prior Client |
| China CITIC Bank Co., Ltd. Head Office Sales Department | Creditor | Current Client; Prior Client |
| China Merchants Bank Co., Ltd. Shanghai Chuanbei Branch | Creditor | Current Client; Prior Client |
| China Minsheng Trust Co., Ltd. | Creditor | Current Client; Prior Client |
| Everbright Xinglong Trust Co., Ltd. | Creditor | Current Client; Prior Client |
| Guotai Junan Securities Co., Ltd. | Creditor | Current Client; Prior Client |
| Huitian Network Technology Co., Ltd. | Creditor | Prior Client |
| Ping An Bank Co., Ltd. Beijing Branch | Creditor | Current Client; Prior Client |
| Zhongtai Venture Capital (Shenzhen) Co., Ltd. | Creditor | Prior Client |

---

[1] The term "**Current Client**" refers to an entity listed as a client in L&W's Client Database for whom time has been recorded in the past three years and L&W has at least one open matter.  The term "**Former Client**" refers to an entity listed as a client in L&W's Client Database for whom time has been recorded in the past three years but all matters for such client have since been closed.  The term "**Prior Client**" refers to an entity listed as a client of an L&W attorney while such attorney was at a prior firm.  L&W does not disclose connections if time was recorded more than three years before the Petition Date.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**DECLARATION OF YUETING JIA**

I, Yueting Jia, declare as follows:

1.      I am the debtor and debtor in possession (the "**Debtor**").

2.      I submit this declaration (the "**Declaration**") in support of the *Debtor's Application for Entry of an Order Pursuant to 11 U.S.C. § 327(e) Authorizing the Employment and Retention of Latham & Watkins LLP as Special Corporate, and International Counsel Nunc Pro Tunc to April 25, 2020* (the "**Application**").[1]  Except as otherwise noted, all facts in this Declaration are based on my personal knowledge of the matters set forth herein, information gathered from my review of relevant documents, and information supplied to me by my advisors

3.      I am not fluent in English.  Accordingly, in the ordinary course of my business and personal affairs that require me to communicate in English either orally or in writing, I employ interpreters/translators who are fluent in both English and Chinese.  I am utilizing such interpreters/translators in connection with matters that arise in connection with my chapter 11 case and intend to continue to do so.  I have reviewed the Application, as necessary, with the assistance of such interpreters/translators.

**DEBTOR'S SELECTION OF COUNSEL**

4.      I seek to retain L&W as my special counsel because, through Suzzanne Uhland's joining L&W as a partner on April 25, 2020, L&W has acquired extensive familiarity with me, my businesses and affairs, and many of the potential legal issues that may arise in this Chapter 11 Case.  Prior to joining L&W as a partner, Ms. Uhland was a partner at OMM, which I initially employed and retained in August 2019 to lead my planned out-of-court restructuring.  In connection with that work, Ms. Uhland gained extensive knowledge of my assets and liabilities.  Ms. Uhland was also the architect of the proposed out-of-court exchange offer and prepackaged plan on which this Chapter 11 Case is based.

5.      On November 14, 2019, in addition to the retention discussed in the preceding paragraph, I filed an application to retain OMM as special corporate, litigation, and international

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

1

1    counsel in this Chapter 11 Case [Docket No. 90], and an order approving that application was

2    entered on February 25, 2020 [Docket No. 374].  A primary reason I retained OMM was due to Ms.

3    Uhland's extensive experience and expertise counseling debtors in complex international

4    reorganizations and her prior work for me.  Accordingly, because Ms. Uhland joined L&W as a

5    partner on April 25, 2020, I seek to have L&W step into the role that Ms. Uhland was leading at

6    OMM in this Chapter 11 Case.  Additionally, L&W has extensive experience and knowledge in the

7    field of debtors' and creditors' rights, business reorganizations, California state and federal

8    litigation, general corporate matters, tax analysis, and international matters, to the extent required.

9         6.    For these reasons, I did not interview other firms to provide the Legal Services.  I

10    believe that L&W is both well-qualified and uniquely able to provide the Legal Services.

11                **PROFESSIONAL COMPENSATION AND COST SUPERVISION**

12        7.    I will be the source of payments to L&W.  I am responsible for reviewing the

13    invoices submitted by L&W.  L&W has informed me that the rates and material terms disclosed in

14    the Application are comparable to (a) the rates and terms for its other non-bankruptcy engagements

15    and (b) the rates and terms of comparably skilled professionals.

16        8.    If deemed necessary, L&W and I will develop a prospective budget and staffing plan

17    to comply with the U.S. Trustee's requests for information and additional disclosures and any orders

18    of the Court.

19        9.    I recognize that it is my responsibility to monitor closely the billing practices of my

20    counsel to ensure the fees and expenses paid by my estate remain consistent with my expectations

21    and the exigencies of the Chapter 11 Case.  I will continue to review invoices that L&W submits

22    during the Chapter 11 Case.

23

24                        *[Signature page follows]*

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

2

DOCS_LA 329730 v2  46353.002

1

2          Pursuant to 28 U.S.C. § 1746, to the best of my knowledge, information and belief, and after

3   reasonable inquiry, I declare under penalty of perjury that the foregoing is true and correct.

3   Dated: May 22, 2020

4   Los Angeles, California

5

6

7          Yueting Jia

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

3

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA  90067**

A true and correct copy of the foregoing document entitled (*specify):*

**DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 327(e)
AUTHORIZING THE EMPLOYMENT AND RETENTION OF LATHAM & WATKINS LLP AS
SPECIAL CORPORATE AND INTERNATIONAL COUNSEL *NUNC PRO TUNC* TO APRIL 25, 2020;
DECLARATIONS OF SUZZANNE UHLAND AND YUETING JIA IN SUPPORT THEREOF**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On (*date)* **May 25, 2020,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date)* **May 25, 2020,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

> **VIA MAIL**
> United States Bankruptcy Court
> Central District of California
> Attn:  Hon. Vincent Zurzolo
> Edward R. Roybal Federal Bldg./Courthouse
> 255 East Temple Street, Suite 1360
> Los Angeles, CA  90012

☐  Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date)* **May 25, 2020,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 25, 2020 | Sophia L. Lee | /s/ *Sophia L. Lee* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:327335.1 46353/002

## SERVICE INFORMATION FOR CASE NO. 2:19-bk-24804-VZ

### 1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)

- Tanya Behnam    tbehnam@polsinelli.com, tanyabehnam@gmail.com
- Jerrold L Bregman    ecf@bg.law, jbregman@bg.law
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Stephen D Finestone    sfinestone@fhlawllp.com
- Richard H Golubow    rgolubow@wghlawyers.com, pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
- Jared T. Green    , spappa@svglaw.com
- Robbin L. Itkin    robbin.itkin@dlapiper.com, cheryleigh.bullock@dlapiper.com;robbin-itkin-6765@ecf.pacerpro.com
- Mette H Kurth    mkurth@foxrothschild.com, mette-kurth-7580@ecf.pacerpro.com
- Dare Law    dare.law@usdoj.gov
- Ben H Logan    blogan@omm.com
- Robert S Marticello    Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- David W. Meadows    david@davidwmeadowslaw.com
- Kevin Meek    kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
- John A Moe    john.moe@dentons.com, glenda.spratt@dentons.com
- Kelly L Morrison    kelly.l.morrison@usdoj.gov
- Matthew J Olson    olson.matthew@dorsey.com, stell.laura@dorsey.com
- Malhar S Pagay    mpagay@pszjlaw.com, bdassa@pszjlaw.com
- Diana M Perez    , diana-perez-7352@ecf.pacerpro.com
- Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- Victor A Sahn    vsahn@sulmeyerlaw.com,
  pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com
  ;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com
- Randye B Soref    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- Benjamin Taylor    btaylor@taylorlawfirmpc.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Ryan A Witthans    rwitthans@fhlawllp.com
- Felix T Woo    fwoo@ftwlawgroup.com, admin@ftwlawgroup.com
- Claire K Wu    ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com
- Emily Young    pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
- David B Zolkin    dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

DOCS_LA:327335.1 46353/002