| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Richard M. Pachulski (CA Bar No. 90073)<br>Jeffrey W. Dulberg (CA Bar No. 181200)<br>Malhar S. Pagay (CA Bar No. 189289)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, California  90067<br>Telephone: 310/277-6910<br>Facsimile:  310/201-0760<br>E-mail:  rpachulski@pszjlaw.com<br>          jdulberg@pszjlaw.com<br>          mpagay@pszjlaw.com<br><br>☐ Individual *appearing without an attorney*<br>☒ *Attorney for: Movant(s)* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| In re:<br><br>YUETING JIA,[1]<br><br><br><br><br><br><br>                    Debtor(s) | CASE NO.:  2:19-bk-24804-VZ<br><br>CHAPTER: 11<br><hr>**NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE:**<br><br>**DEBTOR'S NOTICE OF MOTION AND MOTION FOR ORDER (I) CONFIRMING THIRD AMENDED PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE; AND (II) APPROVING SETTLEMENT PURSUANT TO BANKRUPTCY RULE 9019; REQUEST FOR DISCHARGE ON THE EFFECTIVE DATE**<br><br>[Relates to Docket No 657] |

**PLEASE TAKE NOTE** that the order titled <u>**ORDER CONFIRMING THIRD AMENDED CHAPTER 11 PLAN OF REORGANIZATION FOR YUETING JIA (DATED MARCH 26, 2020) AS MODIFIED**</u> was lodged on (*date*) **May 28, 2020** and is attached.  This order relates to the Motion which is docket number <u>**657**</u>.

As required by the *Order After Plan Confirmation Hearing* [Docket No. 785], (a) pursuant to LBR 9021-1(b)(3)(B), the proposed order will be held by the court for 7 days; (b) the criteria for the Debtor to obtain a discharge are modified from the criteria set forth in the court's tentative ruling; (c)  the proposed order contains references to Plan Modifications referred to in the relevant filing (docket entry #780) and in the Findings and Conclusions; (d) the deadline for a party to file any objection to the Plan Modifications is 4:00 p.m. PST on the 7th day after filing of the notice of lodgment. There is no requirement to lodge an alternate proposed order; and (e) proof of service of any objection must indicate service on counsel for the Debtor, counsel for the Official Committee of Unsecured Creditors, the U.S. trustee, and a judge's copy.

---

[1] The last four digits of the Debtor's federal tax identification number are 8972.  The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA  90275.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                                                    Page 1                                         **F 9021-1.2.BK.NOTICE.LODGMENT**
DOCS_LA:329788.1 46353/002

# EXHIBIT A

Richard M. Pachulski (CA Bar No. 90073)
Jeffrey W. Dulberg (CA Bar No. 181200)
Mahar S. Pagay (CA Bar No. 189289)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone: 310-277-6910
Facsimile: 310-201-0760
Email: rpachulski@pszjlaw.com
       jdulberg@pszjlaw.com
       mpagay@pszjlaw.com

Counsel for Debtor and Debtor in Possession

Suzzanne Uhland (CA Bar No. 136852)
Madeleine C. Parish (*pro hac vice*)
LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022
Telephone: 212-906-1200
Facsimile: 212-751-4864
Email: suzzanne.uhland@lw.com
       madeleine.parish@lw.com

[Proposed] Special Corporate, Litigation, and International
Counsel for Debtor and Debtor in Possession

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>YUETING JIA[1],<br><br>Debtor. | Case No.: 2:19-bk-24804-VZ<br><br>Chapter 11<br><br>**ORDER CONFIRMING THIRD AMENDED CHAPTER 11 PLAN OF REORGANIZATION FOR YUETING JIA (DATED MARCH 26, 2020) AS MODIFIED**<br><br>Confirmation Hearing<br>Date:  May 21, 2020<br>Time:  9:30 a.m. (Pacific Time)<br>Place:  Courtroom 1368<br>          Roybal Federal Building<br>          255 E. Temple Street<br>          Los Angeles, California 90012<br>Judge:  Hon. Vincent P. Zurzolo |

---

[1] The last four digits of the Debtor's federal tax identification number are 8972.  The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

Debtor and debtor in possession, Yueting Jia (the "Debtor"), having filed and proposed the *Third Amended Chapter 11 Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 464] on March 17, 2020 (the "Third Amended Plan") and having filed the *Notice of Filing of Non-Adverse Modifications to Debtor's Third Amended Plan of Reorganization* [Docket No. 780] on May 20, 2020 (the "Plan Modifications") (the Third Amended Plan, as modified by the Plan Modifications and by the Post-Confirmation Hearing Order, the "Plan");[2]

The Court, having entered on March 20, 2020 its *Order (I) Granting Motion to Approve Adequacy of Fourth Amended Disclosure Statement, (II) Approving Voting and Tabulation Procedures, (III) Setting Confirmation Hearing and Related Deadlines, (IV) Waiving Certain Local Rules and Procedures, (V) Vacating Order to Show Cause and (VI) Granting Related Relief* [Docket No. 485] (the "Disclosure Statement Order"), pursuant to which the Court (a) approved the *Fourth Amended Disclosure Statement with Respect to Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 465] (the "Disclosure Statement") filed in support of the Plan; (b) established notice, balloting, and voting procedures in connection with soliciting votes on the Plan; (c) fixed objection deadlines to Confirmation of the Plan; and (d) scheduled a hearing to consider Confirmation of the Plan;

Upon the submission of the *Declaration of Stephenie Kjontvedt of Epiq Corporate Restructuring, LLC, Re: Voting and Tabulation of Ballots Cast on the Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code*, including the tabulation of the ballots cast in favor of and in opposition to the Plan [Docket No. 711]; *Declaration of Malhar S. Pagay Regarding Voting and Tabulation of Ballots Cast on the Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (Dated May 7, 2020)* [Docket No. 712]; *Debtor's Omnibus Reply to: (1) Han's San Jose Hospitality LLC's Objection to Confirmation of Chapter 11 Plan* [Docket No. 714]; *(2) Objection of Zhejiang Zhongtai Chuangzhan Enterprise Management Co., Ltd. to Confirmation of Debtor's Third Amended Plan of Reorganization* [Docket No. 716]; *(3) Objection of Liuhuan Shan to Debtor's Third Amended Plan of Reorganization Under*

---

[2] Capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Plan.

*Chapter 11 of the Bankruptcy Code [Docket No. 719]; (4) Shanghai Lan Cai Asset Management Co., Ltd.'s Objection to Debtor's Motion for Confirmation of the Third Amended Plan of Reorganization Under Chapter 11 Of The Bankruptcy Code [Docket No. 723]; and (5) United States Trustee's Objection To Debtor's Motion For Confirmation [Docket No. 735]* [Docket No. 756] (the "Reply"); and the declarations of Yueting Jia [Docket No. 757], Richard M. Pachulski [Docket No. 758], Adrian Francis [Docket No. 759], and Terry Treemarcki [Docket No. 760], filed concurrently with the Reply;

The Debtor having filed on April 25, 2020 the *Notice of Filing of Plan Supplement to the Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* appending certain documents (or forms thereof), schedules, and exhibits [Docket No. 678] (the "Plan Supplement");

The Debtor having filed on May 11, 2020 the *Notice of Filing of Cure Schedule* appending a cure schedule setting forth the Cure Amount, if any, for each executory contract and unexpired lease to be assumed [Docket No. 736] (the "Cure Schedule");

A hearing to consider confirmation of the Plan and matters related thereto having been held before this Court on May 21, 2020 (the "Confirmation Hearing"); Richard M. Pachulski of Pachulski Stang Ziehl & Jones LLP, appearing on behalf of the Debtor; other appearances having been noted on the record;

The Court, having entered on May 21, 2020, its *Findings of Fact and Conclusions of Law Regarding Motion to Confirm Debtor's 3rd Amended Plan of Reorganization* [Docket No. 784] and *Order after Plan Confirmation Hearing* [Docket No. 785] (the "Post-Confirmation Hearing Order");

And the Court having considered the following:

(a)    the Plan;

(b)    the Disclosure Statement and the Disclosure Statement Order;

(c)    the Voting Summary;

(d)    the *Debtor's Memorandum of Points and Authorities in Support of Debtor's Confirmation of Third Amended Chapter 11 Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (Dated April 23, 2020)* [Docket No. 657] (the "Confirmation Motion");

3

(e)  the *Declaration of Yueting Jia in Support of Motion for Order (I) Confirming Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code; and (II) Approving Settlement Pursuant to Bankruptcy Rule 9019; Request for Discharge on the Effective Date (Dated April 23, 2020)* [Docket No. 658];

(f)  the *Declaration of Matthias Aydt in Support of Motion for Order (I) Confirming Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code; and (II) Approving Settlement Pursuant to Bankruptcy Rule 9019; Request for Discharge on the Effective Date (Dated April 23, 2020)* [Docket No. 659];

(g)  the *Declaration of Charles Hsieh in Support of Motion for Order (I) Confirming Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code; and (II) Approving Settlement Pursuant to Bankruptcy Rule 9019; Request for Discharge on the Effective Date (Dated April 23, 2020)* [Docket No. 661];

(h)  the *Declaration of Robert Moon in Support of Motion for Order (I) Confirming Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code; and (II) Approving Settlement Pursuant to Bankruptcy Rule 9019; Request for Discharge on the Effective Date (Dated April 23, 2020)* [Docket No. 662];

(i)  *Han's San Jose Hospitality LLC's Objection to Confirmation of Chapter 11 Plan* [Docket No. 714] (the "Han's Objection");

(j)  *Objection of Zhejiang Zhongtai Chuangzhan Enterprise Management Co., Ltd. to Confirmation of Debtor's Third Amended Plan of Reorganization* [Docket No. 716] (the "ZZC Management Objection");

(k)  *Objection of Liuhuan Shan to Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 719] (the "Shan Objection");

(l)  *Shanghai Lan Cai Asset Management Co., Ltd.'s Objection to Debtor's Motion for Confirmation of the Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 723] (the "SLC Objection");

4

(m)    *United States Trustee's Objection to Debtor's Motion for Confirmation* [Docket No. 735] (the "UST Objection" and, collectively, with the Han's Objection, ZZC Management Objection, Shan Objection and SLC Objection, the "Confirmation Motion Objections");

(n)    *Notice of Withdrawal and Withdrawal of Objection of Liuhuan Shan to Debtor's Third Amended Plan of Reorganization* [Docket No. 778];

(o)    The record compiled in the Chapter 11 Case and all pleadings filed with respect thereto; and

(p)    The offers of proof, evidence admitted, and the arguments and representations of counsel at the Confirmation Hearing;

And based upon any additional findings made at the Confirmation Hearing and after due deliberation and good cause appearing,

**IT IS HEREBY ORDERED** that:

**A.    Grant of Relief Sought in Confirmation Motion**

The relief sought in the Confirmation Motion is granted.

**B.    Confirmation of the Plan and Approval of Plan Modifications**

The Plan, along with each of its provisions (whether or not specifically approved herein) and all operative exhibits and schedules thereto, is confirmed in each and every respect pursuant to section 1129 of the Bankruptcy Code.

The Plan Modifications [Docket No. 780] constitute technical changes or do not materially and adversely affect or change the treatment of any Claims against the Debtor and comply in all respects with section 1127 of the Bankruptcy Code and, consequently, pursuant to Bankruptcy Rule 3019, (i) no other or further disclosure with respect to the Plan Modifications is required under section 1125 of the Bankruptcy Code and (ii) neither resolicitation of votes on the Plan nor affording holders of Claims in the voting classes the opportunity to change a previously cast ballot is required under section 1126 of the Bankruptcy Code.   Therefore, the Plan Modifications are approved pursuant to Bankruptcy Code section 1127(a) and Bankruptcy Rule 3019(a).

All documents included in the Plan Supplement are integral to, part of, and incorporated by reference into the Plan.  The terms of the Plan, the Plan Supplement, and the exhibits and schedules

5

thereto are incorporated by reference into this Confirmation Order, and the provisions of the Plan and this Confirmation Order are non-severable and mutually dependent.  Notwithstanding the foregoing, if there is any direct conflict between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall control.  All Confirmation Motion Objections and other responses to, and statements and comments regarding, the Plan, other than those withdrawn with prejudice in their entirety prior to, or on the record at, the Confirmation Hearing are either (i) resolved or sustained on the terms set forth herein or (ii) overruled.

The failure specifically to identify or refer to any particular provision of the Plan or any other agreement in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Bankruptcy Court that the Plan and all other agreements approved by this Confirmation Order are approved in their entirety.

### C.    Binding Nature of Plan Terms

Notwithstanding any otherwise applicable law, from and after the entry of this Confirmation Order, the terms of the Plan and this Confirmation Order, including the compromises, releases, waivers, discharges and injunctions described in Articles 6.2, 6.6, 11.3, 11.4, 11.5, 11.6, and 11.9 of the Plan, shall be deemed binding upon (i) the Debtor and, from and after the Effective Date, the Reorganized Debtor, (ii) the Creditor Trust and its Trustee, (iii) any and all holders of Claims (irrespective of whether such Claims are Impaired under the Plan or whether the holders of such Claims accepted, rejected or are presumed to have accepted or deemed to have rejected the Plan), (iv) any and all non-Debtor parties to Executory Contracts and Unexpired Leases with the Debtor, and (v) the respective heirs, executors, administrators, successors or assigns, if any, of any of the foregoing, in each case subject to those limitations as set forth in the Plan.

### D.    General Settlement of Claims

In consideration for the Plan distributions, releases, and other benefits provided under the Plan, upon the Effective Date (or such later date as specified in the Plan), the provisions of the Plan constitute a good faith compromise and settlement of all Claims and controversies relating to any Allowed Claim or any Plan distribution to be made on account thereof or otherwise resolved under the Plan.  The entry of this Confirmation Order constitutes the Court's approval of the compromise

and settlement of all such Claims and controversies, including the Wei Gan Settlement, as well as a finding by the Court that such compromise and settlement is fair, equitable, and reasonable and in the best interests of the Debtor and his Estate.  All Plan distributions made in accordance with the Plan are intended to be, and shall be, final.

### E.    Vesting of Assets in the Reorganized Debtor, Impact of Conversion to Chapter 7

On the Effective Date, except as otherwise provided in the Plan, pursuant to sections 1141(b) and 1141(c) of the Bankruptcy Code, all property of the Estate shall vest in the Reorganized Debtor free and clear of all Claims, Liens, encumbrances, charges, and other interests.  On and after the Effective Date, (i) the Reorganized Debtor shall be authorized to engage in his existing business or new business and to invest in or acquire assets, and (ii) the Creditor Trust shall be authorized to operate, make Trust distributions, and dispose of Trust Assets, in each case without supervision or approval by the Bankruptcy Court and free from any restrictions of the Bankruptcy Code or the Bankruptcy Rules.

Pursuant to LBR 3020-1(b), if the Chapter 11 Case is converted to one under chapter 7 of the Bankruptcy Code, the property of the Reorganized Debtor or of any successor to the Estate under the Plan, that has not been distributed under the Plan shall be vested in the chapter 7 estate, except for property that would have been excluded from the estate if the Chapter 11 Case had always been one under chapter 7.

### F.    DIP Facility Claims

On the Effective Date, in exchange for the full and complete settlement, release, and discharge of the Debtor's obligations under the DIP Facility: (i) the maturity date of the DIP Facility shall be automatically extended for one year from the Effective Date, (ii) all obligations of the Debtor under the DIP Facility shall be assumed by the Trust, (iii) all Liens and security interests on any Collateral transferred to the Trust in accordance with the Trust Agreement shall remain in place as perfected first priority Liens and survive against the Trust, subject only to the Liens securing the Exit Financing, (iv) the interest rate per annum shall be increased to twelve percent (12% per annum), and (v) all other Liens and security interests shall be satisfied, discharged, and terminated in full and of no further force and effect.

### G.    Approval of the Exit Financing

This Confirmation Order shall constitute authorization for the Reorganized Debtor and the Trustee on behalf of the Creditor Trust to finalize, execute, deliver, and perform under the Exit Financing, and those documents necessary or appropriate to consummate the transactions contemplated by the Exit Financing and obtain the financing contemplated thereby, including all transactions contemplated thereby, including any and all actions to be taken, undertakings to be made, and obligations to be incurred, fees and expenses paid, and indemnities to be provided, without further notice to or order of the Court, act, or action under applicable law, regulation, order, or rule, or vote, consent, authorization, or approval of any Person. Subject to the occurrence of the Effective Date, the Exit Financing shall constitute the legal, valid, and binding obligations of the Trustee on behalf of the Creditor Trust and shall be enforceable in accordance with its respective terms.

The liens contemplated by and related to the Exit Financing and related documents approved and are valid, binding, and enforceable liens on the collateral specified, and with the priorities set forth, in the relevant agreements executed by the Trustee on behalf of the Creditor Trust in connection with the incurrence of the Exit Financing. The pledges, liens, and other security interests granted pursuant to or in connection with the incurrence of the Exit Financing are granted in good faith as an inducement to the lenders and other secured parties thereunder to extend credit thereunder and shall be, and hereby are, deemed not to constitute a fraudulent conveyance or fraudulent transfer, shall not otherwise be subject to avoidance, recharacterization, or subordination, and the priorities of such guarantees, mortgages, pledges, liens, and other security interests shall be as set forth in the applicable intercreditor agreement(s) and other definitive documentation executed in connection with the incurrence of the Exit Financing.

The Trustee on behalf of the Creditor Trust and the secured parties (and their designees and agents) under the Exit Financing are authorized to make all filings and recordings, and to obtain all governmental approvals and consents necessary to evidence, establish, and perfect such liens and security interests in connection with the Exit Financing under the provisions of the applicable state, provincial, federal, or other law (whether domestic or foreign) that would be applicable in the

absence of the Plan and this Confirmation Order, and will thereafter cooperate to make all other filings and recordings that otherwise would be necessary under applicable law to give notice of such Liens and security interests to third parties.

On the Effective Date, the Trust Assets shall vest in the Trust free and clear of any and all Liens, claims, encumbrances, contractual restrictions, and other interests.  Such Trust Assets shall vest in the Trust without further execution of documents or other action by any nominee or other party with respect to such assets.

### H.    Appointment of Trustee and Creditor Trust Committee

Jeffrey Prol shall be appointed Trustee of the Creditor Trust, and the following shall be appointed to the Creditor Trust Committee:

1.  Ping An Bank, Ltd. Beijing Branch;

2.  China Minsheng Trust Co., Ltd.;

3.  Shanghai Leyu Chuangye Investment Management Center LP;

4.  Jiangyin Hailan Investment Holding Co., Ltd.; and

5.  Shanghai Qichengyueming Investment Partnership Enterprise.

The Trustee and Creditor Trust Committee shall serve in accordance with the Trust Agreement.  The Trustee shall have those powers provided in the Trust Agreement, subject to the approval of the Creditor Trust Committee, as applicable.

### I.    Approval of the Creditor Trust Agreement

This Confirmation Order shall constitute (i) approval of the Creditor Trust Agreement substantially in the form of the creditor trust agreement filed with the Plan Supplement, and all transactions contemplated thereby, including any and all actions to be taken, undertakings to be made, and obligations to be incurred, fees and expenses paid, and indemnities to be provided by the Reorganized Debtor or the Creditor Trust, as applicable, in connection therewith, and (ii) authorization for the Reorganized Debtor and Trustee to finalize, execute, deliver, and perform under those documents necessary or appropriate to consummate the transactions contemplated by the Creditor Trust Agreement, without further notice to or order of the Court, act, or action under applicable law, regulation, order, or rule, or vote, consent, authorization, or approval of any Person.

Subject to the occurrence of the Effective Date, the Creditor Trust Agreement shall constitute the legal, valid, and binding obligations of the parties thereto and shall be enforceable in accordance with its terms.

### J.      Cancellation of Liens

Except as provided otherwise in the Plan, on the Effective Date and concurrently with the applicable distributions made pursuant to the Plan, all Liens on assets located in the United States that secure any U.S. Secured Claim shall be fully released, settled, discharged, and compromised and all rights, titles, and interests of any holder of such mortgages, deeds of trust, Liens, pledges, or other security interests against any property of the Estate shall revert to the Reorganized Debtor and his successors and assigns, and the holder of such U.S. Secured Claim shall be authorized and directed, at the sole cost and expense of the Reorganized Debtor, to release any Collateral or other property of the Debtor (including any cash collateral and possessory collateral) held by such holder, and to take such actions as may be reasonably requested by the Reorganized Debtor to evidence the release of such Lien, including the execution, delivery, and filing or recording of such releases.  The filing of the Confirmation Order with any federal, state, provincial, or local agency or department shall constitute good and sufficient evidence of, but shall not be required to effect, the termination of such Liens.

### K.      Discharge of Claims and Compromise and Settlement of Claims

Subject to the occurrence of the Discharge Date as provided below, pursuant to section 1141(d) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan, the distributions, rights, and treatment that are provided in the Plan will be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims against the Debtor of any nature whatsoever, whether known or unknown, or against the assets or properties of the Debtor that arose before the Effective Date.  Except as expressly provided in the Plan, on the Discharge Date (and subject to its occurrence), and pursuant to section 1141(d)(5)(A) of the Bankruptcy Code, entry of the Confirmation Order shall be deemed to act as a discharge and release under section 1141(d)(1)(A) of the Bankruptcy Code of all Claims against the Debtor and his assets, arising at any time before the Effective Date, regardless of whether a proof of Claim was filed, whether the Claim

10

is Allowed, or whether the holder of the Claim votes to accept the Plan or is entitled to receive a distribution under the Plan; *provided*, *however*, that in no event shall occurrence of the Discharge Date discharge the Debtor from any obligations remaining under the Plan as of the Discharge Date. Any default by the Debtor with respect to any Claim that existed immediately prior to or on account of the filing of the Chapter 11 Case shall be deemed cured on the Discharge Date.

Except as expressly provided in the Plan, any holder of a discharged Claim will be precluded from asserting against the Debtor or any of his assets any other or further Claim based on any document, instrument, act, omission, transaction, or other activity of any kind or nature that occurred before the Effective Date.

The Discharge Date shall occur upon the entry of an order upon the Debtor establishing that: (i) the preconditions to reaching an Effective Date have been satisfied as set forth in Plan Articles 10.1 and 10.2 (other than section 10.2(b)); (ii) all Trust Assets have been transferred to the Trust per the Creditor Trust Agreement; and (iii) paragraphs (a), (b), and (c) of the Distribution Waterfall of the Creditor Trust Agreement have been satisfied. The Reorganized Debtor shall file a motion for such discharge with supporting declarations and provide notice thereof per LBR 9013-1. Notwithstanding the foregoing, nothing contained in the Plan or the Confirmation Order shall discharge the Debtor from any debt excepted from discharge under section 523 of the Bankruptcy Code by a Final Order.

### L.    Releases by the Debtor

Article 11.4(a) of the Plan is approved, which provides:  Upon the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Debtor, in his individual capacity and as debtor in possession, shall be deemed forever to release, waive, and discharge (i) the Estate; (ii) all Persons engaged or retained by the Debtor in connection with the Chapter 11 Case (including in connection with the preparation of and analyses relating to the Disclosure Statement and the Plan); and (iii) any and all advisors, attorneys, actuaries, financial advisors, accountants, investment bankers, agents, professionals, consultants and representatives of each of the foregoing Persons and Entities (whether current or former, in each case in his, her, or its capacity as such), from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, remedies,

11

actions, Causes of Action, and liabilities, whether for tort, fraud, contract, recharacterization, subordination, violations of federal or state securities laws (other than the rights of the Debtor or Reorganized Debtor to enforce the terms of the Plan and the contracts, instruments, releases, and other agreements or documents delivered in connection with the Plan), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then-existing or thereafter arising, at law, in equity, or otherwise, based in whole or in part on any act, omission, transaction, event or other occurrence, or circumstances taking place on or before the Effective Date, in any way relating to (a) the Debtor or the Chapter 11 Case; (b) any action or omission of any Released Party with respect to any indebtedness under which the Debtor is or was a borrower or guarantor; (c) any Released Party in any such Released Party's capacity as an employee, or agent of, or advisor to, or consultant to, the Debtor; (d) the subject matter of, or the transactions or events giving rise to, any Claim that is treated in the Plan; (e) the business or contractual arrangements between the Debtor and any Released Party; (f) the restructuring of Claims before or during the Chapter 11 Case; and (g) the negotiation, formulation, preparation, or dissemination of the Plan (including, for the avoidance of doubt, the Plan Supplement), the Disclosure Statement, or related agreements, instruments, or other documents, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that is determined by a Final Order to have constituted willful misconduct, fraud, or gross negligence.  The Reorganized Debtor shall be bound, to the same extent the Debtor is bound, by the releases and discharges set forth above.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in Article 11.4(a) of the Plan by the Debtor, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute its finding that each release described in Article 11.4(a) of the Plan is: (i) in exchange for the good and valuable consideration provided by the Released Parties, a good faith settlement and compromise of such claims; (ii) in the best interests of the Debtor and all holders of Claims; (iii) fair, equitable, and reasonable; (iv) given and made after due notice and opportunity for

hearing; and (v) a bar to any of the Releasing Parties asserting any claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the Released Parties or their property.

### M.    Releases by Holders of Claims

#### 1.    Releases by Holders of Non-Debt Claims

Article 11.4(b) of the Plan is approved, which provides:  On the Effective Date, to the maximum extent permitted by applicable law, each Releasing Party, in consideration for the obligations of the Debtor and the Reorganized Debtor under the Plan, and the Trust Interests and Cash and other contracts, instruments, releases, agreements, or documents to be delivered in connection with the Plan, shall be deemed forever to release, waive, and discharge the Released Parties from personal liability in every jurisdiction from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, remedies, actions, Causes of Action, and liabilities whatsoever, including any derivative Claims asserted or assertable on behalf of the Debtor, whether for tort, fraud, contract, recharacterization, subordination, violations of federal or state securities laws or laws of any other jurisdiction or otherwise, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then-existing or thereafter arising, at law, in equity, or otherwise, based in whole or in part on any act, omission, transaction, event, or other occurrence, or circumstances taking place on or before the Effective Date, in any way relating to (a) the Debtor or the Chapter 11 Case; (b) any action or omission of any Released Party with respect to any indebtedness under which the Debtor is or was a borrower or guarantor; (c) any Released Party in any such Released Party's capacity as an employee, agent of, or advisor to, or consultant to, the Debtor; (d) the subject matter of, or the transactions or events giving rise to, any Claim that is treated in the Plan; (e) the business or contractual arrangements between the Debtor and any Released Party; (f) the restructuring of Claims before or during the Chapter 11 Case and the solicitation of votes with respect to the Plan; and (g) the negotiation, formulation, preparation, entry into, or dissemination of the Plan (including, for the avoidance of doubt, the Plan Supplement and all documents contained or referred to therein), the Disclosure Statement, or related agreements, instruments, or other documents.  Notwithstanding anything contained herein to the contrary, the foregoing release (x) does not release any obligations of any party under the Plan or

any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan or (y) shall only apply to holders of Non-Debt Claims in their capacity as a holder of a Non-Debt Claim and shall not apply to any other Claims such holder may have.

In connection with the releases described in Article 11.4(b) of the Plan, each Releasing Party shall waive all rights conferred by the provisions of section 1542 of the California Civil Code and/or any similar state or federal law.  Section 1542 of the California Civil Code provides as follows: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in Article 11.4(b) of the Plan, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute its finding that each release described in Article 11.4(b) of the Plan is: (a) in exchange for the good and valuable consideration provided by the Released Parties, a good faith settlement and compromise of such claims; (b) in the best interests of the Debtor and all holders of Claims; (c) fair, equitable, and reasonable; (d) given and made after due notice and opportunity for hearing; and (e) a bar to any of the Releasing Parties asserting any claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the Released Parties or their property.

### 2.    Standstill and Releases by Holders of Allowed Debt Claims, Allowed China Secured Claims, and Allowed Late Filed Debt Claims

Article 11.4(c) of the Plan is approved, which provides:  To the maximum extent permitted by applicable law, each holder of an Allowed Debt Claim or Allowed China Secured Claim shall agree for a period of four years after the Effective Date (the "Standstill Period") to not assert any new Causes of Action (x) against the Debtor for personal liability directly or (y) derivatively in its capacity as a creditor of a claim owed solely or jointly by the Debtor (including unwinding or alter ego type claims), in any non-U.S. jurisdiction (collectively, the "YT Claims"); *provided*, *however*, that such holder may continue to prosecute any actions commenced prepetition against the Debtor up

14

to judgment and pursue Other Distributions through judicial authorities in the PRC to satisfy such holder's Debt Claim or China Secured Claim through a mechanism that will be mutually agreed to by the parties, including claims against primary obligors solely based on such holder's contractual agreements with such primary obligors (for the avoidance of doubt, such holder may not bring unwinding or alter ego type claims against such primary obligors); *provided further*, *however*, that the Standstill Period shall terminate in the event a Liquidation Event occurs during the Standstill Period.  All limitations periods applicable to all YT Claims in any non-U.S. jurisdictions, to the extent not previously expired, shall be tolled for the duration of the Standstill Period.

Each holder of an Allowed Debt Claim, Allowed China Secured Claim, or Allowed Late Filed Debt Claim shall, within ninety (90) days after the later to occur of (a) the Effective Date and (b) the date such Debt Claim, China Secured Claim, or Late Filed Debt Claim becomes Allowed, (i) take the steps and provide the documents described in the Trust Agreement to notify the applicable court or courts in the PRC (the "Chinese Courts") that (A) the Debtor and such holder and (B) if applicable, the KCBI Claimant and the applicable Key China Business Individual have reached a settlement agreement that is embodied in and has been implemented through the Plan and request that the Chinese Courts remove the Debtor from the List of Dishonest Judgment Debtors (the "China Debtor List") and lift any consumption or travel restrictions (the "China Restrictions"), as applicable, and (ii) refrain from taking any action during the Standstill Period to cause (A) the Debtor or (B) if applicable, the Key China Business Individual to be reinstated on the China Debtor List or be subject to the China Restrictions (the "China Debtor List Covenant").

As a condition to receiving Plan Distributions (including Trust Distributions), each holder of an Allowed Debt Claim (including the holder of an Allowed China Secured Claim treated as an Allowed Debt Claim pursuant to Article 4.3 of the Plan), Allowed China Secured Claim, or Allowed Late Filed Debt Claim shall provide the Compliance Certificate to the Trustee within ninety (90) days after the date all or any portion of such Debt Claim, China Secured Claim, or Late Filed Debt Claim becomes Allowed that certifies (a) such holder's compliance with the China Debtor List Covenant, (b) such holder's compliance with the Standstill Period and that such holder has not initiated, and will not initiate, any YT Claims during the Standstill Period, (c) if the Liability Release

Date has occurred, the release of the YT Claims, and (d) if applicable, such holder's compliance with Article 6.6 of the Plan and the release of Wei Gan's personal liability pursuant to the Wei Gan Settlement and withdrawal or dismissal of action as necessary to effect that release in accordance with Article 6.6 of the Plan.  If the holder of an Allowed Debt Claim, Allowed China Secured Claim, or Allowed Late Filed Debt Claim fails to submit the Compliance Certificate, submits a Compliance Certificate containing falsified information, or breaches the Compliance Certificate, such holder shall forfeit its Plan Distributions (including any Trust Interests) and such Plan Distributions shall revert to the Trust for the ratable benefit of holders of Allowed Debt Claims and the Reorganized Debtor pursuant to the Distribution Trust Waterfall.

Subject to approval of the applicable KCBI Settlement, before any Trust Distributions are made to an applicable KCBI Claimant, such claimant shall provide a Compliance Certificate that certifies such claimant's compliance with the China Debtor List Covenant with respect to the applicable Key China Business Individual.

Upon the earlier of a holder of an Allowed Debt Claim (including the holder of an Allowed China Secured Claim treated as an Allowed Debt Claim pursuant to Article 4.3 of the Plan) receiving (a) Trust Distributions that, in the aggregate, are equal to 40% of its Debt Claim Allocation Amount and (b) Trust Distributions and Other Distributions (from enforcement or other actions) that, in the aggregate, are equal to 100% of its Debt Claim Allocation Amount (the date upon which the foregoing condition occurs is the "Liability Release Date"), such holder (i) shall be deemed to have released the YT Claims on account of such Debt Claim in every jurisdiction and (ii) agrees that it shall not assert any new, or continue to prosecute any existing, YT Claims related to such Debt Claim in every jurisdiction; *provided*, *however*, that the foregoing release shall not release, waive, or otherwise impact the rights of such holder to receive further Trust Distributions or to pursue and receive Other Distributions through a mechanism that will be mutually agreed to by the parties; *provided further*, *however*, that if an Allowed China Secured Claim is satisfied in full prior to the initial Trust Distribution Date, on the date thereof, the holder of such China Secured Claim (A) shall be deemed to have released the YT Claims on account of such China Secured Claim in every

16

jurisdiction and (B) agrees that it shall not assert any new, or continue to prosecute any existing, YT Claims related to such China Secured Claim in every jurisdiction.

Each holder of an Allowed Late Filed Debt Claim, on the date of allowance of such Late Filed Debt Claim (a) shall be deemed to have released the YT Claims on account of such Late Filed Debt Claim in every jurisdiction and (b) agrees that it shall not assert any new, or continue to prosecute any existing, YT Claims related to such Late Filed Debt Claim in every jurisdiction.

Within ninety (90) days after the (a) applicable Liability Release Date with respect to Allowed Debt Claims (including Allowed China Secured Claims treated as Allowed Debt Claims pursuant to Article 4.3 of the Plan), (b) the date of satisfaction in full of an Allowed China Secured Claim and, if applicable, the occurrence of the Liability Release Date with respect to any Deficiency Claim on account of such Allowed China Secured Claim, or (c) the date of allowance of a Late Filed Debt Claim, each holder of an Allowed Debt Claim, Allowed China Secured Claim, or Allowed Late Filed Debt Claim shall (as a condition to receiving further Trust Distributions, including any Trust Distributions upon the termination or dissolution of the Trust) (i) withdraw or retract any litigations, enforcement actions, arbitrations, and any other proceedings against the Debtor from the courts and judicial authorities in all jurisdictions, including, but not limited to, the Chinese Courts, or confirm with the judicial authorities that the Debtor has settled all of his debt obligations or legal responsibilities to such holder and (ii) file and execute any documents requested by the Debtor to evidence the above release.  The Debtor reserves all rights to seek enforcement by the Chinese judicial authorities of the rights provided herein.

Subject to approval of the applicable KCBI Settlement, upon the Liability Release Date, each applicable KCBI Claimant shall release the applicable Key China Business Individual of his or her guaranty obligations on behalf of the Debtor.

In connection with the releases described in Article 11.4(c) of the Plan, each holder of an Allowed Debt Claim, Allowed China Secured Claim, or Allowed Late Filed Debt Claim shall waive all rights conferred by the provisions of section 1542 of the California Civil Code and/or any similar state or federal law. Section 1542 of the California Civil Code provides as follows: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW

17

OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in Article 11.4(c) of the Plan, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute its finding that each release described in Article 11.4(c) of the Plan is: (a) in exchange for the good and valuable consideration provided by the Debtor and Reorganized Debtor, a good faith settlement and compromise of such claims; (b) in the best interests of the Debtor and all holders of Claims; (c) fair, equitable, and reasonable; (d) given and made after due notice and opportunity for hearing; and (e) except as otherwise provided in the Plan, a bar to any holder of an Allowed Debt Claim or Allowed Late Filed Debt Claim asserting any Claim, Cause of Action, or liability related thereto, of any kind whatsoever, against the Debtor or Reorganized Debtor.

## N.    **Exculpation and Limitation of Liability**

Article 11.5 of the Plan is approved, which provides:  None of the Debtor or Reorganized Debtor, or the direct or indirect affiliates, employees, advisors, attorneys, financial advisors, accountants, investment bankers, agents, consultants, or other professionals (whether current or former, in each case, in his, her, or its capacity as such) of the Debtor or the Reorganized Debtor, or the Released Parties shall have or incur any liability to, or be subject to any right of action by, any holder of a Claim, or any other party in interest in the Chapter 11 Case, or any of their respective agents, employees, representatives, financial advisors, attorneys or agents acting in such capacity, or direct or indirect affiliates, or any of their successors or assigns, for any act or omission in connection with, relating to, or arising out of, the Chapter 11 Case, formulation, negotiation, preparation, dissemination, confirmation, solicitation, implementation, or administration of the Plan, the Plan Supplement and all documents contained or referred to therein, the Disclosure Statement, any contract, instrument, release or other agreement or document created or entered into in connection with the Plan, or any other pre- or postpetition act taken or omitted to be taken in connection with or in contemplation of the restructuring of the Debtor or confirming or

consummating the Plan (including the distribution of any property under the Plan); *provided*, *however*, that the foregoing provisions of Article 11.5 of the Plan shall have no effect on the liability of any Person or Entity that results from any such act or omission that is determined by a Final Order to have constituted willful misconduct, fraud, or gross negligence and shall not impact the right of any holder of a Claim, or any other party to enforce the terms of the Plan and the contracts, instruments, releases, and other agreements or documents delivered in connection with the Plan. Without limiting the generality of the foregoing, the Debtor and the Debtor's direct or indirect affiliates, employees, advisors, attorneys, financial advisors, accountants, investment bankers, agents, consultants, and other professionals (whether current or former, in each case, in his, her, or its capacity as such) shall, in all respects, be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under the Plan. The exculpated parties have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation and distribution of the securities pursuant to the Plan, and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting such exculpating parties from liability.

### O.    Waiver of Actions Arising Under Chapter 5 of the Bankruptcy Code

Article 11.9 of the Plan is approved, which provides: Without limiting any other applicable provisions of, or releases contained in, the Plan, each of the Debtor, the Reorganized Debtor, their respective successors, assigns, and representatives, and any and all other entities who may purport to assert any claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing entities, hereby irrevocably and unconditionally release, waive, and discharge any and all claims or Causes of Action that they have, had, or may have that are based on section 544, 547, 548, 549, and 550 of the Bankruptcy Code and analogous non-bankruptcy law for all purposes; *provided*, *however*, that notwithstanding this or any other provision of the Plan, in the event the Trustee (with the approval of the Creditor Trust Committee as set forth in the Trust Agreement) determines that it

19

has reasonable and good-faith evidence that (i) an asset, other than any of the Seized China Assets or assets subject to seizure in China, was property of the Debtor as of the Petition Date but was not disclosed by a document or testimony in his capacity as a chapter 11 debtor during the Chapter 11 Case, including, without limitation, in any disclosure statement, schedules, statements of financial affairs, section 341 meeting of creditors, confidential depositions, and materials posted in the creditor data room (the "Chapter 11 Disclosures"), *provided* that the Declarations shall supersede the Chapter 11 Disclosures, the Trustee may pursue an action for turnover of such asset under section 542 of the Bankruptcy Code through the Plan Arbitration Procedures; or (ii) the Debtor was the transferor of a transfer avoidable pursuant to section 548(a)(1)(A) of the Bankruptcy Code, the Trustee may pursue an action to avoid and recover such transfer pursuant to sections 548(a)(1)(A) and 550 of the Bankruptcy Code, as applicable, through the Plan Arbitration Procedures, *provided* that such transfer did not arise out of any transaction or occurrence disclosed in the Chapter 11 Disclosures, *provided further* that the Declarations shall supersede the Chapter 11 Disclosures (collectively, (i) and (ii) are the "Bankruptcy Actions").

### P.    Injunction Against Interference with the Plan

Article 11.6(b) of the Plan is approved, which provides:  Upon entry of the Confirmation Order, all holders of Claims and their respective current and former employees, agents, officers, directors, principals, and direct and indirect affiliates shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan.  Each holder of an Allowed Claim, by accepting, or being eligible to accept, distributions under or reinstatement of such Claim, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in Article 11.6 of the Plan.

### Q.    Approval of Wei Gan Settlement

Article 6.6 of the Plan is approved, which provides:  Pursuant to Bankruptcy Rule 9019, the Debtor, Wei Gan, and the Committee have settled all Claims of the Debtor's wife, Wei Gan, against the Debtor and all of the Debtor's claims against Wei Gan (the "Wei Gan Settlement"); *provided*, *however*, that pursuant to the divorce proceeding pending in the People's Court of Chaoyang District, Beijing, China Wei Gan and the Debtor's three minor children may be awarded child

support (the "Wei Gan Domestic Support Obligations"), which obligations shall be satisfied in accordance with Article 2.4 of the Plan.  In exchange for, and subject to (i) a Cash contribution from Wei Gan in the amount of $1,000,000 to the Trust on the Effective Date, which shall constitute Trust Assets (the "Effective Date Wei Gan Payment"), (ii) a Cash payment of $250,000 to the Trust no later than ninety (90) days after the Effective Date (the "Second Wei Gan Payment"), (iii) Wei Gan's agreement not to assert any other prepetition or postpetition Claims against the Debtor (excluding the Wei Gan Domestic Support Obligations) or the Trust, and (iv) execution of the Wei Gan Declaration, the following shall occur:

(i)    Upon the Effective Date Wei Gan Payment, (a) the China Debtor Covenant shall apply to Wei Gan; and (b) Wei Gan's alleged Debt Claim against the Debtor [Claim No. 20004] shall be treated as an Allowed Debt Claim in the amount of $250,000,000.

(ii)    Upon the Second Wei Gan Payment, (the date upon which the foregoing condition occurs is the "Wei Gan Liability Release Date"), each holder of an (a) Allowed Late Filed Debt Claim, on the date of allowance of such Late Filed Debt Claim or (b) Allowed Debt Claim (i) shall (as a condition to receiving further Trust Distributions, including any Trust Distributions upon the termination or dissolution of the Trust) release any Causes of Action against Wei Gan for personal liability or derivatively in its capacity as a creditor of a claim owed solely or jointly by Wei Gan (including unwinding or alter ego type claims) in any jurisdiction (the "Wei Gan Claims") on account of such Debt Claim or Late Filed Debt Claim to the maximum extent permitted by applicable law, (ii) agrees that it shall not assert any new, or continue to prosecute any existing, Wei Gan Claims related to such Debt Claim or Late Filed Debt Claim in every jurisdiction, and (iii) submit a Compliance Certificate within ninety (90) days of any holder having an Allowed Claim certifying her release according to the Plan.  For the avoidance of doubt, the holder of an Allowed Claim who submits a Compliance Certificate will release the Wei Gan Claims and will be subject to the discharge of all Claims against the Debtor that holders of Claims may seek to assert against Wei Gan, pursuant to sections 1141 and 524 of the Bankruptcy Code.  Holders of Allowed Claims who do not submit a Compliance Certificate will not be entitled to Trust Distributions and will only be subject to discharge pursuant to sections 1141 and 524 of the Bankruptcy Code.

Within ninety (90) days after the Wei Gan Liability Release Date with respect to an Allowed Debt Claim or the date of allowance of an Allowed Late Filed Debt Claim, each holder of an Allowed Debt Claim or Allowed Late Filed Debt Claim shall (as a condition to receiving further Trust Distributions, including any Trust Distributions upon the termination or dissolution of the Trust) (i) withdraw or retract any litigations, enforcement actions, arbitrations, and any other proceedings against Wei Gan from the courts and judicial authorities in all jurisdictions, including, but not limited to, the Chinese Courts, or confirm with the judicial authorities that Wei Gan has settled all of her debt obligations or legal responsibilities to such holder and (ii) file and execute any documents requested by Wei Gan to evidence the above release.  Wei Gan reserves all rights to seek enforcement by the Chinese judicial authorities of the rights provided herein.

**In connection with the releases described in Article 6.6 of the Plan, each holder of an Allowed Debt Claim and/or Allowed Late Filed Debt Claim shall waive all rights conferred by the provisions of section 1542 of the California Civil Code and/or any similar state or federal law. Section 1542 of the California Civil Code provides as follows: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in Article 6.6, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute its finding that each release described in Article 6.6 is: (i) in exchange for the good and valuable consideration provided by Wei Gan, a good faith settlement and compromise of such claims; (ii) in the best interests of the Debtor and all holders of Claims; (iii) fair, equitable, and reasonable; (iv) given and made after due notice and opportunity for hearing; and (v) except as otherwise provided in the Plan, a bar to any holder of an Allowed Debt Claim or Allowed Late Filed Debt Claim asserting any Claim, Cause of Action, or liability related thereto, of any kind whatsoever, against Wei Gan.**

**R.    Assumption of Contracts and Leases**

As of and subject to the occurrence of the Effective Date and the payment of any applicable Cure Amount, all executory contracts and unexpired leases of the Debtor listed on **Schedule B** to the Plan (including any supplement to Schedule B included in the Plan Supplement) shall be deemed assumed except that: (i) any executory contracts and unexpired leases that previously have been assumed or rejected pursuant to a Final Order of the Bankruptcy Court shall be treated as provided in such Final Order; (ii) any executory contracts and unexpired leases listed on the Schedule of Rejected Contracts and Leases, shall be deemed rejected as of the Effective Date; and (iii) all executory contracts and unexpired leases that are the subject of a separate motion to assume or reject under section 365 of the Bankruptcy Code pending on the Effective Date shall be treated as provided for in the Final Order resolving such motion.  Unless otherwise agreed by the Debtor, any party to an Assumed Contract that did not timely file an objection to the cure amount set forth in the Cure Schedule is deemed to have consented to such cure amount (the "Accepted Cure Amount") and waived any and all rights to challenge the Accepted Cure Amount and the assumption of the Assumed Contract.

Unless otherwise provided in the Plan, each executory contract and unexpired lease that is assumed shall include all modifications, amendments, supplements, restatements, or other agreements that in any manner affect such executory contract or unexpired lease, including all easements, licenses, permits, rights, privileges, immunities, options, rights of first refusal, and any other interests, unless any of the foregoing agreements has been previously terminated or is otherwise not in effect.  Modifications, amendments, supplements, and restatements to prepetition executory contracts or unexpired leases that have been executed by the Reorganized Debtor during the Chapter 11 Case shall not be deemed to alter the prepetition nature of the executory contract or unexpired lease.

**S.    Authorization to Consummate**

The Debtor is authorized to consummate the Plan at any time after the entry of this Confirmation Order subject to the satisfaction or waiver (with the consent of the applicable parties

and in accordance with Article 10.3 of the Plan) of the conditions precedent to the Effective Date set forth in Article 10.2 of the Plan, other than as set forth in section 10.2(b).

**T.    No Special Charges Due, Notice of Effective Date and Post-Confirmation Requirements**

**1.    No Special Charges Due**

Pursuant to LBR 3020-1(a), as set forth in the *Notice to Pay Court Costs Due* [Docket No. 782], no special charges are due to the Clerk's Office.

**2.    Notice of Effective Date**

As required by the Post-Confirmation Hearing Order, the Debtor shall file and cause to be served on all creditors a Notice of Effective Date upon the occurrence of the Effective Date. The Notice of Effective Date shall provide notice of the Administrative Claims Bar Date, the date for Professionals to file final fee applications, and the bar date for Claims arising from the rejection of Executory Contracts.

**3.    Post-Confirmation Requirements**

No later than October 1, 2020, the Reorganized Debtor shall file a status report in accordance with LBR 3020-1(b) explaining what progress has been made toward consummation of the confirmed plan of reorganization. The status report shall be served on the United States Trustee, the 20 largest unsecured creditors, and those parties who have requested special notice, and contain the information required by the Court's "Instructions for Filing First Status Report Regarding Consummation of Confirmed Plan."[3] Further reports shall be filed as ordered by the court. A post-confirmation status conference will be held on October 29, 2020, at 9:30 a.m.

**U.    Retention of Jurisdiction**

Notwithstanding the entry of this Confirmation Order and the occurrence of the Effective Date, except to the extent set forth in Articles 6.2 and 11.9 of the Plan with respect to matters subject to the Plan Arbitration Procedures, the Bankruptcy Court shall retain exclusive jurisdiction over all

---

[3] https://www.cacb.uscourts.gov/sites/cacb/files/documents/judges/instructions/VZ_STATUSREPORTPLAN.pdf

matters arising out of, or related to, the Chapter 11 Case and the Plan pursuant to sections 105(a) and 1142 of the Bankruptcy Code, including those matters set forth in Article XII of the Plan.

### V.        Dissolution of Committee

Article 13.5 of the Plan is approved, which provides:  On the Effective Date, any statutory committee(s) appointed in the Chapter 11 Case, including the Committee, shall dissolve, and the members thereof shall be released and discharged from all rights and duties arising from, or related to, the Chapter 11 Case.  The Reorganized Debtor shall not be responsible for paying any fees and expenses incurred after the Effective Date, if any, by the Professionals retained by any such committee, other than for the reasonable fees and expenses for the services authorized to be provided pursuant to Article 13.5 of the Plan.

### W.        Shan Objection Resolution

As set forth in the record of the Confirmation Hearing, the Shan Objection was withdrawn in exchange for the Debtor's agreement to include the following resolution in this Order:  Consistent with the Debtor's fiduciary responsibilities to his creditors, the Debtor agrees that, prior to the Effective Date, Ms. Liuhuan Shan's Claims shall be subject to review and objection by any party in interest (as contemplated by the Bankruptcy Code), but not including the Debtor, and, after the Effective Date, notwithstanding section 8.1 of the Plan, the right to object to Ms. Shan's Claims shall vest exclusively with the Trust, and not the Debtor or Reorganized Debtor, for a period of 180 days after the Effective Date, as set forth in section 8.1 of the Plan, as may be extended from time to time by further order of the Bankruptcy Court.

## X.    <u>Final Order</u>

This Confirmation Order is a Final Order and the period in which an appeal or any motion seeking to stay or alter the effectiveness hereof must be filed shall commence upon entry hereof.

# # #

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA  90067

A true and correct copy of the foregoing document entitled: **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **May 28, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (*date*) **May 28, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Vincent P. Zurzolo
U.S. Bankruptcy Court
255 E. Temple Street, Suite 1360 / Courtroom 1368
Los Angeles, CA 90012

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 28, 2020 | Nancy H. Brown | /s/ Nancy H. Brown |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                                     Page 2                      **F 9021-1.2.BK.NOTICE.LODGMENT**
DOCS_LA:329788.1 46353/002

## SERVICE INFORMATION FOR CASE NO. 2:19-bk-24804-VZ

### 1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)

- Tanya Behnam    tbehnam@polsinelli.com, tanyabehnam@gmail.com
- Jerrold L Bregman    ecf@bg.law, jbregman@bg.law
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Stephen D Finestone    sfinestone@fhlawllp.com
- Richard H Golubow    rgolubow@wghlawyers.com, pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
- Jared T. Green    , spappa@svglaw.com
- Robbin L. Itkin    robbin.itkin@dlapiper.com, cheryleigh.bullock@dlapiper.com;robbin-itkin-6765@ecf.pacerpro.com
- Mette H Kurth    mkurth@foxrothschild.com, mette-kurth-7580@ecf.pacerpro.com
- Dare Law    dare.law@usdoj.gov
- Ben H Logan    blogan@omm.com
- Robert S Marticello    Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- David W. Meadows    david@davidwmeadowslaw.com
- Kevin Meek    kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
- John A Moe    john.moe@dentons.com, glenda.spratt@dentons.com
- Kelly L Morrison    kelly.l.morrison@usdoj.gov
- Matthew J Olson    olson.matthew@dorsey.com, stell.laura@dorsey.com
- Malhar S Pagay    mpagay@pszjlaw.com, bdassa@pszjlaw.com
- Diana M Perez    , diana-perez-7352@ecf.pacerpro.com
- Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- Victor A Sahn    vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com
- Randye B Soref    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- Benjamin Taylor    btaylor@taylorlawfirmpc.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Ryan A Witthans    rwitthans@fhlawllp.com
- Felix T Woo    fwoo@ftwlawgroup.com, admin@ftwlawgroup.com
- Claire K Wu    ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com
- Emily Young    pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
- David B Zolkin    dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                                         Page 3                          **F 9021-1.2.BK.NOTICE.LODGMENT**
DOCS_LA:329788.1 46353/002