Stephen D. Finestone (125675)
Ryan A. Witthans (301432)
FINESTONE HAYES LLP
456 Montgomery Street, Floor 20
San Francisco, CA 94104
Tel. (415) 421-2624
Fax (415) 398-2820
Email: sfinestone@fhlawllp.com
Email: rwitthans@fhlawllp.com

Nelson W. Goodell (264734)
The Goodell Law Firm
5 Third Street, Suite 1100
San Francisco, CA 94103
(415) 495-3950 (office)
(415) 495-3970 (fax)

Attorneys for Han's San Jose
Hospitality LLC

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>YUETING JIA,<br><br>　　　　　Debtor. | Case No. 2:19-bk-24804-VZ<br><br>Chapter 11<br><br>**HAN'S SAN JOSE HOSPITALITY LLC'S MOTION CLARIFYING THAT THE AUTOMATIC STAY IS NOT IN EFFECT AS TO NON-DEBTOR DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES[1]**<br><br><u>Hearing</u><br><br>Date:　September 22, 2020<br>Time:　11:00 a.m.<br>Place:　Courtroom 1368<br>　　　　255 East Temple Street<br>　　　　Los Angeles, CA 90012 |

---

[1] Unless specified otherwise, all chapter and code references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. "ECF" references are to the docket in the above-captioned case.

1

1  Han's San Jose Hospitality LLC ("Han's") files this Motion Clarifying that the
2  Automatic Stay is Not in Effect as to Non-Debtor Defendants (the "Motion").  The Motion seeks
3  clarification from this Court regarding whether the automatic stay bars Han's continuation of
4  state court litigation against non-debtor parties. The Motion is based upon this Motion and the
5  following Memorandum of Points and Authorities, the accompanying Notice of Motion, and the
6  Declaration of Nelson W. Goodell.

## SUMMARY

Debtor takes the position that confirmation of its Plan of Reorganization (the "Plan") prevents Han's from continuing pre-petition litigation against certain non-Debtor parties (the "Non-Debtor Defendants").  Debtor made this same argument in the context of the hearing to confirm the Plan.  This Court ruled against Debtor and specifically noted that confirmation of the Plan did not limit Han's right to proceed against the Non-Debtor Defendants.  Nevertheless, after confirmation, when Han's dismissed Debtor from the State Court Action (defined below) and filed a notice of termination of the stay as to the Non-Debtor Defendants, Debtor threatened Han's and its counsel with claims, including punitive damages, if Han's proceeded with the State Court Action.

Based on Debtor's improper threats, Han's felt it appropriate to return to this Court and seek clarification  that neither the automatic stay, nor any provision in the confirmed plan of reorganization , prevents Han's from proceeding against Non-Debtor Defendants.  This is a question which this Court has already answered in Han's favor, but Debtor's threats require a return to this Court.

## MEMORANDUM OF POINTS AND AUTHORIES

### JURISDICTION

The Court has jurisdiction with respect to this Motion under 28 U.S.C. Sections 157(b)(1) and (b)(2)(G).  Jurisdiction is also appropriate under paragraph U of the Court's order

2

confirming Debtor's Plan (ECF 810), and pursuant to Article XII of the Plan, specifically, subsections (f), (h), (l), (m) and (s).

### BACKGROUND

Han's will not repeat the previous discussions regarding the background of its claims against the Debtor and Non-Debtor Defendants. Facts relevant to this Motion are provided in the accompanying Declaration of Nelson W. Goodell and are as follows:

1. Han's is a plaintiff in pre-petition litigation pending in Santa Clara County entitled *Han's San Jose Hospitality LLC v. Yueting Jia et al.* (the "State Court Action"). Additional defendants in the State Court Action include Le Holdings Co., Ltd, Le Technology, Inc., Ocean View Drive, Inc. and Faraday&Future, Inc. (collectively the "Non-Debtor Defendants"). The State Court Action was stayed once Debtor filed this Chapter 11 case.

2. Han's objected to confirmation of Debtor's plan of reorganization (the "Plan") on several bases (ECF 714)[2]. Relevant here was the objection to the Plan to the extent it sought to interfere with Han's continued prosecution of the Non-Debtor Defendants in the State Court Action.

3. In Debtor's response to the objections to his Plan (ECF 756), he argued that continuation of the State Court Action against non-debtors would be barred by confirmation.

4. Han's and the Debtor presented arguments at the hearing on confirmation on this issue (and others not relevant here). On May 21, 2020, the Court issued its Findings of Facts and Conclusions of Law (the "Court Decision") regarding Debtor's Plan (ECF 784). With respect to Han's objection to the Plan and Debtor's response, the Court determined with respect to Article 8.3, which sought to block Han's ability to litigate against the Non-Debtor Defendants as follows:

The specific language of Article 8.3 is limited to the Debtor's rights related to

---

[2] Han's requests that the Court take judicial notice of its record in this case. *See The Golden Gate v. Marincovich*, 286 F. 105, 106 (9th Cir. 1923) ("Every court takes judicial notice of its own records in the same case"); Fed. R. Evid. 201; Fed. R. Bankr. P. 9017.

3

property of the estate including, for example, to settle the estate's rights in Retained Actions. These limitations do not allow the Debtor to prosecute creditor claims against non-debtor defendants and do not interfere with Han's rights to pursue claims against non-debtor defendants. In his Plan Modifications, the Debtor modified Article 8.3 and Schedule A (List of Retained Actions); these modifications also do not authorize the Debtor to prosecute the action of Han's against non-debtor defendants and do not interfere with Han's rights to pursue claims against non-debtor defendants. Therefore, I find and conclude that Article 8.3 complies with Title 11.

5. Debtor did not seek reconsideration of or appeal the Court's ruling.

6. After the Plan was confirmed, and consistent with the Court's ruling, Han's dismissed Debtor from the State Court Action. On July 20, 2020 Han's filed a Notice of Termination of Automatic Stay in the State Court Action to advise the state court that Han's intended to proceed against the Non-Debtor Defendants. (See Exhibit 1 to the Goodell Declaration).

7. On July 24, 2020, Debtor's counsel sent Mr. Goodell a letter regarding the resumption of the State Court Action. The letter reiterated the same arguments already rejected by this Court with respect to Han's ability to proceed against the Non-Debtor Defendants and threatened Han's and its counsel with damages, including punitive damages for allegedly violating the automatic stay by returning to the State Court Action to pursue claims against the Non-Debtor Defendants. (See Exhibit 2 to the Goodell Declaration).

8. After receiving Exhibit 2, Han's bankruptcy counsel contacted Debtor's counsel and agreed that Han's would not proceed in the State Court Action until this Court could hear the matter. Han's then entered into a Stipulation with state court counsel for the Non-Debtor Defendants advising the state court that the parties would be asking this Court clarifying the issue before proceeding in the State Court Action.

## **LEGAL ARGUMENT**

Han's will not repeat its legal arguments from the briefing on confirmation of the Plan (ECF 714). The Court has already reviewed the legal briefs and heard oral argument from counsel on the issue in question. The Court ruled against Debtor with respect to Han's ability to

4

proceed against the Non-Debtor Defendants and could not have stated more clearly that Han's was entitled to proceed in the State Court Action against those parties. The Court did not condition or limit Han's ability to proceed. Debtor is now unfortunately ignoring the ruling and rearguing the same points on which he lost. The issue is *res judicata* because Debtor did not request reconsideration of the Court's ruling and did not appeal it.

While Debtor's letter referenced accuses Han's and its counsel of violating the automatic stay, Han's also requests clarification that the injunctive provisions of the Plan do not prevent Han's from continuing the State Court Action against the Non-Debtor Defendants.

Bankruptcy Code sections 362(c)(1) and 362(j) are of relevance here. Section 362(c)(1) provides that the automatic stay continues until property is no longer property of the estate. To the extent Debtor argued before that Han's claims against the Non-Debtor Defendants were property of the bankruptcy estate, and is now asserting the same position, Section 362(c) applies to this dispute because the Court has determined that Han's can pursue those claims.[3]

Section 362(j) provides that the Court may confirm that the automatic stay has been terminated. While Han's contends that the automatic stay never applied to its claims against the Non-Debtor Defendants, the Court's findings referenced above make clear that the automatic stay terminated to the extent it existed, and confirmation of the Plan does not interfere with Han's ability to proceed in the State Court Action against those parties.

As the Court has already determined that Han's may proceed against the Non-Debtor Defendants in the State Court Action notwithstanding confirmation of the Plan, Han's simply asks for a ruling clarifying that neither the automatic stay nor the Plan's injunctive provisions prevent it from doing so. Such a ruling will protect Han's and its counsel from Debtor's threats and provide guidance to the state court as to Han's ability to proceed.

---

[3] Even were Debtor correct that the automatic stay applied to the claims, Section 11.1 of the Plan vests certain property of the estate in the Reorganized Debtor. To the extent that the Debtor is claiming that the Debtor's interest in claims against the Non-Debtor Defendants were property of the estate, they are no longer property of the estate and section 362(c) provides that the automatic stay does not apply.

Han's also requests that the Court waive the 14-day stay provided in Rule 4001(3) of the Federal Rules of Bankruptcy Procedure to the extent it applies. Han's has already been delayed in its ability to resume the State Court Action by Debtor's actions. Accordingly, a waiver of the 14-day stay is appropriate.

## **CONCLUSION**

Based on the foregoing, Han's respectfully request that the Court grant its motion clarifying that the automatic stay of section 362 or any post-confirmation injunction is terminated or modified to permit Han's to continue to prosecute the State Court Action against the Non-Debtor Defendants and provide any other further relief as the Court deems proper.

Dated: August 24, 2020                                        FINESTONE HAYES LLP

                                                               /s/ Stephen D. Finestone
                                                              Stephen D. Finestone
                                                              Attorneys for Han's San Jose Hospitality LLC

6