Stephen D. Finestone (125675)
Ryan A. Witthans (301432)
FINESTONE HAYES LLP
456 Montgomery Street, Floor 20
San Francisco, CA 94104
Tel. (415) 421-2624
Fax (415) 398-2820
Email: sfinestone@fhlawllp.com
Email: rwitthans@fhlawllp.com

Nelson W. Goodell (264734)
The Goodell Law Firm
5 Third Street, Suite 1100
San Francisco, CA 94103
(415) 495-3950 (office)
(415) 495-3970 (fax)

Attorneys for Han's San Jose
Hospitality LLC

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>YUETING JIA,<br><br>    Debtor. | Case No. 2:19-bk-24804-VZ<br><br>Chapter 11<br><br>**HAN'S SAN JOSE HOSPITALITY LLC'S REPLY TO DEBTOR'S OPPOSITION TO MOTION CLARIFYING THAT THE AUTOMATIC STAY IS NOT IN EFFECT AS TO NON-DEBTOR DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES[1]**<br><br><u>Hearing</u><br><br>Date:  September 22, 2020<br>Time:  11:00 a.m.<br>Place: Via Courtcall |

---

[1] Unless specified otherwise, all chapter and code references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. "ECF" references are to the docket in the above-captioned case.

1

Han's San Jose Hospitality LLC ("Han's") files this reply to Debtor's Opposition to Han's Motion Clarifying that the Automatic Stay is Not in Effect as to Non-Debtor Defendants (the "Opposition").

**SUMMARY**

The Opposition makes the same argument Debtor made at the time of confirmation of his Plan, including citing and discussing the same cases he relied upon in the confirmation briefing. The Opposition, however, ignores this Court's prior ruling and fails to explain how the Court's finding that Han's retained the right to prosecute its claims against non-debtor defendants is consistent with Debtor's position that Han's cannot do so now. Moreover, the Opposition provides an inaccurate description of Han's state court proceeding. Finally, in a display of remarkable brazenness, Debtor also demands this Court issue an Order to Show Cause why Han's should not be held in contempt. Han's discusses the Opposition in greater detail below.

**LEGAL ARGUMENT**

**1. Debtor Fails to Address the Court's Prior Ruling**

The Opposition largely seeks to reargue the issues submitted at the time of confirmation. Debtor fails to address, let alone distinguish, the Court's Findings of Fact (ECF 784). The Court specifically held that Debtor's modifications to Section 8.3 "do not authorize the Debtor to prosecute the action of Han's against non-debtor defendants and do not interfere with Han's rights to pursue claims against non-debtor defendants." (ECF 784 at page 5). Now Debtor specifically argues that Han's cannot pursue its claims against the Non-Debtor Defendants (defined below). This argument twists logic on its head and should be rejected. Otherwise, this Court's earlier ruling has no meaning.

**2. The Liability of the Non-Debtor Defendants is not Dependent Upon the Debtor**

The Debtor's Opposition reargues the points he raised in connection with confirmation. To the extent the Court wishes to revisit these issues, Han's provides the argument below.

It is important to again clarify the identity of the non-debtor parties: Le Holdings Co., Ltd ("Le Holdings"), Le Technology, Inc. ("Le Tech"), Ocean View Drive, Inc. ("Ocean View") and

2

Faraday&Future, Inc. ("Faraday" and collectively with Le Holdings, Le Tech, and Ocean View, the "Non-Debtor Defendants"). The Opposition argues that the liability of Ocean View and Faraday is through the Debtor. (Opposition at page 4). This argument is inaccurate, but even if it were true, the outcome would not change.

Some additional background on the state court litigation is appropriate. Based upon a breach of lease Han's filed an unlawful detainer action to evict the Le Holdings and Le Technologies on October 12, 2017 ("State Court Action #1").  The Debtor was not a named Defendant in this lawsuit.  Thereafter, the parties agreed to vacate the Subject Property on December 11, 2017, and the State Court Action #1 was converted to a regular civil action, pursuant to Civ. Code § 1952.3(a).

Thereafter, Han's filed an amended complaint in State Court Action #1 to add Faraday as a defendant.  The claims against Faraday included a cause of action for Intentional Interference with Contract and alter ego allegations against Faraday as the alter ego of Le Holdings and Le Tech.  (See Exhibit 1-5 of Han's Request for Judicial Notice "RJN"). Debtor was never a party to State Court Action #1.

In response to motion practice in State Court Action #1, the State Court ruled with respect to the Intentional Interference cause of action that the claim was not contingent on any alter ego liability and was, in fact, entirely distinct.  The Court held:

> "California recognizes a cause of action against noncontracting parties who interfere with the performance of a contract." (*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.* (1994) 7 Cal.4th 503, 513, original italics.) "[C]onsistent with its underlying policy of protecting the expectations of contracting parties against frustration by *outsiders* who have no legitimate social or economic interest in the contractual relationship, the tort cause of action for interference with contract does not lie against a party to the contract." (*Id.* at p. 514, original italics.) (*See* Exhibit 8 to RJN)

In response to Faraday's argument that Han's could not maintain both an intentional interference claim and alter ego claims, the State Court held:

> "Under the alter ego doctrine, [ ] when the corporate form is used to perpetrate a fraud, circumvent a statute, or accomplish some other wrongful or inequitable purpose, the courts will ignore the corporate entity and deem the corporation's acts to be those of the persons or organizations actually controlling the

3

corporation, in most instances the equitable owners." (*Sonora Diamond Corp. v. Super. Ct.* (2000) 83 Ca1.App.4th 523, 538.)  In other words, a court ignores the fact that an entity is separately incorporated and treats it as though it is not. Consequently, Plaintiff s alter ego theory is not based on inconsistent factual allegations; rather, Plaintiff relies on the same set of facts to reach two different legal conclusions. Faraday does not cite and the Court did not locate any authority establishing it is impermissible to plead alternative theories in this manner. In fact, Plaintiff cites authority indirectly establishing it is permissible to do so. Courts have allowed a plaintiff to proceed through trial based on an alter ego theory for the purpose of one cause of action and to simultaneously pursue a theory that one of the alter ego entities conspired to interfere with the other entity's contracts. *(See, 'e.g., Webber v. Inland Empire Investments* (1999) 74 Cal.App.4th 884, 899—900.) It follows that a plaintiff is not required to elect between an interference claim and a breach of contract claim based on an alter ego theory at the pleading stage. Accordingly, Faraday's argument is not persuasive. The demurrer to the third cause of action is therefore OVERRULED. *Id.*

Han's filed a separate state court action ("State Court Action #2") in which it named Debtor and Ocean View. Han's alleged, among other things, alter ego liability on the basis that the Non-Debtor Defendants were part of a single enterprise, with the underlying liability being that of Le Holdings and Le Tech. (*See* paragraphs 57, 58, 66, 68, and 87 of the complaint in State Court Action #2 – *See* Debtor's Request for Judicial Notice in support of the Opposition at pages 9-51).  Similar to the alter-ego doctrine, single-enterprise liability requires two elements: "(1) such a unity of interest and ownership that the separate corporate personalities are merged, so that one corporation is a mere adjunct of another or the two companies form a single enterprise; and (2) an inequitable result if the acts in question are treated as those of one corporation alone." (*Tran v. Farmers Group, Inc.* (2002) 104 Cal.App.4th 1202, 1219, citing *Las Palmas Associates v. Las Palmas Center Associates* (1991) 235 Cal.App.3d 1220, 1249-1250.) While the alter-ego doctrine applies to a parent-subsidiary relationship, "under the single-enterprise rule, liability can be found between sister companies." (*Las Palmas Associates*, 235 Cal.App.3d at 1249).   The court in *Las Palmas* explained the underlying legal theory: "In effect what happens is that the court, for sufficient reason, has determined that though there are two or more personalities, there is but one enterprise; and that this enterprise has been so handled that it should respond, as a whole, for the debts of certain component elements of it. The court thus has constructed for purposes of imposing liability an entity unknown to any secretary of state comprising assets and

4

liabilities of two or more legal personalities; endowed that entity with the assets of both, and charged it with the liabilities of one or both." (*Las Palmas Associates*, 235 Cal.App.3d at 1249-50, citations omitted.)

Ocean View filed a demurrer to Han's complaint in State Court Action #2. The court denied Ocean View relief, finding that "Defendant contends that the facts are insufficient to allege that it is part of a single enterprise including Jia, Le and Faraday. However, the complaint is replete with allegations of misuse of the corporate form by the corporations and Jia sufficient to show unity of interest. In fact the list nearly exhausts the pleading requirements." (*See* RJN Exhibit 7).

The State Court went on to note:

> "funds were comingled between Defendant [Ocean View] and Jia's other business enterprises including the defaulting tenant (Le) and subtenant (Faraday) (Complaint, 16,18.); Faraday and Defendant [Ocean View] operate with disregard of the corporate form and formalities (Complaint, 14,16,17,18, 22.); Defendant's assets specifically its real estate holdings, are used for personal use by Jia as a primary residence, and a place to entertain employees and hold corporate meetings for Faraday (Complaint, 21.25); and there is overlap in the corporations officers, directors, and ownership interests, with Jia being the primary owner and true leader and one overlapping corporate officer stating she is merely a paper CEO. (Complaint, 37,41.) *See* RJN at Ex. 7.

State Court Action #1 and State Court Action #2 were consolidated and then stayed once Debtor filed his Chapter 11.

One of the critical flaws in the Debtor's argument is that the alter ego liability for Faraday and Ocean View arising from the underlying breach of the lease is based upon them being alter egos of the signatories to the lease - Le Tech and Le Holdings. While there is no doubt that the Debtor was, at one time, involved with both of these entities (and may still be), Han's does not have to prove this in order to prevail against these Defendants. Rather all that Han's must show is that there is a unity of interest between Ocean View and Faraday and the Le Entities. The fact that the Debtor is a witness to this unity of interest relationship is irrelevant.

Similar to the cases mentioned above, the gravamen of Han's case, as noted by the State Court in overruling the demurrer by Ocean View, is that all of the corporate defendants (the Le

5

entities, Faraday and Ocean View) are in effect a single enterprise. Han's is not seeking to impose alter ego liability against Ocean View and Faraday directly through the Debtor, and need not do that, as he did not sign the lease in question. Thus, if anything, the Debtor is merely a witness and participant in the fact that Ocean View and Faraday are alter egos of the Le Entities. However, the state court need not make a finding that the Debtor is an alter ego of Ocean View or Faraday, only that Ocean View and Faraday are alter egos of the Le Entities.

Finally, as discussed in the original opposition, the causes of action for Fraud, Negligence and Negligent Misrepresentation against Ocean View are also not predicated upon imposing "reverse-veil piercing" from the Debtor to Ocean View. Just as the claims for breach of contract and breach of the implied covenant against Ocean View are based on the Le Entities being an alter ego of Ocean View, these claims are likewise extended to Ocean View through the Le Defendants and Faraday – a point directly noted by the Court in its order.

### 3. *In re Torres* Does Not Assist Debtor's Argument

Debtor's argument places great reliance on the decision of *In re Torres*, 594 B.R. 890 (Bankr. C.D. Cal 2018). For the reasons set forth in this Court's Finding of Facts and for the factual differences set forth above, *Torres* is not applicable here. Unlike the creditor in *Torres*, here Han's promptly dismissed Debtor from the State Court Action after confirmation and before seeking to continue with the proceedings against the Non-Debtor Defendants. Second, Han's has direct claims against the Non-Debtor defendants for their actions without regard to any alter ego claims. Third, as explained above, the alter ego claims against the Non-Debtor Defendants are materially different than the simple type of alter ego claim asserted in *Torres*. The Debtor does not remain as a practical defendant, which is what concerned the Court in *Torres* as it noted that the alter ego allegations "contend that Le Pop Shop is Ms. Torres." There is no such direct connection here. The Non-Debtor Defendants have independent liability to Han's and the alter ego allegations are based on the underlying claims against Le Holdings and Le Tech and the concept of a single enterprise. Per the confirmed Plan in Debtor's case, he can continue to assert any defenses he has but he cannot block Han's ability to pursue the Non-Debtor Defendants.

6

## CONCLUSION

Based on the foregoing, Han's respectfully request that the Court grant its motion clarifying that the automatic stay of Section 362 or any post-confirmation injunction is terminated or modified to permit Han's to continue to prosecute the State Court Action against the Non-Debtor Defendants, provide for a waiver of the 14-day stay of Rule 4001(3) and provide any other further relief as the Court deems proper.

Dated: September 15, 2020    FINESTONE HAYES LLP

/s/ Stephen D. Finestone
Stephen D. Finestone
Attorneys for Han's San Jose Hospitality LLC

7