# **EXHIBIT 1**

**UD-100**

E-FILED
10/12/2017 9:46 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
17CV317221
Reviewed By: T. Ngo

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
NELSON GOODELL
THE GOODELL LAW FIRM
5 THIRD STREET SUITE 1100
SAN FRANCISCO, CA 94103
TELEPHONE NO.: (415) 495-3950   FAX NO. (Optional):
E-MAIL ADDRESS (Optional): nelson@goodelllawsf.com
ATTORNEY FOR (Name): Plaintiff HAN'S SAN JOSE HOSPITALITY, LLC

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 N 1ST
MAILING ADDRESS: 191 N 1ST
CITY AND ZIP CODE: SAN JOSE, CA 95113
BRANCH NAME: DOWNTOWN SUPERIOR COURT

PLAINTIFF: HAN'S SAN JOSE HOSPITALITY, LLC

DEFENDANT: Le Holdings (Beijing) Co., LTD; Le Technology, Inc.,

[✓] DOES 1 TO 10

**COMPLAINT — UNLAWFUL DETAINER***
[✓] COMPLAINT   [ ] AMENDED COMPLAINT (Amendment Number): _____

CASE NUMBER: 17CV317221

**Jurisdiction (check all that apply):**
[ ] ACTION IS A LIMITED CIVIL CASE
   Amount demanded [ ] does not exceed $10,000
                    [ ] exceeds $10,000 but does not exceed $25,000
[✓] ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint (check all that apply):
   [ ] from unlawful detainer to general unlimited civil (possession not in issue)   [ ] from limited to unlimited
   [ ] from unlawful detainer to general limited civil (possession not in issue)     [ ] from unlimited to limited

1. PLAINTIFF (name each):
   HAN'S SAN JOSE HOSPITALITY, LLC
   alleges causes of action against DEFENDANT (name each):
   LE HOLDINGS (BEIJING) CO., LTD; LE TECHNOLOGY, INC.

2. a. Plaintiff is (1) [ ] an individual over the age of 18 years.   (4) [ ] a partnership.
                     (2) [ ] a public agency.                        (5) [ ] a corporation.
                     (3) [✓] other (specify): California Limited Liability Company
   b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of (specify):

3. Defendant named above is in possession of the premises located at (street address, apt. no., city, zip code, and county):
   3553 North First Street
   San Jose, CA 95134

4. Plaintiff's interest in the premises is [✓] as owner   [ ] other (specify):
5. The true names and capacities of defendants sued as Does are unknown to plaintiff.
6. a. On or about (date): March 15, 2016   defendant (name each):
   Le Holdings (Beijing) Co., LTD and Le Technology, Inc.

   (1) agreed to rent the premises as a [ ] month-to-month tenancy [✓] other tenancy (specify): tenancy for years
   (2) agreed to pay rent of $ 199,856.40 payable [✓] monthly [ ] other (specify frequency):
   (3) agreed to pay rent on the [✓] first of the month [ ] other day (specify):
   b. This [✓] written [ ] oral agreement was made with
   (1) [ ] plaintiff.                      (3) [✓] plaintiff's predecessor in interest.
   (2) [ ] plaintiff's agent.              (4) [ ] other (specify):

* NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
UD–100 [Rev. July 1, 2005]

**COMPLAINT—UNLAWFUL DETAINER**

Civil Code, § 1940 et seq.
Code of Civil Procedure §§ 425.12, 1166
www.courtinfo.ca.gov

| PLAINTIFF (Name): HAN'S SAN JOSE HOSPITALITY, LLC | CASE NUMBER: |
|---|---|
| DEFENDANT (Name): LE HOLDINGS (BEIJING) CO., LTD | |

6. c. [✓] The defendants not named in item 6a are
    (1) [✓] subtenants.
    (2) [ ] assignees.
    (3) [ ] other (specify):

   d. [ ] The agreement was later changed as follows (specify):

   e. [✓] A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. (Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)
   f. [ ] (For residential property) A copy of the written agreement is **not** attached because (specify reason):
       (1) [ ] the written agreement is not in the possession of the landlord or the landlord's employees or agents.
       (2) [ ] this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. [✓] a. Defendant (name each):
   Le Holdings, (Beijing) Co., LTD and Le Technology, Inc.

   was served the following notice on the same date and in the same manner:
   (1) [✓] 3-day notice to pay rent or quit       (4) [ ] 3-day notice to perform covenants or quit
   (2) [ ] 30-day notice to quit                  (5) [ ] 3-day notice to quit
   (3) [ ] 60-day notice to quit                  (6) [ ] Other (specify):

   b. (1) On (date): October 10, 2017    the period stated in the notice expired at the end of the day.
      (2) Defendants failed to comply with the requirements of the notice by that date.
   c. All facts stated in the notice are true.
   d. [ ] The notice included an election of forfeiture.
   e. [✓] A copy of the notice is attached and labeled Exhibit 1 (Required for residential property. See Code Civ. Proc., § 1166.)
   f. [ ] One or more defendants were served (1) with a different notice, (2) on a different date, or (3) in a different manner, as stated in Attachment 8c. (Check item 8c and attach a statement providing the information required by items 7a–e and 8 for each defendant.)

8. a. [✓] The notice in item 7a was served on the defendant named in item 7a as follows:
    (1) [ ] by personally handing a copy to defendant on (date):
    (2) [ ] by leaving a copy with (name or description):
        a person of suitable age and discretion, on (date):              at defendant's
        [ ] residence  [ ] business   AND mailing a copy to defendant at defendant's place of residence on
        (date):                because defendant cannot be found at defendant's residence or usual place of business.
    (3) [ ] by posting a copy on the premises on (date):              [ ] AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises on
        (date):
        (a) [ ] because defendant's residence and usual place of business cannot be ascertained OR
        (b) [ ] because no person of suitable age or discretion can be found there.
    (4) [ ] (Not for 3-day notice; see Civil Code, § 1946 before using) by sending a copy by certified or registered mail addressed to defendant on (date):
    (5) [✓] (Not for residential tenancies; see Civil Code, § 1953 before using) in the manner specified in a written commercial lease between the parties.

   b. [ ] (Name):
        was served on behalf of all defendants who signed a joint written rental agreement.
   c. [ ] Information about service of notice on the defendants alleged in item 7f is stated in Attachment 8c.
   d. [ ] Proof of service of the notice in item 7a is attached and labeled Exhibit 3.

| PLAINTIFF (Name): HAN'S SAN JOSE HOSPITALITY, LLC | CASE NUMBER: |
|---|---|
| DEFENDANT (Name): LE HOLDINGS (BEIJING) CO., LTD | |

9. ☐ Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.
10. ✓ At the time the 3-day notice to pay rent or quit was served, the amount of **rent due** was $ 399,712.80
11. ✓ The fair rental value of the premises is $ 6,661.87 per day.
12. ☐ Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). *(State specific facts supporting a claim up to $600 in Attachment 12.)*
13. ✓ A written agreement between the parties provides for attorney fees.
14. ☐ Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):*

   Plaintiff has met all applicable requirements of the ordinances.

15. ☐ Other allegations are stated in Attachment 15.
16. Plaintiff accepts the jurisdictional limit, if any, of the court.
17. **PLAINTIFF REQUESTS**
    a. possession of the premises.
    b. costs incurred in this proceeding:
    c. ✓ past-due rent of $ 399,712.80
    d. ✓ reasonable attorney fees.
    e. ✓ forfeiture of the agreement.
    f. ✓ damages at the rate stated in item 11 from *(date):* November 1, 2017 for each day that defendants remain in possession through entry of judgment.
    g. ☐ statutory damages up to $600 for the conduct alleged in item 12.
    h. ☐ other *(specify):*

18. ☐ Number of pages attached *(specify):* _____

### UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400–6415)

19. *(Complete in all cases.)* An unlawful detainer assistant ✓ did **not** ☐ did for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, state:)*

   a. Assistant's name:
   b. Street address, city, and zip code:
   c. Telephone No.:
   d. County of registration:
   e. Registration No.:
   f. Expires on *(date):*

Date: 10/11/17

NELSON GOODELL
(TYPE OR PRINT NAME)    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

### VERIFICATION

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

(TYPE OR PRINT NAME)    (SIGNATURE OF PLAINTIFF)

# EXHIBIT 1

## NOTICE TO PAY RENT OR QUIT

October 3, 2017

Le Holdings (Beijing) Co., LTD
Le Technology, Inc.
3553 North First St., San Jose, CA 95134

**TO:** Le Holdings (Beijing) Co., LTD, and Le Technology, Inc. (collectively, the "Tenant") and all subtenants and others in possession or asserting a right to possession of the premises commonly known as 3553 North First Street, San Jose, CA 95134

**RE:** 3553 North First Street, San Jose, California 95134 (the "Premises")

**PLEASE TAKE NOTICE** that you are in default under the terms of the Lease with "Commencement Date" of March 15, 2016, by and between the current landlord, **Han's San Jose Hospitality, LLC** ("Landlord") on the one hand, and **Le Holdings (Beijing) Co., LTD and Le Technology, Inc.** (collectively, the "Tenant") on the other hand, because you have failed to pay rent in the ESTIMATED SUM of ONE HUNDRED NINTY-NINE THOUSAND, EIGHT HUNDRED FIFTY-SIX DOLLARS AND FOURTY CENTS ($199,856.40), due for each month of **September and October, 2017**, totaling THREE HUNDRED NINTY-NINE THOUSAND SEVEN HUNDRED TWELVE DOLLARS AND EIGHTY CENTS ($399,712.80). PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 1161.1, LANDLORD ESTIMATES AND BELIEVES THIS IS THE CORRECT AMOUNT OF RENT DUE AND OWING.

**DEMAND IS HEREBY MADE UPON YOU** that, within THREE (3) DAYS after the date of actual delivery of this NOTICE upon you, or THREE (3) DAYS after which delivery is refused, you pay said sum OR vacate and deliver possession of the above-described Premises to the undersigned, as authorized agent for Landlord. Pursuant to Code of Civil Procedure Section 1161(2), you may deliver said sums via personal delivery, between the hours of 9:00 a.m. to 5:00 p.m., Monday through Friday, holidays excepted, to the addressee set forth at the end of this Notice.

If you fail either to pay the amount demanded in this Notice or to vacate and deliver possession of the Premises within said THREE (3) DAYS after the date of actual delivery of this NOTICE upon you, or THREE (3) DAYS after which delivery is refused, the undersigned will institute legal proceedings for unlawful detainer against you to recover possession of said Premises, to declare said Lease forfeited, and to recover rent, damages and cost of suit.

**YOU ARE NOTIFIED** that acceptance of any partial payment by the Landlord does not constitute a waiver of any rights, including any right the Landlord may have to recover possession of the Premises, as provided in California Code of Civil Procedure Section 1161.1.

**YOU ARE FURTHER NOTIFIED** that by this Notice, the Landlord elects to and does hereby declare a forfeiture of LEASE under which you hold possession of the Premises if you fail to pay the estimated amount demanded in this Notice within said THREE (3) DAYS after the date of actual delivery of this NOTICE upon you, or THREE (3) DAYS after which delivery is refused, and that this Notice is being served upon Tenant in accordance with the provisions of the Lease and California Code of Civil Procedure Sections 1161 and 1162.

**YOU ARE FURTHER NOTIFIED** that the Landlord reserves all of its rights and remedies, including by not limited to its right to late fees, interest, additional rent (as that term is defined in Paragraph 3.1 of the Lease), other costs and obligations, and interest not claimed in this notice.

DATED: October 3, 2017                Han's San Jose Hospitality LLC

_____
**XIAOKAI ZENG**
Han's San Jose Hospitality LLC, CEO

Address for Rent Payment:    XIAOKAI ZENG,
Han's San Jose Hospitality LLC, CEO
2220 O'Toole Ave
San Jose, CA 95131
(408) 872-2296

Days and hours XIAOKAI ZENG        Monday through Friday (except holidays)
is available for in-person          9:00 a.m. to 5:00 p.m.
payment:

## **VERIFICATION**

I have read the foregoing COMPLAINT FOR UNLAWFUL DETAINER and know its contents.

I am XIAOKAI ZENG, CEO of Han's San Jose Hospitality LLC, which owns the property located at 3553 North First St., San Jose, CA 95134. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Executed on October  11th, 2017 at San Francisco, California.**

_____
XIAOKAI ZENG
Han's San Jose Hospitality LLC, CEO