# **<u>Exhibit 6</u>**

Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 8/22/2019 3:20 PM
Reviewed By: S. Crabtree
Case #17CV317221
Envelope: 3299496

JASON L. LIANG (SBN 251235)
Email: jliang@lianglyllp.com
JOHN K. LY (SBN 247477)
Email: jly@lianglyllp.com
LIANG LY LLP
601 South Figueroa Street
Suite 1950
Los Angeles, California 90017
Telephone: (213) 262-8000
Facsimile: (213) 335-7776

*Attorneys for Ocean View Drive*

**IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SANTA CLARA**

| | |
|---|---|
| HAN'S SAN JOSE HOSPITALITY LLC,<br><br>Plaintiff,<br><br>vs.<br><br>JIA YUE-TING, AN INDIVIDUAL; AND OCEAN VIEW DRIVE, INC.; AND DOES 1-10,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTION | Case No: 17CV317221<br>*(Consolidated with 19CV342187)*<br><br>**DEFENDANT OCEAN VIEW DRIVE'S REPLY IN SUPPORT OF DEMURRER**<br><br>Date:    August 15, 2019<br>Time:   9:00 a.m.<br>Place:   Dept. 9 |

## I. INTRODUCTION

This case should be nothing more than a commercial lease dispute between a landlord, Plaintiff Han's San Jose Hospitality LLC ("Plaintiff"), and its tenants, Le Holdings (Beijing) Co., Ltd. and Le Technology, Inc. (collectively, the "Le Entities"). And that case would have been quite simple. In March 2016, Plaintiff entered into a long-term lease with the Le Entities for commercial property located in San Jose, California. According to Plaintiff's complaint, the Le Entities breached their lease agreement in early 2017 by failing to pay rent and by subleasing the property. *See Han's San Jose Hospitality LLC v. Le Holdings (Beijing) Co., Ltd., et al.*, Case No. 17CV317221 (the "Lead Action"). The case should have stopped with the Lead Action, and Plaintiff should have prosecuted its claims against the parties to that Lead Action. That did not happen. Instead, Plaintiff filed a new lawsuit in 2019 against Jia Yueting and Ocean View Drive, Inc. ("Ocean View"), alleging that each defendant is an alter ego of the Le Entities, Faraday Future, and each other. But Ocean View was never a party to the transaction between Plaintiff and the Le Entities, and has never had any dealings with Plaintiff. It is located in Southern California (literally hundreds of miles away from the subject property) and could not have benefited at all from the lease or the subject property. And most importantly of all, Ocean View is not owned or managed by Mr. Jia or any of the other defendants in this case. Thus, Ocean View's demurrer presented a straight-forward question: Can Plaintiff maintain an alter ego claim against Ocean View in light of these facts? The answer is no.

In response, along with its Opposition, Plaintiff submitted hundreds of pages of additional documents – some of which are pleadings plucked from unrelated cases, others were documents downloaded from various websites. That the Opposition relies on hundreds of pages outside the Complaint is itself a concession that the Complaint is deficient. To the extent Plaintiff seeks to rely on these materials, Plaintiff must amend the Complaint. Further, Plaintiff's additional submissions consist of nothing but unfounded attacks against Mr. Jia and his business empire, which have nothing to do with Ocean View in any event. Indeed, the Opposition makes clear one key fact: this case has very little to do with Ocean View. In the end, Plaintiff cannot continue to assert its claims directly against Ocean View because Ocean

View was never a party to the underlying lease and had never had any dealings with Plaintiff. And Plaintiff cannot maintain its alter ego claims against Ocean View because (1) Ocean View is not owned or controlled by any of the individual or entity defendants, (2) Plaintiff's alter ego theory is not legally viable because California law does not permit a third-party creditor to pierce the corporate veil to reach the assets of a corporation to satisfy the liability of an alleged individual shareholder or officer, and (3) Plaintiff cannot allege the basic elements of alter ego. For these reasons, the Court should sustain Ocean View's demurrer without leave to amend.

## II. ARGUMENT

### A. Plaintiff Cannot Rely on Materials Outside the Complaint.

As a threshold matter, Plaintiff's Opposition seeks judicial notice of hundreds of pages of documents, most of which are not found in the Complaint. These documents include secretary of state filings, filings from other lawsuits, and various real estate documents. (Opp. at 4-7; *see also* Plaintiff's Request for Judicial Notice ("RJN").) But Plaintiff cannot rely on these documents to show that its pleading *is* sufficient. The purpose of a demurrer is to test the legal sufficiency of Plaintiff's Complaint and the allegations contained therein. *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 227 (2014). And where judicially noticeable facts exist to *contradict* a plaintiff's allegations, the Court may take judicial notices of those facts, disregard the plaintiff's contrary allegations, and sustain a defendant's demurrer. *JPMorgan*, 214 Cal. App. 4th at 751–52.

In opposing a demurrer, however, Plaintiff bears the burden to "show that the *facts pleaded* are sufficient to establish every element of a cause of action." *Scott v. JPMorgan Chase Bank, N.A.*, 214 Cal. App. 4th 743, 752 (2013) (emphasis added). In other words, Plaintiff must show that the *Complaint's allegations* alone are sufficient to state a cause of action. Here, by seeking judicial notice of hundreds of pages of materials outside the Complaint, Plaintiff implicitly acknowledges that its Complaint cannot survive scrutiny on its own, but must instead rely on materials outside the four corners of the pleading. For this reason alone, Ocean View's demurrer should be sustained.

B. **Plaintiff Cannot Allege Direct Claims Against Ocean View.**

In its Opposition, Plaintiff does not and cannot seriously argue that it can proceed directly against Ocean View for the alleged breach of the underlying lease. This is because Ocean View is a separate and independent entity, and is not a party to the Lease or the alleged sublease. *See* Compl., ¶¶ 3, 27–54; *see also id.*, Exhibit 1 (Lease). Instead, Plaintiff insists that it can maintain direct causes of action for fraud (Third), negligent misrepresentation (Fourth), and negligence (Fifth) against Ocean View—even though it does not make these claims against the primary defendants that were the parties to the lease or the alleged sublease. (Opp. at 15-17). And relying entirely on documents *outside* of the Complaint, Plaintiff argues that these claims are proper because Mr. Jia and Ms. Chaoying Deng were once officers of Ocean View and other entities. (*Id.*). Thus, Plaintiff claims that *Ocean View* could be held liable for Mr. Jia's or Ms. Deng's conduct when he or she signed the Lease on another entity's behalf. (Opp. at 16). This is nonsense.

Plaintiff's reliance on *Moore v. Phillips*, 176 Cal. App. 2d 702 (1959), is misplaced because it is inapplicable and factually distinguishable. In *Moore*, the court determined that the individual defendant had "managed and controlled" the entity defendants to such a degree that "each [entity] was under his domination, direction and control." 176 Cal. App. 2d at 710. In so holding, the court found that the individual defendant (Phillips) was "one and same as the four [corporate defendants]". *Id.* Therefore, the plaintiff in *Moore* was able to recover from the corporate defendants because the individual defendant was the alter ego of the corporate defendants and could so bind each company. *Id.* In other words, the basis for determining defendant's liability in *Moore* was through the alter ego doctrine. When applied to the facts of this case, *Moore* actually supports Ocean View's argument that Plaintiff cannot maintain *direct* claims against it because Ocean View was not a signatory or a party to the underlying lease. In short, at least as against Ocean View, Plaintiff can only allege claims based on vicarious liability. Nothing more.

Given that Plaintiff cannot assert direct claims against Ocean View, the Court should dismiss Plaintiff's causes of action for fraud (Third), negligent misrepresentation (Fourth), and

negligence (Fifth).  This is because the alter ego doctrine is not a substantive claim, but only a theory of vicarious liability.  *See Greenspan v. LADT, LLC*, 191 Cal. App. 4th 486, 516 (2010) ("[a] claim against a defendant, based on the alter ego theory, is not itself a claim for substantive relief.").  It cannot support a cause of action that is fatally deficient.  Here, because Plaintiff did not plead causes of action for fraud, negligent misrepresentation, or negligence against defendants who were actually parties to the Lease, Plaintiff cannot now assert these claims directly against Ocean View.  *See Hennessey's Tavern*, 204 Cal. App. 3d at 1358 ("[a]n alter ego defendant has no separate primary liability to the plaintiff.").

Moreover, Plaintiff's fraud and misrepresentation claims fail because they were not pled with particularity.  *Lazar v. Sup. Ct.*, 12 Cal. 4th 631, 645 (1996).  And in an action against a corporation for fraud, a plaintiff must specifically allege the identity of the corporate agents who committed the fraud, their authority to act for the corporation, the nature of their actions, and when the actions occurred.  *See Tarmann v. State Farm Mut. Auto Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991) ("[t]he requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written").  The plaintiff must allege each element constituting the fraud "with sufficient specificity to allow [the] defendant to understand fully the nature of the charge made." *Stansfield v. Starkey*, 220 Cal. App. 3d 59, 73 (1990).  To meet this stringent requirement, Plaintiff was required to plead facts to show "how, when, where, to whom, and by what means" the alleged fraud was committed, or by which of Ocean View's agents, employees, or officers.  *Stansfield*, 220 Cal. App. 3d at 73.

Far from meeting this pleading standard, Plaintiff simply grouped Ocean View together with other individual and corporate defendants.  This is insufficient as a matter of law because Ocean View is left to wonder which entity or individual is alleged to have been involved in each separate instance of fraud, when, where, how, and on whose behalf.  *See Kamen v. Lindly*, 94 Cal. App. 4th 197, 207-208 (2001) (finding plaintiff's pleading defective because plaintiff improperly grouped defendants together); *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir.

LIANG LY LLP
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
213.262.8000 (Telephone) | 213.335.7776 (Facsimile)

2007) (instructing that "[i]n the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme") (internal citations and quotations omitted).

**B.  Ocean View Cannot Be An Alter Ego Of Any Of The Other Defendants As Matter Of Law Because It Has No Ownership Interest In Any Of The Other Defendants, And They Have No Ownership Interest In Ocean View.**

The alter ego doctrine is an equitable doctrine and is "an extreme remedy, *sparingly used*." *Sonora Diamond Corp. v. Sup. Ct.*, 83 Cal. App. 4th 523, 539 (2000) (emphasis added). It is meant to be a scalpel to prevent individuals or other corporations from using the corporate form to perpetrate fraud, circumvent a statute, or accomplish some other wrongful or inequitable purpose. *Id.*; *see also*, *Tomaselli v. Transamerica Ins. Co.*, 25 Cal.App.4th 1269, 1285 (1994) ("[a]lter ego is a limited doctrine, invoked only where recognition of the corporate form would work an *injustice* to a third person") (emphasis in original). Thus, until shown otherwise, corporate entities are presumed to have separate existences. *Laird v. Capital Cities/ABC, Inc.*, 68 Cal.App.4th 727, 737 (1998), overruled on other grounds. Plaintiff does not and cannot dispute these settled principles.

Thus, to survive Ocean View's demurrer, Plaintiff must at least be able to allege facts that would show "such unity of *interest and ownership* that the separate personalities of the corporation and the individual no longer exist." *Mid-Century Ins. Co. v. Gardner*, 9 Cal.App.4th 1205, 1212 (1992) (emphasis added). And ownership by the alleged alter ego in the corporation is "*a prerequisite* to alter ego liability." *SEC v. Hickey*, 2003 U.S. App. LEXIS 13563, 11 (9th Cir. 2003); *Firstmark Capital Corp. v. Hempel Financial Corp.*, 859 F.2d 92, 94 (9th Cir.1988) ("[o]wnership of an interest in the corporation is an essential part of the element of unity of ownership and interest"). Absent evidence showing that the alleged alter ego possessed an ownership interest in the corporate entity, there can be no alter ego liability. *Riddle v. Leuschner*, 51 Cal.2d 574, 580 (1959); *Firstmark Capital Corp.*, 859 F.2d at 94 (9th Cir.1988) ("[i]f an individual's ownership is not established, the corporation's obligations cannot be imposed on him or her") (applying California law); *Am. Express Travel Related*

-5-
DEFENDANT OCEAN VIEW DRIVE INC.'S REPLY ISO DEMURRER

*Servs. Co. v. D&A Corp.*, 2007 U.S. Dist. LEXIS 65998, 34-35 (E.D. Cal. Aug. 23, 2007) ("[i]f there is no ownership interest, there is no alter ego liability") (applying California law). And even if ownership is established, an alleged alter ego must also have controlled or otherwise influenced the activities of the corporate entity whose veil the plaintiff is attempting to pierce. *Firstmark Capital*, 859 F.2d at 95 (holding that California law "limit[s] application of the alter ego doctrine to individuals who influence and govern the corporation . . . or who were actors in the course of conduct constituting the abuse of the corporate privilege"). In other words, Plaintiff must be able to establish both *ownership and control* over the corporate entity.

Here, Plaintiff simply cannot allege either. This is because Plaintiff does not—and cannot—show that Ocean View has any ownership interest in any of the Le Entities, or Faraday Future. Nor has Plaintiff shown that Ocean View is owned by Mr. Jia. *Scott v. JPMorgan Chase Bank, N.A.*, 214 Cal. App. 4th 743, 751-52 (2013) (a demurrer may be sustained where judicially noticeable facts render the pleading defective," and "[allegations] may be disregarded if they are contrary to facts judicially noticed"). The undisputed fact is that Ocean View is owned and managed solely by Ms. Shaojie Chu. (Mot. at 7.) Without an ownership interest by any of the other defendants, Ocean View cannot be the alter ego of any of the other defendants, or vice versa. It really is that simple.

To surmount this hurdle, Plaintiff cites to various documents, *but not the Complaint*, that supposedly show Ms. Chu had once interned or is currently working for one of the Le Entities and/or Faraday Future. (Opp. at 6.) But so what? Even if Plaintiff is correct about Ms. Chu's past or current employment, it shows only that Ms. Chu had once worked for one of the Le Entities and/or Faraday Future, or is currently working there. It does not change the fact that Ocean View is owned and managed by Ms. Chu, not Mr. Jia or any of the other defendants. Thus, Plaintiff cannot maintain its alter ego claim against Ocean View based on who owns it.

Nor can Plaintiff maintain an alter ego claim against Ocean View based on who controls it. Under California, to plead "a unity of interest and ownership", Plaintiff must be able to show that the alleged alter ego exercised such dominion and control over the entity that "'the corporation is *not only* influenced and governed by that person, *but that there is such a unity of*

*interest and ownership that the individuality, or separateness, of the said person and corporation has ceased.'" Firstmark Capital Corp.*, 859 F.2d at 94 (1988) (*emphasis added*) (quoting *Wood*, 20 Cal.3d at 365 n.9 (1977)).  The Complaint is devoid of such allegation.

Therefore, the Court should grant Defendant's demurrer on this basis alone.

## C. Even if Mr. Jia Owned Ocean View, Plaintiff's Attempt To Hold Ocean View Liable For Mr. Jia's Personal Liability Is Foreclosed By California Law.

The Complaint and Plaintiff's Opposition make clear that Plaintiff is principally interested in attacking Mr. Jia personally, and is trying to hold him responsible for the alleged breach of a lease agreement that was signed by Plaintiff's predecessor entity and one of the Le Entities. (Opp. at 3.)  But this still has nothing to do with Ocean View.  What Plaintiff is really trying to allege is that Ocean View is Mr. Jia's alter ego, and should therefore be responsible for Mr. Jia's personal debts.  Thus, *even if it were the case that Mr. Jia had some ownership interest in Ocean View and Plaintiff can show a unity of interest*, which it cannot, the alter ego doctrine simply cannot be used *by Plaintiff* in this way.  In other words, California law does not permit Plaintiff to plead an alter ego claim that seeks to hold Ocean View liable for Mr. Jia's personal debts.

Under the standard alter ego doctrine, the corporate form is disregarded in narrow circumstances in order to fasten a corporation's liability upon individual stockholders.  *See See Las Palmas Assocs. v. Las Palmas Center Assocs.*, 235 Cal. App. 3d 1220, 1249 (1991); *Postal Instant Press, Inc. v. Kaswa Corp.*, 162 Cal. App. 4th 1510, 1518 (2008) ("[t]he alter ego doctrine traditionally is applied to pierce the corporate veil so that a shareholder may be held liable for the debts or conduct of the corporation").  Unlike the standard alter ego doctrine, however, Plaintiff is seeking to pierce the corporate veil to reach the assets of a corporation to satisfy the liability of an alleged individual shareholder or officer.  This is more commonly known as outside or third-party reverse piercing.  *Postal Instant Press*, 162 Cal. App. 4th at 1518 (noting that some states recognizes "[a] variant of the reverse piercing theory, sometimes called 'outside' or 'third party' reverse piercing, occurs when a third party outsider seeks to reach corporate assets to satisfy claims against an individual shareholder").  This theory,

however, is *not* viable under California law. *Id.* at 1513 (rejecting third-party, or outside, reverse piercing under California law); *Wise v. DLA Piper LLP (US)*, 220 Cal. App. 4th 1180, 1193 (2013) (applying *Postal Instant Press*, 162 Cal. App. 4th at 1512-13); *Greiling v. Zahoudanis*, 2009 WL 700049, at *3 (C.D. Cal. 2009) (applying California law and rejecting "the outside reverse piercing doctrine") (J. Otero); *In re Shakib*, 2014 WL 3865232, at *2 (Bankr. C.D. Cal. 2014) ("[u]nder California law, 'a third-party creditor may not pierce the corporate veil to reach corporate assets to satisfy a shareholder's personal liability'").

Here, Plaintiff is a third-party creditor who is seeking to hold Ocean View liable for Mr. Jia's personal liability under the claims alleged in the Complaint. As such, Plaintiff's theory is expressly barred by *Postal Instant Press*, and fails as a matter of law. Alter ego is simply not a legally viable theory for Plaintiff. *See Postal Instant Press*, 162 Cal. App. 4th at 1520-21, 23 (*citing Floyd v. I.R.S.*, 151 F.3d 1295, 1299-30 (10th Cir. 1998); *Cascade Energy & Metals Corp. v. Banks*, 896 F.2d 1557, 1576-77 (10th Cir. 1990)).

### D. **Plaintiff Fails To Allege A Viable Alter Ego Theory Of Liability Against Ocean View.**

Finally, Plaintiff still cannot overcome the basic hurdle of pleading a *prima facie* alter ego case against Ocean View. To pierce the corporate veil and hold a corporation liable as part of a single enterprise, a plaintiff must show (1) that there is such a unity of interest and ownership between the defendant and alleged alter ego that their separate personalities no longer exist; and (2) that an inequitable result would follow if no alter ego liability attached. *See Sonora Diamond Corp.*, 83 Cal. App. 4th at 538; *Las Palmas Assocs.*, 235 Cal. App. 3d at 1249–50. To satisfy these requirements, Plaintiff must show both a unity of interest between the allegedly affiliated corporations and that an inequitable result will follow if Ocean View's corporate separateness is respected. It simply cannot, and nothing in Plaintiff's Opposition changes this conclusion.

***First***, the Complaint is wholly devoid of any allegations that would show a unity of interest, under either the "single-enterprise" theory or the traditional alter ego theory. *See Toho-Towa Co. v. Morgan Creek Prods., Inc.*, 217 Cal. App. 4th 1096, 1107–08 (2013) ("Under the

'single business enterprise' doctrine, separate corporations may operate with integrated resources in pursuit of a single business purpose."); *Eleanor Licensing LLC v. Classic Recreations LLC*, 21 Cal. App. 5th 599, 616 (2018) (noting that while evidence of how an individual defendant treated a business supported an alter ego finding as to that business, it "does not support an alter ego finding as to" a different individual with that business or as to the same defendant and a different business).

Here, the Complaint alleges only that (1) there existed, at some point in time, some limited overlap between Ocean View's founder and officers and the Le Entities and Future, (Compl., ¶¶ 34, 37, and 65); (2) Ocean View's status as a holding company, (Compl., ¶ 34); (3) Mr. Jia and Ms. Deng had allegedly lived at properties owned by Ocean View, (Compl., ¶¶ 19, 25); and (4) various entities had used properties owned by Ocean View for corporate events, (Compl., ¶¶ 20, 25).  At best, these allegations show that Ocean View had a relationship and may have transacted business with some of the individual and entity defendants.  But that is a far cry from alleging a unity of interest because, in reality, not only are these ostensible "connections" far from nefarious, but they are fairly common-place within a large, diversified corporate group.  *See, e.g.*, *Sonora Diamond*, 83 Cal. App. 4th at 548–49 (interlocking officers and directors between parent and subsidiary did not establish unity of interest for purposes of exercising jurisdiction over parent); *Walker v. Signal Cos., Inc.*, 84 Cal. App. 3d 982, 1001 (1978) ("[M]ore is required than solely a parent-subsidiary corporate relationship to create liability of a parent for the actions of its subsidiary"); *Pac. Landmark Hotel, Ltd. v. Marriott Hotels, Inc.*, 19 Cal. App. 4th 615, 628 (1993) ("It is well recognized that the law permits the incorporation of businesses for the very purpose of isolating liabilities among separate entities.").

As stated in Ocean View's motion, these allegations at best show the breadth of Mr. Jia's business interests.  Nothing more.  They certainly fall far short of demonstrating that there was such a unity of interest between Ocean View and the Le Entities that the companies were "so organized and controlled, and [their] affairs [were] so conducted, as to make [one] merely

an *instrumentality, agency, conduit, or adjunct of*" the other. *Las Palmas*, 235 Cal. App. at 1249; *Vasey v. Cal. Dance Co.*, 70 Cal. App. 3d 742, 749 (1997).

**Second**, Plaintiff still has not plead any facts that can demonstrate an inequitable result. This is nothing more than a landlord-tenant dispute. And at its heart, Plaintiff is complaining about its inability to collect unpaid rent from its lessee, and the lessee's alleged sub-lease to another corporation. *See* Compl., ¶ 56 (injustice would result "by protecting Mr. Jia from liability for the wrongful acts committed by them through or under the names of either or both of Le Holdings and/or Le Technology."). But alter ego doctrine was not intended for the benefit of "every unsatisfied creditor of a corporation." *Sonora Diamond*, 83 Cal. App. 4th at 539. Instead, Plaintiff is required to plead some facts that would tend to show "some conduct amounting to bad faith [which] makes it inequitable for the corporate owner to hide behind the corporate form." *Id*. And it just cannot do it because Ocean View simply has nothing to do with Plaintiff's lease of its property to one of the Le Entities, or the alleged sub-lease between one of the Le Entities and Faraday Future.

### III. CONCLUSION

For the reasons stated, Ocean View respectfully requests an order sustaining its demurrer without leave to amend.

DATED: August 8, 2019

Respectfully submitted,
LIANG LY LLP

By: /s/ Jason Liang
Jason L. Liang
John K. Ly
*Attorneys for Ocean View Drive*

-10-
DEFENDANT OCEAN VIEW DRIVE INC.'S REPLY ISO DEMURRER

# PROOF OF SERVICE

I, MARINA OZARZHITSKAYA declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to this action. My business address is 601 S. Figueroa St., Suite 1950, Los Angeles, CA 90017, (213) 262-8000.

On August 8, 2019, I served the document(s) described as

- **DEFENDANT OCEAN VIEW DRIVE'S REPLY IN SUPPORT OF DEMURRER**

On the interested parties in this action as follows: **SEE ATTACHED SERVICE LIST**

☒ BY OVERNIGHT MAIL: I placed the above-mentioned document(s) in sealed envelope(s), and caused said envelope(s) to be delivered by federal express to addressee's office.

☒ BY U.S. MAIL: I placed the above-mentioned document(s) in sealed envelope(s), and caused said envelope(s) to be delivered by U.S. mail to the addressee's office.

☒ BY E-MAIL: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the email addresses listed above or on the attached service list. I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ [State] I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ [Federal] I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on July 8, 2019 at Los Angeles, California.

_____
Marina Ozarzhitskaya

# SERVICE LIST

*Han's San Jose Hospitality V. Jia Yue-Ting;* Case No:17CV317221

**VIA EMAIL AND FEDEX**

Nelson W. Goodell
THE GOODELL LAW FIRM
5 Third Street, Suite 1100
San Francisco, CA 94103
*Attorneys for Plaintiff*
*Han's San Jose Hospitality LLC*

**VIA U.S. MAIL**

John Godsil
Freeman, Freeman., & Smiley, LLP
1920 Main Street, Suite 1050
Irvine, CA 92614
Fax: (949) 252-2776
John.Godsil@ffsJaw.com

**VIA U.S. MAIL**

Damian Martinez
Andrade Gonzalez LLP
634 South Spring Street, Top Floor
Los Angeles. CA 90014
Fax: (213) 995-9690
dmartinez@andradefirm.com

**VIA U.S. MAIL**

LATHAM & WATKINS LLP
Daniel Scott Schecter
*daniel.schecter@lw.com*
R. Peter Durning, Jr.
*peter.durning@lw.com*
10250 Constellation Boulevard, Suite 1100
Los Angeles, California 90067

**VIA U.S. MAIL**

Marc Lewis
Nick Saenz
Amanda Schwartz
Lewis & Llewellyn LLP
505 Montgomery Street, Suite 1300
San Francisco, CA 94111
415-655-0991