# **Exhibit 7**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SANTA CLARA

## MINUTE ORDER

| Han's San Jose Hospitality, LLC vs Jia Yueting et al | Hearing Start Time: | 9:00 AM |
|---|---|---|
| 19CV342187 | Hearing Type: | Hearing: Demurrer |
| Date of Hearing: 08/27/2019 | Comments: | Line 3 |

| Heard By: | Arand, Mary E | Location: | Department 9 |
|---|---|---|---|
| Courtroom Reporter: | Reporter Pro Tempore | Courtroom Clerk: | Catherine Pham |
| | | Court Interpreter: | |
| | | Court Investigator: | |

**Parties Present:**                                **Future Hearings:**

Goodell, Nelson Wilson          Attorney

**Exhibits:**

---

- to Complaint by Defendant Ocean View Drive, Inc. (Daniel J. Tully) *2nd Continued from 8/01/19*

-------------------------------------------------------------------------------

Request for Appointment of Official Reporter Pro Tempore filed.

Court Reporter: Deborah Fuqua

Jason Liang appears as counsel for Defendant-Ocean View Drive, Inc.

Tentative ruling is contested by Defendant.

Matter is heard/argued.

The Tentative Ruling is adopted. See below.

Case Name: Han s San Jose Hospitality, LLC v. Jia Yueting, et al.

Case No: 17CV317221 (Consolidated with 19CV342187)

I. Background

These consolidated cases arise from a complaint filed by Han s San Jose Hospitality, LLC ( Plaintiff ) against Le Holdings, its domestic subsidiary, Le Technology ( Le ) and Faraday Future ( Faraday ) for damages associated with breach of a lease in case number 17CV317221. Plaintiff subsequently filed the complaint at issue here against Jia Yueting ( Jia ) and one of his companies, Ocean View Drive, Inc. ( Defendant ) in case number 19CV342187. The cases were consolidated on June 11, 2019, with matter 17CV317221 as the lead case.

According to the allegations of the complaint, Plaintiff leased a commercial property to Le in March of 2016, for a term of 10 years. (Complaint,  27.) Le has failed to pay rent since September of 2017, or any penalties associated with the default, and to date millions of dollars are owed. (Complaint,  28, 29.) Le also never

**SUPERIOR COURT OF CALIFORNIA
COUNTY OF SANTA CLARA**

## MINUTE ORDER

informed Plaintiff that Faraday occupied the property as a subtenant, nor did Faraday pay for its use of the space. (Complaint, 33, 36, 40)

Defendant, Le, its parent Le Holdings, and Faraday are all corporations owned and operated by Jia. (Complaint, 4.) Jia uses corporate entities to shuffle money and escape debts and obligations, including in China where he has been flagged by the government as a serial credit defaulter. (Complaint, 4, 11.) Jia hides his assets in Defendant s significant real estate holdings, including three homes in Los Angeles, valued at $7 million each. (Complaint, 12, 21.)

Plaintiff asserts causes of action against Jia and Defendant for (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing; (3) fraud; (4) negligent misrepresentation; (5) negligence; and (6) intentional interference with contract.

Before the Court is Defendant s demurrer to all six causes of action and request for judicial notice in support of the demurrer as well as Plaintiff s request for judicial notice in opposition to the demurrer.

II. Judicial Notice

Judicial notice may be taken of any matter authorized or required by law. (Fremont Indemnity Co. v. Fremont General Corp. (2007) 148 Cal.App.4th 97, 113, citing Evidence Code 451 & 452.) A matter is subject to judicial notice only if it is reasonably beyond dispute. (Ibid.) Furthermore, any matter judicially noticed must be relevant to a material issue. (People ex rel. Lockyer v. Shamrock Foods Co. (2000) 24 Cal.4th 415, 422, fn. 2.)

A. Defendant s Requests

Defendant seeks judicial notice of four documents filed with the Secretary of State, and three court records.

With respect to the documents on file with the Secretary of State, Defendant first seeks judicial notice of its articles of incorporation. These are referenced exclusively as background in the demurrer, in a statement about Defendant s registry as a California corporation registered and in good standing but are not the basis for any substantive arguments in its points and authorities. (Def. Memo ISO Dem., p. 7 at 7-8.) The Court will deny this request, as the articles of incorporation are not the basis of any arguments and therefore lack relevance.

Defendant next seeks judicial notice of three statements of information filed in 2016, 2017 and 2019. While courts may take judicial notice of the existence of the fact that articles of incorporation are on file with the Secretary of State (See Cody F. Falletti (2001) 92 Cal.App.4th 1232, 1236, fn. 2, emphasis added), they have not taken judicial notice of the contents of the articles of incorporation because they are documents prepared by private parties [that are] merely on file with state agencies, rather than representing official acts of the state. (People v. Thacker (1985) 175 Cal.App.3d 594, 598-599, emphasis added [denying request for judicial notice of articles of incorporation that were filed with the Secretary of State].)

**SUPERIOR COURT OF CALIFORNIA
COUNTY OF SANTA CLARA**

## MINUTE ORDER

The statements of information are similar to articles of incorporation, because they were prepared by Defendant, and filed with the Secretary of State but do not represent official acts of the state. Defendant seeks notice of these matters as proof of who was or was not associated with Defendant at times relevant to the complaint. (Def. Memo ISO Dem., p. 10 at 13-14; p. 14, fn. 9; and p 15 at 16-17.) This is improper as it seeks consideration of the documents contents rather than their mere existence. Therefore, this request for judicial notice will also be denied.

As to the court records, Defendant first seeks judicial notice of the Fourth Amended Complaint filed by Plaintiff against Le and Faraday. A court in its discretion may take judicial notice of any court record. (Evidence Code 451; Lockley v. Law Office Cantrell, Green, Pekich, Cruz & McCort (2001) 91 Cal.App.4th 875, 882.) However, the matters considered by the court may not be reasonably subject to dispute. (Ibid.) Defendant seeks judicial notice of the complaint as the basis of arguments about who is and who is not a defendant in that complaint. (Def. Memo ISO Dem., p. 18 at 3-6.) This is not reasonably subject to dispute, and the Court will take judicial notice of the Fourth Amended Complaint as requested.

Finally, Defendant seeks judicial notice of the case summary and complaint in the Los Angeles Superior Court case of Miles Bernal v. Ocean View Drive Inc., et al., which is cited by Plaintiff in paragraph 22 of the present complaint. Defendant references the case in a footnote to its argument and seems unsure as to whether Plaintiff s citation to the case was intended to support allegations of alter ego liability. However, paragraph 22 of the complaint does not refer to Bernal as dispositive of alter ego findings. Likewise, Plaintiff does not rely on Bernal in opposition to demurrer. Therefore, that case is not relevant, and judicial notice will not be taken of it.

Consequently, the Court grants Defendant s requests for judicial notice of the Fourth Amended Complaint filed by Plaintiff against Le and Faraday. The Court denies Defendant s other six requests for judicial notice.

B. Plaintiff s Requests

Plaintiff also requests judicial notice of 29 matters in support of its opposition to demurrer on the issue of alter ego. However, the Court need not consider these matters as the allegations in the complaint regarding alter ego are sufficient to overcome the demurrer. (See e.g. Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison (1998) 18 Cal.4th 739, 748, fn. 6. [ [T]he request presents no issue for which judicial notice of these items is necessary, helpful, or relevant. Accordingly we deny the request ].)

Therefore, Plaintiff s requests for judicial notice will be denied.

III. Demurrer

Defendant demurs to all six causes of action on the ground that they each fail to state facts sufficient to constitute a cause of action. (See Code Civ. Proc., 430.10, subd. (e).) As to the first through fifth causes of action, Defendant argues alter ego liability has not been sufficiently pleaded. Additionally, with respect to



**SUPERIOR COURT OF CALIFORNIA
COUNTY OF SANTA CLARA**

## MINUTE ORDER

the third through fifth causes of action it adds that since there is no separate, primary liability alleged, there can be no alter ego liability. Defendant also separately argues that intentional interference with contract is not sufficiently pleaded in the sixth cause of action.

A demurrer tests the legal sufficiency of a pleading, but not the truth of a plaintiff s allegations or the accuracy with which he or she describes the defendant s conduct. (Align Technology, Inc. v. Tran (2009) 179 Cal.App.4th 949, 958; citing Committee on Children s Television Inc. v. General Foods Corp. (1983) 35 Cal.3d 197, 213.) The demurrer is treated as admitting all material facts, properly pleaded, but not contentions, deductions or conclusions of law. (Ibid.)

A. Alter Ego Liability

The first through fifth causes of action are based on breach of the lease and associated causes of action for breach of implied covenants of good faith and fair dealing, fraud, misrepresentation, and negligence. Since it is not alleged that Defendant is a party to the lease, a theory of derivative liability must be sufficiently pleaded. As Defendant infers, the crux of these causes of action against Defendant rests on alter ego derivative liability, which it argues is insufficiently pleaded.

Alter ego liability prevents individuals or other corporations from misusing the corporate laws by the device of a sham corporate entity formed for the purpose of committing fraud or other misdeeds. (Sonora Diamond Corp. v. Superior Court (2000) 83 Cal.App.4th 523, 538.) In those instances, the corporate identity may be disregarded where the misuse of corporate privilege justifies holding the equitable ownership liable for the actions of the corporation. (Ibid; see also Associated Vendors, Inc. v. Oakland Meat Co. (1962) 210 Cal.App.2d 825, 837, [ [A] corporation s acts can be legally recognized as those of a person, and vice versa .) To allege alter ego, the complaint must plead facts showing: (1) unity of interest; and (2) inequitable result if the acts are treated as those of the corporation alone. (Vasey v. California Dance Co. (1977) 70 Cal.App.3d 742, 749.) The complaint need only allege ultimate facts in support of the doctrine, not evidentiary ones. (Rutherford Holdings, LLC. V. Plaza Del Rey (2014) 223 Cal.App.4th 221, 236.)

Allegations in support of unity of interest may include: that the individual dominated the affairs of the corporation; that a unity of interest and ownership existed between individuals and the corporation; that the corporation is a mere shell and naked framework for individual manipulations; that its income was diverted to the use of the individuals; that it is inadequately capitalized; that it failed to abide by the formalities of corporate existence; or, that it is and has been insolvent. (First Western Bank & Trust Co. v. Bookasta (1968) 267 Cal.App.2d 910, 915-916.)

Defendant contends that the facts are insufficient to allege that it is part of a single enterprise including Jia, Le and Faraday. However, the complaint is replete with allegations of misuse of the corporate form by the corporations and Jia sufficient to show unity of interest. In fact the list nearly exhausts the pleading requirements. Among other things, it is alleged that: Jia routinely shuffles money throughout his various corporate holdings, including Defendant, in an effort to escape debts and obligations (Complaint, 4.); Jia s other corporations are undercapitalized, and he hides many of his assets in Defendant which is a mere shell (Complaint, 12, 34, 48.); funds were comingled between Defendant and Jia s other business enterprises, including the defaulting tenant (Le) and subtenant (Faraday) (Complaint, 16, 18.); Faraday and Defendant operate with disregard of the corporate form and formalities (Complaint, 14, 16, 17, 18, 22.); Defendant s

**SUPERIOR COURT OF CALIFORNIA
COUNTY OF SANTA CLARA**

## MINUTE ORDER

assets, specifically its real estate holdings, are used for personal use by Jia as a primary residence, and a place to entertain employees and hold corporate meetings for Faraday (Complaint, 21, 25.); and there is overlap in the corporations officers, directors and ownership interests, with Jia being the primary owner and true leader and one overlapping corporate officer stating she is merely a paper CEO. (Complaint, 37, 41.)

Defendant also argues there are insufficient facts to allege inequitable result because the only inequity alleged is Plaintiff s inability to obtain a judgment from the lessor. This argument is unpersuasive. Inequitable result is alleged where some conduct amounting to bad faith makes it inequitable for the corporate owner to hide behind the corporate form. (Eleanor Licensing LLC v. Classic Recreations, LLC (2018) 21 Cal.App.5th 599, 615, citations omitted.) Here, it is alleged that one of Jia s shell corporations entered into a lease agreement that was intended to benefit Faraday. (Complaint, 31, 36, 38, 42, 43.) Le and Faraday have also allegedly failed to make good on rent obligations. (Complaint, 28, 29.) A representative of Le allegedly threatened bankruptcy proceedings unless Plaintiff agreed to settle for two months rent in full satisfaction of its lease, stating it was undercapitalized but never mentioning its affiliation to Faraday or Faraday s occupation of the property. (Complaint, 47.) Meanwhile, Jia is alleged to have hidden substantial assets in Defendant, while both Le and Faraday are undercapitalized and failing to pay their debts to Plaintiff. (Complaint, 12, 14, 21, 46, 48.) The facts demonstrate an alleged pattern of bad faith dealings intended to defraud creditors like Plaintiff, such that it would be inequitable to allow Jia to hide behind the corporate form. Like with the unity of interest allegations, an inequitable result has been more than sufficiently pleaded.

Therefore, the demurrer to the first through fifth causes of action for failure to state causes of action because alter ego is insufficiently pleaded cannot be sustained.

B. Third, Fourth, and Fifth Causes of Action   Need for Separate, Primary Liability

Defendant next argues the third, fourth and fifth causes of action against Defendant as an alter ego are insufficient because there is no allegation of primary liability to Le or Faraday in the other complaint as these causes of action are not raised as to them.

Defendant offers several citations in support of this argument. However, none of the cases cited stands for its theory. For example, Greenspan v. LADT, LLC (2010) 191 Cal.App.4th 486, is a case involving the addition of an alter ego defendant as a judgment debtor post-arbitration. Its subsequent reference to Hennessey s Tavern Inc. v. American Air Filter Co (1988) 204 Cal.App.3d 1351 is similarly unavailing. It involves the applicability of statutes of limitations, and stands for the proposition that the alter ego defendant must be named within the applicable statute of limitations, even if it is alleged to be the alter ego of an already named defendant. The issue is one of due process, including notice and other general principles of time-limited actions and has no bearing on the analysis here. Similarly, Defendant s other references to case law are not on point. They include a case in which res judicata precluded suit against an alter ego following a judgment against the corporation (Windsor Square Homeowners Ass n v. Citation Homes (1997) 54 Cal.App.4th 547, 555); and a case where a corporation was no longer a judgment creditor, therefore the plaintiff lacked standing to pursue the corporation s alter ego. (Robbins v. Blecher (1997) 52 Cal.App.4th 866, 894.)

In any event, direct liability is alleged in the present complaint as to Jia, albeit through his other alleged alter egos, Le and Faraday. Therefore, whether the causes of action are sought in the other complaint as to Le and

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SANTA CLARA

## MINUTE ORDER

Faraday is irrelevant as the Court has found sufficient pleading of unity of interest among all of them.

Consequently, demurrer to the third, fourth, and fifth causes of action will not be sustained on the basis that there is no separate, primary liability alleged.

C. Sixth Cause of Action   Intentional Interference with Contract

Defendant argues that the sixth cause of action is not sufficiently pleaded because there are no allegations that Defendant had knowledge of the lease or took any acts designed to breach or disrupt the lease.  Both elements must be pleaded in a cause of action for intentional interference with contract.  (Redfearn v. Trader Joe s Co. (2018) 20 Cal.App.5th 989, 997.)

As Defendant states, the complaint is devoid of facts in support of Defendant s knowledge of the lease or allegations that Defendant took any actions designed to breach or disrupt the lease.  Instead, the allegations appear to impute Jia s interference with the contract to Defendant under what is essentially an alter ego theory.  As an alternative cause of action if alter ego is not sufficiently pleaded, it cannot rest on a theory of derivative liability but must make allegations that Defendant interfered directly.  It has not done so.

Therefore, demurrer to the sixth cause of action will be sustained.

IV. Conclusion

Demurrer to the first, second, third, fourth and fifth causes of action are OVERRULED.

Demurrer to the sixth cause of action for failure to state sufficient facts is SUSTAINED with 10 days leave to amend after service of the signed order.

The Court will prepare the order.