# **Exhibit 8**

FILED
MAR 27 2019
Clerk of the Court
Superior Court of CA County of Santa Clara
BY _____ DEPUTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| HAN'S SAN JOSE HOSPITALITY, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>LE HOLDINGS (BEIJING) COMPANY, LTD., et al.,<br><br>Defendants. | Case No. 17CV317221<br><br>ORDER RE: DEMURRER TO FOURTH AMENDED COMPLAINT |

The demurrer to the fourth amended complaint by defendant Faraday & Future, Inc. came on for hearing before the Honorable Mary E. Arand on March 26, 2019, at 9:00 a.m. in Department 9. The matter having been submitted, the Court finds and orders as follows:

**I.      Background**

This is an action to recover unpaid rent and related damages brought by plaintiff Han's San Jose Hospitality, LLC ("Plaintiff") against defendants Le Holdings (Beijing) Company, Ltd. ("Le Holdings"), Le Technology, Inc. ("Le Technology"), and Faraday & Future, Inc. ("Faraday") (collectively, "Defendants").

In 2016, Plaintiff's predecessor-in-interest agreed to lease a commercial property located at 3553 North First Street in San Jose (the "Property") to Le Holdings and Le Technology (collectively, "Tenants"). (Fourth Amended Complaint ("FAC"), ¶ 21.) When the parties first

1
ORDER RE: DEMURRER TO FOURTH AMENDED COMPLAINT

executed their 10-year lease, Tenants paid monthly rent of $193,826.25. (FAC, ¶ 21.) In March 2017, the rent increased to $199,856.40. (FAC, ¶ 21.) Tenants have not paid rent and related maintenance expenses since September 2017 and additionally failed to pay agreed-upon penalties when they defaulted. (FAC, ¶¶ 21–25.) Plaintiff also alleges Tenants breached the lease by allowing affiliate Faraday to occupy the Property without first following the notice and consent procedure in the lease agreement. (FAC, ¶¶ 27–34.)

Plaintiff commenced an unlawful detainer action. (FAC, ¶¶ 46–47.) Defendants vacated the Property in November 2017, leaving it in disrepair. (FAC, ¶ 48.) Defendants failed to dispose of trash and other property, but removed fixtures including ceiling tiles and charging stations for electric vehicles. (FAC, ¶ 41.)

Plaintiff asserts causes of action against Defendants for: (1) breach of contract (against Defendants); (2) breach of the implied covenant of good faith and fair dealing (against Defendants); and (3) intentional interference with contractual relations (against Faraday only).

Currently before the Court is Faraday's demurrer to the third cause of action on the grounds of uncertainty and failure to state facts sufficient to constitute a cause of action.

## II.     Demurrer

### A.     Uncertainty

A demurrer on the ground of uncertainty tests whether a pleading is ambiguous, uncertain, or unintelligible. (Code Civ. Proc., § 430.10, subd. (f).) "[D]emurrers for uncertainty are disfavored and are granted only if the pleading is so incomprehensible that a defendant cannot reasonably respond." (*Lickiss v. Financial Industry Reg. Authority* (2012) 208 Cal.App.4th 1125, 1135.) A demurrer on the ground of uncertainty "is not intended to reach the failure to incorporate sufficient facts in the pleading, but is directed at the uncertainty existing in the allegations actually made." (*Butler v. Sequeira* (1950) 100 Cal.App.2d 143, 145–46.) Faraday does not advance any argument to support the conclusion that the pleading is uncertain, ambiguous, or unintelligible. It is not otherwise apparent to the Court that there is any basis for sustaining the demurrer on this ground. Accordingly, the demurrer on the ground of uncertainty is OVERRULED.

### B.    Failure to State Sufficient Facts

"California recognizes a cause of action against *noncontracting parties* who interfere with the performance of a contract." (*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.* (1994) 7 Cal.4th 503, 513, original italics.) "[C]onsistent with its underlying policy of protecting the expectations of contracting parties against frustration by *outsiders* who have no legitimate social or economic interest in the contractual relationship, the tort cause of action for interference with contract does not lie against a party to the contract." (*Id.* at p. 514, original italics.)

Faraday argues Plaintiff cannot assert an interference claim against it because Plaintiff simultaneously and inconsistently alleges it is a party to the contract.[1] In opposition, Plaintiff argues it is permissibly alleging alternative theories of liability and is not relying on inconsistent factual allegations.

A plaintiff may assert alternative, inconsistent theories of liability in a complaint. (*Mendoza v. Continental Sales Co.* (2006) 140 Cal.App.4th 1395, 1402.) "When a pleader is in doubt about what actually occurred or what can be established by the evidence, the modern practice allows that party to plead in the alternative and make inconsistent allegations." (*Ibid.*) With that said, "a pleader cannot blow hot and cold as to the facts positively stated." (*Manti v. Gunari* (1970) 5 Cal.App.3d 442, 449.)

Here, Plaintiff alleges Tenants were the parties to the lease agreement and Faraday was an unauthorized occupant of the Property. (FAC, ¶¶ 21–23, 93.) Plaintiff does not allege inconsistent facts about whether Faraday executed the lease agreement. While Plaintiff also alleges Faraday's status as a separate legal entity should be disregarded for the purpose of holding it liable for breach of express and implied covenants as Tenants' alter ego, Faraday does not demonstrate Plaintiff's reliance on this legal theory qualifies as an impermissible, inconsistent factual allegation.[2]

---

[1] In advancing this argument, Faraday relies in part on the fact that the Court previously sustained the demurrer to the third cause of action on the basis Plaintiff was effectively treating it as a party to the contract. Because Plaintiff amended the pleading and has added alter ego allegations, the Court's previous determination based on the facts as alleged in the third amended complaint is not dispositive of the issue now presented.

[2] In Faraday's reply, it asserts Plaintiff alleges other contradictory facts and is not solely relying on an alter ego theory. None of the paragraphs cited by Faraday support its assertion.

"Under the alter ego doctrine, [ ] when the corporate form is used to perpetrate a fraud, circumvent a statute, or accomplish some other wrongful or inequitable purpose, the courts will ignore the corporate entity and deem the corporation's acts to be those of the persons or organizations actually controlling the corporation, in most instances the equitable owners." (*Sonora Diamond Corp. v. Super. Ct.* (2000) 83 Cal.App.4th 523, 538.) In other words, a court ignores the fact that an entity is separately incorporated and treats it as though it is not. Consequently, Plaintiff's alter ego theory is not based on inconsistent factual allegations; rather, Plaintiff relies on the same set of facts to reach two different legal conclusions. Faraday does not cite and the Court did not locate any authority establishing it is impermissible to plead alternative theories in this manner. In fact, Plaintiff cites authority indirectly establishing it is permissible to do so. Courts have allowed a plaintiff to proceed through trial based on an alter ego theory for the purpose of one cause of action and to simultaneously pursue a theory that one of the alter ego entities conspired to interfere with the other entity's contracts. (See, e.g., *Webber v. Inland Empire Investments* (1999) 74 Cal.App.4th 884, 899–900.) It follows that a plaintiff is not required to elect between an interference claim and a breach of contract claim based on an alter ego theory at the pleading stage. Accordingly, Faraday's argument is not persuasive. The demurrer to the third cause of action is therefore OVERRULED.

Date: March 26, 2019

_____
MARY E. ARAND
Judge of the Superior Court

4
ORDER RE: DEMURRER TO FOURTH AMENDED COMPLAINT



**SUPERIOR COURT OF CALIFORNIA
COUNTY OF SANTA CLARA**
DOWNTOWN COURTHOUSE
191 NORTH FIRST STREET
SAN JOSÉ, CALIFORNIA 95113
CIVIL DIVISION



FILED
MAR 27 2019
Clerk of the Court
Superior Court of CA, County of Santa Clara
BY_____DEPUTY

RE:          Han's San Jose Hospitality, LLC vs Le Holdings (Beijing) Co., LTD et al
Case Number: **17CV317221**

## PROOF OF SERVICE

**ORDER RE: DEMURRER TO FOURTH AMENDED COMPLAINT** was delivered to the parties listed below the above entitled case as set forth in the sworn declaration below.

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line (408) 882-2690 or the Voice/TDD California Relay Service (800) 735-2922.

**DECLARATION OF SERVICE BY MAIL:** I declare that I served this notice by enclosing a true copy in a sealed envelope, addressed to each person whose name is shown below, and by depositing the envelope with postage fully prepaid, in the United States Mail at San Jose, CA on March 27, 2019. CLERK OF THE COURT, by Catherine Pham, Deputy.

cc:   Nelson Wilson Goodell  5 3rd St Ste 1100  San Francisco CA  94103
      Steven Mark Buha  1888 Century Park East Suite 1900  Los Angeles CA  90067
      Dennis Lee Daniels  Office 4756  333 S Grand Ave  Los Angeles CA  90071-3197