| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Richard M. Pachulski (CA Bar No. 90073)<br>Jeffrey W. Dulberg (CA Bar No. 181200)<br>Malhar S. Pagay (CA Bar No. 189289)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, California 90067<br>Telephone: 310/277-6910<br>Facsimile: 310/201-0760<br>E-mail: rpachulski@pszjlaw.com<br>        jdulberg@pszjlaw.com<br>        mpagay@pszjlaw.com | |
| ☐ Individual *appearing without an attorney*<br>☒ *Attorney for: Movant(s)* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| In re:<br><br>YUETING JIA,[1]<br><br><br><br><br><br><br><br>                                                    Debtor(s) | CASE NO.: 2:19-bk-24804-VZ<br><br>CHAPTER: 11<br><br>**NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE:**<br><br>**HAN'S SAN JOSE HOSPITALITY LLC'S MOTION CLARIFYING THAT THE AUTOMATIC STAY IS NOT IN EFFECT AS TO NON-DEBTOR DEFENDANTS**<br><br>**[PROPOSED ALTERNATIVE FORM OF ORDER 1]**<br><br>**[Relates to Docket Nos. 887, 890, 892, 893 and 894]** |
|---|---|

PLEASE TAKE NOTE that the order titled ***ORDER RE: HAN'S SAN JOSE HOSPITALITY LLC'S MOTION CLARIFYING THAT THE AUTOMATIC STAY IS NOT IN EFFECT AS TO NON-DEBTOR DEFENDANTS [PROPOSED ALTERNATIVE FORM OF ORDER 1]*** was lodged on (*date*) **September 25, 2020** and is attached. This order relates to the Motion which is docket number **887**.

---

[1] The last four digits of the Debtor's federal tax identification number are 8972. The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# EXHIBIT A

---0-Richard M. Pachulski (CA Bar No. 90073)
Jeffrey W. Dulberg (CA Bar No. 181200)
Malhar S. Pagay (CA Bar No. 189289)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California  90067
Telephone: 310/277-6910
Facsimile:  310/201-0760
E-mail: rpachulski@pszjlaw.com
         jdulberg@pszjlaw.com
         mpagay@pszjlaw.com

Attorneys for Yueting Jia, Reorganized Debtor

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>YUETING JIA,[1]<br><br>               Reorganized Debtor. | Case No.: 2:19-bk-24804-VZ<br>Chapter 11<br><br>**ORDER RE:  HAN'S SAN JOSE HOSPITALITY LLC'S MOTION CLARIFYING THAT THE AUTOMATIC STAY IS NOT IN EFFECT AS TO NON-DEBTOR DEFENDANTS**<br><br>[PROPOSED ALTERNATIVE FORM OF ORDER 1]<br><br>[Relates to Docket No. 887, 890, 892, 893 and 894]<br><br>Date:      September 22, 2020<br>Time:     10:00 a.m.<br>Place:    Courtroom 1368<br>          Roybal Federal Building<br>          255 E. Temple Street<br>          Los Angeles, California 90012<br>Judge:    Hon. Vincent P. Zurzolo |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

---

[1] The last four digits of the Debtor's federal tax identification number are 8972. The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

The Court, having considered *Han's San Jose Hospitality LLC's Motion Clarifying that the Automatic Stay is Not in Effect as to Non-Debtor Defendants* [Docket No. 887] (the "Motion"),[1] filed by Han's San Jose Hospitality LLC ("Han's") and notice of the hearing thereon [Docket Nos. 888, 890], supporting Declaration of Nelson Goodell annexed to the Motion, the *Reorganized Debtor's Opposition to Han's San Jose Hospitality LLC's Motion Clarifying that the Automatic Stay is Not in Effect as to Non-Debtor Defendants* [Docket No. 892] (the "Opposition") and *Request for Judicial Notice in Support of Reorganized Debtor's Opposition to Han's San Jose Hospitality LLC's Motion Clarifying that the Automatic Stay is Not in Effect as to Non-Debtor Defendants* [Docket No. 893] (the "Debtor RFJN"), filed by Yueting Jia, the reorganized debtor ("YT", the "Reorganized Debtor" or, prior to the Effective Date, the "Debtor") pursuant to the *Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 464] (as modified, the "Plan"), confirmed in the above-captioned chapter 11 case (the "Chapter 11 Case"), *Han's San Jose Hospitality LLC's Reply to Debtor's Opposition to Motion to Motion Clarifying That the Automatic Stay is Not in Effect as to Non-Debtor Defendants* [Docket No. 894] (the "Reply") and supporting Request for Judicial Notice, annexed thereto (the "Han's RFJN"), filed by Han's; having determined that no appearances were necessary for the hearing regarding the Motion scheduled for September 22, 2020, at 10:00 a.m.; and

**IT APPEARING** that:

A.     On October 22, 2018, Han's filed its Fourth Amended Complaint in State Court Action #2 (the "Fourth Amended Complaint"), in which Han's alleges defendants Faraday&Future, Inc. ("Faraday" or "Faraday Future"), Le Holdings (Beijing) Co., Ltd. ("Le Holdings"), and Le Technology, Inc. ("Le Technology"), are the Debtor's alter egos.  More specifically, the Fourth Amended Complaint's Statement of Facts alleges:

> All three [defendant companies] were founded by [the Debtor] who continues to own a substantial portion of all three companies and continues to run all three companies.  Indeed, it is common knowledge for employees of all three Defendants that [the Debtor] runs all three companies.  [The Debtor] regularly transfers assets between all three companies in order to avoid liability and in order to avoid paying

---

[1] Capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Motion or the Plan.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

creditors.  For this reason, [the Debtor] is being sued by many other creditors, several of which are also seeking to pierce the corporate veil of his various entities.

Fourth Amended Complaint, ¶ 28 at 9.

   B.  The First Cause of Action (Breach of Contract) is asserted against Faraday Future, Le Holdings, and Le Technology and incorporates the prior allegations that all three defendants are in sum and substance the Debtor's alter ego.  The Breach of Contract action alleges further by virtue of the Debtor's acts there exists a unity of interest among the three defendant companies:  "… at all relevant times there existed a unity of interest and ownership between Le Holdings, Le Technology, Faraday Future in that [the Debtor] owns a substantial portion of all three companies.  Plaintiff is further informed and believes, and based thereon, alleges that adherence to the fiction of the separate existence of Le Technology, Le Holdings and Faraday Future would permit an abuse of the corporate privilege and promote injustice …."  Id. ¶ 54 at 16.  The First Cause of Action further alleges that defendants Faraday Future and Le Technology "… were effectively treated as different arms of [the Debtor's] operations,"id. ¶ 65 at 18, and that all three defendants "… were essentially used by [the Debtor] for his efforts to build an electric car and to further his technology business." Id. ¶ 73 at 20.

   C.  The Second Cause of Action (Breach of the Implied Covenant of Good Faith and Fair Dealing) is asserted against Faraday Future, Le Holdings, and Le Tech and incorporates the prior allegations that all three defendants are the Debtor's alter egos.  Id. ¶ 92 at 24.

   D.  The Third Cause of Action (Intentional Interference with Contractual Relations) is asserted against Faraday Future.  The Third Cause of Action further alleges that Faraday Future interfered with a lease between the Plaintiff and co-defendants Le Holdings and Le Technology because "… all three companies are essentially just arms of [the Debtor's] personal business operations" and that Faraday Future is "… another shell corporation of [the Debtor] …."  Id. ¶¶ 110-111 at 28.

   E.  On January 25, 2019, Han's filed a Complaint for (1) Breach of Contract, (2) Breach of Implied Covenant of Good Faith and Fair Dealing, (3) Fraud, (4) Negligent Misrepresentation, (5) Negligence, (6) Intentional Interference with Contract (the "Alter Ego Complaint") against the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

2

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   Debtor and Ocean View Drive, Inc. ("Ocean View") in the Superior Court for the State of California

2   for the County of Santa Clara (the "Superior Court"), thereby commencing an action bearing Case

3   No.: 19CV342187 (the "Alter Ego Action"), later consolidated with Case No. 17CV317221.  See

4   Debtor RFJN, Exhibit "1".

5          F.      The Alter Ego Complaint is predicated on Han's' general allegations including,

6   among others, that "Ocean View Drive, Le Technology and Faraday Future served as … alter egos

7   for Jia Yueting …", Alter Ego Complaint ¶ 4 at 2, and that "Mr. Jia's alter egos LE TECHNOLOGY

8   and LE HOLDING never told Plaintiff Landlord, about … another alter ego of Mr. Jia, FARADAY

9   FUTURE …" Id. ¶ 34 at 12-13.

> The First Cause of Action (Breach of Contract) is asserted against the
> Debtor and all other alter ego defendants, incorporates by reference all
> prior allegations in the Alter Ego Complaint, and is based on Han's
> further allegations including that Han's "has been harmed by Mr. Jia
> and his fictitiously-separate corporations' material breach of the lease
> …," Id. ¶ 53 at 19, and that there existsa unity of interest and ownership
> between Jia Yueting, Ocean View Drive Inc., Le Holdings, Le
> Technology, and Faraday Future in that Mr. Jia founded, runs, and owns
> a substantial portion of all four companies … [and] that adherence to
> the fiction of the separate existence of Ocean View Drive, Inc., Le
> Technology, Le Holdings [a]nd Faraday Future would permit an abuse
> of the corporate privilege and promote injustice by protecting Mr. Jia
> from liability from the wrongful acts committed by them through or
> under the names of either or both of Le Holdings and/or Le Technology.

18   *Id.* ¶ 56; *see also*, *e.g.*, ¶ 59 ("Jia Yueting was fully aware of the fact that his shell corporations listed

19   above had entered into this contract, and he directed his agents to sign this contract on behalf of his

20   shell corporations."); ¶ 65 ("Mr. Jia and Faraday Future were well aware of this prohibition on an

21   unauthorized use of the property as they are partners and affiliates with Le Technology.  Moreover,

22   Chaoying Deng and Dongge Jiang, the signatories to the lease on behalf of Le Technology and Le

23   Holdings, respectively, both held high-level positions at Faraday Future and Ocean View Drive, Inc.

24   Moreover, Jia Yueting founded all four companies and effectively ran all the companies."); ¶ 68

25   ("[Le Tech and Faraday], along with Ocean View Drive, Inc., frequently paid each other's expenses,

26   and were effectively treated as different arms of Mr. Jia Yueting's personal operations. Indeed, the

27   companies almost never even submitted invoices to each other for goods and services that they

28   procured for the other company, let alone make any payments to each other for said goods or

services."); ¶ 72 ("Mr. Jia not only used the corporate liability shield to protect his own assets from the ignoble dealings of his various companies, he also used accounting gimmicks, commingled assets between fictitiously distinct businesses, and allowed companies to swap goods and services without remuneration to allow individual businesses to shirk liability."); ¶ 87 ("It is clear that this is Jia Yueting's latest attempt to refuse to pay his just debts through corporate subterfuge.").

G.      The Second Cause of Action (Breach of the Implied Covenant of Good Faith and Fair Dealing) is asserted against the Debtor and "his alter-ego businesses," *Id.* ¶ 97, incorporates by reference all prior allegations in the Alter Ego Complaint, and is based on Han's further allegations, including that the Debtor "is liable for this claim as an alter ego of Le Technology and Le Holdings. In addition, Ocean View Drive is liable as an alter ego ...." *Id.* ¶ 104 at 31; *see also*, ¶ 99, 102.

H.      The Third Cause of Action (Fraud) is asserted against the Debtor and all other alter ego defendants, incorporates by reference all prior allegations in the Alter Ego Complaint, and is based on Han's further allegations regarding the Debtor's alleged "fictitiously-separate business entities," i.e., "... Le Technology, Faraday Future, Ocean View Drive, or any of the other dozens of corporations Mr. Jia has founded and controls," including the specific assertions that "Mr. Jia, via his alter ego Le Technology" entered into a lease agreement with Han's and, with respect to the Debtor's alleged misrepresentation, "Ocean View Drive is liable as an alter ego." *Id.* ¶¶ 113, 114, 115 120.

I.      The Fourth Cause of Action (Negligent Misrepresentation) is asserted against the Debtor and all other alter ego defendants, incorporates by reference all prior allegations in the Alter Ego Complaint, and is presented as an argument "in the alternative" to the prior fraud cause of action. *Id.* ¶ 122 at 35. Han's makes the further accusation that "Mr. Jia, through his corporate alter egos, prevented [Han's] from receiving [certain] contractual assurances ...." *Id.* ¶ 125 at 35.

J.      The Fifth Cause of Action (Negligence) is asserted against the Debtor and all other alter ego defendants, incorporates by reference all prior allegations in the Alter Ego Complaint, and is based on Han's further allegations regarding "Le Technology, as an alter ego of Mr. Jia" and relating to actions taken "for the benefit of Jia and his various alter egos."  *Id.* ¶ 128, 129 at 36.  As

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4

a result of the actions described in this Cause of Action, Han's alleges that it "is left untangling the dense web of shell corporations and alter egos Mr. Jia uses …." *Id.* ¶ 130 at 37.

K.    The Sixth Cause of Action (Intentional Interference with Contractual Relations) is asserted against the Debtor and all other alter ego defendants, but was dismissed by state court order sustaining Ocean View Drive's demurrer, and was later dismissed in its entirety by Han's.

L.    On January 24, 2020, Han's filed a Proof of Claim in this Chapter 11 Case [Claim No. 5-1] ("<u>Han's Claim</u>") "based on the allegations and claims set forth in the [Alter Ego C]omplaint," which is attached to the Han's Claim.  Han's Claim at 4, Debtor RFJN, Ex. "1".

M.    On April 23, 2020, the Debtor filed his *Debtor's Motion for Order (I) Confirming Third Amended Chapter 11 Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (Dated April 23, 2020)* [Docket No. 657] (the "<u>Confirmation Motion</u>").

N.    On May 21, 2020, the Court conducted a hearing regarding confirmation of the Plan and, the same day, issued its *Findings of Fact and Conclusions of Law Regarding Motion to Confirm Debtor's 3rd Amended Plan of Reorganization* [Docket No. 784] and *Order after Plan Confirmation Hearing* [Docket No. 785] (the "<u>Post-Confirmation Hearing Order</u>").

O.    The Court confirmed the Plan and granted the Confirmation Motion by its order entered on June 5, 2020 [Docket No. 810].  Among other provisions, the Plan states that

> [a]ll Persons or Entities who have held, hold, or may hold Claims … are permanently enjoined … from … commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, without limitation, any proceeding in a judicial … forum) against … the Debtor, or the Reorganized Debtor ….

Plan § 11.6(a) at 60 (the "<u>Plan Injunction</u>").

P.    Pursuant to section 362(a)(1) of the Bankruptcy Code, the commencement of a bankruptcy case "operates as a stay, applicable to all entities, of … the commencement or continuation … of a judicial … or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of a case under this title." 11 U.S.C. § 362(a)(1).  Pursuant to section 362(c)(2) of the Bankruptcy Code, in a chapter 11 case, the automatic

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

stay continues as to the debtor until the earliest of the time the case is closed, the case is dismissed, and the time a discharge is granted or denied.  11 U.S.C. § 362(c)(2).

Q. In California, alter ego is a procedural device. *Double Bogey, L.P. v. Enea*, 794 F.3d 1047, 1052 (9th Cir. 2015).  "[T]here is no such thing as a substantive alter ego claim at all." *Ahcom, Ltd. v. Smeding*, 623 F.3d 1248, 1251 (9th Cir. 2010) (citing *Hennessey's Tavern, Inc. v. American Air Filter Co.*, 204 Cal. App. 3d 1351, 1359 (1988)).  In other words, "An alter ego defendant has no separate primary liability to the plaintiff." *Hennessey's Tavern*, 204 Cal. App. 3d at 1358.

R. The continuation of an action against nondebtor entities alleged to be alter egos of a debtor is impermissible, even where the plaintiff evinces the intent not to pursue the debtor or the debtor is dismissed from the action. *See In re Torres*, 594 B.R. 890, 896-97 (Bankr. C.D. Cal. 2018).

S. The Reorganized Debtor's case has not been closed or dismissed, and the Reorganized Debtor's discharge is pending.  Accordingly, the automatic stay remains in effect as to the Reorganized Debtor.

The foregoing shall serve as the Court's findings of fact and conclusions of law.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. Han's is barred by the automatic stay and the Plan Injunction from pursuing alter ego claims against the Reorganized Debtor.

2. Han's shall dismiss all causes of action (a) asserted in the Fourth Amended Complaint with the exception of the First Cause of Action (Breach of Contract) and Second Cause of Action (Breach of the Implied Covenant of Good Faith and Fair Dealing) as to defendants Le Holdings and Le Technology (with which Han's has contractual privity); and (b) asserted in the Alter Ego Action with the exception of the First Cause of Action (Breach of Contract) as to defendants Le Holdings and Le Technology, not later than five (5) business days from the entry of this Order.

3. The Reorganized Debtor and Han's are authorized to take such additional steps as may be reasonably necessary to implement the terms of this Order.

DOCS_LA:332651.3 46353/003

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# # #

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:332651.3 46353/003

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA  90067

A true and correct copy of the foregoing document entitled: **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **September 25, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (*date*) September 25, 2020 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**VIA U.S. MAIL**
United States Bankruptcy Court
Central District of California
Attn: Hon. Vincent Zurzolo
Edward R. Roybal Federal Bldg./Courthouse
255 East Temple Street, Suite 1360
Los Angeles, CA  90012

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 25, 2020 | Myra Kulick | /s/ Myra Kulick |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                                    Page 2                          **F 9021-1.2.BK.NOTICE.LODGMENT**
DOCS_LA:332763.1 46353/003

## SERVICE INFORMATION FOR CASE NO. 2:19-bk-24804-VZ

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

- *Tanya Behnam    tbehnam@polsinelli.com, tanyabehnam@gmail.com;ccripe@polsinelli.com;ladocketing@polsinelli.com*
- *Jerrold L Bregman    ecf@bg.law, jbregman@bg.law*
- *Maria Cho    MCho@RobinsKaplan.com*
- *Jeffrey W Dulberg    jdulberg@pszjlaw.com*
- *Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com*
- *Stephen D Finestone    sfinestone@fhlawllp.com*
- *Richard H Golubow    rgolubow@wghlawyers.com, pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com*
- *Jared T. Green    , spappa@svglaw.com*
- *Robbin L. Itkin    ritkin@sklarkirsh.com, cbullock@sklarkirsh.com*
- *Mette H Kurth    mkurth@foxrothschild.com, mette-kurth-7580@ecf.pacerpro.com*
- *Dare Law    dare.law@usdoj.gov*
- *Ben H Logan    blogan@omm.com*
- *Robert S Marticello    Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com*
- *David W. Meadows    david@davidwmeadowslaw.com*
- *Kevin Meek    kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com*
- *John A Moe    john.moe@dentons.com, glenda.spratt@dentons.com*
- *Kelly L Morrison    kelly.l.morrison@usdoj.gov*
- *Matthew J Olson    olson.matthew@dorsey.com, stell.laura@dorsey.com*
- *Malhar S Pagay    mpagay@pszjlaw.com, bdassa@pszjlaw.com*
- *Diana M Perez    , diana-perez-7352@ecf.pacerpro.com*
- *Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com*
- *Victor A Sahn    vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com; cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com*
- *Randye B Soref    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com*
- *Benjamin Taylor    btaylor@taylorlawfirmpc.com*
- *Helena Tseregounis    helena.tseregounis@lw.com*
- *United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov*
- *Ryan A Witthans    rwitthans@fhlawllp.com*
- *Felix T Woo    fwoo@ftwlawgroup.com, admin@ftwlawgroup.com*
- *Claire K Wu    ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com*
- *Emily Young    pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com*
- *David B Zolkin    dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                          Page 3                          **F 9021-1.2.BK.NOTICE.LODGMENT**
DOCS_LA:332763.1 46353/003