Richard M. Pachulski (CA Bar No. 90073)
Jeffrey W. Dulberg (CA Bar No. 181200)
Malhar S. Pagay (CA Bar No. 189289)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone: 310/277-6910
Facsimile:  310/201-0760
E-mail: rpachulski@pszjlaw.com
         jdulberg@pszjlaw.com
         mpagay@pszjlaw.com

Attorneys for Reorganized Debtor

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>YUETING JIA,[1]<br><br>Reorganized Debtor. | Case No.: 2:19-bk-24804-VZ<br><br>Chapter 11<br><br>**REORGANIZED DEBTOR'S NOTICE OF MOTION AND MOTION FOR ORDER TO EXTEND TIME TO FILE CLAIM OBJECTIONS; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF YUETING JIA IN SUPPORT THEREOF**<br><br>Date: December 8, 2020<br>Time: 11:00 a.m.<br>Place: Courtroom 1368<br>      Edward R. Roybal Federal Building<br>      255 East Temple Street<br>      Los Angeles, California 90012<br>Judge: Honorable Vincent P. Zurzolo |

**PLEASE TAKE NOTICE** that, on December 8, 2020, at 11:00 a.m., or as soon thereafter as counsel may be heard before the Honorable Vincent P. Zurzolo, United States Bankruptcy Judge, Yueting Jia ("YT", the "Debtor", or "Reorganized Debtor", as applicable), the Reorganized Debtor in the above-captioned chapter 11 bankruptcy case (the "Chapter 11 Case"), will request entry of an order extending the deadline for filing objections to claims (the "Claim Objection Deadline"),

---

[1] The last four digits of the Reorganized Debtor's federal tax identification number are 8972. The Reorganized Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

DOCS_LA:333446.5 46353/003

initially established as December 23, 2020, pursuant to the *Third Amended Chapter 11 Plan of Reorganization for Yueting Jia (Dated March 17, 2020)* [Docket No. 464], as modified by the Confirmation Order (the "Plan")[2] for the reasons set forth herein (the "Motion").  The Motion seeks an order extending the last day to file objections to claims until April 22, 2021, which is one hundred twenty (120) days after the current Claim Objection Deadline established under the Plan.

Creditors have asserted billions of dollars in purported claims against the Reorganized Debtor's bankruptcy estate.  The Reorganized Debtor has been diligently reconciling such claims and has already filed a Notice of Undisputed Claims with the Court, as contemplated under the Plan, in order to indicate those amounts of creditors' claims that, to date, he agrees may be utilized for purposes of distribution.  However, the Reorganized Debtor recognizes that there is a possibility that he and his advisors may not complete the claims review process in time to file any needed objections by the current Claim Objection Deadline, particularly in light of his simultaneous work for Faraday Future.  Consequently and, in an abundance of caution, by this Motion, he is requesting an extension of the Claim Objection Deadline.  The Debtor reserves the right to seek additional extensions of the Claim Objection Deadline to the extent necessary and appropriate.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on and supported by this Notice of Motion and Motion, the annexed Memorandum of Points and Authorities and Declaration of Yueting Jia in support hereof, and the record in this Chapter 11 Case.

**PLEASE TAKE FURTHER NOTICE** that Local Bankruptcy Rule 9013-1(f)(1) requires that any response to the Motion be in writing, be filed with the Court and served upon counsel for the Reorganized Debtor at the address set forth in the upper left-hand corner of the first page hereof and the United States Trustee at least fourteen (14) days prior to the hearing regarding the Motion.  Pursuant to Local Bankruptcy Rule 9013-1(f)(3), the failure to timely file and serve a written opposition may be deemed by the Court to be consent to the granting of the relief requested in the Motion.

---

[2] Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Plan.

2

DOCS_LA:333446.5 46353/003

**WHEREFORE**, the Reorganized Debtor respectfully requests that the Court enter an Order (i) extending the Claim Objection Deadline until April 22, 2021, subject to the Reorganized Debtor's right to seek further extensions, and (ii) granting the Reorganized Debtor such other and further relief as it deems necessary and appropriate.

Dated:    November 17, 2020

PACHULSKI STANG ZIEHL & JONES LLP

By    */s/ Malhar S. Pagay*
       Richard M. Pachulski
       Jeffrey W. Dulberg
       Malhar S. Pagay

Attorneys for Reorganized Debtor

DOCS_LA:333446.5 46353/003

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## JURISDICTION

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this Case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Also, pursuant to paragraph U of the *Order Granting Motion to Confirm Third Amended Chapter 11 Plan of Reorganization for Yueting Jia (Dated March 17, 2020, Docket Entry #464) As Modified* [Docket No. 810] (the "Confirmation Order"), subject to certain exceptions, this Court "retain[ed] exclusive jurisdiction over all matters arising out of, or related to, the Chapter 11 Case and the Plan pursuant to sections 105(a) and 1142 of the Bankruptcy Code, including those matters set forth in Article XII of the Plan." Confirmation Order ¶ U. at 24. Paragraph XII.(o) of the Plan, in turn, allows this Court to "[i]ssue such orders as may be necessary or appropriate to aid in execution of the Plan or to maintain the integrity of the Plan following consummation, to the extent authorized by section 1142 of the Bankruptcy Code." Plan § XII.(o) at 65.

## II.

## STATEMENT OF FACTS

### A. Commencement of the Chapter 11 Case and the Claims Objection Deadline

The Debtor commenced this Chapter 11 Case on October 14, 2019. On June 5, 2020, the Court entered the Confirmation Order, confirming the Plan. Pursuant to the Plan, distributions to creditors, through a Credit Trust, are dependent upon the success of the mobility ecosystem company founded by the Debtor, Faraday Future. The Effective Date of the Plan occurred on June 26, 2020 [Docket No. 825].

Section 8.1 of the Plan states:

> Any objections to claims shall be served and filed on or before (a) the one-hundred eightieth (180th) day following the later of (i) the

4

> Effective Date and (ii) the date that a proof of claim is filed or amended or a Claim is otherwise asserted or amended in writing by or on behalf of a holder of such Claim, or (b) **such later date as may be fixed by the Bankruptcy Court**.

Plan § 8.1 at 41 (emphasis added).

## B. The Claims Against the Estate

As set described in the *Fourth Amended Disclosure Statement with Respect to Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 464] (the "Disclosure Statement"), the majority of the Reorganized Debtor's debts stem from his personal guarantees for businesses that he operated in the People's Republic of China. Specifically, the claims against YT fall into four general categories: (i) unsecured direct claims against YT, (ii) direct claims against YT secured by his assets in the PRC, (iii) claims against YT based on guarantees of unsecured loans to other entities, and (iv) claims against YT based on guarantees of loans to other entities secured by such entities' assets in the PRC.

YT scheduled approximately $1.21 billion in U.S. Secured Claims and China Secured Claims and approximately $2.61 billion in Debt Claims. *See* Schedule D and Schedule E/F [Docket No. 28]. Based on the Schedules and the filed proofs of claim, over $386 million in China Secured Claims and $8.6 billion in Debt Claims have been asserted against YT. *See* Disclosure Statement § II.B. at 16-17.

## C. Notice of Undisputed Amounts

On September 21, 2020, the Debtor filed his *Notice of (I) Undisputed Amounts; and (II) Deadline for Claimants to Complete and Submit Compliance Certificate in Order to Receive Trust Distribution* (the "Notice of Undisputed Amounts") [Docket No. 898]. Among other information, the Notice of Undisputed Amounts identifies fifty-six (56) claim amounts with which the Debtor has determined he has no objection.

## D. The Reorganized Debtor's Work in Support of Faraday Future

In addition to the on-going claims review and reconciliation process contemplated under the Plan, the Reorganized Debtor also has been focused on assisting Faraday Future with its search for the capital necessary to fund its operations through the next stages of product development and

5

manufacturing. The Reorganized Debtor's efforts in this regard are critical, since Faraday Future's success is integral to generating distributions to creditors through the creditor trust established pursuant to the Plan.

### III.

### **RELIEF REQUESTED**

By this Motion, the Reorganized Debtor seeks to extend the deadline to object to claims established under the Plan. The existing Claim Objection Deadline expires on December 23, 2020. The Reorganized Debtor seeks to extend the Claim Objection Deadline by an additional one hundred twenty (120) days, *i.e.,* until April 22, 2021.

Section 8.1 of the Plan expressly permits the Court to establish a Claims Objection Deadline later than 180 days after the Effective Date of the Plan. Bankruptcy Rule 9006(b) provides that the Court may "for cause shown at any time in its discretion" extend a deadline "if the request therefore is made before the expiration" of such deadline. Fed. R. Bankr. P. 9006(b)(1). Additionally, the Court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96-97 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Finally, section 105(a) of the Bankruptcy Code grants bankruptcy courts broad authority and discretion to take such actions and implement such procedures as are necessary to enforce the provisions of the Bankruptcy Code and/or its orders, including the enlargement of prescribed time periods and deadlines. 11 U.S.C. § 105(a).

The authority to extend the Claims Objection Bar Date is contemplated under the Plan and consistent with the Court's broad authority under sections 1142(b) and 105(a) of the Bankruptcy Code to issue orders necessary for the consummation of the Plan or to carry out the provisions of the Bankruptcy Code. *See Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d 602, 609 (2d Cir. 2007) ("Section 105(a) grants broad equitable power to the bankruptcy courts to carry out the provisions of the Bankruptcy Code so long as that power is exercised within the confines of the Bankruptcy Code."); *In re Oversight & Control Comm'n of Avanzit, S.A.*, 385 B.R. 525, 535 (Bankr. S.D.N.Y. 2008) ("The bankruptcy court retains jurisdiction under 11 U.S.C. § 1142(b) . . . and it has

DOCS_LA:333446.5 46353/003

'continuing responsibilities to satisfy itself that the [p]lan is being properly implemented.'") (internal citations omitted).

Courts should be liberal in granting extensions of time sought before the period to act has elapsed, as long as the moving party has not been guilty of negligence or bad faith and the privilege of extension has not been abused. 10 Lawrence P. King, *Collier on Bankruptcy* 9006.06[2] (15th ed. rev. 2007). As the current Claims Objection Deadline does not expire until December 23, 2020, this Motion is timely filed within the meaning of Bankruptcy Rule 9006(b). Further, this Motion is filed in good faith: although the Reorganized Debtor and his advisors have been diligent in their efforts to finalize their review of claims prior to the expiration of the Claim Objection Deadline, the Reorganized Debtor's attention to other matters integral to consummation of the Plan, such as Faraday Future's operations and fundraising, may leave him with insufficient opportunity to timely complete the claims reconciliation process, necessitating the extension requested in this Motion. The Reorganized Debtor believes that it would be prudent for him to continue to have the ability to object to claims, if necessary, once the claims review process is completed, in order to limit the claims pool to allowed, undisputed claims.

## IV.

## **CONCLUSION**

**WHEREFORE**, the Reorganized Debtor respectfully requests that the Court enter an order (a) extending the Claim Objection Deadline to April 22, 2021, with the right to request a further extension of the Claim Objection Deadline upon further motion and showing of good cause, and (b) granting the Reorganized Debtor such other and further relief as the Court deems appropriate.

Dated: November 17, 2020

PACHULSKI STANG ZIEHL & JONES LLP

By      */s/ Malhar S. Pagay*
        Richard M. Pachulski
        Jeffrey W. Dulberg
        Malhar S. Pagay

        Attorneys for Reorganized Debtor

7

DOCS_LA:333446.5 46353/003

**DECLARATION OF YUETING JIA**

I, Yueting Jia, declare as follows:

1. I am the reorganized debtor herein (the "Debtor").

2. This Declaration is submitted in support of the *Reorganized Debtor's Notice of Motion and Motion for Order to Extend Time to File Claim Objections* (the "Motion"). Capitalized terms utilized but not defined herein shall have the same meanings as set forth in the Motion.

3. Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge, my review of books and records, relevant documents and other information prepared or collected by my employees, advisors and representatives, or my opinion based on my experience. In making my statements based on my review of books and records, relevant documents and other information prepared or collected by my professionals, advisors and employees, I have relied upon these professionals, advisors and employees accurately recoding, preparing or collecting such documentation and other information.

4. I am not fluent in English. Accordingly, in the ordinary course of my business and personal affairs that require me to communicate in English either orally or in writing, I employ interpreters/translators who are fluent in both English and Chinese. I am utilizing such interpreters/translators in connection with matters that arise in connection with my Chapter 11 Case and intend to continue to do so. I have reviewed the Motion, as necessary, with the assistance of such interpreters/translators.

5. The majority of my debts stem from personal guarantees for businesses that I operated in the People's Republic of China (the "PRC"). Specifically, the claims against me fall into four general categories: (a) unsecured direct claims, (b) direct claims secured by my assets in the PRC, (c) claims based on guarantees of unsecured loans to other entities, and (d) claims based on guarantees of loans to other entities secured by such entities' assets in the PRC.

DOCS_LA:333446.5 46353/003

6. I scheduled approximately $1.21 billion in U.S. Secured Claims and China Secured Claims and approximately $2.61 billion in Debt Claims. Based on the Schedules and the filed proofs of claim, over $386 million in China Secured Claims and $8.6 billion in Debt Claims have been asserted against me.

7. On September 21, 2020, I filed the Notice of Undisputed Amounts, identifying fifty-six (56) claim amounts to which I have no objection.

*[Page intentionally left blank]*

DOCS_LA:333446.5 46353/003

8.　　In addition to the on-going claims review and reconciliation process contemplated under the Plan, I have been focused on assisting Faraday Future with its search for the capital necessary to fund its operations through the next stages of product development and manufacturing. My efforts in this regard are critical, since Faraday Future's success is integral to generating distributions to creditors through the creditor trust established pursuant to the Plan.

9.　　I therefore seek to extend the deadline to object to claims established under the Plan. The existing Claim Objection Deadline expires on December 23, 2020. I am seeking to extend the Claim Objection Deadline by an additional one hundred twenty (120) days, until April 22, 2021.

I declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the foregoing is true and correct to the best of my information, knowledge and belief.

.

Executed this 17th day of November, 2020 at Rancho Palos Verdes, California.

_____
Yueting Jia

DOCS_LA:333446.5 46353/003

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA  90067**

A true and correct copy of the foregoing document entitled (*specify*):  **REORGANIZED DEBTOR'S NOTICE OF MOTION AND MOTION FOR ORDER TO EXTEND TIME TO FILE CLAIM OBJECTIONS; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF YUETING JIA IN SUPPORT THERE**OF will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On (*date*) **November 17, 2020,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **November 17, 2020,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

> **VIA U.S. MAIL**
> United States Bankruptcy Court
> Central District of California
> Attn:  Hon. Vincent Zurzolo
> Edward R. Roybal Federal Bldg./Courthouse
> 255 East Temple Street, Suite 1360
> Los Angeles, CA  90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **November 17, 2020** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 17, 2020 | Rolanda Mori | /s/ *Rolanda Mori* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                                **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:327335.2 46353/002

## SERVICE INFORMATION FOR CASE NO. 2:19-bk-24804-VZ

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

- Tanya Behnam    tbehnam@polsinelli.com, tanyabehnam@gmail.com;ccripe@polsinelli.com;ladocketing@polsinelli.com
- Jerrold L Bregman    ecf@bg.law, jbregman@bg.law
- Maria Cho    MCho@RobinsKaplan.com
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Stephen D Finestone    sfinestone@fhlawllp.com
- Richard H Golubow    rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
- Jared T. Green    , spappa@svglaw.com
- Robbin L. Itkin    ritkin@sklarkirsh.com, cbullock@sklarkirsh.com
- Mette H Kurth    mkurth@foxrothschild.com, mette-kurth-7580@ecf.pacerpro.com
- Dare Law    dare.law@usdoj.gov
- Ben H Logan    blogan@omm.com
- Robert S Marticello    Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- David W. Meadows    david@davidwmeadowslaw.com
- Kevin Meek    kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
- John A Moe    john.moe@dentons.com, glenda.spratt@dentons.com;derry.kalve@dentons.com
- Byron Z Moldo    bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com
- Kelly L Morrison    kelly.l.morrison@usdoj.gov
- Matthew J Olson    olson.matt@dorsey.com, stell.laura@dorsey.com
- Malhar S Pagay    mpagay@pszjlaw.com, bdassa@pszjlaw.com
- Diana M Perez    , diana-perez-7352@ecf.pacerpro.com
- Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com;hbaig@lesnickprince.com
- Victor A Sahn    vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com
- Randye B Soref    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- Benjamin Taylor    btaylor@taylorlawfirmpc.com
- Helena Tseregounis    helena.tseregounis@lw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Ryan A Witthans    rwitthans@fhlawllp.com
- Felix T Woo    fwoo@ftwlawgroup.com, admin@ftwlawgroup.com
- Claire K Wu    ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com
- Emily Young    pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
- David B Zolkin    dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                                    **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:327335.2 46353/002