Richard M. Pachulski (CA Bar No. 90073)
Jeffrey W. Dulberg (CA Bar No. 181200)
Malhar S. Pagay (CA Bar No. 189289)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail: rpachulski@pszjlaw.com
       jdulberg@pszjlaw.com
       mpagay@pszjlaw.com

Suzzanne Uhland (CA Bar No. 136852)
Tianjiao ("TJ") Li (Admitted *Pro Hac Vice*)
LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022
Telephone: 212/906-1200
Facsimile: 212/751-4864
E-mail: suzzanne.uhland@lw.com
       tj.li@lw.com

Attorneys for Reorganized Debtor

**FILED & ENTERED**

**MAR 04 2021**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY carranza DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA -- LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No.: 2:19-bk-24804-VZ |
| YUETING JIA,[1] | Chapter 11 |
|              Reorganized Debtor. | **ORDER GRANTING DEBTOR'S DISCHARGE AND DETERMINING THE DISCHARGE DATE UNDER DEBTOR'S THIRD AMENDED PLAN OF REORGANIZATON UNDER CHAPTER 11 OF THE BANKRUTPCY CODE, AS MODIFIED** |
| | [Relates to Docket Nos. 924, 925, 926, 927, 928, 929, and 930] |
| | Date: March 2, 2021<br>Time: 11:00 a.m.<br>Place: 255 E. Temple St., Ctrm. 1368<br>       Los Angeles, CA 90012<br>Judge: The Honorable Vincent P. Zurzolo |

**IT APPEARING** that:

---

[1] The last four digits of the Reorganized Debtor's federal tax identification number are 8972. The Reorganized Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

DOCS_LA:336328.2 46353/003

A. Yueting Jia (the "Debtor" or "Reorganized Debtor"), the reorganized debtor in the above-captioned bankruptcy case, having filed and proposed the *Third Amended Chapter 11 Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 464] on March 17, 2020 (the "Third Amended Plan") and having filed the *Notice of Filing of Non-Adverse Modifications to Debtor's Third Amended Plan of Reorganization* [Docket No. 780] on May 20, 2020 (the "Plan Modifications") (the Third Amended Plan, as modified by the Plan Modifications and by the Post-Confirmation Hearing Order, the "Plan");

B. The Court having entered on June 5, 2020, its *Order Granting Motion to Confirm Third Amended Chapter 11 Plan of Reorganization for Yueting Jia (Dated March 17, 2020, Docket Entry #464) as Modified* [Docket No. 810] (the "Confirmation Order") confirming the Plan. Section K of the Confirmation Order sets forth preconditions to granting the Reorganized Debtor a discharge pursuant to section 1141(d)(5) of the Bankruptcy Code (the "Discharge Conditions");

C. The Court, having read and considered the *Reorganized Debtor's Notice of Motion and Motion for Entry of an Order Determining the Discharge Date Under Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, as Modified* [Docket No. 924] (the "Motion"),[2] and the evidence and arguments of counsel presented in connection therewith;

D. The Reorganized Debtor has satisfied the Discharge Conditions;

E. The Reorganized Debtor's notice of the Motion, the relief requested therein and the scheduled hearing thereon was appropriate and sufficient under the circumstances and no other notice need be provided;

F. No objections to the Motion were filed;

G. The Court having found that the relief requested in the Motion is in the best interests of the Reorganized Debtors' creditors and other parties in interest;

And after due deliberation and with good cause shown,

---

[2] Capitalized terms not defined herein shall have the same meanings ascribed to them in the Motion or the Plan.

DOCS_LA:336328.2 46353/003

**IT IS HEREBY ORDERED** that:

1. The Motion is GRANTED.

2. The Reorganized Debtor is granted a discharge pursuant to section 1141(d)(5) of the Bankruptcy Code.

3. The Discharge Date under the Confirmation Order is February 3, 2021 (the "Discharge Date").

4. Pursuant to section 1141(d) of the Bankruptcy Code and section 11.3 of the Plan, and except as otherwise specifically provided in the Plan, the distributions, rights, and treatment that are provided in the Plan will be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims against the Debtor of any nature whatsoever, whether known or unknown, or against the assets or properties of the Debtor that arose before the Discharge Date. Except as expressly provided in the Plan, on the Discharge Date, and pursuant to section 1141(d)(5)(A) of the Bankruptcy Code, entry of this Order shall be deemed to act as a discharge and release under section 1141(d)(1)(A) of the Bankruptcy Code of all Claims against the Debtor and his assets, arising at any time before the Discharge Date, regardless of whether a Proof of Claim was filed, whether the Claim is Allowed, or whether the holder of the Claim votes to accept the Plan or is entitled to receive a distribution under the Plan; *provided, however,* that in no event shall occurrence of the Discharge Date discharge the Debtor from any obligations remaining under the Plan as of the Discharge Date. Any default by the Debtor with respect to any Claim that existed immediately prior to or on account of the filing of the Chapter 11 Case shall be deemed cured on the Discharge Date.

5. Except as expressly provided in the Plan, any holder of a discharged Claim will be precluded from asserting against the Debtor or any of his assets any other or further Claim based on any document, instrument, act, omission, transaction, or other activity of any kind or nature that occurred before the Effective Date. Except as expressly provided in the Plan, pursuant to section 1141(d)(5)(A), this Order will be a judicial determination of discharge of all liabilities of the Debtor to the extent allowed under section 1141 of the Bankruptcy Code, and the Debtor will not be liable for any Claims and will only have the obligations that are specifically provided for in the Plan. Notwithstanding the foregoing, nothing contained in the Plan or the Confirmation Order shall

discharge the Debtor from any debt excepted from discharge under section 523 of the Bankruptcy Code by a Final Order.

      6.     The Bankruptcy Court shall retain exclusive jurisdiction to resolve any dispute arising from or relating to this Order.

# # #

Date: March 4, 2021

Vincent P. Zurzolo
United States Bankruptcy Judge

DOCS_LA:336328.2 46353/003