1  Richard M. Pachulski (CA Bar No. 90073)
   Jeffrey W. Dulberg (CA Bar No. 181200)
2  Malhar S. Pagay (CA Bar No. 189289)
   PACHULSKI STANG ZIEHL & JONES LLP
3  10100 Santa Monica Blvd., 13th Floor
   Los Angeles, California  90067
4  Telephone: 310/277-6910
   Facsimile:  310/201-0760
5  E-mail: rpachulski@pszjlaw.com
           jdulberg@pszjlaw.com
6          mpagay@pszjlaw.com

7  Suzzanne Uhland (CA Bar No. 136852)
   Tianjiao ("TJ") Li (admitted *pro hac vice*)
8  LATHAM & WATKINS LLP
   885 Third Avenue
9  New York, New York 10022
   Telephone: 212/906-1200
10 Facsimile:  212/751-4864
   E-mail: suzzanne.uhland@lw.com
11         tj.li@lw.com

12 Attorneys for Reorganized Debtor

13              **UNITED STATES BANKRUPTCY COURT**

14              **CENTRAL DISTRICT OF CALIFORNIA**

15                 **LOS ANGELES DIVISION**

16 In re:                              Case No.: 2:19-bk-24804-VZ

17 YUETING JIA,[1]                     Chapter 11

18                                     **REORGANIZED DEBTOR'S NOTICE OF**
                                       **FILING OF PLAN ARBITRATION**
19                Debtor.              **PROCEDURES PURSUANT TO THE**
                                       **DEBTOR'S THIRD AMENDED PLAN OF**
20                                     **REORGANIZATION UNDER CHAPTER 11**
                                       **OF THE BANKRUPTCY CODE, AS**
21                                     **MODIFIED**

22

23

24

25         **PLEASE TAKE NOTICE** that, on June 5, 2020, the Court entered its order [Docket. No.

26 810] (the "Confirmation Order"), confirming the *Debtor's Third Amended Plan of Reorganization*

27

28 ────────────────────
   [1] The last four digits of the Reorganized Debtor's federal tax identification number are 8972. The Reorganized Debtor's
   mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

*Under Chapter 11 of the Bankruptcy Code* [Docket No. 464] (as modified, the "Plan").[2]  On June 26, 2020, the Plan became effective.  On March 4, 2021, the Bankruptcy Court entered the *Order Granting Debtor's Discharge and Determining the Discharge Date Under Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, as Modified* [Docket No. 941].

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Plan and the Confirmation Order, all Plan-related disputes are required to be resolved under the Plan Arbitration Procedures,[3] a copy of which is attached hereto as **Exhibit 1**.

Dated: April 13, 2021                    PACHULSKI STANG ZIEHL & JONES  LLP

By    */s/Malhar S. Pagay*
      Richard M. Pachulski
      Jeffrey W. Dulberg
      Malhar S. Pagay

      Attorneys for Reorganized Debtor

---

[2] Capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Plan.

[3] The Plan defines "Plan Arbitration Procedures" as the confidential arbitration procedures for the resolution of all Plan-related disputes, including, without limitation, disputes related to the allowance or amount of any Late Filed Debt Claims arising between the Debtor, on the one hand, and the Trust, the Trustee, and/or the Creditor Trust Committee, on the other hand.

DOCS_LA:337312.1 46353/003

1

## __Exhibit 1__

**Plan Arbitration Procedures**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## PLAN ARBITRATION PROCEDURES

These Plan Arbitration Procedures (the "**Procedures**") are established in accordance with (i) the *Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code*, dated as of March 17, 2020 [Docket No. 464], as modified, with such modifications filed with the United States Bankruptcy Court for the Central District of California (the "**Court**") on May 20, 2020 [Docket No. 780] (as modified, the "**Plan**") of Yueting Jia, a natural person at 91 Marguerite Drive, Rancho Palos Verdes, CA (the "**Reorganized Debtor**" and, prior to June 26, 2020, the "**Debtor**"); (ii) the *Findings of Fact and Conclusions of Law Regarding Motion to Confirm Debtor's 3rd Amended Plan of Reorganization*, entered May 21, 2020 [Docket No. 784]; and (iii) *Order Granting Motion to Confirm Third Amended Chapter 11 Plan of Reorganization for Yueting Jia (Dated March 17, 2020, Docket Entry #464) as Modified*, entered June 5, 2020 [Docket No. 810] (the "**Confirmation Order**").  Capitalized terms not otherwise defined herein have the meanings given to them in the Plan.

## RECITALS

**WHEREAS**, on October 14, 2019, the Debtor, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, in the United States Bankruptcy Court for the District of Delaware, the venue of which was thereafter transferred to the Court;

**WHEREAS**, the Plan was confirmed by the Court pursuant to the Confirmation Order entered on June 5, 2020, and became effective on June 26, 2020;

**WHEREAS**, as set forth in the Plan and that certain Founding Future Creditors Trust Agreement, dated as of June 26, 2020 (the "**Trust Agreement**"), these Procedures are intended to facilitate the resolution of all Plan-related disputes, including, without limitation, (i) determining a holder's Debt Claim Allocation Amount (collectively, "**Claim Amount Disputes**"); (ii) items specified in the Plan; (iii) any suit, action, or other claims arising out of or based upon the Trust Agreement; and (iv) such other items as specified under the Trust Agreement (clauses (i) through (iv), the "**Plan Disputes**").[1]

**WHEREAS**, for the avoidance of doubt, these Procedures govern any Plan Dispute regardless of the underlying dispute and regardless of the identity of the parties to such dispute.

**WHEREAS**, to facilitate the resolution of the Claim Amount Disputes, such matters will be subject to a mandatory mediation process, the procedures of which are set forth below.

**WHEREAS**, in the event that the Applicable Mediation Parties (as defined below) do not reach settlement in mediation, such parties are required to commence an arbitration under these Procedures.

---

[1] Capitalized but undefined terms shall have the meanings ascribed to them in the Plan or the Trust Agreement, as applicable.

# ARTICLE I.
## INCORPORATION OF JUDICATE WEST PROCEDURES

Article 1.01    The Commercial Arbitration Rules of Judicate West ("**JW**") are incorporated by reference as if set forth fully herein, constitute the entirety of the Plan Arbitration Procedures, and shall govern any of the Plan Disputes, including the Claim Amount Disputes in the event that settlement is not reached in mediation.[2]

Article 1.02    In the event of a conflict between the Commercial Arbitration Rules of JW, one the one hand, and the Plan or the Trust Agreement, on the other hand, the Plan or the Trust Agreement, as applicable, shall govern and control in all respects.

# ARTICLE II.
## ARBITRATION FILING REQUIREMENTS

Article 2.01    Arbitration shall be initiated by the applicable party (each an "**Applicable Arbitration Party**" and collectively, the "**Applicable Arbitration Parties**") notifying and submitting a demand for arbitration (the "**Arbitration Demand**") to the opposing Applicable Arbitration Party.

Article 2.02    The Applicable Arbitration Party submitting the Arbitration Demand is the claimant (the "**Arbitration Claimant**"), and the opposing Applicable Arbitration Party is the respondent (the "**Arbitration Respondent**").

Article 2.03    Information to be included with an Arbitration Demand includes:

(a)    the name, address, telephone and fax numbers, and email addresses of the Arbitration Claimant;

(b)    the names, addresses, telephone and fax numbers, and email addresses of any attorney or other representative for the Arbitration Claimant;

(c)    the names, addresses, telephone and fax numbers, and email addresses of all parties asserted to be co-liable with the Reorganized Debtor (the "**Co-Liable Parties**") on any basis, including, without limitation, alter ego, veil piercing, guaranty, and direct liability;

(d)    a statement setting forth the Plan Dispute; and

(e)    all documents substantiating the Arbitration Demand.

Article 2.04    After the Arbitration Demand is submitted, the Applicable Arbitration Parties shall promptly remit payment to JW for their respective case management fees and shall proceed under the Commercial Arbitration Rules of JW.

---

[2] The rules can be found at https://www.judicatewest.com/DisplayPDFByName/253/ARBRules.  A copy of the rules is attached hereto as **Exhibit "A"**.

2

## ARTICLE III.
## ARBITRATION CONFIDENTIALITY

Article 3.01    In accordance with the Plan and the Trust Agreement, any arbitration commenced under these Procedures shall be conducted on a confidential basis.  The Applicable Arbitration Parties shall keep confidential: (i) the fact that any arbitration occurred; (ii) any awards awarded in the arbitration; (iii) all materials used, or created for use in the arbitration; and (iv) all other documents produced by another Applicable Arbitration Party in the arbitration and not otherwise in the public domain, except, with respect to each of the foregoing, to the extent that disclosure may be legally required (including to protect or pursue a legal right or to seek an extension of the deadline for filing objections to claims) or necessary to enforce or challenge an arbitration award before a court or other judicial authority.

## ARTICLE IV.
## MANDATORY MEDIATION OF CLAIM AMOUNT DISPUTES

Article 4.01    In General.  To facilitate the resolution of the Claim Amount Disputes, such matters will be subject to a mandatory mediation process, the procedures of which are set forth herein below.

Article 4.02    Mediator.  There shall be one mediator (the "**Mediator**") who shall be the Honorable Mitchel Goldberg (ret.) or other person agreed upon by the applicable parties (each an "**Applicable Mediation Party**" and collectively, the "**Applicable Mediation Parties**") in the applicable Claim Amount Dispute to be mediated (the "**Applicable Mediation Matter**").

Article 4.03    Amendment of Mediation procedures.  The Applicable Mediation Parties, by written agreement, may vary the Procedures set forth herein for the Applicable Mediation Matter.  After appointment of the Mediator, such modifications may be made only with the consent of the Mediator.

Article 4.04    Mediation Confidentiality.

(a)    In General.  In accordance with the Plan and the Trust Agreement, any mediation commenced under these Procedures shall be conducted on a confidential basis.  No written or oral communication made, or any document presented, by any party, attorney, Mediator, or other participant in connection with or during any mediation conference ("**Mediation Conference**"), including the written mediation statements ("**Mediation Statements**") referred to in **Article 4.08** below, may be disclosed to anyone not involved in the Mediation Conference, nor may any such communication be used in any pending or future proceeding in this Court or any other court.  All such communications and documents shall be subject to all of the protections afforded by Fed. R. Bankr. P. 7068 and Rule 408 of the Federal Rules of Evidence.  Such communications may be disclosed, however, if the Applicable Mediation Parties and the Mediator agree in writing to such disclosure.  In addition, nothing contained herein shall be construed to prohibit the Applicable Mediation Parties from entering into written agreements resolving some or all of the Applicable Mediation Matter, or entering into or filing procedural or factual stipulations based on suggestions or agreements made in connection with a Mediation Conference.  For the avoidance of doubt, the Reorganized Debtor shall be entitled to disclose the fact that an Applicable Mediation Matter has

3

been initiated or is ongoing for the purposes of seeking an extension of the deadline for filing objections to claims.

(b)      Non-Confidentiality of Otherwise Discoverable Evidence.  Notwithstanding the foregoing, nothing herein shall require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of a Mediation Conference.

(c)      Written Confidentiality Agreement Required.  The Applicable Mediation Parties and the Mediator shall enter into a written confidentiality agreement in the form provided by JW.

(d)      Effect of Written Settlement Agreement on Confidentiality.  A written settlement agreement prepared in the course of a Mediation Conference is not made inadmissible or protected from disclosure if the agreement is signed by counsel to the Applicable Mediation Parties and either of the following conditions are satisfied:

(i)      The agreement provides that it is admissible or subject to disclosure, or words to that effect; or

(ii)      The agreement provides that it is enforceable or binding or words to that effect.

(e)      Confidentiality of Suggestions and Recommendations of Mediator.  The Mediator shall have no obligation to make any written suggestions or recommendations but may, as a matter of discretion, provide counsel to the Applicable Mediation Parties with a written settlement recommendation memorandum.  No copy of any such memorandum shall be filed with the Court or made available, in whole or in part, directly or indirectly, to the Honorable Vincent P. Zurzolo (the "**Judge**").

Article 4.05      Mediation Filing Requirements.

(a)      If a holder of an Allowed Debt Claim disputes the Debt Claim Allocation Amount established by the Reorganized Debtor, no later than fourteen (14) days after being notified of the Reorganized Debtor's determination of such Debt Claim Allocation Amount, such holder shall notify and submit a demand for mediation (the "**Mediation Demand**") to counsel to the Reorganized Debtor:

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California  90067
Attn:      Richard M. Pachulski; Malhar S. Pagay
Email:      rpachulski@pszjlaw.com; mpagay@pszjlaw.com

- and -

LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022

Attn:      Suzzanne Uhland; Tianjiao ("TJ") Li
Email:     suzzanne.uhland@lw.com; tj.li@lw.com

with a copy of such Mediation Demand to the Mediator:

Hon. Mitchel R. Goldberg (ret.)
Judicate West
1851 East First Street, Suite 1600
Santa Ana, California 92705
Attn:      Heidi Adams
Email:     heidi@judicatewest.com

with a copy of such Mediation Demand to the Trustee and his counsel:

LOWENSTEIN SANDLER LLP
One Lowenstein Drive
Roseland, NJ 07068
Attn:      Jeffrey D. Prol; Andrew Behlmann; Jeremy Merkin
Email:     jprol@lowenstein.com; abehlmann@lowenstein.com;
              jmerkin@lowenstein.com

If the holder of an Allowed Debt Claim fails to timely serve a Mediation Demand, the Reorganized Debtor's determination of such holder's Debt Claim Allocation Amount shall be final and conclusive for all purposes, including, without limitation, the allowance of such holder's Allowed Claim and the amount of such holder's distribution from the Creditors Trust.

(b)     The Applicable Mediation Party submitting the Mediation Demand is the claimant (the "**Mediation Claimant**"), and the opposing Applicable Mediation Party is the respondent (the "**Mediation Respondent**").

(c)     Information to be included with a Mediation Demand includes:

(i)     the name, address, telephone and fax numbers, and email addresses of the Mediation Claimant;

(ii)     the names, addresses, telephone and fax numbers, and email addresses of any attorney or other representative for the Mediation Claimant;

(iii)     the names, addresses, telephone and fax numbers, and email addresses of all Co-Liable Parties;

(iv)     a statement setting forth the basis for the Debt Amount Dispute; and

(v)     all documents substantiating the Mediation Demand.

(d)     The Mediation Claimant shall simultaneously provide a copy of the Mediation Demand and any supporting documents to the Mediator.

(e)       After the Mediation Demand is submitted, the Applicable Mediation Parties shall promptly remit payment to JW for their respective case management and Mediator fees.

(f)       If the Mediator returns a Mediation Demand to the Mediation Claimant due to filing deficiencies, and the Mediation Claimant does not cure all of such deficiencies in a revised Mediation Demand submitted to the Applicable Mediation Parties and Mediator within fourteen (14) days of the return of such filing, the Reorganized Debtor's determination of such Mediation Claimant's Debt Claim Allocation Amount shall be final and conclusive for all purposes, including, without limitation, the allowance of such holder's Allowed Claim and the amount of such holder's distribution from the Creditors Trust.

Article 4.06    Mediation Conference Scheduling.  Within fourteen (14) days of receipt of the Mediation Demand, the Mediator shall give notice to the Applicable Mediation Parties of the date, time and place for the Mediation Conference.  The date for the Mediation Conference may be continued upon written stipulation between the Mediator and the Applicable Mediation Parties.

Article 4.07    Participation of Co-Liable Parties In Mediation.  The Reorganized Debtor or the Mediator may request that all Co-Liable Parties be included in mediation, and such parties shall become Applicable Mediation Parties.

Article 4.08    Mediation Statements.

(a)       Each Applicable Mediation Party shall submit a Mediation Statement directly to the Mediator and to the other Applicable Mediation Parties no less than seven (7) days prior to the date of the initial Mediation Conference, unless modified by the Mediator.

(b)       Mediation Statements shall not exceed thirty (30) pages, excluding exhibits and attachments.  If exhibits and attachments exceed forty (40) pages, then the Applicable Mediation Party shall submit a hard copy to the Mediator at the address set forth in the mediation letter.

(c)       Mediation Statements shall be subject to all of the protections afforded by the confidentiality provisions contained herein, by Rule 408 of the Federal Rules of Evidence, and by Fed. R. Bankr. P. 7068.

(d)       The Mediation Statements shall not be filed with the Court, and the Judge shall not have access to them.  In addition, the phrase "**CONFIDENTIAL—NOT TO BE FILED WITH THE COURT**" shall be typed on the first page of the Mediation Statements.

(e)       Mediation Statements must:

(i)       Identify the person(s), in addition to counsel, who will attend the Mediation Conference as representative(s) of the Applicable Mediation Party, who have authority to make decisions;

(ii)      Describe briefly the substance of the dispute;

(iii)     Address any legal or factual issue(s) that might appreciably reduce the scope of the dispute or contribute significantly to settlement;

(iv)    Identify the discovery, if any, that could contribute most to preparing the parties for meaningful discussions;

(v)    Set forth the history of past settlement discussions, including disclosure of any prior and any presently outstanding offers and demands; and

(vi)    Attach copies of the document(s) from which the dispute has arisen (e.g., contracts), or the document(s) whose availability would materially advance the purposes of the Mediation Conference.

(f)    Applicable Mediation Parties may identify in the Mediation Statements the person(s) connected to an Applicable Mediation Party (including a representative of an Applicable Mediation Party) whose presence at the Mediation Conference would substantially improve the prospects for making the session productive.

(g)    Each Applicable Mediation Party may submit directly to the Mediator, for his or her eyes only, a separate confidential Mediation Statement describing any additional interests, considerations, or matters that the party would like the Mediator to understand before the Mediation Conference begins.  Such Mediation Statements shall not exceed ten (10) pages, excluding exhibits and attachments, unless such compliance is excused by the Mediator.

Article 4.09    Mandatory Attendance at Mediation Conference.    Counsel to each Applicable Mediation Party who is primarily responsible for the Applicable Mediation Matter shall personally attend the Mediation Conference and any adjourned session(s) of that conference, unless excused by the Mediator for cause.  Counsel to each Applicable Mediation Party shall come prepared to discuss all liability issues, all damage issues, and the position of the Applicable Mediation Party relative to settlement, in detail and in good faith.

Article 4.10    Consequences of Failure to Attend Mediation Conference and Other Violations of Mediation Procedures.    Willful failure to attend the Mediation Conference and/or other violations of the Procedures may be reported to the Judge by the Mediator and may result in the imposition of sanctions by the Judge.

Article 4.11    Conduct at the Mediation Conference.    The Mediation Conference shall proceed informally.  Rules of evidence shall not apply.  There shall be no formal examination or cross examination of witnesses.  The Mediator may conduct continued Mediation Conferences after the initial session where necessary.

Article 4.12    Suggestions and Recommendations of Mediator.    If the Mediator makes any oral or written suggestions as to the advisability of a change in any Applicable Mediation Party's position with respect to settlement, the attorney for that party shall promptly transmit that suggestion to the client.  The Mediator shall have no obligation to make an written comments or recommendations, but may, as a matter of discretion, provide the Applicable Mediation Parties with a written settlement recommendation memorandum. No copy of any such memorandum shall be filed with the Court or made available in whole or in part directly or indirectly, to the Judge.

Article 4.13    Interpretation and Application of Mediation Procedures.    The Mediator shall interpret and apply these rules.

Article 4.14    Administrative Mediation Conference.    At the request of any Applicable Mediation Party or upon the Mediator's own initiative, the Mediator may conduct an administrative conference, in person or by telephone, with the Applicable Mediation Parties and/or their representatives.    The conference may address such issues as mediation of the dispute, potential exchange of information, a timetable for Mediation Conferences, and any other administrative matters.

Article 4.15    Fixing of Locale.

(a)    Under the present circumstances created by the COVID-19 pandemic and in light of the various health recommendations, the mediation may take place virtually using both telephonic and videoconferencing solutions, such as Zoom.

(b)    The Mediator, at the Mediator's sole discretion, shall have the authority to conduct special conferences using telephonic and videoconferencing solutions for document production purposes or otherwise if reasonably necessary and beneficial to the process.

(c)    When COVID-19 no longer endangers the health of the Applicable Mediation Parties and the Mediator, the mediation may be held in person in Santa Ana, California, or a location mutually agreed upon by the Applicable Mediation Parties and the Mediator.

Article 4.16    Communication with Mediator.    Other than what is provided for in other **Articles**, no Applicable Mediation Party and no one acting on behalf of any Applicable Mediation Party shall communicate ex parte with the Mediator or a candidate for Mediator concerning the mediation, except that an Applicable Mediation Party, or someone acting on behalf of an Applicable Mediation Party, may communicate ex parte with a candidate for direct appointment in order to advise the candidate of the general nature of the controversy and of the anticipated proceedings and to discuss the candidate's qualifications, availability, or independence in relation to the Applicable Mediation Parties.    For the avoidance of doubt, **Article 4.16** shall not apply to ex parte communications initiated by the Mediator to any Applicable Mediation Party to discuss the issues presented either in a pre-mediation conference call or after a Mediation Conference in furtherance of the Mediator's efforts to help the Applicable Mediation Parties achieve a potential resolution of the Applicable Mediation Matter.

Article 4.17    Interpreters.    Any party wishing an interpreter shall make all arrangements directly with the interpreter and shall assume the costs of the service.

Article 4.18    Postponements.    The Mediator may postpone a conference upon agreement of the Applicable Mediation Parties, upon request of an Applicable Mediation Party for good cause shown, or upon the Mediator's own initiative.

Article 4.19    Extensions of Time.    The Applicable Mediation Parties may modify any period of time by mutual agreement.    The Mediator may for good cause extend any period of time established by these rules.    The Mediator shall notify the Applicable Mediation Parties of any extension.

Article 4.20    Fees.    All fees of the Mediator shall be borne equally by the Applicable Mediation Parties, unless they agree otherwise.

Article 4.21    Mediator's Compensation.

(a)    The Mediator shall be compensated at a rate consistent with the Mediator's stated rate of compensation.

(b)    If there is disagreement concerning the terms of compensation, an appropriate rate shall be established with the Mediator by JW and confirmed to the Applicable Mediation Parties.

Article 4.22    Deposits.

(a)    JW may require the Applicable Mediation Parties to deposit in advance of any Mediation Conference such sums of money as it deems necessary to cover the expense of the mediation, including the Mediator's fees, if any, and shall render an accounting to the Applicable Mediation Parties and return any unexpended balance at the conclusion of the case.

(b)    Other than in cases where the Mediator serves for a flat fee, deposit amounts requested will be based on estimates provided by the Mediator.  The Mediator will determine the estimated amount of deposits using the information provided by the Applicable Mediation Parties with respect to the complexity of each Applicable Mediation Matter.

(c)    Upon the request of an Applicable Mediation Party, JW shall request from the Mediator an itemization or explanation for the Mediator's request for deposits.

**Exhibit "A"**

**Judicate West Commercial Arbitration Rules**

REVISED AS OF
MARCH 2014

# JUDICATE WEST

# COMMERCIAL ARBITRATION RULES



*Results Beyond Dispute*℠

# JUDICATE WEST
# COMMERCIAL ARBITRATION RULES

**RULE 1.**    **INTENT AND OVERVIEW** ........................................................................................ 1

RULE 1.A.    INTENT .................................................................................................................. 1

RULE 1.B.    COMMITMENT TO EFFICIENT RESOLUTION OF DISPUTES ........................................ 1

**RULE 2.**    **JURISDICTION** ..................................................................................................... 1

RULE 2.A.    GENERAL ............................................................................................................... 1

RULE 2.A.1    WHEN THESE RULES WILL APPLY ........................................................................... 1

RULE 2.A.2    ARBITRATION PURSUANT TO OTHER RULES OR LAWS ............................................ 1

RULE 2.A.3    MODIFICATION OF RULES AND RESOLUTION OF CONFLICTS .................................... 1

RULE 2.A.4    INTERPRETATION AND APPLICATION OF THE RULES ................................................ 2

RULE 2.B.    PRE-DISPUTE ARBITRATION AGREEMENT ................................................................ 2

RULE 2.B.1    DISPUTE RESOLUTION THROUGH ARBITRATION ...................................................... 2

RULE 2.B.2    MULTI-STEP DISPUTE RESOLUTION PROCESS ........................................................ 2

RULE 2.C.    POST-DISPUTE ARBITRATION AGREEMENT .............................................................. 2

RULE 2.D.    JUDICATE WEST IS NOT GIVING LEGAL ADVICE ...................................................... 3

RULE 2.E.    DELEGATION AND CHALLENGES TO JURISDICTION .................................................. 3

RULE 2.E.1    DELEGATION OF POWERS AND RESPONSIBILITIES .................................................. 3

RULE 2.E.2    DISPUTES ABOUT ARBITRATOR JURISDICTION AND ARBITRABILITY ......................... 3

RULE 2.E.3    TIME FOR CHALLENGING ARBITRATOR JURISDICTION .............................................. 3

**RULE 3.**    **COMMUNICATION** ................................................................................................ 3

RULE 3.A.    NOTICES AND COMMUNICATIONS ........................................................................... 3

RULE 3.B.    DATE OF RECEIPT OF COMMUNICATIONS ............................................................... 4

**RULE 4.**    **COMMENCING THE ARBITRATION PROCESS** ........................................................ 4

RULE 4.A.    REPRESENTATION BY COUNSEL .............................................................................. 4

RULE 4.B.    AGREED SUBMISSION OF DISPUTE ......................................................................... 4

RULE 4.C.    INITIATING ARBITRAL PROCEEDINGS ...................................................................... 4

RULE 4.C.1    NOTICE OF INTENT TO ARBITRATE ......................................................................... 4

RULE 4.C.2    REQUIRED INFORMATION FOR NOTICE ................................................................... 4

RULE 4.C.3    COMMENCING THE PROCEEDING WITH JUDICATE WEST ......................................... 5

RULE 4.C.4    DATE ARBITRATION COMMENCES .......................................................................... 5

RULE 4.C.5    AMENDING A CLAIM ............................................................................................... 5

RULE 4.D.    RESPONDING TO A CLAIM OR COUNTERCLAIM ....................................................... 5

RULE 4.D.1    TIME FOR FILING A RESPONSE OR A REPLY ........................................................... 5

RULE 4.D.2    ASSERTING A COUNTERCLAIM ............................................................................... 5

RULE 4.D.3    REQUIRED INFORMATION FOR A COUNTERCLAIM ................................................... 5

RULE 4.D.4    AMENDING A COUNTERCLAIM ............................................................................... 5

# JW Commercial Arbitration Rules

| | | |
|---|---|---|
| **RULE 5.** | **SELECTING AND CHALLENGING AN ARBITRATOR** | 6 |
| RULE 5.A. | SELECTING AN ARBITRATOR | 6 |
| RULE 5.A.1 | ARBITRATORS ARE INDEPENDENT AND IMPARTIAL | 6 |
| RULE 5.A.2 | NUMBER OF ARBITRATORS | 6 |
| RULE 5.A.3 | PROCESS FOR SELECTING AN ARBITRATOR | 6 |
| RULE 5.A.4 | ACCEPTANCE BY THE ARBITRATOR | 7 |
| RULE 5.B. | REPLACING OR CHALLENGING AN ARBITRATOR | 7 |
| RULE 5.B.1 | ARBITRATOR'S LIMITED CONTINUING DISCLOSURES | 7 |
| RULE 5.B.2 | WHEN AN ARBITRATOR MAY BE CHALLENGED | 7 |
| RULE 5.B.3 | PROCESS FOR CHALLENGING AN ARBITRATOR | 7 |
| RULE 5.B.4 | ARBITRATOR MAY BE REPLACED FOR FAILURE TO PERFORM | 8 |
| **RULE 6.** | **COMMUNICATIONS WITH AN ARBITRATOR** | 8 |
| RULE 6.A. | NO EX PARTE COMMUNICATIONS | 8 |
| RULE 6.B. | FILING PAPERS WITH THE ARBITRATOR | 8 |
| **RULE 7.** | **CASE MANAGEMENT CONFERENCE** | 9 |
| RULE 7.A. | INITIAL CASE MANAGEMENT CONFERENCE | 9 |
| RULE 7.B. | ADDITIONAL CASE MANAGEMENT CONFERENCES | 9 |
| RULE 7.B.1 | REQUESTING AN ADDITIONAL CASE MANAGEMENT CONFERENCE | 9 |
| RULE 7.B.2 | HEARING PROCEDURE | 9 |
| RULE 7.B.3 | PROCESS NOT APPLICABLE IF IRREPARABLE HARM | 10 |
| **RULE 8.** | **DISCOVERY** | 10 |
| RULE 8.A. | INFORMAL EXCHANGE OF INFORMATION | 10 |
| RULE 8.A.1 | MANDATORY INFORMAL EXCHANGE OF NON-PRIVILEGED INFORMATION | 10 |
| RULE 8.A.2 | CONTINUING OBLIGATION TO UPDATE INFORMATION | 10 |
| RULE 8.B. | ADDITIONAL DISCOVERY | 10 |
| RULE 8.B.1 | WRITTEN DISCOVERY | 10 |
| RULE 8.B.2 | DEPOSITIONS | 11 |
| RULE 8.B.3 | REQUESTS FOR ADMISSIONS | 11 |
| RULE 8.B.4 | EXPERT DISCOVERY | 11 |
| RULE 8.B.5 | WITNESS SUBPOENAS | 11 |
| RULE 8.C. | ARBITRATOR WILL RESOLVE ALL DISCOVERY DISPUTES | 11 |
| RULE 8.D. | CONFIDENTIALITY | 11 |
| **RULE 9.** | **MOTIONS** | 12 |
| RULE 9.A. | MEET AND CONFER | 12 |
| RULE 9.B. | CASE MANAGEMENT CONFERENCE (CMC) | 12 |
| RULE 9.C. | FORMAL MOTIONS | 12 |
| RULE 9.D. | HEARING ON THE MOTION(S) | 12 |
| RULE 9.E. | ARBITRATOR'S DECISION | 12 |

# JW COMMERCIAL ARBITRATION RULES

**RULE 10.    MEDIATION OR SETTLEMENT DISCUSSIONS** ..................................... 12

RULE 10.A.    ARBITRATOR WILL NOT BE INVOLVED IN SETTLEMENT DISCUSSIONS ............ 13

RULE 10.B.    CONSENT AWARD .......................................................... 13

**RULE 11.    ARBITRATION READINESS CONFERENCE** ................................. 13

**RULE 12.    ARBITRATION HEARING** ................................................ 13

RULE 12.A.    ORDER OF PROOF .......................................................... 13

RULE 12.B.    APPLICABLE LAW .......................................................... 14

RULE 12.C.    RULES OF EVIDENCE ....................................................... 14

RULE 12.C.1    PRIVILEGE ............................................................... 14

RULE 12.C.2    USE OF DECLARATIONS, AFFIDAVITS, TELEPHONE OR VIDEO TESTIMONY ...... 14

RULE 12.C.3    TESTIMONY OF WITNESSES ............................................... 14

RULE 12.C.4    EXCLUSION OF WITNESSES ............................................... 14

RULE 12.D.    TIME LIMITS ............................................................. 14

RULE 12.E.    POSTPONEMENT OF HEARINGS ............................................. 14

RULE 12.F.    FAILURE OF A PARTY TO APPEAR AT THE HEARING ......................... 15

RULE 12.G.    CLOSING THE HEARING .................................................... 15

RULE 12.H.    RE-OPENING THE HEARING ................................................ 15

**RULE 13.    REMEDIES AND AWARDS** .............................................. 15

RULE 13.A.    REMEDIES DURING THE ARBITRAL PROCEEDINGS .......................... 15

RULE 13.B.    FINAL AWARD ............................................................. 15

RULE 13.B.1    ISSUANCE OF THE AWARD ................................................ 15

RULE 13.B.2    ANY APPROPRIATE REMEDY OR RELIEF ALLOWED ........................ 16

RULE 13.B.3    INTEREST ............................................................... 16

RULE 13.B.4    DETERMINATION OF PREVAILING PARTY .................................. 16

RULE 13.B.5    CORRECTION OF AN AWARD ............................................. 16

RULE 13.B.6    FINALITY OF AWARD .................................................... 16

RULE 13.B.7    FILING OF AWARD ...................................................... 16

RULE 13.C.    POST AWARD PROCEEDINGS ............................................. 17

RULE 13.D.    PENALTIES FOR FAILURE TO COMPLY WITH RULES AND PROVISIONS ......... 17

RULE 13.D.1    FAILURE TO COMPLY ................................................... 17

RULE 13.D.2    WAIVER OF OBJECTIONS ................................................ 17

**RULE 14.    DEPOSITS** .......................................................... 17

RULE 14.A.    FAILURE TO MAKE SUFFICIENT DEPOSITS ................................ 17

RULE 14.B.    RETURN OF UNUSED DEPOSITS ........................................... 17

RULE 14.C.    RETURN OR DESTRUCTION OF DOCUMENTS AFTER HEARING ............... 17

# JW COMMERCIAL ARBITRATION RULES

## RULE 1.  INTENT AND OVERVIEW

### Rule 1.A.  Intent

The Judicate West  ("JW") Commercial Arbitration Rules (the "Rules") (Rev. March 2014) are designed to promote a just, speedy, economical and enforceable resolution of disputes through the use of arbitration. "Arbitrator", as used through these rules refers to a single arbitrator or a panel of arbitrators, depending upon the context.  JW Arbitrators render a decision or award based upon the evidence presented and the applicable law.

### Rule 1.B.  Commitment to Efficient Resolution of Disputes

The JW Rules for commercial arbitration are designed to provide principled resolution of disputes between all parties.  These Rules require the parties and the arbitrator to use their best efforts to submit the dispute for decision within six months after the initial case management conference ("CMC"), and make the final award within one month after the close of the arbitration hearing.  Counsel for the parties and the parties themselves are expected to cooperate fully with the arbitrator and with each other so that the arbitral proceedings will be conducted with civility and efficiency.  Working with the parties' counsel to avoid unreasonable cost and delay, discovery will be shaped by the arbitrator to appropriately fit the circumstances of the case.

## RULE 2.  JURISDICTION

### Rule 2.A.  General

### Rule 2.A.1  When These Rules Will Apply

When a contract between the parties states that the JW Commercial Arbitration Rules will be used to resolve disputes between the parties, or a contract provides for disputes to be resolved through arbitration by JW without specifying the rules to be utilized, or a contract does not state how disputes will be resolved and the parties agree to modify their agreement to provide for arbitration by JW, or two or more parties without a written contract between them agree to submit their dispute for resolution through arbitration by JW, then these Rules, with any written modifications agreed to by the parties and approved by the arbitrator, will apply.  The arbitral proceedings will be conducted in accordance with these Rules, as they exist at the time arbitration is initiated (See Rule 4.C.4 Date Arbitration Commences).

### Rule 2.A.2  Arbitration Pursuant to Other Rules or Laws

When a contract specifies that a dispute between the parties will be resolved pursuant to rules or laws other than these JW Commercial Arbitration Rules, or the parties agree to an arbitration process pursuant to rules or laws other than these JW Commercial Arbitration Rules, then JW will administer the arbitration pursuant to the rules or laws designated in the contract or selected by the parties.  However, the parties may at any time before the commencement of the initial CMC (Rule 7.A.) elect in writing to have these Rules apply.

### Rule 2.A.3  Modification of Rules and Resolution of Conflicts

The parties, with the approval of the arbitrator, may establish their own arbitration rules, or modify in writing any aspect of the governing rules. The rules chosen by the parties will govern the conduct of the arbitral proceedings, unless any of the rules conflict with a mandatory provision of applicable law, in which event that provision of law will prevail.  If these Rules, or any other rules specified or agreed to by the parties, fail to address any issue(s) that arise(s) during any phase of the arbitral proceedings, the arbitrator will determine the procedure to quickly and efficiently resolve the issue(s).

### Rule 2.A.4  Interpretation and Application of the Rules

The arbitrator will resolve disputes about the interpretation and applicability of these Rules, including those related to the arbitrator's powers and duties.  The resolution of issues by the arbitrator will be final.

### Rule 2.B.  Pre-dispute Arbitration Agreement

The parties may incorporate the JW Rules into an agreement when the contract is being drafted (or at any time before a dispute arises).  The parties may specify in their agreement whether they wish to agree to arbitration or a multi-step dispute resolution process utilizing mediation and arbitration by including one of the following pre-dispute clauses or any similar language:

### Rule 2.B.1  Dispute Resolution Through Arbitration

*Any dispute, claim or controversy arising out of or relating to this contract, including the scope, interpretation, breach or validity thereof, will be resolved by binding arbitration administered by JW, in accordance with the JW Commercial Arbitration Rules, by (a sole arbitrator) [or] (a panel of three arbitrators).  Judgment on the award rendered by the arbitrator(s) may be entered by any court having jurisdiction.  The place of the arbitration will be (city, state).*

### Rule 2.B.2  Multi-Step Dispute Resolution Process

*Any dispute, claim or controversy arising out of or relating to this contract, including the scope, interpretation, breach or validity thereof, will be administered by JW in [insert city or county for dispute resolution] and resolved pursuant to this multi-step Dispute Resolution process.*

*As a first step, the parties will engage in non-binding mediation.  The parties agree to split the fees and costs of the mediation equally.  If the parties cannot agree on a Mediator within 14 calendar days of requesting mediation, the Mediator will be selected in the same manner in which an arbitrator is selected (Rule 5, et seq.).  The mediation will be completed within 60 days of the selection of the Mediator unless otherwise agreed upon by the parties in writing.  The mediation will be conducted pursuant to, and governed by, California Evidence Code Sections 1115-1128.*

*Should the mediation process fail to resolve any issue(s), the parties agree to submit any remaining dispute(s) to (binding arbitration) [or] (private judging process).  Each party will bear the expense of the (arbitral proceedings) [or] (private judging process) equally unless otherwise agreed upon.  The arbitral proceedings will be governed by the JW Commercial Arbitration Rules in effect at the time of the arbitration.  Any award of the Arbitrator(s) may be entered as a judgment in any court having jurisdiction.*

### Rule 2.C.  Post-Dispute Arbitration Agreement

The parties may agree to arbitration pursuant to these JW Commercial Arbitration Rules by modifying, amending, or adding to an existing agreement or contract the following post-dispute clause or any similar language:

*Notwithstanding any other dispute resolution process that may be set forth in the attached agreement of the parties ("the Underlying Agreement"), we, the undersigned parties, agree to submit any and all disputes between us related to the Underlying Agreement to be resolved by binding arbitration administered by JW, in accordance with the JW Commercial Arbitration Rules, by (a sole arbitrator) [or] (a panel of three arbitrators).  Judgment on the award rendered by the arbitrator(s) may be entered by any court having jurisdiction.  The place of the arbitration will be (city, state).*

## Rule 2.D.  Judicate West Is Not Giving Legal Advice

The sample clauses contained in these rules are to aid parties and their counsel in drafting contracts and should be considered in consultation with the advice of legal counsel.  JW will not give legal advice, and is not giving legal advice as to the precise language to be used nor its meaning or effect.

## Rule 2.E.  Delegation and Challenges to Jurisdiction

### Rule 2.E.1.  Delegation of Powers and Responsibilities

By agreeing to the applicability of these Rules, the parties delegate to Judicate West and the arbitrator selected, the power and responsibility to resolve all administrative issues, disputes, and related matters relevant to the subject matter embraced by their agreement and to arbitrate to the fullest extent permitted by applicable law, except as otherwise agreed by the parties and provided for in writing to Judicate West at the outset of the engagement for the arbitration proceeding.

### Rule 2.E.2  Disputes about Arbitrator Jurisdiction and Arbitrability

To the fullest extent permitted under applicable law, disputes as to the jurisdiction of the arbitrator and arbitrability of any issue, including disputes regarding the existence, scope, or validity of the agreement, or any part thereof, that is the basis for the arbitration or any other disputes, will be heard and determined by the arbitrator.  In any challenges to jurisdiction, the arbitration clause will be considered separable from the remaining provisions of any agreement of which it forms a part.

### Rule 2.E.3  Time for Challenging Arbitrator Jurisdiction

Any challenges to the jurisdiction of the arbitrator, except challenges based on the award, must be made by the date the Response by Respondent is due, or, with respect to a counterclaim, the date the Reply to the Counterclaim is due; provided, however, that if a Claim or Counterclaim is added or amended later pursuant to Rule 4.C.5 (below), any jurisdictional challenge must be based upon new matters raised and made by the date the Response to such claim or the Reply to the Counterclaim is due.

## RULE 3.   COMMUNICATION

## Rule 3.A.  Notices and Communications

Notices or other communications under these Rules must be in writing and sent to the address specified in writing by the recipient or, if no address has been specified, to the last known business or residence address of the recipient.  Notices and communications may be given by any means that provides a written record.  The burden is on the sending party to assure that the arbitrator, the JW arbitration administrative team, and all parties receive the notice or communication.

## Rule 3.B.  Date of Receipt of Communications

Communications will be deemed received and time periods will start to run as follows: DATE OF TRANSMISSION for communications transmitted by electronic mail, facsimile transmission, or by hand-delivery by no later than 6:00 pm in the venue of the arbitration hearing; DATE OF DELIVERY for overnight delivery; THREE DAYS AFTER MAILING for communications sent via U.S. Mail.  If the date a communication will be deemed received falls on a weekend or court holiday in the place the communication is received, then the date of receipt will be on the next business day in the place the communication is received.  Proof of transmission is prima facie evidence of proof of service / receipt of any notice or communication sent under these Rules.

## RULE 4.  COMMENCING THE ARBITRATION PROCESS

### Rule 4.A.  Representation By Counsel

The parties should be represented by licensed attorneys of their choice.  Promptly and in writing, each party will provide contact information, including the name, address, telephone number, fax number and e-mail address for its attorney(s), to the other parties, the arbitrator and to JW.  Upon change, replacement or substitution, the party(ies) involved will update that information immediately.  JW reserves the right to decline administration of any matter, or cease administration of any matter, where one or more parties are not represented by counsel.  If for any reason any party to the arbitration ceases to be represented by counsel, the arbitrator, in his or her sole discretion, may suspend or terminate the arbitration, unless doing so would unduly prejudice a party, or unless the arbitrator determines that in the interests of justice and equity the arbitration should proceed.

### Rule 4.B.  Agreed Submission Of Dispute

Parties to any existing dispute may elect to arbitrate some or all of the issues in their dispute using these Rules by submitting to JW a written agreement to arbitrate containing the following information:

1.  The names and addresses of all parties and their attorneys;
2.  A statement of election to proceed under these Rules;
3.  A statement of the general nature of the claim(s), counterclaim(s), issue(s) or dispute(s);
4.  Any relief or remedy(ies) sought;
5.  The hearing location requested; and
6.  The signatures of all parties.

### Rule 4.C.  Initiating Arbitral Proceedings

#### Rule 4.C.1  Notice of Intent to Arbitrate

When one party, unilaterally, commences arbitration (the "Claimant"), that party will serve a written Notice of Intent to Arbitrate ("NIA") on the other party(ies) (the "Respondent(s)").

#### Rule 4.C.2  Required Information for Notice

a.  The full names and addresses of all parties and, to the extent known, their attorneys;
b.  A statement describing the general nature of the claim or dispute, including its factual basis;
c.  A demand that the dispute be arbitrated;
d.  The text of the arbitration clause or the separate arbitration agreement that is involved;
e.  The relief or remedy(ies) sought; and
f.  Proof of service/receipt of the NIA

### Rule 4.C.3  Commencing the Proceeding with Judicate West

To begin the process with JW, the Claimant is to send the NIA in conformity with Rule 3.A. and file a copy with JW sent to the attention of the Arbitration Administrator together with payment of the applicable JW administrative and case management fees.

### Rule 4.C.4  Date Arbitration Commences

The arbitration is commenced as to any Respondent on the date the NIA is deemed received by the Respondent, pursuant to Rule 3.B.

### Rule 4.C.5  Amending a Claim

Claims within the scope of the arbitration clause may be added, amended or withdrawn before the arbitrator is appointed, and thereafter only with the consent of all other parties or after obtaining the approval of the arbitrator.  Copies of Amended Claims are to be served on all other parties and filed with JW sent to the attention of the Case Manager.

## Rule 4.D.  Responding to a Claim or Counterclaim

### Rule 4.D.1  Time for Filing a Response or a Reply

Within 30 days after receipt of the NIA or 20 days after receipt of a Counterclaim, a Response or Reply may be served that sets forth the general and specific defenses asserted.  If no Response or Reply is served within these time frames, all claims in the NIA or Counterclaim will be deemed denied.  Failure to serve a Response or Reply will not delay the arbitral proceedings.  The Response to a Claim or the Reply to a Counterclaim must be served on all parties and a copy filed with JW sent to the attention of the Case Manager.

### Rule 4.D.2  Asserting a Counterclaim

The Respondent or Counterclaim Respondent may include in its Response or Reply any Counterclaim within the scope of the arbitration clause.

### Rule 4.D.3  Required Information for a Counterclaim

a.   The full names and addresses of all parties and, to the extent known, their attorneys;
b.   A statement describing the general nature of the counterclaim or dispute, including its factual basis;
c.   A demand that the dispute be arbitrated;
d.   The relief or remedy(ies) sought; and
e.   Proof of service/receipt of the Response and Counterclaim.

### Rule 4.D.4  Amending a Counterclaim

Counterclaims within the scope of the arbitration clause may be added, amended or withdrawn before the arbitrator is appointed, and thereafter only with the consent of all other parties or after obtaining the approval of the arbitrator.  Copies of Amended Counterclaims are to be sent to all other parties and filed with JW sent to the attention of the Case Manager.

## RULE 5.   SELECTING AND CHALLENGING AN ARBITRATOR

### Rule 5.A.  Selecting an Arbitrator

### Rule 5.A.1  Arbitrators are Independent and Impartial

Each arbitrator will be independent and impartial and will be bound by these Rules.

### Rule 5.A.2  Number of Arbitrators

If the arbitration agreement does not specify the number of arbitrators, the dispute will be heard and determined by one arbitrator.  Before appointment of a single arbitrator, all parties may agree to a panel of three arbitrators.  Absent an agreement to the contrary between the parties, the three arbitrators will select one of their number to serve as Chairperson, who will conduct routine status hearings, hear and determine all motions and procedural disputes, and rule on evidentiary matters and other motions during the arbitration hearing.  However, any potentially dispositive motions will be heard by the entire panel.

### Rule 5.A.3  Process for Selecting an Arbitrator

a.  If the parties have agreed on the arbitrator to be appointed, that arbitrator will be notified and follow the procedures in Rule 5.A.4.

b.  When two or more claimants in a case have aligned interests in the outcome of the claims in dispute, they will be treated as a single party for purposes of the arbitrator selection process.  A claimant with a divergent interest to the other claimant(s) will be treated as a separate party.  The same applies to cases with more than one respondent; respondents with aligned interests in the outcome of the claims in dispute will be treated as a single party for purposes of the arbitrator selection process.  Any dispute as to the number of parties will be resolved by JW.

c.  Single Arbitrator Cases

  1.  In single arbitrator cases, involving two parties (as defined in 5.A.3 b.) JW will provide the parties with a list of five arbitrators it deems qualified.  In matters where there are three or more parties, JW will provide a list of arbitrators that exceeds by one the maximum number of possible strikes permitted per rule 5.A.3 c.2. below.

  2.  Within 20 calendar days of receiving the list of prospective arbitrators, each party, independently and simultaneously, will strike up to two of those arbitrators and rank the remaining names on the list by order of preference (1 indicates first choice).

  3.  JW will then select the arbitrator to be appointed based on the comparative rankings of the parties, with the highest ranked (the lowest combined numbers) being the preferred arbitrator.

d.  Three Arbitrator Panel Cases

  4.  Unless the parties otherwise agree or the contract otherwise states, in two-party cases (as defined in 5.A.3 b.) utilizing a three-arbitrator panel, JW will follow the above procedures but will provide a list of seven arbitrators, with each party striking up to two and ranking those remaining.  In matters where there are three or more parties, JW will provide a list of arbitrators that exceeds by three the maximum possible number of strikes permitted by the above rule.

  5.  The three arbitrators ranked highest (the lowest combined numbers) will be selected.

  6.  The three arbitrators selected will decide which arbitrator will serve as the Chairperson unless they request that JW make that determination.

  7.  In cases utilizing a three-arbitrator panel where the contract so provides or the parties otherwise agree, the parties may each appoint one arbitrator and either jointly select the third or ask the two initially appointed arbitrators to select the third arbitrator.  It is strongly recommended that the arbitrators not know which party appointed them, unless the contract provides otherwise.  In any case, all arbitrators are neutral, and are not advocates for the appointing party.

e.  If a party fails to participate in the above selection procedures, or if for any other reason the above selection procedures fail to result in the selection of the appropriate number of arbitrators, JW will appoint the arbitrator or arbitrators it deems qualified to serve.

### Rule 5.A.4  Acceptance by the Arbitrator

a.  JW will promptly notify the arbitrator of the selection and will provide the arbitrator copies of the claim and/or any information JW has regarding the case and the identities of the parties, their attorneys and any known witnesses.

b.  Within 10 calendar days of being advised of the selection, the selected arbitrator will notify JW in writing of acceptance of the appointment and provide the disclosures required by law for the parties.  The disclosures to be made include any circumstances that might cause a reasonable person to question the arbitrator's independence or impartiality, such as any bias, any interest in the outcome of the arbitration, or any past or present relationship with the parties or their representatives.

c.  JW will promptly forward all arbitrator's disclosures to the parties and will notify the parties of the appointment.  JW will also disclose to the parties the applicable fee arrangement for the selected arbitrator at the time of appointment.

## Rule 5.B.  Replacing or Challenging an Arbitrator

### Rule 5.B.1  Arbitrator's Limited Continuing Disclosures

If circumstances arise that could cause a reasonable person to question the arbitrator's independence or impartiality, including any bias, any interest in the outcome of the arbitration, or any past or present relationship with the parties, their representatives, or any witnesses, the arbitrator will promptly disclose those circumstances, where required by law, to JW and all parties.

### Rule 5.B.2  When an Arbitrator May Be Challenged

Any arbitrator may be challenged if circumstances exist or arise that give rise to a legitimate question regarding that arbitrator's independence or impartiality.  In order to prevent delay and potential prejudice, all parties are urged to conduct customary due diligence regarding the suitability of the arbitrator at the time the initial disclosures are received.  Challenges made after an arbitrator has made a ruling on a substantive or contested procedural matter are disfavored.

### Rule 5.B.3  Process for Challenging an Arbitrator

a.  A party may challenge an arbitrator only by giving notice in writing to JW, with a copy to the arbitrator and the other parties, no later than 15 days after the challenging party (i) receives notification of the appointment of that arbitrator and any disclosures made by that arbitrator, or (ii) becomes aware of circumstances that lead to a legitimate question regarding the arbitrator's independence or impartiality.

b.  The challenge will state with specificity the circumstances and rationale that raise a legitimate question about the arbitrator's neutrality.

c.  The arbitrator will be replaced if the other party agrees to the challenge or if the arbitrator voluntarily withdraws.  A replacement arbitrator will be selected pursuant to the process specified in Rule 5.A.3.

d.  If neither agreed disqualification nor voluntary withdrawal occurs, JW will provide the non-challenging party and the arbitrator an opportunity to comment on the challenge.  JW will then assign three neutrals, not including the appointed arbitrator, from its panel to decide the challenge based on the merits and the interests of justice, without charge to the parties.

e.  If a replacement of the arbitrator occurs when there is only one arbitrator, the existing arbitration will immediately terminate and a new arbitration proceeding will be scheduled by the replacement arbitrator. In a three arbitrator panel, the two other arbitrators will have the power, in their discretion, to continue the arbitration until a replacement arbitrator is appointed to join the continuing proceedings, unless the parties agree otherwise.  If the two other arbitrators decide not to continue the arbitration without the participation of a third arbitrator, or the parties agree that a third arbitrator must participate, the arbitral proceedings will pause until selection of a replacement third arbitrator.

**Rule 5.B.4  Arbitrator May Be Replaced for Failure to Perform**

a.  If an arbitrator fails to enter a ruling, or for any reason is prevented from performing the functions of an arbitrator, such as death, incapacity or resignation, a replacement arbitrator will be chosen using the selection process in Rule 5.A.3.  Any unearned arbitrator fees on deposit will be applied to the replacement arbitrator.  If the parties do not agree on whether the arbitrator has failed to act or is prevented from performing the functions of an arbitrator, any party may request that JW make that determination. JW will then assign three neutrals from its panel to make that determination based on the merits and the interests of justice, without charge to the parties.  If the panel determines a replacement arbitrator is required, a replacement arbitrator will be selected pursuant to the process specified in Rule 5.A.3.

b.  If a sole arbitrator fails to enter a ruling and must be replaced, the existing arbitration will immediately terminate and a new arbitration proceeding will be scheduled by the replacement arbitrator.  In a three arbitrator panel, the two other arbitrators will have the power, in their discretion, to continue the arbitration until a replacement arbitrator is appointed to join the continuing proceedings, unless the parties agree otherwise.   Until the third arbitrator can be replaced, the two arbitrators will conduct routine status hearings, hear and determine all motions and procedural disputes, and rule on evidentiary matters and other motions, however, any potentially dispositive motions will only be heard by the entire panel. If the two remaining arbitrators decide not to continue the arbitration without the participation of a third arbitrator, or the parties agree that a third arbitrator must participate, the arbitral proceedings will pause until selection of a replacement third arbitrator.

## RULE 6.  COMMUNICATIONS WITH AN ARBITRATOR

### Rule 6.A.  No Ex Parte Communications

No party, or anyone on behalf of a party, may have any ex parte or unsolicited communication with the arbitrator concerning any matter relating to the arbitration, except as provided in Rules 7.B.1 and 7.B.3. Should any party, or anyone acting on behalf of any party, communicate directly with an arbitrator in violation of this Rule, or should the content of any such communication be considered by the arbitrator to be an  attempt to prejudice the arbitral proceedings, the arbitrator may impose such sanctions, or take such other action, as the arbitrator deems appropriate.

### Rule 6.B.  Filing Papers with the Arbitrator

Unless the arbitrator requests otherwise, it is strongly recommended that all motions, briefs, and other papers to be filed with the arbitrator be submitted by e-mail directly to the arbitrator, with copies to the case manager and all other parties.  All motion papers will be deemed "served" in accordance with Rule 3.B.  Lengthy briefs on discovery matters should be avoided. However, separate statements and responses regarding the specific issues to be decided are encouraged in discovery and summary judgment matters.  In most cases, the submission of brief letters will sufficiently inform the arbitrator with regard to the issues to be decided.

## RULE 7.   CASE MANAGEMENT CONFERENCE

### Rule 7.A.   Initial Case Management Conference

The arbitrator will conduct as soon as practicable, and absent extraordinary circumstances, within 20 days of appointment, an initial CMC either telephonically, or in person, for the planning and scheduling of the arbitral proceedings.  Matters to be addressed during the initial CMC may include any or all of the following:

1.  Clarification of issues and claims;

2.  Discussion of the types and scope of discovery appropriate for management of the case.  This will include the scheduling of the informal exchange of documents and information (Rule 8.A.1), which should take place within 30 days of the Initial CMC, and scheduling other additional discovery, if any.  Discovery is to be limited consistent with the objective of an expedited, economical resolution of the dispute and avoiding discovery that is unduly burdensome, as detailed in Rule 8;

3.  Compilation and organization of exhibit books or joint exhibit books, including uniformity of exhibit numbers;

4.  Allowance, scheduling and exchange of any dispositive motions;

5.  Exchange of lists of lay and expert witnesses expected to be called as witnesses at the arbitration hearing;

6.  Exchange of exhibits the parties expect to offer at the arbitration hearing;

7.  Exchange of pre-hearing briefs;

8.  Retention of a reporter, at the requesting party's cost, to make a record of the arbitration hearing;

9.  Scheduling an arbitration readiness conference, if appropriate, at least 45 days before the arbitration hearing begins;

10.  Scheduling the arbitration hearing date(s) and fixing the place of the arbitration hearing.

### Rule 7.B.   Additional Case Management Conferences

At the request of any party, or at the discretion of the arbitrator, additional CMCs may be convened as necessary for the efficient management of the arbitration.

### Rule 7.B.1   Requesting an Additional Case Management Conference

If, at any time, a party believes there is an issue that requires the involvement of the arbitrator, that party may send an email or other written communication to the arbitrator, with a copy to all other parties and the case manager, stating that a telephonic or in person CMC is desired, and setting forth in no more than one sentence the general subject matter of the issue.  The communication will contain no argument, reasons, criticism or other substantive material, only the notification that a CMC is desired.

### Rule 7.B.2   Hearing Procedure

Upon receipt of an e-mail request for an additional CMC, the arbitrator or case manager will arrange a telephonic or in person CMC at the earliest convenient time.  The arbitrator will conduct a brief informal hearing by telephone or in person, at the election of the arbitrator, to determine if the matter can be resolved or the issues narrowed.  For any remaining unresolved issue(s), the arbitrator, with input from the parties, will determine the briefing schedule for any motion, if needed, pursuant to Rule 9 below.

### Rule 7.B.3  Process Not Applicable if Irreparable Harm

The provisions of Rule 7 do not apply to ex parte applications involving irreparable harm or other true emergencies that cannot reasonably wait for a CMC to take place.  In case of an emergency or urgent problem, the party should contact the JW Case Manager and seek an immediate telephonic hearing with the arbitrator and all other parties.  The arbitrator has the discretion to proceed, ex parte or with fewer than all parties participating, to address the issue(s) involving irreparable harm or other urgent circumstances.

## RULE 8.  DISCOVERY

To avoid the unreasonable costs and delays often caused by excessive discovery, these Rules are intended to actively involve the arbitrator in shaping discovery to appropriately fit the circumstances of the case.  At the initial CMC (Rule 7.A.) the arbitrator will custom tailor the discovery process, limiting or expanding discovery, to meet the needs of the case, recognizing that the complexity of the case will have an effect on the types and scope of discovery.  In general, the parties may conduct the discovery to which they agree, subject to the overriding discretion of the arbitrator.  To aid the parties in preparing to discuss permissible discovery at the initial CMC, the following is a flexible framework for discovery that the arbitrator, after consultation with the parties, may reduce or expand.

### Rule 8.A.  Informal Exchange of Information

The foundation of the discovery framework is the efficient discovery of pertinent information by means of an informal exchange of information, as scheduled at the initial CMC (See Rule 7.A.).

### Rule 8.A.1  Mandatory Informal Exchange of Non-Privileged Information

The parties, in good faith, will exchange all non-privileged documents and other information (including electronically stored information) on which they intend to rely in support of their position in the dispute or claim, including copies of all such documents and other information in their possession, custody, or control, and names of individuals whom they may call as witnesses at the arbitration hearing. The arbitrator may modify these obligations at the initial or a subsequent CMC.

### Rule 8.A.2  Continuing Obligation to Update Information

As the parties become aware of new documents or information, all parties will continue to be under an obligation to supplement the exchange of documents and information described in Rule 8.A.1.  Documents that were not previously exchanged, and witnesses and experts that were not previously identified, will not be received into evidence at the hearing, unless agreed upon by the parties or upon a showing of good cause as determined by the arbitrator.

### Rule 8.B.  Additional Discovery

Depending on the complexity of the case, limited additional discovery to facilitate the parties' development of the case and preparation for the arbitration hearing may be appropriate.  The framework for discovery described in rules 8.B.1 – 8.B.3 is general and may be further restricted by the arbitrator or by agreement of the parties, or it may be expanded by the arbitrator upon a showing of good cause.

### Rule 8.B.1  Written Discovery

In addition to the aforementioned exchange requirements, the parties may also propound twenty (20) special interrogatories (without subparts) and twenty (20) requests for production of documents, electronic or hard copy.  Document requests will (1) be limited to documents that are directly relevant to the matter(s) in dispute or to its outcome; (2) not include broad phrases, such as "all related documents;" and (3) not be encumbered by extensive "definitions" or "instructions."  Any production of electronic documents will only be from sources used in the ordinary course of business, unless agreed by the parties or on a showing of good cause.

### Rule 8.B.2  Depositions

Each party (or side, if there is more than one party on each side) may take one deposition, as a matter of right. The deposition will be completed in one day, absent unusual circumstances.  The parties will agree on the date, time, location and duration of the deposition; or if the parties are unable to agree these issues will be determined by the arbitrator upon the request of any party.  The necessity of any additional depositions will be determined by the arbitrator based on all relevant circumstances, the availability of other discovery options, and whether the need for the information is sufficient to justify the time and expense associated with the requested deposition.

### Rule 8.B.3  Requests For Admissions

A party may propound unlimited Requests for Admission focused on the authentication of documents and twenty (20) Requests for Admission focused on establishing uncontroverted foundational facts.

### Rule 8.B.4  Expert Discovery

In matters where the testimony of experts is expected, and unless the arbitrator orders otherwise, the parties will exchange expert reports 60 days before the arbitration hearing.  Each party has the right to depose each expert witness designated to testify.  The parties will complete the deposition of each expert in one day at least 30 days before the arbitration hearing, absent unusual circumstances.  The parties will agree on the date, time, location and duration of each expert's deposition; or if the parties are unable to agree these issues will be determined by the arbitrator upon request of any party.

### Rule 8.B.5  Witness Subpoenas

At any time during the proceedings, at the request of a party or on the arbitrator's own determination, the arbitrator may issue subpoenas for the attendance of witnesses or the production of documents or other evidence by any person or entity, pursuant to any applicable statutory provision.  Any party requesting issuance of a subpoena will, at the time of the request, send a copy of the completed subpoena request to all other parties.

### Rule 8.C.  Arbitrator Will Resolve all Discovery Disputes

The arbitrator will resolve any disputes regarding discovery on an expedited basis, pursuant to the procedures specified in Rules 7.B. and 9.  The arbitrator has the discretion and power, if good cause is shown, to order the taking of depositions, or the propounding of written discovery.  The arbitrator may issue sanctions or shift costs among the parties as a condition of permitting requested discovery.  Where there is a panel of three arbitrators, and absent an agreement to the contrary between the parties, the Chairperson is authorized to hear and determine discovery issues and disputes.

### Rule 8.D.  Confidentiality

The arbitrator may issue orders to protect the confidentiality of proprietary information, trade secrets, and other sensitive information conveyed by exchanges of information or through discovery.  Unless the parties agree otherwise, the parties, the arbitrator and JW will treat the arbitral proceedings, any related disclosures and/or discovery, and the decisions of the arbitrator, as confidential, except in connection with judicial proceedings ancillary to the arbitration, such as a judicial challenge to, or enforcement of, an award, or unless otherwise required by law or to protect a legal right of a party.  To the extent possible, any specific issues of confidentiality should be raised with and resolved by the arbitrator.

## RULE 9.   MOTIONS

The steps below will be followed in connection with all motions:

### Rule 9.A.  Meet and Confer

Before initiating any motion, counsel for all interested parties must conduct a meaningful meet-and-confer in an attempt to resolve the matter.  One good-faith discussion by phone or in person is required in all cases, including ex parte applications.  An extended exchange of self-serving letters is discouraged and insufficient in and of itself to satisfy the party's meet and confer obligation.  Instead, once a good faith effort is made to resolve the issue, and the issue remains, it should be promptly brought before the arbitrator, so the matter is not delayed due to unresolved issues.

### Rule 9.B.  Case Management Conference (CMC)

If the meet-and-confer does not resolve the issue, a CMC will be held in accordance with Rule 7.B.

### Rule 9.C.  Formal Motions

Only if the CMC (See Rule 7.B.) does not completely resolve the issues may a formal motion be submitted. The motion briefing schedule will be set by the arbitrator pursuant to Rule 7.B.2, and may include opposition and reply papers at the discretion of the arbitrator.  Although strict compliance will normally be expected, the parties will also be expected to cooperate reasonably regarding short extensions under appropriate circumstances.  The arbitrator need not be consulted regarding such extensions, but must be advised thereof by email or other writing.

### Rule 9.D.  Hearing on the Motion(s)

Once all papers are submitted, the arbitrator will inform the parties if a hearing would be helpful in ruling on the motion and will arrange a hearing date and time at the earliest convenience.  The arbitrator will conduct a hearing by telephone or in person, at the election of the arbitrator.  The parties cannot unilaterally postpone the hearing.

### Rule 9.E.  Arbitrator's Decision

The arbitrator will promptly rule on the motion after the hearing or last submission, if there is no hearing, absent unusual circumstances.  In appropriate cases, the arbitrator may apportion the arbitrator's fee in connection with the motion proceeding in accordance with the interests of justice.  In addition, sanctions may be awarded based upon the statutory provisions governing sanctions, or as permitted by these Rules.  No apportionment or sanctions will be made or awarded without a hearing in which that issue is addressed.

## RULE 10.   MEDIATION OR SETTLEMENT DISCUSSIONS

Any party may propose, or agree to, settlement discussions or formal mediation at any time. The arbitrator may suggest that the parties explore settlement at appropriate times.

JW COMMERCIAL ARBITRATION RULES

### Rule 10.A.  Arbitrator Will Not Be Involved in Settlement Discussions

The parties may ask the arbitrator to recommend another neutral to assist them in reaching settlement. The arbitrator assigned to the case will not act as the mediator or aid the parties in settlement discussions.

### Rule 10.B.  Consent Award

At any stage of the arbitral proceedings, if all parties agree on settlement of any aspect of the dispute, upon request, the arbitrator may memorialize the agreement in a Consent Award in consultation with the parties' counsel.

## RULE 11.  ARBITRATION READINESS CONFERENCE

The Arbitration Readiness Conference will occur on the date designated at the initial CMC, unless modified by the arbitrator, or at the request of a party upon a showing of good cause.  Matters to be addressed during the arbitration readiness conference may include the following:

1. The status of any outstanding discovery.
2. The preparation, exchange and submission of Exhibit Books or Joint Exhibit Books and any demonstratives to be used at the arbitration hearing.
3. The expected order of witnesses to testify at the arbitration hearing and that all appropriate subpoenas have been issued.
4. Any pre-trial motions affecting the presentation of evidence, or other matters affecting the arbitration hearing.
5. The estimated number of days for the arbitration hearing and consideration of any necessary adjustments.
6. Whether one or more parties requests a record to be made by a reporter, at the cost of the requesting party(ies).
7. Any presentation of testimony by affidavit, declaration or video/telephone appearance.
8. Any mediation, negotiations, or other potential cause for delay or settlement.
9. Any other special needs or requirements the parties anticipate.

## RULE 12.  ARBITRATION HEARING

The parties and the arbitrator will use their best efforts to assure that, absent unusual circumstances, the dispute will be submitted to the arbitrator for decision within six months after the initial CMC.

### Rule 12.A.  Order of Proof

The order of proof generally will be similar to that of a court trial, provided that the arbitrator may bifurcate issues or modify the order of proof to facilitate a swift and economic resolution or for the convenience of non-party witnesses.   The arbitration hearing will be conducted in an expeditious manner and as economically as practicable.

# JW Commercial Arbitration Rules

## Rule 12.B.  Applicable Law

The arbitrator will be guided by, but not necessarily bound by, the substantive law agreed to by the parties in the written agreement that is the basis for the arbitration, or agreed to by the parties at any time prior to the conclusion of the Arbitration Readiness Conference pursuant to Rule 11.   Absent such an agreement by the parties, the arbitrator will be guided by the substantive law the arbitrator determines to be appropriate.

## Rule 12.C.  Rules of Evidence

The arbitrator is not required to conform strictly to the rules of evidence used in judicial proceedings.  The arbitrator will determine the admissibility, relevance, materiality and weight of the evidence offered.

### Rule 12.C.1  Privilege

The arbitrator will apply applicable law pertaining to attorney-client privilege, other privileges and work product.   The arbitrator will determine the applicability of any privilege, waiver or immunity.

### Rule 12.C.2  Use of Declarations, Affidavits, Telephone or Video Testimony

Testimonial evidence that does not permit cross-examination of the witness is discouraged, but may be permitted at the discretion of the arbitrator.  Any party seeking permission to present evidence by declaration, affidavit, telephone testimony or video conferencing will notify all other parties, the arbitrator, and JW at the earliest possible time in order to give ample time for objections to be considered and an appropriate order to be made by the arbitrator.  The arbitrator will make orders that are appropriate, consistent with efficient case management and the interests of justice.

### Rule 12.C.3  Testimony of Witnesses

The arbitrator is empowered to administer the oath to witnesses and will require witnesses to testify under penalty of perjury.

### Rule 12.C.4  Exclusion of Witnesses

The arbitrator has the discretion to determine the propriety of the attendance at the hearing of any person other than the parties and their representatives, including the discretion to exclude a witness during the testimony of any other witness or at any other time.

## Rule 12.D.  Time Limits

The arbitrator has the power to impose time limits the arbitrator determines to be reasonable on each phase of the hearing, including without limitation the time allotted to each party for presentation of its case and for rebuttal. In setting time limits, the arbitrator will manage the proceedings appropriately to conclude the arbitral proceedings as economically and expeditiously as practicable without compromising fairness.

## Rule 12.E.  Postponement of Hearings

The arbitrator may postpone any hearing on request of any party, or all parties, for good cause shown, or on the arbitrator's own initiative.   The parties cannot unilaterally postpone any hearing.   Postponement is discouraged due to the considerable difficulty of rescheduling.  Postponement or cancellation within 45 days of the hearing may affect refunds or credits of fees paid or due.

JW COMMERCIAL ARBITRATION RULES

### Rule 12.F.  Failure of a Party to Appear at the Hearing

The arbitrator has the discretion to have the arbitration hearings proceed in the absence of any party that fails to appear.  An award will not be made based on the failure of a party to be present, or based on any other default of the absent party.  Rather, a party will be entitled to an award based on a claim or defense only if sufficient evidence is presented to the arbitrator in support of such an award.  The arbitrator will require the parties to appear to present such evidence as the arbitrator may require for the making of an award.

### Rule 12.G.  Closing the Hearing

When the arbitrator determines, after inquiry of the parties, that there are no further witnesses, evidence, or proofs to be presented, the arbitrator will declare the hearing closed.  However, if post-hearing briefs are to be filed, or if counsel are to make closing arguments, and unless the arbitrator determines otherwise, the hearing will be deemed closed as of the date of receipt of the briefs or at the conclusion of closing arguments, whichever is later.  The time limit for the arbitrator to make the award will begin on the date the hearing is closed, unless the parties agree otherwise.

### Rule 12.H.  Re-opening the Hearing

At any time before the award is made, on application of a party where good cause is shown or on the arbitrator's own initiative when deemed appropriate by the arbitrator, the arbitrator may re-open the hearing, in which event the arbitrator will set a new date for the close of the hearing.  The arbitrator shall have the authority to shift costs among the parties in the interests of justice as a condition of permitting the reopening of the hearing.

## RULE 13.   REMEDIES AND AWARDS

### Rule 13.A.  Remedies During the Arbitral Proceedings

At the request of a party, the arbitrator may order such interim measures as deemed necessary and appropriate, including injunctive relief and measures for the preservation of assets or records or for the conservation of goods or other property. The arbitrator may require appropriate security as a condition of ordering such measures.   A request for interim measures by a party to a court will not be deemed incompatible with the agreement to arbitrate, or to constitute a waiver of that agreement.

### Rule 13.B.  Final Award

In addition to the final award, the arbitrator may make initial, preliminary, partial and supplemental awards. With respect to any initial, preliminary or partial award, the arbitrator may state in the award whether or not the award is final for purposes of further judicial proceedings.

### Rule 13.B.1  Issuance of the Award

The award, following the arbitration hearings, will be made no later than 30 days from the date of close of the hearings, unless the parties agree to a later date, or unless there is good cause for the arbitrator to extend the time for making the award. The award will be in writing, will determine each claim and the relief, if any, as to each claim, and will state concisely the reasons on which the award is based, unless the parties agree otherwise. In making the award, the arbitrator will be guided by, but not necessarily bound by, the substantive law applicable to the arbitration as set out in Rule 12.B. When there are three arbitrators, the award will be made and signed by at least two of the arbitrators. Executed copies of the award and of any dissenting opinion will be delivered by JW to the parties.  JW has the right to withhold an award from all parties until all requisite fees and deposits owed by the parties have been paid in full.  If JW withholds an award for this reason, the arbitrator will be deemed to have good cause to extend the time for making the award, and in any event, the award will not be rendered tardy or invalid.

### Rule 13.B.2  Any Appropriate Remedy or Relief Allowed

The arbitrator may grant any remedy or relief determined to be appropriate, including but not limited to specific performance of a contract, injunctive relief, and/or an award of attorneys' fees and costs pursuant to a contract provision for same or applicable statutory authority.  The arbitrator may also make an award of punitive damages, if such an award is within the scope of the agreement of the parties and is permissible under the law applicable to the dispute.

### Rule 13.B.3  Interest

The arbitrator may award such pre-award and post-award interest as determined appropriate, taking into consideration the contract and applicable law.

### Rule 13.B.4  Determination of Prevailing Party

In appropriate cases, the award will identify the prevailing party or parties, if any, for purposes of allocating the costs associated with the proceedings and dealing with any issues of punitive damages or attorney's fees. These matters will usually be the subjects of supplemental proceedings.  See Rule 13.C.

### Rule 13.B.5  Correction of an Award

Within 10 days after service of the award, any party, in accordance with Rule 3.B. may give notice to the arbitrator, the JW arbitration administrator, and the other parties, and request that the arbitrator correct any clerical, typographical or computation errors, or any errors of a similar nature in the award, or make an additional award as to specific Claims or Counterclaims presented in the arbitration but not determined in the award.  The request must be sent at least via electronic mail to all parties, the arbitrator, and the JW arbitration administrator.  The burden is on the requesting party to assure that the arbitrator, the JW arbitration administrator, and all parties receive the notice of the request for a correction of an award within the 10 day timeframe, and failure of the arbitrator, JW or any party to receive the notice of the request may constitute waiver of the request.  The other parties will have 10 days to respond to the request.  The arbitrator will make any correction or additional award the arbitrator deems justified within 30 days of initial service of the award.  Unless the arbitrator notifies the parties within 30 days of the initial service of the award that additional time is required to consider the request for correction, the request will be deemed denied if the arbitrator does not respond to the request within 30 days of service of the award.  The process repeats, if warranted, allowing a party, within 10 days after delivery of the corrected or additional award to the parties, to request a correction or additional award, 10 days for other parties to respond, and within 30 days from service of the corrected award for the arbitrator to make any further corrections and additional awards.  The arbitrator, on his or her own initiative, as appropriate, may make any correction or additional award within 30 days of the service of the award.  All corrections, and additional awards will be in writing, and the provisions of this Rule as to awards will apply to them.  The arbitrator automatically retains jurisdiction indefinitely to hear an application from any party to remove from any award information asserted to be confidential and not essential to the award.

### Rule 13.B.6  Finality of Award

The award, including any amendments, will be considered final and binding on the parties in accordance with the time provisions of Rule 13.B.5.  The parties will undertake promptly to carry out the award without delay. The parties to the arbitration will be deemed to have consented that judgment on the award may be entered in any federal or state court having jurisdiction.

### Rule 13.B.7  Filing of Award

The parties are responsible for filing the award with a court of competent jurisdiction and any confirmation or enforcement proceedings.

### Rule 13.C.  Post Award Proceedings

If, in the discretion of the arbitrator, the nature of the proceeding requires post-award proceedings to consider punitive damages, attorney's fees, costs, or other supplemental or additional elements to the final award, the arbitrator shall clearly so provide in the language of the interim award and may provide for such additional proceedings by personal appearance or telephone conference.   Once the supplemental or additional proceedings are concluded, the arbitrator shall make a final award that includes the entire award in the arbitration.   After consultation with the parties, the arbitrator will order the scheduling of any additional briefing, testimony, or hearings that the arbitrator deems appropriate and necessary.

### Rule 13.D.  Penalties for Failure to Comply with Rules and Provisions

#### Rule 13.D.1  Failure to Comply

Whenever a party fails to comply with these Rules, or any order of the arbitrator pursuant to these Rules, in a manner deemed material by the arbitrator, the arbitrator may fix a reasonable period of time for compliance. If the party does not comply within said period, the arbitrator may impose any remedy the arbitrator deems just, including payment of costs, exclusion of evidence, determination of an issue, or in the most extreme circumstances, an award on default. Before entering an award on default, the arbitrator will require non-defaulting parties to produce such evidence and legal argument in support of their contentions as the arbitrator may deem appropriate. The arbitrator may receive such evidence and argument without the defaulting party's presence or participation.

#### Rule 13.D.2  Waiver of Objections

A party knowing of a failure to comply with any provision of these Rules, or of any requirement of the arbitration agreement or any direction of the arbitrator, and neglecting or failing to state its objections promptly, waives any objection thereto.

## RULE 14.  DEPOSITS

JW may request each party to deposit an appropriate amount as an advance for the costs of the arbitral proceedings incurred by the parties, including hearing fees, expenses of the arbitrator for time spent for other than hearing time ("retainer") and the administrative/case management fees of JW.  During the course of the proceedings, JW may request supplementary deposits from the parties, as appropriate.  Any such amounts will be held and disbursed in such a manner as is necessary and appropriate to compensate the arbitrator for fees and expenses, and JW for its fees, and as otherwise directed by the arbitrator.

### Rule 14.A.  Failure to Make Sufficient Deposits

If the deposits requested by JW are not paid in full by the date stated on the invoice, JW may inform the other parties in order that jointly or severally they may make the requested deposits.  If the requested deposits are not made, JW or the arbitrator may suspend or terminate the arbitral proceedings.

### Rule 14.B.  Return of Unused Deposits

After the arbitral proceedings have been concluded, JW will return to the parties any unexpended balance of the retainer deposits as may be appropriate.

### Rule 14.C.  Return or Destruction of Documents After Hearing

Within 10 days after the arbitral proceedings have been concluded ("the request period"), a party may request return of that party's documents and JW will arrange for return of said documents.    If no request is received within the 10 day period then JW will destroy said documents.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13ᵗʰ Floor, Los Angeles, CA  90067**

A true and correct copy of the foregoing document entitled (*specify*):  **REORGANIZED DEBTOR'S NOTICE OF FILING OF PLAN ARBITRATION PROCEDURES PURSUANT TO THE DEBTOR'S THIRD AMENDED PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE, AS MODIFIED** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On (*date*) **<u>April 13, 2021,</u>** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>**:
On (*date*) **<u>April 13, 2021,</u>** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

> **<u>VIA U.S. MAIL</u>**
> United States Bankruptcy Court
> Central District of California
> Attn:  Hon. Vincent Zurzolo
> Edward R. Roybal Federal Bldg./Courthouse
> 255 East Temple Street, Suite 1360
> Los Angeles, CA  90012

☐ Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u> (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **<u>April 13, 2021,</u>** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| April 13, 2021 | Sophia L. Lee | /s/*Sophia L. Lee* |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                   **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:327335.2 46353/002

## SERVICE INFORMATION FOR CASE NO. 2:19-bk-24804-VZ

### 1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)

- Tanya Behnam    tbehnam@polsinelli.com, tanyabehnam@gmail.com;ccripe@polsinelli.com;ladocketing@polsinelli.com
- Jerrold L Bregman    jbregman@bg.law, ecf@bg.law
- Maria Cho    MCho@RobinsKaplan.com
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Stephen D Finestone    sfinestone@fhlawllp.com
- Richard H Golubow    rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;mweinberg@wghlawyers.com
- Jared T. Green    , spappa@svglaw.com
- Robbin L. Itkin    ritkin@sklarkirsh.com, cbullock@sklarkirsh.com
- Mette H Kurth    mkurth@foxrothschild.com, mette-kurth-7580@ecf.pacerpro.com
- Dare Law    dare.law@usdoj.gov
- Ben H Logan    blogan@omm.com
- Robert S Marticello    Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- David W. Meadows    david@davidwmeadowslaw.com
- Kevin Meek    kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
- John A Moe    john.moe@dentons.com, glenda.spratt@dentons.com;derry.kalve@dentons.com
- Byron Z Moldo    bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com
- Kelly L Morrison    kelly.l.morrison@usdoj.gov
- Matthew J Olson    olson.matt@dorsey.com, stell.laura@dorsey.com
- Malhar S Pagay    mpagay@pszjlaw.com, bdassa@pszjlaw.com
- Diana M Perez    , diana-perez-7352@ecf.pacerpro.com
- Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com;hbaig@lesnickprince.com
- Victor A Sahn    vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com
- Randye B Soref    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- Benjamin Taylor    btaylor@taylorlawfirmpc.com
- Helena Tseregounis    helena.tseregounis@lw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Ryan A Witthans    rwitthans@fhlawllp.com
- Felix T Woo    fwoo@ftwlawgroup.com, admin@ftwlawgroup.com
- Claire K Wu    ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com
- Emily Young    pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
- David B Zolkin    dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_June 2012_                                                                                      F 9013-3.1.PROOF.SERVICE
DOCS_LA:327335.2 46353/002