| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Richard M. Pachulski (CA Bar No. 90073)<br>Malhar S. Pagay (CA Bar No. 189289)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Boulevard, 13th Floor<br>Los Angeles, CA  90067<br>Telephone:  310/277-6910<br>Facsimile:  310/201-0760<br>Email: rpachulski@pszjlaw.com<br>          mpagay@pszjlaw.com<br><br>☒ *Attorney for:* Reorganized Debtor | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| In re:<br><br>YUETING JIA,<br><br>                    Reorganized Debtor. | CASE NO.: 2:19-bk-24804-VZ<br><br>CHAPTER: 11 |
|---|---|
| | **NOTICE OF OBJECTION TO CLAIM** |
| | DATE:   October 5, 2021<br>TIME:    11:00 a.m.<br>COURTROOM: 1368<br>PLACE: 255 East Temple Street<br>               Los Angeles, CA  90012 |

1.  TO *(specify claimant and claimant's counsel, if any)*:    Nanchang O-Film Photoelectric Technology Co, GianClaudio Finizio, and Robert Lin

2.  NOTICE IS HEREBY GIVEN that the undersigned has filed an objection to your Proof of Claim No. 33 filed in the above referenced case. The Objection to Claim seeks to alter your rights by disallowing, reducing or modifying the claim based upon the grounds set forth in the objection, a copy of which is attached hereto and served herewith.

3.  **Deadline for Opposition Papers**: You must file and serve a response to the Objection to Claim not later than 14 days prior to the hearing date set forth above.

    **IF YOU FAIL TO TIMELY RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.**

Date:   August 20, 2021

Date Notice Mailed: August 20, 2021

PACHULSKI STANG ZIEHL & JONES LLP
Printed name of law firm

*/s/ Malhar S. Pagay*
Signature

Malhar S. Pagay
Printed name of attorney for objector

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                        Page 1                          **F 3007-1.1.NOTICE.OBJ.CLAIM**
DOCS_LA:339498.1 46353/003

Richard M. Pachulski (CA Bar No. 90073)
Malhar S. Pagay (CA Bar No. 189289)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email:   rpachulski@pszjlaw.com
         mpagay@pszjlaw.com

Suzanne Uhland (CA Bar No. 136852)
Tianjiao ("TJ") Li (admitted *pro hac vice*)
LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022
Telephone: 212/906-1200
Facsimile:  212/751-4864
E-mail: suzanne.uhland@lw.com
        tj.li@lw.com

Attorneys for Reorganized Debtor

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>YUETING JIA,[1]<br><br>                    Debtor. | Case No.: 2:19-bk-24804-VZ<br><br>Chapter 11<br><br>**REORGANIZED DEBTOR'S OBJECTION TO CLAIM NO. 33 FILED BY NANCHANG O-FILM PHOTOELECTRIC TECHNOLOGY CO, LTD.; DECLARATION OF YUETING JIA IN SUPPORT THEREOF**<br><br>Date:         October 5, 2021<br>Time:        11:00 a.m.<br>Place:       Courtroom 1368<br>                Roybal Federal Building<br>                255 E. Temple Street<br>                Los Angeles, California 90012<br><br>Judge:     Hon. Vincent P. Zurzolo |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

---

[1] The last four digits of the Debtor's federal tax identification number are 8972. The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

**TABLE OF CONTENTS**

Page(s)

I. JURISDICTION ...................................................................................................................1

II. BACKGROUND ................................................................................................................1

    A. The Commencement of the Debtor's Bankruptcy Case ..................................1

    B. The Creditors' Committee's Investigation of the Debtor's Assets, Related
    Parties, Transfers, and Financial Affairs........................................................1

    C. Confirmation of Debtor's Plan of Reorganization.........................................2

    D. The Claim........................................................................................................3

    E. The Debtor and LeEco Are Separate, Independent Entities ..........................4

III. ARGUMENT ....................................................................................................................4

    A. Procedural Requirements for Objections to Claims.......................................4

    B. The Court Must Determine the Allowance of a Claim Subject to Objection ...............5

    C. Burden of Proof..............................................................................................5

    D. The Claim Is Unsupported and Consequently Invalid...................................6

    E. The Debtor Is Not Liable for the Claim.........................................................7

IV. GENERAL RESERVATION OF RIGHTS.......................................................................12

V. NOTICE............................................................................................................................12

VI. CONCLUSION.................................................................................................................13

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1 **TABLE OF AUTHORITIES**

**Page(s)**

2

**Cases**

*Ahcom, Ltd. v. Smeding*
  623 F.3d 1248, 1251 (9th Cir. 2010) ............................................................. 9

*Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*
  78 B.R. 222, 226 (BAP 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996) ................. 5

*Automortriz del Golfo v. Resnick*,
  47 Cal. 2d 792, 796 (1957) ............................................................................ 9

*Bd. of Trustees v. Valley Cabinet & Mfg. Co.*
  877 F.2d 769, 772 (9th Cir. 1989) ................................................................... 8

*Cambridge Elecs. Corp. v. MGA Elecs., Inc.*,
  227 F.R.D. 313, 330 n.50 (C.D. Cal. 2004) ..................................................... 7

*Chatlos Syst. v. Kaplan (In re TIE/Communications)*
  163 B.R. 435, 440-41 (Bankr. D. Del. 1994) .................................................. 6

*Drew v. Hart (In re Hart)*,
  2014 Bankr. LEXIS 1012, at *87 (Bankr. N.D. Cal. Mar. 14, 2014) ................. 8

*EVOQ Prop. v. Maddux (In re Meruelo Maddux Prop.)*
  2013 Bankr. LEXIS 4672 at *25 (BAP 9th Cir. Apr. 15, 2013) ...................... 6

*Gerritsen v. Warner Bros. Ent.*,
  116 F. Supp. 3d 1104, 1142 (C.D. Cal. 2015) ........................................ 9, 11

*Gopal v. Kaiser Found. Health Plan*
  248 Cal. App. 4th 425, 431 (2016) ................................................................ 7

*Hardin v. Gianni (In re King Invest.)*
  219 B.R. 848, 858 (BAP 9th Cir. 1998) ......................................................... 5

*Hennessey's Tavern, Inc. v. American Air Filter Co.*
  204 Cal. App. 3d 1351, 1359 (1988) .............................................................. 9

*Hoang v. Vinh Phat Supermarket*
  2013 U.S. Dist. LEXIS 114475, at *41 (E.D. Cal. Aug. 13, 2013) ................. 10

*In re All-American Auxiliary Ass'n.*
  95 B.R. 540, 544 (Bankr. S.D. Ohio 1989) .................................................... 6

*In re Allegheny Int'l*
  954 F.2d 167, 173-74 (3d Cir. 1992) .............................................................. 6

*In re Lasky*
  364 B.R. 385, 387 (Bankr. C.D. Cal. 2007) ................................................... 6

*International Brotherhood of Electrical Workers, Local Union No. 332 v. Hyland Wilson Electrical Contractors, Inc.*
  881 F.2d 820, 821 (9th Cir. 1989) .................................................................. 8

*Las Palmas Assoc. v. Las Palmas Ctr.*
  235 Cal App. 3d 1220, 1249 (1991) ............................................................... 7

*Lundell v. Anchor Constr. Specialists, Inc.*
  223 F.3d 1035, 1039 (9th Cir. 2000) ............................................................. 6

*Mesler v. Bragg Mgmt.*
  39 Cal. 3d 290, 301 (1985) ........................................................................ 7, 9

*Mid-Century Ins. Co. v. Gardner*
  9 Cal. App. 4th 1205, 1212 (1992) ................................................................ 7

*Ministry of Def. of Islamic Republic v. Gould, Inc.*
  969 F.2d 764, 769 n.3 (9th Cir. 1992) ........................................................... 9

*Neilson v. Union Bank*
  290 F. Supp. 2d 1101, 1117 (C.D. Cal. 2003) .............................................. 11

*Norins Realty Co. v. Consolidated Abstract & Title Co.*
  80 Cal. App. 2d 879, 881 (1947) .................................................................. 10

*O'Rourke v. Seaboard Surety Co. (In re E.R. Fergert, Inc.)*
  887 F.2d 955, 957-958 (9th Cir. 1998) ........................................................... 6

*Politte v. United States.*
  2012 U.S. Dist. LEXIS 38467, at *29-30 and n.18 (S.D. Cal. Mar. 21, 2012) ...............................8
*Rund v. Kirkland (In re EPD Inv. Co.)*
  2020 Bankr. LEXIS 3091, at *50 (Bankr. C.D. Cal. Oct. 29, 2020) ...................................6
*Sandoval v. Ali*
  34 F. Supp. 3d 1031, 1040 (N.D. Cal. 2014) ...................................................10
*Sass v. Barclays Bank PLC (In re American Home Mortg.)*
  501 B.R. 44, 62 (Bankr. D. Del. 2013) ........................................................6
*Seymour v. Hull & Moreland Engineering*
  605 F.2d 1105, 1112-13 (9th Cir. 1979) ......................................................8
*Swanson v. Levy*
  509 F.2d 859, 862 (9th Cir. 1975) ...........................................................8
*Vanderbilt Props. v. Buchbinder (In re Windmill Farms, Inc.)*
  841 F.2d 1467, 1474 (9th Cir. 1988) .........................................................8
*Wright v. Holm (In re Holm)*
  931 F.2d 620, 623 (9th Cir. 1991) ...........................................................5
*Wuxi City Runyuan Keji Ziaoe Daikuan Co. v. Xuewei Wu*
  2013 U.S. Dist. LEXIS 195308, at *10 (C.D. Cal. May 1, 2013) ..................................9

**Statutes**

11 U.S.C. § 101 ............................................................................1
11 U.S.C. § 102 ............................................................................1
11 U.S.C. § 105 ............................................................................1
11 U.S.C. § 101 ............................................................................1
11 U.S.C. § 364 ............................................................................8
11 U.S.C. § 502(b) ......................................................................1, 5
11 U.S.C. § 502(b)(1) ......................................................................5
11 U.S.C. § 523(a)(2)(A) ...................................................................8
28 U.S.C. § 157 ............................................................................1
28 U.S.C. § 1102(a)(1) .....................................................................1
28 U.S.C. § 1334 ...........................................................................1
28 U.S.C. § 1408 ...........................................................................1
28 U.S.C. § 1409 ...........................................................................1

**Other Authorities**

14 *Cal. Forms of Pleading and Practice–Annotated* § 161.33 [9] (2021) ........................8
2 *Cal. Prac. Guide Corps.* § 2:52 (Rutter Group 2021) ........................................7
2 *Cal. Prac. Guide Corps.* § 2:52.2 .........................................................7
5 *California Points & Authorities* § 52.60[3][d] (2021) ......................................10
Cal. Corp. Code § 300(e) ...................................................................10
*Collier on Bankruptcy* ¶ 502.02 at 502-22 (15th ed. 1991) ....................................5
*Sonora Diamond*, 83 Cal. 3d at 548-49 ......................................................11

**Rules**

FRBP 3001(c) ...............................................................................6
FRBP 3001(c)(1) ............................................................................6
FRBP 3001(f) ...............................................................................5
FRBP 3007 ..................................................................................1

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Yueting Jia, the reorganized debtor herein (the "<u>Debtor</u>," "<u>Reorganized Debtor</u>" or "<u>YT</u>"),

hereby objects (the "<u>Objection</u>") to claim number 33 (the "<u>Claim</u>"), filed by Nanchang O-Film

Photoelectric Technology Co, Ltd.[2] (the "<u>Claimant</u>") and states as follows:

## I.

## JURISDICTION

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief

sought herein are sections 102, 105 and 502(b) of title 11 of the United States Code, 11 U.S.C.

§§ 101, *et seq.* (the "<u>Bankruptcy Code</u>"), and Rule 3007 of the Federal Rules of Bankruptcy

Procedure (the "<u>Bankruptcy Rules</u>").

## II.

## BACKGROUND

**A.     <u>The Commencement of the Debtor's Bankruptcy Case</u>**

On October 14, 2019 (the "<u>Petition Date</u>"), YT commenced his chapter 11 case by filing a

voluntary petition for relief under chapter 11 of the Bankruptcy Code. Throughout the pendency of

his bankruptcy case, YT remained in possession of his assets and managed his affairs as a debtor in

possession.

**B.     <u>The Creditors' Committee's Investigation of the Debtor's Assets, Related Parties,
        Transfers, and Financial Affairs</u>**

On October 25, 2019, the U.S. Trustee appointed the Official Committee of Unsecured

Creditors (the "<u>Creditors' Committee</u>") in this chapter 11 case pursuant to section 1102(a)(1) of the

Bankruptcy Code [Docket No. 45]. The Creditors' Committee retained the following professional

firms: (i) Lowenstein Sandler LLP, as bankruptcy counsel; (ii) Polsinelli LLP, as California co-

counsel; and (iii) Alvarez & Marsal North America, LLC, as financial advisor.

For months, the Creditors' Committee's professionals investigated the Debtor's assets,

liabilities, transfers, and transactions (including transfers and alleged transfers to insiders and

---

[2]Additionally, Claimant or its affiliate filed claim numbers 34, 37, and 38, which were duplicates of the Claim, and were subsequently disallowed pursuant to order entered on May 11, 2020 [Docket No. 733].

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

affiliates) in order to determine whether any viable estate litigation claims exist that could be brought either derivatively by the Creditors' Committee during the Debtor's bankruptcy case or by a postconfirmation litigation trust or other estate fiduciary.[3]   The Creditors' Committee's investigation of the Debtor and his assets, historical transactions, and business operations was led by a former Federal Bureau of Investigation special agent with credentials as a certified public accountant who specializes in sophisticated internal corporate investigations and forensic accounting investigations into corruption, money laundering, embezzlement, and fraud, including within bankruptcy proceedings.[4]

The Creditors' Committee's investigation team performed extensive due diligence on potential claims to obtain or recover assets into the bankruptcy estate, which included:

1.    Obtaining hundreds of documents relating to the Debtor's personal businesses and financial affairs, including those of Faraday Future and its parent company;

2.    Conducting investigative interviews of seven witnesses relating to the Debtor's financial affairs;

3.    Conducting a deposition of the Debtor over a two-day period in connection with formal questions posed by the Creditors' Committee and an individual Creditors' Committee member; and

4.    Investigating companies in which the Debtor held and sold interests in the two years preceding the bankruptcy case and the transfers of such interests.[5]

As a result of its comprehensive investigation, which included examinations of Faraday Future, Ocean View and other entities and individuals, the Creditors' Committee concluded that there was no evidence to suggest that the Debtor's Plan did not disclose and account for all recoverable assets of the Debtor.[6]

**C.    Confirmation of Debtor's Plan of Reorganization**

On June 5, 2020, this Court entered an order [Docket No. 810] confirming the *Third Amended Chapter 11 Plan of Reorganization for Yueting Jia*, as modified (the "Plan").  The Plan

---

[3] *See The Official Committee of Unsecured Creditors' Omnibus Reply to Objections to Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 763] at 2.

[4] *See Declaration of William B. Waldie in Support of the Official Committee of Unsecured Creditors' Omnibus Reply to Objections to Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 764] (the "Waldie Declaration") ¶¶ 1-2 at 1.

[5] *Id.* ¶¶ 6-12 at 3-8.

[6] *Id.* ¶ 13 at 8; *see also id.* ¶¶ 6-12 at 3-8.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    became effective on June 26, 2020.

2         Pursuant to the *Order Granting Reorganized Debtor's Motion for Order to Further Extend*

3    *Time to File Claim Objections* [Docket No. 961], the Reorganized Debtor may file objections to

4    claims through and including August 20, 2021.

5    **D.    The Claim**

6         The Claim, a true and correct copy of which is attached hereto as **Exhibit "A,"**[7] is predicated

7    upon a Complaint for (1) Breach of Contract; (2) Fraud; (3) Common Count in Quantum Meruit; and

8    (4) Unfair Competition (the "Complaint") filed by Claimant against YT and attached to the proof of

9    claim.[8]  The Complaint, without support,[9] states that it is filed against the Debtor "based on his status

10    as the alter ego of Leshi Holding Beijing Co., a.k.a. LeEco" ("LeEco").  Complaint ¶ 5.  The

11    Claimant states that it was "an OEM supplier to LeEco, as a result of which LeEco owes O-Film

12    $24,095,428 for unpaid electronic components." *Id.* ¶ 9.  The Debtor is not a party to LeEco's

13    component purchase transactions.  The Complaint is seemingly based largely on media articles. *Id.*

14    ¶¶ 10-112 and nn. 2, 3 and 4.  The Claimant fails to attach any evidence in support of the Claim.

15         The Claimant admits in the Complaint that the so-called "alter ego" LeEco is in fact separate

16    from the Debtor,[10] with separate lines of business from the Debtor and another company for which

17    he is an officer, as well as geographically distant from the Debtor. *Id.* ¶ 8 and n.1 ("[The Debtor] Jia

18    is an individual who resides in Rancho Palos Verdes, California.  He is the founder of LeEco, a

19    privately owned multinational company based in Beijing, China that develops and markets consumer

20    electronic products and distributes entertainment over the internet.  He is also presently Chairman

21    and founder of Faraday & Future, Inc., a privately-owned Gardena, California company developing

22    and marketing electric automobiles.").  The Claimant also admits that the Debtor's activities in

23    ───────────────

[7] The Reorganized Debtor respectfully requests that the Court take judicial notice of the filed Claim pursuant to Rule 201 of the Federal Rules of Evidence.

24    [8] On April 2, 2021, the Debtor filed the *Debtor's Notice of Objection and Motion, and Objection to Claim or, Alternatively, Motion for Estimation of Claim No. 33 Filed by Nanchang O-Film Photoelectric Technology Co, Ltd., for*

25    *Purposes of Voting on Plan* [Docket No. 505], which was subsequently dismissed based on the Debtor's having a sufficient number of votes to confirm the Plan regardless of the disposition of that objection [Docket No. 705].

26    [9] Significantly, with regard to its alter ego allegations, the Claimant asserts (without citation to authority) only that "[d]ue to the unity of interest and ownership between LeEco and [the Debtor] Jia and the inequity that would result if these acts

27    were treated as LeEco's alone, Jia is the alter ego of LeEco and is personally liable for these damages." *Id.* ¶ 19; *see id.* ¶¶ 25 and 28.

28    [10] The Reorganized Debtor recites certain allegations and admissions made by the Claimant; however, by doing so, he does not admit to any of the Claimant's allegations.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

regard to LeEco are "heavily regulated" by the Chinese government. *Id*. ¶ 15 n. 5.  Additionally, the Claimant admits that its dealings with LeEco were by "mutual assent," without mention of any assent by the Debtor. *Id*. ¶ 18.  The Claimant also admits that individuals other than the Debtor "dominate and control LeEco." *Id*. ¶ 14 ("He and his family including his sister dominate and control LeEco.  He is substantially the equitable owner and is personally served by the same offices and employees.").  He is also accused of commingling his assets with those of LeEco, which the Claimant describes as a privately-owned company, *id*. ¶ 8, regulated by the Chinese government because such government regulates the stock market, *id*. ¶¶ 14-15 and n. 5 ("Upon information and belief, [the Debtor] Jia commingled the company assets with his personal assets. . . .").

## E.     The Debtor and LeEco Are Separate, Independent Entities

At all times material to the Complaint, LeEco is a company organized under the laws of the People's Republic of China.  The name "Leshi Holding Beijing Co." is one English translation of the Chinese proper name of the company, 乐视控股（北京）有限公司.[11]  A true and correct copy of excerpts of results from a search of LeEco on the National Enterprise Credit Information Publicity System (http://www.gsxt.gov.cn/index.html), a government-run, national, enterprise credit inquiry system in the People's Republic of China providing information from the Beijing Administration for Industry and Commerce, is attached as Exhibit "A" to the Request for Judicial Notice, filed concurrently herewith.

## III.

## ARGUMENT

## A.     Procedural Requirements for Objections to Claims

Bankruptcy Rule 3007 governs the procedure for objections to claims.  It provides as follows: "An objection to an allowance of a claim shall be in writing and filed.  A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant . . . at least thirty days prior to the hearing." Fed. R. Bankr. P. 3007.  Pursuant to Bankruptcy Rule 3007, a copy of the Objection will be mailed to Claimant at the address provided by Claimant in the Claim, and, where available and if different from the address provided on the proof of claim, on the

---

[11] "Le Holdings (Beijing) Co., Ltd." is another English translation of the company's proper name.

1  Claimant's address registered with the National Enterprise Credit Information Publicity System at

2  least thirty days prior to the hearing date for consideration of the Objection.  Accordingly, by the

3  time of the hearing hereon, the Reorganized Debtor will have complied with Bankruptcy Rule 3007.

4  The Reorganized Debtor also will serve the Objection on counsel for the Claimant who has

5  appeared and actively participated in this bankruptcy case.

6  **B.     The Court Must Determine the Allowance of a Claim Subject to Objection**

7  With certain exceptions, section 502(b) of the Bankruptcy Code requires, in relevant part,

8  that if a party in interest objects to a claim, "the Court, after notice and a hearing, shall determine the

9  amount of such claim in lawful currency of the United States as of the date of the filing of the

10  petition, and shall allow such claim in such amount, except to the extent that—(1) such claim is

11  unenforceable against the debtor and property of the debtor, under any agreement or applicable law

12  for a reason other than because such claim is contingent or unmatured . . . ."  11 U.S.C. § 502(b).

13  **C.     Burden of Proof**

14  All allegations set forth in a properly filed proof of claim are taken as true and, if the

15  allegations set forth all facts necessary to establish a claim and are not self-contradictory, the proof

16  of claim constitutes prima facie evidence of the validity and amount of the claim.  11 U.S.C.

17  § 502(a); Fed. R. Bankr. P. 3001(f).  However, a claimant must attach copies of writings upon which

18  claims are based in order to carry its burden of establishing a *prima facie* case against the debtor.

19  *Hardin v. Gianni (In re King Invest.)*, 219 B.R. 848, 858 (BAP 9th Cir. 1998).  Further, a claim

20  should not be allowed if that claim is unenforceable against the debtor and property of the debtor,

21  under any agreement or applicable law.  11 U.S.C. § 502(b)(1).

22  Once the objector raises "'facts tending to defeat the claim by probative force equal to that of

23  the allegations of the proofs of claim themselves,'" *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623

24  (9th Cir. 1991) (quoting *Collier on Bankruptcy* ¶ 502.02 at 502-22 (15th ed. 1991)), then "the burden

25  reverts to the claimant to prove the validity of the claim by a preponderance of the evidence."

26  *Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226

27  (BAP 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).  "'[T]he ultimate burden of persuasion is

28  always on the claimant.'"  *Holm*, 931 F.2d at 623 (quoting *Collier*).  In considering an objection to a

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    claim, a bankruptcy court may take judicial notice of the underlying records in a bankruptcy case.

2    *O'Rourke v. Seaboard Surety Co. (In re E.R. Fergert, Inc.)*, 887 F.2d 955, 957-958 (9th Cir. 1998).

3

**D.**    **The Claim Is Unsupported and Consequently Invalid**

4

5            The Claim does not have prima facie validity because the Claimant failed to attach any

6    evidence in support of the Claim.  The Claimant merely attached the Complaint to the Claim, which

7    does not provide adequate documentation to support the Claim; it is merely a summary of

8    accusations that, by itself, substantiates nothing. Fed. R. Bankr. P. 3001(c)(1) ("when a claim . . . is

9    based on a writing, a copy of the writing shall be filed with the proof of claim.").  *See In re Lasky*,

10   364 B.R. 385, 387 (Bankr. C.D. Cal. 2007) ("A proof of claim not executed and filed in accordance

11   with FRBP 3001 does not constitute prima facie validity as to the amount of the claim. . . . .  The

12   summaries to Claim Nos. 1, 5, 6 and 7 all lack such a detailed breakdown and are insufficient under

13   FRBP 3001(c)."); *EVOQ Prop. v. Maddux (In re Meruelo Maddux Prop.)*. 2013 Bankr. LEXIS 4672

14   at *25 (BAP 9th Cir. Apr. 15, 2013) ("Objections asserting lack of documentation may deprive the

15   claim of *prima facie* validity . . . ."); *Sass v. Barclays Bank PLC (In re American Home Mortg.)*, 501

16   B.R. 44, 62 (Bankr. D. Del. 2013) ("Pursuant to Federal Rule of Bankruptcy Procedure 3001, where

17   a proof of claim does not provide the facts and documents necessary to support the claim, it is not

18   entitled to the presumption of *prima facie* validity.") (citing *In re All-American Auxiliary Ass'n*, 95

19   B.R. 540, 544 (Bankr. S.D. Ohio 1989)).  A claimant has the ultimate burden of persuasion when an

20   objection to its claim has been filed; the objector has only the initial burden to produce evidence

21   sufficient to negate the prima facie validity of the filed claim.  *Lundell v. Anchor Constr. Specialists,*

22   *Inc.* 223 F.3d 1035, 1039 (9th Cir. 2000) ("The ultimate burden of persuasion remains at all times

23   upon the claimant."); *In re Allegheny Int'l*, 954 F.2d 167, 173-74 (3d Cir. 1992); *Chatlos Syst. v.*

24   *Kaplan (In re TIE/Communications)*, 163 B.R. 435, 440-41 (Bankr. D. Del. 1994).  *See Rund v.*

25   *Kirkland (In re EPD Inv. Co.)*, 2020 Bankr. LEXIS 3091, at *50 (Bankr. C.D. Cal. Oct. 29, 2020)

26   ("When the objector has shown enough evidence to negate one or more facts in the proof of claim,

27   the burden shifts back to the claimant to prove the validity of the claim by a preponderance of

28   evidence.").

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    In the absence of any supporting documentation, the Claim lacks the presumption of validity

2    and may be disallowed in its entirety on this basis alone.

3    **E.    The Debtor Is Not Liable for the Claim**

4    As already noted above, the Debtor did not purchase electronic components from the

5    Claimant and, as such, has no contractual relationship with the Claimant.  Instead, the Claimant

6    alleges that LeEco is an "alter ego" of the Debtor.

7    1.    **Alter Ego Is an Extreme Remedy, Sparingly Used**

8    The law grants corporations the presumption of a separate identity.  "It is the plaintiff's

9    burden to overcome the presumption of the separate existence of the corporate entity."  *Mid-Century*

10    *Ins. Co. v. Gardner*, 9 Cal. App. 4th 1205, 1212 (1992).  "'Because society recognizes the benefits

11    of allowing persons and organizations to limit their business risks through incorporation, sound

12    public policy dictates that imposition of alter ego liability be approached with caution.'"  *Gopal v.*

13    *Kaiser Found. Health Plan*, 248 Cal. App. 4th 425, 431 (2016) (quoting *Las Palmas Assoc. v. Las*

14    *Palmas Ctr.*, 235 Cal App. 3d 1220, 1249 (1991)).  Indeed, "the corporate form will be disregarded

15    only in narrowly defined circumstances . . . ."  *Mesler v. Bragg Mgmt.*, 39 Cal. 3d 290, 301 (1985);

16    *see Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 539 (2000) ("Alter ego is an

17    extreme remedy, sparingly used.").[12]  Indeed, where, as here, a plaintiff's theory of alter ego is

18    founded on a contractual relationship, courts are less likely to apply the doctrine.  *See Cambridge*

19    *Elecs. Corp. v. MGA Elecs., Inc.*, 227 F.R.D. 313, 330 n.50 (C.D. Cal. 2004) (applying California

20    alter-ego law and collecting cases); *accord, 2 Cal. Prac. Guide Corps.* § 2:52 (Rutter Group 2021).

21    A California treatise states that:

22    In determining whether to disregard corporate form, federal court
applies federal substantive law, but may look to state law for guidance;
23    federal standard considers three factors: amount of respect given to
24    separate identity of corporation by shareholders; degree of injustice
that would result from recognition of corporate entity; and any
25    fraudulent intent of incorporators.

26

27    _____

28    [12] Where, as here, a plaintiff's theory of alter ego is founded on a contractual relationship, courts are less likely to apply
the doctrine.  *See Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227 F.R.D. 313, 330 n.50 (C.D. Cal. 2004) (applying
California alter ego law and collecting cases); *accord, 2 Cal. Prac. Guide Corps.* § 2:52.2.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

14 *Cal. Forms of Pleading and Practice–Annotated* § 161.33 [9] (2021) (citing *Bd. of Trustees v. Valley Cabinet & Mfg. Co.*, 877 F.2d 769, 772 (9th Cir. 1989) ("We have held that evidence establishing shareholder disrespect for a corporation's separate identity alone is an insufficient reason to pierce the corporate veil . . . .; defendant's corporate veil was not pierced because fraudulent intent and injustice were not shown.") (citing *Seymour v. Hull & Moreland Engineering*, 605 F.2d 1105, 1112-13 (9th Cir. 1979); *International Brotherhood of Electrical Workers, Local Union No. 332 v. Hyland Wilson Electrical Contractors, Inc.*, 881 F.2d 820, 821 (9th Cir. 1989) ("The record developed in the arbitration proceeding on the latter issues contains no findings and little evidence relevant to whether either or both corporations were alter egos of the Hylands individually.  No additional evidence on that issue was presented to the district court.  On this record the judgment imposing liability upon the Hylands cannot be sustained.")).  *See Swanson v. Levy*, 509 F.2d 859, 862 (9th Cir. 1975) ("In principle, however, the disregarding of the corporate form of business should not rest on the manner of doing business in general, but should rest on the effect that the manner of doing business has on the particular transaction involved.").

While in most federal circuits—including the Ninth Circuit—the federal factors have been applied particularly in pension and labor cases, federal courts in the Ninth Circuit have applied the federal factors in bankruptcy proceedings.  *Vanderbilt Props. v. Buchbinder (In re Windmill Farms, Inc.)*, 841 F.2d 1467, 1474 (9th Cir. 1988) (finding that entities were not alter egos under federal case law when considering motion for assumption of lease under section 364 of the Bankruptcy Code), *rev'g on other grounds* 70 B.R. 618, 621 (BAP 9th Cir. 1987) (citing *Seymour*, 605 F.2d 1105; *Swanson*, 509 F.2d 859).  *See Drew v. Hart (In re Hart)*, 2014 Bankr. LEXIS 1012, at *87 (Bankr. N.D. Cal. Mar. 14, 2014) (applied federal test to claim of nondischargeability for fraud under section 523(a)(2)(A) of the Bankruptcy Code).

As stated above, regarding alter ego, federal courts may look to state law for guidance.  *See Politte v. United States.*, 2012 U.S. Dist. LEXIS 38467, at *29-30 and n.18 (S.D. Cal. Mar. 21, 2012) ("Federal common law governs the application of the alter-ego doctrine in a variety of contexts and in the Ninth Circuit the alter-ego doctrine mirrors that of California.  Accordingly, 'application of California and federal [alter-ego] law dictate the  same result' on questions of alter-ego because they

1   are virtually identical and because alter-ego doctrine is more developed in the California courts,

2   California case law is instructive in this case.") (quoting *Ministry of Def. of Islamic Republic v.*

3   *Gould, Inc.*, 969 F.2d 764, 769 n.3 (9th Cir. 1992) ("California law on piercing the corporate veil is

4   substantially similar to the rule announced in our cases."), *aff'd*, 587 F. App'x 406 (9th Cir. 2014).

5       The California Supreme Court has stated a two prong test that is consistent with the three

6   prong federal test:

> There is no litmus test to determine when the corporate veil
> will be pierced; rather the result will depend on the circumstances of
> each particular case.  There are, nevertheless, two general
> requirements: '(1) that there be such unity of interest and ownership
> that the separate personalities of the corporation and the individual no
> longer exist and (2) that, if the acts are treated as those of the
> corporation alone, an inequitable result will follow . . . .'
>     The essence of the alter ego doctrine is that justice be done. . . .
> Thus the corporate form will be disregarded only in narrowly defined
> circumstances and only when the ends of justice so require. . .  [and
> then] "under certain circumstances a hole will be drilled in the wall of
> limited liability erected by the corporate form; for all purposes other
> than that for which the hole was drilled, the wall still stands.

15  *Mesler*, 39 Cal.3d at 301 (quoting *Automortriz del Golfo v. Resnick*, 47 Cal. 2d 792, 796 (1957)).

16      Also in California, "there is no such thing as a substantive alter ego claim at all:  'A claim

17  against a defendant, based on the alter ego theory, is not itself a claim for substantive relief, e.g.,

18  breach of contract or to set aside a fraudulent conveyance, but rather procedural . . . .'"  *Ahcom, Ltd.*

19  *v. Smeding*, 623 F.3d 1248, 1251 (9th Cir. 2010) (quoting *Hennessey's Tavern, Inc. v. American Air*

20  *Filter Co.*, 204 Cal. App. 3d 1351, 1359 (1988)), *quoted in Wuxi City Runyuan Keji Ziaoe Daikuan*

21  *Co. v. Xuewei Wu*, 2013 U.S. Dist. LEXIS 195308, at *10 (C.D. Cal. May 1, 2013) ("The court finds

22  that vicarious liability, alter ego liability, and conspiracy are not independent causes of action but

23  rather theories of liability.").

24      The United States District Court for the Central District of California has stated that:  "'To

25  sufficiently allege a theory of alter ego, plaintiffs must provide "more than labels and

26  conclusions"—'[f]actual allegations must be enough to raise a right to relief above the speculative

27  level.'"  *Gerritsen v. Warner Bros. Ent.,* 116 F. Supp. 3d 1104, 1142 (C.D. Cal. 2015) (applying

28  California law) (quoting *Hoang v. Vinh Phat Supermarket*, 2013 U.S. Dist. LEXIS 114475, at *41

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

(E.D. Cal. Aug. 13, 2013) ("Plaintiffs' allegations of a unity of ownership and interest and control over working conditions are conclusory, as is their claim that Vinh Phat is undercapitalized.  The factual allegation that they offer to show undercapitalization—that the individual defendants have 'funneled' Vinh Phat's funds into the personal accounts of themselves, their family, and their associates is insufficient.  Without further factual context, such 'funneling' could merely be the usual practice of corporations to pay dividends to shareholders, and engaging in such a practice does not necessarily mean that a corporation is undercapitalized."). *See Gerritsen*, 116 F. Supp. 3d at 1140-41 (regarding individual defendants:  "Plaintiff's alter ego allegations are too conclusory to survive a motion to dismiss.  'Conclusory allegations of "alter ego" status are insufficient to state a claim. Rather a plaintiff must allege specifically both elements of alter ego liability, as wells as facts supporting each . . . .") (quoting *Sandoval v. Ali*, 34 F. Supp. 3d 1031, 1040 (N.D. Cal. 2014); *Norins Realty Co. v. Consolidated Abstract & Title Co.*, 80 Cal. App. 2d 879, 881 (1947)  ("The court will not disregard the corporate entity unless it is necessary in order to prevent fraud or injustice.  Mere ownership of all the stock and control and management of a corporation is not of itself sufficient to cause the courts to disregard the corporate entity."). *Norins* is discussed in 5 *California Points & Authorities* § 52.60[3][d] (2021).  *Accord,* Cal. Corp. Code § 300(e) ("The failure of a close corporation to observe corporate formalities relating to meetings of directors or shareholders in connection with the management of its affairs, pursuant to an agreement authorized by subdivision (b), shall not be considered a factor tending to establish that the shareholders have personal liability for corporate obligations.").

The relationship between the Debtor and LeEco here is akin to a parent-subsidiary relationship.  Absent egregious facts, parents and subsidiaries are not alter egos.  *See Gerritsen*, 116 F. Supp. 3d at 1138-39 ("As the Ninth Circuit and California courts have routinely observed, however, in and of itself, a parent's complete control of a subsidiary does not show that there is an alter ego relationship between the two . . . ."; it "'is considered a normal attribute of ownership that officers and directors of the parent serve as officers and directors of the subsidiary. . . .  [T]he fact that a parent and subsidiary "share the same office location, or the same website and telephone number, does not necessarily reflect an abuse of the corporate form or the existence of an alter ego

relationship. . . .  [T]hat defendants share common business departments and employees [and the parent] provides funding . . . are not necessarily indicative of an alter ego relationship; rather they are common aspects of parent-subsidiary relationships."). *Id.* at 1138-41 (quoting *Sonora Diamond*, 83 Cal. 3d at 548-49). [13]  In particular, "California courts routinely 'reject the view that the potential difficulty a plaintiff faces collecting a judgment is an inequitable result that warrants application of the alter ego doctrine.'" *Id.*, at 1144 (quoting *Neilson v. Union Bank*, 290 F. Supp. 2d 1101, 1117 (C.D. Cal. 2003)).

### 2. LeEco Is a Separate Entity from the Debtor

Here, the Claimant cannot show that there is such unity of interest and ownership that the separate personalities of the corporation and its individual owner no longer exist.  As part of this Objection, the Debtor has provided evidence that LeEco is a legally separate entity from the Debtor. Like all debtors, the Debtor provided detailed Schedules of Assets and Liabilities and a Statement of Financial Affairs and made himself available to and answered questions posed by creditors at the examination required by section 341(a) of the Bankruptcy Code.  Additionally, as described by the Creditors' Committee in previous filings with the Court, the Debtor (and other parties) provided additional documentation and testimony as part of a comprehensive investigation and forensic due diligence process conducted by the Creditors' Committee's professionals regarding the Debtor and his assets, historical transactions and business operations, led by a former FBI Special Agent.  To the extent the Debtor's assets were found to have been commingled with those of LeEco and there was such unity of interest and ownership among these parties that the Creditors' Committee could obtain additional assets of such entities to satisfy creditors' claims, no doubt it would have done so. Instead, as set forth in the Waldie Declaration, the Creditors' Committee determined that the Debtor's assets and liabilities were as represented by the Debtor.

---

[13] *See Garritsen*, 116 F. Supp. 3d at 1141 ("[T]he facts pled in the first amended complaint do not show that WB has 'manipulated' Katja's and New Line's assets and liabilities such that it 'owns and/or controls *all* assets of Katja and New Line' or commingles those companies' assets with its own. . . . [T]he preceding discussion makes clear, the indicia of WB's purported 'control' of Katja and New Line that Gerritsen pleads are, for the most part, circumstances that are merely incidental to a typical parent-subsidiary relationship.") (emphasis added). *Id.*, at 1142 (the alleged facts "do not give rise to a plausible inference that WB dictates *every* facet of Katja's and New Line's business – from broad policy decisions to routine matters of day-to-day operation.") (emphasis added).  Also, "California courts generally require some evidence of bad faith conduct on the part of defendants before concluding that an inequitable result justifies an alter ego finding. *Id.*, at 1143.

3.    **The Claimant Cannot Assert an Inequitable Result from the Maintenance of Corporate Separateness**

Even if the Claimant were able to allege a sufficient unity of interest between YT and LeEco, it still must show that an inequitable result will follow if the entity's corporate separateness is maintained.  *See Las Palmas*, 235 Cal. App. 3d at 1249-50.  However, the only inequity the Claimant can point to is that it may not be able to recover any asserted damages.  An assertion that the Claimant is merely an unsatisfied creditor is insufficient.  *See Sonora Diamond*, 83 Cal. App. 4th at 539 ("The alter ego doctrine does not guard every unsatisfied creditor of a corporation but instead affords protection where some conduct amounting to bad faith makes it inequitable for the corporate owner to hide behind the corporate form.  Difficulty in enforcing a judgment or collecting a debt does not satisfy this standard.") (collecting cases).

Here, the Debtor has no direct liability to the Claimant, which is merely an unsatisfied creditor of a nondebtor entity that is not an alter ego of the Debtor.  Therefore, in the absence of the Claimant being able to meet the high burden needed to satisfy the two-part test and invoke the doctrine, the Claim should be disallowed.

## IV.

## GENERAL RESERVATION OF RIGHTS

The Reorganized Debtor expressly reserves the right to amend, modify, or supplement this Objection and to file additional, other, or further objections to any proofs of claim filed in this Chapter 11 Case, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not) against the Reorganized Debtor, regardless of whether such claims are subject to this Objection.  Should one or more of the grounds of objection stated in this Motion be denied, the Reorganized Debtor reserves his rights to object on other stated grounds or on any other grounds he discovers.  In addition, the Reorganized Debtor reserves the right to file counterclaims against the holders of any such claims.

## V.

## NOTICE

The Reorganized Debtor will serve copies of this Objection on:  (a) the Claimant, (b) the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   Office of the United States Trustee, (c) counsel to the Creditor Trustee, and (d) all parties who have

2   requested notices in this chapter 11 case pursuant to Bankruptcy Rule 2002.

3                                          **VI.**

4                                      **CONCLUSION**

5           WHEREFORE, the Reorganized Debtor respectfully requests that the Court enter an order

6   sustaining the Objection, disallowing the Claim in its entirety and granting the Reorganized Debtor

7   such other and further relief as is just and proper.

8   Dated:       August 20, 2021              PACHULSKI STANG ZIEHL & JONES LLP

9

10                                           /s/*Malhar S. Pagay*
                                             Richard M. Pachulski
11                                           Malhar S. Pagay

12                                           *Attorneys for Reorganized Debtor*

**DECLARATION OF YUETING JIA**

I, Yueting Jia, under penalty of perjury, declare as follows:

1.    I am the reorganized debtor (the "Reorganized Debtor").

2.    On June 5, 2020, this Court entered an order confirming the *Debtor's Third Amended Chapter 11 Plan of Reorganization Under Chapter 11 of the Bankruptcy Code*, as modified (the "Plan").  The Plan became effective on June 26, 2020.

3.    Pursuant to the *Order Granting Reorganized Debtor's Motion for Order to Further Extend Time to File Claim Objections* [Docket No. 961], I may file objections to claims through and including August 20, 2021.

4.    I submit this declaration (the "Declaration") in support of the *Objection to Claim No. 33 Filed by Nanchang O-Film Photoelectric Technology Co, Ltd.* (the "Objection").[14]

5.    Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge: my review of books and records, relevant documents, and other information prepared or collected by my employees, advisors, and representatives; or my opinion based on my experience.  In making my statements based on my review of books and records, relevant documents, and other information prepared or collected by my professionals, advisors, and employees, I have relied upon these professionals, advisors, and employees accurately recording, preparing, or collecting such documentation and other information.  If I were called to testify as a witness in this matter, I could and would competently testify to each of the facts set forth herein.

6.    I am not fluent in English.  Accordingly, in the ordinary course of my business and personal affairs that require me to communicate in English either orally or in writing, I employ interpreters/translators who are fluent in both English and Chinese.  I am utilizing such interpreters/translators in connection with matters that arise in connection with my chapter 11 case and intend to continue to do so.  I have reviewed the Objection with the assistance of such interpreters/translators and can confirm that the factual statements contained therein are true and correct to the best of my knowledge.

---

[14] Capitalized terms not defined herein shall have the same meaning ascribed to them in the Objection.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

7.      I have reviewed Claim No. 33 (the "Claim"), filed by Nanchang O-Film Photoelectric Technology Co, Ltd. (the "Claimant").  I understand that the Claim, a true and correct copy of which is attached hereto as **Exhibit "A,"** is predicated upon a Complaint for (1) Breach of Contract; (2) Fraud; (3) Common Count in Quantum Meruit; and (4) Unfair Competition (the "Complaint"), filed by Claimant against YT, and attached to the proof of claim

8.      The Complaint states that it is filed against me "based on [my] status as the alter ego of Leshi Holding Beijing Co., a.k.a. LeEco" ("LeEco").  The Claimant states that it was "an OEM supplier to LeEco, as a result of which LeEco owes O-Film $24,095,428 for unpaid electronic components."

9.      I did not purchase electronic components from the Claimant and, as such, have no contractual relationship with, or direct liability to, the Claimant.

10.     As a separate entity from me, LeEco is a privately owned multinational company based in Beijing, China that develops and markets consumer electronic products and distributes entertainment over the internet.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this __20th__ day of August, 2021, at _Gardena_____, California.

_____
Yueting Jia

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# EXHIBIT A

Filed: USBC - Central District of California
Yueting Jia   (B10)
19-24804 (VPZ)

YT1        0000000033

RECEIVED

JAN 22 2020

LEGAL SERVICES

**Fill in this information to identify the case:**

Debtor 1    Yeuting Jia

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:  Central    District of  California

Case number  2:19-bk-24804-VZ

Official Form 410

# Proof of Claim                                                                04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:  Identify the Claim

| | |
|---|---|
| 1. Who is the current creditor? | Nanchang O-Film Photoelectric Technology Co., Ltd |
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor |
| 2. Has this claim been acquired from someone else? | ☑ No  ☐ Yes.  From whom? |
| 3. Where should notices and payments to the creditor be sent? Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Where should notices to the creditor be sent?  Robert Lin  Name 11th Floor, Tower 6, Taizwan Business Plaza, No.91 Shanghai Road,Nanshan District  Number   Street  Shenzhen, Guangdong, China  City   State   ZIP Code  Contact phone +86 136 3150 9227  Contact email  lin.hongping@ofilm.com  See attached statement for additional notice request. | Where should payments to the creditor be sent? (if different)  Name  Number   Street  City   State   ZIP Code  Contact phone  Contact email |
| | Uniform claim identifier for electronic payments in chapter 13 (if you use one): | |
| 4. Does this claim amend one already filed? | ☑ No  ☐ Yes.  Claim number on court claims registry (if known)          Filed on       MM / DD / YYYY |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No  ☐ Yes.  Who made the earlier filing? |

Official Form 410                          Proof of Claim                              page 1

**Part 2:    Give Information About the Claim as of the Date the Case Was Filed**

**6.   Do you have any number you use to identify the debtor?**

☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7.   How much is the claim?**    $           24,095,428.00    Does this amount include interest or other charges?

See attached statement.

☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8.   What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as health care information.

See attached statement.

**9.   Is all or part of the claim secured?**

☑ No
☐ Yes. The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe:

Basis for perfection:
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                      $_____
Amount of the claim that is secured:    $_____

Amount of the claim that is unsecured: $_____     (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:    $_____

Annual Interest Rate (when case was filed) _____%
☐ Fixed
☐ Variable

**10.  Is this claim based on a lease?**

☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition.    $_____

**11.  Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: _____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No<br><br>☐ Yes. Check one: | | Amount entitled to priority |
|---|---|---|---|
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | | $ |
| | *Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | | |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  01/19/2020
                  MM / DD / YYYY

Signature

Print the name of the person who is completing and signing this claim:

| Name | Robert | | Lin |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Deputy General Manager (Investment & Legal) | | |
| Company | Nanchang O-Film Photoelectric Technology Co., Ltd. | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 11th Floor, Tower, 6, Taiziwan Business Plaza, No.91, Shanghai Road, Nanshan Distric | | |
| | Number        Street | | |
| | Shenzhen, Guangdong, China | | |
| | City                State          ZIP Code | | |
| Contact phone | +86 136 3150 9227 | Email  lin.hongping@ofilm.com | |

**ATTACHMENT TO PROOF OF CLAIM OF NANCHANG O-FILM PHOTOELECTRIC**

**TECHNOLOGY CO., LTD**

1.      On October 14, 2019 (the "**Petition Date**"), Yueting Jia (the "**Debtor**") filed his voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") thereby commencing the above-referenced bankruptcy case (the "**Case**").

2.      This proof of claim (the "**Proof of Claim**") is being filed in the Debtor's bankruptcy Case by Nanchang O-Film Photoelectric Technology Co., Ltd. ("**Claimant**") to assert, as discussed in greater detail below, certain claims on behalf of the Claimant.

3.      Claimant, founded in 2001, designs and manufactures electronic components for the consumer electronics and automotive markets which include touch panels, cover glass, camera modules, biometric sensors, haptic response technology and LCD modules.

4.      On January 16, 2018, Claimant and its affiliate O-Film Global (HK) Trading Limited ("**Affiliate**") filed a complaint against the Debtor in the California Superior Court County of Los Angeles (the "**Complaint**") alleging breach of contract, fraud, common count in *quantum meruit*, and unfair competition, seeking (i) compensatory damages in the amount of $24,095,428 (related to unpaid electronic components provided to the Debtor); (ii) punitive damages; (iii) prejudgment interest at the maximum legal rate as allowed by law; (iv) reasonable attorneys fees; (v) costs of suit, and (vi) such other relief as the court may grant.  A copy of the Complaint is attached hereto as Schedule 1.  The Complaint (and Claimant's rights thereunder) forms the basis for the claims asserted against the Debtor in this Proof of Claim (the "**Claim**").  The Claim is held by Claimant and Affiliate jointly and for this reason Claim is set forth in its full on each of their proofs of claim.

{04358/609431-000/02392176.1}

5.      Claimant reserves the right to withdraw this Proof of Claim for any reason whatsoever.  Claimant further reserves the right to file additional Proofs of Claim for additional claims at any time, either before or after the any applicable bar date established by the Bankruptcy Court.

6.      Claimant does not waive any right or rights of action that it has or may have against the Debtor or any other person or persons and does not waive any substantive or procedural defenses to any claim that may be asserted against the Claimant by the Debtor or any other person.  Without limiting the foregoing, this Proof of Claim is not intended to be, and shall not be construed as: (i) an election of remedies; (ii) a waiver of any defaults; (iii) a waiver or limitation of any of Claimant's rights, remedies, claims or interests under applicable law against Claimant or any other person or entity; (iv) a waiver of Claimant's property or ownership rights (legal or equitable); (v) a waiver of Claimant's legal, equitable or beneficial interests; and/or (vi) an admission by Claimant that any property held by the Debtor (or any subsidiary or affiliate thereof) is property of the estate.

7.      This Proof of Claim is filed to protect Claimant from potential forfeiture of any claims.  By filing this Proof of Claim, Claimant (i) does not submit to the jurisdiction of this Court for any purpose other than with respect to this Proof of Claim, (ii) does not waive (and expressly reserves) all of its procedural and substantive defenses to any claim that may be asserted against it by the Debtor, its estate, or any successor entity, or any other person, including, without limitation, any defense based upon the lack of jurisdiction of this Court to entertain any such claim, (iii) does not waive (and expressly reserves) any claim, right, or right of action that Claimant has or might have against the Debtor, its estate, any successor entity, or any other person or entity whether such claim, right, or action arises prior to, upon,

- 2 -

or after the petition date, and (iv) does not waive (and expressly reserves) any and all other legal or equitable rights or remedies that it may have pursuant to applicable law or agreement.

8.      The filing of this Proof of Claim shall not be deemed or construed as: (i) consent by Claimant to a jury trial in the Bankruptcy Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (ii) a waiver of the right of Claimant to trial by jury in any proceeding so triable herein or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial is pursuant to statute or the United States Constitution; (iii) a waiver of the right of Claimant to have final orders in non-core matters entered only after de novo review by a District Court judgment; (iv) a waiver of the right of Claimant to assert that 28 U.S.C. § 157(b)(2)(C) is unconstitutional, which right is expressly reserved; (v) a waiver of the right of Claimant to have the reference withdrawn by the District Court in any matter subject to mandatory or discretionary withdrawal; (vi) a waiver of any past, present, or future event of default; and/or (vii) a waiver or limitation of any rights of Claimant, including, without limitation, a waiver of obligations owing to Claimant, rights, claims, actions, defenses, set-offs, netting rights or recoupments to which Claimant is or may be entitled under agreements, in law or in equity, against any of the Debtor (or any subsidiary, or affiliate thereof) or any other person, including without limitation, rights against guarantors, officers, or directors, or the right to contest the validity priority or extent of any right or interest purported to be equal, senior or inferior to any right or interest of Claimant, all of which rights, claims, actions, defenses, set-offs, and recoupments are expressly reserved by Claimant.

- 3 -

9.      All notices and communications concerning this Proof of Claim should be sent

to the following addresses:

Neil B. Glassman                        Robert Lin
Scott D. Cousins                        Deputy General Manager (Investment &
GianClaudio Finizio                     Legal)
600 N. King Street                      11th Floor, Tower 6, Taiziwan Business Plaza
Suite 400                               No. 91 Shanghai Road, Nanshan District
Wilmington, Delaware 19801              Shenzhen, Guangdong, China
Telephone: (302) 655-5000               Telephone:  +86 136 3150 9227
Facsimile: (302) 658-6395               Email:  lin.hongping@ofilm.com
Email: nglassman@bayardlaw.com
        scousins@bayardlaw.com
        gfinizio@bayardlaw.com


Dated as of January 21, 2020

{04358/609431-000/02392176.1}

# Schedule 1

[January 16, 2018 Complaint in the California Superior Court County of Los Angeles]

1   LILAW INC.
    J. James Li (SBN 202855)
2   Tony Abdollahi (SBN 157235)
    Andrew M. Pierz (SBN 292970)
3   5050 El Camino Real, Suite 200
    Los Altos, California 94022
4   Telephone: (650) 521-5956
    Facsimile: (650) 521-5955
5   Email: lij@lilaw.us

6   Attorneys for Plaintiffs O-Film Global (Hk) Trading Limited &
    Nanchang O-Film Photoelectric Technology Co., Ltd.

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 16 2018

Sherri R. Carter, Executive Officer/Clerk
By C. Johnston, Deputy

CASE ASSIGNED FOR
ALL PURPOSES TO
Judge_____RAMONA SEE_____
Dept.____M____ Div._____

9              CALIFORNIA SUPERIOR COURT

10             COUNTY OF LOS ANGELES

14  O-FILM GLOBAL (HK) TRADING LIMITED
    and NANCHANG O-FILM PHOTOELECTRIC
15  TECHNOLOGY CO., LTD.,

16             Plaintiffs,

                vs.
17
    YUE-TING JIA, and DOES 1 through 5,
18  inclusive,

19             Defendants.

Case No.  Y G 0 7 2 6 1 7

COMPLAINT FOR BREACH OF
CONTRACT, FRAUD, COMMON
COUNT IN QUANTUM MERUIT AND
UNFAIR COMPETITION

UNLIMITED

JURY TRIAL DEMANDED

                                            Case No.

                    COMPLAINT

**LILAW INC.**
J. James Li (SBN 202855)
Tony Abdollahi (SBN 157235)
Andrew M. Pierz (SBN 292970)
5050 El Camino Real, Suite 200
Los Altos, California 94022
Telephone: (650) 521-5956
Facsimile: (650) 521-5955
Email:  lij@lilaw.us

Attorneys for Plaintiffs O-Film Global (Hk) Trading Limited &
Nanchang O-Film Photoelectric Technology Co., Ltd.

# CALIFORNIA SUPERIOR COURT

## COUNTY OF LOS ANGELES

| | |
|---|---|
| O-FILM GLOBAL (HK) TRADING LIMITED and NANCHANG O-FILM PHOTOELECTRIC TECHNOLOGY CO., LTD.,<br><br>             Plaintiffs,<br><br>        vs.<br><br>YUE-TING JIA, and DOES 1 through 5, inclusive,<br><br>             Defendants. | Case No.<br><br>**COMPLAINT FOR BREACH OF CONTRACT, FRAUD, COMMON COUNT IN QUANTUM MERUIT AND UNFAIR COMPETITION**<br><br>**UNLIMITED**<br><br>**JURY TRIAL DEMANDED** |

Case No.

COMPLAINT

Plaintiffs O-Film Global (HK) Trading Limited and Nanchang O-Film Photoelectric Technology Co., Ltd. (collectively "Plaintiffs" or "O-film") hereby complain and allege against Defendant Yue-Ting Jia, and Does 1-5 (collectively "Defendant" or "Jia"), as follows.

## PARTIES AND NATURE OF ACTION

1.     Plaintiffs are sister companies for manufacture and sales of electronic components.

2.     Defendant Jia is Chinese citizen currently residing in Los Angeles County.

3.     The true names and capacities of the defendants named as Does 1 through 5 are unknown to Plaintiff and are therefore sued by fictitious names. Plaintiff will amend this complaint to plead their true names and capacities after they have been ascertained.

4.     Each defendant in this action is an agent of the remaining defendants, such that their acts or omissions are imputed to the other and each is jointly and severally liable for any such acts or omissions

5.     This is an action for breach of contract, fraud, common count in quantum meruit and unfair competition against Jia based on his status as the alter ego of Leshi Holding Beijing Co., a.k.a. LeEco ("LeEco").

## JURISDICTION AND VENUE

6.     This Court has general subject matter jurisdiction under the California Constitution, Art. VI, and personal jurisdiction over Jia because he is domiciled in the State of California. Venue is proper in this Court under Code of Civil Procedure § 395(a) because Jia resides in this County at this time.

## GENERAL ALLEGATIONS

7.     O-film was founded in 2001 and formally began to operate in August 2002. O-film designs and manufactures electronic components for the consumer electronics and automotive markets. The company's product line has expanded to include touch panels, cover glass, camera modules, biometric sensors, haptic response technology and LCD modules. The company is the global market leader in capacitive touch panel production, and the Chinese market leader in CMOS camera module production and fingerprint ID modules.

8. Jia is an individual who resides in Rancho Palos Verdes, California. He is the founder of LeEco, a privately owned multinational company based in Beijing, China that develops and markets consumer electronic products and distributes entertainment over the internet.[1]

9. O-film was an OEM supplier to LeEco, as a result of which, LeEco owes O-Film $24,095,428 for unpaid electronic components. Despite O-film's repeated demands that LeEco satisfy its contractual obligations and reimburse for the components, LeEco has failed to pay. Rather, LeEco is laden in debt, on the verge of collapse and has had its trading suspended due to the fraudulent and illegal practices of Jia.

10. "Embattled Chinese internet conglomerate LeEco has been branded a 'Ponzi scheme' in an online comment made and endorsed by some of the country's leading lights in technology."[2] According to Tencent co-founder Zeng Liqing, "LeEco is obviously a Ponzi scheme. You don't belong in the investment market or entrepreneurial world if you can't see that." As a result, "[m]any of Jia's assets have been frozen by court orders as creditors encountered difficulties in getting their money back." *Id.*

11. For these reasons, Jia has been designated by China in an official list for defrauding creditors. "Mr. Jia is the highest-profile name on something else in China: an official online blacklist of credit defaulters … Mr. Jia was added to the blacklist this week over unpaid debt totaling $72 million, including interest and fees."[3] Described as "among the brashest" figures, "Mr. Jia resigned from all his positions at Leshi Internet, LeEco's publicly traded arm, after a court in Shanghai froze $182 million in assets tied to him." *Id.* In an effort to avoid liability, Jia escaped China and "said he was living in California." *Id.*

---

[1] He is also presently the Chairman and founder of Faraday & Future, Inc., a privately-owned Gardena, California company developing and marketing electric automobiles.

[2] Meng, J. "Tencent co-founder brands LeEco a 'Ponzi scheme.'" *CNBC News*. NBC Universal, July 18, 2017.

[3] Zhong, R, et al., "China Names and Shames Tech Tycoon With Debt Blacklist." *New York Times*. The New York Times Company, December 13, 2017.

12.     However, China has "demanded LeEco founder Jia Yueting return to China before the end of the year to fix his business empire's financial woes."[4]  In response, Jia has "admitted the company had been 'burning money' and had 'spent recklessly' on its expansion efforts." *Id.*

## ALTER EGO

13.     Among his other acts of malfeasance, Jia treated LeEco as his personal piggybank and comingled personal and corporate funds.  As a result, a significant part of Jia's personal assets was derived from this alter ego activity. Jia has amassed a reported personal worth of RMB¥ 42 billion (approximate US$ 6.3 billion) from manipulating various subsidiaries of LeEco. His salary and stock holdings alone are far from being able to account to the personal wealth. There is such unity of interest and ownership that the separate personalities of the LeEco corporation and Jia no longer exist, and that if the acts are treated as those of the corporation alone, an inequitable result will follow.

14.     He and his family, including his sister, dominate and control LeEco. He is substantially its equitable owner and is personally served by the same offices and employees. On information and belief, Jia commingled the company assets with his personal assets and failed to maintain an arm's length relationship with the corporate entity.

15.     In 2015, Jia obtained government permission[5] to sell a significant portion of his holding of LeEco, on the promise that all the proceeds of the sales would be "lent" to LeEco to repay the latter's corporate debt. Jia and his sister received more than RMB¥ 10 billion proceeds (more than US$ 1.5 billion) from the sales. After the sales of the stocks, however, Jia escaped to the United States with most of the stock sales proceeds, leaving LeEco in an insolvent state without the capacity to repay its corporate debts, including the debts at issue in this case.

---

[4] Shane, D.  "China orders tech tycoon to return and face debts." *CNN Money*.  Time Warner, December 26, 2017.

[5] The Chinese stock market is heavily regulated by the government. As the founder and majority shareholder of LeEco, Jia would not have been able to sell his LeEco stocks without the government's approval. Such approval was obtained based on his promise to lend all the proceeds of the stock sales to LeEco to repay its corporate debts.

16.    Jia is now wanted by the Chinese government to return to China to account for the missing fortunes of LeEco.

## FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT
### (Against All Defendants)

17.    Plaintiff incorporates by reference the foregoing averments as if fully set forth herein.

18.    O-film and LeEco entered into a contract whereby, through mutual assent, the former agreed to sell electronic components to the latter. In consideration thereof, O-film performed all conditions and covenants under the contract, including delivering the electronic components purchased by LeEco. As implied by its conduct, LeEco acknowledged its obligations under the contract by accepting and taking delivery of the components sold by O-film.

19.    LeEco breached the contract by refusing to pay for the electronic components, thereby resulting in damages to O-film in the amount of $24,095,428, exclusive of interest. Due to the unity of interest and ownership between LeEco and Jia and the inequity that would result if these acts were treated as LeEco's alone, Jia is the alter ego of LeEco and is personally liable for these damages.

## SECOND CAUSE OF ACTION FOR FRAUD
### (Against All Defendants)

20.    Plaintiff incorporates by reference the foregoing averments as if fully set forth herein.

21.    LeEco and Jia represented to O-film that they would provide reimbursement for the electronic components requested. LeEco and Jia knew, at the time made, these representations to be false and intended to defraud O-film by inducing reliance thereon.  O-film reasonably and justifiably relied on these misrepresentations and provided LeEco with millions of dollars of OEM electronic components.

22.    LeEco refused to pay for the electronic components, thereby resulting in damages to O-film in the amount of $24,095,428, exclusive of interest.  In undertaking the conduct alleged herein, LeEco and Jia have acted with malice, oppression and fraud under California Civil Code § 3294.



<center>4</center>
<center>COMPLAINT</center>

Case No.

23.    Due to the unity of interest and ownership between LeEco and Jia and the inequity that would result if these acts were treated as LeEco's alone, Jia is the alter ego of LeEco and is personally liable for these damages.

### THIRD CAUSE OF ACTION FOR
### COMMON COUNT IN QUANTUM MERUIT
<u>(Against All Defendants)</u>

24.    Plaintiff incorporates by reference the foregoing averments as if fully set forth herein.

25.    LeEco is indebted to O-film in the amount of $24,095,428, exclusive of interest in consideration for goods provided by O-film for the production of various electronic components. Despite O-film's repeated request for this indebted sum, O-film has not made payment, thereby resulting in damages to O-film in the amount of $24,095,428, exclusive of interest.  Due to the unity of interest and ownership between LeEco and Jia and the inequity that would result if these acts were treated as LeEco's alone, Jia is the alter ego of LeEco and is personally liable for these damages.

### FOURTH CAUSE OF ACTION FOR UNFAIR COMPETITION
<u>(Against All Defendants)</u>

26.    Plaintiffs incorporate by reference the foregoing averments as if fully set forth herein.

27.    LeEco's conduct, including but not limited to, breaching its contract to pay for electronic components and falsely representing that it would pay O-film, (i) is an unlawful, unfair and fraudulent business practice under Business & Professions Code § 17200, (ii) offends an established public policy, and (iii) is immoral, unethical, oppressive, and unscrupulous. LeEco's unfair business practices have damaged O-film as set forth herein.

28.    Due to the unity of interest and ownership between LeEco and Jia and the inequity that would result if these acts were treated as LeEco's alone, Jia is the alter ego of LeEco and is personally liable for these damages.

### PRAYER FOR RELIEF

29. WHEREFORE, Plaintiffs pray for relief against Defendants as follows:

a.  The Court shall award compensatory damages according to proof, and no less than $24,095,428;

b.  The Court shall award prejudgment interest at the maximum legal rate as allowed by the law;

c.  The Court shall award punitive damages;

d.  The Court shall award reasonable attorney's fees according to the proof;

e.  The Court shall award costs of suit herein incurred; and

f.  The Court shall award such other and further relief as the Court may deem proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: January 15, 2018

**LiLaw Inc.**
**ATTORNEYS FOR PLAINTIFFS**
O-Film Global (HK) Trading Limited & Nanchang O-Film Photoelectric Technology Co., Ltd.

By _____

J. James Li, Ph.D.



Page 1 of 1

1/21/2020

ORIGIN ID:ZWIA        (302) 429-4258
MAILROOM
BAYARD, P.A.
600 N. KING STREET
SUITE 400
WILMINGTON, DE 19801
UNITED STATES US

SHIP DATE: 21JAN20
ACTWGT: 0.50 LB
CAD: 103853690/INET4220

BILL SENDER

TO **YUETING JIA**
**EPIQ CORPORATE RESTRUCTURING, LLC**
**10300 SW ALLEN BLVD.**

**BEAVERTON OR 97005**
(503) 350-5800                    REF: 39392-1
INV:
PO:                                DEPT:



568.0D/F92/FE4A

**FedEx**
Express



**WED - 22 JAN 10:30A**
**PRIORITY OVERNIGHT**

TRK#
0201   **7775 6490 4303**

**XH BNOA**        OR-US   **97005**
**PDX**



RECEIVED

JAN 22 2020

LEGAL SERVICES

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

COPY
Document Control

https://www.fedex.com/shipping/html/en/PrintFrame.html

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA  90067**

A true and correct copy of the foregoing document entitled (*specify*):  **REORGANIZED DEBTOR'S OBJECTION TO CLAIM NO. 33 FILED BY NANCHANG O-FILM PHOTOELECTRIC TECHNOLOGY CO., LTD.; DECLARATION OF YUETING JIA IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On (*date*) **August 20, 2021,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **August 20, 2021,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

> **VIA U.S. MAIL**
> United States Bankruptcy Court
> Central District of California
> Attn:  Hon. Vincent Zurzolo
> Edward R. Roybal Federal Bldg./Courthouse
> 255 East Temple Street, Suite 1360
> Los Angeles, CA  90012

☐  Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **August 20, 2021,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 20, 2021 | Sophia L. Lee | /s/ *Sophia L. Lee* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                              **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:327335.2 46353/002

**SERVICE INFORMATION FOR CASE NO. 2:19-bk-24804-VZ**

**1.** <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>

- Tanya Behnam    tbehnam@polsinelli.com, tanyabehnam@gmail.com;ccripe@polsinelli.com;ladocketing@polsinelli.com
- Maria Cho    Maria.Cho@faegredrinker.com, ann.grosso@faegredrinker.com
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Stephen D Finestone    sfinestone@fhlawllp.com
- Richard H Golubow    rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;mweinberg@wghlawyers.com
- Jared T. Green    , spappa@svglaw.com
- Robbin L. Itkin    ritkin@sklarkirsh.com, cbullock@sklarkirsh.com
- Stephanie L Krafchak    krafchak.stephanie1@gmail.com, krafchak.stephanie1@gmail.com
- Mette H Kurth    mkurth@foxrothschild.com, mette-kurth-7580@ecf.pacerpro.com
- Dare Law    dare.law@usdoj.gov
- Ben H Logan    blogan@omm.com
- Robert S Marticello    Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- David W. Meadows    david@davidwmeadowslaw.com
- Kevin Meek    kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
- John A Moe    john.moe@dentons.com, glenda.spratt@dentons.com;derry.kalve@dentons.com
- Byron Z Moldo    bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,sgaeta@ecjlaw.com
- Kelly L Morrison    kelly.l.morrison@usdoj.gov
- Matthew J Olson    olson.matt@dorsey.com, stell.laura@dorsey.com
- Richard M Pachulski    rpachulski@pszjlaw.com
- Malhar S Pagay    mpagay@pszjlaw.com, bdassa@pszjlaw.com
- Diana M Perez    , diana-perez-7352@ecf.pacerpro.com
- Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com;jnavarro@lesnickprince.com
- Victor A Sahn    vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com
- Randye B Soref    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- Helena Tseregounis    helena.tseregounis@lw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Ryan A Witthans    rwitthans@fhlawllp.com
- Felix T Woo    fwoo@ftwlawgroup.com, admin@ftwlawgroup.com
- Claire K Wu    claire.wu@pillsburylaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com;kfiles@sulmeyerlaw.com
- Emily Young    pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
- David B Zolkin    dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                      **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:327335.2 46353/002

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA  90067**

A true and correct copy of the foregoing document entitled (*specify):*  **NOTICE OF OBJECTION TO CLAIM** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On (*date*) **August 20, 2021,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **August 20, 2021,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

> **VIA U.S. MAIL**
> United States Bankruptcy Court
> Central District of California
> Attn:  Hon. Vincent Zurzolo
> Edward R. Roybal Federal Bldg./Courthouse
> 255 East Temple Street, Suite 1360
> Los Angeles, CA  90012

☐  Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **August 20, 2021,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 20, 2021 | Sophia L. Lee | /s/ *Sophia L. Lee* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                 **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:327335.2 46353/002

## SERVICE INFORMATION FOR CASE NO. 2:19-bk-24804-VZ

### 1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)

- Tanya Behnam    tbehnam@polsinelli.com, tanyabehnam@gmail.com;ccripe@polsinelli.com;ladocketing@polsinelli.com
- Maria Cho    Maria.Cho@faegredrinker.com, ann.grosso@faegredrinker.com
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Stephen D Finestone    sfinestone@fhlawllp.com
- Richard H Golubow    rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;mweinberg@wghlawyers.com
- Jared T. Green    , spappa@svglaw.com
- Robbin L. Itkin    ritkin@sklarkirsh.com, cbullock@sklarkirsh.com
- Stephanie L Krafchak    krafchak.stephanie1@gmail.com, krafchak.stephanie1@gmail.com
- Mette H Kurth    mkurth@foxrothschild.com, mette-kurth-7580@ecf.pacerpro.com
- Dare Law    dare.law@usdoj.gov
- Ben H Logan    blogan@omm.com
- Robert S Marticello    Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- David W. Meadows    david@davidwmeadowslaw.com
- Kevin Meek    kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
- John A Moe    john.moe@dentons.com, glenda.spratt@dentons.com;derry.kalve@dentons.com
- Byron Z Moldo    bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,sgaeta@ecjlaw.com
- Kelly L Morrison    kelly.l.morrison@usdoj.gov
- Matthew J Olson    olson.matt@dorsey.com, stell.laura@dorsey.com
- Richard M Pachulski    rpachulski@pszjlaw.com
- Malhar S Pagay    mpagay@pszjlaw.com, bdassa@pszjlaw.com
- Diana M Perez    , diana-perez-7352@ecf.pacerpro.com
- Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com;jnavarro@lesnickprince.com
- Victor A Sahn    vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com
- Randye B Soref    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- Helena Tseregounis    helena.tseregounis@lw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Ryan A Witthans    rwitthans@fhlawllp.com
- Felix T Woo    fwoo@ftwlawgroup.com, admin@ftwlawgroup.com
- Claire K Wu    claire.wu@pillsburylaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com;kfiles@sulmeyerlaw.com
- Emily Young    pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
- David B Zolkin    dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                        **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:327335.2 46353/002