1  Richard M. Pachulski (CA Bar No. 90073)
   Malhar S. Pagay (CA Bar No. 189289)
2  PACHULSKI STANG ZIEHL & JONES LLP
   10100 Santa Monica Blvd., 13th Floor
3  Los Angeles, California 90067
   Telephone: 310/277-6910
4  Facsimile: 310/201-0760
   Email:   rpachulski@pszjlaw.com
5           mpagay@pszjlaw.com

6
   Suzzanne Uhland (CA Bar No. 136852)
7  Tianjiao ("TJ") Li (admitted *pro hac vice*)
   LATHAM & WATKINS LLP
8  885 Third Avenue
   New York, New York 10022
9  Telephone: 212/906-1200
   Facsimile:  212/751-4864
10 E-mail: suzzanne.uhland@lw.com
           tj.li@lw.com
11
   Attorneys for the Reorganized Debtor
12

13              **UNITED STATES BANKRUPTCY COURT**

14              **CENTRAL DISTRICT OF CALIFORNIA**

15                  **LOS ANGELES DIVISION**

16 | In re: | Case No.: 2:19-bk-24804-VZ |
17 | YUETING JIA,[1] | Chapter 11 |
18 | Debtor. | **REORGANIZED DEBTOR'S REPLY TO OPPOSITION TO OBJECTION TO CLAIM NO. 60 FILED BY HAN'S SAN JOSE HOSPITALITY LLC** |
19 |  |  |
20 |  | Date:      October 5, 2021 |
21 |  | Time:      11:00 a.m.<br>Place:     Courtroom 1368 |
22 |  |              Roybal Federal Building<br>255 E. Temple Street |
23 |  |              Los Angeles, California 90012 |
24 |  | Judge:      Hon. Vincent P. Zurzolo |

25

26

27

28

---

[1] The last four digits of the Debtor's federal tax identification number are 8972. The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

1

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# TABLE OF CONTENTS

**Page**

I. Preliminary Statement ..................................................................................................1

II. Background ...............................................................................................................2

    A.    Creditors' Committee's Investigation ..............................................................2

    B.    Confirmation of the Debtor's Plan of Reorganization and Related Orders ...................3

    C.    The Lessees and Ocean View Are Separate, Independent Entities ...............................4

III. Basis for Reply.........................................................................................................4

    A.    The Claimant Has Not Met Its Burdens of Production and Persuasion.........................4

    B.    The Claimant Has Failed to Demonstrate That the Debtor Was an Alter Ego of a Lessee ...............................................................................................................5

    C.    Other Than Mere Ownership, There is No Unity of Interest .......................................7

        1.    The Claimant Lacks Admissible Evidence of "Domination" ...........................7

        2.    Ownership...............................................................................................8

        3.    Shell/Naked Framework ............................................................................9

        4.    No Allegation That Income Was Diverted to Debtor .....................................9

        5.    Adequate Capitalization.............................................................................9

    D.    Corporate Formalities ..................................................................................10

        1.    Sharing Space..........................................................................................10

        2.    Overlapping Directors, Officers, and Employees .........................................10

        3.    No Evidence of Insolvency.........................................................................10

        4.    No Commingling of Assets.........................................................................10

        5.    Adherence to Corporate Formalities (Books and Records) ............................10

    E.    The Recognition of Corporate Formalities Does Not Yield an Inequitable Result .....................................................................................................11

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

F.    The Claimant Does Not Substantiate Any Direct Claims Against the Debtor ............11

G.    The Claimant Has Not Established the Amount of Its Claim ......................................12

IV. Conclusion ............................................................................................................................13

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:339947.11

# TABLE OF AUTHORITIES

## Cases

*Brooklyn Navy Yard Cogeneration Partners v. Superior Ct.*
  60 Cal. App. 4th 248 (1997) ................................................................................. 5

*Clark's Crystal Springs Ranch, LLC v. Gugino (In re Clark)*
  548 B.R. 246 (BAP 9th Cir. 2016), *aff'd*, 692 F. App'x 946 (9th Cir. 2017)............... 3

*EVOQ Props. v. Maddux (In re Meruelo Maddux Prop.)*
  2013 Bankr. LEXIS 4672 at *25 (BAP 9th Cir. Apr. 15, 2013)................................... 5

*First Western Bank & Trust Co. v. Bookasta*
  267 Cal. App. 2d 910 (1968) ................................................................................. 6

*Gerritsen v. Warner Bros. Entm't*
  116 F. Supp. 3d 1104 (C.D. Cal. 2015) ............................................................... 6, 8

*Lu v. Grewal*
  130 Cal. App. 4th 841 (2005) ............................................................................... 12

*Lundell v. Anchor Constr. Specialists, Inc.*
  223 F.3d 1035 (9th Cir. 2000) ............................................................................... 5

*Rund v. Kirkland (In re EPD Inv. Co.)*
  2020 Bankr. LEXIS 3091, at *51 (Bankr. C.D. Cal. Oct. 29, 2020) ........................... 5

*Tomaselli v. Transamerica Ins. Co.*
  25 Cal. App. 4th 1269 (1994) ................................................................................. 6

## Statutes

11 U.S.C. § 502(b)(6) ............................................................................................. 5, 12

Fed. R. Civ. P. 32(a)(1) ............................................................................................. 7

Fed. R. Civ. P. 32(a)(8) ............................................................................................. 7

## Other Authorities

9 Cal. Law Rev'n Com'n Rep 160 (1969).................................................................... 12

Cal. Civ. Code § 1951.2............................................................................................. 12

## Rules

Fed. Rules of Evidence 1002 ...................................................................................... 9

Fed. Rules of Evidence 401 ........................................................................................ 9

Fed. Rules of Evidence 602 ........................................................................................ 9

Fed. Rules of Evidence 804(b)(1) ............................................................................... 7

Fed. Rules of Evidence 901 ........................................................................................ 9

Fed. Rules of Evidence 1002 ...................................................................................... 9

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:339947.11

Yueting Jia, the reorganized debtor herein (the "Debtor," "Reorganized Debtor" or "YT"),

hereby replies to *Han's San Jose Hospitality LLC's Response to Objection to Claim No. 60*, filed by

Han's San Jose Hospitality LLC ("Han's" or the "Claimant"), on September 21, 2021 [Docket No.

1006] (the "Response"),[2] in opposition to the *Reorganized Debtor's Objection to Claim No. 60 Filed

by Han's San Jose Hospitality LLC*,[3] filed on August 20, 2021 [Docket No. 975] (the "Objection"),[4]

and, in further support of his Objection, respectfully states as follows:

<div align="center">

**I.**

**<u>PRELIMINARY STATEMENT</u>**

</div>

At the heart of this matter is a simple prepetition breach-of-lease claim against two

nondebtors, Le Technology, Inc, a California corporation ("Le Technology"), and Le Holdings

(Beijing) Co., LTD., a Chinese company  ("Le Holdings" and, with Le Technology, the "Lessees").[5]

The same underlying Claim for breach of the lease by the nondebtors has been asserted against the

Debtor in this Case under the theory that "Ocean View Drive, Le Technology and Faraday Future

serve as alter egos for" the Debtor.  Complaint ¶ 4 at 2 (7 of 97).  However, the Claimant

accompanied its Claim with no evidence in support of its theory and, while it filed over 1,000 pages

of exhibits in support of the Response, as demonstrated in the Debtor's evidentiary objections filed

---

[2] The Claimant filed the following in support of its Response:  (a) *Declaration of Peter Luo in Support of Han's San Jose Hospitality LLC's Response to Objection to Claim No. 60*, filed September 21, 2021 [Docket No. 1007] (the "Luo Declaration"); (b) *Han's San Jose Hospitality LLC's Request for Judicial Notice in Support of Han's San Jose Hospitality LLC's Response to Objection to Claim No. 60*, filed September 21, 2021 [Docket No. 1008] (the "Han's RFJN"); and (c) *Declaration of Nelson Goodell in Support of Han's San Jose Hospitality LLC's Response to Objection to Claim No. 60*, filed September 21, 2021 [Docket No. 1010] (the "Goodell Declaration").

[3] Capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Objection.

[4] Proof of claim number 60, as designated by the claims agent, Epiq Corporate Restructuring, LLC, is referenced by this Court on its claims docket as Claim No. 5-1 (the "Claim").  *See Notice of Errata re Reorganized Debtor's Objection to Claim No. 60 Filed by Han's San Jose Hospitality LLC*, filed August 26, 2021 [Docket No. 996] (reference to Claim No. 5-1 inadvertently omitted from Objection).  Annexed to the Claim as Exhibit A is the *Complaint for (1) Breach of Contract; (2) Breach of Implied Covenant of Good Faith and Fair Dealing; (3) Fraud; (4) Negligent Misrepresentation; (5) Negligence; (6) Intentional Interference With Contract* (the "Complaint") filed in the California Superior Court, Santa Clara County, by Claimant against the Debtor and Ocean View Drive, Inc. ("Ocean View"), which is attached to the proof of claim and which commenced the "State Court Action."

[5] The Claimant agrees with the Reorganized Debtor that: "[t]he underlying liability for the Claim is relatively straightforward."  Response at 6 line 13.  Nevertheless, the Claimant makes extensive, sometimes convoluted, arguments regarding the entities, none of which supports a finding of alter ego.

<div align="center">1</div>

<div style="writing-mode: vertical">PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA</div>

concurrently herewith,[6] nearly all of such exhibits contain little if any admissible evidence.  Even if all the materials filed by the Claimant were admissible, they have little relevance to the alter ego-based claims the Claimant hopes to establish.  The Claim also conflates sufficiency of allegations with evidence, which allegations—e.g., cited to by the Claimant from orders addressing motions to dismiss—do not support its burden to establish the validity of its Claim.  Therefore, the Claim does not have prima facie validity and the Claimant has not met its burden to prove its Claim.

Due to the lack of admissible evidence, and because of the facts underlying the Claim, the Claimant has not shown that the Debtor is an alter ego of nondebtor tenants Le Holdings and Le Technology, or of nondebtor nontenants Faraday Future ("Faraday") and Ocean View (collectively, the "Entities").  Other than these Entities having the Debtor as their common indirect owner (which alone is insufficient to invoke alter ego), there is no material unity of interest or inequities that would justify imposing the harsh and sparingly applied procedural remedy of alter ego, where the entity form is disregarded.  Therefore, the Claim should be disallowed in its entirety.  Also, even if Ocean View were found to be an alter ego of the Debtor, such a finding would be irrelevant to substantiating its Claim because all the Claimant has accused Ocean View of doing is funding Faraday, which is not one of the Lessees.  Accordingly, the Claim should be disallowed in its entirety.

Should any component of the Claim survive the Debtor's Objection, the Claimant should be compelled to participate in the Plan Arbitration Procedures like all other creditors asserting disputed claims, with mediation prescribed in such procedures as the first step in the claim resolution process.

## II.

## BACKGROUND

### A.    Creditors' Committee's Investigation

As described in the Objection, the Creditors' Committee's professionals investigated the Debtor's assets, liabilities, transfers, and transactions (including transfers and alleged transfers to

---

[6] *Evidentiary Objections to Declaration of Peter Luo in Support of Han's San Jose Hospitality LLC's Response to Objection to Claim No. 60 and Attached Exhibits* and *Evidentiary Objections to Declaration of Nelson Goodell in Support of Han's San Jose Hospitality LLC's Response to Objection to Claim No. 60 and Attached Exhibits.* (collectively, the "Evidentiary Objections").

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

2

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

insiders and affiliates) in order to determine whether any viable estate litigation claims exist that could be brought either derivatively by the Creditors' Committee during the Debtor's bankruptcy case or by a postconfirmation litigation trust or other estate fiduciary.  As a result of its comprehensive investigation, which included examinations of Faraday, Ocean View, and other entities and individuals, the Creditors' Committee concluded that there was no evidence to suggest that the Debtor's Plan did not disclose and account for all recoverable assets of the Debtor.[7]

**B.**     **Confirmation of the Debtor's Plan of Reorganization and Related Orders**

On June 5, 2020, this Court entered an order [Docket No. 810] (the "Confirmation Order") confirming the *Third Amended Chapter 11 Plan of Reorganization for Yueting Jia*, as modified (the "Plan").  The Plan became effective on June 26, 2020.

On March 4, 2021, the Bankruptcy Court entered the *Order Granting Debtor's Discharge and Determining the Discharge Date Under the Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, as Modified* [Docket No. 941], granting the Reorganized Debtor his discharge.

Pursuant to the Plan and Confirmation Order, all Plan-related disputes are required to be resolved under the Plan Arbitration Procedures, which are attached as Exhibit 1 to the *Reorganized Debtor's Notice of Filing Plan Arbitration Procedures Pursuant to the Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code as Modified*, filed April 13, 2021 [Docket No 949] (the "Plan Arbitration Procedures Notice").[8]  According to the Plan Arbitration Procedures,

> the Plan and that certain Founding Future Creditors Trust Agreement, dated as of June 26, 2020 (the "Trust Agreement"), these Procedures are intended to facilitate the resolution of all Plan-related disputes,

---

[7] Indeed, if alter ego were applicable to the Debtor and any affiliated entities, the Creditors' Committee might have sought to substantively consolidate nondebtor entities into the Debtor's estate, relief similar to application of the alter-ego doctrine.  *See Clark's Crystal Springs Ranch, LLC v. Gugino (In re Clark)*, 548 B.R. 246, 251 (BAP 9th Cir. 2016) ("With respect to the Alter Ego Claim the [bankruptcy] court observed that 'veil-piercing, or reverse veil-piercing' is not an independent cause of action, but a remedy and tantamount to a request for substantive consolidation.  Therefore, the bankruptcy court analyzed the Trustee's arguments in the context of the Substantive Consolidation Claim.") (quoting the lower court), *aff'd*, 692 F. App'x 946 (9th Cir. 2017).

[8] The Claimant opposed the Plan Arbitration Procedures and their provision for mediation.  *See Han's San Jose Hospitality LLC's Objection to Debtors (I) Plan Arbitration Procedures* [sic] *(II) Determination of Debt Claim Allocation Amount; and (III) Deadline for Claimant to Submit to Mediation Demand*, filed May 27, 2021 [Docket No. 965].

1
2
3
4

> including, without limitation, (i) determining a holders Debt Claim
> Allocation Amount (collectively, the "Claim Amount Disputes"); (ii)
> terms specified in the Plan; (iii) any suite, action, or other claim arising
> out of or based on the Trust Agreement; and such other items as
> specified under the Trust Agreement (clauses (i) through (iv), the
> "Plan Disputes").

5
6
7

Plan Arbitration Procedures Notice, Ex. 1 at 1.  Article 4.01 of the Plan Arbitration Procedures states:  "To facilitate the resolution of the Claim Amount Disputes, such matters will be subject to a mandatory mediation process . . . ."  *Id.* at 3.

8
9

Therefore, resolution of the Claim is subject to mediation pursuant to the Plan Arbitration Procedure, if not disallowed in its entirety through the Objection.

10

**C.**    **The Lessees and Ocean View Are Separate, Independent Entities**

11
12
13
14
15
16
17
18
19
20
21

As part of his Objection, the Reorganized Debtor established through the presentation of evidence from government records and statements from the Claimant's Complaint that the Lessees and Ocean View are formal entities separate from the Reorganized Debtor.  *See, e.g.*, Claim, Ex. A (Complaint) ¶ 3 at 2, Ex. 1 (Lease) at 1; RFJN, Exs. "A" - "C."  Accordingly, the burden now shifts to the Claimant to present evidence sufficient to invoke the alter-ego doctrine and permit the Claimant to disregard the corporate form of certain nondebtor entities.  Also, as stated above, a determination that Ocean View is an alter ego of the Reorganized Debtor does not make the Reorganized Debtor an alter ego of either Lessee—all Ocean View is accused of by the Claimant is funding Faraday, which is not a Lessee, and any purported obligation of Faraday to pay Le Technology for use of space is irrelevant to Le Technology's obligation to pay rent as a Lessee, which payment is the relief sought in the Claim.

22
23
24

**III.**

**BASIS FOR REPLY**

25

**A.**    **The Claimant Has Not Met Its Burdens of Production and Persuasion**

26
27

A claimant has the ultimate burden of persuasion when an objection to its claim has been filed; the objector has only the initial burden to produce evidence sufficient to negate the prima facie

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    validity of the filed claim.[9]  *Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th

2    Cir. 2000) ("The ultimate burden of persuasion remains at all times upon the claimant.").  The

3    Claimant's lack of admissible evidence in support of its Claim deprives it of *prima facie* validity.

4    *EVOQ Props. v. Maddux (In re Meruelo Maddux Prop.),* 2013 Bankr. LEXIS 4672 at *25 (BAP 9th

5    Cir. Apr. 15, 2013) ("Objections asserting lack of documentation may deprive the claim of *prima*

6    *facie* validity . . . .").

7           Thus, the Reorganized Debtor has negated the Claim and the Claimant has failed to

8    substantiate the validity of its alter-ego claims against the Reorganized Debtor.  *See Rund v.*

9    *Kirkland (In re EPD Inv. Co.)*, 2020 Bankr. LEXIS 3091, at *51 (Bankr. C.D. Cal. Oct. 29, 2020)

10   ("When the objector has shown enough evidence to negate one or more facts in the proof of claim,

11   the burden shifts back to the claimant to prove the validity of the claim by a preponderance of

12   evidence.").

13   **B.      The Claimant Has Failed to Demonstrate That the Debtor Was an Alter Ego of a Lessee**

14          The Claim is mainly predicated on the assertion that the Lessees were alter egos of the

15   Debtor during the relevant time period.[10]  In California, the "standard expression of the showing one

16   must make to prevail on an alter-ego claim is that '(1) there is unity of interest that separate

17   personalities of the corporation no longer exist; and (2) inequitable results will follow if corporate

18   separateness is respected.'"  *Brooklyn Navy Yard Cogeneration Partners v. Superior Ct.*, 60 Cal.

19   App. 4th 248, 257-58 (1997) (quoting *Tomaselli v. Transamerica Ins. Co.*, 25 Cal. App. 4th 1269,

20

21   [9] *See Declaration of Yueting Jia*, executed and filed August 20, 2021 [Docket No. 975] at 15-16; *Declaration of Shan He
     Re: Objection to Claim No. 60 Filed by Han's San Jose Hospitality, Inc.*, executed August 19, 2021, and filed August 20,

22   2021 [Docket No. 977]; *Request for Judicial Notice in Support of Reorganized Debtor's Objection to Claim No. 60 Filed
     by Han's San Jose Hospitality, LLC*, filed August 20, 2021 [Docket No. 978].

23   [10] The Claimant also alleges that the Debtor was an alter ego of Ocean View and Faraday during the relevant time

24   period.  However, as stated above, such argument is irrelevant for establishing the Debtor's liability under the Lease,
     because even if the Debtor were found to be an alter ego of Ocean View, such a finding would not make him liable on

25   the Lease unless Ocean View were found to be an alter ego of one or both of the Lessees (for which there are no facts
     even alleged by the Claimant).  As to Faraday, it at most has an obligation (if any) to Le Technology for using space at

26   the Premises during the relevant period (subject to its defenses, e.g., that it paid in services); however, even if Faraday
     were found to be the alter ego of the Debtor, that would not make him obligated to the Claimant under the Lease.  The

27   Claimant's alter ego argument regarding Ocean View is an irrelevant side show, and Faraday's only role is in the
     Claimant's attempt to prove a nonmonetary breach of the Lease at the time of a monetary (nonpayment of rent) breach

28   (subject to the Lessee's defenses, including without limitation, the requirement of the Claimant to mitigate, and the cap
     imposed by section 502(b)(6) of the Bankruptcy Code).

DOCS_LA:339947.11

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1285 (1994)).  As Judge Margaret M. Morrow of the United States District Court for the Central

District of California stated when applying California law:

> "First there must be such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and shareholder do not in reality exist.  Second there must be an inequitable result if the acts of the corporation are treated as those of the corporation alone." . . .
>
> [U]nity of interest and ownership . . .  "has alternatively been stated as requiring a showing that the parent controls the subsidiary to such a degree as to render the latter the mere instrumentality of the former." "Specifically, where a 'parent dictates [e]very facet of [a subsidiary's] business—from broad policy decision[s] to routine matters of day-to day operation, the unity of interest and ownership test is satisfied." . . .
>
> **"The mere fact of sole ownership and control does not eviscerate the separate corporate identity that is the foundation of corporate law."** . . .  [T]he fact that a parent and subsidiary share the same office location, or the same website and telephone number, does not necessarily reflect an abuse of the corporate form and the existence of an alter ego relationship. . . .   Overlap between a parent's and a subsidiary's directors and executive leadership alone, however, is not suggestive of unity of interest and ownership. . . .  **The "inequitable result" prong of alter ego liability exists to address circumstances in which 'adherence to the fiction of the separate existence of a corporation would, under the particular circumstances sanction a fraud or promote injustice."**  Bad faith is a critical factor in the analysis. . . .  "**The purpose of the doctrine is not to protect every unsatisfied creditor.**"

*Gerritsen v. Warner Bros. Entm't*, 116 F. Supp. 3d 1104, 1136-44 (C.D. Cal. 2015) (quoting

multiple cases; emphasis added) ("NetApp does not cite any authority (and this Court did not locate

any) which suggests that  . . .  the parent's payment of the attorney's fees and control of legal

defense of a subsidiary's employee, is illustrative of an alter ego relationship.") (*id.* at 1140).

   The Claimant relies upon *First Western Bank & Trust Co. v. Bookasta,* 267 Cal. App. 3d 910,

915-916 (1968), in which the court stated that

> [A]llegations of the principal factors, including among others: that the individuals . . . "dominated" the affairs of the corporation; that a "unity of interest and ownership" existed between respondent and the corporation; that the corporation is a "mere shell and naked framework" for individual manipulations; that its income was diverted to the use of the individuals and respondent; that the corporation was,

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

> in effect, inadequately capitalized; that the corporation failed to issue
> stock and to abide by the formalities of corporate existence; that the
> corporation is and has been insolvent . . .

*Id.; see* Response at 16 and 19.  As set forth in greater detail below, the Claimant cannot

demonstrate that any of these circumstances apply to the Reorganized Debtor and the Lessees, or

Faraday (and their application to Ocean View would be irrelevant, as discussed herein).

**C.**    **Other Than Mere Ownership, There is No Unity of Interest**

> *1.    The Claimant Lacks Admissible Evidence of "Domination"*

The Claimant provides no evidence (admissible or otherwise) that the Debtor was any more

than the CEO of Le Technology at the time of its founding (but not at the time of the Lease) and that

he was CEO of Faraday (but not at the time of the Lease).  Indeed, all the Claimant can muster is a

reference to a single decision regarding an accounting entry that was characterized as "standard" (as

set forth in the footnote below).  *See* Goodell Declaration, Ex. 6.[11] The Claimant concedes, "Han's

has not alleged fraud against the Debtor," but asserts instead that "fraudulent acts of his agents give

rise to claims against the Debtor."  Response at 26, lines 7-8.  Again, however, the Claimant is

unable to substantiate its contention that actions undertaken by individuals who were directors,

officers, or employees of the nondebtor entities constitute the Debtor's domination over a Lessee or

another entity that is an alter ego of a Lessee.

For example, the Claimant asserts that—sixteen months after the Lease began—Ms.

Chaoying Deng signed a subordination, nondisturbance and attornment agreement ('SDNA') as the

Debtor's agent, but provides no basis to establish that agency relationship or that such relationship, if

it existed, constituted the Debtor's domination of a Lessee.  *See* Response at 27, line 4; 26, line 8; 7,

lines 17-18.  However, the Claimant concedes that Ms. Deng, who signed the Lease as CEO of Le

---

[11] Transcript of Deposition of Michael Do, August 24, 2018 at 30:1-11: "Q:  Who made the decision to list as an expense on Faraday's books this rent of the San Jose property?  A: Jia [i.e., the Debtor]  Q:  That was Jia.  Did you play a part in that decision?  A:  Yes.  I would say that is a standard accounting practice, to expense rent expense.  Q:  Got you.  Even though money wasn't being paid for it, you thought that compensation was being paid because of the crisscross of expenses; correct?  A. For the R&D, yes." (Exhibit 6 to the Goodell Declaration, however, is subject to the Reorganized Debtor's Evidentiary Objection because it is "Inadmissible hearsay (FRE 804(b)(1) and FRCP 32(a)(1) and (8)) in that the Claimant does not, and factually cannot, establish that the deposition was taken in a case when Debtor was a party to that case or had an opportunity or similar motive to develop the testimony in question by direct, cross-, or redirect examination).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:339947.11

Technology and the SDNA as authorized representative on behalf of Le Technology, stated that she did not sign what the Debtor told her to sign, but that, instead, she "simply signed whatever documents *her counsel* told her to sign (Goodell Declaration, Exhibit 5, 16:6-16:18)."  Response at 21 of 28, line 13 (emphasis added.).

Also, per the Claimant, Mr. Do testified "that money would come into Faraday from the Debtor and his other companies and that it would be deposited into a bank account that only Ms. Deng had access to, which would then be used to pay suppliers and payroll (Goodell Declaration, Exhibit 6 46:11-47:5)" and, per the Claimant, Mr. Howard testified that "she was the sole person with access to Faraday's bank accounts (*Id*. Exhibit 10, at p. 114)," not the Debtor.

In sum, the Claimant has not presented any evidence that the Debtor engaged in conduct to show he was the Lessees' alter ego.[12]  Instead, the Claimant relies on an isolated quote regarding a "standard" accounting practice and the conclusory assertions that individuals were acting as the Debtor's agents.  The Claimant cannot escape the conclusion that it lacks evidence to show that the Debtor was the Lessees' alter ego.

### 2.    Ownership

The Claimant contends that the Debtor's founding and indirect ownership of each of the four Entities (Le Holdings, Le Technology, Ocean View and Faraday) somehow implicates him as an alter ego of all of them and they for each other.  To support its baseless accusation, the Claimant disingenuously cites to an Order (the "Vizio Order")[13] of Judge David O. Carter of the United States District Court for the Central District of California in an attempt to imply that Judge Carter found the Debtor to be the alter ego of other indirectly-owned entities.  *See* Response at 14 of 28; Han's RFJN Ex. 10.  However, the Vizio Order was an interlocutory order on a motion to dismiss (where the district court must assume the truth of the allegations of the complaint) involving a different plaintiff and different companies.  As stated in the Evidentiary Objection to the Goodell Declaration, the Vizio Order does not support the relief sought in the Claim because Judge Carter did not address

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

---

[12] Control relevant to an alter ego analysis is:  "where a 'parent dictates [e]very facet of [a subsidiary's] business – from broad policy decision[s] to routine matters of day-to day operation."  *Gerritsen*, 116 F. Supp. 3d. at 1138.

[13] The plaintiff was Vizio, Inc.  The defendants that were the subject of the Vizio Order were LeEco V. LTD and LeLe Holding LTD, not the Entities related to the Claim.

DOCS_LA:339947.11

1   whether the Debtor was an alter ego of any of the relevant entities; instead, he recited the allegation

2   of the plaintiff in that case that the entities were alter egos, principally because they had the same

3   assets on their balance sheets (a circumstance not asserted here). Vizio Order at 28 ("The balance

4   sheets of the three companies demonstrate that these are not three separate entities, but one company

5   with the same assets."). Therefore, the Vizio Order does not stand for what the Claimant asserts.[14]

6          *3.     Shell/Naked Framework*

7          The Lessees, Ocean View and Faraday are not mere shells, but have or had (at the relevant

8   time) their own businesses:  (a) Le Holdings and Le Technology's business was media content and

9   streaming, (b) Ocean View owns real estate, and (c) Faraday is an electric vehicle manufacturer that

10  is now publically traded.

11         *4.     No Allegation That Income Was Diverted to Debtor*

12         The Claimant has not even alleged, let alone provided evidence, that income of any of the

13  Entities was diverted to the Debtor.

14         *5.     Adequate Capitalization*

15         The Claimant does not present any financial evidence in support of its allegations regarding

16  capitalization of any of the Entities, including its contention that the Entities were undercapitalized.

17  To the contrary, if anything, statements in the Response suggest that the Entities held significant

18  funds at the relevant times.  Response at 8, line 21 ("Faraday received a $22.4 million infusion of

19  cash secured against Ocean View's assets weeks before the breach of the Lease . . . ."); 13, line 11

20  (regarding Ocean View:  "a corporation with over $20 million in assets").  Moreover, even its

21  allegations about Le Technology's financial position after the Lease was entered into does not

22  support its allegation.  Response at 7, lines 11-12 ("the Lease Signatories had a little over $2 million

23  in cash, and more than $7 million in debt" (without stating when the debt was due).[15]

24  _____

[14] Additionally, the Claimant conflates allegations made in the State Court Action on demurrer that are quoted by the
25  State Court with evidence establishing them as facts.

26  [15] The referenced email was sent on August 17, 2017, and, therefore, would not establish that the Lessees were
undercapitalized at the time the Lease was signed.  It is also written in Mandarin without an English translation and, as
27  such, it is not admissible.  Luo Declaration, Ex. 2 [Docket No. 1007-2 Ex. 2].  As set forth in the Reorganized Debtor's
Evidentiary Objection to the Luo Declaration at 3-4 the statements are objectionable as "Irrelevant (FRE 401), lack of
28  foundation (FRE 602), lack of authentication (FRE 901) and best evidence (FRE 1002).  Luo is testifying to the contents
of the attached email, which is not in English and as to which no translation of the document is offered. Nor does Han's
offer any evidence that Luo is a qualified expert able to provide such a translation. Han's belief that 'Mr. Ye acted at the

DOCS_LA:339947.11

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**D.    Corporate Formalities**

    *1.    Sharing Space*

The Claimant recognized that:  "The Debtor [who lived in Southern California] frequently *visited* the Subject Property [in Silicon Valley]."  Response at 7 of 28, line 7 (emphasis added).  As such, nothing suggests that the Debtor (who is an individual, not a business) and any of the Entities shared the same space.

    *2.    Overlapping Directors, Officers, and Employees*

While there were some common officers listed in the Response, the Claim, and Complaint, the Claimants do not state that the Debtor was an officer of an Entity at the time the Lease began or when defaults were allegedly made under it.[16]

    *3.    No Evidence of Insolvency*

The Claimant provides no evidence (admissible or not) of any of the Entities or the Debtor's solvency or insolvency during any time period.

    *4.    No Commingling of Assets*

The Claimant provides no evidence (admissible or not) of any of the Entities or the Debtor's commingling of their assets in the relevant time period.

    *5.    Adherence to Corporate Formalities (Books and Records)*

The Claimant provides no evidence (admissible or not) regarding the books and records of the Debtor or the Entities.

---

direction of Defendant Jia Yueting' is irrelevant and Han's offers no evidence that that belief is well founded."

[16] *See* Response at 12, lines 12-13 ("[I]n a sworn declaration made to the State Court on *April 24, 2018*, the Debtor unequivocally (and brazenly) stated that he is in fact the CEO of Faraday."); 21, lines 6-7 (referencing Ocean View: "Debtor created a *new* corporation (of which he was listed as the CEO) to act as a shell company to hold title to real property."); 8, lines 10-11 ("Debtor was identified as the *original* chief executive officer of Ocean View.") (emphasis added).  *Cf.* Response 12, lines 5-6 ("Despite Ms. Deng being held out as the sole officer and director, the Debtor is the true head of each company (Complaint ¶ 41; Goodell Declaration Exhibit 7 (12:20-13:4, 79:16-80:16), Exhibit 3 (40:11-41:2, 42:5-43:5)."  However, the deponents whose testimony purportedly support this contention barely knew Chaoying Deng or the Debtor.  *See* Goodell Declaration Exhibit 7 (Transcript of Deposition of Joylyn Belli), 12:20-24 ("Q. Okay. And do you know – when I say 'Jia Yueting.' Do you know who I'm referring to?  A.  Yes.  Q.  Have you ever met him?  A.  Not personally."); 13:19-14:1  (Q. "Tell me about your day-to-day duties during those two months when you worked for both companies.  A:  So I supported the office that was the Faraday office.  And I actually just worked for Faraday, and so would get lunches together provide snacks, order office supplies, order break room supplies, and just general support of whatever needs the office may have."); Exhibit 3 (Transcript of Deposition of Daniel McGill), 38:16-17 (Q.  That's the only time you spoke with her [Chaoying Deng]?  A.  Yes.").

DOCS_LA:339947.11

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Thus, other than common indirect ownership, the Claimant has failed to prove with admissible evidence that any of the factual circumstances described above apply and should lead to the conclusion that the Entities' corporate formalities should be disregarded.

**E.      The Recognition of Corporate Formalities Does Not Yield an Inequitable Result**

The Claimant admits that it makes no allegation of fraudulent conduct on the part of the Debtor.  *See* Response, 26 lines 7-8 ("Han's has not alleged fraud against the Debtor . . . .").  The Claimant also cannot point to any inequitable result if corporate formalities are not maintained.  Therefore, the Claimant is like any other creditor of the Lessees and the status of holding an unpaid debt does not constitute an inequitable result.

**F.      The Claimant Does Not Substantiate Any Direct Claims Against the Debtor**

The Claimant is unable to support its allegations of direct (i.e., non-alter ego) claims against the Debtor as set forth in the Third through Sixth counts of its Complaint, providing only legal argument but no evidence in support of its contentions.  *See, e.g.*, Response at 24, lines 17 - 27, line 5.  The Claimant asserts generally that a director or officer can be liable for a tort but does not make any claim in its Response that the Reorganized Debtor was a director or officer of a Lessee (or other Entity) during any period relevant to the Lease.

Also, the Sixth Count of the Complaint, which alleges intentional interference with contract, appears to depend on a finding that "[t]he Debtor personally made the decision to permit Faraday to occupy the Subject Property without paying Le Technology or Le Holdings."  Response at 25, lines 19-21.  However, the Claimant cannot demonstrate that any such decision was made by the Debtor:  instead, the deposition testimony to which the Claimant cites relates to Ms. Deng, not the Debtor.[17]  Also, this cause of action seems to rely on an alter-ego (or agency) finding that, as discussed above, is not appropriate in these circumstances.  *See, e.g.*, Complaint ¶ 141 at 39, line 3 ("Faraday, by and through its founder and alter ego Jia Yueting . . . ."), *id.*, line 14 ("Mr. Jia, through his agent Chaoying Deng and on behalf of Le Technology and on behalf of Faraday Future. . . .").

---

[17] *See, e.g.,* Goodell Declaration, Exhibit 6 (Do Deposition Transcript), 22:11-21 ("Q:  Circling back to my original question a minute or so ago, for the record, so you don't remember anyone – I know you said part of it was your decision, but anyone else who you discussed this decision  with to not pay for the property in San Jose? A:  Chaoying. Q: Chaoying.  So you would have had that – discussed that with her.  A:  Yes.  Q:  And did she agree with that decision?  A:  Yes.").

11

1    Similarly, with respect to the Fifth Count in the Complaint, there is no evidence that ""the

2  Debtor had a duty not to permit a financially unsound entity to occupy the Subject Property under a

3  purported sublease, and that the breach of that duty caused substantial damage to Han's."  Also, the

4  Fifth Count appears to depend on an alter ego finding.  *See, e.g.,* Complaint ¶ 132, lines 20-21, at 37

5  ("As such, refusing to pierce the corporate veil and impute liability to Mr. Jia [i.e., the Debtor] and

6  Ocean View would be patently inequitable.").

7  **G.    The Claimant Has Not Established the Amount of Its Claim**

8    The Claimant has not substantiated its entitlement to a specific claim amount on account of

9  damages allegedly suffered from the Lessees' breach of the lease through the time the Claimant sold

10  the property to a governmental entity in December 2020.  The Claim is subject to mitigation under

11  California Civil Code section 1951.2 and the Claimant has provided no evidence (admissible or not)

12  regarding its attempts to mitigate.  *See Lu v. Grewal*, 130 Cal. App. 4th 841, 849–850

13  (2005)(regarding Cal. Civ. Code § 1951.2:  "the Legislature recognized that a lessee should be

14  credited with amounts that could have been obtained on a reasonable attempt to re-lease the

15  property.  Accordingly, 'the basic measure of the lessor's damages should be made the loss of the

16  bargain represented by the lease – i.e. the amount  by which the unpaid rent provided in the lease

17  exceeds the amount of rental loss that the lessee proves could have been or could be reasonably

18  avoided.' . . .  The test in each case is whether the lessor acted reasonably and in good faith in

19  reletting the property.'") (quoting 9 Cal. Law Rev'n Com'n Rep 160, 164 (1969)).  In any event, as

20  noted above, the Claim would be subject to the Bankruptcy Code section 502(b)(6) cap.

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

12

1

## IV.

2

## **CONCLUSION**

3    For the reasons set forth above, the Reorganized Debtor requests an order of this Court

4  disallowing the Claim in full or, alternatively, should any portion of the Objection not be sustained,

5  directing the Claimant to commence mediation in accordance with the Plan Arbitration Procedures.

6

7  Dated:  September 28, 2021                PACHULSKI STANG ZIEHL & JONES LLP

8

9                                           By: */s/ Malhar S. Pagay*
                                                Malhar S. Pagay

10                                          Attorneys for the Reorganized Debtor

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

13

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13ᵗʰ Floor, Los Angeles, CA  90067**

A true and correct copy of the foregoing document entitled (*specify*):  **REORGANIZED DEBTOR'S REPLY TO OPPOSITION TO OBJECTION TO CLAIM NO. 60 FILED BY HAN'S SAN JOSE HOSPITALITY LLC** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On (*date*) **September 28, 2021,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **September 28, 2021,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**VIA U.S. MAIL**
United States Bankruptcy Court
Central District of California
Attn:  Hon. Vincent Zurzolo
Edward R. Roybal Federal Bldg./Courthouse
255 East Temple Street, Suite 1360
Los Angeles, CA  90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **September 28, 2021,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Via Email:**
Nelson W. Goodell    nelson@goodelllawsf.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 28, 2021 | Nancy H. Brown | /s/ *Nancy H. Brown* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                              **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:332351.2 46353/002

**SERVICE INFORMATION FOR CASE NO. 2:19-bk-24804-VZ**

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

- Tanya Behnam    tbehnam@polsinelli.com, tanyabehnam@gmail.com;ccripe@polsinelli.com;ladocketing@polsinelli.com
- Jerrold L Bregman    ecf@bg.law, jbregman@bg.law
- Maria Cho    MCho@RobinsKaplan.com
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Stephen D Finestone    sfinestone@fhlawllp.com
- Richard H Golubow    rgolubow@wghlawyers.com, pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
- Jared T. Green    , spappa@svglaw.com
- Robbin L. Itkin    ritkin@sklarkirsh.com, cbullock@sklarkirsh.com
- Mette H Kurth    mkurth@foxrothschild.com, mette-kurth-7580@ecf.pacerpro.com
- Dare Law    dare.law@usdoj.gov
- Ben H Logan    blogan@omm.com
- Robert S Marticello    Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- David W. Meadows    david@davidwmeadowslaw.com
- Kevin Meek    kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
- John A Moe    john.moe@dentons.com, glenda.spratt@dentons.com
- Kelly L Morrison    kelly.l.morrison@usdoj.gov
- Matthew J Olson    olson.matthew@dorsey.com, stell.laura@dorsey.com
- Malhar S Pagay    mpagay@pszjlaw.com, bdassa@pszjlaw.com
- Diana M Perez    , diana-perez-7352@ecf.pacerpro.com
- Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- Victor A Sahn    vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com
- Randye B Soref    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- Benjamin Taylor    btaylor@taylorlawfirmpc.com
- Helena Tseregounis    helena.tseregounis@lw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Ryan A Witthans    rwitthans@fhlawllp.com
- Felix T Woo    fwoo@ftwlawgroup.com, admin@ftwlawgroup.com
- Claire K Wu    ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com
- Emily Young    pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
- David B Zolkin    dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

DOCS_LA:332351.2 46353/002