Richard M. Pachulski (CA Bar No. 90073)
Malhar S. Pagay (CA Bar No. 189289)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California  90067
Telephone: 310/277-6910
Facsimile:  310/201-0760
E-mail: rpachulski@pszjlaw.com
          mpagay@pszjlaw.com

Attorneys for the Reorganized Debtor

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>YUETING JIA,[1]<br><br>              Debtor. | Case No.: 2:19-bk-24804-VZ<br>Chapter 11<br><br>**EVIDENTIARY OBJECTIONS TO DECLARATION OF NELSON GOODELL IN SUPPORT OF HAN'S SAN JOSE HOSPITALITY LLC'S RESPONSE TO OBJECTION TO CLAIM NO. 60 AND ATTACHED AND REFERENCED EXHIBITS**<br><br>Hearing:<br>Date:     October 5, 2021<br>Time:    11:00 a.m.<br>Place:    Courtroom 1368<br>             Edward R. Roybal Federal Building<br>             255 East Temple Street<br>             Los Angeles, California 90012<br>Judge:    Honorable Vincent P. Zurzolo |

Yueting Jia, the reorganized debtor herein (the "Debtor"), by and through his attorneys, Pachulski Stang Ziehl & Jones LLP, hereby submits his evidentiary objections to the *Declaration of Nelson Goodell in Support of Han's San Jose Hospitality, LLC's Response to Objection to Claim No. 60* (the "Goodell Declaration") [Docket No. 1010], filed by Han's San Jose Hospitality LLC ("Han") in support of *Han's San Jose Hospitality, LLC's Response to Objection to Claim No. 60* [Docket No. 1006] (the "Objection").

---

[1] The last four digits of the Debtor's federal tax identification number are 8972. The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

DOCS_LA:339906.1 46353/003

| Paragraph Number | Objectionable Statement | Evidentiary Objection |
|---|---|---|
| ¶2 and RJN Exhibit 10 | On July 27, 2018 in the matter of *Vizio v. LeEco*, pending in the Central District of California, Judge David Carter noted that the repeated use of the same employees across Mr. Jia's businesses, including Charles Hsieh and Chaoying Deng, coupled with the commingling of assets to secure loans and lack of corporate formalities sufficiently stated an alter ego allegation while denying a motion to dismiss. The Court noted, "Throughout the parent and subsidiary companies, there is a connection of intermingling between employees, assets, and office locations. Thus, Vizio sufficiently establishes facts in support of the proposition that [defendants] are interconnected in ownership (through Jia) and through a unity of interest (through similarities in offices, employees and intermingling assets.)". Filed herewith as Exhibit 10 to the Request for Judicial Notice is a true and correct copy of the Court's order. | Objection:<br><br>**Irrelevant (FRE 401).**<br>An interlocutory order on a motion to dismiss (where the Court must assume the truth of the allegations of the complaint) involving a different plaintiff and different companies is irrelevant. |
| ¶3 and Exhibit 2 | In connection with the State Court Action, on May 1, 2018, I took the deposition of Qing Ye. Filed herewith as Exhibit 2 is a true and correct copy of excerpts of the deposition. | Objection:<br><br>**Inadmissible hearsay (FRE 804(b)(1) and FRCP 32(a)(1) and (8)).**<br>Han does not, and factually cannot, establish that the deposition was taken in a case when Debtor was a party to that case or had an opportunity or similar motive to develop the testimony in question by direct, cross-, or redirect examination. |
| ¶4 and Exhibit 3 | In connection with the State Court Action, on May 15, 2018, I took the deposition of Daniel McGill. Filed herewith as Exhibit 3 is a true and correct copy of excerpts of the deposition. | Objection:<br><br>**Inadmissible hearsay (FRE 804(b)(1) and FRCP 32(a)(1) and (8)).**<br>Han does not, and factually cannot, establish that the deposition was taken |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:339906.1 46353/003

| **Paragraph Number** | **Objectionable Statement** | **Evidentiary Objection** |
|---|---|---|
| | | in a case when Debtor was a party to that case or had an opportunity or similar motive to develop the testimony in question by direct, cross-, or redirect examination. |
| ¶5 and Exhibit 4 | In connection with the State Court Action, on May 16, 2018, I took the deposition of Daniel Poritzky. Filed herewith as Exhibit 4 is a true and correct copy of excerpts of the deposition. | Objection:<br><br>**Inadmissible hearsay (FRE 804(b)(1) and FRCP 32(a)(1) and (8)).**<br>Han does not, and factually cannot, establish that the deposition was taken in a case when Debtor was a party to that case or had an opportunity or similar motive to develop the testimony in question by direct, cross-, or redirect examination. |
| ¶6 and Exhibit 5 | In connection with the State Court Action, on June 21, 2018, I took the deposition of Chaoying Deng. Filed herewith as Exhibit 5 is a true and correct copy of excerpts of the deposition. | Objection:<br><br>**Inadmissible hearsay (FRE 804(b)(1) and FRCP 32(a)(1) and (8)).**<br>Han does not, and factually cannot, establish that the deposition was taken in a case when Debtor was a party to that case or had an opportunity or similar motive to develop the testimony in question by direct, cross-, or redirect examination. |
| ¶7 and Exhibit 6 | In connection with the State Court Action, on August 24, 2018, I took the deposition of Michael Do. Filed herewith as Exhibit 6 is a true and correct copy of excerpts of the deposition. | Objection:<br><br>**Inadmissible hearsay (FRE 804(b)(1) and FRCP 32(a)(1) and (8)).**<br>Han does not, and factually cannot, establish that the deposition was taken in a case when Debtor was a party to that case or had an opportunity or similar motive to develop the testimony in question by direct, cross-, or redirect examination. |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:339906.1 46353/003

| **Paragraph Number** | **Objectionable Statement** | **Evidentiary Objection** |
|---|---|---|
| ¶8 and Exhibit 7 | In connection with the State Court Action, on October 3, 2018, I took the deposition of Joylyn Belli. Filed herewith as Exhibit 7 is a true and correct copy of excerpts of the deposition. | Objection:<br><br>**Inadmissible hearsay (FRE 804(b)(1) and FRCP 32(a)(1) and (8)).** Han does not, and factually cannot, establish that the deposition was taken in a case when Debtor was a party to that case or had an opportunity or similar motive to develop the testimony in question by direct, cross-, or redirect examination. |
| ¶9 and Exhibit 8 | In connection with the State Court Action, on May 9, 2019, I took the deposition of Charles Hsieh. Filed herewith as Exhibit 8 is a true and correct copy of excerpts of the deposition. | Objection:<br><br>**Inadmissible hearsay (FRE 804(b)(1) and FRCP 32(a)(1) and (8)).** Han does not, and factually cannot, establish that the deposition was taken in a case when Debtor was a party to that case or had an opportunity or similar motive to develop the testimony in question by direct, cross-, or redirect examination. |
| ¶10 and Exhibit 9 | In connection with the State Court Action, on May 9, 2019, I took the deposition of Pascal Coustar. Filed herewith as Exhibit 9 is a true and correct copy of excerpts of the deposition. | Objection:<br><br>**Inadmissible hearsay (FRE 804(b)(1) and FRCP 32(a)(1) and (8)).** Han does not, and factually cannot, establish that the deposition was taken in a case when Debtor was a party to that case or had an opportunity or similar motive to develop the testimony in question by direct, cross-, or redirect examination. |
| ¶11 and Exhibit 10 | In connection with the State Court Action, on July 10, 2019, I took the deposition of Steve Howard. Filed herewith as Exhibit 10 is a true and correct copy of excerpts of that deposition. | Objection:<br><br>**Irrelevant (FRE 401).** The Howard deposition is cited in the Response solely for the following two irrelevant propositions: (1) other unspecified persons referred to Ocean View's Rancho Palos Verdes property as "a clubhouse", though deponent had |

4

| **Paragraph Number** | **Objectionable Statement** | **Evidentiary Objection** |
|---|---|---|
| | | no idea why it was referred to as a clubhouse (Response , 12:22-24; Exhibit 10 to Goodell Declaration, 115:6-24) and (2), Chaoying was Faraday's senior accounting officer and as far as deponent knows the only bank signatory (Response , 22:14-15; Exhibit 10 to Goodell Declaration, 114:1-24). |
| ¶12 and RJN Exhibit 18 | On August 30, 2019, the Court in the State Court Action issued an Order regarding Defendant's Demurrer and Request for Judicial Notice. The Court granted the Defendant's request for judicial notice of the fourth amended complaint filed by Plaintiffs and denied Defendant's other six requests for judicial notice. The Court overruled Defendant's Demurrer to the first, second, third, fourth and fifth causes of action. Filed herewith as Exhibit 18 to the Request for Judicial Notice filed concurrently herewith is a true and correct copy of that Order. | Objection:<br><br>**Irrelevant (FRE 401).**<br>An interlocutory order on a demurrer (where the Court must assume the truth of the allegations of the complaint) is irrelevant. |
| ¶13 and Exhibit 15 | On LinkedIn, Yueting Jia was previously found in 2020 under YT Jia as 'Founder, Chairman and CEO of Le Holdings. Co, Ltd'. Filed herewith as Exhibit 15 is a true and correct copy of his LinkedIn profile from that time. | Objection:<br><br>**Inadmissible hearsay (FRE 804) and lack of authentication (FRE 901).**<br>A LinkedIn entry, even if properly authenticated, is at most hearsay of an unknown author; and it is not a public record covered by FRE 901(b)(7). |
| ¶21 and RJN Exhibit 2 | In the State Court Action, Damian Martinez, Esq. of Atkinson, Andelson, Loya, Ruud & Romo has represented Faraday throughout the litigation. According to records filed in the Los Angeles County Superior Court and in state court in Washington, Mr. Martinez has represented the Debtor on at least two other occasions, as evidenced by exhibits 3 and 4 to the | Objection:<br><br>**Irrelevant (FRE 401).** |

5

| **Paragraph Number** | **Objectionable Statement** | **Evidentiary Objection** |
|---|---|---|
|  | Request for Judicial Notice filed concurrently herewith. In addition, William Pao of O'Melveny & Myers LLP represented Ocean View in the State Court Action, as evidenced by exhibit 2 to the Request for Judicial Notice filed concurrently herewith. |  |
| ¶22 and Exhibit 23 | On June 11, 2019, there was a hearing for the Motion to Consolidate in the Santa Clara County Superior Court. Filed herewith as Exhibit 23 is a true and correct copy of the transcript of that hearing. | Objection:<br><br>**Irrelevant (FRE 401).** The transcript is cited in the Response solely for the irrelevant proposition that a State Court denied a request by Debtor for a stay of discovery (Response 17:2-4; Exhibit 23 to Goodell Declaration, 5:14-9:5). |
| ¶23 | On April 24, 2018, Defendant Faraday filed their Motion for a Protective Order. A declaration of Yue-Ting Jia was filed in support. Filed herewith as Exhibit 24 is a true and correct copy of that declaration. | Objection:<br><br>**Irrelevant (FRE 401).** The declaration of Debtor is cited in the Response solely for the irrelevant proposition that Debtor unequivocally (and purportedly "brazenly") stated he was the CEO of Faraday as of April 24, 2018 -- a fact which, whether true or not (and Han adduces no evidence that it was not true as of the date of the declaration), does not support Debtor's alleged alter ego status (Response, 12:11-14). |
| ¶24 and Exhibit 25 | In discovery, in the State Court Action the attached the Administrative Services Agreement was produced by Faraday, which was apparently made between Le Technology and its' affiliates, Le Eco and Faraday. Filed herewith as Exhibit 25 is a true and correct copy of that document. | Objection:<br><br>**Lack of authentication (FRE 901).** The fact that the attached agreement "apparently" made between Le Technology and its' affiliates, Le Eco and Faraday, was produced by Faraday in discovery does not constitute evidence sufficient to support that that document is what Han claims it is. |

DOCS_LA:339906.1 46353/003

| **Paragraph Number** | **Objectionable Statement** | **Evidentiary Objection** |
|---|---|---|
| ¶25 and Exhibit 26 | In discovery in the State Court Action, Faraday produced a Statement of Work, under the provisions of the Administrative Services Agreement by and between Faraday and Le Eco, was made effective April 6, 2017. Filed herewith as Exhibit 26 is a true and correct copy of that document. | Objection:<br><br>**Lack of authentication (FRE 901).** The fact that the attached Statement of Work was produced by Faraday in discovery does not constitute evidence sufficient to support that that document is what Han claims it is. |
| ¶26 and Exhibit 27 | In discovery in the State Court Action, there was an email exchange regarding Faraday's requirements for the Subject Property and a Building Sublease Agreement template was attached. Filed herewith as Exhibit 27 is a true and correct copy of that email thread. | Objection:<br><br>**Lack of authentication (FRE 901).** The fact that the attached email exchange, to which Goodell was not a party, was produced in discovery by an unspecified person, does not constitute evidence sufficient to support that that document, including the template, is what Han claims it is. |
| ¶27 and Exhibit 28 | Filed herewith as Exhibit 28 is a true and correct copy of the LinkedIn profile of Amy Chu, which was printed out in the spring of 2019, identifying Ms. Chu as a director of Faraday. Ms. Chu has also been identified as a director of Ocean View. | Objection:<br><br>**Irrelevant (FRE 401), inadmissible hearsay (FRE 804) and lack of authentication (FRE 901).** A LinkedIn entry, even if properly authenticated, is at most hearsay of an unknown author; and it is not a public record covered by FRE 901(b)(7). |
| ¶29 and Exhibit 30 | Filed herewith as Exhibit 30 is an email produced by Faraday in discovery in the State Court Action evidencing on oral agreement for a sublease of the Subject Property between Le Technology and Faraday. | Objection:<br><br>**Lack of authentication (FRE 901).** The fact that the attached email exchange, to which Goodell was not a party, was produced in discovery by Faraday does not constitute evidence sufficient to support that that document is what Han claims it is. |
| ¶30 | Faraday's counsel in the state court action, Damian Martinez, indicated at a recent hearing that he would be the sole attorney appearing in person to represent the witness of Le | Objection:<br><br>**Irrelevant (FRE 401).** |

7

DOCS_LA:339906.1 46353/003

| **Paragraph Number** | **Objectionable Statement** | **Evidentiary Objection** |
|---|---|---|
| | Technology's "person most qualified" ("PMK"), Lijie Yang, at her deposition on September 30, 2021. | |
| ¶31 and Exhibit 31 | Ms. Yang, identified as Le Technology's PMK, is also a present employee of Faraday.  Filed herewith as Exhibit 31 is a true and correct copy of her LinkedIn profile. | Objection:<br><br>**Irrelevant (FRE 401), inadmissible hearsay (FRE 804) and lack of authentication (FRE 901).**<br>A LinkedIn entry, even if properly authenticated, is at most hearsay of an unknown author; and it is not a public record covered by FRE 901(b)(7). |
| ¶32 and RJN Exhibit 19 | The Court sanctioned Ocean View in the State Court Action for its discovery abuse in refusing to produce Shaojie Chu for a deposition on May 13, 2021.  Filed herewith as Exhibit 19 to the Request for Judicial Notice is a true and correct copy of the sanctions order. | Objection:<br><br>**Irrelevant (FRE 401).**<br>An interlocutory order on a motion to compel in a case where Debtor was not a party is irrelevant. |
| ¶33 and Exhibit 32 | Filed herewith as Exhibit 32 is a true and correct copy of a November 30, 2017 letter to me from Daniel J. Gallagher (General Counsel for Le Technology) in which he states, "[p]lease also note Le Holdings (Beijing) Co., Ltd. ("Le Holdings"), which was also identified as a tenant on the subject lease, is not and was never in possession of the Premises." | Objection:<br><br>**Inadmissible hearsay (FRE 804).**<br>Any statements made in a letter from the General Counsel for Le Technology, Inc. are hearsay not covered by any exception provided under FRE Rule 804(b). |
| ¶34 and Exhibit 33 | Filed herewith as Exhibit 33 is a true and correct copy of excerpts of the Deposition of Shaojie Chu, taken June 3, 2021. | Objection:<br><br>**Inadmissible hearsay (FRE 804(b)(1) and FRCP 32(a)(1) and (8)).**<br>Han does not, and factually cannot, establish that the deposition was taken in a case when Debtor was a party in that case or had an opportunity or similar motive to develop the testimony in question by direct, cross-, or redirect examination. |

DOCS_LA:339906.1 46353/003

| **Paragraph Number** | **Objectionable Statement** | **Evidentiary Objection** |
|---|---|---|
| ¶35 and Exhibit 34 | Filed herewith as Exhibit 34 is a true and correct copy of the LinkedIn Profile of Yu Xie, accessed April 29, 2019. | Objection:<br><br>**Irrelevant (FRE 401), inadmissible hearsay (FRE 804) and lack of authentication (FRE 901).**<br>A LinkedIn entry, even if properly authenticated, is at most hearsay of an unknown author; and it is not a public record covered by FRE 901(b)(7). |
| ¶36 and Exhibit 35 | Filed herewith as Exhibit 35 is a true and correct copy of John P. Godsil's Notice of Motion and Motion to be Relieved as Counsel of Le Technology, Inc., dated August 15, 2019. | Objection:<br><br>**Irrelevant (FRE 401).**<br>A motion by counsel of Le Technology, Inc. to be relieved as counsel of Le Technology, Inc. unsupported by any declaration as to facts relating to Debtor is irrelevant. |
| ¶37 and Exhibit 36 | Filed herewith as Exhibit 36 is a true and correct copy of a letter I sent to Joshua Schein, attorney at the time for Le Technology, in which I make him aware of the authority that a suspended corporation may not prosecute or defend an action in a California Court, dated October 28, 2020. | Objection:<br><br>**Irrelevant (FRE 401).**<br>A letter to counsel for Le Technology, Inc. regarding authority that a suspended corporation may not prosecute or defend an action in a California Court is irrelevant. |
| ¶38 and Exhibit 37 | Filed herewith as Exhibit 37 is a true and correct copy of a letter from Josh Schein to me, dated May 11, 2021. | Objection:<br><br>**Irrelevant (FRE 401) and inadmissible hearsay (FRE 804).**<br>A letter from counsel for Le Technology, Inc. regarding a discovery dispute between Han and Le Technology, Inc. in a case in which Debtor was not a party is irrelevant and any statements made therein by the letter's author are hearsay not covered by any exception provided under FRE Rule 804(b). |

9

DOCS_LA:339906.1 46353/003

| **Paragraph Number** | **Objectionable Statement** | **Evidentiary Objection** |
|---|---|---|
| ¶39 and Exhibit 38 | Filed herewith as Exhibit 38 is a true and correct copy of the declaration of Hua Liu in support of Le Technology, Inc.'s Opposition to Han's San Jose Hospitality LLC's Motion for Finding of Civil Contempt, Issue, Evidentiary and Monetary Sanctions Against Le Technology, Inc. and its Counsel of Record Joshua Schein, dated September 2, 2021. | Objection:<br><br>**Irrelevant (FRE 401)**<br>A declaration by an officer of Le Technology, Inc. regarding a discovery dispute between Han and Le Technology, Inc. in a case in which Debtor was not a party is irrelevant and any statements made therein by the declarant are hearsay not covered by any exception provided under FRE Rule 804(b). |
| ¶40 and Exhibit 39 | Filed herewith as Exhibit 39 is a true and correct copy of Qing (Bob) Ye's LinkedIn Profile. | Objection:<br><br>**Irrelevant (FRE 401), inadmissible hearsay (FRE 804) and lack of authentication (FRE 901).**<br>A LinkedIn entry, even if properly authenticated, is at most hearsay of an unknown author; and it is not a public record covered by FRE 901(b)(7). |

Dated: September 28, 2021          PACHULSKI STANG ZIEHL & JONES LLP

By: /s/ *Malhar S. Pagay*
       Malhar S. Pagay

Attorneys for the Reorganized Debtor

10

DOCS_LA:339906.1 46353/003

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA  90067**

A true and correct copy of the foregoing document entitled (*specify*):   **EVIDENTIARY OBJECTIONS TO DECLARATION OF NELSON GOODELL IN SUPPORT OF HAN'S SAN JOSE HOSPITALITY LLC'S RESPONSE TO OBJECTION TO CLAIM NO. 60 AND ATTACHED AND REFERENCED EXHIBITS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On (*date*) **September 28, 2021,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **September 28, 2021,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

> **VIA U.S. MAIL**
> United States Bankruptcy Court
> Central District of California
> Attn:  Hon. Vincent Zurzolo
> Edward R. Roybal Federal Bldg./Courthouse
> 255 East Temple Street, Suite 1360
> Los Angeles, CA  90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **September 28, 2021,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

> **Via Email:**
> Nelson W. Goodell    nelson@goodelllawsf.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 28, 2021 | Nancy H. Brown | /s/ *Nancy H. Brown* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012      **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:332351.2 46353/002

## SERVICE INFORMATION FOR CASE NO. 2:19-bk-24804-VZ

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

- Tanya Behnam    tbehnam@polsinelli.com, tanyabehnam@gmail.com;ccripe@polsinelli.com;ladocketing@polsinelli.com
- Jerrold L Bregman    ecf@bg.law, jbregman@bg.law
- Maria Cho    MCho@RobinsKaplan.com
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Stephen D Finestone    sfinestone@fhlawllp.com
- Richard H Golubow    rgolubow@wghlawyers.com, pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
- Jared T. Green    , spappa@svglaw.com
- Robbin L. Itkin    ritkin@sklarkirsh.com, cbullock@sklarkirsh.com
- Mette H Kurth    mkurth@foxrothschild.com, mette-kurth-7580@ecf.pacerpro.com
- Dare Law    dare.law@usdoj.gov
- Ben H Logan    blogan@omm.com
- Robert S Marticello    Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- David W. Meadows    david@davidwmeadowslaw.com
- Kevin Meek    kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
- John A Moe    john.moe@dentons.com, glenda.spratt@dentons.com
- Kelly L Morrison    kelly.l.morrison@usdoj.gov
- Matthew J Olson    olson.matthew@dorsey.com, stell.laura@dorsey.com
- Malhar S Pagay    mpagay@pszjlaw.com, bdassa@pszjlaw.com
- Diana M Perez    , diana-perez-7352@ecf.pacerpro.com
- Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- Victor A Sahn    vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com
- Randye B Soref    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- Benjamin Taylor    btaylor@taylorlawfirmpc.com
- Helena Tseregounis    helena.tseregounis@lw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Ryan A Witthans    rwitthans@fhlawllp.com
- Felix T Woo    fwoo@ftwlawgroup.com, admin@ftwlawgroup.com
- Claire K Wu    ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com
- Emily Young    pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
- David B Zolkin    dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:332351.2 46353/002