Richard M. Pachulski (CA Bar No. 90073)
Malhar S. Pagay (CA Bar No. 189289)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail: rpachulski@pszjlaw.com
       mpagay@pszjlaw.com

Attorneys for the Reorganized Debtor

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>YUETING JIA,[1]<br><br>Debtor. | Case No.: 2:19-bk-24804-VZ<br>Chapter 11<br><br>**EVIDENTIARY OBJECTIONS TO DECLARATION OF PETER LUO IN SUPPORT OF HAN'S SAN JOSE HOSPITALITY LLC'S RESPONSE TO OBJECTION TO CLAIM NO. 60**<br><br>Hearing:<br>Date:    October 5, 2021<br>Time:   11:00 a.m.<br>Place:   Courtroom 1368<br>            Edward R. Roybal Federal Building<br>            255 East Temple Street<br>            Los Angeles, California 90012<br>Judge:   Honorable Vincent P. Zurzolo |

Yueting Jia, the reorganized debtor herein (the "Debtor"), by and through his attorneys, Pachulski Stang Ziehl & Jones LLP, hereby submits his evidentiary objections to the *Declaration of Peter Luo in Support of Han's San Jose Hospitality, LLC's Response to Objection to Claim No. 60* (the "Luo Declaration") [Docket No. 1007], filed by Han's San Jose Hospitality LLC ("Han") in support of *Han's San Jose Hospitality, LLC's Response to Objection to Claim No. 60* [Docket No. 1006] (the "Response").

---

[1] The last four digits of the Debtor's federal tax identification number are 8972. The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

DOCS_LA:339907.1 46353/003

| Paragraph Number | **Objectionable Statement** | **Evidentiary Objection** |
|---|---|---|
| ¶2, p. 2:9-11 | On or about March 15, 2016 Han's predecessor-in-interest and Mr. Jia's companies Le Technology and Le Holdings entered into a lease (the "Lease") for the premises located at 3553 North First Street, San Jose, California 95134 ("Subject Property"). | Objection:<br><br>**Lack of foundation (FRE 602).**<br>Han offers no evidence that Luo, a Han employee, has personal knowledge regarding the entry into the Lease by Han's predecessor-in-interest or that Le Technology and Le Holdings are "Mr. Jia's companies". |
| ¶3 | Mr. Jia never told Hans that his alter egos Le Technology and Le Holding had allowed another company he controlled, Faraday Future ("Faraday") to become an unauthorized occupant/subtenant of the premises following Le Technology and Le Holdings taking possession of the Subject Property. Faraday and Le Technology employees referred to the other company as a "sister" company or a "parent" company. | Objection:<br><br>**Lack of foundation (FRE 602).**<br>Han offers no evidence that Luo has personal knowledge regarding either (1) what Mr. Jia told "Hans" beyond communications in which he personally participated or witnessed or (2) that Faraday and Le Technology employees referred to the other company as a "sister" company or a "parent" company. |
| ¶4 | This sublease agreement was memorialized and evidenced in invoices submitted by Le Technology/Le Holdings to Faraday in September and October 2017 that demanded payment of $110,000 for each month. | Objection:<br><br>**Lack of foundation (FRE 602) and best evidence (FRE 1002).**<br>Han offers no evidence that Luo, a Han employee, has personal knowledge regarding (1) the existence of the purported sublease agreement or (2) of the invoices purportedly submitted by Le Technology/Le Holdings to Faraday in September and October 2017. Also, said invoices are the best evidence of their contents. |
| ¶5 p. 2:27 | Despite this agreement, Faraday never paid a penny in rent to either Le entity……. | Objection:<br><br>**Lack of foundation (FRE 602).**<br>Han offers no evidence that Luo, a Han employee, has personal knowledge regarding whether (1) the purported |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

2

DOCS_LA:339907.1 46353/003

| **Paragraph Number** | **Objectionable Statement** | **Evidentiary Objection** |
|---|---|---|
| | | sublease agreement existed or (2) Faraday ever paid a penny in rent to either Le entity. |
| ¶6 | Han's never informed Le Technology, Le Holdings, Faraday that it consented to Faraday being a subtenant or occupying the property in any fashion. | Objection:<br><br>**Lack of foundation (FRE 602).** Han offers no evidence that Luo, a Han employee, has personal knowledge regarding whether anyone at Han besides himself ever informed Le Technology, Le Holdings, Faraday that it consented to Faraday being a subtenant or occupying the property. |
| ¶7, p. 3:3-13. | Han's also believes that the parties breached paragraph 14.8.1, as it requires that a "'transfer [be] made for a good faith operating purpose and not in order to evade the requirements of this Section 14." Section 14, paragraph 14.2. states that a landlord cannot withhold consent for a proposed transfer unless "[t]he proposed transferee has a character or reputation or is engaged in a business that is not reasonable consistent with the quality of the Building or the Project" (Exh. 1, pg. 20, r 14.2.2) among other reasons.  In these recent times, the character and reputation of Mr. Jia's companies involved in the lease has been abysmal, as noted above, and Han's would never have consented to any affiliates of Le Technology or Le Holdings, including LeEco or Faraday, to take possession of the Subject Property as the direct result of their international attempts to avoid their obligations as reported by numerous international news organizations…. | Objection:<br><br>**Irrelevant (FRE 401) and lack of foundation (FRE 602).** Han's belief that "the parties breached paragraph 14.8.1" is irrelevant, as is the purportedly "abysmal" character and reputation of Mr. Jia's companies involved in the lease. Han also offers no evidence that Luo, a Han employee, has personal knowledge regarding (1) what anyone at Han besides himself "believes", (2) whether anyone at Han besides himself, who is not established to be the sole or primary decision maker for Han, would have consented to any affiliates of Le Technology or Le Holdings, including LeEco or Faraday, to take possession of the Subject Property and (3) that said affiliates purported international attempts to avoid their obligations were reported by numerous international news organizations, or that such reports, if they existed, were accurate. |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Paragraph Number | Objectionable Statement | Evidentiary Objection |
|---|---|---|
| ¶8 and Exhibit 2 | Shortly prior to defaulting on the Lease, in August 2017, Qing Ye, on behalf of Le Holdings and Le Technology and Jia Yueting, sent me an e-mail in which he threatened to file bankruptcy unless Han's would agree to accept two months' rent in full satisfaction of their rental obligations, which extended another nine years. Mr. Ye did not mention Faraday or its occupancy of the Subject Property in this e-mail. Han's believes that Mr. Ye acted at the direction of Defendant Jia Yueting. Filed herewith as Exhibit 2 is a true and correct copy of that email. | Objection:<br><br>**Irrelevant (FRE 401), lack of foundation (FRE 602), lack of authentication (FRE 901) and best evidence (FRE 1002).**<br>Luo is testifying to the contents of the attached email, which is not in English and as to which no translation of the document is offered. Nor does Han offer any evidence that Luo is a qualified expert able to provide such a translation. Han's belief that "Mr. Ye acted at the direction of Defendant Jia Yueting" is irrelevant and Han offers no evidence that that belief is well founded. |
| ¶9 | In this e-mail, Mr. Ye stated that Le Technology, the domestic subsidiary of Le Holdings, had only $2 to $2.5 million in cash, but had $7 million in debt. Thus, by Mr. Ye's own admissions, Le Technology was heavily undercapitalized. In the e-mail, Mr. Ye stated that they would file for bankruptcy unless Han's agreed to accept the two additional months in rent mentioned above, plus the forfeiture of their security deposit (which effectively was approximately another month in rent). | Objection:<br><br>**Lack of authentication (FRE 901) and best evidence (FRE 1002).**<br>Luo is testifying to the contents of the attached email, which is not in English and as to which no translation of the document is offered. Nor does Han offer any evidence that Luo is a qualified expert able to provide such a translation |
| ¶11, p. 4:1-6. | Mr. Jia, through his agent Ms. Deng, in an action he would later ratify, signed a Subordination, Non-Disturbance and Attornment Agreement ("SNDA") on July 14, 2017. In the SDNA, Jia, Deng, and Le Technology represented to Han's and its lender that, "[The] tenant has not assigned, mortgaged, sublet, encumbered, or otherwise transferred any or all of its interest under the Lease and, during the term of the | Objection:<br><br>**Lack of foundation (FRE 602), lack of authentication (FRE 901) and best evidence (FRE 1002).**<br>Han offers no evidence that Luo, a Han employee, has personal knowledge regarding whether (1) Mr. Jia, through his agent Ms. Deng, signed a Subordination, Non-Disturbance and Attornment Agreement ("SNDA") on July 14, 2017 or (2) Mr. Jia later ratified |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4

| Paragraph Number | Objectionable Statement | Evidentiary Objection |
|---|---|---|
| | Loan, agrees to not... sublet any or all of its interest... without the prior written consent of Lender." | that Subordination, Non-Disturbance and Attornment Agreement ("SNDA"). |
| ¶12 | The statement in the SNDA was demonstrably false, as Le Technology had already subleased and allowed Faraday to occupy the majority of the Subject Property. | Objection:<br><br>**Lack of foundation (FRE 602).** Han offers no evidence that Luo, a Han employee, has personal knowledge regarding whether Le Technology had already subleased and allowed Faraday to occupy the majority of the Subject Property as of July 14, 2017. |
| ¶13, p. 4:10-12. | This was a material misrepresentation made to Han's. …. The gravity of this misrepresentation is difficult to understate….. | Objection:<br><br>**Lack of foundation (FRE 602).** Han offers no evidence that Luo, a Han employee, has personal knowledge regarding whether "this was a … misrepresentation" (i.e., that Le Technology had already subleased and allowed Faraday to occupy the majority of the Subject Property as of July 14, 2017). |
| ¶15, p. 4:18-19. | …… Had Le Technology been truthful when signing the SNDA, or simply refused to sign it, Han's would have had notice of the sublet arrangement…... | Objection:<br><br>**Lack of foundation (FRE 602).** Han offers no evidence that Luo, a Han employee, has personal knowledge regarding whether "Le Technology [was] truthful when signing the SNDA" or the purported "sublet arrangement" in fact existed. |

Dated: September 28, 2021     PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ Malhar S. Pagay*
　　　Malhar S. Pagay

Attorneys for the Reorganized Debtor

5

DOCS_LA:339907.1 46353/003

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA  90067**

A true and correct copy of the foregoing document entitled (*specify*):  **EVIDENTIARY OBJECTIONS TO DECLARATION OF PETER LUO IN SUPPORT OF HAN'S SAN JOSE HOSPITALITY LLC'S RESPONSE TO OBJECTION TO CLAIM NO. 60** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On (*date*) **September 28, 2021,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **September 28, 2021,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

> **VIA U.S. MAIL**
> United States Bankruptcy Court
> Central District of California
> Attn:  Hon. Vincent Zurzolo
> Edward R. Roybal Federal Bldg./Courthouse
> 255 East Temple Street, Suite 1360
> Los Angeles, CA  90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **September 28, 2021,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

> **Via Email:**
> Nelson W. Goodell    nelson@goodelllawsf.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 28, 2021 | Nancy H. Brown | /s/ *Nancy H. Brown* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                                     **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:332351.2 46353/002

## SERVICE INFORMATION FOR CASE NO. 2:19-bk-24804-VZ

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

- Tanya Behnam    tbehnam@polsinelli.com, tanyabehnam@gmail.com;ccripe@polsinelli.com;ladocketing@polsinelli.com
- Jerrold L Bregman    ecf@bg.law, jbregman@bg.law
- Maria Cho    MCho@RobinsKaplan.com
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Stephen D Finestone    sfinestone@fhlawllp.com
- Richard H Golubow    rgolubow@wghlawyers.com, pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
- Jared T. Green    , spappa@svglaw.com
- Robbin L. Itkin    ritkin@sklarkirsh.com, cbullock@sklarkirsh.com
- Mette H Kurth    mkurth@foxrothschild.com, mette-kurth-7580@ecf.pacerpro.com
- Dare Law    dare.law@usdoj.gov
- Ben H Logan    blogan@omm.com
- Robert S Marticello    Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- David W. Meadows    david@davidwmeadowslaw.com
- Kevin Meek    kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
- John A Moe    john.moe@dentons.com, glenda.spratt@dentons.com
- Kelly L Morrison    kelly.l.morrison@usdoj.gov
- Matthew J Olson    olson.matthew@dorsey.com, stell.laura@dorsey.com
- Malhar S Pagay    mpagay@pszjlaw.com, bdassa@pszjlaw.com
- Diana M Perez    , diana-perez-7352@ecf.pacerpro.com
- Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- Victor A Sahn    vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com
- Randye B Soref    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- Benjamin Taylor    btaylor@taylorlawfirmpc.com
- Helena Tseregounis    helena.tseregounis@lw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Ryan A Witthans    rwitthans@fhlawllp.com
- Felix T Woo    fwoo@ftwlawgroup.com, admin@ftwlawgroup.com
- Claire K Wu    ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com
- Emily Young    pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
- David B Zolkin    dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:332351.2 46353/002