Richard M. Pachulski (CA Bar No. 90073)
Mahar S. Pagay (CA Bar No. 189289)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone: 310-277-6910
Facsimile: 310-201-0760
Email: rpachulski@pszjlaw.com
       mpagay@pszjlaw.com

Attorneys for Reorganized Debtor, Yueting Jia

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>YUETING JIA,[1]<br><br>Reorganized Debtor. | Case No. 2:19-bk-24804-VZ<br><br>**FOURTH NOTICE OF (I) UNDISPUTED AMOUNTS; AND (II) DEADLINE FOR CLAIMANTS TO COMPLETE AND SUBMIT COMPLIANCE CERTIFICATE IN ORDER TO RECEIVE TRUST DISTRIBUTION**<br><br>**Compliance Certificate Submission Deadline:**<br><br>April 13, 2022<br><br>[No hearing required] |

**PLEASE TAKE NOTICE** that, as contemplated in section 1.1.3 of the *Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 464], as modified (the "Plan"),[2] Yueting Jia, the Reorganized Debtor pursuant to the Plan (the "Reorganized Debtor"), hereby sets forth on **Exhibit "A"** attached hereto, the amount of a Claim with respect to which the Reorganized Debtor has no objection (the "Undisputed Portion"). Accordingly, the Claim shall be allowed in the amount of the Undisputed Portion.

---

[1] The last four digits of the Debtor's federal tax identification number are 8972. The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275

[2] Modifications to the Plan are as set forth in the *Notice of Filing of Non-Adverse Modifications to Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, Pursuant to Federal Rule of Bankruptcy Procedure 3019(a)* [Docket No. 780] and approved by the order of the Court confirming the Plan [Docket No. 810] (the "Confirmation Order"). *See* Confirmation Order § B at 5. Capitalized terms not otherwise defined herein shall have the meanings as set forth in the Plan.

1  **PLEASE TAKE FURTHER NOTICE** that, as described in section 1.1.24 of the Plan, in order to receive Trust Distributions, all holders of Claims (collectively, "Holders") must complete and submit to the Reorganized Debtor, a Compliance Certificate, which certifies: (i) the holder has complied with the China Debtor List Covenant, (ii) that the holder has not initiated, and will not initiate, any YT Claims during the Standstill Period, (iii) that the holder acknowledges and agrees that it will comply with section 11.4(c) of the Plan and section 4.9 of the Trust Agreement and will take all steps and execute any documents requested by the Reorganized Debtor to evidence releases in section 11.4(c) of the Plan, and (iv) the holder acknowledges and agrees that it will comply with section 6.6 of the Plan and the release of Wei Gan's personal liability pursuant to the Wei Gan Settlement.

**PLEASE TAKE FURTHER NOTICE** that, if your Claim is listed on **Exhibit "A"** attached hereto, you must complete and submit the Compliance Certificate on or before April 13, 2022.

**IF YOU DO NOT SUBMIT A COMPLIANCE CERTIFICATE BY THE APPLICABLE DEADLINE, YOU WILL NOT BE ENTITLED TO RECEIVE TRUST DISTRIBUTIONS ON ACCOUNT OF SUCH CLAIMS.**

A form of the Compliance Certificate is attached as Exhibit A to the Trust Agreement, attached hereto as **Exhibit "B"**, and available on the Reorganized Debtor's case webpage: https://dm.epiq11.com/case/yt1/info. Completed Compliance Certificates should be sent as follows:

**To the Reorganized Debtor (the *original* Compliance Certificate)**

Yueting Jia
91 Marguerite Drive
Rancho Palos Verdes, CA 90275
USA

*With copies to:*

Suzzanne Uhland, Esq.
Latham & Watkins LLP
885 Third Avenue
New York, NY  10022-4834
USA

DOCS_LA:341622.1 46353/003

*and*

Li Han, Esq.
O'Melveny & Myers LLP
31st Floor, AIA Central 1 Connaught Road
Central
Hong Kong, S.A.R.

**To Wei Gan**

Wei Gan
1-1101, Building 2, Lanhai Garden
Fanhai Guoji, Chaoyang District
Beijing 100025
People's Republic of China

**PLEASE TAKE FURTHER NOTICE** that, pursuant to section 4.3.4 of the Trust Agreement:

(i)     The Reorganized Debtor may dispute in good faith any Compliance Certificate by providing the Holder with written notice of such dispute, which notice sets forth the alleged failures to comply with the requirements of the Compliance Certificate.  If the Reorganized Debtor continues to dispute the accuracy of the Holder's compliance with the requirements of the Compliance Certificate, then thirty (30) days after such notice, either party may seek arbitration under the procedures detailed in the Compliance Certificate which may result in the forfeiture of the Holder's Trust Interests if the Holder has failed to comply with the requirements of the Compliance Certificate.   Specifically, such dispute shall be resolved by arbitration before the China International Economic and Trade Arbitration Commission ("CIETAC").  The laws of the People's Republic of China ("PRC") shall apply.  The arbitration shall be conducted in Beijing, PRC, in accordance with CIETAC's arbitration rules in effect at the time of applying for arbitration. The award shall be final and binding upon all parties.  Notwithstanding the foregoing, in the event of a dispute with respect to the Holder's compliance with the requirements of the Compliance Certificate, the Reorganized Debtor may file an executed copy of the Compliance Certificate with any court of competent jurisdiction to establish the Holder's obligations thereunder.

(ii)    The Reorganized Debtor or the Trustee may dispute the failure of a Holder to timely file a Compliance Certificate by providing such Holder with ten (10) days' notice of forfeiture of the

3

Holder's Trust Interests for failure to timely submit a Compliance Certificate; provided that such Holder may seek arbitration under the Plan Arbitration Procedures that their neglect to timely file a Compliance Certificate was excusable under the standards of the Bankruptcy Code.

Dated: January 13, 2022    PACHULSKI STANG ZIEHL & JONES LLP

By  */s/ Malhar S. Pagay*
Richard M. Pachulski
Jeffrey W. Dulberg
Malhar S. Pagay

Attorneys for Reorganized Debtor, Yueting Jia

4

DOCS_LA:341622.1 46353/003

# **EXHIBIT A**

EXHIBIT A

DOCS_LA:341622.1 46353/003

| Claim No. | Creditor | Undisputed Claim Amount (USD) |
|---|---|---|
| 60 | HAN'S SAN JOSE HOSPITALITY LLC | $4,000,000.00 |

DOCS_LA:341622.1 46353/003

# **EXHIBIT B**

DOCS_LA:341622.1 46353/003

# Compliance Certificate

# 守约证明书

Reference is made to the Third Amended Chapter 11 Plan of Reorganization under Chapter 11 of the Bankruptcy Code for Mr. Yueting Jia (the "**Debtor**"), dated on March 17, 2020 and modified by the Notice of Filing of Non-Adverse Modifications to Debtor's Third Amended Plan of Reorganization on May 20, 2020 and by the Post-Confirmation Hearing Order (the "**Chapter 11 Plan**"). On the 13th day of January, 2022, the entire Debt Claim/China Secured Claim/Late Filed Debt Claim or a portion thereof of the undersigned Promisor became Allowed under the Plan (hereinafter referred to as the "**Claim Allowance Date**"). On the 5 day of June, 2020, the United States Bankruptcy Court for the Central District of California Los Angeles Division entered an order confirming the Chapter 11 Plan and the Chapter 11 Plan became effective on June 26, 2020 (the "**Effective Date**"). Capitalized terms that are used but not defined herein shall have the meanings ascribed to them in the Chapter 11 Plan.

请参阅贾跃亭先生（下称"**债务人**"）第三次修订的《破产法》第11章项下重组方案（提交日期为2020年3月17日，之后又根据2020年5月20日的"债务人第三次修订的重组方案的非不利修改提交通知"和"确认后听证令"进行了修改）（下称为"**第11章方案**"）。2022年___月___日为承诺人的全部或部分债务索赔/中国有担保索赔/逾期提交索赔在方案下被获准之日（下称"**债权获准日**"）。2020年6月5日，美国加利福尼亚州中区破产法院洛杉矶分院裁定确认第11章方案且第11章方案于2020年_6_月_26_日正式生效（"**生效日**"）。本文中使用但未定义的大写术语应具有第11章方案中赋予它们的含义。

According to the relevant provisions of the Chapter 11 Plan and the Founding Future Creditors Trust Agreement dated June 26, 2020 signed by the Trustee and the Debtor, as a condition to receiving any Trust Distributions, the allowed debt claimant shall provide the Trustee with the Compliance Certificate within 90 days after all or any portion of the claimant's Claim becomes allowed.  The undersigned Promisor hereby makes the following representations, warranties, and commitments:

根据第11章方案和信托受托人及债务人于2020年_6_月__26_日签署的"Founding Future债权人信托协议"的相关约定，作为获得信托分配的前提条件，获准债务索赔

1

人应在其债务索赔全部或部分被获准的90天内向信托受托人出具此守约证明书。承诺人特此作出陈述保证和承诺如下：

  1.1 For a period of four years from the Effective Date of the Chapter 11 Plan (namely, four year period ended on June 26, 2024) (hereinafter referred to as the "**Standstill Period**". To avoid doubt, the Standstill Period may be extended in accordance with the Plan[3]), the undersigned Promisor shall not assert any new litigations, arbitrations or any other judicial procedures against the Debtor for personal liability directly or derivatively in its capacity as a creditor of a claim owed solely or jointly by the Debtor (including unwinding or alter ego type claims), in any non-U.S. jurisdiction (including the People's Republic of China (the "**PRC**")) [4], provided, however, that the undersigned Promisor may continue to prosecute any actions commenced prepetition against the Debtor up to judgment through judicial authorities in the PRC and continue to dispose of, through a mechanism that will be mutually agreed to by the parties, the following: (1) the assets that had been collateralized and pledged to the undersigned Promisor prior to October 14, 2019; (2) the assets that had been frozen through judicial procedures by the undersigned Promisor prior to October 14, 2019; or (3) the claims against primary obligors that are solely based on such claim holder's contractual agreements with such primary obligors (for the avoidance of doubt, such holder may not bring unwinding or alter ego type claims against such primary obligors).

  1.1 自第11章方案生效日起4年之内（也就是至202_4__年__6_月_26__日）（下称"**停滞期**"。未免疑义，停滞期可依据方案进行延期[5]），承诺人不得在美国以外的任何司法辖区（包括**中华人民共和国**）[6]因债务人直接个人责任或衍生性地以债务人的债权人的名义（基于债务人单独债务和共同债务）提起（包括撤销交易或主体混同类主张）任何新的诉讼、仲裁、以及其他任何司法程序。但前提是，承诺人可通过中华人民共和国的司法机关继续在申请之前已经对债务人提起的任何诉讼直至作出判决，并通过当事各方相互同意的机制继续处置2019年10月14日（"破产申请日"）前（1）已经抵押、质押给承诺人的资产；（2）承诺人通过司法途径已经冻结的资产，或者（3）针对主要债务人的、且仅基于

---

[3] If IPO occurs during the Initial Term, the Standstill Period shall be automatically extended through the conclusion of the selloff period for the Marketable Securities.

[4] YT shall receive a discharge of all claims dischargeable pursuant to the Chapter 11 Plan to the greatest extent permissible under the Bankruptcy Code.

[5] 若初始期间内完成IPO，则停滞期应自动延长到可销售证券出售期结束为止。

[6] 在美国破产法允许范围内，YT在第11章方案项下全部可解除的索赔都将获得解除。

2

该债务索赔持有人与主要债务人之间合同的索赔（为免疑义，该持有人不得对该等主要债务人提起撤销交易或主体混同类主张）；

2.1 Promisor herby confirm [          ] applies to his circumstance.

2.1.1 The undersigned Promisor signed the "Documents For the Purpose of Lifting Double Restrictions and/or Dishonest Person List Removals" ("**Relevant Documents for Dishonest Person List Removals and Lifting Double Restrictions**") on the ___ day of ___, 2022, and submitted to [          ] courts the aforementioned Relevant Documents for Dishonest Person List Removal and Lifting Double Restrictions on the ___ day of ___, 2022, requesting the courts to remove the Debtor and Ms. Wei Gan from the List of Dishonest Judgment Debtors and lift any consumption or travel restrictions against the Debtor and Ms. Wei Gan, including restrictions on high consumption and restrictions on leaving the country. The undersigned Promisor confirms that it/(s)he has requested the courts to remove the Debtor and Ms. Wei Gan from the Dishonest Debtor List and to lift the restrictions on consumption and leaving the country. (This provision applies to the case where the Promisor had requested to include the Debtor and Ms. Wei Gan in the List of Dishonest Judgement Debtors or had applied for restrictions on the Debtor and Ms. Wei Gan for high consumption and outbound travel.)

2.1.2 As of the date of issuance of this Certificate, The Promisor has never requested the court to put the Debtor or Ms. Wei Gan on the List of Dishonest Judgement Debtors or applied for restrictions on the Debtor or Ms. Wei Gan for high consumption and outbound travel on account of the Allowed Debt Claim held by the Promisor. (This provision applies to the case where the Promisor had never requested to include the Debtor or Ms. Wei Gan in the List of Dishonest Judgement Debtors or applied for restrictions on the Debtor or Ms. Wei Gan for high consumption and outbound travel.)

2.1 承诺人确认自己的情况为【          】。

2.1.1
承诺人已于2022年___月___日签署了【用于解除双限和/或失信的文件】（"解除失信及双限相关文件"）；已于2022年___月___日，将前述解除失信及双限相关文件提交至【                    】法院，并要求【
】法院将债务人及甘薇女士从失信被执行人名单中移除，并解除对债务人和甘薇女士的一切消费或出行限制，包括限制高消费、限制出境等限制。承诺人确认，截止本函出具之日，就获准债权，承诺人已经向法院申请了解除债务人和甘薇女士的全部现有的失信或者消费或出境限制。(适用于承诺人已经申请将债务人及甘薇女士申请列为被

3

执行人，或者已经申请对债务人及甘薇女士采取限制高消费、限制出境等限制的情形。）

    2.1.2 截止本函出具之日，就获准债权，承诺人从未向法院申请将债务人及甘薇女士列为失信被执行人，且从未向法院申请对债务人和甘薇女士采取限制出境以及限制高消费。（适用于承诺人从未申请将债务人及甘薇女士申请列为被执行人，且从未申请对债务人及甘薇女士采取限制高消费、限制出境等限制的情形。）

    3.1 During the Standstill Period, the undersigned Promisor will not take any actions to cause the Debtor or Ms. Wei Gan to be reinstated on the List of Dishonest Judgment Debtors or be subject to any consumption and/or travel restrictions.

    3.1
在停滞期内，承诺人不会采取任何可能导致债务人或甘薇女士被列入失信被执行人名单或受到任何消费和/或出行限制的行动。

    4.1 Because all payments needed to be made by Ms. Wei Gan under the Wei Gan Settlement were made, in order to receive Trust Distributions, the undersigned Promisor agrees to release any Causes of Action against Wei Gan for personal liability or derivatively in its capacity as a creditor of a claim owed solely or jointly by Ms. Wei Gan (including unwinding or alter ego type claims).

    4.1
由于甘薇女士已经完成甘薇和解约定的全部付款义务，为获得信托分配，承诺人同意释放任何因甘薇的个人责任或者衍生性地以甘薇债权人名义（包括甘薇女士单独索赔和共同索赔）（包括撤销交易或主体混同类主张）提起的任何诉因。

    5.1 Promisor herby confirm [        ] applies to his circumstance.

    5.1.1 As of the date of issuance of this Certificate, The Promisor has never taken any action against Ms. Wei Gan. (This provision applies to the case where the Promisor had never taken any action against Ms. Wei Gan).

    5.1.2 The undersigned Promisor confirms: (i) on the ___ day of ___, 2022, it/(s)he submitted requests to all the relevant China courts or arbitral institutions involved to request withdrawing all the litigation requests and arbitration applications against Ms. Wei Gan; (ii) on the ___ day of ___, 2022, it/(s)he submitted requests in writing to relevant enforcement courts to withdraw enforcement procedures for cases already in enforcement proceedings; (iii) on the ___ day of ___, 2022, it/(s)he withdrew any actions or initiatives (other than the aforementioned judicial procedures) that pursue Ms. Wei Gan's payment liability and legal liability.

4

(Applicable to the case where the Promisor had taken judicial actions against Ms. Wei Gan and have no collateralized, pledged or frozen assets prior to the petition)

5.1.3 Promisor confirms it/(s)he shall perform the liability set forth in 5.1.2 once(1) the assets that had been collateralized and pledged to the undersigned Promisor prior to October 14, 2019; (2) the assets that had been frozen through judicial procedures by the undersigned Promisor prior to October 14, 2019 are disposed. (Applicable to the case where the Promisor had taken judicial actions against Ms. Wei Gan but have collateralized, pledged and frozen assets that are yet to be disposed)

5.1 承诺人确认自己的情况为【        】。

5.1.1
截止本函出具之日，承诺人从未向甘薇女士采取过任何行动。（适用于承诺人从未对甘薇女士采取任何行动的情形）

5.1.2承诺人确认已于2022年____月___日(i)向承诺人参与的全部相关中国法院或仲裁机构提交申请，申请撤回对甘薇女士的全部诉讼请求、仲裁申请；(ii)就已经进入执行程序的案件，已于2022年____月_____日向相关执行法院提交书面撤回执行申请；(iii)若承诺人在前述司法程序以外，还采取其他行动或措施要求甘薇女士承担任何款项支付责任、法律责任的，已于2022年____月_____日申请撤回已采取的任何行动或措施。(适用于承诺人已经对甘薇女士采取司法行动，且在破产申请前没有抵押质押或者已冻结资产的情况。)

5.1.3
承诺人确认将在下述资产处置之后履行5.1.2条所述义务，资产指：2019年10月14日（"破产申请日"）前（1）已经抵押、质押给承诺人的资产；
（2）承诺人通过司法途径已经冻结的资产。
(适用于承诺人已经对甘薇女士采取司法行动，但有待处置的已抵押、质押和冻结资产的情形)

6.1 The undersigned Promisor understands and confirms that, all the payment obligations and legal liabilities caused by the debts, guaranty or guarantee liabilities owed by the Debtor to the undersigned Promisor will be automatically released upon the earlier of the undersigned Promisor receiving (i) Trust Distributions that, in the aggregate, are equal to 40% of its Debt Claim Allocation Amount and (ii) Trust Distributions and Other Distributions that, in the aggregate, are equal to 100% of its Debt Claim Allocation Amount. The undersigned Promisor confirms that no later than 10 business days after the occurrence of the automatic release mentioned herein, the following will happen: (i) it/(s)he will submit requests to all the relevant China

5

courts or arbitral institutions involved to request withdrawing all the litigation requests and arbitration applications against the Debtor; (ii) it/(s)he will submit requests in writing to relevant enforcement courts to withdraw enforcement procedures for cases already in enforcement proceedings (seeking other distributions through a mutually agreed mechanism by the parties is not subject to this restriction); (iii) it/(s)he will withdraw any other actions or initiatives that pursue the Debtor's payment liability and legal liability, provided, however, that the undersigned Promisor may continue to dispose of, through a mechanism that will be mutually agreed to by the parties, the following: (1) the assets that had been collateralized and pledged to the undersigned Promisor prior to October 14, 2019; (2) the assets that had been frozen through judicial procedures by the undersigned Promisor prior to October 14, 2019; or (3) the claims against primary obligors that are solely based on such claim holder's contractual agreements with such primary obligors (for the avoidance of doubt, such holder may not bring unwinding or alter ego type claims against such primary obligors).

6.1
承诺人了解并确认，债务人对我司负有的全部债务、担保或保证责任等全部款项支付义务及法律责任将会于下述二者较早发生的发生时点自动解除：(i)承诺人获得相当于承诺人的债务索赔分配额40%的信托分配或(ii)承诺人获得信托分配和其他分配共相当于承诺人100%的债务索赔分配额。承诺人将最迟于本条提及的自动解除发生日后10个工作日内](i)向承诺人参与的全部相关中国法院或仲裁机构提交申请，申请撤回对债务人的全部诉讼请求、仲裁申请；(ii)就已经进入执行程序的案件，向相关执行法院提交书面撤回执行申请(但另经当事各方相互同意的机制而寻求其他分配以对本债务索赔进行追偿者，不在此限); (iii)若还采取其他行动或措施要求债务人承担任何款项支付责任、法律责任的，申请撤回已采取的任何行动或措施。但前提是，承诺人可通过当事各方相互同意的机制继续处置2019年10月14日（"破产申请日"）前（1）已经抵押、质押给承诺人的资产；（2）承诺人通过司法途径已经冻结的资产，或者（3）针对主要债务人的、且仅基于该债务索赔持有人与主要债务人之间合同的索赔（为免疑义，该持有人不得对该等主要债务人提起撤销交易或主体混同类主张）。

7.1 The undersigned Promisor will sign and submit any documents and materials required to prove the above commitments as requested by the relevant courts, arbitral institutions, and government agencies.

7.1

应相关法院、仲裁机构、政府机构的要求，承诺人将签署并提交任何用于证明上述承诺事项的文件及材料。

8.1 All the content stated in this Compliance Certificate describes the true intent of the undersigned Promisor, and the undersigned Promisor will strictly fulfill the commitments under the Compliance Certificate. If there are any misrepresentations in the Compliance Certificate, or the undersigned Promisor violates the commitments in the Compliance Certificate, or fail(s) to submit written materials to the relevant judicial authorities and government agencies within the time limit specified in this Compliance Certificate, the undersigned Promisor will lose the right to obtain Trust Distributions pursuant to the Chapter 11 Plan.

8.1

本守约证明书所载内容全部为承诺人的真实意思表示，承诺人将严格履行本守约证明书项下的承诺事项。若本守约证明书中存在任何不实陈述，或承诺人违反本守约证明书项下承诺，或未按照本守约证明书限定时间向相关司法机关、政府机构提交书面材料，承诺人将丧失依据第11章方案获得信託分配的权利。

9.1. The commitments under the Compliance Certificate are irrevocable, take effect as soon as they are made, and cannot be withdrawn unilaterally.

9.1 本守约证明书下的承诺为不可撤销，一经作出即生效，单方面无权撤销。

10.1 This Compliance Certificate is made pursuant to, and will be construed and enforced in accordance with, the laws of the PRC.

10.1 本守约证明书是根据中国法律撰写的，并将根据中国法律进行解释和执行。

11.1 Any controversies, disputes or claims arising from or related to this Compliance Certificate, including the interpretation, violation, validity, and termination of this Compliance, shall be resolved by arbitration before the China International Economic and Trade Arbitration Commission ("**CIETAC**"). The laws of the PRC shall apply. The arbitration shall be conducted in Beijing, the PRC, in accordance with CIETAC's arbitration rules in effect at the time of applying for arbitration. The award shall be final and binding upon all parties.

11.1

凡因本守约证明书所引起的或与之相关的任何争议、纠纷或索赔，包括守约证明书的解释、违反、守约证明书的效力和终止，均应由中国国际经济贸易仲裁委员会（"**贸仲委**"）仲裁解决，适用中华人民共和国法律。仲裁应按照贸仲会在申请仲裁时有效的仲裁规则在中国北京进行。该裁决是终局裁决，对各方均具有约束力。

7

12.1 The Compliance Certificate shall become effective upon the affixing of the signature (and seal, if applicable) of the undersigned Promisor.

12.1 本守约证明书自承诺人签字（盖章，如适用）后生效。

This Compliance Certificate is in triplicate. The undersigned Promisor, the Debtor, and Ms. Wei Gan each holds one copy, which has the same legal effect.

本守约证明书一式三份，承诺人、债务人、甘薇女士各执一份，均具有同等的法律效力。

**Signed by签字人:**

[				] (as the "**Promisor**"承诺人)

_____ (Signature and seal签字及盖章)

By签字人:
Title头衔:

Signing Location: Chaoyang District, Beijing

签订地：北京市朝阳区

The ___ day of ___, 2022

2021年___月___日

**Received and acknowledged by:**
由以下方收到并确认

Debtor债务人: _____ (Signature签字)

The ___ day of ___, 2022

2021年___月___日

Wei Gan甘薇: _____ (Signature签字)

The ___ day of ___, 2022

2021年___月___日

8

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA 90067**

A true and correct copy of the foregoing document entitled (*specify*): **FOURTH NOTICE OF (I) UNDISPUTED AMOUNTS; AND (II) DEADLINE FOR CLAIMANTS TO COMPLETE AND SUBMIT COMPLIANCE CERTIFICATE IN ORDER TO RECEIVE TRUST DISTRIBUTION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **January 13, 2022,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **January 13, 2022,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA FEDERAL EXPRESS**
United States Bankruptcy Court
Central District of California
Attn: Hon. Vincent Zurzolo
Edward R. Roybal Federal Bldg./Courthouse
255 East Temple Street, Suite 1360
Los Angeles, CA 90012

**Via Email:**
Nelson W. Goodell    nelson@goodelllawsf.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 13, 2022 | Nancy H. Brown | /s/ *Nancy H. Brown* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                  **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:338861.1 46353/002

## SERVICE INFORMATION FOR CASE NO. 2:19-bk-24804-VZ

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

- **Tanya Behnam**  tbehnam@polsinelli.com, tanyabehnam@gmail.com;ccripe@polsinelli.com;ladocketing@polsinelli.com
- **Maria Cho**  Maria.Cho@faegredrinker.com, ann.grosso@faegredrinker.com
- **Jeffrey W Dulberg**  jdulberg@pszjlaw.com
- **Stephen D Finestone**  sfinestone@fhlawllp.com
- **Richard H Golubow**  rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;mweinberg@wghlawyers.com
- **Jared T. Green**  , spappa@svglaw.com
- **Robbin L. Itkin**  ritkin@sklarkirsh.com, cbullock@sklarkirsh.com
- **Stephanie L Krafchak**  krafchak.stephanie1@gmail.com, krafchak.stephanie1@gmail.com
- **Mette H Kurth**  mkurth@foxrothschild.com, mette-kurth-7580@ecf.pacerpro.com
- **Dare Law**  dare.law@usdoj.gov
- **Ben H Logan**  blogan@omm.com
- **Robert S Marticello**  Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- **David W. Meadows**  david@davidwmeadowslaw.com
- **Kevin Meek**  kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
- **John A Moe**  john.moe@dentons.com, glenda.spratt@dentons.com;derry.kalve@dentons.com
- **Byron Z Moldo**  bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,sgaeta@ecjlaw.com
- **Kelly L Morrison**  kelly.l.morrison@usdoj.gov
- **Matthew J Olson**  olson.matt@dorsey.com, stell.laura@dorsey.com
- **Richard M Pachulski**  rpachulski@pszjlaw.com
- **Malhar S Pagay**  mpagay@pszjlaw.com, bdassa@pszjlaw.com
- **Diana M Perez**  , diana-perez-7352@ecf.pacerpro.com
- **Christopher E Prince**  cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com;jnavarro@lesnickprince.com
- **Victor A Sahn**  vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com
- **Randye B Soref**  rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- **Helena Tseregounis**  helena.tseregounis@lw.com
- **United States Trustee (LA)**  ustpregion16.la.ecf@usdoj.gov
- **Ryan A Witthans**  rwitthans@fhlawllp.com
- **Felix T Woo**  fwoo@ftwlawgroup.com, admin@ftwlawgroup.com
- **Claire K Wu**  ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com;kfiles@sulmeyerlaw.com
- **Emily Young**  pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
- **David B Zolkin**  dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:338861.1 46353/002