| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| David W. Meadows, SBN 137052<br>Law Offices of David W. Meadows<br>1801 Century Park East, Suite 1201<br>Los Angeles, CA 90067<br>T: (310) 557-8490<br>david@davidwmeadowslaw.com | |
| ☐ Individual appearing without attorney<br>☒ Attorney for: Golden Clouds, Ltd. | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>YUETING JIA<br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:19-bk-24804-VZ |
|---|---|
| | CHAPTER: 11 |
| | NOTICE OF WITHDRAWAL<br><br>**NOTICE OF TRANSFER OF CLAIM PURSUANT TO FRBP 3001(e)** |
| | [No Hearing Required] |

TO THE ORIGINAL CREDITOR WITH FILED PROOF OF CLAIM AND ITS ATTORNEY, IF ANY:

PLEASE TAKE NOTICE that all right, title and interest in and to the claim described below has been transferred:

1. Person or entity to whom the claim has been transferred (Substitute Creditor):

Name: Golden Clouds Ltd.                    Telephone number: _____

Address:    Attn: Liping Liu, Director                    email: 63576773@qq.com
            168 S. Sierra Madre Blvd.
            Unit 120
            Pasadena, CA 91107

2. Date of transfer of claim:    04/29/2020

3. Type of claim:    ☐ secured    ☐ priority unsecured    ☒ general unsecured

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4. Amount of claim:    $ 100,533,823.80                        5. Date of filing of Proof of Claim:        03/09/2020

6. Claims docket number:        Claim No. 101                  7. Date of transfer of claim:               04/29/2020

8. Person or entity who filed the claim (Original Creditor):

   Name:  Shanghai Qichengyueming Investment Partnership Ent.    Telephone number: _____

   Address:    Attn: Yan Chengbin
               Shanghai Jiajie International Plaza, 27th Floor
               1717 North Sichuan Road
               Shanghai, People's Republic of China

9. Attorney (if any) for the Original Creditor, as set forth on Proof of Claim:

   Name:  John A. Moe, II                                       Telephone number:  (213) 892-4905

   Address:    601 S. Figueroa St. 25th Floor
               Los Angeles CA 90017



10. A true and correct copy of the Proof of Claim originally filed is attached hereto as "Exhibit A." True and correct copies
    of the documents evidencing the transfer of the claim are attached as "Exhibit B."

11. Any objection to the transfer of the claim must be filed and served on or before the following date: _____.
    If no objection is timely filed, the Substitute Creditor will be substituted for the Original Creditor in the amount set
    forth above. Any objection must be filed with the Clerk of the Bankruptcy Court. Any objection must also be served by
    mail on the Substitute Creditor and its attorney, if any, at their addresses set forth above.

Date: _____                              **KATHLEEN J. CAMPBELL**
                                               **Clerk of Court**



                                               By: _____
                                                   *Deputy Clerk*


---

### CLERK'S PROOF OF MAILING

I hereby certify that I mailed a copy of the foregoing Notice of Transfer of Claim Pursuant to FRBP 3001(e) to the persons
and entities on the attached service list on the following date *(specify date)*: _____

Date: _____                              **KATHLEEN J. CAMPBELL**
                                               **Clerk of Court**



                                               By: _____
                                                   *Deputy Clerk*

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

EXHIBIT A

| | |
|---|---|
| **Fill in this information to identify the case:** | Filed: USBC - Central District of California<br>Yueting Jia  (B10)<br>19-24804 (VPZ) |
| Debtor 1   Yueting Jia | **YT1**            0000000062 |
| Debtor 2<br>(Spouse, if filing) | |
| United States Bankruptcy Court for the:  Central District of California | **RECEIVED** |
| Case number  2:19-bk-24804-VZ | MAR 0 9 2020 |
| | **LEGAL SERVICES** |

## Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

**Part 1:    Identify the Claim**

| | |
|---|---|
| 1. Who is the current creditor? | Shanghai Qichengyueming Investment Partnership Enterprises<br><span style="font-size:smaller">Name of the current creditor (the person or entity to be paid for this claim)</span><br><br>Other names the creditor used with the debtor _____ |
| 2. Has this claim been acquired from someone else? | ☑ No<br>☐ Yes.  From whom? _____ |
| 3. Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>John A. Moe, II<br>Name<br>601 S. Figueroa Street, 25th Floor<br>Number      Street<br>Los Angeles        CA        90017<br>City           State        ZIP Code<br><br>Contact phone 213.892.4905<br>Contact email john.moe@dentons.com<br><br><br>Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br>_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | **Where should payments to the creditor be sent? (if different)**<br><br>Name<br><br>Number      Street<br>City           State        ZIP Code<br><br>Contact phone _____<br>Contact email _____ |
| 4. Does this claim amend one already filed? | ☐ No<br>☑ Yes.  Claim number on court claims registry (if known) 1___      Filed on 10/23/2019<br>                                                                                          MM / DD / YYYY |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No<br>☐ Yes.  Who made the earlier filing? _____ |

114217598v1

Official Form 410                    Proof of Claim        **ORIGINAL**                    page 1

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?**  $ _____ 100,533,823.80 . Does this amount include interest or other charges?

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Unpaid Promissory Notes guaranteed by debtor.

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☑ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $ _____ Unknown

Amount of the claim that is secured: $ _____ Unknown

Amount of the claim that is unsecured: $ _____ Substantial (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $ _____ 100,533,823.80

Annual Interest Rate (when case was filed) _____% Federal Post-Judgment Interest Rate

☐ Fixed

☑ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition. $ _____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

114217598v1

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | | Amount entitled to priority |
|---|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | | |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  03/04/2020
　　　　　　　　　　　MM / DD / YYYY

Signature

Print the name of the person who is completing and signing this claim:

| Name | Yan Chengbin | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | | | |
| Company | | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 1717 North Sichuan Road, 27th Floor | | |
| | Number    Street | | |
| | Hongkou District, Shanghai, China | | |
| | City | State | ZIP Code |
| Contact phone | 011-86-13918456632 | Email | yanchengbin@qc-investment.com |

114217598v1



Dentons US LLP
601 South Figueroa Street
Suite 2500
Los Angeles, CA 90017-5704
United States

dentons.com

john.moe@dentons.com
D   +1 213-892-4905

March 6, 2020                                                    15800617

**VIA FEDERAL EXPRESS:**

Claims Agent
Claims Processing Center
c/o EPIQ Corporate Restructuring, LLC
10300 S.W. Allen Blvd.
Beaverton, OR  97005

Re:   *In re Yueting Jia;*
      United States Bankruptcy Court,
      Central District of California
      Case No.:  19-bk-24804-VZ
      *Amended* Proof of Claim

Dear Claims Agent:

I enclose for your review, processing and indexing, as necessary, the *Amended* Proof Of Claim being filed on behalf of Shanghai Qichengyueming Investment Partnership Enterprises (Ltd.).

This claim amends and supersedes the claim earlier filed by Shanghai QI.

Please conform the enclosed first page of the *Amended* Proof of Claim and return it to me in the enclosed, self-addressed envelope.

If you have any questions, please contact me at 213.892.4905.

Cordially,

John A. Moe, II

Enclosures

Bingham Greenebaum ► Conen & Grigsby ► Sayarh & Menjra ► Larrain Rencoret ► Hamilton Harrison & Mathews ► Mardemootoo Balgobin ►
HPRP ► Zain & Co. ► Delany Law ► Dinner Martin ► For more on the firms that have joined Dentons, go to dentons.com/legacyfirms

114352884\V-1

# EXHIBITS TO PROOF OF CLAIM

The following Exhibits, consisting of pleadings, were all filed in the case of Shanghai Qichengyueming Investment Partnership Enterprise (Limited Partnership), Petitioner v. Jia Yueting, Respondent, in the United States District Court for the Central District of California, USBC Case No. 2:18-CV-7723 SJL(JBRx).

A.    Petition To Recognize And Enforce A Foreign Arbitral Award

B.    Declaration of Jinshu Zhang In Support Of Petition To Recognize And Enforce A Foreign Arbitral Award, with Exhibits, including Arbitral Award in Chinese, and Arbitral Award translated into English.

C.    Joint Stipulation And [Proposed] Consent Judgment, executed by Latham & Watkins as attorneys for Yueting Jia, and attached Proposed Consent Judgment executed by Yueting Jia.

D.    Consent Judgment, entered July 11, 2019, in the United States District Court for the Central District of California, Case No. 2:18-CV-7723 SJO (JPRx).

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

114217602\V-1

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1    Shanghai Qichengyueming Investment Partnership Enterprise (Limited

2  Partnership) ("SQ") is a limited partnership organized under the laws of China.  It is

3  located at Room 790A, Level 7, Building D, No. 137 Haining Road, Hongkou

4  District, Shanghai, the People's Republic of China.

5    SQ holds a Consent Judgment as follows:

6    1.    On May 9, 2018, an Arbitral Tribunal of three arbitrators, pursuant to

7  an arbitration sited in Beijing, the People's Republic of China, rendered an award

8  (the "Final Award") in the case commenced by SQ, as Claimant, against Jia

9  Yueting and Leview Holding (Beijing) Limited, as Respondents, before the China

10  International Economic and Trade Arbitration Commission, Case Number

11  X20170753.  The Final Award:

12    a.    Ordered the respondents to pay to SQ redemption prices for the

13  convertible notes at issue in the arbitration (including principal and interest)

14  of RMB648,284,650;

15    b.    Ordered the respondents to pay to SQ default interest of 4.35%

16  from July 7, 2017 through the date of actual payment on the

17  RMB606,635,250 principal of Convertible Note I;

18    c.    Ordered the respondents to pay to SQ default interest of 4.35%

19  from August 17, 2017 through the date of actual payment on the

20  RMB41,649,400 principal of Convertible Note II;

21    d.    Ordered the respondents to pay to SQ its attorney fees in the

22  amount of RMB1,000,000;

23    e.    Ordered the respondents to pay to SQ its asset attachment fees in

24  the amount of RMB5,000, and the premium SQ paid for an asset attachment

25  bond in the amount of RMB972,467.93;

26    f.    Ordered the respondents to reimburse SQ the arbitration fee of

27  RMB3,544,631;

28    g.    Ordered the respondents to reimburse SQ arbitrator

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1    compensation in the amount of US$29,678.49; and,

2         h.    Ordered that payment of all such amounts be made by the

3    respondents within five days.

4    2.    A copy of the Final Award is an Exhibit to the attached Declaration of

5    Jinshu Zhang.  The Final Award is in Chinese. A certified translation is attached to

6    the Zhang Declaration.

7    3.    The calculation of the $100,533,823.80 Judgment is as follows:

| | | |
|---|---|---|
| Principal on Note 1 | | RMB606,635,250.00 |
| Interest up to award date on Note 1 | (RMB606,635,250 x 4.35% x 306/365) | RMB22,123,073.46 |
| Interest between award and judgment on Note 1 | (RMB606,635,250 x 4.35% x 428/365) | RMB30,943,383.79 |
| Principal on Note 2 | | RMB41,649,400.00 |
| Interest up to award date on Note 2 | (RMB41,649,400 x 4.35% x 265/365 | RMB1,315,379.34 |
| Interest between award and judgment on Note 2 | (RMB41,649,400 x 4.35% x 428/365) | RMB2,124,461.724 |
| Attorneys' Fees | | RMB1,000,000.00 |
| Attachment Fees | | RMB5,000.00 |
| Bond Costs | | RMB972,467.93 |
| Arbitration Fees | | RMB3,544,631.00 |
| Total RMB Portion | | RMB710,313,047.00 |
| Arbitrator Fees (USD) | | $29,678.49 |

20   The total RMB is 710,313,047.00, at the exchange rate of $1 = RMB7.0675, the

21   RMB total is equal to US$100,504,145.31. Added with the $29678.49 (the US$

22   portion of the original award), the total US$ is $100,533,823.80

# EXHIBITS TO PROOF OF CLAIM

The following Exhibits, consisting of pleadings, were all filed in the case of Shanghai Qichengyueming Investment Partnership Enterprise (Limited Partnership), Petitioner v. Jia Yueting, Respondent, in the United States District Court for the Central District of California, USBC Case No. 2:18-CV-7723 SJL(JBRx).

A.   Petition To Recognize And Enforce A Foreign Arbitral Award

B.   Declaration of Jinshu Zhang In Support Of Petition To Recognize And Enforce A Foreign Arbitral Award, with Exhibits, including Arbitral Award in Chinese, and Arbitral Award translated into English.

C.   Joint Stipulation And [Proposed] Consent Judgment.

D.   Consent Judgment, entered July 11, 2019.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

# EXHIBIT A

1   JINSHU ZHANG (Bar No. 166981)
    john.zhang@dentons.com
2   JAE K. PARK (Bar No. 234474)
    jae.park@dentons.com
3   DENTONS US LLP
    601 South Figueroa Street, Suite 2500
4   Los Angeles, California 90017-5704
    Telephone:  (213) 623-9300
5   Facsimile:   (213) 623-9924

6   William T. O'Brien (*pro hac vice* pending)
    william.obrien@dentons.com
7   Daniel Morris (*pro hac vice* pending)
    daniel.morris@dentons.com
8   1900 K Street, N.W.
    Washington, D.C. 20006
9   Telephone: (202) 496-7500
    Facsimile: (202) 496-7756

10
    Attorneys for Petitioner
11  Shanghai Qichengyueming Investment
    Partnership Enterprise (Limited Partnership)
12

13              UNITED STATES DISTRICT COURT

14            CENTRAL DISTRICT OF CALIFORNIA

15

16  Shanghai Qichengyueming Investment        Case No.
    Partnership Enterprise (Limited
17  Partnership),                             **PETITION TO RECOGNIZE
                                              AND ENFORCE A FOREIGN
18              Petitioner,                   ARBITRAL AWARD**

19      v.

20  Jia Yueting,

21              Respondent.

22

23

24

25

26

27

28
                                              PETITION TO RECOGNIZE AND
                                              ENFORCE A FOREIGN ARBITRAL
                                              AWARD

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1       Petitioner Shanghai Qichengyueming Investment Partnership Enterprise

2   (Limited Partnership) ("Petitioner" or "SQ"), by and through undersigned counsel,

3   respectfully petitions the Court to confirm the China International Economic and

4   Trade Arbitration Commission ("CIETAC") arbitral award described herein. The

5   CIETAC tribunal determined that Respondent Jia Yueting is liable as guarantor for

6   certain loans that had not been repaid and ordered him to pay Petitioner amounts

7   that, when stated in U.S. dollars, exceed $100,000,000, including arbitral and legal

8   fees as well as interest.

9       Confirmation in this case is authorized by the Convention on the Recognition

10  and Enforcement of Foreign Arbitral Awards (the "New York Convention")[1] as

11  implemented in Chapter 2 of the Federal Arbitration Act, codified at 9 U.S.C. § 201

12  *et seq.*

13      Petitioner respectfully states:

14      1.      On May 9, 2018, the Arbitral Tribunal of three arbitrators, pursuant to

15  an arbitration sited in Beijing, the People's Republic of China, rendered an award

16  (the "Final Award") in the case commenced by SQ, as Claimant, against Jia

17  Yueting and Leview Holding (Beijing) Limited, as Respondents, before the China

18  International Economic and Trade Arbitration Commission, Case Number

19  X20170753. Documents relevant to this Petition are authenticated by and attached

20  as exhibits to the concurrently filed Declaration of Jinshu Zhang dated August 28,

21  2018 (the "Zhang Declaration"). The Final Award:

22          a.      Ordered the respondents to pay to SQ redemption prices for the

23      convertible notes at issue in the arbitration (including principal and interest)

24      of RMB648,284,650;

25          b.      Ordered the respondents to pay to SQ default interest of 4.35%

26      from July 7, 2017 through the date of actual payment on the

27

28  [1] December 29, 1970, 21 U.S.T. 25157, T.I.A.S. No. 6997, 390 U.N.T.S. 38 (1970).

PETITION TO RECOGNIZE AND
ENFORCE A FOREIGN ARBITRAL
AWARD

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1   RMB606,635,250 principal of Convertible Note I;

2          c.      Ordered the respondents to pay to SQ default interest of 4.35%

3   from August 17, 2017 through the date of actual payment on the

4   RMB41,649,400 principal of Convertible Note II;

5          d.      Ordered the respondents to pay to SQ its attorney fees in the

6   amount of RMB1,000,000;

7          e.      Ordered the respondents to pay to SQ its asset attachment fees in

8   the amount of RMB5,000, and the premium SQ paid for an asset attachment

9   bond in the amount of RMB972,467.93;

10         f.      Ordered the respondents to reimburse SQ the arbitration fee of

11  RMB3,544,631;

12         g.      Ordered the respondents to reimburse SQ arbitrator

13  compensation in the amount of US$29,678.49;

14         h.      Ordered that payment of all such amounts be made by the

15  respondents within five days; and

16         i.      Rejected all other claims.

17      2.      A copy of the Final Award is attached to the Zhang Declaration as

18  **Exhibit 1**. The Final Award is in Chinese. A certified translation is attached to the

19  Zhang Declaration as **Exhibit 2**.

20                          **PARTIES**

21      3.      Petitioner is a limited partnership organized under the laws of China. It

22  is located at Room 790A, Level 7, Building D, No. 137 Haining Road, Hongkou

23  District, Shanghai, the People's Republic of China.

24      4.      Respondent Jia Yueting is a Chinese national. Mr. Jia resides at 7

25  Marguerite Drive, Rancho Palos Verdes, California.

26                  **JURISDICTION AND VENUE**

27      5.      The Final Award is governed by the New York Convention because:

28

PETITION TO RECOGNIZE AND
ENFORCE A FOREIGN ARBITRAL
AWARD

1    (i) the award arose from a commercial legal relationship between the parties; (ii)

2    there was an agreement in writing to arbitrate any dispute(s) arising from that

3    relationship; (iii) the agreement provided for arbitration proceedings to take place in

4    the People's Republic of China, a signatory to the New York Convention; and (iv)

5    at least one of the parties is not an American citizen. *See* 9 U.S.C. § 202.

6         6.    This Court has subject matter jurisdiction pursuant to Section 203 of

7    the Federal Arbitration Act, which provides jurisdiction to enforce an arbitration

8    award governed by the New York Convention stating:

9              An action or proceeding falling under the Convention
              shall be deemed to arise under the laws and treaties of the
10             United States. The district courts of the United States
              (including the courts enumerated in section 460 of title
11             28) shall have original jurisdiction over such an action or
              proceeding, regardless of the amount in controversy.
12

13    9 U.S.C. § 203.

14         7.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and

15    (c)(1) as Mr. Jia, the sole Respondent to this action, is domiciled within this

16    District.

17                              **FACTS**

18                          **The Agreements**

19         8.    On June 3, 2015, SQ entered into a Convertible Note Purchase

20    Agreement (the "Purchase Agreement") with Leview Mobile Ltd. ("Leview

21    Mobile"); Leview Holding (Beijing) Limited ("Leview Holding"); Le Ltd.; Lesai

22    Mobile Technology (Beijing) Co., Ltd.; QC Investment Ltd.; and Mr. Jia. The

23    Purchase Agreement provided that QC Investment Ltd. ("QC Investment") would

24    purchase a convertible note in the amount of US$75,000,000 issued by Leview

25    Mobile ("Convertible Note I").

26         9.    The Purchase Agreement also includes a dispute resolution provision

27    in which the parties agree to arbitrate:

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 4 -                                PETITION TO RECOGNIZE AND
                                     ENFORCE A FOREIGN ARBITRAL
                                                  AWARD

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1    In the event of any dispute, controversy or, claim or
2    difference of any kind whatsoever arising out of, relating
     to or in connection with this Agreement, including the
3    existence, validity, interpretation, performance, breach or
     termination thereof, the validity, scope and enforceability
4    of this arbitration provision and any dispute regarding no-
     contractual obligations arising out of or relating to it ('the
5    'Dispute'), the parties hereto shall firstly consult and
     negotiate with each other to settle it in an amicable
6    manner. If no settlement can be reached by the parties
     within 30 days of the occurrence of the Dispute, any party
7    is entitled to submit, at its sole discretion, such dispute to
     the China International Economic and Trade Arbitration
8    Commission (the 'CIETAC') for arbitration in Beijing in
     accordance with the then applicable arbitration rules of
9    CIETAC.

10        10.    A copy of the Purchase Agreement is attached to the Zhang

11   Declaration as **Exhibit 3**.

12        11.    That same day, the parties to the Purchase Agreement entered into a

13   supplemental agreement (the "Supplemental Agreement I") providing that the

14   redemption payment due under the Purchase Agreement would be paid in RMB, at

15   the US dollar exchange rate published by the People's Bank of China on the closing

16   date.

17        12.    Also on that same day, Leview Holding and Mr. Jia jointly provided to

18   QC Investment and Petitioner a letter of guarantee ("Letter of Guarantee I"). Letter

19   of Guarantee I provided, *inter alia*, that:

20        a.    Leview Holding and Mr. Jia were irrevocable joint guarantors

21   for Leview Mobile's payment obligations under Convertible Note I; and

22        b.    In the event of Leview Mobile's failure to timely perform its

23   repayment obligations, QC Investment had the right to transfer its rights

24   under Purchase Agreement, Convertible Note I, and Supplementary

25   Agreement I to Petitioner.

26        13.    On July 7, 2015, QC Investment paid US$75,000,000 to Leview

27   Mobile.

28

PETITION TO RECOGNIZE AND
ENFORCE A FOREIGN ARBITRAL
AWARD

14. Also on July 7, 2015, the parties to the Purchase Agreement entered into a second supplemental agreement ("Supplemental Agreement II") providing that QC Investment would purchase a second convertible note, with a principal amount of US$5,000,000 ("Convertible Note II").

15. That same day, Leview Holding and Mr. Jia jointly provided to QC Investment and Petitioner a second letter of guarantee ("Letter of Guarantee II") with the same terms as Letter of Guarantee I but as to the obligations arising from Convertible Note II.

16. On August 17, 2015, QC Investment paid Leview Mobile US$5,000,000.

17. Starting in March 2017, QC Investment attempted to secure the redemption payments due under the Convertible Notes from Leview Mobile.

18. QC Investment also engaged counsel to attempt to negotiate with Leview Holding and Mr. Jia an amicable resolution of the repayment dispute.

19. On June 1, 2017, QC Investment, through its counsel, sent Leview Mobile a redemption notice demanding redemption of the two convertible notes with a redemption price for Convertible Note I of US$97,500,000, i.e., RMB606,635,250, and a redemption price for Convertible Note II of US$6,500,000, i.e., RMB41,676,700.

20. Also on June 1, 2017, QC Investment, through its counsel, notified Leview Holding and Mr. Jia that QC Investment had sent the redemption notice to Leview Mobile. Further, QC Investment demanded that Leview Holding and Mr. Jia urge Leview Mobile to make timely repayment, warning that otherwise QC Investment would enforce the letters of guarantee.

21. Finally, on July 4, 2017, amidst a barrage of news reports about Leview Holding and Mr. Jia's other companies, including reports of assets being frozen, liquidity crises, and mounting litigation, QC Investment transferred its

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

PETITION TO RECOGNIZE AND
ENFORCE A FOREIGN ARBITRAL
AWARD

1    rights under the Purchase Agreement, Convertible Note I, Convertible Note II,

2    Letter of Guarantee I, Letter of Guarantee II, and the other agreements to Petitioner,

3    and Petitioner initiated an arbitration of the repayment dispute.

### THE CIETAC ARBITRATION

5        22.    On July 5, 2017, Petitioner forwarded the arbitration demand it had

6    made on Leview Holding and Mr. Jia to CIETAC.

7        23.    On July 12, 2017, CIETAC sent to Petitioner, Leview Holding, and

8    Mr. Jia an arbitration notice, the applicable arbitration rules, and a directory of

9    arbitrators.

10        24.    While the arbitration clause provides that the arbitration be conducted

11    in English, upon the joint application of the parties the arbitration was instead

12    conducted in Chinese.

13        25.    Petitioner appointed one arbitrator, and Leview Holding and Mr. Jia

14    appointed a second arbitrator. The parties were unable to reach an agreement as to

15    the third arbitrator, so, pursuant to the arbitration rules, CIETAC appointed the

16    third arbitrator.

17        26.    On October 19, 2017, the arbitral panel was then constituted, and, on

18    the same day, CIETAC sent a notice of the same to all parties by express courier

19    service.

20        27.    The hearing was initially scheduled for December 7, 2017, but by

21    notice on November 30, 2017 the hearing was rescheduled for December 20, 2017.

22        28.    On December 20, 2017, a hearing was conducted before the arbitral

23    panel in Beijing.

24        29.    Both sides were represented by counsel at the hearing.

25        30.    During the hearing, both sides stated their view of the case, presented

26    evidence, questioned witnesses, made legal arguments, and responded to questions

27    raised by the arbitral panel.

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

PETITION TO RECOGNIZE AND
ENFORCE A FOREIGN ARBITRAL
AWARD

1    31.    Each party's submissions were served on the other parties.

2    32.    On May 9, 2018, the arbitral panel rendered its Final Award, finding

3    generally in favor of Petitioner and against Leview Holding and Mr. Jia.

4    33.    The Final Award ordered Leview Holding and Mr. Jia to pay to SQ

5    redemption prices for the convertible notes at issue in the arbitration (including

6    principal and interest) of RMB648,284,650.

7    34.    The Final Award ordered Leview Holding and Mr. Jia to pay to SQ

8    default interest of 4.35% from July 7, 2017 through the date of actual payment on

9    the RMB606,635,250 principal of Convertible Note I.

10    35.    The Final Award ordered Leview Holding and Mr. Jia to pay to SQ

11    default interest of 4.35% from August 17, 2017 through the date of actual payment

12    on the RMB41,649,400 principal of Convertible Note II.

13    36.    The arbitral panel, however, determined that it was not appropriate to

14    make Leview Holding and Mr. Jia jointly liable for the full RMB9,475,412.30 in

15    attorney fees incurred by SQ. Instead, the Final Award ordered Leview Holding and

16    Mr. Jia to pay to SQ only RMB1,000,000 in attorney fees.

17    37.    The Final Award ordered Leview Holding and Mr. Jia to pay to SQ its

18    asset attachment fees in the amount of RMB5,000, and the premium SQ paid for an

19    asset attachment bond in the amount of RMB972,467.93.

20    38.    The Final Award ordered Leview Holding and Mr. Jia to reimburse SQ

21    the arbitration fee of RMB3,544,631.

22    39.    The Final Award ordered Leview Holding and Mr. Jia to reimburse SQ

23    arbitrator compensation in the amount of US$29,678.49.

24    40.    The Final Award ordered that all such payments be made within five

25    days of the award.

26    41.    Neither Leview Holding nor Mr. Jia have made any of the required

27    payments.

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 8 -

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

## CLAIMS FOR RELIEF
## 9 U.S.C. § 207

### First Claim for Relief
### (Confirmation of the Final Award)

42.   Petitioner repeats and re-alleges each and every allegation contained in the foregoing paragraphs and incorporates them herein by reference.

43.   The United States is a contracting party to the New York Convention.

44.   The New York Convention has been implemented in the United States by Chapter Two of the Federal Arbitration Act.

45.   The Final Award is governed by the New York Convention because it was rendered in China, another contracting party, and satisfies the requirements of Section 202 of the Federal Arbitration Act. See 9 U.S.C. § 202.

46.   The Federal Arbitration Act provides that the "court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207 (emphasis added).

47.   None of the grounds available for refusal or deferral of recognition and enforcement of an award specified in the New York Convention apply to the Final Award.

48.   Therefore, the Final Award should be confirmed pursuant to 9 U.S.C. § 207 and judgment in the United States should be entered for the monetary relief awarded by the arbitral panel.

### Second Claim for Relief
### (Prejudgment Interest on Amounts Due)

49.   Petitioner repeats and re-alleges each and every allegation contained in in the foregoing paragraphs and incorporates them herein by reference.

50.   The Final Award include interest at the rate of 4.35% per year on the redemption price for the Convertible Notes of RMB606,635,250 running from July

PETITION TO RECOGNIZE AND
ENFORCE A FOREIGN ARBITRAL
AWARD

1    7, 2017 and RMB41,649,400 running from August 17, 2017 until full payment.

2      51.    Therefore, the Court should award Petitioner prejudgment interest on

3 the amounts awarded under the Final Award from the dates specified in the Final

4 Award until the entry of judgment at the rate so specified.

5      WHEREFORE, Petitioner respectfully petitions the Court for an order:

6      (a)    confirming the Final Award, including the monetary relief granted

7 therein and entering judgment in favor of Petitioner and against Jia Yueting;

8      (b)    awarding prejudgment interest as specified in the Final Award;

9      (c)    awarding postjudgment interest as specified in the Final Award; and

10      (d)    granting such other and further relief as the Court deems just and

11 proper.

12

13 Dated: September 5, 2018          DENTONS US LLP

14

15                            By: s/Jae K. Park

16                               Jinshu Zhang
                              Jae K. Park

17                            Attorneys for Petitioner

18                            Shanghai Qichengyueming Investment
                           Partnership Enterprise (Limited

19                            Partnership)

20

21   108891390\V-2

22

23

24

25

26

27

28                                          PETITION TO RECOGNIZE AND
                  - 10 -              ENFORCE A FOREIGN ARBITRAL
                                                AWARD

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

# EXHIBIT B

1   JINSHU ZHANG (Bar No. 166981)
    john.zhang@dentons.com
2   JAE K. PARK (Bar No. 234474)
    jae.park@dentons.com
3   DENTONS US LLP
    601 South Figueroa Street, Suite 2500
4   Los Angeles, California 90017-5704
    Telephone:  (213) 623-9300
5   Facsimile:  (213) 623-9924

6   William T. O'Brien (*pro hac vice* pending)
    william.obrien@dentons.com
7   Daniel Morris (*pro hac vice* pending)
    daniel.morris@dentons.com
8   1900 K Street, N.W.
    Washington, D.C. 20006
9   Telephone: (202) 496-7500
    Facsimile: (202) 496-7756

10
    Attorneys for Petitioner
11  Shanghai Qichengyueming Investment
    Partnership Enterprise (Limited Partnership)
12

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15

| | |
|---|---|
| 16   Shanghai Qichengyueming Investment Partnership Enterprise (Limited Partnership), | Case No. |
| 17 | **DECLARATION OF JINSHU ZHANG IN SUPPORT OF PETITION TO RECOGNIZE AND ENFORCE A FOREIGN ARBITRAL AWARD** |
| 18                    Petitioner, | |
| 19         v. | |
| 20   Jia Yueting, | |
| 21                    Respondent. | |

22

23

24

25

26

27

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1  I, Jinshu Zhang, state the following:

2      1.    I am over the age of 18 and am competent to make this declaration.

3      2.    Except as otherwise stated herein, I make the statements contained

4  herein from personal knowledge, and if sworn as a witness, will testify to the truth

5  thereof.

6      3.    I am a partner in the Los Angeles office of Dentons US LLP.

7      4.    I make this affidavit in support of the Petition to Recognize and

8  Enforce a Foreign Arbitral Award of Shanghai Qichengyueming Investment

9  Partnership Enterprise (Limited Partnership) ("Shanghai Qichengyueming").

10     5.    Attached hereto as **Exhibit 1** is a true and correct copy of the Final

11  Award.

12     6.    Attached hereto as **Exhibit 2** is a certified translation from Chinese to

13  English of the Final Award.

14     7.    Attached hereto as **Exhibit 3** is a true and correct copy of the

15  Convertible Note Purchase Agreement (the "Purchase Agreement") between

16  Shanghai Qichengyueming; Leview Mobile Ltd.; Leview Holding (Beijing)

17  Limited ("Leview Holding"); Le Ltd.; Lesai Mobile Technology (Beijing) Co.,

18  Ltd.; QC Investment Ltd.; and Mr. Jia Yueting.

19     8.    In the arbitration, Shanghai Qichengyueming sought to obtain

20  payments due it under the Purchase Agreement and related agreements.

21     9.    The Arbitral Tribunal found substantially in favor of Shanghai

22  Qichengyueming and against Mr. Jia and Leview Holding.

23     10.   In the Final Award, the Arbitral Tribunal:

24          a.    Ordered Mr. Jia and Leview Holding to pay to Shanghai

25          Qichengyueming redemption prices for the convertible notes at issue

26          in the arbitration (including principal and interest) of

27          RMB648,284,650;

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9900

28

- 2 -

DECLARATION OF JINSHU ZHANG IN
SUPPORT OF PETITION TO RECOGNIZE
AND ENFORCE A FOREIGN ARBITRAL
AWARD

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1      b.   Ordered Mr. Jia and Leview Holding to pay to Shanghai

2  Qichengyueming default interest of 4.35% from July 7, 2017 through

3  the date of actual payment on the RMB606,635,250 principal of

4  Convertible Note I;

5      c.   Ordered Mr. Jia and Leview Holding to pay to Shanghai

6  Qichengyueming default interest of 4.35% from August 17, 2017

7  through the date of actual payment on the RMB41,649,400 principal of

8  Convertible Note II;

9      d.   Ordered Mr. Jia and Leview Holding to pay to Shanghai

10  Qichengyueming its attorney fees in the amount of RMB1,000,000;

11      e.   Ordered Mr. Jia and Leview Holding to pay to Shanghai

12  Qichengyueming its asset attachment fees in the amount of

13  RMB5,000, and the premium Shanghai Qichengyueming paid for an

14  asset attachment bond in the amount of RMB972,467.93;

15      f.   Ordered Mr. Jia and Leview Holding to reimburse

16  Shanghai Qichengyueming the arbitration fee of RMB3,544,631;

17      g.   Ordered Mr. Jia and Leview Holding to reimburse

18  Shanghai Qichengyueming arbitrator compensation in the amount of

19  US$29,678.49; and

20      h.   Ordered that payment of all such amounts be made by Mr.

21  Jia and Leview Holding within five days.

22    11.   Based upon my personal knowledge, I certify that the documents

23  attached to this declaration are genuine.

24

25

26

27

28

- 3 -

1    I declare under penalty of perjury under the laws of the United States of

2    America that the foregoing is true and correct.

3        Executed on August 28, 2018.

4

5

6

7                          Jinshu Zhang

8
     10889128311V-1
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                  DECLARATION OF JINSHU ZHANG IN
                                                    SUPPORT OF PETITION TO RECOGNIZE
                                          - 4 -     AND ENFORCE A FOREIGN ARBITRAL
                                                    AWARD

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Case 2:18-cv-07723-SJ    R  Document 1-2  Filed 09/05/18    age 5 of 152  Page ID #:18

# EXHIBIT 1

# 中国国际经济贸易仲裁委员会

## 裁 决 书

申　请　人：上海奇成悦名投资合伙企业（有限合伙）

地　　　址：上海市虹口区海宁路 137 号 7 层 c 座
797D 室

仲裁代理人：陈世颐 北京观韬中茂（上海）律师事务所

第一被申请人：贾跃亭（身份证号：14262319731215081X）

地　　　址：北京市朝阳区姚家园路 105 号乐视大厦 16 楼

第二被申请人：乐视控股（北京）有限公司

地　　　址：北京市朝阳区姚家园路 105 号 3 号楼 10 层
1102

仲裁代理人：邹义 北京中书律师事务所

北 京

二〇一八年五月九日

Exhibit 1

-6-

# 裁 决 书

〔2018〕中国贸仲京裁字第 0436 号

　　中国国际经济贸易仲裁委员会（以下简称"仲裁委员会"）根据申请人上海奇成悦名投资合伙企业（以下简称"申请人"）与第一被申请人贾跃亭（以下简称"第一被申请人"）、第二被申请人乐视控股（北京）有限公司（以下简称"第二被申请人"，与第一被申请人合称"被申请人"）于 2015 年 6 月 日签订的《可转债购买协议》（以下简称"《购买协议》"）中仲裁条款的约定以及申请人于 2017 年 7 月 5 日向仲裁委员会提交的书面仲裁申请，受理了申请人与被申请人之间的可转股债券购买协议争议案。本案案件编号为 X20170753。

　　本案仲裁程序适用仲裁委员会自 2015 年 1 月 1 日起施行的《中国国际经济贸易仲裁委员会仲裁规则》（以下简称"《仲裁规则》"）。

　　2017 年 7 月 12 日，仲裁委员会仲裁院向双方当事人分别寄送了本案仲裁通知、《仲裁规则》和《仲裁员名册》，同时向被申请人附寄了申请人提交的仲裁申请书及其附件。经查，上述邮件均已妥投。

　　本案涉仲裁条款约定仲裁语言为英文，经双方当事人共同申请，本案仲裁语言自 2017 年 8 月 29 日变为中文。

申请人选定杨良宜先生担任本案仲裁员。被申请人选定
强力先生担任本案仲裁员。由于双方未在规定期限内共同选
定或共同委托仲裁委员会主任指定首席仲裁员，仲裁委员会
主任根据《仲裁规则》之规定指定王雪华先生担任本案首席
仲裁员。上述仲裁员在签署接受指定《声明书》后，于 2017
年 10 月 19 日组成仲裁庭，共同审理本案。仲裁委员会仲裁
院于同日以特快专递的方式向双方当事人寄送了本案组庭
通知及其所附《声明书》。

仲裁庭经商仲裁委员会仲裁院，决定于 2017 年 12 月 7
日在北京开庭审理本案。仲裁委员会仲裁院于 2017 年 10 月
31 日以特快专递的方式向双方当事人寄送了本案开庭通知。
经查，上述文件均已妥投。

后原定于 2017 年 12 月 7 日举行的开庭审理因故延期至
2017 年 12 月 20 日进行。仲裁委员会仲裁院于 2017 年 11 月
30 日以特快专递的方式向双方当事人寄送了本案延期开庭
通知。经查，上述文件均已妥投。

本案于 2017 年 12 月 20 日如期在北京开庭审理。双方
均委派仲裁代理人出席了庭审。仲裁委员会仲裁院对于双方
当事人当庭提交的文件向对方予以转交。庭审中，双方陈述
了本案事实、出示了相关证据原件并质证，就有关法律问题
进行了辩论，并回答了仲裁庭提出的问题。

庭后，双方分别提交了补充文件，仲裁庭以特快专递的

方式向对方予以转寄。

有关本案的所有仲裁文件均已按照《仲裁规则》的规定有效送达双方当事人。

本案现已审理终结。仲裁庭根据现有书面文件以及庭审所查清的事实和查证的证据，经合议，作出本裁决。

现将本案案情、仲裁庭意见以及裁决内容分述如下：

## 一、案　情

（一）申请人的仲裁请求及事实、理由

申请人在其仲裁申请书中称：

2015 年 6 月 3 日，申请人与 Leview Mobile Ltd.（以下称"债务人"）、Le Ltd.、第一被申请人、乐赛移动科技（北京）有限公司（下称"乐赛移动"）、第二被申请人及 QC Investment Ltd.（下称"原债权人"）共同签署了一份《Convertible Note Purchase Agreement（可转债购买协议）》（下称"购买协议"），约定原债权人认购债务人发行的可转债，本金为 7,500 万美元（下称"可转债 I"），到期日为交割日起的第二周年日或第三周年日，由原债权人自行决定；赎回价款为届时可转债本金总额加上年化 15% 的利息，利息按天计算。债务人于同日向原债权人发行了 Convertible Note（可转债券）。

2015 年 6 月 3 日，购买协议的签约各方共同签署了一份

《Supplementary Agreement》（下称"补充协议 I"），约定购买协议项下的赎回价款以人民币支付，按照交割日中国人民银行公布的美元销售价计算。

2015 年 6 月 3 日，被申请人共同向申请人及原债权人出具《承诺及保证函》（下称"承诺函 I"），明确承诺：被申请人就债务人在可转债 I 项下的清偿义务提供不可撤销的连带保证责任；在目标公司未按交易文件（即"购买协议"、Convertible Note 及补充协议 I）的约定按期履行还款义务的情况下，原债权人有权将其持有的目标公司可转债项下的债权转让至申请人，转让价格由申请人及 QC Investment 共同确定。该等债权转让无须经过任何第三方同意。债权转让完成后，目标公司应向申请人履行还款义务。两方被申请人就目标公司向申请人承担的还款义务提供不可撤销的连带责任保证担保，且申请人有权直接要求两方被申请人履行还款义务。

2015 年 7 月 7 日，原债权人通过银行汇款的方式向债务人支付了美元 7,500 万元整。

2015 年 7 月 7 日，购买协议的签约各方签署了第二份"Supplementary Agreement"（下称"补充协议 II"）作为购买协议的补充，约定原债权人向债务人购买第二笔可转债，本金为美元 500 万元（下称"可转债 II"），条款和条件与购买协议的约定基本相同。

2015 年 7 月 7 日，被申请人出具了第二份《承诺与保证
函》（下称"承诺函 II"），承诺对债务人在可转债 II 项下的清
偿义务提供不可撤销的连带责任担保，条款和条件与可转债
I 相同。

2015 年 8 月 17 日，原债权人通过银行汇款的方式向债
务人支付了美元 500 万元整。

自 2017 年 3 月 13 日起，原债权人向债务人发出数份赎
回通知，明确要求在两笔可转债到期日时赎回相关可转债。
2017 年 6 月 1 日，原债权人委托观韬律师事务所（香港）向
债务人发出律师函及赎回通知，明确通知债务人，原债权人
要求赎回可转债，可转债I的赎回价款为美元 97,500,000 元，
即人民币 606,635,250 元，可转债 II 的赎回价款为美元
6,500,000 元，即人民币 41,676,700 元。同日，原债权人及申
请人共同委托观韬律师事务所（香港）向被申请人分别发出
律师函，通知两方被申请人，原债权人已向债务人发出赎回
通知，要求债务人向原债权人支付赎回价款，总额为人民币
648,311,950 元，并要求被申请人促使债务人到期清偿，否则，
原债权人将针对被申请人执行承诺函 I 及承诺函 II，并向被
申请人索偿其支付的所有花费及费用。此外，自 2017 年 3 月
21 日起，申请人及原债权人的代表与债务人及被申请人的代
表多次开会协商清偿可转债I及可转债 II 项下赎回价款事宜，
试图以友好协商的方式解决相关争议，但均无结果。

　　鉴于目前连续爆发出有关被申请人及其关联企业的关于诉讼、各种财产被冻结、未能清偿到期债务、与供应商、贷款人及投资人发生争议，及资金链断裂等新闻，原债权人有理由相信债务人将无法按时赎回可转债，因此，其于 2017 年 7 月 4 日与申请人签署了《转让协议》，将其在购买协议、两份可转债、两份承诺函及其他交易文件项下的全部权利、主张、利益及权益全部转让给申请人。

　　为维护申请人的合法权益，根据购买协议第 14 条约定的仲裁条款——"与本协议的存在、效力、解释、履行、违约或终止、仲裁条款的效力、范围及可执行性，及与其相关的非合同义务等相关的任何争议、异议、主张或矛盾，各方应友好协商解决。如争议发生后 30 天内无法协商解决的，任何一方均可将争议提交中国国际经济贸易仲裁委员会，根据该会届时有效的仲裁规则，在北京仲裁解决。"申请人特向仲裁委员会提起仲裁申请。

　　申请人提出如下仲裁请求：

　　1. 裁决被申请人支付系争可转债赎回价款本息共计人民币 648,311,950 元；

　　2. 裁决被申请人支付前述计人民币 648,311,950 元的逾期付款利息，按照中国人民银行同期贷款利息计算；或者，根据香港 High Court ordinance Cap. 4 Laws 第 48、49 条的规定，由仲裁员决定逾期利息的利率及计息期限；

3. 裁决被申请人支付申请人因本案所产生的律师费，包括中国律师费（目前为人民币 8,708,119 元），及香港律师费，目前约为港币 400,000 元，具体金额以实际发生的金额为准；

4. 裁决被申请人承担因本案所产生的一切费用和开支，包括但不限于仲裁费、财产保全费等；以及

5. 其他相关救济。

庭审过程中，申请人将第 2 项仲裁请求变更为"裁决被申请人支付前述计人民币 648,311,950 元的逾期付款利息，按照中国人民银行同期贷款利息计算"。

就上述仲裁请求，申请人进一步作出了如下说明：

1. 就申请人《仲裁申请书》中所列仲裁请求第 1 项，申请人请求仲裁庭裁决被申请人共同连带给付 2015 年 6 月 3 日签署的可转债购买协议项下的可转债 I 对应的赎回价格共计美元 97,500,000 元，按照 2015 年 7 月 7 日中国银行公布的卖出价汇率（每 100 美元现汇卖出价人民币 622.19 元）折算为人民币 606,635,250 元；以及 2015 年 7 月 7 日签署的补充协议 II 项下的可转债 II 对应的赎回价格共计美元 6,500,000 元，按照 2015 年 8 月 17 日中国银行公布的卖出价汇率（每 100 美元现汇卖出价人民币 640.76 元）折算为人民币 41,649,400 元；合计为人民币 648,284,650 元；

2. 就申请人《仲裁申请书》所列仲裁请求第 2 项，申请人请求仲裁庭裁决被申请人共同连带给付前述可转债 1 对应

的赎回价格的逾期付款利息，自 2017 年 7 月 7 日（可转债 I 的赎回日）起，按照中国人民银行公布的现行短期（一年以内，含一年）贷款基准利率 4.35%计算，请求裁决至被申请人实际给付之日止，暂计至 2018 年 1 月 15 日，为人民币 13,881,144.13 元；以及前述可转债 II 对应的赎回价格的逾期付款利息，自 2017 年 8 月 17 日起（可转债 II 的赎回日），按照中国人民银行公布的短期（一年以内）贷款利率 4.35%计算，请求裁决至被申请人实际给付之日止，暂计至 2018 年 1 月 15 日，为人民币 749,518.04 元；两项合计暂为 14,630,662.17 元；

3. 就申请人《仲裁申请书》所列仲裁请求第 3 项，申请人请求仲裁庭裁决两被申请人共同赔偿申请人因本案所产生的律师费损失，包括中国内地律师费人民币 8,708,119 元，及香港律师费人民币 767,293.30 元，合计人民币 9,475,412.30 元；

4. 就申请人《仲裁申请书》所列仲裁请求第 4 项，申请人请求仲裁庭裁决（1）两被申请人共同赔偿申请人因本案所产生的财产保全费用损失，包括财产保全费人民币 5,000 元，及申请人因向被申请人提起财产保全而支付的财产保全保险费用人民币 972,467.93 元，合计人民币 977,467.93 元；以及（2）本案仲裁费由两被申请人承担。

（二）被申请人的初步答辩意见

申请人在第二项、第三项、第四项仲裁请求中主张由被申请人支付逾期付款利息、支付律师费、承担因本案所产生的一切费用及开支，该项主张缺乏基础依据，被申请人没有理由承担逾期付款利息、律师费及其他费用开支。

第一，申请人的仲裁请求缺乏合同依据。

本案中，无论是《购买协议》还是《补充协议》《补充协议 II》中，协议当事人均没有关于被申请人需承担逾期付款利息及维权费用（律师费、因本案所产生的一切费用及开支等）的相关约定，协议当事人并未就此达成一致意见。申请人要求被申请人承担上述利息及费用开支的最基本前提应是当事人已对利息及维权费用问题作出约定，本案中当事人没有相关约定，故申请人无权要求被申请人承担逾期付款利息及律师费等实现债权的费用开支。

第二，申请人要求被申请人承担逾期付款利息、律师费等费用开支无形中加重了被申请人的负担，违背公正公平的基本法律准则。

本案中的两笔可转债的到期日分别为 2017 年 7 月 7 日、2017 年 8 月 13 日，申请人在 2017 年 7 月 5 日可转债回购日尚未届满时，即申请仲裁，未给予被申请人适当的反应与协商机会，申请人此举是不遵循民事活动基本诚实信用原则的一种体现，合同当事人应具备善意的心理状况，申请人在可转债尚未到期时就直接申请仲裁并要求被申请人支付逾期

付款利息、律师费等，属于利用优势地位要求被申请人负担高额的额外费用，对被申请人是极为不公平的，申请人的行为显然有悖法理，仲裁庭不应支持该行为。

第三，申请人并未提供有效证据证明相关费用的发生。

合同的一方当事人要求另一方负担律师费等实现债权的费用时，首先需证明双方当事人就此费用负担达成一致意见，其次在有一致约定的情形下，还需证明该项费用实际已发生。本案中，申请人仅提供了两份委托代理协议，未提供其实际支付律师费的相关证据，依据现有证据无法证明律师费等实现债权的费用已经发生，故即便不考虑双方未就费用负担达成一致的现实情况，申请人也无权要求被申请人承担高额的律师费等费用支出。

第四，申请人所主张的律师费用明显过高。

进一步讲，即便是被申请人要支付律师费，律师费支付标准也必须合理，申请人主张的律师费是不合理、不合法的。申请人主张中国律师费人民币 870.8119 万元、香港律师费目前港币 40 万元，合计人民币 900 余万元，相较于本案争议标的人民币 64,831.1950 万元。根据《上海市律师服务收费政府指导价标准》的规定，明显过高。申请人主张的律师费超过合理范畴，若按照其要求，将不适当地增加债务人的财务负担，其主张仲裁庭应予驳回。

（三）申请人的代理意见

申请人的代理人补充提交了如下意见:

1. 被申请人依据相关交易文件, 对申请人承担赎回价格
的支付义务

2015 年 6 月 3 日, 申请人与债务人、Le Ltd.、第一被申
请人、乐赛移动、第二被申请人及原债权人共同签署了一份
购买协议, 约定原债权人认购债务人发行的可转债 I。购买协
议第 2.1 条及附表 1 的约定, 可转债 I 的本金为美元 7,500,000
元; 第 7.2 条(a)款约定: "原债权人有权在到期日或在交割日
的第二个周年日当日或紧随其后, 发出事先书面通知 (下称
"赎回通知"), 要求目标公司按照赎回价格 (定义见下) 赎回
可转债"; 第 7.2 条(c)款(iii)项约定: "原债权人行使赎回权的,
应有权以赎回价格赎回可转债, 计算方式为: 可转债项下全
部未清偿本金, 加上任何已发生但未支付的利息, 其年利率
为 15%, 根据到期本金乘以自交割日起计算的实际天数计算,
一年按 365 天计; 该等金额应以现金支付, 且原债权人有权
要求被申请人或其他实控人指定或持有的公司及机构提供
现金进行支付"。

2015 年 6 月 3 日, 《可转债购买协议》的签约各方共同
签署了一份补充协议 I, 其第 1 条约定: "相关方依据购买协
议, 支付的赎回价格币种为人民币。货币兑换按照交割日中
国人民银行公布的销售价汇率计算"。

2015 年 6 月 3 日, 被申请人共同向申请人及原债权人出

具承诺函 I, 其鉴于条款第 4 条约定:"在债务人未按交易文件（即购买协议、可转债券及补充协议 I）的约定按期履行还款义务的情况下，原债权人有权将其持有的债务人可转债项下的债权转让至申请人，转让价格由申请人及原债权人共同确定。该等债权转让无须经过任何第三方同意。债权转让完成后，债务人应向申请人履行还款义务"。承诺函 I 第 1 条约定:"被申请人就债务人的跨境还款义务（即由债务人向申请人履行可转债交易文件项下的还款义务）提供不可撤销的连带责任保证担保，且一旦该等跨境还款义务得以触发，申请人有权直接要求承诺人向其履行跨境还款义务，承诺人解释将按照申请人的要求代目标公司履行跨境还款义务"。

2015 年 7 月 7 日，原债权人通过银行汇款的方式向债务人支付了美元 75,000,000 元整。

2015 年 7 月 7 日，购买协议的签约各方签署了第二份补充协议 II，约定原债权人再次认购债务人发行的可转债 II。补充协议 II 鉴于条款第 3 条的约定，可转债 II 的本金为美元 5,000,000 元；根据第 6 条的约定，除非根据本补充协议 II 的第 1、2、3、4 和 5 条以其他方式解除、终止或修改，购买协议及其任何其他条款和规定应继续完全有效。

2015 年 7 月 7 日，两方被申请人出具了第二份《承诺与保证函》（下称"《承诺函 II》"），承诺对债务人在可转债 II 项下的清偿义务提供不可撤销的连带责任担保，其条款和条

件与承诺函 I 相同。

2015 年 8 月 17 日，原债权人通过银行汇款的方式向债务人支付了美元 5,000,000 元整。

自 2017 年 3 月 13 日起，原债权人向债务人发出数份赎回通知，明确要求在两笔可转债到期日时赎回相关可转债。2017 年 6 月 1 日，原债权人委托观韬律师事务所（香港）向债务人发出律师函及赎回通知，明确通知债务人，原债权人要求赎回可转债。同日，原债权人及申请人共同委托观韬律师事务所（香港）向被申请人分别发出律师函，通知被申请人，原债权人已向债务人发出赎回通知，要求债务人向原债权人支付赎回价格，并要求被申请人促使债务人到期清偿，否则，原债权人将针对被申请人执行承诺函 I 及承诺函 II，并向被申请人索偿其支付的所有花费及费用。此外，自 2017 年 3 月 21 日起，申请人及原债权人的代表与债务人及被申请人的代表多次开会协商清偿可转债 I 及可转债 II 项下赎回价格事宜，试图以友好协商的方式解决相关争议，但均无结果。

2017 年 7 月 7 日，原债权人与申请人签署了《转让协议》，其第 1.1 条约定："基于前述前提，自本协议签署之日起，根据本协议约定的条款和条件，出让方特此将其在主协议、可转债、保证函及其他所有交易文件（如适用）项下的及由此产生的所有权利、主张、权益、利益及收益转让给受让方"。

据此，债务人依据购买协议、补充协议 II 及其他相关交易文件，向原债权人承担可转债 I 及可转债 II 分别对应的赎回价格的到期清偿义务。鉴于债务人未能履行前述清偿义务，被申请人应当基于承诺函 I、承诺函 II 及转让协议约定的债权转让，向申请人承担前述赎回价格的支付义务以及对申请人的损害赔偿责任，且被申请人应就该等支付义务承担连带责任。

2. 本案应当适用香港法

购买协议第 14.1 条约定："本协议及其他基础文件适用香港特别行政区法律管辖，并根据完全在该法域履行的合同所适用的香港法进行解释，但不适用任何冲突法原则，而不论任何司法管辖区的法律冲突原则如何"。

补充协议 I 第 7 条约定："管辖法律。本协议受中国香港特别行政区（下称"香港"）法律管辖并解释，但不适用任何可能导致香港以外的其他法域对各方的权利义务产生管辖权的冲突法规则"。

承诺函 I 第 5 条约定："本函适用并按照香港法律解释"。

补充协议 II 第 10 条约定："管辖法律 本补充协议 II 受香港法律管辖并解释，但不适用任何可能导致香港以外的其他法域对各方的权利义务产生管辖权的冲突法规则"。

承诺函 II 第 5 条约定："本函适用并按照香港法律解释"。

据此，本案相关合同及其他法律文件均明确约定适用香

港法律，本仲裁案亦应当适用香港法。

根据《中华人民共和国涉外民事关系法律适用法》第十条的规定："涉外民事关系适用的外国法律，由人民法院、仲裁机构或者行政机关查明。当事人选择适用外国法律的，应当提供该国法律。不能查明外国法律或者该国法律没有规定的，适用中华人民共和国法律"。据此，申请人聘请香港大律师 Vod K.S. Chan 于 2018 年 1 月 12 日出具《有关：中国国际经济贸易仲裁委员会案件编号 X20170753 香港法律关于管辖法律，有效性和强制可执行性，利息，费用及其他方面的法律意见》（以下称"香港法律意见书"），为仲裁庭查明香港法律及对香港法律适用提供专业意见。

3. 赎回价款的计算

根据购买协议的相关约定，可转债 I 对应的赎回价格为本金美元 7,500,000 元乘以年利率 15% 乘以 2 年，即为美元 97,500,000 元。根据《补充协议 I》第 1 条的约定，货币兑换按照交割日中国人民银行公布的卖出价汇率计算。由于中国人民银行公布的汇率为中间价，因此，根据中国银行公布的 2015 年 7 月 7 日（即可转债 I 的交割日）截至收盘时间（即当日 16:30）的每 100 元美元现汇卖出价人民币 622.19 元计算，上述可转债 I 对应的赎回价格美元 97,500,000 元，应折算为人民币 606,635,250 元。

根据补充协议 II 的相关约定，可转债 II 对应的赎回价格

为本金 500,000 美元乘以年利率 15% 乘以 2 年，即为 6,500,000 美元。根据补充协议 I 第 1 条的约定的汇率计算方式，并根据中国银行公布的 2015 年 8 月 17 日（即可转债 II 的交割日）截至收盘时间（即当日 16:30）的每 100 美元现汇卖出价 640.76 元人民币计算，上述可转债 II 对应的赎回价格美元 6,500,000 元，应折算为人民币 41,649,400 元。

4. 逾期付款利息的计算

鉴于债务人及两方被申请人在收到申请人的代理律师观韬律师事务所（香港）于 2017 年 6 月 1 日发出的律师函及可转债赎回通知后，自可转债 I 的赎回日（即 2017 年 7 月 7 日）及可转债 II 的赎回日（即 2017 年 8 月 17 日）均未履行赎回价格的支付义务，故此，可转债 I 及可转债 II 分别对应的赎回价格所产生的逾期支付利息应自其分别适用的赎回日起，计至被申请人实际给付之日止。

根据中国人民银行公布的现行短期（一年以内，含一年）贷款基准利率 4.35% 计算，可转债 I 对应的赎回价格的逾期付款利息应为：自可转债 I 的赎回日（即 2017 年 7 月 7 日）起计算至被申请人实际给付之日止，暂计至 2018 年 1 月 15 日，为人民币 13,881,144.13 元；可转债 II 对应的赎回价格的逾期付款利息应为：自可转债 II 的赎回日（即 2017 年 8 月 17 日）起计算至被申请人实际给付之日止，暂计至 2018 年 1 月 15 日为人民币 749,518.04 元；两项暂合计为人民币

14,630,662.17 元。

5. 被申请人应向申请人赔偿申请人因本案所产生的其他损失和费用

购买协议第 10.1 条约定:"赔偿的范围。各方("赔偿方")应保证其他方及其董事、高级职员和代理(统称"被赔偿方")免于任何损失、索赔、损害、负债、判决、罚款、义务、开支以及任何类型或性质的责任,包括但不限于因任何未决或潜在法律诉讼或程序产生的任何调查、法律和其他费用以及为此支付的任何和解金额,但不包括因下述产生或导致的后果性损害赔偿、特殊或附带损害赔偿、间接损害赔偿、惩罚性损害赔偿、利润损失和价值减损(统称"损失"):(i) 确定违反基础文件或本协议任何附表或附件中所载该赔偿方的任何保证,不考虑其中的任何重要限定条件;或 (ii) 违反或未履行(全部或部分)基础文件中所载该赔偿方的任何承诺或约定,由被赔偿方重大过失或渎职引起的除外。目标公司(即债务人)、外资公司(即乐赛移动科技(北京)有限公司)及实控人(即第一被申请人)应各自并共同保证投资人(即原债权人)及其董事、高级职员和代理免于由下列原因造成的任何损失:(i) 确定违反本协议或任何附表或附件中所载目标公司、外资公司及实控人的任何保证,不考虑其中的任何重要限定条件;或 (ii) 违反或未履行(全部或部分)本协议中所载目标公司、外资公司及实控人的任何承诺或约定,由

17

Exhibit 1
-23-

被赔偿方重大过失或渎职引起的除外。在计算被补偿方的任何损失金额时，应扣除被补偿方因该等损失收到的任何保险金和第三方支付"。

由于债务人及被申请人未能按期向原债权人或申请人支付赎回价格，申请人为实现其债权所采取的法律手段所产生的支出和成本，均应当属于前述《购买协议》第10.1条约定的应予赔偿的"损失"。同时，根据《香港法律意见书》的相关意见，被申请人未能履行《购买协议》，支付赎回价格的，应适用前述第10.1条的约定，要求被申请人赔偿申请人的损失。

鉴于申请人为实现其债权，已向北京市第三中级人民法院申请对两方被申请人进行财产保全，由此产生的财产保全费人民币5,000元，以及为该等财产保全提供担保而向华安财产保险股份有限公司支付的财产保全责任险保费人民币972,467.93元，均应属于前述损失。

此外，申请人为实现其债权而聘请中国内地律师及香港律师，由此产生的律师费，亦应属于前述损失。

6. 律师费的计算

根据《香港法律意见书》的相关意见，在本案适用香港法的情况下，申请人因本案所产生的中国内地律师费及香港律师费均可依据香港法向被申请人追偿。

由于申请人就本案所聘请的中国内地律师事务所北京观

锦天城（上海）律师事务所为依据中国法在上海设立及运营的律师事务所，该所与申请人签署的《委托代理协议》（包括其中对律师费的约定）适用中国法的管辖。

上海市发展和改革委员会、上海市司法局于 2017 年 1 月 26 日发布的《上海市律师服务收费管理办法》第八条的规定："实行政府指导价的律师服务收费标准按照《上海市律师服务收费政府指导价标准》（见附件一）执行。政府指导价标准需调整的，由市价格主管部门会同市司法行政部门按规定程序制定并发布。律师事务所应在政府指导价标准的范围内与委托人协商确定具体案件的收费标准。代理重大、疑难、复杂诉讼案件认定办法（见附件二），经律师事务所与委托人协商一致，可以在规定标准 5 倍之内（含 5 倍）协商确定收费标准"。该《管理办法》附件 1《上海市律师服务收费政府指导价标准》第二条规定："代理涉及财产关系的案件可以根据该项法律服务所涉及的标的额，按照下列比例分段累计收费：10 万元以下（含 10 万元）部分收费比例为 8%—12%，收费不足 3,000 元的，可按 3,000 元收取；10 万元以上至 100 万元（含 100 万元）部分收费比例为 5%—7%；100 万元以上至 1,000 万元（含 1,000 万元）部分收费比例为 3%—5%；1,000 万元以上至 1 亿元（含 1 亿元）部分收费比例为 1%—3%；1 亿元以上部分收费比例为 0.5%-1%"。本案的标的额（含赎回价格、逾期付款利息及保全费用）合计为人民币

663,892,780.10 元，根据前述分段累计收费标准，法律服务费的区间为人民币 4,042,463 元到人民币 8,863,927 元之间。

同时，由于本案适用香港法，且涉及三个以上法律关系，属于该《管理办法》附件 2《律师服务收费中重大、疑难、复杂诉讼案件认定办法》第一条规定的"重大、疑难、复杂诉讼案件"。根据该《管理办法》的相关规定，按照规定标准的 5 倍计算，法律服务费的区间为人民币 20,212,315 元到人民币 44,319,635 元之间。

考虑到本案适用香港法，并涉及多个法律关系，难度及复杂程度较大，同时，本案涉及的交易文件几乎全部以英语起草，并在仲裁语言变更为中文后需对全部英语文件进行翻译，代理律师的工作量极大，因此，申请人与北京观韬中茂（上海）律师事务所在《委托代理协议》中约定本案的法律服务费人民币 8,708,119 元，完全在《上海市律师服务收费管理办法》规定的计费区间内，且属于该等计费区间的较低标准，符合适用法规的规定。

此外，申请人就本案所聘请的香港律师事务所观韬律师事务所（香港）为依据香港法设立及运营的律师事务所，该所与申请人签署的《聘用合同》（包括其中对律师费的约定）及该所出具的账单适用香港法的管辖。申请人与观韬律师事务所（香港）在《律师聘用合同》中约定的法律服务费计时收费方式，符合相关香港法的规定。

综上所述，申请人的仲裁请求合理合法，请求仲裁庭支持申请人的各项仲裁请求。

（四）被申请人提交的意见

就律师费的承担与收取标准应当适用香港法这一问题，被申请人提交了如下意见：

被申请人认为本案中律师费是否应承担、费用收取标准之准据法适用应与本案准据法适用保持一致，即统一适用香港法。申请人、被申请人签订的《购买协议》第 14.2 条第（b）款明确约定适用法律为香港法，第二被申请人于 2017 年 10 月正式提出申请，要求为方便审理将准据法变更为中华人民共和国法律，申请人于 2017 年 11 月 2 日明确答复：不同意将本案准据法变更为中华人民共和国法律，要求适用香港法。鉴于双方当事人未就变更准据法达成一致意见，仲裁庭认定本案适用香港法。

本案中，关于律师费、担保费等实现债权的费用是否应由被申请人承担以及相关费用收取是否合理是双方争议的焦点，是判断裁决被申请人责任承担范畴的重要问题，属核心问题，既然申请人一再强调本案应适用香港法，那么本案所有涉及的责任承担、法律问题均应适用香港法，具体而言即：依据香港法判断在当事人未就承担实现债权费用达成一致意见的情形下是否应裁决由债务人承担该项费用，依据香港法裁决债务人承担实现债权费用（包括但不限于律师费等）

的最高额度、依据香港法裁决申请人要求被申请人承担的律师费计费标准是否合理及必需。

被申请人另提交了如下代理意见：

申请人在第二项、第三项、第四项仲裁请求中主张由被申请人支付逾期付款利息、支付律师费、承担因本案所产生的一切费用及开支，该项主张缺乏基础合同依据及法律依据、违背公正公平的基本原则，应予驳回。

第一，申请人的上述仲裁请求缺乏基础合同依据及法律依据，申请人应承担举证不能的不利后果。

申请人要求第一、第二被申请人承担逾期利息、律师费等实现债权的费用，其首先需要举证证明申请人与被申请人之间就上述费用的承担达成了一致意见，但本案中，无论是《购买协议》还是《补充协议》《补充协议 II》中，协议当事人均没有关于被申请人需承担逾期付款利息及维权费用（律师费、因本案所产生的一切费用及开支等）的相关约定，协议当事人并未就此达成明确的一致意见。

申请人庭审时主张依据《购买协议》第 10.1 条"赔偿范围"来要求被申请人承担相关费用，但第 10.1 条的约定内容与申请人所要求的事项并无关联、该条约定是："各方（"赔偿方"）应保证其他方及其董事、高级职员和代理（统称"被赔偿方"）免于任何损失、索赔、损害、负债、判决、罚款、义务、开支以及任何类型或性质的责任……"，根据一般正常

人对该约定的理解，第 10.1 条约束的应是各方应履行义务以保证其他方免受损失，并非是约定一方应对其他方支付的费用进行全额的赔偿，申请人依据上述约定辗意倒推被申请人应承担一应费用，显属不当，不应作出比此扩大解释。且该条约束的各方责任应是针对本协议效力、签署为容，要求各方应保证其他方不会因协议的签署、效力、内容违法等问题遭受追索，并不涵盖申请人主张的要求被申请人支付逾期付款利息、承担费用开支的内容。且即便是第 10.1 条约定了各方保证其他方免受损失的责任，在该条中但也明确约定了："不包括因下述产生或导致的后果性损害赔偿、特殊或附带损害赔偿、间接损害赔偿、惩罚性损害赔偿、利润损失和价值"，即违反赔偿方保证的后果性损害赔偿、间接损害赔偿、惩罚性损害赔偿、利润损失和价值减损均是不需要承担责任的，申请人主张的逾期付款利息及律师费等维权费用显然属于上述不需承担责任的范畴。

申请人要求被申请人承担上述利息及费用开支的最基本前提应是当事人已对利息及维权费用问题作出约定，如上所述，本案中当事人没有相关约定，故申请人无权依据《购买协议》要求被申请人承担逾期付款利息及律师费等实现债权的费用开支。

在双方当事人缺乏约定的前提下，香港法律中并没有关于债务人承担逾期利息及维权费用的相关规定，申请人作为

73

Exhibit 1
-29-

权利主张者，应就其请求提供有利的法律依据或判例依据，但申请人一直未能提供，应由申请人承担举证不能的后果。故本案中，申请人之请求缺乏基础合同依据及法律依据，仲裁庭应驳回其诉讼请求。

第二、申请人要求被申请人承担逾期付款利息、律师费等费用开支无形中加重了被申请人的财务负担，违背公正公平的基本法律准则。

本案中的两笔可转债的交割日分别为 2015 年 7 月 7 日、2015 年 8 月 17 日，根据《购买协议》第 7.2（c）(ii) 条的约定，两笔可转债相应的赎回日应分别为 2017 年 7 月 7 日、2017 年 8 月 17 日。申请人在第一笔可转债尚未届满时即针对两笔可转债申请仲裁，未给予被申请人适当的反应与协商机会，申请人此举是不遵循民事活动基本诚实信用原则的一种体现，合同当事人应具备善意的心理状况，申请人在可转债尚未到期时就直接申请仲裁并要求被申请人支付逾期付款利息、律师费等，属于利用优势地位要求被申请人负担高额的额外费用，对被申请人是极为不公平的。申请人的行为显然有悖法理，仲裁庭不应支持该行为。

且本案中，申请人是作为投资人参与投资项目的，在享有获得高额利息权利的同时，申请人应自行承担投资失败可能造成的各项费用损失，而不应不当地将应全部费用转嫁到被申请人头上，这违背权利义务相一致的基础原则。购买协

议、补充协议等文件在订立时，被申请人作为借款方及担保方属于弱势的一方，为得到急需的款项，已经承担了高额的利息，被申请人为获得资金权利三付出了极大的成本、承担了极大的风险，在此状况下，再要求被申请人为申请人负担逾期利息、律师费等维权费用，实属加大了被申请人的负担，造成权利义务的极度不对等，损害合同的公正平等。仲裁庭应当对交易主体间事实上的不平等给予适当的平衡，从司法审判上对不合理的权利义务、风险分担进行规制，以求实质正义。

第三，现阶段申请人并未围绕律师费、担保费等费用开支提供有效的证据，且申请人主张的费用数额存在明显不合理之处。

合同的一方当事人要求另一方负担律师费等实现债权的费用时，首先需证明双方当事人就此费用负担达成一致意见，其次在有一致约定的情形下，还需证明该项费用实际已发生。本案中当事人没有相关约定，故申请人无权要求被申请人承担律师费等实现债权的费用开支。退一步说，即便应当由被申请人承担律师费等费用开支，申请人也并未提供有力证据证明费用的实际发生，且申请人主张的各项费用数额明显不合理。

1. 关于律师费，申请人要求被申请人支付中国律师费人民币 870.8119 万元、香港律师费目前港币 40 万元，合计人

民币 900 余万元，此请求应予驳回。

（1）申请人在仲裁时仅提供了两份委托代理协议，未提供其实际支付律师费的相关证据，在被申请人 2017 年 12 月 4 日提交《初步答辩意见》就费用发生提出异议后，申请人在仲裁开庭审理前补充提交下列证据证明律师费的数额：委托代理的北京观韬中茂（上海）律师事务所在 2017 年 12 月 5 日开具了人民币 870.8119 万元的律师费发票；观韬律师事务所（香港）2017 年 11 月 29 日出具的律师计时工作费用单；2017 年 12 月 5 日开具的 18 万元费用单；申请人向北京观韬中茂（上海）律师事务所支付人民币 18 万元、210 万元的付款回单，被申请人代理律师认为上述证据证明力明显不足，无法证据申请人主张的高额律师费已实际发生。

首先，北京观韬中茂（上海）律师事务所开具的律师费发票、香港律师出具的工作费用单及申请人支付费用的付款回单，均是在被申请人提交《初步答辩意见》后形成的，代理律师有理由相信上述证据开具的目的即是为了向被申请人要求高额费用，并非是依据事实出具。其次，中国银行国内支付业务付款回单仅能证明申请人向北京观韬中茂（上海）律师事务所支付了两笔费用，无法证明该笔费用是因本案而产生。再者，依据行业惯例，律师事务所在当事人支付款项前即会开具发票，人民币 870.8119 万元的律师费发票并不能证明律师费已实际发生。

（2）申请人主张的律师费数额明显过高，仲裁庭不应支持。依据申请人及被申请人的约定，本案适用香港法，则仲裁庭在判断是否应由被申请人负担律师费时即应适用香港法、在判断被申请人应承担律师费数额的限额时应适用香港法、在判断申请人主张的律师费收费标准是否合理时也应适用香港法。根据香港法例及律师收费行业惯例，香港律师收费以工作时间为单位，并不受限于案件标的，更没有按百分比收取的情形。本案适用香港法，则在被申请人应承担的律师费数额上，应以香港律师收费制度为准，按照一般香港律师的收费额度进行判断。申请人主张的律师费人民币870.8119万元是根据《上海市律师服务收费政府指导价标准》的规定以案件标的为基数按照较高百分比计算得出，不应得到仲裁庭的支持。

《仲裁规则》第五十二条第（二）款规定："仲裁庭裁定败诉方补偿胜诉方因办理案件而支出的费用是否合理时，应具体考虑案件的裁决结果、复杂程度、胜诉方当事人及/或代理人的实际工作量以及案件的争议金额等因素。"本案中法律关系比较简单，争议不大，代理人的实际工作量较小，综合考量案件情况，根据上述规定，仲裁庭应驳回申请人要求被申请人承担巨额律师费的要求。

2. 关于担保费，申请人要求被申请人支付因财产保全所支出的法院财产保全费用人民币 5,000 元及第三方担保费人

民币 97 万余元，此请求应予驳回。

《中华人民共和国民事诉讼法》第一百条第二款规定：
"人民法院采取保全措施，可以责令申请人提供担保，申请人
不提供担保的，裁定驳回申请"。根据此规定，申请人向法院
申请财产保全是其诉讼权利，按照法院要求提供担保则是其
必须承担的义务，申请人在申请财产保全后，依法向人民法
院缴纳了人民币 5,000 元的保全费用，要求被申请人承担，
同时为提供法院要求的担保，申请人向第三方保险公司支付
了人民币 97 万元的担保费用，由保险公司开具保单，该笔费
用亦要求被申请人承担。申请人的要求明显不当。

（1）申请人与被申请人未就担保费的承担达成一致意
见，不应由被申请人承担。

（2）申请人向第三方保险公司支付的人民币 97 万余元
担保费并非是依法产生的，该项费用的支出与本案、与被申
请人无任何必然关系，该项费用在财产保全中并不是必然产
生、必须支付的，绝不应由被申请人承担。申请人申请财产
保全需提供担保，但并非是必须由第三方保险公司开具保单。
《北京市高级人民法院关于财产保全若干问题的规定》（试
行）第四条明确规定："申请人申请财产保全可以以下列方式
提供担保：（一）申请人提供物的担保或现金担保；（二）第
三人提供信用担保、物的担保或现金担保；（三）专业担保公
司提供信用担保"。据此可见，法院可接受的担保方式并非唯

一的．第三方保险公司提供担保不是必须方式，申请人完全
可以采取其他担保方式来实现财产保全，申请人因自身原因
向第三方保险公司要求担保，因此造成的费用当然应由其自
行承担．即使是在当事人就债务人负担维权费用达成一致约
定的情形下．债务人所承担的也是维权产生的必要费用，债
权人主张的费用也应是本着节约原则产生的，并非是所有债
权人肆意挥霍支出的费用均能获得支持，本案当事人都未就
费用承担达成一致意见，更不应承担申请人主张的额外、非
必要的担保费。

（五）当事人的举证质证情况

申请人在提交仲裁申请书（英文）的同时，一并提交了
12 份证据．包括 Exhibit 1:Convertible Note Purchase
Agreement(英文), Exhibit 2: Convertible Note I(英文), Exhibit 3
Supplementary Agreement I（英文）: Exhibit 4: Deed of
Undertakings and Guarantees I（中文）, Exhibit 5: Application for
Remittance I(中英双语), Exhibit 6: Supplementary Agreement II
(英文), Exhibit 7: Deed of Undertakings and Guarantees II(中文),
Exhibit 8: Application for Remittance II(中英双语), Exhibit 9:
Redemption Notices（中英文各一份，共两份）, Exhibit 10:
Lawyers Letters（中英双语，共三份）and Delivery Vouchers（中
英双语，共三份）, Exhibit 11: Deed of Assignment, Exhibit 12:
Engagement Agreements（一份中英双语，一份英文,共两份）。

仲裁语言变更为中文后,申请人提交了 7 份证据(中文),
包括证据 1:可转债购买协议、证据 2:可转换债券(即可转
债 I)、证据 3:补充协议(即补充协议 II)、证据 5:转让协
议、证据 6:北京观韬中茂(上海)律师事务所发票、证据
7:观韬律师事务所(香港)发票及付款凭证。庭审过程中,
被申请人对申请人提交的上述 7 份证据(中文)发表了质证
意见。

庭审结束后,申请人向仲裁庭提交了 7 份补充证据(中
文),包括证据 1:香港法律意见书(含附件)、证据 2:中国
银行公布的美元现汇卖出价证明、证据 3:中国人民银行公
布的短期贷款基准利率、证据 4:北京市第三中级人民法院
的财产保全费缴款通知书及付款凭证、证据 5:华安财产保
险股份有限公司出具的财产保全责任险保单、发票及付款凭
证、证据 6:北京观韬中茂(上海)律师事务所律师费支付
凭证、证据 7:观韬律师事务所(香港)账单及付款凭证。就
上述 7 份补充证据,被申请人向仲裁庭提交了质证意见。

被申请人未向仲裁庭提交任何书面证据材料。


二、仲裁庭意见


根据相关法律、司法解释的规定,结合本案案情、双方
当事人申请及答辩意见、举证质证情况,仲裁庭发表如下意

30

Exhibit 1
-36-

见：

（一）关于本案争议的准据法

根据《最高人民法院关于适用<中华人民共和国涉外民事关系法律适用法>若干问题的解释（一）》第一条的规定："民事关系具有下列情形之一的，人民法院可以认定为涉外民事关系：（一）当事人一方或双方是外国公民、外国法人或者其他组织、无国籍人；（二）当事人一方或双方的经常居所地在中华人民共和国领域外；（三）标的物在中华人民共和国领域外；（四）产生、变更或者消灭民事关系的法律事实发生在中华人民共和国领域外；（五）可以认定为涉外民事关系的其他情形"。本案中，虽然各方当事人均为中国自然人或法人，且其经常居所地均在中国境内，但涉案可转债的发行和认购均在中国内地以外，属于"产生、变更或者消灭民事关系的法律事实发生在中华人民共和国领域外"这一情形，因此本案具有涉外因素。

根据《涉外民事关系法律适用法》第四十一条的规定，"当事人可以协议选择合同适用的法律。当事人没有选择的，适用履行义务最能体现该合同特征的一方当事人经常居所地法律或者其他与该合同有最密切联系的法律。"本案中，根据两被申请人先后出具的两份《承诺及保证函》（"《承诺函I》"和"《承诺函II》"）第1条的约定，"承诺人就目标公司的跨境还款义务提供不可撤销的连带责任保证担保，且一旦

该等跨境还款义务得以触发，申请人有权直接要求承诺人向
其履行跨境还款义务，承诺人届时将按照申请人的要求代目
标公司履行跨境还款义务"。据此，申请人向被申请人主张权
利的具体依据为该两份《承诺及保证函》。《承诺函 I》和《承
诺函 II》第 5 条均约定："本函适用并按照香港法律解释。"
因此，申请人和被申请人已经明确约定本案争议的准据法为
香港法律，被申请人在其提交的《关于准据法变更为中华人
民共和国法律的意见书》中提议将本案准据法变更为中国内
地法律，但申请人在其提交的《关于变更本案准据法的回复
函》中明确表示不同意变更准据法，因此，本案实体争议应
当适用香港特别行政区法律。

（二）关于涉案相关协议的效力

就本案涉及的《可转债购买协议》《补充协议 I》《补充协
议 II》《承诺函 I》《承诺函 II》以及《转让协议》的效力，申
请人与被申请人均未提出异议。并且，根据《涉外民事关系
法律适用法》第十条的规定，"涉外民事关系适用的外国法律，
由人民法院、仲裁机构或者行政机关查明。当事人选择适用
外国法律的，应当提供该国法律。不能查明外国法律或者该
国法律没有规定的，适用中华人民共和国法律"。本案中，当
事人约定实体争议适用香港法律，但就上述涉案协议的效力
这一问题，双方均未向仲裁庭提供香港法律下的有关规定，
因此应当适用中国内地法律予以认定。仲裁庭认为，上述协

议体现了相关当事人真实的意思表示，且并未违反中国法律、行政法规的强制性规定，不存在《中华人民共和国合同法》第五十二条规定的合同无效的情形，因此应当认定为有效。

（三）关于申请人的仲裁请求

1. 关于申请人的第一项仲裁请求

申请人请求被申请人支付系争可转债赎回价款本息共计人民币 648,311,950 元，在申请人提交的《关于仲裁请求的说明》中，申请人将该项仲裁请求的具体金额变更为人民币 648,284,650 元，此等变更是申请人对自身权利的处分，仲裁庭予以认可。对该项仲裁请求，被申请人并无异议，仲裁庭予以支持。

2. 关于申请人的第二项仲裁请求

申请人请求被申请人共同连带支付按照中国人民银行公布的现行短期（一年以内，含一年）贷款基准利率 4.35% 计算的可转债 I 对应的赎回价格的逾期付款利息，计息期间为 2017 年 7 月 7 日（可转债 I 的赎回日）起至被申请人实际支付之日止，暂计至 2018 年 1 月 15 日的利息金额为人民币 13,881,144.13 元；并请求被申请人共同连带支付按照中国人民银行公布的现行短期（一年以内，含一年）贷款基准利率 4.35% 计算的可转债 II 对应的赎回价格的逾期付款利息计息期间为 2017 年 8 月 17 日起（可转债 II 的赎回日）至被申请人实际支付之日止，暂计至 2018 年 1 月 15 日的利息金额为

人民币 749,518.04 元；两项合计暂为人民币 14,630,662.17 元。

对于可转债 I，《可转债购买协议》第 7.2(c)(iii)条约定：
"投资人行使赎回权的，应有权以赎回价格赎回可转债，计算方式为：可转债项下全部未清偿本金，加上任何已发生但未支付的利息，其年利率为 15%，根据到期本金乘以自交割日起计算的实际天数计算，一年按 365 天计；该等金额应以现金支付，且投资人有权要求以实控人或其他实控人指定或持有的公司及机构提供现金进行支付"。对于可转债 II，《补充协议 II》第 1 条的约定，《购买协议》第 7.2(c)(iii)条的约定同样适用于可转债 II 的赎回。上述约定中的 15% 的利息是按期赎回可转债 I 和可转债 II 时应支付的利息，不是对逾期赎回时应支付的逾期利息的约定，后者在计算时应以每一份可转债的赎回金额（即本金加按年利率 15% 计算出的利息）为本金。

因此，关于此项仲裁请求，核心的问题在于：在当事人没有约定逾期赎回的利息的情况下，被申请人是否应向申请人支付该等利息以及如何计算该等利息。如前所述，本案实体争议的准据法为香港法律。被申请人是否应向申请人支付因逾期赎回可转债 I 和可转债 II 而产生的利息以及该等利息的计算属于本案实体争议的一部分，因此应当适用香港法律判断。

根据《涉外民事关系法律适用法》第十条第一款的规定，

当事人选择适用外国法律的，应当提供该国法律。根据申请人提交的《香港法律意见书》，就是否应支付利息以及如何计算利息，仲裁庭查明香港法律下的相关规定如下。

《香港仲裁条例》第 79 条规定：

"（1）除非各方另有协议，否则在第 80 条的规限下，仲裁庭可在其席前进行的仲裁程序中，就

（a）该仲裁庭在该仲裁程序中判给的款项；

（b）在该仲裁程序展开时仍未支付，但在裁决作出前已支付的在该仲裁程序中申索的款项；

或（c）该仲裁庭在该仲裁程序中判给或命令支付的费用，

判给以该仲裁庭认为适当的利率计算的单利息或复利息，计息期为任何在该款项或费用的支付日期或之前结束的期间，而该利息的起计日期及结算期，则按该仲裁庭认为适当者而定。

（2）第（1）款并不影响仲裁庭判给利息的任何其他权力。

（3）在第（1）（a）款中，仲裁庭判给的款项，包括因该仲裁庭作出属宣布性质的裁决而须支付的款额"。

《香港仲裁条例》第 80 条规定：

"在仲裁程序中判给或命令支付的款项或费用的利息

（1）须就仲裁庭判给的款项支付利息，利息由裁决的日

期起计，利率则为判定利率，但如该裁决另有规定则除外。

（2）须就仲裁庭判给或命令支付的费用支付利息，利息由

（a）判给费用的裁决或命令的日期起计；或

（b）指示立即支付被命令支付的费用的日期起计，利率则为判定利率，但如该判给费用的裁决或命令另有规定则除外。

（3）在本条中，判定利率（judgment rate)指根据《高等法院条例》(第 4 章)第 49(1)(b)条(判决的利息)由终审法院首席法官决定的利率"。

《香港高等法院条例》第 49 条规定：

"判决的利息

（1）判定债项的总额或判定债项当其时尚未清偿的部分须带有单利

（a）利率按原讼法庭所命令者计算；或

（b）如无该项命令时，利率则按终审法院首席法官不时藉命令所决定者计算，由有关判决的日期起计，直至清偿为止。

（2）本条所指的利息，可就不同期间按不同利率计算。"

关于申请人提交的《香港法律意见书》，就其中第 116-127 段"利息的法律适用"部分，被申请人在其提交的质证意见中提出了两点反驳意见：首先，根据《仲裁条例》第 5

条"本条例适用的仲裁"第（2）款规定："如仲裁地点是在香港以外地方，则只有本部、第20及21条、第3A部、第45、60及61条及第10部适用于有关仲裁"，本案是在中国大陆进行的仲裁，《仲裁条例》并不能适用。其次，申请人与被申请人关于本案适用香港法律的约定依据国际惯例应是关于实体准据法的约定，并非是关于程序法的约定，有关仲裁庭裁判规则、仲裁程序、仲裁依据、仲裁规则理应适用《仲裁规则》。

对此，仲裁庭认为申请人提供的香港大律师的法律意见在针对这一问题上并没有太大帮助。首先该意见没有提供确认利息问题是实体法的法律渊源或权威说法；其次该意见认为利息是实体问题而他其所有援引的法律都是香港的程序法。仲裁庭认为这是存在矛盾的。尤其是该法律意见第114-115段提出"利息、法律费用和其他费用构成履行和强制执行仲裁协议的一部分，因此香港法适用于利息，法律费用及其他费用"。这种逻辑在法律上是站不住脚。在本案中程序规则已经明确约定适用《仲裁规则》的情况下，构成履行和强制执行仲裁协议的部分、包括开始仲裁、仲裁庭的组成、仲裁程序的进行与裁决书的作出都应该适用《仲裁规则》而非香港《仲裁条例》。

仲裁庭认为裁决利息的问题在本案并没有障碍。因为无论将利息问题认定为是实体规则还是程序规则，也即是适用

香港地区法律还是中国大陆内地的法律，在结果上都没有区别。双方提交的陈词与证据中都没有显示香港地区的法律与中国大陆地区是不支持判与利息。并且根据仲裁庭的理解，利息的计算通常是以同期银行的贷款利率为参考标准。《仲裁规则》中虽然没有具体对仲裁员裁决利息的权利有相关的规定，但是相应的也并没有禁止仲裁员裁决利息，更进一步说，本案仲裁地点北京所在的中国大陆地区为地的适用的民事诉讼程序法完全允许这样做。

本案中，申请人请求从逾期赎回可转债的首日至实际支付之日均按中国人民银行公布的现行短期（一年以内，含一年）贷款基准利率 4.35% 计算逾期利息，对于从逾期赎回可转债的首日至本裁决作出之日的利息，仲裁庭认为年利率 4.35% 的利率是合理的，对于本裁决作出后至实际支付之日的利息，申请人主张的年利率 4.35% 低于香港法律下的"判定利率" 8%，属于申请人对自身权利的处分，仲裁庭予以认可。因此，对于申请人提出的第二项仲裁请求，仲裁庭予以支持。

3. 关于申请人的第三项仲裁请求

申请人请求被申请人共同赔偿申请人因本案所产生的律师费损失，包括中国内地律师费人民币 8,708,119 元，及香港律师费人民币 767,293.30 元，合计人民币 9,475,412.30 元。

为支持其该项仲裁请求，申请人提交了北京观韶中茂

（上海）律师事务所律师费支付凭证和观韬律师事务所（香港）账单及付款凭证，分别证明其为本案支付了中国内地律师费人民币 8,708,119 元以及香港律师费人民币 767,293.30 元。其中，北京观韬中茂（上海）律师事务所律师费支付凭证包括四份《中国银行国内支付业务付款回单》，付款金额分别为人民币 2,100,000 元、人民币 3,000,000 元、人民币 2,600,000 元和人民币 1,008,119 元，共计人民币 8,708,119 元，付款时间分别为 2017 年 12 月 18 日、2017 年 12 月 25 日、2018 年 1 月 4 日和 2018 年 1 月 9 日，付款人均为申请人上海奇成悦名投资合伙企业，收款人均为北京观韬中茂（上海）律师事务所。被申请人对上述证据的真实性未提出异议，仲裁庭予以认可。从四份付款回单载明的金额、付款时间以及付款人、收款人的信息来看，可以认定该等金额属于申请人为本案而支付的内地律师费金额。观韬律师事务所（香港）账单及付款凭证包括观韬律师事务所（香港）就本案申请人提供的律师费账单以及两份银行付款回单（金额分别为人民币 767,000 元和人民币 293.30 元，共计 767,293.30 元，付款时间均为 2018 年 1 月 13 日），其中均明确载明了本案的案号，可以认定该等金额属于申请人为本案而支付的香港律师费金额。综上，仲裁庭认定，申请人为进行本案而支出的律师费总额为人民币 9,475,412.30 元。

　　关于被申请人是否应赔偿申请人的上述律师费以及具

体的赔偿金额问题，仲裁庭认为，律师费属于申请人为进行本案仲裁程序而支出的费用，因此该问题不属于本案的实体争议，而属于程序问题，因此应当先行适用《仲裁规则》的相关规定。《仲裁规则》第五十二条"费用承担"第（二）款规定："仲裁庭有权根据案件的具体情况在裁决书中裁定败诉方应补偿胜诉方因办理案件而支出的合理费用。仲裁庭裁定败诉方补偿胜诉方因办理案件而支出的费用是否合理时，应具体考虑案件的裁决结果、复杂程度、胜诉方当事人及/或代理人的实际工作量以及案件的争议金额等因素"。就本案中申请人支出的律师费而言，考虑到被申请人对申请人提出的第一项仲裁请求并无异议，因此本案争议并不复杂，综合考虑申请人的代理人的实际工作量和本案的争议金额，仲裁庭认为，由被申请人共同连带补偿申请人律师费人民币1,000,000元较为适宜。

4. 关于申请人的第四项仲裁请求

申请人请求被申请人共同赔偿申请人因本案所产生的财产保全费用损失，包括财产保全费人民币5,000元及申请人因向被申请人提起财产保全而支付的财产保全保险费用人民币972,467.93元，合计人民币977,467.93元，且本案仲裁费由被申请人承担。

关于申请人支付的财产保全费和财产保全保险费，申请人提交了北京市第三中级人民法院的财产保全费缴款通知

书及付款凭证和华安财产保险股份有限公司出具的财产保全责任险保单、发票及付款凭证。其中，财产保全费缴款通知书及付款凭证中载明的金额为人民币 5,000 元，财产保全责任险保单、发票及付款凭证载明的保费金额为人民币 972,467.93 元。对上述证据的真实性，被申请人未提出异议，仲裁庭予以认可。从上述证据载明的付款人、付款时间和用途看，可以认定该等金额属于申请人为进行本案项下的财产保全而支出的费用。

关于被申请人是否应赔偿申请人的上述财产保全费用以及具体的赔偿金额问题，仲裁庭认为，该等费用属于申请人为进行本案仲裁程序而支出的费用，因此该问题不属于本案的实体争议，而属于程序问题，因此同样应当先行适用《仲裁规则》的相关规定。根据前引《仲裁规则》第五十二条"费用承担"第（二）款得规定，仲裁庭认为，申请人主张的该等费用及其金额未超出该款中"合理费用"的范畴，应当予以支持。

关于本案仲裁相关费用的分担，经综合考虑本案的所有情况，仲裁庭决定，本案产生的仲裁费用应全部由被申请人承担。

关于申请人第五项其他救济的仲裁请求，因申请人并未明确该其他救济的具体类型或金额，加之仲裁庭已经对于申请人在本案的实体请求均有裁判，故对于该项仲裁请求不予

支持。

　　本裁决书中援引的申请人与被申请人的陈述意见以及证据，如未包含双方提交的全部信息，并不代表仲裁庭在作出裁决时未考虑该信息，或默示采纳该信息，仲裁庭认为，本裁决已包含的双方陈述意见与证据足以使仲裁庭作出本裁决。

## 三、裁　决

　　基于上述仲裁庭意见，仲裁庭作出裁决如下：

　　（一）被申请人向申请人支付系争可转债赎回价款本息共计人民币 648,284,650 元。

　　（二）被申请人向申请人支付以可转债 I 的赎回金额人民币 606,635,250 元为本金、自 2017 年 7 月 7 日计算至实际支付之日止的逾期利息以及以可转债 II 的赎回金额人民币 41,649,400 元为本金、自 2017 年 8 月 17 日计算至实际支付之日止的逾期利息，利率均按年 4.35% 计算。

　　（三）被申请人支付申请人为本案支出的律师费人民币 1,000,000 元。

　　（四）被申请人支付申请人为本案支出的财产保全费人民币 5,000 元以及财产保全责任险保险费人民币 972,467.93 元。

（五）本案仲裁费人民币 3,544,631 元，由被申请人承担。鉴于该项仲裁费已由申请人向仲裁委员会预缴的等额仲裁预付金全部冲抵，因此，被申请人应向申请人支付人民币 3,544,631 元，以偿付申请人代其垫付的仲裁费。申请人选定杨良宜仲裁员特殊报酬为 29,678.49 美元，全部由被申请人承担，该费用与申请人预缴的 43,000 美元冲抵后余款 13,321.51 美元，由仲裁委员会退回申请人，被申请人应向申请人支付 29,678.49 美元。被申请人选定强力仲裁员实际费用人民币 1,180 元，全部由被申请人自行承担，该笔费用与被申请人预缴人民币 15,000 元冲抵后余款人民币 13,820 元，由仲裁委员会退回被申请人。

（六）驳回申请人的其他仲裁请求。

上述被申请人应向申请人支付的款项，应于本裁决作出之日起 5 日内履行完毕。

本裁决为终局裁决，自作出之日起生效。

（此页无正文）

首席仲裁员

仲　裁　员

仲　裁　员

二〇一八年五月九日于北京

# EXHIBIT 2

[Translation from Chinese original]

[Cover]

# CHINA INTERNATIONAL ECONOMIC AND TRADE

# ARBITRATION COMMISSION

## AWARD

Claimant:              Shanghai Qichengyueming Investment Partnership Enterprise (Limited
                       Partnership)

Address:               Room 790A, Level 7, Building D, No. 137 Haining Road, Hongkou District,
                       Shanghai

Arbitration Counsel:   Chen Shiyi, Beijing Guantao Zhongmao Law Firm (Shanghai)

First Respondent:      Jia Yueting (identification card number: 14262319731215081X)

Address:               16/F, Leshi Mansion, 105 Yaojiayuan Road, Chaoyang District, Beijing

Second Respondent:     Leview Holding (Beijing) Limited

Address:               10/F, Building 3, Suite 1102, 105 Yaojiayuan Road, Chaoyang District, Beijing

Arbitration Counsel:   Zou Yi, Beijing Zhongshu Law Firm

Beijing

May 9, 2018

Exhibit 2

-52-

[Page 1]

# AWARD

(2018) CIETAC Beijing Arbitration 0436

China International Economic and Trade Arbitration Commission (hereinafter *"CIETAC"*), based upon the arbitration clause contained in that certain Convertible Note Purchase Agreement (hereinafter the *"Purchase Agreement"*) entered into on June 3, 2015 between claimant Shanghai Qichengyueming Investment Partnership Enterprise (Limited Partnership) (hereinafter *"Claimant"*) and first respondent Jia Yueting (hereinafter *"First Respondent"*) and second respondent Leview Holding (Beijing) Limited (hereinafter *"Second Respondent"*; collectively with First Respondent, *"Respondents"*) and the written arbitration demand submitted to CIETAC by Claimant on July 5, 2017, accepted the dispute between Claimant and Respondents over the Convertible Note Purchase Agreement. This case is numbered X20170753.

*The Arbitration Rules of China International Economic and Trade Arbitration Commission* promulgated by CIETAC on January 1, 2015 (hereinafter the *"Arbitration Rules"*) apply to this arbitration proceeding.

On July 12, 2017, the arbitration division of CIETAC separately sent both parties the arbitration notice of this case, the Arbitration Rules and Directory of Arbitrators, and at the same time sent Respondents the arbitration demand and its attachments submitted by Claimant. Upon verification, such mails were all duly delivered.

The arbitration clause governing this case provides that the language used in the
arbitration shall be English, but upon the parties' joint application the language used in this
arbitration was changed to Chinese starting from August 29, 2017.

[page 2]

Claimant appointed Mr. Yang Liang-Yee to be an arbitrator of this case. Respondents
appointed Mr. Qiang Li to be an arbitrator of this case. Since both parties failed to jointly appoint,
or jointly entrust CIETAC's chairman to appoint, the chief arbitrator by the prescribed deadline,
CIETAC's chairman appointed Mr. Wang Xuehua as the chief arbitrator pursuant to the
Arbitration Rules. After the above arbitrators executed the affidavits accepting their appointment,
the arbitral panel was formed on October 19, 2017 to collectively adjudicate this case. The
arbitration division of CIETAC sent both parties a notice of the formation of the arbitral panel of
this case with the affidavits attached by express courier service on the same day.

The arbitral panel of the Economic and Commercial Arbitration Committee of the
arbitration division decided to hear this case on December 7, 2017 in Beijing. The arbitration
division of CIETAC sent both parties a hearing notice for this case on October 31, 2017 by
express courier service. Upon verification, such documents were all duly delivered.

Then for some reason the hearing originally scheduled for December 7, 2017 was
continued to December 20, 2017. The arbitration division of CIETAC sent both parties a notice
of continuance for this case on November 30, 2017 by express courier service. Upon verification,
such documents were all duly delivered.

The hearing of this case was held on December 20, 2017 as scheduled. Both parties sent
their counsel to appear at the hearing on their behalf. The arbitration division of CIETAC

Exhibit 2
-54-

delivered the documents submitted by each party at the hearing to the other party. During the hearing, both sides stated the facts of this case, presented the originals of the relevant evidence, questioned the witnesses, made legal arguments and responded to questions raised by the arbitral panel.

After the hearing, each side submitted supplemental documents, which the arbitral panel forwarded via express courier [Page 3] to the other side.

All the arbitration documents concerning this case were effectively served on both parties pursuant to the provisions in the *Arbitration Rules*.

The adjudication of this case has now completed. Based upon the documents currently available as well as the facts ascertained and evidence verified at the arbitral hearing, the arbitral panel now makes this arbitral award following conference.

The factual background, the opinion of the arbitral panel and the award are now set forth as follows:

## I. FACTUAL BACKGROUND

(i)    Claimant's Arbitration Demand, Facts and Reasons

In its arbitration demand, Claimant alleged:

On June 3, 2015, Claimant entered into a Convertible Note Purchase Agreement (hereinafter the "*Purchase Agreement*") with Leview Mobile Ltd. (hereinafter the "*Debtor*"), Le Ltd., First Respondent, Lesai Mobile Technology (Beijing) Co., Ltd. (hereinafter "*Lesai Mobile*"), Second Respondent and QC Investment Ltd. (hereinafter the "*Original Creditor*"), which provided that the Original Creditor would purchase a convertible note issued by the

Debtor, in a principal amount of USD75,000,000 (hereinafter "*Convertible Note I*"), to mature on the second or third anniversary following the closing at the choice of the Original Creditor, the redemption price being the total principal of Convertible Note I then plus an annualized interest of 15%, compounded daily. The Debtor issued the Convertible Note to the Original Creditor on that same day.

On June 3, 2015, the parties to the Purchase Agreement entered into a [Page 4] Supplementary Agreement (hereinafter "*Supplementary Agreement I*"), which provided that the redemption payment under the Purchase Agreement shall be paid in RMB, at the US dollar exchange rate published by the People's Bank of China on the closing date.

On June 3, 2015, Respondents jointly provided Claimant and the Original Creditor a Letter of Guarantee (hereinafter "*Letter of Guarantee I*"), expressly promising: Respondents shall have irrevocable joint guarantor obligations for the Debtor's repayment obligations under Convertible Note I; in the event of the target company's failure to timely perform its repayment obligations under the transaction documents (*i.e.*, the Purchase Agreement, Convertible Note and Supplementary Agreement I), the Original Creditor shall have the right to transfer its creditor's rights under the target company's convertible note to Claimant, the transfer price to be jointly determined by Claimant and QC Investment. Such transfer of the creditor's rights would not need the consent of any third party. After consummation of such transfer of the creditor's rights, the target company should perform its repayment obligations to Claimant. The two Respondents provided irrevocable joint liability guarantee for the repayment obligations owed by the target company toward Claimant, and Claimant would have the right to directly demand both Respondents to perform such repayment obligations.

On July 7, 2015, the original creditor paid the Debtor an even USD75,000,000 through a bank wire transfer.

On July 7, 2015, the parties to the Purchase Agreement entered into a second Supplementary Agreement (hereinafter "*Supplementary Agreement II*") as a supplement to the Purchase Agreement, which provided that the original creditor would purchase a second convertible note, with a principal amount of USD5,000,000 (hereinafter "*Convertible Note II*"), with basically the same terms and conditions as set forth in the Purchase Agreement.

[page 5]

On July 7, 2015, Respondents provided a second Letter of Guarantee (hereinafter "*Letter of Guarantee II*"), promising to provide the creditor an irrevocable joint liability guarantee for the Debtor's repayment obligations under Convertible Note II, with the same terms and conditions as Convertible Note I.

On August 17, 2015, the Original Creditor paid the Debtor an even USD5,000,000 through a bank wire transfer.

Starting from March 13, 2017, the Original Creditor sent the Debtor several redemption notices, expressly demanding redemption of the two convertible notes on their maturity dates. On June 1, 2017, the Original Creditor entrusted the law firm Guantao & Chow (Hong Kong) to send the Debtor an attorney's letter as well as a redemption notice, expressly notifying the Debtor that the Original Creditor was demanding redemption of the convertible notes, with the redemption price for Convertible Note I at USD97,500,000, *i.e.*, RMB606,635,250, and the redemption price for Convertible Note II at USD6,500,000, *i.e.*, RMB41,676,700. On that same day, the Original Creditor and Claimant jointly entrusted the law firm Guantao & Chow (Hong